NATIONAL CENTER FOR IMMIGRANTS' RIGHTS, INC.
Carlos Holguin
Peter A. Schey
256 South Occidental Boulevard
Los Angeles, California 90057
Telephone: (213) 388-8693

NATIONAL CENTER FOR YOUTH LAW
James Morales
Alice Bussiere
Teresa Demchak
1663 Mission Street, 5th floor
San Francisco, California 94103
Telephone: (415) 543-3307

ACLU FOUNDATION OF SOUTHERN CALIFORNIA
Paul Hoffman
633 Shatto Place
Los Angeles, California 90005
Telephone:  (213) 487-1720

Attorneys for Plaintiffs

FILED

11:35 AM

JUL 11 1985

CENTRAL ... OF CALIF.
BY    WH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES, a minor, by next friend MARIO HUGO GALVEZ-MALDONADO; DOMINGA HERNANDEZ-HERNANDEZ, a minor, by next friend JOSE SAUL MIRA; ALMA YANIRA CRUZ, a minor, by next friend HERMAN PETROLILO TANCHEZ, ANA MARIA MARTINEZ-PORTILLO, a minor, by next friend, PATRICK HUGHES,<br><br>   Plaintiffs,<br><br>-vs-<br><br>EDWIN MEESE, Attorney General of the United States; IMMIGRATION AND NATURALIZATION SERVICE, an agency of the United States, HAROLD W. EZELL, Western Regional Commissioner, Immigration and Naturalization Service; BEHAVIORAL SYSTEMS SOUTHWEST; CORRECTIONS CORPORATIONS OF AMERICA,<br><br>   Defendants. | Case No.  85  4544 RJK (P.)<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND RELIEF IN THE NATURE OF MANDAMUS.<br><br><br><br>[class action] |

Plaintiffs allege as follows:

I.

PRELIMINARY STATEMENT

1.  This action presents a class-wide challenge to (a) the
Immigration and Naturalization Service's [hereafter "INS" or
"Immigration Service"] policy to condition juveniles' release on
bail on their parents' or legal guardians' surrendering to INS
agents for interrogation and deportation; (b) the procedures
employed by the INS in imposing a condition on juveniles' bail
that their parents' or legal guardians' surrender to INS agents
for interrogation and deportation; and (c) the conditions
maintained by the INS in facilities where juveniles are
incarcerated.

2.  Pursuant to 8 U.S.C. section 1252, INS agents regularly
place persons under the age of eighteen (18) years under
administrative arrest.  Unless admitted to bail or released on
their own recognizance, these minors are incarcerated until
administrative and judicial proceedings to determine their
deportability are completed, a process that can take several
years.

3.  Like adults, juveniles arrested pursuant to 8 U.S.C.
1252 are entitled to release on bail while deportation
proceedings are conducted.  Until recently, INS policy, custom,
and usage was to release arrested minors on bail to a parent or
other responsible adults who were neither a parent nor legal
guardian.

4.   On or about September 6, 1984, defendants initiated a policy to indefinitely jail juveniles, particularly those whose parents INS agents suspect may be aliens unlawfully in the United States, until and unless their parent or legal guardian personally appears before an INS agent to undergo interrogation and possible initiation of deportation proceedings.  Said policy was never published in the Federal Register in accordance with the Administrative Procedure Act, 5 U.S.C. 552 et seq.

5.   Defendants' policy has resulted in the indefinite detention of juveniles who have never been accused or convicted of having committed any crime.  Rather, they are held solely for the purpose of administrative proceedings to determine whether they should be deported from the United States.

6.   Defendants' ostensible purpose for requiring a parent's or guardian's personal appearance is to ensure the welfare of detained minors.  Nonetheless, defendants make no effort to assess the qualifications of other adult relatives or friends regardless of how qualified and responsible such adults may be.  Instead, defendants incarcerate such minors in facilities where there welfare is wholly neglected.

7.   While in INS detention, plaintiffs and those similarly situated are required to share sleeping quarters with unrelated adults.  Juveniles so detained are provided no educational instruction, no educational or other reading materials, and no supervised recreational activity.  Plaintiffs and those similarly situated are also denied reasonable visitation with family or friends.

8.   The conditions under which defendants jail juveniles, coupled with their refusal to give due consideration to release to other available, responsible adults, belies defendants' professed concern with the welfare of these youngsters.   Rather, defendants' policy and practice are a thinly veiled device to apprehend the parents of incarcerated juveniles and to punish children for allegedly having entered the United States without lawful authority.

II.

JURISDICTION AND VENUE

9.   Jurisdiction is conferred on this Court by 28 U.S.C. 1331 [federal question jurisdiction]; 28 U.S.C. 1361 [jurisdiction to compel an officer of the United States to perform a duty owed to plaintiffs]; 8 U.S.C. 1329 [jurisdiction over all causes arising under Title II of the Immigration and Nationality Act]; and 28 U.S.C. 2241 [habeas corpus jurisdiction to remedy unlawful custody under the authority of the United States].

10.   Plaintiffs' action for declaratory relief is authorized by 28 U.S.C. 2201 and 2202.

11.   Venue is properly in this Court pursuant to 28 U.S.C. 1391(b) and (e)(1), (2), and (4) because acts complained of herein occurred in this district, several of the plaintiffs, numerous class members, and defendants reside in this district, and no real property is involved in this action.   Venue in this Court is also proper pursuant to 8 U.S.C. 1329 because violations such as those plaintiffs complain of occurred in this judicial district.

III.

PARTIES

12. Plaintiff Jenny Lisette Flores is a 15-year-old native and citizen of El Salvador. On or about May 16, 1985, she was arrested by INS agents near San Ysidro, California. Thereafter, defendants issued an Order to Show Cause and Warrant of Arrest charging her with being deportable pursuant to 8 U.S.C. 1252(a)(2) because she allegedly entered the United States without submitting to inspection by an INS officer. She was subsequently incarcerated in Pasadena, California, where defendants continue to detain her. She sues through her next friend, Mario Hugo Galvez-Maldonado, an adult member of her family who will undertake to advise her and protect her interests during the course of the herein action.

