DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
FRANK M. TRAVIESO
Assistant United States Attorney
California Bar Number 180394
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2448
    Facsimile: (213) 894-7819
PETER D. KEISLER
Assistant Attorney General
DAVID J. KLINE
Principal Deputy Director
VICTOR M. LAWRENCE
Trial Attorney
    Office of Immigration Litigation
    Civil Division, U.S. Department of Justice
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 305-8788
    Facsimile: (202) 616-9366

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JENNY LISETTE FLORES, et al.,

    Plaintiffs,

vs.

TOM RIDGE, Secretary of the Department of Homeland Security, et al.,

    Defendants.

Case No. CV 85-4544-RJK(Px)

    (1) STIPULATION FOR PROTECTIVE ORDER RE DISCOVERY;

    (2) [PROPOSED] PROTECTIVE ORDER



IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs and counsel for Defendants ("the parties"), as follows:

Before the Court is Plaintiffs' interrogatories, to which the Court has ordered Defendants to file and serve responses no later than July 30, 2004. Certain of Plaintiffs' interrogatories include requests for information of a personal nature where disclosure would constitute an unwarranted invasion of privacy, including records of juvenile delinquency proceedings and mental health evaluations. Additionally, certain of Plaintiffs' interrogatories may require the production of identifying information relating to third parties not participating in this lawsuit. Defendants agree to respond to such interrogatories, subject to entry of the following protective order, to which the parties have stipulated.

WHEREFORE, at the request of the parties,

IT IS HEREBY ORDERED that Defendants are authorized to release to counsel for Plaintiffs and the Court in this case, information relating to aliens determined to be members of the class and any other aliens subsequently determined to be members of the class, un-redacted of information relating to juvenile delinquency proceedings, mental health evaluations, or third-party identifying information, without obtaining prior written consent of the class member or the third parties whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The parties agree that the terms of this Protective

Order will govern all responses made by Defendants to Plaintiffs' interrogatories, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that responses to Plaintiffs' interrogatories contain information relating to an alien's juvenile delinquency proceedings, mental health evaluations, or any other information disclosure of which would constitute an unwarranted invasion of privacy, such information shall be deemed confidential. All such confidential information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. To the extent that responses to Plaintiffs' interrogatories contain third-party names, addresses, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential. All such confidential information is subject to this Protective Order and may be used solely for purposes of this litigation.

4. Confidential information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

    a. counsel for Plaintiffs and Defendants and any support staff of such counsel assisting in this action;

    b. the Court and its personnel, including

           court reporters;

    c.   individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order; and

    d.   expert witnesses or consultants retained by Plaintiffs or Defendants.

5.   All persons listed in Paragraph 4(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(b)-(d) above, any confidential information, except as provided in this Protective Order.

6.   All persons listed in Paragraphs 4(c) and (d) above to whom identifying information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for the plaintiffs or counsel for the defendant.

7.   Any filings with the Court which contain materials subject to this Order shall be done under seal, unless a release is obtained from the individual or the third-party individual to whom the materials pertain authorizing the disclosure of such information.

8.   No confidential documents or information shall be used at any hearing, trial or appellate proceeding in this action,

unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made. Where confidential documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of the information provided, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order.

9. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court, nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

10. Within sixty (60) days of the final conclusion of this litigation, including any appeals or monitoring periods, counsel for Plaintiffs shall collect all information and documents produced pursuant to this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such information and documents to Defendants' counsel. Compliance with this provision shall be certified to by counsel for Plaintiffs.

11. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

12. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

13. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

14. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

15. All information that Defendants produce to Plaintiff in this litigation will be deemed to have been produced for purposes of this litigation only.

16. This Order shall be binding upon any present or future party to the <u>Flores, et al. v. Ridge, et al.</u>, No. CV-85-4544-RJK litigation.

17. This Order shall be effective and enforceable upon its signature by counsel and by the Court.

**ORDER**

IT IS SO ORDERED.
DATED: **AUG 1 6 2004**

_____
HONORABLE ROBERT J. KELLEHER
United States District Judge

1  PRESENTED BY:

2  DATED: July 29, 2004.

3                                    CENTER FOR HUMAN RIGHTS &
                                     CONSTITUTIONAL LAW
4                                    Carlos Holguin
                                     Peter A. Schey
5                                    Angela Perry

6                                    LATHAM & WATKINS
                                     William Meeske

7
                                     NATIONAL CENTER FOR YOUTH LAW
8                                    Katina Ancar

9                                    YOUTH LAW CENTER
                                     Alice Bussiere
10
                                     _____, AUSA
11       PER TELEPHONIC
         AUTHORIZATION FOR           PETER A. SCHEY
12
                                     Attorneys for Plaintiffs
13

14  DATED: July 29, 2004.

15                                   DEBRA W. YANG
                                     United States Attorney
16                                   LEON W. WEIDMAN
                                     Assistant United States Attorney
17                                   Chief, Civil Division
                                     FRANK M. TRAVIESO
18                                   Assistant United States Attorney

19                                   PETER D. KEISLER
                                     Assistant Attorney General
20                                   DAVID J. KLINE
                                     Principal Deputy Director
21
                                     _____, AUSA For
22                                   VICTOR M. LAWRENCE
                                     Trial Attorney
23                                   Office of Immigration Litigation

24                                   Attorneys for Defendants

25

26

27

28

8

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, am associated with the litigation in Flores v. Ridge, CV-85-4544-RJK in the capacity of _____. I acknowledge reading and understanding the Protective Order Re: Discovery issued in Flores on _____, and agree to be bound by all provisions thereof.

Executed this ____ day of _____ at _____.

SIGNATURE: _____

9