**DECLARATION OF SARAH B. FABIAN**

I, SARAH B. FABIAN, declare:

1. I am a Senior Litigation Counsel with the U.S. Department of Justice, and am assigned to handle the instant case. As such, I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2. The parties request the Court to continue the motion hearing on Plaintiffs' Motion to Enforce Settlement of Class Action from March 13, 2015 to March 27, 2015, with the related dates continued as well as agreed by the parties. Defendants require an extension of the dates for the following reasons.

3. On February 2, 2015, Plaintiffs filed their Motion in this case, seeking an order enforcing the *Flores* Settlement Agreement ("FSA"), entered into between Plaintiffs and the U.S. Immigration and Nationality Service ("INS") in this cause of action in January 1997. On February 6, 2015, the Court set the hearing on Plaintiffs' Motion for March 13, 2015.

4. Since 1997, when the Agreement was signed, the 2002 Homeland Security Act ("HSA") has abolished the INS and transferred several former INS functions to the newly-formed U.S. Department of Homeland Security ("DHS") and its components (including U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE")), and to the U.S. Department of Health and Human Services ("HHS"). The William Wilberforce Trafficking Victims Protection Reauthorization Act

1

of 2008 (P.L. 110-457) ("TVPRA"), also outlined responsibilities that these agencies are required to meet regarding the screening and processing of unaccompanied alien children apprehended at the border.

5. Plaintiffs named Jeh Johnson, Secretary of Homeland Security, as the only Defendant to their motion to enforce (and Plaintiffs' counsel clarified by email that their intended Defendants were DHS, ICE, and CBP). However, pursuant to the HSA and the TVPRA, the legal responsibilities for the screening and processing of minor children apprehended while illegally crossing the border are shared among each of the agencies listed above, and Plaintiffs' motion to enforce, if granted, would impact the operations of each of these agencies.

6. Because of the longstanding nature of this Settlement Agreement, the importance of the issues involved, and the need for the involvement of the multiple agencies and their counsel (including DHS, ICE, CBP, and HHS) in the drafting and review process for Defendants' filings, Defendants require an additional week to finalize their opposition.

7. Many of the individuals from these agencies who must assist with the preparation and review of Defendants' response have had limited availability to provide this assistance due to their involvement in national security matters, and in several litigation matters filed earlier where requests for preliminary injunctions are currently at issue.

8. Plaintiffs' counsel has agreed to allow Defendants this extra week to respond, and the parties have agreed to allow Plaintiffs a corresponding one week extension to prepare their reply.

9. Moving the hearing date on Plaintiffs' motion to March 27, 2015 will allow Defendants to take an extra week, until February 27, 2015, to file their opposition, and allow for Plaintiffs to have two weeks, until March 13, 2015, to prepare their reply.

10. Accordingly, the parties stipulate that the hearing date on Plaintiffs' Motion to Enforce Settlement of Class Action should be continued from March 13, 2015 until March 27, 2015, and the corresponding dates extended as agreed by the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2015 at Washington, District of Columbia.

_/s/ SBF_
SARAH B. FABIAN