CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos Holguín (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
Marchela Iahdjian (Cal. Bar No. 295595)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.org
       pschey@centerforhumanrights.org
       miahdjian@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
William A. Molinski (State Bar No. 145186)
wmolinski@orrick.com
T. Wayne Harman (State Bar No. 254089)
wharman@orrick.com
Elena Garcia (State Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone: (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | Case No. CV 85-04544-DMG |
| Plaintiffs, | ORDER ENFORCING SETTLEMENT OF CLASS ACTION. |
| - vs - | [PROPOSED] |
| JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | Hearing: March 13, 2015. Time: 9:30 a.m. Courtroom 7, 312 N. Spring Street |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

*Of counsel:*

YOUTH LAW CENTER
Alice Bussiere (Cal. Bar No. 114680)
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

Ranjana Natarajan (Cal. Bar 230149)
UNIVERSITY OF TEXAS SCHOOL OF LAW
Civil Rights Clinic
727 E. Dean Keeton St.
Austin, TX 78705
Telephone: (512) 232-7222
Email: rnatarajan@law.utexas.edu

Order Enforcing Settlement

This matter came on regularly for hearing on March 13, 2015, on plaintiffs' motion for an order requiring defendants to comply with the stipulated settlement agreement filed herein on January 17, 1997, and approved by this Court on January 28, 1997 ("Settlement"). The Court has jurisdiction over plaintiffs' motion pursuant to ¶ 37 of the Settlement and the Court's order of January 28, 1997, approving the Settlement pursuant to Rule 23(e), Fed.R.Civ.Proc.

The Court, having considered the arguments and evidence submitted in support of and in opposition to plaintiffs' motion, hereby grants plaintiffs' motion. Accordingly, IT IS HEREBY ORDERED that defendants are enjoined as follows:

1) Defendant U.S. Immigration and Customs Enforcement (ICE) shall release minors from its custody without unnecessary delay to available custodians as ¶ 14 of the Settlement directs, except where ICE determines in writing that the detention of an individual minor is required to secure his or her timely appearance before ICE or the immigration court, or to ensure the minor's safety or that of others, or where a class member's parent objects to her or his child's being released. Upon taking a minor into custody, ICE shall make and record prompt and continuous efforts toward family reunification and the release of the minor as ¶ 14 of the Settlement requires. When a class member's parent is also in custody and statutorily eligible for release, ICE shall exercise individualized discretion pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8) to determine whether to release the class member's parent, such that the

Order Enforcing Settlement

class member will be released to the custody of his or her preferred custodian.

2) In any case in which ICE does not release a minor, except as provided in ¶¶ 12 or 21 of the Settlement or where a class member's parent objects to being separated from her or his child, ICE shall place such minor in a non-secure licensed program as defined in Definition No. 6 of the Settlement. Defendants shall not selectively apply the "influx" provision of ¶ 12C of the Settlement to house class members apprehended with a parent in secure or unlicensed facilities.

3) In consultation with plaintiffs, defendants shall propose standards, and procedures for monitoring compliance with such standards, for housing minors in Border Patrol facilities that are safe and sanitary and that are consistent with concern for the particular vulnerability of minors. Proposed standards shall cover children's access to adequate drinking water and food, toilets, sinks, showers, bedding and medical care, as well as temperature control, ventilation, and maximum capacity of rooms in which children are held. Defendants shall file such proposed standards within 90 days of the date of this Order; plaintiffs shall file objections thereto, if any, 14 days thereafter.

Dated: _____, 2015.   _____
                                        United States District Judge

Presented by —

/s/ Carlos Holguín _____
Carlos Holguín
One of the attorneys for plaintiffs

Order Enforcing Settlement