JOYCE R. BRANDA
Acting Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Tel:  (202) 532-4824
        Fax:  (202) 305-7000
        Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | [Proposed] |
| v. | **ORDER MODIFYING SETTLEMENT AGREEMENT** |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.,* | |
| Defendants. | |

THIS CAUSE comes before the Court upon the Defendants' Protective Motion to Modify Settlement Agreement.

UPON CONSIDERATION of the Motion, and for the reasons set forth in Defendants' Protective Motion, the Motion is GRANTED, and the *Flores* Settlement Agreement, Case No. 85-4544, January 28, 1997 ("Agreement") is hereby modified to reflect the following changes:

1. The Agreement is modified to eliminate any portions of the Agreement that are superseded by, or inconsistent with, the Homeland Security Act of 2002, Pub. L. No. 107-296, as amended, or the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, § 235 (codified in principal part at 8 U.S.C. § 1232), as amended.  Consistent with those changes in the law, the Agreement is amended to eliminate references to the Immigration and Naturalization Service or its officers and agents, and to replace each such reference with a reference to the department or department component that now performs the designated function or role under current law.

2. Section VI of the Agreement is modified to clarify that the "General Policy Favoring Release" does not apply to minors who were or will be apprehended by the Government in the company of a parent or legal guardian, and are now being or will be held with that parent or legal guardian in a U.S. Immigration and Customs Enforcement ("ICE") family residential center.

3. Section VII of the Agreement is modified to clarify that the state licensure requirement in that section does not apply to ICE family residential facilities.  The Section is further modified to clarify that the provisions of that Section, and in Exhibit 1 to the Agreement, related to the conditions of detention, do apply to ICE family residential facilities, along

with the ICE Family Residential Standards, available online at: http://www.ice.gov/detention-standards/family-residential.  In lieu of licensing, the Government will be required to make these facilities available for regular inspections by the ICE Office of Professional Responsibility's Office of Detention Oversight, the DHS Office of Civil Rights and Civil Liberties, and an independent compliance inspector.  The Government will also be required to provide to Plaintiffs' counsel annual reports regarding each ICE family residential facility's compliance with the applicable standards.

4.  Section X of the Agreement is modified to eliminate Paragraphs 29 and 30 to the extent they relate to the implementation of the original Agreement.  The Section is further modified to add the requirement that the Government must provide Plaintiffs' counsel with the annual reports detailed in paragraph 3 above regarding each ICE family residential facility's compliance with the applicable standards.

**IT IS SO ORDERED.**

DATED: _____, 2015.

_____
THE HONORABLE DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

–2–