1
2
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos Holguin (Cal. Bar. No. 90754)
3
Peter A. Schey (Cal. Bar No. 58232)
Marchela Iahdjian (Cal. Bar No. 295595)
4
256 South Occidental Boulevard
Los Angeles, CA 90057
5
Telephone:   (213) 388-8693
Facsimile:    (213) 386-9484
6
Email: crholguin@centerforhumanrights.org
7
         pschey@centerforhumanrights.org
         marchela@centerforhumanrights.org
8
9
WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinksi@orrick.com
10
T. WAYNE HARMAN (STATE BAR NO. 254089)
wharman@orrick.com
11
ELENA GARCIA (STATE BAR NO. 299680)
egarcia@orrick.com
12
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
13
Suite 3200
Los Angeles, CA 90017
14
Telephone:    +1-213-629-2020
Facsimile:    +1-213-612-2499
15

16
*Attorneys for Plaintiffs*
(listing continues on following page)
17

UNITED STATES DISTRICT COURT
18
CENTRAL DISTRICT OF CALIFORNIA
19
WESTERN DIVISION
20

21
Jenny Lisette Flores, *et al.*,

22
             Plaintiffs,

23
       v.

24
ERIC H. HOLDER, JR., Attorney General of
the United States; *et al.*,
25

26
             Defendants.

27

28

Case No. CV 85 – 4544 – DMG

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS PROTECTIVE MOTION TO MODIFY SETTLEMENT AGREEMENT, etc.**

Date: March 27, 2015
Time: 9:30 a.m.
Dept: Courtroom 7, Los Angeles, Spring Street Courthouse

1

*Plaintiffs' counsel, continued:*

2

LA RAZA CENTRO LEGAL, INC.

3

Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street #295

4

San Francisco, CA 94103
Telephone: (415) 575-3500

5

6

*Of Counsel:*

7

YOUTH LAW CENTER
Alice Bussiere (Cal. Bar No. 114680)

8

Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300

9

San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

10

11

Ranjana Natarajan (Cal. Bar No. 230149)
UNIVERSITY OF TEXAS SCHOOL OF LAW

12

Civil Rights Clinic
727 E. Dean Keeton Sts.

13

Austin, TX 78705
Telephone: (512) 232-7222

14

Email: rnatarajan@law.utexas.edu

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs object as follows to the declarations and other factual materials defendants offer in support of their motion to modify the settlement herein (Dkt. No. 120) and in opposition to plaintiffs' motion to enforce settlement of class action (Dkt. No. 121):

| EVIDENCE | OBJECTION(S) |
|---|---|
| **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS PROTECTIVE MOTION TO MODIFY SETTLEMENT AGREEMENT (DKT. 120)** | |
| Page 1, Footnote 2:<br><br>"After many hours of interviews I realized that fast-traveling false rumors about the "permisos," fed by smugglers, had spurred thousands of people to head out for the United States driven by fears their children would not be safe in Central America." Julia Preston, *Witnessing the Border Crisis,* N.Y. TIMES, Aug. 1, 2014, available at http://www.nytimes.com/times-insider/2014/08/01/witnessing-the-border-crisis/. | The referenced article, as well as the statements therein, are based on inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. To the extent that the article itself is not hearsay, Defendant's attempt to offer it for the proposition that families adopted certain beliefs lacks foundation, has no basis in personal knowledge, and is wholly speculative. Fed. R. Evid. 602.  Any belief as to the availability of 'permisos' is not relevant to the issue of enforcement of the Settlement or to its modification. Fed. R. Evid. 403. |
| Page 1, Footnote 2:<br><br>"Migrants have sent word back home they received a "permit" to remain at least temporarily in the United States, feeding rumors along migrant routes and spurring others to embark on the long journey." Julia Preston, *Migrants Flow in South Texas, as* | The referenced article, as well as the statements therein, are based on inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. To the extent that the article itself is not hearsay, Defendant's attempt to offer |

1

| | |
|---|---|
| *Do Rumors,* N.Y. Times, June 16, 2014, available at http://www.nytimes.com/2014/06/17/us/migrants-flow-in-south-texas-as-do-rumors.html. | it for the proposition that families adopted certain beliefs lacks foundation, has no basis in personal knowledge, and is wholly speculative. Fed. R. Evid. 602.   Any belief as to the availability of 'permisos' is not relevant to the issue of enforcement of the Settlement or to its modification. Fed. R. Evid. 403. |
| **DECLARATION OF TAE D. JOHNSON (DKT. 120-1)** | |
| Paragraph 7:<br><br>"According to briefing I have received, information received by ICE officers and agents from Salvadoran, Guatemalan, and Honduran recent border crossers, indicates a reason they decided to make the dangerous journey to illegally enter the United States is that they expect to be immediately released from custody. Information received from these detainees also demonstrates that this expectation is often due to promises of human trafficking organizations that they will not be detained but instead will be released and permitted to work in the United States." | This statement is based on inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. Mr. Johnson lacks personal knowledge as to the motivations of individuals seeking to come to the United States and can only speculate as to individual impetus for crossing. Fed. R. Evid. 602. Plaintiffs have provided no direct evidence of same. Moreover, the documentation that Mr. Johnson purports to rely on is the best evidence of any perceived understanding. Fed. R. Evid. 1002. Any belief as to the possibility of permitted work and release is not relevant to the issue of enforcement of the Settlement or to its modification. Fed. R. Evid. 403. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Paragraph 8:<br><br>"Detaining these individuals dispels such expectations [of being released and permitted to work], and deters other from unlawfully coming to the United States." | Mr. Johnson lacks personal knowledge as to the motivations of individuals seeking to come to the United States and can only speculate as to the impetus for their crossing. Fed. R. Evid. 602. Mr. Johnson provides no foundation for this generalization. Fed. R. Evid. 602. Mr. Johnson is not qualified as an expert, such that he can offer opinions as to the effect of detention or the deterrent effect of certain policies and conditions. Fed. R. Evid. 702. |
| Paragraph 11:<br><br>"A practice of general release encourages parents to subject their children to this dangerous journey in order to avoid their own detention. It also puts unrelated children at increased risk of trafficking by smugglers who bring them across the border in an attempt to avoid detention by representing themselves as a family unit." | Mr. Johnson provides no foundation for making sweeping statements on the effects of the practice of general release or tactics employed in smuggler trafficking. Fed. R. Evid. 602. Mr. Johnson has not demonstrated that he can be qualified as an expert, such that he can offer opinions as to the overall effect of a practice of general release. Fed. R. Evid. 702.  Mr. Johnson lacks personal knowledge as to the motivations of individuals seeking to come to the United States and can only speculate as to the impetus for their crossing; the same is true as to his lack of knowledge with respect to the motivations and schemes of smugglers. Fed. R. Evid. 602. |
| Paragraph 17:<br><br>"The FRS [ICE Family Residential | Mr. Johnson lacks personal knowledge and provides no foundation for being able to testify |

