BENJAMIN C. MIZER
Acting Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Tel:  (202) 532-4824
        Fax:  (202) 305-7000
        Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | )  Case No. CV 85-4544 |
| | ) |
| Plaintiffs, | )  **DEFENDANTS' OBJECTIONS TO** |
| | )  **PLAINTIFFS' EVIDENCE IN** |
| v. | )  **SUPPORT OF PLAINTIFFS'** |
| | )  **MOTION TO ENFORCE** |
| ERIC H. HOLDER, JR., Attorney | )  **SETTLEMENT OF CLASS ACTION** |
| General of the United States; *et al.*, | ) |
| | )  Hearing Date:  March 27, 2015 |
| Defendants. | )  Time: 9:30am |
| | )  Dept: Courtroom 7, Los Angeles - Spring |
| | )  Street Courthouse |

1

Given the preliminary nature of these proceedings, it is Defendants' preference that all of the evidence submitted by both sides be examined by the Court, and be considered in reaching a decisions on the respective motions based upon the Court's assessment of each exhibit's probative value and reliability. However, Plaintiffs' objections seek to impose an exacting evidentiary standard upon Defendants by objecting to each and every potential basis for judicial consideration of portions of Defendants' submitted evidence in an attempt to preclude the Court's consideration of said evidence. If such an exacting standard is to be the rule, then Defendants respectfully submit to the Court that a substantial percentage of Plaintiffs' submitted evidence also may be subject to objections based on a lack of foundation or reliability, or other grounds for inadmissibility. It is only in the interest of applying a consistent evidentiary standard to both parties in this case that Defendants lodge the following provisional objections for consideration in the event the Court seeks to consider Plaintiffs' objections to Defendants' evidence. Defendants therefore provisionally object as follows to the exhibits Plaintiffs offer in support of their motion to enforce the class settlement herein.

1. **Exhibit 10, Declaration of Bridget Cambria, November 7, 2014**.

   Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to Immigration and Customs Enforcement ("ICE") policies and procedures and the resulting effects, but has not been qualified

as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 2-6). Fed. R. Evid. 702. Defendants also object on the same basis to the entirety of paragraph 11, and specifically to the conclusions that "the continued detention of . . . class members is causing them irreparable harm[,]" and that "the health of class members is at serious risk." Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 8-11). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

2. **Exhibit 11, Declaration of Carol Anne Donohoe, November 15, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 2-6). Fed. R. Evid. 702. Defendants also object on the same basis to the entirety of paragraph 11, and specifically to the conclusion that "continuing to detain class members . . . is infliction irreparable harm on them." Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 8-11). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

3

3. **Exhibit 17, Declaration of Barbara Hines, January 14, 2014**.

Defendants object to this exhibit to the extent that the declarant seeks to offer expert testimony as to the Department of Homeland Security policies and procedures and their resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor does she provide a foundation for her opinions on these policies and procedures (*see, e.g.,* paragraphs 10-17, 19, 25, 37, 38, 41, 53, 67, 69-76). Fed. R. Evid. 702.  Defendants also object on the same basis to this exhibit to the extent it seeks to provide opinion testimony on alleged harms suffered by individuals at Karnes Family Residential Center and the causes of those alleged harms.  Fed. R. Evid. 702.  The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion.  Fed. R. Evid. 701.  Further, a significant portion of the declarant's testimony regarding her clients and others is inadmissible hearsay (*see, e.g.,* paragraphs 30, 31, 33, 37, 45, 47, 49, 59).  Fed. R. Evid. 802.  Her opinion testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

4. **Exhibit 22, Declaration of Jonathan Hiskey, September 22, 2014.**

Defendants object to this exhibit to the extent that the declarant offers expert testimony interpreting or characterizing the Miller and Lembke declarations, and reached legal conclusions regarding the justification for ICE's detention of any individual (*see, e.g.,* paragraphs 8, 9, 10, 11, 12, 13, 14, 16, 18).  Fed. R. Evid. 702.  The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion.  Fed. R. Evid. 701.

5. **Exhibit 23, Declaration of Carlos Holguin, January 13, 2015**.

Defendants object to this exhibit in its entirety on the grounds that the declarant neglected to execute his declaration.  Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes*

*v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, \*9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985)).

