CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos Holguin (Cal. Bar. No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
Marchela Iahdjian (Cal. Bar No. 295595)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone:   (213) 388-8693
Facsimile:    (213) 386-9484
Email: crholguin@centerforhumanrights.org
          pschey@centerforhumanrights.org
          marchela@centerforhumanrights.org

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinksi@orrick.com
T. WAYNE HARMAN (STATE BAR NO. 254089)
wharman@orrick.com
ELENA GARCIA (STATE BAR NO. 299680)
egarcia@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:   +1-213-629-2020
Facsimile:    +1-213-612-2499

*Attorneys for plaintiffs* (listing continues on following
page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ERIC H. HOLDER, JR., Attorney General;<br>*et al.*,<br><br>Defendants. | Case No. CV 85-4544 DMG<br><br>PLAINTIFFS' RESPONSE TO OBJECTIONS<br>TO EVIDENCE IN SUPPORT OF ITS<br>MOTION TO ENFORCE SETTLEMENT<br><br>Date: April 24, 2015<br>Time: 3:00 p.m.<br>Courtroom 7, Spring Street |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
Jennifer Kelleher Cloyd (STATE BAR NO. 197348)
Katherine H. Manning, (STATE BAR NO. 229233)
PUBLIC INTEREST LAW FIRM
Kyra Kazantzis (STATE BAR NO. 154612)
James Zahradka (STATE BAR NO. 196822)
Annette Kirkham (STATE BAR NO. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:  (408) 280-2437
Email: jenniferk@lawfoundation.org
        kate.manning@lawfoundation.org
        kyrak@lawfoundation.org
        jamesz@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Alice Bussiere (Cal. Bar No. 114680)
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

Ranjana Natarajan (Cal. Bar No. 230149)
UNIVERSITY OF TEXAS SCHOOL OF LAW
Civil Rights Clinic
727 E. Dean Keeton St.
Austin, TX 78705
Telephone: (512) 232-7222
Email: rnatarajan@law.utexas.edu

Plaintiffs respond to Defendants' Objections to Plaintiff' Evidence in Support of Plaintiffs' Motion to Enforce Settlement of Class Action [Dkt. No. 129] as follows:

| Evidence Objected To | OBJECTION(S) | RESPONSE |
|---|---|---|
| **EXHIBIT 10, DECLARATION OF BRIDGET CAMBRIA** | | |
| Entire Declaration of Bridget Cambria | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to Immigration and Customs Enforcement ("ICE") policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believed to be the cause of alleged mental and physical health issues of children. Red. R. Evid. 701. | Ms. Cambria has had extensive experience in observing the implementation of ICE policies and procedures during the course of her representation of individual clients. Ms. Cambria's testimony is factual by nature. The declaration does not purport to offer expert testimony, but instead offers opinion rationally based on personal experience. The foundation for Ms. Cambria's testimony is set forth in, *inter alia*, paragraphs 1, 2, 3, and 6 of her declaration. |
| Paragraphs 2 – 6 | Defendants object to this exhibit on the grounds that the declarant appears to offer | Ms. Cambria has had extensive experience in observing the implementation of ICE policies |

| | | |
|---|---|---|
| | expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702. | and procedures during the course of her representation of individual clients. Ms. Cambria's testimony is factual by nature. The declaration does not purport to offer expert testimony, but instead offers opinion rationally based on personal experience. The foundation for Ms. Cambria's testimony is set forth in, *inter alia*, paragraphs 1, 2, 3, and 6 of her declaration. |
| **EXHIBIT 11, DECLARATION OF CAROL ANNE DONOHOE** | | |
| Entire Declaration of Carol Anne Donohoe | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to the ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believed to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. | Ms. Donohoe has had extensive experience in observing the implementation of ICE policies and procedures during the course of her representation of individual clients. Ms. Donohoe's testimony is factual by nature. The declaration does not purport to offer expert testimony, but instead offers opinion rationally based on personal experience.<br>The foundation for Ms. Donohoe's testimony is set forth in, *inter alia*, paragraphs 1, 2, 3, and 6 of her declaration. |
| Paragraphs 2-6 | Defendants object the declarant's testimony is | Ms. Donohoe has had extensive experience in observing the |

| | | |
|---|---|---|
| | improper expert testimony which lacks foundation. Fed. R. Evid. 702. | implementation of ICE policies and procedures during the course of her representation of individual clients. Ms. Donohoe's testimony is factual by nature. The declaration does not purport to offer expert testimony, but instead offers opinion rationally based on personal experience.<br>The foundation for Ms. Donohoe's testimony is set forth in, *inter alia*, paragraphs 1, 2, 3, and 6 of her declaration. |
| **EXHIBIT 17, DECLARATION OF BARBARA HINES** | | |
| Entire Declaration of Barbara Hines | Defendants object to this exhibit to the extent that the declarant seeks to offer expert testimony as to the Department of Homeland Security ("DHS") policies and procedures and their resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor does she provide a foundation for her opinions on these policies and procedures. Fed. R. Evid. 702.<br><br>The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants also object on the same basis to this exhibit to the extent it seeks to provide opinion testimony on alleged | As experienced attorney with nearly 40 years of experience in the field of immigration law, Ms. Hines is qualified to comment on the trends in, and application of, DHS policies. Ms. Hines is one of the founders and coordinating committee members of the Karnes pro bono project which works to provide legal representation to women and children detained at Karnes. She is uniquely familiar with Karnes both as a function of her position with the pro bono project as a function of her work with the immigration clinic at the University of Texas School of Law in conjunction with Karnes. In her capacity with the Karnes pro bono project, she has gleaned knowledge as to detention and release practices via treatment of the pro bono project's clients. In |

| | |
|---|---|
| harms suffered by individuals at Karnes Family Residential Center and the causes of those alleged harms. Fed. R. Evid. 701. | determining whether an individual is qualified as a witness, the primary issue is whether the witness has sufficient knowledge, skill, or experience in the field so that his or her testimony would be likely to assist the finder of fact in its search for the truth. *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991). A witness can qualify as an expert through practical experience in a particular field, not just through academic training. *Id.* Ms. Hines has personally assisted in representation of non-citizens in the course of removal, bond and asylum proceedings. She has trained others in the field. Her experience is both practical and academic. Defendants' claim that her conclusions – which are based not only on her personal experiences as a practicing attorney, but also on years of observation and study – are speculative, is baseless.  The foundation for Ms. Hines's testimony is set forth in, *inter alia*, ¶¶ 2, 3, 4, 5, 6, 7, and 17. Further, Ms. Hines's conclusions as to the implementation and effects of DHS polices are rationally based on her personal experience in representing individuals impacted by the aforementioned policy implementation. The same applies to Ms. Hines' |

| | | | conclusions as to the harms suffered by individuals at the Karnes Family Residential Center ("Karnes") and the cause of those harms. She has had firsthand experience counseling clients who have been detained at Karnes. |
|---|---|---|---|
| | Paragraph 12 | Defendants object to this exhibit to the extent that the declarant seeks to offer expert testimony as to the Department of Homeland Security ("DHS") policies and procedures and their resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor does she provide a foundation for her opinions on these policies and procedures. Fed. R. Evid. 702. | *See* Response to "Entire Declaration of Barbara Hines," *supra*, which response is incorporated herein by reference. |
| | Paragraph 14 | Defendants object to this exhibit to the extent that the declarant seeks to offer expert testimony as to the Department of Homeland Security ("DHS") policies and procedures and their resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor does she provide a foundation for her opinions on these policies and procedures. Fed. R. Evid. 702. | *See* Response to "Entire Declaration of Barbara Hines," *supra*, which response is incorporated herein by reference. |
| | Paragraph 17 | Defendants object to this exhibit to the extent that the declarant seeks to offer expert testimony as to the Department | *See* Response to "Entire Declaration of Barbara Hines," *supra*, which response is incorporated herein by reference. |

| | | |
|---|---|---|
| | of Homeland Security ("DHS") policies and procedures and their resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor does she provide a foundation for her opinions on these policies and procedures. Fed. R. Evid. 702. | |
| **EXHIBIT 22, DECLARATION OF JONATHAN HISKEY** | | |
| Entire Declaration of Jonathan Hiskey | Defendants object to this exhibit to the extent that the declarant offers expert testimony interpreting or characterizing the Miller and Lembke declarations, and reached conclusions regarding the justification for ICE's detention of any individual. Fed. R. Evid. 702.<br><br>The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. | Defendant Department of Homeland Security submitted the Miller and Lembke declarations in numerous proceedings opposing the release of Central American women and children seeking asylum. Those declarations purport to interpret the 2014 Americas Barometer Report; Professor Hiskey is a co-author of that report. Consequently, he has established the necessary foundation to testify on these matters, and his testimony, which is based on his personal knowledge and the 2014 Americas Barometer Report (which he wrote) and the mischaracterization of that report in the Miller and Lembke declarations, is not speculative. |
| **EXHIBIT 23, DECLARATION OF CARLOS HOLGUIN** | | |
| Entire Declaration of Carlos Holguin | Defendants object to this exhibit on the grounds that declarant neglected to execute his declaration. | The submission of an unexecuted version of the exhibit was inadvertent, and has been cured through the submission of an |

| | | |
|---|---|---|
| | Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. | executed version. Plaintiffs' Exhibit 63, filed concurrently herewith.<br><br>A lawyer for a party is not as such incompetent to testify. *Hotaling v. Hotaling,* 187 Cal. 695, 708-09 (1922). California's version of the advocate-witness rule applies only to jury trials, and not where the attorney is testifying before a judge, as here. *See* Prof. Conduct Rule 5-210. |
| **EXHIBIT 24, DECLARATION OF LUIS H. ZAYAS** | | |
| Entire Declaration of Luis H. Zayas | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to the DHS policies and procedures and the resulting psychological and developmental effects, but has not established the reliability of that testimony under Fed. R. Evid. 702. | As set forth in his declaration, Dr. Zayas has 39 combined years of experience as a licensed social worker and psychologist. He has previously testified as an expert witness in multiple cancellation of removal cases in immigration court. Dr. Zayas has had the opportunity to review relevant documents, observe individuals at Karnes, and conduct an independent evaluation. Given Dr. Zayas' previous experience and extensive training, he is qualified to offer opinions on the psychological and developmental impact of detention on the families he observed at Karnes. |
| **EXHIBIT 25, DECLARATION OF GENERVA GILDEN BERGER** | | |
| Entire Declaration of Generva Gilden Berger | Defendants objects to this exhibit on the grounds that the declarant appears to offer expert testimony regarding the | As set forth in the declaration, Ms. Berger's testimony is supported by over 40 years of experience in child welfare |

| | | |
|---|---|---|
| licensing of ICE family residential centers, but has not established the reliability of that testimony under Fed. R. Evid. 702. | programs, operations, and policies. She is familiar with the licensing scheme associated with ICE family residential centers. She has been deeply involved in child welfare policy making. Ms. Berger is an expert within her field. Any question as to the reliability of her testimony goes to weight, and has no bearing on its admissibility. |
| Section 3; Paragraphs 37- 42 | Defendants also object to Section 3 of the exhibit to the extent it purports to rely on other testimony and exhibits to which defendants have objected. | Ms. Berger's declaration properly draws on her own knowledge, as well as information provided by others, which is the proper basis for an expert opinion. This is true even if defendants' objections to the other testimony and exhibits are sustained (which they should not be), as Ms. Berger can rely on otherwise inadmissible sources, including hearsay. |
| **EXHIBIT 28, DECLARATION OF ANNE CHANDLER** | | |
| Entire Declaration of Anne Chandler | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. FED. R. EVID. 702.<br><br>Defendant also object on the same basis to the witness's | As set forth in the declaration, Ms. Chandler is an experienced immigration attorney who has been involved in both the academic and practical sides of immigration law and is plainly qualified to testify as to ICE's policies. She has "sufficient knowledge, skill and experience in the field so that… her testimony would be likely to assist the jury in its search for the truth." *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991).  She has trained |

| | | |
|---|---|---|
| | conclusion regarding the conditions at Karnes and her conclusion that, "Based on my experience in representing my client and her daughter, and my conversation with my client, I believe that my client and her daughter are suffering emotional and other harms as a result of being detained at Karnes." Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. | others in the field and has for years been involved in the representation of non-citizens in immigration detention in removal proceedings. Both experience in the field and practical representation experience qualify her opinions. The foundation for Ms. Chandler's testimony is set forth in, *inter alia*, ¶¶ 1, 2, 3, 12 and 13.<br><br>In addition, Ms. Chandler's conclusions as to the implementation and effects of ICE polices on her clients are rationally based on her personal experience in the course of legal representation, and thus, the proper basis for lay opinion. She has had firsthand experience with the effect of ICE policies on her clients during the course of their detention at Karnes. There is nothing speculative in testimony that is based on rational perception. |
| **EXHIBIT 29, DECLARATION OF ALLISON N. BOYLE** | | |
| Entire Declaration of Allison N. Boyle | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient | Ms. Boyle does not purport to hold herself out as an expert as to ICE policies, nor does she offer any testimony to that extent. Ms. Boyle's testimony is factual by nature, her declaration presents only an accounting of her personal experience in the course of representation of individuals detained at Karnes |

| | | |
|---|---|---|
| foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at Karnes and her conclusions regarding the effects on her clients. Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. | and impacted by ICE policy therein. Any opinions advanced by Ms. Boyle as to the state of her individual clients are proper lay opinions rationally based on her personal experience while acting as counsel. Fed. R. Evid. 701. Ms. Boyle's testimony is based on personal knowledge, not speculation. | |

### EXHIBIT 30, DECLARATION OF BRITTANY PERKINS

| | | |
|---|---|---|
| Entire Declaration of Brittany Perkins | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at Karnes and her conclusions regarding the effects on her clients. Fed. R. | Ms. Perkins does not purport to hold herself out as an expert as to ICE policies, nor does she offer any testimony to that extent. Ms. Perkin's testimony is factual by nature, her declaration presents only an accounting of her personal experience in the course of representation of individuals detained at Karnes and impacted by ICE policy therein. Any opinions advanced by Ms. Perkins as to the state of her individual clients are proper lay opinions rationally based on her personal experience while acting as counsel. Fed. R. Evid. 701. Ms. Perkins' testimony is based on personal knowledge, |

| | | |
|---|---|---|
| Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. | not speculation. |

**EXHIBIT 31, DECLARATION OF CLAYTON N. MATHESON**

| | | |
|---|---|---|
| Entire Declaration of Clayton N. Matheson | Defendants object to this exhibit on the grounds the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or their effects, nor has he provided sufficient foundation for his conclusions. Fed. R. Evid. 702.<br><br>Defendants object on the same basis to the witness's hearsay testimony regarding the conditions at Karnes and his conclusions regarding the effects on his clients. Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for him to provide expert testimony as to what he believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. | Mr. Matheson does not purport to hold himself out as an expert as to ICE policies, nor does he offer any testimony to that extent. Mr. Matheson's testimony is factual by nature, his declaration presents only an accounting of his personal experience in the course of representation of individuals detained at Karnes and impacted by ICE policy therein. Any opinions advanced by Mr. Matheson as to the state of his individual clients are proper lay opinions rationally based on his personal experience while acting as counsel. Fed. R. Evid. 701. Mr. Matheson's testimony is based on personal knowledge, not speculation. |

| EXHIBIT 32, DECLARATION OF KATE LINCOLN-GOLDFINCH | | |
|---|---|---|
| Entire Declaration of Kate Lincoln-Goldfinch | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. FED. R. EVID. 702.<br><br>The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701. | Ms. Lincoln-Goldfinch does not purport to hold herself out as an expert as to ICE policies, nor does she offer any testimony to that extent. Ms. Lincoln-Goldfinch's testimony is factual by nature, her declaration presents only an accounting of her personal experience in the course of representation of individuals detained at Karnes and impacted by ICE policy therein. Any opinions advanced by Ms. Lincoln-Goldfinch as to the state of her individual clients are proper lay opinions rationally based on her personal experience while acting as counsel. Fed. R. Evid. 701. Ms. Lincoln-Goldfinch's testimony is based on personal knowledge, not speculation. |
| Paragraph 13 | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702. | Ms. Lincoln-Goldfinch's testimony as to DHS' evaluation of her client's case is grounded in her personal experience. Her declaration does not purport to offer any expert testimony. Ms. Lincoln-Goldfinch has personal knowledge of her client's case by virtue of her position as legal counsel. She is qualified to testify as to her client's continued detention at Karnes, of which she has personal knowledge. |

| EXHIBIT 33, DECLARATION OF MELISSA J. CUADRADO | | |
|---|---|---|
| Entire Declaration of Melissa J. Cuadrado | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes and her conclusions regarding the effects on her clients. Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. | Ms. Cuadrado does not purport to hold herself out as an expert as to ICE policies, nor does she offer any testimony to that extent. Ms. Cuadrado's testimony is factual by nature, her declaration presents only an accounting of her personal experience in the course of representation of individuals detained at Karnes and impacted by ICE policy therein. Any opinions advanced by Ms. Cuadrado as to the state of her individual clients are proper lay opinions rationally based on her personal experience while acting as counsel. Fed. R. Evid. 701. Ms. Cuadrado's testimony is based on personal knowledge, not speculation. |
| Paragraph 6 | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert | Ms. Cuadrado's testimony and conclusions as to DHS' handling of her client's case is based on her personal experience as a lay witness. Fed. R. Evid. 701. Her declaration does not purport to offer any expert testimony. |

| | | |
|---|---|---|
| | | regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702. | |
| Paragraph 23 | Defendants also object to this exhibit on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes facilities and her conclusion regarding the effects on her clients. Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper law opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid 701.<br><br>Further, declarant's discussion of her client and other are inadmissible hearsay.  Fed. R. Evid. 802. | Ms. Cuadrado's testimony as to the conditions her client encountered at Karnes and CBP is based on her personal experience. Her declaration does not purport to offer any expert testimony.<br><br>Defendants' hearsay objection is without merit. Ms. Cuadrado's discussions of her client's case are not being offered as evidence of the truth of the matter asserted. Rather, they offered to explain the course of conduct taken by Ms. Cuadrado in the scope of her role as legal counsel. |
| **EXHIBIT 34, DECLARATION OF SCOTT T. WILLIAMS** | | |
| Entire Declaration of Scott T. Williams | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. | Mr. Williams does not purport to hold himself out as an expert as to ICE policies, nor does he offer any expert testimony to that extent. Mr. William's testimony is factual by nature, his declaration presents only an accounting of his personal experience in the course of representation of individuals detained at Karnes and impacted |

| | | |
|---|---|---|
| Fed. R. Evid. 702.<br><br>Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at Karnes and his conclusions regarding the effects on her clients. Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for him to provide expert testimony as to what he believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. | by ICE's policies therein. Any opinions advanced by Mr. Williams as to the state of his individual clients are proper lay opinions rationally based on his personal experience while acting as counsel. Fed. R. Evid. 701. Mr. Williams' testimony is based on personal knowledge, not speculation. | |

| **EXHIBIT 35, DECLARATION OF VIRGINIA MARIE RAYMOND** | | |
|---|---|---|
| Entire Declaration of Virginia Marie Raymond | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702. | Ms. Raymond does not purport to hold herself out as an expert as to ICE policies, nor does she offer any expert testimony to that extent. Ms. Raymond's testimony presents only an accounting of her personal experience in the course of her representation of individuals detained at Karnes and impacted by ICE's policies therein. Any opinions advanced by Ms. Raymond as to the state of her individual clients are proper lay opinions rationally based on her personal experience while acting as counsel. Fed. R. Evid. 701. |
| Paragraph 7 | Further, declarant's discussion of the statement of ICE Officer | Defendants' hearsay objection is without merit. Officer Ratliff's |

| | Bud Ratliff relies on inadmissible hearsay. Fed. R. Evid. 802. | statement is non-hearsay as it is a statement made by an employee of ICE within the scope of his employment. Fed. R. Evid. 801(d)(2)(D). The statement made by Officer Ratliff is not being offered as evidence of the truth of the matter asserted. Rather, it is offered to explain he basis for Ms. Raymond's conclusions as to the implementation of ICE policies. |
|---|---|---|

## EXHIBIT 37, REPORT OF LUTHERAN IMMIGRATION AND REFUGEE SERVICES

| Entire Report of Lutheran Immigration and Refugee Services | Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802. | Defendants' objection that the conclusions contained in the article lack foundation is vague and without merit. The foundation for the report's conclusions is well laid within the article itself.<br><br>Defendants fail to identify specific components of the exhibit they contend proffer inadmissible hearsay. The report does not rely on hearsay, but instead relies on statements within publicly available court documents. |
|---|---|---|

## EXHIBIT 53, DECLARATION OF LAUREN BETH CONNELL

| Entire Declaration of Lauren Beth Connell | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not | Ms. Connell does not purport to hold herself out as an expert as to ICE policies, nor does she offer any expert testimony to that extent. Ms. Connell's testimony presents an accounting of her |
|---|---|---|

| | | |
|---|---|---|
| | been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants also object on the same basis to the witness's hearsay testimony regarding the conditions at the CBP and Karnes and her conclusions regarding the effects on her clients. Fed. R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children.  Fed. R. Evid. 701. | personal experience in the course of her representation of individuals detained at Karnes and impacted by ICE policy therein. Any opinions advanced by Ms. Connell as to the state of her individual clients are proper lay opinions rationally based on her personal experience while acting as counsel. Fed. R. Evid. 701. Ms. Connell's testimony is based on personal knowledge, not speculation. |
| **EXHIBIT 55, U.N. GENERAL ASSEMBLY REPORT NO, A/HRC/28/58** | | |
| Entire U.N. General Assembly Report | Defendants object to this exhibit on the ground that no foundation has been laid for the conclusion contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802. | Defendants' objection that the conclusions contained in the exhibit lack foundation is vague, abusive, and improper. The foundation for its conclusions is well laid within the universe of the exhibit itself.<br><br>Defendants' additional failure to identify specific components of the exhibit objected to on hearsay grounds is improper.<br><br>Further, the exhibit falls within |

| | | the well-established public records exception to the hearsay rule. Fed. R. Evid. 803(8). |
|---|---|---|
| **EXHIBIT 58, DECLARATION OF CARLOS HOLGUIN** | | |
| Entire Declaration of Carlos Holguin | Defendants object to this exhibit because it is prohibited under the advocate-witness rule. | A lawyer for a party is not as such incompetent to testify. *Hotaling v. Hotaling,* 187 Cal. 695, 708-09 (1922). California's version of the advocate-witness rule applies only to jury trials, and not where the attorney is testifying before a judge, as here. *See* Prof. Conduct Rule 5-210.<br><br>Mr. Holguin's declaration relays purely formal information as to the interpretations intended in the Settlement Agreement approved by this Court in *Flores v. Johnson*, No. CV-85-4544 (C.D. Cal.). Mr. Holguin's declaration relays a factual accounting of the terminology discussed prior to settlement. |
| **EXHIBIT 59, DECLARATION OF ALICE BUSSIERE** | | |
| Entire Declaration of Alice Bussiere | Defendants object to this exhibit because it is prohibited under the advocate-witness rule. | A lawyer for a party is not as such incompetent to testify. *Hotaling v. Hotaling,* 187 Cal. 695, 708-09 (1922). California's version of the advocate-witness rule applies only to jury trials, and not where the attorney is testifying before a judge, as here. *See* Prof. Conduct Rule 5-210.<br><br>Ms. Bussiere's declaration relays purely formal and uncontested |

| | | background information as to the interpretations intended in the settlement agreement based on prior legislation. |
|---|---|---|
| **OBJECTIONS TO CITATIONS WITHIN PLAINTIFF'S MOTION** | | |
| Page 12, footnote 19 – U.S. Comm'n on Int'l Religious Freedom, *Assessing the U.S. Government's Detention of Asylum Seekers: Further Attention Needed to Fully Implement Reforms* (Apr. 2013) | Defendants object to this report on the ground that it lacks sufficient foundation. Red. R. Evid. 602. The port is also based on inadmissible hearsay. Fed. R. Evid. 802. | Defendants' foundational objection is improper. The foundation for the report is well laid within the universe of the article itself, which exhaustively details the data upon which it relies, including statistical records. Defendants' hearsay objection is equally unfounded. Aside from the fact that the report falls within the well-recognized public records exception to the rule against hearsay (Fed. R. Evid. 803(8)), the report is a publication from the United States Government and as such is a party admission. Fed. R. Evid. 801. |
| Page 18, footnote 25 – multiple reports | Defendants object to these reports on the grounds that they lack sufficient foundation. Fed. R. Evid. 602. The reports are also based on inadmissible hearsay. Fed. R. Evid. 802. | Defendants' foundational objection is improper. Each report lays out both the data and the argument for its conclusions. Defendants' hearsay objection is meritless. These reports fall within the exception to the rule against hearsay for statements in learned treatises, periodicals, or pamphlets. Fed. R. Evid. 803(18). |
| Page 21, footnote 37 – American Immigration | Defendants object to this report on the ground that it lacks sufficient foundation. Fed. R. Evid. 602. The report is also | Defendants' foundation objection is improper. The foundation for the report is well laid within the universe of the |

| | | |
|---|---|---|
| Council, *No Action Taken: Lack of CBP Accountability in Responding to Complaints of CBP Abuse* (May 2014) | based on inadmissible hearsay. Fed. R. Evid. 802. | report itself.  Defendants' hearsay objection is similarly meritless based on the hearsay exception for statements in learned treatises, periodicals, or pamphlets. Fed. R. Evid. 803(18). |

1

2 Dated: April 17, 2015                          Respectfully submitted,

3                                                CENTER FOR HUMAN RIGHTS &
4                                                CONSTITUTIONAL LAW
5                                                Carlos Holguin
                                                 Peter A. Schey
6                                                Marchela Iahdjian

7                                                ORRICK, HERRINGTON &
8                                                SUTCLIFFE LLP
                                                 William A. Molinski
9                                                T. Wayne Harman
10                                               Elena Garcia

11                                               LA RAZA CENTRO LEGAL, INC.
12                                               Michael S. Sorgen

13                                               YOUTH LAW CENTER
14                                               Alice Bussiere
                                                 Virginia Corrigan
15

16                                               RANJANA  NATARAJAN

17

18                                                _/s/T. Wayne Harman_____
19                                               T. WAYNE HARMAN

20 / / /

21

22

23

24

25

26

27

28

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos Holguín (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
Marchela Iahdjian (Cal. Bar No. 295595)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone:   (213) 388-8693
Facsimile:    (213) 386-9484
Email: crholguin@centerforhumanrights.org
        pschey@centerforhumanrights.org
        marchela@centerforhumanrights.org

WILLIAM A. MOLINSKI (STATE BAR NO. 145186)
wmolinski@orrick.com
T. WAYNE HARMAN (STATE BAR NO. 254089)
wharman@orrick.com
ELENA GARCIA (STATE BAR NO. 299680)
egarcia@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:   +1-213-629-2020
Facsimile:    +1-213-612-2499

Attorneys for Real Parties in Interest
(listing continues on following page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores, *et al.*, | Case No. CV 85-4544-RJK(Px) |
| Plaintiffs, | **Proof of Service** |
| v. | Hearing:   April 24, 2015 |
| Jeh Johnson, Secretary, U.S. Department of Homeland Security, *et al.*, | Time:       3:00 p.m. Courtroom 7, Spring Street |
| Defendants. | |

1    *Plaintiffs' counsel, continued:*

2    LA RAZA CENTRO LEGAL, INC.
     Michael S. Sorgen (Cal. Bar No. 43107)
3    474 Valencia Street, #295
     San Francisco, CA 94103
4    Telephone: (415) 575-3500

5    *Of counsel:*

6    YOUTH LAW CENTER
     Alice Bussiere (Cal. Bar No. 114680)
7    Virginia Corrigan (Cal. Bar No. 292035)
     200 Pine Street, Suite 300
8    San Francisco, CA 94104
     Telephone: (415) 543-3379 x 3903
9
     Ranjana Natarajan (Cal. Bar No. 230149)
10   UNIVERSITY OF TEXAS SCHOOL OF LAW
     Civil Rights Clinic
11   727 E. Dean Keeton St.
     Austin, TX 78705
12   Telephone: (512) 232-7222
     Email: rnatarajan@law.utexas.edu
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1

## PROOF OF SERVICE

2

I, the undersigned, declare and certify as follows:

3

4

I am more than eighteen years old and not a party to this action.   My

5

business address is Orrick, Herrington & Sutcliffe LLP, 777 Figueroa Street, Suite

6

3200, Los Angeles, California 90017.

7

On April 17, 2015, I electronically filed the following document(s):

8

9

- **Plaintiff's Response to Objections to Evidence in Support of its**

10

**Motion to Enforce Settlement**

11

12

with the United States District Court, Central District of California by using the

13

14

CM/ECF system.  Participants in the case who are registered CM/ECF users will be

15

served by the CM/ECF system.

16

17

18

*/s/ Nicole Payne*
Nicole Payne

19

20

21

22

23

24

25

26

27

28

- 1 -