BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **SUPPLEMENTAL EXHIBITS TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT OF CLASS ACTION** |
| v. | |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*, | Hearing Date: April 17, 2015<br>Time: 3:00 pm<br>Dept: Courtroom 7, Los Angeles - Spring Street Courthouse |
| Defendants. | |

Defendants hereby submit the following supplemental exhibit to their Response in Opposition to Plaintiffs' Motion to Enforce Settlement of Class Action.

- **Exhibit J**: *Investigative Summary – GEO Group Incorporated Detention Facility, Karnes City, Texas*, Office of the Inspector General, Jan. 7, 2015 (attached hereto).

DATED: April 22, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2015, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

JAN 0 7 2015

MEMORANDUM TO: The Honorable Jeh C. Johnson
Secretary

FROM: John Roth
Inspector General

SUBJECT: Investigative Summary – GEO Group Incorporated Detention Facility, Karnes City, Texas

The Office of Inspector General (OIG) conducted an investigation into allegations of inappropriate relationships between Detention Officers and female detainees at the Immigration and Customs Enforcement Detention Facility in Karnes City, Texas.[1] Investigative field work was conducted at the facility from September 19, 2014 through November 24, 2014.

We initiated an investigation after counsel for one detainee reported misconduct on the part of Detention Officers at the facility. Specifically, a female detainee reported hearing rumors that several Detention Officers and several female detainees were possibly engaged in inappropriate sexual relationships, which reportedly occurred in a laundry room and restroom during late night or early morning hours. The complaint, who had no firsthand information, reported that:

- A female detainee was being escorted by a male Detention Officer into the laundry room, after hours, under the pretext of washing clothes to engage in sex.

- A female detainee may have been impregnated by a Detention Officer.

[1] The Karnes facility is operated under a contract with GEO Group Incorporated. All Detention Officers at that facility are contract employees.

- Female detainees were receiving preferential treatment in exchange for sex.

- Detention Officers were depositing money into female detainees' commissary accounts in return for sex or preferential treatment.

- One particular Detention Officer rented an apartment in San Antonio, Texas, for a female detainee to use upon her release from the facility.

- Detention Officers retaliated against the complainant by fabricating "write ups" indicating she had violated facility policies. These "write ups" were supposedly to be used against the complaint during her pending immigration proceedings.

- A Supervisory Detention Officer knew of the misconduct and failed to take appropriate action.

OIG agents interviewed 33 witnesses and spent 380 hours investigating the allegations. We found:

- Each of the female detainees identified by the complainant denied they had ever engaged in any form of inappropriate activity, to include sexual acts, with any Detention Officers. They also each denied having been escorted into a laundry room, restroom, or other area to engage in any sexual activity or having received any money, benefits, or preferential treatment in exchange for sex or anything of value.

- The female reportedly impregnated by Detention Officer denied the allegation and voluntarily submitted to a pregnancy test which was negative.

- Review of over 360 hours of time lapsed surveillance video footage of the laundry room and day room areas failed to confirm that any of the detainees were escorted to those areas after hours by Detention Officers.




- Review of the Detention Facility's commissary account records determined that none of the deposits into these accounts were made by Detention Officers.

- Each of the Detention Officers who could have been referenced by the complainant denied the allegations. Specifically, each denied engaging in any misconduct with any female detainee, including any apartment rentals, deposits into commissary accounts, after-hours escorts, having sex or sexual relations with female detainees, impregnating any female detainee, or providing preferential treatment in exchange for sex.

- The responsible Supervisory Detention Officer stated that he was unaware of any inappropriate relationships between Detention Officers and detainees and would have immediately reported such activity.

- Interviews of managerial personnel at the facility disclosed that no female detainees had reported any incidents concerning any form of misconduct against any of the facility's employees.

- Review of the complainant's detention records revealed one written reprimand, which would not have an adverse impact on her immigration proceedings.

- Detainee interviews revealed that that the complainant and other female detainees had a hostile relationship before the complaints were made. This relationship was based upon the complainant's children's interactions with other children within the facility, which the other female detainees attributed to the complaint's lack of parental supervision.

Conclusions:

- We found no evidence to substantiate the allegations and were unable to identify a victim or suspect in this matter.

- Review of video footage revealed that two female Detention Officers were engaged in a romantic relationship with each other and had engaged in inappropriate physical contact in the laundry room area while on duty. When presented with this information, Federal and State prosecutors concluded that no violation of Federal or State statute had occurred. Both employees voluntarily resigned from their positions after being interviewed.

- A report of our investigative findings was provided to ICE and DHS Civil Rights and Civil Liberties (CRCL) officials before a scheduled CRCL inspection of the facility.

- ICE complied with the Prison Rape Elimination Act reporting requirements.

cc: The Honorable Sarah R. Saldaña
Director, U.S. Immigration and Customs Enforcement