UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

R. I. L-R, *et al.*,

Plaintiffs,

v.

JEH CHARLES JOHNSON, *et al.*,

Defendants.

Civil Action No. 15-11 (JEB)

## ORDER

On June 22, 2015, the Court held a status conference with counsel for the parties. At that conference, the Court raised the possibility of administratively closing this case in light of the May 13, 2015, policy announcement by U.S. Immigration and Customs Enforcement that it would no longer invoke general deterrence as a factor in custody decisions involving families. The parties subsequently conferred and submitted a joint proposal for moving forward. Based on agreement of the parties, the Court hereby ORDERS that:

1. The February 20, 2015, preliminary injunction and associated orders are DISSOLVED, except the portions of such orders and opinions granting Plaintiffs' Motion for Provisional Class Certification;

2. The case is ADMINISTRATIVELY CLOSED, subject to the following conditions:

    a. Should the Department of Homeland Security and ICE decide to consider deterrence of future immigration as a factor in such custody determinations involving provisional class members, or to detain provisional class members for the purpose of deterring future

1

immigration to the United States, Defendants will file a notice with the Court at least ten (10) days prior to making any such change to its policy.

b. Within five (5) days of Defendants' filing of such notification with the Court, if Plaintiffs wish to reinstate the preliminary-injunction order previously entered in this case, Plaintiffs must file a motion with the Court so requesting. While any such motion is pending before the District Court, DHS and ICE will adhere to the policy announced on May 13, 2015, with respect to custody determinations for provisional class members, and will delay implementation of any change to that policy with respect to provisional class members until the District Court rules on the motion.

c. Within ten (10) days of Plaintiffs' filing of such a motion, Defendants shall file an opposition. Defendants shall bear the burden of showing why the preliminary injunction should not be reinstated either as a matter of fact, law, and/or lack of jurisdiction, subject to the same standard that would have governed Defendants' motion for reconsideration of the preliminary injunction (ECF No. 37).

d. Plaintiffs shall file their reply, if any, within five (5) days of Defendants' filing of their opposition.

e. The briefing on the motion to reinstate the preliminary injunction may incorporate by reference the briefing filed earlier in this case, subject to any supplemental information or arguments the parties wish to present.

f.  Upon completion of briefing, the Court will issue its ruling on Plaintiffs' motion to reinstate the preliminary injunction. Either party may request an expedited ruling on the motion, and the Court will endeavor to rule on the motion on an expedited basis.

g.  The parties reserve the right to appeal, pursuant to 28 U.S.C. § 1292(a)(1), from an order granting or denying a motion to reinstate the preliminary injunction.

h.  If a scenario arises in which Defendants have not filed a notice with the Court but Plaintiffs acquire a good-faith basis to conclude that DHS and ICE: a) are detaining provisional class members for the purpose of deterring future immigration to the United States, or b) are using deterrence of future immigration as a factor in custody determinations of provisional class members, Plaintiffs shall notify Defendants of their concerns, and shall give Defendants ten (10) days to try to resolve those concerns. If those concerns cannot be resolved within ten (10) days, or if Plaintiffs earlier conclude after meeting and conferring with Defendants in good faith that further discussion is futile or the situation presents an emergency for provisional class members, Plaintiffs may file a motion with the Court requesting that the preliminary injunction be reinstated, the case be re-opened, and/or other relief be ordered. Such a motion shall include the basis of Plaintiffs' good faith belief regarding Defendants' actions. The same briefing schedule set forth in Paragraphs 3 and 4 shall then apply.

    i. Either party may move to administratively reopen the case upon meeting the following conditions: a) the party seeking reopening has provided the opposing party with ten (10) days' notice of their intent to reopen the case; b) the party seeking reopening has met and conferred in good faith with the opposing party regarding their reason(s) for seeking reopening; and c) the party seeking reopening certifies in good faith that the parties are unable to amicably resolve the issue(s) prompting the motion to reopen the case. Upon the filing of a motion to reopen by either party, the Court will endeavor to promptly schedule a status conference to determine the appropriate next steps in the case.

**IT IS SO ORDERED.**

                                                    /s/ James E. Boasberg
                                                  JAMES E. BOASBERG
                                                  United States District Judge

Date: June 29, 2015