CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos Holguín (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
Marchela Iahdjian (Cal. Bar No. 295595)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.org
   pschey@centerforhumanrights.org
   marchela@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
T. Wayne Harman (Cal. Bar No. 254089)
wharman@orrick.com
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> - vs - <br><br> JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Case No. CV 85-4544 DMG (AGRx) <br><br> ORDER ENFORCING SETTLEMENT OF CLASS ACTION <br><br> [PROPOSED] <br><br> Hearing: N/A |

*Plaintiffs' co-counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
James Zahradka (Cal. Bar No. 196822)
Annette Kirkham (Cal. Bar No. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:    (408) 288-8850
Email: jenniferk@lawfoundation.org
          kate.manning@lawfoundation.org
          kyrak@lawfoundation.org
          jamesz@lawfoundation.org
          annettek@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Alice Bussiere (Cal. Bar No. 114680)
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

This matter came on regularly for hearing on April 24, 2015, on plaintiffs' Motion to Enforce Settlement of Class Action (Dkt. # 100) seeking an Order requiring defendants to comply with the stipulated settlement agreement filed herein on January 17, 1997, and approved by this Court on January 28, 1997 ("Settlement"),[1] and defendants' Motion to Amend Settlement Agreement (Dkt. # 120). The Court has jurisdiction over the parties' motions pursuant to ¶ 37 of the Settlement and the Court's order of January 28, 1997, approving the Settlement pursuant to Rule 23(e), Fed.R.Civ.Proc., hereinafter "Settlement."

Having considered the arguments and evidence submitted in support of and in opposition to plaintiffs' and defendants' respective motions, for good cause shown, IT IS HEREBY ORDERED that defendants are enjoined as follows:

1. Defendants shall treat in a non-discriminatory manner all minors in their custody apprehended with an accompanying parent or who presented themselves to Defendants with an accompanying parent as class members defined in the Settlement ¶ 10. [*See* Tentative Ruling at II.B.1.a p. 4-6]

2. As required by the Settlement ¶ 18, upon taking an accompanied class member into custody, Defendants shall make and record prompt and continuous efforts toward family reunification and the release of the minor pursuant to the Settlement ¶ 14. [*See* Tentative Ruling II.B.1 p. 3]

---

[1] *See* Plaintiffs' First Set of Exhibits in Support of Motion to Enforce Settlement, Exh. 1.

3. Unless otherwise required by the Settlement, Defendants shall comply with the Settlement ¶ 14(a) by releasing class members without unnecessary delay in first order of preference to a parent, including a parent subject to release who presented her or himself or was apprehended by Defendants accompanied by a class member. Class members not released pursuant to the Settlement ¶ 14 will be processed in accordance with the Settlement including, as applicable, ¶¶ 6, 9, 21, 22, and 23. [*See* Tentative Ruling II.B.1.b pp. 7-10]

4. Accompanied class members shall not be detained by Defendants in unlicensed and secure detention facilities that do not meet the requirements of the Settlement ¶¶ 6, or in appropriate cases, as set forth in the Settlement, in facilities that do not meet the requirements of ¶¶ 12A, 21 and 23. [*See* Tentative Ruling II.B.2 pp. 10-14]. Defendants shall not selectively apply the "influx" provision of ¶ 12C of the Settlement to house class members apprehended with a parent in facilities that do not comply with the Settlement.

5. To comply with the Settlement ¶ 14A and as contemplated in ¶ 15, a class member's accompanying parent shall be released with the class member in a non-discriminatory manner in accordance with applicable laws and regulations unless after an individualized custody determination the parent is determined to pose a significant flight risk, or a threat to others or the national security, and the flight risk or threat cannot be mitigated by an appropriate bond or conditions of release. [See Tentative Ruling at II.B.1.b pp. 7-8] In making individualized custody

determinations, Defendants (1) will not consider "deterrence" of others seeking to enter the country in the future without inspection, (2) will take into account class members' interest in being released into the custody of a parent, and (3) will take into account the parent's ability to post a reasonable bond. [*See* Tentative Ruling II.B.2 pp. 7-10]

6. In consultation with Plaintiffs, Defendants shall propose standards, and procedures for monitoring compliance with such standards, for detaining class members in facilities that are safe and sanitary, consistent with concern for the particular vulnerability of minors, and consistent with the Settlement ¶ 12, including access to adequate drinking water and food, toilets and sinks, medical assistance, temperature control, ventilation, adequate supervision to protect minors from others, and contact with family members who were arrested with the minor. [*See* Tentative Ruling II.B.3 pp. 14-17]. Defendants shall file such proposed standards within 60 days of the date of this Order; plaintiffs shall file objections thereto, if any, 14 days thereafter.

7. Pending further Order of the Court, to insure future compliance with the Settlement and this Order, defendants shall monitor compliance with the Settlement and this Order and shall provide Class Counsel on a monthly basis statistical information collected pursuant to the Settlement at ¶ 28A and information regarding:

(a) Bonds set and conditions imposed to mitigate flight risk or danger for accompanied class members not released pursuant to the Settlement within 72 hours

and their accompanying parents, and the average bond set for other adults (not accompanpied by children) detained by Defendants during the reporting period.

(b) The number of accompanied class members and separately the number of accompanying parents: detained on the first day of the month, apprehended and detained during the month, released during the month, and remaining in custody at the end of the month. For accompanied class members, Defendants shall also record and report each month on the number: released from custody *with* an accompanying adult, released from custody *without* an accompanying adult, released to relatives or friends or licensed group homes, released to ORR, detained for more than two weeks, if any (with class members' names, ICE "A" numbers, reason for and location of detention), and the number detained for more than 30 days, if any (with class members' names, ICE "A" numbers, and reason for and location of detention). Class members names and "A" numbers will be used by Class Counsel solely for purposes of their representation of class members and will not be made public.

Dated: _____, 2015.    _____
                                                        United States District Judge

Presented by —

/s/_____
Carlos Holguín and Peter Schey
Class Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On July 22, 2015, I electronically filed the following document(s):

- **Order Enforcing Settlement of Class Action [PROPOSED]**

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/__*Peter Schey*_____
*Attorney for Plaintiffs*