IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JENNY LISETTE FLORES; *et al.*, ) Case No. CV 85-4544-DMG
)
    Plaintiffs, )
)
    v. )
)
LORETTA E. LYNCH, Attorney )
General of the United States; *et al.*, )
)
    Defendants. )
_____)

## DECLARATION OF JOHN L. LAFFERTY

I, John L. Lafferty, hereby make the following declaration with respect to the above captioned matter:

1. I am Chief of the Asylum Division in U.S. Citizenship and Immigration Services (USCIS), in the U.S. Department of Homeland Security (DHS).

2. I make this declaration based on my personal knowledge and my review of official documents and records maintained by USCIS. If called to testify, I could and would do so competently.

3. In my capacity as Chief of the Asylum Division, I oversee the division within USCIS generally responsible for adjudicating asylum and certain other claims and conducting screenings required by law. Specifically, the USCIS Asylum Division is responsible for: (a) adjudication of applications for asylum pursuant to section 208 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1158; (b) the screening determination of whether particular individuals subject to

expedited removal have a "credible fear" of persecution or torture upon return to their countries of origin pursuant to 8 U.S.C. § 1225(b)(2)(B) and the regulations at 8 C.F.R. § 208.30; (c) the screening determination of whether particular individuals subject to "reinstatement of removal" or "administrative removal" have a "reasonable fear" of persecution or torture pursuant to the regulations at 8 C.F.R. § 208.31; and (d) the adjudication of applications for relief under section 203 of the Nicaraguan Adjustment and Central American Relief Act, enacted as title 2 of Pub. L. No. 105-100, 111 Stat. 2160, 2193 (1997) (as amended by Technical Corrections to the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-139, 111 Stat. 2644 (1997)). The "credible fear" and "reasonable fear" screening determinations described in (b) and (c) above are intended to ensure compliance in "streamlined" removal proceedings (*i.e.*, expedited removal, reinstatement of removal, and administrative removal) with U.S. treaty obligations under the 1951 Convention Relating to the Status of Refugees and the Convention Against Torture.

4. The Asylum Division is presently composed of a cadre of approximately 340 Asylum Officers, who receive extensive training on U.S. and international refugee law and principles required under 8 C.F.R § 208.1(b), in addition to the basic immigration law training that all USCIS adjudicators receive. Asylum Officers receive extensive training on children's issues, including the unique considerations involved in interviewing children, as well as training on sensitivity toward victims of torture or other trauma. The Asylum Division uses this single pool of Asylum Officers to adjudicate each of the four types of caseloads described above in paragraph 3.

### Credible and Reasonable Fear Screenings

5. The Asylum Division is responsible for processing certain individuals, including those in

the family residential centers described below, who are referred by ICE for a credible fear or reasonable fear screening.

6. Credible fear screening is intended to identify individuals in the expedited removal process under 8 U.S.C. § 1225(b) who may be eligible for certain types of relief or protection from removal. Congress established the expedited removal process in 1996 to streamline the removal of aliens apprehended at or near the border without authorization to enter the United States. 8 U.S.C. § 1225. Congress contemporaneously included the credible fear process within the expedited removal process to ensure compliance with certain U.S. treaty obligations. 8 U.S.C. § 1225(b)(1). The Foreign Affairs Reform and Restructuring Act of 1998 further directed agencies to ensure compliance with the Convention Against Torture, which resulted in certain additions to the credible fear regulations and the reasonable fear regulations applicable to cases involving reinstatement of removal and administrative removal. Since 1998, the credible fear process has been intended to identify individuals in expedited removal with claims for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), or withholding of removal or deferral of removal under the Convention Against Torture under 8 C.F.R. §§ 208.16(c) or 208.17.

7. When DHS personnel at either U.S. Customs and Border Protection (CBP) or U.S. Immigration and Customs Enforcement (ICE) encounter an individual subject to expedited removal, but who expresses a fear of return to his or her country, the case must be referred to the Asylum Division for a credible fear screening. If, after the interview, the Asylum Officer determines that the individual has a credible fear of persecution or torture, the Asylum Officer vacates the expedited removal order under 8 U.S.C. § 1125(b) by issuing a Notice to Appear (NTA). Doing so initiates standard removal proceedings under 8 U.S.C. § 1229a before an

immigration judge, who is within the Department of Justice's Executive Office of Immigration Review (EOIR). In such removal proceedings, the individual may apply for a variety of forms of relief or protection, including asylum, withholding of removal, and Convention Against Torture protection. If the Asylum Officer makes a negative credible fear determination after supervisory review, the individual remains subject to expedited removal. However, under 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. § 208.30(g), the individual is entitled to request review by an immigration judge of the Asylum Officer's negative credible fear determination before the expedited removal order can be effectuated.

8. Historically, only a relatively small number of individuals placed in expedited removal proceedings expressed a fear of return. However, that number has risen significantly over time. From FY 2006 through FY 2009, the annual number of individuals in expedited removal who expressed a fear of return was approximately 5,250 per year. From FY 2010 through FY 2014, the annual number of individuals placed in expedited removal who expressed a fear of return – and hence were subsequently referred to the Asylum Division for a credible fear determination – rose from 8,959 in FY 2010; to 11,217 in FY 2011; 13,880 in FY 2012; 36,035 in FY 2013; 51,001 in FY 2014; and 31,569 in FY 2015 to date. This amounts to an 850% increase in credible fear referrals from FY 2009 to FY 2014. With respect to individuals residing in ICE's family residential centers, the number of credible fear referrals for such individuals rose from 51 in FY 2013; to 1,508 in FY 2014; to 5,538 through July 31 of FY 2015. In July 2015, 86.9% of credible fear referrals in the family residential centers received a positive determination from an asylum officer.

9. In contrast to the credible fear screening process, the reasonable fear process is intended

to screen individuals who have prior removal orders reinstated under 8 U.S.C. § 1231(a)(5).[1]

10. When individuals with reinstated or final administrative removal orders assert a fear of returning to their country of removal, they are referred to the Asylum Division for a reasonable fear screening to determine whether they may be entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) or withholding of removal or deferral of removal under the Convention Against Torture, pursuant to 8 C.F.R. §§ 208.16(c) or 208.17. If the Asylum Officer determines that the individual has a reasonable fear of persecution or torture, after supervisory review the Asylum Officer refers the individual to an immigration judge for withholding and/or deferral of removal proceedings. If the Asylum Officer, after supervisory review, makes a negative reasonable fear determination, the individual may request review of that determination by an immigration judge. 8 C.F.R. § 208.31(g).

11. DHS regulations require that the Asylum Division conduct a reasonable fear determination within 10 days of referral, absent exceptional circumstances. 8 C.F.R. § 208.31(b). Similar to the experience in the credible fear determination process, there has also been a significant increase in the number of individuals annually referred to the Asylum Division for a reasonable fear interview and determination, rising from only several hundred referrals a year prior to FY 2009 to 9,084 referrals in FY 2014. From FY 2013 to July 31 of FY 2015, the number of reasonable fear referrals for individuals in family residential centers rose from 17 in FY 2013; to 85 in FY 2014; to 203 through July 31 of FY 2015.

12. In both credible fear and reasonable fear processing, once the Asylum Officer completes the interview, he or she prepares a decision and seeks review by a Supervisory Asylum Officer. Supervisory review is generally completed within 24 hours. A random sample of cases is also

---

[1] The reasonable fear process also screens individuals with a final administrative removal order under 8 U.S.C. § 1225(b) who express a fear of return to their country of removal.

forwarded to Asylum Headquarters (HQ) in Washington, D.C., for quality assurance purposes. HQ review is generally completed within 24 hours. Thereafter, the individual, and any attorney or accredited representative, is served with the decision.

13. The time it takes for USCIS to process an individual case once it has been referred by ICE depends on many factors, including the volume of referrals submitted to USCIS, the number of asylum officers available, whether a rare language is involved, whether the individual requests additional time to confer with counsel, and other factors. USCIS does not charge fees to make credible or reasonable fear determinations or to adjudicate asylum applications, nor does the agency receive appropriations to fund such activity. The cost of conducting these screenings and adjudicating asylum applications is covered by fees paid by other applicants for immigration benefits, and the agency is required to carefully calibrate the allocation of staff and resources to process such cases under a reasonable timeframe.

## Credible and Reasonable Fear Screenings of Families

14. The Asylum Division sends officers to conduct credible fear and reasonable fear screenings at three family processing centers: the South Texas Family Residential Facility at Dilley, TX (South Texas facility); the Karnes County Residential Center, TX (Karnes facility); and the Berks Family Residential Center in PA (Berks facility). The Asylum Division currently deploys 10-15 officers to the South Texas facility and 2-6 officers to the Karnes facility on a continual, full-time basis. Depending on the caseload, the Asylum Division currently deploys as many as 4 officers at a time to the Berks facility.

15. The Asylum Division's involvement in the expedited removal, reinstatement of removal, and administrative removal processes begins with the referral of a case from ICE that requires a credible fear or reasonable fear determination. The Asylum Program has a long-standing policy

of allowing a minimum of 48 hours to transpire between the arrival of an alien at a detention site and any credible fear interview. This 48-hour period provides an alien an opportunity to rest, collect his or her thoughts, and contact a relative, representative, attorney, or friend to be present at the interview, as appropriate.

16. The process is slightly different for cases involving families in detention. At the Karnes and South Texas facilities, Asylum Division personnel generally conduct an orientation regarding the credible/reasonable fear screening process for the referred individuals within one day of referral from ICE. Although an orientation on the fear screening process is generally conducted with the individual prior to referring them to the Asylum Division for a screening interview, by March 2015 the Asylum Division added the additional post-referral orientation at both Texas facilities in response to concerns raised by the advocacy community that additional information was needed for individuals to fully understand the credible fear and reasonable fear processes.

17. At the Karnes and South Texas facilities, an Asylum Officer will conduct an interview at least 72 hours after this USCIS orientation. The 72-hour delay is designed to allow individuals an opportunity to prepare for the interview and obtain counsel if desired. The delay was extended at these facilities from the previous 48-hour period in response to requests from the advocacy community. At the interview, the Asylum Officer will confirm whether the individual has counsel or a consultant, whether the individual would like more time to seek counsel, or whether he or she would like to proceed with the interview. Many individuals at the family residential centers request an opportunity to consult with counsel, so additional time is generally granted.

18. For cases at the Berks facility, an Asylum Officer generally conducts a credible fear or

7

reasonable fear interview within four to five days of the referral to USCIS. At the beginning of that interview, the Asylum Officer will ask if the individual has received the M-444 (Information About Credible Fear Interview) or the M-488 (Information About Reasonable Fear Interview). If the answer is in the affirmative, the Asylum Officer will conduct the interview. If the answer is in the negative, the officer will explain the credible fear or reasonable fear process at that time. If, following this orientation, the individual asks for more time to prepare or to seek counsel or a consultant, the request will generally be granted.

19. Each applicant for admission to the United States is considered to have made his or her own application for admission independently. Therefore, each applicant for admission subject to expedited removal who has been referred for a credible fear interview has the right to have his or her credible fear claim considered independently. The regulations do provide, however, that a spouse or child of an alien may be included in another alien's credible fear determination if such spouse or child arrived in the United States concurrently with the principal alien and desires to be included in the principal alien's determination. 8 C.F.R. § 208.30(b). Consequently, though many children residing in family residential centers are included as part of their parent's credible fear claim, USCIS also directly interviews children – particularly those who are older – if they wish to pursue their own claim or the parent is unable to establish a credible fear of persecution or torture.

20. The Asylum Division has a longstanding practice of applying a child-friendly approach to interviewing children. This approach is guided by the principle of the "best interest of the child," as presented in international guidance such as the Universal Declaration of Human Rights, the Convention on the Rights of the Child, and United Nations High Commissioner for Refugees Policies and Guidelines. In keeping with the best interests of the child, Asylum Division

guidance provides that it is usually appropriate for a trusted adult to attend an asylum interview with the minor applicant in order to establish the interview conditions most likely to elicit a full story. USCIS recognizes that a child's age and other vulnerabilities can make testifying difficult, particularly when discussing traumatic events. Asylum Officers allow the adult to provide clarification where appropriate, but also ensure that children able to speak for themselves are given an opportunity to present their claim in their own words.

### Challenges in Credible and Reasonable Fear Processing for Families

21. As noted above, over the past six years, there has been a tremendous increase in the actual number of individuals referred for credible and reasonable fear screenings. In FY 2015 to date, DHS has so far received over 31,569 credible fear referrals and 5,632 reasonable fear referrals.

22. The caseload increase notwithstanding, the goal of the USCIS Asylum Division is to complete all credible fear cases within a reasonable period of time. For credible fear cases screened from October 2014 through June 2015, the Asylum Division has completed more than 90% of the cases in 14 calendar days or less. Recently, DHS has entered into a settlement agreement in a class action lawsuit filed in the U.S. District Court for the Northern District of California currently pending approval by the District Court judge under which USCIS agrees to complete all detained reasonable fear cases within a national average of 10 business days (and no single case within longer than 20 business days).[2]

---

[2] *Alfaro Garcia, et al. v. Johnson, et al.*, 14 CV 01775 (YGR) (N.D. Cal.). That case is a class action seeking to enforce the regulatory time limits for reasonable fear determinations at 8 C.F.R. § 208.31(b) (providing that "in the absence of exceptional circumstances, this determination will be conducted within 10 days of the referral"). Under the pending settlement agreement, USCIS has agreed to achieve a national average of 10 business days for completing reasonable fear determinations for detained individuals, with no single reasonable fear determination taking more than 20 business days. USCIS has agreed to meet that completion timeframe by November 2, 2015, or 30 days after the District Court approves the settlement and enters a final judgment, whichever is later. By agreement, the reasonable fear determination period is tolled if the individual requests to postpone the reasonable

23. Credible fear and reasonable fear interviews and determinations at the family residential facilities may be delayed beyond the normal or targeted processing times for a number of reasons outside the control of USCIS officials, including:

- mental or physical health issues of the applicants;
- general health emergencies at the facility (for example, a chicken pox outbreak);
- an individual's request to delay an interview to obtain representation or supporting evidence;
- an attorney requesting time to prepare;
- interpreter issues, including the unavailability of rare language interpreters; and
- anomalies in the referral documents that must be resolved before interview.

### DHS Efforts To Streamline Screening

24. In order to achieve the above goals in screening timelines, the Asylum Division has instituted a number of procedures to accelerate and streamline the credible fear and reasonable fear screening processes. Examples of such efficiencies include:

- streamlining decision preparation through the implementation of credible fear and reasonable fear checklists;
- changing the requirements for Asylum Division headquarters review of credible fear and reasonable fear determinations (while maintaining quality assurance by requiring supervisory officer review of all cases); and
- no longer requiring sworn statements to be taken in all reasonable fear screenings.

---

fear interview, if an attorney requests to postpone the interview, if an individual refuses to participate in the interview, or if the individual refuses to accept service of the reasonable fear determination. Furthermore, the reasonable fear determination period may also be tolled for exceptional circumstances, as prescribed by 8 C.F.R § 208.31(b).

25. In light of the above-noted challenges in credible fear and reasonable fear processing, and the efforts that USCIS has already taken to streamline its screening processes, I believe that USCIS is currently processing individuals in credible and reasonable fear cases in a reasonable period with appropriate timeframes for procedural safeguards. If the Court's order goes into effect, and if it is understood to require the release of individuals in a period of time substantially shorter than an average of approximately 20 days, the Asylum Division would be forced to review and consider making adjustments to its procedures, especially as they relate to supervisory and quality assurance review, to orientation and time for the applicant to prepare, to seek counsel, or for counsel to participate in the interview, in an attempt to complete the screening processes in the shorter timeframe. But notwithstanding such efforts, it is expected that the Asylum Division would be unable to conduct credible fear and reasonable fear screenings for this population in a satisfactory manner under such a shortened time frame.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: **AUG - 6 2015**

JOHN L. LAFFERTY