BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | **ORDER IMPLEMENTING REMEDIES PURSUANT TO THE COURT'S JULY 24, 2015 ORDER** |
| Defendants. | [PROPOSED] |

**WHEREAS**, on July 24, 2015, the Court issued an Order finding that the U.S. Department of Homeland Security ("DHS") breached the Flores Settlement Agreement ("Agreement") with regard to certain provisions; and

WHEREAS, the Court issued an order to show cause why certain remedies should not be implemented within 90-days; and,

WHEREAS, having considered the submissions and arguments of the parties, the Court hereby finds:[1]

1. Consistent with paragraphs 9[2] and 41[3] of the Agreement, the detention of accompanied children in DHS custody is subject to the Agreement and the applicable provisions of the Immigration and Nationality Act ("INA").  The Agreement does not preclude DHS from placing families into expedited removal pursuant to 8 U.S.C. § 1225(b) or into the reinstatement process pursuant to 8 U.S.C. § 1231(a)(5) nor does it preclude DHS from detaining families together in ICE Family Residential Centers pursuant to these statutes until such family units

---

[1] Defendants submit this proposed order as an alternative remedy only in response to the Court's finding that they are in breach of the *Flores* Settlement Agreement.  Defendants continue to assert and preserve all arguments that the Agreement does not govern the detention of adults, families, or accompanied children apprehended or encountered by Defendants; that adults, families, and accompanied children are not "class members" under the Agreement; and that Defendants have not breached the Agreement.

[2] Paragraph 9 of the Agreement states the parties' clear intent to supersede previous INS policies governing the detention, release, and treatment of minors in the custody of INS but does not state an intent to supersede or otherwise nullify the operation or application of either the existing mandatory detention, expedited removal, or reinstatement statute in cases involving minors.

[3] Paragraph 41 of the Agreement states that, in signing the Agreement, the parties knew "of nothing in this Agreement that exceeds the legal authority of the parties or is in violation of any law."

establish either a credible or reasonable fear of persecution or torture or are removed.

2. Consistent with Paragraphs 9, 14, and 41 of the Agreement, at the earliest moment that the family becomes eligible for discretionary release from detention under 8 U.S.C. § 1226(a), or is detained under 8 U.S.C. § 1231 and receives a positive finding of reasonable fear, Defendants shall release the family without unnecessary delay in accordance with the following considerations:

   a. Families who are determined to have a credible fear or reasonable fear by DHS will be released under this provision as expeditiously as possible (in light of necessary screenings and assessments that reflect legitimate government interests) and in any case within an average of 20 days from the day that such families arrive in ICE custody.

   b. The following time will not count against the time within which release must occur:

      (i) Any time in ICE custody before the families have expressed a fear of persecution or torture if returned to their country of origin.

      (ii) The time between a negative credible fear or reasonable fear determination by DHS and a finding of credible fear or reasonable fear by the EOIR.

      (iii) Time requested by the family or counsel to adjourn or delay the credible fear or reasonable fear interview or service of the determination by DHS.

      (iv) Any time where exceptional circumstances, such as natural disasters or medical emergencies, preclude conducting credible or reasonable fear interviews.

   c. In determining whether to release, Defendants shall determine whether any family member poses an unreasonable risk of flight, a danger to themselves or to others, or a threat to national security.

    d. In assessing whether release of accompanied children and their accompanying parents would pose an unreasonable risk of flight, Defendants shall, if applicable, consider as a highly favorable discretionary factor the provision of a verifiable fixed address where an accompanied child and his or her accompanying parent would reside upon release. *See* ECF No. 177, p. 9 at n.5.

    e. Defendants shall consider whether a monetary bond, electronic (GPS) monitoring, or other conditions of release would adequately mitigate risk of flight. Bonds should be set at a reasonable level, taking into account the accompanying parents' or applicable sponsors' ability to pay.

3. Consistent with Paragraph 14 of the Agreement, if Defendants determine that there are no conditions under which release is appropriate, or if a family does not meet the conditions of release set by Defendants or by EOIR, the family may remain in an ICE Family Residential Center. Consistent with their May 13, 2015 announcement [Doc. # 153-1], Defendants will proactively review the cases of accompanied children and accompanying parents who are not released within the timeframes prescribed above once detention reaches 90 days in duration, and every 60 days thereafter, to ensure that their detention or any previously set bond amount or other conditions of release continues to be appropriate while families await conclusion of their immigration proceedings.

4. Consistent with Paragraphs 9, 14, and 41 of the Agreement, in the event an accompanied child or his or her accompanying parent is determined not to have a credible fear or reasonable fear or otherwise becomes subject to a final order of removal, they may be detained in an ICE Family Residential Center pending removal, subject to limitations on detention that may exist, such as those under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). They may also be considered for release in Defendants' discretion in cases where ICE has discretionary release authority.

5. Recognizing the principle of family unity, in cases where only an accompanied child (but not the accompanying parent) is determined to have a credible or reasonable fear or is otherwise placed in removal proceedings under 8 U.S.C. § 1229a, the accompanied child may, in

Defendants' discretion, remain with the accompanying parent if the parent so requests until the accompanying parent's release or removal. If Defendants determine that the accompanying parent will not be released, Defendants will consider the preferences of the accompanying parent and, in the case of a child aged 14 years or older, the preference of such child.

6. When an accompanied child is released from custody without his or her accompanying parent, Defendants will consult with the Department of Health and Human Services' Office of Refugee Resettlement (ORR) and assess whether the child should be transferred to ORR custody in accordance with the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. No. 110-457, § 235, 112 Stat. 5044, 5074-5082 (codified in principal part at 8 U.S.C. § 1232).[4]

7. All ICE Family Residential Centers shall meet or exceed the standards set forth in Exhibit 1 to the Agreement. The parties shall meet and confer regarding oversight and reporting to ensure compliance with this provision and shall file a proposal for such oversight and reporting within 60 days of the date of this Order.

8. Consistent with Paragraph 12 of the Agreement, accompanied children and their accompanying parents or legal guardians (also referred to herein as "families") who come into the custody of U.S. Customs and Border Protection (CBP) will be transferred to U.S. Immigration and Customs Enforcement (ICE) as expeditiously as possible.

9. The Court's Order with regard to CBP facilities is hereby vacated, and the parties are ordered to meet and confer within 21 days, and to file with the Court within an additional 28 days, a proposed scheduling order including dates for discovery, dispositive motions and, if necessary, an evidentiary hearing.

---

[4] While the Court recognizes the importance of family unity and fully expects Defendants to consider family unity in exercising their discretion, the Court acknowledges that situations could arise where an accompanying parent may be separated from an accompanying child in light of a determination that the parent poses a danger to others and/or becomes subject to criminal proceedings.

10. In consultation with Plaintiffs, Defendants shall propose within 30 days of the date of this order, the parameters of periodic statistical reporting to demonstrate compliance with this order.

11. Unless otherwise specifically stated herein, this Order and its obligations   shall be implemented by the Parties on or before October 22, 2015.

**IT IS SO ORDERED.**

DATED: _____, 2015        _____
                                     Dolly M. Gee
                                     United States District Judge