CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.org
       pschey@centerforhumanrights.org
       marchela@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
T. Wayne Harman (Cal. Bar No. 254089)
wharman@orrick.com
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>        Plaintiffs,<br>- vs -<br><br>LORETTA E. LYNCH, Attorney General of the United States, *et al.*,<br><br>        Defendants. | Case No. CV 85-4544 DMG (AGRx)<br><br>[PROPOSED] ORDER RE COMPLIANCE WITH SETTLEMENT<br><br>Date:   June 17, 2016.<br>Time:   9:30 a.m.<br>Dept:   Courtroom 7<br>[HON. DOLLY M. GEE] |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
Annette Kirkham (Cal. Bar No. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:  (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
       kate.manning@lawfoundation.org
       kyrak@lawfoundation.org
       jamesz@lawfoundation.org
       annettek@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Alice Bussiere (Cal. Bar No. 114680)
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

The original complaint in this action was filed on July 11, 1985. [Doc. # 1.] On January 28, 1997, the Court approved a class-wide settlement of this action pursuant to Fed. R. Civ. P. 23. (See Plaintiffs' First Set of Exhibits in Support of Motion to Enforce Settlement ("Ps' First Set"), Exh. 1 ("Settlement").)

Plaintiffs filed a motion to enforce the Settlement on February 2, 2015.1 [Doc. # 100.] Defendants filed an opposition to Plaintiffs' motion. [Doc. # 121.] On February 27, 2015, Defendants filed a motion to amend the Settlement. [Doc. # 120.] On March 6, 2015, Plaintiffs filed an opposition. [Doc. # 122.] A hearing on the motions was held on April 24, 2015.

On July 24, 2015, this Court issued its Order Re Plaintiffs' Motion To Enforce Settlement Of Class Action And Defendants' Motion To Amend Settlement ("Order of July 24, 2015"). [Doc. # 177.] After further briefing, on August 21, 2015, this Court issued its Order Re Response To Order To Show Cause ("Order of August 21, 2015"). [Doc. # 189.]

In its Order of August 21, 2105, the Court ordered Defendants to implement the following remedies by October 23, 2015:

> 1. Defendants, upon taking an accompanied class member into custody, shall make and record prompt and continuous efforts toward family reunification and the release of the minor pursuant to Paragraph 14 of the Settlement.
>
> 2. Unless otherwise required by the Settlement or the law, Defendants shall comply with Paragraph 14A of the Settlement by releasing class members

without unnecessary … Class members not released pursuant to Paragraph 14 of the Settlement will be processed in accordance with the Settlement, including, as applicable, Paragraphs 6, 9, 21, 22, and 23.

3. Subject to Paragraph 12A of the Settlement, accompanied class members shall not be detained by Defendants in unlicensed or secure facilities that do not meet the requirements of Paragraph 6 of the Settlement or, in appropriate cases, as set forth in the Settlement, in facilities that do not meet the requirements of Paragraphs 12A, 21, and 23 …

4. … [A] class member's accompanying parent shall be released with the class member in accordance with applicable laws and regulations unless the parent is subject to mandatory detention under applicable law or after an individualized custody determination the parent is determined to pose a significant flight risk, or a threat to others or the national security …

5. As contemplated in Paragraph 28A of the Settlement, Defendants or their Regional Juvenile Coordinator shall monitor compliance with their acknowledged standards and procedures for detaining class members in facilities that are safe and sanitary … including access to adequate drinking water and food, toilets and sinks, medical assistance if the minor is in need of emergency services, temperature control, ventilation, adequate supervision to protect minors from others, and contact with family members

  who were arrested with the minor. In the alternative, the parties may stipulate to the appointment of a special monitor for this purpose.

  6. Defendants shall monitor compliance with the Settlement and this Order and shall provide Class Counsel on a monthly basis statistical information collected pursuant to Paragraph 28A of the Settlement.

August 21, 2015 Order at 14-15 [Doc./ #189.]

  The Court also again found that Customs and Border Protection ("CBP") stations were not complying but "must comply with the Settlement and Defendants' own acknowledged standards and procedures." *Id*. at 13. In its July 24, 2015 Order, the Court found that conditions in CBP stations for Class Member children were "widespread and deplorable." Order of July 24, 2015 at 18. [Doc. # 177.]

  On _____, 2016, Plaintiffs filed a motion again seeking to enforce compliance with the Settlement and also seeking appointment of a Special Monitor. On _____, 2016, Defendants' filed an opposition. [Doc. #\_\_.] On _____, 2016, Plaintiffs filed a reply to Defendants' opposition. [Doc. #\_\_\_.].

  Having duly considered the respective positions of the parties as presented in their briefs [if applicable: and at oral argument held on _____, 2016], the Court now renders its decision. Plaintiffs' motion for appointment of a Special Monitor is addressed in a separate Order. [Doc. #\_\_\_.]

  1. This Court retains subject matter jurisdiction to make the requested further Orders because (1) each issue currently under consideration by the Ninth Circuit would

"remain[ ] unchanged" by the Proposed Orders, and (2) the Proposed Orders will "protect plaintiffs' rights in direct response to defendants' repeated and willful non-compliance with [the Court's] earlier orders." *Armstrong v. Brown*, 732 F.3d 955, 959 fn. 6 (9th Cir. 2013), *cert denied*, 134 S. Ct. 2725 (2014) (affirming the district court's authority to issue modified orders requiring near immediate action by California state prison officials pending appeal of its judgment, which determined the rights of disabled prisoners and obligations of state officials).

2. This Court has already ruled that "[t]he plain language of the Settlement clearly encompasses accompanied minors." Order of July 24, 2015, at 4. [Doc. # 177.] *See also* Order of August 21, 2015 at 7 [Doc. #189] ("The consent decree's language clearly and unambiguously applies to accompanied minors .")

3. The evidence establishes that Class Members in custody since October 23, 2015, have continued to experience deplorable conditions in CBP facilities. *Inter alia*, Class Member children have been provided inadequate food, forced to sleep on cold concrete floors with no blankets or mats or mattresses, bright lights are kept on all night, cells are severely overcrowding making even sleeping on the floor difficult, there are no washing facilities such as soap and towels, drinking water is dirty and detainees must share cups, no toiletries are allowed or provided, no change of clothing is provided when class members' cloths are wet, and room temperatures are extremely cold. These conditions are inconsistent with Paragraph

4. The evidence establishes that upon taking accompanied Class Members into custody since October 23, 2015, Defendants have not made and recorded prompt and continuous efforts toward family reunification and the release of Class Member minors pursuant to Paragraph 14A of the Settlement.

5. The evidence establishes that since October 23, 2015, Defendants have not as expeditiously as possible placed Class Members not released under Paragraph 14A in non-secure licensed facilities under Paragraph 19 of the Settlement.

6. The evidence establishes that since October 23, 2015, Defendants have not processed Class Members not released under Paragraph 14A or placed under Paragraph 19 in accordance with the Settlement, including, as applicable, Paragraphs 6, 9 and 21-23.

7. The evidence establishes that since October 23, 2015, Defendants have continued to detain Class Members in unlicensed or secure facilities that do not meet the requirements of Paragraph 6 of the Settlement or, in appropriate cases as set forth in the Settlement, in facilities that meet the requirements of Paragraphs 12A, 21, and 23. Pursuant to Paragraph 19 of the Settlement, if a Class Member is not promptly released under Paragraph 14, then the minor shall be "temporarily" placed in a licensed program until "release can be effected in accordance with Paragraph 14 …" Under

Paragraph 6 licensed programs "shall be non-secure" as required under state law. *Id.*[1] Defendants concede they are not holding Class Members in licensed "non-secure" facilities.

8. Paragraph 12A of the Settlement provides that "Whenever the INS takes a minor into custody, it shall expeditiously process the minor and shall provide the minor with a notice of rights, including the right to a bond redetermination hearing if applicable." The evidence establishes that Defendants have not provided Class Members with such notices.

9. The evidence establishes that Defendants have not brought Class Members before Immigration Judges for review of their custody status in appropriate cases as required by Paragraph 12A of the Settlement.

10. Paragraph 12A of the Settlement provides "If there is no one to whom the INS may release the minor pursuant to Paragraph 14, and no appropriate licensed program is immediately available for placement pursuant to Paragraph 19, the minor may be placed in an INS detention facility, or other INS-contracted facility, *having separate accommodations for minors …*" (Emphasis added). Defendants concede they have not held Class Members in facilities having separate accommodations for minors.

---

[1] The Settlement also defines the exceptional circumstances in which class members may be held in "secure" facilities. *See, e.g.* Paragraph 21 (class member charged with a crime); Paragraph 22 (escape risks).

11. Paragraph 24D of the Settlement provides that "[t]he [defendants] shall promptly provide each minor not released with (a) INS Form 1-770, (b) an explanation of the right of judicial review as set out in Exhibit 6, and (c) the list of free legal services available in the district pursuant to INS regulations (unless previously given to the minor)." The Settlement also makes clear that "[i]n order to permit judicial review of Defendants' placement decisions as provided in this Settlement, Defendants shall provide minors not placed in licensed programs with a notice of the reasons for housing the minor in a detention or medium. security facility." Settlement ¶24C. The evidence shows that Defendants have not provided Class Members with the notices required by Paragraphs 24C and 24D.

12. Paragraph 12C of the Settlement provides "In preparation for an 'emergency' or 'influx,' as described in Subparagraph B, the [Defendants] shall have a written plan that describes the reasonable efforts that it will take to place all minors as expeditiously as possible. This plan shall include the identification of 80 beds that are potentially available for … placements … The [defendants] shall update this listing of additional beds on a quarterly basis and provide Plaintiffs' counsel with a copy of this listing." Defendants concede that such plans have not been provided to Plaintiffs' counsel.

12. Defendants have not established that since October 2015 their Regional Juvenile Coordinator has monitored compliance with the Settlement or Defendants'

acknowledged standards and procedures for detaining Class Members in facilities that are safe and sanitary.

Based on the foregoing, the Court finds that Defendants are in material breach of the Settlement and GRANTS Plaintiffs' motion to enforce the Settlement.

The Court orders Defendants to implement the following remedies within thirty (30) days of the date of this Order unless a different time period is specified below:

1. As required by Paragraph 18 of the Settlement, Defendants, including CBP and ICE officials, upon taking an accompanied class member into custody, shall make and record prompt and continuous individualized efforts toward family reunification and the release of the minor pursuant to Paragraph 14 of the Settlement. These efforts will include contacting a parent or other relatives or adults identified in Paragraph 14A-D and F, determining whether placement with such individuals is appropriate, and if not to make and record prompt efforts to place the Class Member in a licensed program as required by Paragraph 14E.

2. Defendants shall comply with and accurately record their compliance with Paragraph 24C of the Settlement requiring that minors not placed in licensed programs be provided with a notice of the reasons for housing the minor in a detention or medium security facility and Paragraph 24D of the Settlement which requires that Defendants promptly provide each minor not released with (a) INS Form 1-770, (b) an explanation of the right of judicial review as set out

in Exhibit 6, and (c) the list of free legal services available in the district pursuant to INS regulations (unless previously given to the minor).

3. Unless otherwise required by the Settlement, Defendants shall comply with Paragraph 14A of the Settlement by releasing class members as expeditiously as possible and without unnecessary delay in first order of preference to a parent, including a parent who either was apprehended with a class member or presented herself or himself with a class member. As required by Paragraph 12A3, Class Members not released pursuant to Paragraph 14 shall be placed pursuant to Paragraph 19 as expeditiously as possible in a non-secure licensed program unless the Settlement precludes such placement based on Paragraphs 12 or 21. In *individualized* circumstances a *de minimis* extension of the five-day requirement to place Class Members under Paragraph 14A will not necessarily result in a breach of the Settlement. Defendants shall record the individualized circumstances that give rise to a delay in releasing or placing an accompanied Class Member pursuant to Paragraphs 14A and 19. Beyond a *de minimis* period caused by *individualized* circumstances, Defendants may *not* extend Class Members' detention for reasons not set forth in Paragraphs 21 (chargeable or convicted of certain crimes) or 22 (escape risks) of the Settlement.

4. Accompanied Class Members shall not be detained by Defendants in unlicensed or secure facilities in violation of Paragraph 6 of the Settlement, or in

appropriate cases, as set forth in the Settlement, in facilities that do not meet the requirements of Paragraphs 12A, 21, and 23. Defendants shall not selectively apply the "influx" provision of Paragraph 12C of the Settlement to house class members apprehended with a parent in facilities that do not comply with the Settlement.

5. To comply with Paragraph 14A of the Settlement and as contemplated in Paragraph 15, a class member's accompanying parent shall be released with the class member in a non-discriminatory manner in accordance with applicable laws and regulations unless after an individualized custody determination the parent is determined to pose a significant flight risk, or a threat to others or the national security, and the flight risk or threat cannot be mitigated by an appropriate bond or conditions of release.

6. Commencing immediately pursuant to Paragraph 12A of the Settlement whenever the Defendants take a minor into custody, they shall expeditiously process the minor and shall provide the minor with a notice of rights, including the right to a bond redetermination hearing if applicable.

7. Within 60 days of this Order Defendants and Plaintiffs shall file a joint statement proposing standards, and procedures for monitoring compliance with such standards, for detaining Class Members in facilities that are safe and sanitary, consistent with concern for the particular vulnerability of minors, and consistent with Paragraph 12 of the Settlement, including access to adequate drinking water and food, toilets and sinks, medical assistance if the minor is in need of emergency services,

temperature control, ventilation, adequate supervision to protect minors from others, and contact with family members who were arrested with the minor.

8. Defendants shall not transfer Class Members to another facility without advance notice to the Class Member's counsel of record as required by Paragraph 27 of the Settlement.

9. Defendants shall monitor compliance with the Settlement and this Order and shall continue to provide Class Counsel on a monthly basis statistical information collected pursuant to Paragraph 28A of the Settlement.

IT IS SO ORDERED.

Dated: _____, 2016.        _____
                                            Dolly M. Gee
                                            United States District Judge

Presented by —

/s/_____
Peter A. Schey
Class Counsel for Plaintiffs

/ / /

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On May 19, 2016, I electronically filed the following document(s):

[PROPOSED] ORDER RE COMPLIANCE WITH SETTLEMENT with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/*Peter Schey*
*Attorney for Plaintiffs*