CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.org
          pschey@centerforhumanrights.org
          marchela@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
T. Wayne Harman (Cal. Bar No. 254089)
wharman@orrick.com
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | Case No. CV 85-4544 DMG (AGRx) |
| Plaintiffs, | |
| - vs - | [PROPOSED] ORDER APPOINTING A SPECIAL MONITOR |
| LORETTA E. LYNCH, Attorney General of the United States, *et al.*, | Date:    June 17, 2016. Time:   9:30 a.m. |
| Defendants. | Dept:   Courtroom 7 [HON. DOLLY M. GEE] |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
Annette Kirkham (Cal. Bar No. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
        kate.manning@lawfoundation.org
        kyrak@lawfoundation.org
        annettek@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Alice Bussiere (Cal. Bar No. 114680)
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

The original complaint in this action was filed on July 11, 1985. [Doc. # 1.] On January 28, 1997, the Court approved a class-wide settlement of this action pursuant to Fed. R. Civ. P. 23. (See Plaintiffs' First Set of Exhibits in Support of Motion to Enforce Settlement ("Ps' First Set"), Exh. 1 ("Agreement").)

Plaintiffs filed a motion to enforce the Agreement on February 2, 2015.1 [Doc. # 100.] Defendants filed an opposition to Plaintiffs' motion. [Doc. # 121.] On February 27, 2015, Defendants filed a motion to amend the Agreement. [Doc. # 120.] On March 6, 2015, Plaintiffs filed an opposition. [Doc. # 122.] A hearing on the motions was held on April 24, 2015.

On July 24, 2015, this Court issued its Order Re Plaintiffs' Motion To Enforce Settlement Of Class Action and Defendants' Motion To Amend Settlement Agreement. [Doc. # 177.] After further briefing, on August 21, 2015, this Court issued its Order Re Response To Order To Show Cause. [Doc. # 189.]

The Court ordered Defendants to implement the following remedies by October 23, 2015:

1. Defendants, upon taking an accompanied class member into custody, shall make and record prompt and continuous efforts toward family reunification and the release of the minor pursuant to Paragraph 14 of the Agreement.

2. Unless otherwise required by the Agreement or the law, Defendants shall comply with Paragraph 14A of the Agreement by releasing class members without unnecessary … Class members not released pursuant to Paragraph 14 of the

Agreement will be processed in accordance with the Agreement, including, as applicable, Paragraphs 6, 9, 21, 22, and 23.

3. Subject to Paragraph 12A of the Agreement, accompanied class members shall not be detained by Defendants in unlicensed or secure facilities that do not meet the requirements of Paragraph 6 of the Settlement or, in appropriate cases, as set forth in the Agreement, in facilities that do not meet the requirements of Paragraphs 12A, 21, and 23…

4. … [A] class member's accompanying parent shall be released with the class member in accordance with applicable laws and regulations unless the parent is subject to mandatory detention under applicable law or after an individualized custody determination the parent is determined to pose a significant flight risk, or a threat to others or the national security …

5. As contemplated in Paragraph 28A of the Agreement, Defendants or their Regional Juvenile Coordinator shall monitor compliance with their acknowledged standards and procedures for detaining class members in facilities that are safe and sanitary … including access to adequate drinking water and food, toilets and sinks, medical assistance if the minor is in need of emergency services, temperature control, ventilation, adequate supervision to protect minors from others, and contact with family members who were arrested with the minor. In the alternative, the parties may stipulate to the appointment of a special monitor for this purpose.

6. Defendants shall monitor compliance with the Agreement and this Order and shall provide Class Counsel on a monthly basis statistical information collected pursuant to Paragraph 28A of the Agreement.

August 21, 2015 Order at 14-15 (emphasis added) [Doc./ #189.]

On _____, 2016, Plaintiffs filed a motion seeking appointment of a Special Monitor and a further Order requiring Defendants to comply with the Settlement and with this Court's Orders of July and August 2015. [Doc. # ___.] On _____, 2016, Defendants' filed an opposition. [Doc. #___.] On _____, 2016, Plaintiffs filed a reply to Defendants' opposition. [Doc. #____.].

Having duly considered the respective positions of the parties as presented in their briefs [if applicable: and at oral argument held on _____, 2016], the Court now renders its decision.

Because of the complexities of the Settlement, the history of non-compliance with its terms, and because of the importance of Defendants' compliance with the Settlement and this Court's Orders, the Court finds that the appointment of a Monitor to ensure compliance with the Settlement for at least 24 months (the "Monitor") is necessary pursuant to Fed. R. Civ. P. 53 and this Court's inherent powers to enforce its Orders.

A.    <u>THE MONITOR</u>

<u>Appointment of Monitor</u>. The Court hereby appoints _____ as the Monitor.

Authority of the Monitor. The Monitor shall have the authority to monitor compliance with the Settlement and this Court's Orders [Doc. ## 177, 189 and ___ [if a further Order issued]] (collectively, "Compliance Documents"). While the Monitor shall have broad discretion regarding how to exercise her authority, her responsibilities shall be limited to monitoring compliance with the Compliance Documents and shall be subject to oversight by the Court.  The Monitor shall have the authority to gather information and documentation in furtherance of the monitoring function, as identified herein. The Monitor shall have the duties, powers and responsibilities detailed in this Order; provided that if to accomplish her monitoring duties the Monitor must undertake necessary measures not specifically referred to herein or seek modifications to this Order due to unforeseen circumstances, the Monitor is authorized to do so, as long as she has informed the Court of the nature of, and need for, such measures or modifications, and received the Court's written approval. Should the Monitor determine that such measures or modifications are necessary, the Parties shall receive notice and an opportunity to comment (or to submit a stipulation and proposed Order) before the Court approves such measures.

Term and Extensions. The Court appoints the Monitor for a term of 24 months ("Initial Term") commencing 30 days from the date of this Order ("the Effective Date").  The Initial Term may be extended ("Extended Term")[1] if, at least three weeks before the expiration of the Initial Term, Plaintiffs file with the Court a Notice

---

[1] The Initial Term, together with any Extended Terms, shall collectively be referred to as "the Term."

requesting an extension of the Monitor's term for an additional term based on specific and ongoing concerns regarding Defendants' compliance with the Compliance Documents. The Notice shall identify an appropriate extension of time in order to ensure that the goals of the monitoring are met.[2] Defendants shall have the right to respond to any such Notice within 10 days after the Notice's filing before the Court rules on the request for an extension. Plaintiffs may apply for additional extensions under the same standard by filing a Notice requesting an extension no later than three weeks before the end of any Extended Term. Absent a showing of serious, specific, and ongoing concerns by Plaintiffs, the presumptive end of the Term shall be no later than 36 months after the Effective Date.

Limitation on the Monitor's Powers. The Monitor may not issue any orders or impose any sanctions, but may recommend to this Court various orders, including any contempt sanction. The Monitor shall have no authority to intervene in or direct Defendants' activities.

Diligence of Monitor. The Monitor is directed to proceed with all reasonable diligence to carry out the duties assigned by the Court.

Ex Parte Communications. The Monitor shall be permitted to engage in ex parte communications under the following circumstances:

---

[2] The goals of the monitoring include ensuring Defendants' ongoing compliance with the Compliance Documents, and that such compliance will continue without the presence of a Monitor.

The Court. The Monitor shall be permitted to confer ex parte with the Court regarding any issue arising under or relating to this Order. All such communications shall be privileged and shall not be subject to discovery.

The Parties.  The Monitor shall be allowed to engage in ex parte communications with the Parties' counsel who has been designated as the "primary contact," relating to Defendants' compliance with the Compliance Documents. Prior to the Effective Date, each side shall designate its primary contact and notify the Monitor of that person's contact information.

Class Members or their Qualified Representatives.[3]  The Parties shall meet and confer with the Monitor regarding a Detention Facility Notice which shall be disseminated to all detention centers where Class Members may be detained and which will include contact information not only for Plaintiffs' Class Counsel, but also for the Monitor in the event a Class Member or his or her Qualified Representative wishes to report a problem with compliance with the Compliance Documents.

Notice of Ex Parte Communications. For all ex parte communications of a substantive nature during the applicable Reporting Period (as defined *infra* in note 4), except those with the Court, the Monitor shall provide a list of the parties involved and the date of the ex parte communication in the Monitor's reports to the Court.

THE MONITOR'S ACCESS TO INFORMATION

---

[3] Class Members for purposes of this Order include all minors in federal custody for immigration matters who were accompanied by a relative identified in Paragraph 14 of the Settlement at the time of their apprehension by DHS.

<u>Class Member Information</u>.  The Monitor's authority to gather information and documentation in furtherance of the monitoring function includes the following non-exhaustive methods of obtaining information regarding Class Members:

<u>Interviews</u>. The Monitor may from time to time interview: (i) any individuals responsible for implementing the Compliance Documents, including individuals processing Class Members, individuals who are or who should be making efforts aimed at the prompt release of Class Members from detention, individuals providing or who should be providing Class Members with notices of their rights under the Settlement, individuals assessing or who should be assessing the appropriateness of custodians for Class Members, individuals making or who should be making decisions regarding the release of Class Members, and individuals making or who should be making decisions about the allocation of resources that may impact on the length of detention of Class Members; (ii) any individuals acting in any supervisory capacity over individuals implementing the Compliance Documents, including individuals responsible for training or supervising Immigration Judges[4], ICE officers, or detention facility officials; (iii) any Qualified Representative; (iv) any Class Member or Class Member's parent (provided that the Class Member, or her or his parent, or her or his Qualified Representative or attorney, does not object to such an interview). Absent an Order from this Court, the Monitor shall not be permitted to initiate ex parte

---

[4] Because the Assistant Chief Immigration Judges (ACIJs) who conduct training of other Immigration Judges also hear individual cases, such interviews shall be limited to the ACIJ's role in training Immigration Judges regarding the Compliance Documents.

communications with Immigration Judges; however, nothing in this Order shall preclude an Immigration Judge from exercising his or her right to contact the Monitor regarding Defendants' compliance with the Compliance Documents. Defendants shall provide the Monitor points of contact from the Immigration and Customs Enforcement (ICE), US Citizenship and Immigration Service (CIS), Customs and Border Protection (CPB), and the Executive Office of Immigration Review who are involved in implementing the Compliance Documents. The Monitor may from time to time confer with those points of contact. If requested, Defendants shall provide suitable facilities and arrangements for the conduct of such interviews under conditions satisfactory to the Monitor. The Monitor may, at her discretion, invite the Parties' primary contacts to attend such interviews.

Requests for Documents. From time to time, the Monitor may serve requests for any non-privileged information or document, or class of documents, created, received or maintained by Defendants that is directly relevant to a determination of compliance with the Compliance Documents. The Monitor must provide Defendants with a Notice reasonably describing the documents sought and the reason for such request, and shall make reasonable efforts to ensure that the requests are in accordance with Fed. R. Civ. P. 26(b).  Any such Notice shall be filed on the docket. The Monitor shall consider the burden such requests for information or documentation will cause Defendants. Defendants shall provide the documents sought unless the documents are not relevant to any issue arising from their implementation of the Compliance Documents. Any dispute regarding such a request shall be addressed to this Court. Plaintiffs shall have a

right to participate in any proceedings regarding disputed requests for documents. Any dispute between the Parties shall be presented to this Court [alternative: to this Court's assigned Magistrate Judge] in a joint stipulation in conformity with Local Rule 37 and this Court's prior orders.

The following documents shall be provided to the Monitor and Class Counsel:

Class Member IJ Hearings. Advance notice of hearings before Immigration Judges to determine the custody status of Class Members. The Monitor may attend any such hearings with or without advance notice to Defendants, except that the Monitor may not attend if an affected Class Member, or his or her parent, or his or her Qualified Representative or attorney of record objects to the Monitor's attendance.

Training by Defendants. Defendants shall provide the Monitor and Class Counsel with the categories of individuals trained to implement the Compliance Documents, including the individuals' titles and duty locations, the dates of trainings, and all final training materials bearing upon implementation of the Compliance Documents. The dates and locations of trainings shall be provided to the Monitor and Class Counsel at least ten (10) days prior to the training dates and the Monitor and Class Counsel may attend any such trainings.

Class Members Statistics. Until the expiration of the Term,[5] Defendants shall provide to the Monitor and Class Counsel, in the form of a searchable electronic file (such as an Excel), the following database information for all Class Members:

a. Identifying information and detention history: (i) Full name, (ii) Alien #, (iii) date of birth, (iv) country of birth, (v) name and alien # of accompanying relative, (vi) date of apprehension, (vii) date transferred to an ICE detention facility and name of facility, (viii) the date and location of any transfers to other detention facilities, (ix) date of release, (x) whether released alone or with an accompanying relative, (xi) name, relationship and address of any adults to whom the Class Member was released, (xii) if not released pursuant to Paragraph 14, the date placed in a non-secure licensed facility under Paragraph 19 and the name and location of the facility, (xiii) if not released under Paragraph 14 or placed pursuant to Paragraph 19 within five days of apprehension, the reason why not released under Paragraph 14 or placed under Paragraph 19, (xiv) if not released under Paragraph 14 or placed pursuant to Paragraph 19, the name and location of the facility where detained, length of time at that facility

---

[5] The Initial Term will end four (4) months after the end of the Fourth Reporting Period. The Monitor's Fourth Report will be due two (2) weeks before the end of the Initial Term. To ensure that the Monitor is able to assess Defendants' compliance with the Implementation Documents during the final four months of the Initial Term, by no later than eight (8) weeks before the end of the Initial Term, Defendants shall provide the Monitor with supplemental data for the period of time between the end of the Fourth Reporting Period and the deadline for the Fourth Report ("Data Supplement"), including but not limited to Class Member Statistics for the first month between the end of the Fourth Reporting Period and the end of the Initial Term.

and reason why detained at that facility, (xv) whether the Class Member is detained with unrelated adults at any facility identified in response to (xiv) above.

b. Information regarding CBP detention: (i) Number of hours spent in a CBP facility following arrest, (ii) size of CBP cells were detained and largest number of detainees held in the cell while the Class Member was detained in the cell, (iii) content and number of meals and drinks provided to the Class Member while in CBP custody, (iv) whether the Class Member was provided soap and towels while in CBP custody, (v) temperature recordings taken while the Class Member was detained, (vi) whether the Class Member was provided a blanket and mat or mattress to sleep on if held overnight in a CBP facility, (vii) whether the Class Member was provided a notice of her or his rights as required by the Agreement (unless provided pursuant to subparagraph (h) below).

c. Continuous efforts at release pursuant to Paragraph 14 of the Settlement:  (i) The dates and nature of efforts made and recorded by CBP or ICE agents aimed at release of the Class Member pursuant to Paragraph 14 of the Settlement, (ii) identities of relatives, friends or licensed group homes contacted for release or placement of the Class Member under Paragraph 14, (iii) the results of efforts aimed at release of the Class Member pursuant to Paragraph 14 of the Settlement.

d. Continuous efforts at placement pursuant to Paragraph 19 of the Settlement: (i) The dates of efforts made and recorded aimed at placement of the Class Member pursuant to Paragraph 19 of the Settlement, (ii) name and location of licensed group homes contacted for placement of the Class Member under Paragraph 19, (iii) the

results of efforts aimed at release of the Class Member pursuant to Paragraph 19 of the Settlement including the dates and locations of placements of Class Members under Paragraph 19.

e. Placement of Class Members in Secure Facilities under Paragraph 21 of the Settlement: (i) The dates Class Members were held in or transferred to a State or county juvenile detention facility or a secure ICE detention facility or contracted facility, (ii) reasons why they were transferred to a secure because less restrictive facilities pursuant to Paragraph 23 were unavailable or inappropriate, (iii) names of facilities they were transferred to, (iv) dates they were released (if no longer detained) or transferred to non-secure placement.

f. Reviews of Custody Status by Immigration Judges: (i) Dates on which any Class Members were notified of their right to an IJ review of their custody status pursuant to Paragraph 12A of the Settlement, (ii) dates of hearings held before an IJ pursuant to Paragraph 24A of the Settlement, (iii) results of hearings held before an IJ including the written order and audio[6] recording or transcript of hearing, if available;

g. Assessment of Special Needs: (i) Dates on which defendants assessed Class Members to determine if they have special needs as required by Paragraph 7 of the Settlement, (ii) the results of such assessments for each Class Member assessed, (iii) actions taken as a result of such assessments (if any).

---

[6] All audio files may be provided to the Monitor in CD format.

h. Provision of notices of rights: (i) Dates on which pursuant to Paragraph 12A of the Settlement Class Members were provided a notice of their rights, (ii) dates on which pursuant to Paragraph 24C Class Members were provided notices of the reasons for housing the minor in a detention or a medium security facility, (iii) dates on which pursuant to Paragraph 24D of the Settlement Class Members were provided (a) INS Form 1-770, (b) an explanation of the right of judicial review as set out in Exhibit 6, and (c) the list of free legal services available in the district pursuant to INS regulations (unless previously given to the minor).

i. Notice to counsel of transfers: (i) Dates on which pursuant to Paragraph 27 of the Settlement counsel of Class Members were provided advance notice of transfers of Class Members, (ii) dates on which for unusual and compelling circumstances notice was provided to counsel within 24 hours following transfer.

j. Released Main Class Members Statistics. For each Class Member who has been released from detention, in addition to the information required above, Defendants shall provide the following categories of information in the form of a searchable electronic file (such as an Excel file): (i) Date of release, (ii) number of days in detention prior to release, (iii) whether the Class Member was re-detained, (iv) the date of re- detention, and (v) location of re-detention;

k. Current Advisal Forms. All forms advising Class Members of their rights used at CBP or ICE immigration detention facilities. Defendants shall promptly provide updated forms throughout the Term if they are changed in any way.

Contracts with Service Providers and Licenses. Defendants shall provide the Monitor and Class Counsel with copies of their current contract(s) with entities for the detention of Class Members and licenses issued for the operation of such entities. If entities with which Defendants have contracted have in turn sub-contracted with other entities to perform detention functions for Class Members, Defendants shall provide copies of current contracts. Defendants shall provide updates if any contracts or licenses mentioned in this paragraph change during the Term or if there are proposed amendments or renewals of such contracts or licenses.

Qualified Legal Representative Organizations. By the Effective Date, and once every six (6) months thereafter until the expiration of the Term, Defendants shall provide the Monitor and Class Counsel with a list of all organizations listed in the list of free legal services provided to detained Class Members or their accompanying relatives by CBPor ICE officials. Defendants shall provide updates if those lists change during the Term.

Implementation of Juvenile Coordinator compliance: By the Effective Date, and once every six (6) months thereafter until the expiration of the Term, Defendants shall provide the Monitor and Class Counsel with documents showing pursuant to Paragraph 28A of the Settlement that a designated official in the Office of the Assistant Commissioner for Detention and Deportation or some other official has maintained an up-to-date record of all minors who are placed in proceedings and remain in Defendants' custody for longer than 72 hours.

Notice of Implementation Materials. Defendants shall provide the Monitor and Class Counsel with any non-privileged final copies of any regulations, policy directives, or training materials used to implement or enforce any portion of the Compliance Documents, and any other non-privileged guidance concerning rules or procedures applicable to Class Members that relate in any way to the Compliance Documents. Defendants shall also provide any such documents already in use at the time of the Monitor's appointment.

Data concerning emergencies or influxes: Defendants shall provide the Monitor and Class Counsel with monthly statistics on (i) the number and location by CBP station of Class Members who presented themselves for admission or were apprehended, (ii) of these Class Members the number placed in expedited removal and the number issued Notices to Appear (NTAs) in regular removal proceedings, (iii) of these Class Members the number released before being transferred to ICE custody because they were issued NTAs, (iv) of these Class Members the number released or placed pursuant to Paragraph 14 or 19 of the Settlement prior to such Class Members being transferred to ICE custody, and (v) the number of CBP agents assigned to the stations where the apprehensions took place. Defendants shall provide the Monitor and Class Counsel with monthly reports regarding emergencies described in Paragraph 12B of the Settlement, including the nature of and response to the emergency.

Inspection of Facilities. The Monitor shall have the right to conduct reasonable inspections of detention facilities used by, contracted with, or acting on behalf of CBP and ICE to hold Class Members. Upon notice to Defendants of 24 hours or longer, the

Monitor shall have the right to tour and inspect CBP and ICE detention facilities and interview staff (including CBP and ICE employees) and Class Members and their accompany relatives to assess compliance with the Compliance Documents. Class Members and their accompanying relatives may elect not to be interviewed by the Special Monitor. Class Counsel and counsel for Defendants may, at the discretion of the Special Monitor, be present during site inspections and interviews.

B.    SUPPORT AND COMPENSATION FOR THE MONITOR

Support. The Monitor may, as she deems necessary to carry out her monitoring functions, seek assistance from others, including but not limited to independent experts or specialists whose advice or assistance the Monitor deems important to resolving questions concerning compliance with the Compliance Documents.

Compensation. All of the Monitor's fees, costs and expenses, including with respect to the assistance of other experts or specialists, are to be paid by Defendants. The Monitor shall be compensated at the hourly rate of $225 during the first year of the Term, $235 during the second year, and, if necessary, $250 during the third year. On a monthly basis, the Monitor shall provide Defendants with a detailed record of hours billed in the preceding month. If Defendants dispute a bill from the Monitor, they shall have 15 days to review and submit objections to, and/or request additional clarifying information or documentation from the Monitor, with a copy served on Class Counsel and filed with the Court. If within 30 days of presentation of the Monitor's bill, there is still a dispute, Defendants shall submit the dispute to the Magistrate Judge of this Court for resolution. Defendants and the Monitor shall prepare a joint statement regarding the

disputed payment for filing within 30 days after Defendants' receipt of the Monitor's bill. If the Monitor anticipates that her annual compensation, costs and expenses shall exceed $200,000 per year, she shall notify the Parties and the Court, preferably within six months after the Effective Date, and make a showing of good cause and provide an estimate of the amount she anticipates will be required for her to properly perform the duties and obligations set forth in this Order. Upon such notification, the Court shall set a schedule which will permit the Parties to submit written comment.

C.      REPORTING TO THE COURT AND PLAINTIFFS' COUNSEL; JUDICIAL REVIEW; DISPUTE RESOLUTION

        Reporting to the Court. The Monitor shall provide regular reports to the Court in the following manner.

        Starting no later than four (4) months from the effective Date of this Order and every six (6) months thereafter until the expiration of the Monitor's Term or as otherwise required by this Order, the Monitor shall file on the case docket a Report regarding Defendants' compliance with and any suspected violations of the Compliance Documents, as well as any recommendations for steps necessary to improve Defendants' compliance. The Monitor shall append to the Report any documents that the Monitor deems important for the conclusions in the Report ("Appendix").  The Monitor may seek a reasonable extension of time, if necessary.

        At least twenty-eight (28) days before filing the Report and Appendix on the case docket, the Monitor shall serve the Parties with copies of each, and the Parties shall have 14 days from the date of service to submit to the Monitor written comments

to the Report.  In her discretion, the Monitor may modify the Report in any manner suggested by a Party before filing it with the Court, although the Monitor has no obligation to explain the response (or lack thereof) to any suggestions.

The Monitor shall file the Parties' written comments together with the Report.

If the Monitor has a good faith basis to believe that there is a significant violation of the Compliance Documents that cannot reasonably be addressed through a Report due to its exigency, the Monitor shall file on the case docket an interim report ("Interim Report"), including any recommendations for steps necessary to improve Defendants' compliance and the reason for urgency. Prior to filing the Interim Report, the Monitor shall afford the Parties a reasonable opportunity to be heard and to expeditiously cure any violation.

Nothing in this Order limits the Monitor's ability to notify the Parties jointly of issues relating to Defendants' compliance with the Compliance Documents through reasonable means, including in-person or telephonic meetings, status conferences, or correspondence. Nor shall anything in this Order limit the Monitor's ability to promptly notify the Parties of violations of the Compliance Documents that, due to their exigency, should not be addressed on the normal timeline for Reports.

Judicial Review. The Court adopts the review procedures and time lines set forth in Fed. R. Civ. P. 53(f) and incorporates them herein by this reference. Any Party seeking review of any ruling, finding, or recommendation of the Monitor or Special Master shall comply with Rule 53(f).

Dispute Resolution. In the event Plaintiffs' counsel allege that Defendants have failed to comply with the Compliance Documents or the terms of this Order, the following procedure shall apply:

Plaintiffs' counsel shall provide Defendants and the Monitor with a written statement describing the alleged non-compliance and specifying the provision of the Compliance Documents allegedly violated ("Notice of Non-Compliance"). Defendants shall provide a written statement responding to the alleged violation within 14 calendar days from receipt of the Notice of Non-Compliance and, within 21 calendar days from the Notice of Non-Compliance, counsel for the Parties shall meet and confer in a good faith effort to resolve their dispute informally.

In the event that the Notice of Non-Compliance cannot be resolved informally within the time period set forth herein, counsel for the Parties shall request that the Special Monitor mediate the dispute. If the dispute has not been resolved within 14 days of referral to the Special Monitor, Plaintiffs may request that the Court issue an order requiring compliance. Thereafter, the Special Monitor may file her recommendations concerning the dispute within a time frame to be established after conferring with the Court.

In an emergency Plaintiffs' Class Counsel may request that the Special Monitor and the Court waive the time periods set forth above.

D.    MISCELLANEOUS PROVISIONS; RETENTION OF JURISDICTION

Confidentiality of Information. A protective order governing this litigation is being filed and shall continue to apply to all information produced by Defendants

pursuant to this Order.  Any individual who assists the Monitor must agree to be bound by the terms of the protective order, and execute the Acknowledgement of Protective Order.

Cooperation of Parties. The Parties shall cooperate in good faith with the Monitor.

Preservation of Materials. The Monitor shall preserve and, where appropriate, file those materials reflecting the essential activities she and any of her aides perform in carrying out the monitoring duties. The Monitor shall file on the case docket all requests for modification of this Order and all status reports.

Retention of Jurisdiction; Amendments. The Court retains jurisdiction to enforce this Order and to amend it for good cause.

IT IS SO ORDERED.

Dated: _____, 2016.          _____
                                          Dolly M. Gee
                                          United States District Judge

Presented by —

/s/_____
Peter A. Schey
Class Counsel for Plaintiffs

/ / /

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On May 19, 2016, I electronically filed the following document(s):

[PROPOSED] ORDER APPOINTING A SPECIAL MONITOR with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/*Peter Schey*
*Attorney for Plaintiffs*