DEFENDANTS' EXHIBIT 26

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JENNY LISETTE FLORES; et al., ) Case No. CV 85-4544-DMG
)
Plaintiffs, )
)
v. )
)
LORETTA E. LYNCH, Attorney )
General of the United States; et al., )
)
Defendants. )
)

## DECLARATION OF JOHN L. LAFFERTY

I, John L. Lafferty, hereby make the following declaration with respect to the above captioned matter:

1. I am Chief of the Asylum Division in U.S. Citizenship and Immigration Services (USCIS), in the U.S. Department of Homeland Security (DHS).

2. I make this declaration based on my personal knowledge and my review of official documents and records maintained by USCIS. If called to testify, I could and would do so competently.

3. The USCIS Asylum Division has undertaken extensive efforts to ensure compliance with this Court's August 21, 2015 order, by expeditiously processing credible fear and reasonable fear claims of individuals in U.S. Immigration and Customs Enforcement's (ICE's) South Texas Family Residential Center at Dilley, Texas (South Texas facility), the Karnes County Residential

1

Center in Karnes City, Texas (Karnes facility), and the Berks Family Residential Center in Leesport, Pennsylvania (Berks facility).

### Current Fear Screening Process at the South Texas Facility, the Karnes Facility and the Berks Facility

4. Under current processing at the South Texas facility, the Karnes facility and the Berks facility, the Asylum Office receives a credible fear or reasonable fear referral from ICE, including all appropriate paperwork, within approximately 24 hours of an individual's arrival at the facility, or within approximately 24 hours of the individuals expressing a fear of return, whichever is later. Within approximately 2 days[1] of referral or prior to referral, DHS conducts an orientation for the individual during which DHS explains the credible fear or reasonable fear process, and provides the individual with the Executive Office for Immigration Review's list of free legal service providers who may be available to provide legal assistance if the individuals wish to utilize them. Interviews are generally scheduled within 3-5 days after orientation, allowing individuals an opportunity to seek representation, and meet with an attorney, accredited representative, or other chosen consultant (in the case of a credible fear interview) who may assist them in preparing for the credible fear or reasonable fear interview. Asylum officers generally interview no more than 3 individuals and their family members in the credible fear process per day, and no more than 2 individuals in the reasonable fear process per day. Within 1-3 days of the credible fear or reasonable fear interview, the determination is served on the individual. During that 1-3 day period, the asylum officer prepares a written fear determination to present to the supervisory asylum officer for review, the supervisory asylum officer completes review of the determination, and the determination documentation is prepared and served on the individual. A small number of cases are sent electronically to USCIS Asylum Division

---

[1] All timeframes in this section are calculated as calendar days.

Headquarters in Washington, DC for quality assurance review, which is normally completed the same day as receipt from the field. If the individual requests review by an immigration judge of a negative determination, the Asylum Office sends the service packet to ICE in the appropriate jurisdiction for service on the Executive Office for Immigration Review. This amounts to processing times of approximately 4-10 days from receipt of a referral from ICE, to service of a determination on the individual.

### Actions Taken at the South Texas Facility and the Karnes Facility to Reduce Processing Times

5. USCIS significantly increased its footprint in the South Texas facility and the Karnes facility in terms of both staffing and space following this Court's order. Prior to this Court's August 21 order, the Asylum Division had been regularly filling at least 18 positions at the South Texas facility since April 2015: 11 asylum officers, 2 supervisory asylum officers, 4 support staff, and 1 team lead. In mid-September, the Asylum Division increased staffing at the South Texas facility by 9 asylum officers, 2 supervisory asylum officers, and 3 support staff, bringing the total number of Asylum Division staff on temporary duty assignment at the South Texas facility to 32 (20 asylum officers, 4 supervisory asylum officers, 7 support staff, and 1 team lead). When needed, the South Texas facility has had as many as 22 asylum officers working on site.

6. At the Karnes facility, beginning in mid-July 2015, the Asylum Division regularly filled 9 positions prior to this Court's August 21 order: 6 asylum officers, 1 supervisory asylum officer, and 2 support staff. In mid-October 2015, the Asylum Division increased staffing at the Karnes facility by 4 asylum officers, 1 supervisory asylum officer, and 1 support staff, bringing the total number of Asylum Division staff on temporary duty assignment at the Karnes facility to 15 (10

3

asylum officers, 2 supervisory asylum officers, and 3 support staff).[2] Accordingly, the Asylum Division currently has 47 positions at the South Texas facility and the Karnes facility that are regularly staffed by Asylum Division staff on temporary duty assignment. Asylum officers, supervisory asylum officers, and support staff have been diverted from all 8 asylum offices, as well as from Asylum Division Headquarters, to fill these temporary duty assignment positions. USCIS has required weekend overtime on three occasions and generally requires asylum office staff beginning a temporary duty assignment at the Texas family residential centers to travel on the weekends to minimize the number of work hours spent traveling.

7. The Asylum Division has additionally implemented operational changes to credible fear and reasonable fear processing at the Texas family residential centers to enable expeditious case processing. Since early October 2015, the Asylum Division has been requesting a hard copy of the necessary "triggering" documents as part of the credible fear or reasonable fear referral from ICE Enforcement and Removal Operations, rather than receiving these documents by email, which required additional time to download and print the documents. Additionally, since early October 2015, the Asylum Division has been providing ICE Enforcement and Removal Operations with positive credible fear and reasonable fear service packets so that ICE can serve all positive determinations in the South Texas facility and the Karnes facility. This enables asylum office support staff to focus on other tasks and enables ICE to conduct out-processing at the same time, thereby reducing overall processing times. In late September, asylum office staff began to send negative decision packets directly to the ICE Office of the Chief Counsel office with jurisdiction over the South Texas facility and the Karnes facility for service on the

---

[2] There is no team lead on site at the Karnes facility, however the South Texas facility team lead covers both locations and works closely with a supervisory asylum officer and ICE Enforcement and Removal Operations at the Karnes facility.

4

Executive Office for Immigration Review, which greatly reduced the average length of stay for detained families. Prior to this change, the asylum office provided negative decision service packets to ICE Enforcement and Removal Operations, to be sent to ICE Office of the Chief Counsel.

### Actions Taken to Reduce Reasonable Fear Processing Times Nationally

8. The Asylum Division has made operational changes to reasonable fear case processing in all locations. While many of these steps were implemented to enable the Asylum Division to achieve a national average reasonable fear determination period of no more than 10 court days for detained individuals pursuant to the class action settlement agreement reached in *Alfaro-Garcia v. Johnson*, 4:14-cv-01775-YGR (N.D. Cal.),[3] these changes have also been implemented in, and thus have contributed to reduced case processing times in, the South Texas facility, the Karnes facility, and the Berks facility.

9. In early May 2014,[4] asylum officers switched from taking sworn statements in all reasonable fear interviews to a question and answer notetaking format. Removing the procedural requirement of taking sworn statements, which included reading back the entire statement to the individual and obtaining the individual's initials on every page, has allowed asylum officers to significantly reduce the length of reasonable fear interviews.

10. In early August 2015, all asylum officers began using a reasonable fear determination checklist, including written analysis, to document all reasonable fear determinations. The checklist replaces previous use of a written assessment. The checklist documents each step in

---

[3] The Court in *Alfaro-Garcia v. Johnson* granted final approval of the class action settlement agreement on October 27, 2015.
[4] This procedural change predates the *Alfaro-Garcia v. Johnson* settlement agreement.

the reasonable fear determination and enables asylum officers to conduct a streamlined analysis that is legally sufficient and consistent with program policy.

11. In mid-September 2015, the Asylum Division ceased requiring receipt of a complete A-file from ICE before USCIS took jurisdiction over a reasonable fear case. Instead, USCIS takes jurisdiction once it has received a proper referral package from ICE, consisting of either a fully executed Form I-851A or a fully executed Form I-871 (including the prior order of removal), and an indication (whether in oral, written, or electronic form) that the individual has made a fear claim during the reinstatement or administrative removal process.[5] Receipt of a proper referral package by USCIS commences the reasonable fear determination period.

12. Finally, in late September 2015, the Asylum Division adjusted its procedures to enable any asylum office staff to serve reasonable fear determinations. This frees up asylum officers to devote time to conducting interviews and preparing determinations. As noted previously, however, in the South Texas facility and the Karnes facility, ICE ERO officers serve all positive credible fear and reasonable fear determinations.

### Updated Credible Fear and Reasonable Fear Statistics

13. The number of individuals placed in expedited removal proceedings who express a fear of return has continued to increase. In fiscal year 2015, the Asylum Division received approximately 48,052 credible fear referrals, and in fiscal year 2016 through May 15, the Asylum Division received approximately 52,258 credible fear referrals. With respect to individuals residing in ICE's family residential centers, the number of credible fear referrals rose from approximately 9,960 in fiscal year 2015, to approximately 21,433 in fiscal year 2016 through May 15. In fiscal year 2016 through May 15, the Asylum Division made approximately

---

[5] This definition of a "proper" referral package comes from Section III.B.1. of the *Alfaro-Garcia v. Johnson* settlement agreement.

6

19,517 positive credible fear determinations and approximately 1,205 negative credible fear determinations for individuals residing at the ICE family residential centers.

14. The number of individuals referred to the Asylum Division for a reasonable fear interview has also continued to increase. The Asylum Division received approximately 8,015 reasonable fear referrals in fiscal year 2015, and approximately 5,616 reasonable fear referrals in fiscal year 2016 through May 15. For individuals residing in ICE's family residential centers, the Asylum Division received approximately 379 reasonable fear referrals in fiscal year 2015, and approximately 542 reasonable fear referrals in fiscal year 2016 through May 15. In fiscal year 2016 through May 15, the Asylum Division made approximately 400 positive reasonable fear determinations and approximately 153 negative reasonable fear determinations for individuals residing at the ICE family residential centers.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 2, 2016

John L. Lafferty
Chief, Asylum Division