DEFENDANTS' EXHIBIT 29

| EVIDENCE | OBJECTION(S) |
|---|---|
| **Exhibit 1, Declaration of Peter A. Schey, May 13, 2016.** | |
| Generally, and specifically as below:<br><br>Paragraph 5:<br>"Mothers and children interviewed during the site inspections uniformly reported being held for one to three nights in extremely cold Customs and Border Protection (CBP) holding cells, not being provided dry clothes, being held in severely overcrowded cells, having to sleep on cold concrete floors, not being provided mats or blankets, often having insufficient space to lay on the floor to sleep, having bright lights kept on all day and night, inadequate food, dirty drinking water, one cup for 30-40 people to share, no soap or paper towels to wash their hands, lack of privacy and cleanliness in toilet facilities, lack of access to medical treatment, no access to information regarding detainees' rights, and verbal abuse by some guards. Conditions remain deplorable and inhumane. I am informed and believe that these conditions are pervasive along the U.S.-Mexico border."<br><br>Paragraph 6:<br>"While such conditions may be tolerable for a few hours, many Class Member children spend from one to three nights under these unhealthy, unsanitary and oppressive conditions. Paragraph 12 of the Settlement requires that "[f]ollowing arrest, [Defendants] shall hold minors in facilities that are safe and sanitary and that are consistent with the [Defendants'] concern for the particular vulnerability of minors." *Id*. The treatment of Class Members is inhumane and shows either an abysmal ignorance or total disregard of the | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various CBP and ICE facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Declarant's testimony regarding his clients and others is inadmissible hearsay (paragraphs 5, 6, 8, 9, 11). Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985 ). |

| | |
|---|---|
| particular needs and vulnerabilities of children, whether U.S. citizens or those seeking refuge from violence and persecution abroad." <br><br> Paragraph 8: <br> "Despite many class members being held at CBP facilities for a day or several days, no efforts that Class Counsel is aware of are made by CBP staff to comply with Paragraphs 12A, 18 and 24D. Indeed, Border Patrol agents do not even appear to be aware of these obligations of the Settlement rather than intentionally violating them. Access to legal counsel at CBP stations is virtually non-existent. Not one of the Class Members and mothers interviewed during Class Counsel's inspections had any idea how to contact an attorney." <br><br> Paragraph 9: <br> "In any event, inspections disclosed Class Member children who had been detained for weeks or months in violation of the Settlement, regardless of the "average" length of detention of Class Members. The inspections also clearly disclosed that whether Class Members were detained for days, weeks or months, continuous efforts are not made and recorded to release children under Paragraph 14 or place them under Paragraph 19, and all children end up detained in Defendants unlicensed or secure facilities commingled with unrelated adults." <br><br> Paragraph 11: <br> "While facility staff at Berks claim all doors to the exterior are kept unlocked, they also clearly stated during Class Counsel's inspection that anyone who tried to leave would be promptly arrested." <br><br> Paragraph 13: <br> "Interviews with numerous Class Members | |

| | |
|---|---|
| and pro bono attorneys and pro bono program coordinators after October 2015 disclosed that access to counsel is a major concern for Class Members and attorneys employed by non-profit organizations or working pro bono to assist detained accompanied Class Members." | |
| **Exhibit 2, Excerpts of Declarations, No Date Provided.** | |
| Generally | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at CPB facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarants' conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants object to Declarants' testimony regarding their clients and others as inadmissible hearsay (Sections 1-9). Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if[the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 3, Declaration of Bridget Cambria, April 29, 2016.** ||
|---|---|
| Generally, and specifically as below:<br><br>Paragraph 3:<br>"In the court of my practice and previous employment by the family detention facility, I have regular occasion to observe, and therefore am familiar with, the policies and practices of the United States Immigration and Customs Enforcement (ICE) toward the detention, release, and treatment of children and mothers detained at BCRC. I have also had the opportunity to observe how those policies and practices have changed over time."<br><br>Paragraph 4:<br>"Therefore, I have been advised by mothers and children of the physical, medical and psychological effects of their own detention."<br><br>Paragraph 9:<br>"The following class members, represented by my office, are representative . . . ."<br><br>Paragraph 10:<br>"As their attorney I have observed the psychological effects on class members of prolonged detention." | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to Immigration and Customs Enforcement ("ICE") policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 2-6). Fed. R. Evid. 702.<br><br>Defendants also object on the same basis to the entirety of paragraph 3, and specifically to the conclusions that "therefore am familiar with, the policies and practices of ICE toward the detention, release, and treatment of children and mothers detained at BCRC." Fed R. Evid. 702. The declarant's conclusions are speculative and amount to improper lay opinion because the declaration provides no basis for her to provide expert testimony as to what she believes to be the cause of alleged mental and physical health issues of children. Fed. R. Evid. 701.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 9, 10, ). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 4, Declaration of Carol Anne Donohoe Esq., May 12, 2016.** | |
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 1-6). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 4, 5, 8). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Exhibit 5, Declaration of Jacquelyn M. Kline, Esq., May 12, 2016.** | |
| Generally, and specifically as below:<br><br>Paragraph 6:<br>"Our clients told us that during certain hours they were locked into specific sections of facility, either through doors being locked to prevent their egress or by staff (guards) standing in front of the doors to block their way." | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 1-7). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 1-6). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the |

| | |
|---|---|
| | witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Exhibit 5 Attachment Exhibit D, News Article, No Date Provided.** ||
| *See* Article entitled: "Shut Down Berks: Why Pennsylvania Must End Its Support For Family Detention" | Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802. |
| **Exhibit 5 Attachment Exhibit E, Twitter Statement, October 22, 2015.** ||
| *See* Twitter Statement of William Stock. | Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802. |
| **Exhibit 6, Declaration of Jocelyn L. Dyer, Esq., May 5, 2016.** ||
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to CBP policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 1-10). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraph 11). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the |

6

| | |
|---|---|
| | witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Exhibit 7, Declaration of Natalia Ospina, Esq., March 10, 2016.** ||
| Generally | Defendants object to this exhibit on the grounds that the declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 3-9). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Exhibit 8, Declaration of Leanne Purdum, March 1, 2016.** ||
| Generally, and specifically as below:<br><br>Paragraph 5:<br>"Almost every mother I consulted with had experienced some form of mistreatment in the intial Custom and Border Protection (CBP) processing centers, which they called the "hielera" (ice box) and the "perrera" (dog kennel)."<br><br>"Mothers consistently told me . . . ."<br><br>Paragraph 6:<br>"Many mothers told me that . . . ." | Defendants object to this exhibit on the grounds that the declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 4-13). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 9, Declaration of Theresa B. Wilkes, Esq., May 5, 2016.** ||
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 5- 12). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 10, Declaration of Amanda W. Doroshow, Esq., May 5, 2016.** ||
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 3-6). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 11, Declaration of Edward McCarthy, May 2, 2016.** ||
|---|---|
| Generally, and specifically as below:<br><br>Paragraph 6:<br>"My clients told me that the interpreters had a very difficult time understanding them and translating." | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for his conclusions (paragraph 4). Fed. R. Evid. 702. Further, declarant's discussions of his clients and others are inadmissible hearsay (paragraphs 5-13). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Exhibit 12, Declaration of Robyn Barnard, Esq., May 9, 2016.** ||
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to Immigration and Customs Enforcement ("ICE") policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraph 13). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 4-12, 14). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the |

| | witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
|---|---|
| **Exhibit 12 Attachment Exhibit 1, Article, August 2015.** ||
| *See* Human Rights First article. | Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802. |
| **Exhibit 12 Attachment Exhibit 3, Article, February 2016.** ||
| *See* Health Concerns at the Berks Family Detention Center article. | Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in the article. Fed. R. Evid. 602, 701. The report is also based on inadmissible hearsay. Fed. R. Evid. 802. |
| **Exhibit 13, Declaration of Karen S. Lucas, Esq., May 7, 2016.** ||
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 10-17, 19). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 11, 18, 20-22). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. |

| | |
|---|---|
| | 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Attachments to Exhibit 13.** | |
| Generally | Defendants object to these exhibit on the grounds that no foundation has been laid for the conclusions contained in the letter or declarations. Fed. R. Evid. 602, 701. <br><br> The letter, as well as the statements therein, are also based on inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Defendants object to the declarations attached to Exhibit 13 to the extent they consist of hearsay testimony regarding the experiences of others |
| **Exhibit 14, Declaration of Lindsay M. Harris, Esq. (Flores Violations), May 5, 2016.** | |
| Generally | Defendants object to this exhibit on the grounds that the declarant's discussions of her clients and others are inadmissible hearsay (paragraph 4). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

11

| Exhibit 15, Declaration of Lindsay M. Harris, Esq. (Medical Conditions), May 5, 2016, and Exhibits. ||
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant's discussions of her clients and others are inadmissible hearsay (paragraph 10). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit on the grounds that the declarant appears to offer expert testimony as medical conditions experienced by her clients, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants object to the Attachments to this Exhibit to the extent they are based on inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |

| Exhibit 16, Declaration of Lindsay M. Harris, Esq. (Due Process), May 5, 2016. ||
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to USCIS policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions (paragraphs 7-12). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of her clients and others are inadmissible hearsay (paragraphs 3-5, 13-21). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |
| **Exhibit 17, Declaration of Manoj Govindaiah, Esq., May 5, 2016.** ||
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to USCIS policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for his conclusions (paragraphs 4-5). Fed. R. Evid. 702.<br><br>Further, declarant's discussions of his clients and others are inadmissible hearsay (paragraphs 6-21). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 |

| | |
|---|---|
| | F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 18, Declaration of Robert Doggett, Esq., May 5, 2016, and Attachments.** | |
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to Texas Department of Family and Protective Services policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has he provided sufficient foundation for his conclusions (paragraphs 4-5, 18-20).  Fed. R. Evid. 702.<br><br>Further, declarant's discussions of his clients and others are inadmissible hearsay (paragraphs 11, 21-23). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 19, Declaration of Alexander Mensing Regarding Conditions for Families Held in the Custody of Customs and Border Protection, March 25, 2016, and Attachments.** ||
|---|---|
| Generally | Defendants object to this exhibit on the grounds that the declarant's discussions of his clients and others are inadmissible hearsay (paragraphs 7-12, and within paragraph 12 the additional sections 1-24). Fed. R. Evid. 802. This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants object to the attachments to this declaration, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |

| **Exhibits 21 through 59** ||
|---|---|
| Generally | Defendants object to these declarations, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |
| **Exhibit 61, Declaration of Luis H. Zayas, Ph.D., December 11, 2015.** ||
| Generally, and specifically as below<br><br>Paragraph 11:<br>"I am making this declaration to provide a scientific basis for understanding the damaging psychological and developmental effects that immigration detention has on children and their parents." | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Mr.Zayas is not qualified as an expert, such that he can offer opinions as to the effect of detention or the deterrent effect of certain policies and conditions. Fed. R. Evid. 702. |
| **Exhibit 62, Declaration of Jessica Gorelick, LCSW, January 28, 2016.** ||
| Generally, and specifically as below:<br><br>Paragraph 8:<br>"The metal health staff also explained that while they were required to meet with all the families following their arrival at Berks and regularly thereafter, they used no formalized assessment tools."<br><br>Paragraph 12:<br>"During that week, I assisted with the legal cases of women and children detained at the South Texas Family Residential Center in Dilley, Texas ("the Dilley facility"). | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Declarant's testimonies regarding her discussions with individuals are inadmissible hearsay (paragraphs 6-11, 12-20). Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his |

| | |
|---|---|
| | personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 63, Letter, March 28, 2016.** ||
|---|---|
| *See* letter Re: Ongoing Concerns regarding the Detention and Fast-Track Removal of Children and Mothers Experiencing Symptoms of Trauma. | Defendants object to this exhibit on the grounds that no foundation has been laid for the conclusions contained in this letter. Fed. R. Evid. 602, 701. The letter, as well as the statements therein, are also based on inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. To the extent that the letter itself is not hearsay, Plaintiff's attempt to offer it for the proposition that ICE has adopted certain policies and procedures which lacks foundation, has no basis in personal knowledge, and is wholly speculative. Fed. R. Evid. 602 |

| **Exhibit 64, Declaration of CARA Project Attorney Ana Camila Colon-Villafane, March 28, 2016.** ||
|---|---|
| Generally | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Declarant's testimonies regarding her discussions with individuals are inadmissible hearsay (paragraphs 2-8). Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

17

| **Exhibit 65, Declaration of Jodilyn Goodwin, Esq., May 5, 2016.** ||
|---|---|
| Generally | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. |

| **Exhibit 66, Declaration of Michelle Garza Pareja, Esq., May 12, 2016.** ||
|---|---|
| Generally | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. |
| | Declarant's testimonies regarding her discussions with individuals are inadmissible hearsay (paragraphs 5-11). Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| **Exhibit 67, Declaration of Amy Fischer, March 7, 2016.** ||
|---|---|
| Generally, and specifically as below:<br><br>Paragraph 5:<br>"I submit this declaration to provide information regarding the challenges that indigenous language speaking mothers and class member children face while detained in Immigration and Customs Enforcement's (ICE) detention centers." | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at ICE facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. |
| **Exhibit 68, Declaration of Karen S. Lucas, Esq., May 12, 2016.** ||
| Generally | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at CBP facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. |
| **Exhibit 69, Declaration of Kathryn E. Shepherd, Esq., May 12, 2016.** ||
| Generally | Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at the Dilley facility and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. |