BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **JOINT STATEMENT IN RESPONSE TO THE COURT'S JUNE 14, 2016 ORDER TO SHOW CAUSE** |

On June 14, 2016, the Court ordered the parties to show cause why the Court should not continue the hearing date for Plaintiffs' latest motion to enforce the *Flores* Settlement Agreement ("Agreement") to August 1, 2016, "in order that the parties may conduct discovery regarding the allegations raised in the Motion." Order, ECF No. 222. The parties have discussed the Court's proposal, and disagree on their responses. Therefore, the positions of the parties are laid out below.

**PLAINTIFFS' POSITION**:

Discovery: Immediately upon the issuance of this Order, the parties may commence discovery regarding the factual allegations raised in plaintiffs' Motion to Enforce Settlement and Appoint a Special Monitor ("Motion to Enforce") [Doc. ## 201, 202.] and Defendants opposition. [Doc. # 208.]. The parties shall submit a joint statement setting forth their positions on any discovery dispute to _____ within three business days of any party raising a discovery dispute with the other party. Discovery disputes may be resolved without hearing or following a conference call scheduled with the parties. Discovery shall be completed on or before August 15, 2016. If permitted, Plaintiffs will propound written discovery promptly and anticipate conducting depositions of some of Defendants' employees who executed declarations filed with Defendants' Response [Doc. #208], the three immediate supervisors of ICE officers making release decisions at Dilley, Karnes

-1-

Case 2:85-cv-04544-DMG-AGR   Document 225   Filed 06/21/16   Page 3 of 7   Page ID #:6925

and Berks detention facilities, and the one to three employees deciding the allocation of personnel resources at Dilley, Karnes and Berks.

<u>Hearing dates</u>: On or before June 30, 2016, the parties shall inform the Court by way of joint statement regarding their efforts to resolve the issues raised in the Motion to Enforce involving Customs and Border Protection's (CBP) conditions and processing of class members. If there are remaining issues regarding CBP's treatment of class members, a hearing shall be held on these issues on August 1, 2016, at 9:30 AM. A hearing on the allegations regarding Immigration and Custom Enforcement's (ICE) processing of class members shall be held September 12, 2016, at 9:30 AM. Defendants shall file a supplemental response brief with references to discovery obtained by August 22, 2016. Plaintiffs shall file a reply on or before August 29, 2016.

     Plaintiffs agree with Defendants that subject to timely objections raised in response to discovery requests, discovery responses may be considered by the Court when adjudicating the Motion to Enforce.

     The bifurcated hearing proposed above takes into account the urgency of the CBP allegations and the substantive differences between the allegations involving CBP and ICE.

-2-

**DEFENDANTS' POSITION**: Defendants agree with the Court's proposal for an August 1, 2016 evidentiary hearing or a hearing soon thereafter. Plaintiffs made no request for discovery prior to, or contemporaneously with, filing their enforcement motion, in which they asserted that they had submitted sufficient evidence to show that Defendants are in violation of the Agreement. In response, Defendants urged that to the extent the Court believed that resolution of any factual issues is necessary to decide Plaintiffs' motion, the Court should decline to decide those factual issues on the basis of hearsay evidence, and instead should resolve the issues after an evidentiary hearing where all witness testimony was subject to cross-examination. To facilitate such a hearing, Defendants request that they be allowed to conduct depositions with regard to the evidence submitted by Plaintiffs and believe that written discovery is not necessary.

Defendants believe that these depositions can occur within the timeframe laid out by the Court (or slightly longer depending on the date the discovery period begins and the scope of issues that remain at issue in this case in light of the mediation occurring on June 24 and 25, 2016 in this case). Defendants propose that any decision related to the precise length of the discovery period, if needed, be addressed after the mediation. Defendants do not believe that bifurcation of the issues is necessary. Once the scope of the issues for hearing is identified following mediation, Defendants propose that Plaintiffs identify the declarants upon whose

testimony they wish to rely at any evidentiary hearing, and that Defendants then identify any responsive witnesses they wish to present. Then the parties then can meet and confer regarding a deposition schedule for the identified witnesses. Defendants also recognize that there may be challenges for both parties presenting live testimony from all witnesses at trial, and do not oppose the presentation of witnesses by deposition testimony, so long as the opposing party has had an opportunity to examine the witness at deposition. Defendants respectfully submit that any broader discovery is unnecessary and would serve only to delay these proceedings.

DATED: June 21, 2016 */s/ Peter A. Schey* (with permission)
PETER A. SCHEY
Center for Human Rights and Constitutional Law

*Attorney for Plaintiffs*

DATED: June 21, 2016 BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824; Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants