BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JENNY LISETTE FLORES; *et al.*,

Plaintiffs,

v.

ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*,

Defendants.

Case No. CV 85-4544-DMG

**JOINT REQUEST FOR STATUS CONFERENCE**

The parties submit the following joint request that the Court schedule a status conference with this Court or with the Magistrate Judge. The parties request a status conference on the following three issues.

**BRIEFING REGARDING THE NINTH CIRCUIT's *FLORES* DECISION**

PLAINTIFFS' POSITION: Defendants wish to brief the impact of the 9th Circuit's decision regarding mothers on Plaintiffs' pending motion to enforce. If the Court agrees to Defendants' request, Plaintiffs suggest that both Defendants and Plaintiffs be permitted to simultaneously submit short memos or a joint memo with Plaintiffs' and Defendants' positions regarding the impact of the Ninth Circuit's decision on the pending motion to enforce, without limiting the briefing to the issue of class members' parents.

DEFENDANTS' POSITION: Defendants believe that the Ninth Circuit's determination that an accompanied minor's parent or legal guardian is not covered by the *Flores* Settlement Agreement has an impact on some of the legal issues underlying Plaintiffs' enforcement motion. Defendants request the opportunity to submit briefing regarding those issues for the Court's consideration.

**HEARING DATE ON PLAINTIFFS' MOTION TO ENFORCE**

PLAINTIFFS' POSITION:

Plaintiffs join Defendants' request that the hearing be postponed to October 3, 2016, or as soon thereafter as the matter may be heard by the Court. At this time, Plaintiffs not believe an evidentiary hearing will be necessary.

DEFENDANTS' POSITION: In light of the ongoing settlement discussions between the parties regarding Plaintiffs' CBP conditions claim, the above-requested briefing, and the possibility that either of these may obviate the need for the Court to hold a hearing on some portions of

Plaintiffs' motion to enforce, Defendants believe that the hearing date should be moved to October 3, 2016, or a date thereafter to be set by the Court. To meet this new date, Defendants respectfully request that the Court adopt Defendants' plan for discovery outlined below.

**DISCOVERY**

PLAINTIFFS' POSITION:

On July 7, 2016, Defendants requested in writing that Plaintiffs identify all "witnesses" they intend to produce at the hearing on Plaintiffs' motion and informed Plaintiffs that "we do not agree that you are entitled to 'reciprocal' discovery if you do not intend to present any live evidence/testimony …" Plaintiffs responded that "[t]he Court's Order is not linked to whether one or the other party may 'present any live evidence.'"

Defendants also stated that "discovery regarding the CBP conditions claim be stayed pending our settlement talks …" Plaintiffs responded: "… Plaintiffs … are not inclined to agree, barring Court Order, to not make any inquiry into CBP conditions. If the CBP conditions do not settle, failing to cover conditions in current depositions will likely require a new round of depositions, defeating the Court's and Plaintiffs' interest in resolving the CBP conditions promptly."

Defendants further stated: "[A]ny discovery on the remaining [non-CBP conditions] five claims be stayed until after the Court determines which, if any, of the claims in the current motion should proceed." Plaintiffs responded: "Plaintiffs have no reason to believe *any* of the claims will not proceed and Defendants offer no reasons why any of the non-CBP claims would not proceed."

By correspondence dated July 8 and 11, 2016, and notice of depositions, Plaintiffs advised Defendants of the declarants they wish to depose and provided dates and locations subject to Defendants' declarants' availability.

Defendants responded in writing that they want "the parties [to] start by jointly determining what are the disputed issues of fact that … the Court will need to resolve. Once we have identified those issues … we request that you identify the declarants whose testimony you intend to rely on at any hearing on your Motion … Then, once your proposed witnesses are identified, we will identify those witnesses whose testimony we intend to present in response and work with you to schedule depositions of those individuals as quickly as possible."

Defendants' proposal seems unnecessarily complicated and offered to simply delay the depositions Plaintiffs have noticed. Plaintiffs again advised Defendants in writing: "Plaintiffs do not believe the Court's Order limits depositions to declarants a party intends to present as 'witnesses' at the hearing. Regarding Defendants' request that Plaintiffs identify the 'factual disputes' raised in every declaration submitted by Defendants' declarants *prior* to Defendants deciding if they will produce declarants for deposition, … those factual disputes are clearly identified in Defendants' opposition to Plaintiffs' motion. The declarants Plaintiffs have selected to depose are limited to those declarants whose declarations Defendants cited in their opposition brief to contest factual claims in Plaintiffs' declarations or to show that the processing of class members or conditions of detention are handled differently in different detention locations."

In short, Plaintiffs seek to proceed with the depositions of the Defendants' declarants Plaintiffs have identified in several communications to Defendants.

Plaintiffs would like guidance on whether they may request through discovery any documents in declarant class members' and their mothers' files maintained by Defendants

showing that Defendants took and recorded efforts aimed at the release of class members. *Setting aside all declarations whether filed by Plaintiffs or Defendants, entries made into class members' files would be by far and away the best evidence showing whether or not Defendants are in compliance with Paragraphs 14 and 19 of the Settlement*.

DEFENDANTS' POSITION: The parties have attempted to meet and confer several times regarding the scope of discovery intended by the Court in its June 23, 2016 Order, but have been unable to reach agreement on how discovery should proceed. As an initial matter, Defendants believe that the Court should not rely on inadmissible hearsay declarations in deciding any disputed issue of material fact underlying the claims in Plaintiffs' motion. To the extent Plaintiffs have stated an intent to rely on declarations rather than live (or deposition) testimony, Defendants intend to file a motion *in limine* to exclude such evidence.

Defendants do not agree with Plaintiffs' contention that disputed issues of fact are readily apparent. Plaintiffs submitted more than 100 declarations, several of which contain factual contentions that are not relevant to the claims raised by Plaintiffs. While Defendants made efforts to refute even those factual contentions that did not appear relevant, many of those irrelevant factual contentions may not require any resolution by the Court.

Moreover, Defendants respectfully dispute that Plaintiffs should be entitled to conduct discovery (including depositions) at this stage for the purpose of obtaining additional information in support of their motion. Given the broad nature of the evidence Plaintiffs submitted, and the lack of clarity or specificity as to what evidence supported each claim, out of an abundance of caution, Defendants submitted declarations and evidence in support of their opposition that, in some cases, went beyond that which was submitted by Plaintiffs. For example, while Plaintiffs submitted evidence regarding conditions only at a limited number of CBP facilities in Texas,

Defendants not only submitted declarations and evidence contesting these factual allegations, but also submitted evidence regarding a number of other facilities in other geographical locations. These additional declarations are undisputed, inasmuch as Plaintiffs submitted no evidence of their own regarding these additional facilities. Thus, unless Plaintiffs can provide some basis why the Court would need to resolve any factual issue regarding these additional declarations, they should not be the subject of discovery. Identifying these types of undisputed factual issues at the outset will help to streamline both the discovery process and any evidentiary hearing.

Finally, Defendants object to Plaintiffs' request that the Court grant them additional discovery at this stage to obtain further support for their motion. Any discovery should be limited to ensuring that the evidence already submitted on the motion is sufficiently developed and admissible at an evidentiary hearing.

To meet the Court's stated goal to "streamline any evidentiary hearing or obviate the need for one altogether," Defendants propose that Plaintiffs identify a statement of facts that they believe need to be found by the Court to resolve the specific alleged settlement violations asserted in their motion. Defendants then will identify those factual issues that are disputed, or any additional factual issues that they believe need proving, and each side then can identify the declarants upon whom they wish to rely for these factual issues either through live testimony at an evidentiary hearing, or through the use of deposition testimony. This will allow the parties to arrange the most efficient deposition schedule for those deponents and witnesses, keeping in mind the ongoing settlement discussions regarding the CBP conditions claims, and any briefing schedule set by the Court as requested above. This proposed discovery plan will streamline resolution of Plaintiffs' motion by focusing discovery on the disputed issues of material fact, and

eliminating the need for consideration of cumulative evidence and evidence that is unrelated to Plaintiffs' claims.

DATED: July 15, 2016

*/s/ Peter A. Schey* (with permission)
PETER A. SCHEY
Center for Human Rights and Constitutional Law

*Attorney for Plaintiffs*

DATED: July 15, 2016

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824; Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2016, I served the foregoing on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants