BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
     P.O. Box 868, Ben Franklin Station
     Washington, D.C. 20044
     Tel:  (202) 532-4824
     Fax:  (202) 305-7000
     Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
|     Plaintiffs, | |
|     v. | **JOINT STATUS REPORT** |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*, | |
|     Defendants. | |

In accordance with the Court's July 22, 2016 Minute Order, the parties submit the following status report regarding the parties' meet and confer efforts related to discovery. The parties remain at odds in many respects with regard to what discovery is appropriate at this stage of the proceedings.

**Issue One:**

Plaintiffs' Position:

A further meeting to explore settlement of Plaintiffs' allegations regarding CBP conditions with Judge King is scheduled for Aug 9, 2016. Based on the exchange of positions to date, it is uncertain whether a settlement of CBP conditions will be reached. Plaintiffs therefore wish to proceed with depositions of the following CBP declarants regarding Defendants' claim that "CBP has implemented standards and procedures that ensure compliance with the agreement, complies with those standards and procedures, and adequately monitors compliance with those standards and procedures" (Defs' Opposition at 3-27): Executive Director of the Office of Field Operations, Todd Hoffman, Ex. 4; Acting Chief, Strategic Planning and Analysis, Justin Bristow, Ex. 3; Chief Accountability Officer, Sean Mildrew, Ex. 5; Deputy Assistant Commissioner, Carla Provost, Ex. 15; Chief Patrol Agent, Laredo, Mario Martinez, Ex. 7; Chief Patrol Agent, Rio Grande Valley, Manuel Padilla Jr., Ex. 10; Chief Patrol Agent, Tucson, Paul Beeson, Ex. 6; Tucson OFO, William Brooks, Ex. 13; Director, San Diego OFO,

Pete Flores Romero, Ex. 11; Chief Patrol Agent, El Centro, Rodney Scott, Ex. 9.[1]

Plaintiffs wish to conduct these depositions after the planned meeting with Judge King on August 9 and will limit deposition questions to issues not resolved through settlement. Plaintiffs will respond to Defendants' proposals prior to a meet and confer scheduled for August 1, 2016.

Defendants' Position:

With regard to the issue related to conditions in U.S. Customs and Border Patrol ("CBP") facilities, Defendants believe that so long as settlement talks continue, discovery on this issue should remain stayed as indicated by the Court on July 22, 2016. CBP remains interested in continuing the settlement talks and reaching an agreement. Defendants sent a draft settlement agreement to Plaintiffs

---

[1]Defendants contend that depositions of CBP declarants based in Arizona and California are unnecessary because Plaintiffs' declarations do not address conditions in these locations. Since Defendants provided declarations from these officials and rely upon them in their opposition to the enforcement motion, Plaintiffs believe they should have the opportunity to depose these declarants. Defendants also argue that Plaintiffs should not be permitted to depose Defendants' declarants who claim that they monitor compliance with the Settlement and this Court's August 2015 remedial Order because the enforcement motion does not challenge Defendants' required monitoring of compliance under Paragraph 28. The enforcement motion argues that "[t]his litigation's history underscores that the mandated rights of vulnerable children will be best protected if the Government's behavior is monitored." Motion at 25. Plaintiffs' motion explains in detail why appointment of a Special Monitor is needed. *Id*. at 22-25. Defendants elected to file several declarations claiming that Defendants are adequately monitoring compliance with the Settlement. Plaintiffs have no way of determining the accuracy of these declarations without deposing the declarants who make claims regarding monitoring.

on July 19, 2016. Plaintiffs have provided no response to that draft, except that in an email sent on July 28, 2016 they stated for the first time that they do not believe these issues will settle. If this is truly the case then the parties should determine if talks should be terminated (and if the meeting of the parties currently set for August 8, as well as the mediation scheduled before Judge King on August 9, should be cancelled), so as not to waste the time of the parties or the Court.

If settlement talks are terminated and discovery goes forward, Defendants' position is that the disputed issue of fact for the Court to decide will be whether Plaintiffs have established that the conditions at any CBP facilities violate the Agreement.[2] Defendants intend to seek to depose a number of Plaintiffs'

---

[2]   Plaintiffs state that they would like to depose Defendants' witnesses who provide testimony in support of Defendants' assertions that they are monitoring their compliance with the Agreement in accordance with the Court's August order (specifically Executive Director of the Office of Field Operations, Admissibility and Passenger Programs, CBP - Todd Hoffman, Ex. 4; Acting Chief, Strategic Planning and Analysis, Border Patrol, CBP - Justin Bristow, Ex. 3; Chief Accountability Officer, Office of Administration, CBP - Sean Mildrew, Ex. 5; and Deputy Assistant Commissioner, Office of Professional Responsibility, CBP - Carla Provost, Ex. 15). However, Plaintiffs' motion raises no allegation that Defendants are not adequately conducting such monitoring, thus the adequacy of CBP's monitoring is not a disputed issue of fact. In response to Plaintiffs' allegations that conditions in CBP facilities breach the Agreement, Defendants argued that Plaintiffs are re-litigating the issue of the conditions in CBP facilities, when in fact the Court already resolved that factual issue in favor of Plaintiffs in its July and August orders, and ordered that as a remedy Defendants should monitor their own compliance. Defendants' factual assertions about the steps they are taking to comply with the Court's order by monitoring compliance at all CBP facilities are not disputed by any of Plaintiffs' evidence, and therefore should not

– 3 –

declarants, including class members, parents, and Plaintiffs' counsel Peter Schey, who submitted declarations concerning the conditions at certain CBP facilities. To facilitate these depositions, Defendants have sent to Plaintiffs a list of twenty-one declarants whom they wish to depose. Defendants have asked Plaintiffs to provide information so that Defendants can contact these declarants or to otherwise state when they will make these declarants available for deposition.

Defendants also are willing to facilitate the depositions of those CBP declarants who address – in response – the conditions at those same facilities about which Plaintiffs' declarants have submitted testimony (specifically Chief Patrol Agent, Laredo - Mario Martinez, Ex. 7; Chief Patrol Agent, Rio Grande Valley - Manuel Padilla Jr., Ex. 10). These are the only witnesses who provide testimony regarding disputed issues of fact that the Court must resolve related to the conditions at those facilities.

Plaintiffs nonetheless request to depose several additional individuals who provide testimony regarding CBP facilities about which none of Plaintiffs' declarants has provided any evidence (Chief Patrol Agent, Tucson, CBP - Paul Beeson, Ex. 6; Tucson OFO, CBP - William Brooks, Ex. 13; Director, San Diego OFO - Pete Flores Romero, Ex. 11; Chief Patrol Agent, El Centro, CBP - Rodney

---

be the subject of further discovery. As the Court noted on July 22, 2016, Plaintiffs should not be allowed to use this discovery period to obtain further evidence in support of their already-filed motion.

Scott, Ex. 9). Unless the Court states an intent to make factual determinations about the conditions at CBP facilities for which Plaintiffs have presented no evidence, Defendants dispute that such depositions are necessary.

**Issue Two**:

Plaintiffs' Position:

The enforcement motion asserts that Flores class members are routinely not advised of their rights. Defendants' opposition claims that: "Plaintiffs are incorrect that there is no policy or practice in place to ensure that rights advisals are provided to juveniles … Defendants acknowledge that the precise notice provided in Exhibit 6 to the Agreement is not provided to juveniles in family residential centers. However … ICE is willing to provide such notice and is working to implement a procedure to provide the notice to accompanied minors at ICE family residential centers. See Hester Decl. ¶ 10; de la Garza Decl. ¶ 10; Reid Decl. ¶ 11." To determine the extent to which the required notices have been or are now being provided to class members, plaintiffs seek to depose Ass. Director, Field Operations, ERO, John Gurule; Executive Director of the Office of Field Operations, CBP, Todd Hoffman; Acting Directorate Chief, Strategic Planning and Analysis, Justin Bristow, Chief Accountability Officer, Office of Administration, Sean Mildrew; Deputy Asst. Commissioner, Office of Professional Responsibility, Carla Provost; Philadelphia Field Office, ERO, Berks - Joshua Reid; ERO, Karnes,

Juanita Hester; ERO, Dilley, Valentin de la Garza; Chief Patrol Agent, Laredo, Mario Martinez; Chief Patrol Agent, Rio Grande Valley, Manuel Padilla Jr.; Chief Patrol Agent, Tucson, Paul Beeson; Tucson OFO, William Brooks; Director, San Diego OFO, Pete Flores Romero; Chief Patrol Agent, El Centro, CBP - Rodney Scott. Plaintiffs seek to depose these agents with regards other matters in which factual disputes exist as mentioned below.

Defendants' Position:

The Agreement specifically requires Defendants to give three rights advisals: (1) I-770; (2) list of legal counsel; (3) Notice of Right to Judicial Review. The declarations in support of Plaintiffs' motion on this issue broadly state that the declarants did not receive notice of their "rights under *Flores*," but do not clearly identify which specific notices required under the Agreement they allege that Defendants are not providing.

Defendants' declarants state that Defendants provide (1) and (2) to all class members. Defendants acknowledged that at the time of the motion they did not provide (3) to minors at U.S. Immigration and Customs Enforcement ("ICE") family residential centers ("FRCs"), but that they would take steps to do so. All those currently housed at ICE FRCs have been served with this Notice since July 27, 2016 (to the extent this is a new factual development, Defendants are willing to

–6–

submit to Plaintiffs and the Court a sworn declaration to this effect, along with a copy of the notice that is being provided).

Plaintiffs have not explained whether they specifically dispute that Defendants are providing these notices, and if so on what evidence/declarations from their motion they rely for their position. Plaintiffs do not appear to dispute that Plaintiffs are providing the I-770 and the list of legal counsel. Plaintiffs state that they seek to conduct a number of depositions in order to determine if the "Notice of Right to Judicial Review" is, in fact, now being provided as Defendants contend. Defendants are willing to facilitate the depositions of Assistant Field Office Director Joshua Reid (Berks), Assistant Field Office Director Juanita Hester (Karnes), and Assistant Field Office Director Valentin de la Garza (Dilley) on the question of whether Defendants are now providing the Notice of Right to Judicial Review at its ICE FRCs. The other declarants whom Plaintiffs request to depose on this issue have no knowledge with regard to the question of whether this Notice of Right to Judicial Review is being provided to juveniles at ICE FRCs.

**Issue Three:**

Plaintiffs' Position:

Defendants do not make and record continuous efforts to release children in accordance with the Flores Settlement, including Paragraphs 14, 18, 19 and 23, either before or after credible fear determinations have been made. To determine

–7–

the nature and timing of defendants' efforts to release class members, Plaintiffs seek to depose Defendants' declarants listed under Issue #2 above. At minimum Plaintiffs seek to depose Hester, Garza and Gurule whose declarations Defendants cite in their opposition with regards this claim. Plaintiffs also seek production of those parts of class members' ICE "A" files that show continuous efforts to release class members in accordance with the Flores Settlement, whether before or after Defendants make a credible fear determination. Plaintiffs would limit such a request for records to 20 class members who executed declarations or whose mothers executed declarations stating that they had been detained for more than ten days and to the best of their knowledge no efforts were being made to release or place class members under the Flores Settlement. In the event Defendants clearly stipulate in writing that no efforts are made and recorded to release class members prior to a credible fear determination and that after positive credible fear determinations efforts at release are limited to releasing family units, then resolution of this issue may be largely a matter of law and discovery on this issue possibly unnecessary.[3]

---

[3] Defendants argue below that "In Defendants' opposition, Defendants do not contend that they question children about other relatives to whom class members could be released, but instead argue that they 'make immediate and continuous efforts to release *family units* once their eligibility for release has been established." Opposition at 35 (emphasis added).'" However, Defendants do not address whether their efforts to determine "eligibility for release" are made as

– 8 –

<u>Defendants' Position:</u>

Plaintiffs' declarants with regard to this issue assert that they were not questioned about other relatives in the United States to whom class member children could be released. Plaintiffs argue that this violates the Agreement. In Defendants' opposition, Defendants do not contend that they question children about other relatives to whom class members could be released, but instead argue that they "make immediate and continuous efforts to release ***family units*** once their eligibility for release has been established." Opposition at 35 (emphasis added). Plaintiffs have not submitted evidence that disputes this assertion.

Thus, the legal issue for resolution by the Court is whether – as Plaintiffs assert – the Agreement requires Defendants to make and record efforts to release minors from its custody separately from their accompanying parent where the family unit has not established any eligibility for release (i.e.: (1) in situations of an influx where the family unit has not yet established reasonable or credible fear; (2) where the family unit has a final order of removal and the parent has been determined to be a flight risk; (3) where the family unit is in mandatory detention; or (4) where the adult is properly in detention under the Immigration and

expeditiously as possible, nor do they explain whether eligibility for release is determined taking into account the terms of the Flores Settlement, nor do they explain whether the explore placement under Paragraph 19, nor do they explain how they process class members for release if the mother is deemed a flight risk or not amenable to release for any other reason.

Nationality Act and the minor is being held with the adult parent for their own safety pursuant to Paragraph 14 of the Agreement). There is not a disputed issue of fact that needs resolution by the Court in order to decide this question, and so no depositions are necessary. Defendants should not need to provide additional stipulations of fact related to factual issues that are not disputed, and that the Court is not being asked to resolve. Defendants also object to Plaintiffs' demand for document discovery of 20 A-files as inconsistent with the Court's statements regarding discovery at the status conference on July 22, 2016.

**Issue Four:**

Plaintiffs' Position:

Minors at ICE FRC's are housed with unrelated adults. If Defendants stipulate that they are housing accompanied minors with unrelated adults at Karnes, Dilley and Berks, whether this violates the Flores settlement appears to be largely a question of law although plaintiffs would like to depose Hestor, Garza and Reid who are all cited in Defendants' opposition on this issue, and Ass. Director, Field Operations, ERO, John Gurule who likely possesses information regarding why class members are detained with unrelated adults and ICE's policies regarding such commingling of class members with unrelated adults and the

agency's failure to contract with any facilities that could house class members under Paragraph 19 of the Flores Settlement.[4]

Defendants' Position:

For this issue, Plaintiffs rely on declarations of minors who allege that they are housed with unrelated adults at ICE FRCs. Defendants do not dispute that they house accompanied minors with their parents at ICE FRCs, and that multiple family units are housed together at the facilities. This is not a violation of the Agreement, because the prohibition in the Agreement that Plaintiffs allege is violated by Defendants actions is clearly stated in the agreement to apply only to unaccompanied minors, and to apprehension initially following arrest (in CBP custody). The question for the Court to decide is what the Agreement requires with regard to housing minors and their parents at ICE FRCs. This is a legal issue that the Court can decide without resolution of any factual matters, and so no depositions are necessary on this issue. Again, Defendants should not need to provide additional stipulations of fact related to factual issues that are not disputed, and that the Court is not being asked to resolve.

---

[4] Below Defendants state that "Defendants do not dispute that they house accompanied minors *with their parents* at ICE FRCs." (Emphasis added). Defendants could reduce the need for discovery on this issue by simply acknowledging that they house accompanied minors *with unrelated adults* at ICE FRCs.

**Issue Five:**

Plaintiffs' Position:

The sworn declarations of numerous class members or their mothers declare that some class members have been detained for weeks or months in secure and unlicensed facilities that violate the Flores Settlement. To the extent that Defendants stipulate that ICE has detained and continues to detain class members in secure and unlicensed facilities for weeks or sometimes for months either while a credible fear determination is being made or following such determinations if they are negative or for other reasons if the determination is positive, then depositions on this issue may not be necessary as the issue to be resolved would largely be one of law. However, Plaintiffs would like to depose ICE employees Hestor, Garza, Reid and Gurule (also subject to deposition on other issues addressed above) who possesses information regarding why class members are detained for weeks or months and why ICE has not contracted with any facility or facilities to house class members under Paragraph 19 of the Flores Settlement.

Defendants' Position:

In this issue, Plaintiffs rely on the declarations of individuals who allege that they have been held at ICE FRCs for periods of time that may include months of detention. In response, Defendants do not dispute that some family units are held for longer periods of time, but argue that individuals held in ICE FRCs for longer

-12-

periods of time are held on legal grounds that do not violate the Agreement or this Court's orders. To determine whether discovery might be necessary on this issue, Defendants asked Plaintiffs' counsel to identify which of Plaintiffs' declarants they allege are being held in violation of the Agreement so that they could determine if there was an issue of fact that needed to be resolved in order to evaluate the legality of that declarants' custody. Plaintiffs did not do so. In any event, Plaintiffs appear to acknowledge that this is a legal and not a factual issue. The issues about which Plaintiffs state they wish to conduct depositions do not need to be resolved by the Court for the Court to decide whether Defendants' use of the facilities complies with the Agreement and the Court's orders. Therefore, no depositions should be conducted on this issue. Again, Defendants should not need to provide additional stipulations of fact related to factual issues that are not disputed, and that the Court is not being asked to resolve.

**Issue Six:**

Plaintiffs' Position:

Plaintiffs' declarations allege that Defendants routinely interfere with class members' right to counsel and also that Defendants routinely have transferred class members without prior notice to counsel as required by the Settlement. Defendants' Opposition claims there is no interference with the right to counsel citing the declarations of Hastings, Scott, Beeson, Brook, James, Perez, Martinez, Padilla,

–13–

Hester, de la Garza and Reid. Of this group, Plaintiffs seek to depose only Reid, Hester; de la Garza, Padilla, Beeson, and Brooks. Plaintiffs seek to depose these agents with regards other matters in which factual disputes exist as mentioned above. Plaintiffs believe the right of detained class members to counsel is based upon various provisions of the Settlement including ¶ 11 (all class members to be treated with respect and concern for their particular vulnerability as minors), ¶ 12A (all detained minors to be provided a notice of their rights - Plaintiffs all detained adults and class members have the right to counsel), ¶ 24 (right to bond redetermination hearing for class members in deportation proceedings and to judicial review when not released or if placed in a facility that does not meet the standards set forth in Ex. 1 to the Settlement), ¶ 27 (notice to counsel before minors are transferred from one placement to another).

Defendants' Position:

For this issue, Plaintiffs rely on declarations that assert that Defendants routinely interfere with class members' right to counsel, and that Defendants transfer class members without notice to counsel. While Defendants dispute that they interfere with any class members' right to counsel, this issue can be resolved by the Court without resolution of that factual dispute because the Agreement in fact contains no right of access to counsel, and Plaintiffs have identified no basis to

–14–

find that such a right is contained in the Agreement.[5] Plaintiffs have also not responded to Defendants' request to identify specific disputed issues of fact with regard to their allegations concerning the denial of access to counsel.

Defendants also dispute that they transfer minors without notice to their counsel. This is a disputed factual issue that would require resolution by the Court. Defendants are willing to identify those of Plaintiffs' declarants who they would depose on this issue, including Plaintiffs' counsel Peter Schey and other advocates who have submitted declarations on this issue. Defendants are willing to facilitate the depositions of Hester, De La Garza and Reid regarding the question of whether ICE transfers minors without notice to counsel.

---

[5] To the extent it is determined that the parties should conduct discovery on this issue, Defendants will identify those of Plaintiffs declarants who they wish to depose, including a number of advocates who provided declarations in support of Plaintiffs' allegations. Defendants do not dispute Plaintiffs' assertion that they do not provide access to counsel at CBP facilities, but contend that this is not required by the Agreement. Thus whether failing to provide access to counsel at CBP facilities violates the Agreement is a legal, and not factual, issue for the Court to resolve, and the depositions of CBP witnesses that Plaintiffs request are not necessary on this issue. To the extent Plaintiffs wish to depose Reid, De La Garza, and Hester, regarding access to counsel at ICE FRCs, Defendants will facilitate those depositions.

1
2
3
4
5

DATED: July 29, 2016          */s/ Peter A. Schey* (with permission)
                              PETER A. SCHEY
                              Center for Human Rights and Constitutional
                              Law

                              *Attorney for Plaintiffs*

6
7
8
9
10
11
12
13
14

DATED:  July 29, 2016          BENJAMIN C. MIZER
                              Principal Deputy Assistant Attorney General
                              Civil Division
                              LEON FRESCO
                              Deputy Assistant Attorney General
                              Civil Division
                              WILLIAM C. PEACHEY
                              Director, District Court Section
                              Office of Immigration Litigation
                              WILLIAM C. SILVIS
                              Assistant Director, District Court Section
                              Office of Immigration Litigation

15
16
17
18
19
20
21
22
23

                              */s/ Sarah B. Fabian*
                              SARAH B. FABIAN
                              Senior Litigation Counsel
                              Office of Immigration Litigation
                              District Court Section
                              P.O. Box 868, Ben Franklin Station
                              Washington, D.C. 20044
                              Tel: (202) 532-4824; Fax: (202) 305-7000
                              Email: sarah.b.fabian@usdoj.gov

                              *Attorneys for Defendants*

24
25
26
27
28

-16-

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2016, I served the foregoing on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.


/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants

–17–