BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION FOR AN EVIDENTIARY HEARING** |
| v. | |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*, | Hearing Date: October 6, 2016<br>Time: 10:00am<br>Dept: Courtroom 7, Los Angeles - Spring Street Courthouse |
| Defendants. | |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that the U.S. Department of Homeland Security ("DHS"), including its components U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, will bring this motion for an evidentiary hearing on October 6, 2016 at 10:00 AM, or as soon thereafter as counsel may be heard, before United States District Judge Dolly M. Gee, in Courtroom 7, at the Los Angeles - Spring Street courthouse located within the Central District of California.

## COMPLIANCE WITH LOCAL RULE 7-3

This motion is made following telephonic meetings of counsel pursuant to L.R. 7-3, which took place on August 2 and 15, 2016. Counsel for Plaintiffs indicated that Plaintiffs might be willing to work with Defendants to identify disputed issues of fact, and to discuss whether oral testimony should be heard by the Court on those disputed issues. However, counsel for Defendants has not received any response to several follow up inquiries regarding Plaintiffs' position on this matter, and the parties have reached no such resolution at this time. Defendants are filing this motion now to ensure that it can be fully briefed prior to the currently-scheduled October 6, 2016, hearing on Plaintiffs' to Enforce Settlement Agreement and Appoint a Special Monitor.

# MOTION FOR EVIDENTIARY HEARING

DHS, CBP, and ICE, hereby move under Federal Rule of Civil Procedure 43(c), for an evidentiary hearing with regard to Plaintiffs' May 19, 2016, Motion to Enforce Settlement Agreement and Appoint a Special Monitor ("Motion"). There are numerous material disputed issues of fact that must be resolved by the Court with regard to Plaintiffs' Motion. The declarations submitted in support of Plaintiffs' Motion, and the responsive declarations submitted by Defendants, forecast the testimony that might be presented at an evidentiary hearing; but Plaintiffs' declarations are replete with hearsay, double hearsay, and speculation, and are infused with bias. They also raise "factual questions not readily ascertainable from the declarations of witnesses[, and for which] questions of credibility predominate . . . ." *United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992). Therefore, the Court should hear oral testimony in accordance with the Federal Rules of Evidence in order to fairly resolve disputed factual issues. *Id.*

This motion is based upon the above Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

| | | |
|---|---|---|
| 1 | DATED: September 8, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | | BENJAMIN C. MIZER |
| | | Principal Deputy Assistant Attorney General |
| 4 | | Civil Division |
| 5 | | LEON FRESCO |
| | | Deputy Assistant Attorney General |
| 6 | | Civil Division |
| 7 | | WILLIAM PEACHEY |
| | | Director, District Court Section |
| 8 | | Office of Immigration Litigation |
| 9 | | WILLIAM SILVIS |
| 10 | | Assistant Director, District Court Section |
| | | Office of Immigration Litigation |
| 11 | | */s/ Sarah B. Fabian* |
| 12 | | SARAH B. FABIAN |
| | | Senior Litigation Counsel |
| 13 | | Office of Immigration Litigation |
| 14 | | District Court Section |
| | | P.O. Box 868, Ben Franklin Station |
| 15 | | Washington, D.C. 20044 |
| 16 | | Tel: (202) 532-4824 |
| 17 | | Fax: (202) 305-7000 |
| | | Email: sarah.b.fabian@usdoj.gov |
| 18 | | |
| 19 | | *Attorneys for Defendants* |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING
# AND TO EXCLUDE DECLARATORY EVIDENCE

**I. INTRODUCTION**

Plaintiffs' May 19, 2016, Motion to Enforce Settlement Agreement and Appoint a Special Monitor ("Motion"), their second motion in as many years seeking to enforce the 1997 *Flores* Settlement Agreement ("Agreement"), is of national significance. Its resolution could affect the nationwide operations of the immigration enforcement agencies charged with dealing with an urgent humanitarian situation involving the migration of hundreds of thousands of unaccompanied children and families to the United States. Because of the importance of the matters at issue, this Court should not make findings of fact with regard to Plaintiffs' Motion without first holding a full evidentiary hearing under Federal Rule of Civil Procedure 43(c). At that hearing, Plaintiffs would bear the burden to show that Defendants violated the Agreement. *See Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F.Supp.2d 1184, 1194 (C.D. Cal. 2007) ("Plaintiff has the burden at trial of proving all elements of its breach of contract claim.").[1]

---

[1] The Court should require Plaintiffs to establish any violation by Defendants under the clear and convincing evidence standard. Plaintiffs' Motion contends that Defendants are "in violation of this Court's Orders and the Settlement," Motion at 2, and asks the Court to order Defendants "to promptly comply with the Settlement's terms and appoint a Special Monitor to oversee Defendants'

Moreover, the Federal Rules of Evidence exist, explicitly, "to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. Thus, there is good reason to apply the Federal Rules of Evidence at the hearing on this Motion. *See* Fed. R. Evid. 1101(a).

Given the importance of the matters at issue, it must also be considered that the injunctive relief sought in Plaintiffs' Motion would be permanent. Therefore, Plaintiffs' motion is more akin to a motion for a permanent injunction, rather than a motion for a preliminary injunction (which courts routinely decide on the basis of hearsay declarations). *See Forsberg v. Pefanis*, 261 F.R.D. 694, 700 (N.D. Ga. 2009) (noting that Rule 43(c) allows a court to consider hearsay in the context of a preliminary injunction motion, and that the question is whether this type of evidence is appropriate given the character and objectives of the injunctive

---

compliance with the Settlement and this Court's Orders." Motion at 25. Thus, Plaintiffs' Motion is more than a simple motion to enforce the terms of the Agreement, and it seeks relief beyond what is available under the Agreement. Most notably, Plaintiffs' request for the appointment of a Special Monitor asks the Court to order a coercive remedy to ensure future compliance with the Agreement, based on its inherent powers to enforce the Agreement and its own orders. Motion at 22-24. Such a request should be treated as a request for sanctions, under the framework of a civil contempt proceeding, requiring Plaintiffs to bear the burden of proof by clear and convincing evidence. *See Bailey v. Roob*, 567 F.3d 930, 934-35 (7th Cir. 2009) ("The parties agree that this circuit's case law requires the party seeking sanctions to demonstrate that the opposing party is in violation of a court order by clear and convincing evidence."); *Kelly v. Wengler*, 822 F.3d 1085, 1097 (9th Cir. 2016) (discussing how court-ordered remedies designed to ensure compliance with a settlement agreement, and to cure breach, are properly considered under civil contempt standards).

proceeding). In this case, the character and objectives of the proceeding before this Court – seeking invasive, costly, and long-lasting relief against the Government – justify a full and fair hearing. Additionally, a motion to enforce a settlement is not listed as among the proceedings exempted from the Rules of Evidence under Federal Rule of Evidence 1101(d).[2]

Plaintiffs' Motion relies on more than one hundred declarations of various individuals regarding the conditions they allegedly experienced at U.S. Customs and Border Protection ("CBP") facilities, and various aspects of their detention in U.S. Immigration and Customs Enforcement ("ICE") family residential centers. In Defendants' June 3, 2016, Response in Opposition to Plaintiffs' Motion, Defendants also submitted numerous declarations by Government witnesses detailing Defendants' factual responses to Plaintiffs' allegations. As a result, there exist many genuine disputes of material fact that are based on conflicting hearsay statements, and which – similar to a motion for summary judgment – cannot be resolved without determining issues of authenticity, accuracy, reliability, and the Court's assessment of each witness's credibility.

The conflicting out-of-court assertions submitted for the truth of the matters asserted in Plaintiffs' declarations are textbook hearsay, inadmissible under

---

[2] Routine discovery motion hearings, in contrast, conducted under Federal Rule of Civil Procedure 43(c) are appropriate for resolution using hearsay evidence. *See, e.g., Arista Records v. Does 1-27*, 584 F. Supp. 2d 240, 255 (D. Me. 2008).

Federal Rule of Evidence 802. There are disputed issues of material facts that the Court will need to resolve before deciding Plaintiffs' Motion. This Court should require the parties to present their witnesses' testimony on any disputed issues of fact orally at an evidentiary hearing on Plaintiffs' Motion. This is particularly appropriate because Plaintiffs raise broad claims that challenge the Government's compliance with the Agreement, and ask the Court to impose strict remedies in the form of a Special Monitor to be paid for by the Government. The Court should not resolve such claims, or order such remedies, without giving the underlying factual allegations a full and fair evidentiary hearing. *See United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) ("Where factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony."). Excluding hearsay evidence (of indeterminate reliability and foundation), and requiring oral testimony by the parties' witnesses from their personal knowledge in accordance with Federal Rule of Evidence 602 is the best way to ensure that the factual issues in this case may be fully litigated, and fairly resolved by this Court.

## II. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their Motion on May 19, 2016 (ECF No. 201). Attached to that Motion were more than one hundred declarations containing allegations regarding the conditions at certain CBP facilities in Texas, and some individuals'

experiences at ICE family residential centers (ECF Nos. 201-1 through 201-6). Defendants opposed Plaintiffs' Motion on June 3, 2016, and submitted twenty-eight responsive declarations in support of their Opposition (ECF Nos. 208-217). While Defendants raised several legal defenses to Plaintiffs' Motion that may be dispositive, they also argued that if the Court believed that resolution of factual issues was necessary to decide Plaintiffs' motion, then Defendants should be given the opportunity to take discovery of Plaintiffs' witnesses before the Court ruled on any such factual issues. On June 9, 2016, Defendants further submitted a request that they be allowed to cross-examine Plaintiffs' declarants at any hearing on Plaintiffs' Motion (ECF No. 219).

On June 23, 2016, the Court granted Defendants' request for discovery relating to the declarants in support of Plaintiffs' motion, and also granted a continuance of the hearing on the Motion to August 1, 2016, to allow Plaintiffs time to further consult with class members (ECF No. 227). On July 26, 2016, at the request of the parties and following a status conference with the parties and the Court, the Court further extended the date for the hearing on Plaintiffs' Motion to October 6, 2016, and ordered supplemental briefing prior to that hearing (ECF No. 234). On July 29, 2016, the parties submitted a status report to the Court detailing their ongoing discussions regarding the scope of discovery that should be taken in response to the Court's order (ECF No. 237). The parties are proceeding with

discovery, and continue to negotiate with regard to the discovery to be taken in this case.

### III. ARGUMENT

This Court should hold a full evidentiary hearing with regard to Plaintiffs' Motion, and should resolve any material factual disputes in accordance with the Federal Rules of Evidence. Plaintiffs' Motion is supported by more than one hundred hearsay declarations of various individuals regarding the conditions they allegedly experienced at CBP facilities, and various aspects of their detention in ICE family residential centers. Plaintiffs rely on these declarations to support six (6) separate claims, although they fail to make clear precisely on which allegations they rely in support of each claim. Moreover, several allegations raised in Plaintiffs' declarations have absolutely no bearing on any of the legal issues in Plaintiffs' Motion.[3] Finally, many of these declarations contain inadmissible hearsay, including the declaration of the class counsel in this case Peter A. Schey, who seeks to serve as a fact witness in this litigation. See ECF No, 201-1, at 9-12.[4]

---

[3] For example, several of Plaintiffs' declarations detail allegations regarding the conditions experienced at ICE family residential centers, including the availability of medical care. See, e.g., Plaintiffs' Exhibits 21, 22, 23, 26.  However, none of the legal claims in Plaintiffs' Motion raise any challenges related to those conditions.
[4] Several other immigration advocates also seek to serve as fact witnesses, having submitted declarations that contain hearsay testimony recounting facts reported to them by their clients. See, e.g., ECF No. 201-1 at 179 (Decl of Edward McCarthy) ("Each of the mothers with who I met expressed frustration . . . ."); id. ("My clients told me that the interpreters had a very difficult time understanding them and

Other of Plaintiffs' declarations contain double hearsay and assert facts that appear to be beyond the personal knowledge of the declarant, and thus inadmissible, or that contain other indicia of unreliability.[5]

At the same time, the allegations in Plaintiffs' declarations are refuted by the declarations submitted with Defendants' June 3, 2016, Response in Opposition to Plaintiffs' Motion.[6] This means that there exist many disputes of material fact, based on conflicting hearsay declarations, which cannot readily be resolved

---

translating . . . .")' ECF No. 201-1 at 165 (Decl. of Natalia Ospina) ("According to the detainees I interviewed not one had been told that *Flores* class members have a right to a hearing before an immigration judge . . . .").

[5] *See, e,g*. ECF 201-1 at 180 (Based on my pro bono work at Karnes from October 17, 2015 until October 30, 2015, it became clear to me that most credible and reasonable fear interviews do not take place with counsel present."). It should also be considered that at this stage, because of ongoing settlement discussions, Defendants have not yet been able to depose several of Plaintiffs' declarants, although they intend to do so if settlement discussions do not resolve the related issues. Defendants have provided to Plaintiffs' counsel a list of individuals whom they wish to depose, however Plaintiffs' counsel has yet to indicate whether he has been able to contact any of the requested deponents or whether they will make themselves available for deposition. Unless and until Defendants are able to depose potential witnesses, Defendants have no way of confirming whether any of Plaintiffs' declarations are authentic, accurate, or complete, or whether they were induced by any representations of the interviewer, or represent the current recollection of the declarant as to his or her complete experience in CBP or ICE custody. All of these issues as to potential reliability provide further good reason for the Court to decline to consider Plaintiffs' declarations, and to consider only oral testimony in deciding Plaintiffs' Motion.

[6] *See, e.g.,* Defendants' Exhibit 10 and supporting Exhibits (ECF Nos 211-2 and 212-1) (describing conditions at U.S. Border Patrol facilities in the Rio Grande Valley), and Defendants Exhibits 20-21, 28 (describing conditions at ICE Family Residential Centers).

without determining issues of authenticity, accuracy, reliability, and the Court's assessment of each witness's credibility and bias.

While Federal Rule of Civil Procedure 43(c) gives discretion to the District Court whether to take oral testimony in deciding motions pending before it, in cases such as this one, hearing oral testimony is the only way for the Court to fairly resolve these factual issues. *See United Commercial Ins. Serv.*, 962 F.2d at 858 ("Where factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony."); *see also* 8 James Wm. Moore, Moore's Federal Practice—Civil § 43.05[2] (3d ed. 2012) ("A district court has considerable discretion to decide Rule 43(c) motions solely on the basis of affidavits or to take oral testimony at a hearing, but when questions of fact or credibility predominate, the district court should hear oral testimony; a failure to do so is likely to be considered an abuse of discretion."); Arthur R. Miller, Federal Practice and Procedure, 9A Fed. Prac. & Proc. Civ. § 2416 (3d ed.) ("However, when questions of fact or credibility predominate, a district court's decision not to hear oral testimony often is found to be an abuse of discretion; courts often cite to Rule 43 to support this inherent proposition."); *Hubbard v. Houghland*, 471 Fed. Appx. 625 (9th Cir. 2012) ("[T]he district court, without holding an evidentiary hearing, determined that Hubbard's

8

statement was not credible. In making this credibility determination without holding an evidentiary hearing, the district court abused its discretion.").

This is especially true given the nature of the claims at issue in the pending Motion. Less than a year after this Court resolved substantially similar claims raised by Plaintiffs, *see* Order Re Response to Order to Show Cause (ECF No. 189), Plaintiffs' Motion seeks to re-litigate their earlier claims, without regard to this Court's previous findings and rulings, and to obtain additional relief related to these already-resolved claims (specifically, a Special Monitor to be provided at Defendants' expense). To order costly and invasive relief against the Government based on untested, unreliable, and unauthenticated declaratory evidence that is strongly contested by Defendants' witnesses would be unfair, and contrary to applicable law.

Thus if the Court decides that resolution of factual disputes raised by conflicting hearsay declarations is necessary to decide Plaintiffs' Motion, then the Court should order the parties to present competent evidence at an evidentiary hearing on Plaintiffs' Motion conducted in accordance with the Federal Rules of Evidence. Doing so will ensure that these factual issues are fully litigated, and give the Court the best opportunity to fairly resolve any factual disputes in this case.

## IV. CONCLUSION

Because of the national significance of this case, Defendants ask the Court to hold an evidentiary hearing under Federal Rule of Civil Procedure 43(c), and to decide the genuine issues of material fact raised by the parties in their Motion and Response in accordance with the Federal Rules of Evidence.

DATED: September 7, 2016  Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants