VAN DER HOUT, BRIGAGLIANO & NIGHTINGALE, LLP
Zachary Nightingale (Cal. Bar No. 184501)
E-mail:  ZN@vblaw.com
180 Sutter Street, 5th Floor
San Francisco, CA  94104-4029
Telephone:  415-981-3000
Facsimile:  415-981-3003

FRIED, FRANK, HARRIS SHRIVER & JACOBSON LLP
Douglas W. Baruch (Of Counsel)
E-mail: Douglas.Baruch@friedfrank.com
Karen T. Grisez (Of Counsel)
E-mail: Karen.Grisez@friedfrank.com
Ted M. Nissly (Of Counsel)
E-mail: Ted.Nissly@friedfrank.com
801 17th Street, N.W.
Washington, D.C. 20006
Telephone: 202-639-7000
Facsimile: 202-639-7003

AMERICAN IMMIGRATION COUNCIL
Melissa Crow (Of Counsel)
E-mail:  mcrow@immcouncil.org
1331 G Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: 202-507-7523
Facsimile: 202-742-5619

Attorneys for *Amici* Applicants American Immigration Council and American Immigration Lawyers Association

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | CV 85-4544-DMG (AGR) |
| Plaintiffs, | ***EX PARTE* APPLICATION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*** |
| v. | |
| LORETTA E. LYNCH, *et al.*, | [Submission On The Papers] |
| Defendants. | |

The American Immigration Council ("Immigration Council") and the American Immigration Lawyers Association ("AILA") (collectively "*amici* applicants") respectfully request leave to file the attached brief of *amici curiae* in support of Plaintiffs' Motion to Enforce Settlement and Appoint a Special Monitor (ECF 201) (hereinafter the "Motion") in order to assist this Court in resolving the important issues presented by the Motion. The brief is attached hereto as Attachment 1. A proposed order is attached hereto as Attachment 2.

In accordance with Local Rule 7-19, counsel for the *amici* applicants have conferred with counsel for the Plaintiffs and counsel for the Defendants. Counsel for Plaintiffs is: Peter A. Schey, Center For Human Rights & Constitutional Law, 256 South Occidental Boulevard, Los Angeles, CA 90057, Telephone: 213-388-8693, Email: pschey@centerforhumanrights.org. Counsel for Defendants is: Sarah B. Fabian, U.S. Department of Justice, Office of Immigration Litigation, P.O. Box 868 Ben Franklin Station, Washington, DC 20044, Telephone: 202-532-4824, Email: sarah.b.fabian@usdoj.gov. Plaintiffs consent to this application. Defendants stated that they "do not oppose the filing of an *amici* brief in and of itself" but "oppose in this case because of the timing." Defendants further advised that they "would request that if the Court accepts [the *amici* applicants'] brief, [Defendants] would be allowed two weeks in which to file a respon[se]."

Pursuant to this Court's Individual Procedure 6, the *amici* applicants will immediately serve the *ex parte* application on Defendants by email and notify Defendants that any opposition must be filed no later than 24 hours (or one court day) after the service of the application.

## I.   AUTHORITY TO ACCEPT *AMICI* BRIEFING

The Federal Rules of Civil Procedure and the Local Civil Rules of the Central District of California (collectively, the "Rules") do not prescribe procedures for *amici curiae* submissions.  However, federal district courts have broad discretion to accept the participation of *amici*.  *See*, *e.g.*, *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) ("The district court has broad discretion to appoint amici curiae."); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) ("District courts frequently welcome amicus briefs from non-parties . . . ."); *In Re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) ("The privilege of being heard amicus rests solely within the discretion of the court . . . Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case.") (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)); *United States v. City of Los Angeles*, No. CV 00-11769 GAF (RCx), 2001 U.S. Dist. LEXIS 26968, at *22-23 (C.D. Cal. Jan. 4, 2001) (court granted leave to participate as an *amicus curiae* based on its broad discretion to allow *amicus* filing) (citing *In Re Roxford Foods Litig.*, 790 F. Supp. at 997 (E.D. Cal. 1991)).

*Amicus* briefs frequently are filed in this jurisdiction by both public interest organizations as well as the United States itself. *See, e.g.*, *Hawkins v. Comparet-Cassani*, 33 F. Supp. 2d 1244, 1256 n.5 (C.D. Cal. 1999) (considering issues raised in Amnesty International *amicus curiae* brief), *rev'd in part on other grounds*, 251 F.3d 1230 (9th Cir. 2001); *Nathan Kimmel, Inc. v. Dowelanco*, 64 F. Supp. 2d 939, 944-45 (C.D. Cal. 1999) (allowing the Environmental Protection Agency to participate as *amicus curiae*); *AT&T Mgmt. Pension Plan v. Tucker*, 902 F. Supp. 1168, 1173-74 (C.D. Cal. 1995) (allowing the United States Secretary of Labor to participate as *amicus curiae*); *Bella Lewitzky Dance Found. v. Frohnmeyer*, 754 F. Supp. 774, 776 (C.D. Cal. 1991) (allowing four groups to file *amicus curiae* briefs, including various non-profit entities).

"District courts frequently welcome amicus briefs from non-parties concerning legal issues . . . if the amicus has unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls Developers*, 272 F. Supp. 2d at 925 (internal quotations omitted). Here, as explained below in the Interest of *Amici* Applicants section and as demonstrated in the attached brief, that standard is met as the *amici* applicants are able to provide a unique, on-the-ground perspective on issues raised in the Motion.

The Rules do not prescribe procedures for *amicus curiae* submissions. Because the Rules provide no guidance on the timing of *amicus* submissions, district courts

have discretion to determine whether an *amicus* application is filed timely.  *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, No. CV 08-04920 CAS (CTx), 2008 WL 4381644, at *2 (C.D. Cal. Sept. 4, 2008) (granting leave to file *amicus* brief over objection that party was not able to respond).  Here, the application is timely as both briefing and discovery on the Motion are ongoing.  In fact, this application is being filed on the same day as Plaintiffs' supplemental brief in support of the Motion and a week prior to the deadline for Defendants' supplemental brief on the Motion.  Also indicative of the timely nature of this filing are other events related to the Motion: Defendants only recently filed a motion for an evidentiary hearing on the Motion, and settlement discussions between the parties just concluded.  And, even if Defendants request and are granted two weeks to respond to the attached brief, the briefing would be complete in advance of the currently-scheduled hearing on the Motion.

Thus, this Court should grant *amici* applicants leave to file the attached brief.

## II.     INTEREST OF *AMICI* APPLICANTS

The Immigration Council is a national non-profit organization established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal right of noncitizens, and educate the public about the enduring contributions of America's immigrants.  The Immigration Council advocated and litigated to protect the due process rights of children detained in the federal family detention center in Artesia, New Mexico,

which closed in December 2014, and remains engaged in similar efforts at the South Texas Family Residential Center in Dilley, Texas.

AILA is a national association with more than 14,000 members, including lawyers and professors who practice and teach in the field of immigration and nationality law.  AILA seeks to advance the administration and jurisprudence of immigration law and to elevate the standard of integrity, honor, and courtesy of those appearing in a representative capacity in immigration and naturalization matters. Since the Government increased its use of family detention in the summer of 2014, AILA attorneys have been involved with coordinated pro bono efforts seeking to provide detained women and children with competent representation and to advocate for humane asylum and deportation policies, including compliance with the *Flores* Settlement and adherence to due process protections.

The Immigration Council and AILA are partners with two other organizations, the Catholic Legal Immigration Network ("CLINIC") and the Refugee and Immigrant Center for Education and Legal Services, in the CARA Family Detention Project ("CARA"), which advocates on behalf of the mothers and children detained in both Karnes, Texas and Dilley, Texas, with the ultimate goal of ending family detention. AILA, the Immigration Council, and CLINIC coordinate and provide direct legal services for families detained in Dilley through the Dilley Pro Bono Project.

This case is of critical concern to the *amici* applicants in light of their longstanding commitment to securing rights for immigrants, including those subject to detention, and their advocacy on behalf of detained children in particular. The *amici* applicants seek to protect the rights of immigrant children in accordance with the language and intent of the *Flores* Settlement.

### III. Conclusion

For the foregoing reasons, this Court should grant this application.

Dated: September 19, 2016    Respectfully submitted,

VAN DER HOUT, BRIGAGLIANO & NIGHTINGALE, LLP
/s/ Zachary Nightingale
Zachary Nightingale (Local Counsel)

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Douglas W. Baruch (Of Counsel)
Karen T. Grisez (Of Counsel)
Ted M. Nissly (Of Counsel)

AMERICAN IMMIGRATION COUNCIL
Melissa Crow (Of Counsel)

Attorneys for *Amici* Applicants American Immigration Council and American Immigration Lawyers Association

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2016, I served the foregoing application on all counsel of record by means of the District Court's CM/ECF electronic filing system.

I also certify that immediately following this electronic filing, counsel for *amici* applicants will email counsel for the Defendants, providing the as-filed application and notifying Defendants that any opposition must be filed no later than 24 hours (or one court day) after service of the application.

/s/ Zachary Nightingale
Zachary Nightingale
VAN DER HOUT, BRIGAGLIANO & NIGHTINGALE, LLP

Attorney for *Amici* Applicants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER RE *EX PARTE* APPLICATION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*