### *PROPOSED* PROTECTIVE ORDER
### FOR DISCOVERY OF PERSONAL INFORMATION

Good cause exists for the entry of this Protective Order because any discovery granted, ordered, or provided in relation to Plaintiffs' May 19, 2016 Motion to Enforce is likely to result in the disclosure by the parties of personal and confidential information, including personally identifiable information or medical information of individuals who are or were in the custody of the Department of Homeland Security and of third parties. The Court having found that good cause exists for entry of an appropriately-tailored confidentiality order governing discovery in this action, HEREBY ORDERS:

1.      This Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall govern all information disclosed or produced as a result of discovery granted, ordered, or provided in this case related to Plaintiffs' May 19, 2016 Motion to Enforce.

2.      Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes Defendants to produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, and without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a Court order, this Order constitutes such a Court Order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this protective order) by other applicable privileges, statutes, regulations or authorities by which Defendants may be bound. The terms of this Protective Order shall also govern the safeguarding of such information by all individuals referenced herein.

3.      As used in this Protective Order, the term "Confidential Personal Information" includes personally identifiable information or medical

information of individuals who are or were in the custody of the Department of Homeland Security and third parties and any information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced.  If a designating party determines that information not described in this paragraph should be designated "Confidential Personal Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

4.    "Confidential Personal Information" may be designated by the parties in one or more of the following ways:

(a)    Any and all confidential personal information contained in documents produced by Defendants to Plaintiffs as a result of discovery governed by this Protective Order shall be designated "Defendants' Confidential Personal Information."

(b)    Any and all confidential personal information produced by Plaintiffs to Defendants as a result of discovery governed by this Protective Order shall be designated "Plaintiffs' Confidential Personal Information."

(c)    "Confidential Personal Information" may be so designated by the Parties simply by inserting the word "Confidential" in a conspicuous place on any documents produced as a result of discovery governed by this Protective Order. "Confidential Personal Information" contained in any statement made during an oral deposition may be designated as "Confidential" either through a statement made on the record, or by serving written notice of the page and line of the confidential deposition portions.  If a Party orally designates testimony as "Confidential" during the course of a deposition by making a statement to that effect on the record, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation. Any individual attending the deposition must leave the room prior to discussion of

whether material is designable if that person is not authorized to view "Confidential Personal Information" under the terms of this Order. If such designations are made through written notice, they shall be made within twenty (20) days of receiving the final transcript.  Until the aforesaid period to designate the deposition has passed, the entire transcript shall be deemed as Confidential Personal Information under the terms of this Agreement.

(d)     If a Party disagrees with a designation of "Confidential Personal Information," it shall provide the Producing Party written notice of its challenge.  If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure addressing discovery disputes.  The Producing Party bears the burden of showing that information is "Confidential" as defined herein.  Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

(e)     Information designated as "Confidential Personal Information," including the portion of any document containing "Confidential Personal Information," may be disclosed only to the following Qualified Persons:

(1)     Defendants' Counsel in this action and any support staff and other employees of such counsel or Defendants assisting in this action with an appropriate need to know;

(2)     Plaintiffs' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any Plaintiffs' Counsel cease to represent plaintiffs or class members in this action for any reason, such counsel shall no longer have access or be authorized to receive any "Confidential Personal Information";

(3)     any experts retained for this action by counsel to a party or support staff or employees for such an expert with an appropriate need to know;

(4)     any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know;

(5)     potential percipient witnesses with an appropriate need to know;

(6)     the Court and its personnel, including court reporters.

(f)     All persons listed in subparagraphs 4(e)(2)-(5) to whom "Confidential Personal Information" is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order for Discovery form, attached hereto as Exhibit A. This requirement does not apply to the disclosure of "Confidential Personal Information" to the Court and its personnel, including court reporters.

5.     Nothing in this Protective Order shall limit or in any way restrict DHS and DOJ Counsel from discussing the cases of these individuals in order to carry out their operations and proceedings. Nothing in this Protective Order shall limit or in any way restrict Defendants' use of information obtained through a source other than through discovery production.  Further, nothing in this Protective Order shall restrict Defendants from performing statutorily authorized functions as they pertain to such individuals, and they may not be held liable for fully executing such authority in ordinary course, notwithstanding this Protective Order.

6.     All discovery labeled "Confidential Personal Information" shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation to said Qualified Persons.

7.     All persons listed in paragraph 4 to whom "Confidential Personal Information" is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 4, any information designated as "Confidential Personal Information," except as provided in this Protective Order.

8.     In the event a party wishes to use any "Confidential Personal Information" produced under this Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5.  The Clerk of the Court is directed to maintain under seal all documents and pleadings filed under seal with the Court in this litigation which has been designated in whole or in part as containing "Confidential Personal Information" produced pursuant to this Protective Order.

9.     If counsel for any party is required by law or court order to disclose, disseminate, or transmit "Confidential Personal Information" produced under this Protective Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for the parties no less than 14 days prior to disclosure/dissemination/transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made until this matter has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who receives "Confidential Personal Information" shall be provided with a photocopy of the Protective Order and shall abide by all terms and conditions set forth herein unless otherwise permitted by Court Order.

10.     Except as provided in this paragraph or elsewhere in this Protective Order, all "Confidential Personal Information" produced or exchanged

pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving this Action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order.

(a)     The limitations and restrictions on "Confidential Personal Information" in this Protective Order shall not apply with respect to information obtained through a source other than through the instant litigation.

(b)     This Protective Order shall not preclude Plaintiffs' counsel from using the information obtained through discovery production to contact class members.

11.     The parties shall maintain "Confidential Personal Information" as follows:

(a)     Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with paragraph 4 shall maintain "Confidential Personal Information" pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to Confidential Personal Information disclosed to and maintained by the Court and its personnel, including court reporters).  Within ten (10) days after the final disposition of this action, including any and all appeals, all "Confidential Personal Information" and copies thereof in the possession of Plaintiffs and anyone to whom "Confidential Personal Information" has been disclosed in accordance with paragraph 4, shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order. If destroyed, it shall be certified in writing to the Producing Party that such information has been destroyed.

(b)     Notwithstanding subparagraph 11(a), counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an

appeal is possible, and for a period of 8 years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Protective Order.

12.     If a Party inadvertently fails to designate material as "Confidential Personal Information" at the time of production, it shall take reasonable steps to notify all Receiving Persons of its failure within five business days of discovery.  The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials, and certify in writing to the Producing Party that such information has been destroyed.

13.     Under Federal Rule of Evidence 502, inadvertent disclosure of any document or information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure.  Except in the event that the Receiving Party disputes the claim, any documents the Producing Party deems to have been inadvertently disclosed shall be, within five (5) business days, returned or destroyed, and the Receiving Party shall provide a certification of counsel that all such disclosed information has been returned or destroyed.  If a claim is disputed, the parties shall follow the procedures outlined in the Federal and Local Rules of Civil Procedure and the Court's standing orders.  Further, any document or information so produced or disclosed, and subject to any subsequent claim of privilege, work-product or any other protection, including protection under this Protective Order, shall not be introduced into evidence in this or any other proceeding by any person without either:  (1) the consent of the

disclosing Party or (2) order of the Court.  Nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was produced in this proceeding.

14.     Nothing in this Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Protective Order affect the right of either Party to seek additional protection against the disclosure of any information, documents or materials, or of the Parties to seek additional disclosures.

15.     Nothing in this Protective Order shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.

16.     Nothing in this Protective Order shall prevent disclosure of otherwise Protected Confidential Personal Information if the person to whom the Confidential Personal Information pertains, and counsel for all Parties, consents to such disclosure in writing, or if the Court, after notice to the Parties, orders such disclosure. Disclosure shall be limited to the extent to which it is authorized by such party or a Court Order.

17.     Nothing in this Protective Order prohibits either party from sharing with the Court information concerning anyone named as a result of this discovery, provided such information is filed pursuant to the rules governing the filing of Confidential Personal Information.

18.     The Parties may modify this Protective Order through a written agreement signed by counsel for all parties.  In the event that all parties do not agree to a proposed modification, each party reserves the right to seek leave of the Court to modify this Protective Order.

19.     This Protective Order shall be binding upon any present or future party to the *Flores et al. v. Lynch, et al.,* No. 85-4544- DMG (C.D. Cal.), litigation as it relates to the production of information as a result of discovery productions governed by this Order.

20.     The terms of this Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Protective Order.

IT IS SO ORDERED.

DATED:

_____

THE HON. DOLLY M. GEE
UNITED STATES DISTRICT COURT
JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGEMENT OF PROTECTIVE ORDER FOR DISCOVERY**

I, _____, am aware of the litigation in *Flores, et al., v. Lynch, et al.*, No. CV 85-4544-DMG  (C.D. Cal.) in the capacity of _____.  I do solemnly swear or aver that I am fully familiar with the terms of the Protective Order for Discovery ("Protective Order") in the above referenced matter on_____, and hereby agree to comply with and be bound by its terms and conditions Order unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court").

I also acknowledge that I have reviewed the provisions of the Protective Order governing "Confidential Personal Information", and understand that this information, which may include personally identifiable information or medical information, may be disclosed to me.  I understand that such information shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with paragraph 4 of the Protective Order.

**For these reasons, I specifically acknowledge, consent and agree to the disclosure requirements, limits and restrictions of the Protective Order** and hereby consent to the jurisdiction of the Court for purposes of enforcing this order.

Executed this _____day of ____ at_____.

Signature: _____