BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
YAMILETH G. DAVILA
Senior Litigation Counsel
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax: (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES, et al., | Case No. cv 85-4544-DMG (AGR) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*** |
| v. | |
| LORETTA E. LYNCH, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Generally, as a matter of policy, the United States Department of Justice does not object to the filing of *amicus* briefs in pending litigation; however, the Court should reject this *ex parte* application because the *amicus* brief is untimely filed and presents cumulative arguments. Initially, no rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief. *Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007). Indeed, this Court's Local Rules do not set forth the procedure for obtaining leave to file an *amicus* brief in the district court nor do the rules furnish standards to guide the Court in determining whether leave to file an *amicus* brief should be granted. Nevertheless, district courts commonly seek guidance from Federal Rule of Appellate Procedure 29, which establishes standards for filing an *amicus* brief in the United States Courts of Appeals. Rule 29(a) permits a non-party to file an *amicus* brief either with consent of all parties or by leave of the Court. Where, as here, the parties do not agree to the participation of *amicus*, "'the extent to which, if at all, an *amicus* should be permitted to participate lies solely within the discretion of the court.'" *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D. N.Y. 1991) (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D. S.C. 1974)).

Consistent with Federal Rule of Appellate Procedure 29(e), the Court should deny the application for leave to file an *amicus* brief because the request was filed well-over seven days after the filing of the principal brief *amici* applicants seek to support. Rule 29(e) requires that a an *amicus* "file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Here, class Plaintiffs' Motion to Enforce the Settlement and Appoint a Special Monitor was filed on May 19, 2016. *See* ECF No. 201. Accordingly, any *amicus* motion for leave to file a brief was due on or before May 26, 2016. Because *amicus* applicants seek to submit a

brief in support of Plaintiffs' motion more than four months after the filing of the principal brief, the request should be denied.

Further, Defendants already filed their opposition to Plaintiffs' motion on August 26, 2016, and are prejudiced by *amicus's* late-filed brief. Specifically, Defendants have requested an evidentiary hearing concerning Plaintiffs' motion to enforce settlement, to be held on October 6, 2016, and the parties are currently completing discovery in anticipation of the forthcoming evidentiary hearing. Although *amicus* applicants make much of the fact that their request was filed on the same day as Plaintiffs' supplemental brief in support of their motion, they miss that a "'principal brief' is the opening brief on the merits, as opposed to a reply brief or another variety of brief." *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) (holding "[i]t would be unsound to treat the phrase 'principal brief' in Rule 29(e) to refer to a document other than the opening brief on the merits."). Consequently, *amicus* applicants' submission is untimely. That the Court should deny leave because the request to file an *amicus* brief is untimely is further supported by *amicus* applicants' utter failure to explain *why* their brief could not have been filed earlier, in conformity with the requirements of Rule 29(e). *See* ECF No. 261. Given the late stage of the litigation, the Court should not grant *amicus* applicants leave to file their untimely brief as it would disrupt the schedule relied upon by Defendants in shaping the litigation. If the Court does grant such leave, the Court should allow Defendants at least two weeks to respond to the late-filed brief, which may require rescheduling the currently-scheduled October 6, 2016 hearing.

In their motion, *amicus* applicants rely on *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, No. CV 08—04920 CAS (CTx), 2008 WL 4381644 (C.D. Cal. Sept. 4, 2008) for the proposition that their application is timely. ECF No. 261 at 5. *Amicus* applicants ignore that, in addition to having no precedential value, *Am. Trucking* is distinguishable because, unlike the brief offered here, the *amicus* brief

in that case was probative. Here, the proposed brief merely reiterates Plaintiffs' position regarding the correct interpretation of the settlement agreement. ECF No. 261-1. Instructively, Rule 37.1 of the Rules of the Supreme Court of the United States provides that an *amicus* brief should bring "to the attention of the Court relevant matter not already brought to its attention by the parties." The Rule further states that "[a]n *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored." *Id.* This perspective has been adopted by federal courts across the United States and is readily applicable here.[1] *See, e.g., Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also Gabriel Technologies Corp. v. Qualcomm Inc.*, 2012 WL 849167, at *4 (S.D. Cal., Mar. 13, 2012); *Beesley v. International Paper Co.*, 2011 WL 5825760 (S.D. Ill., Nov. 17, 2011); *JPMorgan Chase Bank, N.A. v. Fletcher*, 2008 WL 73233 (N.D. Okla., Jan. 7, 2008). Indeed, the Ninth Circuit's Circuit Advisory Committee Note to Circuit Rule 29-1 directs that "amici briefs should not repeat arguments or factual statements made by the parties." Consequently, the Court should deny leave to file the proposed *amicus* brief on this additional basis.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the *Ex Parte* Application for Leave to File Brief as *Amici Curiae*, or if permission to file the brief is granted, provide Defendants with at least two weeks to respond to this late-filed Brief.

---

[1] It also warrants noting that the proposed *amicus* brief should be rejected for failure to comport with length limitations. Pursuant to Federal Rule of Appellate Procedure 29(d), an *amicus* brief, except by the Court's permission, "may be no more than one-half the maximum length authorized by these rules for a party's principal brief." Under Rule 32(a)(7)(A), the principal brief may not exceed thirty pages. Here, *amicus* applicants' proposed brief exceeds the limit provided by Rule 29(d) in that it is twenty-five pages in length, well-over half the size permitted for a principal brief pursuant to Rule 32(a)(7)(A). *See* ECF No. 261-1. Since *amicus* applicants have not requested leave to exceed the permitted page limit, the Court should deny leave to file their brief on this additional basis.

DATED: September 20, 2016    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
YAMILETH G. DAVILA
Senior Litigation Counsel

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants