BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*,<br><br>    Defendants. | Case No. CV 85-4544-DMG<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN EVIDENTIARY HEARING**<br><br>Hearing Date:  October 6, 2016<br>Time: 10:00am<br>Dept: Courtroom 7, Los Angeles - Spring Street Courthouse |

Defendants filed their Motion for an Evidentiary Hearing, ECF No. 256 ("Motion"), on September 7, 2016, and noticed it for hearing on October 6, 2016. Pursuant to L.R. 7-9, Plaintiffs' Opposition was due to be filed on September 15, 2016; however, Plaintiffs filed no opposition on or before that date. Instead, without requesting leave of this Court or seeking any extension of their filing date, Plaintiffs submitted their arguments in opposition to Defendants' Motion in an unrelated reply brief filed on September 19, 2016 (ECF No. 262). Where Plaintiffs failed to meet their deadline under this Court's rules, and provided no explanation nor sought any permission from the Court to file their response four days late, under L.R. 7-12 there is good reason to find that Plaintiffs' have not opposed Defendants' Motion, and to set Plaintiffs' enforcement motion for an evidentiary hearing.

Moreover, should the Court consider the arguments in Plaintiffs' September 19, 2016 filing as an untimely Opposition to Defendants' Motion, there is still good reason to grant Defendants' Motion, and to set Plaintiffs' enforcement motion for an evidentiary hearing.

To start, Plaintiffs' assertion that there are no material disputes of fact with regard to Plaintiffs' enforcement motion is incorrect. Most notably, with regard to Plaintiffs' claim that U.S. Customs and Border Protection ("CBP") facilities do not comply with the *Flores* Settlement Agreement ("Agreement"), there are a

significant number of material factual issues that are raised by the declarations submitted by the parties. As an example, Plaintiffs contend that minors have inadequate access to food in CBP facilities, while CBP asserts that it feeds minors adequate and regular meals. In support of their position, Plaintiffs rely on the hearsay declarations of various individuals who assert that they were not fed adequately while in CBP custody. Defendants, in turn, demonstrate that genuine factual issues exist by submitting the declarations of CBP employees who describe the policies and practices that govern the provision of food in the facilities in which Plaintiffs' declarants were held, and CBP's own records which in several cases dispute the assertions of Plaintiffs' declarants.[1] This conflicting evidence creates a clear dispute of fact, and raises questions relating to the credibility of

---

[1] Plaintiffs' assertion that these records do not create a dispute of fact where Defendants' records specifically dispute the testimony of Plaintiffs' declarant is untenable and ignores the evidence itself. ECF No. 262 at 7 n.3. Plaintiffs argue that the minor about whom Defendants submitted record evidence "may have gone hungry during the first 24 hours of custody and then was provided ten 'meals' (small frozen burritos or sandwiches with a slice of bologna) on the second day and night." *Id.* However a review of the evidence submitted by Defendants shows that the minor in question was offered, and accepted, a meal approximately one hour after he arrived at the CBP facility, and received regular meals thereafter, including two within the first day he was there. *See* ECF No. 214-1, Declaration of David W. Strange, Exhibit A. This disputes the declarant's statement that "he was provided 'only 2 cookies and 1 ham sandwich during his first day in CBP custody[.]'" Plaintiffs cannot create an absence of factual disputes by simply ignoring or re-characterizing the evidence submitted by Defendants.

2

witnesses, all of which the Court must resolve in order to decide Plaintiffs enforcement motion.

Similar disputes of fact[2] exist with regard to the other issues related to conditions at CBP facilities: 1) Plaintiffs contend that minors have inadequate access to clean water, while Defendants contend that clean and potable water is readily available in hold rooms where minors are held; 2) Plaintiffs contend that CBP facilities are unsanitary and unfit for human habitation, while Defendants contend that these facilities are regularly cleaned and maintained in a safe and sanitary condition; 3) Plaintiffs contend that minors suffer from extremely cold temperatures, while Defendants contend that CBP facilities are maintained at safe and reasonable temperatures; and 4) Plaintiffs contend that hold rooms in CBP facilities are regularly overcrowded and deprive minors of sleep, while Defendants contend that CBP processes minors as quickly as possible, and provides bedding where possible, so that minors are not regularly deprived of sleep while in CBP

---

[2] Many of these issues also may involve mixed questions of law and fact to determine the relationship between what CBP does at its facilities, and what is actually required by the Agreement. Most notably, the Agreement contains no express provision that requires CBP to provide "access to sleep" in the manner contended by Plaintiffs, and the Agreement should not be expanded to include any such requirement. Resolution of these mixed issues of law and fact require an evidentiary hearing as well.

custody.³ Plaintiffs simply are incorrect to assert that there are not disputes of fact with regard to all of these issues that will need to be resolved by this Court.⁴

Moreover, Plaintiffs' arguments fail because the Court is not simply being asked to determine whether material disputes of fact exist, but to decide whether "factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate . . . ." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992). In order to decide the issue regarding the conditions that exist in CBP facilities (and to resolve any other issues in Plaintiffs' enforcement motion that the Court decides cannot be decided as a matter of law), the Court will need to make findings of fact regarding the conditions that exist at these facilities. The burden to establish these facts rests first and foremost with Plaintiffs, as the party that has brought this motion. *See Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F.Supp.2d 1184, 1194 (C.D.

---

³ Defendants further note that the records submitted by Defendants do show at least one instance of children sleeping in the CBP facilities. *See* Opposition at 18 (referencing the declaration of Todd Hoffman).

⁴ As will be detailed in subsequent filings over the next few days, Defendants believe that there are several issues of law that can be decided by this Court without the need for predicate factual findings, particularly with regard to the other issues in Plaintiffs' enforcement motion not related to conditions at CBP facilities. Defendants intend to propose that the Court should resolve those legal issues first, which will not only resolve several of the issues in Plaintiffs' motion, but may also narrow, or focus, the factual issues that need to be resolved to decide any remaining issues.

Cal. 2007) ("Plaintiff has the burden at trial of proving all elements of its breach of contract claim.").[5]

Plaintiffs' arguments in opposition to an evidentiary hearing ignore the important fact that Plaintiffs cannot even begin to meet their burden to prove the necessary facts to succeed on their motion without asking the Court to consider the testimony of their declarants. Plaintiffs do not dispute – and in fact they adopt – the case law cited by Defendants that clearly establishes that it is reversible error to decide issues of credibility without an evidentiary hearing. And Plaintiffs further utterly fail to explain why issues of credibility would not be central to determining whether the testimony of any of Plaintiffs' declarants supports Plaintiffs' position and provides the evidence they need to meet their burden. As Defendants contended in their Motion, this testimony should be admitted only in accordance with the Federal Rules of Evidence, and not in its current unreliable, and inadmissible form. *See* Fed. R. Evid. 102 (noting that the Federal Rules of Evidence exist, explicitly, "to the end of ascertaining the truth and securing a just determination").

Thus, for all of the reasons in Defendants' Motion, and above, it is clear that even if the Court considers Plaintiffs' untimely arguments in opposition to

---

[5] Plaintiffs also do not dispute that the clear and convincing evidence standard applies to their burden. *See* ECF No. 262 at 11.

5

Defendants' Motion, the Court should nonetheless grant Defendants' Motion and order that all factual issues in this case be decided at an evidentiary hearing. Excluding hearsay evidence (of indeterminate reliability and foundation), and requiring oral testimony by the parties' witnesses from their personal knowledge in accordance with Federal Rule of Evidence 602 is the best way to ensure that the factual issues in this case may be fully litigated, and fairly resolved by this Court.

DATED: September 22, 2016    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                               /s/ Sarah B. Fabian
                               SARAH B. FABIAN
                               U.S. Department of Justice
                               District Court Section
                               Office of Immigration Litigation

                               Attorney for Defendants