# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT** |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*, | |
| Defendants. | |

In accordance with the Court's September 16, 2016 Minute Order (ECF No. 259), the parties submit the following status report regarding their proposals for the next steps in this litigation.[1]

**DEFENDANTS' PROPOSAL GENERALLY**

Defendants believe that several of the issues raised in Plaintiffs' motion are questions of law that can be resolved without the Court needing to make findings of fact. Therefore, Defendants propose that the Court hear argument on the legal issues related to Plaintiffs' enforcement motion at the currently-scheduled October 6, 2016 hearing, and propose that the Court set the remaining factual issues for an evidentiary hearing after those legal issues have been resolved.

Below, Defendants detail, for each of the six issues raised in Plaintiffs' enforcement motion, the legal issues they believe can be decided without the Court needing to make any findings of fact, and the issues of fact that need to be reserved for an evidentiary hearing. As a general matter, Defendants maintain their position that for any of the six issues, if the Court disagrees that any issue can be resolved as a matter of law, then that issue should be set for an evidentiary hearing at which

---

[1] The parties respectfully ask the Court to accept this filing one business day out of time. Completion of the Joint Statement was delayed because of the parties' deposition schedule, and because of an unexpected computer outage at the U.S. Department of Justice on Friday evening.

-1-

testimony and evidence will be presented in accordance with the Federal Rules of Evidence.

**PLAINTIFFS' PROPOSAL GENERALLY**

As stated in Plaintiffs' Combined Reply in Support of Motion to Enforce Settlement and Appoint a Special Monitor and Opposition to Defendants' Motion for Evidentiary Hearing [Dkt. # 262] ("Plaintiffs' Reply"), Defendants' opposition fails to identify material issues of fact allegedly in dispute either regarding CBP conditions (Plaintiffs' Reply at 4-8) or Plaintiffs' claims that Defendants are failing to make and record prompt and continuous efforts to provide the option for release under Paragraphs 14 and 19, continue to detain Class Members with unrelated adults, continue to detain Class Members for extended periods of time (weeks and months) in lock down facilities that are unlicensed, and continue to interfere with Class Members' access to counsel. Plaintiffs Reply at 13, 18-27.[2]

---

[2] Defendants fail to set forth specific evidence that calls into question the particular allegations in Plaintiffs' declarations. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not swiping conclusory allegations."). In the summary judgment context, "[t]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute *as to a specific fact* essential to the other side's case to demand at least one sworn averment *of that fact* before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (emphasis added). The Supreme Court has extended the "genuine" dispute analysis for deciding summary judgment motions to other procedures. *See, e.g., Anderson v. Liberty Lobby, Inc.*,

Depositions of CBP officials show that at several CBP facilities Class Members are not permitted attorney visits at all.³

**CLAIM ONE:**

**DEFENDANTS' POSITION**

As argued in Defendants' Opposition (ECF No. 208), Defendants believe that the Court should decline to reach Plaintiffs' contention that the conditions in U.S. Customs and Border Protection ("CBP") facilities violate the Agreement. This Court considered these exact allegations in 2015, and concluded that even to the extent that CBP facilities were in breach of the Agreement, the appropriate remedy was to require CBP to "monitor compliance with their acknowledged standards and procedures" for complying with the Agreement. August Order (ECF No. 189) at 14-15. Plaintiffs do not allege, or provide any evidence to show, that CBP is not monitoring its compliance. At the same time, CBP has provided extensive undisputed evidence that it has implemented sophisticated monitoring systems to ensure that each minor in its custody receives the enumerated services that are

---

477 U.S. 242, 251-52 (1986) (considering meaning of "genuine" dispute of material fact in context of motion for directed verdict).
³ While Plaintiffs have submitted proposed Orders, they may modify those proposed Orders based on a better understanding of Defendants' current practices as a result of deposition testimony of Defendants' officers in charge of several Border Patrol Sectors and all three detention centers operated for mothers and their Class Member children.

required under the Agreement. Therefore, Plaintiffs cannot show that CBP is not complying fully with the Court's August Order.

Plaintiffs' May 19, 2016 Motion raises the same allegations as were previously litigated in and resolved by the Court's August Order. Yet Plaintiffs now contend that (1) oversight by a special monitor is required and (2) the scope of the Agreement should be expanded to include issues known to the parties at the time of the Agreement, yet not explicitly included within the Agreement. Plaintiffs have provided no justification for re-litigating whether CBP complies with the Agreement, or for ordering additional remedies against CBP. Thus, the Court should find that Plaintiffs have failed to establish that CBP is not in compliance with the Court's August Order, and should dismiss Plaintiffs' claim against CBP.

If the Court decides to reach the issue of whether Plaintiffs have established that the conditions at CBP facilities violate the Agreement, then Defendants' believe this issue requires resolution of several disputed issues of fact, and disagrees with Plaintiffs' contention below that they have not disputed the issues of fact raised by Plaintiffs. The Court should set this issue for an evidentiary hearing at which testimony and evidence will be presented in accordance with the Federal Rules of Evidence. In doing so, the Court should set a schedule for the parties to identify the witnesses and evidence on which they intend to rely, and to submit pretrial briefing for the Court's consideration. This will assist the parties, and the

-4-

Court, in identifying the facts and issues in dispute, and tailoring the evidentiary hearing to address those disputed issues.[4]

**PLAINTIFFS' POSITION**

(A) Children in CBP facilities suffer from inadequate access to food. *See* Motion to Enforce Settlement and Appoint a Special Monitor [Dkt. # 201] ("Motion") at 6 and Exhibit 2 at 1-3 [Dkt # 201-1] ("Ex. 2"). Defendants have not disputed the nutritional inadequacy of meals served Class Members (thin bean burritos and sandwiches consisting of 2 slices of dry bread and one slice of bologna), and have only offered records allegedly showing that in a handful of cases, Defendants' records disagree with a declarant's statement about the number of burritos or "sandwiches" made available to Class Members during a particular time period.[5] Defendants do not dispute the vast majority of declarants' statements about inadequate food.

---

[4] Counsel for Defendants will be out of the country from October 11-28, 2016, and requests that any such briefing deadlines be set for a date in November, after she returns.

[5] Defendants offer computer print-outs attached to a declaration of an employee based in Washington DC. That employee offers no information about (1) who specifically entered the data about meals allegedly served, (2) whether the person who entered the data actually served the meals or was informed by someone else that meals were allegedly served, (3) the reliability of the data inputted, (4) the instructions given to agents about inputting data, etc. The computer print outs offered by Defendants do not address claims that some meals were frozen when served nor does the data provide any information about the nutritional value of the
−5−

(B) *Flores* class member children in CBP facilities continue to suffer from inadequate access to clean drinking water. Motion at 7 *and Ex. 2 at 3-4*. Defendants never identify any genuine disputed material fact in Plaintiffs' declarations. Instead Defendants' declarations state based on information received by Defendants' declarants from unknown third parties or unidentified records that clean water is generally available to Class Members.

(C) *Flores* Class Member Children are held in CBP facilities that are unfit for human habitation. Motion at 8 and Ex. 2 at 4-6.. Defendants have not disputed the specific allegations of Class Members and their mothers.

(D) *Flores* class member children continue to suffer from extremely cold temperatures in CBP detention cells. Motion at 10 and Ex. 2 at 6-8. Defendants have not disputed the specific allegations of Class Members and their mothers.[6]

(E) *Flores* class member children are held in inhumanely overcrowded CBP detention cells and are forced to endure sleep deprivation. Motion at 11 and Ex. 2

---

meals allegedly provided to Class Members nor does the data show whether meals were not eaten because they were inedible.

[6] Defendants simply allege that their agents keep the temperature in CBP cells at 66 to 80 degrees. Defendants' declarations are not executed by anyone with personal knowledge of the temperatures alleged by Plaintiffs' declarants. Sleeping on a concrete floor in 66 degree temperature can obviously feel freezing to any child.

at 8-11. Defendants have not disputed the allegations of Class Members and their mothers about severe ovrecrowding in CBP cells.

**Claim Two:**

**DEFENDANTS' POSITION**

Defendants submit that the Court can decide this issue as a matter of law. The Agreement specifically requires Defendants to provide class members with three rights advisals: (1) the I-770; (2) a list of legal counsel; (3) the Notice of Right to Judicial Review. Neither Plaintiffs' motion nor their supplemental filing clearly identifies which specific notices required under the Agreement they allege that Defendants are not providing.

Undisputed evidence establishes that Defendants provide (1) and (2) to all class members. Plaintiffs' new claim that their provision of these notices is not sufficient is a new issue that is being raised for the first time in this Joint Statement. Defendants have acknowledged that at the time Plaintiffs filed their motion they did not provide (3) to minors at U.S. Immigration and Customs Enforcement ("ICE") family residential centers ("FRCs"), but stated in their Opposition that they would do so. Plaintiffs had not raised the issue of (3) previously, and it was not raised in either their February 2015 motion to enforce or by the Court's orders addressing that motion. However, as soon as Plaintiffs brought the issue to Defendants' attention, Defendants addressed the issue.

Assistant Field Office Directors ("AFODs") Juanita Hester, Valentin de la Garza, and Joshua G. Reid, all testified at their depositions that they are currently providing (3) to all minors. *See* Deposition of Juanita Hester, at 35-36; Deposition of Valentin de la Garza at 43; Deposition of Joshua G. Reid, at 12-13.

However, since it nonetheless appears that Plaintiffs dispute that Defendants are now providing all three required notices (a dispute that they did not raise in their supplemental filing), the Court should set this issue for an evidentiary hearing at which testimony and evidence will be heard in accordance with the Federal Rules of Evidence.

**PLAINTIFFS POSITION**

There is no dispute that until after the motion was filed, Defendants were in violation of the Settlement by not distributing the Notice of Right to Judicial Review and their voluntary cessation does not moot this claim. Regarding distribution of the notice of rights Form I-770 and list of legal services, the deposition testimony of Defendants' declarants establishes that in several or most CBP facilities Class Members or their mothers may be briefly shown these documents during initial intake processing and are supposed to memorize them. There is no disputed material fact regarding Plaintiffs' almost universal declarations that they were not provided written notices of their legal rights.

**Claim Three:**

**DEFENDANTS' POSITION**:

Defendants submit that this issue can be decided as a matter of law.[7] The legal issue for resolution by the Court is whether – as Plaintiffs appear to assert – the Agreement requires Defendants to make and record efforts to release minors from its custody separately from their accompanying parent where the family unit has not yet established any eligibility for release (i.e.: (1) in situations of an influx where the family unit has not yet established reasonable or credible fear; (2) where the family unit has a final order of removal that DHS is seeking to execute and the parent has been determined to be a flight risk; (3) where the family unit is in mandatory detention; or (4) where the adult is properly in detention under the Immigration and Nationality Act and the minor is being held with the adult parent for their own safety pursuant to Paragraph 14 of the Agreement as the Ninth Circuit suggested would be permissible. The legal issue framed below was not raised in Plaintiffs' original motion, and was raised only in their supplemental briefing. Defendants' response to this position is contained in their supplemental briefing to be filed September 26, 2016. While Defendants dispute that this is the

---

[7] Defendants' contention is based on their understanding of the issue framed by Plaintiffs. If, however, the Court decides that there is a dispute of material fact that needs to be resolved in order to rule on this issue, then the Court should set this issue for an evidentiary hearing at which testimony and evidence will be heard in accordance with the Federal Rules of Evidence.

-9-

issue originally raised in Plaintiffs' motion, Defendants acknowledge that this too is a question of law.

### PLAINTIFFS' POSITION

DHS fails to make and record ongoing efforts aimed at release or placement of Class Members. Motion at 13 and Ex. 2 at 13. Whether CBP and ICE may avoid making and recording expeditious efforts aimed at the possible release of a Class Member under the Settlement by exercising their discretion to place the minor in expedited removal proceedings is a matter of law.[8]

**Claim Four:**

### DEFENDANTS' POSITION

Defendants submit that the Court can decide this issue as a matter of law.[9] It is undisputed that accompanied minors are housed with their parents at ICE FRCs, and that multiple family units are housed together at the facilities. Plaintiffs contend that the fact that accompanied children at these facilities are held with unrelated adults violates the Agreement. Defendants contend that the use of FRCs

---

[8] If Defendants' are required to comply with Paragraphs 14 and 19, their efforts are supposed to be undertaken and recorded as expeditiously as possible and without unnecessary delay.

[9] If the Court decides that there is a dispute of material fact that needs to be resolved in order to rule on this issue, then the Court should set this issue for an evidentiary hearing at which testimony and evidence will be heard in accordance with the Federal Rules of Evidence.

does not violate the Agreement because the prohibition in the Agreement that Plaintiffs allege is violated by Defendants' actions clearly – based on the express language of the Agreement – applies only to unaccompanied minors, and to apprehension initially following arrest (i.e., minors in CBP custody). *See* Agreement at ¶ 12.A. Moreover, both this Court and the Ninth Circuit have permitted the use of FRCs in various circumstances. *See also Bunikyte v. Chertoff*, No. 1:07-cv-00164-SS, 2007 WL 1074070 (W.D. Tex. Aug. 26, 2007). Accordingly, this is a legal issue that the Court can decide based on the parties' briefing, without resolving any disputed issue of fact.

**PLAINTIFFS' POSITION**

*Flores* class member are routinely commingled for extended periods of time with unrelated adults. Motion at 16 and Ex. 2 at 17. Defendants admit that they routinely commingle Class Member children with unrelated adults (male and female). Motion Whether this practice violates the Settlement is a matter of law.

**Claim Five:**

**DEFENDANTS' POSITION**

Defendants submit that the Court can decide this issue as a matter of law.[10] Plaintiffs contend that Defendants violate the Agreement by holding minors at ICE FRCs for periods of time that may include months of detention. Defendants do not dispute that a small percentage of family units have been held at ICE FRCs for longer than 20 days in unique circumstances, including when a final order of removal could have been executed but the families have sought one or more stays of removals while pursuing ongoing litigation. *See, e.g.*, *Castro v. DHS*, No. 16-1339 (3d Cir. Aug. 29, 2016). Defendants contend, however, that the individuals who have been held in ICE FRCs for longer than 20 days have been held on legal grounds that do not violate the Agreement or this Court's orders. Accordingly, the Court can resolve this issue as a matter of law, and does not need to hold an evidentiary hearing.

**PLAINTIFFS' POSITION**

Flores class member are routinely commingled for extended periods of time with unrelated adults. Motion at 16 and Ex. 2 at 17. The evidence shows that Class Members are detained in secure facilities (not licensed for the care of dependent children) for weeks or months. It is uncontested that Defendants' detention centers

---

[10] If the Court decides that there is a dispute of material fact that needs to be resolved in order to rule on this issue, then the Court should set this issue for an evidentiary hearing at which testimony and evidence will be heard in accordance with the Federal Rules of Evidence.

are secure. Only Berks claims the facility is not secure but admits that any effort tot leave without being released will be treated as an "escape" and the person will be considered a "fugitive" and subject to "arrest." Whether Defendants may hold Class Members for weeks or months in secure lock-down facilities consistent with the Settlement is a question of law.

**Claim Six:**

    **DEFENDANTS' POSITION**

Defendants submit that the Court can decide the majority of this issue as a matter of law. Specifically, the plain text of the Agreement contains no provisions that provide any right of access to counsel that the Court could find Defendants have violated. *See* July 2015 Order, at 3 (citing *Bank of the West v. Superior Court*, 2 Cal. 4 th 1254, 1264, 10 Cal. Rptr. 2d 538 (1998) (where the contract language is clear, the plain language of the contract governs)). Plaintiffs' request that the Court add such provisions to the Agreement should be denied as a matter of law, and does not raise factual questions that must be resolved at an evidentiary hearing. However, should the Court decide that it needs to resolve the factual question of whether Defendants are interfering with any right of access to counsel contained in the Agreement, the Court should set this issue for an evidentiary hearing at which testimony and evidence will be heard in accordance with the Federal Rules of Evidence.

Plaintiffs also assert that Defendants are violating the Agreement by transferring minors without notice to their counsel. Defendants dispute this contention. This is a disputed factual issue that requires resolution by the Court, and the Court therefore should set this part of Issue Six for an evidentiary hearing at which testimony and evidence will be heard in accordance with the Federal Rules of Evidence.

**PLAINTIFFS' POSITION**

Defendants have failed to specifically identify genuine material issues of fact in dispute. Whether Plaintiffs have a right to counsel and whether the evidence shows those rights have been violated is matter of law.

DATED: September 26, 2016  /s/ Peter A. Schey
PETER A. SCHEY
Center for Human Rights and Constitutional Law

*Attorney for Plaintiffs*

DATED:  September 26, 2016  BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

/s/ Sarah B. Fabian
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824; Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2016, I served the foregoing on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

        /s/ *Peter Schey*
        Peter Schey

        Attorney for Plaintiffs