BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO** |
| | **BRIEF OF IMMIGRANT RIGHTS** |
| v. | **ORGANIZATIONS AS AMICI** |
| | **CURIAE** |
| LORETTA E. LYNCH, Attorney | |
| General of the United States; *et al.,* | Hearing Date:  October 6, 2016 |
| | Time: 10:00am |
| Defendants. | Dept: Courtroom 7, Los Angeles - Spring |
| | Street Courthouse |

# I. <u>ARGUMENT</u>

### A. <u>The Court Should Not Consider New Issues Raised By Amici, But Not Contained In Plaintiffs' Motion to Enforce.</u>

Amici seek, long after the initial briefing was completed, to involve themselves in the pending motion proceedings in this case. But Amici do not limit themselves to the issues currently before the Court in Plaintiffs' enforcement motion. For example, they contend that the Government should not be allowed to use expedited removal, because it cannot be completed in less than five days. Amici Brief at 7-12. However, not only does this argument seek relief that is impermissible under the Immigration and Nationality Act ("INA"), as discussed below, it also never was raised in Plaintiffs' enforcement motion, and was only partially raised by Plaintiffs' recently-filed supplemental briefing.

Amici also seek to challenge the procedures that Defendants have put into place to adjudicate claims of credible fear and reasonable fear. Amici Brief at 12-17. These claims also were not raised in Plaintiffs' original motion, nor are they based on any alleged violation of the *Flores* Settlement Agreement ("Agreement"). To the extent Amici wish to raise due process challenges to these procedures, they should not be allowed to append them onto this ongoing proceeding. In general, Amici should not be allowed to introduce new issues into this case that were never raised by the enforcement motion currently being litigated, and which are not part of the Agreement. To the extent Amici have done so, the Court should

1

decline to consider these new issues. The proper remedy, if Amici wish to raise these issues, is for them to file separate litigation.[1]

### B. Amici Seek A Result That Is Contrary to Law And Beyond the Jurisdiction Of This Court.

As Plaintiffs did in their most recent supplemental brief (although they never raised the issue in their initial enforcement motion), Amici ask this Court to eliminate the Government's ability to use expedited removal as a tool to secure the border following the unprecedented and continuing surge in illegal migration at the southwest border since 2014, and to effectuate removal of family units who fail to establish they are eligible to apply for relief. In many cases, this would leave the Government with the only available option being to: (1) immediately release all family units into the United States upon their apprehension, pending their appearance before an immigration judge; and (2) place them into non-expedited removal proceedings under Section 240 of the INA, 8 U.S.C. § 1229a. These non-expedited proceedings often take several years to complete because of a record backlog of cases, and a large percentage of aliens in such proceedings fail to ever appear for their hearings.[2] Congress gave the U.S. Department of Homeland

---

[1] Similar due process challenges to procedures involving claims of credible fear were rejected in *Castro v. DHS,* No. 15-6153 (E.D. Pa. filed Nov. 16, 2015), *appeal docketed*, No. 16-1339 (3d Cir. Feb. 17, 2016), *aff'd*, --- F.3d --- (3d Cir. Aug. 29, 2016).

[2] *See* FY 2015 EOIR Statistical Yearbook at P2-P3, *available at* https://www.justice.gov/eoir/page/file/fysb15/download (stating that there is currently a 41-44% *in absentia* rate for aliens in immigration court proceedings).

Security ("DHS") discretion to use the tool of expedited removal to combat illegal immigration. Nothing in the Agreement purports to limit, or otherwise eliminate, the agency's discretion. And there is no good reason provided by Amici, or by Plaintiffs, why this Court should read the Agreement to eliminate this important statutory provision, and limit the agency's discretion, in the absence of a clear stated intent by the parties to do so.

There are three key problems with what Amici are seeking. First, Amici essentially are asking the Court to reconsider its July and August orders in this case. However, there is no basis for the Court to do so. In its August Order, the Court acknowledged that the current practices of DHS, where credible fear and reasonable fear screenings were completed in an average of 20 days, were in compliance with the Agreement "if 20 days is as fast as Defendants, in good faith and in the exercise of due diligence, can possibly go in screening family members for reasonable or credible fear . . . ." August Order at 10. Specifically, the Court found that the 20-day timeline was squarely within the requirements of Paragraph 12A of the Agreement, which, "in the event of an emergency or influx of minors into the United States," permits the transfer of class members to licensed facilities "as expeditiously as possible." Amici ignore the plain language of the Agreement, which defines "influx" as "those circumstances where the INS has, at any given time, more than 130 minors eligible for placement in a licensed program . . . ," and

make no argument – nor could they – that the current situation on the southwest border does not constitute an influx.

In addition, it should be noted that at the time of Defendants' Opposition filing, the average screening time was even less than the 20-day target. *See* Opposition, ECF No. 208, at 25-26 (noting that for the 18,706 residents initially booked into U.S. Immigration and Customs Enforcement ("ICE") family residential centers ("FRCs") from October 23, 2015, to May 18, 2016, and subsequently released or removed as of May 16, 2016, the average length of stay was 11.8 days), and there has been no substantial change to that timing. Thus, the processing times that were considered by the Court, and which led the Court to make its initial finding that the target of a 20-day processing time was in compliance with the Agreement, have actually improved since the time of the Court's order.

Moreover, the number of family units illegally crossing the southwest border continues to increase since the Court's August Order was entered. Thus, again, the Court should not reconsider its finding that a 20-day average processing time is compliant with the Agreement when DHS is meeting, or even improving upon, that processing time, even in the face of increased migration numbers. Neither Plaintiffs, nor Amici, have provided any evidence that the Government can, or should, be more quickly processing these family units who are currently being screened for credible fear or reasonable fear and released in even less time than the

Court has already found is compliant with the Agreement. Where there is no dispute that the Government is moving as expeditiously as possible to process these family units, and the Court should not reconsider its prior orders in this case in the manner urged by Amici.

The second problem with Amici's arguments is that, for all of the reasons discussed in Defendants' Supplemental Brief (ECF No. 268, at 11-17), their arguments are in clear conflict with both the INA, and the decision of the U.S. Court of Appeals for the Ninth Circuit. To start, Amici's contention that the INA does not require the Government to place family units into expedited removal proceedings does not address the prohibition in 8 U.S.C. § 1252(f)(1). As discussed in Defendants' Supplemental Brief, this provision prevents this Court from issuing any class-wide order that would preclude the Government from using its statutorily-provided discretionary authority under 8 U.S.C. § 1225 to place individuals into expedited removal proceedings and detain them pending removal, or to detain individuals pending execution of a reinstated order of removal under 8 U.S.C. § 1231. On this basis alone, Amici's argument that the Court should preclude the Government from using expedited removal for *Flores* class members must fail.

Further, given that the Ninth Circuit has clearly held that the Court cannot order the release of the accompanying parent or guardian in a family unit, *see Flores v. Lynch*, 828 F.3d 898, 908-09 (9th Cir. 2016), Amici do not address the

5

obvious question that follows: whether the Court should order that minors be released by turning them over to the U.S. Department of Health and Human Services ("HHS"), or whether it is preferable to maintain family unity by holding the child in an ICE FRC with his or her parent. Certainly, the release of a child without his or her accompanying parent or guardian would not be required if the Government determines that it is necessary to keep the child with his or her mother "to ensure the minor's safety or that of others . . . ." Agreement ¶ 14. And in the majority of cases, it is safer for the child to remain with his or her parent at an ICE FRC than for that child to be transferred to HHS and potentially released to a sponsor.[3] *See Bunikyte, ex rel. Bunikiene v. Chertoff*, 2007 WL 1074070, at \*16 (W.D. Tex., Apr. 9, 2007) ("Both Plaintiffs and Defendants recognize that keeping the minor Plaintiffs with their parents is in their best interests . . . ."); July Order at 9 n.5. Where Amici ask this Court to order relief that cannot be reconciled with the decision of the Ninth Circuit and the requirements of the INA, this Court should decline to do so.

---

[3] *See* Gurule Decl. ¶ 16 (noting ICE lacks the institutional capacity to assess the suitability of custodians other than a parent or legal guardian and is not authorized to expend appropriated resources to conduct such suitability analyses); *see also Flores v. Lynch*, Case No. 15–56434, Oral Argument dated June 7, 2016, *available at* [https://www.youtube.com/watch?v=Kbykk6nFMLU](https://www.youtube.com/watch?v=Kbykk6nFMLU) (the Court's discussion from 22:45 to 24:20 supports the Government's contention that the Ninth Circuit agrees with its interpretation of Paragraph 14's safety provision such that minors are better off not being separated from parents that will remain in detention).

Third, and finally, Amici's arguments fail because their proposal would actually lengthen the amount of time that minors would spend in Government custody. If a minor must be separated from his or her accompanying parent, then the minor must be transferred to the custody of HHS. *See* 6 U.S.C. § 279; 8 U.S.C. § 1232(b). In fiscal year 2015, the average length of stay of a child in HHS custody was 34 days. *See* Office of Refugee Resettlement, Facts and Data, available at: http://www.acf.hhs.gov/orr/about/ucs/facts-and-data. As noted above, under the current practices, the majority of minors in ICE FRCs are being released along with their parent in less than 20 days. Thus, in addition to the negative impact on family unity, Amici's argued proposal would result in more – not less – time in Government custody for minors who arrive with an accompanying parent or guardian, and whose parent or guardian must remain in ICE custody.

## II.    <u>CONCLUSION</u>

For all of the above reasons, as well as the arguments raised in Defendants' Opposition (ECF No. 208), and Supplemental Opposition (ECF No. 268), the Government requests that the Court deny Plaintiffs' enforcement motion.

DATED:      September 30, 2016          Respectfully submitted,

                                           BENJAMIN C. MIZER
                                           Principal Deputy Assistant Attorney General
                                           Civil Division

                                           LEON FRESCO
                                           Deputy Assistant Attorney General
                                           Civil Division

                                           WILLIAM C. PEACHEY
                                           Director, District Court Section
                                           Office of Immigration Litigation

                                           WILLIAM C. SILVIS
                                           Assistant Director, District Court Section
                                           Office of Immigration Litigation

                                           */s/ Sarah B. Fabian*
                                           SARAH B. FABIAN
                                           Senior Litigation Counsel
                                           Office of Immigration Litigation
                                           District Court Section
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, D.C. 20044
                                           Tel: (202) 532-4824
                                           Fax: (202) 305-7000
                                           Email: sarah.b.fabian@usdoj.gov

                                           *Attorneys for Defendants*

1

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 30, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.


                                                        /s/ *Sarah B. Fabian*
                                                        SARAH B. FABIAN
                                                        U.S. Department of Justice
                                                        District Court Section
                                                        Office of Immigration Litigation

                                                        Attorney for Defendants