UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544 DMG (AGRx)** | Date | October 7, 2016 |
| Title | *Jenny L. Flores, et al. v. Loretta E. Lynch, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANTS' MOTION FOR AN EVIDENTIARY HEARING [256]**

On October 6, 2016, the Court held a hearing on Plaintiffs' motion to enforce settlement [Doc. ## 201, 202], and Defendants' motion for evidentiary hearing [Doc. # 256]. After considering the parties' submissions and oral argument, the Court **GRANTS in part** and **DENIES in part** Defendants' evidentiary hearing motion. The Court will not rule on Plaintiffs' motion to enforce until after the evidentiary hearing discussed in this Order.

**1.      Evidentiary Hearing**

The Court will hold an evidentiary hearing on **January 30, 2017, at 9:30 a.m.** on the following four issues:

a. Whether conditions at the U.S. Customs and Border Protection facilities violate the *Flores* Agreement.

b. Whether provisions of the *Flores* Agreement, in particular Paragraphs 14 and 19, require Defendants to make and record efforts to release minors from custody separate from the accompanying parent under certain circumstances.

c. Whether keeping minors in ICE Family Residential Centers for longer than 20 days violates the *Flores* Agreement.

d. Whether Defendants have violated Paragraph 27 of the *Flores* Agreement by transferring minors who are represented by counsel without advance notice to their counsel.[1]

---

[1] The Court will not hold an evidentiary hearing on the issue of whether Defendants have violated Plaintiffs' right to counsel. *See generally J.E. F.M. v. Lynch*, --F.3d--, 2016 WL 5030344 (9th Cir. Sept. 20, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544 DMG (AGRx) | Date | October 7, 2016 |
| Title | *Jenny L. Flores, et al. v. Loretta E. Lynch, et al.* | Page | 2 of 4 |

In all other respects, Defendants' evidentiary hearing request is denied. If the parties decide to eliminate any of these issues from the January 30, 2017 hearing, they may do so by submitting a stipulation and proposed order no later than two weeks before the hearing.

The evidentiary hearing will be limited only to cross-examination and redirect examination of witnesses.

**2.      Briefing Schedule**

Plaintiffs shall file their supplemental briefing and supplementary evidence (e.g., depositions excerpts, declarations, exhibits) in connection with their motion to enforce, by **December 1, 2016**. Defendants' supplemental opposition and supplementary evidence shall be due **December 8, 2016**. Plaintiffs may file a reply by **December 15, 2016**.

The briefs must include a discussion of the following non-exhaustive list of issues:

a.  Scope of the Group:  At the October 6, 2016 hearing, the government asserted that over 95 percent of Class Members are released or removed within 20 days of being placed in an ICE Family Residential Center. Those class members presumably are not the subject of Plaintiffs' instant motion to enforce. The parties shall therefore discuss the scope of the group affected by each issue. For instance, the parties must clarify approximately how many class members detained in Family Residential Centers could be affected by the Court's Order.

b.  CBP Stations:  The parties shall discuss the scope of the alleged violations. For example, the parties should address how many CBP stations Plaintiffs believe are not in compliance with the *Flores* Agreement and identify the sectors or regions where those stations are located.

c.  Governing Standard:  The parties must address what they believe to be the legal standard to be applied to Plaintiffs' motion to enforce and to the resolution of factual disputes. For example, Defendants asserted at the October 6th hearing that Plaintiffs must satisfy a clear and convincing standard in order for this Court to grant Plaintiffs' motion. Defendants shall cite to legal authority for this proposition and Plaintiffs must discuss whether they agree with this, or offer an alternative standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | October 7, 2016 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Loretta E. Lynch, et al.*** | Page | 3 of 4 |

### 3. Other Guidelines

The parties should prepare papers in a fashion that will assist the Court in absorbing the mass of facts (e.g., generous use of tabs, tables of contents, headings, indices, pinpoint citations, etc.). Specifically, the parties shall take into account the Court's additional requirements described below.

#### a. Statements of Uncontroverted Facts and Genuine Disputes

Plaintiffs shall prepare a separate Statement of Uncontroverted Facts, similar to the one required in summary judgment motions under Local Rule 56-1, in a two-column format. *See* Initial Standing Order [Doc. # 107 at 6]. The left hand column sets forth the allegedly undisputed fact. The right hand column briefly sets forth the evidence that supports the factual statement, preferably with a brief citation to the record rather than a narrative. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

Defendants' Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed. Defendants may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact and cite to the relevant exhibit or other piece of evidence that refutes the asserted fact. No legal argument should be set forth in this document.

Defendant may submit a statement of additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

#### b. Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544 DMG (AGRx) | Date | October 7, 2016 |
| Title | *Jenny L. Flores, et al. v. Loretta E. Lynch, et al.* | Page | 4 of 4 |

specifically support or controvert material in the separate statement shall not be submitted in opposition to Plaintiffs' motion.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### c.  Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a two-column format. The left column should identify the items objected to (including page and line number if applicable) and the right column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

### d.  Page Limits and Additional Submissions

The parties shall abide by Local Rule 11-6, and not exceed the 25-page limit for memoranda and points of authorities. Additional briefing will not be permitted without leave of Court.

**IT IS SO ORDERED.**