**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT REGARDING EVIDENTIARY HEARING** |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.,* | |
| Defendants. | |

The parties submit the following status report regarding their proposals for the conduct of the evidentiary hearing in this case.

**<u>PLAINTIFFS' PROPOSAL</u>**

Plaintiffs do not at present intend to call any witnesses for cross-examination at any evidentiary hearing conducted by the court. Plaintiffs intend to rely upon uncontested facts alleged in declarations filed with the court by plaintiffs executed by declarants defendants have had the opportunity to depose or have deposed, declarations filed by defendants, excerpts of depositions taken by plaintiffs and defendants, and admissible exhibits. Except possibly with regards limited issues such as the number of meals class members in CBP custody were provided, Plaintiffs do not believe there are material issues of fact in dispute that prevent the Court from ruling on the pending motion:

- Regarding the processing of class members for release, Defendants appear to concede they do *not* make and record "continuous" efforts from the time accompanied minors "are taken into custody" aimed at the release of minors to persons identified in Paragraph 14 as clearly required by ¶ 18 because Defendants assert they simply place these minors in expedited removal, subject them to mandatory detention, and release them if their mothers pass a credible or reasonable fear interview. Plaintiffs assert this policy and practice violate the plain terms of the Settlement including ¶¶ 14 and 18.

- Defendants do not deny their facilities are not "non-secure" as clearly required by ¶ 6 of the Settlement. This provision is not limited to unaccompanied minors. Nor are their facilities the "least restrictive setting appropriate for the minors age" as required by ¶ 11.

Case 2:85-cv-04544-DMG-AGR   Document 279   Filed 11/22/16   Page 3 of 14   Page ID #:8081


- Defendants do not deny that they commingle class members with unrelated adults, including adult males. This is inconsistent with ¶ 12A which provides in part that Defendants shall hold minors in facilities consistent with the particular vulnerability of minors and ¶ 21 which states minors not placed pursuant to ¶¶ 14 or 19 may be detained in ICE contracted facilities "having separate accommodations for minors ..."

- Defendants do not deny that they have no contracts with licensed programs to place accompanied minors under ¶14E (licensed program willing to take legal custody of the minor). Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained for weeks or months no ICE officer has conferred with them about placement pursuant to the Settlement that would include a discussion about potential placement in a licensed program under ¶14E.

- Defendants do not deny that they have no contracts with licensed programs to place accompanied minors under ¶19 (placement in licensed programs when release under ¶ 14 is not feasible).

- Defendants do not deny that they do not place minors in a licensed program under ¶ 19 within five days as required by ¶ 12A.

- Defendants do not deny that they have not prepared or provided Class Counsel with copies of "a written plan that describes the reasonable efforts that [defendants] will take to place all minors as expeditiously as possible" during periods of influx as required by ¶ 12C.

–2–

- Defendants do not deny that they are not releasing or attempting to release accompanied minors "without unnecessary delay" under Paragraph 14 as required by ¶ 14. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained for weeks or months no ICE officer has conferred with them about release and placement pursuant to any part of the Settlement.

- Defendants do not deny that the Dilley facility has no license in clear violation of ¶¶ 6, 12A, 19. Detained children may only be held in licensed facilities. Defendants do not deny that their facilities in Karnes and Berks do not comply with the requirements of Exhibit 1 to the Settlement.

- Defendants do not deny that they have no procedures in place to obtain Affidavits of Support for those willing to accept custody of a minor as required by ¶ 15. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained for weeks or months no ICE officer has conferred with them about placement pursuant to any part of the Settlement that would include a discussion about potential sponsors' ability to provide an affidavit of support.

- Defendants do not deny that they have no procedures in place to conduct suitability assessments of those willing to accept custody of a minor as required by ¶ 17 (within Defendants discretion to conduct such assessments when appropriate). Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained for weeks or months no ICE officer has conferred with them about placement pursuant to the Settlement that would include a suitability assessment.

–3–

- Defendants do not deny that class member children may be forced not to sleep for one, two or more nights while in CBP custody. Defendants do not deny that they do not track how long class member children in CBP custody go without sleep. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that they were unable to sleep in CBP custody for periods much longer than twelve hours and sometimes extending to two nights.

- Defendants do not deny that class member children processed in some CBP facilities, including in McAllen and other Texas facilities, where the largest number of class members are processed, must sleep on concrete floors with no mats or mattresses and only a mylar blanket. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that they were unable to sleep in CBP custody for periods much longer than twelve hours and sometimes extending to two nights.

- Defendants do not deny that their policy and practice does not require children with torn, soiled or wet clothes to be provided with dry clothes by CBP officials nor do defendants deny plaintiff class members' specific allegations that they were not provided dry clothes when their clothes were wet or soiled.

- Defendants do not deny that their policy and practice does not require children in CBP facilities for 12-72 hours be provided warm showers nor do defendants deny plaintiff class members' specific allegations that they were not provided showers or soap or toothbrushes or towels while held in CBP facilities for a day or two or three.

–4–

- Defendants do not deny that their policy and practice does not provide children in CBP facilities with soap and towels to wash, nor do defendants deny plaintiff class members' specific allegations that they were not provided soap and towels to wash at any time while in CBP custody.

- Defendants do not deny that the only food they feed class members in CBP facilities are burritos and sandwiches with a single slice of meat and snacks or that these "meals" are sometimes frozen. Defendants do not deny plaintiff class members' specific allegations that they were provided frozen meals. There are factual disputes about how often certain class members were provided these "meals" though it is not clear if defendants' "evidence" is admissible. Their evidence is a declaration of an official who reviewed a database without providing the Court with information about who entered the data or its accuracy.

- Defendants do not deny that CBP cells may be kept a slow as 66 degrees and still be in compliance with CBP policy guidelines. Nor do defendants deny plaintiff class members' specific allegations that they felt "freezing" cold, were shivering, and children were crying while detained at CBP facilities for several days and nights. Nor do defendants deny that they do not provide children with jackets or sweaters to deal with the cold temperatures maintained in CBP facilities.

- Defendants do not deny that minors are held in severely overcrowded CBP cells at least in some CBP stations. Nor do defendants deny plaintiff class members' specific allegations that they were held for one, two and three days in severely overcrowded CBP cells and among other concerns this

–5–

prevented children from sleeping. Defendants do not deny that they do not keep records of crowding or overcrowding in their CBP cells.

- Defendants do not deny that their policy and practice is not to evaluate on an individual basis whether class members pose a "substantial flight risk" ("a serious risk that the minor will attempt to escape") before deciding to detain accompanied minors *before or after* credible fear interviews and decisions in clear violation of ¶¶ 21-22.

- Defendants do not deny that they detain class members because defendants have placed the children in expedited removal proceedings even though orders of expedited removal are statutorily not final and executable until class members have been provided a credible or reasonable fear interview, have received a decision, and have received a decision on any appeals taken to an Immigration Judge, all matters that usually take several weeks.

- Defendants do not deny that their policy and practice is not to place accompanied minors or to offer accompanied minors placement in "less restrictive alternatives [than secure facilities] that are available and appropriate" under ¶ 23. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained no ICE officer has conferred with them about placement pursuant to any part of the Settlement that would include a discussion about potential placement in a "less restrictive alternative[ ] [than secure facilities] that are available and appropriate" under ¶ 23.

–6–

- Defendants do not deny that they do not afford accompanied children bond or custody hearings before Immigration Judges under ¶ 24A "in every case" unless the minor indicates "that he or she refuses such a hearing." Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained they were not advised of their right to a custody hearing before an Immigration Judge nor were they taken for a such a hearing before an Immigration Judge.

- Defendants do not deny that they are not and have not provided accompanied minors not released with "a notice of the reasons for housing the minor in a detention or medium security facility" as required by ¶ 24C. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained they have been provided no such notices.

A district court in Arizona has recently Ordered that even *adults* in CBP facilities in the Tucson sector be provided greater rights regarding their conditions of detention solely based on their due process constitutional rights than class member children have been granted in this proceeding who are protected by an extensive Settlement Agreement. *Unknown Parties v. Jeh Johnson*, No. CV-15-00250-TUC-DCB, Docket # 244 (November 18, 2016).

Plaintiffs assert that the conditions of detention for children is deplorable, unsafe and unsanitary and this Court should reconsider its scheduling of an "evidentiary" hearing on January 30, 2017, and promptly schedule a hearing to

–7–

decide all matters in which there are no material facts in dispute or rule on those issues without a further hearing as soon as the parties briefs have been filed in December 2016. As the district court in the *Unknown Parties* case points out, on most of the critical issues presented in this and that case there are no real disputed material facts. This Court directed the parties to meet and confer in June to address the urgency of class members' claims precisely because of the gravity of those claims. The situation for class member children remains deplorable and on matters in which the record reflects there are no material facts in dispute, delaying a ruling for two more months solely to hold an evidentiary hearing on whatever issues may truly be in dispute leaves children unnecessarily suffering grave and irreparable harm. Between class members' numerous uncontested declarations, deposition excerpts and other admissible exhibits, there is simply no reason to delay rulings that can be made without the Court evaluating witnesses through personal observation of their testimony.[1]

## **DEFENDANTS' PROPOSAL**

On October 7, 2016, the Court ordered the parties to submit a Joint Statement regarding witnesses for the January 30, 2017 evidentiary hearing in this

---

[1] Defendants have never suggested how class members or their mothers it is detaining thousands of miles away would appear in Los Angeles at an evidentiary hearing.

case (ECF No. 273). Plaintiffs' counsel has informed counsel for Defendants that Plaintiffs do not intend to present any witnesses at the evidentiary hearing, nor do they currently intend to cross-examine any of Defendants' witnesses. Plaintiffs' counsel also declined Defendants' counsel's request that Plaintiffs identify the declarations or other testimony on which Plaintiffs intend to rely in support of the issues to be heard at the evidentiary hearing. Therefore, Defendants cannot, at this time, identify which of Plaintiffs' witnesses they will seek to cross-examine, nor can Defendants identify their own witnesses on whom they will seek to rely in response.[2]

Because it appears that Plaintiffs intend to rely entirely on out-of-court testimony in support of their enforcement motion, Defendants reiterate their objections[3] to the Court's consideration of hearsay declarations in support of

---

[2] Defendants strongly dispute Plaintiffs' assertion of the facts – and Plaintiffs' assertions regarding Defendants' position with regard to those facts – laid out above. Defendants also assert that the constitutional issues raised in *Doe v. Johnson*, have no bearing on the contract claims at issue in this case. As ordered by the Court, Defendants will respond to these assertions of fact, identify disputes of fact, and respond to Plaintiffs' legal arguments, in their December 8, 2016 response to Plaintiffs' December 1, 2016 briefing, which Defendants understand will lay out the factual support for Plaintiffs' assertions.

[3] Defendants submitted objections to Plaintiffs' declarations along with their Opposition to Plaintiffs' enforcement motion. *See* ECF No. 217-5, Defendants' Exhibit 29. Defendants intend to submit additional objections once Plaintiffs identify those declarations on which they intend to rely at the January 30, 2017 evidentiary hearing.

Plaintiffs' enforcement motion.[4] Defendants acknowledge that the Court has stated that "[t]he evidentiary hearing will be limited only to cross-examination and redirect examination of witnesses." Order, Oct. 7, 2016, ECF No. 274, at 2. However, to the extent that Plaintiffs intend to ask the Court to resolve disputes of fact where Plaintiffs' position is based entirely on hearsay statements, the Court simply cannot resolve such disputes without making an assessment of each witness's credibility. *See Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473 (1962) ("It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised."). This requires that the Court hear in-court testimony, rather than consider statements made in inadmissible declarations. *See United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) ("Where factual questions not readily ascertainable from the declarations of witnesses ***or***

---

[4] Defendants understand that some of the testimony on which Plaintiffs intend to rely is deposition testimony of both Plaintiffs' and Defendants' declarants. Defendants note that their witnesses are available for live testimony, and therefore their deposition testimony is likely inadmissible at the evidentiary hearing. To the extent that some witnesses – either for Plaintiffs or Defendants – may be unavailable, Defendants acknowledge that their deposition testimony may be admissible at the hearing. However, Defendants reserve the right to object to such testimony on other evidentiary grounds once the specific testimony to be considered is identified by Plaintiffs.

***questions of credibility*** predominate, the district court should hear oral

testimony.") (emphasis added); Federal Rule of Evidence 802.

This is especially important here because Plaintiffs bear the burden to show

that Defendants violated the Agreement. *See Tenet Healthsystem Desert, Inc. v.*

*Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184, 1194 (C.D. Cal. 2007) ("Plaintiff has

the burden at trial of proving all elements of its breach of contract claim.").

Plaintiffs should not be allowed to meet this burden based on inadmissible out-of-

court-statements, where determining the credibility of those statements will be

central to evaluating whether Plaintiffs have established any breach of the

Agreement. *See* Fed. R. Evid. 802. Excluding hearsay evidence (of indeterminate

reliability and foundation), and requiring oral testimony by the parties' witnesses

from their personal knowledge in accordance with Federal Rule of Evidence 602,

is the best way to ensure that the factual issues in this case may be fully litigated,

and fairly resolved by this Court.[5]

Accordingly, Defendants propose that the Court clarify that the Federal

Rules of Evidence will apply at the January 30, 2017 evidentiary hearing, and that

Plaintiffs will be required to establish their claim of breach based on admissible

evidence, in accordance with those Rules.

---

[5] Notably, a motion to enforce a settlement is not listed as among the proceedings
exempted from the Rules of Evidence under Federal Rule of Evidence 1101(d).

DATED: November 22, 2016

*/s/ Peter A. Schey* (with permission)
PETER A. SCHEY
Center for Human Rights and Constitutional Law

*Attorney for Plaintiffs*


DATED:  November 22, 2016

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
COLIN A. KISOR
Deputy Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824; Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on November 22, 2016, I served the foregoing on all

4   counsel of record by means of the District Clerk's CM/ECF electronic filing

5   system.

6

7

8                                        /s/ *Sarah B. Fabian*

9                                        SARAH B. FABIAN
                                         U.S. Department of Justice
10                                       District Court Section
                                         Office of Immigration Litigation
11
12                                       Attorney for Defendants
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28