BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY** |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | Hearing Date:  None<br>Time:<br>Dept: |
| Defendants. | |

Plaintiffs point the Court to the recent decision in *Beltran v. Cardall*, Case No. 1:15-cv-745 (Nov. 22, 2016 E.D. Va.) in support of their enforcement motion under Paragraph 24A of the Flores Settlement Agreement (ECF No. 239). Defendants dispute that *Beltran* provides any reason for this Court to grant Plaintiffs' motion.

Plaintiffs contend that the *Beltran* decision supports their argument that this Court should order the U.S. Department of Homeland Security and the Executive Office of Immigration Review ("EOIR") to provide bond hearings for unaccompanied alien children ("UACs") in the custody of U.S. Health and Human Services, Office of Refugee Resettlement ("ORR"). More specifically, Plaintiffs contend that *Beltran* supports their argument that the doctrine of "constitutional avoidance" cautions against finding that the TVPRA supersedes the bond hearing requirement of Paragraph 24A of the Agreement (that previously applied when the Immigration and Nationality Service oversaw the care and custody of unaccompanied children).

For all the reasons discussed in Defendants' briefing, and at oral argument, Plaintiffs' arguments regarding the need for constitutional avoidance are simply outside the scope of the question presented to this Court. The only question in this case is whether the statutory framework of the TVPRA provides any jurisdiction for UACs in ORR custody to seek a bond hearing before an immigration judge. In contrast, *Beltran* involved a habeas petition in which the Judge ordered the release of the UAC on the basis that certain procedures for review of the mother's request for reunification did not comport with procedural due process. The constitutional issue in *Beltran* is entirely

1

unrelated to the question here regarding interpretation of the Agreement and its relationship to the TVPRA.

That *Beltran* is inapposite here is most apparent from the fact that the heart of Plaintiffs' argument is simply incorrect. Plaintiffs contend that "ORR's complying with the plain terms of ¶ 24A would largely obviate the need for other class members to bring individual constitutional challenges to ORR's ad hoc detention decisions insofar as they are predicated on flight-risk or dangerousness." Supplement at 3. However, as explained by counsel at oral argument, and as noted by the Court, even if there were jurisdiction for EOIR to hold a bond hearing for a minor in ORR custody, the outcome of that bond hearing would have absolutely no effect on ORR's reunification process: an immigration judge would have neither the expertise nor the authority to review the suitability of a proposed custodian, and whether such custodian is "capable of providing for the child's physical and mental well-being." 8 U.S.C. § 1232(c)(3)(A).

Finally, it must be noted that the facts of *Beltran* were extraordinarily unique and do not create a precedent for UACs ordinarily in ORR custody. The case involved a child whose removal proceedings had been dismissed by an immigration judge. The child, however, remained in custody due to determinations that his proposed sponsor, his mother, could not care for his high level of needs. Recognizing the unique nature of the case, the Court directed that the case not be viewed as precedent: "The Court . . . must emphasize the narrowness of its holding. . . . The due process inquiry is fact-bound and flexible . . . *The analysis above is confined to RMB's case,* which Respondents assure the

Court is unique." *Beltran*, slip op. at 29 (emphasis added). Because the *habeas* petition in *Beltran* involved a child whose immigration proceedings had terminated, the opinion focused on child welfare considerations and cited to a number of cases involving children placed in state foster care.  The right examined, therefore, was not any right to release for an unaccompanied child in the custody of ORR due to immigration status, and pending removal proceedings, but a "Petitioner's right to the care and custody of her son – and RMB's reciprocal right to his mother's care" in the unique circumstances presented by the case.  *Id*. at 9.[1]

For the foregoing reasons, it is apparent that the issue in this case is entirely separate from the issues related to ORR's bond hearing procedures that were at issue in *Beltran*, and the Court should disregard this supplemental authority.

---

[1] Even if *Beltran* were read more broadly than the Judge directed, it still would not reach Plaintiffs' full class.  The case involved only a parent seeking reunification and must be differentiated from any "alleged right of a child who has no available parent, close relative, or legal guardian, and for whom the government is responsible, to be placed in the custody of a willing-and-able private custodian rather than of a government-operated or government-selected child-care institution." *Flores v. Reno*, 507 U.S. 292, 307 (1993). Thus, even to the extent *Beltran* did apply, its application would be limited to only a portion of the class Plaintiffs seek to represent in this Motion.

DATED:    December 2, 2016         Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

<u>/s/ *Sarah B. Fabian*</u>
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants