# EXHIBIT 1

Zach Nightingale (Local Counsel)
VAN DER HOUT, BRIGAGLIANO & NIGHTINGALE, LLP
E-mail: ZN@vblaw.com
180 Sutter Street, 5th Floor
San Francisco, CA 94104-4029
Telephone: 415-981-3000
Facsimile: 415-981-3003

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Douglas W. Baruch (*Of Counsel*)
E-mail: Douglas.Baruch@friedfrank.com
Jennifer M. Wollenberg (*Of Counsel*)
Email: Jennifer.Wollenberg@friedfrank.com
Ted M. Nissly (*Of Counsel*)
Email: Ted.Nissly@friedfrank.com
801 17th Street, N.W.
Washington, D.C. 20006
Telephone: 202-639-7000
Facsimile: 202-639-7003

AMERICAN IMMIGRATION COUNCIL
Melissa Crow (*Of Counsel*)
E-mail: mcrow@immcouncil.org
1331 G Street, N.W.
Washington, D.C. 20006
Telephone: 202-507-7523
Facsimile: 202-742-5619

*Attorneys for Amici Curiae American Immigration Council and American Immigration Lawyers Association*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES, et al., ) | CV 85-4544 DMG (AGRx) |
| ) | |
| Plaintiffs, ) | **DECLARATION OF ZACHARY NIGHTINGALE IN SUPPORT OF MOTION OF *AMICI CURIAE* IMMIGRANT RIGHTS ORGANIZATIONS TO TAKE JUDICIAL NOTICE OF REPORT OF DHS ADVISORY COMMITTEE ON FAMILY RESIDENTIAL CENTERS** |
| vs. ) | |
| ) | |
| LORETTA E. LYNCH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| | Date: January 30, 2017 |
| | Judge: Hon. Dolly M. Gee |

DECLARATION OF ZACHARY NIGHTINGALE IN SUPPORT OF MOTION OF *AMICI CURIAE* IMMIGRANT RIGHTS ORGANIZATIONS TO TAKE JUDICIAL NOTICE OF REPORT OF DHS ADVISORY COMMITTEE ON FAMILY RESIDENTIAL CENTERS- 1
FLORES v. LYNCH, et al., No. CV 85-4544 DMG

I, Zachary Nightingale, declare and state as follows:

1. I am an attorney at law admitted to practice before this Court. I am counsel of record for *Amici Curiae* American Immigration Council and American Immigration Lawyers Association. This declaration is submitted in support of *Amici*'s Motion to Take Judicial Notice of Report of DHS Advisory Committee on Family Residential Centers. I have personal knowledge of the matters set forth below and, if called upon, could and would competently testify thereto.

2. The U.S. Immigration and Customs Enforcement (ICE) website, www.ice.gov, contains the Report of the DHS Advisory Committee on Family Residential Centers (ACFRC). The ACFRC Report is publicly accessible at https://www.ice.gov/sites/default/files/documents/Report/2016/ACFRC-sc-16093.pdf. I last accessed the link on December 5, 2016.

3. I located the ACFRC Report by conducting an Internet search using both Google and Internet Explorer with "Report of the DHS Advisory Committee on Family Residential Centers" as my search terms. The report was the first search result.

Attached as Exhibit A is a true and accurate copy of the report that I accessed through my Internet search.

5. The ACFRC Report contains the following recommendations, among others:

> Recommendation 1-1: DHS's immigration enforcement practices should operationalize the presumption that detention is generally neither appropriate nor necessary for families – and that detention or the separation of families for purposes of immigration enforcement or management, or detention is never in the best interest of children. DHS should discontinue the general use of family detention, reserving it for rare cases when necessary following an individualized assessment of the need to detain because of danger or flight risk that cannot be mitigated by conditions of release.

DECLARATION OF ZACHARY NIGHTINGALE IN SUPPORT OF MOTION OF *AMICI CURIAE* IMMIGRANT RIGHTS ORGANIZATIONS TO TAKE JUDICIAL NOTICE OF REPORT OF DHS ADVISORY COMMITTEE ON FAMILY RESIDENTIAL CENTERS- 2
FLORES v. LYNCH, et al., No. CV 85-4544 DMG

> Recommendation 1-3: DHS should return to its prior practice of not putting families into expedited removal and reinstatement of removal. Instead, DHS should place families in regular proceedings via issuance of a Notice to Appear and in all but the most unusual situations release them promptly as a family.
>
> Recommendation 1-4: [If] DHS chooses to place a family or any family members in expedited removal or reinstatement of removal proceedings, DHS should generally exercise its authority to release family members, together as a family, as soon as possible. . . . When DHS concludes that it should, or must, release a child from family detention it should release the child with her parent and siblings absent extraordinary circumstances, given the traumatic and detrimental impact of that separation, and because in most cases, there are less restrictive means to ensure the parent's continued participation in the legal process.

*See* ACFRC Report at 1-11.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2016.

By: /s/ Zachary Nightingale
Zachary Nightingale (Local Counsel)
ZN@vblaw.com

DECLARATION OF ZACHARY NIGHTINGALE IN SUPPORT OF MOTION OF *AMICI CURIAE* IMMIGRANT RIGHTS ORGANIZATIONS TO TAKE JUDICIAL NOTICE OF REPORT OF DHS ADVISORY COMMITTEE ON FAMILY RESIDENTIAL CENTERS- 3
FLORES v. LYNCH, et al., No. CV 85-4544 DMG