BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
 P.O. Box 868, Ben Franklin Station
 Washington, D.C. 20044
 Tel:  (202) 532-4824
 Fax:  (202) 305-7000
 Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>  Plaintiffs,<br><br>   v.<br><br>LORETTA LYNCH, Attorney General of the United States; *et al.*,<br><br>  Defendants. | Case No. CV 85-4544-DMG<br><br>**Defendants' Ex Parte Motion to Strike Plaintiffs' Statement of Uncontroverted Facts and for Enlargement of Time to Respond; Memorandum of Points and Authorities; Declaration;**<br><br>**[PROPOSED] Order**.<br><br>[Hon. Dolly M. Gee] |

## <u>Defendants' Motion to Strike Plaintiffs' Statement of Uncontroverted Facts  and for Enlargement of Time</u>

Pursuant to Local Rule 7-19, Defendants hereby apply ex parte for an order from this Court striking Plaintiffs' Statement of Uncontroverted Facts (ECF No. 288) ("Statement"), requiring Plaintiffs to refile their Statement in accordance with the Court's October 7, 2016 Order, and granting Defendants an enlargement of time until December 16, 2016, to file its Second Supplemental Response in Opposition to Plaintiffs' Motion to Enforce Settlement and Appoint a Special Monitor. At Plaintiffs' request, Defendants also seek an enlargement of time until December 23, 2016, for Plaintiffs to file their reply. Defendants request this order for the reasons set forth in the accompanying memorandum of points and authorities and Declaration.

Counsel for Defendants has spoken to counsel for Plaintiffs by phone, and counsel for Plaintiffs stated that Plaintiffs do not oppose the request for an enlargement of time. Counsel for Plaintiffs also stated that he is willing to review Plaintiffs' Statement, and if he agrees that any of the material in the left-hand column of Plaintiffs' Statement should be revised based on Defendants' concerns, he will do so and file a revised statement by 10:00am Monday December 12, 2016. However, given the time constraints at issue, and the inability of Plaintiffs' counsel

to confirm at this time whether he agrees that changes are required, Defendants believe it is still necessary to seek the requested relief from the Court.

This is the second request for an extension of the briefing schedule for this supplemental briefing. On December 1, 2016, the Court issued an Order Continuing Briefing Schedule Due Dates that continued the due date for Plaintiffs' Supplemental brief from December 1, 2016, to December 5, 2016, for Defendants' opposition from December 8, 2016, to December 12, 2016, and Plaintiffs' reply from December 15, 2016, to December 19, 2016.

DATED:      December 9, 2016           Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

3

### **Memorandum of Points and Authorities**

I.   MOTION TO STRIKE PLAINTIFFS' STATEMENT OF
     UNCONTROVERTED FACTS

Defendants hereby respectfully ask the Court to strike  Plaintiffs' Statement
of Uncontroverted Facts ("Statement") (ECF No. 288) under Federal Rule of Civil
Procedure 12(f), and to require Plaintiffs to re-file that document in a form that is
consistent with the Court's October 7, 2016 Order Re Defendants Motion for an
Evidentiary Hearing (ECF No. 274). *See Brown v. Michaels Stores, Inc.*, 2014 WL
4961089, at *1 (C.D. Cal. Oct. 2, 2014) ("A motion to strike material from a
pleading is made pursuant to FED.R.CIV.P. 12(f)."). Under Rule 12(f), the Court
may strike from a pleading any "insufficient defense" or any material that is
"redundant, immaterial, impertinent or scandalous." *Id*. When made in this context,
a Rule 12(f) motion "simply tests whether a pleading contains inappropriate
material." *Id*.

The purpose of this motion is to "avoid the expenditure of time and money
that must arise from litigating spurious issues by dispensing with those issues prior
to trial." *Id*. (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993),
*rev'd on other grounds*, 510 U.S. 517 (1994)). Defendants recognize that motions
to strike under Rule 12(f) are generally disfavored, *see id.*, but believe that in this
instance requiring Plaintiffs to re-file this document in a form that is consistent

with the Court's October 7, 2016 Order will provide the opportunity for Defendants to more effectively assess the factual basis for Plaintiffs' claims and identify more specifically the disputed issues of fact that require resolution by the Court. This, in turn, will assist the Court in determining the issues that need to be resolved, and the best procedures to be followed, for the evidentiary hearing on Plaintiffs' enforcement motion which is currently scheduled for January 30, 2017.

The motion to strike is appropriate because Plaintiffs failed to follow this Court's October 7th Order. That Order provides:

> Plaintiffs shall prepare a separate Statement of Uncontroverted Facts, similar to the one required in summary judgment motions under Local Rule 56-1, in a two-column format. *See* Initial Standing Order [Doc. # 107 at 6]. ***The left hand column sets forth the allegedly undisputed fact.*** The right hand column briefly sets forth the evidence that supports the factual statement, preferably with a brief citation to the record rather than a narrative. The factual statements should be set forth in sequentially numbered paragraphs. ***Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.***

Order, October 7, 2016, ECF No. 274, at ¶ 3.a (emphasis added). Instead, each line of the left column of Plaintiffs' Statement largely contains lengthy conclusions of law, statements of issues outside the scope of the evidentiary hearing as laid out in the Court's Order, and legal argument. The "facts" in this column are not "narrowly focused," nor do they "address a single subject as concisely as possible."

As an example, Fact #3A demonstrates Plaintiffs' failure to comply with the requirement that the listed facts be narrowly focused and address a single subject. In Fact #3A, Plaintiffs state:

> Regarding the processing of class members for release, Defendants appear to concede they do not make and record "continuous" efforts from the time accompanied minors "are taken into custody" aimed at the release of minors to persons identified in Paragraph 14 as clearly required by ¶ 18 because Defendants assert they simply place these minors in expedited removal, subject them to mandatory detention, and release them if their mothers pass a credible or reasonable fear interview. Plaintiffs assert this policy and practice violate the plain terms of the Settlement including ¶¶ 14 and 18.

It is not possible for Defendants to dispute assertions by Plaintiffs that a particular action violates the Agreement, or that Defendants "appear to concede" something, in the manner ordered by the Court, because these types of statements are not facts. Moreover, because there appear to be at least three separate statements of mixed fact and argument in this paragraph, Defendants cannot identity the factual assertion to which they are being asked to respond in this paragraph, and then respond with "undisputed" or "disputed" as the Court has ordered them to do.

Similarly, Fact #5A is an example of Plaintiffs' asserting a legal conclusion rather than a "narrowly focused" fact as ordered by the Court. In Fact #5A Plaintiffs assert:

> Defendants do not deny that their policy and practice is not to evaluate on an individual basis whether class members pose a

> "substantial flight risk" ("a serious risk that the minor will attempt to escape") before deciding to detain accompanied minors before or after credible fear interviews and decisions in clear violation of ¶¶ 21-22.

Once again, Defendants cannot clearly respond to such an assertion in the manner ordered by the Court. Additionally, it must be noted that the legal conclusion raised by this paragraph (an alleged violation of paragraphs 21 and 22) is not the subject of the evidentiary hearing, and has not previously been raised before the Court in this case.

Compounding the problems created by Plaintiffs' failure to comply with the Court's Order, is Plaintiffs' use of this document, and their Supplemental Briefing, to raise new issues that are both outside the scope of the evidentiary hearing, and have never previously been raised or briefed in this case. Fact #5A, above, is one example of this. Fact #3C is another, in which Plaintiffs assert:

> Defendants do not deny that they have no procedures in place to obtain Affidavits of Support for those willing to accept custody of a minor as required by ¶ 15. Nor do defendants deny plaintiff class members' specific allegations in declarations and depositions that while detained for weeks or months no ICE officer has conferred with them about placement pursuant to any part of the Settlement that would include a discussion about potential sponsors' ability to provide an affidavit of support.

Plaintiffs should not be allowed to use this supplemental briefing, and their Statement, to require Defendants to respond to arguments and factual assertions

7

that have never before been raised or addressed in this case.[1]

Plaintiffs' failure to follow the Court's October 7, 2016 Order with regard to their Statement has created serious challenges for Defendants in determining how to follow the Court's Order in formulating their response. By asserting legal conclusions and setting forth legal argument, Plaintiffs have made it impossible for Defendants to agree to most of the Statements' content. This makes it very difficult to identify what, if any, issues of fact may be undisputed in this case. If Plaintiffs do not file a Statement of Uncontroverted Facts that allows Defendants to do so, this briefing will not serve its purpose of potentially narrowing the issues for the

_____

[1]  Plaintiffs also put forth as uncontroverted fact, statements they know, or should know, are disputed. For example, in Fact #6 Plaintiffs state:

> Defendants do not deny their facilities are not "non-secure" as clearly required by ¶ 6 of the Settlement.  This provision is not limited to unaccompanied minors.  Nor are their facilities the "least restrictive setting appropriate for the minors age" as required by ¶ 11.

However deposition testimony by Defendants' witness, Philip T. Miller, given in response to a question asked by Mr. Schey, clearly shows that Defendants have, in fact, denied this point:

> Mr. Schey: It [Karnes] is a secure facility; is that correct?
> Mr. Miller:  No, it is not.
> Mr. Schey: Okay. You're saying Karnes is not a secure facility?
> Mr. Miller:  Yes, that is what I said.

Miller Deposition Testimony at pages 104-05. Plaintiffs omitted these pages from their submission of Mr. Miller's deposition testimony.

evidentiary hearing. Therefore the Court should strike the nonconforming document, and order Plaintiffs to file a Statement of Uncontroverted Facts that complies with the October 7, 2016 Order.

II.     MOTION FOR ENLARGEMENT OF TIME

Because Plaintiffs' Statement of Uncontroverted Facts is more than one-hundred and fifty pages long, and does not comply with the Court's Order as described above, Defendants require additional time to formulate their response regardless of whether the Court grants Defendants' motion to strike. *See* Declaration of Sarah B. Fabian (attached) at ¶¶ 4-5. Defendants also note that their efforts to respond within the week provided by the existing schedule have been further impeded because Plaintiffs' Supplemental Brief and Statement of Uncontroverted Facts were not filed until early in the morning the day after they were due to the Court, and unredacted versions of those documents were not provided to Defendants until late the following evening. *See* Fabian Decl. at ¶ 3.

Given the importance of the issues to be resolved at the evidentiary hearing currently scheduled for January 30, 2017, there is good reason for the Court to grant the requested extension. No party will be prejudiced by the extension because Defendants are also requesting a corresponding extension for Plaintiffs' Reply, and there remains almost a month between the conclusion of the newly-proposed briefing schedule and the scheduled date for the evidentiary hearing.

DATED:       December 9, 2016            Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants