BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Tel:  (202) 532-4824
        Fax:  (202) 305-7000
        Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA LYNCH, Attorney General of the United States; *et al.,* <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **Defendants' Statement of Evidentiary Objections to Plaintiffs' Statement of Uncontroverted Facts**. <br><br> [Hon. Dolly M. Gee] |

**Defendants' Statement of Evidentiary Objections to Plaintiffs' Statement of Uncontroverted Facts**

In accordance with paragraph 3(c) of this Court's October 7, 2016 Order Re Defendants Motion for an Evidentiary Hearing (ECF No. 274), Defendants submit the following statement of evidentiary objections to the evidence cited in Plaintiffs' Statement of Uncontroverted Facts ("SUF") (ECF No. 288).

| | **EVIDENCE** | **OBJECTION(S)** |
|---|---|---|
| | **Exhibits Attached to Plaintiffs' Supplemental Brief in Support of Motion to Enforce Settlement and Appoint a Special Monitor, ECF No. 287, and cited in Plaintiffs' SUF, ECF No. 288** | |
| 1. | Ex. 2: **Deposition Excerpts of Manual Padilla, Jr.**, CBP, Chief Patrol Agent – Rio Grande Valley.  ECF No. 287-1; cited in SUF, at Facts #:<br>○ 1A (1:24 – 3:9),<br>○ 1G (38:13-19),<br>○ 1I (58:28-59:14),<br>○ 3B (94:2-11)<br>○ 3C (97:4-98:5) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 2. | Ex. 3: **Deposition Excerpts of Rodney Scott**, CBP, Chief Patrol Agent – El Centro Sector.  ECF No. 287-1; cited in SUF, at Facts #:<br>○ 1A (6:6-11)<br>○ 1E (29:13-30:6)<br>○ 1F (31:13-28)<br>○ 1H (51:25-52:7)<br>○ 3D (101:15-20) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |

| | | |
|---|---|---|
| | o 3E (106:13-24, 108:2-109:3) | |
| 3. | Ex. 4: **Deposition Excerpts of Paul Beeson**, CBP, Chief Patrol Agent – Tucson Sector. ECF No. 287-1; cited in SUF, at Facts #:<br>  o 1A (3:9-28)<br>  o 1D (26:7-27:4)<br>  o 1G (38:20-39:4)<br>  o 1H (52:8-16)<br>  o 1I (59:14-20)<br>  o 4 (112:24-113:7) | Defendants object to excerpts of Agent Beeson's deposition testimony because it is irrelevant based on the geographically limited nature of Plaintiffs' allegations. Fed. R. Evid. 402. Plaintiffs' allegations concern facilities in Texas. Agent Beeson serves in the Tucson, Arizona Sector.<br><br>Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 4. | Ex. 5: **Deposition Excerpts of Mario Martinez**, CBP, Chief Patrol Agent – Laredo Sector. ECF No. 287-1; cited in SUF, at Facts #:<br>  o 3C (96:13-97:4)<br>  o 3E (106:25-107:28)<br>  o 5 (121:10-19)<br>  o 5A (126:19-23)<br>  o 7 (137:20-138:9) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 5. | Ex. 6: **Deposition Excerpts of Juanita Hester**, ICE-ERO, Assistant Field Office Director for Karnes. ECF No. 287-2; cited in SUF, at Facts #: | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802. While deposition testimony is not |

| | | |
|---|---|---|
| | o 3C (96:2-6)<br>o 5 (119:16-120:16, 121:20-122:9)<br>o 5A (125:18-27) | excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 6. | Ex. 7: **Deposition Excerpts of Valentin de la Garza**, ICE-ERO, Assistant Field Office Director for Dilley. ECF No. 287-2; cited in SUF, at Facts #:<br>o 2A (71:16-72:2)<br>o 3A (84:2- 19)<br>o 3D (101:21-102:13)<br>o 4 (110:13-112:7)<br>o 5 (122:11-16)<br>o 5A (126:2-18)<br>o 6B (134:7-23)<br>o 7 (139:3-140:6) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 7. | Ex. 8: **Deposition Excerpts of Joshua Reid**, ICE-ERO, Assistant Field Office Director for Berks.  ECF No. 287-2; cited in SUF, at Facts #:<br>o 2B (74:12-16)<br>o 3A (75:21-80-5)<br>o 3B (95:6-11)<br>o 4 (112:8-23)<br>o 5 (118:9-119:5)<br>o 5B(128:26-129:5)<br>o 6A (130:6-26) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 8. | Ex. 9: **Deposition Excerpts of Phillip Miller**, ICE-ERO, Assistant Field Office Director.  ECF No. 287-3; cited in SUF, at Facts #: | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. |

| | |
|---|---|
| ○ 2B (74:17-27)<br>○ 3A (80:6-81:23) | 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, this declarant is available to testify at the January 30, 2017 hearing. |
| 9. Ex. 10: **Deposition Excerpts of Ritza M⬛⬛⬛**, class member mother.  ECF No. 287-3; cited in SUF, at Facts #:<br>○ 1A (4:2-19)<br>○ 1D (27:12-16)<br>○ 1I (57:16-24) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

4

| | | |
|---|---|---|
| 10. | Ex. 11: **Deposition Excerpts of Celina S████-███**, class member mother. ECF No. 287-3; cited in SUF, at Facts #:<br>○ 1A (4:20-5:8)<br>○ 1B (15:5-14)<br>○ 1C (22:17-23)<br>○ 1H (49:8-17)<br>○ 2 (63:2-20)<br>○ 5 (118:2-8) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 11. | Ex. 12: **Deposition Excerpts of Franklin R████ ███████**, class member. ECF No. 287-3; cited in SUF, at Facts #:<br>○ 1A (5:10-15)<br>○ 1B (15:16-24)<br>○ 1F (33:11-27)<br>○ 1G (35:16-36:24) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this |

| | | |
|---|---|---|
| | ○ 1H (49:22-50:18)<br>○ 1I (56:27-57:10)<br>○ 2 (63:26-64:5)<br>○ 3D (101:10-14)<br>○ 5 (120:18-121:8) | declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 12. | Ex. 13: **Deposition Excerpts of Karina V███-████**, class member mother.  ECF No. 287-4; cited in SUF, at Facts #:<br>○ 1A (5:21-6:5)<br>○ 1B (16:3-16)<br>○ 1C (22:28-23:13)<br>○ 1G (36:24-27)<br>○ 1H (51:2-6)<br>○ 1I (58:15-26)<br>○ 2 (64:13-20)<br>○ 3C (96:8-12)<br>○ 4 (110:8-12) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. |

| | | |
|---|---|---|
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 13. | Ex. 14: **Deposition Excerpts of Lindsay G██ ████**, class member mother.  ECF No. 287-4; cited in SUF, at Facts #:<br>    o 1A (6:12-7:6)<br>    o 1F (34:4-6)<br>    o 1G (39:11-40:18)<br>    o 1I (52:17-28)<br>    o 5B (128:2-7) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the |

| | | | |
|---|---|---|---|
| | | | jury than it would be without such testimony."). |
| 14. | | Ex. 15: **Deposition Excerpts of Mirna M████ ████**, class member mother.  ECF No. 287-4; cited in SUF, at Facts #:<br>○ 1A (7:7-7:24)<br>○ 1B (16:21-28)<br>○ 1C (23:19-24:17)<br>○ 1D (27:6-11)<br>○ 1F (32:2-17)<br>○ 1G (40:25-41:28)<br>○ 3D (103:14-22) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 15. | | Ex. 16: **Deposition Excerpts of Peter Schey**, class counsel. ECF No. 287-4; cited in SUF, at Facts #:<br>○ 1B (17:4-10)<br>○ 1C (24:22-25:2) | Defendants object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel |

o   1F (32:18-33:5)
o   1G (42:7-13)
o   1H (53:3-9)
o   1I (59:22-60:3)
o   2 (65:18-25)
o   3D (103:23-104:16)

because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Additionally, declarant's testimony regarding statements made to him by clients and others is inadmissible hearsay. Fed. R. Evid. 802.  This testimony is excludable on that basis.  *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802.  The declarant's testimony regarding the statements of others is also beyond the scope of his own personal knowledge.  *See* Fed. R. Evid. 602.

Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.

Finally, Defendants object to consideration of this evidence without the opportunity to

9

| | | | |
|---|---|---|---|
| | | | show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 16. | | Ex. 17: **Deposition Excerpts of Sara E▆▆▆▆ ▆▆▆▆**, class member mother.  ECF No. 287-4 (Ex. 17); cited in SUF, at Facts #:<br>  o  1A (8:2-23)<br>  o  1B (17:15-25)<br>  o  1E (30:7-13)<br>  o  1G (42:14-18)<br>  o  1H (53:16-23)<br>  o  2 (66:6-28)<br>  o  4 (115:22-27)<br>  o  5 (124:15-19) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony.") |

| | | |
|---|---|---|
| 17. | Ex. 18: **Deposition Excerpts of Yeslin Lucas Escobar**, class member.  ECF No. 287-4; cited in SUF, at Facts #:<br>　○ 1A (8:29-10:5)<br>　○ 1B (17:28-18:14)<br>　○ 1G (42:21-43:3)<br>　○ 4 (115:28-116:7) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 18. | Ex. 19: **Deposition Excerpts of Yessenia E▮▮▮▮ ▮▮▮▮**, class member.  ECF No. 287-5; cited in SUF, at Facts #:<br>　○ 1A (10:9-19)<br>　○ 1B (18:15-24)<br>　○ 1G (43:4-20)<br>　○ 1H (54:5-10) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this |

| | | |
|---|---|---|
| | o  1I (57:26-58:9) | declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.

Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 19. | Ex. 20: **Deposition Excerpts of Zulma M▆▆▆▆ ▆▆▆▆**, class member.  ECF No. 287-5; cited in SUF, at Facts #:
   o  1A (10:26-11:10)
   o  1D (27:18-27)
   o  1F (33:5-10)
   o  1G (43:21-44:8)
   o  1I (60:4-10) | Defendants object to these deposition excerpts, as well as the statements therein, to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule. Fed. R. Evid. 802.  While deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.

Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. |

12

| | | |
|---|---|---|
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 20. | Ex. 21: **Deposition Excerpts of Bridget Cambria,** Attorney.  ECF No. 287-5; cited in SUF, at Facts #:<br>  o   2 (65:2-6)<br>  o   6A (130:28-131:13)<br>  o   7 (140:20-141:26) | Declarant's testimony regarding statements made to her by clients and others is inadmissible hearsay.  Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.  Further, while deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.  The declarant's testimony regarding the statements of others is also beyond the scope of her own personal knowledge.  *See* Fed. R. Evid. 602.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young &* |

13

| | | |
|---|---|---|
| | | *Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 21. | Ex. 22: **Deposition Excerpts of Amanda Doroshow,** Attorney.  ECF No. 287-5; cited in SUF, at Facts #:<br>○  2A (72:6-27) | Declarant's testimony regarding statements made to her by clients and others is inadmissible hearsay.  Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.  Further, while deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is |

| | | | |
|---|---|---|---|
| | | | unavailable to testify at the January 30, 2017 hearing. *See* Fed. R. Evid. 804.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 22. | | Ex. 23: **Deposition Excerpts of Robyn Barnard,** Attorney. ECF No. 287-5; cited in SUF, at Facts #:<br>○  2B (74:2-11)<br>○  3A (83:11-27)<br>○  3D (104:23-105:11)<br>○  4 (115:13-16)<br>○  5 (122:17-123:2)<br>○  5B (129:12-22)<br>○  7 (145:9-146:9) | Declarant's testimony regarding statements made to her by clients and others is inadmissible hearsay.  Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* |

| | | |
|---|---|---|
| | | Fed. R. Evid. 801, 802; L.R. 7-7.  Further, while deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985 ).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 23. | Ex. 24: **Deposition Excerpts of Edward McCarthy,** Attorney.  ECF No. 287-5; cited in SUF, at Facts #:<br>○ 3A (82:10-27)<br>○ 5B (128:22-25)<br>○ 6A (131:14-17) | Declarant's testimony regarding statements made to him by clients and others is inadmissible hearsay.  Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay |

16

o   7 (142:17-143:21)

evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.  Further, while deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony.").

17

| | | |
|---|---|---|
| 24. | Ex. 25: **Deposition Excerpts of Jacqueline Kline**.  ECF No. 287-5; cited in SUF, at Facts #:<br>  ○ 3D (102:15-22)<br>  ○ 4 (114:19-115:2)<br>  ○ 6A (131:18-28)<br>  ○ 7 (144:17-145:2) | Declarant's testimony regarding statements made to her by clients and others is inadmissible hearsay.  Fed. R. Evid. 802.  This testimony is excludable on that basis.  *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.  Further, while deposition testimony is not excluded under the hearsay rule if the declarant is unavailable, Fed. R. Evid. 804, Plaintiffs have made no showing that this declarant is unavailable to testify at the January 30, 2017 hearing.  *See* Fed. R. Evid. 804.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means.  *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a |

| | | tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
|---|---|---|
| | **Evidence referenced in Plaintiffs' SUF not attached to Plaintiffs' Motion to Enforce Settlement** | |
| | Declarations of Alleged Class Members and Alleged Class Member Relatives | |
| 25. | Declaration of Celina S███████, Doc. # 201-5 at 849, Ex. 28, cited in SUF, at Facts #:<br>○ 1A (5:6-8) (¶8)<br>○ 1C (22:25-27) (¶8)<br>○ 1G (35:8-14) (¶5)<br>○ 1H (49:18-21) (¶8)<br>○ 2 (63:21-25) (¶11)<br>○ 2A (71:2-6) (¶7)<br>○ 3D (101:2-8) (¶23)<br>○ 5 (118:2-8) (¶17)<br>○ 7 (137:2-19) (¶¶12-14) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 26. | Declaration of Franklin R████   ██████ Doc. # 201-5 at 918, Ex. 45; cited in SUF, at Facts #:<br>○ 1A (5:17-21) (¶8)<br>○ 1B (15:25-16:2) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |

| | | |
|---|---|---|
| | ○ 1F (33:28-34:3) (¶7)<br>○ 1H (50:19-27) (¶7)<br>○ 2 (64:6-12) (¶¶10, 12)<br>○ 2A (71:7-15) (¶11)<br>○ 3A (92:16-93:6) (¶10) | Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 27. | Declaration of Mirna M▮▮▮ ▮▮▮ Doc. # 201-5 at 840, cited in SUF, at Facts #:<br>○ 1A (7:25-28) (¶5)<br>○ 1B (17:2-3) (¶5)<br>○ 1C (24:18-21) (¶6)<br>○ 1G (42:2-5) (¶4) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

| | | |
|---|---|---|
| 28. | Declaration of Sara E ████ ████  Doc. #201-5 Ex. 24; cited in SUF, at Facts #:<br>○  1A (8:24-27) (¶6)<br>○  1B (17:26-27) (¶6)<br>○  1D (27:28-28:3) (¶8)<br>○  1E (30:14-17) (¶8)<br>○  1G (42:19-20) (¶6)<br>○  1H (53:24-25) (¶6)<br>○  2 (67:2-11) (¶¶6, 9)<br>○  3A (84:19-23, 93:7-11) (¶9) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 29. | Declaration of Zulma M████ ████  Doc. No. 201-3 at 610, Ex. 19-E; cited in SUF, at Facts #:<br>○  1A (11:12-15) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
|---|---|---|
| 30. | Declaration Class Member Herson L██████ ████ Doc. No. 201-5 Ex. 46; cited in SUF, at Facts #: <br> o 1A (11:26-28) (¶8) <br> o 2 (69:11-14) (¶9) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 31. | Declaration of Class Member mother Raquel A██████ ████ Doc. No. 201-5 Ex. 26; cited in SUF, at Facts #: <br> o 1A (12:2-4) (¶7) <br> o 1B (18:25-19:2) (¶7) <br> o 1G (47:28-48:4) (¶9) <br> o 2 (69:15-17) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

| | | |
|---|---|---|
| | ○ 3A (86:22-25, 87:26-88:3) (¶¶11-12)<br>○ 4 (116:18-22) (¶11)<br>○ 5A (127:2-7) (¶11-12) | Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 32. | Declaration of Class Member Faustino ▇ Doc. No. 201-6 Ex. 53; cited in SUF, at Facts #:<br>○ 1A (12:5-9) (¶5) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

23

| | | |
|---|---|---|
| 33. | Declaration of Class Member Josselyn M█████ █████ Doc. No. 201-6 Ex. 55; cited in SUF, at Facts #: <br> ○ 1A (12:10-14) (¶12) <br> ○ 1B (19:13-14) (¶13) <br> ○ 1H (56:20-23) (¶7) <br> ○ 1I (61:20-23) (¶10) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 34. | Declaration of Class Member's mother Silvia V█████ █████ Doc. No. 201-6 Ex. 56; cited in SUF, at Facts #: <br> ○ 1A (12:16-22) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
|---|---|---|
| 35. | Declaration Class Member Cesia V█████████, Doc. No. 201-5, Ex. 29; cited in SUF, at Facts #:<br>○ 1A (12:15-21) (¶6)<br>○ 1H (54:16-22) (¶4)<br>○ 1I (60:12-17) (¶4) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 36. | Declaration of Class Members' mother Isamar S████ █████ Doc. No. 201-5, Ex. 30; cited in SUF, at Facts #:<br>○ 1A (12:25-28) (¶7)<br>○ 1D (28:16-18) (¶6)<br>○ 1G (46:19-23) (¶6)<br>○ 1H (55:16-21) (¶5) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

| | | |
|---|---|---|
| | ○ 2 (68:22-24) (¶33) | Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 37. | Declaration of Class Members' mother Kelly G▬▬▬, Doc. No. 201-5 Ex. 31; cited in SUF, at Facts #:<br>  ○ 1A (12:28-13:3) (¶7)<br>  ○ 1G (47:4-7, 47:18-22) (¶¶5, 7, 8)<br>  ○ 2 (68:25-69:3) (¶8)<br>  ○ 3A (88:5-12, 89:17-20) (¶¶6, 14) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

| | | |
|---|---|---|
| 38. | Declaration of Class Members' mother Maria D█████ ███████, Doc. No. 201-5 Ex. 32; cited in SUF, at Facts #:<br>   ○ 1A (13:4-6, 13:25-28) (¶¶6-7)<br>   ○ 1H (55:22-28) (¶¶6-7)<br>   ○ 2 (69:4-6) (¶9)<br>   ○ 4 (117:7-9) (¶6) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 39. | Declaration of Class Members' mother Lindsay G█████ ██████ Doc. No. 201-5 Ex. 33; cited in SUF, at Facts #:<br>   ○ 1A (13:7-10) (¶8)<br>   ○ 1G (40:19-24) (¶7)<br>   ○ 7 (145:3-7) (¶14-15) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | |
|---|---|---|
| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 40. | Declaration of Class Member Katerin Y▮▮▮▮ ▮▮▮▮ Doc. No. 201-5, Ex. 34; cited in SUF, at Facts #:<br>○ 1A (13:12-15) (¶9)<br>○ 2 (69:18-20) (¶13)<br>○ 3A (86:27-87:4, 91:21-27) (¶¶7, 13) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 41. | Declaration of Class Members' mother Sonia A▮▮▮▮▮▮, Doc. No. 201-5, Ex. 35; cited in SUF, at Facts #:<br>○ 1A (13:16-19) (¶6)<br>○ 1G (45:13-17) (¶6)<br>○ 1H (56:27-87:4) (¶13)<br>○ 1I (61:10-12) (¶6) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

| | | |
|---|---|---|
| | o  2 (69:21-23) (¶8)<br>o  3A (87:4-9, 91:17-20) (¶8) | Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 42. | Declaration of Class Members' mother Kenia Y████ ██████, Doc. No. 201-5 Ex. 36; cited in SUF, at Facts #:<br>o  1A (13:21-24) (¶8)<br>o  1H (54:11-16) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

| | | |
|---|---|---|
| 43. | Declaration of Class Member Walter A████████ ████████ Doc. No. 201-5 Ex. 22; cited in SUF, at Facts #:<br>○ 1A (14:2-8) (¶¶6, 8)<br>○ 2 (70:13-20) (¶¶12, 22)<br>○ 3A (85:3-9, 89:27-90:9) (¶¶8-10, 22) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 44. | Declaration of Class Member Bianca C████████ ████████ Doc. No. 201-5, Ex. 37; cited in SUF, at Facts #:<br>○ 1A (14:9-13) (¶13)<br>○ 1B (19:10-12) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | |
|---|---|---|
| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 45. | Declaration of Class Member Victor R███████ Doc. No. 201-5 Ex. 21; cited in SUF, at Facts #:<br>  o 1A (14:18-22) (¶4)<br>  o 3A (89:22-26 (¶¶7, 11)<br>  o 4 (117:14-20) (¶¶8, 16) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 46. | Declaration of Karen Z███████ ███████ Doc. No. 201-5 Ex. 39; cited in SUF, at Facts #:<br>  o 1B (20:11-14) (¶5)<br>  o 1D (28:19-23) (¶7)<br>  o 1G (46:24-47:3) (¶7)<br>  o 2 (70:6-12) (¶11)<br>  o 3A (84:24-85:2) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

| | | |
|---|---|---|
| | o  4 (116:8-12, 117:10-13) (¶23) | Fed. R. Evid. 602 for some of this witness's testimony.

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 47. | Declaration of Class Member Yeslin L█████████ Doc. # 201-5 at 834, Ex. 23; cited in SUF, at Facts #:
  o  1A (10:6-8) (¶)
  o  1D (28:4-7) (¶6)
  o  1H (53:26-54:3) (¶6)
  o  3C (100:8-14) (¶7)
  o  5 (124:24-28) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.

Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

| | | |
|---|---|---|
| 48. | Declaration of Eloisa R█████ █████ Doc. No. 201-6, Ex. 58; cited in SUF, at Facts #:<br>○ 1D (28:8-10) (¶8)<br>○ 1H (56:17-20) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 49. | Declaration of Class Member Allison M█████ █████ Doc. # 201-5, Ex. 40; cited in SUF, at Facts #:<br>○ 1G (45:18-20) (¶6)<br>○ 1H (55:9-12) (¶6)<br>○ 2 (68:4-7) (¶10)<br>○ 3A (88:24-89:2, 91:28-92:8) (¶¶10, 12) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | |
|---|---|---|
| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 50. | Declaration of Class Member Melvin M████ ████ Doc. # 201-6, Ex. 59; cited in SUF, at Facts #: <br> o 1G (46:15-18) (¶6) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 51. | Declaration of Class Member Mother Amarilis L████ ████ Doc. # 201-5, Ex. 44; cited in SUF, at Facts #: <br> o 1G (47:14-17) (¶7) <br> o 1I (60:27-61:3) (¶7) <br> o 2 (69:7-10) (¶7) <br> o 3A (91:13-16) (¶8) <br> o 4 (116:13-22) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

34

| | | |
|---|---|---|
| | | Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 52. | Declaration of Class Member Edgardo D██████ ███████, Doc. # 201-6, Ex. 49; cited in SUF, at Facts #:<br>  ○  1G (47:23-27) (¶6)<br>  ○  1I (61:23-62:2) (¶6)<br>  ○  3A (90:9-15) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

| | | |
|---|---|---|
| 53. | Declaration of Class Member mother Ritza M█████ ████████ (Doc. # 201-3, Ex. 19-O; cited in SUF, at Facts #:<br>   ○ 1H (53:10-14) (¶7) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 54. | Declaration of Fanny E█████ ███████████ Doc. # 201-6, Ex. 54; cited in SUF, at Facts #:<br>   ○ 1H (56:11-16) (¶4)<br>   ○ 1I (61:4-9) (¶4) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | |
|---|---|---|
| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 55. | Declaration of Diana C█████ █████ Doc. # 201-5, Ex. 43; cited in SUF, at Facts #:<br>○ 2 (68:11-18) (¶¶6, 9)<br>○ 3A (90:3-9) (¶10) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 56. | Declaration of Vilma S███ █ █████ Doc. # 201-5, Ex. 47; cited in SUF, at Facts #:<br>○ 2 (69:24-27) (¶9) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

| | | Fed. R. Evid. 602 for some of this witness's testimony. |
|---|---|---|
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 57. | Declaration of Leny A████ ████ Doc. # 201-6, Ex. 48; cited in SUF, at Facts #: <br> ○ 3A (87:10-16) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |

| | | |
|---|---|---|
| 58. | Declaration of Flember J█████ ██████ Doc. # 201-6, Ex. 50; cited in SUF, at Facts #: <br> o 3A (90:16-19) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 59. | Declaration of Karen L█████ ██████ Doc. # 201-6, Ex. 51; cited in SUF, at Facts #: <br> o 3A (90:20-25) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony. <br><br> Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | |
|---|---|---|
| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 60. | Declaration of Madelyn M▇▇▇▇▇▇, Doc. # 201-6, Ex. 52; cited in SUF, at Facts #:<br>   ○ 3A (90:26-91:6) (¶10) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 61. | Declaration of Karina V▇▇▇▇▇▇, Doc. # 201-3 at 631, Ex. 19-H; cited in SUF, at Facts #:<br>   ○ 1B (16:16-20) (¶8)<br>   ○ 1G (36:28-37:21) (¶¶2, 3, 5, 6, 11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Additionally, Plaintiffs will be unable to lay the proper evidentiary foundation under |

| | | |
|---|---|---|
| | | Fed. R. Evid. 602 for some of this witness's testimony.<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| | **Declarations of Class Member Advocates** | |
| 62. | Declaration of attorney Natalia Ospina, Doc. No. 201-1, Ex. 7; cited in SUF, at Facts #:<br>○ 1A (11:16-19) (¶5)<br>○ 1G (45:21-24) (¶5)<br>○ 2 (69:28-70:6) (¶9)<br>○ 3A (85:10-17, 88:17-23) (¶9) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants further object to this exhibit on the grounds that the declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g., United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| | | |
|---|---|---|
| | | Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 63. | Declaration of attorney Lindsay Harris, Doc. No. 201-2, Ex. 14; cited in SUF, at Facts #:<br><ul><li>1A (11:20-25) (¶4(c))</li><li>1B (19:7-9) (¶4(c))</li><li>1H (54:23-26) (¶4(b))</li><li>1I (60:18-22) (¶4(b))</li><li>3A (88:13-17) (¶4(d))</li><li>5 (123:13-19) (¶5)</li></ul> | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various CBP and ICE facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack |

foundation, and amount to improper lay opinion.  Fed. R. Evid. 701.

Defendants also object to this exhibit on the grounds that the declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or

43

| | | |
|---|---|---|
| | | she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 64. | Declaration Excerpts of attorney Lindsay Harris (Due Process), Doc. # 201-2, Ex. 16; cited in SUF, at Facts #:<br>○ 7 (152:11-154:14) (¶¶13-16) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to USCIS policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Further, declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that |

| | | |
|---|---|---|
| | | required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 65. | Declaration of ACLU of Texas Policy Strategist Astrid Dominguez, Doc. No. 201-5 Ex. 38; cited in SUF, at Facts #:<br>   o  1A (14:14-18) (¶6) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Declarant's discussions of statements made by her clients and others is inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| | | |
|---|---|---|
| | | Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985). |
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 66. | Declaration of Peter Schey Ex. 1, Doc. No. 201-1 at 1; cited in SUF, at Facts #: <br> o 1B (17:12-14) (¶5) <br> o 2 (65:26-66:5) (¶8) <br> o 2A (73:11-18) (¶10) <br> o 3D (104:16-22) (¶9) <br> o 4 (115:8-12) (¶9) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. <br><br> Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various CBP and ICE facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701. |

Declarant's discussions of statements made by his clients and others is inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony.").

47

| | | |
|---|---|---|
| 67. | Declaration of Alex Mensing, and Exhibits, Doc. Nos. 201-3 & 201-4; cited in SUF, at Facts #:<br><br>o 1B (19:3-6 (¶10), 19:15-18 (Ex. P), 19:19-22 (Ex. T), 19:23-25 (¶13), 19:27-28 (Ex. O), 20:2-3 (Ex. W), 20:4-6 (Ex. HH), 20:7-10) (Ex. KK))<br><br>o 1G (44:9-12 (Ex. E), 44:13-45:11 (¶¶12(3)-(4)), 47:8-13 (Ex. Y), 48:5-8 (Ex. Y), 48:10-12 (Ex. CC), 48:13-16 (Ex. SS)<br><br>o 1H (55:5-8 (Ex. PP), 56:7-10 (Ex. R)<br><br>o 1I (61:12-14 (¶12(5)), 61:15-19 (Ex. C), 62:3-8 (Ex. H)<br><br>o 4 (116:23-28 (Ex. Y), 117:2-6 (Ex. R), 117:21-27 (Ex. GG).<br><br>o 7 (150:9-13, (Ex. PP), 150:14-20 (Ex. GG), 150:21-23 (Ex. NN), 150:23-151-3 (Ex. PP) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants further object to this exhibit on the grounds that the declarant's discussions of statements made by his clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, |

| | | |
|---|---|---|
| | | 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 68. | Declaration of attorney Jocelyn Dyer, Doc. # 201-1, Ex. 6; cited in SUF, at Facts #:<br>○ 1D (28:12-15 (¶11A)<br>○ 1G (45:28-46:5 (¶11A) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985). |

49

| | | |
|---|---|---|
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 69. | Declaration of CARA Pro Bono Project volunteer Leanne Purdum, Doc. # 201-1, Ex. 8; cited in SUF, at Facts #:<br>○ 1G (45:25-27) (¶5)<br>○ 1H (54:27-28) (¶5)<br>○ 2 (67:22-27) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial |

| | | |
|---|---|---|
| | | counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 70. | Declaration of volunteer attorney Theresa Wilkes, Doc. # 201-1, Ex. 9; cited in SUF, at Facts #:<br> o 1G (46:10-14) (¶8)<br> o 1I (60:23-26) (¶8)<br> o 2 (67:28-68:3) (¶12)<br> o 3A (86:3-21) (¶11)<br> o 7 (154:15-20) (¶3) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various CBP and ICE facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants further object to this exhibit on the grounds that the declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony |

is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony.").

| 71. | Declaration of Ed McCarthy, Doc. # 201-1 at 173, Ex. 11; cited in SUF, at Facts #: ○ 2 (65:12-17) (¶11) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to |

52

| | | |
|---|---|---|
| | o 3A (82:28-83:10 (¶¶4, 12)<br>o 7 (143:23-144:16) (¶5, 7-10) | any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has he provided sufficient foundation for his conclusions. Fed. R. Evid. 702.<br><br>Further, declarant's discussions of statements made by his clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802.  This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985). |

| | | |
|---|---|---|
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 72. | Declaration of Bridget Cambria, Doc. # 201-1 at 103, Ex. 3; cited in SUF, at Facts #:<br>　○ 2 (65:7-11) (¶12)<br>　○ 2A (73:5-10) (¶12)<br>　○ 3A (87:17-25) (¶12)<br>　○ 3D (102:23-103:13) (¶¶2, 10)<br>　○ 4 (115:3-7) (¶9)<br>　○ 7 (141:28-142:15) (¶5, 7) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various CBP and ICE facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Further, declarant's discussions of statements made by her clients and others is inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the |

| | | |
|---|---|---|
| | | bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985 ).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 73. | Declaration (and Attachment) of Manoj Govindaiah, Director of Family Detention Services with RAICES, Doc. # 201-2, Ex. 17; cited in SUF, at Facts #:<br>   o  3A (85:18-86:2, 89:3-10, 91:7-11) (¶¶16, 20, 21)<br>   o  Attach. A (149:10-150:8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.

The attachment to the declaration appears to offer expert testimony as to USCIS policies and procedures and the resulting effects, but the declarant has not been qualified as an expert regarding such policies or the effects of their |

implementation, nor has sufficient foundation been provided for declarant's conclusions. Fed. R. Evid. 702.

Further, declarant's discussions of statements made by his clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802.  This testimony is also excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the

| | | |
|---|---|---|
| | | jury than it would be without such testimony."). |
| 74. | Declaration of attorney, Amanda Doroshow, Doc. # 201-1 at 170, Ex. 10; cited in SUF, at Facts #:<br>○ 3C (100:15-23) (¶6)<br>○ 7 (148:26-149:4) (¶6) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness |

| | | |
|---|---|---|
| | | through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 75. | Declaration of CARA Project attorney, Ana Camila Colon, Doc. # 201-6, Ex. 64 (¶¶ 4, 6, 7); cited in SUF, at Facts #:<br>○ 5 (123:3-12) (¶7)<br>○ 7 (154:21-155:6 (¶¶4, 6) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness |

| | | |
|---|---|---|
| | | through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 76. | Declaration of Carol Anne Donohoe, Doc. # 201-1, Ex. 4 (¶¶ 12, 14); cited in SUF, at Facts #:<br>o 5 (123:20-26) (¶14)<br>o 5A (126:23-27) (¶12)<br>o 6A (132:21-133:3) (¶12) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to |

| | | |
|---|---|---|
| | | show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 77. | Declaration of Attorney Kathryn Shepherd, Doc. # 201-6, Ex. 69; cited in SUF, at Facts #:<br>○ 5 (123:27-124:14) (¶26)<br>○ 7 (151:3-152:10) (¶¶9, 10, 13, 22) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at the Dilley facility and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to |

60

| | | |
|---|---|---|
| | | show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 78. | Declaration of Attorney Jodilyn Goodwin, Doc. # 201-6, Ex. 6; cited in SUF, at Facts #:<br>   ○ 6A (132:3-20) (¶12) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, \*9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to |

61

| | | |
|---|---|---|
| | | show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 79. | Declaration of attorney Karen Lucas, Re Flores detention facility Inspection, Doc. # 201-6, Ex. 68; cited in SUF, at Facts #:<br>○ 6A (133:4-28) (¶¶6-9, 13) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Further, declarant's discussion of statements purportedly made by an "ICE ERO officer" is inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7. |

| | | |
|---|---|---|
| | | Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 80. | Declaration of attorney Karen Lucas, Doc. # 201-1, Ex. 13; cited in SUF, at Facts #:<br>○  7 (149:5-9) (¶4) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided |

| | | |
|---|---|---|
| | | sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| 81. | Declaration of attorney Michelle Garza Pareja, Associate Executive Director of RAICES in San Antonio, Texas, Doc. # 201-6, Ex. 66; cited in SUF, at Facts #:<br>  ○ 7 (155:7-156:2) (¶8) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are |

64

speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.

Declarant's discussions of statements made by her clients and others are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.

Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).

Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the

65

| | | |
|---|---|---|
| | | jury than it would be without such testimony."). |
| 82. | Attachment to Declaration of Amy Fischer, Policy Director, RAICES, Doc. # 201-6, Ex. 67; cited in SUF, at Facts #:<br>○ 7 (156:3-13) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendant's object to this exhibit to the extent that it seeks to provide opinion testimony on alleged harms suffered by individuals at various facilities and the causes of those alleged harms. Fed. R. Evid. 702. The declarant's conclusions are speculative, lack foundation, and amount to improper lay opinion. Fed. R. Evid. 701.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985).<br><br>Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the |

| | | |
|---|---|---|
| | | jury than it would be without such testimony."). |
| 83. | Declaration of Robyn Barnard, Doc. # 201-1 at 176, Ex. 12; cited in SUF, at Facts #:<br><br>o  4 (115:17-21) (¶18)<br>o  7 (146:10-148:25 (¶¶8, 10, 11, 12, 18) | Defendants object to this declaration, as well as the statements therein, because it is inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802.<br><br>Defendants object to this exhibit on the grounds that the declarant appears to offer expert testimony as to ICE policies and procedures and the resulting effects, but has not been qualified as an expert regarding such policies or the effects of their implementation, nor has she provided sufficient foundation for her conclusions. Fed. R. Evid. 702.<br><br>Further, declarant's discussion of statements made other attorneys are inadmissible hearsay within hearsay. Fed. R. Evid. 802. This testimony is excludable on that basis. *See, e.g.*, *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony"); *see also* Fed. R. Evid. 801, 802; L.R. 7-7.<br><br>Defendants also object to this exhibit because it is prohibited under the advocate-witness rule.  *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial |

| | | |
|---|---|---|
| | | counsel because the advocate-witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985). |
| | | Finally, Defendants object to consideration of this evidence without the opportunity to show bias on the part of the witness through cross examination or other means. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he or she testified less probable in the eyes of the jury than it would be without such testimony."). |
| | **ICE & CBP Declarations** | |
| 84. | Declaration of Mario Martinez Doc. No. 210-1 Ex. 7, cited in SUF, at Facts #: <br> ○ 1C (23:14-19) (¶32) <br> ○ 1G (37:22-38:12) (¶¶33, 63) <br> ○ 1H (51:7-14) (¶40) <br> ○ 2 (64:21-28) (¶39) <br> ○ 6B (138:10-14) (¶49) | Defendants object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |
| 85. | Declaration of Chief Patrol Agent – Rio Grande Valley Sector, CBP, Manuel Padilla Jr., Doc. # 211-1, Ex. 10; cited in SUF, at Facts #: <br> ○ 1H (51:16-24) (¶22) | Defendants object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |

| | | | |
|---|---|---|---|
| 86. | Declaration of Assistant Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, ICE, Juanita Hester, Doc. # 215-1, Ex. 20; cited in SUF, at Facts #: <br> o 2A (72:27-73:4) (¶20) <br> o 3A (75:9-20) (¶13) <br> o 5B (128:9-21) (¶13) <br> o 7 (138:15-139:2) (¶¶6, 14, 15) | Defendants object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. | |
| 87. | Declaration of Assistant Director for Field Operations, Enforcement and Removal Operations (ERO), in Washington, D.C., ICE, John Gurule, Doc. # 217-1, Ex. 22; cited in SUF, at Facts #: <br> o 3A (81:25-82:9) (¶14) | Defendants object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. | |
| 88. | Declaration of Paul Beeson, Doc. # 209-3, Ex. 6; cited in SUF, at Facts #: <br> o 1G (39:5-9) (¶37) <br> o 1H (52:14-16) (¶9) <br> o 3A (98:7-14) (¶85) <br> o 4 (113:8-12) (¶21) | Defendants object to Agent Beeson's Declaration because it is irrelevant based on the geographically limited nature of Plaintiffs' allegations.  Fed. R. Evid. 402. Plaintiffs' allegations concern facilities in Texas.  Agent Beeson serves in the Tucson, Arizona Sector. <br><br> Defendants also object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. | |

| | | |
|---|---|---|
| 89. | Declaration Excerpt of Valentin de la Garza, Dilley Supervisor, Doc. # 216-1, Ex. 21; cited in SUF, at Facts #:<br>    ○ 5B (129:6-11) (¶13) | Defendants also object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |
| 90. | Declaration of Joshua Reid, Doc. # 217-4, Ex. 28; cited in SUF, at Facts #:<br>    ○ 4 (112:19-23) (¶17) | Defendants object to this declaration, as well as the statements therein, to the extent it contains inadmissible hearsay and is not subject to any exception to the hearsay rule. Fed. R. Evid. 802. |

DATED:     December 16, 2016          Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

71

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.


/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants