BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
LEON FRESCO
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax: (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA LYNCH, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **Defendants' Statement of Genuine Disputes of Material Fact** <br><br> [Hon. Dolly M. Gee] |

# Defendants' Statement of Genuine Disputes of Material Fact

In accordance with paragraph 3(a) of this Court's October 7, 2016 Order Re Defendants Motion for an Evidentiary Hearing (ECF No. 274), Defendants submit the following Statement of Genuine Disputes of Material Fact in response to Plaintiffs' Statement of Uncontroverted Facts ("SUF") (ECF No. 288).

| Allegedly Undisputed Fact | Disputed/Undisputed |
|---|---|
| 1. WHETHER CONDITIONS AT THE U.S. CUSTOMS AND BORDER PROTECTION FACILITIES VIOLATE THE FLORES AGREEMENT. DEFENDANTS CONTINUE TO DETAIN CHILDREN IN DEPLORABLE AND UNSANITARY CONDITIONS IN CBP FACILITIES IN VIOLATION OF THE SETTLEMENT AND THIS COURT'S ORDERS. | |
| ***A.* Flores Class Member children in CBP facilities suffer from inadequate access to food.** | DISPUTED<br><br>Minors in Border Patrol custody are provided regular meals under contracts with food vendors. Minors are fed on a regular schedule.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶¶ 46-48; Def. Ex. 30, Deposition of Manuel Padilla at 31: 14-19.<br>Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 27.<br>Def. Exh. 49, Declaration of Matthew J. Hudak, ¶¶ 18-23<br>Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 16 |

| | |
|---|---|
| | Plaintiffs' witnesses received hot and cold meals.<br>Def. Exh. 16, Declaration of David W. Strange, ECF No. 214, Exs. B, K, L<br>Def Exh. 41, Declaration of David W. Strange, Ex. AA, BB, CC, DD<br><br>Applicable CBP Policy provides for regular mealtimes, hot and cold meals for minors, and regular access for minors to snacks, milk, and juice.<br>Def. Exh. 31, CBP TEDS Policy at §§ 5.6; 4.13<br><br>Plaintiffs' witnesses describe being fed while in CBP custody.<br>Def. Exh. 32, Ritza Mxxx xxxxxxx Dep. 19:2-7<br>Def. Exh. 33, Celina Sxxxxxx-xxxx Dep. 18:16-19:15).<br>Def. Exh. 34, Franklin Rxxxx xxxxxxxxx Dep. 14:16-15:17<br>Def. Exh. 34, Franklin Rxxxx xxxxxxxxx Dep. 16:10-11<br>Def. Exh. 35, Lindsay Gxxxx xxxxx Dep. 15:6-11<br>Def. Exh. 36, Sara Exxxxxxxx xxxxx 25:25-26 |
| **B. Flores Class Member children in CBP facilities continue to suffer from inadequate access to clean drinking water.** | DISPUTED<br><br>Water fountains are available in hold rooms at Border Patrol stations in the Rio Grande Valley Sector. Hold rooms also are stocked with sport style five gallon coolers and cups. Detainees have the option to drink from either. Detainees have access to water at all times. |

| | |
|---|---|
| | Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶¶ 21, 56 <br> Def. Exh. 16, Declaration of David W. Strange, ECF No. 214, Exs. K, L, N <br> Def. Exh. 49, Declaration of Matthew J. Hudak, ¶ 24 <br> Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶¶ 28, 29. <br> Def. Exh. 34, Franklin Rxxxx xxxxxxxxx Dep. 11:13-22 <br> Def. Exh. 34, Franklin Rxxxx xxxxxxxxx Dep. 16:16-23 <br> Def. Exh. 33, Celina Sxxxxxx-xxxx Dep. 19:22-20:15). <br> Def. Exh. 36, Sara Sxxx-Xxxx, Dep. 22:3-15, 19-20. <br> Def. Exh. 32, Ritza Mxxx xxxxxxx Dep. 21:15-23 <br> Def. Exh. 35, Lindsay Gxxxx xxxxx Dep. 10: 12-13 <br> Def. Exh. 35, Lindsay Gxxxx xxxxx Dep. 18:23-19:6 <br><br> In the El Paso Field Office, water is available with each meal and upon request. <br> Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 16 <br><br> Border Patrol agents regularly check to make sure water is available to minors. <br> Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 34 <br> Def. Exh. 49, Declaration of Matthew J. Hudak, ¶ 24 <br> Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 58 |

3

| | | |
|---|---|---|
| | | The water jugs in CBP hold rooms are regularly cleaned. Bleach is not used for cleaning these water jugs. Cups are monitored and replenished as needed. Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 57. Def. Exh. 49, Declaration of Matthew J. Hudak, ¶ 24 Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 29 |
| | **C. Flores Class Member children are held in CBP facilities that are unsanitary and unfit for human habitation.** | DISPUTED<br><br>CBP facilities have cleaning contracts that ensure regular cleaning of the facilities. The cleaning contractors mop and hose down the holding cells, clean and descale the bathroom fixtures to include the toilets and sinks, restock bathroom supplies to include toilet paper, paper towels, and soap, empty trash receptacles, and clean the mattresses.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶¶ 60, 61<br>Def. Exh. 49, Declaration of Matthew J. Hudak, ¶¶ 31-33<br>Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 36<br><br>Hold rooms in Border Patrol stations in the Rio Grande Valley have trash bins. Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 62.<br><br>Hold rooms in Border Patrol stations in Rio Grande Valley have hand washing/hand sanitizer stations that are |

| | |
|---|---|
| | regularly stocked with soap, hand sanitizer, and towels.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 86 |
| **D. Class members with torn, soiled or wet clothes are not provided with dry clothes by CBP officials.** | DISPUTED<br><br>Upon arrival at CPC-Ursula, every juvenile is provided an opportunity to shower, have their clothes laundered, and receive a change of new clothes<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶¶ 71, 73, 74 |
| **E. Class members in CBP facilities for 12-72 hours are not provided showers, soap, toothbrushes or towels.** | DISPUTED<br><br>Although not all stations in RGV Sector have shower and laundry facilities available, approximately 93% of the juveniles apprehended in the RGV Sector are transferred following their processing to CPC-Ursula where shower and laundry services are provided to all detainees. On average, juveniles in RGV Sector are transferred to CPC-Ursula within approximately 33 hours of apprehension and processing.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 68<br><br>When minors in Border Patrol custody in the Rio Grande Valley are transferred to CPC-Ursula, they have the opportunity to shower, and are provided a hygiene kit that includes a towel, toothbrush, toothpaste, mouthwash, soap, and shampoo. |

| | |
|---|---|
| | Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶¶ 71, 72, 75

At CPC-Ursula, private portable toilets are made available for all detainees. Next to the bathrooms are hand washing/hand sanitizer stations that are regularly stocked with soap, hand sanitizer, and towels.
Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 86

In El Paso Field Office juveniles approaching 48 hours in custody are provided the opportunity to shower and given a towel to dry off after showers.
Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 22

Applicable CBP policy provides that reasonable efforts will be made to provide showers, soap, and a clean towel to juveniles who are approaching 48 hours in detention."
Def. Exh. 31, CBP TEDS policy §5.6
Def. Exh. 49, Declaration of Matthew J. Hudak, ¶ 35

Some of Plaintiffs' witnesses were provided showers, towels, and/or toothbrushes.
Def. Exh. 16, Declaration of David W. Strange, ECF No. 214, Exs. A, F, L
Def. Exh. 34, Franklin Rxxxx xxxxxxxxx Dep. 21: 4-5
Def. Exh. 34, Franklin Rxxxx xxxxxxxxx Dep. 17:16-19
Def. Exh. 37, Mirna Guiterrez-Mejia, Dep. 18:23-19:7. |

| | |
|---|---|
| **F. Class members in CBP facilities are not provided with soap and towels to wash from the time they are first detained.** | DISPUTED<br><br>The toilets in the station hold rooms in the Rio Grande Valley are connected to a sink, which the detainees may use to wash their hands with soap or hand sanitizer. Paper towels are made available to the detainees as well.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 86<br><br>In El Paso Field Office all restrooms have soap and paper towels.<br>Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 18 |
| **G. Class Member children suffer from extremely cold temperatures in CBP detention facilities. Defendants do not provide children with jackets or sweaters to deal with the cold temperatures.** | DISPUTED<br><br>The temperature in CBP facilities is monitored every shift. Agents record if the temperature is outside the acceptable range of 66 to 80 degrees Fahrenheit. If it is outside that range, immediate steps are taken to bring the temperature back into the acceptable range.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 67<br>Def. Exh. 16, Declaration of David W. Strange, ECF No. 214, Exs. F, O<br>Def. Exh. 49, Declaration of Matthew J. Hudak, ¶¶ 28-30<br>Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 33<br>Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 19 |

| | |
|---|---|
| | Detainees are provided mylar blankets for warmth.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 89<br>Def. Exh. 49, Declaration of Matthew J. Hudak, ¶ 37<br>Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 41<br>Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 20 |
| **H. Class Members are held in inhumanely overcrowded CBP detention facilities and are forced to endure sleep deprivation.** | DISPUTED<br><br>Because the RGV Sector has nine stations as well as the CPC-Ursula, agents are able to take various steps to reduce overcrowding. This includes activating CPC-Weslaco, detailing agents from other sectors, and moving aliens to stations that have a lower detainee population.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 22<br><br>Approximately 93% of the juveniles apprehended in the RGV Sector are transferred following their processing to CPC-Ursula where shower and laundry services are provided to all detainees. On average, juveniles in RGV Sector are transferred to CPC-Ursula within approximately 33 hours of apprehension and processing.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 68 |

| | | |
|---|---|---|
| | | Minors have the opportunity to sleep comfortably at CPC-Ursula, and are provided mattresses.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 89<br>Deposition of Manuel Padilla at 22:7-11; 23:22-24<br><br>Minors are able to sleep while in CBP custody.<br>Def. Exh. 38, Karina Vxxxx Xxxxxx Dep. 22:21-22<br>Def. Exh. 35, Lindsay Lxxx-Xxxxx Dep. 18:13-15; 40:13-16; 41:16-20<br>Def. Exh. 39, Zulma Mxxxxx Xxxxx Xxxxx Dep. 25:9-14 |
| | **I. Class members processed in some CBP facilities, including in McAllen and other Texas facilities, where the largest number of class members are processed, must sleep on concrete floors with no mats or mattresses and only a mylar blanket.** | DISPUTED<br><br>Approximately 93% of the juveniles apprehended in the RGV Sector are transferred following their processing to CPC-Ursula where shower and laundry services are provided to all detainees. On average, juveniles in RGV Sector are transferred to CPC-Ursula within approximately 33 hours of apprehension and processing.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 68<br><br>Minors have the opportunity to sleep comfortably at CPC-Ursula, and are provided mattresses.<br>Def. Exh. 10, Declaration of Manuel Padilla, Jr., ECF No. 211, ¶ 89 |

9

| | |
|---|---|
| | Deposition of Manuel Padilla at 22:7-11; 23:22-24
Def. Exh. 33, Celina Sxxxx Xxxx Dep. 34:7-13
Def. Exh. 34, Franklin Cxxxxx Xxxxxxx, 18:24-19:2
Def. Exh. 35, Lindsay Lxxxx-Xxxxx Dep. 17:9-11
Def. Exh. 40, Yeslin Lxxxx-Xxxxxx Dep. 18:21-19:1

Minors in Del Rio Sector are provided foam mats.
Def. Exh. 49, Declaration of Matthew J. Hudak, ¶ 38.

Minors in Laredo Sector are provided sleeping mats and mylar blankets.
Def. Exh. 7, Declaration of Mario Martinez, ECF No. 210-1, ¶ 41

Minors in El Paso Field Office are provided with a foam mat.
Def. Exh. 50, Declaration of Hector A. Mancha, Jr. ¶ 21 |
| 2. *FLORES* CLASS MEMBER CHILDREN ARE ROUTINELY NOT ADVISED OF *FLORES* RIGHTS BY CBP OR ICE OFFICERS. | THE COURT HAS NOT SET THIS ISSUE FOR HEARING. Oct. 6, 2016 Hearing Tr. at 7:9-13. |
| **A. Defendants do not advise Class Members about their right to a custody hearing before an Immigration Judge and do not afford accompanied children bond or custody hearings before Immigration Judges.** | THE COURT HAS NOT SET THIS ISSUE FOR HEARING |
| **B. Defendants have not provided accompanied minors not released** | THE COURT HAS NOT SET THIS ISSUE FOR HEARING |

10

| | |
|---|---|
| with "a notice of the reasons for housing the minor in a detention or medium security facility." | |
| 3. DHS FAILS TO MAKE AND RECORD ONGOING EFFORTS AIMED AT RELEASE OR PLACEMENT OF *FLORES* CLASS MEMBERS. | |
| **A. Defendants do not make and record "continuous" efforts from the time accompanied minors "are taken into custody" aimed at the release of minors under ¶¶ 14 and 19 of the Agreement. Defendants place these Class Members in expedited removal, subject them to mandatory detention, and release them if their mothers pass a credible or reasonable fear interview.** | DISPUTED IN PART<br><br>ICE generally does not seek to release minors who are accompanied by a parent or guardian to another adult. *See* Def. Exh. 44, Declaration of Hectero D. Salina at ¶ 3<br>Def. Exh. 42, Declaration of Juanita Hester at ¶ 3<br>Def. Exh. 43, Declaration of Joshua Reid at ¶ 3.<br><br>Defendants dispute Plaintiffs' assertion in this paragraph about what is required under Paragraphs 14 and 19 of the *Flores* Agreement.<br><br>To the extent this paragraph largely consists of legal argument, Defendants dispute that argument. |
| **B. Defendants have no contracts with licensed programs to place accompanied minors under ¶¶ 14E or 19 of the Agreement and therefore never place Class Members in such facilities.** | DISPUTED<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to |

11

| | | |
|---|---|---|
| 1 | | brief these new issues and provide additional evidence. |
| 2-9 | **C. Defendants have no procedures in place to obtain Affidavits of Support for those willing to accept custody of a minor as required by ¶ 15 and ICE officers do not confer with Class Members or their mothers about placement pursuant to any part of the Settlement.** | DISPUTED<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to brief these new issues and provide additional evidence. |
| 10-17 | **D. Defendants have no procedures in place to conduct suitability assessments of those willing to accept custody of a minor as set forth in ¶ 17 of the Agreement and do not confer with Class Members or their mothers about suitability assessments.** | DISPUTED<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to brief these new issues and provide additional evidence. |
| 18-25 | **E. Defendants do not place accompanied minors or offer accompanied minors placement in "less restrictive alternatives [than secure facilities] that are available and appropriate" under ¶ 23 of the Agreement.** | DISPUTED<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to brief these new issues and provide additional evidence. |
| 26-28 | 4. *FLORES* CLASS MEMBER CHILDREN ARE ROUTINELY COMMINGLED WITH UNRELATED ADULTS FOR EXTENDED PERIODS OF TIME | DISPUTED |

| | | |
|---|---|---|
| | | THE COURT HAS NOT SET THIS ISSUE FOR HEARING. *See* Oct. 6, 2016 Hearing Tr. at 9. |
| | 5. DEFENDANTS DETAIN CLASS MEMBERS IN SECURE ICE FACILITIES FOR LONG PERIODS OF TIME AND DO NOT MAKE RELEASE AVAILABLE AS EXEDITIOUSLY AS POSSIBLE OR WITHOUT UNECCESARAY DELAY. | DISPUTED<br><br>ICE releases a substantial majority of class members with their parent in twenty days or less.<br>Def. Ex. 22, Declaration of Jon Gurule, ECF No. 217-1, at ¶ 13<br>Def. Exh. 45, Declaration of Philip Miller at ¶ 5 |
| | **A. Defendants do not evaluate on an individual basis whether class members pose a "substantial flight risk" ("a serious risk that the minor will attempt to escape") before deciding to detain accompanied minors.** | DISPUTED<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to brief these new issues and provide additional evidence. |
| | **B. Defendants detain class members solely because defendants have placed the children in expedited removal proceedings even though orders of expedited removal are statutorily not final and executable until class members have been provided a credible or reasonable fear interview, have received a decision, and have received a decision on any appeals taken to an Immigration Judge, all matters that may take several weeks or months.** | DISPUTED<br><br>ICE releases a substantial majority of class members with their parent in twenty days or less.<br>Def. Ex. 22, Declaration of Jon Gurule, ECF No. 217-1, at ¶ 13<br>Def. Exh. 45, Declaration of Philip Miller at ¶ 5<br><br>To the extent this paragraph largely consists of legal argument, Defendants dispute that argument. |
| | 6. *FLORES* CLASS MEMBER CHILDREN ARE ROUTINELY DETAINED FOR | |

13

| | | |
|---|---|---|
| 1 | WEEKS OR MONTHS IN SECURE FACILITIES. | |
| 2 | **A. Defendants facilities are not "non-secure" nor are their facilities the "least restrictive setting appropriate for the minors' age."** | DISPUTED<br><br>To the extent this paragraph largely consists of legal argument, Defendants dispute that argument.<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to brief these new issues and provide additional evidence. |
| | **B. The Dilley and Karnes facilities have no licenses both having been blocked by a court in Texas. Berks's license is also being challenged by the State and does not comply with the requirements of Exhibit 1 to the Agreement.** | DISPUTED IN PART<br><br>To the extent this paragraph largely consists of legal argument, Defendants dispute that argument.<br><br>This is a new issue that has not previously been briefed or argued in this proceeding, nor has the Court set it for evidentiary hearing. To the extent the Court intends to hear this new issue, Defendants request that the Court provide them the opportunity to brief these new issues and provide additional evidence. |
| | 7. DEFENDANTS INTERFERE WITH CLASS MEMBERS' RIGHT TO COUNSEL | DISPUTED<br><br>The Court set for hearing only the limited issue of whether Defendants transfer class members without notice to counsel. |

| | |
|---|---|
| | In all but a very small number of cases, where a minor was transferred, where the minor had an attorney of record on file with ICE, his or her attorney was notified in advance of that transfer. Def. Exh. 44, Salinas Decl. ¶ 5 Def. Exh. 42, Hester Decl. ¶ 5 Def. Exh. 43, Reid Decl. ¶ 5; Def. Exh. 20, ECF No. 215-1, at ¶ 16; Def. Exh. 21, ECF No. 216-1, at ¶ 16. |

DATED: December 16, 2016          Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

LEON FRESCO
Deputy Assistant Attorney General
Civil Division

WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2016, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants

-1-