DEFENDANTS' EXHIBIT 44

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | |
| Defendants. | |

## DECLARATION OF HOMERO D. SALINAS

I, Homero D. Salinas, hereby declare that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I am the Assistant Field Office Director (AFOD), San Antonio Field Office, Enforcement and Removal Operations (ERO), employed by U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS), at the South Texas Family Residential Center (STFRC) in Dilley, Texas. I have served as AFOD (either in an Acting or permanent role) of the STFRC since February 2, 2016. As AFOD of ICE's largest family residential center (FRC), I am familiar with the daily activities of the contractor, CoreCivic (formerly known as Corrections Corporation of America (CCA)), and am responsible for the immigration enforcement and removal operations of approximately 100 ERO staff assigned to STFRC. I have served ICE and its predecessor, U.S. Immigration and Naturalization Service (INS), in a law enforcement

1

capacity continuously since 1992. I began my career with INS as a Detention Enforcement Officer (DEO) in Houston, Texas, at the Houston Service Processing Center. I stayed in that position until I was promoted to the position of Immigration Enforcement Agent (IEA) in Huntsville, Texas, in 1997 as part of the Institutional Removal Program. In 1999 I was promoted to the position of Deportation Officer (DO) in Harlingen, Texas, where I remained until I was promoted to Supervisory Detention and Deportation Officer (SDDO) in 2006 in San Antonio, Texas. Later in 2006, I was again promoted to the position of Detention and Deportation Officer (DDO) in Washington, D.C. I remained in that position until I took a position in 2008 as an SDDO at the Willacy Detention Center (WDC) in Raymondville, Texas. After the closing of WDC, I was assigned as an SDDO to the Port Isabel Detention Center (PIDC) in Los Fresnos, Texas. On one occasion while at PIDC I was temporarily detailed to the T. Don Hutto Residential Center in Taylor, Texas, where I served as the Acting AFOD. In February 2016 I was selected to be an Acting AFOD at STFRC until I was formally promoted to the position of AFOD in July 2016.

2. I am familiar with the conditions and processes at the STFRC. The statements contained in this declaration are based upon my personal knowledge or upon information provided to me in my official capacity. The statements contained in this declaration are intended to provide additional facts related to the issues to be addressed at the January 30, 2017 evidentiary hearing.

2

## EFFORTS TO RELEASE MINORS FROM CUSTODY SEPARATE FROM THEIR ACCOMPANYING PARENT

3. As a general practice, ERO at STFRC does not seek to release minors, who are accompanied by their mothers or legal guardians,[1] to another adult. In the event it is discovered that a bona fide familial relationship (i.e. parent or legal guardian) does not exist between a minor and an adult encountered at STFRC, the minor is deemed to be unaccompanied and is transferred to the U.S. Department of Health and Human Services' Office of Refugee Resettlement (ORR). I am not aware of any request since October 23, 2015, from another parent or a legal guardian to release a minor from the accompanying mother to the other person. Family detention allows families to remain together during the processing of their immigration cases.

## MINORS IN ICE FAMILY RESIDENTIAL CENTERS FOR LONGER THAN 20 DAYS

4. ERO at STFRC has continued to work diligently to process and release, when appropriate, minors from the FRC. However, a small percentage of minors remain at STFRC for longer than 20 days. Generally, these individuals are subject to final orders of removal and fall into one of two categories: (1) individuals who have not been found to have a credible or reasonable fear of removal but are still seeking to establish a claim to credible or reasonable fear through requests for re-interview or reconsideration; or (2) individuals who are awaiting removal. As of November 19, 2016,[2] of the 1,332 residents (including 724 minors) at STFRC, 9 minors had been held at STFRC longer than 20 days. Exhibit 1 outlines the reasons for these stays longer than 20 days.

---

[1] STFRC does not house minors with male parents or legal guardians.
[2] ICE's Statistical Tracking Unit pulls data on a biweekly basis concerning average length of stay for residents at FRCs. Because information from the November 19, 2016 data pull was used for the Miller Declaration, ICE chose this date for the snapshot of residents held longer than 20 days.

3

## MINORS TRANSFERRED WITHOUT ADVANCE NOTICE TO THEIR COUNSEL

5.  From October 23, 2015, to November 17, 2016, 128 minors were transferred from STFRC. A transfer is when a minor is moved to another ICE facility, or transferred to ORR, but it does not include when a minor is released or removed. Of these 128 minors, 105 had an attorney of record prior to transfer and 23 did not. Of the 105 minors with an attorney, ICE has records that show that it provided notice to the attorney for 93 of the minors prior to transfer. For the remaining 12 minors transferred during the relevant timeframe, ICE may have notified the minor's attorney in advance of the transfer, but does not have data to show that it provided such advance notice. Those 12 occasions can be summarized as follows:

- On November 6, 2015, STFRC transferred two minors to the Berks Family Residential Center (BFRC). Counsel was notified the same day as the transfer.

- On November 11, 2015, STFRC transferred one minor to BFRC. Counsel was notified the same day as the transfer.

- On November 19, 2015, STFRC transferred one minor to BFRC. Counsel was notified the same day as the transfer.

- On January 25, 2016, STFRC transferred one minor to BFRC. Counsel was notified the same day as the transfer.

- On November 30, 2015, STFRC transferred one minor to BFRC.

- On December 18, 2015, STFRC transferred one minor to BFRC.

- On March 2, 2016, STFRC transferred two minors to BFRC.

4

- On June 17, 2016, STFRC transferred one minor to ORR.

- On June 18, 2016, STFRC transferred two minors to ORR.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 15 day of December, 2016.

_____ 12-15-16
Homero D. Salinas
Assistant Field Office Director
San Antonio Field Office – South Texas Family Residential Center
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## INDEX OF EXHIBITS

1. Minors at STFRC longer than 20 days on November 19, 2016.

# EXHIBIT 1

**Minors at STFRC longer than 20 days on November 19, 2016**

| Name | Location | Total Days in Custody through 11/19/2016 | Comments (Reasons for detention beyond 20 days as of Nov. 19, 2016) |
|---|---|---|---|
| Evelyn Fxxxxx-Rxxxxx | STFRC | 44 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Request for review (RFR) granted. USCIS issued postitive CF. Notice to Appear (NTA) issued. Released with mother on 11/19/2016. |
| Lorena Sxxxxx-Gxxxxx | STFRC | 36 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Request for review (RFR) granted. USCIS issued postitive CF. Notice to Appear (NTA) issued. Released with mother on 11/26/2016. |
| Tania Lxxxxx-Mxxxxx | STFRC | 27 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Removed 12/14/2016. |
| Maria Gxxxxx Qxxxxx | STFRC | 27 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Request for review (RFR). Removed 12/6/2016. |
| Mareny Sxxxxx Pxxxxx | STFRC | 23 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, vacated by Immigration Judge. Notice to Appear (NTA) issued. Released with mother on 11/19/2016. |
| Rosvi Sxxxxx Pxxxxx | STFRC | 23 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, vacated by Immigration Judge. Notice to Appear (NTA) issued. Released with mother on 11/19/2016. |
| Aurora Txxxxx-Bxxxxx | STFRC | 22 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Final order, pending travel documents from Honduran consulate. Removed 12/14/2016. |
| Ashly Ixxxxx-Bxxxxx | STFRC | 22 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Final order, pending travel documents from Honduran consulate. Removed 12/14/2016. |
| Kevin Lxxxxx-Nxxxxx | STFRC | 21 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Final order. Transferred to Berks on 11/25/2016. Released 12/7/2016. |