BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
CHRISTINA PARASCANDOLA
Trial Attorney
Office of Immigration Litigation – District Court Section
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-3097
Fax: (202) 305-7000
christina.parascandola@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JENNY LISETTE FLORES; *et al.*,

           Plaintiffs,

  v.

Loretta E. LYNCH, Attorney General, United States, *et al*.

           Defendant,

Case No. CV 85-4544

Defendants' Opposition to *Amici Curiae* American Immigration Council's and American Immigration Lawyers Association's Request for Judicial Notice

**INTRODUCTION**

Before the Court is Plaintiffs' May 19, 2016 motion to enforce the 1997 *Flores* Settlement Agreement ("Settlement") and appoint a special monitor. Dkt. 201. Plaintiffs allege that Defendants are not in compliance with several terms of the Settlement and with the Court's Orders of July 24 and August 21, 2015. *Id.*; *see* Dkts. 177, 189. Amici American Immigration Council and American Immigration Lawyers Association, who are not parties to this case, ask the Court to take judicial notice of the Report of the Department of Homeland Security ("DHS") Advisory Committee on Family Residential Centers ("Report"), dated September 30, 2016, Dkts. 286 & 286-3, in its consideration of Plaintiffs' motion. The Court should deny Amici's request, because the Report does not contain the type of information that is judicially noticed under Federal Rule of Evidence 201. The 147-page Report is comprised of 207 *policy* recommendations for DHS's consideration, including discontinuing family detention altogether, and not exercising its authority to initiate expedited removal or reinstatement of removal proceedings. The Report recommends that, instead, DHS place all families in removal proceedings under 8 U.S.C. §1229a. These recommendations are not facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). They are recommendations, not official findings. Moreover, the contents are not relevant to issues before the Court, but rather constitute additional legal arguments. Indeed, none of the reasons Amici allege in their request for judicial notice establish the Report's relevance to Plaintiffs' Settlement enforcement motion. *See* Dkt. 286 at 3-4. For this reason, Defendants respectfully ask that the Court not take judicial notice of the Report for the truth of its contents or in support of a party's assertion of what the contents mean. Defendants do not deny the Report's existence or authenticity.

**BACKGROUND**

On May 19, 2016, Plaintiffs filed a Motion to Enforce Settlement and Appoint a Special Monitor. Dkt. 201. Plaintiffs allege that Defendants are not in compliance with the terms of Settlement and with the Court's July 24 and August 21, 2015 Orders. *Id.* at 4-17.

Page 1

On September 19, 2016, Amici sought to intervene in this case for the stated purpose of supporting Plaintiffs' May 19, 2016 Motion. Dkt. 261-1 at 7-8 (citing Dkt. 201). On December 5, 2016, Amici submitted and asked the Court to take judicial notice of the Report, which contains *policy* recommendations. Dkts. 286 & 286-3. The Report was drafted by the Advisory Committee on Family Residential Centers ("ACFRC"). The Department of Homeland Security established ACFRC on July 24, 2015, under the provisions of the Federal Advisory Committee Act, 5 U.S.C. App. 2 § 1 *et seq*.[1] The purpose of the ACFRC was to provide advice to DHS and ICE on specific issues concerning Family Residential Centers ("FRCs"). Charter at 1. Specifically, the ACFRC was to provide recommendations regarding primary education, immigration law, physical and mental health, trauma-informed services, family and youth services, detention management, and detention reform. *Id*. The ACFRC was composed of independent experts, unaffiliated with ICE or the federal government, in the fields of primary education, immigration law, physical and mental health, trauma informed service, family and youth services, detention and detention reform. *Id*. at 3. The Committee's duties are solely advisory in nature. *Id*. at 4.

In March 2016, DHS tasked the ACFRC with considering mechanisms to improve efficiencies in: (1) educational services; (2) language services; (3) detention management; (4) medical treatment; and (5) access to counsel.[2]

All ACFRC meetings are open to the public. 5 U.S.C. App. 2 § 10(a)(1). And all meeting minutes are published on the ACFRC website at https://www.ice.gov/acfrc. The ACFRC met twice and visited each FRC in Texas once. Dkt. 286-3 at 1. A smaller group of ACFRC members visited the Berks Family Residential Center once. *Id*.

On October 7, 2016, the ACFRC published its recommendations. In completing its

---

[1]  *See* https://www.ice.gov/sites/default/files/documents/Document/2015/acfrcCharter.pdf. ("Charter") (viewed Jan. 9, 2017).

[2]  *See* https://www.ice.gov/acfrc (Committee Tasking) (viewed Jan. 9, 2017).

Page 2

recommendations, ACFRC relied in part on "non-governmental organizations, federal court filings and the ACFRC's own individual members' expertise," and not solely on government sources. *Id*. at 1-2. The Report's "overarching recommendation" is that DHS "operationalize the presumption that detention is generally neither appropriate nor necessary for families." *Id*. at 2 & 9. The Report further recommends that DHS not place families seeking asylum in expedited removal proceedings under 8 U.S.C. § 1225(b), or in reinstatement of removal proceedings under 8 U.S.C. § 1231(a)(5), and, instead, place all families in removal proceedings pursuant to 8 U.S.C. § 1229a. *Id*. at 2-6.

The Report recites the Court's July 24, 2015 finding that Defendants were not in compliance with the 1997 Settlement Agreement, Dkt. 386-3 at 4, n.9. The Report opines that ICE's "use of FRCs and the conditions of the FRCs themselves do not appear to satisfy, in letter or spirit, the *Flores* court's requirements that ICE assigned families to facilities only where such assignments are necessary, and that facilities be non-secure . . . and duly licensed to care for children" and that FRCs "are far from non-secure." *Id*. at 32-33. In support, the Report states, without attribution, that FRCs "conduct numerous invasive counts daily and dictate when families rise and go to bed; when they eat and what they eat; what they wear; and when they can go outdoors, confer with counsel and receive visitors." *Id*. at 33.

## ARGUMENT

### I. The Court may not take judicial notice of the Report for the truth of its contents.

"[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice." *Hurd v. Garcia*, 454 F.Supp.2d 1032, 1054–55 (S.D. Cal. 2006) (citation omitted); *Harris v. Gipson*, No. CV 12-0574-JFW (JEM), 2015 WL 5999255, at *1 (C.D. Cal. July 21, 2015) (citing *Hurd*, 454 F.Supp.2d at 1054-55, with approval), *report and recommendation adopted*, No. EDCV120574JFWJEM, 2015 WL 5971548 (C.D. Cal. Oct. 13, 2015), *certificate of appealability denied* (July 21, 2016). Here, however, no party is requesting judicial notice. The request is made by non-party Amici, which

Page 3

lack standing to make such a request. Therefore, there appears to be no burden for Amici to meet. *See* Fed. R. Evid. 201(c)(2) (providing that a court may take judicial notice of a fact "if a party requests it and the court is supplied with the necessary information"); *cf.* Fed. R. Evid. 201(c)(1) (providing that a court may take judicial notice *sua sponte*). If the Court decides to take judicial notice of the Report *sua sponte*, that decision would be reviewed for an abuse of discretion. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008).

A court may take judicial notice of matters of public record . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see United States v. Kumar*, No. 15-CV-05780-LHK, 2016 WL 7369863, at *4 (N.D. Cal. Dec. 20, 2016) (citing *Lee*, 250 F.3d at 689 with approval). "While the court may take judicial notice of the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." *Roy v. Cty. of Los Angeles*, 114 F. Supp. 3d 1030, 1037 (C.D. Cal. 2015) (quoting *United States v. S. Cal. Edison Co.*, 300 F.Supp.2d 964, 975 (E.D.Cal. 2004) (internal quotations omitted); *see also Del Puerto Water Dist. v. Bureau of Reclamation*, 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003) ("Judicial notice is taken of the existence and authenticity of the public and quasi-public documents listed. To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice."). For example, the existence and authenticity of a public record are judicially noticeable—such as the authenticity and existence of a particular order, pleading, public proceeding, or census report—but the veracity and validity of its contents, such as the underlying arguments made by the parties, disputed facts, and conclusions of fact, are not

subject to judicial notice. *Cactus Corner, LLC, v. U.S. Dept. of Agriculture*, 346 F.Supp.2d 1075, 1099 (E.D. Cal. 2004).

Defendants do not contest that the Report is a public document or contest its value in formulating policies and practices governing FRCs. That the Report was produced by a FACA committee, however, does not mean that it sets forth DHS's position or that DHS concedes to its accuracy or the facts, conclusions, or recommendations asserted therein. The Report only reflects the opinions and recommendations of its authors regarding various aspects of FRCs. It does not contain undisputed facts relevant to establishing Defendants' noncompliance with the Settlement or the Court's July and August 2015 Orders. If the Court does take judicial notice of the Report, it should do so only of the Report's existence and issuance and not for the truth of the matters asserted therein.

## II. The Court should decline to take judicial notice of the Report's contents because they are not relevant to whether Defendants are in compliance with the 1997 Settlement Agreement or the Court's July 24 and August 21, 2015 Orders and, rather, constitute additional legal arguments.

Judicial notice is inappropriate where the facts to be noticed are not relevant to the matters before the Court. *See Ruiz v. City of Santa Monica*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice on the basis that the information to be noticed did not bear on the relevant issue before the court); *Kuzmenko v. Lynch*, 606 F. App'x 399 (9th Cir. 2015) (citing *Ruiz* with approval). The Court therefore should not take judicial notice of documents where their relevance has not first been established. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025, n.2 (9th Cir. 2006) (declining to take judicial notice of documents where they were not relevant to the resolution of the matter); *Guidiville Rancheria of California v. United States*, 5 F. Supp. 3d 1142, 1146 (N.D. Cal. 2013). A Court may decline to take judicial notice of irrelevant facts even if they are matters of public record. *Ruiz*, 160 F.3d at 548, n.13; *Gilley v. J.P. Morgan Chase Bank, N.A.*, No. 12-CV-1774-AJB, 2012 WL 10424926 (S.D. Cal. Oct. 12, 2012) (denying request for judicial notice of

Page 5

public records held by the San Diego Recorder's office, on the basis that they were not relevant to the issue before the court) (citing *Ruiz*).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *United States v. Venture One Mortg. Corp.*, No. 13-CV-1872 W (JLB), 2016 WL 4768875, at *2 (S.D. Cal. June 10, 2016). Here, the underlying issue for the Court to determine is whether Defendants are in compliance with specified provisions of the 1997 Settlement and the Court's July 24 and August 21, 2015 Orders. Dkt. 201.

Amici argue that the Report is relevant because it concludes that *Flores*, 898 F.3d 828, "does not authorize family detention, does not affect ICE's ability to release parents with their children, and in no way requires separation or continued detention," Dkt. 286 at 3, and urges DHS to "exercise its authority" to release family members together as soon as possible, *id*. at 4. However these portions of the report amount to legal conclusions, not facts of which this Court should take judicial notice. *See Blye v. California Supreme Court*, No. CV 11-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument."); *Roach v. Snook*, No. 1:14-CV-00583-PA, 2014 WL 7467000, at *2 (D. Or. Jan. 5, 2014) ("Legal arguments are not properly the subject of judicial notice.") (citing Fed. R. Evid. 201). Thus, Amici in effect are attempting to improperly utilize the report as additional legal argument in support of Plaintiffs' position. But Amici already have filed one brief meeting the page limit, Dkt. 261-1, and have not sought the Court's leave for further briefing. If Amici wish to make additional legal argument, a request for judicial notice is an improper method by which to make it. The Court therefore should decline their request to introduce additional legal argument under the guise of judicial notice. *See Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC*, 915 F. Supp. 2d 1138, 1142 (C.D. Cal. 2012) (declining to take judicial notice of amicus brief filed in another case because it was an implicit attempt to extend party's page limit) (citing *Calence, LLC v. Dimension Data Holdings, PLC*,

Page 6

222 F. App'x 563, 566 (9th Cir. 2007) (finding that district court did not abuse its discretion in refusing to consider briefing that party attempted to incorporate by reference).

Amici also argue that the Report is relevant because it recommends that DHS release the child's parents and siblings from immigration custody when it releases a child and that DHS "return to its prior practice" of placing families in removal proceedings under 8 U.S.C. § 1229a. Dkt. 201 at 4. Again, this amounts to legal argument, and does not constitute undisputed factual conclusions. Moreover, as explained in prior briefing (*see* ECF No. 268), this argument was already considered and rejected by this Court, and should not be considered as part of the case at hand. In addition, the Ninth Circuit ruled that the Settlement does not confer release rights on the adult relatives of Class Members. *Flores*, 828 F.3d at 908.

To the extent that Amici ask the Court to take judicial notice of a legislative fact in the Report, namely, that the Court previously found DHS noncompliant with the Settlement, the request is unnecessary. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 591 F.3d 954, 960 (9th Cir. 2010) ("Judicial notice of legislative facts is unnecessary."). "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." Fed. R. Evid. 201 Advisory Comm. note (1972). Although the Rules of Evidence do not expressly require a fact to be relevant for it to be judicially noticed, an irrelevant fact is one not of consequence in determining the action, *see* Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact. *Blye*, 2014 WL 295022, at *1. The Report's recitation of the Court's July 24, 2015 ruling that Defendants were not in compliance with the 1997 Settlement Agreement, Dkt. 386-3 at 4, is a legislative fact. That ruling already is in the Court's docket for this case. *See* Dkt. 177. It is therefore not necessary for the Court to take judicial notice of the fact that it ruled Defendants noncompliant with the 1997 Settlement Agreement.

Page 7

Amici argue no other basis for the Court to take judicial notice of the content of the Report. The Court therefore should deny their request for judicial notice.

## CONCLUSION

Based on the foregoing, the Court should deny Amici's request for judicial notice of the Report for the truth of its contents, because they are not facts not subject to a reasonable dispute. Additionally, the Court should decline to take judicial notice of the Report's contents because it raises only legal argument related to the Settlement, and thus contains no factual content that is relevant to this Court's consideration of Defendants' compliance with the Settlement.

DATED this 9th day of January 2017.

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WIILLIAM C. SILVIS
Assistant Director

SARAH B. FABIAN
Senior Litigation Counsel

s/ Christina Parascandola
CHRISTINA PARASCANDOLA
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3097
christina.parascandola@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2017, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                                              s/ Christina Parascandola