JOYCE A. BRANDA
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
VINITA B. ANDRAPALLIYAL
Trial Attorney
Office of Immigration Litigation
     P.O. Box 868, Ben Franklin Station
     Washington, D.C. 20044
     Tel:  (202) 598-8085
     Fax:  (202) 305-7000
     Email:  Vinita.b.andrapalliyal@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR A STAY PENDING APPEAL AUTHORIZATION** |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.,* | |
| Defendants. | |

## I.     INTRODUCTION

Defendants, in their official capacities, by and through their attorneys, hereby request a stay of enforcement of the Court's January 20, 2017 Order granting Plaintiffs' August 12, 2016 motion to enforce, pending authorization to appeal,[1] any appeal that follows, and the resolution of the appeal.  *See* Minute Order, ECF No. 318.

On January 20, 2017, this Court granted Plaintiffs' August 12, 2016 motion to enforce Paragraph 24A of the *Flores* Agreement by requiring immigration judges to hold bond hearings for unaccompanied alien children ("UACs," or

---

[1] For Defendants, any determination whether to appeal must be made by the Solicitor General.  *See* 28 C.F.R. § 0.20(b); *See also* United States Attorney's Manual § 2-2.121 ("All appeals to the lower appellate courts in cases handled by divisions of the Department and United States Attorneys, and all petitions for certiorari and direct appeals to the Supreme Court must be authorized by the Solicitor General.").  In deciding whether to authorize appeal in a case such as this one, the Solicitor General seeks input from and consults with multiple components of the Department of Justice (DOJ), and with the interested components of other federal departments.  Thus, determining whether to appeal the Court's Order will require coordination among and consultation with multiple federal offices and agencies.  That process will necessarily require careful consideration and will take time, because this Court's ruling is a case of first impression that interprets the *Flores* Agreement and federal statutes in a manner that significantly impacts the nationwide operations of the immigration courts, the care and custody of all minors in the country designated as unaccompanied alien children, and, potentially, the responsibilities of nation's principal immigration law enforcement agency.

The Ninth Circuit has authorized such applications for stays pending the Solicitor General's determination regarding appeal. *E.g.*, *Elec. Frontier Found. v. Office of the Dir. of Nat. Intelligence*, 639 F.3d 876, 882 (9th Cir. 2010).

"unaccompanied minors") in the care and custody of the Department of Health and Human Services ("HHS").  Minute Order, ECF No. 318.  The Court found that Paragraph 24A was not superseded by operation of law because: (1) both the Trafficking Victims Protection Reauthorization Act ("TVPRA") and the Homeland Security Act ("HSA"), in relevant part, are silent on the subject of bond hearings; (2) the *Flores* Agreement remains consistent with federal immigration laws requiring bond hearings for immigrant detainees and poses no irreconcilable conflict with the TVPRA's safety and placement provisions; and (3) Defendants' construction of the TVPRA so as to preclude UACs in ORR custody from bond hearings should be rejected under the canon of constitutional avoidance, because it could result in the indefinite detention of UACs without the due process protection offered to adult detainees through a bond hearing. ECF No. 318, at 4–8.

A stay is warranted under the circumstances.  The Court's extraordinary ruling, mandating new affirmative actions for HHS and immigration officials, significantly impacts and infringes upon HHS's express statutory directive and implementing regulations, and places serious administrative burdens on the Executive Office of Immigration Review ("EOIR") and its immigration judges. Unless an immediate stay is entered, Defendants will be irreparably harmed if they are required to comply with the Order before the Ninth Circuit has acted on any appeal filed.  Accordingly, for these reasons and the reasons that follow, a stay of

the Court's January 20, 2017 Order is justified pending appeal and resolution of the appeal.

## II.    STANDARD OF REVIEW

It is well-established that a district court has broad discretion to stay proceedings in its own court. *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In order to obtain a stay of the enforcement of an order pending appeal, courts consider the following factors:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the requesting party if preliminary relief is not granted, (3) a balance of hardships favoring the [requesting party], and (4) advancement of the public interest (in certain cases).

*Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007) (citing *Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007)).[2] When the Government is a party, the latter two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). 16 F.2d 1405.

The Ninth Circuit employs "two interrelated legal tests" that "represent the outer reaches of a single continuum" in evaluating the above mentioned factors.

---

[2] Courts have analyzed applications for a stay seeking authorization to appeal under the same rubric. *E.g.*, *Long v. U.S. I.R.S.*, No. C74-724 MJP, 2006 WL 2222274, at *2 (W.D. Wash. Aug. 2, 2006), *order enforced*, No. C74-724 MJP, 2008 WL 2474591 (W.D. Wash. June 13, 2008), *aff'd in part, rev'd in part and remanded on other grounds*, 395 F. App'x 472 (9th Cir. 2010). *See also supra* note 1.

*Lopez*, 713 F.2d at 1435 (internal quotation marks omitted). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* As an alternative test, a strong likelihood of success on the merits, and the possibility of irreparable injury to [moving party] if preliminary relief is not granted" can suffice. *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (quoting *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Golden Gate*, 512 F.3d at 1116 (quoting *Winter*, 502 F.3d at 862).

## III. ARGUMENT

As set forth below, a stay of the Court's January 20, 2017 Order is warranted because Defendants establish a strong likelihood of success on the merits, that a high degree of irreparable injury in the absence of a stay, and that a stay is in the public interest. *Golden Gate*, 512 F.3d at 1115–16.

4

## B. Defendants Have a Strong Likelihood of Succeeding on Appeal.

Defendants a strong likelihood of success on the merits of an appeal.  There is a substantial legal question presented as to whether the Court's interpretation of the *Flores* Agreement is correct in light of the TVPRA and HSA's subsequently-enacted and comprehensive statutory framework governing the care and custody of UACs, including clear statutory language preventing HHS from releasing a UAC unless the agency determines that a proposed custodian is capable of caring for the physical and mental well-being of the minor. 8 U.S.C. § 1232(c)(3).

Paragraph 24A of the Agreement has been superseded by Congress's actions, as expressed in the Homeland Security Act of 2002 ("HSA") and the TVPRA, which placed all authority for custody and placement decisions for UACs in the hands of HHS, the agency that has developed expertise and experience over the past fourteen years in determining the placement that is in the best possible interest of UACs in federal custody. 6 U.S.C. § 279(a), (b)(1)(A); (b)(1)(C), (b)(1)(D), (b)(2), (g)(2); 8 U.S.C. § 1232(b)(1), (b)(3), (c)(2), (c)(3), (c)(4).

Specifically, when Congress created DHS, through the HSA, it also transferred the care of UACs from the legacy Immigration and Naturalization Service ("INS") to HHS. 6 U.S.C. § 279(a), (b)(1)(A). Then, in 2008, the TVPRA further established that "the care and custody of all unaccompanied alien children, including responsibility for their detention, where appropriate, shall be the

5

responsibility of the Secretary of Health and Human Services." 8 U.S.C. § 1232(b)(1) (emphasis added). In the TVPRA, Congress expressly authorized the Secretary of HHS to make placement decisions for UACs, and to prescribe review procedures for those placement decisions. 8 U.S.C. § 1232(c)(2)(A). This eliminated any existing authority held by DHS to make custody decisions for UACs, and placed it solely in the hands of HHS. It also placed the responsibility for developing procedures to review those decisions with the Secretary of HHS, and not with the immigration courts of the Department of Justice's EOIR. This statutory requirement that any review of placement decisions for UACs be conducted by the Secretary of HHS, specifically under "procedures" developed by the Secretary, clearly superseded the bond hearing requirement of Paragraph 24A. Therefore, custody reviews before an immigration judge are no longer possible or even feasible under the existing statutory and regulatory scheme. Because Paragraph 24A has been rendered inconsistent and incompatible with the existing statutory and regulatory scheme, Paragraph 24A has been superseded by the TVPRA.

Importantly, this Court does not have to conclude that it erred, or that the Ninth Circuit will reverse its decision, in order to find that Defendants satisfy this fist factor of analysis. *See Murphy v. DirecTV, Inc*., No. 2:07-06465-FMC, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008); *see also C.B.S. Employees Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp*., 716 F. Supp. 307, 309 (W.D.

Tenn. 1989) (explaining that the first prong of the test is satisfied when the movant presents a "serious legal question" because "it is unlikely a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal").   Rather, the Court need only find that the Government "presents a legitimate, substantial question."   *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990); *Golden Gate*, 512 F.3d at 1115–16.   Moreover, the Government does not need to demonstrate that success is more likely than not in order to prevail on this factor.   *See Britton*, 916 F.2d at 1412. Here, the Court's elevation of the *Flores* Agreement's terms so as to supersede a subsequently-enacted and conflicting federal statute at the very least raise a serious legal question in light of the comprehensive statutory framework for the protection of unaccompanied minors set forth in the TVPRA.

Accordingly, the first factor of the standard supports the grant of a stay.

**C.      Failure to grant the stay will cause the Government irreparable harm.**

Denying a stay will cause the Government irreparable harm.   Complying with the Order requires the Government and Plaintiffs' counsel to "forthwith comply with Paragraph 24A of the *Flores* Agreement."   ECF No. 318, at 8.   The Order changes the status quo and irreparably harms the Government by: (1) interfering with the comprehensive statutory framework and corresponding policies and procedures governing HHS's care and custody of UACs; (2) creating uncertainty over the

7

contours of these newly-mandated bond hearings that will be burden-intensive for the government to resolve, such as how to transport UACs to immigration court, who represents the Government in such bond hearings, and what the appropriate standard of review would be; and (3) improperly burdening immigration judges with responsibilities that are not authorized under statute or regulation, raising fundamental questions about the authority of EOIR over UACs in HHS custody. *E.g.*, *Matter of A-W-*, 25 I. & N. Dec. 45, 46 (BIA 2009) ("Immigration judges only have the authority to consider matters that are delegated to them by the Attorney General and the Immigration and Nationality Act.") (citing 8 C.F.R. § 1003.10(b) (2009)). *Cf. Heckler v. Lopez*, 463 U.S. 1328, 1336–37 (Rehnquist, Circuit Justice 1983) (granting a stay of a class-wide preliminary injunction where implementation of the district court's order would "significantly interfere with the distribution between administrative and judicial responsibility for enforcement of the Social Security Act which Congress has established."); *Golden Gate Rest. Ass'n*, 512 F.3d at 1115 (granting a stay pending appeal to prevent injury to a party and preserve the status quo).

### D.     A stay will not injure the named plaintiffs or class members.

While it is manifest that the Government will suffer irreparable harm if it is required to comply with the Order before the Ninth Circuit has acted on the appeal, Plaintiffs would suffer no comparable harm if the Court stays proceedings pending

resolution of the appeal.  Given the clear statutory language prohibiting HHS from releasing a UAC on his or her own recognizance, 6 U.S.C. § 279(b)(2)(B), and from releasing a UAC to a potential custodian unless HHS determines that the custodian is capable of caring for the UAC's physical and mental well-being, 8 U.S.C. § 1232(c)(3)(A), a bond hearing cannot materially alter the terms of a UAC's custody, as an immigration judge has no authority to override HHS's express statutory obligations and order HHS to release a UAC under conditions that do not comply with 8 U.S.C. § 1232(c)(3)(A).[3]  *E.g.*, *Matter of A-W-*, 25 I. & N. Dec. 45, 46 (BIA 2009) (citing 8 C.F.R. § 1003.10(b) (2009)).

### E.    A stay is in the public interest.

Finally, the public interest also supports a stay here.  Whether the *Flores* Agreement requires Defendants to provide bond hearings to UACs despite the language in the TVPRA indicating otherwise is a serious legal question affecting the Executive's "sovereign prerogative" of setting immigration policy.  *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982); *accord Fiallo v. Bell*, 430 U.S. 787, 792 (1977).  The issue also implicates the government's *parens patriae* interest in ensuring the appropriate agency expertise is utilized in making decisions regarding the care and

---

[3] Further, any UACs desiring to challenge either their placement or the length of their custody may have alternative remedies under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, or under habeas, 28 U.S.C. § 2241, respectively.

custody of unaccompanied minors, recognized by the TVPRA as among the most vulnerable groups. *See Santosky v. Kramer*, 455 U.S. 745, 766 (1982) ("[T]he State has an urgent interest in the welfare of the child . . . ."). A stay would further be in the public interest because it would save significant governmental resources, in the event the Ninth Circuit grants Defendants' appeal.

Accordingly, the Government respectfully requests this Court stay the effect or enforcement of the Order pending any appeal by the Government, and the resolution of any such appeal.  *See* Minute Order, ECF No. 318.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' application for a stay of enforcement of the Court's January 20, 2017, Order granting Plaintiffs' August 12, 2016 motion to enforce, pending Defendants' authorization to appeal, any appeal, and the resolution of that appeal.  *See* Minute Order, ECF No. 318.

//

//

//

Dated: January 25, 2017        Respectfully submitted

JOYCE A. BRANDA
Acting Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

WILLIAM C. SILVIS
Assistant Director

SARAH B. FABIAN
Senior Litigation Counsel

By: /s/ Vinita B. Andrapalliyal
VINITA B. ANDRAPALLIYAL
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8085
Facsimile: (202) 305-7000
Email: Vinita.b.andrapalliyal@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

CASE NO. CV 85-cv-4544

     I certify that on January 25, 2017, I served a copy of the foregoing pleading on all counsel of record by means of the District Court's CM/ECF electronic filing system.

                         /s/ Vinita B. Andrapalliyal

                         VINITA B. ANDRAPALLIYAL
                         Trial Attorney
                         United States Department of Justice