# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | |
| Defendants. | |

### AMENDED SECOND DECLARATION OF JUANITA HESTER

I, Juanita Hester, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Assistant Field Office Director (AFOD), San Antonio Field Office, Enforcement and Removal Operations (ERO), employed by the U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS) in Karnes County, Texas. I have served as AFOD at Karnes County Residential Center (KCRC) since November of 2014. I oversee the daily management activities of the contractor GEO Group and am responsible for the immigration enforcement and removal operations of 52 ERO staff assigned to KCRC. I have served ICE and its predecessor, Immigration and Naturalization Service (INS) in a variety of roles since September 1986, including in line and supervisory positions with the Border Patrol (now within U.S. Customs and Border Protection) and the former INS Adjudications Office (now within U.S. Citizenship and

1

Immigration Services, or USCIS). More recently, I have been promoted to Supervisory Detention and Deportation Officer in 2007, Assistant Field Office Director in 2008, and Deputy Field Office Director in 2014, all in Buffalo, New York. In June of 2014, I was detailed to Artesia, New Mexico, to assist in the opening of the Artesia Family Residential Center.

2. I am familiar with the conditions and processes at the KCRC. The statements contained in this declaration are based upon my personal knowledge or upon information provided to me in my official capacity. My previous declaration, dated June 3, 2016, was submitted to the court on June 3, 2016, as an exhibit to Defendants' Response in Opposition to Plaintiffs' Motion to Enforce Settlement and Appoint a Special Monitor. The statements contained in this declaration are to provide additional facts related to the issues to be addressed at the January 30, 2017, evidentiary hearing.

**EFFORTS TO RELEASE MINORS FROM CUSTODY SEPARATE FROM THEIR ACCOMPANYING PARENT**

3. As a general practice, ERO at KCRC does not seek to release minors, who are accompanied by their mothers,[1] to another adult. In the event it is discovered that a bona fide familial relationship (i.e. parent or legal guardian) does not exist between a minor and an adult encountered at KCRC, the minor is deemed to be unaccompanied and is transferred to the U.S. Department of Health and Human Services' Office of Refugee Resettlement (ORR). I am not aware of any request since October 23, 2015, from another parent or legal guardian, to release a minor from the accompanying mother to that person. Family detention allows families to remain together during the processing of their immigration cases.

---

[1] KCRC does not house minors with male parents or legal guardians.

## MINORS IN ICE FAMILY RESIDENTIAL CENTERS FOR LONGER THAN 20 DAYS

4. ERO at KCRC has continued to work diligently to process and release, when appropriate, minors from KCRC. However, a small percentage of minors remain at KCRC for longer than 20 days. The vast majority of these individuals are subject to final orders of removal and fall into one of two categories: (1) individuals who have not been found to have a credible or reasonable fear of removal but are still seeking to establish a claim to credible or reasonable fear through requests for re-interview or reconsideration; or (2) individuals who are awaiting removal. As of November 19, 2016,[2] of the 597 residents (including 319 minors) at KCRC, 8 minors had been held at KCRC longer than 20 days. Exhibit 1 outlines the reasons for these stays longer than 20 days.

## MINORS TRANSFERRED WITHOUT ADVANCE NOTICE TO THEIR COUNSEL[3]

5. A transfer is when a minor is moved to another ICE facility or turned over to the ORR but does not include when a minor is released or removed. Based on a sample of 66 minors transferred from KCRC between October 23, 2015, and November 17, 2016, 12 had an attorney of record prior to transfer and 54 did not. Of the 12 minors with an attorney, ICE has records that show that it provided notice to the attorney for nine of the minors prior to transfer. For the remaining three minors transferred during the relevant timeframe, ICE may have notified the minor's attorney in advance of the transfer, but does not have data to show that it provided such advance notice. Those three occasions

---

[2] ICE's Statistical Tracking Unit pulls data on a biweekly basis concerning average length of stay for residents at family residential centers. Because information from the November 19, 2016, data pull was used for Mr. Miller's declaration, ICE chose this date for the snapshot of residents held longer than 20 days.

[3] This section of the declaration has been modified from the declaration dated December 15, 2016, due to technical errors that occurred when running the original report. The 66 names referred to in this declaration represent a sample, rather than the total number, of minors transferred from KCRC between October 23, 2015, and November 17, 2016.

can be summarized as follows: KCRC transferred a minor to the Berks Family Residential Center (BFRC) on the following three dates: January 3, 2016, April 22, 2016, and June 8, 2016.

6. Footnote 32 of the Complaint refers to the Declaration of Ed McCarthy (Ex. 11), which states: "In one instance, I represented a mother and three Flores class member children . . . I notified my clients' deportation officer that we planned to file a request for reconsideration with the asylum office. The deportation officer told me to submit the reconsideration request within the next few days ... Three days after this conversation, I traveled to Karnes to ... submit the reconsideration request. When I arrived, I was informed that my clients had been transferred to an ICE family detention facility in Berks Pennsylvania, without any notice to me, their attorney." ICE records indicate that the three minors were transferred during the morning of October 28, 2015, but that Mr. McCarthy did not file a DHS Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, with ICE for the mother until later that day and after the family was transferred to BFRC. It appears Mr. McCarthy filed a Form EOIR-28, Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, for two of the minors on October 20, 2015. ICE is only able to notify attorneys of the

//

//

//

//

//

4

transfer of a minor where that attorney has filed a DHS Form G-28, with ICE, notifying ICE of the attorney-client relationship.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 27 day of January, 2017.

_____
Juanita Hester
Assistant Field Office Director, San Antonio, Texas
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## INDEX OF EXHIBITS

1. Residents at KCRC longer than 20 days as of November 19, 2016.

# EXHIBIT 1

7

# Residents at KCRC longer than 20 days as of November 19, 2016

| Name | Location | Total Days in Custody through 11/19/2016 | Comments (Reasons for detention beyond 20 days as of Nov. 19, 2016) |
|---|---|---|---|
| Dayci Lxxxx-Qxxxxx | KCRC | 34 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge on 11/8/2016. Final order. Child is a citizen of Guatemala. Mother is a citizen of El Salvador. Guatemala consulate interviewed minor but will not issue travel documents because Guatemala will not accept mother. Pending El Salvador consulate interview. Removed 12/6/2016. |
| Jose Gxxxxx-Cxxxxx | KCRC | 30 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge on 11/7/2016. Request for review (RFR) denied by USCIS. Interviewed by Consulate on 11/16/2016. Removed 12/1/2016. |
| Kaylee Exxxxx-Lxxxxx | KCRC | 27 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge on 11/7/2016. Removed 12/6/2016. |
| Keyli Axxxxx-Vxxxxx | KCRC | 27 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge on 11/15/2016. Removed 12/6/2016. |
| Ashly Gxxxxx-Mxxxxx | KCRC | 24 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge on 11/15/2016. Request for review (RFR) was granted by USCIS. Notice to Appear (NTA) issued. Released on 11/24/2016. |
| Genesi Ixxxxx-Uxxxxx | KCRC | 23 | Expedited Removal (ER), negative Credible Fear (CF). Removed 12/6/2016. |
| Efii Rxxxxx-Gxxxxx | KCRC | 23 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge. Final order. Consular interview on 11/16/2016. Tentative removal scheduled for 11/17/2016 but was cancelled because family was placed in medical observation for varicella. Removed 12/1/2016. |
| Shaily Ixxxxx-Axxxxx | KCRC | 20 | Expedited Removal (ER), negative Credible Fear (CF) on 11/8/2016. Did not request review by Immigration Judge. Final order. Removed 11/21/2016. |

*[signature]*
12-15-16
JUANITA HESTER
KARNES CITY, TX.