# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) | Case No. CV 85-4544-DMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## AMENDED DECLARATION OF HOMERO D. SALINAS

I, Homero D. Salinas, hereby declare that the following statements are true and correct to the best of my knowledge, information, and belief:

1.  I am the Assistant Field Office Director (AFOD), San Antonio Field Office, Enforcement and Removal Operations (ERO), employed by U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS), at the South Texas Family Residential Center (STFRC) in Dilley, Texas. I have served as AFOD (either in an Acting or permanent role) of the STFRC since February 2, 2016. As AFOD of ICE's largest family residential center (FRC), I am familiar with the daily activities of the contractor, CoreCivic (formerly known as Corrections Corporation of America (CCA)), and am responsible for the immigration enforcement and removal operations of approximately 100 ERO staff assigned to STFRC. I have served ICE and its predecessor, U.S. Immigration and Naturalization Service (INS), in a law enforcement

capacity continuously since 1992. I began my career with INS as a Detention

Enforcement Officer (DEO) in Houston, Texas, at the Houston Service Processing

Center. I stayed in that position until I was promoted to the position of Immigration

Enforcement Agent (IEA) in Huntsville, Texas, in 1997 as part of the Institutional

Removal Program. In 1999 I was promoted to the position of Deportation Officer (DO)

in Harlingen, Texas, where I remained until I was promoted to Supervisory Detention and

Deportation Officer (SDDO) in 2006 in San Antonio, Texas. Later in 2006, I was again

promoted to the position of Detention and Deportation Officer (DDO) in Washington,

D.C. I remained in that position until I took a position in 2008 as an SDDO at the

Willacy Detention Center (WDC) in Raymondville, Texas. After the closing of WDC, I

was assigned as an SDDO to the Port Isabel Detention Center (PIDC) in Los Fresnos,

Texas. On one occasion while at PIDC I was temporarily detailed to the T. Don Hutto

Residential Center in Taylor, Texas, where I served as the Acting AFOD. In February

2016 I was selected to be an Acting AFOD at STFRC until I was formally promoted to

the position of AFOD in July 2016.

2.     I am familiar with the conditions and processes at the STFRC. The statements contained

in this declaration are based upon my personal knowledge or upon information provided

to me in my official capacity. The statements contained in this declaration are intended

to provide additional facts related to the issues to be addressed at the January 30, 2017

evidentiary hearing.

2

**EFFORTS TO RELEASE MINORS FROM CUSTODY SEPARATE FROM THEIR
ACCOMPANYING PARENT**

3.      As a general practice, ERO at STFRC does not seek to release minors, who are

accompanied by their mothers or legal guardians,[1] to another adult.  In the event it is

discovered that a bona fide familial relationship (i.e. parent or legal guardian) does not

exist between a minor and an adult encountered at STFRC, the minor is deemed to be

unaccompanied and is transferred to the U.S. Department of Health and Human Services'

Office of Refugee Resettlement (ORR).  I am not aware of any request since October 23,

2015, from another parent or a legal guardian to release a minor from the accompanying

mother to the other person.  Family detention allows families to remain together during

the processing of their immigration cases.

**MINORS IN ICE FAMILY RESIDENTIAL CENTERS FOR LONGER THAN 20 DAYS**

4.      ERO at STFRC has continued to work diligently to process and release, when

appropriate, minors from the FRC.  However, a small percentage of minors remain at

STFRC for longer than 20 days.  Generally, these individuals are subject to final orders

of removal and fall into one of two categories: (1) individuals who have not been found

to have a credible or reasonable fear of removal but are still seeking to establish a claim

to credible or reasonable fear through requests for re-interview or reconsideration; or (2)

individuals who are awaiting removal.  As of November 19, 2016,[2] of the 1,332 residents

(including 724 minors) at STFRC, 9 minors had been held at STFRC longer than 20 days.

Exhibit 1 outlines the reasons for these stays longer than 20 days.

---

[1] STFRC does not house minors with male parents or legal guardians.
[2] ICE's Statistical Tracking Unit pulls data on a biweekly basis concerning average length of stay for residents at
FRCs.  Because information from the November 19, 2016 data pull was used for the Miller Declaration, ICE chose
this date for the snapshot of residents held longer than 20 days.

## MINORS TRANSFERRED WITHOUT ADVANCE NOTICE TO THEIR COUNSEL[3]

5.      A transfer is when a minor is moved to another ICE facility, or transferred to ORR, but it

does not include when a minor is released or removed.  Based on a sample of 122 minors

transferred from STFRC between October 23, 2015, and November 17, 2016, 105 had an

attorney of record prior to transfer and 17 did not.  Of the 105 minors with an attorney,

ICE has records that show that it provided notice to the attorney for 93 of the minors

prior to transfer.  For the remaining 12 minors transferred during the relevant timeframe,

ICE may have notified the minor's attorney in advance of the transfer, but does not have

data to show that it provided such advance notice.  Those 12 occasions can be

summarized as follows:

- On November 6, 2015, STFRC transferred two minors to the Berks Family
  Residential Center (BFRC).  Counsel was notified the same day as the transfer.

- On November 11, 2015, STFRC transferred one minor to BFRC.  Counsel was
  notified the same day as the transfer.

- On November 19, 2015, STFRC transferred one minor to BFRC. Counsel was
  notified the same day as the transfer.

- On January 25, 2016, STFRC transferred one minor to BFRC. Counsel was notified
  the same day as the transfer.

- On November 30, 2015, STFRC transferred one minor to BFRC.

- On December 18, 2015, STFRC transferred one minor to BFRC.

---

[3] This section of the declaration has been modified from the declaration dated December 15, 2016, due to technical errors that occurred when running the original report.  The 122 names referred to in this declaration represent a sample, rather than the total number, of minors transferred from STFRC between October 23, 2015, and November 17, 2016.

- On March 2, 2016, STFRC transferred two minors to BFRC.

- On June 17, 2016, STFRC transferred one minor to ORR.

- On June 18, 2016,  STFRC transferred two minors to ORR.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct

to the best of my knowledge, information and belief.

Executed on this 27 day of January, 2017.

Homero D. Salinas
Assistant Field Office Director
San Antonio Field Office – South Texas Family Residential Center
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

<u>INDEX OF EXHIBITS</u>

1. Minors at STFRC longer than 20 days on November 19, 2016.

# <u>EXHIBIT 1</u>

**Minors at STFRC longer than 20 days on November 19, 2016**

| Name | Location | Total Days in Custody through 11/19/2016 | Comments (Reasons for detention beyond 20 days as of Nov. 19, 2016) |
|---|---|---|---|
| Evelyn Fxxxxx-Rxxxxx | STFRC | 44 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Request for review (RFR) granted. USCIS issued postitive CF. Notice to Appear (NTA) issued.  Released with mother on 11/19/2016. |
| Lorena Sxxxxx-Gxxxxx | STFRC | 36 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Request for review (RFR) granted. USCIS issued postitive CF. Notice to Appear (NTA) issued.  Released with mother on 11/26/2016. |
| Tania Lxxxxx-Mxxxxx | STFRC | 27 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Removed 12/14/2016. |
| Maria Gxxxxx Qxxxxx | STFRC | 27 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Request for review (RFR).  Removed 12/6/2016. |
| Mareny Sxxxxx Pxxxxx | STFRC | 23 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, vacated by Immigration Judge.  Notice to Appear (NTA) issued.  Released with mother on 11/19/2016. |
| Rosvi Sxxxxx Pxxxxx | STFRC | 23 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, vacated by Immigration Judge.  Notice to Appear (NTA) issued.  Released with mother on 11/19/2016. |
| Aurora Txxxxx-Bxxxxx | STFRC | 22 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Final order, pending travel documents from Honduran consulate. Removed 12/14/2016. |
| Ashly Ixxxxx-Bxxxxx | STFRC | 22 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Final order, pending travel documents from Honduran consulate. Removed 12/14/2016. |
| Kevin Lxxxxx-Nxxxxx | STFRC | 21 | Expedited Removal (ER), negative Credible Fear (CF). USCIS's neg CF finding, affirmed by Immigration Judge.  Final order.  Transferred to Berks on 11/25/2016.  Released 12/7/2016. |