CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br>           Plaintiffs, <br><br> - vs - <br><br> JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br>           Defendants. | Case No. CV 85-4544 DMG (AGRx) <br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT REGARDING WITNESSES FOR JANUARY 30, 2017 EVIDENTIARY HEARING <br><br> Hearing: January 30, 2017 9:30 AM |

*Plaintiffs' counsel, continued next page:*

1   LA RAZA CENTRO LEGAL, INC.
2   Michael S. Sorgen (Cal. Bar No. 43107)
    474 Valencia Street, #295
3   San Francisco, CA 94103
4   Telephone: (415) 575-3500

5   THE LAW FOUNDATION OF SILICON VALLEY
6   LEGAL ADVOCATES FOR CHILDREN AND YOUTH
    PUBLIC INTEREST LAW FIRM
7   Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
8   Katherine H. Manning (Cal. Bar No. 229233)
    Kyra Kazantzis (Cal. Bar No. 154612)
9   152 North Third Street, 3rd floor
10  San Jose, CA 95112
    Telephone:   (408) 280-2437
11  Facsimile:   (408) 288-8850
12  Email: jenniferk@lawfoundation.org
            kate.manning@lawfoundation.org
13          kyrak@lawfoundation.org

14  *Of counsel:*
15
16  YOUTH LAW CENTER
    Virginia Corrigan (Cal. Bar No. 292035)
17  200 Pine Street, Suite 300
18  San Francisco, CA 94104
    Telephone: (415) 543-3379
19

20
21
22
23
24
25
26
27
28

This responds to Defendants' Statement Regarding Witnesses for January 30, 2017 Evidentiary Hearing (Dkt. # 327) ("Defendants' Submission"), filed late Friday, January 27, 2017, in which Defendants "acknowledge" the Court's October 7, 2016 Order ("Oct. 7, 2016 Order") [Dkt. # 274], limiting the January 30, 2017 hearing to cross-examination of witnesses, claim they "understood" it required Plaintiffs to produce all witnesses on whose testimony they intended to rely at the hearing, even though there is no way to read that interpretation into the Order, and "apologize to the Court" if they "misinterpreted" the Order. *Id*. at 1. In accordance with their misunderstanding, Defendants "made arrangements to produce for the … hearing the witnesses on whose testimony Defendants intended to rely." *Id*. These are not witnesses Defendants would "cross-examine," nor are they witnesses whose presence Plaintiffs have sought for cross-examination.

Defendants also object "to the Court's consideration of inadmissible out of court statements made by witnesses … not produced for examination at the hearing," and to "consideration by the Court of all inadmissible hearsay … and statements that lack adequate foundation …" *Id*.

1.   THE COURT MAY RELY UPON DECLARATIONS AND DEPOSITION TESTIMONY

The Court has already made clear that subject to the rules of evidence, it may consider declarations and deposition transcripts in ruling on the pending motion but also granted in part Defendants' request for discovery and an evidentiary hearing,

limited "to cross-examination and redirect examination of witnesses" on four defined issues. Order Re Defendants' Motion for an Evidentiary Hearing [Dkt. # 274] at 2.[1]

The Court allowed Defendants to depose Plaintiffs' declarants. Having had that opportunity, any confrontation rights Defendants may possess were satisfied. *United States v. Shayota*, 2016 U.S. Dist. LEXIS 145720 * (N.D. Cal. 2016) ("Courts …have found prior civil depositions to satisfy the Confrontation Clause where the deposition procedures provided an opportunity to cross-examine the deponent.").[2]

The Court has indicated that these proceedings are akin to summary judgment proceedings. Fed. R. Civ. Pro. 56(C)(4) provides that a "declaration [may be] used to support or oppose a motion" as long as it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." *Id.*[3]

In short, Defendants' position that the Court may only consider testimony provided before the Court is unsupported by any rule of evidence or civil procedure.

---

[1] Despite Defendants railing at the Court of Appeals about not having had an "evidentiary hearing" on their defenses to Plaintiffs' earlier motion to enforce or on Defendants' motion to amend the Agreement, the Court of Appeals affirmed in all respects as to relief for Class Members without remanding for an evidentiary hearing.

[2] *Citing United States v. Paling*, 580 F. App'x 144, 148 (3d Cir. 2014) and *Osio v. Taylor*, 2010 U.S. Dist. LEXIS 99848, 2010 WL 3747741, at *2-5 (CD. Cal. 2010)).

[3] Even hearsay may be admissible at the summary judgment stage. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001) (on summary judgment, the non-movant's hearsay-laden declaration "would be enough to establish a genuine issue of fact.")

2

2.    RESPONSE TO DEFENDANTS' HEARSAY OBJECTION

Invoking Fed. R. Evid. 802, Defendants make a blanket objection to all declarations and deposition excerpts "to the extent they contain inadmissible hearsay and are not subject to any exception to the hearsay rule." Defs' Statement of Evidentiary Objections to Plaintiffs' Statement of Uncontroverted Facts [ECF No. 296-1] ("Defendants Objections"), *passim*.

Courts have *uniformly* refused to comb through sworn statements to decide what an objecting party thinks are the hearsay statements and then decide whether exceptions apply.[4] Defendants' blanket hearsay objection should be overruled.[5]

3.    RESPONSE TO DEFENDANTS' EVIDENTIARY "FOUNDATION" OBJECTION

Under Rule 602 a witness may testify to a matter "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

---

[4] *See, e.g. Turner v. Wong*, 641 F. Supp. 2d 1010 (E.D. Cal. 2009) (general objection to declaration to extent it contained hearsay: "The declaration testimony will be credited by the Court to the extent it is relevant and reliable ... hearsay objection [was] overbroad and unfocused on any specific statements or passages"); *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110 (E.D. Cal. 2006) ("court overrules defendants' objections ... [D]efendants have only very generally objected to these documents in their entirety based on the argument that they 'contain' hearsay. The court is not inclined to comb through these documents, identify potential hearsay, and determine if an exception applies …"); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1033 (C.D. Cal. 2013) ("All of the parties' objections are 'boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence").

[5] With regards the sworn statements of their officers, Fed. R. Evid. 801 provides that a statement offered against an opposing party, made by the party or a party's employee, that the party puts forth as true, is not hearsay.

*Id*.6 Evidence to prove personal knowledge "may consist of the witness's own testimony." *Id*.

Defendants object to Plaintiffs' declarations and deposition excerpts because declarants "will be unable to lay the proper evidentiary foundation under Fed. R. Evid. 602 for <u>some</u> of [each] witness's testimony." Defs Objections, *passim* (emphasis added). This objection should be overruled because Defendants fail to identify what statements may not be based on a proper foundation or explain why there may not be a proper evidentiary foundation for certain statements.

4.    RESPONSE TO DEFENDANTS' "AVAILABILITY OF WITNESSES" OBJECTION

Defendants object to deposition excerpts of certain of Defendants' employees who are "available to testify at the … hearing," and all deposition excerpts of Plaintiffs' declarants, because "Plaintiffs have made no showing that [these] declarant[s] [are] unavailable to testify at the … hearing." Defs Objections, *passim*.

As already discussed, declarations and deposition testimony may be considered for purposes of adjudicating the present motion as they would in summary judgment proceedings whether or not the declarant is "available" to testify in court.

---

6 *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) ("Personal knowledge means knowledge produced by the direct involvement of the senses.") Rule 803 provides exceptions to the rule against hearsay, "regardless of whether the declarant is available as a witness." *Id*. These include Present Sense Impression**s ("**a statement describing or explaining an event or condition, made while or immediately after the declarant *perceived it"), and* Then-Existing Mental, Emotional, or Physical Condition ("[a] statement of the declarant's then-existing state of mind … or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health). *Id*.

4

Fed. R. Civ. Pro. 32(a)(4), states that even at trial "[a] party may use for any purpose the deposition of a witness … if the court finds: (B) that the witness is more than 100 miles from the place of hearing … or is outside the United States, unless … the witness's absence was procured by the party offering the deposition."[7]

Rule 804(a) provides in relevant part that a declarant is considered to be unavailable as a witness if the declarant: (5) is absent from the … hearing and the statement's proponent has not been able, by process or other reasonable means, to procure … the declarant's attendance …"[8] Under Rule 804(b)(1), testimony at a deposition, whether given during the current proceeding or a different one and now offered against a party who had an opportunity for direct, cross-, or redirect examination, is admissible.[9] Even if a rule limited testimony to live witnesses, Rule

---

[7] Plaintiffs' witnesses live and work far outside the subpoena power of the Court and are unable to attend the hearing. Others are detained or have been deported by Defendants while this motion was pending. Though not required because declarations and deposition testimony may be considered when ruling on the motion, Plaintiffs will shortly file a separate declaration regarding witness availability.

[8] Fed. R. Civ. Pro. 45 provides that "[a] subpoena may command a person to attend a … hearing … only …: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person …"

[9] *See generally Cal. v. Green*, 399 U.S. 149, 90 S. Ct. 1930 (1970) (Court reviews its prior decisions in which witnesses were beyond subpoena power: "in not one of those cases was it held that … there would have been a violation of the Constitution in admitting the deposition[s] in evidence."); USCS Fed Rules Evid R 804—Notes of Advisory Committee on Rules ("Absence from the hearing coupled with inability to compel attendance by process or other reasonable means also satisfies the [absence] requirement"); 5 Wigmore, Evidence § 1404 (3d ed. 1940) (absence of a witness from the jurisdiction is sufficient ground for dispensing with confrontation); *Fahmy v. Jay-Z*, No. 2:07-cv-05715-CAS(PJWx), 2015 U.S. Dist. LEXIS 137788, at *2 (C.D. Cal. Oct. 6, 2015) ("Here, Fahmy resides in … Egypt … Accordingly, he falls squarely within Rule 32's definition of an 'unavailable' witness").

805 would excuse attendance of witnesses who live outside the Court's subpoena

powers, are detained by Defendants in other states, or have been deported by

Defendants while the present motion was pending.

5.    RESPONSE TO DEFENDANTS "BIAS" OBJECTION

Defendants object to consideration of Plaintiffs' evidence "without the

opportunity to show bias on the part of the witness through cross examination ..."

Defendants Objections at 6-68. This objection should be overruled because

Defendants offer no evidence of bias, do not identify what statements may not be true

because of bias, and have had an opportunity to cross examine all declarants.[10]

6.    THERE ARE NO SIGNIFICANT DISPUTED MATERIAL FACTS REQUIRING "LIVE"
      TESTIMONY BEFORE THE COURT

Regarding Defendants' release policy and the detention of class members in

unlicensed secure facilities, there are no material facts in dispute.[11]

---

[10] In any event, the Ninth Circuit has held that "[a]lthough the source of…evidence
may have some bearing on its credibility and on the weight it may be given by a trier
of fact, the district court may not disregard a piece of evidence at the summary
judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*,
784 F.3d 495, 497 (9th Cir. 2015) (citing *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir.
2007)) ("[t]he district court was thus wrong to disregard the declarations as
uncorroborated and self-serving."). *See also United States v. Shumway*, 199 F.3d 1093,
1103-04 (9th Cir. 1999) ("When a respondent to a motion for summary judgment
submits proper affidavits by individuals with personal knowledge … the judge must
treat that fact as genuinely at issue.")

[11] *See* Defendants' Second Supplemental Response in Opposition To Plaintiffs'
Motion To Enforce Settlement [Dkt # 296] ("Defendants' Second Supplemental
Response") ("The Court can resolve the two issues related to the release of minors
from custody at U.S. Immigration and Customs Enforcement ("ICE") family
residential centers (b and c), as a matter of law."); *see also* Motion to Enforce
Settlement and Appoint Special Master ("Motion") [Dkt. #201] at 11-16 ("DHS fails to

Regarding CBP conditions, Defendants argue as a matter of law that Class Members do not, under the terms of the Agreement, have a right to sleep, or to the provision of soap, toothbrushes, showers, towels or dry clothes.[12] Defendants offer no evidence based on a witness's personal knowledge, or monitoring records, that place in dispute Class Members' claims that while detained by CBP for up to three days they were not provided soap, toothbrushes, showers, towels or dry clothes.[13]

---

make and record ongoing efforts aimed at release or placement of *Flores* class members as required by the court's orders and the Settlement"; "*Flores* class member children are routinely commingled with unrelated adults for extended periods of time in violation of the court's orders and the Settlement"; "*Flores* class member children are routinely detained for weeks or months in [unlicensed] secure facilities in violation of the court's orders and the Settlement").

[12] *See* Defendants' Second Supplemental Response, pp. 13-16; *see also* Plaintiff's Exhibits in Support of Motion, Exhibit 2 [Dkt. # 201-1] ("Motion Exhibits"), pp. 4-6; Plaintiffs' Corrected Statement of Uncontroverted Facts ("Statement Uncontroverted Facts") [Dkt. # 293] pp. 26-34. Defendants offer no evidence based upon the personal knowledge that Class Members' claims about being denied soap, toothbrushes, showers, towels or dry clothes are inaccurate. The same is true regarding Class Members not being provided sleeping mats (Statement Uncontroverted Facts at pp. 56-62), being detained in severely overcrowded cells (Statement Uncontroverted Facts at pp. 49-55), being forced to sleep on dirty floors around the base of toilets (Statement Uncontroverted Facts at pp. 21-25), and having to share drinking cups with unrelated detainees. (Statement Uncontroverted Facts at pp. 15-21).

[13] Based solely on monitoring data, Defendants claim that "*[s]ome* of Plaintiffs' witnesses were provided showers, towels, and/or toothbrushes." Defs' Statement of Genuine Disputes [Dkt. # 297], p. 9 (emphasis added) (Defendants' data only involves three Class Member declarations). Defendants counter-evidence only states that "[u]pon arrival at CPC-Ursula, every juvenile is provided an opportunity to shower, have their clothes laundered, and receive a change of new clothes." Defs' Statement of Genuine Disputes [Dkt. # 297], p. 5. Plaintiffs do not dispute that by the time Class Members are transferred to the Ursula facility, one to several days after apprehension, they are generally provided toiletries. This does not place into dispute material facts regarding Class Members' detention conditions prior to being transferred to Ursula.

Defendants offer no evidence based on a witness's personal knowledge, or monitoring records, contradicting Plaintiffs' specific claims of severe overcrowding in detention cells and being forced to sleep on cold concrete floors without mats or mattresses.[14] Defendants' policy does not require that Class Members be provided mats to sleep on and Defendants have not monitored whether Class Members have been provided mats or whether overcrowding prevented children from sleeping.

Defendants concede their policy permits keeping CBP cells at temperatures as low as 66 degrees. Other than showing that they monitor temperatures to insure they do not drop below 66 degrees, Defendants do not contest a single Class Member's declaration that he or she felt freezing cold in CBP's cells (especially when combined with no sleeping mats, proper blankets or change of wet clothes).[15]

Defendants point to contracts they have and policies they have adopted to keep CBP cells clean but do not dispute with evidence based on a witness's personal

---

14 *See* Motion [Dkt. #201] at 10-11 ("Flores Class Member children are held in inhumanely overcrowded CBP detention facilities and are forced to endure sleep deprivation"); Motion at 5 n. 11 (Class Members "held in severely overcrowded cells, having to sleep on cold concrete floors, not being provided mats or blankets …"); *Id.* at 8 ("no pillows or blankets and no beds to sleep in"); *Id.* at 10 ("I could only sleep a tiny bit because … the floor was cold and hard …"); Motion Exhibit 2 [Dkt. # 201-1], pp. 4-6; Plaintiffs' Supplemental Brief [Dkt. #287] at 12 (same); Statement Uncontroverted Facts [Dkt. # 293] pp. 49-61; *cf.* Defs' Statement of Genuine Disputes [Dkt. # 297], p. 8 (overcrowding).

15 Statement Uncontroverted Facts [Dkt. # 293] pp. 35-48; Defs' Statement of Genuine Disputes [Dkt. # 297], p. 7-8.

1
2
3

knowledge, or monitoring records, Class Members' claims that they were forced to

sleep around toilets on floors that were unsanitary and unclean.[16]

4
5
6
7
8

Defendants offer no evidence based on a witness's personal knowledge, or

monitoring records, contradicting Class Members' specific claims that they were

forced to share drinking cups with other detainees. Statement Uncontroverted Facts

[Dkt. # 293] pp. 15-20.[17]

9
10
11
12
13
14
15

Regarding the provision of food, Defendants offer no evidence based on a

witness's personal knowledge contradicting Class Members' specific claims that they

were fed frozen food, or were not fed for extended periods, or that the food they were

provided consisted of two pieces of dry bread and one thin slice of meat. Statement

Uncontroverted Facts [Dkt. # 293] pp. 1-15.[18]

16

_____

17
18
19

[16] Motion at 7-9; Motion Exhibits [Dkt. # 201-1] pp. 4-6; Statement Uncontroverted
Facts [Dkt. # 293] pp. 35-48; Defs' Statement of Genuine Disputes [Dkt. # 297], p. 4.
[17] Using monitoring data, Defendants claim that drinking water available to Class
Members is clean. Defs' Statement of Genuine Disputes [Dkt. # 297], pp. 2-4.

20
21
22
23
24
25
26
27
28

[18] Defendants cite computer data indicating a small number of Class Members were
fed at times they claimed they were not fed. Defs' Statement of Genuine Disputes
[Dkt. # 297], pp. 1-2. The same data shows that some class members indeed went for
periods of ten hours with no food. *See, e.g.* Statement Uncontroverted Facts [Dkt. #
293] pp. 1-3 ("I cannot make a conclusion or ascertain … was that a system error or
input error or what caused that anomaly." Padilla Dep. 26:24-27:19). *See also*
Deposition Excerpts of Paul Beeson, CBP, Chief Patrol Agent – Tucson Sector (Ex. 4):
"Q: And are you aware of … any in-person training that the agents … receive in how
to input data with regards to the delivery of meals…? A: I don't know … Q: Are you
aware of any efforts to monitor the accuracy of records entered with regards to meals
served …?  A: No, sir. Q: Have you ever looked into the nutritional value of the food
that's being served …? A: No. Q: Has anybody to your knowledge working under your
supervision?  A: Not to my knowledge." Statement Uncontroverted Facts [Dkt. # 293]
p. 3 Beeson Deposition. 45:14-46:13 and 56:5-56:16.

Of course, even if some material facts are disputed, resolution of the disputes may not require an evidentiary hearing inasmuch as a large volume of admissible testimony is available upon which, as explained *supra* at pp. 4-5, the Court may rely to resolve even disputed claims.

7.    CONCLUSION

For all the reasons stated above, Defendants' Objections should be overruled and the motion to enforce adjudicated on the existing record.

Dated: January 29, 2017                        Respectfully submitted,

                                               CENTER FOR HUMAN RIGHTS &
                                               CONSTITUTIONAL LAW
                                               Peter A. Schey
                                               Carlos Holguín

                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               T. Wayne Harman
                                               Elena García
                                               LA RAZA CENTRO LEGAL, INC.
                                               Michael Sorgen
                                               Amanda Alvarado Ford

                                               LAW FOUNDATION OF SILICON VALLEY -
                                               LEGAL ADVOCATES FOR CHILDREN &
                                               YOUTH
                                               Jennifer Kelleher Cloyd
                                               Katherine H. Manning
                                               Kyra Kazantzis
                                               Annette Kirkham

Of counsel:
YOUTH LAW CENTER
Virginia Corrigan

                                               /s/    *Peter Schey*
                                               *Attorneys for Plaintiffs*

10

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On January 29, 2017, I electronically filed the following document(s):

PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT REGARDING WITNESSES FOR JANUARY 30, 2017 EVIDENTIARY HEARING

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/   *Peter Schey*
*Attorney for Plaintiffs*