CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
       crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>  Plaintiffs,<br><br>- vs -<br><br>JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Case No. CV 85-4544 DMG (AGRx)<br><br>NOTICE OF FILING OF UPDATED COURT ORDER ENJOINING THE LICENSES OF BOTH THE SOUTH TEXAS FAMILY RESIDENTIAL CENTER (DILLEY) AND THE KARNES COUNTY RESIDENTIAL CENTER (KARNES) AND DECLARATION OF CLASS COUNSEL<br><br>Hearing: January 30, 2017 9:30 AM |

*Plaintiffs' counsel, continued next page:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:  (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
       kate.manning@lawfoundation.org
       kyrak@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379

Plaintiffs hereby give notice of the filing of:

1. Amended Final Judgment, Grassroots Leadership Inc. v. Texas Department of Family and Protective Services et al., No. D-1-GN-15-004336, Travis County District Court in Austin, Texas issued on December 16, 2016, that enjoins ICE's Karnes and Dilley facilities. This Court Order refers to and discusses the *Flores* Agreement………………………………………………………………………… 1

2. Declaration of Peter Schey regarding the unavailability of Plaintiffs' witnesses……………………………………………………………………………...9

DATED: January 29, 2017              Respectfully submitted,

                                     CENTER FOR HUMAN RIGHTS &
                                     CONSTITUTIONAL LAW
                                     Peter A. Schey
                                     Carlos Holguín

                                     ORRICK, HERRINGTON & SUTCLIFFE LLP
                                     T. Wayne Harman
                                     Elena García
                                     LA RAZA CENTRO LEGAL, INC.
                                     Michael Sorgen
                                     Amanda Alvarado Ford

                                     LAW FOUNDATION OF SILICON VALLEY -
                                     LEGAL ADVOCATES FOR CHILDREN &
                                     YOUTH
                                     Jennifer Kelleher Cloyd
                                     Katherine H. Manning
                                     Kyra Kazantzis
                                     Annette Kirkham


                                     Of counsel:
                                     YOUTH LAW CENTER
                                     Virginia Corrigan

                                     /s/__Peter Schey_____
                                     *Attorneys for Plaintiffs*

Filed in The District Court of Travis County, Texas

DEC 16 2016 SS

At 4:15 P.M.

Velva L. Price, District Clerk

No. D-1-GN-15-004336

| | | |
|---|---|---|
| GRASSROOTS LEADERSHIP, INC., *et al.*, <br>    Plaintiffs, | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES (DFPS), *et al.* <br>    Defendants, | § <br> § <br> § <br> § <br> § | TRAVIS COUNTY, TEXAS |
| and | § <br> § | |
| CORRECTIONS CORPORATION OF AMERICA, INC., and THE GEO GROUP, <br>    Intervenors. | § <br> § <br> § <br> § <br> § | 353rd JUDICIAL DISTRICT <br><br> (All proceedings assigned to the 250th Judicial District Court) |

## AMENDED FINAL JUDGMENT

This case involves a challenge under TEX. GOV'T CODE § 2001.038, also known as the Administrative Procedure Act (APA), to the regulation adopted by the Texas Department of Family and Protective Services and published in the Texas Register at Title 40, Part 19, Chapter 748, Subchapter A, Rule § 748.7 (effective March 1, 2016), 41 Tex. Reg. 1493-1502 (Feb 26, 2016) (hereinafter referred to as the "FRC Rule"). On December 2, 2016, the Court signed a Final Judgment in this cause. On December 5, 2016, the Court considered Plaintiffs' Motion to Prevent Automatic Suspension of Judgment Pending Appeal (the "Motion to Prevent").

At the hearing on Plaintiffs' Motion to Prevent, Defendants notified the Court of their intent to: (1) perfect an appeal and automatically supersede the Court's Final Judgment; (2) issue a license under the FRC Rule to The South Texas Family Residential Center in Dilley, Texas ("Dilley") operated by Intervenor CCA; and (3) give full force and effect to the license

Page 1 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

1

previously issued under the FRC Rule to the Karnes County Residential Center in Karnes City, Texas ("Karnes") operated by Intervenor GEO Group.

After reviewing Plaintiffs' Motion to Prevent, the arguments and supplemental briefing of the parties, and the applicable law, the Court ORDERS that the Final Judgment of December 2, 2016 is vacated and substituted by this Amended Final Judgment.

I.   Factual Background.

On July 11, 1985, a class of plaintiffs initiated a lawsuit against U.S. Immigration and Customs Enforcement (ICE) and other defendants in the District Court of Central California. *Flores v. Johnson*, CV 85-4544 DMG (C.D. Cal). On January 28, 1997, the parties entered into a court-approved settlement of the lawsuit (the "*Flores* Settlement Agreement"). The *Flores* Settlement Agreement provided that, if a minor is not released, the minor shall be placed temporarily in an unsecure and licensed program. The *Flores* Settlement Agreement defines a "licensed program" as a "program, agency or organization that is licensed by an appropriate State agency to provide residential, group, or foster care services for dependent children . . . ." The *Flores* Settlement Agreement further required that the licensed program:

- treat all minors in its custody with dignity, respect and special concern for their particular vulnerability as minors;
- place each detained minor in the least restrictive setting appropriate to the minor's age and special needs;
- provide safe and sanitary facilities; and
- segregate unaccompanied minors from unrelated adults.

In 2014, ICE began detaining immigrant women and children in the Karnes and Dilley facilities. Both facilities are secure detention facilities. Unlike daycares, foster homes, domestic

Page 2 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

2

violence shelters, residential treatment centers or Office of Refugee Resettlement contracted shelters for unaccompanied minors, Karnes and Dilley are designed to hold women and children in secure custody in order to execute federal immigration law enforcement purposes. The women and children held at Karnes and Dilley, including several individual Plaintiffs who testified before this Court, arrived at the family detention centers under final deportation orders by the United States Government.

Defendant DFPS did not attempt to regulate family residential centers in Texas until it adopted an emergency rule (the "Emergency Rule") on September 2, 2015. Before that time, Defendant DFPS had historically and consistently acknowledged that it lacked authority to license family detention centers and declined to do so based upon that lack of authority.

On September 30, 2015, Plaintiff Grassroots Leadership, Inc. initiated this lawsuit to challenge the Emergency Rule. On November 20, 2015, the Court issued a Temporary Injunction prohibiting Defendant DFPS from implementing the Emergency Rule. In the Temporary Injunction, this Court cited its concerns with the Emergency Rule, namely that the Emergency Rule removed the FRC's obligations to comply with the following current Minimum Standards for General Residential Operations that pertain to the safety and welfare of children: (i) limitations on room occupants; (ii) children sharing a room with an adult that may be unrelated; and (iii) children sharing a room with children of the opposite gender. However, the Court expressly permitted DFPS to proceed through the traditional rulemaking procedures outlined in TEX. GOV'T CODE §§ 2001.023 and 2001.029.

DFPS followed the procedures for rulemaking and the FRC Rule was subsequently adopted by the Texas Department of Family and Protective Services and published in the Texas Register on Feb 26, 2016. DFPS promptly licensed Intervenor The GEO Group's license for

Page 3 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

3

Karnes under the FRC Rule in March of 2016. Intervenor CCA's application for the Dilley license under the FRC Rule is currently pending. On May 3, 2016, Plaintiffs filed their Second Amended Petition to challenges the FRC Rule under the APA.

The FRC Rule, like the Emergency Rule, removes the family residential centers' obligation to comply with the legislatively mandated General Residential Operations ("GRO") Minimum Standards regarding the safety and welfare of minors. Accordingly, on June 3, 2016, the Court issued a Temporary Injunction enjoining Defendants' implementation of the FRC Rule but requiring Defendant DFPS to continue to investigate and report any allegations of abuse or neglect, standards deficiencies, or violation of rule of law at Dilley and Karnes during the pendency of the Temporary Injunction.

II.  Defendants' Third Amended Plea to the Jurisdiction.

After considering Defendants Texas Department of Family and Protective Services ("DFPS"), Texas Health and Human Services Commission ("HHSC"), and their Commissioners' (collectively "Defendants") Third Amended Plea to the Jurisdiction (the "Plea to the Jurisdiction"), the Court is of the opinion that the Plea to the Jurisdiction should be GRANTED in part and DENIED in part as follows:

    A. IT IS ORDERED that Defendants' Plea to the Jurisdiction is GRANTED as to Plaintiffs' claims under the Uniform Declaratory Judgment Act and for the recovery of attorney's fees under the Uniform Declaratory Judgment Act and TEX. CIV. PRAC. & REM. CODE § 37.009;

    B. IT IS THEREFORE ORDERED Plaintiffs' claims under the Uniform Declaratory Judgment Act and for the recovery of attorney's fees under the Uniform Declaratory

Page 4 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

4

Judgment Act and TEX. CIV. PRAC. & REM. CODE § 37.009 are DISMISSED with prejudice; and

C. IT IS ORDERED that Defendant's Plea to the Jurisdiction is DENIED as to all remaining grounds.

III. <u>Parties' Cross-Motions for Summary Judgment</u>.

By agreement of the parties, the Court accepted the following Cross-Motions for Summary Judgment regarding the validity of the FRC Rule by submission:

A. Plaintiffs' Motion for Summary Judgment;

B. Defendants' Motion for Summary Judgment;

C. Intervenor Corrections Corporation of America's ("CCA") Motion for Summary Judgment; and

D. Intervenor The GEO Group's ("GEO") Motion for Summary.

After reviewing the parties' Cross-Motions for Summary Judgment and responses thereto, the evidence presented and objections thereto, the pleadings on file, and the applicable law, IT IS ORDERED, ADJUDGED, AND DECLARED that:

A. Plaintiffs' Motion for Summary Judgment on Plaintiffs' claim for declaratory relief under the APA is GRANTED;

B. The FRC Rule contravenes TEX. HUM. RES. CODE § 42.002(4) and runs counter to the general objectives of the Texas Human Resources Code and is, therefore, invalid;

C. Defendants' Motion for Summary Judgment is DENIED;

D. Intervenor GEO Group's Motion for Summary Judgment is DENIED; and

E. Intervenor Correction Corporation of America's Motion for Summary Judgment is DENIED.

Page 5 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

5

IV. <u>Injunctive Relief and Denial of Automatic Supersedeas</u>.

The Court FINDS that allowing Defendants to automatically supersede the Court's ruling that the FRC Rule is invalid would render the relief granted by this Amended Final Judgment ineffective and Plaintiffs would suffer imminent and irreparable harm because money damages are unavailable against the state agency and, unless the *status quo* is maintained during the pendency of the appeal, Plaintiffs will be deprived of their statutory rights to protection that the Legislature has afforded children in the state minimum standards as follows:

    A. Licensure under the FRC Rule would permit variances or exceptions to the legislatively mandated GRO requirements. The variances or exceptions substantially endanger children by:

        1. Permitting children to share a bedroom with others at a number that exceeds maximum standards;

        2. Permitting children to share bedrooms with an unrelated adult;

        3. Permitting children over the age of three to share a bedroom with an unrelated adult; and

        4. Permitting unrelated children of different genders to share a bedroom;

    B. Licensure under the FRC Rule will facilitate longer periods of detention of the mothers and children detained at Karnes and Dilley, which hurts children by subjecting them to psychological and/or physiological trauma and deprivation of freedom of action.

The FRC Rule provides for exemptions to our State Minimum Standards that run counter to the objectives of the Texas Legislature, as well as the *Flores* Settlement Agreement, and does

Page 6 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

6

not require the facilities to comply with the State's Minimum Standards for residential operations.

As outlined above, this Court has declared the FRC Rule is invalid. During the pendency of any appeal of this Court's ruling, the Court FINDS it is in the best interest of the children detained by the federal government and housed at Karnes and Dilley that the State of Texas continue to provide regular and comprehensive oversight consistent with the minimum standards required by the State of Texas through: (i) unannounced state inspections to ensure the facility complies with existing state minimum standards; (ii) mandatory background checks on all employees working at the facility; (iii) public hearings; (iv) staff training; and (v) investigation of claims of abuse and neglect.

Accordingly, Defendants, and all of their officials, agents, servants, employees, and attorneys be and hereby are ORDERED to refrain from issuing licenses under the FRC Rule until the Court of Appeals issues a decision on appeal or further Order of the Court.

Defendants are FURTHER ORDERED to continue to investigate and report any allegations of abuse or neglect, standards deficiencies, or violation(s) of rule of law at Karnes and Dilley during the pendency of any appeal of this Court's ruling.

IT IS ORDERED that Intervenor CCA and Intervenor GEO Group shall cooperate with Defendants and shall not impede Defendants' efforts to conduct its investigative and regulatory functions at Dilley and Karnes through: (i) scheduled and/or unannounced state inspections to ensure that the facilities comply with existing state minimum standards; (ii) background checks on all employees working at the facilities; (iii) staff training; and (iv) investigation of claims of abuse of the children and mothers and/or neglect of children.

Page 7 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

7

The injunction is necessary to preserve the *status quo* and to allow Defendants the ability to continue regulatory and protective functions for the benefit of children detained at Karnes and Dilley until the challenge to the FRC Rule proceeds through appeal.

IT IS FURTHER ORDERED, in accord with Texas Rule of Appellate Procedure 24.2(a)(3), that the Court DECLINES to permit the Amended Final Judgment to be superseded, and that Plaintiffs shall deposit $500.00 into this Court's registry, which shall serve as security for this Court's Order declining to permit the Amended Final Judgment to be superseded. This bond is sufficient because Defendants will not suffer any loss or damage as a result of the relief granted in this Amended Final Judgment.

IT IS FURTHER ORDERED that the $100.00 bond that Plaintiffs previously deposited as security for this Court's Temporary Orders may be applied to the $500.00 security.

All costs are assessed against each party incurring the same.

This Final Judgment disposes of all parties and claims and is a final and appealable judgment.

SIGNED on this the 16th day of December 2016.

JUDGE PRESIDING
KARIN CRUMP

Page 8 of 8

Amended Final Judgment
*Grassroots Leadership, Inc. et al. v. Texas Department of Family and Protective Services et al.*

8

## DECLARATION OF PETER SCHEY

I, Peter Schey, declare and say as follows:

1. I serve as one of the Class Counsel in this action entitled Flores v. Johnson, Case No. CV 85-4544 DMG (AGRx).

2. My associates and I have attempted to contact all of plaintiffs' witnesses in this action in order to determine their availability to appear at an evidentiary hearing in Los Angeles on January 30, 2017.

3. Three of Plaintiffs' declarants, Natalia Ospina, Franklin XXXXXXXXX and Lindsey XXXXX XXXXXX reside within 100 miles of the location of the hearing. Their declarations appear in the record at Dkt. # 201, Exhibits 7, 45, and 33. Franklin XXXXXXXXX and Lindsey XXXXXX were deposed by Defendants in Los Angeles. While Defendants know the location of these three witnesses, Defendants have not to my knowledge sought to obtain their presence at the January 30, 2017, hearing in order to cross-examine them. Natalia Ospina has informed me that because of her legal commitments she is unable to attend the hearing. Defendants elected not to depose her. Franklin plans to attend the hearing and is available for further cross-examination though he has already been deposed by Defendants. Lindsey XXXXXX has informed counsel that she is unavailable to attend because of her employment and child-care responsibilities. However, Defendants have not sought to require her appearance by subpoena or otherwise.

4. I am informed by Government counsel and believe that at least five declarants remain in custody at Berks almost a year after their declarations were obtained and Defendants have not sought to secure their presence for cross-examination at the hearing. These include Victor R. A, Celina S. B., Maria D. N., Karen Z. A and Fanny E H. They are detained at Berks and are unavailable to attend the hearing unless Defendants arrange for their appearance in order to cross-examine them.

5. Defendants are aware of the locations of released Class Member and mother declarants as they are all in removal proceedings having been released after positive credible fear determinations. Based on communications between my associate and Class Member and mother declarants, I am informed and believe that Class Member declarants who Defendants' deposed are not available to appear because they are indigent, are children, and are attending school. Mother declarants are unavailable to attend because they are indigent, are employed and/or are the

sole caretakers of their children. In any event, Defendants have not sought to secure their presence at the hearing either through subpoena or requests to Plaintiffs' counsel to voluntarily arrange their personal appearance or appearance by video-conference.

      6. Defendants have deported several declarants while the present motion to enforce was pending. The foreign addresses of these deported declarants are unknown to Class Counsel and these declarants are effectively unavailable to testify at a hearing.

      7. Class Counsel and his associate have communicated with attorney declarants and have been informed that they are unavailable to attend the hearing without a formal request by the Government because of their professional obligations and the distance between their residences or places of employment and the location of the hearing. Defendants have not sought to secure their presence at the hearing either through subpoena or requests to Plaintiffs' counsel to voluntarily arrange their personal appearance or appearance by video-conference.

      8. Had Defendants sought the appearance of any declarant or deposition witness, Plaintiffs would have cooperated with Defendants to secure the presence of such witnesses at the hearing.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of January, 2016, at Los Angeles, California.

Peter Schey

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On January 29, 2017, I electronically filed the following document(s):

NOTICE OF FILING OF UPDATED COURT ORDER ENJOINING THE LICENSES OF BOTH THE SOUTH TEXAS FAMILY RESIDENTIAL CENTER (DILLEY) AND THE KARNES COUNTY RESIDENTIAL CENTER (KARNES) AND DECLARATION OF CLASS COUNSEL

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Peter Schey*
*Attorney for Plaintiffs*