CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
   crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>  Plaintiffs,<br>- vs -<br><br>JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Case No. CV 85-4544 DMG (AGRx)<br><br>NOTICE OF FILING OF DECLARATION OF BRIDGET CAMBRIA<br><br>Hearing: January 30, 2017 9:30 AM |

*Plaintiffs' counsel, continued next page:*

1   LA RAZA CENTRO LEGAL, INC.
2   Michael S. Sorgen (Cal. Bar No. 43107)
    474 Valencia Street, #295
3   San Francisco, CA 94103
4   Telephone: (415) 575-3500

5   THE LAW FOUNDATION OF SILICON VALLEY
6   LEGAL ADVOCATES FOR CHILDREN AND YOUTH
    PUBLIC INTEREST LAW FIRM
7   Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
8   Katherine H. Manning (Cal. Bar No. 229233)
    Kyra Kazantzis (Cal. Bar No. 154612)
9   152 North Third Street, 3rd floor
10  San Jose, CA 95112
    Telephone:  (408) 280-2437
11  Facsimile:   (408) 288-8850
12  Email: jenniferk@lawfoundation.org
          kate.manning@lawfoundation.org
13        kyrak@lawfoundation.org

14
    *Of counsel:*
15
16  YOUTH LAW CENTER
    Virginia Corrigan (Cal. Bar No. 292035)
17  200 Pine Street, Suite 300
18  San Francisco, CA 94104
    Telephone: (415) 543-3379
19

20

21

22

23

24

25

26

27

28

Plaintiffs hereby give notice of the filing of:

1. Declaration of Bridget Cambria regarding Defendants failure to follow the requirement under *Flores* to make ongoing and continuous efforts toward release of class members

DATED: January 30, 2017                    Respectfully submitted,


                                           CENTER FOR HUMAN RIGHTS &
                                           CONSTITUTIONAL LAW
                                           Peter A. Schey
                                           Carlos Holguín

                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
                                           T. Wayne Harman
                                           Elena García
                                           LA RAZA CENTRO LEGAL, INC.
                                           Michael Sorgen
                                           Amanda Alvarado Ford

                                           LAW FOUNDATION OF SILICON VALLEY -
                                           LEGAL ADVOCATES FOR CHILDREN &
                                           YOUTH
                                           Jennifer Kelleher Cloyd
                                           Katherine H. Manning
                                           Kyra Kazantzis
                                           Annette Kirkham


                                           Of counsel:
                                           YOUTH LAW CENTER
                                           Virginia Corrigan

                                           /s/ _Peter Schey_____
                                           *Attorneys for Plaintiffs*

## DECLARATION OF BRIDGET CAMBRIA

I, Bridget Cambria, Esq., hereby swear and attest, under the penalty of perjury, that the following is true and correct to the best of my knowledge and recollection:

1. I am an immigration attorney licensed to practice in the state of Pennsylvania.  I am a partner in the law firm of Cambria & Kline, P.C.  I have provided legal representation to asylum-seeking children and their parents detained at the Berks County Residential Center, in Leesport, Pennsylvania for over two and a half years.

2. I now supplement previous declarations with updated information.

3. Since the Court's August, 2015 Order holding that accompanied children are class members under the *Flores* Settlement, the government has failed to follow the requirement under *Flores* to make ongoing and continuous efforts toward release of class members.

4. The government concedes that accompanied minors are class members but now claims that they are subject to mandatory detention unless and until their mother is given a positive credible fear determination.  Class members continue to be detained for months, and many for more than a year, with no action taken by the government to effectuate their release pursuant to *Flores*.

5. The government has never made an inquiry as to whether a class member, mother of a class member, or their legal counsel affirmatively requests that the class member be processed for release to a qualifying adult or licensed, unsecure facility.

6. Rather than making continuous, ongoing efforts to release class members, the government makes no attempts to release even those with stays of removal and/or eligibility for legal permanent residence.

7. Fourteen *Flores* class members, ranging in age from three (3) years to sixteen (16) years have been detained at BCRC for over one year despite being the beneficiaries of a stay of removal by the Third Circuit Court of Appeals. These class members have been granted concurrent stays of removal for over a year while they exercise their rights in federal court. *See* Exhibit A.

9. Certain class members have approved Special Immigration Juvenile Visas (SIJS) and pending applications for legal permanent residency. Diego S████████████ (████), age three (3) has been detained since 10/21/2015, a period exceeding 464 days. Counsel filed an I-360 Application for a Special Immigration Juvenile Visa which was granted with an Approval Notice dated October 3, 2016. *See* Exhibit B. Counsel subsequently filed an I-485 Application to Adjust Status to Legal Permanent Resident which was received by USCIS on October 21, 2016 and is pending approval.  *See* Exhibit C.

8. At present there are three additional class members detained at BCYC who have been granted SIJS and have pending adjustments of status to legal permanent residence.

9. At our request, on November 22, 2016, *Flores* class counsel contacted government counsel to inform them of the approved SIJS Visas and pending adjustment of status applications, and to remind government counsel of their obligations under both *Flores* and *Perez-Olano* concerning these class members. *See* Exhibit D.

10. Government counsel responded by affirming their intention to remove class members regardless of their eligibility to obtain legal status in the United States. *See* Exhibit E. To date, DHS/ICE has made no effort towards these class members' release.

11. In his 12/16/16 declaration, Exhibit 1, Officer Joshua Reid states that two class members, Briany R███████████, A█████████, and Cesia V█████████████, A█████████, remained detained because they had received negative credible fear interviews and had submitted several requests for reinterview which were denied at the discretion of the asylum office. The asylum office subsequently granted reinterviews for both class members. Following the reinterviews, they were determined to have valid claims for asylum and released with notices to appear before an immigration court. Briany, age 6, and Cesia, age 14, had each spent over a year in detention with valid claims.

12. Based on my experiences and observations, it is my belief that DHS continues to violate the *Flores* Settlement, causing irreparable harm to class members. The violations necessitate approval of the pending Motion to Enforce and the appointment of a Special Monitor.

Date:   1/29/2017              /s/ *Bridget Cambria*
                              Bridget Cambria, Esq.

- 2 -

2

# Exhibit A

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

November 2, 2016

No. 16-1339

ROSA ELIDA CASTRO; A.A.G.C.; et al.,

Appellants

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; et al.

(E.D. Pa. Nos. 5-15-cv-06153, 5-15-cv-06403, 5-15-cv-06404, 5-15-cv-06406, 5-15-cv-06410, 5-15-cv-06411, 5-15-cv-06428, 5-15-cv-06429, 5-15-cv-06430, 5-15-cv-06431, 5-15-cv-06451, 5-15-cv-06472, 5-15-cv-06474, 5-15-cv-06475, 5-15-cv-06546, 5-15-cv-06547, 5-15-cv-06551, 5-15-cv-06553, 5-15-cv-06591, 5-15-cv-06592, 5-15-cv-06594, 5-15-cv-06595, 5-15-cv-06676, 5-15-cv-06677, 5-15-cv-06755, 5-15-cv-06788, 5-15-cv-06798, 5-15-cv-06863, 5-16-cv-00069

Present:  SMITH[*], HARDIMAN and SHWARTZ, Circuit Judges

1.      Motion by Appellants for Stay of Mandate;

2.      Motion by Amici Curiae Harvard Immigration and Refugee Clinic, Center for Gender & Refugee Studies, and Others for Leave to File Amicus Brief in Support of Appellants' Motion for Stay Mandate Pending Disposition of Certiorari Petition;

3.      Brief of Amici Curiae Harvard Immigration and Refugee Clinic, Center for Gender & Refugee Studies, and Others in Support of Appellants' Motion for Stay of Mandate Pending Disposition of Certiorari;

4.      Response by Appellees' to the Motion to Stay Issuance of the Mandate Pending the Filing of a Petition for Certiorari.; and

5.      Appellant's Reply to Response

Respectfully,
Clerk/tmm

_____ORDER_____
While the Panel believes that current precedent dictated the outcome of this appeal, we

_____

[*] Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit, assumed Chief Judge status on October 1, 2016.

4

will nonetheless grant the Motion for a Stay of the Mandate.

By the Court,

s/D. Brooks Smith
Circuit Judge

Dated: November 23, 2016

CJG/cc:    Lee P. Gelernt, Esq.
             Jennifer C. Newell, Esq.
             Mary Catherine Roper, Esq.
             Molly M. Tack-Hooper, Esq.
             Witold J. Walczak, Esq.
             Cody H. Wofsy, Esq.
             Joseph A. Darrow, Esq.
             Erez Reuveni, Esq.
             Ethan D. Dettmer, Esq.
             Jonathan H. Feinberg, Esq.
             Mark C. Fleming, Esq.
             Arleigh P. Helfer, III, Esq.
             Bruce P. Merenstein, Esq.
             Nancy Winkelman, Esq.
             Charles Roth, Esq.

# Exhibit B

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797, Notice of Action

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER ███████████ | CASE TYPE I360 PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
|---|---|
| **RECEIPT DATE** August 24, 2016    **PRIORITY DATE** August 23, 2016 | **PETITIONER** A███████ , DIEGO S. |
| **NOTICE DATE** October 3, 2016    **PAGE** 1 of 1 | **BENEFICIARY** A███████ , DIEGO S. |

BRIDGET CAMBRIA
CAMBRIA AND KLINE PC
123 N 3RD STREET
READING PA 19601

**Notice Type:** Approval Notice
Section: Special Immigrant-Juvenile

The above petition has been approved.

The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. The information submitted with the petition shows that the person for whom you are petitioning is not eligible to file an adjustment of status application at this time.

Additional information about eligibility for adjustment of status may be obtained from the local USCIS office serving the area where the person for whom you are petitioning lives.

Until the person for whom you are petitioning files an adjustment application, or applies for an immigrant visa, this approved petition will be stored in this office. If the person for whom you are petitioning becomes eligible to adjust status based on this petition, he or she should submit a copy of this notice with Form I-485, Application for Permanent Residence to the local office.

If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Please read the back of this form carefully for more information.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NATIONAL BENEFITS CENTER
USCIS, DHS
P.O. BOX #648004
LEE'S SUMMIT   MO   64064
**Customer Service Telephone: (800) 375-5283**



Form I-797 (Rev. 01/31/05) N

Exhibit C

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

### ASC Appointment Notice

| APPLICATION/PETITION/REQUEST NUMBER | | NOTICE DATE |
|---|---|---|
| ████████████████ | | 11/04/2016 |

| CASE TYPE | SOCIAL SECURITY NUMBER | USCIS A# | CODE |
|---|---|---|---|
| I485 - I765 | | A ████████ | 2 |

| ACCOUNT NUMBER | TCR | SERVICE CENTER | PAGE |
|---|---|---|---|
| | | NBC | 1 of 1 |

DIEGO S █████████████
c/o BRIDGET CAMBRIA
CAMBRIA AND KLINE PC
123 N 3RD STREET
READING PA 19601



To process your application, petition, or request, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | PLEASE READ THIS ENTIRE NOTICE CAREFULLY. |
|---|---|
| USCIS PHILADELPHIA | DATE AND TIME OF APPOINTMENT |
| 10300 Drummond Road Suite 100 | 11/21/2016 |
| Philadelphia PA 19154 | 09:00AM |

WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Resident Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

**NOTE:** If the USCIS ASC is closed due to inclement weather or for other unforeseen circumstances, USCIS will automatically reschedule your appointment for the next available appointment date and mail you a notice with the new date and time.

### REQUEST FOR RESCHEDULING

❏ **Please reschedule my appointment.** Once USCIS receives your request, you will be sent a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586

| APPLICATION NUMBER | APPLICATION NUMBER 2 |
|---|---|
| I485 - MSC1790136489 | I765 - MSC1790136490 |
|  |  |

If you have any questions regarding this notice, please call 1-800-375-5283.

**WARNING:** *Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

9

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  07/11/14  Y

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Fee Waiver Approval | November 01, 2016 |

| CASE TYPE | USCIS ALIEN NUMBER |
|---|---|
| I-485, Application to Register Permanent Residence or Adjust Status | A |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| | October 21, 2016 | 1 of 1 |

| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH |
|---|---|---|
| August 23, 2016 | | December 16, 2013 |

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $0.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $0.00 |
| Total Balance Due: | $0.00 |

DIEGO S.
C/O BRIDGET CAMBRIA CAMBRIA AND KLINE PC
123 N 3RD STREET
READING, PA 19601

NAME AND MAILING ADDRESS

The above case has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

| USCIS Office Address: | USCIS Customer Service Number: |
|---|---|
| USCIS<br>National Benefits Center<br>P.O. Box 648003<br>Lee's Summit, MO 64002 | (800)375-5283<br>ATTORNEY COPY<br> |

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

# Exhibit D



CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 SOUTH OCCIDENTAL BOULEVARD
LOS ANGELES, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
www.centerforhumanrights.org

November 22, 2016

*Via e-mail and first class mail*

Sarah B. Fabian
Trial Attorney
Office of Immigration Litigation -- District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Michael Johnson (or successor in office)
Assistant United States Attorney
300 N. Los Angeles St., Rm. 7516
Los Angeles, CA  90012

Allen Hausman (or successor in office)
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC  20044

Re:   *Flores*, et al., *v. Holder*, et al., No. CV 85-4544 (C.D. Cal.).
      *Perez-Olano v. Holder*, Cv. No 05-03604 (C.D. Cal.)

Dear Ms. Fabian, *et.al.*:

Pursuant to ¶ 37 of the *Flores* settlement[1] approved in the above referenced action on January 25,
1997 and ¶ 45 of the *Perez-Olano* Settlement [see Dkt # 159-1; *see also* Stipulation settling
plaintiffs' motion for class-wide enforcement Docket 176], plaintiffs hereby give notice of
claims that defendants are violating the Settlements in the particulars stated below.

---

[1] Paragraph 37 provides in pertinent part as follows: "This paragraph provides for the
enforcement, in this District Court, of the provisions of this Agreement except for claims brought
under Paragraph 24.  The parties shall meet telephonically or in person to discuss a complete or
partial repudiation of this Agreement or any alleged non-compliance with the terms of the
Agreement, prior to bringing any individual or class action to enforce this Agreement."

Sarah B. Fabian, et al.
November 22, 2016
Page 2

In accordance with ¶ 37 and Rule 7-3 of the Rules of the United States District Court for the Central District of California, plaintiffs request that defendants Attorney General and Department of Homeland Security (DHS) ("defendants") meet with plaintiffs telephonically within the next seven days to discuss defendants' compliance with the *Flores* and *Perez-Olano* Settlements. Plaintiffs reserve the right to address with defendants during the meet and confer additional issues relating to compliance with the Settlement not identified below.

We request that we be provided immediate assurances that the class members identified below and their accompanying parents, and other similarly situated class members, will not be removed from the United States pending our meet and confer. Please confirm that pending a meet and confirm, class members identified below and their accompanying parents will not be removed from the United States.

The following *Flores* and *Perez-Olano* class members have approved SIJS applications issued by USCIS based on predicate family court orders issued because the minors suffered abandonment, abuse or neglect. These class members have filed applications for permanent residency which are pending:



- Diego S█████████ (A████████), mother Wendy A█████████
  (A█████████),
- Joshua M█████████ (A████████), mother Maria De█████████
  (A█████████)
- Cesia Na█████████ (A████████), mother Lesly G█████████
  (A█████████), and
- Victor C█████████ (A████████), mother Jethzabel M█████████
  █████ (A█████████).

The following class members have pending SIJ applications:



Daylin M█████████ MSC █████
Angel M█████████ MSC █████
Briany R█████████ MSC █████
Natali J. █████████ MSC █████

ICE has been notified of the SIJS cases and the notices of approval issued by USCIS. Nevertheless, these and likely other class member minors remain detained in violation of the *Flores* Settlement and face removal in violation of both the *Flores* and *Perez-Olano* settlements. Also of concern is that it appears the Government is treating these detained minors differently from those who are not detained with their mothers or fathers.

Under Paragraph 18 of the *Flores* Settlement, ICE must make continuous and ongoing efforts to implement the Settlement's presumption of release. Inasmuch as the *Flores* Settlement contemplates that minors will be advised of their legal rights including the right to counsel, we do not believe class member children can be unilaterally removed from the United States while

they have pending or approved SIJ applications, particularly when ICE does not remove
similarly situated minors not detained with a parent.

Under the *Perez-Olano* Settlement, ICE shall join in motions to reopen removal proceedings
filed by juveniles granted SIJ status. Obviously the *Perez-Olano* Settlement does not
contemplate class members being detained or removed from the country while they have SIJ
applications pending or after such applications are approved. The *Perez-Olano* settlement applies
to all juveniles, "including, but not limited to, SIJ applicants, who, on or after May 13, 2005,
apply or applied for SIJ status or SIJ-based adjustment of status based upon their alleged SIJ
eligibility." Settlement Agreement at ¶ 3.

Paragraph 29 of the Settlement states that "ICE shall join motions to reopen removal proceedings
filed by juveniles granted SIJ status when the following criteria are met:  the juvenile (i) requests
such joinder within 60 days of being notified by USCIS that it has granted him or her SIJS status
[this has been done in the cases discussed in this correspondence]; and (ii) is not inadmissible
under INA § 212, 8 U.S.C. § 1182, or removable under INA § 237, 8 U.S.C. § 1227, on grounds
that disqualify him or her from adjustment of status, or, if inadmissible, such grounds of
inadmissibility have been waived or are waivable." Paragraph 29 does not provide an exception
to compliance for children who have received removal orders under section 235, nor limit the
mandate that ICE "shall join motions to reopen removal proceedings."

It is also my understanding that the notices required by Paragraphs 44-48 of the Perez-Olano
Settlement may be provided to minors in ORR custody but are not being provided to minors in
DHS "family detention."

The *Perez-Olano* Settlement further provides that once a juvenile initiates the alternate dispute
resolution process to request compliance under the Settlement, any removal action *shall be
stayed* and he or she shall not be removed from the United States unless and until the matter has
been resolved in favor of Defendants.

Paragraph 18 of the *Flores* Settlement states that upon taking a minor into custody, the DHS or
the licensed program in which the minor is placed shall make and record the *prompt and
continuous efforts on its part* toward family reunification and *the release of the minor* pursuant to
Paragraph 14. Not only has ICE made no effort to release the minors identified above (despite
requests that it do so), ICE has expressly declared that these children will remain in mandatory
detention until they are removed.

I am informed that at a meeting of ICE Chief Counsels conducted October 4, 2016, Mr. Ken
Padilla, Director of Field Operations with ICE, directed the Office of Chief Counsel to join in
requests for termination when a child respondent has obtained special immigrant juvenile status,
unless there are concerns that the respondent is a danger to the community. I believe this policy
has been implemented nationally in the non-detained setting and that ICE consistently joins in
motions to terminate removal proceedings for children with approved SIJ applications.

Sarah B. Fabian, et al.
November 22, 2016
Page 4

The October 26, 2016 USCIS policy manual on Special Immigrant Juveniles states that "[t]he Secretary of Homeland Security *must* consent to the grant of SIJS. DHS delegates this authority to USCIS. Therefore, USCIS approval of the SIJ petition is evidence of DHS consent." *Id.* at 19. Here, the Secretary of DHS has consented to the child's ability to pursue adjustment of status by granting the minors' SIJ applications, yet simultaneously, ICE continues to detain these *Flores* class members and seeks their removal from the United States.

SIJS applicants are granted generally granted parole when their applications for Special Immigrant Juvenile status are approved so they may apply for adjustment of status to lawful permanent residence. *See Miscellaneous and Technical Immigration and Nationality Amendments of 1991,* Pub. L. 102-232 (December 12, 1991).

Further, under INA § 212(a)(7)(A) and 212(a)(6)(A), the grounds of inadmissibility upon which almost all expedited removal orders are based, do not apply to Special Immigrant Juveniles. *See* INA 245(h)(2)(A) (2009).

Please feel free to contact me if you need additional information or have any questions. I look forward to Defendants' prompt response.

Sincerely,

Peter Schey
Attorney for Plaintiffs

ccs:   Bridget Cambria, Esq.
       Carol Anne Donohoe, Esq.

I-360 APPROVED/I-485 PENDING

1.   Diego S███████ (A███████)

Diego, age 2, and his mother, Wendy A███████ (A███████), fled Honduras and have been detained for more than a year (since 10/21/2015). Diego has learned to walk and talk in detention. Diego's father's wife is a member of Los Cachiros, a group identified by President Obama in 2013 as a significant foreign narcotics trafficking group pursuant to the Kingpin Act.[2] This woman threatened Diego's father that if she ever saw Diego, she would kill

him. Wendy was told that she and Diego must do "whatever is possible" to stay in the United States in order to keep Diego away from Los Cachiros. Diego's father has been absent from his life since birth, additionally because of his ties to the Los Cachiros narco trafficking group Diego faces physical harm, neglect and abuse should removal be effectuated. Diego's I-360 was approved 10/03/16 and his I-485 is pending.

2.   Joshua M███████████████   (A████████████)

Joshua, age 7, and his mother, Maria D███████████████ (A██████████), fled El Salvador. They have been detained for nearly 14 months (since 9/5/2015). A gang member who lived in their neighborhood repeatedly threatened Joshua and Maria. The gang member sexually harassed and assaulted Joshua's mother. In an effort to further punish and control Maria, the gang member turned his threats to Joshua. Joshua's father abandoned him at the age of 2 and has not been involved in Joshua's life. Prior to this abandonment, Joshua's father failed to provide food for Joshua or appropriate care. Joshua's father was often drunk and sexually assaulted Joshua's mother since she was 14 years old. Joshua was conceived when his mother was 15, and born when she was 16.  His I-360 approved 11/09/16 and he has a pending I-485.

3.   Cesia N███████████████   (A██████████)

Cesia, age 14, and her mother, Lesly G███████████████ (A██████████), fled the MS-13 gang in Honduras and have been detained for almost exactly one year (since 11/4/2015). At school, Cesia, who was then 13 years old, was threatened daily. "When I walked in the halls of my school with my friends, MS-13 gang members come over and grab me, force kisses on me and pull my hair. They grabbed my shirt and tried to touch my chest. I didn't tell anyone because they told me if I they would kill me." Two girls from her school were raped and killed near her family's house. Cesia has recently come out as a lesbian to herself, her mother, and the center. She has been subject to ridicule in the facility and attributes her being targeted in Honduras to the fact that she is a lesbian, identifiable because she has always been a tomboy and had crushes on girls. Cesia was abandoned by her father when she was 9 months old. She has no relationship with him and he has provided nothing with regards to support or protection of his now 14 year old daughter. Cesia's I-360 was approved 10/17/16 and she has a I-485 pending.

4.   Victor C███████████████   (A██████████)

Victor, age 15, and his mom, Jethzabel M███████████████ (A██████████), have been detained for more than a year (since 10/15/2015). Victor and his mother fled El Salvador after gang members demanded Jethzabel turn Victor over to them or be killed. Victor was told there were gang members waiting for him in front of his school. He escaped through a back entrance of the school, and ran home. Two of Victor's friends had been killed in gang violence. If they stayed in El Salvador, Victor's only options were to join the gang and risk death by a rival gang, or refuse and risk his and his mother's lives. Victor and Jethzabel decided their only choice was

Sarah B. Fabian, et al.
November 22, 2016
Page 6

to flee the country. Victor has never lived with his father. Victor was abandoned at birth. Victor's I-360 was approved 10/13/16 and his I-485 is pending.

Exhibit E

 Gmail

CarolAnne Donohoe ▮▮▮▮▮▮▮▮▮▮

---

## Re: Correspondence Regarding Flores and Perez-Olano Compliance

2 messages

**Peter Schey** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮      Mon, Dec 12, 2016 at 3:17 PM
To: "Robins, Jeffrey (CIV)" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, "Fabian, Sarah B (CIV)" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Cc: Carlos Holguín ▮▮▮▮▮▮▮▮▮▮▮, Bridget Cambria ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,
CarolAnne Donohoe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Alice Bussiere ▮▮▮▮▮▮▮▮▮▮▮▮

Dear Sarah and Jeffrey,

Thank you Jeffrey for your response to my correspondence of November 22, 2016. I would like to meet and confer and perhaps invite Bridget Cambria and Carol Anne Donohoe to join the conference inasmuch as they represent the minors in their pending applications. I am copying them and Carlos Holguin and Alice Bussiere on this email. If possible, prior to meeting we would like to understand Defendants' positions on the following:

1. Is it Defendants' position that they may remove from the United States the minors identified in my November 22, 2016, correspondence prior to adjudicating their applications pending before USCIS? If so, what authority supports Defendants' position?

2. Are Defendants willing to agree to stay the removal of the minors identified in my correspondence of November 22, 2016, until their applications pending before USCIS have been adjudicated?

3. Is it Defendants' position that USCIS may now adjudicate (or may not adjudicate) the minors' applications for adjustment of status or must ICE first take steps to withdraw any outstanding orders of expedited removal before USCIS can adjudicate an application for adjustment of status? What is the authority for Defendants' position?

In the event litigation is undertaken to resolve the issues addressed in my earlier correspondence, we have made no decision regarding whether relief would be sought in the *Perez-Olano* case, the *Flores* case, or a new federal district court case.

As previously stated, in the event a SIJ-eligible applicant identified in my November 22 correspondence is unilaterally removed from the United States while a meet and confer process is ongoing, we will give serious consideration to seeking judicial intervention to require that s/he be located by Defendants and returned safely to the United States for further proceedings. *See, e.g., Mendez v. INS*, 563 F.2d 956 (9th Cir. 1977).

I am available to meet and confer any time Thursday or Friday this week commencing at or after 9 AM Pacific time.

Please let me know what date/time works best for Defendants and if possible please answer the questions above prior to the meet and confer.

Thank you.

Peter A. Schey (cell ▮▮▮▮▮▮▮▮▮▮
President
Center for Human Rights and Constitutional Law

On Thu, Dec 8, 2016 at 2:24 PM, Robins, Jeffrey (CIV) ▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:

     Mr. Schey,

     The Department of Justice is in receipt of your letter, dated November 22, 2016, addressed to Ms. Sarah Fabian, Mr. Michael Johnson, and Mr. Allen Hausman, alleging violations of the settlement agreements in *Flores v. Holder*, 85-4544 (C.D. Cal. filed July 11, 1985) and *Perez-Olano v. Holder*, 05-3604 (C.D. Cal. filed May 13, 2005).

As an initial matter, I note that your notice of noncompliance, as it relates to *Perez-Olano*, was not served on the Defendants identified at paragraph 43 of the settlement agreement nor the present lead counsel with whom you have previously worked, Mr. Brian Ward. Nonetheless, the Department provides the following initial responses:

1.     There is no obligation under the *Perez-Olano* or *Flores* settlement agreements that requires immediate assurances that "the class members [you] identify [ ] and their accompanying parents, and other similarly situated class members," or other individuals discussed in your letter, will not be removed from the United States pending a meet and confer. Rather, the terms of paragraph 43 of the *Perez-Olano* settlement agreement make clear that the alternative dispute resolution process that may trigger a stay of removal cannot be initiated until after the thirty-day period to meet and confer. There is no similar provision in the *Flores* settlement. That said, at this time, Defendants understand that each of the individuals you have identified, other than Ms. Antunez and Ms. Ayala, are subject to final orders of *expedited* removal -- not orders of removal pursuant to 8 U.S.C. 1229a -- that have been found lawful by the Third Circuit in *Castro v. U.S. Department of Homeland Security*, 16-1339 (3d Cir.), but whose execution is presently stayed pending disposition of a petition for certiorari.

2.     There is no prohibition in the *Flores* settlement agreement with regard to the removal of minors with pending or approved Special Immigrant Juvenile petitions, and your reference to paragraph 18 of the *Flores* settlement agreement provides no support for this allegation.

3.     The release of minors discussed in paragraph 18 of the *Flores* settlement agreement is "pursuant to Paragraph 14," which applies only "[w]here the INS determines that the detention of the minor is not required either to secure his or her timely appearance before the INS or the immigration court, or to ensure the minor's safety or that of others. . . ." Moreover, as you are well aware, paragraphs 21 and 22 of the *Flores* settlement allow detention in the Government's discretion, *inter alia*, where such class member "is an escape-risk," which includes the factor of whether "the minor is currently under a final order of deportation or exclusion." In each of the cases you have identified, the minors are under final orders of removal. Accordingly, paragraph 18 of the *Flores* agreement does not apply to the cases your letter identifies.

4.     Notably, in previous litigation in *Flores*, Plaintiffs have acknowledged that the authority to detain individuals for purposes of removal under 8 U.S.C. § 1231 applied to minors, and was not precluded by the *Flores* settlement agreement so long as it did not otherwise violate the statute. *See Flores*, ECF No. 19 at 31 ("[N]othing in the settlement precludes defendants from detaining a child in the course of physically removing him or her, but neither does it permit months or years of open-ended incarceration."); *id.* at 32 (acknowledging that detention in secure facilities to effectuate removal is proper if there is a "reasonable expectation that they will be able to effect removal promptly").

To the extent that you allege that continued detention of these class members pending removal is improper under paragraph 24.B. of the *Flores* agreement, undersigned counsel is available to meet and confer in lieu of the relevant U.S. Attorney's Offices in accordance with paragraph 24.E of the *Flores* agreement.

5.     There is no ongoing obligation that *Perez-Olano* Defendants provide "the notices required by Paragraphs 44-48 of the Perez-Olano Settlement[sic]," to minors in "DHS 'family detention[sic]." Paragraphs 44 – 47 pertain to the implementation of the settlement agreement, and relevant notices to be provided within 30 and 45 days of implementation. Paragraph 48, likewise, provides that within 30 days of the effective date of the agreement, Defendants were to provide certain information to any facility funded by DHS or HHS for the purpose of providing care for juveniles. The implementation of the agreement was in 2010, and these paragraphs do not provide for any continued obligation.

6.     Neither the text of paragraph 29 of the *Perez-Olano* settlement agreement nor the purpose of that agreement extend the applicability of that provision to expedited removal orders issued under 8 U.S.C. § 1225.

7.     To the extent that *Perez-Olano* Defendants are mistaken about the applicability of the *Perez-Olano* settlement agreement to any of the allegations you raise, the *Perez-Olano* settlement agreement and all of its terms expire on December 15, 2016, at which time it appears your allegations will be moot.

Accordingly, the *Flores* and *Perez-Olano* settlement agreements are wholly inapplicable to the concerns you have raised.  To the extent you wish to pursue the opportunity to meet and confer with *Perez-Olano* and *Flores* Defendants regarding your allegations, please let me know when you are available to meet, and submit your response to this correspondence in writing at least two-days in advance of such meet and confer so that Defendants have adequate time to discuss your response with our clients in advance of the meeting.

Sincerely,

Jeff Robins

Jeffrey S. Robins

Assistant Director

Office of Immigration Litigation

District Court Section

Department of Justice, Civil Division

**************************************************

This e-mail is intended only for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.

**************************************************



**Robins, Jeffrey (CIV)**                                                    Fri, Dec 16, 2016 at 5:09 PM
To: Peter Schey                                    , "Fabian, Sarah B (CIV)"                            "Ward, Brian
C. (CIV)"
Cc: Carlos Holguin                                              , Bridget Cambria
CarolAnne Donohoe                            , Alice Bussiere

21

Peter,

Thank you for your response. I am happy to reiterate the Government's responses to your questions and expand on the Government's responses to the extent necessary. However, your failure to explain your positions as requested makes scheduling a meet and confer unproductive at this time. To the extent you can explain your positions, I am available any day but Monday next week to schedule a call. Further, to the extent that you acknowledge that your allegations of noncompliance are actually claims unrelated to the *Flores* and *Perez-Olano* settlement agreements, there is no obligation to meet and confer – although I am happy to take the time to hear your views.

1.   The Government's position is that nothing in the *Flores* or *Perez-Olano* settlement agreements prevents the removal of the minors you identified in your November 22, 2016 correspondence. As we previously requested, please let us know your position why either settlement agreement entitles any of the minors you previously identified to a stay of removal so that I can discuss with the client agencies and have a more productive meeting with you.

2.   The Government is not willing to agree to stay the removal of the minors you identified in your November 22 correspondence under the terms of the *Flores* settlement agreement, and the *Perez-Olano* settlement agreement could only potentially apply to the two minors who were in removal proceedings before an Immigration Judge. However, as indicated in the Government's response, the removal of all but two of the minors you have identified is stayed pending the disposition of a petition for writ of certiorari following the Third Circuit's decision in *Castro v. U.S. Department of Homeland Security*, 16-1339 (3d Cir.). Additionally, one minor currently has a stay of removal that the Board of Immigration Appeals granted on July 7, 2016, pending the Board's review of the Immigration Judge's denial of a motion to reopen an in absentia removal order. The other minor's counsel has reached out to ICE to request that ICE join a motion to reopen, and ICE is in the process of reviewing that request. Also, you should recall that individuals may petition ICE for stays of removal by submitting Form I-246.

3.   I fail to see how your third question relates to your allegations regarding the *Flores* and *Perez-Olano* settlements. If you let me know how this question regarding jurisdiction relates to your allegations of noncompliance, I will discuss further with the agencies prior to a call with you.

Sincerely,

Jeff Robins

Jeffrey S. Robins

Assistant Director

Office of Immigration Litigation

District Court Section

██████████████

**From:** Peter Schey [mailto:███████████████████████]
**Sent:** Monday, December 12, 2016 3:17 PM
**To:** Robins, Jeffrey (CIV) ███████████████████ Fabian, Sarah B (CIV) ████████████████████
**Cc:** Carlos Holguín ████████████████████; Bridget Cambria ████████████████ ; CarolAnne Donohoe ██████████████ Alice Bussiere ████████
**Subject:** Re: Correspondence Regarding Flores and Perez-Olano Compliance

22

[Quoted text hidden]

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On January 30, 2017, I electronically filed the following document(s):

NOTICE OF FILING OF DECLARATION OF BRIDGET CAMBRIA

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/__*Peter Schey*_____
*Attorney for Plaintiffs*