CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos Holguín (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org
          pschey@centerforhumanrights.org

Holly S. Cooper
Director, Immigration Law Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

*Of counsel:*
YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379 x 3903

*Attorneys for plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores, *et al.*, | Case No. CV 85-4544-DMG (AGRx) |
| Plaintiffs, | EXHIBIT 21-ORR |
| v. | Hearing: None<br>Time:     n/a |
| Jeh Johnson, Secretary, Dept. of Homeland Security, *et al.*, | Room:    n/a |
| Defendants. | |

Dated: January 30, 2017.

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos Holguín
Peter A. Schey

HOLLY COOPER
University of California Davis School of Law

YOUTH LAW CENTER
Virginia Corrigan

/s/ Carlos Holguín

DECLARATION OF HELEN LAWRENCE

I, Helen Lawrence, declare and say as follows:

1. I submit this declaration in support of plaintiffs' opposition to stay enforcement of ¶ 24A of the *Flores* settlement. My experience and qualifications are set out in an earlier declaration I submitted in this matter. *See* Declaration of Helen Lawrence, September 2, 2016, Plaintiffs' Exhibits [ORR-Pt.3] (Dkt. #253), Exhibit 21-ORR.

2. In addition to the *Flores* class members described in my earlier declaration, I provide direct representation to Fidel Enrique Peña Flores ("Enrique"), whom I have represented since May of 2016.

3. On December 16, 2016, ORR released my client, Hector Estiven Boteo, to his mother, who was the original proposed sponsor from the start and who had been visiting Estiven every two weeks while in ORR custody in California. Her drive took a minimum of seven hours each way. At no time did ORR explain to me why Estiven's reunification took so long, nor did it ever advise me it had any concerns about his mother's fitness to act as his custodian.

4. ORR released my client Cesar Ismael Villalobos Lima to his mother on December 31, 2016, after having detained him since February 5, 2016. Cesar's mother had been requesting his custody since shortly after ORR assumed his custody. ORR released Cesar solely because the Department of Homeland Security granted him asylum, and not because ORR reunified him. At no time did ORR clearly explain to me why it had refused to release Cesar to his mother prior to his being granted asylum.

5. Edwin David Aguayo Zavalza remains detained in Yolo. He has been in ORR custody since May 8, 2015. Most of that time he has been in secure custody. He has been confined at Yolo longer than any other youth presently housed there. ORR has not disclosed to me why his release to his mother has not been approved. As far as I know, ORR has yet to decide whether Edwin should be released, or whether he should continue to be detained because he is dangerous or a flight-risk, or because it thinks his mother an unfit custodian. Insofar as his mother's fitness is concerned, I think it relevant that more than a year ago ORR released Edwin's

younger brother, who had entered the United States with Edwin, to their mother. To date, ORR has still not presented Edwin for a bond redetermination hearing in accordance with ¶ 24A of the *Flores* settlement, nor has it advised me when it will present him for a bond hearing. I have not waived a bond hearing on my client's behalf.

6. Enrique remains detained in Yolo to date. He has been in ORR custody since March 20, 2016, quickly approaching a full year. As his attorney, I have not been told why his reunification with his father is taking so long. To date, ORR has still not presented Enrique for a bond redetermination hearing in accordance with ¶ 24A of the *Flores* settlement, nor has it advised me when it will present him for a bond hearing. I have not waived a bond hearing on my client's behalf.

7. I do not believe there are any substantial impediments to ORR's complying with ¶ 24A of the *Flores* settlement. As regards transporting detained children to bond hearings, in my experience providing direct representation to these four children, ORR routinely presents children for master calendar hearings at San Francisco Immigration Court, which hears a detained juvenile docket approximately once a month. For example, ORR transported Estiven and Cesar multiple times over many months for hearings before immigration judges in San Francisco. I am advised that ORR will transport Edwin to San Francisco Immigration Court for a hearing on February 22, 2017. Enrique is scheduled to attend his first master calendar hearing there in February as well.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 30th day of January of 2017, in Oakland, California.

HELEN LAWRENCE