CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
COLIN A. KISOR
Deputy Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 532-4824
    Fax: (202) 305-7000
    Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING EXPEDITED REMOVAL AND MANDATORY DETENTION** |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.,* | |
| Defendants. | |

On January 30, 2017, the Court held a hearing regarding Plaintiffs' May 19, 2016, Motion to Enforce Settlement and Appoint a Special Monitor (ECF No. 201). Following the hearing, the Court asked the parties to brief two additional issues: (1) "whether designation of an individual to expedited removal requires mandatory detention" and (2) whether an expedited removal order is necessarily a final order of removal." (Order, ECF No. 332.) In response to the Court's inquiry, Defendants hereby inform the Court that: (1) aliens who are placed in expedited removal proceedings are subject to mandatory detention; and (2) an expedited removal order is a final order of removal.

Both topics are addressed more specifically below. However, it is worth noting at the outset that the phrase "expedited removal" may refer both to aliens in expedited removal proceedings as well as to aliens who have been issued expedited removal orders. Expedited removal proceedings are a streamlined administrative process that results in the prompt issuance of removal orders for certain individuals apprehended at or near the border. *See* 8 U.S.C. § 1225(b). If an immigration officer makes a determination that an alien is an applicant for admission, or other "designated alien," [1] and is inadmissible under either 8 U.S.C. §§ 1182(a)(6)(C) for

---

[1] Designated aliens under 8 U.S.C. § 1225(b)(1)(A), encompass any alien who has not been admitted or paroled into the United States, and cannot establish to the satisfaction of an immigration officer that he or she has been physically present in the United States continuously for a 2-year period prior to being apprehended. 8 U.S.C. §

1

having attempted entry by fraud or misrepresentation, or 1182(a)(7), for not being in possession of valid entry documents, the alien may be placed in expedited removal proceedings.[2] 8 U.S.C. § 1225(b)(1)(A)(i). If the alien does not indicate any intention to apply for asylum or any fear of persecution, or if the alien is determined not to have any credible fear of persecution, DHS "shall order the alien removed from the United States without further hearing or review." 8 U.S.C. §§ 1225(b)(1)(A)(i) and (b)(1)(B)(iii)(I).

Notably, an alien with an expedited removal order is still in expedited removal proceedings, and thus subject to mandatory detention as discussed below. But an alien who is placed in expedited removal proceedings may not yet have been issued an expedited removal order if his or her expedited removal proceeding

---

1225(b)(1)(A)(iii)(II); 8 C.F.R. § 235.3(b)(1)(ii). The Secretary may, by law, choose to apply this provision to any class of aliens within this category. Currently, this provision is applied to those aliens encountered within 100 air miles of the border and 14 days of entry, as well as all aliens arriving in the United States by sea. 69 Fed. Reg. 48877 (Aug. 11, 2004); 82 Fed. Reg. 4902 (Jan. 17, 2017).

[2] Plaintiffs are correct insofar as they assert that DHS has discretion whether to place an alien in expedited removal proceedings. *In re E-R-M & L-R-M*, 25 & N Dec. 520 (BIA 2005). In *E-R-M,* the BIA held that the expedited removal statute did not *require* DHS to place eligible aliens in expedited removal. That holding, however, does not place any affirmative limitation on DHS's ability to utilize expedited removal. Nor does it provide any basis under which this Court should find that the *Flores* Agreement could in any way inhibit the operations of 8 U.S.C. § 1225 by preventing the exercise of that discretion.

is stayed prior to the issuance of an expedited removal order, pending a credible fear determination. *See* 8 C.F.R. § 235.3(b)(4). [3]

### 1. **Aliens in Expedited Removal Proceedings Are Subject to Mandatory Detention.**

Aliens who have been placed in expedited removal proceedings are subject to mandatory detention. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) ("Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.") (emphasis added); 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum.") (emphasis added). If DHS places an individual into expedited removal proceedings, he or she is subject to mandatory detention, and may only be considered for parole under limited criteria. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. §§ 235.3(b)(2)(iii) and 235.3(b)(4)(ii) ("Parole of such alien in accordance with section 212(d)(5) of the Act may be permitted only when the Attorney General determines, in the exercise of discretion, that parole is required to meet a medical emergency or is necessary for a legitimate law

---

[3] Notably, aliens may raise a claim of fear at any time in the expedited removal process, so that a claim of credible fear may be raised even after an expedited removal order has been issued. 8 C.F.R. § 235.3(b)(4),

3

enforcement objective."). Accordingly, unless discretionary parole is authorized for the limited reasons specified in the statute and accompanying regulation, detention of individuals in all stages of expedited removal proceedings is mandatory. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1132 (9th Cir. 2013) (describing the mandatory detention requirements of 8 U.S.C. § 1225(b)).

### 2. An Expedited Removal Order Is A Final Order of Removal.

An expedited removal order, once issued, constitutes a final order of removal because no additional order or determination is required to remove the alien. However, the expedited removal statute does provide a narrow exception to immediate removal for individuals who express a fear of persecution or an intention to file for asylum. 8 U.S.C. § 1225(b)(1)(A)(ii). In the event an individual subject to expedited removal expresses a fear of return or an intention to apply for asylum, the immigration officer "shall not proceed further" until a credible fear interview is conducted by a U.S. Citizenship and Immigration Services asylum officer. 8 C.F.R. § 235.3(b)(4). Thus, only when this limited exception is invoked, the expedited removal order may not be executed until the credible fear process has completed and has resulted in a negative credible fear determination.

If the asylum officer finds that the alien has established a credible fear of persecution or torture, the expedited removal order is vacated as a matter of law, a Notice to Appear is issued, and the alien is placed in 8 U.S.C. § 1229 proceedings

4

before an immigration judge where he or she may seek asylum or other relief or protection. 8 C.F.R. § 208.30(f). Conversely, if the asylum officer does not find that credible fear is established, DHS "shall order the alien removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(I); 8 C.F.R. § 208.30(g)(1)(ii). The alien can request that an immigration judge review the negative credible fear determination. 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. §1208.30(g)(2)(i). If the immigration judge concurs with the asylum officer's negative credible fear finding, the "case shall be returned to the [Department] for removal of the alien." 8 C.F.R. § 1208.30(g)(2)(iv)(A). The immigration judge also can overturn the asylum officer's determination and find credible fear is established, in which case the expedited removal order is vacated and the alien is placed in 8 U.S.C. § 1229 proceedings. 8 C.F.R. § 1208.30(g)(2)(iv)(B). "No appeal shall lie from a review of the adverse credible fear determination made by an immigration judge." 8 C.F.R. § 1003.42(f).

     Accordingly, an expedited removal order is a final order of removal once it is issued. Although the expedited removal order may be vacated as a result of a positive finding of credible fear, the order remains an executable final order of removal unless and until it is vacated.

DATED: February 6, 2017        Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

COLIN A. KISOR
Deputy Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2017, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants