CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> - vs - <br><br> DANA J. BOENTE, ACTING ATTORNEY GENERAL, *ET AL.*, <br><br> Defendants. | Case No. CV 85-4544 DMG (AGRx) <br><br> PLAINTIFFS' MEMORANDUM RE MANDATORY DETENTION AND FINAL ORDERS OF DEPORTATION <br><br> Hearing: January 30, 2017 9:30 AM |

*Plaintiffs' counsel, continued next page:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
          kate.manning@lawfoundation.org
          kyrak@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379

1. **DEFENDANTS ARE NOT REQUIRED TO PLACE CLASS MEMBERS IN EXPEDITED REMOVAL PROCEEDINGS OR TO SUBJECT CLASS MEMBERS TO "MANDATORY DETENTION"**

The Court of Appeals didn't think much of Defendants' argument concerning the enactment of expedited removal and what Defendants call "mandatory detention" in 1996: "The government … argues that the law has changed substantially … It cites Congress' authorization of expedited removal—but that occurred in 1996, before the Settlement was approved." *Flores v. Lynch*, ___ F.2d _____ WL 3670046 at 22 (9th Cir. July 6, 2016) (citation omitted).[1]

A. <u>Defendants are not required to place class members in expedited removal</u>.

Defendants' Board of Immigration Appeals ("BIA") has agreed with Defendants that "[ICE] is *not* required to process aliens described in section 235(b)(1)(A)(i) of the Act in … expedited removal proceedings and that it has the discretion to place these aliens directly into section 240 removal proceedings." *Matter of E-R-M- & L-R-M-*, 25 I&N Dec. 520, 521 (BIA 2011).[2] The BIA agreed with DHS that "the word 'shall' in section 235(b)(1)(A)(i) of the Act is properly interpreted to mean 'may.'" *Id*. at 521.[3]

---

[1] The IIRIRA provides: "Any alien subject to the procedures under this clause [INA § 235.1] shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." INA § 235.1(b)(1)(B)(iii)(IV). INA § 212(D)(5)(A) provides: **"**The Attorney General may … parole into the United States temporarily … on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States …" 8 U.S.C. § 1182(D)(5)(A).

[2] In *Matter of E-R-M- & L-R-M-*, an Immigration Judge ("IJ") terminated the removal proceedings "concluding that arriving aliens who are inadmissible *must* be placed in expedited removal proceedings pursuant to section 235(b)(1)(A)(i) of the [INA], 8 U.S.C. § 1225(b)(1)(A)(i) (2006)." *E-R-M-* at 520 (emphasis added).  Taking the

Defendants have no basis for now arguing that when the Agreement was executed and approved by the Court, or for that matter to this day, they are *required* to place class members in expedited removal proceedings.4

B.  <u>Defendants may release class members consistent with the Agreement even if they are placed in expedited removal proceedings</u>

Despite their arguments in this case, Defendants in fact interpret INA § 235 to permit release in many circumstances.5 At bottom, Defendants admit that when

---

opposite position they take in this case, Defendants appealed from that decision, and won. *Id*. *See also* Plaintiffs' Response to Order to Show Cause [Doc. #186] at 18; Plaintiffs' Combined Reply in Support of Motion to Enforce ("Pltf.'s Combined Reply in Supp. of MTE") [Dkt. #262] at 14.

3 *See also Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013) (Circuit agrees with decision in *Matter of ER-M- & L-R-M-*, holding that reinstatement of a prior removal order is neither "automatic" nor "obligatory …"; nothing "deprives the agency of discretion to afford an alien a new plenary removal hearing" (internal quotation marks omitted). *See also* Pltf.'s Combined Reply in Supp. of MTE [Dkt. #262] at 15; Plaintiffs' Response to Order to Show Cause [Doc. #186] at n. 24.

4 *See also* Order of July 24, 2015 [Doc. #177] at 9 ("Prior to June 2014, ICE generally released children and parents upon determining that they were neither a significant flight risk nor a danger to safety."); David J. Venturella, *Memorandum re: Family Detention and Intake Guidance* (Aug. 14, 2009) [Dkt. #261-1 at 33] at 2 ("DHS has broad authority to decide whether to remove aliens through expedited removal… [D]iscretion is to be exercised broadly in charging family unit cases so that they are placed in removal proceedings pursuant to Section 240 of the INA"); U.S. Customs and Border Patrol Inspector's Field Manual, Part VI (2-10-06) available at http://www.aila.org/File/Related/11120959F.pdf ("Officers may, but need not, charge more than one ground of inadmissibility... If additional charges are lodged, the alien must be referred for a section 240 [proceedings] …"); Dec. of Carol Anne Donohoe, [Dkt # 187-6], Ex. 93, ¶17 (ICE issued Notices to Appear, rather than going through the expedited removal process for certain families detained at Berks); Dec. of Manoj Govindaiah [Dkt # 187-9], Ex. 107, ¶14 (ICE has bypassed expedited removal process and issued Notices to Appear and paroled families into the United States); Dec. of Miranda A. Guerrero [Dkt # 187-9], Ex. 108, ¶¶ 6-8, (ICE has during various periods placed families into removal proceedings through the issuance of a Notice to Appear); Dec. of Stephen W. Manning [Dkt # 187-10], Ex. 112, ¶14, (ICE has often paroled mothers in expedited removal or with reinstated removal orders and released the families on reasonable bonds); Dec. of Aseem Mehta [Dkt # 187-6], Ex. 91, ¶6 (same).

2

exercising discretion whether to release an immigrant in expedited removal proceedings, "[w]e try to review everything and take all factors into consideration." Dep. of Joshua Reid [Doc. # 287-2] Ex. 8, at 110:6-7.

The one thing Defendants do *not* consider when making release decisions of class members is the *Flores* Agreement.[6] As this Court has already noted, "[i]t may be the case that a minor's parent is in mandatory detention. In that situation, in order to effectuate the least restrictive form of detention for the child, Defendants must follow an order of preference for the minor's release … under Paragraph 14 of the Agreement." August 21, 2015 Order [Doc. # 189] at 9, n. 5, *citing* Agreement ¶ 14. If release under ¶ 14 is not possible, then ¶ 19 offers placement in a licensed non-secure facility. Defendants ignore ¶ 14, frivolously claiming they are *required* to hold class

---

[5] *See, e.g.*, 8 C.F.R. § 235.3(b)(4)(ii) (release authorized when "required to meet a medical emergency or … necessary for a legitimate law enforcement objective."); Dep. of ICE Assistant Field Office Director Joshua Reid, [Doc. # 287-2] Ex. 8, 16:1-22 (pursuant to former Secretary of DHS's "enforcement priorities," ICE may release immigrants in expedited removal in "exceptional or compelling circumstances"); *id.* 19:25-20:4 (release appropriate because of pregnancy); Dep. of Joshua Reid, Ex. 1 (filed herewith), 108:17-19 (release may be based on the fact the immigrant has relatives living in the United States); *id.* at 113:9-14 (other factors include "manner of entry, whether they are eligible for -- appear to be eligible for a form of relief; community ties, families ties, things of that nature."); Dep. of Valentin de la Garza, Ex. 2 (filed herewith), 104:2-4 and Dep. of Mario Martinez, Ex. 3 (filed herewith), 88:17-89:3 (bed space).

[6] ICE Assistant Field Office Director de la Garza testified that his officers have not received training to comply with Paragraph 14 he knows about. *Id.* at 28:19-29:6. Asked "have your agents been instructed to take any steps aimed at the release or the placement of the minors under the *Flores* Settlement," Valentin de la Garza, Assistant Field Office Director, San Antonio Field Office, responded "No, sir." Dep. of Valentin de la Garza, Ex. 7 [Doc. # 287-2], 26:8-12.

members in expedited removal/mandatory detention. Defendants have *no* available facilities they have identified to place class members under ¶ 19.

2. AN EXPEDITED REMOVAL ORDER IS NOT A "CURRENTLY … FINAL ORDER OF DEPORTATION OR EXCLUSION."

Virtually all the class members Defendants are detaining in expedited removal proceedings or their mothers have expressed a fear of persecution and are *not* under a final order of deportation or exclusion. INA § 235.1(b)(1)(A)(ii) provides: "If an … officer determines that an alien … arriving … is inadmissible … and the alien indicates … a fear of persecution, the officer *shall* refer the alien for an interview by an asylum officer under subparagraph (B)." *Id*.[7] INA § 235.3(b)(1)(B)(iii)(I) provides that only if an officer "determines that an alien does not have a credible fear of persecution, *the officer shall order the alien removed* from the United States without further hearing or review." *Id*. (emphasis added).

If ICE finally orders a class member removed based on an asylum officer's determination that the minor does not have a credible fear, the order may still not be "final." The INA provides for "prompt review by an immigration judge of a

---

[7] *See also,* INA § 235(b)(1)(A)(i) ( "[i]f an … officer determines that an alien … is inadmissible … the officer shall order the alien removed … *unless the alien indicates ... a fear of persecution*." *Id*. (emphasis added)). 8 C.F.R. § 235.3 (b)(4) provides "[i]f an alien subject to the expedited removal provisions … expresses … a fear of return to his or her country, *the inspecting officer shall not proceed further with removal of the alien* until the alien has been referred for an interview by an asylum officer …" 8 C.F.R. § 235.3 (b)(4) (emphasis added).

determination … that the alien does not have a credible fear of persecution." INA § 235.1(b)(1)(B)(iii)(III).[8]

Thus, when the Agreement was reached, the law was that the earliest ICE may issue a final order of exclusion was after a credible fear claim was denied and no appeal to an IJ was taken, or if an appeal was taken after the IJ ruled, or if a stay prevented removal after the stay was vacated.[9] This is still the law today. As this Court knows, Defendants generally followed the law and the Agreement until the summer of 2014.

However, even when a final order of removal is issued against a class member, ¶ 21A requires an *individualized* determination whether a class member is a flight risk because of the final order of exclusion: "[W]henever the District Director or Chief Patrol Agent *determines* that *the minor*" is a danger or flight risk. *Id*. (emphasis supplied).[10] The Agreement contemplates individualized assessments of the risk of flight taking into account several factors, not an across-the-board rule applied to all minors in custody to prevent their release.

---

[8] 8 C.F.R. § 235.3(b)(i) provides that when a detained immigrant expresses a fear of persecution, an ICE officer must provide the immigrant with a disclosure on Form M-444, Information About Credible Fear Interview, describing, "'[t]he right to request a review by an immigration judge of the asylum officer's credible fear determination …"

[9] Declaration of ICE Assistant Field Office Director, Joshua Reid, Ex. 28, [Doc. # 217-4] ¶¶ 18 ("But for the grant of stays of removal… the families would likely have been removed from the United States pursuant to the lawfully issued expedited removal orders.")

[10] The factors are not mandatory. Defendants "may" consider further detaining a class member if she or he is the subject of a final order of removal. *Id*. ¶ 21(d).

5

Defendants are wrong that from the moment of apprehension class members are under "final orders of exclusion" and therefore need not be considered for release under the Agreement. They are also wrong following a policy and practice that fails to assess class members individually in terms of their likelihood to abscond if released from custody pursuant to ¶ 14 or placed in a licensed home pursuant to ¶ 19.

Dated: February 6, 2017                    Respectfully Submitted,

                                                  CENTER FOR HUMAN RIGHTS &
                                                CONSTITUTIONAL LAW
                                                Peter A. Schey
                                                Carlos Holguín

                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                Elena García

                                                LA RAZA CENTRO LEGAL, INC.
                                                Michael Sorgen
                                                Amanda Alvarado Ford

                                                LAW FOUNDATION OF SILICON VALLEY -
                                                LEGAL ADVOCATES FOR CHILDREN &
                                                YOUTH
                                                Jennifer Kelleher Cloyd
                                                Katherine H. Manning
                                                Kyra Kazantzis
                                                Annette Kirkham

Of counsel:
YOUTH LAW CENTER
Virginia Corrigan

                                                /s/ __Peter Schey_____
                                                *Attorneys for Plaintiffs*

/ / /

## CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On February 6, 2017, I electronically filed the following document(s):

PLAINTIFFS' PLAINTIFFS' MEMORANDUM RE MANDATORY DETENTION AND FINAL ORDERS OF DEPORTATION

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Peter Schey*

*Attorney for Plaintiffs*