CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org


ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>          Plaintiffs,<br><br>- vs -<br><br>DANA J. BOENTE, ACTING ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>          Defendants. | Case No. CV 85-4544 DMG (AGRx)<br><br>PLAINTIFFS' EXHIBITS 1-3 TO PLAINTIFFS' MEMORANDUM re MANDATORY DETENTION AND FINAL ORDERS OF DEPORTATION<br><br>Hearing: January 30, 2017 |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
        kate.manning@lawfoundation.org
        kyrak@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379

1

2

INDEX OF EXHIBITS

3

4

1.  Deposition of Assistant Field Office Director, Enforcement and Removal Operations, ICE, Joshua Reid – Transcript Excerpts…………………...…………………………….……..1

2.  Deposition of Assistant Field Office Director, Enforcement and Removal Operations, ICE, Valentin de la Garza – Transcript Excerpts ……………………………………….………6

3.  Deposition of Chief Patrol Agent, United States Border Patrol, Laredo Sector, CBP, Mario Martinez – Transcript Excerpts ……………………………………….……………...…13

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA


_____ :
                                 :
JENNY LISETTE FLORES, et al.,:
          Plaintiffs             :   Case No. CV 85-4544
vs.                              :
                                 :
LORETTA A. LYNCH, Attorney    :
General for the United          :
States, et al.,                 :
          Defendants             :
_____:

          Taken By:    Peter Schey, Esquire

          Date:        Monday, September 12, 2016
                       1:30 p.m.

          Place:       York County Prison
                       3400 Concord Road
                       York, Pennsylvania

JOSHUA REID - 9/12/2016

Page 3

```
 1      APPEARANCES: Center for Human Rights and Constitutional Law

 2
     PETER SCHEY, ESQUIRE
 3        CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
          256 South Occidental Boulevard
 4        Los Angeles, California  90057
          pschey@centerforhumanrights.org
 5

 6             For - The Plaintiffs

 7        SARAH B. FABIAN, ESQUIRE
          Office of Immigration Litigation
 8        P.O. Box 868, Ben Franklin Station

 9        Washington, D.C.  20044

10        sarah.b.fabian@usdoj.gov

11             For - Defendants
     ALSO PRESENT:
12     Bridget Cambria, Esquire
       Jaqueline Kline, Esquire
13     Geraldine K. Richardson, Esquire

14     Ambler Napalitano, Esquire

15     Wendy L. Wallace, ICE Office Principal

16

17

18

19

20

21

22

23

24

25
```

HUTCHINGS LITIGATION SERVICES - GLOBAL LEGAL SERVICES
800.697.3210

JOSHUA REID -  9/12/2016

Page 108

```
1    necessary for legitimate law enforcement objective,
2    would their files indicate that all of these other
3    factors that you just discussed were all considered?
4    Is that what you are  now testifying to?
5            A.    I'm not saying they are filed, but
6    our response would have some of that in there.
7            Q.    Okay.  And but you said none of this
8    is in the EARM?
9            A.    Well, okay.
10           Q.    Your quote.  So where would that
11   information be?  In the A file?
12           A.    Some of the factors I brought up was
13   the manner of entry.  That would be in the EARM.  As
14   we stated previously, some factors was the length of
15   presence in the United States.  That would be in the
16   EARM.  So some of that would be.
17           Q.    And you mentioned relatives in the
18   U.S., right?
19           A.    Correct.
20           Q.    So you're saying that if a person --
21   if in the view of ICE, a person is subject to
22   mandatory detention, you may still release them
23   because they have relatives in the U.S. or because
24   of their length of residence, or all of the other
25   things you mentioned?  Because you said there was
```

4
Exhibit 1

JOSHUA REID - 9/12/2016

Page 113

```
 1                THE WITNESS:  As the A file contains the
 2      -- usually contains the complete copy of everything
 3      associated with the alien's case, yes.
 4      BY MR. SCHEY:
 5              Q.    And just tell us again very briefly
 6      the factors.  Go ahead just bullet point the
 7      factors?
 8                MS. FABIAN:  Object to form.
 9                THE WITNESS:  As I stated, the law is a
10      main factor.  INA.  If they're mandatory.  But some
11      of the other factors are manner of entry, whether
12      they are eligible for -- appear to be eligible for a
13      form of relief; community ties, families ties,
14      things of that nature.
15      BY MR. SCHEY:
16              Q.    And how many -- if somebody who's
17      subject to mandatory detention in the view of the
18      government, if that person seeks release, is that
19      something a supervisor can authorize, or would that
20      kind of case have to come to you for approval?
21                MS. FABIAN:  Object to the form.
22                THE WITNESS:  It would go through me.
23      It's not necessarily me that would make the
24      decision.
25      BY MR. SCHEY:
```

5
Exhibit 1

# Exhibit 2

Case 2:85-cv-04544-DMG-AGR   Document 337-1   Filed 02/06/17   Page 10 of 21   Page ID #:11179

Deposition of Valentin De La Garza                         Jenny Lisette Flores, et al vs. Loretta E. Lynch, et al

```
 1              UNITED STATES DISTRICT COURT
                CENTRAL DIVISION OF CALIFORNIA,
 2                    WESTERN DIVISION

 3   JENNY LISETTE FLORES, et   '
     al.,                       '
 4                              '
          PLAINTIFFS,           '
 5                              '
     VS.                        '  CIVIL ACTION NO.
 6                              '  CV 85-4554 DMG (AGRx)
     LORETTA E. LYNCH,          '
 7   ATTORNEY GENERAL OF THE    '
     UNITED STATES, et al.,     '
 8                              '
          DEFENDANTS.           '
 9   * * * * * * * * * * * * * * * * * * * * * * * * *

10              ORAL AND TELEPHONIC DEPOSITION OF

11                 VALENTIN DE LA GARZA

12                   SEPTEMBER 9, 2016

13

14   * * * * * * * * * * * * * * * * * * * * * * * * *

15              ORAL AND TELEPHONIC DEPOSITION OF

16                 VALENTIN DE LA GARZA,

17   produced as a witness at the instance of the Plaintiff,

18   was taken in the above-styled and numbered cause on the

19   9th day of September, 2016, from 9:16 a.m. to 1:14 p.m.,

20   before Jessica Butts, CSR, in and for the State of Texas,

21   reported by machine shorthand, at The United States

22   Attorney's Office, 601 North West 1604 Loop, Suite 600,

23   San Antonio, Texas 78216, pursuant to the Federal Rules

24   and the provisions stated on the record or attached

25   hereto.
```

```
 1                    A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4        MR. PETER SCHEY
          THE CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
 5        256 South Occidental Boulevard,
          Los Angeles, California 90057
 6        Telephone:    (213) 388-8693
          Fax:          (213) 386-9484
 7        E-mail: pschey@centerforhumanrights.org
          (Present by telephone)
 8

 9        MR. MANOJ GOVINDAIAH
          THE REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND
10        LEGAL SERVICES
          5121 Crestway Drive, Suite 105,
11        San Antonio, Texas 78239
          Telephone:    (210) 226-7722
12        Fax:          (210) 212-4856
          E-mail: manoj.govindaiah@raicestexas.org
13

14   FOR THE DEFENDANTS:

15        MS. SARAH B. FABIAN
          THE U.S. DEPARTMENT OF JUSTICE
16        CIVIL DIVISION
          TRIAL ATTORNEY
17        P.O. Box 868
          Ben Franklin Station
18        Washington, D.C. 20044
          Telephone:    (202) 532-4824
19        Fax:          (202) 616-8962
          E-mail: sarah.b.fabian@usdoj.gov
20

21        MR. GARY L. ANDERSON
          THE U.S. DEPARTMENT OF JUSTICE
22        UNITED STATES ATTORNEY'S OFFICE
          ASSISTANT UNITED STATES ATTORNEY
23        601 North West Loop 410, Suite 600
          San Antonio, Texas 78216
24        Telephone:    (210) 384-7365
          Fax:          (210) 384-7312
25        E-mail: gary.anderson@usdoj.gov
```

```
 1                  (APPEARANCES CONTINUED)

 2


 3           MR. NATHAN L. HERBERT
             THE U.S. DEPARTMENT OF HOMELAND SECURITY
 4           U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
             DEPUTY CHIEF COUNSEL, OFFICE OF THE CHIEF COUNSEL
 5           300 El Ranchero Way
             Dilley, Texas 78017
 6           Telephone:     (830) 378-6626
             E-mail: nathan.l.herbert@ice.dhs.gov
 7


 8           MR. JUSTIN F. ADAMS
             THE U.S. DEPARTMENT OF HOMELAND SECURITY
 9           U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
             DEPUTY CHIEF COUNSEL, OFFICE OF THE CHIEF COUNSEL,
10           OFFICE OF THE PRINCIPAL LEGAL ADVISOR
             8940 Fourwinds Drive
11           San Antonio, Texas 78239
             Telephone:     (210) 967-7237
12           Fax:           (210) 967-7118
             E-mail: justin.f.adams@ice.dhs.gov
13


14           MR. THOMAS F. ZIMMERMAN
             THE U.S. DEPARTMENT OF HOMELAND SECURITY
15           U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
             DISTRICT COURT LITIGATION DIVISION
16           ASSOCIATE LEGAL ADVISOR
             500 12th Street, South West
17           Washington, D.C. 20256
             Telephone:     (202) 732-5993
18           E-mail: thomas.f.zimmerman@ice.dhs.gov

19


20


21    ALSO PRESENT:

22           MS. JESSICA BUTTS,
             TEXAS CERTIFIED SHORTHAND REPORTER
23


24


25
```

Exhibit 2

1      MR. SCHEY:  Can the court reporter -- court

2  reporter please just read the deponent's response to my

3  question?

4      THE REPORTER:  You wanted the previous response?

5      MR. SCHEY:  Yeah.  Just tell me his response.

6      THE REPORTER:  ANSWER:  "No, sir.  I'm not aware

7  of any.  Haven't encountered anything like that in my

8  facility."

9      MR. SCHEY:  Okay.  Thank you.

10  Q.   (By Mr. Schey)  Have your officers, or agents,

11  received any training, and if so, by who and when,

12  regarding implementation of paragraph 14 of the settlement

13  if the Asylum officer rejects the -- the fear claim?

14      MS. FABIAN:  Object to form.

15      THE WITNESS:  Again, I'm not sure what 14 is

16  referring to -- paragraph 14 refers to.  I know you just

17  said it, but I don't remember the -- I'm not sure I can

18  answer that question accurately.

19  Q.   (By Mr. Schey)  Okay.  Paragraph 14 basically

20  states that where the ICE determines or where the -- where

21  ICE determines that the detention of a minor is not

22  required to secure a minor's primary appearance before the

23  agency or the immigration court, or to -- it's for the

24  minor's safety or the safety of others, the ICE shall

25  release a minor from its custody without unnecessary delay

1    in a certain order of preference, starting with the

2    parents and then going to a legal guardian, then going to

3    other adult relatives, et cetera.  So that's basically

4    paragraph 14.

5            And my question was, To your knowledge, have the

6    ICE agents received any training while you have been in

7    charge, and if so, when, and who provided that training

8    regarding implementation of paragraph 14 if and when

9    U.S. CIS rejects a credible fear claim?

10           MS. FABIAN:  I'm going to object to form and

11   foundation, as far as the characterization of paragraph

12   14.

13       Q.   (By Mr. Schey)  You may answer the question.

14       A.   I mean, if your -- your interpretation of the

15   paragraph 14, or your -- your statement of paragraph 14,

16   I'm going to say "no."

17       Q.   And have -- Have you yourself re -- received any

18   direction or training on how to implement paragraph 14 if

19   U.S. CIS denies a fear claim, and if so, who provided you

20   that direction or training?

21           MS. FABIAN:  I'm going to object to form and

22   foundation.

23           THE WITNESS:  It came from my field officer, and

24   it was just -- just the direction of what to -- that we

25   were supposed to be taking.

```
 1              THE WITNESS:  We are provided what's available by

 2    the contractor, and then we provide it to the -- or

 3    through a -- through my field office who, in turn, talks

 4    to the Border Patrol and lets them know what's available.

 5        Q.   (By Mr. Schey)  And what are the categories of

 6    units that are available?

 7        A.   Sir -- I don't know that by memory, sir.

 8        Q.   Well, just approximately.  Best that -- the best

 9    that you can recall.

10              MS. FABIAN:  Object to form.

11              THE WITNESS:  Like I said, sir, it -- it's all

12    dependent on the child's ages and then their sexes.

13        Q.   (By Mr. Schey)  Okay.  So they're divided by age

14    and -- and sex, and how many options are there,

15    approximately?

16        A.   Depending on what the population --

17        Q.   I don't --

18        A.   -- is that we have in custody and then what's

19    available with those categories.

20        Q.   Right, but I'm -- Right.  But you're saying it

21    depends on the age and sex.

22        A.   Correct.

23        Q.   So are there, like, two different units that are

24    divided, or is it three, or is it four, or is it a

25    hundred?  Just approximately.
```

# Exhibit 3

1

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JENNY LISETTE FLORES,        )
et al.,                      )
                             )
                             )
            Plaintiffs,      )
VS.                          ) Case No. CV 85-4544 DMG
                             )
                             )
LORETTA E. LYNCH,            )
Attorney General of the      )
United States, et al.,       )
                             )
                             )
            Defendants.      )
--------------------------x

     ORAL DEPOSITION OF CHIEF MARIO MARTINEZ, produced

as a witness at the instance of the Plaintiff, and duly

sworn, was taken in the above-styled and numbered cause

on the 22nd day of September, 2016, from 9:00 a.m. to

11:30 a.m., via telephone, before MARIA GALLEGOS, CSR in

and for the State of Texas, reported by machine

shorthand, at the Laredo Sector Headquarters, 207 West

Del Mar Blvd., Laredo, Texas 78041, pursuant to the

Federal Rules of Civil Procedure and the provisions

stated on the record or attached hereto.


Job No. 46491

2

1                      A P P E A R A N C E S

2

      FOR THE PLAINTIFF, JENNY LISETTE FLORES:
3

4           CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
            256 South Occidental Boulevard
5           Los Angeles, California 90057
            BY:  Peter A. Schey, Esq. (Via telephone)
6                pschey@centerforhumanrights.org

7

8     FOR THE DEFENDANTS LORETTA E. LYNCH, Attorney General of
      the United States, et al.:
9
            DISTRICT COURT SECTION
10          OFFICE OF IMMIGRATION LITIGATION
            P.O. Box 868, Ben Franklin Station
11          Washington, D.C. 20044
            BY:  Sarah B. Fabian, Esq., Senior Litigation Counsel
12               sarah.b.fabian@usdoj.gov

13

      FOR THE CUSTOMS AND BORDER PROTECTION:
14
            CUSTOMS AND BORDER PROTECTION
15          Office of Chief Counsel
            109 Shiloh Drive, Ste. 300
16          Laredo, Texas 78045
            BY:  Jesus Ybarra, Esq.
17               jesus.ybarra@cbp.dhs.gov

18

19

20

21

22

23

24

25

88

1    accept the voluntary return, they would be set up for

2    deportation proceedings and formal deportation

3    proceedings within --

4        Q.   Okay.  But you would not keep them detained

5    for the several weeks or months that it would take to

6    get that, right?  You would release them on OR or some

7    reasonable bond pending those removal proceedings?

8        A.   That's correct, sir.  We have only temporary

9    facilities in the border patrol.  We do not -- we're not

10   in the long term custody business.  So that's why I

11   continue to say that as soon as we can possibly move

12   these folks to the proper facilities, we will do so.

13   And so that would be the case in that -- and in your

14   scenario that you paint, that there is no facility

15   available for that process, then we would have to

16   NTA/OR.

17       Q.   And at the present time, if ICE for some

18   reason does not have bed space for the configuration of

19   the family that you have in custody, does ICE advise you

20   of that and would you then NTA and OR that family?

21       A.   So in our case in Laredo ICRO would do the OR.

22   They would release the family, not us.

23       Q.   All right.

24       A.   So we move them to them whether they're going

25   to Karnes or Dilley or whether they're going to stay

89

1   here.  And if they make that custody determination here

2   to OR them, then they would OR them or they would

3   release them from...

4       Q.   Now, in paragraph 62 of your declaration you

5   discuss welfare checks and you indicate that certain

6   information is noted in the e3DM.  And just so I

7   understand you would -- well, one of your agents would

8   record in the e3DM.  And you've listed, checked sanitary

9   situation, water, no pests, things -- toilets are

10  functioning.  Is there anything else that would be

11  reported in the e3DM as part of that welfare check?

12              MS. FABIAN:  Object to form.

13      A.   Well, anything that the -- that the agent

14  found to be noteworthy would be reported.  I mean, I

15  can't think of anything off the top of my head other

16  than what's required or requested there in the e3 drop

17  down menu for them.

18      Q.   (By Mr. Schey)  And in that drop down menu is

19  there one option for the agent to sort of put in

20  whatever she or he wants to put in or were they just

21  check choices?

22      A.   I'm not familiar if there's a particular area

23  for him to write anything.

24      Q.   Okay.

25      A.   But during welfare checks they -- they report

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On February 6, 2017 I electronically filed the following document(s):

- PLAINTIFFS' EXHIBITS 1-3 TO PLAINTIFFS' MEMORANDUM RE MANDATORY DETENTION AND FINAL ORDERS OF DEPORTATION

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/___Peter Schey_____
*Attorney for Plaintiffs*

iv