JOYCE R. BRANDA
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel,
C. FREDERICK SHEFFIELD
Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 532-4737
Fax:  (202) 305-7000
Email:  carlton.f.sheffield@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DANA J. BOENTE, Acting Attorney General of the United States; *et al.*,<br><br>    Defendants. | Case No. CV 85-4544-DMG<br><br>**Defendants' Unopposed Application for Leave to File Evidence Under Seal in Accordance the Court's February 3, 2017 Order**<br><br>[Hon. Dolly M. Gee] |

1

## I.      Introduction

In accordance with this Court's February 3, 2017 Order, *see* ECF. No. 335, Defendants seek authority from this Court to file certain previously redacted Exhibits under seal in their unredacted form.  The Exhibits Defendants wish to file under seal are as follows:

- o   Unredacted version of Defendants' Exhibit 4 (Declaration of Todd Hoffman, and Attachment A), previously filed as ECF No. 209-1;

- o   Unredacted version of Defendants' Exhibit 16 (First Declaration of David W. Strange, and Attachments A-R), previously filed as ECF No. 214-1;

- o   Unredacted version of Defendants' Exhibit 41 (Second Declaration of David W. Strange, and Attachments AA-DD), previously filed as ECF No. 298-12;

- o   Unredacted versions of Defendants' Exhibits 32 through 40 (deposition excerpts), previously filed as ECF No. 298.

## II.     Compelling Reasons Support Sealing Defendants' Evidence

The Ninth Circuit recognizes a common law presumption in favor of public access to court records.  *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesszer*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Notwithstanding the above, the presumption of public access to judicial documents is not absolute and can be overridden.  *Foltz*, 331 F.3d at 1135.  A party seeking to seal a judicial record bears the burden of overcoming this presumption by meeting the "compelling reasons" standard.  *Id*.  In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have

become a vehicle for improper purposes," such as the use of records in a divorce case, business information that may harm a litigant's competitive standing, information infringing on privacy rights of individuals, and information used to promote public scandal, circulate libelous statements, or release trade secrets, to name a few. *See, e.g. Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

Compelling reasons exist for Defendants to file the Exhibits listed above under seal. The attachments to these Exhibits reveal the identities of many individuals who were encountered or detained by United States Customs and Border Protection. The privacy rights of these individuals thus outweighs the public's interest in disclosure and thus presents "compelling reasons" for sealing this evidence. *Foltz*, 331 F.3d at 1135. In addition, Defendants ask the Court to permit the filing under seal of information contained in these documents that is law enforcement sensitive, and whose release would negatively impact the law enforcement mission of CBP. *See* 5 U.S.C. § 552(b)(7)(E); *Lewis–Bey v. U.S. Dep't of Justice*, 595 F. Supp. 2d 120, 137-38 (D.D.C. 2009) (noting that that law enforcement materials may properly be subject to protection "where disclosure reasonably could lead to circumvention of laws or regulations").

Given that redacted versions of the foregoing exhibits were previously filed with the Court, this application is not accompanied by additional copies of the redacted versions. *See* L.R. 79-5.2.2(a)(iv).

Plaintiffs' counsel, Peter Schey, indicated via email on January 6, 2017, that Plaintiffs agree the foregoing evidence should be filed under seal

**IV.    Conclusion**

For the foregoing reasons, Defendants respectfully requests that the Court issue an order authorizing Defendants to file unredacted versions of Defendants' Exhibits 4, 16, and 30 through 41 under seal.

Respectfully submitted on February 7, 2017.

JOYCE R. BRANDA
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation

By: /s/ *C. Frederick Sheffield*
C. FREDERICK SHEFFIELD
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4737
Fax: (202) 616-4885
Carlton.f.sheffield@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2017, I served the foregoing pleading on all

counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *C. Frederick Sheffield*
C. FREDERICK SHEFFIELD
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4737
Fax: (202) 616-4885
Carlton.f.sheffield@usdoj.gov