CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org


ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | ) Case No. CV 85-4544 DMG (AGRx) |
| Plaintiffs, | ) |
| - vs - | ) EXHIBIT A - MOTION FOR ATTORNEYS' |
| | ) FEES AND COSTS UNDER THE EQUAL |
| | ) ACCESS TO JUSTICE ACT AND EXHIBITS |
| JEH JOHNSON, SECRETARY, U.S. | ) IN SUPPORT OF MOTION [PART 1 OF 2] |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| *et al.*, | ) Hearing: None scheduled |
| Defendants. | ) |

*Plaintiffs' counsel, continued on next page:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Kyra Kazantzis (Cal. Bar No. 154612)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:    (408) 288-8850
Email: jenniferk@lawfoundation.org
         kate.manning@lawfoundation.org
         kyrak@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379

No. 15-56434

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JENNY LISETTE FLORES, et al.
Plaintiffs-Appellees,

v.

LORETTA E. LYNCH, Attorney General of the United States, et al.
Defendants-Appellants.

ON APPEAL FROM A FINAL JUDGMENT OF
THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
D.C. No. 2:85-cv-04544-DMG-AGR

MOTION FOR FEES AND COSTS UNDER THE
EQUAL ACCESS TO JUSTICE ACT

PETER A. SCHEY
CARLOS R. HOLGUIN
CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
256 S. Occidental Blvd.
Los Angeles, CA. 90057
Tel: (213) 388-8693
Fax: (213) 386-9484
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

ELENA GARCIA
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
777 South Figueroa Street, # 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
Email: egarcia@orrick.com

*Attorneys for Plaintiffs-Appellees*

*Attorneys for Plaintiffs-Appellees continued:*

MICHAEL S. SORGEN
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

JENNIFER KELLEHER CLOYD
KATHERINE H. MANNING
KYRA KAZANTZIS
ANNETTE KIRKHAM
THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:  (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
        kate.manning@lawfoundation.org
        kyrak@lawfoundation.org
        annettek@lawfoundation.org

*Attorneys for Plaintiffs-Appellees*


*Of counsel for Plaintiffs-Appellees*

ALICE BUSSIERE
VIRGINIA CORRIGAN
YOUTH LAW CENTER
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379
Email: abussiere@ylc.org
        vcorrigan@ylc.org

/ / /

2

Plaintiffs/Appellees hereby move the Court for an Order awarding them attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for prosecution of their February 2, 2015, motion to enforce the *Flores* Agreement [Doc. # 100][1] and the appeal before this Court which resulted in a decision in favor of Plaintiffs/Appellants entered July 6, 2016. Ninth Cir. Docket # 63.

As set forth in the accompanying memorandum in support of this motion, Plaintiffs allege they are prevailing parties, defendants' position in this litigation was not substantially justified, and no special circumstances make an award of fees unjust.

Dated: November 2, 2016

Respectfully submitted,

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena García

LA RAZA CENTRO LEGAL, INC.
Michael Sorgen
Maria Victoria Castro
Amanda Alvarado Ford

---

[1] Unless otherwise noted, citations to the docket are to the District Court's docket.

Law Foundation of Silicon
Valley - Legal Advocates for
Children & Youth
Jennifer Kelleher Cloyd
Katherine H. Manning
Kyra Kazantzis
Annette Kirkham

Of counsel:
Youth Law Center
Alice Bussiere
Virginia Corrigan

/s/__*Peter Schey*_____
*Attorneys for Plaintiffs/Appellees*

/ / /

# TABLE OF CONTENTS

I. Introduction ........................................................................................... 1

II. Plaintiffs are eligible for an award of EAJA attorney's fees............................. 2

  A. Plaintiffs are "prevailing" parties. ................................................... 3

  B. Plaintiffs' net worth is far below the EAJA's $2,000,000.00 ceiling............. 5

III. Defendants' position was without substantial justification and no special circumstances make an award of fees unjust. ......................................... 6

IV. Plaintiffs' lodestar fee calculation. ................................................. 13

  A. Inflation-adjusted EAJA hourly rate. ............................................ 14

  B. Hours. ...................................................................................... 15

  C. Lodestar computation. ............................................................... 16

V. Special factors warrant a fee award above the inflation-adjusted statutory rate........................................................................................ 16

VI. Plaintiffs should be awarded costs. .............................................. 21

VII. Conclusion ...................................................................................... 22

  CERTIFICATE OF SERVICE........................................................... 24

## TABLE OF AUTHORITIES

**Cases**

*Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224 (9th Cir. 1989) ................... 14

*Bank of West v. Superior Court*, 2 Cal. 4th 1254 (1998) ......................................... 8

*Bay Area Peace Navy v. United States*, 914 F.2d 1224 (9th Cir. 1990) ................... 9

*Blum v. Stenson*, 465 U.S. 886, (1984) .................................................................. 21

*Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.,* 532 U.S. 598 (2000) ..................................................................................... 4

*Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001) .............................................................. 3

*Bunikyte, ex rel. Bunikiene v. Chertoff*, No. A-07-CA-164-SS, 2007 WL 1074070, at *3 (W.D. Tex. Apr. 9, 2007) ........................................................................... 9

*Cobell v. Norton*, 407 F. Supp. 2d 140 (D. D.C. 2005) ........................................... 5

*Fang v. Gonzales*, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (Unpub. Disp.) ..................................................................................................... 17

*Flores v. Lynch*, No. CV 85-04544 DMG, 2015 WL 9115880 (C.D. Cal. August 21, 2015) ............................................................................................................... 3

*Gutierrez v. Barnhart*, 274 F.3d 1255 (9th Cir. 2001) ............................................ 6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................ 14

*Hoang Ha v. Schweiker*, 707 F.2d 1104 (9th Cir. 1983) ......................................... 6

*Ibrahimin v. US Dep't Homeland Security*, 2016 WL 4527560, *4-6 (9th Cir. Aug. 30, 2016) ................................................................................................. 6

*In re Mgndichian*, 312 F. Supp. 2d 1250 (C.D. Cal. 2003) ................................... 3, 7

*Kali v. Bowen*, 854 F.2d 329 (9th Cir. 1988) ........................................................... 6

*Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007).............................................................. 8

*Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991) .................................................... 5, 17

*Meier v. Colvin*, 727 F.3d 867 (9th Cir. 2013) ........................................................ 6

*Miller v. French*, 530 U.S. 327 (2000) .................................................................. 10

*Muhur v. Ashcroft*, 382 F.3d 653 (7th Cir. 2004) .................................................. 17

*Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009)............................................... 17

*Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929 (C.D. Cal. 2010) ................. 18

*Perez-Arellano v. Smith*, 279 F.3d 791 (9th Cir. 2002) ........................................... 4

*Pierce v. Underwood*, 487 U.S. 552 (1988) ............................................................. 6

*Pierce v. Underwood*, 487 U.S. 552 (1988) ........................................................... 17

*Prandine v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978) .................................... 16

*Ramon-Sepulveda v. INS*, 863 F.2d 1458 (9th Cir. 1988) ...................................... 15

*Rufo v. Inmates of Suffolk Cnty. Jail*, 522 U.S. 367 (1992).................................. 11

*Ruiz ex rel. E.R. v. U.S.*, No. 13-CV-1241 (KAM)(SMG), 2014 WL4662241, at *7 (E.D.N.Y. September 18, 2014) ........................................................................... 9

*Sorenson v. Mink,* 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) ................................. 14

*Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) ....................................... 15

*Sorenson v. Mink, supra*, 239 F.3d at 1145 ............................................................ 14

*Stanford Dailey v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974) ................................ 16

*Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005)................................. 17

*Thompson v. Enomoto*, 915 F.2d 1383, 1388 (9th Cir. 1990) ................................. 8

*United States v. 22249 Dolorosa St.*, 190 F.3d 977 (9th Cir. 1999)....................... 6

**Statutes**

28 U.S.C. § 1920............................................................................................... 21

28 U.S.C. § 2412(a), (d)(1)(A) .......................................................................... 21

28 U.S.C. § 2412(d)................................................................................... 1, 2, 3, 7

28 U.S.C. § 2412(d)(1)(A)............................................................................ 2, 13, 21

28 U.S.C. § 2412(d)(2)(A) (1994) ...................................................................... 14

28 U.S.C. § 2412(d)(2)(B)(i)................................................................................ 5

28 U.S.C. 2412(d)(1)(A)....................................................................................... 6

28 U.S.C. § 2412(a) ............................................................................................ 21

Pub. L. No. 96-481, 94 Stat. 2325 ....................................................................... 2

**Other Authorities**

H.R. Report No. 96-1418, 96th Cong., 2d Sess. at 11 (1980), *reprinted in* 1980

   U.S. Code Cong. & Admin. News 4989-90 ....................................................... 7

Trafficking Victim Protection Reauthorization Act of 2008 (TVPRA) ................ 11

Pub. L. No. 96-481, 94 Stat. 2325……………………………………………….1

H.R. Report No. 96-1418, 96th Cong., 2d Sess. at 11 (1980), *reprinted in* 1980

   U.S. Code Cong. & Admin. News 4989-90 ........................................................ 6

/ / /

PLAINTIFFS'/APPELLEES' MEMORANDUM IN SUPPORT OF MOTION FOR FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

I.     Introduction

Plaintiffs/Appellees ("Plaintiffs") move the Court for an Order awarding them attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for prosecution of their February 2, 2015, motion to enforce the *Flores* Agreement. [Doc. # 100] and appeal before this Court.[2]

Plaintiffs allege (1) they are prevailing parties; (2) defendants' position in this litigation was not substantially justified; and (3) no special circumstances make an award of fees unjust.

Plaintiffs' claims and the District Court's and this Court's disposition thereof are explained in detail in the lower courts' orders granting relief [Doc. ## 177 and 189] and this Court's decision affirming the lower court's Orders in all significant respects. [9th Cir. Docket # 63].

Pursuant to the Equal Access to Justice Act, Plaintiffs now seek attorney's fees for work performed before the District Court and this Court, and for costs incurred in the prosecution of this action in the District Court.

---

[2] In the event this Court determines that the District Court should adjudicate this fees motion in the first instance, the matter may be remanded to the lower court for that purpose.

The EAJA allows litigants to recover fees and costs in actions certain against the United States, thus encouraging the vindication of rights by persons who would otherwise be deterred from challenging governmental action because of the expense of litigation. Pub. L. No. 96-481, 94 Stat. 2325. In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As will be seen, Plaintiffs satisfy all requirements for an award of EAJA fees and costs; the Court should accordingly grant the instant motion and award fees and costs as herein requested.

II.     Plaintiffs are eligible for an award of EAJA attorney's fees.

Pursuant to 28 U.S.C. § 2412(d), applicants for an award of EAJA attorney's fees must show they are "eligible" parties: that is, (i) that they prevailed on their claims; and (ii) have income under the EAJA's limit.

Thereafter, the burden shifts to the Government to prove that its position before and during the litigation was substantially justified or that special

2

circumstances make an award of attorney's fees unjust. *See generally In re Mgndichian*, 312 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003); 28 U.S.C. § 2412(d) ("A party seeking an award of fees ... shall also allege that the position of the United States was not substantially justified.").

### A. Plaintiffs are "prevailing" parties.

The first requirement for EAJA fees is that the requesting party prevailed in the underlying litigation. Under *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 604-05 (2001), to prove prevailing party status, an EAJA petitioner must establish (1) a "material alteration of the legal relationship of the parties," and (2) a "judicial imprimatur on the change." The Petitioner class is the prevailing party in this litigation. *Id.*

This Court's July 2016 Opinion affirmed two holdings made by the District Court in *Flores v. Lynch*, No. CV 85-4544 DMG (C.D. Cal. July 24, 2015) ("July 2015 Order") and *Flores v. Lynch*, No. CV 85-04544 DMG, 2015 WL 9115880 (C.D. Cal. August 21, 2015) ("August 2015 Order").

The District Court's first holding required that the Government treat accompanied minors apprehended immigrating to the United States consistent with its obligations under the parties' Settlement Agreement. This Court agreed with the District Court that "[t]he plain language of the Agreement clearly encompasses accompanied minors" consistent with the Settlement agreement's text, structure,

policy scope, provisions specifying instructions on how to manage situations

involving unaccompanied minors (as opposed to "minors" more generally), and

explicit exceptions to the definition of the minor class.

The District Court's decisions also denied the Government's precautionary

motion to modify the Agreement to exclude accompanied minors.  This Court

affirmed this Court's denial of the Government's motion to modify the Agreement

pursuant to Rule 60(b)(5).

Because the Plaintiff class obtained the relief sought in all substantial

respects and further review of that relief is no longer possible, the Plaintiff class is

the prevailing party in this litigation.

A party prevails under the EAJA when it has been granted "some relief by a

court." *Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and

Human Res.,* 532 U.S. 598, 603 (2000).[3] In *Buckhannon* the Court made clear that

a party's obtaining an enforceable, court-approved settlement satisfies this test. 532

U.S. at 604.

Here, the District Court Orders and this Court's decision affirming in all

substantial respects those Orders establish Plaintiffs' status as prevailing parties for

EAJA purposes. The District Court's Orders grant relief to class members and

---

[3] Although *Buckhannon* involved other fee-shifting statutes and not the EAJA, the
Ninth Circuit has held that the requirements of a prevailing party announced in that
decision are applicable to EAJA awards as well. *Perez-Arellano v. Smith*, 279 F.3d
791, 793 (9th Cir. 2002).

Defendants have adjusted their policies and practices in response to the Court's Orders.

### B. Plaintiffs' net worth is far below the EAJA's $2,000,000.00 ceiling.

28 U.S.C. § 2412(d)(2)(B)(i) defines a "party" eligible to receive attorney's fees as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed..."

Here, it is all but self-evident that plaintiff class members meet this requirement: all are undocumented immigrant or refugee children who in Defendants' custody in family detention centers. Declaration of Peter A. Schey, Exhibit 1. Such class members are indigent. *Id*. There is no substantial dispute that these class members have far less than the maximum net worth the EAJA prescribes. *See, e.g., Cobell v. Norton*, 407 F. Supp. 2d 140, 148-49 (D. D.C. 2005) ("affidavits signed by the class representatives, attesting to the fact that their net worth fell within EAJA statutory guidelines at the time the litigation was initiated ... amply satisfy the requirements of the statute for the entire class.").

In sum, plaintiffs have both prevailed and meet the EAJA's financial standard for a fee award. Therefore, "an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).

III.   Defendants' position was without substantial justification and no special
       circumstances make an award of fees unjust.

       The second and third requirements for an award of EAFA fees are that the

Government's position was not "substantially justified" and no "special

circumstances make a fee award unjust." 28 U.S.C. § 2412(d)(1)(A).

       The Government has the burden of proof with respect to both matters.

*United States v. 22249 Dolorosa St.*, 190 F.3d 977, 982 (9th Cir. 1999); *Hoang Ha

v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir. 1983). Following an applicant's

allegation, "[t]he burden of establishing 'that the position of the United States was

substantially justified,' . . . must be shouldered by the Government." *Scarborough

v. Principi*, 541 U.S. 401, 414 (2004).[4]

---

[4] "To show substantial justification for [its] position, the [government] has the
burden of establishing that the conduct had a 'reasonable basis both in law *and*
fact.'" *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (*quoting Pierce v.
Underwood*, 487 U.S. 552, 565 (1988)) (emphasis added). In evaluating the
Government's showing, courts consider its conduct both prior to and during
litigation. *Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir. 1989); *Gutierrez v.
Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) ("Thus we 'must focus on two
questions: first, whether the government was substantially justified in taking its
original action; and, second, whether the government was substantially justified in
defending the validity of the action in court.'"). The "position of the United States"
includes both the underlying agency action that gave rise to the civil action as well
as the Government's litigation position. *Meier v. Colvin*, 727 F.3d 867, 870 (9th
Cir. 2013). Either of these aspects, standing alone, "could be sufficiently
unreasonable . . . to render the entire Government position not 'substantially
justified' …" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007)
While the legitimacy of the Government's position may not be determined per
each of its argument on any single issue, *Ibrahimin v. US Dep't Homeland
Security*, 2016 WL 4527560, *4-6 (9th Cir. Aug. 30, 2016) that determination may

6

Plaintiffs have alleged Defendants' position was without substantantial justification and that no special circumstances make a fee award unjust. At this juncture, they accordingly satisfy the "substantial justification" and "special circumstances" prongs of the test. *In re Mgndichian*, 312 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003) (prevailing party need only "alleg[e] that the government's position was not substantially justified and that no special circumstances exist that make an award unjust."); *see also* 28 U.S.C. § 2412(d) ("A party seeking an award of fees ... shall also allege that the position of the United States was not substantially justified.").

Nevertheless, it is clear in this case that the Government's pre-litigation and litigation position that accompanied children were not class members lacked substantial justification.

First, Defendants ignored the requirements of the Agreement to meet and confer before changing their practices under the Agreement. They also failed to

---

be made on the basis of any particular, discrete stage of the litigation, including the Government's appeal. *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013) (Recognizing that "the government's litigation position," defending an administrative law judge's errors on appeal, "lacked the requisite justification.").The legislative history of the EAJA makes clear that the District Court may consider whether the court was able to resolve the case on the pleadings alone and whether the Government had lost other cases on the same or similar issues. *See* H.R. Report No. 96-1418, 96th Cong., 2d Sess. at 11 (1980), *reprinted in* 1980 U.S. Code Cong. & Admin. News 4989-90.

seek modification of the Settlement *before* beginning to treat accompanied children as if they were not class members.

Second, the act of unlawfully detaining accompanied minors was inconsistent with the Government's previous practice of releasing minors pursuant to the Agreement without regard to their accompanied or unaccompanied status. July 2015 Order at *9 ("It is uncontroverted that, prior to June 2014, ICE generally released children and parents upon determining that they were neither a significant flight risk nor a danger to safety.")

Third, the argument made to the courts in support of its primary position required the adoption of a doctrinal rule opposite of that expressed by California contract law.

It is well established that federal courts interpret a consent decree according to the contract law of the forum state. *Thompson v. Enomoto*, 915 F.2d 1383, 1388 (9th Cir. 1990). California contract law recognizes that the plain language of a legally enforceable agreement's terms control its construction, unless such language is vague or ambiguous. *Bank of West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1998). The plain meaning of the term "minor" extends to all those under the age of 18, and thus the Government's position found no support in basic contract interpretation principles. *See Li v. Keisler*, 505 F.3d 913, 921 (9th Cir. 2007) (the

existence of clearly established law related to the Government's position prevents a finding of substantial justification).

Other courts had already drawn that conclusion when interpreting the Agreement to apply to *all* minors, including accompanied children. *Bunikyte, ex rel. Bunikiene v. Chertoff*, No. A-07-CA-164-SS, 2007 WL 1074070, at *3 (W.D. Tex. Apr. 9, 2007) ("[T]he *Flores* Settlement, by its terms, applies to all 'minors in the custody of ICE and DHS, *not just unaccompanied minors*") (emphasis added); *Ruiz ex rel. E.R. v. U.S.*, No. 13-CV-1241 (KAM)(SMG), 2014 WL4662241, at *7 (E.D.N.Y. September 18, 2014) ("[B]y its terms [the Settlement Agreement] applies to 'any person under the age of eighteen (18) years who is detained in the legal custody of the INS.'"). Because there existed meaningful precedent deciding the question at the heart of the Government's primary position, the Government lacked substantial justification first to implement its detention practices, second to proffer that position to the District Court, and third to rehash that position on appeal. *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1231 (9th Cir. 1990).

Fourth, the arguments made on appeal in support of the Government's primary position came after the District Court had clearly and methodically already rejected them. August 2015 Order at *7 ("Defendants reiterate a number of arguments they raised in earlier briefing—which this Court rejected—including on

the central issue of whether the consent decree applies to accompanied children");

July 2016 Opinion at *14, *22-23 ("The government nevertheless argues that

certain terms of the Settlement show that it was never meant to cover accompanied

minors. . . . The government first argues that the Settlement should be modified

because of the surge in family units . . . The government also argues that the law

has changed substantially . . . The government also argues that some provisions of

the TVPRA . . . are inconsistent with the Settlement.").

Both the Government's pre-litigation conduct and its litigation position

before the District Court and the Court of Appeals that the Agreement only

protected unaccompanied minors "lacked the requisite justification." *Meier*, 727

F.3d at 873.

The Government's fallback position seeking modification of the Agreement

was similarly unjustified for several reasons.

An equitable modification of a consent decree under Rule 60(b)(5) is proper

in only limited circumstances. *Rufo v. Inmates of Suffolk Cnty. Jail*, 522 U.S. 367,

383 (1992). Such circumstances are largely limited to instances where either a

change in law makes compliance with both the consent decree and new law

"impermissible," *Miller v. French*, 530 U.S. 327, 347-48 (2000), or a change in

fact, unanticipated at the time of agreement, makes complying with the consent

decree unduly burdensome. *Rufo v. Inmates of Suffolk Cnty. Jail*, 522 U.S. 367, 385 (1992).

Here, the Government *unilaterally* modified its policy as if the Court had granted a motion to modify the Agreement long before Defendants bothered to seek modification allowing them to treat accompanied children as if they were not class members and therefore were entitled to none of the Agreement's protections.

The Government offered the magnitude of a temporary 2014 "influx" as the supposed change in fact justifying its change in policy and belated proposed modification. What matters for purpose of receiving an equitable modification of the Agreement is whether the Government anticipated influxes when agreeing to the Agreement's terms—not whether its anticipated specifications later proved accurate. Because the Government obviously anticipated an influx before adopting the Agreement, its occurrence could not be a reasonable basis for its modification. The Government also proffered three changes to federal immigration laws to justify its proposed modification. The first two include the adoption of the Homeland Security Act, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002), and the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Pub. L. No. 110-457, 122 Stat. 5044 (2008). This Court and the Court of Appeals made clear that these changes in no way made the Government's compliance with the Agreement impermissible or impossible. The third is the Illegal Immigration

11

Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996). This law was passed before the Agreement was executed by all parties and became legally enforceable.

As the District Court pointed out, the HSA included a savings clause for agreements completed by an affected agency prior to the HSA's adoption in 2002. July 2015 Order at *21. Because the Government consented to the Settlement Agreement six years before the HSA was adopted, its obligations under that agreement were not affected. This conclusion is further supported by the District Court's finding that the Government had performed its obligations to accompanied minors during the thirteen years following the HSA's passage. July 2015 Order at *21. With respect to the TVPRA, as the District Court pointed out, the Agreement controls the release of minors as opposed to affecting the grounds for removal, at which the TVPRA is directed. July 2015 Order at *22.

The IRRIRA was passed into law *before* the Settlement Agreement became legally enforceable. July 2016 Opinion at *22. How the Government explains the relationship between IIRIRA's adoption and the Agreement shows that it lacked a reasonable basis to seek the modification. The Government did not claim that the change in law occurred after it adopted the Agreement. Rather, the Government ties IIRIRA's adoption to the time the Agreement was being *drafted*. Appellant 9th Cir. Opening Br. At 68 ("the Agreement *when drafted* did not foresee the need

12

to detain families . . . pursuant to IIRIRA, which created expedited removal") (emphasis added). Because Congress passed the IIRIRA before the Agreement was executed by all parties and later approved by the District Court, there was *no* change upon which the Government could reasonably base its proposed modification seventeen years later.

As this Court points out, the Government's position lacks substantial justification because its proposed modifications to the Agreement—excluding an entire class of minors of all protections offered by the Agreement—could not be reasonably described as "suitably-tailored," a point that this Court also acknowledged. July 2016 Opinion at 22 ("[W]e cannot fathom how a 'suitably tailored' response to the change in circumstances would be exempt an entire category of migrants from the Settlement, as opposed to, say relaxing certain requirements applicable to all migrants.").

Finally, no special circumstances exist that would make the mandatory award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). The Agreement's plain language requires that the Government's obligations under the Agreement apply to all minors and that no change in law or fact justified equitable modification under Rule 60(b)(5).

IV.    Plaintiffs' lodestar fee calculation.

An EAJA fee award "lodestar" figure is calculated by multiplying the number of hours reasonably expended on the litigation by the inflation-adjusted EAJA hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[5]

## A. Inflation-adjusted EAJA hourly rate.

The EAJA  provides that for work performed after March 29, 1996, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (1994).[6]

A cost of living increase in the base EAJA rate is granted in all but unusual circumstances. *Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir. 1989). "To withhold an inflation adjustment without reason would undermine the purpose of EAJA to remove the financial disincentive to challenge wrongful government action." *Id*.

The cost-of-living adjustment is calculated  by multiplying the $125 hourly statutory rate by the consumer price index for urban consumers (CPI-U) for the

_____

[5] *Hensley* addresses the definition of a "prevailing party" under 42 U.S.C. 1988; its holding, however, is applicable to EAJA fee awards as well. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001).

[6] On March 29, 1996, the EAJA was amended to increase the maximum fee to $125 per hour, plus any "cost of living" and "special factor" adjustments. The $125 per hour cap applies to cases commenced on or after March 29, 1996. *See generally*, *Sorenson v. Mink, supra*, 239 F.3d at 1145. Since this action commenced in 2005, the apposite statutory base rate is $125 hourly.

year in which the services were performed, and by then dividing the product by the CPI-U for the month in which the statutory hourly rate was set (March 1996). *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463 (9th Cir. 1988).

The consumer price index has increased significantly since March 1996, when according to the U.S. Department of Labor, Bureau of Labor Statistics, it stood at 155.7.

The year-by-year inflation adjusted rates during the years plaintiffs worked on this case may be calculated as follows:[7]

| Year | CPI-U | Multiplier | Adj. rate |
|------|-------|------------|-----------|
| 2014 | 236.7 | 152% | $190.06 |
| 2015 | 237.0 | 152% | $190.28 |
| 2016 | 239.5 | 153% | $191.70 |

**B.     Hours.**

The itemized time records filed concurrently herewith reflect the time class and co-counsel devoted to prosecuting this action. Declaration of Peter A. Schey, Exhibit 3; Declaration of Carlos R. Holguin, Exhibit 5; Declaration of Marchela Iahdjian, Exhibit 5; Declaration of Chapman Noam, Exhibit 6; Declaration of Alice

---

[7] *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039

15

Bussiere, Exhibit 7; Declaration of Virginia Corrigan, Exhibit 8; Declaration of Richard Pearl, Exhibit 9; Declaration of Elena Garcia Exhibit 10; Declaration of Kate Manning Exhibit 11; Declaration of Kyra Kazantzis, Exhibit 12; Declaration of Abigail Trillin, Exhibit 13; Declaration of Katie Annand, Exhibit 14.[8]

From these totals, plaintiffs have endeavored to deduct hours that were poorly documented, excessive, the result of overstaffing, or unrelated to prosecution of this action. *Id.*

### C. Lodestar computation.

The calculations yielding the EAJA lodestar figure (hours by year x inflation-adjusted EAJA rate) appears in Exhibit 2, and reflects a total of $386,349 in attorney's fees at the statutory rate.

However, as will be seen next, the Court should award Plaintiffs fees at hourly rates above the inflation-adjusted EAJA rate.

### V. Special factors warrant a fee award above the inflation-adjusted statutory rate.

The EAJA authorizes the award of attorney's fees at enhanced, or market, hourly rates upon a showing of "limited availability of qualified attorneys for the proceedings involved," or where plaintiffs' counsel possess "distinctive knowledge" and "specialized skill" that was "needful to the litigation in question"

---

[8] Plaintiffs have included hours spent preparing the instant EAJA motion, which are also compensable. *See Prandine v. National Tea Co.*, 585 F.2d 47, 54 (3d Cir. 1978); *Stanford Dailey v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974).

16

and "not available elsewhere at the statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005); *Love v. Reilly*, 924 F.2d 1492, 1498 (9th Cir. 1991); *see also Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("Examples . . . would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.").

In *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009), the Ninth Circuit recognized that attorneys may demonstrate "distinctive knowledge and specialized skill in immigration law and, in particular … litigation involving the rights of detained immigrants." *See also Fang v. Gonzales*, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (Unpub. Disp.) ("Counsel Smith's specialized skills and distinctive 'knowledge of . . . particular, esoteric nooks and crannies of immigration law,' as established by the affidavit and a review of the case file, enabled her to address effectively in the briefs and at oral argument the application of two complicated state and federal statutory schemes and to succeed in obtaining relief from removal for Fang," *quoting Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004)).

The Ninth Circuit awarded a $500 hourly rate for the prevailing party's most experienced attorney, and rates between $300 and $335 per hour for less experienced attorneys. The Ninth Circuit awarded this rate because few lawyers had the expertise in immigration detention issues the case required. 569 F.3d at

17

912-15. This litigation was, if anything, much broader in scope and significance and of greater complexity than *Nadarajah*.

In *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929 (C.D. Cal. 2010), the Government moved to dissolve an injunction mandating that immigration authorities use specific procedures when detaining, processing and removing Salvadoran immigrants. The court largely denied the motion, and the plaintiffs sought an award of attorney's fees under the EAJA at enhanced hourly rates on the grounds that opposing the Government's motion to dissolve required specialized knowledge of immigration law and procedure. *Id*. at 959-60.

The court approved an award of attorney's fees at enhanced hourly rates. In addition to requiring special knowledge of immigration law and procedure, the court held, among the prevailing parties' counsel were attorneys with specialized knowledge of the proceedings that had led to the entry of the challenged injunction, *id*. at 960, and specialized skills, such as proficiency in Spanish, that were necessary to defend the injunction. *Id*. The court approved an award of attorney's fees at an enhanced rate of $625-675 for the prevailing parties' senior counsel. *Id*. at 964.

Plaintiffs' class counsel Holguin and Schey have knowledge and highly specialized skill in immigration law, and in particular, the rights of immigrant and refugee children. *See* Exhibits 1 and 2. As reflected in their declarations, class

18

counsel in this case are among the leading attorneys in the nation litigating cases involving the rights of immigrants and refugees. They have successfully litigated multiple statewide and nationwide class actions cases involving the rights of immigrant youth for over 35 years. *Id*. This work was highlighted in the recent article entitled *Meet the father of the landmark lawsuit that secured basic rights for immigrant minors* published by the American Bar Association Journal. Lorelei Laird, *Meet the father of the landmark lawsuit that secured basic rights for immigrant minors,* February 1, 2016, at

http://www.abajournal.com/magazine/article/meet_the_father_of_the_landmark_la wsuit_that_secured_basic_rights_for_immig.

Here, prosecuting Plaintiffs' action required specialized expertise in immigration law, the *Flores* Agreement and application of California contract law to the interpretation of federal consent decrees as these distinct areas of the law affect a discrete and otherwise defenseless subclass: immigrant and refugee youth in federal detention facilities. Distinctive knowledge of the *Flores* Agreement, the meaning of its terms under federal immigration laws, and the Government's policies and practices in implementing the Agreement, as well as the ability to converse in Spanish, were necessary to the successful resolution of this litigation. *See* Declaration of Peter Schey, Exhibit 1 at ¶ 6 ("Co-counsel Holguin is fluent in English and Spanish. I am able to converse with class members and their mothers

19

in Spanish. The majority of class members in the litigation the CHRCL conducts, including *Flores*, are monolingual Spanish-speakers, and the ability to communicate with these class members in their native language is invaluable.").

Further, few, if any, other lawyers in the country could or would have brought a complex federal class action motion on behalf of a class of indigent, non-English-speaking detained minors, many detained in remote locations, at the inflation-adjusted EAJA rate. Market rates for lawyers with skills and experience comparable to plaintiffs' class counsel are in the range of $750-$900 hourly.

Co-counsel Alice Bussiere is entitled to an enhanced rate in light of her expertise in child welfare, including licensing standards and nationally recognized standards for the detention and release of children in government custody, which was necessary in negotiation discussions and responses to the government's arguments. *See* Declaration of Richard Pearl, Exhibit 9.

Co-counsel Kate Manning is also entitled to an enhanced rate in light of the expertise in child welfare law that she contributed to the motion and its prosecution. *See* Declaraton of Peter Schey, Exhibit 1, ¶ 12; see also Declaration of Kyra Kazantzis, Exhibit 12; Declaration of Abigail Trillin, Exhibit 13; Declaration of Katie Annand, Exhibit 14.

The factors discussed above warrant the Court's awarding attorney's fees at enhanced rates for class counsel and co-counsel Bussiere and Manning "'in line

with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Nadarajah v. Holder*, *supra*, 569 F.3d at 916, *quoting Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984).

Plaintiffs accordingly seek fees at enhanced rates for several of their counsel as reflected in the following table:

| Attorney | Hrs. | Hourly Rate | Totals |
|---|---|---|---|
| Peter Schey | 656 | 875 | 574,000 |
| Carlos Holguin | 433 | 725 | 313,686 |
| Kate Manning | 209.2 | 543 | 113,596 |
| Alice Bussiere | 65.2 | 800 | 52,160 |

See Exhibit 2 (fee calcs).

VI.    Plaintiffs should be awarded costs.

The EAJA provides for the award of costs as enumerated in 28 U.S.C. § 1920 and for "fees and other expenses." 28 U.S.C. § 2412(a), (d)(1)(A). "[F]ees and other expenses includes the reasonable cost of any study, analysis, engineering report, test, or project which is found the court to be necessary for the preparation of the party's case, ..." 28 U.S.C. § 2412(d)(2)(A).

Plaintiffs accordingly request an Order granting Plaintiffs their reasonable costs and related expenses as follows:

21

Center for Human Rights and Constitutional Law
(Ex. C attached to Exhibit 3)                                $7,175

Law Foundation of Silicon Valley -
Legal Advocates for Children & Youth
(Ex. B attached to Exhibit 12)                              $2,995

Other counsel are waiving their costs.

VII     Conclusion

For the foregoing reasons, the Court should grant Plaintiffs attorneys' fees

and costs as requested herein.

Dated: November 2, 2016                          Respectfully submitted,

                                                 CENTER FOR HUMAN RIGHTS &
                                                 CONSTITUTIONAL LAW
                                                 Peter A. Schey
                                                 Carlos Holguín

                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 Elena García

                                                 LA RAZA CENTRO LEGAL, INC.
                                                 Michael Sorgen
                                                 Maria Victoria Castro
                                                 Amanda Alvarado Ford

                                                 LAW FOUNDATION OF SILICON
                                                 VALLEY - LEGAL ADVOCATES FOR
                                                 CHILDREN & YOUTH
                                                 Jennifer Kelleher Cloyd
                                                 Katherine H. Manning
                                                 Kyra Kazantzis
                                                 Annette Kirkham

Of counsel:

YOUTH LAW CENTER
Alice Bussiere
Virginia Corrigan

/s/__Peter Schey_____
*Attorneys for Plaintiffs/Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2016, I electronically filed the foregoing

MOTION FOR FEES AND COSTS UNDER THE
EQUAL ACCESS TO JUSTICE ACT

with the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit by using the appellate CM/ECF system. I certify that all participants in

the case are registered CM/ECF users and that service will be accomplished by

the appellate CM/ECF system.

By: /s/
_____

Peter Schey
*Attorney for Plaintiffs-Appellees*

No. 15-56434

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JENNY LISETTE FLORES, et al.
Plaintiffs-Appellees,

v.

LORETTA E. LYNCH, Attorney General of the United States, et al.
Defendants-Appellants.

ON APPEAL FROM A FINAL JUDGMENT OF
THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
D.C. No. 2:85-cv-04544-DMG-AGR

EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT VOLUME 1

PETER A. SCHEY
CARLOS R. HOLGUIN
CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
256 S. Occidental Blvd.
Los Angeles, CA. 90057
Tel: (213) 388-8693
Fax: (213) 386-9484
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs-Appellees*

ELENA GARCIA
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
777 South Figueroa Street, # 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
Email: egarcia@orrick.com

i

*Attorneys for Plaintiffs-Appellees continued:*

MICHAEL S. SORGEN
LA RAZA CENTRO LEGAL, INC.
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

JENNIFER KELLEHER CLOYD
KATHERINE H. MANNING
KYRA KAZANTZIS
ANNETTE KIRKHAM
THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:    (408) 288-8850
Email: jenniferk@lawfoundation.org
          kate.manning@lawfoundation.org
          kyrak@lawfoundation.org
          annettek@lawfoundation.org

*Attorneys for Plaintiffs-Appellees*


*Of counsel for Plaintiffs-Appellees*

ALICE BUSSIERE
VIRGINIA CORRIGAN
YOUTH LAW CENTER
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379
Email: abussiere@ylc.org
          vcorrigan@ylc.org

*/ / /*

ii

# INDEX OF EXHIBITS

## VOLUME ONE

1. Ninth Circuit Form 9: Application for Attorney's Fees……………………………1

2. EAJA Fee Calculation Spreadsheet………………………………...………3

3. Declaration of Peter Schey………………………………………………5

4. Declaration of Carlos Holguin……………………………………………44

5. Declaration of Marchela Iahdjian…………………………………………54

6. Declaration of Chapman Noam………………………………………....63

7. Declaration of Alice Bussiere……………………………………………71

8. Declaration of Virginia Corrigan…………………………………………85

## VOLUME TWO

9. Declaration of Richard Pearl……………………………………………...91

10. Declaration of Elena Garcia……………………………...………………179

11. Declaration of Kate Manning……………………….……………………189

12. Declaration of Kyra Kazantzis…………………………………………196

13. Declaration of Abigail Trillin……………………………………………212

14. Declaration of Katie Annand……………………………………………225

Exhibit 1

Office of the Clerk
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
P.O. Box 193939
San Francisco, California 94119-3939

Molly C. Dwyer
Clerk of Court

(415) 355-8000

## Form 9: APPLICATION FOR ATTORNEYS FEES
## Under Ninth Circuit Rule 39-1.6

9th Cir. No. | 15-56434 | Case Name: | Jenny Lisette Flores et al | v. | Loretta E. Lynch et al

| DESCRIPTION OF SERVICES | HOURS |
|---|---|
| Interviews & Conferences | 697.66 |
| Obtaining & Reviewing Records | 337.86 |
| Legal Research | 199.18 |
| Preparing Briefs | 520.9 |
| Preparing for & Attending Oral Argument | 82.09 |
| Other (specify below): | 191.52 |

Responding to emails, travel, reviewing settlement docs., etc

TOTAL Hours Claimed | 2029.21

**TOTAL COMPENSATION REQUESTED:** $ | 1,180,141.91

Signature | s/ Peter Schey | Date | 11/2/16

A request for an award of attorneys fees must be supported by a memorandum showing that the party seeking fees is legally entitled to them and must be accompanied by Form 9 or a document that contains substantially the same information, along with:

(1) a detailed itemization of the tasks performed each date and the amount of time spent by each lawyer and paralegal on each task;
(2) a summary for each lawyer and paralegal of the total hours spent in the categories set forth above;
(3) a showing that the hourly rates claimed are the prevailing rates in the relevant market; and
(4) an affidavit attesting to the accuracy of the information submitted.

Exhibit 2

| | 2014 hours | 2014 Fees at stat rate (190.06) | 2015 hours | 2015 Fees at stat rate (190.28) | 2016 hours | 2016 Fees at stat rate (191.70) | Total stat fees | Total fees enhanced rates certain counsel |
|---|---|---|---|---|---|---|---|---|
| **Center forxxx** | | | | | | | | |
| Peter Schey ($875/hr) | 46.75 | $8,885.31 | 372.45 | $70,869.79 | 236.8 | $45,394.56 | $125,149.65 | $574,000.00 |
| Carlos Holguin ($725/hour) | 254.59 | $48,387.38 | 171.69 | $32,669.17 | 6.39 | $1,224.96 | $82,281.51 | $313,685.75 |
| Marchela Iahdjian | 0 | $0.00 | 109.8 | $20,892.74 | 0 | $0.00 | $20,892.74 | $21,002.54 |
| Chapman Noam | 0 | $0.00 | 5.5 | $1,046.54 | 54.33 | $10,415.06 | $11,461.60 | $11,521.43 |
| **Orrick etc** | | | | | | | | |
| ElenaGarcia | 58.26 | $11,072.90 | 104.56 | $19,895.68 | 54.52 | $10,451.48 | $41,420.06 | $41,579.14 |
| William Molinski | 0.2 | $38.01 | 9.7 | $1,845.72 | 0 | $0.00 | $1,883.73 | $1,893.43 |
| T. Wayne Harman | 13.3 | $2,527.80 | 137.6 | $26,182.53 | 0.7 | $134.19 | $28,844.52 | $28,982.82 |
| **Foundation etc.** | | | | | | | | |
| Kate Manning ($543/hour) | 35.1 | $6,671.11 | 170.1 | $32,366.63 | 4 | $766.80 | $39,804.53 | $113,595.60 |
| **Youth Law Center** | | | | | | | | |
| Alice Bussiere ($800/hour) | 5.1 | $969.31 | 54.6 | $10,389.29 | 5.5 | $1,054.35 | $12,412.94 | $52,160.00 |
| Virginia Corrigan | 5.6 | $1,064.34 | 45.5 | $8,657.74 | 65.08 | $12,475.84 | $22,197.91 | $22,308.49 |
| Totals | | | | | | | $386,349.20 | $1,180,729.20 |

Exhibit 3

## Declaration of Peter Schey

I, Peter Schey, declare and say as follows:

1. I am one of the attorneys representing plaintiffs in this action. I am employed by, and serve as President of the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm that provides free legal representation to indigent immigrants and refugees. I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

2. I was admitted to practice before the Supreme Court of the State of California in December 1973. I have since then been admitted to practice in the United States District Court for the Central District of California, the United States District Court for the Eastern District of California, the United States District Court for the Southern District of California, the United States District Court for the Northern District of California, the United States Circuit Court of Appeals for the Ninth Circuit and the United States Supreme Court.

3. Since 1974 my practice has focused on complex litigation, advocacy and technical support in furtherance of the rights of vulnerable communities, in particular immigrants and refugees. As regards legal support services, the California Legal Services Trust Fund has funded CHRCL since 1982 to provide technical support and training to qualified legal services programs and attorneys serving pro

bono publico in the areas of immigration law, constitutional law, and impact litigation. In my capacity as CHRCL's President, I regularly provide technical support, advocacy support and training to legal aid and pro bono lawyers on immigration law, constitutional law, and complex litigation.

4. In the area of litigation, I have served as lead or co-counsel in numerous major class actions on behalf of immigrants and refugees, including *Plyler v. Doe*, 457 U.S. 202 (1982), a state-wide class action that established the right of children to a public elementary education regardless of their immigration status; *Reno v. Flores*, 507 U.S. 292 (1993), which resulted in a nationwide settlement fixing standards for the housing and release of children arrested pending deportation proceedings; *Perez-Olano v. Gonzalez*, 248 F.R.D. 248 (C.D. Cal. 2008), which resulted in a nationwide settlement expanding eligibility for special immigrant status, an immigration benefit for abused, abandoned and neglected children; *We Are America v. Maricopa County*, 297 F.R.D. 373 (D. Ariz. 2013), a state-wide class injunction against prosecuting migrants for conspiring to transport themselves; *Orantes-Hernandez v. Smith*, 541 F.Supp. 351 (C.D. Cal. 1982), a national class action on behalf of Salvadoran nationals blocked from applying for political asylum; *League of United Latin American Citizens v. Wilson*, 908 F. Supp. 755 (C.D. Cal. 1995), a state-wide class action that overturned a state proposition that would have denied health care, social services and education to suspected undocumented

2

7

immigrants; *Catholic Social Services v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (en banc), a national class action that restored the right of some 500,000 class members to apply for legalization under the Immigration Reform and Control Act of 1986; *Lopez v. INS*, Cv. No. 78-1912-WB(xJ), nation-wide settlement impacting requiring persons arrested by the INS to be provided written advisal of their legal rights, including the right to apply for political asylum and a period of time to consult with attorneys before post-arrest interrogation and deportation; *Munoz v. Bell*, Cv. No. 77-3765-WG (C.D. Cal. 1978), federal case resulting in court-approved nation-wide settlement requiring Immigration Judges to advise all persons in deportation proceedings of free legal services available to indigent immigrants.

5. My market rate based on my years in practice, experience and rate when working on private cases is $900/hour. My resume is attached as Exhibit B.

6. Co-counsel Holguin is fluent in English and Spanish. I am able to converse with class members and their mothers in Spanish. The majority of class members in the litigation the CHRCL conducts, including *Flores*, are monolingual Spanish-speakers, and the ability to communicate with these class members in their native language is invaluable.

7. The successful prosecution of the instant motion and appeal required an unusual combination of skills, knowledge and experience. Since 1985 CHRCL

General Counsel Carlos Holguin and I have devoted a substantial part of our practice to working with immigrant and refugee minors; I believe that the insight we have developed with this population through, for example, our work in litigating, negotiating and monitoring the settlement in Flores v. Lynch, was invaluable to the success of this litigation.

8. I have attached records of time spent on the *Flores* motion to enforce [District Court Docket #100] and appeal of the District Court Orders. Exhibit A to this declaration sets forth an itemization of this time. My activities sometimes comprise of several related tasks. For example, when shepardizing a case I normally review cases identified and then often further shepardize those cases and review other significant sources relied upon by decisions including statutes, regulations, legislative history, etc.

9. I routinely exercise billing judgment by not seeking reimbursement for multiple tasks including for example routine brief discussions about the litigation with co-class counsel Carlos Holguin, other co-counsel, consultants and advocates representing class members in their individual cases, brief email traffic with co-counsel, consultants and counsel representing class members, review of media reports regarding the challenged policies or practices, etc.

10. The total time I believe compensable for my work on plaintiffs' motion to enforce the *Flores* settlement, and tasks related thereto, including opposing

defendants' motion to modify the settlement, Dkt. No. 120, is 656 hours, as reflected in the attached itemization.

11. At my direction, administrative staff of the CHRCL have reviewed the program's costs relating to prosecution of the motion to enforce and appeal. Including telephone, postage, copying, and related litigation expenses. However, Plaintiffs' class counsel are only seeking reimbursement of costs relating to travel and certain overnight delivery charges in the amount of $7174.51. A report of these costs is attached as Exhibit C.

12. Plaintiffs' class counsel requested that the Katherine Manning of the Law Foundation of Silicon Valley join prosecution of the motion to enforce as co-counsel in this case due to her experience and expertise serving dependent and at risk youth in the state of California. Ms. Manning has over ten years of experience advocating for the interests of dependent children in court-appointed cases, as well as experience representing children who have been through Customs and Border Protection stations and ICE family detention centers.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2016, at Los Angeles, California.


_____

Peter Schey

5

Schey Declaration

Exhibit A

| Peter Schey Flores Time Records | | | |
|---|---|---|---|
| Date | Hours | Mins | Task |
| 7/9/14 | 3 | 40 | Emails, telecons. Research re surge and Govt response |
| 7/17/14 | 1 | 10 | Review news reports re Govt response to surge, review list servs etc re advocates observations/reports |
| 7/17/14 | 1 | 30 | Conf call co-counsek re surge & aettlement complaince |
| 7/22/14 | 0 | 50 | Conf calls re compliance |
| 7/25/14 | 0 | 30 | Call Womens Commission re surge/compliance |
| 7/29/14 | 1 | 10 | Call AILA re surge/compliance, update research of listserves/media re Govt response to surge |
| 8/13/14 | | 15 | Conf with Carlos Holguin re site visits re complaince |
| 8/16/14 | 0 | 20 | Telecon ACLU re Flores violations, deterrence justification for detention |
| 8/22/14 | | 45 | Review notes/telecon CH re site visit infor gathered re complaince |
| 8/26/14 | 1 | 45 | Review settlement and current info on compliance, outreach potential co-counsel, review avail reports re history of compliance |
| 9/3/14 | 1 | 10 | Telecons, emails, research re surge & settlement compliance Texas pro bono grps |
| 9/17/14 | 2 | 30 | Review reports re non-compliance; conf with CH re visit to Artesia; upate research published reports re detention of class members w/ mothers |
| 9/22/14 | 1 | 40 | Telecon CH re site visit and claims in compliance motion |
| 9/23/14 | 2 | 15 | research and review and edit Flores six month questions |
| 9/27/14 | 2 | 5 | Research re deterrence, surges under settlement, detention compliance |
| 9/30/14 | | 20 | Conf CH re meet & confer letter, review, telecon AILA re same |
| 10/2/14 | | 10 | Reviewed email to Defendants Re Implementation of Flores Settlement |
| 10/5/14 | 4 | 20 | Review/research re meet and confer letter, emails re compliance, telecons RAICES/CARA re attorney observations of det policies |
| 10/15/14 | | 45 | Review Meet and Confer Request |
| 10/21/14 | | 15 | Conf CH re emails to advocates re compliancemotion |
| 10/30/14 | 1 | | Prep/confs re Meet and Confer with Opp Counse; post-M&C conf w/ co-counsel re samel |
| 11/6/14 | 2 | 20 | Telecon co-counsel; review email to advocates re status and potential motion |

| Date | | | Description |
|---|---|---|---|
| 11/13/14 | 2 | 15 | Review, research re outline of compliance claims; preliminary research re standards, evidentiary issues |
| 11/19/14 | 2 | 20 | Research/review draft motion to enforce |
| 11/25/14 | 1 | 0 | Email overview of case, claims, likelihood of success, etc. to Law Foundation re joining as pro bono co-counsel |
| 12/1/14 | | 15 | Reviewed email re: attorney declarations and Flores litigation |
| 12/1/14 | 4 | 45 | Research & review draft motion re compliance |
| 12/4/14 | | 15 | Telecon RAICES re non-compliance; policy of detention; high bonds; no Flores processing of accompaniedminors |
| 12/9/14 | | 20 | Telecon Am. Gateways re non-compliance, deterrence policy, non-release of accom cl members |
| 12/12/14 | 1 | | Conf Call w/ co-counsel re Flores enforcement |
| 12/15/14 | | 15 | Telecon Am Immig Council re pro bono reports re detention of accom class members/motion to enf. |
| 12/19/14 | 1 | 30 | Prep for & Conference Call with Elena, Virginia, Michael, Rojena, CH |
| 12/26/14 | | 50 | Conf call with co-counsel re draft mo enforce |
| 12/27/14 | 1 | | Research & email outlining edits to Flores MTE |
| 12/30/14 | | 15 | Revie & conf reCHI email to Defendants re: site visits |
| 1/5/15 | | 15 | Review & emails re site visits to interview class members/mothers |
| 1/6/15 | | 45 | Draft email soliciting consultant/ review/conf re cl member decs |
| 1/10/15 | 2 | 30 | Review/respond draft exhibits, experts, info from site visits |
| 1/12/15 | | 15 | Review/respond draft Motion to Enforce & exhibits |
| 1/16/15 | | 50 | Review/confs re drafts of MTE no release policy |
| 1/17/15 | | 10 | Reviewed Co-counsel comments on MTE draft |
| 1/19/15 | | 30 | Reviewed Co-Counsel edits to draft |
| 1/20/15 | 1 | | Email to Defendants arranging a meet and confer |
| 1/20/15 | | 30 | Drafted email re filing under seal |
| 1/21/15 | | 50 | Meet and Confer Conference Call with Opposing counsel |
| 1/21/15 | | 30 | Drafted email re Karnes documents |
| 1/22/15 | | 30 | Reviewed motion edits by Co-Counsel |
| 1/25/15 | | 15 | Drafted email re current draft of MTE |
| 1/27/15 | 2 | 30 | Review/confs/edit draft MTE & co-counsel comments |
| 1/28/15 | 1 | 0 | Conf call with co-counsel |
| 2/2/15 | | 10 | Reviewed Notice of Motion and Motion to Enforce |
| 2/2/15 | 1 | | Reviewed Memorandum in Support of Motion to Enforce |
| 2/5/15 | 1 | 10 | Telecons/confs/review proposed Order re MTE |
| 2/6/15 | | 15 | Reviewed Initial Standing Order |

| Date | | Time | Description |
|---|---|---|---|
| 2/6/15 | | 5 | Reviewed Civil Minutes Re Sumission of Sealed Documents |
| 2/9/15 | | 30 | Conference Call re Flores Proposed Order |
| 2/9/15 | 1 | | Telecon with Call w/ Jessica Jones re legislation |
| 2/9/15 | | 10 | Reviewed Stipulated Application to File Declarations Under Seal |
| 2/9/15 | | 10 | Reviewed Proposed Order Granting Leave to File Under Seal |
| 2/9/15 | 1 | 40 | Mtg with CH re litigation strategy/case management |
| 2/13/15 | | 30 | Telecon CARA/AILA re pending motion, evidence, etc. |
| 2/13/15 | | 5 | Reviewed Declaration of Sarah Fabian, proposed order contin hrg, proposed order enforcing settlement |
| 2/19/15 | | 15 | Review& conf CH re Order Continuing Hearing; review/conf re draft letter re prep-discovery |
| 2/27/15 | | 45 | Reviewed D's Protective Notice of Motion to Modify Settlement Agreement |
| 2/27/15 | | 40 | Review Declaratiosn of Tae Johnso, Oaks, Antkowiak |
| 2/27/15 | | 5 | Reviewed Proposed Order Modifying Settlement |
| 2/27/15 | | 45 | Reviewed D's Response in Opposition to P's Motion to Enforce |
| 2/27/15 | | 10 | Reviewed USBP Unaccompanied and Accompanied Aliem Children Apprehensions Average Hours in Custody FY2014, Memo to all Chief Patrol Agents from USBP Chief |
| 3/2/15 | 3 | 30 | Review Defs Opp Mo enforce, Mo Modify, Conf w/ CH; Conf to coordinate w/ Co-counsel |
| 3/4/15 | 8 | 10 | Draft Opp to Motion to Modify - Section III A |
| 3/5/15 | | 40 | Review Co-Counsel email re: TVPRA and Flores; research re same |
| 3/5/15 | 7 | 20 | Research & draft Opp to Motion to Modify - Section III B, C |
| 3/6/15 | 8 | 0 | Research & Draft Opp to Motion to Modify - Section III D and Conclusion |
| 3/8/15 | | 30 | Email re draft reply to Defendants Opposition to MTE |
| 3/9/15 | 4 | 30 | Review exhibits and res re P's Objections to Defendant's Evidence |
| 3/9/15 | | 30 | Review emails/research objections to Defendants' evidence |
| 3/12/15 | | 25 | Review Co-Counsel edits to reply to opposition |
| 3/13/15 | 3 | 50 | Review and research re D's Reply in Support of Motion to Modify Settlement |
| 3/18/15 | | 55 | Telecon Antonio Alvarado (Legal Assistant) re outreach to advocates/consultants; extracting exhibits; etc. |
| 3/22/15 | | 45 | email to Co-Counsel re Flores Motion Arguments |
| 3/24/15 | | 30 | Reviewed D's Objections to P's Evidence in Support of Motion to Enforce Settlement |

| | | | |
|---|---|---|---|
| 4/5/15 | 8 | | Draft P's Response to D's Objections to Evidence in Support of Motion to Enforce p. 1-4 |
| 4/6/15 | 8 | | Draft P's Response to D's Objections to Evidence in Support of Motion to Enforce p. 5-8 |
| 4/7/15 | 8 | | Draft P's Response to D's Objections to Evidence in Support of Motion to Enforce p. 9-12 |
| 4/8/15 | 8 | | Draft P's Response to D's Objections to Evidence in Support of Motion to Enforce p. 13-16 |
| 4/9/15 | 8 | | Draft P's Response to D's Objections to Evidence in Support of Motion to Enforce p. 17-20 |
| 4/14/15 | | 15 | Reviewed email re declarations |
| 4/16/15 | | 40 | Call Antonio Alvarenga re communications w/ co-counsel/pro bono attys re hearing, issues, consolidating email addresses for pro bono lawyers/advocates |
| 4/21/15 | | 10 | Review D's Response to Objections to D's Evidence in Support of Motion to Modify Settlement |
| 4/21/15 | 6 | | Drafted P's Request for Judicial Notice in Support of Motion to Enforce |
| 4/22/15 | 1 | 45 | Review files/prep for oral argument/conf w/ CH re same |
| 4/24/15 | 3 | 0 | Travel(1 hr) to and oral argument (2 hr) on MTE and MTM |
| 4/27/14 | 1 | 30 | Mtg CH re hearing and drafting memo to pro bono counsel/advocates/etc. & litigation next steps |
| 4/28/15 | | 35 | Call Antonio Alvarenga re email to advocates re hearing |
| 4/29/15 | | 15 | Reviewed email from constultant re Berks |
| 4/29/15 | 1 | 0 | Telecons Antonio Alvarenga (Leg Asst) re coordinating consultants, prep conf call with advocates, materials for call, etc. |
| 4/29/15 | | 25 | Telecon Antonio Alvarenga re web/FB/email outreach to reps of cl members re status of case and next steps |
| 4/31/15 | 1 | 0 | Prep for and Conference Call with Pro bono attorneys & Advocates |
| 5/1/15 | | 25 | Review, confs, and respond to email re Mediation dates |
| 5/1/15 | 1 | 0 | Conf with pro bono counsel/advocates re issues to be addrssed in negotiations |
| 5/2/15 | 1 | 0 | Telecon Hayley Upshaw, Immig Project Director rep cl members (Hayley@lsc-SF.org) |
| 5/4/15 | | 50 | Telecon A. Alvarenga & Marchela Iahdjian re updating digital files, updating contact info for counsel rep cl members at detention facilities, travel to DC etc. |

| Date | | | Description |
|---|---|---|---|
| 5/6/15 | 2 | | Drafted Stipulation and Proposed Order Re Confidentiality of Settlement Discussions |
| 5/7/15 | | 40 | Reviewed and responded to email re negotion goals |
| 5/7/15 | | 45 | Reviewed email recap of mediation prep call |
| 5/7/15 | 1 | 20 | Conf call with co-counsel |
| 5/10/15 | 9 | 0 | Travel to Washington DC |
| 5/11/15 | 1 | 0 | Telecon co-counsel and consultants |
| 5/11/15 | 8 | 0 | Prep for and meeting with Defendants' counsel re resolution of pendjng motions |
| 5/12/15 | 4 | 30 | Meeting with Defendants re resolution of MTE |
| 5/12/15 | 1 | 20 | Telecon w/ Chapman Noam re status case, meetings with Defs' counsel |
| 5/13/15 | 1 | | Reviewed email re DHS residential center initiatives |
| 5/13/15 | | 30 | Reviewed Co-Counsel email re settlement negotiations |
| 5/13/15 | | 16 | Telecon w/ Marchela re meeting with Defs' counsel |
| 5/13/15 | | 25 | Telecon w/ Marchela re meeting with Defs' counsel |
| 5/13/15 | 8 | 0 | Travel Washington DC to Los Angeles |
| 5/14/15 | | 20 | Telecon Antonio Alvarenga/Marchela re status negotiations, next steps |
| 5/15/15 | 1 | | prep for & Co-Counsel Conference Call |
| 5/18/15 | | 15 | Reviewed email re Dilley conditions |
| 5/19/15 | 1 | 25 | Telecon Marchela re settlement positions Defs and Pltfs |
| 5/19/15 | 4 | 30 | Meeting with co-counsel Manning and Natarajan prep for meeting with Defgs' counsel re settlement |
| 5/20/15 | 1 | 15 | Drafted email and circulated proposed settlement to Defendants |
| 5/20/15 | 9 | 0 | Preparation for and meeting with D's Counsel in Marina del rey |
| 5/21/15 | 1 | 10 | Review research and notes re DHS ReportICE ICE Alternatives to Detention (OIG-15-22) |
| 5/22/15 | | 45 | Reviewed Stipulation for Extension of Meet and Confer Period and Joint Status Report Deadline |
| 5/22/15 | | 30 | Reviewed Proposed Order Re Extension of Meet and Confer Period |
| 5/22/15 | | 15 | Drafted email and circulated proposed settlement to Co-Counsel |
| 5/22/15 | | 15 | Draft email and circulated proposed settlement to consultants |
| 5/22/15 | | 42 | Call w/ Kate Manning resettlement |
| 5/24/15 | | 30 | Reviewed consultant notes on Flores Settlement draft |
| 5/25/15 | | 15 | drafted email re current settlement draft to consultants |
| 5/26/15 | | 30 | Reviewed email re comments on Settlement draft |

| Date | | | Description |
|------|---|---|-------------|
| 6/1/15 | | 30 | Reviewed and responded to Co-Counsel email re case update |
| 6/3/15 | | 30 | Drafted email to Co-Counsel re abuse proposal |
| 6/3/15 | | 41 | Telecon Martchela re settlement developments/positionsresearch |
| 6/4/15 | | 15 | Reviewed email from opp. Counsel re Flores |
| 6/4/15 | 2 | 0 | Drafting settlement proposals |
| 6/6/15 | 2 | 5 | Review 160 pages released by Karnes County 4/22/15 re licensing of Karnes including service agreement & modificattions |
| 6/6/15 | | 50 | Review and notes re ICE contrcat/modification of contract City of Eloy re Flores compliance/licensing etc. |
| 6/6/15 | 2 | 10 | Research re Eloy management agreement with Corrections Corporation of America re Flores; amendments to agreement |
| 6/6/15 | 1 | 20 | Research, review notes re 168-page ICE-City of Eloy service agreement re Flores and licensing compliance |
| 6/6/15 | 0 | 40 | Research & review & notations re 167-pg Karnes-ICE service agreement re detention of class members |
| 6/11/15 | | 15 | Drafted email to consultant re breach of confidentiality |
| 6/11/15 | 5 | | Drafted P's Notice Re: Courts Order Re: Confidentiality of Settlement Discussions |
| 6/11/15 | | 30 | Drafted email to court explaining breach of confidentiality |
| 6/11/15 | 1 | | Conference call with Orrick & Law Foundation of Silicon Valley |
| 6/11/15 | | 42 | **Call w/ Leon Fresco** |
| 6/12/15 | 1 | 45 | Review exhibits (#1-50) re class  cert motion in Does v. Johnson re AZ CBP detention conditions |
| 6/12/15 | 1 | 30 | Telecons co-counsel Marchela re status case, settlement drafts, issues to research re settlement |
| 6/12/15 | 1 | 16 | Call w/ Jessica Jones |
| 6/12/15 | | 43 | Telecon Antonio Alvarenga re coordinating fact gathering for additional briefing |
| 6/14/15 | 1 | | Conference Call with Opposing Counsel Re Settlement |
| 6/16/15 | | 15 | Reviewed consultant email re settlement |
| 6/16/15 | | 45 | Conf call co-counsel re settlement discussions |
| 6/16/15 | | 51 | Calls to/from the office |
| 6/17/15 | | 15 | Wrote email to DHS Counsel re conference call |
| 6/17/15 | 1 | 30 | Prep & Conference Call with Opposing Counsel Re Settlement |
| 6/18/15 | | 25 | Telecos Marchela re litigation next steps |
| 6/18/15 | | 29 | Call w/ Kate Manning |
| 6/19/15 | | 30 | Telecon co-counsel Kate Manning re settlement discussions |

| Date | | | Description |
|---|---|---|---|
| 6/19/15 | | 5 | Reviewed Stipulation for Extension of Meet and Confer Period and Joint Status Report Deadline |
| 6/23/15 | | 15 | Reviewed email re call with opp. Counsel |
| 6/23/15 | 1 | | Conference Call with Opposing Counsel Re Settlement |
| 6/24/15 | | 15 | Reviewed email re call with opp. Counsel |
| 6/24/15 | | 28 | Calls to/from the office |
| 6/25/15 | 1 | | Conference Call w/ Call w/ Leon Fresco and David Shahoulian Re Jeh Johnson Statement |
| 6/25/15 | | 30 | Conference Call w/ Co-Counsel |
| 6/25/15 | | 33 | Teleconl w/ Barbara Hines re status of case, next steps |
| 6/26/15 | | 19 | Call w/ Leon Fresco |
| 6/27/15 | 3 | | P's communications/emails re confidentiality and non-Disclosure of Settlement Discussions |
| 6/29/15 | | 45 | Reviewed updated settlemet draft from opp. Counsel |
| 6/29/15 | 1 | 0 | Telecons and emails re settlement draft |
| 6/30/15 | | 15 | Reviewed email re draft stipulation |
| 6/30/15 | 1 | 3 | Co-counsel+consultants conf calls |
| 7/1/15 | | 15 | Reviewed email re stipulation for extension |
| 7/1/15 | 1 | 15 | Telecon Marchela re settlement positions/status |
| 7/2/15 | | 15 | Call w/ Leon Fresco |
| 7/7/15 | | 30 | Wrote email to opp. Counsel following up on conference call |
| 7/8/15 | | 5 | Reviewed DHS 6/24/15 Press Release |
| 7/8/15 | | 15 | Reviewed RILR v Johnson Order |
| 7/10/15 | 1 | 30 | Prep for and Conf Call w/ Consultants Re Settlement |
| 7/10/15 | 2 | 30 | Co-counsel+consultants conf calls |
| 7/11/15 | | 30 | Wrote email to Co-Counsel re revised draft settlement |
| 7/12/15 | 1 | | Reviewed Co-Counsel email re notes to settlement draft |
| 7/12/15 | 1 | | Wrote email update to Co-Counsel |
| 7/13/15 | | 30 | Reviewed email re Jimenez Moreno Settlement |
| 7/13/15 | 1 | | Conference Call Case Update with Consultants |
| 7/13/15 | 2 | 20 | Co-counsel+consultants conf calls |
| 7/14/15 | | 15 | Reviewed and Responded to Consultant Email |
| 7/15/15 | | 15 | Telecon coc-ounsel Marchela re status case |
| 7/17/15 | | 15 | Revised and Responded to email Re Proposed Order |
| 7/17/15 | 1 | 30 | Drafted Joint Status Report |
| 7/18/15 | | 30 | Reviewed Email Re Suggested Edits to Proposed Order |
| 7/20/15 | 1 | 35 | Mtg Marchela re status briefing,conf call co-counsel, proposed Order |
| 7/20/15 | 1 | 20 | Prep for (20 min) & Conf Call w/ Co-Counsel re filing Proposed Order |

| Date | Hours | Min | Description |
|---|---|---|---|
| 7/22/15 | 8 | 15 | Drafted Proposed Order Enforcing Settlement of Class Action |
| 7/24/15 | | 45 | Reviewed OSC Re Motion to Enforce and Motion to Amend |
| 7/24/15 | | 45 | Telecons Chapman, CH and Marchela re OSC |
| 7/27/15 | 1 | | Conf Call Case Update w/ Co-Counsel |
| 7/30/15 | | 10 | Call w/ Leon Fresco |
| 7/31/15 | 6 | | Drafted P's Opposition to Ex Parte Application for Extension of Response Dates |
| 7/31/15 | | 15 | Drafted Email re Draft of Opp to D's Ex Parte App to Extend Time |
| 8/4/15 | | 39 | Telecon Marchela re responding to OSC |
| 8/6/15 | 12 | 50 | Review&Research re D's Response to 7/24/15 OSC, Decs of Homan, Vitiello, Lafferty etc. & prelim drafting Ps' resp to OSC |
| 8/9/15 | 7 | 30 | Drafted P's Response to 7/24/15 OSC |
| 8/10/15 | 8 | 15 | Drafted P's Response to 7/24/15 OSC |
| 8/10/15 | | 45 | Review Research by Co-Counsel |
| 8/11/15 | 8 | 10 | Draft Ptf's Response to 7/24/15 OSC |
| 8/11/15 | | 30 | Wrote email Re Flores Research |
| 8/12/15 | | 30 | Reviewed Declaration of Carol Anne Donohoe |
| 8/12/15 | | 30 | Drafted email and notes Re Declaration |
| 8/12/15 | | 30 | Reviewed Declaration of Manoj Govindaiah |
| 8/12/15 | | 45 | Reviewed Declarations of David Thompson & Denise Gilman |
| 8/12/15 | | 40 | Reviewed Declaration of Luis Zayas |
| 8/12/15 | | 30 | Reviewed Declaration of Susana Volpe |
| 8/12/15 | | 35 | Reviewed Declaration of Aseem Mehta |
| 8/12/15 | | 25 | Reviewed Declaration of Brian Hoffman |
| 8/13/15 | | 30 | Reviewed Declaration Karen Lucas |
| 8/13/15 | 7 | 40 | Drafted P's Response to 7/24/15 OSC |
| 8/14/15 | | 45 | Drafted email to Co-Counsel |
| 8/21/15 | 1 | 20 | Review/res re Order Denying Motion for Reconsideration |
| 8/21/15 | | 48 | Telecon Marchela re Judge Gee's Order |
| 8/24/15 | 1 | 45 | Conf CH et al re re settlement compliance |
| 8/26/15 | | 48 | Conference Call Line |
| 9/2/15 | | 50 | Telecon Marchela re research re potential pltf appeal |
| 9/2/15 | | 35 | Telecon Marchela re planning monitoring of Aug Order |
| 9/2/15 | | 25 | Telecon Marchela re planning monitoring of Aug Order |
| 9/18/15 | | 5 | Reviewed Docketing Information |
| 10/1/15 | 1 | 21 | Telecon Chapman Noam re docketing statement |
| 10/2/15 | | 30 | Review 9-2-15 Tx. Dept Fam Services adoption of emergency rules amendment to 40 TAC & research re same748.7 |
| 10/9/15 | 0 | 45 | Conf call coordinators of pro bono work in Dilley and Karnes |

| Date | | | Description |
|---|---|---|---|
| 10/9/15 | | 35 | Conf call DC pro bono lawyers/advocates/co-counsel re status, amici, appeal,monitoring |
| 10/9/15 | 2 | 16 | Phone Call w/ Carlos Holguin status case |
| 10/13/15 | | 25 | Telecon Chapman Noam re coordinating monitoring and reports re monitoring |
| 10/19/15 | | 57 | Telecon Chapman re appeal, excerpts of record, etc. |
| 10/20/15 | | 50 | Review Defs desig of record and review record re pltfs designation |
| 10/21/15 | | 48 | Phone Call w/ Carlos Holguin |
| 10/22/15 | 1 | 53 | Telecon Chapman Noam re coordinating monitoring and reports re monitoring/record on appeal |
| 10/26/15 | | 37 | Telecon Chapman Noam re coordinating monitoring and reports re monitoring |
| 10/26/15 | | 20 | Telecon Chapman re 9th Cir appeal |
| 10/30/15 | | 41 | Telecon Chapman Noam reappeal, excerpts of record, transcripts, etc. |
| 11/17/15 | | 5 | Reviewed Order Setting Assessment Conference |
| 11/18/15 | | 15 | Telecon Chapman Noam re assessment conference |
| 11/24/15 | 2 | 40 | Review temporary injunction 11/20/15 & briefs & exhibits in Grassroots Leadership v. Tex Dept of Family Services re references to Flores, application to Dilley detention facility, review 40 TAC 748.7 (min standards), review transcript of 12-9-15 hearing |
| 11/25/15 | 1 | 0 | Telecon with MTO and HRFirst attorneys re 9th Cir amicus brief |
| 11/30/15 | | 10 | Reviewed and Responded to Opp. Counsel Request to Expedite Appeal |
| 11/30/15 | | 15 | Responded to Email Re Berks |
| 11/30/15 | | 30 | Research re expedite appeal |
| 11/30/15 | | 37 | Call w/ Leon Fresco |
| 11/30/15 | 1 | 57 | Telecons Chapman/interns re 9th Cir research |
| 12/1/15 | 1 | 0 | Prep for (15 mins) & Conf call with co-counsel |
| 12/1/15 | | 15 | Reviewed D's Motion to Expedite Appeal and Exhibit |
| 12/5/15 | | 2 | Phone Call w/ Carlos Holguin |
| 12/7/15 | | 15 | Wrote to Consultant Re Motion to Expedite |
| 12/8/15 | 1 | 0 | Telecon with MTO and HRFirst attorneys re 9th Cir amicus brief |
| 12/8/15 | 8 | | P's Response to Motion to Expedite p. 1-4 |
| 12/9/15 | | 25 | Telecon ChapmanNoam re monitoring & 9th Cir record |
| 12/9/15 | 1 | 45 | Telecons Chapman Noam re implementation/reports Courts Aug order |
| 12/9/15 | 5 | | P's Response to Motion to Expedite p. 5-7 |

| Date | | | Description |
|---|---|---|---|
| 12/9/15 | | 30 | Drafted Email Re Motion to Expedite Declarations |
| 12/10/15 | 6 | | P's Response to Motion to Expedite p. 7-9 |
| 12/10/15 | | 5 | Reviewed Order Re Mediation |
| 12/11/15 | 7 | 50 | P's Response to Motion to Expedite p. 10-13 |
| 12/14/15 | | 21 | Calls to/from the office |
| 12/16/15 | 1 | | Co-counsel/ consultants conf call |
| 12/16/15 | | 5 | Reviewed Order Expediting Briefing |
| 12/17/15 | | 54 | Telecon Chapman Noam re new briefing schedule, excerpt records, emails to co-counsel/consultants/advocates |
| 12/18/15 | 1 | | Reviewed Draft Amicus Brief from MTO and HRFirst |
| 12/21/15 | | 30 | Telecon Noam Chapman/interns re amici briefs |
| 1/6/16 | | 45 | Review media reports, pro bono reports, internet re compliance re 9th Circuit review |
| 1/13/16 | 1 | 0 | Telecon with MTO and HRFirst attorneys re 9th Cir amicus brief |
| 1/13/16 | | 30 | Reviewed and Responded to Opp. Counsel Email |
| 1/15/16 | | 5 | Reviewed Declaration of Sarah Fabian |
| 1/15/16 | | 30 | Reviewed Record of Excerpts - Volume One |
| 1/15/16 | | 30 | Reviewed Record of Excerpts - Volume Two |
| 1/16/16 | 1 | 10 | Review DHS 9th Cir brief, emails to co-counsel and amicus counsel re same and re conf calls, summary of DHS positions |
| 1/16/16 | 4 | 50 | Review and research D's Opening Brief |
| 1/17/16 | 5 | 30 | Review and research D's Opening Brief |
| 1/19/16 | 1 | 0 | Co-counsel conf call with Alice, Virgina, Kate, Amanda, Elena. |
| 1/22/16 | 1 | 1 | Conference Call Line |
| 1/25/16 | | 30 | Drafted Email to Co-Counsel Re 9th Circ. Brief |
| 1/28/16 | 1 | 30 | Calls to/from the office |
| 1/29/16 | 1 | | Confcall with consultants re status case |
| 1/31/16 | 4 | 10 | Prep for site visits and clas smember interviews |
| 1/31/16 | | 51 | Call w/ Kate Manning re status case/9th Cir briefing |
| 1/31/16 | | 16 | Call w/ Kate Manning re status case/9th Cir briefing |
| 1/31/16 | 6 | | Travel to McAllen, TX for Class Member Interviews |
| 2/1/16 | 3 | 30 | Interviews with Class Members and Mothers at McAllen Facility |
| 2/1/16 | 4 | | Interviews with Class Members and Mothers at Ursula Facility |
| 2/1/16 | 3 | 36 | Travel to Dilley, TX for Class Member Interviews |
| 2/2/16 | 8 | | Interviews with Class Members and Mothers at Dilley Facility |
| 2/2/16 | 1 | 42 | Travel to Karnes City, TX for Class Member Interviews |
| 2/3/16 | 8 | | Prep for & Interviews with Class Members and Mothers at Karnes Facility |
| 2/3/16 | 1 | 20 | Travel to San Antonio |
| 2/4/16 | 3 | 29 | Travel to Los Angeles |

| Date | Hrs | Min | Description |
|---|---|---|---|
| 2/4/16 | | 50 | Review OIG report re ICE'sRelease of Immigration Detainees (OIG-14-116) |
| 2/5/16 | | 45 | Phone Call w/ CH re appeal, CBP conditions, etc. |
| 2/5/16 | 8 | | Draft Answering Brief - Summary of the Argument |
| 2/6/16 | 8 | | Drafted Answering Brief - Jurisdictional Statement, Statement of issues, statement of case |
| 2/7/16 | 8 | | Drafted Answering Brief -  statement of case |
| 2/8/16 | 8 | | Res & draft rafted Answering Brief - District Court Properly Held that the Settlement Applies to Accompanied Minors, (d)(i), (d)(ii) |
| 2/8/16 | | 15 | Telecon Chapman Noam re citations for answering brief |
| 2/8/16 | | 24 | Phone Call w/ Carlos Holguin re answering brief |
| 2/13/16 | 7 | 30 | Drafted answering brief - The district court properly denied the Gov.'s motiopn to amend the Agreement  (a)(iv) |
| 2/14/16 | 4 | 20 | Prep for site visits, class member interviews |
| 2/14/16 | 1 | 30 | Reviewed Proposed Edits to 9th Circuit Brief |
| 2/15/16 | 7 | 20 | Research & draft Answering Brief - district court properly denied the Gov.'s motion to amend the Agreement  (b) |
| 2/16/16 | 4 | 10 | Prep for site visit and class memger interviews |
| 2/16/16 | 5 | 0 | Finalize, cite check Plaintiffs'Opening Brief |
| 2/17/16 | | 20 | Conf call pro bono counsel & advocates re status case, answering brief |
| 2/17/16 | 5 | 9 | Travel to Philidelphia for Class Member Interviews |
| 2/17/16 | 1 | 15 | Travel to Reading, PA for Class Member Interviews |
| 2/18/16 | 8 | | Interviews with Class Members and Mothers at Berks Facility |
| 2/19/16 | 6 | | Interviews with Class Members and Mothers at Berks Facility |
| 2/19/16 | 1 | 15 | Travel to Philadelphia |
| 2/19/16 | 6 | 30 | Travel to Los Angeles |
| 2/20/16 | 1 | 15 | Reviewed Draft AACAP Amicus Brief |
| 2/22/16 | | 50 | Review 20-p Tx DFPS adoption of §748.7 defining family residential centers |
| 2/22/16 | 1 | 15 | Reviewed and responded to email Re ACLU/AIC Amicus brief |
| 2/23/16 | 2 | 45 | Reviewed AACAP and NASW Amici Curiae Brief, exhibits & Motion |
| 2/23/16 | 1 | 45 | Reviewed UNHCR Amicus Curiae Brief and Motion to File |
| 2/23/16 | 1 | | Reviewed  Fried, Frank, and Harriset al.  Motion to File Amici Curiae Brief and Brief |
| 2/23/16 | 2 | 10 | Reviewed Social Scientist Amici Curiae Brief, Motion to File, and Exhibits |

| Date | Hrs | Min | Description |
|---|---|---|---|
| 2/24/16 | 1 | 15 | Conf call with advocates/consultants re status case 9th Cir., amici briefs, etc. |
| 2/25/16 | | 30 | Telecon legal assistant Chapman Noam re coordinating with consultants, amicus briefs, etc. |
| 2/25/16 | | 5 | Reviewed Order Granting Plaintiff's Amici |
| 2/26/16 | | 20 | Telecon w/ Chapman Noam re updating co-counsel, scheduling conf call w/consultants, research re next steps |
| 2/28/16 | | 30 | Wrote Update Email to Co-Counsel |
| 3/4/16 | 2 | 10 | Conf call with consultants re status case, next steps, 9th Cir amicus briefs etc. |
| 3/9/16 | 4 | 45 | Review & research re D's Reply Brief |
| 3/10/16 | 4 | 35 | Review & research re Defs' Reply Brief |
| 4/8/16 | | 55 | Telecon Chapman Noam re outreach amicus briefs, etc. |
| 4/15/16 | | 28 | Phone Call w/ CH re amicus briefs |
| 4/20/16 | | 25 | Calls to/from the office |
| 4/26/16 | 1 | 30 | Review Sam Dykstra (Fried Frank et al) memo re decisions enforci ng court orders, settlements and consent decrees |
| 5/4/16 | | 30 | Wrote To Consultants Re Moot Court |
| 5/20/16 | 1 | 24 | Phone Call w/ Phone Call w/ Carlos Holguin |
| 5/27/16 | | 13 | Telecon Chapman Noam re 9th Cir argument |
| 5/31/16 | | 15 | Completed and Filed P's Acknowledgement of Hearing Notice |
| 6/2/16 | | 30 | Telecon Chapman Noam re 9th Cir argument |
| 6/3/16 | 8 | | Prep for (5 hrs) & Ninth Circuit Oral Argument Moot Court (3 hrs) |
| 6/4/16 | 1 | 0 | Conference Call w/ Co-Counsel - Case Update; review CH email re argument |
| 6/5/16 | 3 | 30 | Prep 9th Cir argument |
| 6/6/16 | 7 | 30 | Prep for 9th Cir oral argument |
| 6/7/16 | 3 | | Trvel to & from court & Ninth Circuit Oral Argument |
| 6/13/16 | 2 | 5 | Conf w/ CH re discovery, crt hearing, etc. |
| 6/14/16 | 3 | | Telecons/emails re and Draft P's Citation of Supplemental Authorities |
| 6/16/16 | | 15 | Reviewed D's Response to P's Citation of Supplemental Authorities |
| 7/6/16 | 1 | 0 | Reviewed 9th Circuit Opinion |
| 7/8/16 | | 30 | Conf w/ CH re 9th Cir. Decision |
| 7/9/16 | | 25 | Conf w/ CH re discovery, monitoring, etc. |
| 10/26/16 | 6 | 40 | Research and drafting EAJA motion |
| 10/27/16 | 5 | 30 | Review Joseph's (Orrick) EAJA memo; research and drafting EAJA motion |

| | | | |
|---|---|---|---|
| 10/31/16 | 5 | 50 | Research and drafting EAJA motion & declaration; review co-counsel decs |
| Total Hours | 656 | | |
| Enhanced rate | $875 | | |
| Total | $574,073 | | |

Schey Declaration

Exhibit B

# *PETER A. SCHEY RESUME (2016)*

This resume should not be used in any legal proceeding without contacting Peter A. Schey to determine whether information contained in this document requires updating.

-------------------------------------------------------------------------

PERSONAL:

Place of Birth: Durban, South Africa

Telephone: (323) 251-3223
Facsimile:   (310) 526-6537
E-mail: pschey@centerforhumanrights.org
The State Bar of California: Active # 58232

Websites:
        www.centerforhumanrights.org
        www.casa-libre.org
        www.vocesunidas.org
        www.tents4homeless.org
Facebook:   www.facebook.com/center4humanrights

-------------------------------------------------------------------------

EDUCATION:

Lowell High School, San Francisco, CA
Graduated (honors) - June, 1964;

University of California, Berkeley, CA
Graduated (honors) - June, 1969
Bachelor of Arts in Psychology

California Western School of Law,
San Diego, CA
Juris Doctor (honors), June, 1973;
Outstanding Service Award, March 2, 1972;

Peter Schey Resume
Page 2

California Western Law Review, 1971-72.

-------------------------------------------------------------------------

EMPLOYMENT HISTORY:

LAW OFFICES OF PETER A. SCHEY

Part-time private practice of law principally focusing on complex constitutional, transnational, criminal, immigration, and appellate litigation.

UNIVERSITY OF SOUTHERN CALIFORNIA, LAW CENTER

Adjunct Professor, University of Southern California Law Center, teaching courses on international human rights and immigration law (1987-1991).

UNIVERSITY OF CALIFORNIA (LOS ANGELES) SCHOOL OF LAW

Lecturer of Law, University of California School of Law teaching immigration and refugee law (Spring, 1989).

SOUTHWESTERN UNIVERSITY SCHOOL OF LAW (LOS ANGELES)

Adjunct Professor, University of Southern California Law Center, teaching courses on international human rights and administrative law

LEGAL AID SOCIETY OF SAN DIEGO

1973-1978: Established the first legal aid unit to provide representation for low-income immigrants in the Southern California area and initiated first class action cases on behalf of immigrants.

NATIONAL CENTER FOR IMMIGRANTS RIGHTS

Peter Schey Resume
Page 3


1978-1980: Founded and served as Executive Director of the first national support center dedicated to the protection and promotion of the legal rights of immigrants. The program continues to function today as the National Immigration Law Center (NILC).


CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW FOUNDATION

1980 – present: Founder and Executive Director of the Center for Human Rights and Constitutional Law Foundation (CHRCL Foundation). The Center is dedicated to the protection and promotion of fundamental civil liberties and human rights through major class action litigation, education, legal training and the presentation of petitions before international fora. The Center serves as a resource to social, legal, religious and community-based groups throughout the United States involved in civil and human rights advocacy.

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW, INC.

1997-present: Founder and Executive Director of the Center for Human Rights and Constitutional Law, Inc. (CHRCL Inc.), program that provides emergency services, including shelter, food, counseling, health, and educational services to unaccompanied homeless immigrant and refugee youth. Most of the youth served are from Mexico and Central America. See www.casa-libre.org


------------------------------------------------------------------------

LITIGATION EXPERIENCE:

Served as lead counsel or co-counsel in over 100 major civil rights and class action cases in federal courts throughout the United States involving access to education, health and welfare benefits, administrative law, the rights of immigrants, refugees and indigenous people, and complex individual cases involving constitutional, criminal, transnational, and corporate issues.

Peter Schey Resume
Page 4


Represented or supervised the representation of over 2,000 cases in a
nation-wide project involving women who have suffered sexual
harassment, abuse, or discrimination. Litigation against the federal
government has resulted in the largest attorney fee awards in the
country.


 (1) In re Alien Children Education Litigation, Doe v. Plyler, 457 U.S.
202, 102 S.Ct. 2382, 95 L.Ed.2d 786 (1982) (U.S. Supreme Court) (lead
counsel in State-wide class action case finding unconstitutional as a
violation of Fourteenth Amendment equal protection a Texas statute
which denied public education to undocumented children; over
100,000 children admitted to Texas public schools annually as a result
of United States District Court injunction affirmed by United States
Supreme Court decision);

(2) Enrique Fuenes v. City of Riverside (U.S. District Court, Central
District of California) (lead counsel in lawsuit for damages following
video-taped beating of Mexican national Mr. Fuenes by Riverside
Sheriffs; Mr, Fuenes, a Mexican national migrant, was being
smuggled in a high-speed chase; case settled and Mr. Fuenes received
an award of $700,000)

(3) Jane Doe v. State of Hawaii, Cv. No. 97-00169 (U.S. District Court
for the District of Hawaii) (lead counsel in personal injury and
injunction lawsuit involving Hawaii state hospital rules for
physician-patient relations and sexual assault by psychiatrist;
confidential settlement reached for monetary damages for plaintiff
and State of Hawaii changes in policies and practices involving
psychiatrist-patient relations);

(4) American Apparel LLC: Legal counsel for American Apparel and
CEO Dov Charney on range of cases including EEOC conciliation to
achieve model sexual harassment policy, EEOC conciliation to
achieve model ADA policy, litigation of individual cases,
Immigration and Customs Enforcement (ICE) I-9 audit, public
relations, and corporate social responsibility issues.

(5) Directing attorney of Voces Unidas Project, a nationwide project
involving representation of over 2,000 women victims of sexual
harassment, abuse, or discrimination.

Peter Schey Resume
Page 5

(6) Thompson v. United States, Cv. No. 83-0903 (D. Hawaii) (civil action on behalf of prominent Hawaii lawyer resulting in broad injunction limiting manner in which Department of Justice criminal investigation could proceed against attorney target of criminal investigation);

(7) Native American Heritage Commission v. Cal State Long Beach, No. BC 097212 (Los Angeles Superior Court) (lead counsel in State court lawsuit seeking to halt effort by California State University at Long Beach to build a shopping center over a historic Native American burial ground; preliminary injunction halted development plan);

(8) California Medical Board v. Robbins (California Court of Appeals) (lead counsel in successful appeal and reversal of revocation of medical license of prominent surgeon in case involving turf battle with plastic surgeons resulting in unjustified charges; all charges dismissed and decision to revoke surgeon's license reversed by the California Court of Appeals)

(9) League of United Latin American Citizens, et al. v. Pete Wilson, et al., No. Cv. 94-7569-MRP (C.D. Cal.), LULAC v. Wilson, 908 F.Supp. 755 (C.D. Cal. 1995) (lead counsel in California-wide class action case representing numerous elected officials and approximately one million families challenging the constitutionality of Proposition 187, a State-wide initiative denying health care, social services and education to wide classes of California immigrant residents; law declared unconstitutional in federal court decisions in 1995 and 1997);

(10) People of the State of California v. Tariacuri Ramirez, Superior Court, Riverside County (counsel in obtaining full dismissal of first degree murder charge unjustly brought against the 17-year old defendant).

(11) Development Disabilities Area Board 10 v. Smith, Cv. No. 500440 (Los Angeles Superior Court) (lead counsel in state-wide class action leading to class-wide settlement allowing indigent children access to health care services);

(12) Lopez v. INS, Cv. No. 78-1912-WB(xJ) (lead counsel in certified nation-wide class action case involving the right to legal counsel of

Peter Schey Resume
Page 6

persons arrested by INS; nation-wide settlement impacting over 1 million class members per year reached requiring immigrants arrested by federal authorities to be provided written advisal of their legal rights and a period of time to consult with attorneys before post-arrest interrogation);

(13) Charo v. United States, U.S. Ninth Circuit Court of Appeals, No. 95-70574 (decided Feb, 20, 1997) (lead counsel for entertainer Charo in successful litigation for attorneys' fees following dismissal of employer sanctions charges brought by the United States Government against Charo's corporation in Hawaii).

(14) Master Yungao Yi (aka Wan-Ko Yee) (Lead counsel for Master Yungao Yi, internationally renowned Buddhist leader and citizen of China now living in the United States in successful representation to have INTERPOL arrest warrant based on pending politically motivated criminal charges in China rescinded and cancelled);

(15) United States v. Dr. Marcel Diennet, No. 90-202636 (U.S. District Court for the Western District of Tennessee) (favorable settlement of major multi-district federal criminal case involving alleged importation of scheduled drugs without proper import licenses by prominent French national physician);

(16) Baliza v. INS, 709 F.2d 1231 (9th Cir. 1982) (lead counsel in federal Court of Appeals precedent case reversing federal agency's use of unauthenticated documents in contested administrative proceedings when maker of document is not made available by agency for cross-examination);

(17) Moreno v. United States, Cv. No. 87-01431-TJH (C.D. Cal.), (lead counsel in settlement of Federal Tort Claim Act and Bivens action for wrongful arrest and deportation of a minor lawful resident by INS; child illegally deported by the INS awarded over $100,000 in damages);

(18) American-Arab Anti-Discrimination Committee, et al., v. Anti-Defamation League of the B'Nai B'rith, et al., No. Cv. 93-6358-RP (C.D. Cal.) (lead counsel in civil rights federal court case against the City and County of San Francisco and other defendants challenging illegal invasions of privacy and surveillance of approximately 5,000

Peter Schey Resume
Page 7

individual class members and 1,000 organizations based solely on
lawful First Amendment activities; final settlements required
identification of thousands of pages of documents containing
unlawful law enforcement information, redaction of documents from
defendants' files, and injunctions regarding future policies and
conduct; attorneys' fees awarded).

(19) Catholic Social Services v. Meese, 113 S.Ct. 2485 (1993) (U.S.
Supreme Court) (lead counsel in nation-wide class action case
seeking legalization for 250,000 immigrants who briefly traveled
abroad during one-time 1987-88 "amnesty" program and were
therefore deemed ineligible to apply by Government; nation-wide
injunction won permitted the filing of over 250,000 "late" amnesty
applications after the statutory period expired; case settled by
Department of Homeland Security following fifteen years of
litigation);

(20) Haitian Refugee Center v. Smith, 676 F.2d 1023 (1982) (U.S. Court
of Appeals) (lead counsel in first major Florida class action case
involving constitutional rights of Haitian refugees seeking political
asylum in the United States; won permanent injunction reversing
INS' denial of political asylum to over 5,000 Haitian refugees and
prohibited their deportation from the United States to Haiti; federal
legislation later granted class members permanent resident status);

(21) Flores v. Meese, ___ U.S. ___ (U.S. Supreme Court 1993) (co-lead
counsel in nationwide class action case challenging federal policies
for apprehended children, including the conditions of detention;
national settlement reached with the U.S. Government addressing the
conditions of detention, requiring the federal government to (i) end
commingling of detained children with unrelated adults, (ii) provide
education and reading materials and visitation with friends and
relatives; (iii) requiring release of detained minors in certain
circumstances to unrelated responsible adults);

(22) Immigrant Assistance Project of the Los Angeles County
Federation Of Labor (AFL-CIO) v. Immigration and Naturalization
Service, 306 F.3d 842 (9th Cir. 2002) (co-lead counsel in lawsuit
challenging INS's denial of legalization to persons considered
ineligible based on "known to government" statute; summary

Peter Schey Resume
Page 8

judgment won in favor of class of approximately 50,000 immigrants; INS appeal pending before the U.S. Court of Appeals);

(23) Orantes-Hernandez v. Smith, 541 F.Supp. 351 (C.D. Cal. 1982) (co-lead counsel in nationwide class action case; won preliminary injunction covering about 30,000 Salvadorans fleeing the U.S.-sponsored war in their country regarding their right to seek and obtain political asylum in the United States, and their right to consult with lawyers);

(24) Mendez v. INS, 563 F.2d 956 (1977) (lead counsel in federal Court of Appeals precedent case holding that when an immigrant's deportation by the INS was accomplished in violation of the due process guarantee of the U.S. Constitution, the immigrant must be allowed to return to the United States for further hearings);

(25) Whetstone v. INS, 561 F.2d 1303 (1977) (lead counsel in federal Court of Appeals precedent case striking INS statutory interpretation of immigrant visa process);

(26) Munoz v. Bell, Cv. No. 77-3765-WG (C.D. Cal. 1978) (lead counsel in major federal case resulting in court-ordered nation-wide settlement requiring the federal government to advise all persons in deportation proceedings of free legal services available to indigent immigrants);

(27) Congressman R. Dellums v. Smith, Cv. No. 82-0040-G (S.D. Cal. 1982) (lead counsel in class action resulting in injunction and settlement requiring the federal government to allow public access to administrative hearings at detention facilities);

(28) Aviles-Torres v. INS, 790 F.2d 1433 (1986) (lead counsel in federal Court of Appeals case reversing Immigration Judge's denial of political asylum; interpretation of federal asylum and withholding statute)

(29) United States v. Phra Winai (lead counsel in federal criminal and political asylum case involving high-profile Buddhist monk from Thailand; federal criminal case favorably resolved through settlement and political asylum granted avoiding extradition to Thailand where monk faced religious persecution).

Peter Schey Resume
Page 9

INTERNATIONAL WORK (PARTIAL LISTING):

(1)  South Africa Constitution Watch Commission (1990-1994)
Founder and coordinator of an international commission to report on
the constitutional positions of major parties in South Africa as
evaluated under international human rights law. Commission
included over 40 prominent jurists and political leaders, including
former Costa Rican President Oscar Arias and former U.S. President
Jimmy Carter.

(2)  Haitian Interdiction Petition (Sept. 1990-98) Lead counsel in
successful human rights petition before the Inter-American
Commission on Human Rights of the Organization of American
States (OAS) challenging the U.S. Government's program of
interdicting and returning Haitian refugee boatpeople without regard
to their right to life, due process, to depart their country, and to seek
asylum. Petition resulted in lengthy decision finding United States
Government in violation of several binding international
instruments; Commission's final decision was adopted by the General
Assembly of the Organization of American States.

(3)  Stecel 11 Case,. Represented 11 leading trade unionists, longest
held political prisoners in El Salvador during U.S.-backed war;
petition filed with the Inter-American Commission on Human Rights
of the OAS; release of prisoners negotiated and safe passage to
Amsterdam obtained.

(4) Dennis Quintanillia--Kidnapped Child. Negotiated release of U.S.
citizen child kidnapped by Salvadoran National Guard after
assassination of mother in El Salvador (New York Times, Feb. 20,
1983, p. 1).

(5) Legal counsel to President Bertrand Aristide of Haiti following his
exile by military coup;  successful entry into the United States
following exile by coup; assisted in negotiations with U.S.
Government for return to power;  accompanied President Aristide
when returned to Haiti.

Peter Schey Resume
Page 10

OTHER ACTIVITIES:

(1) *Founder and director of Voces Unidas*, a nation-wide project
undertaken in 2005 with the goal of identifying and representing
low-income women and children victims of sexual harassment, abuse
and discrimination and provide no cost legal representation.

(2) *Founder and director of "Safe Haven" and "Freedom House" ("Casa
Libre")* group homes for unaccompanied immigrant and refugee
children; acquired $2 million funding to purchase and operate shelter
facilities to provide youth with temporary housing, family
reunification services, legal services, medical care, mental health
counseling, etc. (www.casa-libre.org)

EDITORIAL SERVICE (for dates of service contact Peter Schey):

Migration Today
Board of Editors of the Immigration Law and Procedure Reporter
(Matthew Bender),
Editorial Board, Immigration and Nationality Law Review (Clark
Boardman),
Advisory Board, Migration World Magazine (Center for Migration
Studies).

BAR ASSOCIATION AND COMMUNITY SERVICE:

President of the Board, El Rescate (2004-2006), Board member 2006-
present.
Board member, People's College of Law (2006-2009).
President of Community Media Project (1993-1998).
Vice-Chairperson of the Individual Rights Section of the Los Angeles
County Bar Association (1986, 1990, 1992, 1994).
General Counsel to the United California Mexican-American
Association (1981-present).
Board member Hermandad Mexicana Nacional (1988-1994).
National Advisory Board Member, the National Asylum Appeals
Project of the Lawyers Committee for Civil Rights (1986-1992).

Peter Schey Resume
Page 11


Board member The Resource Center (New Mexico) (1984-1986, 1990-1998);
Board member CRISPAZ (Texas) (1986-87);
Advisory Board, Bhopal Justice Campaign (1989-1993).
Advisory Board, Guatemala Information Center (1989-1990).
National Advisory Board, Guatemala Support Network (1992-present).
Board member National Coalition for the Rights of Immigrants and Refugees (1990-1999).
Executive Committee of the Immigration Section of the Los Angeles County Bar Association (1986).
General Counsel to the Coalition for Humane Immigration Reform of Los Angeles (CHIRLA) (1987-88).
Executive Committee, National Lawyers Guild Los Angeles Chapter (1988-1998).
Chair, International Action Committee of the National Lawyers Guild (1995-2000).


TREATISE:

(1) Immigration Law and Procedure, chapter on political asylum (8-volume treatise on immigration and refugee law published by Mathew Bender)

(2) Immigration Law & Crimes,, major contributor (published by Clark Boardman publishing company, 1984)


AWARDS:

2010 Loyola Marymount University recipient *Intercultural Dialogue Person of the Year Award*

1996 County of Los Angeles and League of United Latin-American Citizens commendation for dedicated service to the affairs of the Latino community in the U.S.

1988 Carol King Award for efforts "to secure justice for Salvadoran asylum seekers"

Peter Schey Resume
Page 12


1986 Commendation for Pro Bono Services by State Bar of California

1985 Jack Wasserman Memorial Award by American Immigration
Lawyers Association for "excellence in litigation" on behalf of
immigrants

1980 Clarence Darrow Foundation Award for civil rights litigation

1980 Award for Outstanding Service to Hispanic Community by
United California Mexican American Association


PROFILES:

*       New Times of Los Angeles (June 20, 2002)
*       National Law Journal, Vol. 9, # 26 (March 1987)
*       Los Angeles Times, Deja Vu for Rights Attorney (Nov. 10, 1994)


PARTIAL LISTING OF CLIENTS SUCCESSFULLY REPRESENTED
IN U.S. COURTS AND/OR INTERNATIONAL LAW PETITIONS:

U.S. Representative Xavier Becerra
U.S. Representative Ron Dellums
California Senate Majority Leader Richard Polanco
Chinese American Citizens Alliance (Washington, DC);
United Farm Workers of America (AFL-CIO) (California);
National Council of Churches (New York);
United Methodist Church (Washington, DC);
League of United Latin American Citizens (LULAC);
American G.I. Forum (Dallas, Texas);
American Apparel, Inc.
Dov Charney, Founder and CEO of American Apparel
Micro Solutions Enterprises (MSE)
International Commission for the Defense of Salvadoran Refugees
(San Salvador);
Gerardo Hernandez (Cuba Five)
Clergy and Laity Concerned (Washington, DC);
Lutheran Council in the U.S.A. (Washington, DC);

Peter Schey Resume
Page 13


International Tribal Council (San Franscisco, Ca.);
Guatemala Support Network (Washington, DC);
Global Exchange (San Francisco, Ca.);
California Catholic Conference (Sacramento, Ca.);
Southern California Ecumenical Council (Los Angeles, Ca.),
Arizona Farm Workers Union (Ariozna);
California Native American Heritage Commission (Sacramento, Ca.);
International Commission for the Defense of Salvadoran Refugees (San Salvador);
Comisión Mexicana de Defensa y Promoción de Los Derechos Humanos, A.C. (Mexico);
Central American Refugee Center (Washington, D.C.);
ACLU Foundation of S. California (Los Angeles, Ca.);
Center for Constitutional Rights (New York);
American Friends Service Committee (AFSC) (Philadelphia, Pa.);
National Farm Worker Ministries Washington, DC;
Washington Office on Haiti (Washington, DC);
Haitian Center for Human Rights (Port-au-Prince, Haiti);
Palestine Aid Society (New York);
National Coalition for Haitian Refugees (New York);
Haitian Refugee Center (Miami, Fla.);
United California Mexican American Association (San Diego, Ca.);
Arab-American Anti-Discrimination Committee (Washington, DC);
Committee in Solidarity with the People of El Salvador (Washington, DC);
National Association of Arab Americans (Washington, DC);
Association of Arab-American University Graduates, Inc.;
Bay Area Anti-Apartheid Network (San Francisco, Ca.);
International Jewish Peace Union;
National Conference of Black Lawyers (New York);
American Indian Movement (Colorado);
National Lawyers Guild (New York);
Coalition Against Police Abuse (Los Angeles, Ca.);
Palestine Solidarity Committee (New York);
Association for Residency and Citizenship of America
Academia Mexicana de Derechos Humanos, A.C. (Mexico);

* * * *

Schey Declaration

Exhibit C

# Center for Human Rights & Constitutional Law
# Flores Expenses
## January 2015 through July 2016

| Type | Date | Memo | Account | Clr | Amount |
|---|---|---|---|---|---|
| **American Airlines** | | | | | |
| Credit Card Charge | 01/29/16 | Airfare to Texas | Travel | | 379.10 |
| Credit Card Charge | 02/04/16 | Baggage Fee | Travel | | 25.00 |
| Credit Card Charge | 02/12/16 | Texas Air Travel | Travel | | 228.10 |
| Credit Card Charge | 02/15/16 | Air Travel to PA | Travel | | 228.10 |
| Credit Card Charge | 02/19/16 | Air Travel to PA | Travel | | 25.00 |
| **Total American Airlines** | | | | | 885.30 |
| **Chapman Noam** | | | | | |
| Bill | 02/10/16 | Best Buy - Portable Printer for Flores | Office Expense | | 194.39 |
| Bill | 03/07/16 | FedEx Office- BInding for Flores | Printing & Publishing | | 76.20 |
| Bill | 03/07/16 | FedEx Office - Shipping for Flores | Postage & Messenger | | 126.49 |
| Bill | 06/27/16 | 9th Circuit Moot Court at Orrick FLORES | Office Expense | | 30.00 |
| Bill | 06/27/16 | Mediation with Judge King FLORES | Office Expense | | 8.00 |
| Bill | 06/27/16 | Snacks for Flores Mediation at CHRCL Office FLORES | Office Expense | | 34.65 |
| **Total Chapman Noam** | | | | | 469.73 |
| **Curb** | | | | | |
| Credit Card Charge | 02/04/16 | Taxi Fees | Travel | | 32.56 |
| **Total Curb** | | | | | 32.56 |
| **Delia's** | | | | | |
| Credit Card Charge | 02/01/16 | Meals - Texas Trip | ConferencesTraining Fo | | 7.08 |
| **Total Delia's** | | | | | 7.08 |
| **Eat At Joes's** | | | | | |
| Credit Card Charge | 02/19/16 | Meals during travel to PA | ConferencesTraining Fo | | 12.36 |
| **Total Eat At Joes's** | | | | | 12.36 |
| **El Charro** | | | | | |
| Credit Card Charge | 02/01/16 | Meals, Texas Trip | ConferencesTraining Fo | | 22.94 |
| **Total El Charro** | | | | | 22.94 |

**Gogoair.com**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/17/16 | In-flight internet service | Travel | | 29.95 |
| Credit Card Charge 02/19/16 | In-flight internet service | Travel | | 26.95 |
| **Total Gogoair.com** | | | | 56.90 |

**Hertz Rent A Car**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/19/16 | Car Rental during trip to PA | Travel | | 20.62 |
| **Total Hertz Rent A Car** | | | | 20.62 |

**Homewood Suites Hotel**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/17/16 | Travel in PA | Travel | | 2.00 |
| **Total Homewood Suites Hotel** | | | | 2.00 |

**LAX Airport**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/20/16 | Parking | Travel | | 90.00 |
| **Total LAX Airport** | | | | 90.00 |

**On-Line Hotel**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 01/30/16 | Hotel Booking Texas | Travel | | 88.89 |
| Credit Card Charge 01/30/16 | Hotel Booking Texas | Travel | | 113.20 |
| **Total On-Line Hotel** | | | | 202.09 |

**Papa John's**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/01/16 | Meals, Texas Trip | Travel | | 21.11 |
| **Total Papa John's** | | | | 21.11 |

**Pear Tree Inn**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/04/16 | Hotel Stay in San Antonio | Travel | | 99.23 |
| **Total Pear Tree Inn** | | | | 99.23 |

**Peter J Camiel Service Plaza**

| | | | | |
|---|---|---|---|---|
| Credit Card Charge 02/17/16 | Meals for travel in PA. | Travel | | 10.67 |
| **Total Peter J Camiel Service Plaza** | | | | 10.67 |

**Peter Schey**

| | | | | |
|---|---|---|---|---|
| Bill | 05/11/15 | Washington D.C. | Travel | 967.20 |
| Bill | 12/30/15 | United Airlines - Bag Fees Flores Travel | Travel | 25.00 |
| Bill | 12/30/15 | United Airlines - Bag Fees Flores Travel | Travel | 25.00 |
| Bill | 12/30/15 | The Eldon Luxury Suites - Flores Travel | Travel | 712.84 |
| Bill | 12/30/15 | Cab Fairway 9 - Taxi Flores Travel | Travel | 78.23 |

| | | | | |
|---|---|---|---|---|
| Bill | 12/30/15 | Dulles Airport Taxi - Taxi Flores Travel | Travel | 70.00 |
| Bill | 12/30/15 | Taxi Cab F656 - Taxi Flores Travel | Travel | 10.76 |
| Bill | 12/30/15 | Thally Restaurant - Meals Travel Flores | ConferencesTraining Fo | 50.00 |
| Bill | 12/30/15 | Au Bon Pain - Meals Flores Travel | ConferencesTraining Fo | 9.82 |
| Bill | 12/30/15 | Starbucks - Meals Flores Travel | ConferencesTraining Fo | 14.96 |
| Bill | 12/30/15 | Areas USA LAX - Meals Flores Travel | ConferencesTraining Fo | 15.23 |
| Bill | 12/30/15 | Brasserie Beck - Meals Flores Travel | ConferencesTraining Fo | 189.40 |
| Bill | 12/30/15 | Starbucks - Meals Flores Travel | ConferencesTraining Fo | 4.02 |
| **Total Peter Schey** | | | | **2,172.46** |
| **Philadelphia 1761** | | | | |
| Credit Card Charge | 02/19/16 | Meals during travel to PA | ConferencesTraining Fo | 11.49 |
| **Total Philadelphia 1761** | | | | 11.49 |
| **Priceline Hotel** | | | | |
| Credit Card Charge | 02/13/16 | Priceline Hotel | Travel | 121.89 |
| Credit Card Charge | 02/17/16 | Priceline Hotel | Travel | 296.80 |
| **Total Priceline Hotel** | | | | 418.69 |
| **Roybal Cafe** | | | | |
| Credit Card Charge | 06/24/16 | Meals | ConferencesTraining Fo | 13.03 |
| **Total Roybal Cafe** | | | | 13.03 |
| **Salt Marina Del Rey** | | | | |
| Credit Card Charge | 05/18/15 | flores | Litigation cost reimburse | 37.70 |
| Credit Card Charge | 05/22/15 | flores | Litigation cost reimburse | 17.08 |
| Credit Card Charge | 05/22/15 | flores | Litigation cost reimburse | 22.04 |
| **Total Salt Marina Del Rey** | | | | **76.82** |
| **Southern Inn and Suite** | | | | |
| Credit Card Charge | 02/03/16 | Hotel in Kenedy, TX | Travel | 58.75 |
| **Total Southern Inn and Suite** | | | | 58.75 |
| **Southwest Air** | | | | |
| Credit Card Charge | 01/06/15 | travel texas | Travel | 507.20 |

| | | | |
|---|---|---|---|
| Credit Card Charge 02/21/16 | travel texas | Travel | 477.96 |
| **Total Southwest Air** | | | **985.16** |
| **Starbucks** | | | |
| Credit Card Charge 02/17/16 | Meals during travel | ConferencesTraining Foc | 29.10 |
| **Total Starbucks** | | | 29.10 |
| **Subway** | | | |
| Credit Card Charge 02/03/16 | Meals, Texas Trip | ConferencesTraining Foc | 18.35 |
| **Total Subway** | | | 18.35 |
| **Thrifty Car Rental** | | | |
| Credit Card Charge 02/04/16 | Car Rental for Texas Trip | Travel | 439.13 |
| **Total Thrifty Car Rental** | | | 439.13 |
| **Travel Insurance Policy** | | | |
| Credit Card Charge 01/29/16 | Insurance | Travel | 23.69 |
| Credit Card Charge 01/30/16 | Insurance | Travel | 45.00 |
| Credit Card Charge 02/13/16 | Insurance | Travel | 21.00 |
| Credit Card Charge 02/13/16 | Insurance | Travel | 21.88 |
| **Total Travel Insurance Policy** | | | 111.57 |
| **United Air** | | | |
| Credit Card Charge 01/29/16 | Airfare to Texas | Travel | 810.60 |
| **Total United Air** | | | 810.60 |
| **Wingate Inn & Suites** | | | |
| Credit Card Charge 02/01/16 | Lodging, Texas Trip | Travel | 96.77 |
| **Total Wingate Inn & Suites** | | | 96.77 |
| **TOTAL** | | | **7,174.51** |

Exhibit 4

## DECLARATION OF CARLOS HOLGUIN

I, Carlos Holguín, declare and say as follows:

1.  I am one of the attorneys representing plaintiffs in this action. I am employed by, and serve as General Counsel of, the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm that provides free legal representation to indigent immigrants and refugees. I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). A true and correct copy of my resume detailing my experience and qualifications is included as Exhibit A to this declaration.

2.  I was admitted to practice before the Supreme Court of the State of California in November 1979; the United States District Court for the Central District of California in December 1979; the United States District Court for the Eastern District of California in December 1979; the United States Circuit Court of Appeals for the Ninth Circuit in May 1982, the United States Supreme Court in February 1992, the United States District Court for the Southern District of California in July 1992; and the United States District Court for the Northern District of California in March 2007.

3. Since 1984 my practice has focused on litigation, advocacy and technical support in furtherance of the rights of immigrants and refugees. As regards legal support services, the California Legal Services Trust Fund has funded CHRCL since 1982 to provide technical support and training to qualified legal services programs and attorneys serving *pro bono publico* in the areas of immigration law, constitutional law, and impact litigation. In my capacity as CHRCL's general counsel, I regularly provide technical support, advocacy support, and training to legal aid and *pro bono* lawyers on immigration law, constitutional law, and complex litigation.

4. In the area of litigation, I have served as lead or co-counsel in numerous major class actions on behalf of immigrants and refugees, including *Reno v. Flores*, 507 U.S. 292 (1993), which resulted in a nationwide settlement fixing standards for the housing and

release of children arrested pending deportation proceedings; *Perez-Olano v. Gonzalez*, 248 F.R.D. 248 (C.D. Cal. 2008), which resulted in a nationwide settlement expanding eligibility for special immigrant status, an immigration benefit for abused, abandoned and neglected children; *We Are America v. Maricopa County*, 297 F.R.D. 373 (D. Ariz. 2013), a state-wide class injunction against prosecuting migrants for conspiring to transport themselves; *Orantes-Hernandez v. Smith*, 541 F.Supp. 351 (C.D. Cal. 1982), a national class action on behalf of Salvadoran nationals blocked from applying for political asylum; *League of United Latin American Citizens v. Wilson*, 908 F. Supp. 755 (C.D. Cal. 1995), a state-wide class action that overturned a state proposition that would have denied health care, social services and education to suspected undocumented immigrants; *Catholic Social Services v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (en banc), a national class action that restored the right of some 500,000 class members to apply for legalization under the Immigration Reform and Control Act of 1986; and *Plyler v. Doe*, 457 U.S. 202 (1982), a state-wide class action that established the right of children to a public elementary education regardless of their immigration status.

5. I am fluent in English and Spanish. The majority of class members in the litigation the CHRCL conducts, including *Flores v. Lynch*, are monolingual Spanish-speakers, and the ability to communicate with these class members in their native language is invaluable.

6. I believe that the successful prosecution of the instant action required an unusual combination of skills, knowledge, and experience. Since 1985 I have devoted a good part of my practice to working with immigrant and refugee minors; I believe that my language skills and the insight I have developed with this population through, for example, my work in negotiating and monitoring the settlement in *Flores v. Lynch*, was invaluable to the success of this litigation.

7. Throughout this litigation, I have maintained contemporaneous records of

time I have spent on this case. Exhibit B to this declaration sets forth a true and correct itemization of this time. For the most part, I record a summary of my activity, which sometimes comprises related tasks. For example, a time entry indicating that I have spent X hours checking a set of citations, for example, includes time spent following the history, treatment, related cases, and cases that cite a principal citation. I have exercised billing judgment in preparing the attached time records.

8. The total time I believe compensable for my work on plaintiffs' motion to enforce the *Flores* settlement against defendant Department of Homeland Security, Dkt. No. 100, and tasks related thereto, including opposing defendants' motion to modify the settlement, Dkt. No. 120, is 433.67 hours, as reflected in the attached itemization.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of September, 2016, at Los Angeles, California.

_____

Carlos Holguin

/ / /

*Curriculum Vitae*

# CARLOS HOLGUIN

Home:                                      Office:
15920 Calle El Capitan                     256 S. Occidental Blvd.
Santa Clarita, California 91390            Los Angeles, CA 90057
(661) 270-0912                             (213) 388-8693 x109
e-mail: crholguin@centerforhumanrights.org

## PROFESSIONAL DEGREES

• Juris Doctorate, May 1979.

  Peoples College of Law, Los Angeles, California. Emphasis on civil rights, labor, and administrative law.

## BAR ADMISSIONS

• Supreme Court of the State of California, November 1979.

• United States District Court for the Central District of California, December 1979.

• United States District Court for the Eastern District of California, December 1979.

• United States Circuit Court of Appeals for the Ninth Circuit, May 1982.

• United States Supreme Court, February 1992.

• United States District Court for the Southern District of California, July 1992.

• United States District Court for the Northern District of California, March 2007.

## PROFESSIONAL EXPERIENCE

• *General Counsel, Center for Human Rights & Constitutional Law, Los Angeles, California. 1984 to present.*

Duties: General counsel for non-profit, public interest legal advocacy center specializing in legal, legislative, and educational work in furtherance of the rights of immigrants and refugees. Serve as lead and co-counsel in impact litigation involving deportation, political asylum, the rights of juveniles, and social services.

Additional duties include administration of grants, financial operations, office computerization, and community liaison.

Exhibit A

- *Staff attorney, Westside Legal Services, Santa Monica, California, 1982-83.*

Duties: Serve as sole staff attorney for community legal assistance office providing services for eligible low income clients. Coordinate and supervise U.C.L.A. law students in clinical program involving counseling and direct representation of eligible clients. Maintain caseload with emphasis on eviction defense, government benefits, and consumer rights.

- *Staff attorney, National Center or Immigrants' Rights, Los Angeles, California (Research Associate prior to bar admission), 1977-82.*

Duties: Serve as principal and co-counsel for national Legal Services support center. Heavy emphasis on impact litigation involving immigration, civil rights of non-citizens, administrative law and procedure, eligibility for government benefits, and constitutional law.

Additional duties include serving as a resource attorney for Legal Services field programs in the areas of immigration law and procedure, refugee rights, and federal litigation; training of Legal Services attorneys and paralegals; legislative monitoring and analysis; preparation of technical articles and training materials on immigrants' and refugees' rights and federal litigation; coordination and supervision of El Rescate, a direct services project providing legal assistance to Central American refugees.

SPECIAL SKILLS

Read, write, and speak Spanish. Extensive experience in non-profit administration.

REFERENCES

Furnished on request.

**Attorney Time Report — Flores v. Johnson, Motion to Enforce re: DHS — Carlos Holguín**

| Date | Start Time | Stop Time | Elapsed Time | Client | Category | Description |
|------|-----------|-----------|--------------|--------|----------|-------------|
| 6/19/14 | 11:27 AM | 5:55 PM | 4.9 | Flores-DHS | Litigation | Investigate surge settlement violations. |
| 7/7/14 | 10:39 AM | 12:47 PM | 2.13 | Flores-DHS | Litigation | Review settlement compliance; email ACLU, etc. |
| 7/14/14 | 10:54 AM | 3:28 PM | 1.7 | Flores-DHS | Litigation | Research settlement sunset provision. |
| 7/17/14 | 3:11 PM | 4:34 PM | 1.39 | Flores-DHS | Litigation | Conf call w/co-counsel and email re: settle monitoring. |
| 7/22/14 | 2:33 PM | 4:02 PM | 1.47 | Flores-DHS | Litigation | Conf. calls re: settlement enforcement. |
| 8/13/14 | 8:58 AM | 10:46 AM | 1.81 | Flores-DHS | Litigation | Coordinate facility inspections; book travel, etc. |
| 8/17/14 | 11:07 AM | 10:29 PM | 11.38 | Flores-DHS | Litigation | Prep 4 class mbr interviews; TV to Texas. |
| 8/18/14 | 7:40 AM | 3:30 PM | 6.84 | Flores-DHS | Litigation | Class mbr interviews |
| 8/19/14 | 7:40 AM | 6:30 PM | 10.83 | Flores-DHS | Litigation | Interview class mbrs.; Travel back to LA. |
| 8/27/14 | 10:30 AM | 12:27 PM | 1.95 | Flores-DHS | Litigation | Email to co-counsel re: enforcement strategy. |
| 8/29/14 | 9:30 AM | 10:15 AM | 0.75 | Flores-DHS | Litigation | Telecon w/ACLU re: settle enforce. |
| 9/3/14 | 2:00 PM | 4:00 PM | 2 | Flores-DHS | Litigation | Research family detention; telecon w/NCYL, YLC. |
| 9/8/14 | 12:03 PM | 5:49 PM | 4.86 | Flores-DHS | Litigation | Telecons, email, research re: settlement violations. |
| 9/9/14 | 1:18 PM | 1:50 PM | 0.53 | Flores-DHS | Litigation | Emails to ACLU, NCYL re: settlement violations. |
| 9/10/14 | 1:16 PM | 3:24 PM | 2.13 | Flores-DHS | Litigation | Telecon w/Olsi & Tamara & Judy re: settle violations. |
| 9/11/14 | 1:18 PM | 6:00 PM | 4.7 | Flores-DHS | Litigation | Draft class mbr inquiry; email co-counsel; R&D 6-month inquiry letter. |
| 9/15/14 | 1:17 PM | 5:31 PM | 4.24 | Flores-DHS | Litigation | Email opp. counsel re:class mbr.; research nat'l security response. |
| 9/16/14 | 8:42 AM | 2:32 PM | 1.35 | Flores-DHS | Litigation | Email & phone calls with advocates. |
| 9/18/14 | 9:00 AM | 8:53 PM | 11.88 | Flores-DHS | Litigation | Travel to Artesia; meet w/AILA volunteers |
| 9/19/14 | 5:45 PM | 5:57 PM | 8 | Flores-DHS | Litigation | Interviews w/class members. |
| 9/20/14 | 8:00 AM | 8:00 PM | 11.99 | Flores-DHS | Litigation | Interview class mbrs., travel to El Paso. |
| 9/21/14 | 8:00 AM | 12:30 PM | 4.5 | Flores-DHS | Litigation | Tv to Los Angeles |
| 9/21/14 | 8:25 AM | 10:15 AM | 1.83 | Flores-DHS | Litigation | Draft 6-month questions re: settle compliance. |
| 9/22/14 | 2:12 PM | 3:55 PM | 1.73 | Flores-DHS | Litigation | Telecon w/PAS re: Artesia, potential litigation. |
| 9/22/14 | 4:03 PM | 4:27 PM | 0.4 | Flores-DHS | Litigation | R&D 6 month questions. |
| 9/23/14 | 6:57 AM | 8:41 AM | 1.75 | Flores-DHS | Litigation | Review, suggest edits to class counsel ltr to DHS secretary re: family detention. |
| 9/23/14 | 2:28 PM | 4:03 PM | 1.57 | Flores-DHS | Litigation | Finalize 6-month letter re: settle implementation. |
| 9/26/14 | 10:00 AM | 11:09 AM | 1.15 | Flores-DHS | Litigation | Telecon w/MTO, NCYL, re settle enforce. |
| 9/26/14 | 1:54 PM | 3:06 PM | 1.21 | Flores-DHS | Litigation | Research bond standards; email co-counsel. |
| 9/28/14 | 7:10 AM | 8:16 AM | 1.09 | Flores-DHS | Litigation | Research statutory basis for no-bond policy. |
| 9/29/14 | 11:02 AM | 6:34 PM | 6.66 | Flores-DHS | Litigation | Compile and revise 6-month letter. |
| 9/30/14 | 12:05 PM | 1:16 PM | 1.18 | Flores-DHS | Litigation | Draft pre-meet letter. |
| 9/30/14 | 1:16 PM | 1:43 PM | 0.45 | Flores-DHS | Litigation | Telecon w/B. Hines, et al., re: Karnes City. |
| 9/30/14 | 3:59 PM | 4:30 PM | 0.51 | Flores-DHS | Litigation | Telecon w/co-counsel re: rescheduling DHS meeting. |
| 10/1/14 | 8:42 AM | 9:03 AM | 0.35 | Flores-DHS | Litigation | Email co-counsel re DHS meeting. |
| 10/2/14 | 7:46 AM | 9:20 AM | 1.56 | Flores-DHS | Litigation | Review pre-meet letter; email co-counsel re same + meet/confer. |
| 10/2/14 | 11:40 AM | 4:24 PM | 3.58 | Flores-DHS | Litigation | Edit/finalize 6-month settlement monitoring questions. |
| 10/5/14 | 10:19 AM | 2:52 PM | 2.02 | Flores-DHS | Litigation | Draft emails to co-counsel & OIL re: management of litigation, etc. |
| 10/8/14 | 5:59 AM | 5:04 PM | 6.29 | Flores-DHS | Litigation | Telecons, draft email to OIL, draft meet/confer letter. |
| 10/9/14 | 6:35 AM | 10:39 AM | 1.72 | Flores-DHS | Litigation | Draft meet/confer letter. |
| 10/15/14 | 2:13 PM | 3:48 PM | 1.58 | Flores-DHS | Litigation | Finalize & distribute meet/confer request. |
| 10/15/14 | 3:48 PM | 6:22 PM | 2.57 | Flores-DHS | Litigation | Draft model advocate declaration. |

Exhibit B

| Date | Start | End | Hours | Matter | Type | Description |
|---|---|---|---|---|---|---|
| 10/21/14 | 9:13 AM | 9:53 AM | 0.67 | Flores-DHS | Litigation | Email to Karnes advocates, etc. |
| 10/22/14 | 9:45 AM | 11:05 AM | 1 | Flores-DHS | Litigation | Email to detainee advocates. |
| 10/27/14 | 1:06 PM | 3:05 PM | 1.98 | Flores-DHS | Litigation | Telecons w/ACLU Prison Project & Orrick re: settlment enforcement. |
| 10/28/14 | 7:04 AM | 7:27 AM | 0.39 | Flores-DHS | Litigation | Email Orrick re: settle violation research. |
| 10/30/14 | 9:59 AM | 11:23 AM | 1.4 | Flores-DHS | Litigation | Meet/confer. |
| 11/6/14 | 12:31 PM | 6:51 PM | 4.96 | Flores-DHS | Litigation | Telecon w/co-counsel; draft email to field re: enforcement update, etc. |
| 11/13/14 | 11:27 AM | 1:36 PM | 2.14 | Flores-DHS | Litigation | Draft enforcement motion structure; distribute to co-counsel. |
| 11/17/14 | 2:28 PM | 6:38 PM | 4.16 | Flores-DHS | Litigation | Research and draft motion to enforce. |
| 11/19/14 | 2:30 PM | 5:54 PM | 3.4 | Flores-DHS | Litigation | Assemble & distribute evidence re: motion to enforce. |
| 11/20/14 | 10:47 AM | 12:59 PM | 1.32 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 11/24/14 | 11:08 AM | 6:05 PM | 5.5 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 11/25/14 | 3:45 PM | 4:12 PM | 0.45 | Flores-DHS | Litigation | Review and select enforcement exhibits. |
| 11/26/14 | 2:55 PM | 3:36 PM | 0.67 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 11/28/14 | 11:52 AM | 2:23 PM | 2.02 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 12/1/14 | 8:35 AM | 9:09 AM | 0.56 | Flores-DHS | Litigation | Conf. call w/La Raza Centro Legal re: enforcement. |
| 12/1/14 | 1:44 PM | 6:22 PM | 4.64 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 12/2/14 | 3:14 PM | 5:25 PM | 2.19 | Flores-DHS | Litigation | Review and critique draft advocate declarations. |
| 12/4/14 | 1:41 PM | 6:04 PM | 4.39 | Flores-DHS | Litigation | Review evidence; research & draft motion to enforce. |
| 12/5/14 | 9:07 AM | 5:51 PM | 2.87 | Flores-DHS | Litigation | Telecons & email w/co-counsel UT clinic & La Raza Central. |
| 12/8/14 | 1:31 PM | 6:07 PM | 4.6 | Flores-DHS | Litigation | Coordinate work w/co-counsel; email & telecons re: experts; research & draft enforcement motion. |
| 12/9/14 | 1:34 PM | 5:09 PM | 2.6 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 12/10/14 | 10:23 AM | 4:29 PM | 4.64 | Flores-DHS | Litigation | Research &  draft motion to enforce. |
| 12/10/14 | 4:00 PM | 4:30 PM | 0.5 | Flores-DHS | Litigation | Conf call w/licensing expert, Gene Berger. |
| 12/11/14 | 10:14 AM | 5:00 PM | 5.72 | Flores-DHS | Litigation | Research & draft motion to enforce. |
| 12/12/14 | 9:00 AM | 10:00 AM | 1 | Flores-DHS | Litigation | Conf. call w/co-counsel re: status, division of work, etc. |
| 12/17/14 | 11:12 AM | 11:49 AM | 0.61 | Flores-DHS | Litigation | Research Orantes motion to dissolve; email decisions to co-counsel. |
| 12/18/14 | 4:17 PM | 5:54 PM | 1.62 | Flores-DHS | Litigation | Research and write motion to enforce. |
| 12/19/14 | 8:39 AM | 9:41 AM | 1.02 | Flores-DHS | Litigation | Review draft brief; conf. call w/co-counsel. |
| 12/22/14 | 9:54 AM | 11:32 AM | 1.58 | Flores-DHS | Litigation | Conf. call w/expert, co-counsel. |
| 12/22/14 | 11:33 AM | 5:51 PM | 5.31 | Flores-DHS | Litigation | Research & write motion to enforce. |
| 12/26/14 | 8:42 AM | 9:22 AM | 0.66 | Flores-DHS | Litigation | Review draft motion; conference call w/co-counsel. |
| 12/29/14 | 11:29 AM | 6:12 PM | 3.97 | Flores-DHS | Litigation | Draft motion 2 enforce re: release. |
| 12/29/14 | 3:24 PM | 5:26 PM | 2.04 | Flores-DHS | Litigation | Set-up class mbr. interviews + facility inspections. |
| 12/30/14 | 1:52 PM | 3:28 PM | 0.93 | Flores-DHS | Litigation | Prepare & send facility visit letter. |
| 1/2/15 | 10:20 AM | 10:48 AM | 0.47 | Flores-DHS | Litigation | Email to OIL re: facility visits. |
| 1/5/15 | 11:26 AM | 7:02 PM | 5.6 | Flores-DHS | Litigation | Coordinate facility visits; respond to co-counsel email. |
| 1/6/15 | 12:05 PM | 12:55 PM | 0.84 | Flores-DHS | Litigation | Telecon w/Ranjana & Barbara re: current conditions, briefing strategy, etc. |
| 1/6/15 | 1:36 PM | 3:46 PM | 1.24 | Flores-DHS | Litigation | Draft & distribute model detainee declaration, interview checklists. |
| 1/7/15 | 8:33 AM | 3:30 PM | 6.95 | Flores-DHS | Litigation | Travel to San Antonio for class mbr interviews |
| 1/8/15 | 7:45 AM | 7:33 PM | 11.13 | Flores-DHS | Litigation | Class member interviews: Dilley |
| 1/9/15 | 7:50 AM | 6:33 PM | 10.47 | Flores-DHS | Litigation | Class member interviews: Karnes City. |
| 1/10/15 | 8:40 AM | 2:20 PM | 5.67 | Flores-DHS | Litigation | Travel to Los Angeles from San Antonio |
| 1/11/15 | 9:33 AM | 4:04 PM | 3.19 | Flores-DHS | Litigation | Coordinate completing motion to enforce, exhibits, experts. |
| 1/11/15 | 4:25 PM | 5:46 PM | 1.28 | Flores-DHS | Litigation | Draft declaration re: Karnes, Dilley. |
| 1/12/15 | 10:48 AM | 4:32 PM | 2.27 | Flores-DHS | Litigation | Draft Dilley-Karnes declaration; select exhibits; email co-counsel. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1/13/15 | 9:23 AM | 10:21 AM | 0.97 | Flores-DHS | Litigation | Draft/circulate response to OIL re: additional meet/confer. |
| 1/13/15 | 1:37 PM | 6:23 PM | 4.77 | Flores-DHS | Litigation | Research & draft motion to enforce - no-release policy. |
| 1/15/15 | 1:51 PM | 3:59 PM | 2.12 | Flores-DHS | Litigation | R&D motion to enforce, |
| 1/16/15 | 7:58 AM | 9:18 AM | 1.33 | Flores-DHS | Litigation | Assemble exhibits; email to co-counsel. |
| 1/16/15 | 10:36 AM | 7:32 PM | 3.51 | Flores-DHS | Litigation | R&D motion to enforce - no-release policy. |
| 1/17/15 | 4:21 AM | 9:10 AM | 3.01 | Flores-DHS | Litigation | Research & draft motion to enforce - no-release policy. |
| 1/18/15 | 5:44 AM | 4:09 PM | 3.39 | Flores-DHS | Litigation | Research & draft motion to enforce - no-release policy re: mothers. |
| 1/19/15 | 6:30 AM | 8:53 AM | 1.48 | Flores-DHS | Litigation | Complete & circulate draft enforcement brief. |
| 1/23/15 | 8:51 AM | 10:19 AM | 1.46 | Flores-DHS | Litigation | Edit latest iteration of MTE. |
| 1/26/15 | 10:21 AM | 12:00 PM | 1.65 | Flores-DHS | Litigation | Draft proposed order. |
| 1/26/15 | 12:00 PM | 12:48 PM | 0.8 | Flores-DHS | Litigation | Teleconf w/co-counsel re: MTE, proposed relief, etc. |
| 1/26/15 | 2:42 PM | 6:17 PM | 3.06 | Flores-DHS | Litigation | Revise no-release argument; circulate. |
| 1/27/15 | 10:34 AM | 5:59 PM | 6.49 | Flores-DHS | Litigation | Edit MTE. |
| 1/28/15 | 6:59 AM | 9:37 AM | 2.62 | Flores-DHS | Litigation | Complete MTE edit; circulate. |
| 1/28/15 | 1:00 PM | 2:09 PM | 1.15 | Flores-DHS | Litigation | Conf. call w/co-counsel. |
| 1/29/15 | 2:42 PM | 5:54 PM | 3.21 | Flores-DHS | Litigation | Final edit of MTE motion, brief, etc. |
| 1/30/15 | 7:19 AM | 8:24 AM | 1.09 | Flores-DHS | Litigation | Prepare and forward stip & order re: filing under seal. |
| 2/5/15 | 3:15 PM | 5:18 PM | 2.05 | Flores-DHS | Litigation | Revise proposed MTE order. |
| 2/7/15 | 8:08 AM | 9:35 AM | 1.45 | Flores-DHS | Litigation | Revise proposed order; draft explanation for co-counsel. |
| 2/9/15 | 11:10 AM | 1:02 PM | 1.87 | Flores-DHS | Litigation | Meet w/PAS re:case management & strategy. |
| 2/9/15 | 2:57 PM | 6:05 PM | 3.13 | Flores-DHS | Litigation | E-file & email re: declarations under seal. |
| 2/10/15 | 9:18 AM | 9:28 AM | 0.17 | Flores-DHS | Litigation | Email to S.Fabian re: hearing dates. |
| 2/19/15 | 2:04 PM | 6:30 PM | 4.43 | Flores-DHS | Litigation | Draft letter re: pre-discovery. |
| 2/20/15 | 1:26 PM | 2:13 PM | 0.77 | Flores-DHS | Litigation | Review RILR PI decision. |
| 2/23/15 | 4:23 PM | 7:33 PM | 3.16 | Flores-DHS | Litigation | Review RILR briefing, CRS report re: UIM migration. |
| 3/2/15 | 11:00 AM | 1:17 PM | 2.29 | Flores-DHS | Litigation | Review MTE opp & motion to modify; conf. call w/co-counsel; meet w/PAS re briefing. |
| 3/2/15 | 2:11 PM | 6:30 PM | 2.29 | Flores-DHS | Litigation | R&D MTE reply. |
| 3/3/15 | 10:04 AM | 3:18 PM | 2.84 | Flores-DHS | Litigation | R&D reply to MTE opposition. |
| 3/4/15 | 1:41 PM | 6:19 PM | 4.57 | Flores-DHS | Litigation | R&D opp 2 mod settlement. |
| 3/5/15 | 9:20 AM | 6:47 PM | 8.91 | Flores-DHS | Litigation | Reseach & draft opposition to modify settlement. |
| 3/6/15 | 6:34 AM | 5:36 PM | 8.83 | Flores-DHS | Litigation | Edit brief in opposition to motion to modify settlement. |
| 3/9/15 | 11:31 AM | 1:15 PM | 1.72 | Flores-DHS | Litigation | Edit, file evidentiary objections; supplemental exhibits. |
| 3/9/15 | 1:58 PM | 6:32 PM | 4.56 | Flores-DHS | Litigation | R&D reply to MTE opposition. |
| 3/10/15 | 1:38 PM | 6:07 PM | 4.48 | Flores-DHS | Litigation | R&D reply to MTE opposition. |
| 3/11/15 | 9:16 AM | 7:06 PM | 6.76 | Flores-DHS | Litigation | R&D reply to MTE opposition. |
| 3/12/15 | 6:10 AM | 12:53 PM | 4.52 | Flores-DHS | Litigation | R&D reply to MTE opposition. |
| 3/13/15 | 12:58 PM | 5:19 PM | 3.45 | Flores-DHS | Litigation | Edit MTE reply |
| 3/16/15 | 3:02 PM | 4:11 PM | 1.15 | Flores-DHS | Litigation | Review motion to amend repy & pre-discovery supplemental answers/production. |
| 3/23/15 | 3:36 PM | 6:21 PM | 2.74 | Flores-DHS | Litigation | Prep for MTE/Modify hearing. |
| 3/25/15 | 12:30 PM | 2:15 PM | 0.98 | Flores-DHS | Litigation | Prep for MTE/modify hearing. |
| 3/26/15 | 3:39 PM | 4:46 PM | 1.11 | Flores-DHS | Litigation | Prepare stip to continue hearing, proposed order. |
| 3/27/15 | 7:34 AM | 7:47 AM | 0.22 | Flores-DHS | Litigation | Finalize & e-file stip to continue. |
| 3/30/15 | 2:37 PM | 5:08 PM | 2.52 | Flores-DHS | Litigation | Review new evidence; structure rebuttal evidentiary filing. |
| 4/2/15 | 12:29 PM | 5:48 PM | 4.32 | Flores-DHS | Litigation | Research & assemble additional evidence. |
| 4/10/15 | 9:54 AM | 12:13 PM | 2.32 | Flores-DHS | Litigation | Finalize evidence objection response, 4th set of exhibits. |

| Date | Start | End | Hours | Client | Type | Description |
|---|---|---|---|---|---|---|
| 4/23/15 | 10:21 AM | 7:31 PM | 5.99 | Flores-DHS | Litigation | Prep for MTE hearing. |
| 4/24/15 | 5:44 AM | 2:43 PM | 8.25 | Flores-DHS | Litigation | Prep for MTE hearing; 3 hrs travel. |
| 4/24/15 | 2:11 PM | 4:36 PM | 2.4 | Flores-DHS | Litigation | MTE hearing |
| 4/27/15 | 2:57 PM | 6:23 PM | 3.44 | Flores-DHS | Litigation | Meet w/PAS; draft memo to field re: 4/24 hearing. |
| 4/28/15 | 1:51 PM | 2:50 PM | 0.99 | Flores-DHS | Litigation | Conf call w/RILR counsel. |
| 5/1/15 | 12:06 PM | 1:09 PM | 1.04 | Flores-DHS | Litigation | Conf call w/advocates re: negotiations. |
| 7/28/15 | 9:44 AM | 9:59 AM | 0.24 | Flores-DHS | Litigation | Research waiver of settlement benefits. |
| 8/24/15 | 11:15 AM | 1:00 PM | 1.73 | Flores-DHS | Litigation | Meet/telecon w/PAS, et al., re: settlement compliance. |
| 10/28/15 | 4:00 PM | 5:20 PM | 1.33 | Flores-DHS | Litigation | Meet w/Women's Commission re: CBP conditions. |
| 2/5/16 | 10:17 AM | 10:54 AM | 0.62 | Flores-DHS | Litigation | Telecon w/PAS re: CBP conditions, appeal, etc. |
| 5/4/16 | 3:06 PM | 4:31 PM | 1.42 | Flores-DHS | Litigation | Research transition to removal/expedited removal. |
| 6/4/16 | 10:28 AM | 10:47 AM | 0.32 | Flores-DHS | Litigation | Email to PAS re: argument, etc. |
| 6/6/16 | 1:48 PM | 2:51 PM | 1.05 | Flores-DHS | Litigation | Revisit memorandum of understanding re: accompanied minors' coverage. |
| 6/13/16 | 11:39 AM | 1:46 PM | 2.12 | Flores-DHS | Litigation | Conf w/PAS re: discovery, hearing. |
| 7/8/16 | 12:23 PM | 12:51 PM | 0.47 | Flores-DHS | Litigation | Telecon w/PAS re: 9th Cir. op, etc. |
| 7/9/16 | 10:33 AM | 10:57 AM | 0.39 | Flores-DHS | Litigation | Telecon w/PAS re: discovery, etc. |

|  |  |
|---|---|
| Total hours | 432.67 |
| Rate | $ 725 |
| Total Fees | $ 313,685.75 |

Exhibit 5

## DECLARATION OF MARCHELA IAHDJIAN

I, Marchela Iahdjian, declare and say as follows:

1.  I was one of the attorneys representing plaintiffs in this action. I was employed by and served as staff attorney of the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm that provides free legal representation to indigent immigrants and refugees. I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). A true and correct copy of my resume detailing my experience and qualifications is included as Exhibit A to this declaration.

2.  I graduated from University of California, Hastings School of Law in May 2011 and was then admitted to the State Bar of California in January of 2014. I worked as a staff attorney at CHRCL from August 2013 October 2015, during which time I served as co-counsel for the plaintiffs in this action.

3.  Since 1984 CHRCL's practice has focused on litigation, advocacy and technical support in furtherance of the rights of immigrants and refugees. As regards legal support services, the California Legal Services Trust Fund has funded CHRCL since 1982 to provide technical support and training to qualified legal services programs and attorneys serving *pro bono publico* in the areas of immigration law, constitutional law, and impact litigation. In my capacity as CHRCL's staff attorney, I regularly provided technical support, advocacy support, and training to legal aid and *pro bono* lawyers on immigration law and policy.

4.  Throughout this litigation, I maintained records of time I worked on this case. Exhibit B to this declaration sets forth an itemization of this time. I have exercised billing judgment in preparing the attached time records. I have not recorded numerous short discussions and meetings with Carlos Holguin or Peter Schey involving the Flores litigation on almost a daily basis. Nor have I recorded numerous short telephone conversations and emails, likely numbering in the hundreds, with consultants and pro bono attorneys involving the motion to enforce.

- 1 -

5.   The total time I believe compensable for my work related to plaintiffs' motion to enforce the *Flores* settlement against defendant Department of Homeland Security, Dkt. No. 100, is 118.32 hours, as reflected in the attached itemization.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2016, at Los Angeles, California.

s/ Marchela Iahdjian
Marchela Iahdjian

/ / /

- 2 -

Iahdjian Declaration

Exhibit A

# MARCHELA IAHDJIAN

544 E. Cypress Ave. Apt. K • Burbank, CA 91501 • (818) 489-2042 • marchelai@gmail.com

| | |
|---|---|
| **QUALIFICATION HIGHLIGHTS** | • Passed February 2013 CA Bar Exam – Admission to CA Bar pending |

- Passed February 2013 CA Bar Exam – Admission to CA Bar pending
- 7+ years of experience in nonprofit and public sectors with a focus on public interest law, civic engagement, and advocacy leadership for vulnerable communities.
- 5+ years of experience conducting legal research, analyzing complex data, and synthesizing strategies and solutions.
- Experience working with public, private and civic sector partnerships and building relationships among diverse constituencies to create long-term impact.
- Superb writing, editing and oral communication skills – drafted legal documents, published advocacy booklet for The California Endowment, organized press conferences, presented civil rights lectures, testified at public policy hearings.
- Skilled in Westlaw and Lexis.

**PROFESSIONAL EXPERIENCE**

**Law Office of Jason O. Sias – Los Angeles, CA**
**Paralegal, 01/2012 – Present (part-time)**
Conduct legal research and field investigations. Draft legal memoranda, motions, and affidavits. Provide assistance with criminal and civil litigation.

**GOOD, Inc. – Los Angeles, CA**
**Strategic Consultant, 02/2013 – Present**
Provide strategic consulting for social innovation company to push world-changing ideas forward. Make recommendations to executive team based on identified opportunities for thought leadership, civic engagement, and youth development projects.

**Civil Justice Clinic, UC Hastings College of the Law – San Francisco, CA**
**Certified Law Clerk, 01/2011 – 06/2011**
Facilitated conflict resolution, negotiated with opposing counsel and successfully represented client at mediation proceedings in ADA reasonable accommodations case. Conducted client intakes, counseled client, and prepared exhibits. Developed case theory and strategy, interviewed medical experts and drafted affidavits. Drafted and filed a decrease in habitability petition with the San Francisco Rent Board.

**Homeless Legal Services – San Francisco, CA**
**President, 05/2010 – 05/2011, Member 09/2009 – 05/2010**
Conducted direct client intake in the largest homeless shelter in San Francisco. Coordinated with Public Defenders and service providers, and negotiated with law enforcement officials on behalf of clients. Trained, and supervised more than 100 law students. Conducted trainings for pro-bono attorneys.

**California Women's Law Center – Los Angeles, CA**
**Public Interest Fellow, 05/2010 – 09/2010**
Monitored compliance with state and federal legislation and court order for Title IX class action. Assisted in defending expert witness deposition. Compiled and analyzed data produced in discovery and assisted with developing litigation strategy. Designed a significant demonstrative exhibit displayed during trial. Conducted legal research regarding habeas corpus petitions for battered women. Analyzed legislation and made recommendations. Testified at public policy hearings.

**California DOJ, Attorney General's Office – Consumer Protection Unit**
**Law Clerk, 05/2009 – 12/2009**
Conducted complex legal research, analyzed policy and drafted reports related to consumer

Marchela Iahdjian, page 2

| | |
|---|---|
| **PROFESSIONAL EXPERIENCE, CONT.** | protection investigations. Presented recommendations to Supervising Deputy Attorney General. Helped develop legal strategy and interviewed potential witnesses nationwide.

**Legal Aid Foundation of Los Angeles (LAFLA), Employment Law Unit**
**Law Clerk, 05/2009 – 09/2009**
Advocated on behalf of low-wage workers, interviewed clients, conducted legal research, drafted pleadings and briefs. Negotiated with government agencies and represented clients at administrative hearings.

**Pacific Asian Language Services for Health – Los Angeles, CA**
**Speakers' Bureau Program Coordinator, 02/2007 – 07/2008**
Coordinated all aspects of a pilot nonprofit program to increase awareness of language barriers in health care. Prepared and conducted trainings, drafted press releases and organized press conferences. Represented program in statewide collaborative to develop health care policy initiatives. Transcribed, edited, and published advocacy booklet for The California Endowment.

**Asian Pacific American Legal Center – Los Angeles, CA**
**Voter Mobilization Coordinator, 02/2006 – 02/2007**
Served as a liaison for voter mobilization network comprised of nine community-based organizations. Recruited, trained and coordinated over 500 volunteers for inaugural non-partisan voter outreach program. Implemented and evaluated focus groups of low-propensity voters. Utilized qualitative and quantitative analytical skills to assess barriers to full political participation.

**RichCraft, Inc. – Los Angeles, CA**
**Coordinator, 10/2003 – 06/2005**
Assisted in launching Creative Corps, an arts-enrichment program for inner-city students. Researched and assessed theories of learning and drafted summary of findings. Developed lesson plans based on research results. Worked with after-school staff to implement and evaluate activities. |
| **EDUCATION** | **University of California, Hastings College of the Law – San Francisco, CA**
Juris Doctor – Concentration in Social Justice Lawyering, May 2011
Passed February 2013 CA Bar Exam – Admission to CA Bar pending
• CALI & Witkin Awards for Excellence in Community Economic Development
• Articles Editor for <u>Women's Law Journal</u>
• Harry A. Blackmun Memorial Public Interest Fellow
• Research Fellow for ResponsiveLaw.org
• Coordinator of "Day At Law School" event for inner-city kids
• Teaching Assistant for Property Law and Legal Writing & Research
• Hastings Public Interest Law Foundation, La Raza
• Wiley W. Manuel Certificate for Pro Bono Legal Services
• SF Bar Association Outstanding Volunteer in Public Service Award

**University of California, Los Angeles (UCLA)**
Bachelor of Arts – Political Science (International Relations) and French, May 2005 |

Iahdjian Declaration

Exhibit B

Flores v. Johnson
Time Records for Marchela Iahdjian

Prepapred: 10/02/15

| Date | Task | Notes | Hours |
|------|------|-------|-------|
| 5/4/15 | Flores v. Jophnson | Telecon with Peter re travel to DC, contact info pro bono co | 0.8 |
| 5/12/15 | Flores v. Johnson | Meeting with Peter | 1.5 |
| 5/13/15 | Flores v. Johnson | Telecon w/ Peter meeting with Defs' counsel re settlement | 0.7 |
| 5/19/15 | Flores v. Johnson | Telecon with Peter re settlement positions / research | 1.4 |
| 6/3/15 | Flores v. Johnson | Phone Call w/ Peter | 0.68 |
| 6/12/15 | Flores v. Johnson | Telecons Peter review status of litigation, research, settlem | 1.5 |
| 6/18/15 | Flores v. Johnson | Telecon PS re status case and next steps re settlement | 0.5 |
| 6/30/15 | Flores v. Johnson | co-counsel call and follow-up | 3 |
| 7/1/15 | Flores v. Johnson | Phone call w/ Peter re settlement | 1.23 |
| 7/6/15 | Flores v. Johnson | Meet w/ Peter to go over Surge numbers spreadsheet | 0.75 |
| 7/6/15 | Flores v. Johnson | Meet w/ law clerk Manuel re: Flores research | 0.5 |
| 7/8/15 | Flores v. Johnson | Edit proposed order, emailed co-counsel and consultants, | 1.33 |
| 7/8/15 | Flores v. Johnson | Figure out how to encrypt and prevent people from downlo | 0.17 |
| 7/9/15 | Flores v. Johnson | Call w/ co-counsel, talk to Peter, call w/ consultants, emails | 5 |
| 7/9/15 | Flores v. Johnson | Work on compiling responses to press releases by ICE | 3.29 |
| 7/10/15 | Flores v. Johnson | Conference call w/ consultants and co-counsel (1pm-3:10p | 2.33 |
| 7/10/15 | Flores v. Johnson | Emails, distribute counter-offer to team, send new consulta | 1 |
| 7/13/15 | Flores v. Johnson | Call w/ govt. | 0.25 |
| 7/13/15 | Flores v. Johnson | Call w/ consultants and co-counsel | 2.42 |
| 7/15/15 | Flores v. Johnson | emails, archiving, telecon meeting w/ Peter, research | 5 |
| 7/16/15 | Flores v. Johnson | Advisals work | 0.58 |
| 7/16/15 | Flores v. Johnson | proposed order | 2.48 |
| 7/16/15 | Flores v. Johnson | conference call w/ David & Leon | 0.58 |
| 7/20/15 | Flores v. Johnson | Research | 0.25 |
| 7/20/15 | Flores v. Johnson | meet w peterre proposed order, prep cponf call consultants | 1.67 |
| 7/20/15 | Flores v. Johnson | email to co counsel to schedule a call, go through tentative | 1.52 |
| 7/20/15 | Flores v. Johnson | conference call w/ co counsel | 1.18 |
| 7/24/15 | Flores v. Johnson | Review court order teleconsemailsconsultants re same | 6 |
| 7/27/15 | Flores v. Johnson | Flores order summary, draft sign-on, draft email to ngos ar | 6.27 |
| 7/28/15 | Flores v. Johnson | Call w/ Jessica re: pope and join press call | 0.17 |
| 7/28/15 | Flores v. Johnson | emails, get to Pope | 0.58 |
| 7/30/15 | Flores v. Johnson | emails recourts july Order | 0.25 |
| 8/4/15 | Flores v. Johnson | telecon Peter re responding to Court's JulyOSC | |
| 8/10/15 | Flores v. Johnson | Research, prep for reply filing | 5.19 |
| 8/11/15 | Flores v. Johnson | Research, meeting w/ Peter, draft, emails,review/org exhib | 7.12 |
| 8/12/15 | Flores v. Johnson | Research drafting, exhibits prep | 16 |
| 8/13/15 | Flores v. Johnson | Reply filing, exhibit review & prep | 20 |
| 8/21/15 | Flores v. Johnson | Teleon Peter re Court's remeidal Order | 0.66 |
| 8/24/15 | Flores v. Johnson | Prep for call w/ advocates and conference call | 6 |
| 8/25/15 | Flores v. Johnson | Call re Berks | 2 |
| 8/25/15 | Flores v. Johnson | Emails | 1 |
| 9/2/15 | Flores v. Johnson | Telecons with Peter re pltf appeal, monitoring remedial ord | 2 |
| 9/14/15 | Flores v. Johnson | time records | 0.97 |
| 9/28/15 | Flores v. Johnson | Outreach emails re: monitoring | 0.5 |
| 10/1/15 | Flores v. Johnson | Flores Monitoring Call w/ advocates | 1.1 |
| 10/1/15 | Flores v. Johnson | Prepare draft monitoring form for Flores August 21 Order | 1.5 |
| 10/2/15 | Flores v. Johnson | Follow-up email re: monitoring Flores August 21 Order | 0.2 |

Flores v. Johnson
Time Records for Marchela Iahdjian

Prepapred: 10/02/15

**TOTAL:   118.32**

Exhibit 6

## DECLARATION OF CHAPMAN NOAM

I, Chapman Noam, declare and say as follows:

1.   I am a legal assistant and paralegal to the attorneys representing plaintiffs in this action. I am employed by the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm that provides free legal representation to indigent immigrants and refugees. I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). A true and correct copy of my resume detailing my experience and qualifications is included as Exhibit A to this declaration.

2.   I graduated with a Bachelors of Arts in Business Administration from California State University, Fullerton in August 2014. Beginning October 1, 2016 I have been enrolled in the Law Office Study Program through the State Bar of California with Peter Schey, Executive Director of CHRCL and lead counsel for the plaintiffs, supervising my studies.

3.   I have been employed in my current role as paralegal at CHRCL since September 2015. Before this I volunteered with CHRCL as a legal assistant beginning in July 2015. During this time, I have assisted the attorneys of record in the instant litigation *Flores v. Lynch*. My role in this action focused on coordinating with the *Flores* co-counsel to provide litigation support, editing documents, and conducting legal research when necessary.

4.   Throughout my time working on this litigation, I have maintained records of time I have spent on this case. Exhibit B to this declaration sets forth an itemization of this time. I have exercised billing judgment in preparing the attached time records. I have also excluded hundreds of discussions, emails, meetings, phone calls, etc. with class counsel Peter Schey and other co-counsel that generally lasted about ten minutes or less.

5. The total time I believe compensable for my work assisting with litigation related to plaintiffs' motion to enforce the *Flores* settlement and the appeal is 59.83 hours, as reflected in the attached itemization.

- 1 -

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2016, at Los Angeles, California.


_____/s/_____

Chapman Noam

/ / /

Noam Declaration

Exhibit A

# Chapman Noam

256 S. Occidental Blvd. Los Angles, CA 90057

(213) 388-8693 x301      chapmannoam@centerforhumanrights.org

## Education

**The State Bar of California Law Office Study Program**     Los Angeles, CA
*Center for Human Rights and Constitutional Law*     10/16 – present
- Expected completion: 9/2020

**California State University, Fullerton**     Fullerton, CA
Bachelor of Arts, Business Administration/Marketing     9/10 - 5/14
- Coursework included strategic internet marketing and professional selling

## Experience

**Phantom Ales**     Anaheim, CA
*Social Media Specialist*     08/14 – 1/15
- Conceptualized and implemented a customer acquisition strategy utilizing a variety of online platforms
- Managed social media accounts by interacting with customers and producing engaging content
- Monitored and analyzed multiple metrics to continually retool and improve strategies

**Center for Human Rights and Constitutional Law**     Los Angeles, CA
*Research Assistant*     7/15 – 9/15
- Conducted extensive research on racial disparities with regard to healthcare and mass incarceration
- Coordinated within a team setting to delegate responsibilities and ensure project was executed in an organized and timely manner

**Center for Human Rights and Constitutional Law**     Los Angeles, CA
*Legal Assistant*     9/15 – present
- Edited and drafted sections of briefing in high impact class action litigation regarding DHS' detention policies toward asylum seeking mothers and children.
- Hired, trained, and delegated responsibilities to incoming interns and volunteers.
- Coordinated nationwide pro-bono efforts to inspect DHS detention facilities as an enforcement mechanism of the 1996 *Flores* Settlement Agreement.
- Prepared and edited parole applications and appeals for a client targeted by the FBI's *Cointelpro* program.
- Organized and coordinated the Tents-4-Homeless project. A grassroots initiative aimed at alleviating the immediate needs of homeless populations in Los Angeles County.
- Organized CLE trainings; drafted supporting materials and practice advisories.

## Additional Training

- *Parole in Immigration Law* – Immigrant Legal Resource Center     11/15
- *Looking Beyond DACA/DAPA Part 1: Advance Parole* – CHRCL     6/16
- *Looking Beyond DACA/DAPA Part 2: Deferred Action Status* – CHRCL     6/16

## Personal

- Intermediate written and oral Spanish skills

Noam Declaration

Exhibit B

| FLORES TIME RECORDS - CHAPMAN NOAM | | | | | |
|---|---|---|---|---|---|
| Date | Start | Finish | Hours | Mins | Task |
| 11/10/15 | 1:00 PM | 2:00 PM | 1.00 | | Conference Call with Flores Consultants |
| 11/13/15 | 1:00 PM | 2:00 PM | 1.00 | | Conference Call with Flores Consultants |
| 11/25/15 | 1:00 PM | 2:00 PM | 1.00 | | Conference Call with Medical/Psych Amicus Team |
| 12/1/15 | 1:00 PM | 2:00 PM | 1.00 | | Conference call with Co-Counsel re Motion to Expedite |
| 12/15/15 | 12:00 PM | 1:00 PM | 1.00 | | Conference Call with Flores Co-Counsel |
| 12/21/15 | | | | 30 | Telecon Noam Chapman/interns re amici briefs |
| 1/19/16 | 4:00 PM | 5:00 PM | 1.00 | | Co-Counsel Conference Call |
| 1/25/16 | 12:34 PM | 1:34 PM | 1.00 | | Archived RILR v. Johnson Pleadings and Researched application to Flores |
| 2/5/16 | 8:45 AM | 1:15 PM | 4.00 | 30 | Excerpted DC Briefs and Prepared Exhibit Reference Table |
| 2/5/16 | 5:00 PM | 6:00 PM | 1.00 | | Excerpted D's References to RILR and Deterrence Argument |
| 2/8/16 | 12:02 PM | 12:17 PM | | 15 | Telecon PAS re citations for answering brief |
| 2/12/16 | 4:00 PM | 6:30 PM | 2.00 | 30 | Made Edits and Added Citations to Answering brf |
| 13-Feb | 10:00 AM | 7:45 PM | 9.00 | 45 | Executed revisions to Appellee's Brief. Also began excerpt citations. |
| 14-Feb | 11:36 AM | 7:51 PM | 8.00 | 15 | Began assembling the Supplemental Excerpt of Record. |
| 15-Feb | 11:18 AM | 5:58 PM | 6.00 | 40 | Made necessary edits to App. Brief. Marked citations for SRE. Continued to assemble and draft the SRE |
| 16-Feb | 8:20 AM | 8:30 PM | 12.00 | 10 | Made additional edits to brief. Coordinated with volunteer attorneys to arrange site visit to family detention centers in Texas and Pennsylvania. |
| 2/19/16 | 4:04 PM | 5:02 PM | 1 | 0 | Telecon PAS re pro bono updates/coordination of amici briefs/key arguments of amici briefs |
| 2/25/16 | 9:29 AM | 10:00 AM | | 30 | Telecon PAS re coordinating with consultants, amicus briefs, etc. |
| 2/26/16 | 3:54 PM | 4:16 PM | | 20 | Telecon w/ Chapman Noam re updating co-counsel, scheduling conf call w/consultants, research re next steps |
| 4/8/16 | 4:40 PM | 5:34 PM | | 55 | Telecon with PAS re outreach amicus briefs, etc. |

| | | | | | |
|---|---|---|---|---|---|
| 6/2/16 | 7:57 PM | 8:29 PM | | 30 | Telecon with PAS re 9th Cir argument |
| 6/3/16 | 1:30 PM | 4:30 PM | 3 | | Ninth Circuit Oral Argument Moot Court |
| 6/4/16 | 11:00 | 12:00 PM | 1 | | Conference Call w/ Co-Counsel - Case Update |

|  | Total Hours | 59.83 |
|---|---|---|

Exhibit 7

DECLARATION OF ALICE BUSSIERE

I, Alice Bussiere, declare and say as follows:

1.  I am a staff attorney at the Youth Law Center.  The Youth Law Center is a public interest law firm that works to protect children in the nation's foster care and justice systems from abuse and neglect, and to ensure that they receive the support and services they need to become healthy and productive adults.  I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

2.  I was an attorney for the plaintiff class in *Flores v. Johnson*, No. CV 85-4544 (C.D. Cal.) at the time the class-wide settlement (Settlement) of this matter was negotiated and approved by this court.  I participated in investigating, filing, and litigating this action, and in negotiating the terms of the Settlement.  Since that time, I have participated in investigating violations of the Settlement and enforcing its terms when my expertise on child welfare and related issues was needed.

3.  I have been an attorney since 1974.  My legal career has been dedicated to legal issues that affect poor children and their families.  From 1978 to 1981 I was a lecturer in clinical studies and supervising attorney at Yale Law School.  My courses included a Mental Hospital Clinic, in which we represented children and youth in state mental health facilities, and a Children's Rights clinic.   Residents in Psychiatry at the Medical School co-taught our seminars and participated as experts in our clinical work to ensure that our advocacy was consistent with healthy child development and would actually benefit the children we represented.  From 1984 to 1997 I was a staff attorney at the National Center for Youth Law, which was a national support center for legal services advocates on issues affecting children and youth.  A substantial portion of my work focused on enforcing federal and state laws that protect children in out of home care.  From 1997 to 2000 I was managing attorney at the Child Care Law Center, where our advocacy included ensuring that child care and development programs served the needs of children as well as their working parents.  In

2000 I joined the Youth Law Center. My practice at the Youth Law Center has focused on legal issues that affect children and youth in out of home care. Our work has included enforcing licensing standards for children in community care facilities, developing detention standards for the Juvenile Detention Alternatives Initiative, helping immigration advocates understand the child welfare system, and producing a paper on nonfamily (congregate care) placements for children in foster care. A true and correct copy of my resume detailing my experience and qualifications is included as Exhibit A to this declaration.

4. My work on this motion has been helping lead counsel frame legal issues, prepare negotiating positions, and respond to Defendants' arguments on issues on which I have particular expertise. These issues include widely recognized standards for the detention and treatment of children, the importance and purpose of licensing standards, and the meaning of terms such as "dependent" in the Settlement. For example, I participated in discussions with co-counsel about the application of licensing standards to accompanied children, factors that must be taken into consideration when children and parents are detained, and responses to the Defendants' assertions that federal family detention practices and standards were consistent with good child welfare practice.

5. Throughout this litigation, I have maintained contemporaneous records of time I have spent on this case. Exhibit B to this declaration sets forth a true and correct itemization of this time. I have exercised billing judgment in preparing the attached time records.

6. The total time I believe is compensable for my work in this matter is 65.2 hours, as reflected in the attached itemization.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of October, 2016, at Princeville, HI.

s/ Alice Bussiere
Alice Bussiere

Bussiere Declaration

Exhibit A

ALICE BUSSIERE

Youth Law Center
200 Pine Street, Suite 300
San Francisco, CA  94104
Phone: (415) 543-3379
Fax:    (415) 956-9022
Cell: (808) 631-8967
Email: abussiere@ylc.org

EDUCATION

  University of Connecticut, J.D. 1974
    Criminal Clinic, Civil Clinic, Student Public Defenders
  University of Hartford, B.A. 1970

BAR ADMISSIONS

1974   Connecticut
1981   Texas
1984   California

EMPLOYMENT

| | |
|---|---|
| 2000 - present | Youth Law Center, Staff Attorney |
| 1997-2000 | Child Care Law Center, Managing Attorney |
| 1984-1997 | National Center for Youth Law, Staff Attorney |
| 1981-1984 | Texas Legal Services Center, Training Coordinator, 1981; Litigation Coordinator, 1982-1984 |
| 1978-1981 | Yale Law School, Supervising Attorney and Lecturer in Clinical Studies.  Courses taught: Civil Legal Assistance, Mental Hospital Legal Services, Trial Practice, Child Advocacy. |
| 1976-1978 | New Haven Legal Assistance Association, Inc., Staff Attorney, 1976-1977; Managing Attorney, 1977-1978. |
| 1974-1976 | Waterbury Legal Aid and Reference Service, Inc., Staff Attorney, 1974-1975; Senior Attorney, 1975-1976. |

75

SELECTED CO-COUNSELED LITIGATION

*Morris v. Harper* (Superior Court San Francisco) – Enforcement of order requiring state officials to provide licensed in patient care to youth in California juvenile justice facilities. Settled.

*ACLU of New Mexico v. Children, Youth and Families Department* (First Judicial District Court, Santa Fe, New Mexico) – Action to enforce agreement to improve conditions and services in state juvenile facilities.  Settled.

*Wheeler v. Sanders* (Superior Court, Los Angeles) – Petition for writ of mandate to require Los Angeles County Department of Children and Families to comply with federal and state requirements governing assessment of foster care placements.  Settled.

*Higgins v. Saenz* (Superior Court, San Francisco) - Petition for writ of mandate to require the California Department of Social Services to comply with federal and state requirements concerning relative placements for foster children.  Settled.

*Warren v. Saenz* (Superior Court, San Francisco) – Petition for writ of mandate and compliant for injunctive relief to require the California Department of Social Services to enforce community care licensing requirements with respect to county operated children's shelters.  Writ granted.  Remaining claims settled.

*Sinclair Paint Co. v. State Bd. of Equalization*, 15 Cal.4th 866 (Cal.1997) – Intervention in litigation to uphold authority of legislature to impose fees pursuant to the Childhood Lead Poisoning Prevention Act.

*Rene M. v. Anderson* (Superior Court, San Francisco) - Petition for writ of mandate challenging the failure of the California Department of Social Services to monitor counties compliance with federal and state laws concerning foster care and child welfare services. Settled.

*Jones-Mason v. Anderson* (Superior Court, San Francisco) - Petition for writ of mandate to compel the California Department of Social Services to promulgate regulations governing congregate care of foster children under the age of six as required by a state law passed in 1993.  Settled.

*Peterson v. Anderson* (Superior Court, Alameda County) - Petition for a writ of mandate, contract action, and request for injunctive relief challenging the policies and practices of the California Department of Social Services and the Alameda County Social Service Agency that automatically reduced adoption assistance benefits for children who receive SSI benefits.  Settled.

*Barajas v. Belshé* (USDC ED CA) - Class action challenging California's failure to provide dental sealants in the state Medicaid program as required by federal law governing Early and Periodic Screening Diagnosis and Treatment (EPSDT).  Settled.

*Brown v. Kizer* (Superior Court, Alameda County) - Challenge to failure of California Department of Health Services to cover medically necessary orthodontic services in the state Medicaid program as required by federal law governing Early and Periodic Screening Diagnosis and Treatment (EPSDT). Settled.

*Timothy J. v. Chaffee* (Superior Court, Los Angeles) - Class action claiming that the County of Los Angeles failed to comply with state regulations concerning visitation of foster children. Settled.

*Flores v. Reno* (USDC CD CA) - Class action, on behalf of children taken into federal custody because of their immigration status, challenging bond conditions and conditions of confinement. Partially resolved through settlement, 52 Fed. Reg. 15569 (April 29, 1987), and litigation, <u>Flores v. Meese</u>, 681 F. Supp. 665 (C. D. Cal. 1988). Original release policy enjoined by district court. Amended release policy upheld. *Reno v. Flores*, 507 U.S. 292 (1993). Final settlement 1996. Ongoing enforcement.

*Sullivan v. Zebley*, 110 S. Ct. 885 (1990) - Amicus briefs in the Court of Appeals for the Third Circuit and in the United States Supreme Court in support of the plaintiffs' successful challenge to the Social Security Administration's disability standards for children in the Supplemental Security Income (SSI) program.

*State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P.2d 1193 (1990) - Amicus brief in support of a parent's right to raise effective assistance of counsel claims on direct appeal from a termination of parental rights order.

*In re Welfare of Churape*, 719 P. 2d 127 (Wash. App. 1986) - Appeal of order terminating father's parental rights. Court of Appeal reversed because the trial court failed to properly examine family reunification factors.

*Lelsz v. Kavanagh*, 98 F.R.D. 11 (ED Texas 1982) - Class action to enforce the rights of institutionalized persons with retardation to protection from harm and to habilitation in the least restrictive setting. Preliminary injunction and settlement.

*Consumers Union, et al v. Texas Department of Human Resources* - State court challenge to Texas implementation of the Low Income Energy Assistance Program. Settled.

*Sanchez v. Maher*, 560 F.2d 1105 (2d Cir. 1977) - Class action to obtain bilingual services for Spanish speaking clients of state welfare department. Enforcement of consent decree and appeal of enforcement order.

*Banks v. St. Mary's Hospital* (USDC Connecticut) - Class action to obtain compliance with Hill-Burton requirements that hospitals provide free or reduced cost care for persons unable to pay. Settled.

*United States v. Board of Education of Waterbury Connecticut*, 560 F.2d 1103 (2d Cir. 1977) - Intervention in Justice Department desegregation suit on behalf Hispanic families. Injunction against desegregation plan proposed by Board of Education and injunction against relocation of middle school bilingual education program and appeals.

*St. Mary's Hospital v. Torres*, 33 Conn. Supp. 201, 370 A. 2d 620 (Conn.Com.Pl. 1976) - Truth-in-lending claim upheld against hospital.

*Page v. Welfare Commissioner*, 170 Conn, 258, 365 A.2d 1118 (Connecticut 1975) - State legally liable relative statute, which treated income of women different than income of men, violated state equal rights amendment.

SELECTED PUBLICATIONS

*State Policies on Non-Family Foster Care Settings* (Youth Law Center 2015.)  Primary Author

Alice Bussiere, *Adoption Assistance: An Introduction*, 45 CLEARINGHOUSE REVIEW 107- 115 (July-August 2011.)

Jennifer Pokempner, Jennifer Rodriguez, Alice Bussiere, *Fostering Connections to Success: Extending a Social Safety Net for Youth Facing Homelessness and Poverty,* 43 CLEARINGHOUSE REVIEW 139 – 147 (JULY – AUGUST 2009.)

Alice Bussiere, *Permanence for Older Foster Youth,* 44 FAMILY COURT REVIEW 231-243 (APRIL 2006.)

Alice Bussiere, Jennifer Pokempner, Jennifer Troia, *Adolescents, the Foster Care System, and the Transition to Adulthood: What Legal Aid Lawyers Need to Know,* 39 CLEARINGHOUSE REVIEW, 159-170 (JULY-AUGUST, 2005.)

Sue Burrell and Alice Bussiere, *Difficult to Place: Youth With Mental Health Needs in California Juvenile Justice* (Youth Law Center 2005).

John E.B. Myers, Karen Grace-Kaho, Alice Bussiere, Jennifer Rodriguez, Jennifer Dworkin, *Children's Rights in the Context of Welfare, Dependency, and the Juvenile Court* 8 U.C. Davis Journal of Juvenile Law & Policy, 267 - 314 (Summer Symposium 2004.)

Sue Burrell and Alice Bussiere, *The Inmate Exception and Its Impact on Health Care Services for Children in Out of Home Care in California* (Youth Law Center 2002.)

Stephanie Upp, Chris Palamountain, Alice Bussiere, and Brad Caftel, *Child Care and Community Economic Development: Critical Roles for Legal Services* 34 CLEARINGHOUSE REVIEW 3-19 (May-June 2000).

Alice Bussiere, *Getting Child Care to Families in the Wake of Welfare Reform: Strategies and Successes of California Advocates, 4* PUBLIC INTEREST LAW REPORTER 28-31 (March 1999).

Alice Bussiere and Roslyn Powell, *Welfare Reform and Child Care: Needs of Families Living with Domestic Violence*, 32 CLEARINGHOUSE REVIEW 385-394 (January-February, 1999).

Jo Ann Gong, Alice Bussiere, Jennifer Light, Rebecca Scharf, Marc Cohan, & Sherry Leiwant, *Child Care in the Postwelfare Reform Era: Analysis and Strategies for Advocates*, 32 CLEARINGHOUSE REVIEW 373-384 (January-February, 1999).

Alice Bussiere, *Child Care for TANF Families: New Block Grant Funds, No Guarantee*, XIX YOUTH LAW NEWS 1 (March-April, 1998).

Alice Bussiere, *The Development of Adoption Law*, 1 ADOPTION QUARTERLY 3 (Haworth Press 1998).

Alice Bussiere, Abigail English, and Catherine Teare, SHARING INFORMATION: A GUIDE TO FEDERAL LAWS ON CONFIDENTIALITY AND DISCLOSURE OF INFORMATION FOR CHILD WELFARE AGENCIES (ABA Center on Children and the Law 1997).

Alice Bussiere and Elizabeth Oppenheim, *Adoption: Where Do Relatives Stand? Child Welfare* (September/October 1996).

Alice Bussiere and Ellen Segal, *Adoption Assistance for Children with Special Needs* in ADOPTION LAW AND PRACTICE (Hollinger, ed. 1994 & 1996 supp.).

Alice Bussiere, Joe Kroll, and Charlotte Vick, *Ensuring Permanence for Children: The Collaborative Court Education Project* in CURRENT ISSUES IN PEDIATRIC LAW (National Association of Counsel for Children 1993).

Alice Bussiere, *Data as the Foundation for Advocacy*.  Paper presented at the United States Public Health Service Conference, LOOK MA -- CAVITIES STILL! A WORKSHOP ON PROMOTING THE ORAL HEALTH OF MOTHERS AND CHILDREN THROUGH NEEDS ASSESSMENT AND PUBLIC POLICY DEVELOPMENT in San Francisco, June 1993.

Alice Bussiere, Henry Freedman, Dan Manning, Lisa Mihaly, and James Morales, *Homeless Women and Children*, 24 CLEARINGHOUSE REVIEW 431 (Special Issue 1991).

Joan Hollinger and Alice Bussiere, *The Child's Rights in Foster Care and Adoption* in CHILDREN'S RIGHTS IN AMERICA: U.N. CONVENTION ON THE RIGHTS OF THE CHILD COMPARED WITH UNITED STATES LAW (American Bar Association and Defense for Children International - USA 1990).

Alice Bussiere, *Implementation of P.L. 96-272: Adoption Assistance*, in THE ADOPTION ASSISTANCE AND CHILD WELFARE ACT OF 1980: THE FIRST TEN YEARS (North American Council on Adoptable Children 1990).

Alice Bussiere, *Legal Issues in the Adoption of Children with Handicaps* in FORMED FAMILIES: ADOPTION OF CHILDREN WITH HANDICAPS (Glidden, ed. 1990).

Alice Bussiere, *Congress Eliminates Discrimination Against Adopted Children in the Social Security Program*, 24 CLEARINGHOUSE REVIEW 119 (June 1990).

Alice Bussiere, *Homeless Families and the Child Welfare System*, in LAWYERS FOR CHILDREN (American Bar Association 1990).

James Morales and Alice Bussiere, *An Overview of Housing Discrimination Against Families with Children* in LEGAL ADVOCACY FOR CHILDREN AND YOUTH: REFORMS, TRENDS, AND CONTEMPORARY ISSUES (American Bar Association, 1986).

NOTE:  *Recent Improvements in Foster Care and Adoption Assistance Programs*, 20 CLEARINGHOUSE REVIEW 239 (July, 1986).

Alice Bussiere, *Issues in Interstate Adoptions* in ADOPTION OF CHILDREN WITH SPECIAL NEEDS:  ISSUES IN LAW AND POLICY  (E. Segal, ed., 1985).

Alice Bussiere, *Federal Adoption Assistance for Children with Special Needs*, 19 CLEARINGHOUSE REVIEW 587 (1985).

Alice Bussiere and Mary Viviano, *The Teaching Clinic:  A Model for Training Volunteer Attorneys*, 19 CLEARINGHOUSE REVIEW 565 (1985).

Alice Bussiere, *Representing Citizen Children Who Live With Undocumented Aliens*, 18 CLEARINGHOUSE REVIEW 369 (1984).

Bussiere Declaration

Exhibit B

**Flores First Motion to Enforce Settlement Agreement**

**Ms. Alice Bussiere**

| | Activity | Memo/Description | Duration |
|---|---|---|---|
| | 11/6/2014 | Conference call with co-counsel re factual investigation and legal claims | 0.8 |
| | 11/10/2014 | Review of research and memo to co-counsel re licensing standards | 0.3 |
| | 11/12/2014 | Factual investigation, telephone call with local advocate | 0.2 |
| | 11/20/2014 | Research licensing standards | 1.2 |
| | 12/2/2014 | Conference call with Elena Garcia re licensing standards and settlement agreement history; | 0.9 |
| | 12/4/2014 | Communications with co-counsel re experts | 0.2 |
| | 12/5/2014 | Communications with co-counsel and research re experts | 0.3 |
| | 12/8/2014 | Research and communication with co-counsel re experts and co-counsel conference calls | 0.3 |
| | 12/10/2014 | Telephone call with potential expert, communication with co-counsel re expert. | 0.4 |
| | 12/10/2014 | Conference call with co-counsel and potential expert | 0.5 |
| | 1/6/2015 | Consultation with local advocate re Flores requirements | 0.2 |
| | 1/12/2015 | Review of expert declaration | 0.3 |
| | 1/13/2015 | Review communications with co-counsel re meet and confer | 0.2 |
| | 1/15/2015 | Communications with co-counsel re meet and confer | 0.2 |
| | 1/16/2015 | Communications with co-counsel and defendants' counsel re outstanding issues and meet and | 0.3 |
| | 1/19/2015 | Communications with co-counsel re meet and confer | 0.1 |
| | 1/23/2015 | Review and comment on draft motion to enforce | 2.3 |
| | 1/26/2015 | Review draft motion to enforce | 0.3 |
| | 1/26/2015 | Conference call with co-counsel re Motion to Enforce, issues and logistics of finalizing and filing | 0.8 |
| | 1/28/2015 | Review and comment on draft motion to enforce | 0.3 |
| | 2/11/2015 | Review and comment on draft proposed order | 0.4 |
| | 2/19/2015 | Review and comment on letter re disclosures | 0.3 |
| | 2/28/2015 | Review Motion to Amend and Attachments, Opposition and Attachments | 1.1 |
| | 3/2/2015 | Conference call with co-counsel re: Motion to Modify Consent Decree and Opposition to Motion | 0.9 |
| | 3/4/2015 | Review and comment on draft Opposition to Motion to Modify Consent Decree | 0.5 |
| | 3/6/2015 | Review and comment on draft Opposition to Motion to Modify Consent Decree | 0.4 |
| | 3/8/2015 | Review draft reply to opposition to motion to enforce | 1 |
| | 3/9/2015 | Research re opposition to Motion to Enforce | 1.2 |
| | 3/11/2015 | Draft declaration re use of "dependent" | 1.7 |
| | 3/11/2015 | Preparing declaration re original settlement agreement and dependent children | 0.7 |
| | 3/12/2015 | Review and comment on Reply to Motion  to Enforce Settlement. | 0.5 |
| | 3/17/2015 | Review supplemental responses | 0.3 |
| | 3/25/2015 | Review file, research, draft questions and issues for oral argument | 0.9 |
| | 3/25/2015 | Review declarations in RILR and comment | 0.3 |
| | 3/30/2015 | Review emails re supplemental evidence | 0.1 |
| | 4/2/2015 | Review emails re supplemental evidence | 0.2 |
| | 4/15/2015 | Review proposed declarations and communications re additional evidence | 0.2 |
| | 4/24/2015 | Review notes for oral argument and comment | 1.1 |
| | 4/25/2015 | Review tentative ruling and emails re oral argument | 0.3 |
| | 4/29/2015 | Communications re meet and confer | 0.1 |
| | 5/1/2015 | Conference call with attorneys for class members re current facts and proposed demands; | 1.3 |
| | 5/1/2015 | Review emails re meet and confer and tentative ruling | 0.2 |
| | 5/4/2015 | Communications with co-counsel re meet and confer | 0.2 |
| | 5/4/2015 | Communication with co-counsel re tentative ruling and meet and confer/settlement | 0.2 |
| | 5/6/2015 | Review communications with co-counsel and proposed order re confidentiality | 0.2 |
| | 5/11/2015 | Communications with co-counsel re meet and confer | 0.2 |
| | 5/12/2015 | Review USCIS data re reasonable fear determinations | 0.1 |
| | 5/22/2015 | Review of child abuse reporting and response proposal | 0.2 |
| | 5/22/2015 | Communication with co-counsel re settlement proposal | 0.1 |
| | 5/23/2015 | Review proposed settlement agreement and comment | 0.9 |
| | 5/23/2015 | Review proposed settlement documents | 0.7 |
| | 5/25/2015 | Review proposed stipulation and correspondence.  Communication with co-counsel. | 0.3 |
| | 6/3/2015 | Review and comment on child abuse proposal | 1 |
| | 6/5/2015 | Review and comment on child abuse proposal, communications with co-counsel | 0.4 |
| | 6/5/2015 | Review emails among co-counsel re proposed settlement | 0.4 |
| | 6/11/2015 | Communications with co-counsel re tentative ruling. | 0.1 |
| | 6/22/2015 | Review summary of negotiations and proposed next steps | 0.1 |
| | 6/23/2015 | Review settlement proposal and report from co-counsel re settlement negotiations. | 0.2 |
| | 6/25/2015 | Conference call with co-counsel re settlement negotiations. | 1.4 |
| | 6/29/2015 | Review and comment on proposed stipulation. | 2 |
| | 6/29/2015 | Draft comments on proposed stipulation. | 0.9 |
| | 6/30/2015 | Conference call with co-counsel re settlement proposal, task assignment, next steps | 1.2 |
| | 6/30/2015 | Review comments of co-counsel re settlement, next steps, task assigment | 0.3 |
| | 7/1/2015 | Review comments from consultants, data and research.  Communications with co-counsel re | 0.8 |
| | 7/1/2015 | Review proposed stipulation to extend meet and confer and comment | 0.2 |
| | 7/7/2015 | Review research, materials, draft re settlement offer | 0.3 |
| | 7/8/2015 | Review proposed order and draft comments, communications with co-counsel re settlement | 0.6 |
| | 7/10/2015 | Conference call with co-counsel and consultants re settlement proposal. | 1.5 |
| | 7/12/2015 | Review proposed settlement and order and comments from co-counsel; draft comments | 0.6 |
| | 7/13/2015 | Draft comments on settlement proposal | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 7/13/2015 | Conference call with co-counsel and consultants re settlement proposal | 2.4 |
| 7/14/2015 | Review recent draft of settlement agreement | 0.1 |
| 7/15/2015 | Draft comment on proposed order | 0.2 |
| 7/15/2015 | Review proposed order and comments | 0.4 |
| 7/15/2015 | Review current drafts of settlement proposal and comments | 0.4 |
| 7/16/2015 | Review communications from co-counsel re settlement discussions and draft proposed order | 0.2 |
| 7/20/2015 | Communications with co-counsel re proposed order | 0.1 |
| 7/20/2015 | Conference call with co-counsel re proposed order. | 0.8 |
| 7/20/2015 | Research (b)(2) class relief. | 0.6 |
| 7/20/2015 | Review proposed order and communications re settlement, proposed order, and current facts. | 0.7 |
| 7/21/2015 | Review proposed order and comment. | 0.1 |
| 7/22/2015 | Review lodged proposed order | 0.2 |
| 7/24/2015 | Review and forward information on family shelters | 0.1 |
| 7/24/2015 | Review court ruling | 0.2 |
| 7/27/2015 | Conference call with co-counsel re follow up to order to show cause. | 0.1 |
| 7/31/2015 | Review ex parte application for extension of time to respond to OSC | 0.1 |
| 7/31/2015 | Review draft response to application for extension of time and comment | 0.1 |
| 8/8/2015 | Review Defendants' Response to OSC | 1.2 |
| 8/11/2015 | Review Response to OSC and analyses of co-counsel; research detention provisions | 2.4 |
| 8/24/2015 | Review ruling | 0.2 |
| 8/24/2015 | Conference call with advocates | 1.9 |
| 8/25/2015 | Conference call with PA advocates | 1.2 |
| 9/9/2015 | Review report about situation in PA | 0.1 |
| 9/21/2015 | Review email from co-counsel re status of case, U S Commission on Civil Rights report, facts in | 0.4 |
| 10/22/2015 | Review information about Flores facilities and licensing status | 0.2 |
| 10/23/2015 | Communications re current fact situations | 0.2 |
| 10/26/2015 | Investigation of facts and research re local facility | 0.3 |
| 10/27/2015 | Investigation and communication with co-counsel re local facilities | 0.4 |
| 11/10/2015 | Review Texas v USA (5th Cir) | 0.6 |
| 11/30/2015 | Communications with co-counsel re motion to expedite appeal | 0.3 |
| 12/1/2015 | Conference call with co-counsel re appeal and extension of time, research rules, memo to file | 0.9 |
| 12/2/2015 | Communications with co-counsel re motion to expedite appeal, tasks | 0.4 |
| 12/4/2015 | Review motion to expedite, memo to co-counsel | 0.3 |
| 12/7/2015 | Communication with co-counsel re motion to expedite | 0.2 |
| 12/7/2015 | Review materials and prepare for conference call with co-counsel | 0.3 |
| 12/7/2015 | Conference call with co-counsel re motion to expedite and appeal issues | 1 |
| 12/10/2015 | Review materials and communications re motion to expedite | 0.1 |
| 12/16/2015 | Prepare for conference call; co-counsel conference call re appeal arguments and tasks. | 1.2 |
| 1/18/2016 | Review Appellants' brief | 0.9 |
| 1/18/2016 | Review Appellants brief | 1.4 |
| 1/27/2016 | Review draft appeal brief and file materials and comment | 1.9 |
| 1/28/2016 | Telephone call with co-counsel re appellate issues | 0.3 |
| 7/6/2016 | Review Ninth Circuit decision | 0.3 |
| 7/7/2016 | Review email exchange re discovery, Ninth Circuit decision, schedule | 0.1 |
| 7/8/2016 | Review letter to Government re discovery, Ninth Circuit decision, Motion to Enforce | 0.1 |
| 9/18/2016 | Review time records and resume for attorneys fee motion | 0.5 |

**Total for Ms. Alice**                                                                                   65.2

Exhibit 8

DECLARATION OF VIRGINIA CORRIGAN

I, Virginia Corrigan, declare and say as follows:

1.  I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

2.  I am an attorney who is of counsel to the plaintiffs in this action. I am employed as a staff attorney by the Youth Law Center (YLC), a non-profit, public interest law firm that works to protect the rights of children and youth in the nation's foster care and juvenile justice systems from abuse and neglect.  A true and correct copy of my resume detailing my experience and qualifications is included as Exhibit A to this declaration.

2. Throughout this litigation, I have maintained contemporaneous records of time I have spent on this case. Exhibit B to this declaration sets forth a true and correct itemization of this time. I have exercised billing judgment in preparing the attached time records.

6. The total time I believe compensable for my work in this matter is 116.18 hours, as reflected in the itemization included as Exhibit B to this declaration.

I declare under penalty of perjury that foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of November, 2016, at Oakland, California.


/s/ _____
Virginia Corrigan

/ / /

Corrigan Declaration

Exhibit A

## VIRGINIA CORRIGAN
Youth Law Center ▪ 200 Pine Street, Suite 300 ▪ (415) 543-3379 x3905 ▪ vcorrigan@ylc.org

### EDUCATION

**Harvard Law School**, Cambridge, MA, Juris Doctorate, May 2011
      Honors:       Graduated *cum laude*, more than 1000 hours of *pro bono* work performed
      Activities:    *Harvard International Law Journal*, Executive Editor; HLS Advocates Board

**University of Michigan**, Ann Arbor, MI, Bachelor of Arts in Spanish and English, May 2007

### EXPERIENCE

**Youth Law Center**, San Francisco, CA                            Current
*Staff Attorney*.

**Youth Law Center/Contra Costa Public Defender's Office**, San Francisco/Martinez, CA  2013-2015
*Equal Justice Works Fellow*.

**United States District Court, Eastern District of Michigan**, Detroit, MI       2011-2013
*Law Clerk for the Honorable David M. Lawson*.

**Harvard International Human Rights Clinic**, Cambridge, MA           2010-2011
*Clinical Student*.

**Cleary Gottlieb Steen & Hamilton**, New York, NY and London, England     Summer 2010
*Summer Associate*.

**U.S. Attorney's Office**, Boston, MA                        Fall 2009
*Clinical Intern, Organized Crime Division*.

**Asociación por los Derechos Civiles**, Buenos Aires, Argentina       Summer 2009
*Intern*.

### PERSONAL

**Language:** Spanish (highly proficient)
**Bar Admissions:** admitted to practice in California (2013) and New York (2012)

Corrigan Declaration

Exhibit B

**Flores First Motion to Enforce Settlement Agreement**

| | Activity | Memo/Description | Duration |
|---|---|---|---|
| **Ms. Virginia Corrigan** | | | |
| | 9/16/2014 | Research potential contacts at Berks and email inquiries | 0.4 |
| | 9/23/2014 | Phone interview w/Joe Cackley at PIRC re: Berks | 1 |
| | 10/8/2014 | Set up/coordinate phone call with local attorneys and Flores counsel re: Berks | 0.2 |
| | 10/31/2014 | Phone interview with Bridget Cambria, Jackie Cline, and Carol Anne Donohoe re: Berks | 1 |
| | 10/31/2014 | Draft advocate declarations for Cambria and Donohoe re: Berks | 1.75 |
| | 12/12/2014 | Review draft enforcement motion | 0.25 |
| | 12/12/2014 | Flores enforcement motion team conference call | 1 |
| | 1/23/2015 | Review draft enforcement motion and make edits | 1.75 |
| | 3/2/2015 | Coordinating call with Flores team to discuss response/reply briefs | 1 |
| | 3/2/2015 | Review response brief and motion to amend | 1.25 |
| | 3/3/2015 | Review background documents on Flores litigation | 1.67 |
| | 3/4/2015 | Review reports on push/pull factors for inclusion in opposition to modify | 0.5 |
| | 3/5/2015 | Review and edit draft response to motion to modify | 2.67 |
| | 3/12/2015 | Review and edit draft reply brief | 1 |
| | 3/14/2015 | Review government opposition to objections | 0.5 |
| | 3/25/2015 | Review RILR motion for reconsideration and supporting exhibits | 1.5 |
| | 3/27/2015 | Review defendant's supplemental exhibits | 1.25 |
| | 4/9/2015 | Send follow up emails to Cambria and Donohoe on declarations | 0.25 |
| | 4/10/2015 | Review Cambria response, ask follow-up questions, pass to team for next steps | 0.42 |
| | 4/14/2015 | Review and follow up on email from Carol Anne Donohoe | 0.17 |
| | 4/18/2015 | Draft updated Cambria and Donohoe decs, review info sent by attorneys, circulate decs | 1.5 |
| | 4/27/2015 | review emails re: hearing, meet and confer | 0.25 |
| | 4/29/2015 | review and circulate revised Cambira and Donohoe decs | 0.33 |
| | 5/7/2015 | review settlement, tentative order, motions, and settlement priorities document to prepare for | 1 |
| | 5/7/2015 | Plaintiff counsel call to strategize for settlement | 1.75 |
| | 5/8/2015 | Plaintiff counsel call to strategize for settlement | 1.5 |
| | 5/8/2015 | prep for call by creating list of settlement priorities, suggestions, and concerns | 1.25 |
| | 5/8/2015 | review documents, statistics, notes circulated after settlement prep call | 1.75 |
| | 5/11/2015 | settlement discussions with defense counsel | 3.25 |
| | 5/15/2015 | Conference call with Flores counsel to prepare for settlement discussions | 1.75 |
| | 5/25/2015 | review proposed abuse reporting guidelines | 1 |
| | 6/16/2015 | prep for strategy call | 0.5 |
| | 6/16/2015 | Conference call with counsel to discuss settlement negotiations | 1.33 |
| | 6/25/2015 | Call to discuss strategy after Peter met with gov | 1.25 |
| | 6/25/2015 | review emails updating on settlement negotiations | 0.25 |
| | 6/30/2015 | review government settlement offer | 0.5 |
| | 6/30/2015 | Counsel call to discuss next steps after offer | 1.25 |
| | 7/8/2015 | review proposed order draft | 0.58 |
| | 7/9/2015 | call with consultants to discuss strategy re: continued settlement discussions | 0.25 |
| | 7/13/2015 | Counsel call on next steps and proposed order | 2.33 |
| | 7/27/2015 | strategy call with counsel | 0.83 |
| | 8/7/2015 | review gov. motion to reconsider and attached filings | 2.5 |
| | 8/13/2015 | review respons to motion to reconsider | 0.5 |
| | 8/25/2015 | call with Berks advocates re: possible next steps, current conditions | 0.67 |
| | 12/7/2015 | call w/team to discuss strategy and tasks for 9th Cir. Appeal, planned motion to enforce | 1 |
| | 12/10/2015 | review and edit motion to expedite in 9th Cir. | 1.5 |
| | 12/16/2015 | call with counsel | 1 |
| | 1/29/2016 | counsel call to prepare for enforcement visit -- assignments, logistics, etc. | 0.75 |
| | 1/31/2016 | travel from Oakland, CA to McAllen, TX for facility visits | 12 |
| | 2/1/2016 | visits to McAllen and Ursula stations -- tour of stations, Q&A with officials, interviews and | 6 |
| | 2/1/2016 | travel from McAllen, TX to Dilley, TX | 4.5 |
| | 2/2/2016 | visit to Dilley facility -- facility tour approx. 1.5 hours, interviewing and taking declarations of | 10.5 |
| | 2/2/2016 | travel from Dilley, TX to Karnes City, TX | 1.75 |
| | 2/3/2016 | visit to Karnes facility -- tour of facility, interviewing and taking declarations of detained | 10 |
| | 2/3/2016 | travel from Karnes City, TX to San Antonio, TX | 1 |
| | 2/4/2016 | travel from San Antonio, TX to Oakland, CA | 8 |
| | 2/9/2016 | review, cite check, and spot edits of 9th cir. response brief | 5.25 |
| | 2/12/2016 | review, cite check, and spot edits of 9th cir. response brief | 2.5 |
| | 6/3/2016 | moot for 9th Cir. Oral argument | 2.83 |
| **Total for Ms. Virginia** | | | |
| | | | 116.18 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, I electronically filed the foregoing EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT VOLUME 1 with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: /s/_Peter Schey____

*Attorney for Plaintiffs-Appellees*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On March 16, 2017 I electronically filed the following document(s):

- EXHIBIT A - MOTION FOR ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT AND EXHIBITS IN SUPPORT OF MOTION [PART 1 OF 2]

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/  *Peter Schey*
*Attorney for Plaintiffs*