# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) Case No. CV 85-4544-DMG |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC H. HOLDER, JR., Attorney | ) |
| General of the United States; *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## REPORT OF JUVENILE COORDINATOR DEANE DOUGHTERY SUBMITTED BY IMMIGRATION AND CUSTOMS ENFORCEMENT

On June 27, 2017, the Court ordered Defendants to appoint Juvenile Coordinators to monitor their component's compliance with the Flores Settlement Agreement (FSA) and, in response, Immigration and Customs Enforcement (ICE) timely named Deane Dougherty. In addition to identifying Ms. Dougherty, ICE also explained that it would spot check five percent of its records to ensure class members were timely notified of their rights, promptly and continuously considered for release, and expeditiously released if parole or placement was not made. On October 18, 2017, the Court ordered quarterly reporting from the Juvenile Coordinators with the first report due December 1, 2017.

The Court's June 27, 2017 Order identified three areas of noncompliance for ICE relating to: (1) the Notice of Advisals and the free legal service providers list; (2) prompt and continuous efforts to release/parole FSA class members; and (3) releasing class members as expeditiously as possible. In order to monitor compliance in these areas, ICE implemented new practices and

1

created additional forms to ensure accountability. Specifically, ICE created two forms to gather data on release/parole determinations. The first is entitled the Parole Worksheet, and it gathers information regarding individual parole determinations for class members, including the basis for any parole decision. (Attached as Exhibit A). The second document is the Family Sponsor Contact Form, which gathers data regarding potential sponsors that may be willing to assist in housing class members.[1] (Attached as Exhibit B). In addition, to assist in reporting on the compliance issues, ICE created a web-based repository to facilitate the collection and review of the compliance data and forms. The current report covers ICE's compliance at its three Family Residential Centers (FRC) between November 1 and November 18, 2017.[2]

## I.   South Texas Family Residential Center (STFRC)

During the reporting period, STFRC housed approximately 959 class members. Five percent of this number is 48 individuals. This is the number of files ICE committed to reviewing to verify its compliance with providing the pertinent notices and making and recording prompt and continuous efforts to release class members.

### a)  Notice of Advisals

Of the 48 files reviewed, all files showed that the Notice of Advisals was provided to class members.  All 48 files contained a copy of the Notice, which is Exhibit 6 in the Flores Settlement Agreement, signed by a parent or legal guardian.  There were no instances of a refusal to sign by a parent or class member who is old enough (i.e., 14 years of age) to sign for themselves, and six forms that were signed by a class member over the age of 14. Accordingly, ICE appears to have fully complied with the requirement to provide the Notice of Advisals to all class members at STFRC.

---

[1] The Family Sponsor Contact Form was not finalized and approved until November 21, 2017, and therefore was not in regular use during this reporting cycle but it will be part of these quarterly reports in the future.
[2] ICE included class member data through November 20 in the five percent sample for each FRC.

**b) Make and Record Prompt and Continuous Efforts Toward Release**

Of the 48 files reviewed, all files showed that a parole determination was made. All files contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case.

**c) Releasing Class Members As Expeditiously as Possible**

Starting November 1, 2017, STFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for more than 20 days which included an explanation for the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20 days were due to circumstances including: lack of sponsor; delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite the child being eligible for parole; and flight risk factors including a final order of removal and limited equities in the United States.

## II. Karnes Family Residential Center (KFRC)

During the reporting period, KFRC housed approximately 423 class members. Five percent of this number is 22 individuals. This is the number of files ICE committed to reviewing to verify its compliance with providing pertinent notices and making and recording prompt and continuous efforts to release class members.

### a) Notice of Advisals

Of the 22 files reviewed, all files showed that the Notice of Advisals was provided to class members. Of these files, 21 contained a copy of Notice, which is Exhibit 6 in the Flores Settlement Agreement, signed by a parent or legal guardian. There were no instances of a refusal to sign by a parent or class member who is old enough (i.e., 14 years old) to sign for themselves. One file contained a completed Notice of Advisals with only a fingerprint, but no signature. The Juvenile Coordinator will ensure that ICE facility staff will properly annotate the circumstances under which 'fingerprint signatures' occur in the future (e.g., when a person cannot write their name). Accordingly, ICE appears to have fully complied with the requirement to provide the Notice of Advisals to all class members at KFRC.

### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 22 files reviewed, 22 files showed that a parole determination was made in the class member's case. Of these files, 22 contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case. In addition, 22 files contained a facility-specific family sponsor contact forms.

### c) Releasing Class Members As Expeditiously as Possible

Stating November 1, 2017, KFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for longer than 20 days which included an explanation of the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20 days were due to circumstances including: lack of sponsor; delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite

4

the child being eligible for parole; and flight risk factors including a final order of removal and limited equities in the United States

### III.   Berks Family Residential Center (BFRC)

During the reporting period, BFRC housed 34 class members. Five percent of this number amounted to two individuals. This is the number of files ICE committed to reviewing to verify its compliance with providing pertinent notices and making and recording prompt and continuous efforts toward release.

#### a)  Notice of Advisals

Of two files reviewed, both showed that the Notice of Advisals was provided to class members.  Both files contained a copy of the Notice, which is Exhibit 6 in the Flores Settlement Agreement, which was signed by the parent and also signed by the class member who was over the age of 14.  Accordingly, ICE appears to have fully complied with the requirement to provide the Notice of Advisals to all class members at Berks..

#### b)  Make and Record Prompt and Continuous Efforts Toward Release

Of two files reviewed, both showed that a parole determination was made in the class member's case.  Both files contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case. In addition, both files contained facility-specific family sponsor contact forms.

#### c)  Releasing Class Members As Expeditiously as Possible

Starting on November 1, 2017, BFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for more than 20 days which included an explanation for the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case.  In both of the cases, the reason for

detention for more than 20 days was deemed appropriate because no there was no appropriate sponsor available.

## IV.     Conclusion

During this reporting period, ICE implemented new procedures to monitor compliance with the FSA. All the files reviewed at the respective facilities contained appropriately completed forms demonstrating compliance with the procedures established by ICE to monitor FSA compliance.  In addition to these efforts, on November 21, 2017, the Juvenile Coordinator finalized and began requiring use of the Family Sponsor Contact Form, which will ensure consistent collection of sponsorship information.

In total, there were 1,416 class members detained at ICE's three FRC during this reporting period.  Although 923 of these individuals were held in DHS custody for 20 days or more, the average length of stay (ALOS) for the 923 class members was 20.85 days in custody at an FRC.

Overall, the data demonstrate that ICE complied with the FSA during this reporting period.

Respectfully submitted,

Deane Dougherty
Juvenile Coordinator

6

Case 2:85-cv-04544-DMG-AGR Document 384 Filed 02/02/18 Page 7 of 9 Page ID #:13784

---

Minor's Name /A#: _____ DOB: _____

Name of Accompanying Parent /A#: _____ DOB: _____

Facility Name and Location: _____

---

This worksheet must be utilized when considering minors for parole from custody. Pursuant to the June 27, 2017, order in *Flores v. Sessions*, No. 85-4544 (C.D. Cal. filed July 11, 1985), ICE is required to individually assess whether a minor, who is in expedited removal proceedings under § 235(b) of the Immigration and Nationality Act or has a final expedited removal order, is eligible for parole pursuant to the standard in Immigration and Nationality Act Section 212(d)(5)(A) and 8 C.F.R. § 212(d)(5).

- **Has an Urgent Humanitarian Reason Been Established?**      Yes    No

- **Has a Significant Public Benefit Been Established?**      Yes    No

**If yes, explain the basis for the conclusion (e.g., medical or law enforcement reasons):**

_____

_____

_____

_____

_____

## SECURITY RISK FACTORS

- Is there any reason to believe that the minor poses a danger to the community (prior arrests, convictions, gang associations) or U.S. national security?    Yes    No

If yes, explain (including any mitigating evidence such as proof of rehabilitation) and why it does or does not justify continued detention:

_____

_____

_____

## RISK OF FLIGHT FACTORS

- Does the minor have a valid, government-issued identity document(s)?    Yes    No

If yes, list the document(s) and attach a copy to the form: _____

- When and how did the minor last enter the United States?
Explain: _____

_____

_____

- Does the minor (and/or parent) have a prior immigration history (to include a record of nonappearance at court hearings or DHS appointments)?    Yes    No

If yes, explain:_____

_____

- Has a verifiable address been identified where the minor will reside if released?          Yes          No

If yes, list the address and telephone number and method of verification: _____

_____

- If parole to a sponsor other than the accompanying parent is being considered, does the sponsor have a valid government-issued identity document?          Yes          No

If yes, list the document and attach a copy:_____

- Does the minor have ties to the community (e.g., relatives, organizations)?          Yes          No

If yes, include the relationship and immigration status of any identified relative(s), organizations, etc.:

_____

_____

## ADDITIONAL FACTORS

- Are there any additional factors relevant to whether the minor should be released?          Yes          No

Please explain: _____

_____

_____

## RECOMMENDATION AND DECISION

- Officer / Preparer Recommendation:          Grant Parole          Deny Parole

_____          _____          _____
(Name and Title)                    (Signature)                    (Date of Recommendation)

Explain the basis for the recommendation:

_____

_____

_____

_____

_____

- **Deciding Officials Decision:**          **Grant Parole**          **Deny Parole**

_____          _____          _____
(Name and Title)                    (Signature)                    (Date of Decision)

Management Comment(s), if any:

_____

_____

_____

For Official Use Only



**Immigration and Customs Enforcement**
Juvenile and Family Residential Management Unit
Family Sponsor Contact Form

**Facility Name: (select from down down)**
**Facility Address: (select from down down)**

## INFORMATION

| Resident Name/ Nombre de Residente | Alien File Number | Country of Citizenship/ Pais de Origen |
|---|---|---|
| Click here to enter text. | Click here to enter text. | Click here to enter text. |
| Click here to enter text. | Click here to enter text. | Click here to enter text. |
| Click here to enter text. | Click here to enter text. | Click here to enter text. |

## FAMILY SPONSOR CONTACT INFORMATION\ INFORMACION DEL PATROCINADOR DE FAMILIA

Click here to enter text.

NAME OF CONACT / NOMBRE DEL CONTACTO

Click here to enter text.

RELATIONSHIP / RELACION

Click here to enter text.

CONTACT TELEPHONE NUMBER / NUMERO DE TELEFONO

Click here to enter text.

ADDRESS / DOMICILO

| Click here to enter text. | Click here to enter text. | Click here to enter text. |
|---|---|---|
| CITY/ CIUDAD | STATE/ ESTADO | ZIP CODE/ CODIGO POSTAL |

Resident  Signature/ Firma de  Residente

## FOR INTERNAL USE

**Officer Name:** Click here to enter text.
**Officer Phone Number:** Click here to enter text.

For Official Use Only