CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
PETER A. SCHEY (Cal. Bar No. 58232)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org
        pschey@centerforhumanrights.org

LEECIA WELCH (Cal. Bar No. 208741)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Jefferson B. Sessions, Attorney General, *et al.*,<br><br>Defendants. | Case No. CV 85-4544-DMG (AGRx)<br><br>EXHIBITS IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT (VOL. 1: EXS. 1-20, PAGES 1-108, PUBLICLY FILED EXHIBITS ONLY)<br><br>Hearing: May 18, 2018<br>Time: 9:30 a.m.<br>Room: 1st St. Courthouse<br>        Courtroom 8C |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
         ccwhite@ucdavis.edu

I, Carlos Holguín, do hereby declare that true and correct copies of the following documents are attached hereto:

INDEX TO EXHIBITS

| No. | Description | Page(s) |
|---|---|---|
| 1 | Declaration of the Mother of Nicolás C., February 6, 2018 (proposed to be filed partially under seal) | 1-10 |
| 2 | Declaration of Nicolás C., February 4, 2018 (proposed to be filed partially under seal) | 11-19 |
| 3 | Morrison Paso Case Review re: Nicolás C., September 17, 2017 (proposed to be filed partially under seal) | 20-26 |
| 4 | Custody Order of the Immigration Judge re: Nicolás C., December 19, 2017 (proposed to be filed partially under seal) | 27-28 |
| 5 | Declaration of Leland Baxter-Neal, February 6, 2018 (proposed to be filed partially under seal) | 29-34 |
| 6 | Email from Erich Corona re: Nicolás C., January 9, 2018 (proposed to be filed partially under seal) | 35-38 |
| 7 | Declaration of James M. Owens, February 7, 2018 (proposed to be filed partially under seal) | 39-43 |
| 8 | ORR Interim Guidance re: Custody Hearings, July 18, 2017 | 44-55 |
| 9 | Declaration of Daniella Q., February 28, 2018 (proposed to be filed partially under seal) | 56-59 |
| 10 | Declaration of Isabella M., December 1, 2017 (proposed to be filed partially under seal) | 60-63 |
| 11 | Supplemental Declaration of Isabella M., February 28, 2018 (proposed to be filed partially under seal) | 64-68 |
| 12 | Declaration of the Mother of Isabella M., February 28, 2018 (proposed to be filed partially under seal) | 69-75 |
| 13 | Declaration of Victoria R., February 28, 2018 (proposed to be filed partially under seal) | 76-79 |

14   Declaration of David I., November 30, 2017 (proposed to be filed partially under seal) ................................................................ 80-84

15   Supplemental Declaration of David I., February 28, 2018 (proposed to be filed partially under seal) ............................................ 85-88

16   Declaration of Eduardo A., March 1, 2018 (proposed to be filed partially under seal) ................................................................ 89-93

17   Declaration of Rosa L., December 1, 2017 (proposed to be filed partially under seal) ................................................................ 94-97

18   Supplemental Declaration of Rosa L., February 28, 2018 (proposed to be filed partially under seal) ......................................... 98-100

19   Declaration of Gabriela N., December 1, 2017 (proposed to be filed partially under seal) ........................................................ 101-104

20   Supplemental Declaration of Gabriela N., February 28, 2018 (proposed to be filed partially under seal) ....................................... 105-108

21   Declaration of Arturo S., February 28, 2018 (proposed to be filed partially under seal) ........................................................ 109-112

22   ORR Form Notice of Placement in a Restrictive Setting, February 5, 2018 ............................................................... 113-115

23   ORR FAQ: July 2017 Bond Hearings for Unaccompanied Alien Children (UAC) ............................................................... 116-118

24   ORR FAQ: ORR Directors Release Decision, January 26, 2018 ..... 119-121

25   Letter from Carlos Holguín to Office of Immigration Litigation, December 19, 2017 ............................................................... 122-129

26   Email from Sarah Fabian re: Flores Meet and Confer Discussion, January 12, 2018 ............................................................... 130-131

27   Letter from Leecia Welch to Office of Immigration Litigation re: Psychotropic Medications, and Attachments, January 16, 2018 (proposed to be filed partially under seal) ............................... 132-161

28   Letter from Carlos Holguín to Office of Immigration Litigation, February 16, 2018 ............................................................... 162-164

29    Email from Sarah Fabian re: Flores Meet and Confer
      Discussion, March 2, 2018 ............................................................. 165-168

30    Declaration of Javier C., November 15, 2017 (proposed to be
      filed partially under seal) ............................................................. 169-173

31    Declaration of Carlos A., November 16, 2017 (proposed to be
      filed partially under seal) ............................................................. 174-177

32    Declaration of Miguel B., November 16, 2017 (proposed to be
      filed partially under seal) ............................................................. 178-181

33    Declaration of Luis D., November 15, 2017 (proposed to be
      filed partially under seal) ............................................................. 182-192

34    Declaration of Andrés D., July 11, 2017 (proposed to be filed
      partially under seal) ..................................................................... 193-197

35    Declaration of Jorge E., July 11, 2017 (proposed to be filed
      partially under seal) ..................................................................... 198-205

36    Declaration of Gustavo H., July 11, 2017 (proposed to be filed
      partially under seal) ..................................................................... 206-210

37    Declaration of Roberto F., July 11, 2017 (proposed to be filed
      partially under seal) ..................................................................... 211-220

38    Declaration of Natalia T., November 21, 2017 (proposed to be
      filed partially under seal) ............................................................. 221-223

39    Declaration of Ricardo U., November 21, 2017 (proposed to be
      filed partially under seal) ............................................................. 224-226

40    Declaration of Sofia O., December 1, 2017 (proposed to be
      filed partially under seal) ............................................................. 227-231

41    Declaration of Gloria P., December 1, 2017 (proposed to be
      filed partially under seal) ............................................................. 232-235

42    Declaration of Edwin B., March 1, 2018 (proposed to be filed
      partially under seal) ..................................................................... 236-242

43    Letter from Carlos Holguín to Cynthia Nunes Colbert, et al., re:
      Legal Representation for Specified Class Members, March 12,
      2018 (proposed to be filed partially under seal) ......................... 243-246

44    Declaration of Samuel W., October 26, 2017 (proposed to be
      filed partially under seal) ..................................................................247-250

45    Declaration of Jaime V., October 26, 2017 (proposed to be filed
      partially under seal) .........................................................................251-254

46    Declaration of Mateo X., October 26, 2017 (proposed to be
      filed partially under seal) ..................................................................255-256

47    Declaration of Mario Y., October 26, 2017 (proposed to be filed
      partially under seal) .........................................................................257-260

48    Declaration of Maricela J., November 30, 2017 (proposed to be
      filed partially under seal) ..................................................................261-264

49    Declaration of Teresa K., November 30, 2017 (proposed to be
      filed partially under seal) ..................................................................265-268

50    Declaration of Diego E., January 16, 2018 (proposed to be filed
      partially under seal) .........................................................................269-273

51    Declaration of Daniel F., March 21, 2018 (proposed to be filed
      partially under seal) .........................................................................274-278

52    Declaration of Alejandro G., March 21, 2018 (proposed to be
      filed partially under seal) ..................................................................279-285

53    Transcript of Testimony of James De La Cruz, *Saravia v.
      Sessions*, Case No. 3:17-cv-03615-VC (N.D. Cal. June 29,
      2017), Dkt. No. 28 ...........................................................................286-382

54    Defendant Brent Cardall's Responses to Plaintiff's Request for
      Admission, Set One, *Saravia v. Sessions*, Case No. 3:17-cv-
      03615-VC (N.D. Cal. Sept. 20-21, 2017), Dkt. No. 61-3 ................383-390

55    Declaration of Camila G., April 3, 2018 (proposed to be filed
      partially under seal) .........................................................................391-396

56    Patient Profile – Active Medications of Victoria R., January 9,
      2018 (proposed to be filed partially under seal) .............................397-398

57    Patient Profile – Active Medications of David I., November 27,
      2017 (proposed to be filed partially under seal) .............................399-400

EXHIBITS IN SUPPORT OF MOTION TO
ENFORCE SETTLEMENT
CV 85-4544-DMG (AGRx)

58    Patient Profile – Active Medications of Rosa L., July 31, 2017
      (proposed to be filed partially under seal) ........................................ 401-402

59    Medication Information and Reconciliation and Over-the-
      Counter Medication Release Forms for Isabella M., September
      28-29, 2017 (proposed to be filed partially under seal).................... 403-405

60    Medication Information and Reconciliation Form for Gabriela
      N., September 7, 2017 (proposed to be filed partially under
      seal)................................................................................................ 406-407

61    Medication Information and Reconciliation Form for Sofia O.,
      September 18, 2017 (proposed to be filed partially under seal)........ 408-409

62    Yolo County Juvenile Detention Facility Parental Medical
      Authorization Form for Julio Z., December 14, 2016 (proposed
      to be filed partially under seal) ....................................................... 410-411

63    Patient Profile – Active Medications of Julio Z., December 12,
      2016 (proposed to be filed partially under seal) .............................. 412-413

64    Declaration of Julio Z., November 13, 2017 (proposed to be
      filed partially under seal) ................................................................. 414-424

65    Declaration of Sister of Victoria R., March 13, 2018 (proposed
      to be filed partially under seal) ........................................................ 425-431

66    Declaration of Proposed Sponsor of Victoria R., March 13,
      2018 (proposed to be filed partially under seal) .............................. 432-435

67    Declaration of Grandfather of Gabriela N., March 15, 2018
      (proposed to be filed partially under seal) ....................................... 436-441

68    Custody Order of the Immigration Judge re: Santiago H.,
      February 21, 2018 (proposed to be filed partially under seal)......... 442-443

69    Order of the Immigration Judge with Respect to Custody re:
      Santiago H., March 20, 2018 (proposed to be filed partially
      under seal)........................................................................................ 444-446

70    Email from Toby Biswas re: Santiago H. Follow Up, February
      23, 2018 (proposed to be filed partially under seal) ........................ 447-449

EXHIBITS IN SUPPORT OF MOTION TO
ENFORCE SETTLEMENT
CV 85-4544-DMG (AGRx)

71    Case Review re: Santiago H., November 29, 2017 (proposed to
      be filed partially under seal) ............................................................. 450-452

72    ORR Information Memo re: Community Safety Initiative for
      the Unaccompanied Alien Children Program, August 16, 2017 ...... 453-457

73    Declaration of John Doe 1, *John Doe 1 v. Shenandoah Valley
      Juvenile Ctr. Comm'n*, Case No. 5:17-cv-00097-EKD-JCH,
      (W.D. Va. Jan. 17, 2018), Dkt. No. 34-1 ......................................... 458-464

74    Declaration of John Doe 2, *John Doe 1 v. Shenandoah Valley
      Juvenile Ctr. Comm'n*, Case No. 5:17-cv-00097-EKD-JCH,
      (W.D. Va. Jan. 5, 2018), Dkt. No. 34-2 ........................................... 465-471

75    Declaration of John Doe 3, *John Doe 1 v. Shenandoah Valley
      Juvenile Ctr. Comm'n*, Case No. 5:17-cv-00097-EKD-JCH
      (W.D. Va. Jan. 5, 2018), Dkt. No. 34-3 ........................................... 472-478

76    Declaration of D.M, *John Doe 1 v. Shenandoah Valley Juvenile
      Ctr. Comm'n*, Case No. 5:17-cv-00097-EKD-JCH, (W.D. Va.
      Jan. 2, 2018), Dkt. No. 34-5 ............................................................ 479-484

77    Declaration of R.B., *John Doe 1 v. Shenandoah Valley Juvenile
      Ctr. Comm'n*, Case No. 5:17-cv-00097-EKD-JCH, (W.D. Va.
      Jan. 8, 2018), Dkt. No. 34-6 ............................................................ 485-490

78    Transcript of Jonathan White, *Saravia v. Sessions*, Case No. 18-
      15114 (9th Cir. Oct. 27, 2017), Dkt. No. 9-2 ................................... 491-548

79    Exhibit 1 to Appellees' Request for Judicial Notice, *Saravia v.
      Sessions*, Case No. 18-15114 (9th Cir. March 16, 2018), Dkt.
      No. 20 ................................................................................................ 549-555

80    Stipulated Settlement Agreement, *Flores v. Reno*, Case No.
      CV 85-4544-RJK(Px) ....................................................................... 556-584

81    Declaration of Justin Mixon, October 19, 2017 ................................ 585-591

82    Email from Sarah Fabian re: Correspondence re: Legal
      Representation for Flores Class Members, March 23, 2018 ............. 592-594

83    Letter from James De La Cruz to Flores Counsel re:
      Psychotropic Medications, April 2, 2018 (proposed to be filed
      partially under seal) ......................................................................... 595-601

EXHIBITS IN SUPPORT OF MOTION TO
ENFORCE SETTLEMENT
CV 85-4544-DMG (AGRx)

84   Individual Service Plan – Residential Treatment for Victoria R., Shiloh Treatment Center, Inc., December 26, 2017 (proposed to be filed partially under seal) ............................................................. 602-606

85   Declaration of Lorelei Alicia Williams, previously filed in this case in Docket No. 239-2, August 5, 2016 ....................................... 607-618

86   Declaration of Megan Stuart, previously filed in this case in Docket No. 239-2, August 1, 2016 .................................................... 619-646

87   Declaration of Carlos Holguín, April 10, 2018 ................................. 647-649

88   ORR Authorization for Medical, Dental, and Mental Health Care for Carlos A., July 31, 2017 (proposed to be filed partially under seal)............................................................................................ 650-652

89   Declaration of Carter White, April 14, 2018, attaching Shiloh Treatment Center Consent to Medical Care Form............................ 653-655

EXHIBITS IN SUPPORT OF MOTION TO
ENFORCE SETTLEMENT
CV 85-4544-DMG (AGRx)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of April, 2018, at Santa Clarita, California.

Respectfully submitted,

Carlos Holguín

/s/ Carlos Holguín

# Exhibit 8

Exhibit 8
Page 44

**Interim Guidance on *Flores v. Sessions***

### I.   Background

 *Flores* is a lawsuit brought by unaccompanied alien children to enforce Paragraph 24A of the *Flores* Settlement Agreement. Paragraph 24A states: "A minor in [removal proceedings] shall be afforded a bond redetermination hearing before an immigration judge in every case, unless the minor indicates . . . that he or she refuses such a hearing." On January 20, 2017, a district court in the Central District of California ruled that the Government was in breach of Paragraph 24A and ordered the Government to henceforth come into compliance. Order re Pls' Mot. to Enforce, *Flores v. Sessions*, 2:85-cv-04544 (C.D. Cal. Jan. 20, 2017). On July 5, 2017, a panel of the Ninth Circuit affirmed the District Court's order. *Flores v. Sessions*, No. 17-55208, 2017 WL 2855813 (9th Cir. July 5, 2017).

 This document is intended to provide interim guidance to the immigration courts on implementing the District Court and Ninth Circuit orders as they relate to conducting bond hearings for unaccompanied children in the custody of the Health and Human Services' ("HHS"), Office of Refugee Resettlement ("ORR"); however, this guidance is subject to change due to on-going implementation discussions and potential litigation.

### II.   Scope of the Agreement and Orders

 The *Flores* Agreement, including the District Court and Ninth Circuit's interpretation of it, applies nationwide. *See Flores v. Lynch*, 828 F.3d 898, 901 (9th Cir. 2016). Therefore, this guidance applies to all immigration courts that handle cases involving juvenile respondents.

 The Government has reached a preliminary agreement with Plaintiffs' counsel concerning implementation of the orders. Plaintiffs have agreed that the Government complies with the orders so long as the Executive Office for Immigration Review ("EOIR"), in coordination with ORR and the Department of Homeland Security ("DHS"), makes bond hearings available to:

  (1) Any child that ORR is holding in a staff-secure or secure facility; and

  (2) Any other child in ORR custody who has affirmatively requested a hearing by making a request with the immigration court or to an ORR care provider.

### III.   Procedures for Scheduling *Flores* Bond Hearings

  **A.   Unaccompanied Children in Secure and Staff-Secure Facilities**

1

**Exhibit 8**
**Page 45**

The following process applies to children in secure and staff-secure facilities. ORR will automatically provide a notice entitled, "Notice of Right to Request a Bond Hearing," to all unaccompanied children in its staff-secure and secure facilities of their ability request a bond hearing. The child, a legal representative of the child, or a parent/legal guardian of the child may submit a written request for a bond hearing to ORR using the ORR form.  If one of these individuals requests a hearing, ORR will notify the immigration court by filing a motion for a bond hearing.  **Note:** this motion is specific to unaccompanied children in secure or staff-secure facilities. **See Attachment A.**  For a list of the ORR secure and staff-secure facilities and the nearest immigration courts, **see Attachment D**.

For children in secure and staff-secure facilities, upon receipt of the motion from ORR, court staff should schedule a bond hearing and mail notice to the following individuals: (1) the child, care of the custodian in charge of the ORR facility where the child is located; (2) the child's legal representative, if any; and (3) ORR's Director's Office at the following address:

> Director Scott Lloyd
> Office of Refugee Resettlement
> 330 C. Street, S.W.
> Washington D.C. 20201

Additionally, court staff should mail to both parties a copy of: (1) the motion and (2) any EOIR-28 that has been filed along with the notice of the scheduled bond hearing.

For the time being, HHS and ORR attorneys located in Washington D.C. will represent ORR during such bond hearings.

**B.   Other Children in ORR Custody**

Other children who are in ORR custody but who are not in secure or staff-secure facilities (e.g., shelters) are not automatically given a "Notice of Right to Request a Bond Hearing" but may still request a bond hearing by making an affirmative request with either ORR or with the immigration court.

If a child in non-secure care makes an affirmative request with ORR for a bond hearing, ORR will file a motion with the immigration court. That motion is different from the motion filed by ORR for children in secure facilities. **See Attachment B**. In these cases, ORR may submit a letter along with the motion stating that it has determined that the child is neither a danger nor a flight-risk and that ORR will release the child once a suitable sponsor is located.  In such cases, court staff should provide the motion, and any accompanying documents filed by ORR, to the immigration judge for appropriate action. The immigration judge may enter an order

**Exhibit 8**
**Page 46**

granting the child's release subject to placement with a suitable sponsor without conducting an in-person hearing. [1]

If a child appearing in immigration court makes an affirmative request for a bond hearing and no motion has been received from ORR, immigration court staff should send the notice contained in **Attachment C** to: (1) the child, c/o of the ORR custodian or care provider and the child's attorney, if any; and (2) ORR's Director's Office at the address above, informing ORR that an unaccompanied child in its custody has affirmatively requested a bond hearing and requesting that ORR respond within 10 days. Upon receiving a response from ORR, the child, or his or her attorney, court staff should provide the response to the immigration judge for appropriate action. ORR may respond that it has determined that the child is neither a danger nor a flight risk and that ORR will release the child once a suitable sponsor is located. If so, the immigration judge may enter an order granting the child's release subject to placement with a suitable sponsor without conducting an in-person hearing.

## IV.   Guidance and Information for Immigration Judges

Generally, the District Court's Order contemplates that Immigration Judges will conduct bond hearings for unaccompanied children using the same standards and factors that apply to custody redetermination hearings conducted pursuant to 8 C.F.R. § 1236.1(d)(1); however, there are some additional considerations and differences.

### A.   Representation

At this time, Department of Health and Human Services ("HHS") and ORR headquarters attorneys will represent ORR during these bond hearings; DHS attorneys will not be present. The HHS and ORR attorneys are located in Washington, D.C., and have very limited resources for appearing in-person at the immigration courts. As a result, they will likely request telephonic appearances. In order to ensure effective and efficient implementation of the Ninth Circuit's order, Immigration Judges should grant all requests from HHS/ORR, and any similar requests from the respondent or respondent's counsel, to appear telephonically unless there are specific and articulated reasons relating to due process concerns or another adverse impact on the efficient adjudication of the case. As outlined in Operating Policies and Procedures Memorandum (OPPM) 08-04, *Guidelines for Telephonic Appearances by Attorneys and Representatives at Master Calendar and Bond Redetermination Hearings* (July 30, 2008),

---

[1]   In some cases involving children in staff-secure care, ORR has also found that the child will be released to a suitable custodian but has made no finding of danger to self or community. ORR will inform the immigration judge if this is the case.

**Exhibit 8**
**Page 47**

Immigration Judges must adjudicate each request for a telephonic appearance on a case-by-case basis.

The child may be represented by an attorney or other representative at no expense to the government consistent with 8 C.F.R. § 1003.16(b).

### B.    Role of the Immigration Judge

During the hearing, an immigration judge decides whether the child poses a danger to the community or is a flight-risk. *See* Order re Pls' Mot. to Enforce 2, 2:85-cv-04544. The burden is on the child to demonstrate that he or she should be released because he or she does not pose a danger to the community or a flight risk. *Id*. In making this determination, immigration judges should apply the factors set forth in *Matter of Guerra*, 24 I&N Dec. 37, 38 (BIA 2006). *Id*. An immigration judge's decision that the unaccompanied child is not a danger to the community supersedes an ORR determination on that question, unless the Board of Immigration Appeals overturns the judge's decision. *Id*. If an immigration judge also finds that the child is not a flight risk, ORR will consider that finding when assessing the child's placement and conditions of placement, but the decision does not affect release because ORR does not make a determination of flight risk for purposes of deciding whether a child will be released.

Despite the Immigration Judge's decision on the question of danger to the community and flight risk, in all cases, release from ORR custody cannot occur until ORR has identified, evaluated and approved an appropriate sponsor. *See* 8 U.S.C. § 1232(c)(3); *Flores*, 2017 WL 2855813, at *3 ("determinations made at hearings held under Paragraph 24A will not compel a child's release. Regardless of the outcome of a bond hearing, a minor may not be released unless the agency charged with his or her care identifies a safe and appropriate placement.").

Additionally, although these hearings are known as "bond hearings," ORR does not require payment of any money in the event that bond is granted. Therefore, if release is appropriate, the Immigration Judge should not set a bond amount but should instead issue an order granting the child's release subject to ORR identifying, evaluating, and approving an appropriate sponsor.[2]

The District Court and Ninth Circuit orders provide no authority for an immigration judge to rule on the suitability of a sponsor or to release the child on his or her own recognizance. *Id*.

---

[2]  To prevent confusion for the child, it is critical that the immigration judge include a statement in the bond hearing order that child's release is subject to the condition that ORR identifies, evaluates, and approves an appropriate sponsor.

**Exhibit 8**
**Page 48**

### C.    Additional Information

Background information that may be useful concerning ORR's use of secure facilities is available on ORR's website at https://www.acf.hhs.gov/orr/resource/children-entering-the-united-states-unaccompanied (last visited July 20, 2017). Specifically, "ORR has two levels of care for unaccompanied alien children who are assessed to be a danger to themselves or others, or who have been charged with having committed a criminal offense." *Id.* at Section 1.3.4. ORR only places an unaccompanied alien child in a secure facility if ORR determines the child poses a danger to self or others or has been charged with having committed a criminal offense. *Id.* ORR places a child in a staff-secure facility if the child "has been disruptive to the normal functioning of a shelter care provider facility such that transfer is necessary to ensure the welfare of the UAC or others; is an escape risk; has non-violent criminal or delinquent history not warranting placement in a secure care provider facility, such as isolated or petty offenses as described above; or is ready for step-down from a secure facility." *Id.* An Immigration Judge's decision that a child can be released (meaning that the immigration judge determines that the child is not a danger to community and need not remain in an ORR facility for that reason) supersedes a previous ORR decision. *Flores*, 2017 WL 2855813, at *3.

### D.    Appeals and Requests for a Second Bond Hearing

Immigration Judges should inform the parties of their ability to file an appeal with the Board. Either party may appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA"). **Note**: If a child reserves appeal, it is prudent for Immigration Judges to inform the child (or his or her attorney) that the opposing party is HHS/ORR contrary to the current language in the appeal form (EOIR-26) which states that "the opposing party is DHS." Additionally, the EOIR-27 ("Notice of Entry of Appearance of Attorney or Representative Before the Board") does not currently list HHS-ORR on the proof of service. The child (or his or her attorney) should ensure that a copy of any EOIR-26 and/or EOIR-27 that is filed at the Board has been served on ORR (rather than DHS) at the above address.

If an immigration judge (or BIA, when appealed) determines that an unaccompanied alien child is ineligible for release, such decision is final unless the child can demonstrate a material change in circumstance to support a second request for a bond hearing. *See* 8 C.F.R. § 1003.19(e).

**Exhibit 8
Page 49**

**ATTACHMENT A:**

**Motion Requesting Bond Hearing for Unaccompanied Child**

**Secure or Staff-Secure Custody**

(ORR or ORR-funded care provider to complete and file with appropriate Immigration Court)

**IN THE MATTER OF:**

Respondent:   _____

Alien Number:  _____

_____

)
)
)
)
)
)
)
)

Date:  _____

**REQUEST TO SET BOND HEARING PURSUANT TO**
***FLORES v. SESSIONS*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017)**

Pursuant to *Flores v. Sessions*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017), the above named respondent is an unaccompanied alien child who has requested a custody redetermination hearing.

The respondent is currently being held in a secure or staff-secure facility operated by the Department of Health and Human Services' Office of Refugee Resettlement. Accordingly, the respondent respectfully requests the court schedule a bond hearing pursuant to the federal district court order.

Please direct all correspondence regarding this bond hearing, including hearing notices and the bond order rendered by the Immigration Court, to the following individuals:

Office of Refugee Resettlement
330 C. Street, S.W.
Washington D.C. 20201
Attention: Director Scott Lloyd

The respondent, care of the ORR representative, at the following address:

Program Director of ORR-funded care provider:   _____
Address of ORR-funded care provider:   _____
_____

☐ Check box if the respondent is represented by an attorney or accredited representative.

Name of Respondent's Attorney/Representative:   _____
Address of Attorney/Representative: _____

6

**Exhibit 8
Page 50**

**ATTACHMENT B:**

**Motion Requesting Bond for Unaccompanied Child**

**<u>(Non-Secure) Shelter Care</u>**

(ORR or ORR funded-care provider to complete and file with appropriate Immigration Court)

IN THE MATTER OF:                                           )
                                                                          )
Respondent:   _____                 )
                                                                          )
Alien Number:  _____                 )
                                                                          )
Date:  _____                        )
_____         )

**REQUEST TO SET BOND HEARING PURUSANT TO**

***FLORES v. SESSIONS*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017)**

Pursuant to *Flores v. Sessions*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017), the above named respondent is an unaccompanied alien child who has requested a bond hearing.

The respondent is currently being held in a non-secure shelter operated by the Department of Health and Human Services' Office of Refugee Resettlement (ORR). The respondent requests that the Immigration Judge schedule a bond hearing.

Please direct all correspondence regarding this bond-hearing request, including hearing notices (if appropriate) and the bond order rendered by the Immigration Court, to the following individuals:

Office of Refugee Resettlement
330 C. Street, S.W.
Washington D.C. 20201
Attention: Director Scott Lloyd

The respondent, care of the ORR representative, at the following address:
Program Director of ORR-funded care provider:   _____
Address of ORR-funded care provider:   _____
                                                                    _____

☐ Check box if the respondent is represented by an attorney or accredited representative.
Name of Respondent's Attorney/Representative:   _____
Address of Attorney/Representative: _____

7

**Exhibit 8**
**Page 51**

## ATTACHMENT C:

### Notice to HHS/ORR re Requested Bond Hearing

(To be completed by Immigration court staff and submitted to BOTH (1) minor respondent's custodian and (2) ORR address below, as well as (3) Respondent's attorney, if relevant).

(1) Respondent: _____

    Alien Number: _____

    C/o Custodian: _____

    Shelter: _____

    Shelter Address: _____

    _____

(2) E. Scott Lloyd

    Director

    Office of Refugee Resettlement

    330 C Street, S.W.

    Washington, D.C. 20201

(3) Respondent's Attorney: _____

    Office: _____

    Address: _____

    _____

    (if relevant)

**IN THE MATTER OF**:    )

    )

Respondent: _____ )

    )

Alien Number: _____ )

    )

Date: _____ )

_____ )

### NOTICE OF REQUEST FOR BOND HEARING PURUSANT TO *FLORES v. SESSIONS*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017)

The above named respondent is an unaccompanied alien child in your custody who has affirmatively requested a custody redetermination hearing before the immigration court pursuant to *Flores v. Sessions*, 2:85-CV-04544 (C.D. Cal. Jan. 20, 2017).

Please submit a response to the immigration court, in writing, within 15 days regarding whether or not:

    ☐ HHS, ORR has determined that the respondent is a danger or a flight risk;

    ☐ HHS, ORR has determined that the respondent is not a danger or a flight risk; or

    ☐ HHS, ORR has not determined whether the respondent is a danger or a flight risk.

8

**Exhibit 8**
**Page 52**

Additionally, please respond whether or not HHR/ORR plans to release the respondent to a suitable custodian.

---

### CERTIFICATE OF SERVICE

This document was served by: □ Mail (M) | □ Personal Service (P)
To: □ Alien □ Alien c/o custodial officer □ Alien's Attorney □ HHS
Date: _____            By:            Court            Staff
_____

---

9

**Exhibit 8**
**Page 53**

**ATTACHMENT D:**

**Staff-Secure and Secure Facilities and Immigration Court List**

| State | Location | Facility/Shelter Name | Immigration Court and Address |
|-------|----------|----------------------|-------------------------------|
| CA | Fairfield | BCFS Fairfield | San Francisco Immigration Court<br>100 Montgomery St., Suite 800<br>San Francisco, CA 94104<br>(415) 705-4415 |
|  | Woodland | Yolo County | San Francisco Immigration Court<br>100 Montgomery St., Suite 800<br>San Francisco, CA 94104<br>(415) 705-4415 |
| OR | Portland | Morrison Paso Staff-secure | Portland Immigration Court<br>1220 SW 3rd Ave., Suite 500<br>Portland, OR 97204<br>(503) 326-6341 |
| WA | Renton | Friends of Youth | Seattle Immigration Court<br>1000 Second Ave., Suite 2500<br>Seattle, WA 98104<br>(206) 553-5953 |
|  | Seattle | Selma Carson | Seattle Immigration Court<br>1000 Second Ave., Suite 2500<br>Seattle, WA 98104<br>(206) 553-5953 |
| IL | Chicago | Heartland IYC | Chicago Immigration Court<br>525 West Van Buren Street<br>Suite 500<br>Chicago, IL 60607<br>(312) 697-5800 |
| TX | San Antonio | BCFS San Antonio Staff-secure | San Antonio Immigration Court<br>800 Dolorosa St., Suite 300<br>San Antonio, TX 78207<br>(210) 472-6637 |
|  | Manvel | Shiloh Treatment Center | Houston Immigration Court<br>600 Jefferson Street, Suite 900<br>Houston, TX 77002<br>(713) 718-3870 |
|  | Houston | SWK Mesa Staff-secure | Houston Immigration Court<br>600 Jefferson Street, Suite 900 |

10

**Exhibit 8**<br>**Page 54**

| | | | |
|---|---|---|---|
| | | | Houston, TX 77002<br>(713) 718-3870 |
| | Brownsville | SWK Nueva Esperanza Staff-secure | Harlingen Immigration Court<br>2009 West Jefferson Ave., Suite 300<br>Harlingen, TX 78550<br>(956) 427-8580 |
| NY | Dobbs Ferry | Children's Village Staff-secure | New York Immigration Court<br>26 Federal Plaza<br>12th Floor, Room 1237<br>New York, NY 10278<br>(917) 454-1040 |
| | Syosset | MercyFirst | New York Immigration Court<br>26 Federal Plaza<br>12th Floor, Room 1237<br>New York, NY 10278<br>(917) 454-1040 |
| VA | Staunton | Shenandoah Secure | Arlington Immigration Court<br>1901 South Bell Street, Suite 200<br>Arlington, VA 22202<br>(703) 603-1300 |

**Exhibit 8**
**Page 55**