Carlos R. Holguín (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org
       pschey@centerforhumanrights.org

Leecia Welch (Cal. Bar No. 208741)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Jefferson B. Sessions, Attorney General, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG (AGRx) <br><br> EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS AND SUPPORTING MEMORANDUM <br><br> District Judge Dolly M. Gee |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (CAL. BAR NO. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (CAL. BAR NO. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
　　　　ccwhite@ucdavis.edu

# EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS

Pursuant to Local Rule 7-19, Plaintiffs respectfully apply to this Court ex parte for permission to use pseudonyms for the individual Class Members whose declarations and other documents Plaintiffs submit in support of their motion to enforce the Settlement Agreement.

This application is based upon the accompanying Memorandum, a Declaration of Counsel submitted pursuant to Local Rule 7-19.1, Attachment A to this Ex Parte Application, which Plaintiffs simultaneously seek to file under seal, and all other matters of record. Defendants have represented to Plaintiffs that they do not oppose this application.

# MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO PROCEED USING PSEUDONYMS

Plaintiffs seek permission to use pseudonyms for the individual Class Members whose declarations and other documents Plaintiffs submit in support of their motion to enforce the Settlement Agreement.[1] The individual Class Members are individuals who currently are or who have recently been minors in the immigration detention custody of the Office of Refugee Resettlement (ORR). These Class Members have an interest in maintaining their privacy while in immigration custody and in their private medical and mental health information. Plaintiffs seek to use pseudonyms for the individual Class Members to avoid the negative consequences the public may attribute to being in immigration custody and to requiring psychological and psychiatric care, and to avoid negative reprisals from their custodians for speaking

---

[1] Plaintiffs set forth the proposed pseudonyms and corresponding true names of the individual Class Members in Attachment A, which Plaintiffs simultaneously seek leave to file under seal.

out regarding their treatment while in immigration detention. Plaintiffs have advised Defendants' counsel[2] of this application, and Defendants' counsel has indicated that they would not oppose the application.

The Court has the discretion to allow the Class Members to proceed using pseudonyms. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Doe v. Lincoln Unified Sch. Dist.*, 115 Cal. Rptr. 3d 191, 197 (Cal. Ct. App. 2010) (noting that "United States Supreme Court has also implicitly endorsed the use of pseudonyms to protect a plaintiff's privacy") (collecting cases). The Ninth Circuit recognizes that parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does I thru XXIII*, 214 F.3d at 1068. The Ninth Circuit has endorsed a balancing test to assess whether a litigant may preserve his anonymity. *Id*. Under that test, the court looks to whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

Courts have identified several common features in cases in which parties have been permitted to proceed under a fictitious name, including "(1) when identification creates a risk of retaliatory physical or mental harm, . . . ; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' . . . and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Id.* (collecting cases; internal citations omitted); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-90 (2d Cir. 2008) (identifying several additional factors and noting that "this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration").

---

[2] Sarah Fabian, Senior Litigation Counsel, PO Box 868, Ben Franklin Station, Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov

The individual Class Members' identities should be protected because their declarations concern several matters of sensitive and highly personal nature. First, the declarations and the Motion to Enforce implicate the details of the Class Members' immigration detention and asylum claims. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The U.S. Department of Health and Human Services maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied alien children by maintaining the confidentiality of their personal information." U.S. Dept. of Health & Human Services, *Unaccompanied Alien Children Released to Sponsors by State* (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed March 22, 2018). It explains, "These children may have histories of abuse," "may be seeking safety from threats of violence," or "may have been trafficked or smuggled." *Id.* Accordingly, the agency has recognized that it "cannot release information about individual children that could compromise the child's location or identity." *Id.*

Further, among other issues, Plaintiffs' Motion to Enforce addresses the private mental and physical health information and treatment of many of the individual Class Members. Courts have recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases). The Motion and declarations provide information regarding how many of the individual Class Members were treated for mental health disorders, information that is very private and public disclosure of which could be stigmatizing and traumatizing for them. *See*

*Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual") (citation omitted). In addition, many of the minor Declarants discuss the negative treatment that they have experienced by the government contractors who are acting as their physical custodians, and public disclosure of their identities could put them at risk of retaliation.

Third, the identities of the individual Class Members should be protected because they are or recently were minors and the sensitive subject matter at issue – including their private health information and immigration detention – is based exclusively on their experiences as minors. Courts consider the age of a plaintiff to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff*, 537 F.3d at 190 (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

The fact that the accompanying Motion to Enforce is brought against the government also weighs in favor of permitting the individual Class Members to proceed using pseudonyms. *See, e.g.*, *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (finding this factor favors permitting use of pseudonyms). Courts have observed that it is more appropriate to allow parties to proceed anonymously when they are challenging the validity of government action. *Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (explaining that, unlike suits against private entities which may injure their reputation, suits challenging the validity of government action "involve no injury to the Government's 'reputation'").

"[T]he public's interest in the case [would not be] best served by requiring that the litigants reveal their identities, because here, party anonymity [will] not significantly obstruct the public's view of issues joined or the court's performance in resolving them." *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (internal quotation marks and brackets omitted).  Federal Rule of Civil Procedure 5.2(a)(3) entitles the individual Class Members who are still minors to use their initials rather than their full names, and thus the general public will not lose much information by allowing the children to proceed with pseudonyms instead.  Other relevant information important to Plaintiffs' presentation of the issues, including the content of the children's statements, would still be maintained in the public record, and the Court's resolution of these Plaintiffs will be public as well.  In their simultaneously filed Motion to Seal, Plaintiffs propose to redact personally identifying information from the declarations and other records, but otherwise submitting information in the public record.

The use of pseudonyms is the least restrictive method of ensuring the individual Class Members' privacy while permitting the public access to the maximum amount of information.  Proceeding through their true initials alone, as permitted by Federal Rule of Civil Procedure 5.2(a)(3), is not sufficient to protect their privacy, as knowledgeable individuals – including the local entities in whose physical custody many of the individual Class Members still reside – would still be able to identify them with that information.  Accordingly, Plaintiffs seek permission to use pseudonyms for the individual Class Members instead.

Finally, allowing the individual Class Members to use pseudonyms in publicly-filed documents would cause no prejudice to Defendants.  Plaintiffs simultaneously seek to file under seal Attachment A to this motion, which contains a list of the minor Declarants' true names and the corresponding proposed pseudonyms for the Court and Defendants. *Cf. Doe v. United States*, 210 F. Supp. 3d at 1173 (finding no

prejudice to the government in allowing plaintiffs to use pseudonyms where it can learn the plaintiffs' identities through other means). All that the Plaintiffs seek in this motion is permission to use pseudonyms for the individual Class Members in the publicly filed documents in this case. "Courts generally find little to no risk of unfairness to [a] defendant … where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order:

    A. Granting them leave to proceed in this matter with the use of pseudonyms for the individual Class Members;

    B. Ordering that Defendants will not publicly disclose the names or personal identifying information of the individual Class Members after Defendants learn their names and personal identifying information; and

    C. Ordering that all parties shall submit pleadings, briefing and evidence using the individual Class Members' pseudonyms instead of their real names, initials and other personally identifying information.

Dated: April 16, 2018.

Respectfully submitted,

CARLOS R. HOLGUÍN
PETER A. SCHEY
Center for Human Rights &
Constitutional Law

LEECIA WELCH
National Center for Youth Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

/s/
Carlos Holguín

/s/
Leecia Welch

/s/
Holly Cooper