CARLOS R. HOLGUÍN (CAL. BAR NO. 90754)
PETER A. SCHEY (CAL. BAR NO. 58232)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org
       pschey@centerforhumanrights.org

LEECIA WELCH (CAL. BAR NO. 208741)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Jefferson B. Sessions, Attorney General, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 85-4544-DMG (AGRx)<br><br>APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT OF MOTION TO ENFORCE AND ATTACHMENT A TO APPLICATION TO USE PSEUDONYMS<br><br>District Judge Dolly M. Gee |

*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (CAL. BAR NO. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (CAL. BAR NO. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
　　　　ccwhite@ucdavis.edu

# APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT OF MOTION TO ENFORCE AND ATTACHMENT A TO APPLICATION TO USE PSEUDONYMS

Plaintiffs submit this unopposed[1] Application seeking leave from the Court to file under seal portions of Exhibits 1-7, 9-21, 27, 30-52, 55-71, 83, 84, and 88 ("Exhibits") in support of their Motion to Enforce the Settlement Agreement, and Attachment A to their Motion to Use Pseudonyms, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. *See* Holguín Decl. ¶ 2 (table specifying information Plaintiffs seek to seal for each Exhibit). As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Carlos Holguín, a proposed order, and redacted and unredacted versions of the Exhibits.

The portions of the Exhibits that Plaintiffs seek to seal include:

- the full names or initials of Class Members,
- their alien registration numbers or case numbers,
- their full birth dates, and/or
- the names, full birth dates, banking information, addresses, and telephone numbers of their relatives or potential sponsors.

*See* Holguín Decl. ¶ 2 (table specifying information Plaintiffs seek to seal for each Exhibit). Attachment A to the Application to Use Pseudonyms contains a list of proposed pseudonyms and the corresponding true names of the Class Members.

These Class Members are or recently were minors in the immigration detention custody of the Office of Refugee Resettlement (ORR). These youth have an interest in maintaining their privacy while in immigration custody and in their private medical and mental health information.

---

[1] Defendants' counsel (Ms. Sarah Fabian, Senior Litigation Counsel, Office of Immigration Litigation, PO Box 868. Ben Franklin Station, Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov) has informed Plaintiffs that Defendants will not oppose this Application.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal the portions of the documents that Plaintiffs seek to protect from public disclosure. These documents and the related Motion to Enforce contain highly personal information regarding the individual Class Members, and disclosure of this information would cause them significant harm.

I. <u>Compelling reasons support the sealing of the identifying information of the individual Class Members and their family members and sponsors.</u>

Plaintiffs' Motion to Enforce and the supporting Exhibits implicate several highly private interests for the individual Class Members who are identified in those documents, and thus protection of their identities and those of their family members and sponsors is warranted.

First, the Motion and Exhibits address a number of very sensitive and personal matters, including the past abuse, trauma, and private mental and physical health information and treatment of many of the Class Members. Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information. *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (granting Plaintiff-Appellant's motion to file volume of appendix under seal because "nearly every document in the volume at issue includes the name of, and/or personal and private medical information relating to, [Plaintiff-Appellant's] minor son."); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376-77 (8th Cir. 1990) (affirming decision to seal court records containing "testimony of psychologists and psychiatrists as to [child's] mental status" to prevent child from being "stigmatized and humiliated . . ."); Order granting Motion to File Declarations Under Seal at 1, *Doe v. Shenandoah Valley Juvenile Center Commission*, No. 5:17-cv-0097 (W.D. Va. Feb 26, 2018), ECF No. 43 (granting motion to file declarations of immigrant youth under seal because Plaintiffs established that the "information contained in such declarations, including details regarding the declarants' mental health, past abuse, and trauma, is of a highly sensitive and personal nature . . ."). Disclosing the Class Members' names and initials in conjunction with this information would subject them to potential stigma and humiliation. *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual.") (citation omitted).

Second, many of the Exhibits implicate the details of the Class Members' immigration detention and asylum claims, including their alien registration numbers

and case numbers. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The U.S. Department of Health and Human Services maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied alien children by maintaining the confidentiality of their personal information." U.S. Dept. of Health & Human Services, Unaccompanied Alien Children Released to Sponsors by State (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed March 22, 2018). It explains, "These children may have histories of abuse," "may be seeking safety from threats of violence," or "may have been trafficked or smuggled." *Id.* Accordingly, the agency has recognized that it "cannot release information about individual children that could compromise the child's location or identity." *Id.*

Further, the Class Members' identifying information should also be protected because the sensitive subject matter at issue – including their private mental health and trauma information and immigration detention – is based exclusively on their experiences as minors. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing."). Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed*

*Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

  Finally, many of the Class Members address in their declarations mistreatment or other negative experiences that they have experienced in the care of the government contractors who are acting as their physical custodians. Many of them remain in the custody of these contractors, and public disclosure of their names and initials could put them at risk of retaliation.

  Sealing of the Class Members' initials as well as their full names is necessary to protect their identities. Many of the individual Class Members currently are or recently were detained in facilities that house relatively small numbers of youth. If the Class Members' initials were disclosed, knowledgeable members of the public – including the government contractors in whose physical custody many of the Class Members still reside – would be able to identify them. Thus, sealing the Class Members' initials as well as their full names is necessary to protect their highly personal information as well as to protect them from the risk of negative reprisals from their custodians or former custodians.

  To protect the Class Members' identities effectively, it is also necessary to protect the names and identifying information, such as the telephone numbers and home addresses, of their family members and potential sponsors. Identification of those individuals could lead easily to the identification of the Class Members. Further, some of the Exhibits implicate personal information of the Class Members' family members and potential sponsors, including their immigration status and histories of trauma.

II. <u>Sealing of full birthdates and account numbers is also warranted.</u>

  A number of the Exhibits also include the full birthdates of the Class Members and other individuals, as well as full financial account numbers. Federal Rule of Civil Procedure 5.2(a) restricts parties from public filing of birthdates, other than the

1  year of birth, and of financial account numbers, other than the last four digits of such
2  account numbers. Accordingly, Plaintiffs seek to seal the month and day of
3  individuals' birthdates and financial account numbers, other than the last four digits.
4  **III.    Plaintiffs' sealing request is narrowly tailored.**
5  Plaintiffs seek only a limited sealing order that permits them to file unredacted
6  versions of the Exhibits and Attachment A under seal and redacted versions of the
7  Exhibits in the public record. Other relevant information important to Plaintiffs'
8  presentation of the issues, including the content of the Class Members' statements
9  and other documents, would still be maintained in the public record, and the Court's
10 resolution of these matters will be public as well. Plaintiffs do not seek to seal the
11 entirety of the Exhibits, but rather specific portions necessary to protect the highly
12 confidential and personal information of the individual Class Members. Accordingly,
13 filing portions of the Exhibits under seal is the least restrictive method of ensuring
14 Plaintiffs' and their family members' privacy while permitting the public access to
15 the maximum amount of information.[2]

## CONCLUSION

17 For the reasons set forth above, Plaintiffs respectfully request leave to file
18 under seal the complete, unredacted versions of the Exhibits and Attachment A and to
19 file redacted versions of the Exhibits in the public record.

---

[2] Plaintiffs do not seek to seal any portion of Exhibits 85 or 86 to the Motion to Enforce, as those documents were previously filed in the public record of this case as part of Docket No. 239-2.

| | |
|---|---|
| Dated: April 16, 2018 | Respectfully submitted, |
| | |
| | CARLOS R. HOLGUÍN |
| | PETER A. SCHEY |
| | Center for Human Rights & Constitutional Law |
| | |
| | LEECIA WELCH |
| | National Center for Youth Law |
| | |
| | HOLLY COOPER |
| | CARTER WHITE |
| | University of California Davis School of Law |

/s/
Carlos Holguín

/s/
Leecia Welch

/s/
Holly Cooper

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I caused a copy of Plaintiffs' Application for Leave to File Under Seal, the accompanying Declaration in Support of the Application, and the unredacted versions of the documents to be sealed to be served by email to the following counsel listed below:

Carlton F. Sheffield,
  carlton.f.sheffield@usdoj.gov
Christina Parascandola,
  christina.parascandola@usdoj.gov
Colin A. Kisor,
  colin.kisor@usdoj.gov
Sarah B. Fabian,
  sarah.b.fabian@usdoj.gov
William C. Silvis,
  william.silvis@usdoj.gov

Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Peter D. Keisler,
  peter.keisler@usdoj.gov
Yamileth G. Davila,
  yamileth.g.davila@usdoj.gov

Civil Litigation – Office of Immigration Litigation
US Department of Justice
PO Box 878
Ben Franklin Station
Washington, DC 20044

Dated:  April 16, 2018

　　　　　　　　　　　　　　　　　　　　/s/ Leecia Welch
　　　　　　　　　　　　　　　　　　　　Leecia Welch