1  CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
   PETER A. SCHEY (Cal. Bar No. 58232)
2  Center for Human Rights & Constitutional Law
3  256 South Occidental Boulevard
   Los Angeles, CA 90057
4  Telephone: (213) 388-8693
5  Email: crholguin@centerforhumanrights.org
           pschey@centerforhumanrights.org
6
7  LEECIA WELCH (Cal. Bar No. 208741)
   NEHA DESAI (Cal. Bar RLSA No. 803161), *application for admission pending*
8  POONAM JUNEJA (Cal. Bar No. 300848)
9  National Center for Youth Law
   405 14th Street, 15th Floor
10 Oakland, CA 94612
11 Telephone: (510) 835-8098
   Email: lwelch@youthlaw.org
12         ndesai@youthlaw.org
13         pjuneja@youthlaw.org

14 *Listing continues on next page*
15
16 *Attorneys for Plaintiffs*

17

18              UNITED STATES DISTRICT COURT
19        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
20

| Jenny Lisette Flores, *et al.*, | Case No. CV 85-4544-DMG(AGRx) |
|---|---|
| Plaintiffs, | [PROPOSED] ORDER ENFORCING SETTLEMENT |
| v. | Before Hon. Dolly M. Gee |
| Jefferson B. Sessions, Attorney General, *et al.*, | Hearing: June 29, 2018<br>Time: 9:30 a.m. |
| Defendants. | Room: 1st St. Courthouse Courtroom 8C |


*Counsel for Plaintiffs, continued*

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 752-5440
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu

CRYSTAL ADAMS (Cal. Bar No. 308638)
National Center for Youth Law
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

Plaintiffs' motion for a class-wide order requiring Defendant Office of Refugee Resettlement of the U.S. Department of Health and Human Services ("ORR") to comply with the settlement approved by this Court on January 28, 1997 ("Settlement") came on regularly for hearing on June 29, 2018.

The Court, having read and considered the parties' respective memoranda of law in support of and in opposition to Plaintiffs' motion, and having heard oral argument from counsel, now GRANTS Plaintiffs' motion.

IT IS HEREBY ORDERED as follows:

1. ORR shall provide class members whom it wishes to transfer from a licensed, non-secure facility to a staff-secure, secure, or residential treatment center ("RTC") facility with written and oral notice in a language they understand of the reasons for such transfer and disclose to the class member the evidence ORR contends justifies transfer. Except in cases presenting an imminent threat of danger to the child or the safety of others, such notice and disclosure shall be provided at least 10 days in advance of the date ORR proposes to effect the class member's physical transfer. Unless the affected class member knowingly, intelligently, and voluntarily waives a hearing in writing, ORR shall present its evidence for denying such class member a licensed placement to an immigration judge for determination of whether unlicensed placement is consistent with ¶ 21 of the Settlement. Except in cases presenting an imminent threat of danger to the child or the safety of others, a hearing shall be provided prior to physical transfer, and in all other cases within seven days following transfer. Unless the immigration judge's decision is stayed, ORR shall not deny a class member a licensed placement or continue him or her in staff-secure, secure, or RTC facility contrary to an immigration judge's finding that the class member is not within the categories of youth subject to unlicensed placement pursuant to ¶ 21.

2. ORR shall not administer class members psychotropic drugs except in compliance with the child welfare laws of the state in which the class member is

being housed. Except in cases presenting an imminent threat of danger to the child or the safety of others, ORR shall not administer psychotropic medications to class members without a parent's voluntary informed consent to administering their child a specific medication. If a parent is unavailable to provide consent, ORR may seek such voluntary, informed consent from other family members in the following order of priority: a legal guardian; an adult relative (brother, sister, aunt, uncle, or grandparent); or an adult individual or entity designated by the parent or legal guardian as capable and willing to care for the minor's well-being pursuant to ¶ 14D of the Settlement. In cases of an imminent threat of danger to the child or the safety of others, ORR shall notify parents or other family members, as noted above, within 72 hours after the administration of emergency psychotropic medications. If ORR is unable to obtain a parent or family member's voluntary informed consent for a particular child, it shall seek an order from a state court of competent jurisdiction authorizing it to administer specific psychotropic medications to that particular child without a parent's consent.

///

3. Except where continued detention is required either to secure a minor's timely appearance before ICE or the immigration court, or to ensure the minor's safety or that of others, ORR shall, within 30 days of receiving a complete family reunification packet from an individual or entity listed in ¶ 14 of the Settlement, release the class member to the proposed custodian or else refer the custodian's likelihood to harm or neglect the minor for determination by state juvenile authorities. The family reunification packet shall be considered complete when ORR receives the completed and signed "Authorization for Release of Information," the completed and signed "Family Reunification Application" form, and the supporting documents listed on ORR's "Family Reunification Checklist for Sponsors," or else a statement from the potential sponsor explaining that one or more supporting documents cannot be provided and why.

Dated: _____, 2018.

_____
United States District Judge

Presented by:

 /s/_____
Carlos Holguín
One of the attorneys for Plaintiffs