# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) Case No. CV 85-4544-DMG |
| Plaintiffs, | ) |
| v. | ) |
| ERIC H. HOLDER, JR., Attorney General of the United States; *et al.*, | ) |
| Defendants. | ) |

### REPORT OF JUVENILE COORDINATOR DEANE DOUGHTERY SUBMITTED BY IMMIGRATION AND CUSTOMS ENFORCEMENT

On June 27, 2017, the Court ordered Defendants to appoint Juvenile Coordinators to monitor their component's compliance with the Flores Settlement Agreement (FSA) and, in response, Immigration and Customs Enforcement (ICE) timely named Deane Dougherty. In addition to identifying Ms. Dougherty, ICE also explained that it would spot check five percent of its records to ensure class members were timely notified of their rights, promptly and continuously considered for release, and expeditiously released if parole or placement was not made. On October 18, 2017, the Court ordered quarterly reporting from the Juvenile Coordinators with the first report due December 1, 2017. The third quarterly report is due June 1, 2018.

The Court's June 27, 2017 Order identified three areas of noncompliance for ICE relating to: (1) the Notice of Advisals and the free legal service providers list; (2) prompt and continuous efforts to release/parole FSA class members; and (3) releasing class members as expeditiously as

1

possible. In order to monitor compliance in these areas, ICE implemented new practices and created additional forms to ensure accountability. Specifically, ICE created two forms to gather data on release/parole determinations. The first is entitled the Parole Worksheet, and it gathers information regarding individual parole determinations for class members, including the basis for any parole decision. The second document is the Family Sponsor Contact Form, which gathers data regarding potential sponsors that may be willing to assist in housing class members. . In addition, to assist in reporting on the compliance issues, ICE created a web-based repository to facilitate the collection and review of the compliance data and forms. The current report covers ICE's compliance at its three Family Residential Centers (FRC) between February 1, 2018 and April 30, 2018.

## I. South Texas Family Residential Center (STFRC)

During the reporting period, STFRC housed approximately 4,690 class members. Five percent of this number is 235 individuals. This is the number of files ICE committed to reviewing to verify its compliance with providing the pertinent notices and making and recording prompt and continuous efforts to release class members.

### a) Notice of Advisals

Of the 235 files reviewed, 235 files showed that the Notice of Advisals and a copy of the list of legal service providers were provided to class members. 235 files contained a copy of the Notice, which is Exhibit 6 in the Flores Settlement Agreement, and a copy of the list of legal service providers signed by a parent or legal guardian. There were 0 instances of a refusal to sign by a parent or class member who is old enough (i.e., 14 years of age) to sign for themselves, and 0 forms that were signed by a class member over the age of 14. Accordingly, ICE appears to

have fully complied with the requirement to provide the Notice of Advisals and list of legal service providers to all class members at STFRC.

### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 235 files reviewed, 235 files showed that a parole determination was made. 235 files contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case.

### c) Releasing Class Members As Expeditiously as Possible

Starting November 1, 2017, STFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for more than 20 days which included an explanation for the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20 days were due to circumstances including: lack of sponsor; delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite the child being eligible for parole; and flight risk factors including a final order of removal and limited equities in the United States.

## II. Karnes Family Residential Center (KFRC)

During the reporting period, KFRC housed approximately 1,918 class members. Five percent of this number is 96 individuals. This is the number of files ICE committed to reviewing to verify its compliance with providing pertinent notices and making and recording prompt and continuous efforts to release class members.

### a) Notice of Advisals

Of the 96 files reviewed, 96 files showed that the Notice of Advisals and list of legal service providers were provided to class members. Of these files, 96 contained a copy of Notice, which is Exhibit 6 in the Flores Settlement Agreement and a copy of the list of legal service providers signed by a parent or legal guardian. There were 0 instances of a refusal to sign by a parent or class member who is old enough (i.e., 14 years old) to sign for themselves. 4 files contained a completed Notice of Advisals with a fingerprint, but no signature. The Juvenile Coordinator will ensure that ICE facility staff will properly annotate the circumstances under which 'fingerprint signatures' occur in the future (*e.g.*, when a person cannot write their name). Accordingly, ICE appears to have fully complied with the requirement to provide the Notice of Advisals and a list of legal service providers to all class members at KFRC.

### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 96 files reviewed, 96 files showed that a parole determination was made in the class member's case. Of these files, 96 contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case. In addition, 96 files contained a facility-specific family sponsor contact forms.

### c) Releasing Class Members As Expeditiously as Possible

Stating November 1, 2017, KFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for longer than 20 days which included an explanation of the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20 days were due to circumstances including: lack of sponsor; delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite

the child being eligible for parole; and flight risk factors including a final order of removal and limited equities in the United States

### III. Berks Family Residential Center (BFRC)

During the reporting period, BFRC housed 172 class members. Five percent of this number amounted to 9 individuals. This is the number of files ICE committed to reviewing to verify its compliance with providing pertinent notices and making and recording prompt and continuous efforts toward release.

#### a) Notice of Advisals

Of the 9 files reviewed, 9 showed that the Notice of Advisals and list of legal service providers were provided to class members. Nine files contained a copy of the Notice, which is Exhibit 6 in the Flores Settlement Agreement, and the list of legal service providers which were signed by a parent or class member who is old enough (i.e., 14 years old) to sign for themselves. Accordingly, ICE appears to have fully complied with the requirement to provide the Notice of Advisals and list of legal service providers to all class members at Berks.

#### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 9 files reviewed, 9 showed that a parole determination was made in the class member's case. Nine files contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case. In addition, all 9 files contained facility-specific family sponsor contact forms.

#### c) Releasing Class Members As Expeditiously as Possible

Starting on November 1, 2017, BFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for more than 20 days which included an explanation for the continued detention. The Juvenile Coordinator reviewed these weekly reports

and concurred with the continued detention in each case. In each of the nine cases, the reason for detention for more than 20 days was deemed appropriate because there was no appropriate sponsor available.

## IV. Conclusion

During this reporting period, ICE continued to monitor compliance with the FSA. All the files reviewed at the respective facilities contained appropriately completed forms demonstrating compliance with the procedures established by ICE to monitor FSA compliance. In total, there were approximately 7,858 class members detained at ICE's three FRC during this reporting period. Although 2,026 of these individuals were held in DHS custody for 20 days or more, the average length of stay (ALOS) for the 2,026 class members was 19.63 days in custody at an FRC.

Overall, the data demonstrate that ICE complied with the FSA during this reporting period.

Respectfully submitted,

Deane Dougherty
Juvenile Coordinator