Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595-9500
Facsimile: +1 310 595-9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Judy London (SBN 149431)
jlondon@publiccounsel.org
Talia Inlender (SBN 253796)
tinlender@publiccounsel.org
Alisa Hartz (SBN 285141)
ahartz@publiccounsel.org
Lucero Chavez (SBN 273531)
lchavez@publiccounsel.org
Elizabeth Hadaway (SBN 308800)
ehadaway@publiccounsel.org
Malhar Shah (SBN 318588)
mshah@publiccounsel.org
Deena Tumeh (SBN 318573)
dtumeh@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385-2977
Facsimile: +1 213 385-9089

*Attorneys for Plaintiff-Intervenors*
*Additional counsel on next page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; et al., | Case No.  CV 85-4544-DMG |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO INTERVENE AS PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| JEFFERSON B. SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES; KIRSTJEN NIELSEN, SECRETARY OF HOMELAND SECURITY; U.S. | |

DEPARTMENT OF HOMELAND SECURITY, AND ITS SUBORDINATE ENTITIES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

Ms. J.P., Ms. J.O., Ms. R.M., and DOES 1-10,

Plaintiff-Intervenors.

Date:        July 27, 2018
Time:        9:30 a.m.
Judge:       Hon. Dolly M. Gee
Courtroom: 8C, Los Angeles Courthouse

Additional counsel for Plaintiff-Intervenors:

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736-8000
Facsimile: +1 202 736-8711

Michael Andolina*
mandolina@sidley.com
Timothy Payne*
tpayne@sidley.com
Kevin Fee*
kfee@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: +1 312 853-7000
Facsimile: +1 312 853-7036

Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law**
University of Southern California
699 Exposition Blvd.
Los Angeles, CA 90089
Telephone: +1 213 675-5957

Luis Cortes Romero (SBN 310852)
lcortes@ia-lc.com
Alma L. David (SBN 257676)
adavid@ia-lc.com
IMMIGRANT ADVOCACY & LITIGATION CENTER, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: +1 253 872-4730
Facsimile: +1 253 237-1591

*Application for admission pro hac vice to be submitted

** Institution listed for identification purposes only

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on July 27, 2018, at 9:30 a.m. or as soon thereafter as may be heard in Courtroom 8C of the above-entitled court, located at 350 West 1st Street, Los Angeles, California 90012, Ms. J.P., Ms. J.O., Ms. R.M., and DOES 1-10 (collectively "Plaintiff-Intervenors") will and hereby do move this Court for entry of an order permitting Plaintiff-Intervenors to intervene as a matter of right in the above-captioned matter for the purpose of participating in the enforcement of the Settlement Agreement in *Flores v. Meese*, 681 F. Supp. 665 (C.D. Cal. 1988), to ensure that it fully addresses the impact of the family separation program on themselves and their children.  Plaintiff-Intervenors seek, in particular, (i) prompt family release from detention, because they, as parents of accompanying minor class members, are the preferred custodians of the minor class members pursuant to paragraph 14(A) of the Settlement Agreement, and need now to be reunified with their children, who are members of the *Flores* class, outside of detention to address effectively the trauma imposed by the government's policy of family separation, and (ii) to obtain trauma-informed remedial medical and mental health services outside of detention for each family (each parent and her minor class member child(ren) separated and detained) appropriate to address the trauma caused by family separation and minor class member detention.  Plaintiff-Intervenors also seek to intervene as a matter of right for the purpose of opposing Defendants' *Ex Parte* Application for Relief from the Settlement Agreement, which, if granted, would impair or impede Plaintiff-Intervenors' aforementioned interests. Alternatively, in the event the Court finds that Plaintiff-Intervenors are not entitled to intervention as a matter of right, Plaintiff-Intervenors seek permissive intervention.

This motion is made pursuant to Federal Rules of Civil Procedure Rule 24(a)(2) for mandatory intervention on the grounds that 1) this motion is timely, 2) Plaintiff-Intervenors claim a significant protectable interest relating to the

1

subject of the action, 3) disposition of the action through the continued enforcement of the Settlement Agreement without an addendum to protect Plaintiff-Intervenors' interests or through granting relief from the Settlement Agreement to Defendants may impair or impede Plaintiff-Intervenors' ability to protect their interests, and 4) the existing parties do not adequately represent the Plaintiff-Intervenors' interests.

Alternatively, this motion is made pursuant to Federal Rules of Civil Procedure Rule 24(b)(1)(B) for permissive intervention on the grounds that 1) Plaintiff-Intervenors have a claim or defense that shares with the main action a common question of law or fact, 2) there exist independent grounds for jurisdiction, and 3) this motion is timely.

This motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the concurrently-lodged proposed Complaint in Intervention setting out the claim for which intervention is sought as required by Federal Rule of Civil Procedure 24(c) and all supporting declarations; all documents and pleadings on file in this action; and on such other oral and documentary evidence as may be presented at the hearing on this motion.

Plaintiff-Intervenors met and conferred with the parties before filing this motion.[1] Defendants advised that they will oppose the motion to intervene.

DATED: June 25, 2018

                                   /s/ Amy P. Lally

---

[1] Due to the immediate exigency of the situation faced by Plaintiff-Intervenors, described herein and in the Complaint in Intervention, the conference of counsel took place the same day as filing and not seven days prior.

NOTICE OF MOTION AND MOTION TO INTERVENE AS PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595-9500
Facsimile: +1 310 595-9501

Attorney for Plaintiff-Intervenors

3

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

PLAINTIFF-INTERVENORS RESPECTFULLY SUBMIT THIS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO INTERVENE.........................................................1

I. INTRODUCTION ...........................................................................1

II. BACKGROUND...............................................................................1

    A.    PARTIES.................................................................................1

    B.    RELEVANT PROCEDURAL HISTORY .........................................3

    C.    FAMILY CASE MANAGEMENT PROGRAM ..............................4

    D.    ZERO TOLERANCE POLICY ....................................................4

III. ARGUMENT....................................................................................5

    A.    PLAINTIFF-INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT. .......................................6

        1.    Plaintiff-Intervenors' Motion Is Timely. ....................................6

        2.    Plaintiff-Intervenors Have a Significant Protectable Interest .................................................................8

        3.    The Disposition Of This Case May Practically Impair Plaintiff-Intervenors' Ability To Protect Their Interests...........10

        4.    The Parties Do Not Adequately Represent Plaintiff-Intervenors' Interests ............................................11

    B.    PLAINTIFF-INTERVENORS SHOULD BE PERMITTED TO INTERVENE.........................................................12

IV. CONCLUSION ...............................................................14

NOTICE OF MOTION AND MOTION TO INTERVENE AS PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) ............................................................................ 11

*Bolling v. Sharpe*,
    347 U.S. 497 (1954) ........................................................................................... 9

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011) ............................................................... 6, 11, 12

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) .......................................................................... 12, 13

*In re Estate of Ferdinand E. Marcos Human Rights Litig.*,
    536 F.3d 980 (9th Cir. 2008) ............................................................................ 13

*Flores v. Lynch*,
    828 F.3d 898 (9th Cir. 2016) ...................................................................... *passim*

*Greene v. United States*,
    996 F.2d 973 (9th Cir. 1993) (Reinhardt, J., dissenting) ..................................... 6

*Johnson v. San Francisco Unified Sch. Dist.*,
    500 F.2d 349 (9th Cir. 1974) ........................................................................... 8, 9

*League of United Latin American Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ........................................................................ 6-7

*Meyer v. Nebraska*,
    262 U.S. 390 (1923) ........................................................................................... 9

*Moore v. E. Cleveland*,
    431 U.S. 494 (1977) ........................................................................................... 9

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006) ............................................................................ 6

*Santosky v. Kramer*,
    455 U.S. 745 (1982) ........................................................................................... 9

*Smith v. Los Angeles Unified Sch. Dist.*,
   830 F.3d 843 (9th Cir. 2016) .................................................................... 7

*Smith v. Marsh*,
   194 F.3d 1045 (9th Cir. 1999) .................................................................. 7

*Sw. Ctr. For Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001) ........................................................... 5, 6, 10

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) ........................................................... 8-9, 10

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) .................................................................... 7

*United States v. City of Los Angeles*,
   288 F.3d 391 (9th Cir. 2002) ........................................................ 5-6, 8, 10

*United States v. State of Oregon*,
   745 F.2d 550 (9th Cir. 1984) .................................................................... 7

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*,
   429 U.S. 252 (1977) ................................................................................. 9

*Zadvydas v. Davis*,
   533 U.S. 678 (2001) ................................................................................. 9

**Statutes**

28 U.S.C. § 1331 .................................................................................. 13

**Other Authorities**

Wright & Miller, 7C Fed. Prac. & Proc. Civ. (3d ed.) ............................. 13

Fed. R. Civ. P. 24 ........................................................................... *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff-Intervenors respectfully submit this memorandum of points and authorities in support of their motion to intervene.

## I.   INTRODUCTION

Plaintiff-Intervenors are parents of minor class members.  Plaintiff-Intervenors are currently being held in detention by the federal government.  Each parent came to the United States with a child under the age of 18, fleeing from persecution in her native country, and seeking asylum here as permitted under the laws of the United States.  The federal government recently enacted extraordinary, deliberate, and needless policies of separating immigrant parents from their children, holding each in prolonged detention with no access to each other, and creating a desperate need for family mental health services to address the consequences of such cruel separation.  In an effort to legitimize these policies, Defendant moved the Court to reopen this Action and revise the Settlement Agreement between the minors and the United States.

Defendants' policies—and their related enforcement efforts—have caused the mistreatment of these minors in violation of the Settlement Agreement in this Case.  That violation has also harmed Plaintiff-Intervenors both as the parents of accompanied minors and as individuals.  Plaintiff-Intervenors now move the Court to allow them to intervene in order to protect their significant interests in the Court's disposition of this Case.

## II.   BACKGROUND

### A.   PARTIES

Plaintiff-Intervenors are the accompanying parents of minors who came to the United States seeking asylum as permitted by law.  Plaintiff-Intervenor J. P. ("Ms. P.") is the 37-year-old mother of 16-year-old L.P.  Ms. P. entered the country with her daughter on or around May 17, 2018, and Ms. P. was separated from her daughter on or around May 20, 2018.  Ms. P. is currently detained in the custody of

-1-

1  U.S. Immigration and Customs Enforcement at the James A. Musick Facility in

2  Irvine, California.  Her daughter L.P. is currently being detained at Casa Phoenix, a

3  Southwest Key Programs, Inc., facility in Phoenix, Arizona.

4       Plaintiff-Intervenor J.O. ("Ms. O.") is the mother of 16-year-old T.B.  Ms. O.

5  entered the country with her daughter on or around May 18, 2018, and Ms. O. was

6  separated from her daughter on or around May 21, 2018.  Ms. O. is being held in

7  custody in the Northwest Detention Center in Tacoma, Washington.  Ms. O.'s

8  daughter, T.B. is currently being detained at Casa Antigua, a Southwest Key

9  Programs, Inc. facility in San Benito, Texas.

10      Plaintiff-Intervenor R. M. ("Ms. M.") is the mother of 15-year-old S.Q.  Ms.

11  M. entered the country with her daughter on or around May 18, 2018, and Ms. M

12  was separated from her daughter.  Ms. M. is currently being detained at the

13  Northwest Detention Center in Tacoma, Washington.  Ms. M.'s daughter is

14  currently being detained at Casa Antigua, a Southwest Key Programs, Inc. facility in

15  San Benito, Texas.

16      Plaintiff-Intervenor Does 1–10 are parents of minor children who are being

17  detained by U.S. immigration officials after entering into the United States by

18  crossing the southern border, and who likewise have been separated from their

19  minor children.

20      Defendant Jefferson B. Sessions is the Attorney General of the United States,

21  and is responsible for setting policy related to the enforcement of immigration laws

22  in the United States, including the policy of family separation.  Defendant Kirstjen

23  Nielsen is the Secretary of the U.S. Department of Homeland Security ("DHS"), and

24  is responsible for the administration of immigration laws in the United States.

25  Defendant Nielsen has ultimate responsibility for each of the agencies within DHS,

26  and for all DHS policies and procedures.  Defendant DHS is responsible for

27  enforcing the immigration laws of the United States.  Defendant U.S. Immigration

28  and Customs Enforcement ("ICE") is the agency of DHS responsible for

-2-

1  administering immigration laws in the United States, including overseeing

2  immigration detention.  Defendant U.S. Customs and Border Protection ("CBP") is

3  an agency of DHS responsible for the processing and detention of noncitizens who

4  are apprehended near the United States border.

5  **B.    RELEVANT PROCEDURAL HISTORY**

6  This action began as a class action brought in 1985 to challenge the

7  conditions of confinement of detained immigrant children.  Following more than a

8  decade of litigation, in 1997 the parties reached a settlement agreement (the

9  "Settlement Agreement") that established a "nationwide policy for the detention,

10  release, and treatment of minors in the custody of the INS."  *See Flores v. Lynch*,

11  828 F.3d 898, 901 (9th Cir. 2016).

12  Under the Settlement Agreement, the government must provide to minors

13  "appropriate mental health interventions when necessary," "identification of the

14  minors' special needs including any specific problem(s) which . . . require

15  immediate intervention," "[a]t least one (1) individual counseling session per week

16  conducted by trained social work staff," "[g]roup counseling," and "[v]isitation and

17  contact with family members (regardless of their immigration status) . . . ."

18  Settlement, Exhibit 1.  The government is also required to "treat minors with

19  dignity, respect and special concern for their particular vulnerability."  *Id.*,

20  Exhibit 2.  And the government is required to "hold minors in a facility that is safe

21  and sanitary and that is consistent with . . . the particular vulnerability of minors."

22  *Id.*

23  In 2016, the Ninth Circuit affirmed this Court's ruling that the terms of the

24  Settlement apply to all minors whether or not they enter the country accompanied by

25  their families.  *Id.*  The Ninth Circuit also held, however, that the Settlement

26  Agreement does not apply to the parents of accompanied minors, including Plaintiff-

27  Intervenors.  *See Flores*, 828 F.3d at 909.

28

NOTICE OF MOTION AND MOTION TO INTERVENE AS PLAINTIFFS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

### C.   FAMILY CASE MANAGEMENT PROGRAM

On January 21, 2016, ICE launched the Family Case Management Program ("FCMP") as "an alternative to detention initiative that uses qualified case managers to promote participant compliance with their immigration obligations."[2]  The program used a wrap-around services model to immigrant families that ICE recommended for placement after determining they were non-dangerous and "low flight risk" families.[3]  FCMP proved to be an effective alternative to detention within its first year of operation insofar as it satisfied ICE's primary goal of ensuring compliance with participants' immigration obligations.[4]

### D.   ZERO TOLERANCE POLICY

Despite the success of the program, Defendants adopted a "zero tolerance" policy on May 7, 2018, in an effort to deter migrants from crossing the border.  As a result of the Separation Policy, adult migrants were taken into federal criminal custody.  Their minor children, however, could not accompany their parents while in the custody of the criminal court system, and thus, children were transferred to the custody of the U.S. Department of Health and Human Services ("HHS") to be placed in shelters or foster homes.

Pursuant to the Separation Policy, Defendants have separated over 2,300 children from their parents, including Plaintiff-Intervenors.  As described in

---

[2] U.S. I.C.E. *Fact Sheet: Stakeholder Referrals to the ICE/ERO Family Case Management Program*, p. 1.
http://www.ilw.com/immigrationdaily/news/2016,0111-ICE.pdf

[3] Mary F. Loiselle, "GEO Care's New Family Case Management Program," GEO World Vol. 22 Issue 2, p. 3 (2016), https://www.geogroup.com/userfiles/1de79aa6-2ff2-4615-a997-7869142237bd.pdf

[4] *See* U.S. D.H.S., *U.S. Immigration and Customs Enforcement's Award of the Family Case Management Program Contract (Redacted).* Office of Inspector General, OIG-18-22, p. 5 (Nov. 30, 2017)
https://www.oig.dhs.gov/sites/default/files/assets/2017-12/OIG-18-22-Nov17.pdf.

1 Plaintiff-Intervenor's Complaint in Intervention, this is causing (and has caused)

2 immediate and long-lasting physical and psychological harm to children and parents

3 alike.

4     As a result of the Separation Policy and Defendants' subsequent enforcement

5 efforts, Defendants have failed to meet their obligations under the Settlement

6 Agreement.  That failure has caused significant harm to the accompanied children

7 who are parties to the Settlement Agreement, and to Plaintiff-Intervenors, both as

8 the parents of the Plaintiff class members and in their individual capacities.

9 ### III.   ARGUMENT

10     The Court should grant Plaintiff-Intervenors' motion to intervene in this

11 action because Defendants' violation of the Settlement Agreement and Defendants'

12 recent motion to modify the terms of the Settlement Agreement have harmed and

13 will continue to harm Plaintiff-Intervenors' significant interests in their children,

14 their health, and their constitutional rights.  Parental participation is essential to fully

15 vindicate both their children's rights under *Flores* and the Plaintiff-Intervenors' own

16 related rights, and the interdependent nature of the harm imposed on parent and

17 child by prolonged family separation and the remedies that the *Flores* Settlement

18 Agreement requires both counsel for a coordinated enforcement response from this

19 Court.

20     Intervention is governed by Federal Rule of Civil Procedure 24.  The Rule is

21 construed liberally in favor of intervention, and the Court's analysis is guided

22 primarily by practical considerations rather than technical distinctions.  *Sw. Ctr. for*

23 *Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  "A liberal policy in

24 favor of intervention serves both efficient resolution of issues and broadened access

25 to the courts.  By allowing parties with a *practical* interest in the outcome of a

26 particular case to intervene, we often prevent or simplify future litigation involving

27 related issues; at the same time, we allow an additional interested party to express its

28 views before the court."  *United States v. City of Los Angeles*, 288 F.3d 391, 397–98

-5-

1  (9th Cir. 2002) (quoting *Greene v. United States*, 996 F.2d 973, 979–80 (9th Cir.

2  1993) (Reinhardt, J., dissenting)).  A district court is required to accept as true the

3  non-conclusory allegations made in support of an intervention motion, particularly

4  where the propriety of intervention must be determined before discovery.  *Sw. Ctr.*

5  *for Biological Diversity*, 268 F.3d at 819–20.

6  Rule 24 provides for intervention as a matter of right and by permission of the

7  Court.  Plaintiff-Intervenors satisfy the requirements for both avenues, so they

8  should be allowed to intervene in the case.

9  **A.  PLAINTIFF-INTERVENORS ARE ENTITLED TO INTERVENE**

10  **AS A MATTER OF RIGHT.**

11  Plaintiff-Intervenors satisfy Rule 24's requirements for intervening in this

12  Case as a matter of right.  *See* Fed. R. Civ. P. 24(a)(1).  The Ninth Circuit applies a

13  four-part test for intervention as a matter of right: "(1) the [application for]

14  intervention is timely; (2) the applicant has a significant protectable interest relating

15  to the property or transaction that is the subject of the action; (3) the disposition of

16  the action may, as a practical matter, impair or impede the applicant's ability to

17  protect its interest; and (4) the existing parties may not adequately represent the

18  applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647

19  F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954

20  (9th Cir. 2006).  As discussed below, Plaintiff-Intervenors satisfy each element of

21  this test.

22  **1.  Plaintiff-Intervenors' Motion Is Timely.**

23  Timeliness is determined by the totality of the circumstances facing would-be

24  intervenors, with a focus on three primary factors: "(1) the stage of the proceeding at

25  which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

26  reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d

27  915, 919 (9th Cir. 2004); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d

28

1   1297, 1302 (9th Cir. 1997).  All three factors here weigh heavily in favor of the

2   timeliness of this motion, as does the totality of the circumstances.

3        Plaintiff-Intervenors move to intervene less than three months after the

4   federal government adopted its policies of deliberate family separation on May 7,

5   2018, and only days after the government applied for relief from the *Flores*

6   settlement to detain minors and their parents (including Plaintiff-Intervenors) in ICE

7   family residential facilities pending immigration proceedings.  Although the *Flores*

8   litigation was commenced years ago, in analyzing the "stage of the proceedings"

9   factor the "[m]ere lapse of time alone is not determinative." *United States v. State of*

10   *Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).  "Where a change of circumstances

11   occurs, and that change is the 'major reason' for the motion to intervene, the stage

12   of proceedings factor should be analyzed by reference to the change in

13   circumstances, and not the commencement of the litigation."  *Smith v. Los Angeles*

14   *Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

15        The federal government's recent policy of deliberate family separation and its

16   application for relief from the *Flores* settlement each constitutes a "change in

17   circumstances" under *Smith* such that the "stage of the litigation" factor should be

18   measured from the date of those actions.  The Court of Appeals for the 9th Circuit

19   has repeatedly deemed motions to intervene timely due to a change in circumstance

20   even when the underlying litigation is several decades old.  *See, e.g.*, *Smith*, 830

21   F.3d at 854 (20 years into a litigation); *State of Oregon*, 745 F.2d at 551–52 (15

22   years into a litigation).

23        Plaintiff-Intervenors also acted quickly to intervene once their interests were

24   implicated.  Plaintiff-Intervenors were detained only recently, and began to suffer

25   the trauma and constitutional violations of the deliberate and recently adopted

26   family separation policy on or around five weeks ago.  *See Smith v. Marsh*, 194 F.3d

27   1045, 1052 (9th Cir. 1999) (calculating the timeliness of a motion to intervene

28   relative to "when proposed intervenors should have been aware that their interests

-7-

would not be adequately protected by the existing parties"). Therefore, and although the July 6, 2016 decision in *Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016), held that "parents were not plaintiffs in the *Flores* action, nor are they members of the certified classes," only in May 2018 did Plaintiff-Intervenors have reason to protect their interests.

Moreover, there would be no prejudice to the *Flores* plaintiffs by involving Plaintiff-Intervenors at this point. The *Flores* plaintiffs have previously recognized the importance of having a parent available to be with a child upon from release from detention, and parents who accompany their children in seeking asylum are uniquely situated and essential to any effort to provide adequate remedial mental health services for the trauma caused by the government's family separation policy.

The government cannot in fairness claim prejudice from the timing of this motion to intervene, because it is filed soon after it enacted its policy of deliberate family separation and within a week after the government itself applied for relief from the *Flores* settlement. The government also has no legitimate interest in pursuing a course of conduct that violates and fails to remedy the *Flores* plaintiffs' and Plaintiff-Intervenors' constitutional rights, as explained in the Complaint in Intervention.

## 2. Plaintiff-Intervenors Have a Significant Protectable Interest

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *United States v. City of Los Angeles*, 288 F.3d at 398. Parents have vital interests in how the federal government treats their children and in how they, the parents, are treated. Thus, Plaintiff-Intervenors' interests easily satisfy this test.

First, parents have a significant protectable interest in their children's wellbeing. *Johnson v. San Francisco Unified Sch. Dist.*, 500 F.2d 349, 352 (9th Cir. 1974); *see Texas v. United States*, 805 F.3d 653, 660 (5th Cir. 2015) ("[Parents]

-8-

have an interest in directing the upbringing of their . . . children.").  Here, Plaintiff-Intervenors and their children have a liberty interest under the Due Process Clause in remaining together as a family and a right to be protected against the government's arbitrary destruction of the integrity of their families.  *See, e.g., Santosky v. Kramer*, 455 U.S. 745 (1982); *Moore v. E. Cleveland*, 431 U.S. 494 (1977); *Meyer v. Nebraska*, 262 U.S. 390 (1923).  Moreover, Defendants' decisions to end the Family Case Management Program, to detain families who are lawfully seeking asylum, and to isolate children in detention facilities separate from their parents are unconstitutional because they were motivated, at least in part, by intentional discrimination based on race, ethnicity, or national origin.  *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977).  Parental interests in the wellbeing of their children are particularly pronounced when "entangled with the constitutional claims of a racially defined class."  *Johnson*, 500 F.2d at 353.  The harm the government has caused to Plaintiff-Intervenors' children through its unconstitutional family separation policy is profound and can be remedied, if at all, only through the provision of trauma-informed mental health services with the participation of Plaintiff-Intervenors and outside a detention facility.  Plaintiff-Intervenors have a substantial interest in participating in this case because they, as parents, have an interest to ensure that the *Flores* settlement is enforced so that their children receive this care.

Second, the Plaintiff-Intervenor parents have their own related rights to vindicate in response to the harm of family separation.  These include a right to release to be with their minor children while they await the conclusion of their asylum application. *Zadvydas v. Davis*, 533 U.S. 678 (2001).  As the Ninth Circuit has made clear in *Flores v. Lynch*, under the *Flores* settlement alone, minor children cannot obtain parental release, in significant part because their parents did not participate in the litigation.  828 F.3d at 908.  By intervening, Plaintiff-Intervenors

-9-

will directly present their right to release, and enable the Court to provide a complete response.  Further, the federal government's application for relief from the *Flores* settlement implicates parental rights by impacting the circumstances of Plaintiff-Intervenors' further detention.  *See Texas*, 805 F.3d at 660.  As explained in the Complaint in Intervention, parents too suffer trauma due to their forced separation from their children.

### 3.  The Disposition Of This Case May Practically Impair Plaintiff-Intervenors' Ability To Protect Their Interests

The third prong of the Court's Rule 24 analysis is whether the disposition of the action may, as a practical matter, impair or impede Plaintiff-Intervenors' ability to protect their interests.  *United States v. City of Los Angeles*, 288 F.3d at 401 ("[T]he relevant inquiry is whether the [action] 'may' impair rights 'as a practical matter' rather than whether the [action] will 'necessarily' impair them.").  The Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'"  *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

Here, the disposition of this case may affect Plaintiff-Intervenors' ability to protect the interests described above.  As a practical matter, Plaintiff-Intervenors are currently suffering the trauma of deliberate family separation and the constitutional harms outlined in their Complaint in Intervention.  And if the Defendants' *Ex Parte* Application for release from the Settlement Agreement is granted, then Plaintiff-Intervenors' interest in family unification outside of detention and family mental health services outside of detention will be quashed.  Intervention will allow Plaintiff-Intervenors to protect their interests from Defendants' ongoing violation of the Settlement Agreement and efforts to evade their obligations under the Settlement Agreement.

-10-

### 4.     The Parties Do Not Adequately Represent Plaintiff-Intervenors' Interests

The final element of the Rule 24 analysis is whether the Parties adequately represent Plaintiff-Intervenors' interests.  *Citizens for Balanced Use*, 647 F.3d at 900 ("Rule 24(a) has been interpreted to mean that a party whose interests are threatened may intervene in an action to protect those interests directly if the existing parties may not adequately protect their interests.").  There are three factors determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate."  *Citizens for Balanced Use*, 647 F.3d at 898. Further, the Ninth Circuit has "stress[ed] that intervention of right does not require an absolute certainty that a party's interests will be impaired or that existing parties will not adequately represent its interests."  *See Id.*, at 900.

In this case, the Parties do not and cannot adequately represent the interests of the Plaintiff-Intervenors.  First, even assuming the *Flores* class undoubtedly would make and is presumed to be willing to make all of the arguments that Plaintiff-Intervenors would, Plaintiff-Intervenors will offer a new element to this litigation that may be essential to vindicate these arguments as a practical and procedural matter.  The Ninth Circuit's decision in *Flores v. Lynch* has already established that "[t]he Settlement does not explicitly provide any rights to adults."  828 F.3d at 908. To be sure, that decision occurred prior to the adoption of the family separation policy, and therefore does not address the remedies the Settlement Agreement requires for that policy.  Intervention is nevertheless appropriate to ensure that, in

-11-

the context of remedying the harm caused by family separation, the Court is able to provide adequate relief, including release with their parents outside of detention, to Plaintiff-Intervenors' children who are class members under the Settlement Agreement.

Second, Defendants' enforcement policies have imposed unique harm on one subset of the Plaintiff class—accompanied minors—by separating them from their parents shortly after their joint arrival in this country.  While their children, as members of the *Flores* class, can argue for their rights under the Settlement Agreement, Plaintiff-Intervenors are uniquely situated to advocate for their own interests under that Agreement based on their personal knowledge of the circumstances of separation, and based on their demonstrated intention to seek enforcement of the Settlement Agreement through the provision of trauma-informed mental health services that involve parents.  By intervening, Plaintiff-Intervenors will directly present their right to release, and enable the Court to provide a complete and coordinated response to family separation that addresses the harm that the family separation has inflicted both on Plaintiff-Intervenors and on their children, while ensuring that that the interests of Plaintiff-Intevenors' children are adequately represented by the broader class. *See Citizens for Balanced Use*, 647 F.3d at 898.

## B.  **PLAINTIFF-INTERVENORS SHOULD BE PERMITTED TO INTERVENE.**

Alternatively, Plaintiff-Intervenors satisfy the requirements for permissive intervention under Rule 24.  *See* Fed. R. Civ. P. 24(b)(1)(B).  The Ninth Circuit applies three threshold requirements to a motion for permissive intervention: (1) the intervenor's claim must share a common question of law or fact with the main action; (2) the motion must be timely; and (3) the court must have jurisdiction over the applicant's claims.  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The district court also considers whether intervention will "unduly delay the main

-12-

action or will unfairly prejudice the existing parties." *Id.*  Plaintiff-Intervenors meet each of these requirements.

First, Plaintiff-Intervenors' Complaint in Intervention shares common questions of law and fact with the main action.  The question of whether Defendants can legally enforce the Separation Policy is an issue that affects both Plaintiffs' and Plaintiff-Intervenors' constitutional rights.  And the facts giving rise to this action stem from Defendants' decision to implement the Separation Policy in the first place, which has caused the trauma of deliberate family separation and the constitutional harms outlined in the Complaint in Intervention.

Plaintiff-Intervenors' motion is also timely, and will not unduly delay the main action or unfairly prejudice the existing parties.  As discussed above, Plaintiff-Intervenors' interest in this action arose when Defendant issued the Separation Policy in May, and the Court's consideration of that policy vis-à-vis the existing Parties will not be affected by Plaintiff-Intervenors' participation in this case.  And the stage of these proceedings does not foreclose intervention because Plaintiff-Intervenors are directly affected by the preservation and enforcement of the Settlement Agreement which the government has only challenged in recent days.  *See In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 986 (9th Cir. 2008) (granting intervention to challenge post-judgment extension order).

Finally, as to jurisdiction, the Court has the same federal-question jurisdiction over Plaintiff-Intervenors that it has over their Plaintiff children.  "In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff."  Wright & Miller, 7C Fed. Prac. & Proc. Civ. (3d ed.) ("[T]he need for independent jurisdictional grounds is almost entirely a problem of diversity litigation.").  Plaintiff-Intervenors' claims for violations of their constitutional rights fall squarely within the Court's jurisdiction under 28 U.S.C. § 1331.

-13-

1  Therefore, Plaintiff-Intervenors satisfy each of the requirements for

2  permissive intervention and should be allowed to intervene.

3  **IV.   <u>CONCLUSION</u>**

4  Plaintiff-Intervenors respectfully request that this Court grant Plaintiff-

5  Intervenors' Motion to Intervene as a matter of right or, alternatively, permissively.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2    Dated:  June 25, 2018                    Respectfully Submitted,

3    MARK ROSENBAUM (CABN 59940)         */s/ Amy P. Lally*
     mrosenbaum@publiccounsel.org         Amy P. Lally (CABN 198555)
4    Judy London (SBN 149431)            alally@sidley.com
     jlondon@publiccounsel.org           Ellyce R. Cooper (CABN 204453)
5    Talia Inlender (SBN 253796)         ecooper@sidley.com
                                         SIDLEY AUSTIN LLP
6    tinlender@publiccounsel.org         1999 Avenue of the Stars, 17th Floor
     Alisa Hartz (SBN 285141)            Los Angeles, CA 90067
7    ahartz@publiccounsel.org            Telephone: +1 310 595-9662
     Lucero Chavez (SBN 273531)          Facsimile: +1 310 595-9501
8    lchavez@publiccounsel.org
9    Elizabeth Hadaway (SBN 308800)      Carter G. Phillips*
     ehadaway@publiccounsel.org          cphillips@sidley.com
10   Malhar Shah (SBN 318588)            Jennifer J. Clark*
                                         jennifer.clark@sidley.com
11   mshah@publiccounsel.org             SIDLEY AUSTIN LLP
     Deena Tumeh (SBN 318573)            1501 K Street, N.W.
12   dtumeh@publiccounsel.org            Washington, D.C. 20005
13   PUBLIC COUNSEL                      Telephone: +1 202 736-8270
     610 S. Ardmore Avenue               Facsimile: +1 202 736-8711
14   Los Angeles, CA 90005
     Telephone: +1 213 385-2977
15   Facsimile: +1 213 385-9089          Michael Andolina*
                                         mandolina@sidley.com
16                                       Timothy Payne*
     Mark E. Haddad (SBN 205945)         tpayne@sidley.com
17   markhadd@usc.edu                    Kevin Fee*
     Part-time Lecturer in Law, USC Gould kfee@sidley.com
18   School of Law**                     SIDLEY AUSTIN LLP
     University of Southern California   One South Dearborn
19   699 Exposition Blvd.                Chicago, IL 60603
     Los Angeles, CA 90089              Telephone: +1 312 853-7000
20   Telephone: +1 213 675-5957          Facsimile: +1 312 853-7036

21   Luis Cortes Romero (SBN 310852)     Sean A. Commons (CABN 217603)
     lcores@ia-lc.com                    scommons@sidley.com
22   Alma L. David (SBN 257676)          SIDLEY AUSTIN LLP
     adavid@ia-lc.com                    555 West Fifth Street
23   Immigrant Advocacy & Litigation     Los Angeles, CA 90013
     Center, PLLC                        Telephone: +1 213 896-6000
24   19309 68th Ave South R-102          Facsimile: +1 213 896-6600
     Kent, WA 98032
25   Telephone: +1 253 872-4730
     Facsimile: +1 253 237-1591
26   *Application for admission pro hac vice to be submitted

27   ** Institution listed for identification purposes only

28

NOTICE OF MOTION AND MOTION TO INTERVENE AS PLAINTIFFS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF