1  Amy P. Lally (SBN 198555)
   alally@sidley.com
2  Ellyce R. Cooper (SBN 204453)
   ecooper@sidley.com
3  SIDLEY AUSTIN LLP
   1999 Avenue of the Stars, 17th Floor
4  Los Angeles, CA 90067
   Telephone: +1 310 595-9500
5  Facsimile: +1 310 595-9501

6
   Mark Rosenbaum (SBN 59940)
7  mrosenbaum@publiccounsel.org
   Judy London (SBN 149431)
8  jlondon@publiccounsel.org
   Talia Inlender (SBN 253796)
9  tinlender@publiccounsel.org
   Alisa Hartz (SBN 285141)
10 ahartz@publiccounsel.org
   Lucero Chavez (SBN 273531)
11 lchavez@publiccounsel.org
   Elizabeth Hadaway (SBN 308800)
12
   ehadaway@publiccounsel.org
13 Malhar Shah (SBN 318588)
   mshah@publiccounsel.org
14
   Deena Tumeh (SBN 318573)
15 dtumeh@publiccounsel.org
   PUBLIC COUNSEL
16 610 S. Ardmore Avenue
17 Los Angeles, CA 90005
   Telephone: +1 213 385-2977
18 Facsimile: +1 213 385-9089

19 *Attorneys for Plaintiff-Intervenors*
20 *Additional counsel on next page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; et al., | Case No. CV 85-4544-DMG |
| Plaintiffs, | **PLAINTIFF-INTERVENORS' MOTION TO PROCEED USING PSEUDONYMS** |
| v. | Date: July 27, 2018 |
| JEFFERSON B. SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES; KIRSTJEN NIELSEN, SECRETARY OF | Time: 9:30 a.m. |

| | |
|---|---|
| HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY, AND ITS SUBORDINATE ENTITIES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,<br><br>             Defendants. | Judge:   Hon. Dolly M. Gee<br>Courtroom: 8C, Los Angeles Courthouse |
| Ms. J.P., Ms. J.O., Ms. R.M., and DOES 1-10,<br><br>             Plaintiff-Intervenors. | |

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736-8000
Facsimile: +1 202 736-8711

Michael Andolina*
mandolina@sidley.com
Timothy Payne*
tpayne@sidley.com
Kevin Fee*
kfee@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: +1 312 853-7000
Facsimile: +1 312 853-7036

Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law**
University of Southern California
699 Exposition Blvd.
Los Angeles, CA 90089
Telephone: +1 213 675-5957

Luis Cortes Romero (SBN 310852)
lcortes@ia-lc.com
Alma L. David (SBN 257676)
adavid@ia-lc.com
IMMIGRANT ADVOCACY &
LITIGATION CENTER, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: +1 253 872-4730
Facsimile: +1 253 237-1591

Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

*Application for admission pro hac vice to be submitted

** Institution listed for identification purposes only

NOTICE IS HEREBY GIVEN that on July 27, 2018, at 9:30 a.m. or as soon thereafter as this matter may be heard in Courtroom 8C of the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012 before the Honorable Dolly M. Gee, United States District Judge, Plaintiff-Intervenors will and hereby do bring on the following motion for hearing:

## MOTION

Plaintiff-Intervenors move the Court for an Order permitting Plaintiff-Intervenors Ms. J.P., Ms. J.O., and Ms. R.M. to proceed in this litigation under pseudonyms, specifically their initials (i.e. Ms. J.P., Ms. J.O., and Ms. R.M.).

Due to the immediate exigency of the situation faced by Plaintiff-Intervenors, described in the contemporaneously filed motion to intervene and contemporaneously lodged Complaint in Intervention, Plaintiff-Intervenors are unable to comply with the letter of L.R. 7-3. Accordingly, this Motion is made concurrently with the conference of counsel pursuant to Local Rule 7-3. The Motion has been noticed for hearing more than seven days beyond the statutory 28 day notice period. Movants will promptly advise the Court if the parties are able to reach a resolution within seven days that eliminates the necessity of a hearing.

This Motion is based upon this Notice and Motion, the accompanying Memorandum of Points and Authorities, the contemporaneously lodged Complaint in Intervention and declarations filed therewith, the papers, pleadings, and other documents in the Court's file, such other evidence and argument as may be submitted at the hearing on this Motion, and such other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff-Intervenors seek permission to use pseudonyms for the Plaintiff-Intervenors whose private and highly sensitive information is described in their Complaint in Intervention. Plaintiff-Intervenors are individuals who, as described below, are in the custody of U.S. Immigration and Customs Enforcement. The

Plaintiff-Intervenors have fled violence and abuse in their home countries; each have faced additional and significant suffering upon reaching the United States. They describe harrowing experiences of having their crying children ripped from them. They have been or were[1] without any contact with their children or any knowledge of their well-being or whereabouts for weeks or longer, while Plaintiff-Intervenors' minor children are held in immigration detention or the custody of the Department of Health and Human Services' ("HHS") Office of Refugee Resettlement.

Of necessity, this litigation will involve discussion of the mental health, personal circumstances, and the experiences of Plaintiff-Intervenors and their children in the custody of HHS and the U.S. Department of Homeland Security ("DHS") and thus involves the privacy rights of a highly sensitive and personal nature for the Plaintiff-Intervenors and their children. There will be discussion of some of the most traumatizing moments of Plaintiff-Intervenors' and their children's lives while held in custody of DHS and HHS. By using pseudonyms, Plaintiff-Intervenors seek to avoid any negative reprisals to them—or worse to their children—for speaking out regarding their treatment or their children's treatment while in immigration detention. In addition, they seek to avoid publicly sharing what is very private information regarding the mental health and experiences of themselves and their minor children.

This Court has the discretion to allow the Plaintiff-Intervenors to proceed using pseudonyms. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Doe v. Lincoln Unified Sch. Dist.*, 115 Cal. Rptr. 3d 191, 197 (Cal. Ct. App. 2010) (noting that "[t]he United States Supreme Court has also implicitly endorsed the use of pseudonyms to protect a plaintiff's privacy") (collecting cases). The Ninth Circuit recognizes that parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is necessary … to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does I thru*

---

[1] One of the Plaintiff-Intervenors, Ms. J.P., has now had one brief telephone contact with her daughter.

*XXIII*, 214 F.3d at 1068 (ellipses original).  The Ninth Circuit has endorsed a balancing test to assess whether a litigant may preserve his anonymity.  *Id.*  Under that test, the court looks to whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.*

The Ninth Circuit has identified several different situations in which parties have been permitted to proceed under a fictitious name, including "(1) when identification creates a risk of retaliatory physical or mental harm, . . . ; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' . . . and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'"  *Id.* (collecting cases; internal citations omitted); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-90 (2d Cir. 2008) (identifying several additional factors and noting that "this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration").

The Plaintiff-Intervenors' identities should be protected because their Complaint in Intervention concerns several matters of a sensitive and highly personal nature.  First, the Complaint in Intervention implicates the details of the Plaintiff-Intervenors' and their children's immigration detention and asylum claims and the terrifying experience of having their weeping children taken from them and put into unknown locations.  Federal law and policy maintain personally identifying information related to such matters as confidential both for parents seeking asylum and particularly for minors in the custody of the Office of Refugee Resettlement.  *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).  The U.S. Department of Health and Human Services maintains self-described "strong policies . . . to ensure the privacy and safety of [unaccompanied alien children] by maintaining the confidentiality of their personal information."  U.S. Dept. of Health & Human Services, Unaccompanied Alien

Children Released to Sponsors by State (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed June 24, 2018). It explains, "These children may have histories of abuse," "may be seeking safety from threats of violence," or may "have been trafficked or smuggled." *Id.* Accordingly, the agency has recognized that it "cannot release information about individual [children] that could compromise the child's location or identity." *Id.*

Further, among other issues, Plaintiff-Intervenors' Complaint in Intervention addresses the private mental and physical health information and treatment of the Plaintiff-Intervenors and their children. Courts have recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. *Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases). The Complaint in Intervention provides information regarding the treatment suffered by Plaintiff-Intervenors' at the hands of government officials, and mental health issues arising or likely to arise from the separation of the Plaintiff-Intervenors from their children and the detention of their children, information that is very private and public disclosure of which could be stigmatizing and traumatizing for them. In addition, Plaintiff-Intervenors discuss the negative treatment that they and their children have experienced by the agents and/or contractors of U.S. Immigration and Customs Enforcement who are acting as their physical custodians, and public disclosure of their identities could put them and their children at risk of retaliation. *See Does I thru XXIII*, 214 F.3d at 1068 (noting that "risk of retaliatory physical or mental harm" is a reason to allow use of pseudonyms).

Third, the identities of the Plaintiff-Intervenors and, consequently, their children should be protected because the children are minors and the sensitive subject matter at issue – including their private health information and immigration detention – is based exclusively on the Plaintiff-Intervenors' experiences with the pain of their minor children and describes the experiences of those minor children. Federal Rule of

Civil Procedure 5.2(a)(3) entitles the Plaintiff-Intervenors' children who are still minors to use their initials rather than their full names. However, putting the full names of the minor children's parents in the record would make the children's identity immediately available to the immigration officials and contractors in whose physical custody the Plaintiff-Intervenors' children still reside, and thus would undermine the goal that Federal Rule 5.2(a)(3) is designed to attain.

The fact that the accompanying Complaint in Intervention is brought against the government also weighs in favor of permitting the Plaintiff-Intervenors to proceed using pseudonyms. *See, e.g., Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (finding this factor favors permitting use of pseudonyms). Courts have observed that it is more appropriate to allow parties to proceed anonymously when they are challenging the validity of government action. *Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (explaining that, unlike suits against private entities which may injure their reputation, suits challenging the validity of government action "involve no injury to the Government's 'reputation'").

The use of pseudonyms is the least restrictive method of ensuring the Plaintiff-Intervenors' privacy while permitting the public access to the maximum amount of information. "[T]he public's interest in the case [would not be] best served by requiring that the litigants reveal their identities, because here, party anonymity [will] not significantly obstruct the public's view of issues joined or the court's performance in resolving them." *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (internal quotation marks and brackets omitted). Indeed, this Court has already authorized other parties in this litigation to proceed pseudonymously. *See* ECF Dkt. No. 416.

Finally, allowing Plaintiff-Intervenors to use pseudonyms in publicly-filed documents would cause no prejudice to Defendants. Plaintiff-Intervenors are fully willing to provide their true names to the Court and Defendants under seal. *Cf. Doe v. United States*, 210 F. Supp. 3d at 1173 (finding no prejudice to the government in

Case 2:85-cv-04544-DMG-AGR   Document 442   Filed 06/25/18   Page 9 of 10   Page ID
#:17950

allowing plaintiffs to use pseudonyms where it can learn the plaintiffs' identities through other means). All that the Plaintiff-Intervenors seek in this Motion is permission to use pseudonyms in the publicly filed documents in this case. "Courts generally find little to no risk of unfairness to [a] defendant … where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

For the reasons set forth above, Plaintiff-Intervenors respectfully request that the Court enter an Order:

1. Granting Plaintiff-Intervenors' leave to proceed in this matter with the use of pseudonyms for Plaintiff-Intervenors.

2. Ordering that Defendants will not publicly disclose the names or personally identifying information of the Plaintiff-Intervenors after Defendants learn their names and personally identifying information; and

3. Ordering that all parties shall submit pleadings, briefing and evidence using the Plaintiff-Intervenors' pseudonyms instead of their real names and other personally identifying information.

Dated: June 25, 2018

Respectfully Submitted,

MARK ROSENBAUM (CABN 59940)
mrosenbaum@publiccounsel.org
Judy London (SBN 149431)
jlondon@publiccounsel.org
Talia Inlender (SBN 253796)
tinlender@publiccounsel.org
Alisa Hartz (SBN 285141)
ahartz@publiccounsel.org
Lucero Chavez (SBN 273531)
lchavez@publiccounsel.org
Elizabeth Hadaway (SBN 308800)

/s/ Amy P. Lally
Amy P. Lally (CABN 198555)
alally@sidley.com
Ellyce R. Cooper (CABN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595-9662
Facsimile: +1 310 595-9501

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*

PLAINTIFF-INTERVENORS' MOTION TO PROCEED USING PSEUDONYMS

| | |
|---|---|
| ehadaway@publiccounsel.org <br> Malhar Shah (SBN 318588) <br> mshah@publiccounsel.org <br> Deena Tumeh (SBN 318573) <br> dtumeh@publiccounsel.org <br> PUBLIC COUNSEL <br> 610 S. Ardmore Avenue <br> Los Angeles, CA 90005 <br> Telephone: +1 213 385-2977 <br> Facsimile: +1 213 385-9089 <br><br> Mark E. Haddad (SBN 205945) <br> markhadd@usc.edu <br> Part-time Lecturer in Law, USC Gould School of Law** <br> University of Southern California <br> 699 Exposition Blvd. <br> Los Angeles, CA 90089 <br> Telephone: +1 213 675-5957 <br><br> Luis Cortes Romero (SBN 310852) <br> lcores@ia-lc.com <br> Alma L. David (SBN 257676) <br> adavid@ia-lc.com <br> Immigrant Advocacy & Litigation Center, PLLC <br> 19309 68th Ave South R-102 <br> Kent, WA 98032 <br> Telephone: +1 253 872-4730 <br> Facsimile: +1 253 237-1591 | jennifer.clark@sidley.com <br> SIDLEY AUSTIN LLP <br> 1501 K Street, N.W. <br> Washington, D.C. 20005 <br> Telephone: +1 202 736-8270 <br> Facsimile: +1 202 736-8711 <br><br> Michael Andolina* <br> mandolina@sidley.com <br> Timothy Payne* <br> tpayne@sidley.com <br> Kevin Fee* <br> kfee@sidley.com <br> SIDLEY AUSTIN LLP <br> One South Dearborn <br> Chicago, IL 60603 <br> Telephone: +1 312 853-7000 <br> Facsimile: +1 312 853-7036 <br><br> Sean A. Commons (CABN 217603) <br> scommons@sidley.com <br> SIDLEY AUSTIN LLP <br> 555 West Fifth Street <br> Los Angeles, CA 90013 <br> Telephone: +1 213 896-6000 <br> Facsimile: +1 213 896-6600 |

*Application for admission pro hac vice to be submitted

** Institution listed for identification purposes only