MICHAEL K.T. TAN*
mtan@aclu.org
JUDY RABINOVITZ*
jrabinovitz@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5232
Facsimile: (213) 977-5297

*Attorneys for Amici Curiae*
*Pro hac vice application forthcoming*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES, et al., <br><br>     *Plaintiffs,* <br><br>       v. <br><br> JEFFERSON B. SESSIONS, Attorney General, et al., <br><br>     *Defendants.* | Case No. 85-4544-DMG (Px) <br><br> **EX PARTE APPLICATION TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION FOR RELIEF** |

The American Civil Liberties Union Immigrants' Rights Project ("IRP") and ACLU Foundation of Southern California hereby submit this *ex parte* application for an order granting leave to participate as *amici curiae* in support of Plaintiffs' Opposition to the government's *ex parte* application for relief from the *Flores* Settlement Agreement. *See* ECF No. 435. The proposed brief of *amici curiae* is attached to this application as Exhibit A.

Pursuant to Local Civil Rules L.R. 7-19 and 7-19.1, *amici* contacted counsel for Plaintiffs and the government in in order to ascertain the parties' positions on this application. Plaintiffs and the government both consented to the participation of *amici*.[1]

*Amici* submit the following points in support of their application:

1.    On June 21, 2018, the government filed an *ex parte* application for relief from the *Flores* Settlement Agreement (hereinafter, "*Flores* Agreement" or "Agreement"). ECF No. 435. In its brief in support of its motion, the government argues, among other things, that the *Flores* Agreement and this Court's July 2015 Order purportedly have "precipitated a destabilizing migratory crisis" by sending a message to migrant families that they will not be detained and deported if they come to the United States. ECF No. 435-1 at 2 (referring to ECF No. 177). The government claims that modification of the Agreement to permit family detention during the pendency of immigration proceedings is necessary to "dispel[] such expectations, and deter[] others from unlawfully coming to the United States." ECF No. 435-1 at 13 (internal quotation marks and citation omitted). The government asks that this Court (1) permit U.S. Immigration and Customs

---

[1] *Amici* contacted August E. Flentje, U.S. Department of Justice, Civil Division, 950 Pennsylvania Avenue NW Room 3613, Washington, DC 20530-0009, Phone: 202-514-3309, Email: august.flentje@usdoj.gov; and Peter A. Schey, Center For Human Rights & Constitutional Law, 256 South Occidental Boulevard, Los Angeles, CA 90057, Phone: 213-388-8693, Email: pschey@centerforhumanrights.org.

1  Enforcement ("ICE") to detain parents and children in ICE family detention
2  centers pending their immigration proceedings and (2) waive the *Flores*
3  Agreement's state licensure requirements for family detention facilities. ECF No.
4  435-1 at 4.

5  2.     *Amici* submit the proposed brief to assist the Court in adjudication of the
6  government's motion. This Court has authority to allow a nonparty to participate as
7  *amicus* in a case and broad discretion in deciding whether to permit such
8  participation. *See, e.g., Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982),
9  *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995); *Ellsworth*
10 *Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996); *In re Roxford*
11 *Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). "Generally, courts have
12 exercised great liberality in permitting an *amicus curiae* to file a brief in a pending
13 case . . . ." *Id.* (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La.
14 1990)). Courts typically permit amicus participation if the information offered is
15 "timely and useful." *Ellsworth Assocs.*, 917 F. Supp. at 846.

16 3.     *Amici* have a longstanding interest and expertise in matters regarding the
17 constitutional and legal limits on immigration detention, and on the government's
18 use of family detention in particular. *See id.* (granting *amici*'s request to participate
19 because they "have a special interest in this litigation as well as a familiarity and
20 knowledge of the issues raised therein that could aid in the resolution of this
21 case"). The ACLU is a nationwide, nonprofit, nonpartisan organization with more
22 than 1.75 million members dedicated to the principles of liberty and equality
23 embodied in the Constitution and this nation's civil rights laws. IRP engages in a
24 nationwide program of litigation and advocacy to enforce and protect the
25 constitutional and civil rights of immigrants. The ACLU Foundation of Southern
26 California is the Southern California affiliate of the ACLU. IRP and the ACLU of
27 Southern California have litigated numerous major cases on immigration detention,

28

either as counsel of record or counsel for *amicus curiae*. *See, e.g.*, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). IRP has particular interest in and experience with family detention. IRP serves as class counsel in *RILR v. Johnson*, 80 F. Supp. 3d 164 (D.D.C. 2015), a nationwide class action lawsuit challenging the government's detention of migrant families (including many *Flores* class members) for the purpose of deterring future migration to the United States, and won a preliminary injunction forbidding the government from detaining individuals on deterrence grounds. *See RILR v. Johnson*, 80 F. Supp. 3d 164 (D.D.C 2015).

4.      *Amici*'s proposed brief offers information and legal argument that will assist this Court's evaluation of the government's motion. The proposed brief makes two main points:

5.      *First*, *amici* explain that—even assuming the government's factual claims were correct—general deterrence is not a permissible purpose for family detention because this form of detention is civil rather than criminal in nature. The U.S. District Court for the District of Columbia held exactly that, in the context of family detention, in *RILR*. Based on controlling Supreme Court precedent, *RILR* concluded that the detention of individuals for the purpose of the deterring the migration of others to the United States raises serious due process concerns and violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a). The Due Process Clause and the INA permit detention based only on individualized characteristics such as flight risk and danger to the community. Where the government lacks an individualized basis to detain, incarceration in this context is impermissible. *See RILR*, 80 F. Supp. 3d at 186-90. Moreover, the government itself agreed not to detain families based on general deterrence as a condition of

dissolving the *RILR* injunction and administratively closing the case.[2] Thus, even if the government were correct that *Flores* and this Court's July 2015 Order have impacted migration patterns, it still would be prohibited—by the Constitution, the immigration laws, and its own policy—from imprisoning families to deter other migrants from coming to the United States. *See* Ex. A, Proposed Br. of *Amici Curiae*, Point I.A.

6.     In any event, the government has failed to justify its interest in deterrence here. It is unclear why the government has any legitimate interest in deterring the families who primarily benefit from the release provisions of the *Flores* Agreement—namely, asylum seekers whom the immigration authorities have found to have credible asylum claims that must be heard in full immigration court hearings inside the United States. And the government has failed to provide any probative evidence either of the "migratory crisis" supposedly precipitated by *Flores* and this Court's July 2015 Order, or that long-term family detention—if permitted by this Court—would effectively deter migrants from seeking asylum in the United States. In short, the government has failed to show that modification of the *Flores* Agreement is warranted. *See* Ex. A, Proposed Br. of *Amici Curiae*, Point I.B.

7.     *Second*, the government's motion appears to assume that if the *Flores* Agreement did not require that children be released promptly from custody, then the government could subject the parents and children to prolonged detention pending completion of their removal proceedings, and thereby avoid the need for family separation. *See, e.g.*, ECF No. 435-1 at 13. However, the government may not subject families to such categorical detention. Instead, the Due Process Clause, INA, and its implementing regulations all require that the government make an

---

[2] *See* Notice to the Court, 1 (ECF No. 40) and Order, 1 (ECF No. 43), *RILR v. Johnson*, 80 F. Supp. 3d 164 (D.D.C. 2015) (No. 1:15-cv-00011-JEB).

1  individualized determination that detention is warranted based on flight risk and

2  danger. *See* Ex. A, Proposed Br. of *Amici Curiae*, Point II.

3  8.      The proposed brief is timely. *Amici* have filed this *ex parte* application and

4  proposed brief the same day that Plaintiffs filed their opposition to the

5  government's *ex parte* motion. The government therefore has the same amount of

6  time to review the brief and respond before any oral argument or ruling on the

7  motion.

8  9.      Accordingly, *amici* respectfully request that this Court grant their *ex parte*

9  application for leave to file the proposed brief in support of Plaintiffs' opposition

10  to the government's *ex parte* application for relief.

11

12                                      Respectfully submitted,

13                                      ACLU IMMIGRANTS' RIGHTS

14                                      PROJECT

15                                      ACLU FOUNDATION OF SOUTHERN

16                                      CALIFORNIA

17

18  Dated: June 29, 2018          By:    /s/ Michael K.T. Tan
                                         MICHAEL K.T. TAN
19                                       JUDY RABINOVITZ
                                         AHILAN T. ARULANANTHAM
20                                       *Attorneys for* Amici Curiae

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2018, I electronically filed the foregoing documents and attachments with the Clerk for the United States District Court for the Central District of California by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Michael K.T. Tan
Michael K.T. Tan