```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                                ---

             HONORABLE DOLLY M. GEE, JUDGE PRESIDING

                                ---




   JENNY L. FLORES, et al.,           )
                                      )
                                      )
                                      )
                  Plaintiffs,         )
                                      )No. 85-4544DMG
            VS                        )
                                      )
   EDWIN MEESE, et al.,                )
                                      )
                                      )
                  Defendants.         )
   _____)



            Reporter's Transcript of Proceedings
     Plaintiffs' Motion to Enforce Settlement of Class Action
      Defendant's motion to Modify Settlement Agreement
                    Los Angeles, California
                    FRIDAY, APRIL 24, 2015




                ANNE KIELWASSER, CRR, RPR, CSR
                Federal Official Court Reporter
               312 North Spring Street, Room 432
                Los Angeles, California 90012
                  Telephone: (213) 894-2969
                  anne.kielwasser@gmail.com
                       AKtranscripts.com
```

1   housing in situations where there is a search, such that they
2   could be housed there pending a determination as to where
3   they should be sent?
4           **MR. HOLGUIN:** Yes, Your Honor. The settlement --
5   the settlement contemplates, and when there is a large number
6   of individuals, then they can be housed in noncompliant
7   facilities. But the government must be making efforts to
8   either release or transfer the minors to properly licensed
9   facilities.
10          And -- and that is something that we can work
11  out if we're talking about with the -- with the defendants
12  about how those facilities -- how long people could be kept
13  there and so forth. As long as there is a good faith effort
14  to minimize the amount of time that children spend in
15  detention. That's the whole purpose of the settlement. And
16  to keep them in properly licensed facilities.
17          And as long as the government is moving in
18  that direction, the plaintiffs are willing to be reasonable
19  in providing some kind of accommodations to allow the
20  transition to take place in an orderly fashion.
21          **THE COURT:** And does the agreement as it stands
22  allow for an accomodation to either a minor or a parent who
23  wishes to remain in the facility?
24          **MR. HOLGUIN:** Your Honor, our -- the plaintiffs'
25  position is, and we can provide authority to this, if we

1  haven't already done, I believe we have, is that whenever
2  there is a settlement that confers rights on a class member,
3  a class member is entitled to waive those rights.
4           Mothers and parents speak for children all
5  the time.  I don't really consider this to be an unusual
6  situation or one that sets up some untenable chain of order
7  where there's a conflict between a parent and a child.
8           I have children of my own, and the law is
9  quite clear when I get to make decisions for them and when
10 they get -- when they reach the age of maturity, when they're
11 able to make their decisions.
12          So, this is -- this is something that I think
13 can also be worked out.
14          **THE COURT:**  All right, anything further?
15          **MR. HOLGUIN:**  No, Your Honor.
16          **THE COURT:**  Mr. Fresco?
17          **MR. FRESCO:**  Just -- just a couple of notes, Your
18 Honor, quickly.  Plaintiffs' Exhibit 10, Paragraph 6 from
19 their affidavit of Brigit Cambria, it says quote/unquote:
20 "Berks is clearly a secure facility."
21          So, any evidence they're going to have now to
22 be opposite will be in conflict with that statement, Your
23 Honor.
24          Second of all, Your Honor, there is no
25 dispute that Berks has been operating since 2001 as a secure