# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) Case No. CV 85-4544-DMG |
| Plaintiffs, | ) |
| v. | ) |
| JEFFERSON B. SESSIONS, Attorney General of the United States; *et al.*, | ) |
| Defendants. | ) |

### REPLY OF JUVENILE COORDINATOR DEANE DOUGHTERY TO PLAINTIFFS' RESPONSE TO THIRD GOVERNMENT MONITORS' REPORT

On June 27, 2017, the Court ordered Defendants to appoint Juvenile Coordinators to monitor their component's compliance with the Flores Settlement Agreement (FSA) and, in response, Immigration and Customs Enforcement (ICE) timely nominated me, Deane Dougherty, as its Juvenile Coordinator. On August 24, 2017, the Court approved me as ICE's Juvenile Coordinator and ordered me to submit a plan as to "what course of action [I] will undertake to address the deficiencies outlined in the June 2017 Order." The June 27, 2017 Order identified three areas of noncompliance related to ICE: (1) the requirements that ICE provide class members with a list of legal services providers and the Notice of Right of Judicial Review; (2) the requirement that ICE make and record continuous efforts to release class members or place them in nonsecure, licensed facilities; and (3) the requirement that ICE release FSA class members as expeditiously as possible from its three Family Residential Centers (FRCs). On

1

September 8, 2017, I submitted a plan to the Court, specifically stating what steps I would take to monitor and report on the three areas of noncompliance. On October 18, 2017, the Court reviewed the plans and set deadlines for compliance reports. I have abided by the Court-approved monitoring plan and submitted the compliance reports as directed by the Court.

On July 13, 2018, Plaintiffs submitted a response to my third report as Juvenile Coordinator. This document is a reply to their response. Their response largely consists of new allegations of noncompliance that are not related to the Court's June 27, 2017 Order, allegations that are unrelated to ICE, and/or allegations that have already been addressed in previous Juvenile Coordinator reports. In short, Plaintiffs' response, though voluminous, fails to demonstrate ICE's noncompliance with the Court's June 27, 2017 Order.

In their response to the third Juvenile Coordinator Report, Plaintiffs alleged 13 "MATERIAL BREACHES NOT DISCLOSED BY THEIR MONITORS." (p. 6). However, alleged breaches 2, 3, 4, and 6 do not relate to the areas of noncompliance identified in the June 27, 2017 Order. As such, these sections should be disregarded as they do not address issues within the scope of Court-approved monitoring plan.

In addition, alleged breaches 7, 8, 9, 10, and 11 relate solely to CBP and will not be addressed in this reply.

I will address each of the remaining alleged breaches (1, 5, 12, and 13) that relate to noncompliance issues identified in the June 27, 2017 Order. For easy of tracking, I will maintain Plaintiffs' numbering.

> **1. Defendants have no contracts with licensed programs to place accompanied minors pursuant to the Agreement, Paragraph 14E, nor do Defendants promptly place minors in licensed programs under Paragraphs 19 and 12A.**

2

Response: As an initial matter, FRCs do not have to be licensed if the facilities are processing class members as expeditiously as possible. FSA ¶¶ 12, 19. In addition, Plaintiffs are repeating the same objections regarding licensed facilities that they submitted in response to the first Juvenile Coordinator's report. I refer Plaintiffs to my previous answer, filed on March 2, 2018.

5. *Flores* **Class Member children are held in unlicensed and secure facilities in violation of Paragraphs 6, 12A, and 19.**

Response: Plaintiffs are repeating the same objections regarding unlicensed and secure facilities that they submitted in response to the first Juvenile Coordinator's report. I refer Plaintiffs to my previous answer, filed on March 2, 2018.

**12. Defendants fail to advise class members about their *Flores* rights.**

Response: The examples cited in Plaintiffs' response concern CBP, not ICE. I defer to CBP's Juvenile Coordinator.

**13. Defendants fail to make prompt and ongoing efforts to release class members.**

Response: Plaintiffs are repeating the same objection they submitted in response to the first Juvenile Coordinator's report. My response is also the same: "In the declaration I submitted to the Court on September 8, 2017, I outlined ICE's efforts at making and recording prompt and continuous efforts at release of class members. Specifically, I explained:

> ICE has issued guidance directing the FRCs to evaluate whether, upon initially taking a class member into custody, the class member is eligible for parole under conditions established by 8 U.S.C. § 1182(d)(5) and 8 C.F.R. § 212.5(b). Class members will be re-evaluated for parole when new, pertinent information is received concerning continued custody. In addition, when an FSA class member is admitted into an FRC, ICE [gives] the parent of the class member the opportunity to list potential sponsors."

In conclusion, in each of my three Juvenile Coordinator reports, I evaluated ICE in a manner consistent with the plan I submitted to the Court on September 8, 2017. The reports I

submitted accurately evaluated ICE's compliance with the areas of concern identified in the Court's June 27, 2017 Order.

                                                     Respectfully submitted,

                                                     /s/ Deane Dougherty
                                                   Deane Dougherty
                                                   Juvenile Coordinator