CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | ) Case No. CV 85-4544 DMG (AGRx) |
| | ) |
| Plaintiffs, | ) [PROPOSED] ORDER RE SPECIAL |
| | ) MASTER/INDEPENDENT MONITOR |
| - vs - | ) |
| | )          [HON. DOLLY M. GEE] |
| JEFFERSON B. SESSIONS, ATTORNEY | ) |
| GENERAL OF THE UNITED STATES, *et al.*, | )          Hearing: None |
| | ) |
| Defendants. | ) |
| _____ | ) |

1

2    *Plaintiffs' counsel, continued:*

3
     LA RAZA CENTRO LEGAL, INC.
4    Michael S. Sorgen (Cal. Bar No. 43107)
     474 Valencia Street, #295
5    San Francisco, CA 94103
6    Telephone: (415) 575-3500

7
     THE LAW FOUNDATION OF SILICON VALLEY
8    Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
     Katherine H. Manning (Cal. Bar No. 229233)
9    Annette Kirkham (Cal. Bar No. 217958)
10   152 North Third Street, 3rd floor
     San Jose, CA 95112
11   Telephone:   (408) 280-2437
12   Facsimile:   (408) 288-8850
     Email: jenniferk@lawfoundation.org
13    kate.manning@lawfoundation.org
14    annettek@lawfoundation.org

15   *Of counsel:*

16
     YOUTH LAW CENTER
17   Virginia Corrigan (Cal. Bar No. 292035)
     832 Folsom Street, Suite 700
18   San Francisco, CA 94104
19   Telephone: (415) 543-3379

20

21

22

23

24

25

26

27

28

PLAINTIFFS' PROPOSED ORDER
RE SPECIAL MASTER                       ii                    CV 85-4544-DMG (AGRX)

1

2

# TABLE OF CONTENTS

3

4

1. GENERAL AUTHORITY OF THE SPECIAL MASTER. ......................................1

5

6

2.   LIMITATION ON THE SPECIAL MASTER'S POWERS. ...................................2

7

3.  TERM AND EXTENSIONS. ......................................................................................2

8

5.  EX PARTE COMMUNICATIONS. .........................................................................3

9

10

6.  THE SPECIAL MASTER'S ACCESS TO INFORMATION ...................................4

11

7.  SPECIAL MASTER RECOMMENDATIONS TO INSURE COMPLIANCE .....17

12

8.  SUPPORT AND COMPENSATION FOR THE SPECIAL MASTER..................17

13

14

9.   REPORTING TO THE COURT AND PLAINTIFFS' COUNSEL; JUDICIAL REVIEW; DISPUTE RESOLUTION ........................................................................19

15

16

10.   MISCELLANEOUS PROVISIONS; RETENTION OF JURISDICTION...........21

17

18

*/ / /*

19

20

21

22

23

24

25

26

27

28

APPOINTMENT OF THE SPECIAL MASTER/INDEPENDENT SPECIAL MASTER

The Court hereby appoints _____ as the Special Master/Independent Monitor ("Special Master").

1.    GENERAL AUTHORITY OF THE SPECIAL MASTER.

(a) The Special Master shall have the authority set forth in this Order to monitor compliance with the Settlement and this Court's Orders [Doc. ## 177, 189 and 363 (collectively, "Compliance Documents"). While the Special Master shall have broad discretion regarding how to exercise her authority, her responsibilities shall be subject to oversight by the Court. The Special Master shall have the authority to gather information and documentation and perform other duties in furtherance of the Special Master's functions, as identified herein.

(b) If to accomplish her Special Master duties the Special Master must undertake necessary measures not specifically referred to herein or seek modifications to this Order due to unforeseen circumstances, the Special Master is authorized to do so, as long as she has informed the Court of the nature of, and need for, such measures or modifications, and received the Court's written approval. Should the Special Master determine that such measures or modifications are necessary, the Parties shall receive notice and an opportunity to comment (or to submit a stipulation and proposed Order) before the Court approves such measures.

2.     LIMITATION ON THE SPECIAL MASTER'S POWERS.

The Special Master may not issue any orders or impose any sanctions, but may recommend to this Court various orders, including any contempt sanction. The Special Master shall have no authority to intervene in or direct Defendants' activities.

3.     TERM AND EXTENSIONS.

The Court appoints the Special Master for a term of 24 months ("Initial Term") commencing 30 days from the date of this Order ("the Effective Date"). The Initial Term may be extended ("Extended Term")[1] if, at least four (4) weeks prior to the expiration of the Initial Term Plaintiffs or the Special Master file with the Court a Notice requesting an extension of the Special Master's term based on specific and ongoing concerns regarding Defendants' compliance with the Compliance Documents. The request shall identify an appropriate extension of time in order to ensure that the goals of the Special Master are met.[2] Defendants and Plaintiffs shall have the right to respond to any such Notice filed by the Special Master within 10 days after the Notice's filing before the Court rules on the request for an extension. Defendants and the Special Master shall have the right to respond

_____

1 The Initial Term, together with any Extended Terms, shall collectively be referred to as "the Term."

2 The goals of the Special Master including insuring Defendants' ongoing compliance with the Compliance Documents, and that such compliance will continue without the presence of a Special Master.

to any such Notice filed by the Plaintiffs within 10 days after the Notice's filing

before the Court rules on the request for an extension. Absent a showing of serious,

specific, and ongoing concerns by the Special Master or the Plaintiffs, the

presumptive end of the Term shall be no later than 36 months after the Effective

Date.

4.     DILIGENCE OF SPECIAL MASTER.

       The Special Master is directed to proceed with all reasonable diligence to

carry out the duties assigned by the Court.

5.     EX PARTE COMMUNICATIONS.

       The Special Master shall be permitted to engage in ex parte communications

under the following circumstances:

       (a) The Court. The Special Master shall be permitted to confer ex parte with

the Court regarding any issue arising under or relating to this Order. All such

communications shall be privileged and shall not be subject to discovery.

       (b) The Parties. The Special Master shall be allowed to engage in ex parte

communications relating to Defendants' compliance with the Compliance

Documents with the Parties' counsel who have been designated as the "primary

contacts."

(c) <u>Class Members or their Qualified Representatives</u>.[3] The Parties shall meet and confer with the Special Master regarding a Detention Facility Notice which shall be disseminated to all detention centers where Class Members may be detained and which will include contact information not only for Plaintiffs' Class Counsel, but also for the Special Master in the event a Class Member or his or her parent or a Qualified Representative wishes to report a problem with Defendants' compliance with the Compliance Documents.

(d) <u>Notice of Ex Parte Communications</u>. For all ex parte communications of a substantive nature during the applicable Reporting Period (as defined *infra* in note 4),  except those with the Court, the Special Master shall provide a list of the parties involved and the date of the ex parte communication in the Special Master's reports to the Court.

6.     THE SPECIAL MASTER'S ACCESS TO INFORMATION

**(a)  Class Member Information**. The Special Master shall have authority to access all class member information that in her discretion she believes is relevant to her duties and shall keep all information about the identities of class members confidential. The following is are non-exhaustive list of methods for obtaining information regarding Class Members:

_____

3 Qualified Representatives includes attorneys and representatives accredited by the Board of Immigration Appeals representing class members.

**(i) Interviews**. The Special Master may from time to time interview any individuals including Defendants' employees, agents or contractors, or any other persons who in the Special Master, in her discretion she believes possess information relevant to Defendants' compliance with the Compliance Documents, including but not limited to, individuals acting in any supervisory capacity over individuals implementing the Compliance Documents, individuals with authority to issue policies regarding implementation of the Compliance Documents, individuals responsible for training or supervising Defendants' employees, agents or contractors implementing the Compliance Documents, Class Members, aged out former Class Members, individuals employed by Defendants' contractors, Class Members' or former Class Members' relatives or accompanying adults.

The Special Master may also interview Class Members or parents of Class Members moved to different facilities operated by Defendants, including facilities operated by or for the Office of Refugee Resettlement (ORR).

The Special Master may retain the services of interpreters to assist her in Class Member or accompanying adult interviews.

Class Members and accompanying relatives or adults may elect not to be interviewed by the Special Master.

Class Counsel and counsel for Defendants may, at the discretion of the Special Master, be present during site inspections and interviews.

1   Defendants shall provide the Special Master points of contact from

2   Immigration and Customs Enforcement (ICE), U.S. Citizenship and Immigration

3   Service (CIS), Customs and Border Protection (CPB), and the Executive Office of

4   Immigration Review (EOIR) and contact information for Defendants' agents and

5   contractors who are involved in implementing the Compliance Documents. The

6   Special Master may from time to time confer with those points of contact. If

7   requested, Defendants shall provide suitable facilities and arrangements for the

8   conduct of such interviews under conditions satisfactory to the Special Master. The

9   Special Master may, at her discretion, invite the Parties' primary contacts to attend

10  such interviews.

11  **(ii) Requests for Documents**. From time to time, the Special Master may

12  serve requests for any information, document, or class of documents, created,

13  received or maintained by Defendants or their agents or contractors that are

14  relevant to a determination of compliance with the Compliance Documents. The

15  Special Master shall provide Defendants or their agents or contractors with a

16  Notice reasonably describing the documents sought and the reason(s) for such

17  request(s). The Special Master shall consider the burden such requests for

18  information or documentation will cause Defendants.

19  Defendants shall provide the documents sought unless the documents are not

20  relevant to any issue arising from their implementation of the Compliance

21  Documents or if Defendants claim the requested documents are privileged. Any

dispute regarding such a request shall be addressed to this Court. Plaintiffs shall have a right to participate in any proceedings regarding disputed requests for documents.

The parties may request that the Special Master permit them to conduct discovery. Any party seeking discovery shall provide the Special Master with the party's discovery requests and any party opposing the discovery requests shall have ten (10) business days to provide to the Special Master reasons why the requested discovery should be disallowed. The Special Master may in her discretion schedule a hearing or conference call with all parties to address the requests and any opposition to responding to the requests. The Special Master shall within twenty (20) days of receiving an unopposed request for discovery issue her decision regarding the discovery that may be propounded. The Special Master shall within twenty (20) days after receiving an opposition to a request for discovery issue her decision regarding the discovery that may be propounded. Any party may seek review by this Court of the Special Master's discovery decisions by filing a joint stipulation in conformity with Local Rule 37. The Special Master may file a submission stating her position on the discovery dispute.

In addition to information and documents the Special Master may in her discretion seek from Defendants, the following documents shall be provided to the Special Master and Class Counsel:

**(a)  Class Member IJ Hearings**. Advance notice of hearings before Immigration Judges to determine the custody status of Class Members. The Special Master may attend any such hearings with or without advance notice to Defendants, except that the Special Master may not attend if an affected Class Member, his or her parent, or his or her Qualified Representative or attorney of record objects to the Special Master's attendance.

**(b) Training and Policy Statements by Defendants**. The categories of Defendants' employees, agents and contractors trained to implement the Compliance Documents, including the individuals' titles and duty locations, the dates of trainings, and all training materials bearing upon implementation of the Compliance Documents. The dates and locations of trainings shall be provided to the Special Master and Class Counsel at least ten (10) days prior to future training dates and the Special Master and Class Counsel may attend any such trainings.

Defendants shall provide the Special Master and Class Counsel with all current and future policy directives, manual sections, guidance, memoranda, instructions, orders and other written communications issued to Defendants' employees, agents and contractors aimed at compliance with the Agreement and this Court's aforementioned Orders.

**(c) Documents, Data and Class Member Information**. Until the expiration of the Term, Defendants shall provide to the Special Master and Class Counsel, in the

form of a searchable electronic file, the following documents, data, and database

information for all Class Members:

A. <u>Identifying information and detention history</u>: (i) Full name, (ii) Alien #,

(iii) date of birth, (iv) country of birth, (v) name and alien number of

accompanying relative or adult, (vi) date and location of apprehension, (v) the

dates, locations of and reasons for all transfers of class members, (vi) date of

release, (vii) whether released alone or with an accompanying relative, (viii)

name, relationship and address of any adult(s) or a licensed group home to whom

the Class Member was released, (ix) if not released pursuant to Paragraph 14, the

date placed in a non-secure licensed facility under Paragraph 19 and the name and

location of the facility, (xv) if not released under Paragraph 14 or placed pursuant

to Paragraph 19 within fifteen days of apprehension, the reason why not released.

B. <u>Information regarding CBP detention</u>: (i) Number of hours spent in a

CBP facility following arrest, (ii) size of CBP cells where detained and largest

number of detainees held in the cell while the Class Member was detained in the

cell, (iii) content and number of meals and drinks provided to the Class Member

while in CBP custody, (iv) whether the Class Member was provided soap and

towels while in CBP custody, (v) temperature recordings taken while the Class

Member was detained, (vi) whether  the Class Member was provided a blanket and

mat or mattress to sleep on if held overnight in a CBP facility, and (vii) whether

the Class Member was provided a notice of her or his rights as required by the Agreement (unless provided pursuant to subparagraph (h) below).

C. <u>Continuous efforts at release pursuant to Paragraph 14 of the Settlement</u>: (i) The dates on which the option for release was explained by CBP or ICE employees to class members or their accompanying parents, the names of the officers who provided the information, the location where the information was provided, and the dates the information was provided, (ii) the dates on which a class member's parent opted her or his class member child out of the release provisions of the Agreement, (iii) the dates on which efforts were made and recorded by CBP or ICE agents aimed at release of the Class Member pursuant to Paragraph 14 of the Settlement, and the names, titles and locations of the person who made such efforts, (iv) identities of relatives, friends or licensed group homes contacted for release or placement of the Class Member under Paragraph 14, and the dates of such contacts, and names, titles and location of CBP or ICE employees who made the contacts, and (v) the results of efforts aimed at release of the  Class Member pursuant to Paragraph 14 of the Settlement.

D. <u>Continuous efforts at placement pursuant to Paragraph 19 of the Settlement</u>: (i) Dates and descriptions of efforts made and recorded by CBP or ICE employees aimed at placement of the Class Member pursuant to Paragraph 19 of the Settlement, (ii) name(s) and location(s) of licensed group homes contacted for placement of the Class Member under Paragraph 19, and the names, titles and

locations of the person who made such contacts, and (iii) the results of efforts aimed at release of the Class Member pursuant to Paragraph 19 of the Settlement including the dates and locations of placements of Class Members under Paragraph 19.

E. Placement of Class Members in Secure Facilities under Paragraph 21 of the Settlement: (i) The dates Class Members were held in or transferred to a State or  county juvenile detention facility or a secure ICE detention facility or contracted  facility, (ii) reasons why Class Members were transferred to secure facilities and reasons that less restrictive facilities were unavailable or inappropriate, (iii) names of the facilities to which they were transferred, (iv) if no longer detained in secure placement, dates they were released or transferred to non-secure placements.

F. Reviews of Custody Status by Immigration Judges: (i) Dates on which any  Class Members were notified of their right to an Immigration Judge (IJ) review of their custody status pursuant to Paragraph 12A of the Settlement, the names of the officers who provided the information, and the location where the information was provided, (ii) dates on which a Class Member or Class Member's parent requested a hearing before an IJ regarding the class member's custody status, (iii) dates and locations of hearings held before an IJ pursuant to Paragraph 24A of the Settlement, (iv) results of hearings held before an IJ including the written order and audio recording or transcript of hearing, if available;

G. <u>Assessment of Special Needs</u>: (i) Dates on which defendants assessed Class Members to determine whether they have special needs as required by Paragraph 7 of the Settlement, including the name and title and location of Defendants' employee who made the assessment, (ii) the results of such assessment for each Class Member assessed, (iii) actions taken as a result of such assessment (if any), (iv) access to documents regarding compliance with Paragraph 7.

H. <u>Provision of notices of rights</u>: (i) Dates on which pursuant to Paragraph 12A of the Settlement Class Members were provided a notice of their rights, including the names, titles and locations of Defendants' employees who provided the notice of rights, (ii) dates on which pursuant to Paragraph 24C Class Members were provided notices of the reasons for housing the minor in a detention or a medium security facility, (iii) dates on which pursuant to Paragraph 24D of the Settlement Class Members were provided (a) INS Form 1-770, (b) an explanation of the right of judicial review as set out in Exhibit 6, and (c) the list of free legal services available in the district pursuant to INS regulations (unless previously given to the minor).

I. <u>Released Class Members Statistics</u>. For each Class Member who has been released from detention, in addition to the information required above,  Defendants shall provide the following categories of information: (i) Date of release, (ii) number of days in detention prior to release, (iii) location of release, (iv) name,

relationship, telephone number, and address of person to whom the minor was released and the that person's relationship to the minor, (v) whether the Class Member was re-detained, (vi)  the date and location of re- detention, and (vii) the reason for the re-detention;

J. <u>Current Advisal Forms</u>. All forms used at CBP or ICE immigration detention facilities to inform Class Members of their rights. Defendants shall promptly provide updated forms throughout the Term if they are changed in any way.

K. <u>Contracts with Service Providers and Licenses</u>. Copies of Defendants' current contract(s) with entities for the detention of Class Members and licenses issued for the operation of such entities. If entities with which Defendants have contracted have in turn sub-contracted with other entities to perform detention functions for Class Members, Defendants shall provide copies of current subcontracts. Defendants shall provide updates if any contracts or licenses mentioned in this paragraph change during the Term or if there are proposed amendments or renewals of such contracts or licenses.

L. <u>Qualified Legal Representative Organizations</u>. By the Effective Date, and once every six (6) months thereafter until the expiration of the Term, the list of free legal services provided to detained Class Members or their accompanying relatives by CBP or ICE officials. Defendants shall provide updates if those lists change during the Term.

M. <u>Implementation of Juvenile Coordinator compliance</u>: By the Effective Date, and once every six (6) months thereafter until the expiration of the Term, documents showing pursuant to  Paragraph 28A of the Settlement that a designated official in the Office of the Assistant Commissioner for Detention and Deportation or some other official has maintained an up-to-date record of all minors who are placed in proceedings and remain in Defendants' custody for longer than 72 hours.

N. <u>Notice of Implementation Materials</u>. Any final copies of any regulations, policy directives, or training materials used to implement or enforce any portion of the Compliance Documents, and any other guidance concerning rules or procedures applicable to Class Members that relate in any way to the Compliance Documents. Defendants shall also provide any such documents already in use at the time of the Special Master's appointment. Should Defendants claim any such documents are exempt from disclosure, they shall file such documents for *in camera* review by the Magistrate Judge assigned to discovery matters in this case and shall provide the Special Master and Class Counsel with an index to the withheld documents and explanation in support of the claimed exemption. The Special Master and Class Counsel may submit their positions to the Magistrate Judge. Decisions or recommendations of the Magistrate Judge may be appealed to this Court.

O. <u>Data concerning emergencies or influxes</u>: Monthly statistics on (i) the number and location by CBP station of Class Members who presented themselves

for admission or were apprehended, (ii) of these Class Members the number placed in expedited removal and the number issued Notices to Appear (NTAs) in regular removal proceedings, (iii) of these Class Members the number released before being transferred to ICE custody because they were issued NTAs, and (iv) of these Class Members the number released or placed pursuant to Paragraph 14 or 19 of the Settlement prior to such Class Members being transferred to ICE custody. Defendants shall provide the Special Master and Class Counsel with monthly reports regarding emergencies described in Paragraph 12B  of the Settlement, including the nature of and response to the emergency.

**(d) Inspection of Facilities**. The Special Master shall have the right at any reasonable time with or without notice to inspect sites used by ICE during the Term for the purpose of family detention, including the ICE facilities now located in Karnes City, Texas, Dilley, Texas, and Berks, Pennsylvania.  The Special Master shall have the right at any reasonable time with or without notice to inspect sites used by CBP during the Term located in the Rio Grande Sector and CBP's facilities in Chula Vista, California, El Centro, California, Santa Teresa, New Mexico, Tucson, Arizona, and Yuma, Arizona, used by Defendants to hold Class Members..

The Special Master shall have the right to tour and inspect these CBP facilities and ICE family detention facilities, and as set forth below, shall have access to documents and the ability to interview staff, other persons with

information relevant to the Special Master's duties, and Class Members and their

accompany relatives or adults to assess compliance with the Compliance

Documents.

Defendants shall designate one or more persons the Special Master may

contact to promptly address any access or inspection issues that may arise during

the course of a site inspection.

Counsel for the parties may, at the discretion of the Special Master, attend

and observe her site inspections.

In order to enter Defendants' facilities, the Special Master must pass a

background check that will be concluded by Defendants within thirty days of this

Order. The Special Master will provide Defendants with the information they need

to conduct a background check. Defendants may conduct further background

checks of the Special Master periodically, on par with Defendants' routine

practice, during the duration of the Special Master's tenure. In addition, the Special

Master will alert the Court if she is arrested or charged with a criminal action

involving minors.

If any problems arise with these background checks, such as concerns about

past criminal history, or safety (such as arrests for pornography or sexual abuse),

Defendants will immediately notify the Court and Plaintiffs' class counsel.

**(e) Attendance at formal meetings regarding compliance with the Agreement**. The

Special Master may in her discretion attend formal meetings of any task force or

implementing group of Defendants or their appointees, designees or contractors regarding implementation of the Agreement.

7.   SPECIAL MASTER RECOMMENDATIONS TO INSURE COMPLIANCE

The Special Master may in her discretion prepare proposals and recommendations for how Defendants may achieve compliance with the Agreement and this Court's prior Orders. The Special Master may confer with the parties separately or jointly in an effort to reach agreement on policies, practices and monitoring adopted to achieve compliance with the Agreement.

8.   SUPPORT AND COMPENSATION FOR THE SPECIAL MASTER

 **(a) Support**. The Special Master may, as she deems necessary to carry out her functions, seek assistance from others, including but not limited to independent experts or specialists whose advice or assistance the Special Master deems important to resolving questions concerning compliance with the Compliance Documents. The Special Master shall advise the parties of any person she seeks to retain to assist her, including a brief description  of how they will assist the Special Master, their qualifications and rate of pay. The parties shall have ten business days to object to the retention of any such persons by the Special Master with reasons for the objection. Any such objection(s) sheal be served on opposing counsel. If the matter is not resolved by the Special Master, the Special Master

shall seek approval of the Court for the appointment of the person(s) to assist her and serve the parties with her submission to the Court. The parties shall have ten business days to respond to the Special Master's request and may seek a hearing. The Court will rule on the Special Master's request.

　　　　**(b) Compensation**. All of the Special Master's fees, costs and expenses, including with respect to the assistance of other experts or specialists, are to be paid by Defendants. The Special Master shall be compensated at the hourly rate of $225 during the first year of the Term, $250 during the second year, and, if necessary, $275 during the third year.

　　　　On a monthly basis, the Special Master shall provide Defendants with a detailed record of hours billed in the preceding month. The Special Master will be paid within 30 days of submitting her requests for reimbursement.

　　　　If Defendants dispute a bill from the Special Master, they shall timely pay the undisputed portion of the bill and within 15 days of receipt of the bill submit objections to, and/or request additional clarifying information or documentation from the Special Master, with a copy served on Class Counsel and filed with the Court.

　　　　If within 30 days of presentation of the Special Master's bill, there is still a dispute, Defendants shall submit the dispute to the Magistrate Judge of this Court for resolution. Defendants and the Special Master shall prepare a joint statement

regarding the disputed payment for filing within 30 days after Defendants' receipt of the Special Master's bill.

If the Special Master anticipates that her annual compensation, costs and expenses shall exceed $450,000 per year, she shall notify the Parties and the Court, preferably within six months after the Effective Date, and make a showing of good cause and provide an estimate of the amount she anticipates will be required for her to properly perform the duties and obligations set forth in this Order. Upon such notification, the Court shall set a schedule which will permit the Parties to submit written comment.

9.    REPORTING TO THE COURT AND PLAINTIFFS' COUNSEL; JUDICIAL REVIEW; DISPUTE RESOLUTION

The Special Master shall provide regular reports to the Court in the following manner:

(a) Starting no later than four (4) months from the effective Date of this Order and every six (6) months thereafter until the expiration of the Special Master's Term or as otherwise required by this Order, the Special Master shall file on the case docket a Report regarding Defendants' compliance with and any suspected violations of the Compliance Documents, as well as any recommendations for steps necessary to improve Defendants' compliance. The Special Master shall append to the Report any documents that the Special Master

deems important for the conclusions in the Report ("Appendix"). The Special Master may seek a reasonable extension of time, if necessary.

(b) At least twenty (20) days before filing the Report and Appendix on the case docket, the Special Master shall serve the Parties with copies of each, and the Parties shall have 10 calendar days from the date of service to submit to the Special Master written comments to the Report. In her discretion, the Special Master may modify the Report in any manner before filing it with the Court, although the Special Master has no obligation to explain the response (or lack thereof) to any suggestions made by the parties. The Special Master shall file the Parties' written comments together with the Report.

(c) If the Special Master has a good faith basis to believe that there is a significant violation of the Compliance Documents that cannot reasonably be addressed through a Report due to its exigency, the Special Master shall file on the case docket an interim report ("Interim Report"), including any recommendations for steps necessary to improve  Defendants' compliance and the reason for urgency. Prior to filing the Interim Report, the Special Master shall afford the Parties a reasonable opportunity to be heard and to expeditiously cure any violation.

(d) Nothing in this Order limits the Special Master's ability to notify the Parties jointly of issues relating to Defendants' compliance with the Compliance Documents through reasonable means, including in-person or telephonic meetings,

status conferences, or  correspondence. Nor shall anything in this Order limit the

Special Master's ability to promptly notify the Parties of violations of the

Compliance Documents that, due to their exigency, should not be addressed on the

normal timeline for Reports.

10.    MISCELLANEOUS PROVISIONS; RETENTION OF JURISDICTION

        **(a) Confidentiality of Information**. A protective order governing this

litigation shall continue to apply to all information produced by Defendants

pursuant to this Order. Any individual who assists the Special Master must agree to

and execute an Acknowledgement of Protective Order.

        **(b) Cooperation of Parties**. The Parties shall cooperate in good faith with

the Special Master.

        **(c) Preservation of Materials**. The Special Master shall preserve and,

where she believes appropriate, file those materials reflecting the essential

activities she and any of her aides perform in carrying out the Special Mastering

duties. The Special Master shall file on the case docket all requests for

modification of this Order and all status reports.

        */ / /*

1

**(d) Retention of Jurisdiction and Amendments**. The Court retains

2

3

jurisdiction to enforce this Order and to amend it for good cause.

4

5

IT IS SO ORDERED.

6

Dated: _____, 2018.

7

_____
Dolly M. Gee
United States District Judge

8

9

resented by —

10

11

_____/s/_____
Peter A. Schey

12

Class Counsel for Plaintiffs

13

/ / /

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On August 24, 2018, I electronically filed the following document(s):

PLAINTIFFS' PROPOSED ORDER RE SPECIAL MASTER

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/*Peter Schey*
*Attorney for Plaintiffs*

PLAINTIFFS' PROPOSED ORDER
RE SPECIAL MASTER                                    CV 85-4544-DMG (AGRX)