CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
      crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | ) Case No. CV 85-4544 DMG (AGRx) |
| Plaintiffs, | ) |
| - vs - | ) PLAINTIFFS' MEMORANDUM RE CBP |
| | ) FACILITIES SUBJECT TO MONITORING |
| JEFFERSON B. SESSIONS, ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, | ) |
| Defendants. | ) |
| | ) HEARING: N/A |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:   (408) 280-2437
Facsimile:    (408) 288-8850
Email: jenniferk@lawfoundation.org
          kate.manning@lawfoundation.org
          annettek@lawfoundation.org

*Of counsel:*

YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)
200 Pine Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 543-3379

Because Plaintiffs' evidence in support of its motion to compel relating to conditions in Customs and Border Protection (CBP) facilities largely focused at the time on CBP facilities in the Rio Grande Valley Sector ("RGV Sector") where Plaintiffs' monitoring took place, this Courts June 2017 Order [Dkt. # 363] limited its finding of noncompliance to those CBP facilities:

> Though Plaintiffs have submitted a plethora of detainee declarations in support of their motion, the Court notes that the overwhelming majority of them come from detainees who stayed at CBP stations located within the Rio Grande Valley Sector ("RGV Sector"). One or two declarations from detainees located within other sectors that span over one hundred miles and have multiple CBP stations is not enough to satisfy the preponderance of the evidence standard regarding the conditions at those facilities. As such, the Court limits its discussion of conditions and the scope of any resultant monitoring [by a newly appointed CBP monitor] to those CBP facilities located within the RGV Sector … While the Court certainly did not limit the scope of its August 21, 2015 Order in this way, there is insufficient evidence to suggest that any other CBP stations in locales outside of the RGV Sector have failed to comply with the Court's earlier order that they should "comply with the Agreement and Defendants' own acknowledged standards and procedures." 212 F. Supp. 3d at 915.

June 2017 Order [Dkt. # 363] at 8.

Based upon the over 200 declarations obtained in June and July 2018 as a result of Plaintiffs' monitoring and filed with Plaintiffs' Memorandum Re Status Conference and Response to Third Government Monitors' Reports [Dkt. # 462], there is ample unrefuted evidence of ongoing and widespread violations of the Agreement in five additional CBP facilities. *Id*. Numerous declarations evidencing persistent non-compliance were executed by Class Members and their parents detained in the following Border Patrol stations: El Centro, Chula Vista, and San Ysidro, California; Santa Teresa, New Mexico; Yuma and the Tucson Coordination Center, Arizona. These facilities are relatively small and easily subject to monitoring.

As the filed declarations disclose, Class Members and their parents detained in these CBP facilities consistently report that they are not fed sufficient amounts of food, food has been served in an inedible condition, either spoiled or partially frozen, available water is highly chlorinated and not drinkable, Class Members are held in unsanitary cells, they suffer sleep deprivation because of lack of mats, blankets and because of overcrowding, room temperatures are extremely cold, and Class Members have not been provided with notice of their rights. These are precisely the same non-compliance issues Class Members have testified to in the RVG Sector and that are addressed in the Court's August 21, 2015 Order [Dkt. # 189] and its June 2017 Order [Dkt. #363]. *See*, *e.g*., Plaintiffs' Exhibits 23, 31-32, 39-43, 45, 47, 49-56, 59-61, 63, and 65 (32 declarations re CBP El Centro) [Dkt.

## 462-3, 462-4, 462-5]; Plaintiffs' Exhibits 28, 34, 44, 129-148 (24 declarations re CBP San Ysidro Land Port of Entry) [Dkt. ## 462-3, 462-4, 462-8, 462-9]; Plaintiffs' Exhibits 38, 149-52 (six declarations re CBP Chula Vista Station) [Dkt. ## 462-4, 462-9]; Plaintiffs' Exhibits 153, 197, 216, 217 (4 declarations re CBP Santa Teresa Station) [Dkt. ## 462-9, 462-11, 462-12]; Plaintiffs' Exhibits 26 and 67-82 (17 declarations re CBP Tucson Coordination Center) [Dkt. ## 462-3, 462-5, 462-6]; Plaintiffs' Exhibits 103-128 (26 declarations re CBP Yuma Station) [Dkt. ## 462-7, 462-8].[1]

Defendants' CBP Juvenile Coordinator also monitored and reported on CBP facilities outside of the Rio Grande Sector, including CBP stations where Plaintiffs' declarations were executed in Sante Teresa, Yuma, Chula Vista, and the CBP San Ysidro Land Port of Entry, and CBP's Management Inspections Division of the Office of Accountability also saw fit to monitor the Tucson Coordination Center as well as the CBP stations identified above. *See* U.S. CBP Juvenile Coordinator Report [Dkt. # 430-1], at 5, 16, 22, 24, 29, 30, 31.

/ / /

---

[1] Plaintiffs have prepared examples by way of excerpts of these declarations filed herewith Exhibit 1.

Based on the foregoing, Plaintiffs request that the Court authorize the Special Master to monitor the limited number of CBP facilities identified above where the record makes clear monitoring is required.

Dated: August 24, 2018                    Respectfully submitted,

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena García

LA RAZA CENTRO LEGAL, INC.
Michael Sorgen

LAW FOUNDATION OF SILICON VALLEY -
LEGAL ADVOCATES FOR CHILDREN & YOUTH
Jennifer Kelleher Cloyd
Katherine H. Manning
Annette Kirkham

Of counsel:

YOUTH LAW CENTER
Virginia Corrigan


/s/*Peter Schey*
*Attorneys for Plaintiffs*

/ / /

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On August 24, 2018, I electronically filed the following document(s):

- PLAINTIFFS' MEMORANDUM RE CBP FACILITIES SUBJECT TO MONITORING

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/*Peter Schey*
*Attorney for Plaintiffs*