JOSEPH H. HUNT
Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
COLIN A. KISOR
Deputy Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 532-4824
    Fax: (202) 305-7000
    Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **JOINT STATUS REPORT RE ORDER RE PROPOSED SPECIAL MASTER/INDEPENDENT MONITOR** |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | |
| Defendants. | |

On September 4, 2018, the Court issued an order proposing to "appoint Retired United States Immigration Judge Carol A. King to the position of Special Master/Independent Monitor." ECF No. 484. The Court asked the parties to "file a joint status report indicating whether they stipulate to the appointment of Retired Immigration Judge King as the Special Master/Independent Monitor or, if not, they shall state any objections they may have to her appointment." *Id.* The parties state their positions below.

**PLAINTIFFS' POSITION**

Plaintiffs are prepared to stipulate to the appointment of Retired Immigration Judge Carol King as the Special Master/Independent Monitor. In the event Defendants object to the appointment of Retired Judge King, Plaintiffs have no objection to the appointment of Retired Immigration Judge King as the Special Master/Independent Monitor.

**DEFENDANTS' POSITION**

Defendants respectfully object to the appointment of former immigration judge ("IJ") Carol King as the *Flores* independent monitor. As an initial matter, while Defendants agree that former IJ King has significant experience with immigration law, Defendants object because former IJ King appears to have little or no direct experience with U.S. Customs and Border Protection ("CBP") or U.S. Immigration and Customs Enforcement ("ICE") holding and detention facilities

themselves, or more specifically with the conditions at such facilities, the management of such facilities, or the legal standards applicable to such facilities, which go beyond substantive immigration law.

Moreover, former IJ King has no demonstrated background in overseeing complex litigation or compliance with consent decrees. Immigration judges have limited powers delegated to them by regulation to decide individual cases, and only for matters designated to them under the Immigration and Nationality Act. 8 C.F.R. § 1003.10(b). This is very different from the substantial and complex task of overseeing the operations of multiple agencies as is required in the present matter. Given this lack of experience, Defendants disagree that former IJ King would have only a "minimal learning curve" in undertaking to serve as an independent monitor related to the issues in the Court's June 27, 2017 order.

Defendants also object to the appointment of former IJ King on the ground that she has published a writing to promote her law practice that gives the appearance of a very real and serious bias against the defendants. These sentiments, expressed publicly, at the very least create the appearance that former IJ King would not carry out her duties as special master with the type of impartiality that is required for a quasi-judicial role. These statements criticize a defendant in this matter – the Attorney General – and address policies relating to children subject to the *Flores* Agreement.

Specifically, on her law office web site, former IJ King states in the "Introduction to Carol King Law Office" that "[t]he current wave of attacks on immigrants [that] has clearly been manufactured . . . to sow division and grab power" includes "those who have been so viciously attacked . . . immigrant parents and young children." *Introduction to Carol King Law Office*, July 9, 2018, available at: https://carolkinglawoffice.com/2018/07/09/hello-world/. Former IJ King further states that "[t]he lack of any ethical, moral or compassionate compass reflected in the current administration is more disturbing than anything in recent history[,]" and that the "current actions on the part of the President, Attorney General and administration, which reflect only a commitment to power and to hatred, hurt me so deeply." *Id.*

To be sure, there is nothing improper about holding strong views on government policies, but public statements such as these are not consistent with performing the quasi-judicial function of a special master, where officers must meticulously avoid "[c]onduct that compromises or appears to compromise the independence, integrity, and impartiality of a judge" because it "undermines public confidence in the judiciary." ABA Model Rules of Judicial Conduct 1.2, Comment [3]; *see id*. Comment [5] ("[t]he test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge . . . engaged in other conduct that reflects adversely on the judge's . . . impartiality"). The published

criticism of a named defendant, and of government policies related to children who are subject to the *Flores* Agreement, as an introduction to her law practice do not, Defendants submit, meet this exacting standard. A reasonable person could question, in light of such statements, whether former IJ King will be impartial in evaluating compliance with this Court's orders for facilities that are currently operated by Defendants CBP and ICE, who are agencies of that same administration against which former IJ King has a clearly and publicly expressed bias. Defendants therefore object to the appointment of former IJ King as an independent monitor in this case.

DATED: September 10, 2018       Respectfully submitted,

/s/ *Peter A. Schey* (with permission)
PETER A. SCHEY
Center for Human Rights and Constitutional Law

*Attorney for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

COLIN A. KISOR
Deputy Director, District Court Section
Office of Immigration Litigation


WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2018, I served the foregoing pleading with attachments on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants