**DECLARATION OF SARAH B. FABIAN**

I, SARAH B. FABIAN, declare:

1. I am a Senior Litigation Counsel with the U.S. Department of Justice. I am counsel of record for the instant case. As such, I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2. On October 5, 2018, this Court issued its Order Appointing Special Master/Independent Monitor, ECF No. 494 ("Monitoring Order"), in this case. I was traveling on that date and did not have access to my computer. Therefore, I circulated the Monitoring Order to my clients on the following day, October 6, 2018. Because Monday October 8, 2018 was a federal holiday, I first spoke with my clients regarding the Monitoring Order on Tuesday October 9, 2018.

3. On October 12, 2018, I left a telephone message for counsel for Plaintiffs Peter Schey, but received no return call.

4. I also reached out to counsel for Plaintiffs Peter Schey, Carlos Holguin, and Holly Cooper, by email on October 12, 2018, and offered to discuss the subject of this Application. Mr. Holguin responded to my email by stating: "Please advise the Court that Plaintiffs oppose your ex parte application and request five business days following service of the ex parte application to present written arguments in support of their opposition."

5. By response email, I then asked Mr. Holguin if, given the effective date of October 17, 2018 for the Monitoring

|    |    |
|----|----|
| 1  | Order, Plaintiffs would be willing to agree that any |
| 2  | monitoring of the U.S. Department of Health and Human |
| 3  | Services, Office of Refugee Resettlement ("ORR") would not |
| 4  | begin until after the Court had the opportunity to decide |
| 5  | Defendants' Application. Mr. Holguin responded that |
| 6  | Plaintiffs believe that "there is little likelihood the |
| 7  | Court's order will have any operational impact on ORR |
| 8  | because it allows Plaintiffs a reasonable time to prepare |
| 9  | an opposition[;]" but that "[i]f, before the Court rules on |
| 10 | Defendants' ex parte application, the monitor advises that |
| 11 | she will commence specific activities that ORR deems |
| 12 | operationally burdensome, Plaintiffs will consider |
| 13 | supporting Defendants' request to postpone those activities |
| 14 | pending disposition of the ex parte application." |
| 15 | 6. In fact, the Monitoring Order would impose burdensome |
| 16 | obligations on ORR beginning on the effective date of the |
| 17 | agreement. *See* Monitoring Order at 15-16. Therefore, |
| 18 | Defendants oppose Plaintiffs' request for five business |
| 19 | days to respond to Defendants' Application because it would |
| 20 | preclude the Court from ruling on Defendants' application |
| 21 | prior to the effective date. If the Court is inclined to |
| 22 | grant Plaintiffs five business days to respond, Defendants |
| 23 | ask that the Court stay the effective date of the |
| 24 | Monitoring Order with regard to ORR until the Court has the |
| 25 | opportunity to rule on Defendant ORR's Application. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2018 at Arvada, CO.

                                                           /s/ Sarah B. Fabian
                                                           SARAH B. FABIAN