JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>    Plaintiffs,<br><br>       v.<br><br>JEFFERSON B. SESSIONS III,<br>Attorney General of the United States;<br>*et al.*,<br><br>    Defendants. | Case No. CV 85-4544<br><br>**Defendants' Reply in Support of Motion for Partial Reconsideration of Order Appointing Special Master/Independent Monitor;**<br><br>**[Hon. Dolly M. Gee]** |

## I.     INTRODUCTION

Defendant the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), hereby submits its reply in support of its motion for partial reconsideration ("Motion") of the Court's October 5, 2018 Order Appointing Special Master/Independent Monitor, ECF No. 494 ("Monitoring Order"). Plaintiffs' October 19, 2018 opposition  to Defendants' Motion ("Opposition") does not address the question at hand, which is whether the Court properly ordered that the Special Master/Independent Monitor ("Monitor") oversee ORR's compliance with the Court's July 30, 2018 order in issuing the Monitoring Order. Instead, Plaintiffs ignore the procedural posture of this case, submit new evidence in support of entirely new allegations of breach, and invite this Court to disregard the rules and the law that govern these proceedings. The Court should reject the invitation to make a legally incorrect and unfounded ruling.

At the time of the Court's Monitoring Order, the only evidence of ORR's non-compliance relied on by the Court was a single declaration regarding Shiloh Residential Treatment Center ("RTC") submitted in another case, to which ORR had no opportunity to respond. The fact remains that this evidence is insufficient to support the imposition of a Monitor under both the clear and convincing evidence standard for imposing a sanction, and the "exceptional conditions" provision of Federal Rule of Civil Procedure 53. Plaintiffs have provided no basis for the Court

to conclude that the Monitoring Order should be permitted to stand, particularly absent an opportunity to first report using a Juvenile Coordinator.

Plaintiffs' Opposition in fact provides all the more reason why the Court should permit ORR to appoint a Juvenile Coordinator responsible for overseeing ORR's compliance with the Agreement, and to permit that Juvenile Coordinator to assess the issues raised in the Monitoring Order, in addition to new evidence and new claims now being raised by Plaintiffs, many for the first time ever in this latest filing. If the Court proceeds with the appointment of the Monitor with regard to ORR, then the Court should limit the Monitor's oversight to the Shiloh RTC facility, and should not broaden the scope of the Monitor's oversight on the basis of Plaintiffs' brand new and procedurally improper allegations.  The Court should permit a Juvenile Coordinator to assess any new allegations.

## II.    ARGUMENT

Plaintiffs' Opposition does not respond to Defendants' Motion, but instead constitutes a procedurally-improper attempt to bring to the court new factual allegations and new claims that are not properly raised in this context.

First, Plaintiffs' make little to no attempt to respond to Defendants' arguments in support of reconsideration. Plaintiffs reject out of hand Defendants' contention that the imposition of the Monitor imposes a sanction on ORR, and assert that Defendants' attempts to distinguish the cases relied on by the Court

2

should fail. *See* Monitoring Order at 6 (citing Fed. R. Civ. P. 53(a); *Hook v. State of Ariz.*, 120 F.3d 921, 926 (9th Cir. 1997); *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 774–75 (9th Cir. 1990)). In support of these arguments, Plaintiffs rely heavily on the assertion that there is no difference between a consent decree and an injunction. Opposition at 18 n.8. This is incorrect.

In fact, the hallmark of interpretation for a consent decree such as the *Flores* Agreement is that in interpreting its terms the Court must apply ordinary contract principles and look to the intent of the parties in entering into the Agreement. *City of Las Vegas v. Clark County*, 755 F.2d 697, 702 (9th Cir. 1985) ("A consent decree, which has attributes of a contract and a judicial act, is construed with reference to ordinary contract principles."); *see also United States v. Asarco Inc.*, 430 F.3d 972, 980 (9th Cir. 2005) ("[C]ourts treat consent decrees as contracts for enforcement purposes."). In the *Flores* Agreement, the terms of the Agreement make clear that the parties agreed on how compliance with the Agreement should be monitored, *see, e.g.,* Agreement ¶¶ 32, 33, and how challenges asserting noncompliance should be raised. *See, e.g.,* Agreement ¶¶ 24, 37.

Plaintiffs point to several pieces of information that they wanted to obtain from Defendants but that Defendants did not provide because the Agreement did not entitle them to such information. *See, e.g.,* Opposition at 3-4. While Plaintiffs may wish they had negotiated additional monitoring terms for the Agreement, they

did not. The Agreement's plain terms make clear what the parties actually agreed to, and it is not what the Plaintiffs now demand.

The Court's Monitoring Order goes beyond these carefully-negotiated terms, and imposes, at Defendants' full expense, monitoring and procedures for raising challenges that are found nowhere in the Agreement. This would entirely circumvent the parties' agreed-upon limits on monitoring and would require ORR to provide the Monitor with significant data, information, and access to facilities that far exceed the bargain reached by the parties.

To suggest that such court-ordered external remedies that go far beyond the parties' terms are not a sanction against Defendants entirely ignores the applicable case law for interpreting a consent decree, which would require the Court to closely adhere to the parties' agreement. Moreover, these agreed-upon limitations give good reason to more carefully consider the application of the "exceptional conditions" provision of Rule 53. In a case such as this one, mere findings of "complexity" and "ongoing disputes" cannot and should not be considered sufficient "exceptional conditions" to warrant imposition of a monitor. Otherwise, a monitor would be appropriate in every large, complex case involving the United States Government, be it the Department of Health and Human Services or the Department of Education, Transportation, or the Treasury.

Second, Plaintiffs spend the majority of their Opposition seeking to introduce new evidence and raise new claims that they allege show continued non-compliance with the Agreement and with this Court's orders by ORR. As a procedural matter, this evidence has no bearing on whether the Court's Monitoring Order should be reconsidered because the Court plainly did not rely on this newly-submitted evidence and arguments in entering the Monitoring Order.

Plaintiffs' submission of this new evidence and new arguments also are a transparent attempt to manufacture "exceptional conditions" under Rule 53 where there has not yet been a fair or adequate opportunity for the parties to develop evidence sufficient to enable the Court to reliably determine whether such conditions exist. Even a quick review of the evidence that ORR has been able to compile in the past seven days shows that the factual accuracy of Plaintiffs' submission may be questionable.  For example, ORR has on file the consent of a parent for each child who claimed in a declaration that ORR lacks such consents for psychotropic medications. *See* Declaration of Marivic Fields, ¶¶ 8-10 and Exhibit 3, attached hereto. Likewise, ORR conducted a thorough review of case files for the 27 minors in ORR custody who were placed at Shiloh RTC as of July 30, 2018 to determine whether they should be transferred to a less restrictive facility or released to a sponsor in accordance with the Court's order. *Id.* ¶¶ 4-6.

Plaintiffs also raise a host of entirely new allegations that are predicated on hearsay, or even hearsay within hearsay. Those allegations are unmoored from admissible evidence. The Court should decline to consider them unless and until ORR is given a fair and adequate opportunity to fully investigate, lodge appropriate evidentiary objections, and respond.

In addition, the Court should not impose a Monitor until the Court can fully evaluate the admissible evidence submitted by all sides and determine if there is, in fact, clear and convincing evidence that ORR is in breach of the Agreement, or at a minimum, determine whether exceptional circumstances do actually exist that require external monitoring in accordance with Rule 53.

If the Court wishes to consider any of the new evidence or claims in order to determine whether exceptional circumstances exist that warrant the appointment of a Monitor, then the Court should construe Plaintiffs' filing as a new enforcement motion and should set a briefing schedule that allows Defendants sufficient time to respond to and investigate the numerous new claims raised. In the alternative, the Court should, at a minimum, permit ORR to appoint a Juvenile Coordinator, and allow the Juvenile Coordinator to evaluate Plaintiffs' latest claims for an initial period of one year and provide a full response to the Court.[1]

---

[1] Paragraph 30 of the agreement provides for annual reporting.  Defendants, in good faith, offer a quarterly reporting timeline just as was permitted for ICE and CBP in order to report on allegations raised by Plaintiffs.

Finally, if the Court proceeds with allowing the Monitor to oversee ORR, then the Court should make clear that any such monitoring is expressly limited to the allegations of noncompliance against Shiloh RTC contained in the declaration upon which the Court's Monitoring Order relies with regard to ORR.

## III.   CONCLUSION

For all of the above reasons, the Court should reconsider its Monitoring Order to exclude ORR from the scope of monitoring. If the Court wishes to address the new allegations and claims raised by Plaintiffs in their filing then the Court should construe Plaintiffs' filing as a new enforcement motion and should set a briefing schedule that allows ORR sufficient time to respond to the numerous new allegations raised and declarations filed. If the Court does not wish to allow for further briefing, then the Court should, at a minimum, permit ORR to conduct an initial year of internal monitoring by a Juvenile Coordinator, and should allow the Juvenile Coordinator to evaluate Plaintiffs' latest claims and provide a full report to the Court. Finally, if the Court proceeds with allowing the Monitor to oversee ORR, then the Court should make clear that any such monitoring is expressly limited to the allegations of noncompliance contained in the declaration upon which the Court's Monitoring Order relies with regard to ORR.

DATED:  October 26, 2018                Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General
                                        Civil Division

                                        WILLIAM C. PEACHEY
                                        Director, District Court Section
                                        Office of Immigration Litigation

                                        WILLIAM C. SILVIS
                                        Assistant Director, District Court Section
                                        Office of Immigration Litigation

                        BY:     /s/ Sarah B. Fabian
                                SARAH B. FABIAN
                                Senior Litigation Counsel
                                Office of Immigration Litigation
                                District Court Section
                                U.S. Department of Justice, Civil Division
                                P.O. Box 868, Ben Franklin Station
                                Washington, DC 20044
                                Tel:  (202) 532-4824
                                Fax:  (202) 305-7000
                                sarah.b.fabian@usdoj.gov

                                Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

DATED:  October 26, 2018          */s/ Sarah B. Fabian*
                                  SARAH B. FABIAN
                                  Senior Litigation Counsel
                                  District Court Section
                                  Office of Immigration Litigation
                                  Civil Division, U.S. Department of Justice

9