UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544 <br><br> District Judge Dolly M. Gee |

**DECLARATION OF MARIVIC FIELDS, SENIOR ADVISOR FOR CHILD WELL-BEING AND SAFETY OFFICE OF REFUGEE RESETTLEMENT, ADMINISTRATION FOR CHILDREN AND FAMILIES, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**

I, Marivic Fields, for my declaration pursuant to 28 U.S.C. § 1746, hereby state and depose as follows:

1. I am the Senior Advisor for Child Well-Being and Safety for the Office of Refugee Resettlement ("ORR"), a component of the Administration for Children and Families within the United States Department of Health and Human Services ("HHS"). I am submitting this declaration in order to describe the efforts that ORR has undertaken to comply with this Court's July 30, 2018 Enforcement Order in the above-referenced action ("July 30 Order") as it relates to the Shiloh Residential Treatment Center ("Shiloh" or

1

"Shiloh RTC") in Manvel, Texas. The following statements are based on my personal knowledge, information acquired by me in the course of performing my official duties, information contained in the records of HHS, and information supplied to me by current HHS employees. I am located in Washington, D.C.

2. I have held the position of Senior Advisor for Child Well-Being and Safety at ORR since October 10, 2016. In this position, I advise ORR leadership and program staff on child welfare issues, and provide feedback on various policies and procedures. I also provide consultation to ORR and care provider field staff on highly complex individual cases and assist with case management and decision-making on these cases.

3. I am trained as a licensed social worker with qualifications including a Master of Social Work ("MSW"), Licensed Master of Social Work ("LMSW"), and Board Certified Diplomate ("BCD"). I am also a Captain ("CAPT") in the U.S. Public Health Service ("USPHS"). I have 17 years of experience in the field of child welfare, including clinical experience while serving in the U.S. Army and working with members of the military, veterans and family members.

4. I was involved in ORR's efforts to comply with the July 30 Order. As part of that effort, I reviewed electronic records from the UAC Portal, an online database used by ORR and care providers, concerning each of the 27 unaccompanied alien children ("UAC") who were then in ORR legal custody and placed at Shiloh RTC.

5. Specifically, I reviewed the psychological or psychiatric reports for the UAC, which initially recommended RTC placements so that the UAC could receive intensive

mental health services in a more restrictive setting. I also reviewed Significant Incident Reports ("SIRs") which documented the behavior of some minors in previous less restrictive ORR placements. The SIRs indicated that the minors were a danger to themselves or others, and therefore a higher level of care was recommended for them. I likewise reviewed the progress notes prepared by Shiloh's psychiatrists. Those notes documented the minors' presenting mental health problems, their current level of functioning, psychotropic medications prescribed and the minors' response to such medications, and ongoing treatment recommendations. Finally, I reviewed UAC case review documentation in the UAC Portal, which details the latest information about the minors' cases including their mental health functioning.

6. Based on my record review, as well as discussions with the Federal Field Specialist (FFS)[1] who is assigned to Shiloh RTC and familiar with all the children in ORR's legal custody who are placed there, I made individualized recommendations to ORR leadership for each of the 27 UAC who were placed at Shiloh as of July 20, 2018. My recommendations addressed whether to transfer the UAC to a less restrictive setting or

---

[1] "ORR/FFS are ORR's field staff located regionally throughout the country and are assigned to a group of care providers within a region. They have the authority to approve all unaccompanied alien children transfer and release decisions; oversee care providers to ensure all services, policies, and procedures are properly provided and implemented; and serve as a liaison to local stakeholders, including other Federal agencies, local legal service providers, local communities, Child Advocates, etc. ORR/FFS also provide guidance, direction, and technical assistance to care providers." ORR Guide to Children Entering the United States Unaccompanied (ORR Guide), at Section 2.3.1 (available at https://www.acf.hhs.gov/orr/resource/children-entering-the-united-states-unaccompanied, last visited October 26, 2018).

reunify the UAC with a sponsor because they no longer posed a risk of harm to themselves or others. Fourteen (14) of these 27 minors have now been released to sponsors in the community, or transferred to a less restrictive setting.

7.     ORR has sought guidance from the Texas State Attorney General's office concerning the applicability of Texas state regulations, which require informed consent or a court order for the prescription of psychotropic medication to children in state-licensed residential facilities, when the children are in federal ORR legal custody and placed at Shiloh RTC.

8.     In the meantime, ORR has directed Shiloh RTC to comply with the terms of the July 30 Order and seek the informed consent of a parent or close relative for the administration of any psychotropic medication to a minor in ORR custody placed at the facility. *See* Ex. 1. ORR further advised Shiloh RTC that if such consent cannot be obtained and emergent conditions are not demonstrated, Shiloh RTC must obtain a Texas state court order. Finally, ORR clarified for Shiloh RTC that the facility must adhere to its usual policies and practices for the administration of psychotropic medication to minors who are placed in its facility. Those policies and procedures, which were last updated on August 15, 2018, are attached hereto at Ex. 2 (refer to Section 7.8.1.1.5 Informed Consent).

9.     Shiloh's medication policy states that the facility staff must inform parents or other medical consenters about changes in medications prescribed for the child, including starting a new medication or changing the dose of a current medication. Shiloh's policy is

4

to explain the following: benefits; risks; side effects; medical consequences of refusing the medication or recommendation for the medication; and contact information for the prescribing physician. *See id.*

10. Shiloh RTC has obtained consents from parents for each of the seven (7) minors who submitted Declarations in this litigation. Those consents, which are attached hereto at Ex. 3, include: (1) consent to placement at Shiloh RTC; (2) consent to medical care generally (including the dispensing of psychotropic medication); and (3) specific consent as to each psychotropic medication that is prescribed to each minor.

I, Marivic Fields, declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2018.

*[signature]* 26 Oct 2018

Marivic Fields