JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
     P.O. Box 868, Ben Franklin Station
     Washington, D.C. 20044
     Tel:  (202) 532-4824
     Fax:  (202) 305-7000
     Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br>    Plaintiffs, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General of the United States; *et al.*, <br><br>    Defendants. | Case No. CV 85-4544-DMG <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL RELATED TO OVERSIGHT BY SPECIAL MASTER/ INDEPENDENT MONITOR** |

On October 5, 2018, the Court entered an Order Appointing Special Master/Independent Monitor ("Monitoring Order"), ECF No. 494, in the above-captioned action, *Jenny Flores, et al., v. Jefferson B. Sessions III, et al.*, Case No. 2:85-cv-04544-DGM ("Litigation" or "Action"). The Monitoring Order provides:

> The Protective Order governing this litigation [Doc. # 270] shall continue to apply to all documents or information produced by Defendants pursuant to this Order. Any individual who assists the Monitor must agree to be bound by the terms of the Protective Order and execute the Acknowledgment of Protective Order for Discovery. The Monitor may, in her discretion, share documents or information produced by Defendants with Class Counsel to the extent it is in furtherance of the performance of her duties under this Order.

Monitoring Order at E.1.

The referenced protective order, ECF No. 270, protects only personally identifiable information exchanged during discovery related to Plaintiffs' May 19, 2016 Motion to Enforce. Because of the limited nature of that order, Plaintiffs and Defendants (collective, the "Parties"), along with the Special Master/Independent Monitor ("Monitor"), hereby ask the Court to enter an amended protective order that will expand the categories of protected materials, and allow for the sharing of information envisioned by the Court's Monitoring Order.

Specifically, during the period of oversight by the Monitor, in accordance with the Monitoring Order, Defendants may be required to provide the Monitor access to data, databases, documents, interviews, or other types of information, which may contain some or all of the following information, which is sensitive and confidential, and qualifies for protection under Federal Rule of Civil Procedure 26(c):

A. Personally identifiable information related to individuals currently or formerly in the custody of the United States Government, including information that is protected by the Privacy Act, 5 U.S.C. § 552a, or would

    be protected by the Privacy Act, if the subject of the information had been a U.S. citizen, or a person lawfully admitted for permanent residence, as well as the names, telephone and fax numbers, and electronic mail addresses of federal government employees;

B. Information contained in or pertaining to applications for asylum, withholding of removal, or protection under the Convention Against Torture, which are subject to disclosure conditions under 8 C.F.R. §§ 208.16, 208.17, 1003.27(c), 1208.6(a), 1208.16, and 1208.17.

C. Information covered by various statutory and regulatory confidentiality provisions, which may limit their disclosure in this action (including but not limited to 8 U.S.C. § 1304(b), 1160, 1202, and 1255a(c)(4), (5); 1104(c)(5) of the LIFE Act of 2000, Pub. Law 106-553 (December 21, 2000); 8 C.F.R. 210.2(e), 214.11(e), 216.5(e)(3)(viii), 236.6, 245a.21, 1003.27(b)-(d), 1003.46.

D. Any sensitive, but unclassified, information to include records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations, which contains information that is law enforcement sensitive and may be designated as limited official use or for official use only information, for instance, information that may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(7)(E), and is not subject to law enforcement privilege or other restrictions on disclosure.

Such materials are sensitive and confidential and are protected from disclosure to the public.  They may also reasonably, in good faith, be protected from disclosure to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure.

    In consideration of the above, the Parties and the Monitor desire to enter into this stipulation to enable Defendants to provide such information to the Monitor, and to allow the Monitor to share such information with Plaintiffs "in her discretion . . . to the extent it is in furtherance of the performance of her duties under [the Monitoring Order]" Monitoring Order at E.1, while at the same time protecting

against the unauthorized disclosure of confidential documents and information. The Parties believe good cause exists for approving the stipulation because it seeks to protect against injury caused by the dissemination of protected materials.

DATED: October 29, 2018         /s/ Andrea Sheridan Ordin (with permission)
                                ANDREA SHERIDAN ORDIN
                                Special Master/Independent Monitor


DATED: October 29, 2018         /s/ Peter A. Schey (with permission)
                                PETER A. SCHEY
                                Center for Human Rights and Constitutional Law

                                *Attorney for Plaintiffs*

DATED: October 29, 2018         JOSEPH H. HUNT
                                Assistant Attorney General
                                Civil Division
                                WILLIAM C. PEACHEY
                                Director, District Court Section
                                Office of Immigration Litigation
                                WILLIAM C. SILVIS
                                Assistant Director, District Court Section
                                Office of Immigration Litigation

                                /s/ Sarah B. Fabian
                                SARAH B. FABIAN
                                Senior Litigation Counsel
                                Office of Immigration Litigation
                                District Court Section
                                P.O. Box 868, Ben Franklin Station
                                Washington, D.C. 20044
                                Tel: (202) 532-4824
                                Fax: (202) 305-7000
                                Email: sarah.b.fabian@usdoj.gov

                                *Attorneys for Defendants*