**[PROPOSED] PROTECTIVE ORDER FOR MATERIALS PRODUCED UNDER THE OCTOBER 5, 2018 ORDER APPOINTING SPECIAL MASTER/INDEPENDENT MONITOR**

1.      This Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall govern all information disclosed or produced by Defendants to the Monitor in performance of her duties under the Court's October 5, 2018 Monitoring Order, including any information the Monitor subsequently shares with Plaintiffs "in her discretion . . . to the extent it is in furtherance of the performance of her duties under [the Monitoring Order]." Monitoring Order at E.1.

2.      Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes Defendants to produce to the Monitor personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, or would be or would be protected by the Privacy Act, if the subject of the information had been a U.S. citizen, or a person lawfully admitted for permanent residence, and without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a Court order, this Order constitutes such a Court Order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this protective order) by other applicable privileges, statutes, regulations or authorities by which Defendants may be bound.

3.     As used in this Protective Order, the term "Confidential Information"

includes the following:

    A. Personally identifiable information related to individuals currently or formerly in the custody of the United States Government, including information that is protected by the Privacy Act, 5 U.S.C. § 552a, or would be protected by the Privacy Act, if the subject of the information had been a U.S. citizen, or a person lawfully admitted for permanent residence, as well as the names, telephone and fax numbers, and electronic mail addresses of federal government employees;[1]

    B. Information contained in or pertaining to applications for asylum, withholding of removal, or protection under the Convention Against Torture, which are subject to disclosure conditions under 8 C.F.R. §§ 208.16, 208.17, 1003.27(c), 1208.6(a), 1208.16, and 1208.17.

    C. Information covered by various statutory and regulatory confidentiality provisions, which may limit their disclosure in this action (including but not limited to 8 U.S.C. § 1304(b), 1160, 1202, and 1255a(c)(4), (5); 1104(c)(5) of the LIFE Act of 2000, Pub. Law 106-553 (December 21, 2000); 8 C.F.R. 210.2(e), 214.11(e), 216.5(e)(3)(viii), 236.6, 245a.21, 1003.27(b)-(d), 1003.46.

    D. Any sensitive, but unclassified, information to include records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations, which contains information that is law enforcement sensitive and may be designated as limited official use or for official use only information, for instance, information that may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(7)(E), and is not subject to law enforcement privilege or other restrictions on disclosure.

[1] Information may be personally identifiable even if usual identifying information (such as full name, date of birth, identifying number, address, or biometric data) is redacted. If the information can be used to identify the individual it should be considered individually identifiable – for example, height, weight and location may be grouped together to identify an individual; or location of custody in addition to dates of custody and initials may be sufficient to identify an individual.

4.     If Defendants determine that information not described in paragraph 3 should be designated "Confidential Information," the Defendants shall negotiate the appropriateness of that designation with the Monitor and Plaintiffs in good faith, and endeavor to resolve any dispute prior to the production of that information.

5.     "Confidential Information" may be designated by Defendants in one or more of the following ways:

    (a) Any and all confidential information contained in documents, data, or other written information produced by Defendants to the Monitor shall be designated "Confidential Information" by inserting the word "Confidential" in a conspicuous place on any such written materials.

    (b) "Confidential Information" contained in any statement made during an interview with the Monitor may be designated as "Confidential" by so stating during the course of the interview.

6.     Information designated as "Confidential Information," including the portion of any document containing "Confidential Information," may be disclosed only to the following Qualified Persons:

    (a) The Monitor, and anyone whose services the Monitor employs to assist her in carrying out her duties in accordance with paragraph C.1 of the Monitoring Order;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b) Defendants' Counsel in this action and any support staff and other employees of such counsel or Defendants assisting in this action with an appropriate need to know;

(c) Plaintiffs' Counsel in this action where deemed necessary by the Monitor "in her discretion . . . in furtherance of the performance of her duties under [the Monitoring Order]." Monitoring Order at E.1. Plaintiffs' counsel may likewise share any information shared by the Monitor for these purposes with any support staff and other employees of such counsel assisting in this action with an appropriate need to know.  If any Plaintiffs' Counsel cease to represent plaintiffs or class members in this action for any reason, such counsel shall no longer have access or be authorized to receive any "Confidential Information";

(d) The Court and its personnel, including court reporters.

7.      All persons other than the Monitor and Plaintiffs' Counsel identified in subparagraphs 6(a) or 6(c) to whom "Confidential Information" is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A. This requirement does not apply to the disclosure of "Confidential Information" to the Court and its personnel, including court reporters.

8.      Nothing in this Protective Order shall limit or in any way restrict

Defendants from using or disclosing Confidential Information for any official purpose, including sharing within the Department of Homeland Security. Further, nothing in this Protective Order shall restrict Defendants from performing statutorily authorized functions as they pertain to class members, and they may not be held liable for fully executing such authority in ordinary course, notwithstanding this Protective Order.

9.    All information labeled "Confidential Information" shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation to said Qualified Persons.

10.    All persons listed in paragraph 6 to whom "Confidential Information" is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 6, any information designated as "Confidential Information," except as provided in this Protective Order.

11.    In the event that the Monitor wishes to use any "Confidential Information" produced or provided under this Protective Order in conjunction with any reports or filings made with the Court in accordance with the Monitoring Order, the Monitor will work with Defendants to seek to file any Confidential Information under seal in accordance with Local Rule 79-5. In the event that Plaintiffs wish to use any "Confidential Information" that the Monitor may provide them under this Protective Order in any motion or other filing with the Court, such filing will be made in accordance with Local Rule 79-5.

12.     If the Monitor or counsel for any party is required by law or court order to disclose, disseminate, or transmit "Confidential Information" produced under this Protective Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for Defendants no less than 14 days prior to disclosure/dissemination/transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary.  If a protective order is sought, there shall be no disclosure until this matter has been resolved unless disclosure, dissemination, or transmission is required by law or court order.  Any person, entity or organization who receives "Confidential Information" shall be provided with a photocopy of the Protective Order and shall abide by all terms and conditions set forth herein unless otherwise permitted by Court Order.

13.     Except as provided in this paragraph or elsewhere in this Protective Order, all "Confidential Information" produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of allowing the Monitor to fulfill her duties under the Court's October 5, 2018 Monitoring Order, and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order.

14.     The limitations and restrictions on "Confidential Information" in this Protective Order shall not apply with respect to information obtained through a source other than through disclosure in accordance with this Protective Order.

15.     The Parties and the Monitor shall maintain "Confidential Information" as follows:

(a) The Monitor, Plaintiffs and anyone else to whom "Confidential Information" has been disclosed under this Protective Order, shall maintain "Confidential Information" pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to "Confidential Information" disclosed to and maintained by the Court and its personnel, including court reporters).

(b) Within ten (10) days after the completion of the Initial Term—or if the Term is extended the final Extended Term—of the Monitor's appointment, all "Confidential Information" and copies thereof in the possession of Plaintiffs, the Monitor, or anyone whose services the Monitor employs to assist her in carrying out her duties in accordance with paragraph C.1 of the Monitoring Order, shall be returned to the Defendants or destroyed, except as this Court may otherwise order. If destroyed, Plaintiffs and the Monitor shall certify in writing to Defendants that such information has been destroyed.

(c) Notwithstanding subparagraph 15(b), counsel of record may maintain a complete set of case materials for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of 8 years after

resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of any Confidential Information, as set forth in this Protective Order.

16.     If Defendants inadvertently fail to designate material as "Confidential Information" at the time of production to the Monitor, Defendants shall take reasonable steps to notify the Monitor of its failure within five business days of discovery. Defendants shall promptly supply the Monitor with new copies of any documents bearing corrected confidentiality designations, and the Monitor shall return or destroy the original materials, and confirm in writing to Defendants that such information has been destroyed. If the Monitor has provided any materials covered by this paragraph to Plaintiffs, the Monitor will provide Plaintiffs with the new copies of the documents bearing corrected confidentiality designations, and the Monitor will ask Plaintiffs to return or destroy the original materials, and will direct Plaintiffs to certify in writing to Defendants that such information has been destroyed.

17.     Under Federal Rule of Evidence 502, inadvertent disclosure of any document or information to the Monitor during the Initial Term or any Extended Terms shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from disclosure, and Defendants shall not be held to have waived any rights by such inadvertent disclosure.  Except in the event that the Monitor disputes the claim, any documents Defendants deem to have been

inadvertently disclosed shall be, within five (5) business days, returned or destroyed, and the Monitor shall provide confirmation in writing that all such disclosed information has been returned or destroyed. If a claim is disputed, the Monitor and the parties shall follow the procedures outlined in the Federal and Local Rules of Civil Procedure and the Court's standing orders. Further, any document or information so produced or disclosed, and subject to any subsequent claim of privilege, work-product or any other protection, including protection under this Protective Order, shall not be introduced into evidence in this or any other proceeding by any person without either: (1) the consent of Defendants; or (2) order of the Court. Nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was produced in this proceeding.

18.     Nothing in this Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Protective Order affect the right of Defendants to seek additional protection against the disclosure of any information, documents or materials.

19.     Nothing in this Protective Order shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.

20.     Nothing in this Protective Order shall prevent disclosure of otherwise-protected "Confidential Information" if the person to whom the "Confidential Information" pertains, and counsel for all Parties consents to such

disclosure in writing, or if the Court, after notice to the Parties, orders such disclosure. Disclosure shall be limited to the extent to which it is authorized by such party or a court order.

21.     The Parties and the Monitor may modify this Protective Order through a written agreement signed by counsel for all parties and the Monitor. In the event that all parties or the Monitor do not agree to a proposed modification, each party or the Monitor may seek leave of the Court to modify this Protective Order.

22.     This Protective Order shall be binding upon any present or future party to the *Flores et al. v. Lynch, et al.,* No. 85-4544- DMG (C.D. Cal.), litigation as it relates to the production of information as a result of the Court's Monitoring Order governed by this Order.

23.     The terms of this Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Protective Order.

IT IS SO ORDERED.

DATED:

_____
THE HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER FOR DISCOVERY**

I, _____, am aware of the litigation in *Flores, et al., v. Lynch, et al.*, No. CV 85-4544-DMG  (C.D. Cal.) in the capacity of _____.  I do solemnly swear or aver that I am fully familiar with the terms of the Protective Order in the above referenced matter, and hereby agree to comply with and be bound by its terms and conditions unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court").

I also acknowledge that I have reviewed the provisions of the Protective Order governing "Confidential Information", and understand that this information may be disclosed to me.  I understand that such information shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with paragraph 6 of the Protective Order.

**For these reasons, I specifically acknowledge, consent and agree to the disclosure requirements, limits and restrictions of the Protective Order** and hereby consent to the jurisdiction of the Court for purposes of enforcing this order.

Executed this _____day of ____ at_____.

Signature: _____