CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
PETER A. SCHEY (Cal. Bar No. 58232)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org
        pschey@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020


*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>           Plaintiffs,<br><br>    v.<br><br>MATTHEW G. WHITAKER, *et al.*,<br><br>           Defendants. | Case No. CV 85-4544-DMG (AGRx)<br><br>REPLY TO OPPOSITION TO MOTION TO ENFORCE SETTLEMENT, FOR PERMANENT INJUNCTION AND FOR ADJUDICATION OF CIVIL CONTEMPT<br><br>Hearing:  November 30, 2018<br>Time:      9:30 a.m.<br>Room:    1st St. Courthouse<br>            Courtroom 8C |

*Counsel for Plaintiffs, continued*

LEECIA WELCH (CAL. BAR NO. 208741)
NEHA DESAI (CAL. RLSA BAR NO. 803161)
CRYSTAL ADAMS (CAL. BAR NO. 308638)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
          ndesai@youthlaw.org
          cadams@youthlaw.org

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (Cal. Bar No. 164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
          ccwhite@ucdavis.edu

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone:  (408) 280-2417
Facsimile:    (408) 288-8850
Email: jenniferk@lawfoundation.org
  kate.manning@lawfoundation.org
  annettek@lawfoundation.org

REPLY TO OPPOSITION TO MOTION TO ENFORCE
SETTLEMENT, ETC.
CV 85-4544-DMG (AGRx)

1    *Of counsel:*

2
     YOUTH LAW CENTER
3    Virginia Corrigan (Cal. Bar No. 292035)

4    832 Folsom Street, Suite 700
             San Francisco, CA 94104
5            Telephone: (415) 543-3379

6

7        / / /

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   I.    INTRODUCTION

2          This Court should order Defendants to continue complying with the Settlement

3   notwithstanding their Proposed Rule and any final rule derived therefrom. Defendants

4   nowhere deny that their Proposed Rule is materially inconsistent with the Settlement,

5   nor do they dispute that the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

6   ("APA") precludes them from adopting a final rule that is not substantially the same

7   as the Proposed Rule.

8          Defendants do not dispute that they have publicly denounced the Settlement

9   repeatedly and vociferously as an impediment to border control; they likewise fail to

10  answer Plaintiffs' showing that the Proposed Rule's *raison d'être* is to permit

11  Defendants to do what this Court and the Ninth Circuit have repeatedly ruled they

12  may not: namely, detain children indefinitely in secure, unlicensed facilities.

13         Nor do Defendants deny that despite repeated entreaties, they even failed to

14  commit to observing the 45-day waiting period Paragraph 40 of the Settlement

15  requires before implementing a final rule and declaring the Settlement terminated.[1]

16         Finally, apart from a boilerplate discussion of ripeness, Defendants fail to

17  contest Plaintiffs' showing that this Court may enjoin an anticipatory breach of the

18  Settlement. Nowhere do Defendants refute Plaintiffs' showing that their Proposed

19  Rule constitutes an actionable anticipatory breach.

20

21  ─────────────────

    [1] On November 6, 2018, Defendants asked Plaintiffs to agree to continuing the
22  motion until December 21, 2018. Email between Sarah Fabian and Carlos Holguín,
23  Nov. 6, 2018, Attachment A.

24  Plaintiffs replied they would not object to the requested continuance so long as
25  Defendants assured they would not implement a final regulation based on the
    Proposed Rule for at least 45 days following publication of the final rule, or until
26  after the Court rules on the present motion to enforce, whichever should occur later.
27  *Id.*

28  Defendants never responded to Plaintiffs' proposal and filed their opposition instead.

MEMORANDUM IN SUPPORT OF MOTION FOR
**PERMANENT INJUNCTION, ETC.**
CV 85-4544-DMG (AGRx)

Defendants nevertheless urge the Court to postpone the inevitable: that is, to delay declaring their Proposed Rule inconsistent with the Settlement—which it plainly is—and to delay enjoining Defendants against implementing final regulations that violate the Settlement. That, however, is a recipe for superfluous confusion and certain irreparable injury to class members. The Court is clearly empowered to enjoin Defendants' anticipatory breach, and it should do so on the instant motion.

II.    THE COURT SHOULD ENJOIN DEFENDANTS AGAINST IMPLEMENTING REGULATIONS THAT ARE INCONSISTENT WITH THE SETTLEMENT.

In the main, Defendants oppose the instant motion on the theory it improperly seeks to "impede" their rulemaking prerogatives. Defs.' Opp. at 2, (Doc. #521) ("Opp."). It does not.

First, Defendants *agreed* to exercise their rulemaking authority in conformance with the Settlement. The Court's enforcing that agreement hardly infringes on Defendants' lawful prerogatives. *See, e.g., Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1128-29 (D.C. Cir. 1983) ("the requirements imposed by the [consent] Decree do not represent judicial intrusion into the Agency's affairs to the same extent they would if the Decree were 'a creature of judicial cloth.'").[2]

Second, nothing requires the Court to delay ruling on whether Defendants' Proposed Rule discharges their duties under the Settlement.

In *Ferrell v. Pierce*, 560 F.Supp. 1344 (D. Ill. 1983), *aff'd*, 743 F.2d 454 (7th Cir. 1984), the district court disapproved *proposed* regulations of the Department of Housing and Urban Development ("HUD") because they failed to comport with a binding settlement. *Id.* at 1361. The court found HUD's failure to address conflicts between its proposed rule and the settlement an "anomalous or even ominous

---

[2] Much the same answers Defendants' argument that the Court's enforcing the Settlement's rulemaking clauses somehow violates sovereign immunity and separation of powers. Opp. at 8 n.4. Even were those defenses valid, Defendants waived them when they voluntarily entered into the Settlement.

REPLY TO OPPOSITION TO MOTION TO ENFORCE SETTLEMENT, ETC.
CV 85-4544-DMG (AGRx)

omission." *Id*.[3] The court cited HUD's "past conduct" as evidence it would excercise the discretion the proposed rule conferred to violate the settlement. *Id*. at 1365. The court accordingly enjoined HUD against implementing its proposed regulations. *Id*. at 1372.

Here, Plaintiffs seek to enforce the plain terms of the Settlement. The Settlement is a contract which Congress has twice preserved.[4] The agreement remains binding until Defendants incorporate children's substantive Settlement rights into federal regulations. Those regulations may "not be inconsistent" with and must "implement" the Settlement. Settlement ¶ 9; Stipulation Extending Settlement Agreement (Dec. 7, 2001).

Defendants are therefore obligated to conform their rulemaking as agreed, yet their Proposed Rule manifests a resolve to do anything but implement the Settlement. Their opposition to the present motion, therefore, proposes the Court stay its hand on a hope and a wish that Defendants' final regulations might actually implement the Settlement, rather than carry out Defendants' determination to abrogate it. Given the explicit purpose of Defendants' rulemaking and their many statements excoriating the Settlement as an impediment to border control, accepting Defendants' position demands a copious measure of credulity. Nor, given Defendants' many prior breaches

---

[3] In *Ferrell* HUD affirmatively moved the court to modify the settlement to conform to its proposed rule. That Defendants here have elected to march unilaterally toward completing their anticipatory breach is even more "anomalous or even ominous" than was HUD's approach in *Ferrell*. 560 F.Supp. at 1361.

[4] *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 ("HSA"), Trafficking Victims Protection Reauthorization Act, Pub L. No. 110-457, 122 Stat. 5044, *codified in pertinent part at* 8 U.S.C. § 1232 ("TVPRA").

Defendants acknowledge that the HSA savings clause, 6 U.S.C. § 552(a), and its incorporation in the TVPRA, 8 U.S.C. § 1232(b)(1), maintained the Settlement in effect as a consent decree. *Flores v. Sessions*, 862 F.3d 863, 871 n.7 (9th Cir. 2017).

REPLY TO OPPOSITION TO MOTION TO ENFORCE
SETTLEMENT, ETC.
CV 85-4544-DMG (AGRx)

1  of the Settlement, is this action a tabula rasa permitting doubt over whether

2  Defendants' Proposed Rule will in fact spawn inconsistent final regulations.

3      As the Court knows, since 2014 Defendants have repeatedly violated both of

4  the Settlement's fundamental requirements: (i) that they release children to reputable

5  custodians without unnecessary delay; and (ii) that for howsoever long Defendants do

6  detain children, they place them in facilities holding a state license to care for

7  dependent, as opposed to delinquent, children.

8      This Court and the Ninth Circuit have just as repeatedly rejected Defendants'

9  arguments for violating these requirements. Order Re: Plaintiffs' Motion to Enforce

10  Settlement (July 24, 2015) (Doc. #177); Order Re: Response to Order to Show Cause

11  (August 21, 2015) (Doc. #189); *aff'd in relevant part*, *Flores v. Lynch*, 828 F.3d 898

12  (9th Cir. 2016); Order Granting Motion to Enforce (Jan. 20, 2017) (Doc. #318), *aff'd*,

13  *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017); Order Denying Ex Parte Application

14  for Limited Relief from Settlement Agreement (July 9, 2018) (Doc. #455); Order Re:

15  Plaintiffs' Motion to Enforce (July 30, 2018) (Doc. #470). Defendants nevertheless

16  continue to insist, without evidence, that they must jettison the Settlement for the

17  greater cause of border control, this time by dint of rulemaking that itself breaches the

18  Settlement. As in *Ferrell,* Defendants must own their past conduct.

19      In any event, Plaintiffs here ask the Court to enjoin Defendants' *implementing*

20  regulations that violate the Settlement, not their rulemaking itself. *See* [Proposed]

21  Order Enforcing Settlement, etc. (Nov. 2, 2018) (Doc. #516-1), at 1 (proposing that

22  Defendants be "enjoined against *implementing* the Proposed Rule or its material

23  equivalent." (emphasis added)). So long as Defendants continue to abide by the

24  Settlement, inconsistent regulations are beside the point.[5]

25

26

---

27  [5] For years, Defendants have had regulations on the books that conflict with the

28  Settlement. *See* 8 C.F.R. § 236.3 (2018) (restricting release to unrelated adults to "unusual and compelling circumstances" and allowing placement of children "in any

4

1        But that is clearly not what Defendants have in mind. Their rulemaking instead

2  aims expressly to abrogate class members' Settlement rights and, indeed, repudiate

3  the agreement in its entirety. There is no reasonable doubt that Defendants are

4  determined to violate the Settlement in the very ways this Court and the Ninth Circuit

5  have repeatedly ruled they may not.[6]

6        If, contrary to their declared purpose, Defendants were to continue adhering to

7  the Settlement despite having adopted inconsistent regulations, the Court's enjoining

8  implementation of those regulations could do them no harm. *Melendres v. Arpaio*,

9  695 F.3d 990, 1002 (9th Cir. 2012) ("The Defendants cannot be harmed by an order

10  enjoining an action they will not take."). But Defendants are in no position to

11  complain if they are taken at their word: they have promised they will violate the

12  Settlement under the aegis of inconsistent regulations, and there is nothing

13  precipitous about the Court's enjoining them against doing so.

14

15

---

16  Service detention facility having separate accommodations for juveniles" without

17  regard to licensing).

18  Defendants have never contended that these regulations trump the Settlement; they

19  clearly do not. *See* Settlement ¶ 9 ("This Agreement sets out nationwide policy for

20  the detention, release, and treatment of minors in the custody of the INS and shall
  supersede all previous INS policies that are inconsistent with the terms of this

21  Agreement.").

22  [6] Moreover, as Plaintiffs established in their opening brief, at this point Defendants'

23  reconciling a final rule with the Settlement would run afoul of the APA's limitations
  on a final rule's diverging fundamentally from its proposed version. *See*

24  Memorandum in Support of Motion to Enforce Settlement, etc. (Nov. 21, 2018) (Doc.

25  #516) at 17-18 (citing *Envtl. Def. Ctr. v. U.S. Envtl. Protection Agency*, 344 F.3d 832,
  851 (9th Cir. 2003)).

26

27  Defendants' conforming their final rule to the Settlement—which they have no intent
  of doing anyway—would require contorting the Proposed Rule far more than what

28  the APA would allow.

III.     AN ANTICIPATORY BREACH IS RIPE FOR JUDICIAL REVIEW.

Defendants do not contest Plaintiffs' showing that the Proposed Rule in an actionable anticipatory breach. Instead, they argue that Plaintiffs' challenge is not ripe until Defendants publish a final rule. Defendants ignore that the Settlement is a contract which the Court may enforce pursuant to standard contract law, including that of anticipatory breach.

By its very nature, an "anticipatory breach satisfies prudential ripeness . . ." *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 632 (D.C. Cir.), *cert. denied*, _ U.S. _, 138 S. Ct. 978 (2018) (citing *Sys. Council EM-3 v. AT&T Corp.*, 159 F.3d 1376, 1383 (D.C. Cir. 1998). "In other words, anticipatory breach is 'a doctrine of accelerated ripeness' because it 'gives the plaintiff the option to have the law treat the promise to breach [or the act rendering performance impossible] as a breach itself.'" *Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.,* 594 F.3d 285, 294 (4th Cir. 2010) (*citing Franconia Assocs. v. United States*, 536 U.S. 129, 143 (2002)).

Plaintiffs' right to sue for anticipatory breach, therefore, does not hinge on Defendants' completing their breach. Plaintiffs need only show that Defendants intend to repudiate the Settlement. Defendants' Proposed Rule, public statements, and past conduct leave no doubt that they do. Defendants' failure to contest Plaintiffs' showing that they are in anticipatory breach— likely because they have no plausible rebuttal to offer—waives opposition. Defendants' authorities are plainly not to the contrary.[7]

---

[7] None of the authorities Defendants cite involves a settlement: that is, a contract that that may be enforced against anticipatory breach. *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726 (1998) (challenge to federal land and resource management plan unconstrained by settlement or consent decree); *Nevada v. Dep't of Energy*, 457 F.3d 78 (D.C. Cir. 2005) (no settlement at issue; APA challenge to environmental impact statement); *Am. Portland Cement All. v. E.P.A.*, 101 F.3d 772

1       There is no impediment to this Court's adjudicating Defendants in anticipatory

2  breach, and it should do so.[8]

3

4

5

6

7

8

9

10

11

12

13
_____

14  (D.C. Cir. 1996) (same; challenge to EPA determination against regulating cement

15  kiln dust as hazardous waste; ).

16  In *West Virginia v. EPA (In re Murray Energy Corp.)*, 788 F.3d 330 (D.C. Cir. 2015),

17  the petitioners did not seek to enforce a settlement, but rather *attacked* an existing

18  agreement between the EPA and several unrelated parties "hop[ing] to obtain a

backdoor ruling from the Court that EPA lacks legal authority . . . to regulate carbon

19  dioxide emissions from existing power plants." *Id*. at 336. The settlement, however,

20  "did not obligate EPA to issue a final rule restricting carbon dioxide emissions from

existing power plants. It simply set a timeline for EPA to decide *whether* to do so."

21  *Id*. (emphasis in original).

22  Here, of course, the Settlement does substantively constrain Defendants' rulemaking;

23  Plaintiffs are parties to the agreement, and as such, are entitled to enforce it against

anticipatory breach.

24
[8] Should it be disposed to defer enjoining Defendants against implementing
25  inconsistent regulations until after publication of a final rule, Plaintiffs respectfully

26  suggest the Court hold the instant motion in abeyance and order the parties to submit

simultaneously and within one week of publication supplemental briefs discussing

27  whether Defendants' final rule cures their anticipatory breach. The motion could

28  thereafter stand submitted.

IV.    CONCLUSION.

    For the foregoing reasons, the Court should grant this motion and enter an order as Plaintiffs propose.

Dated: November 16, 2018

CARLOS R. HOLGUÍN,
PETER A. SCHEY
Center for Human Rights &
Constitutional Law

LEECIA WELCH
NEHA DESAI
National Center for Youth Law

HOLLY S. COOPER
CARTER WHITE
U.C. Davis School of Law

ELENA GARCIA
Orrick, Herrington & Sutcliffe, LLP

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
THE LAW FOUNDATION OF SILICON
VALLEY

*Of counsel:*
YOUTH LAW CENTER
Virginia Corrigan (Cal. Bar No. 292035)


    *Carlos Holguín*
    _____
    Carlos Holguín


    *Holly S. Cooper*
    _____
    Holly S. Cooper

REPLY TO OPPOSITION TO MOTION TO ENFORCE
SETTLEMENT, ETC.
CV 85-4544-DMG (AGRx)

Attachment A

From: **Carlos Holguín** crholguin@centerforhumanrights.org
Subject: Re: Flores Motion - Request for Extension
Date: November 6, 2018 at 1:15 PM
To: Fabian, Sarah B (CIV) Sarah.B.Fabian@usdoj.gov
Cc: Holly S Cooper hscooper@ucdavis.edu, Peter Schey pschey@centerforhumanrights.org, Flentje, August (CIV) August.Flentje@usdoj.gov



Dear Sarah,

Plaintiffs have no objection to your requested extension *provided* Defendants agree they will not implement a final regulation based on the Proposed Rule for at least 45 days following publication of the final rule, or else the Court's disposition of the motion to enforce, etc., whichever should occur later.

—
Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.309 (v)
(213) 290-1642 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.

On Nov 6, 2018, at 12:55 PM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Peter, Carlos, and Holly:

The government requires additional time to respond to your latest motion, and intends to seek an extension of the hearing date to allow for additional response time. We would like to ask to extend the hearing date to December 21. Please let me know asap if Plaintiffs will agree to our requested extension.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
Department of Justice
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824