CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
          crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | Case CV 85-4544 DMG-AGRx |
| Plaintiffs, | NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; MEMORANDUM IN SUPPORT OF MOTION |
| - vs - | |
| WILLIAM BARR, ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, | Hearing June 28, 2019 9:30 AM |
| Defendants. | [HON. DOLLY M. GEE] |

i

1  Plaintif*fs' counsel, continued:*

2
   LA RAZA CENTRO LEGAL, INC.
3  Michael S. Sorgen (Cal. Bar No. 43107)
   474 Valencia Street, #295
4  San Francisco, CA 94103
   Telephone: (415) 575-3500

5
   THE LAW FOUNDATION OF SILICON VALLEY
6  LEGAL ADVOCATES FOR CHILDREN AND YOUTH
7  Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
   Katherine H. Manning (Cal. Bar No. 229233)
8  Annette Kirkham (Cal. Bar No. 217958)
   4 North Second Street, Suite 1300
9  San Jose, CA 95113
10 Telephone:   (408) 280-2437
   Facsimile:    (408) 288-8850
11 Email: jenniferk@lawfoundation.org
12  kate.manning@lawfoundation.org
    annettek@lawfoundation.org
13
14 *Of counsel:*

15 YOUTH LAW CENTER
   Virginia Corrigan (Cal. Bar No. 292035)
16 832 Folsom Street, Suite 700
17 San Francisco, CA 94104
   Telephone: (415) 543-3379
18
   / / /
19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION

To Defendants and their Attorneys of Record:

Plaintiffs hereby give notice that on June 28, 2019, at 9:30 AM, or as soon thereafter as the matter may be heard, they will and hereby do move the Court for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), for work performed opposing Defendants' *Ex Parte* Application for Limited Relief from the Settlement Agreement, resolved by this Court's Order Denying Defendants' *Ex Parte* Application for Limited Relief from Settlement Agreement [Dkt. # 455]. Plaintiffs allege (1) they are the prevailing party; (2) the position of Defendants, both before and throughout this litigation, was without substantial justification; and (3) no special circumstances make an award of fees unjust.

This application is based on the annexed Memorandum of Points and Authorities, the exhibits filed concurrently herewith, and the record of proceedings herein.

Dated: May 28, 2019.                    Respectfully submitted,

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND
YOUTH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jennifer Kelleher Cloyd
Katherine H. Manning
Annette Kirkham

*Of counsel:*

YOUTH LAW CENTER
Virginia Corrigan

<u>/s/Peter Schey</u>

*/ / /*

TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................... 1

II.    PLAINTIFFS QUALIFY FOR AN AWARD OF EAJA FEES AND
       COSTS. ......................................................................................... 2

A      Plaintiffs are prevailing parties. .................................................. 2

B      Plaintiffs' net worth is far less than $2,000,000. ........................ 3

C      EAJA fees may be awarded for work to protect a consent decree. ............... 4

D      Defendants' position lacked substantial justification. .................... 5

III.   LODESTAR CALCULATION. ...................................................... 9

IV.    SPECIAL FACTORS WARRANT A FEE AWARD AT MARKET
       RATES FOR PLAINTIFFS' SENIOR COUNSEL. .................................. 10

A      Plaintiffs' Class Counsel possess distinctive knowledge and
       specialized skill that was needful to the litigation. ...................... 12

B      Other qualified attorneys unavailable. ...................................... 14

V.     CONCLUSION............................................................................ 14

/ / /

TABLE OF AUTHORITIES

**Cases**

*United States v. 22249 Dolorosa St.*, 190 F.3d 977 (9th Cir. 1999)..........................7

*Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224 (9th Cir. 1989)....................11

*Balla v. Idaho*, 677 F.3d 910 (9th Cir. 2012) ..............................................................5

*Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)............................5

*Bullfrog Films, Inc. v. Wick*, 959 F.2d 782 (9th Cir. 1992).......................................7

*Cobell v. Norton*, 407 F. Supp. 2d 140 (D. D.C. 2005)..............................................6

*Fang v. Gonzales*, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (Unpub. Disp.) ..........................................................................................................13

*Gutierrez v. Barnhart*, 274 F.3d 1255 (9th Cir. 2001) ..............................................7

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)..........11

*In re Mgndichian*, 312 F. Supp. 2d 1250 (C.D. Cal. 2003) ........................................9

*Jeff D. v. Andrus,* 899 F.2d 753 (9th Cir. 1989) .........................................................7

*Kali v. Bowen*, 854 F.2d 329 (9th Cir. 1988) ..............................................................8

*Keith v. Volpe*, 833 F.2d 850 (9th Cir. 1987) ..........................................................5, 6

*Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991) .............................................................7

*Muhur v. Ashcroft*, 382 F.3d 653 (7th Cir. 2004)......................................................13

*Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) ...........................................13, 16

*Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929 (C.D. Cal. 2010) ....................13

*Oregon Environmental Council v. Kunzman*, 817 F.2d 484 (9th Cir. 1987) .............7

Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986) ........................................................................................................................6

*Perez-Arellano v. Smith*, 279 F.3d 791 (9th Cir. 2002)................................5

*Pierce v. Underwood*, 487 U.S. 552 (1988) ........................................8, 13

*Prandine v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978).....................12

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010) ....................5

*Scarborough v. Principi*, 541 U.S. 401, 24 S. Ct. 1856, 158 L. Ed. 2d 674 (2004)4, 9

*Stanford Dailey v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974) ................12

*Thangaraja v. Gonzales*, 428 F.3d 870 (9th Cir. 2005) ........................12

**Statutes**

28 U.S.C. § 2412(d)................................................................4

28 U.S.C. § 2412(d)(1)(A) .......................................................4

Pub. L. No. 96-481, 94 Stat. 2325 ............................................3

110 Pub. L. 457, 122 Stat. 5044 .............................................14

Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135.......................14

*/ / /*

I.      INTRODUCTION

Plaintiffs apply for an award of attorney's fees and costs incurred in this Court and in the Ninth Circuit Court of Appeals to prosecute Defendants' Ex Parte Application for Limited Relief from the Settlement Agreement ("Settlement").

On July 9, 2018, the district court denied Defendants' *Ex Parte* Application for Limited Relief from the Settlement Agreement finding that the *Ex Parte* Application is procedurally improper and wholly without merit. Order Denying Defendants' *Ex Parte* Application for Limited Relief from Settlement Agreement [Dkt. # 455] ("July 9, 2018, Order").

Plaintiffs now apply pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for an award of attorney's fees and costs incurred in securing the July 9, 2018, Order, in the total amount of $42,359.00.

The EAJA allows litigants to recover fees and costs in actions certain against the United States, thus encouraging the vindication of rights by persons who would otherwise be deterred from challenging governmental action because of the expense of litigation. Pub. L. No. 96-481, 94 Stat. 2325. In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As will be seen, Plaintiffs satisfy all requirements for an award of EAJA fees and costs; the Court should accordingly grant the instant motion and award fees and costs as herein requested.

II.   PLAINTIFFS QUALIFY FOR AN AWARD OF EAJA FEES AND COSTS.

Pursuant to 28 U.S.C. § 2412(d) "eligibility for a fee award in any civil action requires: (1) that the claimant be 'a prevailing party'; (2) that the Government's position was not 'substantially justified', (3) that no 'special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Ibrahim v. U.S. Department of Homeland Sec.*, 912 F.3d 1146, 1167 (9th Cir. 2019) (en banc) (quoting *Comm'r, I.N.S. v.* Jean, 496 U.S. 154, 158 (1990)).

Once this showing is made, the burden shifts to the Government to prove that its position, both before and during the litigation, was substantially justified or that special circumstances make an award of attorney's fees unjust. *Scarborough v. Principi*, 541 U.S. 401, 416-17, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004).

### A.   Plaintiffs are prevailing parties.

Under the EAJA, a party prevails when it has been granted "some relief by a court." *Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and*

*Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).[1] To prove prevailing party status, an EAJA petitioner must establish: (1) a "material alteration of the legal relationship of the parties," and (2) a "judicial imprimatur on the change." *Id*. at 604-05.

A party prevails when it has obtained an enforceable settlement or consent decree, and for work to achieve compliance with a settlement's terms . *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 451-52 (9th Cir. 2010);  *Keith v. Volpe*, 833 F.2d 850, 857 (9th Cir. 1987); *see also Balla v. Idaho*, 677 F.3d 910, 918 (9th Cir. 2012) (work for "compliance monitoring" of settlement compensable).

The district court's July 9, 2018, Order denied, "(1) an exemption from the *Flores* Agreement's release provision so that Immigration and Customs Enforcement ('ICE') may detain alien minors who have arrived with their parents or legal guardian together in ICE family residential facilities, and (2) an exemption from the *Flores* Agreement's state licensure requirement," as being "procedurally improper and wholly without merit." *Id*. at 1 and 7. Plaintiffs clearly prevailed and accordingly satisfy the first requirement for an EAJA fee award.

**B.     Plaintiffs' net worth is far less than $2,000,000.**

Pursuant to 28 U.S.C. § 2412(d)(2)(B)(i), a party's "net worth [must]  not

---

[1] Although *Buckhannon* involved non-EAJA fee-shifting statutes, this Court has held that the requirements of a prevailing party announced in that decision are applicable to EAJA awards as well. *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

exceed $2,000,000 at the time the civil action was filed...”

The original plaintiffs in this action were indigent at the time this action commenced. Declaration of Peter Schey, May 28, 2019, ¶ 11 (“Schey Dec.”). Further, it is virtually self-evident that plaintiff class members are generally indigent as well. By definition, they are immigrant or refugee youth in federal custody because the Government wishes to remove them. Settlement ¶¶ 10- 11; *see also* Schey Dec. ¶ 11 (*Flores* plaintiff class members are detained and indigent).

Plaintiffs accordingly meet the second requirement for an EAJA fee award. *See Cobell v. Norton*, 407 F. Supp. 2d 140, 148-49 (D. D.C. 2005) (“affidavits signed by the class representatives, attesting to the fact that their net worth fell within EAJA statutory guidelines at the time the litigation was initiated ... amply satisfy the requirements of the statute for the entire class.”).

**C.    EAJA fees may be awarded for work to protect a consent decree.**

In *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 558-559, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986), the plaintiff obtained a consent decree and thereafter conducted additional litigation and administrative advocacy to protect that decree. The Court held the plaintiff entitled to recover attorney's fees and costs for this post-settlement work. 478 U.S. at 558-60.

Following *Delaware Valley,* numerous courts have affirmed litigants' right to recover attorney's fees and costs for work to enforce court-approved settlements. *E.g.*, *Keith v. Volpe*, 833 F.2d 850, 857 (9th Cir. 1987) (“the district court here ‘was

entitled to believe that relief [for the plaintiffs under the consent decree] would occur more speedily and reliably' if the [plaintiffs] engaged in these monitoring activities, and this post-judgment monitoring by the [plaintiffs] was, therefore, 'a necessary aspect of plaintiffs' "prevailing"' in the case.'"); *Jeff D. v. Andrus,* 899 F.2d 753, 765 (9th Cir. 1989) (plaintiffs entitled to attorney's fees for work subsequent to the settlement despite waiving pre-settlement fees; "issues in these appeals are separate from the settlement of the underlying litigation and the waiver of attorney's fees in the settlement does not affect our disposition here.").[2]

### D.      Defendants' position lacked substantial justification.

Because Plaintiffs both prevailed and meet the EAJA's net worth standard, "an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). Defendants must carry the burden of proof with respect to both factors. *Id.; see also Ibrahim,* 912 F.3d at 1167; *Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987); *United States v. 22249 Dolorosa St.*, 190 F.3d 977, 982 (9th Cir. 1999).[3]

---

[2] In both *Keith* and *Jeff D.*, the court reviewed fees awarded under 42 U.S.C. § 1988. However, identical principles apply to an award of post-judgment attorney's fees under the EAJA. *Bullfrog Films, Inc. v. Wick*, 959 F.2d 782, 786 (9th Cir. 1992).

[3] In evaluating the Government's showing, courts consider conduct both prior to and during litigation. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) ("Thus we 'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the

"The test for whether the government is substantially justified is one of 'reasonableness.'" *Gonzalez v. Free Speech Coal.*, 408 F. 3d 613, 618 (9th Cir. 2005). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Id.* (*quoting League of Women Voters v. FCC,* 798 F.2d 1255, 1260 (9th Cir. 1986)); *see also Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988) (position can be substantially justified "even though it is not correct . . . if it has a reasonable basis in law and fact").

In analyzing the reasonableness of the Government's position, a court considers the totality of the circumstances, which incorporates both the underlying governmental action and the Government's trial court position. *Gutierrez v. Barnhart¸* 274 F.3d 1255, 1258 (9th Cir. 2001) ("This we 'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court.'"); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998) (inquiry includes whether both the original action and the defense of the action was substantially justified); *see also Rawlings v. Heckler*, 725 F.2d 1192,

---

government was substantially justified in defending the validity of the action in court.'").

 "To show substantial justification for [its] position, the [Government] has the burden of establishing that the conduct had a 'reasonable basis both in law *and* fact.'" *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988)) (emphasis added).

1196 (9th Cir. 1984). Moreover, "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Ibrahim*, 912 F.3d at 1169 (quoting *Jean*, 496 U.S. at 161-62).

Plaintiffs have alleged that Defendants' position was without substantial justification and that no special circumstances make a fee award unjust. Such allegations suffice to shift the burden to Defendants to show that their position was substantially justified or that special circumstances would make a fee award unjust.[4] *Scarborough v. Principi, supra*, 541 U.S. at 416-17; *In re Mgndichian*, 312 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003) (prevailing party need only "by alleg[e] that the government's position was not substantially justified and that no special circumstances exist that make an award unjust."); 28 U.S.C. § 2412(d) ("A party

---

[4] In all events, Defendants' attempted to create (1) an exemption from the *Flores* Agreement's release provision so that Immigration and Customs Enforcement ("ICE") may detain minors who have arrived with their parents or legal guardian together in ICE family residential facilities, and (2) an exemption from the *Flores* Agreement's state licensure requirement. Defendants' positions were without justification, substantial or otherwise. *See e.g.*, July 09 Order at 1-2 ("Defendants' *Ex Parte* Application is a thinly veiled motion for reconsideration without any meaningful effort to comply with the requirements of Local Rule 7-18"). On July 24, 2015, the Court denied Defendants' motion seeking to modify the *Flores* Agreement "on the same grounds now raised anew in Defendants' *Ex Parte* Application." *Id.* (citation omitted). In short, Defendants have run afoul of Local Rule 7-18 because the *Ex Parte* Application "repeat[s] . . . oral or written argument made in support of the earlier Motion to Amend C.D. Ca. L.R. 7-18." *Id.* Even if Local Rule 7-18 did not bar Defendants' *Ex Parte* Application, "it would still fail under the Rule 60(b) analysis. The Court's July 24, 2015 Order analyzed in great detail the relevant *Flores* Agreement language and applicable legal authorities, responding to the same changed circumstances that the parties could not have foreseen at the time of their Agreement, it is unnecessary to replow the same familiar territory." *Id.* (citation omitted).

seeking an award of fees ... shall also allege that the position of the United States was not substantially justified.").

Nevertheless, it is clear in this case that the Government's arguments for exemptions from the *Flores* Settlement lacked substantial justification.

First, Defendants "deterrence" argument has previously been considered and rejected by the district court.

Second, Defendants' influx argument has previously been considered and rejected by this Court and the Ninth Circuit Court of Appeals.

Third, Defendants' statistics and other available evidence shows that Defendants were not in May-June 2018 facing an unanticipated surge in family apprehensions warranting a modification of the *Flores* Settlement.

Fourth, Defendants' proposed "narrow modification" to eliminate accompanied class member's right to prompt release was not a "narrow" modification nor was it necessary to allow families to stay together. Paragraph 14 of the Settlement provides an alternative to detention for a child if a parent decides it is in his or her child's best interest to be released under Paragraph 14.

Fifth, Defendants' proposed "narrow modification" to eliminate the option of class members to be house in licensed facilities was not a "narrow" modification nor was it necessary to allow families to stay together. The district court had already ruled: "The purpose of the licensing provision is to provide class members the essential protection of regular and comprehensive oversight by an independent

child welfare agency." Chambers Order [Dkt. # 177] at 14. Defendants offered no significant change in circumstances warranting revision of Paragraph 19 of the Agreement so that it's terms would no longer apply to accompanied children.

As the district court pointed out, "Defendants have not shown that applying the *Flores* Agreement 'prospectively is no longer equitable[,] (citation omitted) or that 'manifest injustice' will result if the Agreement is not modified." July 9, 2018, Order at 7.

III.        LODESTAR CALCULATION.

A "lodestar" figure for the amount of fees Plaintiffs should recover is calculated by multiplying the number of hours counsel reasonably dedicated by the inflation-adjusted EAJA hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).[5]

The inflation-adjusted EAJA base rates for the periods counsel worked on the instant matter appear at

www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited May 22, 2019).[6]

_____

[5] An increase over the base rate to account for inflation is granted in all but unusual circumstances. *Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir. 1989).

[6] Prior to 1996 the EAJA set a base rate of $75 per hour. 28 U.S.C. § 2412(d)(2)(A) (1994). In 1996 Congress increased the base rate to $125 per hour for cases commenced on or after March 29, 1996. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

The hours counsel devoted to prosecuting this action, adjusted for time that was poorly documented or excessive, appear in the itemized time records annexed to the declarations of Plaintiffs' counsel. Schey Dec. ¶ 10 and Exhibit A; Declaration of Virginia Corrigan, May 2, 2019, Exhibit 2 ("Corrigan"); Declaration of Rachel Leach ("Leach"), Exhibit 3; Declaration of Laura Diamond ("Diamond"), Exhibit 4.[7] These hours multiplied by the Court's inflation-adjusted base rates yield a lodestar fee request of $ $42,359.00.

As will be seen, however, the Court should award Class Counsel fees at hourly rates above the inflation-adjusted EAJA rate.

IV.   SPECIAL FACTORS WARRANT A FEE AWARD AT MARKET RATES FOR PLAINTIFFS' SENIOR COUNSEL.

The EAJA authorizes the Court to award attorney's fees at market rates where there is a "limited availability of qualified attorneys for the proceedings involved," or where plaintiffs' counsel possess "distinctive knowledge" and "specialized skill" that was "needful to the litigation in question" and "not available elsewhere at the statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005); *see also Pierce v. Underwood*, 487 U.S. 552, 572, 108 S. Ct. 2541, 101

---

The Court's calculations appear to adjust the 1996 rate for inflation. Since this action commenced in 1985, it would appear the applicable base rate is $75 per hour. Inflation adjustments to the $75 rate appear in Exhibit C to the Declaration of Peter Schey, *supra*. They differ little from the Court's hourly rates.

[7] Time spent preparing the instant EAJA motion is also compensable. *See Prandine v. National Tea Co.*, 585 F.2d 47, 54 (3d Cir. 1978); *Stanford Dailey v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974).

L.Ed.2d 490 (1988) ("Examples . . . would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.").

In *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009), this Court held this test satisfied where counsel had "distinctive knowledge and specialized skill in immigration law and, in particular, constitutional immigration law and litigation involving the rights of detained immigrants." *See also Fang v. Gonzales*, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (Unpub. Disp.) ("Counsel Smith's specialized skills and distinctive 'knowledge of . . . particular, esoteric nooks and crannies of immigration law,' ... enabled her to ... to succeed in obtaining relief from removal for Fang," *quoting Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004)). This Court accordingly awarded the prevailing party's most experienced attorney fees at $500 per hour. 569 F.3d at 912-15.

In *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929 (C.D. Cal. 2010), the Government moved to dissolve an injunction requiring immigration authorities to follow specific procedures when detaining, processing and removing Salvadoran nationals. The court largely denied the motion, and the plaintiffs sought EAJA fees at market rates because defending against the Government's motion required specialized knowledge of, *inter alia*, the history of the litigation that had resulted in the injunction. *Id*. at 959-60.

The district court awarded fees at $625-675 for senior counsel. *Id*. at 964. In addition to requiring special knowledge of immigration law and procedure, the

court held, the prevailing parties' counsel has *specialized knowledge of the proceedings that had led to the entry of the challenged injunction*, *id*. at 960, and had specialized skills—including proficiency in Spanish—that were necessary to defend the injunction. *Id.*

A.   **Plaintiffs' Class Counsel possess distinctive knowledge and specialized skill that was needful to the litigation.**

As in *Orantes* and *Nadarajah,* Plaintiffs' counsel here have extensive experience, knowledge and specialized skill in immigration law, youth law, and more particularly, the rights of detained immigrant and refugee juveniles as they exist at the intersection of the Settlement, the Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 ("HSA"), the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044 ("TVPRA"), and the United States Constitution.

First, Plaintiffs' counsel are highly skilled litigators with vast expertise in representing immigrants, refugees and youth.

Plaintiffs' class counsel Schey has knowledge and highly specialized skill in immigration law, and in particular, the rights of immigrant and refugee children. *See* Exhibits 1 and 2. As reflected in his declaration, class counsel in this case is among the leading attorneys in the nation litigating cases involving the rights of immigrants and refugees. He has successfully litigated multiple statewide and nationwide class actions cases involving the rights of immigrant youth for over 35

years. *Id.*

Here, prosecuting Plaintiffs' action required specialized expertise in immigration law and the *Flores* Agreement to the interpretation of federal consent decrees as these distinct areas of the law affect a discrete and otherwise defenseless subclass: immigrant and refugee youth in federal detention facilities. Distinctive knowledge of the *Flores* Agreement, the meaning of its terms under federal immigration laws, and the Government's policies and practices in implementing the Agreement, as well as the ability to converse in Spanish, were necessary to the successful resolution of this litigation. *See* Schey Dec. ¶ 6.

Vindicating the rights of children in ICE custody required far more than skill in enforcing contracts: it required specialized expertise in the intersection of multiple sources of law as it affects a discrete and vulnerable subclass: immigrant and refugee youth in ICE custody. Opposing Defendants' effort to terminate the settlement for accompanied minors required a deep understanding of (i) the settlement itself, (ii) the negotiations that resulted in that agreement, (iii) the intersection of the settlement with other pertinent law, particularly § 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act, and (iv) Defendants' policies, practices and procedures affecting detained immigrant and refugee children were essential to affording the *Flores* plaintiffs a fair chance of overcoming Defendants' ex parte application seeking to effectively terminate the Settlement's protections for thousands of accompanied minors.

### B.    Other qualified attorneys unavailable.

Further, few, if any, other lawyers in the country could or would have successfully opposed Defendants' effort to terminate the Settlement for accompanied class members at the inflation-adjusted EAJA rate. Market rates for lawyers with skills and experience comparable to plaintiffs' Class Counsel are in the range of $975 hourly.

These factors warrant the Court's awarding attorney's fees at rates "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Nadarajah*, *supra*, 569 F.3d at 916. *See also* Declaration of Carol Sobel, Exhibit 5, ¶¶ 22-24 (Peter Schey's market rate is $975/hour).

Plaintiffs accordingly seek fees as reflected in the following table:

| Attorney | Hrs. | Hourly Rate | Totals |
|----------|------|-------------|--------|
| Peter Schey | 38 | 950 | $36,100 |
| Virginia Corrigan | 9 | 205.20 | $1,847 |
| Laura Diamond | 6 | 205.20 | $1,231 |
| Rachel Leach | 15.5 | 205.20 | $3,181 |

The total fees sought is $42,359.00.

V.      CONCLUSION

For the foregoing reasons, this Court should award Plaintiffs attorneys' fees

1  pursuant to 28 U.S.C. § 2412(d) as herein requested.

2  Dated: May 28, 2019.                    Respectfully submitted,

3

4                                          CENTER FOR HUMAN RIGHTS &
                                           CONSTITUTIONAL LAW
5                                          Peter A. Schey
                                           Carlos Holguín
6
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
7                                          Elena Garcia

8                                          LA RAZA CENTRO LEGAL, INC.
                                           Michael S. Sorgen
9
                                           THE LAW FOUNDATION OF SILICON VALLEY
10                                         LEGAL ADVOCATES FOR CHILDREN AND YOUTH
11                                         Jennifer Kelleher Cloyd
                                           Katherine H. Manning
12                                         Annette Kirkham

13                                         *Of counsel:*

14                                         YOUTH LAW CENTER
                                           Virginia Corrigan
15

16                                          /s/Peter Schey

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On May 28, 2019 I electronically filed the following document(s):

• NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; MEMORANDUM IN SUPPORT OF MOTION

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


Dated: May 28, 2019                    /s/Peter Schey