UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | May 31, 2019 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)   Attorneys Present for Defendant(s)
None Present                          None Present

**Proceedings:   IN CHAMBERS  - ORDER RE PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION TO ENFORCE SETTLEMENT AND EXHIBITS IDENTIFYING CLASS MEMBER ASYLUM APPLICANTS AND GOVERNMENT EMPLOYEES UNDER SEAL [547]**

On May 31, 2019, Plaintiffs filed an Application for leave to file a Motion to Enforce Settlement and documents relating thereto under seal.[1] [Doc. # 547.] Specifically, Plaintiffs seek leave to seal: (a) information relating to the identities of asylum applicants, pursuant to 8 C.F.R. sections 208.6 and 1208.6;[2] and (b) information concerning the "identities of certain Government employees." *See* Appl. at 3 [Doc. # 547].[3] Plaintiffs offer no justification for their request to seal item (b). Additionally, Plaintiffs apparently (and for some unstated reasons) seek permission to seal: (c) the name of a shorthand reporter and notary public [Doc. # 548-3 at 9:22], (d) the name of a psychiatrist [Doc. # 548-3 at 11:4–5, 137:17, 206], and (e) the location of a government employee's base of operations [Doc. # 548-3 at 177:3–4].

On this record, the Court is unable to determine whether "compelling reasons" support the entirety of Plaintiffs' Application. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Therefore, the Court **DEFERS RULING** on Plaintiffs' Application. **Within ten (10) court days of the date of this Order**, Plaintiffs shall do one of the following:

1. File under seal for the Court's review new unredacted versions of the documents in question that do not have proposed redactions for items (b), (c), (d), and (e) highlighted therein, along with proposed redacted versions of those documents in which such

---

[1] Plaintiffs' counsel violated Local Rule 5-4.4.2 by failing to submit a Word version of the proposed order to chambers.

[2] Plaintiffs represent that "Defendants have agreed that all filing [sic] containing personal identifying information regarding class members or their parents may be filed under seal in this case." *See* Appl. at 3 [Doc. # 547].

[3] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | May 31, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 2 |

    corresponding redactions have been removed (the latter of which shall be filed on the public docket).  These filings shall be accompanied by a supplement to the Application and a sealed supplement to Plaintiffs' counsel's declaration that discloses whether (and to what extent) Defendants consent to Plaintiffs' supplemented Application;

2. File on the public docket a supplement to the Application that concisely explains why items (b), (c), (d), and (e) should be redacted, along with a supplemental declaration in support thereof that shall be filed under seal.  These supplemental filings shall disclose whether (and to what extent) Defendants consent to Plaintiffs' original Application; or

3. Elect a combination of options 1. and 2., with the proposed redactions removed from matter that Plaintiffs concede should not be sealed.

    Contemporaneous with Plaintiffs' forthcoming filings, they shall lodge a new proposed order and submit a Word version thereof to chambers in accordance with Local Rule 5-4.4.2.

**IT IS SO ORDERED**.