CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
         crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> - vs - <br><br> WILLIAM P. BARR, ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, <br><br> Defendants. | Case No. CV 85-4544 DMG (AGRx) <br><br> SUPPLEMENTAL APPLICATION FOR LEAVE TO FILE CORRECTED POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND EXHIBIT 10 UNDER SEAL <br><br> [HON. DOLLY M. GEE] |

*Plaintiffs' counsel, continued:*

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone:   (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
         kate.manning@lawfoundation.org
         annettek@lawfoundation.org

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar. No. 208741)
Neha Desai (Cl. RLSA Bar No. 803161)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
         ndesai@youthlaw.org

U.C. DAVIS SCHOOL OF LAW
Holly S. Cooper (Cal. Bar No, 197626)
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

Plaintiffs hereby file this supplemental application seeking an Order permitting the filing of Plaintiffs' Corrected Points and Authorities in Support of Motion to Enforce Settlement Agreement and Corrected Plaintiffs' Exhibit 10, with the names of class member asylum seekers and the name of the deponent in Exhibit 10 under seal.

On May 31, 2019, Plaintiffs filed an Application to File Motion to Enforce Settlement and Exhibits Under Seal [Doc. # 547].

On May 31, 2019, the Court issued an In Chambers Minute Order [Doc. # 549], which stated in part that Plaintiffs offered no justification for their request to seal information concerning the "identities of certain Government employees, the name of a shorthand reporter and notary public, the name of a psychiatrist, and the location of a government employee's base of operations. The Court ordered Plaintiffs to do one of the following:

> 1. File under seal for the Court's review new unredacted versions of the documents in question that do not have proposed redactions for items (b), (c), (d), and (e) highlighted therein, along with proposed redacted versions of those documents in which such corresponding redactions have been removed (the latter of which shall be filed on the public docket). These filings shall be accompanied by a supplement to the Application and a sealed supplement to Plaintiffs' counsel's declaration that discloses whether (and to what extent) Defendants consent to Plaintiffs' supplemented Application;

2. File on the public docket a supplement to the Application that concisely explains why items (b), (c), (d), and (e) should be redacted, along with a supplemental declaration in support thereof that shall be filed under seal. These supplemental filings shall disclose whether (and to what extent) Defendants consent to Plaintiffs' original Application; or

3. Elect a combination of options 1. and 2., with the proposed redactions removed from matter that Plaintiffs concede should not be sealed.

*Id.*

The only redactions at issue are found in Exhibit 10, a deposition of a federal employee taken in *Lucas R. v. Azar*, 2:18-CV-05741 DMG PLA (C.D. Cal.)

**A. Withdrawn redactions.**

The parties agree that the names of the shorthand reporter and notary public, psychiatrist attending the deposition, and the location of federal employee's base of operations need not be redacted. Plaintiffs withdraw and no longer request that these items be redacted.

**B. Redaction of "(b) information concerning the identities of certain Government employees."**

The government's position as to the proposed redactions in Exhibit 10, a deposition transcript of a federal employee, is as follows:

The Court's May 31, 2019 order in *Flores* pertaining to "information concerning the 'identities of certain Government employees' is covered

under paragraph 5 of the *Lucas R.* protective order, which defines 'Confidential Personal Information' as 'personal identifiable information' for 'third parties, non-supervisory federal and non-federal employees, including names and contact information … Paragraph 12 of the *Lucas R.* protective order provides that "all Confidential Personal Information produced or exchanged pursuant to this Protective Order ***shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever*** and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order." (emphasis added). Using evidence collected in *Lucas R.* that the *Flores* plaintiffs would not otherwise be entitled to obtain under *Flores* does not comport with the spirit or the letter of the *Lucas R.* protective order. We therefore and respectfully object to the *Flores* plaintiffs' proposal to use that evidence outside of the *Lucas R.* case in general and in *Flores* in particular.

If, however, the Court concludes that using evidence collected in and subject to the protective order in *Lucas R.* is nevertheless appropriate in *Flores*, the *Lucas R.* official-capacity defendants state as follows concerning what redactions may be required under the *Lucas R.* protective order. Under the *Lucas R.* protective order, concerning: (1) [Deponent]: Her name and title should be redacted under the *Lucas R.* protective order, as she is not a

supervisory employee. (2) Jill Volovar and James de la Cruz: As we understand these employees to have supervisory duties, we do not read the *Lucas R.* protective order as requiring redaction. (3) [Six names of employees] and any other federal employees or contractors referenced in [Deponent's] deposition: their names and titles should be redacted under the *Lucas R.* protective order, as upon our initial understanding these people are either non-supervisory federal or non-federal employees….

See Supplemental Declaration of Peter Schey ("Supp. Schey Dec."), ¶ 4. *See also* Supp. Schey Decl, Exhibit 1 (March 12, 2019, Stipulated Protective Order, *Lucas R. v. Azar,* CV 2:18-CV-05741 (CD Cal.) ("*Lucas R.* Stipulated Protective Order").

1. **Deposition Testimony in *Lucas R.* May Be Relied in this case**

The Defendants in this case have seemingly taken no position, instead relying on the Defendants in *Lucas R.* to provide their position. The *Lucas R.* Defendants are incorrect that the *Lucas R.* Stipulated Protective Order bars the use of deposition testimony in *Lucas R.* in this case. The *Lucas R.* Stipulated Protective Order covers "Confidential Personal Information" which includes "personally identifiable information and states "all Confidential Personal Information" produced pursuant to the Protective Order "shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever...." Stipulated Protective Order at ¶ 12.

The deponent's *testimony* is not "personally identifiable information" and therefore is not confidential as defined in the Stipulated Protective Order.

Moreover, the Stipulated Protective Order includes the procedure to follow in the event any *Lucas R.* party believes any deposition testimony in that case includes "Confidential Personal Information":

> Confidential Personal Information contained in any statement made during an oral deposition may be designated as "Confidential" either through a statement made on the record, or by serving written notice of the page and line of the confidential deposition portions … If such designations are made through written notice, they shall be made within twenty (20) days of receiving the final transcript. Until the aforesaid period to designate the deposition has passed, the entire transcript shall be deemed Confidential Personal Information under the terms of this Protective Order.

*Lucas R.* Stipulated Protective Order, ¶ 6(c). Defendants do *not* claim that these procedures were followed with regard to any of the testimony relied upon in Plaintiffs' pending Motion to Enforce. Defendants' effort to block use of the deposition in this case is not supported by the plain terms of the Protective Order.

**2. Redaction of Names in the Deposition**

Inasmuch as the *Lucas R.* Defendants state that Jill Volovar and James de la Cruz are supervisory federal employees, the Corrected Exhibit 10 filed herewith includes their unredacted names and titles.

Because Plaintiffs have insufficient information to determine whether the six employees referenced by the deponent at pages 11, 17, 19, 58, 123, 169, and 183 of the deposition are in fact non-supervisory employees, Plaintiffs have simply extracted those pages from Exhibit 10. Those pages are not cited to or relied upon in the pending Motion to Enforce. Those names are no longer part of Corrected Exhibit 10. *See* Supp. Schey Dec., ¶ 7.

This leaves the name and title of the deponent. Plaintiffs do not have sufficient information to dispute Defendants' assertion that the deponent is a non-supervisory employee. Out of an abundance of caution, Plaintiffs do not object to redacting her name and title from Corrected Exhibit 10 and the Corrected Points and Authorities in Support of Motion to Enforce, filed concurrently herewith. Accordingly, the Corrected Points and Authorities and Exhibit 10 submitted herewith redact the deponent's name and title. *Id.*

///

A proposed Order granting this supplemental application is lodged herewith.

Dated: June 14, 2019

Respectfully submitted,

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena García

LA RAZA CENTRO LEGAL, INC.
Michael Sorgen

LAW FOUNDATION OF SILICON VALLEY - LEGAL ADVOCATES FOR CHILDREN & YOUTH
Jennifer Kelleher Cloyd
Katherine H. Manning
Annette Kirkham

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai

U.C. DAVIS SCHOOL OF LAW
Holly S. Cooper

/s/*Peter Schey*_____
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On June 14, 2019, I electronically filed the following document(s):

SUPPLEMENTAL APPLICATION FOR LEAVE TO FILE CORRECTED POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND EXHIBIT 10 UNDER SEAL

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/*Peter Schey*
*Attorney for Plaintiffs*