CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos Holguín (Cal. Bar No. 90754)
Peter A. Schey (Cal. Bar No. 58232)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elena Garcia (Cal. Bar No. 299680)
egarcia@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>        Plaintiffs,<br>- vs -<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>        Defendants. | Case No. CV 85-4544 DMG (AGRx)[1]<br><br>[UNDER SEAL] SUPPLEMENTAL DECLARATION OF CLASS COUNSEL IN SUPPORT OF SUPPLEMENTAL APPLICATION FOR LEAVE TO FILE CORRECTED POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND EXHIBIT 10 UNDER SEAL.<br><br>[HON. DOLLY M. GEE] |

1
2
3

*Plaintiffs' counsel, continued:*

4
5
6
7

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

8
9
10
11
12
13
14
15

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone:   (408) 280-2437
Facsimile:   (408) 288-8850
Email: jenniferk@lawfoundation.org
kate.manning@lawfoundation.org
        annettek@lawfoundation.org

16
17
18
19
20

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar. No. 208741)
Neha Desai (Cl. RLSA Bar No. 803161)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org     ndesai@youthlaw.org

21
22
23
24
25

U.C. DAVIS SCHOOL OF LAW
Holly S. Cooper (Cal. Bar No, 197626)
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

26
27
28

SUPPLEMENTAL DECLARATION OF PETER SCHEY

I, Peter A. Schey, depose and say:

1. This declaration is made in support of the concurrently filed Supplemental Application for Leave to File Corrected Memorandum of Points and Authorities in Support of Motion to Enforce Settlement and Exhibit 10 Under Seal.

2. On May 31, 2019, Plaintiffs filed a Notice of Motion and Motion to Enforce Settlement Agreement; Memorandum of Points and Authorities [Doc. #547-2], and five volumes of Exhibits in Support of Plaintiffs' Motion to Enforce the Settlement [Redacted Version of Document Proposed to be Filed Under Seal] [Doc. ## 547-3, 547-4, 547-5, 547-6, and 547-7]. Plaintiffs concurrently filed an Application to File Motion to Enforce Settlement and Exhibits Under Seal [Doc. # 547], and a Declaration in Support of Application to file Motion to Enforce Settlement and Exhibits under seal [Doc. #548].

3. Subsequently, on May 31, 2019, this Court issued a Minute Order [Doc. # 549] instructing Plaintiffs to file a Supplemental Application explaining proposed redactions in Exhibit 10 (Volume 2) [Doc. # 547-4], which is a deposition taken in *Lucas R. v. Alex Azar*, 2:18-CV-05741 (CD Cal.), and to provide Defendants' position as to those redactions.

4. On May 31, 2019, I corresponded with Sarah Fabian, counsel for Defendants in *Flores*, to ask the government's position as to redactions in Exhibit 10. Ms. Fabian forwarded my correspondence to counsel for Defendants in *Lucas R.*, Benjamin Moss. On June 4, 2019, Mr. Moss replied to me with the government's position as to the use of the deposition and the proposed redactions, which stated:

> The Court's May 31, 2019 order in *Flores* pertaining to "information concerning the 'identities of certain Government employees' is covered under paragraph 5 of the *Lucas R.* protective order, which defines 'Confidential Personal Information' as 'personal identifiable information' for 'third parties, non-supervisory federal and non-federal employees, including names and contact information. We also note that the official-capacity *Lucas R.* defendants proceeded with the April 2019 depositions of [government employee deponents] in good faith under the auspices of the *Lucas R.* case based on our understanding that these depositions would be used solely for purposes of the *Lucas R.* litigation. Indeed Paragraph 12 of the *Lucas R.* protective order provides that "all Confidential Personal Information produced or exchanged pursuant to this Protective Order ***shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever*** and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order." (emphasis added). Using evidence

collected in *Lucas R.* that the *Flores* plaintiffs would not otherwise be
entitled to obtain under *Flores* does not comport with the spirit or the letter
of the *Lucas R.* protective order. We therefore and respectfully object to the
*Flores* plaintiffs' proposal to use that evidence outside of the *Lucas R.* case
in general and in *Flores* in particular.

If, however, the Court concludes that using evidence collected in and subject
to the protective order in *Lucas R.* is nevertheless appropriate in *Flores*, the
*Lucas R.* official-capacity defendants state as follows concerning what
redactions may be required under the *Lucas R.* protective order. Under the
*Lucas R.* protective order, concerning: (1) [Deponent]: Her name and title
should be redacted under the *Lucas R.* protective order, as she is not a
supervisory employee. (2) Jill Volovar and James de la Cruz: As we
understand these employees to have supervisory duties, we do not read the
*Lucas R.* protective order as requiring redaction. (3) [Six names of
employees] and any other federal employees or contractors referenced in
[Deponent's] deposition: their names and titles should be redacted under the
*Lucas R.* protective order, as upon our initial understanding these people are
either non-supervisory federal or non-federal employees….

5. A true and correct copy of the Stipulated Protective Order filed in *Lucas R.* is attached hereto as Exhibit 1.

6. Plaintiffs do not have sufficient information to assess whether the six named employees and the deponent in Exhibit 10 are supervisory or non-supervisory employees. Since the pages on which the non-deponent employees are mentioned are irrelevant to the pending motion, Plaintiffs have extracted from Exhibit 10 pages 11, 17, 19, 58, 123, 169, and 183, containing the names of employees Defendants assert are non-supervisory employees. The only redactions remaining in Exhibit 10 are the deponent's name and title. The deponent's name and title are also redacted from the concurrently filed Corrected Points and Authorities in Support of Motion to Enforce Settlement Agreement.

I declare under penalty of the perjury that the foregoing facts are true and correct. Executed this 14th day of June, 2019, in Los Angeles, California.

Peter A. Schey

Exhibit 1

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
CARLOS R. HOLGUÍN (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email:
crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following
page*

JOSEPH H. HUNT
Assistant Attorney General United
States Department of Justice
Civil Division
ERNESTO H. MOLINA, JR.
JEFFREY S. ROBINS
Deputy Directors
Office of Immigration Litigation
BENJAMIN MARK MOSS
Senior Litigation Counsel
W. DANIEL SHIEH
Senior Litigation Counsel
ANDREW B. INSENGA
Trial Attorney
SHERRY D. SOANES
Trial Attorneys
MARINA C. STEVENSON
Trial Attorney
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-9802
Facsimile: (202) 305-1890
Email: daniel.shieh@usdoj.gov

*Attorneys for Defendants (Official
Capacity Only)*

*Additional counsel listed on following
page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al., | Case No. 2:18-CV-05741 DMG PLA |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ALEX AZAR, Secretary of U.S. Department of Health and Human Services, et al., | |
| Defendants. | |

HOLLY S. COOPER (197626)
Co-Director, Immigration Law Clinic
CARTER C. WHITE (164149)
Director, Civil Rights Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu
        ccwhite@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
LEECIA WELCH (208741)
NEHA DESAI (CAL. RLSA NO. 803161)
FREYA PITTS (295878)
POONAM JUNEJA (300848)
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
CRYSTAL ADAMS (308638)
1313 L St. NW, Suite 130
Washington, DC 20005
Telephone: (202) 868-4785
Email: cadams@youthlaw.org

COOLEY LLP
SUMMER J. WYNN (240005)
MARY KATHRYN KELLEY (170259)
JON F. CIESLAK (268951)
MEGAN L. DONOHUE (266147)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420
Email: swynn@cooley.com
        mkkelley@cooley.com
        jcieslak@cooley.com
        mdonohue@cooley.com

*Attorneys for Plaintiffs*

NICOLA T. HANNA, United States Attorney
DAVID M. HARRIS, Assistant United States Attorney
Chief Civil Division
JOANNE S. OSINOFF, Assistant United States Attorney
Chief General Civil Division
DAVID PINCHAS, Assistant United States Attorney

*Attorneys for Defendant E. Scott Lloyd*

**GENERAL**

**1.**     Purposes and Limitations.  On September 7, 2018, Plaintiffs filed a First Amended Complaint against Defendants (Plaintiffs collectively with Defendants, the "Parties").  The Parties are presently conducting discovery concerning both Named Plaintiffs, who were minors in the custody of the Office of Refugee Resettlement ("ORR"), and current class members in this action, who are minors in the custody of ORR.  The Parties respectfully request that the Court enter a Protective Order governing the production, disclosure, and dissemination of confidential, personally identifiable information.

**2.**     Good Cause Statement.  Good cause exists for the entry of this Protective Order because some discovery granted, ordered, or provided in this action is likely to result in the disclosure by the Parties of personal, confidential, or medical information of individuals, including minors, who are or were in the custody of ORR, and of third parties.  The Court, having found that good cause exists for entry of an appropriately-tailored confidentiality order governing discovery in this action, HEREBY ORDERS:

**3.**     This Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall govern all personally identifiable information disclosed or produced as a result of discovery granted, ordered, or provided in this action.

**4.**     Pursuant to 5 U.S.C. § 552a (the "Privacy Act"), this Protective Order authorizes the parties to (1) produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, (2) produce personally identifiable information without presenting Privacy Act objections to this Court for a decision regarding such disclosure, and (3) produce information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  To the extent the Privacy Act or HIPAA allows the disclosure of information pursuant to a court order, this Protective Order constitutes such a court order, and

authorizes the disclosure of that information.  Notwithstanding the entry of this Protective Order, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Protective Order) by other applicable privileges, statutes, regulations, or authorities by which Defendants may be bound.  This Protective Order shall also govern the safeguarding of such information by all individuals referenced herein.

**5.**     As used in this Protective Order, the term "Confidential Personal Information" includes personally identifiable information or medical information of individuals who are or were in the custody of ORR, third parties, non-supervisory federal and non-federal employees, including names and contact information; confidential commercial or financial information as defined under 5 U.S.C. § 552(b)(4); and any other information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced.  If a designating Party determines that information not described in this paragraph should be designated Confidential Personal Information, the Parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

**6.**     Confidential Personal Information may be designated by the Parties in one or more of the following ways:

**a.**     Any and all Confidential Personal Information contained in documents produced by Defendants to Plaintiffs as a result of discovery governed by this Protective Order shall be designated "Defendants' Confidential Personal Information."

**b.**     Any and all Confidential Personal Information produced by Plaintiffs to Defendants as a result of discovery governed by this Protective Order shall be designated "Plaintiffs' Confidential Personal Information."

**c.**     Confidential Personal Information may be so designated by the Parties simply by inserting the word "Confidential" in a conspicuous place on any

2.

documents produced as a result of discovery governed by this Protective Order. Confidential Personal Information contained in any statement made during an oral deposition may be designated as "Confidential" either through a statement made on the record, or by serving written notice of the page and line of the confidential deposition portions.  If a Party orally designates testimony as "Confidential" during the course of a deposition by making a statement to that effect on the record, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation.  Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Confidential Personal Information under the terms of this Protective Order.  If such designations are made through written notice, they shall be made within twenty (20) days of receiving the final transcript.  Until the aforesaid period to designate the deposition has passed, the entire transcript shall be deemed Confidential Personal Information under the terms of this Protective Order.

      **d.** If a Party disagrees with a designation of Confidential Personal Information, it shall provide the designating Party written notice of its challenge.  The challenging Party and the designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process under Local Rule 37-1, et. seq., or under procedures otherwise laid out by the Court.  If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure addressing discovery disputes.  The designating Party bears the burden of showing that information is "Confidential Personal Information" as defined herein. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.  Frivolous challenges to a designation, and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties), may expose the challenging Party to sanctions.

      **e.** Information designated as Confidential Personal Information, including the portion of any document containing Confidential Personal Information,

may be disclosed only to the following "Qualified Persons":

(1)    Defendants' Counsel in this action and any employed or contracted support staff and other contractors or employees of such counsel or Defendants assisting in this action with an appropriate need to know, including litigation assistants, paralegals, information technology, information or records management, investigative, secretarial, or clerical personnel;

(2)    Plaintiffs' Counsel in this action and any employed or contracted support staff and other contractors or employees of such counsel assisting in this action with an appropriate need to know, including litigation assistants, paralegals, information technology, information or records management, investigative, secretarial, or clerical personnel;

(3)    Any experts retained for this action by counsel to a Party or support staff or employees for such an expert with an appropriate need to know;

(4)    Any other person mutually authorized by the Parties' counsel to examine such information with an appropriate need to know;

(5)    Potential percipient witnesses with an appropriate need to know; and

(6)    The Court and its personnel, including court reporters.

f.    All persons listed in subparagraphs 6(e)(3)-(5) to whom Confidential Personal Information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the "Acknowledgment of Protective Order for Discovery" form, attached hereto as Exhibit A.  This requirement does not apply to the disclosure of Confidential Personal Information to the Court and its personnel, including court reporters.

7.    Nothing in this Protective Order shall limit or in any way restrict Department of Health and Human Services and Department of Justice Counsel from discussing the cases of individuals whose Confidential Personal Information is protected by this Protective Order in order to carry out their operations and

STIPULATED PROTECTIVE ORDER
CASE NO. 18-CV-05741 DMG PLA

proceedings. Nothing in this Protective Order shall limit or in any way restrict the Parties' use of information obtained through a source other than through discovery production. Further, nothing in this Protective Order shall restrict Defendants from performing statutorily authorized functions as they pertain to such individuals, and Defendants may not be held liable for fully executing such authority in ordinary course, notwithstanding this Protective Order.

8. All discovery labeled Confidential Personal Information shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation only to said Qualified Persons.

9. All Qualified Persons to whom Confidential Personal Information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than other Qualified Persons, any information designated as Confidential Personal Information, except as otherwise provided in this Protective Order.

10. In the event a Party wishes to use any Confidential Personal Information produced under this Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5. Confidential Personal Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Personal Information at issue; good cause must be shown in the request to file under seal. If a Party's request to file Confidential Personal Information under seal is denied by the Court, then the receiving Party may file the information in the public record unless otherwise instructed by the Court.

11. If counsel for any Party is required by law or court order to disclose, disseminate, or transmit Confidential Personal Information produced under this Protective Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for the Parties no less than fourteen (14) days prior to disclosure,

STIPULATED PROTECTIVE ORDER
CASE NO. 18-CV-05741 DMG PLA

dissemination, or transmittal, so as to provide the designating Party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the dispute has been resolved unless disclosure, dissemination, or transmission is required by law or a court order. Any person, entity, or organization who receives Confidential Personal Information shall be provided with a photocopy of this Protective Order, shall sign a copy of the Acknowledgment of Protective Order for Discovery form, and shall abide by all the terms and conditions set forth herein unless otherwise permitted by a court order.

12.    Except as provided in this paragraph or elsewhere in this Protective Order, all Confidential Personal Information produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving this action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order.

a.    The limitations and restrictions on Confidential Personal Information in this Protective Order shall not apply with respect to information obtained through a source other than through the instant litigation.

b.    This Protective Order shall not preclude Plaintiffs' Counsel from using the information obtained through discovery production to contact class members as certified by the Court for purposes of this case and as provided for pursuant to the procedures laid out in the parties' Rule 26(f) report.

13.    The Parties shall maintain Confidential Personal Information as follows:

a.    The Parties and anyone to whom Confidential Personal Information has been disclosed in accordance with paragraph 6 shall maintain Confidential Personal Information pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to Confidential Personal Information disclosed to and maintained by the Court and its personnel, including court reporters). Within ten (10) days after the final disposition of this

action, including any and all appeals, all Confidential Personal Information and copies thereof in the possession of the Parties and anyone to whom Confidential Personal Information has been disclosed in accordance with paragraph 6, shall be returned to the producing Party or destroyed, at the option of the producing Party, except as this Court may otherwise order. If destroyed, it shall be certified in writing to the producing Party that such information has been destroyed.

**b.** Notwithstanding subparagraph 13(a), counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of eight (8) years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Protective Order. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

**14.** If a Party inadvertently fails to designate material as Confidential Personal Information at the time of production, it shall take reasonable steps to notify the receiving Party of its failure within five (5) business days of discovery of the inadvertent failure to designate. The designating Party shall promptly supply the receiving Party with new copies of any documents bearing corrected confidentiality designations, and the receiving Party shall return or destroy the original materials, and certify in writing to the designating Party that such information has been destroyed.

**15.** Under Federal Rule of Evidence 502, inadvertent disclosure of any document or information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no Party to

this Protective Order shall be held to have waived any rights by such inadvertent disclosure.  Except in the event that the receiving Party disputes the claim, any documents the producing Party deems to have been inadvertently disclosed shall be, within five (5) business days, returned or destroyed, and the receiving Party shall provide a written certification of counsel that all such disclosed information has been returned or destroyed.  If a claim is disputed, the Parties shall follow the procedures outlined in the Federal and Local Rules of Civil Procedure and the Court's standing orders.  Further, any document or information so produced or disclosed, and subject to any subsequent claim of privilege, work-product or any other protection, including protection under this Protective Order, shall not be introduced into evidence in this or any other proceeding by any person without either: (1) the consent of the producing Party or (2) order of this Court.  Nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was produced in this proceeding.

16.    Nothing in this Protective Order shall be construed as a waiver of any defense, right or claim by either Party, nor shall this Protective Order affect the right of either Party to seek additional protection against the disclosure of any information, documents or materials, or of the Parties to seek additional disclosures.

17.    Nothing in this Protective Order shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.

18.    Nothing in this Protective Order shall prevent disclosure of otherwise protected Confidential Personal Information if the person to whom the Confidential Personal Information pertains, and counsel for all Parties, consents to such disclosure in writing, or if the Court, after notice to the Parties, orders such disclosure. Disclosure shall be limited to the extent to which it is authorized by such person or a Court Order.

19.    Nothing in this Protective Order prohibits either Party from sharing with the Court information concerning anyone named as a result of this discovery,

provided such information is filed pursuant to the rules herein governing the filing of Confidential Personal Information.

20.     The Parties may seek to modify this Protective Order through a written agreement signed by counsel for all Parties and approved by the Court. In the event that all Parties do not agree to a proposed modification, each Party reserves the right to seek leave of the Court to modify this Protective Order.

21.     This Protective Order shall be binding upon any present or future party to the *Lucas R. et al., v. Azar, et al.*, No. 2-18-CV-05741-DMG (C.D. Cal.), litigation as it relates to the production of information as a result of discovery governed by this Protective Order.

22.     The terms of this Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 12, 2019

CARLOS HOLGUIN
Center for Human Rights &
Constitutional Law

HOLLY COOPER
CARTER WHITE
University of California Davis School of Law

LEECIA WELCH
NEHA DESAI
FREYA PITTS
POONAM JUNEJA
CRYSTAL ADAMS
National Center for Youth Law

SUMMER WYNN
MARY KATHRYN KELLEY
JON F. CIESLAK
MEGAN DONOHUE
Cooley LLP


By: */s/ Jon F. Cieslak*
    Jon F. Cieslak

*Attorneys for Plaintiffs*

Dated:  March 12, 2019

ERNESTO H. MOLINA, JR.
JEFFREY S. ROBINS
BENJAMIN MARK MOSS
W. DANIEL SHIEH
ANDREW B. INSENGA
SHERRY D. SOANES
MARINA C. STEVENSON
NICOLA T. HANNA
DAVID M. HARRIS
JOANNE S. OSINOFF
DAVID PINCHAS


By: */s/ W. Daniel Shieh*
    W. Daniel Shieh

*Attorneys for Defendants (Official Capacity Only)*

10.

Dated:  March 12, 2019

NICOLA T. HANNA
DAVID M. HARRIS
JOANNE S. OSINOFF
DAVID PINCHAS


By: _/s/ David Pinchas_
    David Pinchas

*Attorneys for Defendant E. Scott Lloyd*

Pursuant to Local Rule 5-4.3.4(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing.

COOLEY LLP


By: _/s/ Jon F. Cieslak_
    Jon F. Cieslak

*Attorneys for Plaintiffs*

Dated:  March 12, 2019

11.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al., | Case No.  2:18-CV-05741 DMG PLA |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| ALEX AZAR, Secretary of U.S. Department of Health and Human Services, et al., | |
| Defendants. | |

Having considered the papers, and finding that good cause exists, the Court

hereby enters the Parties' Stipulated Protective Order.

IT IS SO ORDERED.

DATED: March _____, 2019

_____
PAUL L. ABRAMS
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCAS R., et al., | Case No.  2:18-CV-05741 DMG PLA |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| ALEX AZAR, Secretary of U.S. Department of Health and Human Services, et al., | |
| Defendants. | |

# ACKNOWLEDGMENT

I _____, am aware of the litigation in *Lucas R. et al., v. Azar, et al.*, No. 2-18-CV-05741-DMG (C.D. Cal.) in the capacity of _____. I do solemnly swear or aver that I am fully familiar with the terms of the Stipulated Protective Order ("Protective Order") in the above referenced matter on _____, and hereby agree to comply with and be bound by its terms and conditions unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court").  I also acknowledge that I have reviewed the provisions of the Protective Order governing "Confidential Personal Information", and understand that this information, which may include personally identifiable information, confidential commercial or financial information, or medical information, may be disclosed to me.  I understand that such information shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with paragraph 6 of the Protective Order.  For these reasons, I specifically acknowledge consent and agree to

the disclosure requirements, limits and restrictions of the Protective Order and hereby consent

to the jurisdiction of the Court for purposes of enforcing this Order.

Executed this ___ day of _____ by _____

(Print Name)

Signed_____

200364638 v1

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On June 14 2019, I electronically filed the following document(s):

UNDER SEAL SUPPLEMENTAL DECLARATION OF CLASS COUNSEL IN SUPPORT OF SUPPLEMENTAL APPLICATION FOR LEAVE TO FILE CORRECTED POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND EXHIBIT 10 UNDER SEAL.

with the United States District Court, Central District of California by using the CM/ECF system.

/s/*Peter Schey*
*Attorney for Plaintiffs*