UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | June 17, 2019 |
| Title | Jenny L. Flores, et al. v. William P. Barr, et al. | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' SEALING APPLICATION [547], PLAINTIFFS' SUPPLEMENTAL SEALING APPLICATION [557], AND PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION TO WITHDRAW FROM THE PUBLIC DOCKET AND FILE UNDER SEAL CERTAIN DOCUMENTS [559]**

On May 31, 2019, Plaintiffs filed an Application for leave to file a Motion to Enforce Settlement and documents relating thereto under seal ("Sealing Application"). [Doc. # 547.] Later that day, the Court issued an Order requiring Plaintiffs to provide additional support for their Sealing Application. [Doc. # 549.] On June 14, 2019, Plaintiffs filed a Supplemental Sealing Application [Doc. # 557] and inadvertently filed on the public docket Plaintiffs' counsel's Supplemental Declaration and the unredacted versions of Plaintiffs' Memorandum of Points & Authorities and Exhibit 10 to their forthcoming Motion. [Doc. ## 558, 558-1, 558-2.] On June 16, 2019, Plaintiffs filed an Unopposed *Ex Parte* Application to withdraw Docket Entry Nos. 558, 558-1, and 558-2 from the public docket and direct the Court Clerk to file those documents under seal ("Unopposed *Ex Parte* Application").[1] [Doc. # 559.]

With regard to Plaintiffs' Sealing Application and Supplemental Sealing Application, the only matter that Plaintiffs still request leave to file under seal are: (a) information concerning the identities of class member asylum seekers, and (b) the name and title of a particular federal employee. *See* Sealing Appl. at 3, 8 [Doc. # 557].[2] Defendants claim that item (b) should be sealed pursuant to the protective order issued in *Lucas R., et al. v. Alex Azar, et al.*, CV 18-5741-DMG (PLAx) (C.D. Cal.).[3] *See* Schey Suppl. Decl. at ¶ 4 [Doc. # 558]. Thus, it is apparent that

---

[1] The Court Clerk has temporarily sealed Docket Entry Nos. 558, 558-1, and 558-2.

[2] All page references herein are to page numbers inserted by the CM/ECF system.

[3] Defendants also contend that the protective order in *Lucas R.* bars Plaintiffs from "using evidence collected in and subject to the protective order in *Lucas R.*" to litigate this action. *See* Schey Suppl. Decl. at ¶ 4 [Doc. # 558]. The Court need not resolve that dispute at this juncture. The only question before the Court is whether and to what extent Plaintiffs may file certain documents under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | June 17, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 2 |

Local Rule 79-5.2.2(b)'s procedures govern this aspect of Plaintiffs' sealing request. *See* C.D. Cal. L.R. 79-5.2.2(b) (governing sealing requests in which documents have been designated by another party as confidential pursuant to a protective order).

The Court issues the following rulings:

1. **By June 21, 2019**, Defendants shall comply with Local Rule 79-5.2.2(b)(i) by filing a declaration establishing "compelling reasons why the strong presumption of public access in civil cases should be overcome [with regard to item (b) above], with citations to the applicable legal standard";

2. The Court **DEFERS** ruling on Plaintiffs' Sealing Application and Supplemental Sealing Application pending Defendants' compliance with this Order; and

3. Pursuant to Local Rule 79-5.2.2, the Court **GRANTS** Plaintiffs' Unopposed *Ex Parte* Application. Docket Entry Nos. 558, 558-1, and 558-2 shall remain sealed.

**IT IS SO ORDERED**.