UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | June 25, 2019 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 2 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' SEALING APPLICATION [547], PLAINTIFFS' SUPPLEMENTAL SEALING APPLICATION [557], AND JUDITH R. HARON'S DECLARATION [564-1]**

On May 31, 2019, Plaintiffs filed an Application for leave to file a Motion to Enforce Settlement and documents relating thereto under seal ("Sealing Application"). [Doc. # 547.] Later that day, the Court issued an Order requiring Plaintiffs to provide additional support for their Sealing Application. [Doc. # 549.] On June 14, 2019, Plaintiffs filed a Supplemental Sealing Application that modified their request to file the aforementioned documents under seal ("Supplemental Sealing Application"). [Doc. # 557.] On June 17, 2019, the Court deferred ruling on Plaintiffs' Sealing Application and Supplemental Sealing Application, and ordered Defendants to "comply with Local Rule 79-5.2.2(b)(i) by filing a declaration establishing 'compelling reasons why the strong presumption of public access in civil cases should be overcome [with regard to certain information included in the documents in question], with citations to the applicable legal standard[.]'" [Doc. # 560 at 2 (quoting C.D. Cal. Local Rule 79-5.2.2(b)(i)).][1]

On June 21, 2019, Defendants filed the redacted Declaration of Judith R. Haron, the Acting Associate General Counsel for the Department of Health and Human Services. [Doc. # 564-1.] Haron attests that the documents accompanying the Motion to Enforce include two depositions that were conducted in *Lucas R., et al. v. Alex Azar, et al.*, CV 18-5741-DMG (PLAx), which "contain confidential information, including names of a third-party non-federal employee psychiatrist and non-supervisory government employees' names and base(s) of operations."[2] *See* Haron Decl. at ¶ 6 [Doc. # 564-1]. Defendants' request to seal such matters is supported by only the following assertions: "the disclosure of [this information] would violate the *Lucas R* Protective Order and implicate . . . personal privacy interests." *See id.* at ¶ 5. Haron

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] Haron is mistaken on this point, as Plaintiffs submit only one deposition transcript in support of their Motion to Enforce. *See, e.g.*, Pls.' Exs., Vol. 1 at 4–7 (listing Plaintiffs' Exhibits) [Doc. # 548-2].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | June 25, 2019 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 2 |

does not further elaborate on how such "personal privacy interests" would be infringed if this matter were disclosed on the public docket.

Assuming *arguendo* that disclosing "a third-party non-federal employee psychiatrist and non-supervisory government employees' names and base(s) of operations" would violate the Protective Order in *Lucas R.*, that fact alone is insufficient to support Defendants' sealing request. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1103 (9th Cir. 2016) (distinguishing between the "good cause" standard that applies to protective orders and the "compelling reasons" standard that governs requests to seal documents supporting motions "more than tangentially related to the merits of the case"); *see also Fitzhenry-Russel v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018) ("Merely stating that a party designated material as confidential under a protective order is insufficient by itself to seal a document."). Likewise, the bald assertion that the disclosure of information will violate certain persons' privacy interests falls far short of satisfying the compelling reasons standard. *See Ctr. for Auto Safety*, 809 F.3d at 1096 ("Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling without relying on hypothesis or conjecture.'" (alteration in original) (quoting *Kamakan v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006))). On the other hand, Plaintiffs have shown that the disclosure of information relating to the identities of asylum applicants would violate 8 C.F.R. sections 208.6 and 1208.6. *See* Sealing Appl. at 3 [Doc. # 547].

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Sealing Application and Supplemental Sealing Application, and issues the following rulings:

1. Pursuant to Local Rule 79-5.2.2(c), Plaintiffs shall refile under seal the unredacted version of the Corrected Memorandum of Points and Authorities found in Docket Entry No. 558-1, the unredacted excerpts from declarations of *Flores* class members found in Docket Entry No. 548-2, and the unredacted declarations found in Docket Entry Nos. 548-4 and 548-5 **within three (3) days** of the date of this Order; and

2. **Within three (3) days** of the date of this Order, Plaintiffs shall refile on the public docket the redacted Corrected Memorandum of Points and Authorities found in Docket Entry No. 557-1, the redacted documents found in Docket Entry Nos. 547-3, 547-5, 547-6, and 547-7, and the entirety of the unredacted deposition transcript found in Docket Entry No. 558-2.

**IT IS SO ORDERED**.