CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
Laura N. Diamond (Cal. Bar. No. 185062)
Rachel Leach (D.C. Bar No. 1047683)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org
ldiamond@centerforhumanrights.org
rleach@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores, *et al*<br><br>Plaintiffs,<br><br>v.<br><br>William Barr, Attorney General of the United States, *et al*<br><br>Defendants. | Case No. CV 85-4544-DMG (AGRx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND CONTEMPT ORDER SHOULD NOT ISSUE AND MEMORANDUM IN SUPPORT**<br><br>Hearing: None set |

Dated: June 26, 2019

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

*Counsel for Plaintiffs, continued*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

ORRICK, HERRINGTON & SUTCLIFFE LLP
Kevin Askew (Cal. Bar No. 238866)
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Email: kaskew@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elyse Echtman (*pro hac vice* pending)
Shaila Rahman Diwan (*pro hac vice* pending)
51 West 52nd Street
New York, NY 10019-6142
Telephone: 212/506-3753
Email: eechtman@orrick.com
Email: sdiwan@orrick.com

LA RAZA CENTRO LEGAL, INC.
Michael S. Sorgen (Cal. Bar No. 43107)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
152 North Third Street, 3rd floor
San Jose, CA 95112

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

1  Telephone:  (408) 280-2437
2  Facsimile:   (408) 288-8850
   Email: jenniferk@lawfoundation.org
3          kate.manning@lawfoundation.org
4          annettek@lawfoundation.org

5  NATIONAL CENTER FOR YOUTH LAW
6  Leecia Welch (Cal. Bar No. 208741)
   Neha Desai (Cal. RLSA Bar No. 803161)
7  405 14th Street, 15th Floor
8  Oakland, CA 94612
   Telephone: (510) 835-8098
9  Email: lwelch@youthlaw.org
10         ndesai@youthlaw.org

11 U.C. DAVIS SCHOOL OF LAW
12 Holly S. Cooper (Cal. Bar No. 197626)
   One Shields Ave. TB 30
13 Davis, CA 95616
   Telephone: (530) 754-4833
14 Email: hscooper@ucdavis.edu

15
16
17
18
19
20
21
22
23
24
25

26                           APPLICATION FOR LEAVE TO FILE UNDER SEAL
                              PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
27                              OF EX PARTE APPLICATION FOR TEMPORARY
                                RESTRAINING ORDER AND ORDER TO SHOW
28                           CAUSE WHY A PRELIMINARY INJUNCTION AND
                               CONTEMPT ORDER SHOULD NOT ISSUE AND
                                         MEMORANDUM IN SUPPORT
                                              CV 85-4544-DMG (AGRx)

**APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND CONTEMPT ORDER SHOULD NOT ISSUE AND MEMORANDUM IN SUPPORT**

Plaintiffs submit this unopposed Application seeking leave from the Court to file under seal portions of Exhibits 1-19, 23, 25-62, and 64-67 ("Exhibits") in Support of Plaintiffs' Ex Parte Application for Relief, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. *See* Echtman Seal Decl. ¶ 2 (table specifying information Plaintiffs seek to seal for each Exhibit). As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Elyse D. Echtman, a proposed order, and redacted and unredacted versions of the Exhibits.

The portions of the Exhibits that Plaintiffs seek to seal include:

- the full names of Class Members and/or their family members and sponsors,
- their alien registration numbers or case numbers,
- their health care information; and/or
- their full birth dates.

*See* Echtman Seal Decl. ¶ 2 (table specifying information Plaintiffs seek to seal for each Exhibit).

These Class Members are or recently were minors in the immigration detention custody of the Office of Refugee Resettlement (ORR). These youth have an interest in maintaining their privacy while in immigration custody and in their

1

APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND CONTEMPT ORDER SHOULD NOT ISSUE AND MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

private medical and mental health information.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal the portions of the documents that Plaintiffs seek to protect from public disclosure. These documents and the related Motion contain highly personal information regarding the individual Class Members, and disclosure of this information would cause them significant harm.

**I.  Compelling Reasons Support the Sealing of the Identifying Information of the Individual Class Members and Their Family Members and Sponsors.**

Plaintiffs' Ex Parte Application as well as the supporting Memorandum and Exhibits implicate several highly private interests for the individual Class Members who are identified in those documents, and thus protection of their identities and those of their family members and sponsors is warranted.

First, the Ex Parte Application, Memorandum, and Exhibits address a number of very sensitive and personal matters, including the past abuse, trauma, and private mental and physical health information and treatment of Class Members.  Courts have recognized a constitutionally protected interest in avoiding disclosure of such personal matters, including medical information.  *Doe v. Beard,* 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982) (finding that "safeguarding the physical and psychological well-being of a minor" is a compelling interest); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (granting Plaintiff-Appellant's motion to file volume of appendix under seal because "nearly every document in the volume at issue includes the name of, and/or personal and private medical information relating to, [Plaintiff-Appellant's] minor son."); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376-77 (8th Cir. 1990) (affirming decision to seal court records containing "testimony of psychologists and psychiatrists as to [child's] mental status" to prevent child from being "stigmatized and humiliated . . . "); Order granting Motion to File Declarations Under Seal at 1, *Doe v. Shenandoah Valley Juvenile Center Commission*, No. 5:17-cv-0097 (W.D. Va. Feb 26, 2018), ECF No. 43 (granting motion to file declarations of immigrant youth under seal because Plaintiffs established that the "information contained in such declarations,

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

including details regarding the declarants' mental health, past abuse, and trauma, is of a highly sensitive and personal nature . . ."). Disclosing the Class Members' names in conjunction with this information would subject them to potential stigma and humiliation. *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual.") (citation omitted).

Second, the Exhibits implicate the details of the Class Members' immigration detention and case numbers. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in the custody of the U.S. Customs and Border Patrol and/or Office of Refugee Resettlement. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records). The U.S. Department of Health and Human Services maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied alien children by maintaining the confidentiality of their personal information." U.S. Dept. of Health & Human Services, Unaccompanied Alien Children Released to Sponsors by State (June 30, 2017), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed June 25, 2019). It explains, "These children may have histories of abuse," "may be seeking safety from threats of violence," or "may have been trafficked or smuggled." *Id.* Accordingly, the agency has recognized that it "cannot release information about individual children that could compromise the child's location or identity." *Id.*

Further, the Class Members' identifying information should also be protected

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

because the sensitive subject matter at issue – including their private mental health and trauma information and immigration detention – is based exclusively on their experiences as minors. Federal courts recognize the importance of protecting minors' identities and personal information in court proceedings. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 625 F.3d 1182, 1187 (9th Cir. 2010) (Reinhardt, J., dissenting from denial of reh'g en banc) ("The interest of minors in privacy is greater than the public's interest in learning their names, even when there is no particular threat to the juvenile's physical safety or wellbeing."). Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

      Finally, many of the Class Members address in their declarations negative experiences that they have experienced in the care of the government contractors who are acting as their physical custodians. Many of them remain in the custody of these contractors, and public disclosure of their names could put them at risk of retaliation. Thus, sealing the Class Members' full names is necessary to protect their highly personal information as well as to protect them from the risk of negative reprisals from their custodians or former custodians.

      To protect the Class Members' identities effectively, it is also necessary to protect the names and identifying information, such as the telephone numbers and home addresses, of their family members and potential sponsors. Identification of

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

those individuals could lead easily to the identification of the Class Members. Further, some of the Exhibits implicate personal information of the Class Members' family members and potential sponsors, including their immigration status and histories of trauma.

## II. Sealing of Full Birthdates also is Warranted.

A number of the Exhibits also include the full birthdates of the Class Members and other individuals. Federal Rule of Civil Procedure 5.2(a) restricts parties from public filing of birthdates, other than the year of birth. Accordingly, Plaintiffs seek to seal the month and day of individuals' birthdates.

## III. Plaintiffs' Sealing Request is Narrowly Tailored.

Plaintiffs seek only a limited sealing order that permits them to file unredacted versions of the Exhibits under seal and redacted versions of the Exhibits in the public record. Other relevant information important to Plaintiffs' presentation of the issues, including the content of the Class Members' statements and other documents, would still be maintained in the public record, and the Court's resolution of these matters will be public as well. Plaintiffs do not seek to seal the entirety of the Class' members' declarations and related Exhibits, but rather specific portions necessary to protect the highly confidential and personal information of the individual Class Members. Accordingly, filing portions of the Exhibits under seal is the least restrictive method of ensuring Plaintiffs' and their family members' privacy while permitting the public access to the maximum amount of information.

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal the complete, unredacted versions of the Exhibits and to file redacted versions of the Exhibits in the public record.

Dated: June 26, 2019        */S/PETER SCHEY*
                            *Attorneys for Plaintiffs*

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín
Laura N. Diamond
Rachel Leach

USF School of Law Immigration Clinic
Bill Ong Hing

ORRICK, HERRINGTON & SUTCLIFFE LLP
Kevin Askew
Elyse Echtman
Shaila Rahman Diwan

LA RAZA CENTRO LEGAL, INC.
Michael Sorgen

LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd
Katherine H. Manning
Annette Kirkham

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai

U.C. DAVIS SCHOOL OF LAW
Holly S. Cooper

APPLICATION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS SUBMITTED IN SUPPORT
OF EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW
CAUSE WHY A PRELIMINARY INJUNCTION AND
CONTEMPT ORDER SHOULD NOT ISSUE AND
MEMORANDUM IN SUPPORT
CV 85-4544-DMG (AGRx)