CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
Laura N. Diamond (Cal. Bar. No. 185062)
Rachel Leach (D.C. Bar No. 1047683)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org
        ldiamond@centerforhumanrights.org
        rleach@centerforhumanrights.org

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>        Plaintiffs,<br>- vs -<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>        Defendants. | ) Case No. CV 85-4544 DMG (AGRx)<br>)<br>) DECLARATION OF CLASS COUNSEL IN<br>) SUPPORT OF APPLICATION FOR<br>) TEMPORARY RESTRAINING ORDER AND<br>) ORDER TO SHOW CAUSE IN RE<br>) PRELIMINARY INJUNCTION AND<br>) CONTEMPT<br>)<br>)<br>[HON. DOLLY M. GEE] |

1    *Plaintiffs' counsel, continued:*

2

3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     Kevin Askew (Cal. Bar No. 238866)
4    777 South Figueroa Street, Suite 3200
     Los Angeles, CA 90017
5    Telephone:  (213) 629-2020
     Email:        kaskew@orrick.com
6

7
     ORRICK, HERRINGTON & SUTCLIFFE LLP
8    Elyse Echtman (*pro hac vice* pending)
     Shaila Rahman (*pro hac vice* pending)
9    51 West 52nd Street
     New York, NY  10019-6142
10   Telephone:  212/506-3753
     Email:        eechtman@orrick.com
11   Email:        sdiwan@orrick.com

12

13
     LA RAZA CENTRO LEGAL, INC.
14   Michael S. Sorgen (Cal. Bar No. 43107)
     474 Valencia Street, #295
15   San Francisco, CA 94103
     Telephone: (415) 575-3500
16

17
     THE LAW FOUNDATION OF SILICON VALLEY
18   Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
     Katherine H. Manning (Cal. Bar No. 229233)
19   Annette Kirkham (Cal. Bar No. 217958)
     4 North Second Street, Suite 1300
20   San Jose, CA 95113
     Telephone:  (408) 280-2437
21   Facsimile:   (408) 288-8850
     Email: jenniferk@lawfoundation.org
22   kate.manning@lawfoundation.org
           annettek@lawfoundation.org
23

24

25
     NATIONAL CENTER FOR YOUTH LAW
26   Leecia Welch (Cal. Bar. No. 208741)
     Neha Desai (Cl. RLSA Bar No. 803161)
27   405 14th Street, 15th Floor
     Oakland, CA 94612
28

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.

1    Telephone: (510) 835-8098
     Email: lwelch@youthlaw.org
2    ndesai@youthlaw.org

3

4    U.C. DAVIS SCHOOL OF LAW
     Holly S. Cooper (Cal. Bar No, 197626)
5    One Shields Ave. TB 30
     Davis, CA 95616
6    Telephone: (530) 754-4833
7    Email: hscooper@ucdavis.edu

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.

iii

1

2

DECLARATION OF PETER SCHEY

3

4

I, Peter A. Schey, depose and say:

5

1. This declaration is made in support of the Plaintiffs' Application for

6

Temporary Restraining Order and Order to Show Cause in re Preliminary Injunction

7

and Contempt ("Application").

8

9

2. Pursuant to Paragraph 37 of the Stipulated Settlement Agreement approved by

10

this Court on January 17, 1997 ("Settlement"), Rule 56(1)(B) of the Federal Rules of

11

Civil Procedure, and Local Rule 7-19.1, class counsel and Defendants' counsel have

12

13

met telephonically and in person to discuss the alleged violations of the Settlement and

14

this Court's prior Orders (Doc. ## 177, 189, and 363). Class counsel has advised

15

Defendants' counsel of the date and substance of the Application. Defendants oppose

16

17

the Application. Class counsel discussed with Defendants' counsel deferring the filing

18

of the Application if Defendants' promptly addressed and cured the most serious

19

20

alleged violations of the Settlement involving the extreme and life-threatening

21

conditions class members are enduring. Defendants declined to do so.

22

3. Between June 10, 2019 and June 21, 2019, pursuant to Paragraph 32A of the

23

24

Settlement, class counsel coordinated monitoring visits at the El Paso and Rio Grande

25

Valley ("RGV") Sectors of the Customs and Border Protection ("CBP") to interview

26

detained members. ("Monitoring"). Eight attorneys and a child welfare expert, assisted

27

28

by a paralegal and two interpreters conducted Monitoring at the CBP El Paso Sector.

Ten attorneys and a medical expert, assisted by five interpreters, conducted Monitoring at the CBP RGV Sector. ("Monitors").

4. All Monitors were trained prior to their participation in the Monitoring and received clear directions on the procedures for interviewing class members and securing accurate declarations from them.

5. Regarding the irreparable injury class members are experiencing giving rise to their need for expedited relief from this Court, the declarations obtained by the Monitors disclosed that class members often remain in CBP detention in the El Paso and RGV sectors for days or weeks, during which time no efforts are undertaken or recorded to reasonably promptly secure their release to a sponsor under Paragraph 14 of the Settlement, nor are they expeditiously placed in a licensed facility as required by Paragraph 19 of the Settlement. Paragraph 12A of the Settlement requires "all minors [shall be placed in facilities licensed for the care of dependent minors] pursuant to Paragraph 19 as expeditiously as possible." Defendants' failure to commence and record efforts to promptly release class members to their parents or other sponsors living in the United States, or to expeditiously place them in licensed facilities, has resulted in and continues to result in hundreds of children being incarcerated in facilities never intended to detain children, with entirely inadequate or trained staff to care for the safety and well-being of children.

6. The declarations of class members also disclose that they are detained in what they call "*hieleras*," or "iceboxes," or in cages, under appalling, overcrowded, and

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.

2

unsanitary conditions which has caused a health crisis for class members and the deaths of several children. The conditions described in class members' declarations disclose a pattern and practice of neglect and disregard for the health and well-being of class members in CBP's care and custody. The preventable physical and mental health harms class members are suffering may be long-lasting, or in some cases, permanent.

7. Several class members have recently died in CBP custody. *These deaths may have been prevented had CBP substantially complied with the Settlement and promptly transferred children out of its custody.* As of the end of May 2019, class counsel is informed and believes six migrant children class members have died while in federal custody or shorty after their release. Two of the children passed away while in ORR custody, three died while in CBP custody, and one died shortly after being released from federal custody. After being diagnosed with a cold, a class member died in CBP custody on December 24, 2018. He was detained in CBP custody for six days before being transferred to a hospital. After being released he was re-admitted and shortly thereafter succumbed to his illness. A seven-year-old class member whose father warned Border Patrol agents that his daughter was sick was nevertheless transported on a 90-mile bus ride, and finally taken to a hospital where she died. Another class member was placed in CBP custody on May 13, 2019 and after several days was diagnosed with flu and then found unresponsive and died. A two-and-a-half-year-old class member died after his mother told Border patrol agents that he was ill with fever, chills, and headaches. He died on April 30, 2019.

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      8. For the forgoing reasons, as described more fully in Plaintiffs' Application

and exhibits filed concurrently herewith, Plaintiffs are suffering grave and irreparable

harm and are entitled to prompt injunctive relief.

      I declare under penalty of the perjury that the foregoing facts are true and

correct. Executed this 25th day of June, 2019, in Los Angeles, California.

Peter A. Schey

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.

4

CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state. ⌷

On June 26, 2019, I electronically filed the following document:

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE IN RE PRELIMINARY INJUNCTION AND CONTEMPT

with the United States District Court, Central District of California by using the CM/ECF system.

/s/*Peter Schey*
*Class Counsel for Plaintiffs*

DECLARATION OF CLASS COUNSEL IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER ETC.

5