JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **RESPONSE TO PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER** |

## I. **INTRODUCTION**

On June 26, 2019, Plaintiffs filed an ex parte application seeking a temporary restraining order ("TRO") against the government. In accordance with the Court's Procedures regarding ex parte applications, Defendants hereby file this response within 24 hours to raise for the Court their initial opposition points to Plaintiffs' TRO request.

Plaintiffs ask this Court to order injunctive relief that goes beyond simply ordering that Defendants comply with the plain terms of the *Flores* Settlement Agreement ("Agreement"). The relief sought would impose extensive obligations—including sanctions—on the government. Such relief is not appropriately sought through a TRO. Moreover, in seeking relief through sanctions and the imposition of extensive obligations on the government, Plaintiffs must establish their claims by clear and convincing evidence. In light of the expanded relief sought by Plaintiffs, and the exacting burden Plaintiffs must meet to obtain such relief, Defendants should be provided an opportunity to fully review and respond to the extensive briefing and evidence that Plaintiffs have filed with this Court before the Court rules. Therefore, Defendants request that the Court deny the TRO, and set a schedule for briefing these issues that provides Defendants with a full and fair opportunity to respond to the allegations that Plaintiffs have lodged against them. In the alternative, to allow for expeditious consideration of the concerns raised in Plaintiffs' application related

to the Rio Grande Valley and El Paso Border Patrol Stations, Defendants are willing to agree to an expedited mediation process to address these concerns in front of the *Flores* Special Master.

## II. ARGUMENT

Plaintiffs seek a TRO from this Court requiring:

> (1) an immediate inspection of all CBP Facilities [in the El Paso and Rio Grande Valley Border Patrol Sectors] by a public health expert authorized to mandate a remediation plan that Defendants must follow to make these facilities safe and sanitary, (2) immediate access to the Facilities by independent medical professionals appointed by Plaintiffs' class counsel or the Court-appointed Special Master who can assess the medical needs of the children and triage appropriately, and [sic] (3) deployment of an intensive case management team to focus on expediting the release of Category 1 and Category 2 children (as classified in The Trafficking Victims Protection Reauthorization Act) to alleviate the backlog caused by the inadequate Office of Refugee Replacement placement array, and (4) [] an Order finding Defendants in contempt of Court, with a suitable and appropriate remedy to be determined by the Court.

Proposed Order, ECF No. 572-6.

A TRO should not issue here, because this is not the type of request for which a TRO is appropriately sought. The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) (noting that TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)

(noting that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO"). Here, Plaintiffs seek to alter – not preserve – the status quo. For example, Plaintiffs' proposed remedies would require CBP to alter operations to allow for the inspections Plaintiffs are seeking, and then to potentially comply with a "remediation plan." Likewise, the request to "deploy" an "intensive case management team to focus on expediting the release of Category 1 and Category 2 children," goes beyond the status quo, and appears to impose remedies on the Office of Refugee Resettlement ("ORR") when no allegations against ORR are included in the memorandum of points and authorities. Plaintiffs moreover ask the Court to impose these substantial obligations on Defendants before Defendants have any chance to respond to their allegations or obtain a full and fair adjudication of the claims before the Court. Because Plaintiffs are seeking relief that is not appropriately sought through a TRO, the Court should deny Plaintiffs' request.

Further, Plaintiffs' TRO request is far more than a simple motion to enforce the terms of the Agreement, and it seeks relief beyond what is available under the Agreement. Plaintiffs ask the Court to order coercive remedies. Even if the Court does have the authority to order the remedies that Plaintiffs seek, which Defendants reserve the right to dispute, the Court's only power to order Defendants to take actions such as these that go far beyond the scope of the Agreement is based on the Court's inherent powers to enforce the Agreement and its own orders. Plaintiffs also

explicitly seek sanctions against Defendants. Requests for coercive remedies and sanctions such as the ones made by Plaintiffs fall under the framework of a civil contempt proceeding, requiring Plaintiffs to bear the burden of proof by clear and convincing evidence. *See Bailey v. Roob*, 567 F.3d 930, 934-35 (7th Cir. 2009) ("The parties agree that this circuit's case law requires the party seeking sanctions to demonstrate that the opposing party is in violation of a court order by clear and convincing evidence."); *Kelly v. Wengler*, 822 F.3d 1085, 1097 (9th Cir. 2016) (discussing how court-ordered remedies designed to ensure compliance with a settlement agreement, and to cure breach, are properly considered under civil contempt standards). Given Plaintiffs' heavy burden of proof, the Court should decline to reach any conclusions as to Plaintiffs' allegations without affording the government a full and fair opportunity to reply to the allegations that Plaintiffs have lodged against them. A TRO does not provide such an opportunity, and is not the appropriate avenue for Plaintiffs to seek the relief they are requesting, and the Court should deny this request.

### III. CONCLUSION

For the foregoing reasons, Defendants request that the Court deny the TRO, and set a schedule for briefing these issues that provides Defendants with a full and fair opportunity to respond to the allegations that Plaintiffs have lodged against them. In the alternative, to allow for expeditious consideration of the concerns raised

in Plaintiffs' application, the Court should order the parties to engage in an expedited mediation process in front of the *Flores* Special Master to address these concerns.

DATED: June 27, 2019

JOSEPH H. HUNT
Acting Assistant Attorney General
Civil Division

WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants