UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 3 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND CONTEMPT ORDER SHOULD NOT ISSUE [572]**

On June 26, 2019, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("*Ex Parte* Application"). [Doc. # 572.] The *Ex Parte* Application primarily seeks the following relief:  "(1) an immediate inspection of all [Customs and Border Protection ('CBP') facilities in the El Paso and Rio Grande Valley Sectors] by a public health expert authorized to mandate a remediation plan that Defendants must follow to make these facilities safe and sanitary, (2) immediate access to [these facilities] by independent medical professionals appointed by Plaintiffs' class counsel or the Court-appointed [Monitor] who can assess the medical needs of the children and triage appropriately, . . . (3) deployment of an intensive case management team to focus on expediting the release of Category 1 and Category 2 children (as classified in [t]he Trafficking Victims Protection Reauthorization Act) to alleviate the backlog caused by the inadequate Office of Refugee [Resettlement] placement array, and (4) for an Order finding Defendants in contempt of Court, with a suitable and appropriate remedy to be determined by the Court." *See* Proposed Order at 4 [Doc. # 572-6].[1]

On June 27, 2019, Defendants filed an Opposition, wherein they request: "that the Court deny the [request for a temporary restraining order], and set a schedule for briefing these issues that provides Defendants with a full and fair opportunity to respond to the allegations that Plaintiffs have lodged against them" or "order the parties to engage in an expedited mediation process in front of the [Monitor] to address [Plaintiffs'] concerns." *See* Opp'n at 5–6 [Doc. # 574].

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | June 28, 2019 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 3 |

  The Court has already issued several orders that have set forth in detail what it considers to be violations of the *Flores* Agreement. [Doc. ## 177, 189, 363, 470.] Thus, the parties need not use divining tools to extrapolate from those orders what does or does not constitute non-compliance. The Court has made that clear beyond peradventure.

  The Court is mindful that the emergent nature of Plaintiffs' allegations demands *immediate* action. The mediation procedures included in the Monitor's Appointment Order were intended to facilitate the expeditious remediation of conditions, such as those presented here, threatening the safety and welfare of class members and to avoid the inordinate delay that would inevitably result from any protracted litigation regarding the *Flores* Agreement.[2] Indeed, although the Court's July 24, 2015 and June 27, 2017 Orders found that CBP had committed multiple breaches of the *Flores* Agreement, Plaintiffs claim that CBP has continued to commit many of the same violations years later. *See, e.g.*, July 24, 2015 Order at 16–18 (finding widespread and deplorable conditions in holding cells of CPB stations) [Doc. # 177]; June 27, 2017 Order at 12–15 (finding the presence of unsanitary conditions at certain CBP facilities in the Rio Grande Valley Sector) [Doc. # 363]; Pls.' Mem. of P. & A. at 12–14 (asserting that CBP facilities in the Rio Grande Valley and El Paso Sectors are not sanitary) [Doc. # 572-1]. While the Court is aware that the sudden influx of migrants presents special challenges and that the facilities' conditions are not static, the *Flores* Agreement, executed in 1997, contemplated such circumstances and charged Defendants with the task of preparing a "written plan that describes the reasonable efforts that it will take to place all minors as expeditiously as possible." *Flores* Agreement, Paragraph 12.C. If 22 years has not been sufficient time for Defendants to refine that plan in a manner consistent with their "concern for the particular vulnerability of minors" and their obligation to maintain facilities that are consistently "safe and sanitary," it is imperative that they develop such a comprehensive plan *forthwith*. *Id*. at Paragraph 12.A.

//
//
//
//
//

---

  [2] The *Ex Parte* Application misleadingly asserts that although "Plaintiffs' counsel served a formal Notice of Non-Compliance . . . on Defendants and the Monitor pursuant to Section D.3 [of the Appointment Order,] . . . . [t]o date, the Monitor has not taken any action to expedite resolution of this dispute which is endangering the health and welfare of children, including infants, at the CBP facilities." *See Ex Parte* Appl. at 5 [Doc. # 572]. Plaintiffs' attorneys are fully aware that the Monitor has actively and effectively engaged with the parties, the Juvenile Coordinators, and with this Court to establish and facilitate an expeditious process for the resolution of myriad disputes that have arisen since her appointment. Henceforth, Plaintiffs' counsel shall refrain from making any such veiled ad hominem attacks against the Monitor. The Court reminds the parties that the Monitor is a duly appointed officer of this Court. *See* Fed. R. Civ. P. 53(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | June 28, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 3 |

   Therefore, pursuant to Paragraph D.3 of the Appointment Order and in accordance with Defendants' request, the Court **REFERS** Plaintiffs' *Ex Parte* Application to expedited mediation before the Monitor. In light of the evidence presented, the Court waives the time periods set forth in Section D.3. The Monitor may, in her discretion, set other deadlines and take other measures appropriate to facilitate the prompt remediation of the conditions at issue, including the retention of an independent public health expert. **By July 12, 2019**, the parties shall file a joint status report regarding their mediation efforts and what has been done to address post haste the conditions described in the *Ex Parte* Application. The parties shall participate in the mediation process in good faith. Pending the parties' mediation, the Court holds the *Ex Parte* Application in abeyance.

**IT IS SO ORDERED**.