13. Plaintiff Dominga Hernandez-Hernandez is 16 years of age and a native and citizen of El Salvador. On or about May 4, 1985, she was arrested by INS agents near Calexico, California. Thereafter, defendants issued an Order to Show Cause and Warrant of Arrest charging her with being deportable pursuant to 8 U.S.C. 1252(a)(2) because she allegedly entered the United States without submitting to inspection by an INS officer. She was subsequently incarcerated in Pasadena, California, where defendants continue to detain her. She sues through her next friend, Jose Saul Mira, a responsible adult who will undertake to advise her and protect her interests during the course of the herein action.

14. Plaintiff Alma Yanira Cruz-Aldama is 13 years of age. On or about June 7, 1985, she was arrested by INS agents near San

- 5 -

Ysidro, California.  Thereafter, defendants issued an Order to

Show Cause and Warrant of Arrest charging her with being

deportable pursuant to 8 U.S.C. 1252(a)(2) because she allegedly

entered the United States without submitting to inspection by an

INS officer.  She was subsequently incarcerated in Pasadena,

California, where defendants continue to detain her.  She sues

through her next friend, Herman Petrolilo Tanchez, a responsible

adult who will undertake to advise her and protect her interests

during the course of the herein action.

15.  Plaintiff Ana Maria Martinez Portillo is sixteen years

of age and a native and citizen of El Salvador.  On or about May

1, 1985, she was arrested by agents of the INS in Laredo, Texas.

Thereafter, defendants issued an Order to Show Cause and Warrant

of Arrest charging her with being deportable pursuant to 8 U.S.C.

Section 1252(a)(2) because she allegedly entered the United

States without submitting to inspection by an INS officer.  She

was subsequently detained by INS in Laredo, Texas, where she was

subjected to unlawful strip and vaginal searches.  The Laredo

facility in which plaintiff Portillo was subjected to the above-

alleged violations was operated by defendant Corrections

Corporation of America.  She sues through her next friend,

Patrick Hughes, a responsible adult who will undertake to advise

her and protect her interests during the course of the herein

action.

16.  Defendant Edwin Meese is the duly appointed Attorney

General of the United States.  Pursuant to section 103(a) of the

Immigration and Nationality Act ["INA" or "Act"], 8 U.S.C.

1103(a), he is charged with the administration and enforcement of

all laws relating to the immigration, deportation and
naturalization of aliens, including terms and conditions for
release on bail pending deportation proceedings.  All INS agents
and employees act pursuant to a series of delegations of
authority vested in the Attorney General by section 103(a) of the
Act.  Defendant Meese is sued in his official capacity.

17.  Defendant Immigration and Naturalization Service is a
federal agency within the United States Department of Justice and
is responsible for enforcing the INA and for developing
regulations and policies to implement the Act.

18.  Defendant Harold W. Ezell is the Western Regional
Commissioner of the Immigration and Naturalization Service.  As
such, defendant Ezell is responsible for the administration and
enforcement of the Immigration and Nationality Act, including the
conditions under which juveniles are confined or released on
bail, within the states of California, Hawaii, Nevada, and
Arizona.

19.  Defendant Behavioral Systems Southwest, Inc.,
(hereafter "BSS") is private, for profit corporation that is
organized pursuant to the laws of and doing business within the
State of California.  Plaintiffs are informed and believe, and on
such basis allege, that pursuant to a contract with the INS
defendant BSS operates a detention facility in Pasadena,
California, where juveniles and adults are incarcerated following
arrest for violation of administrative deportation laws and
pending proceedings to determine whether such persons will be
deported from the United States.  Plaintiffs Flores, Hernandez,

1   and Cruz are currently incarcerated at the Pasadena facility

2   operated by defendant BSS.

3       20. Defendant Corrections Corporation of America ("CCA") is

4   a private contractor doing business in the State of Texas.

5   Plaintiffs are informed and believe, and on such basis allege,

6   that pursuant to a contract with the INS defendant CCS operates a

7   detention facility in Laredo, Texas, where juveniles are

8   incarcerated following arrest for violation of administrative

9   deportation laws and pending proceedings to determine whether

10  such persons will be deported from the United States.  Plaintiffs

11  are presently ignorant as to the legal form in which defendant

12  CCA does business, and will amend this Complaint to state whether

13  said defendant is a corporation, partnership, or other entity.

14      21. Plaintiffs are informed and believe, and on such basis

15  allege, that defendants, their agents, and their employees

16  customarily and as a matter of practice or usage engage in the

17  acts here complained of.  Plaintiffs are further informed and

18  believe, and on such basis allege, that defendants, and each of

19  them, are aware of and acquiesce in or encourage their agents and

20  employees in doing the acts here complained of.

21                              IV.

22                  CLASS ACTION ALLEGATIONS

23      22. Pursuant to Rules 23(a)(1)-(4) and (b)(2) of the

24  Federal Rules of Civil Procedure, plaintiffs bring this action as

25  a class action on behalf of all persons under the age of eighteen

26  (18) years who have been or will be arrested by the Immigration

27  and Naturalization Service and who have been or will be--

28

a. denied release from detention pending deportation proceedings because of a condition placed on bail that their parent or legal guardian personally appear for interrogation at an INS office;

b. denied prompt written notice that their release from detention pending deportation proceedings is contingent on their parents' or legal guardians' personal appearance for interrogation at an INS office;

c. denied prompt, mandatory, neutral and detached review following arrest of the need to restrict release to a parent or legal guardian to ensure the juvenile's presence at future administrative proceedings;

d. denied prompt, mandatory, neutral and detached review following arrest of the probable cause for arrest;

e. denied prompt, mandatory, neutral and detached review following arrest of the suitability of an available adult to ensure the juvenile's well-being and presence at future deportation proceedings notwithstanding that such adult is neither the juvenile's parent nor legal guardian;

f. denied adequate and appropriate recreation while incarcerated by the INS;

g. denied adequate and appropriate reading materials and education while incarcerated by the INS;

h. denied reasonable visitation while incarcerated by the INS;

i. incarcerated with unrelated adults by the INS;

j. subjected to strip or body cavity searches while incarcerated by the INS;

23. The proposed class-members will be identifiable from defendants' records and number in the thousands. The size of the class is so numerous that joinder of all members is impracticable. The claims of plaintiffs and those of the proposed class members raise common questions of law and fact concerning the conditions under which the INS incarcerates children and admits them to bail. These questions are common to the named parties and to the members of the proposed class as defendants have acted on grounds generally applicable to both the named parties and proposed class members. Plaintiffs' claims are typical of the class claims.

24. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants with respect to the incarceration and release of minors. Prosecution of separate actions would also create the risk that individual class members will secure court orders that would as a practical matter be dispositive of the claims of other class members not named parties to this litigation, thereby substantially impeding the ability of unrepresented class-members to protect their interests.

25. Defendants, their agents, employees, and predecessors and successors in office have acted or refused to act, and will continue to act or refuse to act, on grounds generally applicable to the class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiffs will vigorously represent the interests of unnamed class-members. All members of the proposed class will

benefit by the action brought by plaintiffs. The interests of the named plaintiffs and those of the proposed class members are identical. Plaintiffs are represented by counsel associated with non-profit public interest law firms and by counsel serving pro bono publico. Counsel have other clients injured by defendants' challenged practices and therefore have an independent interest in ensuring the lawfulness of defendants' conduct. Plaintiffs' counsel include attorneys experienced in federal class action litigation involving the rights of youth, foreign nationals and refugees within the United States.

V.

STATEMENT OF FACTS

26. Plaintiff Jenny Lisette Flores has been in INS detention since her arrest on May 16, 1985. Shortly after her arrest, defendants represented that she would be released from custody pending deportation proceedings on bail in the amount of $2,000.00. Defendants thereafter initiated no review of the terms and conditions under which plaintiff Flores is incarcerated nor of the probable cause for her arrest.

27. On or about June 10, 1985, an immigration judge, at plaintiff's request, reduced the amount of bond to $1,500.00. Defendants then announced an additional condition on her release: that plaintiff Flores's parent or legal guardian personally appear at an INS detention center for interrogation and take physical custody of her. This was the first notice plaintiff had ever received that such a condition was to be placed on her freedom.

- 11 -

28.  Plaintiff Flores' mother has refused, and will continue to refuse, to personally appear before INS agents for interrogation and to accept physical custody of plaintiff Flores because she fears she will be taken into custody and deported to El Salvador, where a civil war currently exists.

29.  Counsel for plaintiff Flores therefore immediately requested the immigration judge to remove said bond condition to allow her release to Mr. and Mrs. Mario Hugo Galvez-Maldonado, adult members of her family then ready, willing, and able to ensure plaintiff's welfare and presence at future administrative proceedings.

30.  Mr. Galvez is a United States citizen and Mrs. Galvez is a lawful permanent resident of the United States.  Neither Mr. nor Mrs. Galvez has ever been accused or convicted of any crime; they have resided at the same Los Angeles address for over two years.  Mr. and Mrs. Galvez have been appointed by plaintiff's natural mother as her mother's attorneys-in-fact with full authority to ensure plaintiff Flores's well-being and presence at future administrative proceedings.

31.  Although the immigration judge did not question Mr. and Mrs. Galvez's desire or ability to ensure plaintiff Flores's well-being, she refused to remove the bond condition.  On or about June 26, 1985, pursuant to 8 C.F.R. section 242.2(b) plaintiff Flores appealed said decision to the Board of Immigration Appeals, which has refused to render a prompt decision or to render any decision within any specific time.

32.  Although plaintiff Flores is able to post the required bail, defendants have refused, and will continue to refuse, to

release her unless and until a parent or legal guardian
personally appears before an INS agent for interrogation and to
accept physical custody of her.   Plaintiff Flores has not been
accused or convicted of having committed any crime.   The sole
reason for her continued incarceration is defendants' refusal to
release her to anyone other than her parent or legal guardian.

33.   Plaintiff Dominga Hernandez-Hernandez has been
incarcerated by defendants since May 4, 1985.   Shortly after
arrest, defendants represented that plaintiff Hernandez would be
released from custody pending deportation proceedings on bail in
the amount of $500.00.   Plaintiffs' release on bail, however, was
made conditional on her parent's or legal guardian's personally
appearing before an INS agent for interrogation and to accept
physical custody of her.   Defendants thereafter initiated no
review of the terms and conditions under which plaintiff
Hernandez is incarcerated nor of the probable cause for her
arrest.

34.   At the time of her arrest, plaintiff Hernandez was
accompanied by her adult brother, Deomedes Hernandez-Hernandez,
who had been entrusted by plaintiff Hernandez' parents with her
care and custody.   Plaintiff Hernandez' parents have at all
relevant times remained in El Salvador.   Defendants released
Deomedes Hernandez on bail shortly after arresting him.
Plaintiff Hernandez was not similarly released because of a
condition defendants placed on her bail that she be released only
if and when her parent or legal guardian personally appears
before an INS agent for interrogation and to accept physical
custody of her.

35. On or about May 17, 1985, plaintiff Hernandez requested an immigration judge to remove said bond condition to allow her release to Deomedes Hernandez, who was and is ready willing and able to ensure plaintiff's welfare and presence at future administrative proceedings.

36. On or about May 17, 1985, plaintiff Hernandez, through counsel, requested an immigration judge to remove said condition on her bail so as to allow her release to Deomedes.  On or about May 17, 1985, said request was denied.  On or about May 21, 1985, pursuant to 8 C.F.R. section 242.2(b) plaintiff Hernandez appealed the decision of the immigration judge to the Board of Immigration Appeals.  The Board of Immigration Appeals has since refused to make a prompt decision on said appeal or to render a decision within any reasonable time.  Defendants continue to refuse to release plaintiff Hernandez to her older brother, Deomedes, or to any adult other than her natural parent or legal guardian. The sole reason for plaintiff Hernandez' continued incarceration is defendants' refusal to release her to anyone other than her parent or legal guardian.

37. Although plaintiff Hernandez is able to post the required bail, defendants have refused, and will continue to refuse, to release her unless and until a parent or legal guardian personally appears before an INS agent for interrogation and to accept physical custody of her.  Plaintiff Hernandez has neither been accused nor convicted of having committed any crime.

38. Plaintiff Alma Yanira Cruz-Aldama has been in INS detention since June 7, 1985, when she was arrested near San Ysidro, California.  Shortly after arresting her, defendants

- 14 -

1  issued an Order to Show Cause and Warrant of Arrest charging her

2  with having entered the United States without being inspected by

3  an INS agent.  In connection with said Order to Show Cause,

4  defendants represented that they would release her on bail in the

5  amount of $2,000.00.  Plaintiff Cruz was given no notice that her

6  bail was contingent on her parent's or legal guardian's

7  personally appearing before an INS agent to accept physical

8  custody of her.

9      39.  On or about July 11, 1985, plaintiff Cruz attempted to

10  post the aforementioned bail.  At that time, INS agents refused

11  to release her, adding a condition that plaintiff Cruz' natural

12  parent or legal guardian personally appear before an INS agent

13  for interrogation and to accept physical custody of her.

14      40.  Plaintiff Cruz' natural mother refuses to appear before

15  INS agents because she fears she will be arrested and deported to

16  El Salvador, where conditions of civil war currently exist.

17  Within the past three years, plaintiff's grandfather and uncle

18  were murdered in El Salvador, the victims of political violence.

19      41.  Mr. Herman Petrolilo Tanchez, a lawful permanent

20  resident of the United States has requested defendants to release

21  plaintiff Cruz to his custody and care.  Mr. Tanchez is a

22  respected member of the community, who has agreed to ensure

23  plaintiff Cruz' welfare and presence at future administrative

24  proceedings.  Defendants have refused to release plaintiff Cruz

25  to Mr. Tanchez or to anyone other than her natural parent or

26  legal guardian.  Plaintiff Cruz has never been accused nor

27  convicted of having committed any crime.  She is ready, willing,

28

- 15 -

1   and able to post the required bail; the sole reason she has not

2   been released on bail is the afore-alleged condition on her bail.

3        42.   Defendants are currently incarcerating plaintiffs

4   Flores, Hernandez, and Cruz at the BSS facility in Pasadena,

5   California.   While there detained, plaintiffs, and each of them,

6   have been required to share sleeping quarters with unrelated

7   adults.   Plaintiff Flores currently share sleeping quarters with

8   12 other unrelated women, five of whom are adults.   Plaintiff

9   Cruz currently shares sleeping quarters with 7 other unrelated

10  women, 6 of whom are adults.

11       43.   While confined in Pasadena plaintiffs Flores,

12  Hernandez, and Cruz, and each of them, have been provided--

13       a.   no educational instruction;

14       b.   no educational or other reading materials;

15       c.   no adequate recreational activity; and

16       d.   no medical examination.

17       44.   Plaintiff Cruz attended school regularly before being

18  incarcerated by defendants.

19       45.   While detained by the INS at the BSS Pasadena facility,

20  plaintiffs have been denied any visitation with family or

21  friends.   On or about June 18 and June 25, 1985, Plaintiff

22  Flores' next friend, Mario Hugo Galvez-Maldonado, attempted to

23  visit plaintiff Flores in Pasadena, California.   He was told that

24  visitation with family or friends was not permitted and that only

25  attorneys may visit persons incarcerated at the BSS Pasadena

26  facility.

27       46.   Plaintiff Ana Maria Martinez Portillo was arrested by

28  INS agents on or about May 1, 1985.   She was thereafter detained

- 16 -

at an INS facility in Laredo, Texas. On or about May 8, 1985, after being interviewed by an attorney employed by the Refugee Legal Services program in Laredo, Texas, she was forced to strip and was subjected to a search of her vagina and rectum.

VI.

ALLEGATIONS RE FEDERAL DEFENDANTS'

CURRENT POLICY AND PRACTICE

47. Pursuant to 8 U.S.C. section 1252, INS agents regularly place persons under the age of eighteen (18) years under administrative arrest. A juvenile may be lawfully arrested pursuant to section 1252 only if there is probable cause to believe that he or she is (a) an alien and (b) unlawfully present in the United States. Unless admitted to bail or released on their own recognizance pursuant to 8 U.S.C. section 1252(a)(2), these minors are incarcerated until administrative and judicial proceedings to determine their deportability are completed, a process that can take several years.

48. Defendants have discretion to release such persons arrested for violation of administrative deportation laws "under bond . . . containing such conditions as the Attorney General may prescribe . . ." Ibid.; 8 C.F.R. 242.2. Defendants' discretion to condition release on bail, however, is limited to ensuring an individual's presence at future administrative proceedings and to protecting national security.

49. Like adults, juveniles arrested pursuant to 8 U.S.C. 1252 are entitled to release on bail while deportation proceedings are conducted. Until recently, INS policy, custom,

and usage was to release arrested minors on bail to responsible adults who were neither their parents nor legal guardians.

50. On or about September 6, 1984, defendants initiated a policy to indefinitely jail juveniles, particularly those whose parents INS agents suspect may be aliens unlawfully in the United States, unless and until their parent or legal guardian personally appears before an INS agent for interrogation and to accept physical custody of the minor. Said policy was implemented to punish juveniles for having violated administrative deportation laws and to facilitate the apprehension of their parents whom INS agents suspect may be deportable from the United States.

51. Defendants' policy to condition minors' release on bail on their parents' or legal guardian's personal appearance for interrogation and to accept physical custody was never published in the Federal Register in accordance with the Administrative Procedure Act, 5 U.S.C. 552 et seq.

52. No regulation published in the Code of Federal Regulations supports defendants' restricting juveniles' release on bond to the physical custody of parents and legal guardians. Internal INS Operating Instructions specifically contemplate release to persons other than parents or legal guardians, providing in pertinent part,

Aliens who are defined as juveniles should only be placed in a juvenile facility or with an appropriate responsible agency or institution, recognized or licensed to accommodate juveniles by the laws of that State. . . Children of tender years who are too young to be placed in a juvenile facility

or youth hall should be placed with local youth/child

services, or with relatives or friends.  In those extreme

cases where it is impossible to accommodate a child of

tender years accompanied by an adult, consideration should

be given to releasing [to] the accompanying adult [or] to a

responsible agency, relative, or friend.  Extenuating

circumstances requiring a deviation from this policy must be

cleared through the appropriate Associate Regional

Commissioner for Enforcement.

O.I. 242.6(c) (2-12-81) (brackets added).

53.  In contrast to defendants' treatment of plaintiffs and
other juveniles arrested pending deportation proceedings,
regulations geverning release of minors pending exclusion
proceedings pursuant to 8 U.S.C. section 1226 specifically
authorize such release to adults who are neither their parents
nor legal guardians.  In pertinent part these regulations provide
as follows:

(ii) . . . When it is determined that such juvenile should

be paroled from detention, the following guidelines should

be followed:

(A) Juveniles may be released to a relative (brother,

sister, aunt, uncle) not in Service detention who is willing

to sponsor a minor and the minor may be released to that

relative notwithstanding that he has a relative who is in

detention.

(B) If a relative who is not in detention cannot be located

to sponsor the minor, the minor may be released with an

accompanying relative who is in detention.

- 19 -

1    (C) If the Service cannot locate a relative in or out of

2    detention to sponsor the minor, but the minor has identified

3    a nonrelative in detention who accompanied him on arrival,

4    the question of releasing the minor and the accompanying

5    nonrelative adult shall be addressed on a case-by-case

6    basis.

7    8 C.F.R. 212.5(a)(2)(ii).  Defendants have neither a rational

8    basis nor a substantial interest in discriminating between those

9    juveniles detained pending exclusion proceedings and those

10   detained pending deportation proceedings.

11       54.  The condition that a parent or legal guardian

12   personally appear to accept physical custody of a juvenile

13   detained by the INS is imposed on the basis of two factual

14   determinations:  first, that the individual should be placed

15   under administrative arrest, i.e., that there is probable cause

16   to believe the person is an alien deportable from the United

17   States; and second, that the arrestee is under the age of

18   eighteen years.

19       55.  Defendants routinely and as a matter of custom and

20   usage initiate no effort to determine whether an available adult

21   other than a parent or legal guardian is qualified to accept

22   physical custody of a detained minor before conditioning bail on

23   a parent or legal guardian's personal appearance.  Rather,

24   release on bail is automatically so conditioned regardless of the

25   availability of another responsible adult who is willing, able,

26   and qualified to ensure the juvenile's welfare and presence at

27   future administrative proceedings.

28

56.   Under current procedure, a juvenile whose bail defendants condition on a parent's or legal guardian's personal appearance is given no notice of the condition until an attempt is made to post bail or to have the amount of bail reduced.

57.   A juvenile whose release on bail is made conditional may request that an immigration judge "redetermine" the terms under which he or she may be released.  8 C.F.R. 242.2(b). However, such review is provided only if the detained juvenile affirmatively requests it.  There is no time limit within which an immigration judge is required to act; review of bond conditions by an immigration judge can take up to several weeks, during which time the juvenile remains in detention.

58.   A a matter of practice, custom, or usage, immigration judges refuse to release detained juveniles to anyone other than a parent or legal guardian regardless of the qualifications of other available adults to ensure a detained minor's welfare and presence at future administrative proceedings.

59.   When an immigration judge refuses to remove a bond condition, that decision may be appealed to the Board of Immigration Appeals (hereafter "Board").  8 C.F.R. sections 242.2(b) and 3.1(b)(7).  The Board will review an adverse decision of an immigration judge only if affirmatively appealed by the aggrieved juvenile.  There is no time limit within which the Board must act, and juveniles must typically wait several weeks before receiving a decision affirming or overruling an immigration judge's refusal to remove a bond condition. Meanwhile, the juvenile remains incarcerated under the conditions challenged herein.

60. The scope of administrative review by an immigration judge and the Board is limited.  Whether a given bond condition is necessary to ensure an individual's presence at future administrative proceedings may be reviewed; however, neither an immigration judge, the Board, nor any other neutral and detached authority will review the probable cause supporting the INS's threshhold decision to place a juvenile under arrest.

61.  When a detained juvenile's parent or legal guardian personally appears to accept physical custody, defendants' policy and practice is to interrogate the parent or legal guardian regarding his or her citizenship and immigration status.  Parents and guardians whom INS agents thereby develop cause to believe are unlawfully in the United States are typically taken into custody.

62.  The parents of many juveniles in INS custody, such as the mother of plaintiffs Flores, Cruz, and Hernandez, have come to the United States seeking refuge from civil war and political persecution.  In 1980 alone, 12,000 persons were killed in El Salvador, a country about the size of Massachusetts with a population of approximately 4.8 million.  1981 Amnesty International Report at 145-46.  The United Nations and the Organization of American States continue to issue reports regarding the Guatemalan government's consistent violation of human rights.

63.  Notwithstanding continuing levels of extreme violence, the United States continues to expel hundreds of refugees per month to Central American countries such as El Salvador and Guatemala.  Because refugees from Central American countries are

1    routinely denied asylum in the United States, surrender to the

2    Immigration Service for them means virtually certain deportation

3    to civil war.  For these and other reasons, the parents and

4    guardians of detained minors frequently refuse to cooperate in

5    securing their children's release.

6        64.  Defendants' policy and practice to indefinitely

7    incarcerate juveniles by conditioning bail on a parent or legal

8    guardian's personal appearance severely penalizes persons

9    suspected of having violated administrative immigration laws.

10   Said policy and practice constitutes retribution for suspected

11   violations of administrative immigration laws and is intended to

12   deter future violations.  Said policy and practice is excessive

13   in relation to the purpose defendants assign to it.

14       65.  While in INS contract detention facilities, such as

15   those operated by defendants BSS, juveniles, as a matter of

16   custom, practice, or usage, are provided (a) no educational

17   instruction, (b) no access to educational or other written

18   materials, (c) no adequate and appropriate recreation, and (d) no

19   reasonable visitation with family and friends.  Juveniles at the

20   INS contract facility operated by defendant CCA are also

21   subjected to strip or body cavity searches after visiting with

22   their attorneys or appearing before administrative and judicial

23   tribunals.

24   / / /

25

26

27

28

VII.

FIRST CAUSE OF ACTION

[Unlawfully conditioning bail on parent or legal
guardian's personal appearance.]

66.  Plaintiffs reallege and incorporate by reference the
allegations set out in paragraphs 1 through 65, inclusive, of
this Complaint as though fully set forth here.

67.  Defendants' policy, practice, custom or usage to
condition bail for a juvenile taken into custody pursuant to 8
U.S.C. 1252 on his or her parent's or legal guardian's personal
appearance before an INS agent violates (a) the Immigration and
Nationality Act, 8 U.S.C. sections 1101 et seq., including 8
U.S.C. section 1252(a)(2) and implementing regulations and
Operating Instructions; (b) the Administrative Procedure Act, 5
U.S.C. sections 552 et seq., including 5 U.S.C. section 553(b)-
(c); (c) the Due Process Clause of the Fifth Amendment to the
United States Constitution; (d) the Equal Protection Guarantee of
the Fifth Amendment to the United States Constitution; and (e)
the 1967 Protocol Relating to the Status of Refugees, TIAS 6577,
19 U.S. 6223 [hereafter "United Nations Protocol"], and customary
international law.

VIII.

SECOND CAUSE OF ACTION

[Imposition of bond condition without due process of law]

68.  Plaintiffs reallege and incorporate by reference the
allegations set out in paragraphs 1 through 65 inclusive of this
Complaint as though here fully set out here.

- 24 -

69.  Defendants' policy, practice, custom or usage to condition bail for a juvenile taken into custody pursuant to 8 U.S.C. 1252 on his or her parent's or legal guardian's personal appearance before an INS agent without providing--

(a) prompt written notice that such condition has been imposed;

(b) prompt, mandatory, neutral and detached review following arrest of the need to condition bail on a parent's or legal guardian's personal appearance to ensure the juvenile's presence at future administrative proceedings;

(c) prompt, mandatory, neutral and detached review following arrest of the probable cause for arrest; and

(d) prompt, mandatory, neutral and detached review following arrest of the suitability of any available adult to ensure the juvenile's well-being and presence at future deportation proceedings notwithstanding that such adult is neither the juvenile's parent nor legal guardian;

violate the Due Process Clause of the Fifth Amendment to the United States Constitution, 8 U.S.C. section 1252(b)(2), 8 C.F.R. section 242, the 1967 Protocol Relating to the Status of Refugees, TIAS 6577, 19 U.S.T. 6223 [hereafter "United Nations Protocol"], and customary international law.

VIII.

THIRD CAUSE OF ACTION

[Unlawful conditions of detention: Denial of Education]

70.  Plaintiffs reallege and incorporate by reference the allegations set out in paragraphs 1 through 65 inclusive of this Complaint as though here fully set out here.

71.   It is defendants' policy and practice to deny persons under the age of eighteen (18) years appropriate reading materials and educational services while incarcerating them pending conclusion of deportation proceedings.  Said policy and practice violates the First Amendment to the United States Constitution, the Due Process Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Guarantee of the Fifth Amendment to the United States Constitution, 8 U.S.C. section 1252(a) & (c), INS Operations Instruction section 242.6(c), and the INS Operational Manual on Service Processing Centers (January 1, 1983).

IX.

FOURTH CAUSE OF ACTION

[Unlawful conditions of detention: Denial of Recreation]

72.   Plaintiffs reallege and incorporate by reference the allegations set out in paragraphs 1 through 65 inclusive of this Complaint as though here fully set out here.

73.   It is defendants' policy and practice to deny persons under the age of eighteen (18) years reasonable access to outdoor activities and to facilities for physical excercise, thus depriving them of adequate and appropriate recreation while incarcerating them pending conclusion of deportation proceedings. Said policy and practice violates the Due Process Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Guarantee of the Fifth Amendment to the United States Constitution, 8 U.S.C. section 1252(a) & (c), INS Operations Instruction section 242.6(c), and the INS Operational Manual on Service Processing Centers (January 1, 1983).

- 26 -

X.

FIFTH CAUSE OF ACTION

[Unlawful conditions of detention:

Denial of Reasonable Visitation]

74.  Plaintiffs reallege and incorporate by reference the allegations set out in paragraphs 1 through 65 inclusive of this Complaint as though here fully set out here.

75.  It is defendants' policy and practice to deny persons under the age of eighteen (18) years reasonable visitation with family members and friends while incarcerating them pending conclusion of deportation proceedings.  Said policy and practice violates the First Amendment to the United States Constitution, the Due Process Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Guarantee of the Fifth Amendment to the United States Constitution, 8 U.S.C. section 1252(a) & (c), INS Operations Instruction section 242.6(c), and the INS Operational Manual on Service Processing Centers (January 1, 1983).

XI.

SIXTH CAUSE OF ACTION

[Unlawful conditions of detention:

Incarceration with Unrelated Adults]

76.  Plaintiffs reallege and incorporate by reference the allegations set out in paragraphs 1 through 65 inclusive of this Complaint as though here fully set out here.

77.  It is defendants' policy and practice to incarcerate persons under the age of eighteen (18) years with unrelated adults pending conclusion of deportation proceedings.  Said

1  policy and practice violates the Due Process Clause of the Fifth

2  Amendment to the United States Constitution, the right to privacy

3  guaranteed by the First, Fourth, Fifth, and Ninth Amendments to

4  the United States Constitution, the Equal Protection Guarantee of

5  the Fifth Amendment to the United States Constitution, 8 U.S.C.

6  section 1252(a) & (c), INS Operations Instruction section

7  242.6(c), and the INS Operational Manual on Service Processing

8  Centers (January 1, 1983).

9                              XII.

10                   SIXTH CAUSE OF ACTION

11            [Unlawful conditions of detention:

12             Strip and Body Cavity Searches]

13      78.  Plaintiffs reallege and incorporate by reference the

14  allegations set out in paragraphs 1 through 65 inclusive of this

15  Complaint as though here fully set out here.

16      79.  It is defendant's policy and practice to conduct strip

17  and body cavity searchs of juveniles in its custody following the

18  youth have visited with their attorneys or appeared in

19  administrative or judicial proceedings.  Said policy and

20  practice violates the Due Process Clause of the Fifth Amendment

21  to the United States Constitution, the right to privacy

22  guaranteed by the First, Fourth, Fifth, and Ninth Amendments to

23  the United States Constitution, the Equal Protection Guarantee of

24  the Fifth Amendment to the United States Constitution, 8 U.S.C.

25  section 1252(a) & (c), INS Operations Instruction section

26  242.6(c), and the INS Operational Manual on Service Processing

27  Centers (January 1, 1983).

28  / / /

XIII.

IRREPARABLE INJURY

80.   Defendants are engaged in a continuing pattern of illegal and discriminatory conduct in incarcerating persons under the age of eighteen (18) years.  As a result, plaintiffs and the class they seek to represent have suffered and will continue to suffer irreparable injury for which they have no adequate remedy at law.   If the relief prayed for is not granted, plaintiffs and the class they seek to represent will suffer, among other things, absolute deprivation of education and release on bail pending conclusion of deportation proceedings.   Defendants will continue their challenged practices unless and until this Court enjoins then from doing so.

XIV.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray this Court:

1.   Assume jurisdiction over this action;

2.   Order that plaintiffs may maintain this action as a class-action pursuant to Rule 23, Federal Rules of Civil Procedure;

3.   Declare that the herein challenged practices are unlawful and unconstitutional as applied to both the named plaintiffs and unnamed class-members;

4.   Issue an order in the nature of mandamus or prelimainary and permanent injuncitons requiring defendants to admit persons under the age of eighteen (18) years to bail without first requiring their parents or legal guardians to personally appear before INS agents.

- 29 -

5.   Issue preliminary and permanent injunctions restraining defendants, their agents, employees, and successors in office from:

    (a)   Incarcerating persons under the age of eighteen (18) years while denying adequate and appropriate reading material and education;

    (b)   Incarcerating persons under the age of eighteen (18) years while denying them adequate and appropriate recreation;

    (c)   Incarcerating persons under the age of eighteen (18) years while denying them reasonable visition with family and friends;

    (d)   Subjecting detained juveniles to strip or body cavity searches after they have visited with attorneys or appeared before administrative or judicial tribunals.

6.   Issue a writ of habeas corpus releasing plaintiffs Flores, Hernandez, and Cruz and other incarcerated plaintiff class members on bail without the condition that their parents or legal guardinas appear before INS agents for interrogation concerning thier immigration status in the United States.

/ / /

1      7.   Award plaintiffs' attorneys all costs and attorneys'

2     fees incurred as a result of this lawsuit;

3      8.   Grant such further relief as the Court deems just.

4 Dated:  July 11, 1985.           NATIONAL CENTER FOR IMMIGRANTS'

5                                      RIGHTS, INC.
                                     Carlos Holguin
                                     Peter A. Schey

6

7                                      NATIONAL CENTER FOR YOUTH LAW
                                     James Morales

8                                      Alice Bussiere
                                     Teresa Demchak

9

10                                      ACLU FOUNDATION OF SOUTHERN
                                     CALIFORNIA

11                                      Paul Hoffman

12

13

14                            By: _____
                                   Attorneys for Plaintiffs

15 / / /

16 / /

17 /

18

19

20

21

22

23

24

25

26

27

28

JS 44C
(Rev. 11/82)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (For more detailed instructions, see separate instruction sheet.)

| PLAINTIFFS JENNY LISETTE FLORES, a minor, by next friend MARIO HUGO GALVEZ-MALDONADO; DOMINGA HERNANDEZ-HERNANDEZ, a minor, by next friend, JOSE SAUL MIRA; ALMA YANIRA CRUZ-ALDAMA, a minor, by next friend, HERMAN PETROLILO TANCHEZ; ANA MARIA MARTINEZ-PORTILLO, a minor, by next friend PATRICK HUGHES. | DEFENDANTS EDWIN MEESE, III, Attorney General of the United States; IMMIGRATION AND NATURALIZATION SERVICE, an agency of the United States; HAROLD W. EZELL, Western Regional Commissioner, Immigration and Naturalization Service; BEHAVIORAL SYSTEMS SOUTHWEST; CORRECTIONS CORPORATION OF AMERICA. |
|---|---|
| COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF L. A. (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Wash.D.C. (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) NATIONAL CENTER FOR IMMIGRANTS' RIGHTS, INC. Carlos Holguin, Peter A. Schey 256 S. Occidental Blvd. Los Angeles, CA 90057 (213) 388-8693 | ATTORNEYS (IF KNOWN) United States Attorney 312 N. Spring Street Los Angeles, CA 90012 (213) 688-2434 |

| (PLACE AN ☒ IN ONE BOX ONLY) BASIS OF JURISDICTION | IF DIVERSITY, INDICATE CITIZENSHIP ON REVERSE. (28 USC 1332, 1441) |
|---|---|
| ☐ 1 U.S. PLAINTIFF  ☒ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
8 U.S.C. sec. 1252; U.S. Const. Amend. 5; Class action to enjoin practice of U.S. Immigration Service denying juveniles release on bail and maintenance of unlawful conditions of confinement.

(PLACE AN ☒ IN ONE BOX ONLY)

## NATURE OF SUIT

### ACTIONS UNDER STATUTES

| CONTRACT | TORTS | CIVIL RIGHTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES Cont |
|---|---|---|---|---|---|
| ☐ 110 INSURANCE | PERSONAL INJURY | ☐ 441 VOTING | ☐ 610 AGRICULTURE | ☐ 420 TRUSTEE | ☐ 450 COMMERCE ICC RATES, ETC |
| ☐ 120 MARINE | ☐ 310 AIRPLANE | ☐ 442 JOBS | ☐ 620 FOOD & DRUG | ☐ 421 TRANSFER (915b) | ☐ 460 DEPORTATION |
| ☐ 130 MILLER ACT | ☐ 315 AIRPLANE PRODUCT LIABILITY | ☐ 443 ACCOMMODA- TIONS | ☐ 630 LIQUOR LAWS | ☐ 422 APPEAL (801) | ☐ 810 SELECTIVE SERVICE |
| ☐ 140 NEGOTIABLE INSTRUMENT | ☐ 320 ASSAULT, LIBEL & SLANDER | ☐ 444 WELFARE | ☐ 640 R.R. & TRUCK | PROPERTY RIGHTS | ☐ 850 SECURITIES COMMODITIES EXCHANGE |
| ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | ☐ 330 FEDERAL EMPLOYERS' LIABILITY | ☐ 440 OTHER CIVIL RIGHTS | ☐ 650 AIRLINE REGS | ☐ 820 COPYRIGHT | |
| ☐ 151 MEDICARE ACT | ☐ 340 MARINE | | ☐ 660 OCCUPATIONAL SAFETY/HEALTH | ☐ 830 PATENT | ☐ 891 AGRICULTURAL ACTS |
| ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS | ☐ 345 MARINE PRODUCT LIABILITY | | ☐ 690 OTHER | ☐ 840 TRADEMARK | ☐ 892 ECONOMIC STABILIZATION ACT |
| ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS | ☐ 350 MOTOR VEHICLE  ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY | | | SOCIAL SECURITY  ☐ 861 HIA (1395ff)  ☐ 862 BLACK LUNG (923) | ☐ 893 ENVIRON- MENTAL MATTERS |
| ☐ 160 STOCKHOLDERS SUITS | ☐ 360 OTHER PERSONAL INJURY | PRISONER PETITIONS | LABOR | ☐ 863 DWC (405 (g))  ☐ 863 DIWW (405 (g))  ☐ 864 SSID Title XVI | ☐ 894 ENERGY ALLOCATION ACT |
| ☐ 190 OTHER CONTRACT | ☐ 362 PERSONAL INJURY-MED MALPRACTICE | ☐ 510 VACATE SENTENCE (2255) | ☐ 710 FAIR LABOR STANDARDS | ☐ 865 RSI (405 (g)) | ☐ 895 FREEDOM OF INFORMATION ACT |
| ☐ 195 CONTRACT PRODUCT LIABILITY | ☐ 365 PERSONAL INJURY PRODUCT LIABILITY | ☐ 530 HABEAS CORPUS | ☐ 720 LABOR/MGMT. RELATIONS | TAX SUITS  ☐ 870 TAXES | |
| REAL PROPERTY | PERSONAL PROPERTY | ☐ 540 MANDAMUS & OTHER | ☐ 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT | ☐ 871 IRS-THIRD PARTY 26 USC 7609 | ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| ☐ 210 CONDEMNATION | ☐ 370 OTHER FRAUD | ☐ 550 CIVIL RIGHTS | ☐ 740 RAILWAY LABOR ACT | ☐ 875 CUSTOMER CHALLENGE 12 USC 3410 | |
| ☐ 220 FORECLOSURE | ☐ 371 TRUTH IN LENDING | | ☐ 790 OTHER LABOR LITIGATION | | ☐ 950 CONSTITU- TIONALITY OF STATE STATUES |
| ☐ 230 RENT LEASE & EJECTMENT | ☐ 380 OTHER PERSONAL PROPERTY DAMAGE | | ☐ 791 EMPL. RET. INC. SECURITY ACT | OTHER STATUTES  ☐ 400 STATE REAPPORTION- MENT | |
| ☐ 240 TORTS TO LAND | ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY | | | ☐ 410 ANTI-TRUST | ☒☒ 890 OTHER STATUTORY ACTIONS |
| ☐ 245 TORT PRODUCT LIABILITY | | | | ☐ 430 BANKS AND BANKING | |
| ☐ 290 ALL OTHER REAL PROPERTY | | | | | |

(PLACE AN ☒ IN ONE BOX ONLY)

## ORIGIN

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

UNITED STATES DISTRICT COURT          (Continued on Reverse Side)

CV-71 (01/83)

JS 44C
(Rev. 11/82)

## CIVIL COVER SHEET (Reverse Side)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

INSTRUCTIONS: After completing the front side of form JS 44C, complete the information requested below.

| CITIZENSHIP OF PRINCIPAL PARTIES (IF DIVERSITY) | PTF | DEF | Check/Fill in if demanded in complaint: | | |
|---|---|---|---|---|---|
| | | | ☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | **OTHER** |
| CITIZEN OF THIS STATE | ☐1 | ☐1 | | | |
| INCORPORATED THIS STATE | ☐2 | ☐2 | | | |
| FOREIGN CORPORATION-PRINCIPAL PLACE OF BUSINESS IN _____ (STATE) | ☐3 | ☐3 | Has this Cause of Action previously been filed and dismissed? No  ~~Yes~~  Case No.  n/a | | |
| OTHER NON-CITIZEN OF THIS STATE | ☐4 | ☐4 | RELATED CASE(S) IF ANY     None | | |
| **Check YES only if demanded in complaint:** **JURY DEMAND:**  ☐ YES  ☐ NO | | | JUDGE                              DOCKET NO. CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE INVOLVES: | | |

1. Property included in previously filed case
2. Same issue of fact or grows out of the same transaction
3. Validity or infringement of the same patent copyright or trademark

(PARTIES SHOULD REFER TO THIS COURT'S LOCAL RULE 2 FOR COMPLETE INFORMATION REGARDING RELATED CASES)

| Date July 11, 1985 | Signature of Attorney of Record |
|---|---|

Carlos Holguin

Key to statistical codes relating to social security cases:

| NATURE OF SUITE CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (medicare) under Title XVIII, Part A, of the Social Security Act, as amended. Also includes claims by hospitals, skilled nursing facilities, etc. for certification as providers of services under the program. (42 USC 1935FF.(b)). |
| 862 | BL | All claims for "black lung" benefits under Title IV, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 USC 923). |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title II of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability (42 USC 405-(g)). |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title II of the Social Security Act, as amended. (42 USC 405 (g)). |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title XVI of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title II of the Social Security Act, as amended. (42 USC (g)). |

CV-71 (01/83)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE

Pursuant to the Local Rules Governing Duties of
Magistrates, Magistrate       James J. Penne
has been designated to hear discovery motions in
the within action at the discretion of the assigned
Judge.

Upon the filing of a discovery motion, the motion
will be presented to the United States District Judge
for consideration and may hereafter be referred to the
Magistrate for hearing and determination.

The Magistrate's initial should be used on all documents
filed with the Court so that the case number reads as
follows:

CV - <u>85   4544   RJK</u> (Px )

NOTE:  <u>A COPY OF THIS NOTICE MUST BE SERVED WITH THE
SUMMONS AND COMPLAINT ON ALL DEFENDANTS.</u>

M-9P  6/79