| | |
|---|---|
| Standards] were developed with input from medical, psychological, and educational experts, as well as civil rights organizations, with the goal of mirroring community standards and ensuring that all residents are treated with dignity and respect." | as to the development of the ICE Family Residential Standards. Fed. R. Evid. 602. Furthermore, the testimony is vague, and if Mr. Johnson is implying that the ICE Family Residential Standards meet those requirements imposed by the Settlement Agreement, then it calls for a legal conclusion and is an improper lay opinion. Fed. R. Evid. 701. |

### DECLARATION OF KEVIN W. OAKS (DKT. 121-1)

| | |
|---|---|
| Paragraph 25:<br><br>"I have learned, based on information and documents available to me in my position, that prior to the increase in family residential facilities for detention by ICE, family units apprehended by Border Patrol, particularly those by Border Patrol in the RGV, claimed that a principal motive for entering the United States was to take advantage of the 'permisos' that the United States was granting to family units." | This statement is based on inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. Mr. Oaks lacks personal knowledge as to the motivations of individuals seeking to come to the United States and can only speculate as to individual impetus for crossing. Fed. R. Evid. 602. Moreover, the information and documents that Mr. Oaks purports to rely on are the best evidence of any perceived motivations for crossing. Fed. R. Evid. 1002.  Any belief as to the availability of 'permisos' is not relevant to the issue of enforcement of the Settlement Agreement or to its modification. Fed. R. Evid. 403. |
| Paragraph 26:<br><br>"Based on information and documents available to me in my position as Sector | This statement is based on inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. Mr. |

| | |
|---|---|
| Chief, I understand that aliens who have been apprehended by RGV Border Patrol Agents since the availability of family unit detention by ICE increased in July 2014 have indicated that they learned from family members, media, and other means that the United States was no longer providing "permisos." Family units apprehended by RGV Border Patrol have indicated that others of whom they are aware in their home countries have chosen not to come to the United States because 'permisos' are no longer being issued." | Oaks lacks personal knowledge as to the motivations of individuals seeking to come to the United States. Fed. R. Evid. 602. Any belief as to the availability of 'permisos' is not relevant to the issue of enforcement of the Settlement Agreement or to its modification. Fed. R. Evid. 403. |
| Paragraph 27:<br><br>"I have also learned that family units who have been apprehended by Border Patrol Agents in the RGV Sector in July 2014 were under the impression that the United States government was only going to issue 'permisos' to individuals prior to some end date of June or July 2013. While this impression was incorrect, it speaks to the understanding of the family units that detention, and the ability to simply depart a Border patrol station, factor strongly into their determination on when and whether to attempt to cross into the United States." | This statement is based on inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. Mr. Oaks lacks personal knowledge as to the motivations of individuals seeking to come to the United States and can only speculate as to individual impetus for crossing. Fed. R. Evid. 602. Mr. Oaks provides no foundation for the assertion that a specific impression can "speak to" and "factor strongly into" the choice to cross the border. Fed. R. Evid. 602. This is an improper lay opinion. Fed. R. Evid. 701. Mr. Oaks is not qualified as an expert, such that he can offer opinions as to the psychology of border crossing. Fed. R. Evid. 702. Any belief as to the availability of 'permisos' is not relevant to the issue of enforcement of the Settlement Agreement or to its modification. Fed. R. Evid. 403. |

1

2   Dated: March 9, 2015                    Respectfully submitted,

3                                           CENTER FOR HUMAN RIGHTS &
4                                           CONSTITUTIONAL LAW
                                            Carlos Holguin
5                                           Peter A. Schey
6                                           Marchela Iahdjian

7                                           ORRICK, HERRINGTON &
8                                           SUTCLIFFE LLP
                                            William A. Molinski
9                                           T. Wayne Harman
10                                          Elena Garcia

11                                          LA RAZA CENTRO LEGAL, INC.
12                                          Michael S. Sorgen

13                                          YOUTH LAW CENTER
14                                          Alice Bussiere
                                            Virginia Corrigan
15
16                                          RANJANA  NATARAJAN

17

18                                          /s/ Carlos Holguín _____
19                                          Carlos Holguín

20                                          *One of the attorneys for plaintiffs*

21

22   / / /

23

24

25

26

27

28