6.   **Exhibit 24, Declaration of Luis H. Zayas, December 10, 2014**.

Defendants object to this exhibit in its entirety on the grounds that the declarant appears to offer expert testimony as to the Department of Homeland Security policies and procedures and the resulting psychological and developmental effects, but has not established the reliability of that testimony under Fed. R. Evid. 702.  As a basis for his opinions, the witness cites to studies regarding "the impact of maternal incarceration or detention on children[,]" Exh. 24, ¶¶ 28-33, but provides no basis to find that the detention addressed by any of those studies was comparable to the short-term open-plan ICE residential facilities at issue here.  This calls into question the reliability of this evidence and his opinion testimony to assist the trier of fact in this case.  Fed. R. Evid. 702, 703.

7.   **Exhibit 25, Declaration of Generva Gilden Berger, January 12, 2015**.

Defendants object to this exhibit in its entirety on the grounds that the declarant appears to offer expert opinion testimony regarding the licensing of ICE family residential centers, but has not established the reliability of that testimony under Fed. R. Evid. 702.  Defendants also object to the entirety of Section 3 of the exhibit to the extent it purports to rely on other testimony and exhibits to which Defendants have objected.  *See* Exh. 25 Section 3.

8.   **Exhibit 28, Declaration of Anne Chandler, December 1, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 4, 6, 15, 16, 22, 29).  Fed. R. Evid. 702.  Defendants also object on the same basis to the witness's conclusions regarding the conditions at the Karnes facility and her conclusion that,

"Based on my experience in representing my client and her daughter, and my conversations with my client, I believe that my client and her daughter are suffering emotional and other harms as a result of being detained at Karnes." Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. Further, declarant's discussions of her clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 11, 12, 22, 23, 29, 30). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

9. **Exhibit 29, Declaration of Allison N. Boyle, November 24, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 5, 7, 16, 17, 18, 31, 39, 40, 41, 46, 47, 54, 55, 56, 64, 66). Fed. R. Evid. 702. Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the Karnes facility and her conclusion s regarding the effects on her clients (*see, e.g.,* paragraphs 46, 47, 61). Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. Further, declarant's discussions of her clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 10, 11, 46, 62, 63). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

10. **Exhibit 30, Declaration of Brittany Perkins, November 28, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 4, 6, 13, 14, 15, 21, 22, 24, 26, 27). Fed. R. Evid. 702.  Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes facilities and her conclusions regarding the effects on her clients (*see, e.g.,* paragraphs 9, 21, 23, 27).  Fed. R. Evid. 702.  The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701.  Further, declarant's discussions of her clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 9, 21, 23).   Fed. R. Evid. 802. This testimony is also excludable on that basis.  *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

11. **Exhibit 31, Declaration of Clayton N. Matheson, November 24, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has he provided sufficient foundation for his conclusions (*see, e.g.,* paragraphs 4, 6, 9, 11, 12, 13, 17, 18, 21).  Fed. R. Evid. 702.  Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the Karnes facilities and his conclusions regarding the effects on his clients (*see, e.g.,* paragraphs 9, 17, 21).  Fed. R. Evid. 702.  The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for him to provide expert testimony as to what he believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. Further, declarant's discussions of his clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 7, 10).  Fed. R. Evid. 802.   This testimony is

also excludable on that basis.  *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

## 12. **Exhibit 32, Declaration of Kate Lincoln-Goldfinch, December 2, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 4, 6, 13, 14, 15, 19, 28, 29, 30, 32, 35, 36).  Fed. R. Evid. 702.   Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes facilities and her conclusions regarding the effects on her clients (*see, e.g.,* paragraphs 9, 19, 24, 32, 33).  Fed. R. Evid. 702.  The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701.  Further, declarant's discussions of her clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 7, 9, 24).   Fed. R. Evid. 802.   This testimony is also excludable on that basis.  *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

## 13. **Exhibit 33, Declaration of Melissa J. Cuadrado, November 26, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 4, 6, 9, 13, 14, 15, 21, 22, 26, 27).  Fed. R. Evid. 702.   Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes

facilities and her conclusions regarding the effects on her clients (*see, e.g.,* paragraphs 9, 21, 22, 23, 24).  Fed. R. Evid. 702.  The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701.  Further, declarant's discussions of her clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 8, 9, 11, 17, 23, 24).   Fed. R. Evid. 802.   This testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

14.  **Exhibit 34, Declaration of Scott T. Williams, December 1, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has he provided sufficient foundation for his conclusions (*see, e.g.,* paragraphs 4, 6, 12, 13, 19, 21, 23).  Fed. R. Evid. 702.   Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the Karnes facilities and his conclusions regarding the effects on his clients (*see, e.g.,* paragraphs 20, 21). Fed. R. Evid. 702.  The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for him to provide expert testimony as to what he believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701.  Further, declarant's discussions of his clients and others are inadmissible hearsay (*see, e.g.,* paragraphs  7, 20).   Fed. R. Evid. 802.   This testimony is also excludable on that basis.  *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

15. **Exhibit 35, Declaration of Virginia Marie Raymond, December 13, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 6, 7, 8). Fed. R. Evid. 701, 702. Further, declarant's discussion of the statement of ICE Officer Bud Ratliff relies on inadmissible hearsay (*see* paragraph 7). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

16. **Exhibit 37, Report of Lutheran Immigration and Refugee Services.**

Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802.

17. **Exhibit 53, Declaration of Lauren Beth Connell, November 26, 2014**.

Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (*see, e.g.,* paragraphs 4, 6, 14, 15, 16, 21, 22, 28, 30, 31). Fed. R. Evid. 702. Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes facilities and her conclusions regarding the effects on her clients (*see, e.g.,* paragraphs 8, 9, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31). Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. Further, declarant's

discussions of her clients and others are inadmissible hearsay (*see, e.g.,* paragraphs 7, 23, 24, 25, 26, 28).  Fed. R. Evid. 802.  This testimony is also excludable on that basis.  *See, e.g., United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

**18. Exhibit 55, U.N. General Assembly Report No. A/HRC/28/58, March 5, 2015.**

Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article.  Fed. R. Evid. 602, 701.  The report is also based on inadmissible hearsay.  Fed. R. Evid. 802.

**19. Exhibit 58, Declaration of Carlos Holguin, March 13, 2015.**

Defendants object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.,* 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985)).

**20. Exhibit 59, Declaration of Alice Bussiere, March 11, 2015.**

Defendants object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.,* 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985)).

**21. Objections to Citations within Plaintiffs' Motion:**

**Page 12, footnote 19 - U.S. Comm'n on Int'l Religious Freedom,** *Assessing the U.S. Government's Detention of Asylum Seekers: Further Attention Needed to Fully Implement Reforms* (**Apr. 2013**): Defendants object to this report on the ground that it lacks sufficient foundation.  Fed. R. Evid. 602.  The report is also based on inadmissible hearsay.  Fed. R. Evid. 802.

**Page 18, footnote 25 – multiple reports:**  Defendants object to these reports on the grounds that they lack sufficient foundation.  Fed. R. Evid. 602.  The reports are also based on inadmissible hearsay.  Fed. R. Evid. 802.

**Page 21, footnote 37 - American Immigration Council,** *No Action Taken: Lack of CBP Accountability in Responding to Complaints of CBP Abuse*, **May 2014**:  Defendants object to this report on the ground that it lacks sufficient foundation.  Fed. R. Evid. 602.  The report is also based on inadmissible hearsay.  Fed. R. Evid. 802.

DATED:      March 24, 2015          Respectfully submitted,


                                    BENJAMIN C. MIZER
                                    Acting Assistant Attorney General
                                    Civil Division

                                    LEON FRESCO
                                    Deputy Assistant Attorney General
                                    Civil Division

                                    WILLIAM PEACHEY
                                    Director, District Court Section
                                    Office of Immigration Litigation

                                    WILLIAM SILVIS
                                    Assistant Director, District Court Section
                                    Office of Immigration Litigation

                                    /s/  Sarah B. Fabian
                                    SARAH B. FABIAN
                                    Trial Attorney
                                    Office of Immigration Litigation
                                    District Court Section
                                    P.O. Box 868, Ben Franklin Station
                                    Washington, D.C. 20044
                                    Tel: (202) 532-4824
                                    Fax: (202) 305-7000
                                    Email: sarah.b.fabian@usdoj.gov

                                    *Attorneys for Defendant*

13

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2015, I served the foregoing on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.


/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants