# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) Case No. CV 85-4544-DMG |
| Plaintiffs, | ) |
| v. | ) |
| WILLIAM BARR., Attorney General of the United States; *et al.*, | ) |
| Defendants. | ) |

## ANNUAL REPORT OF JUVENILE COORDINATOR DEANE DOUGHERTY SUBMITTED BY IMMIGRATION AND CUSTOMS ENFORCEMENT

The Flores Settlement Agreement (FSA), requires a yearly report be made to the court regarding compliance with the terms of the Agreement. FSA ¶ 30. This report is due July 1, 2019. Currently, ICE is aware of five areas of noncompliance based on the Court's June 27, 2017 order: (1) providing class members with the Notice of Advisals and the free legal service providers list; (2) making prompt and continuous efforts to release/parole FSA class members; (3) releasing class members as expeditiously as possible; (4) housing minors in secure facilities; and (5) housing minors in unlicensed facilities.

ICE has continued to monitor a web-based repository used for the collection and review of the compliance data and forms relating to the Notice of Advisals, and the requirement to make continuous efforts to release members as expeditiously as possible. The current report covers ICE's compliance at its three Family Residential Centers (FRC) between May 1, 2018 and May 31, 2019.

1

I. **South Texas Family Residential Center (STFRC)**

During the reporting period, STFRC booked-in approximately 21,467 class members. For this reporting period, ICE audited 1,024 cases to verify its compliance with providing the pertinent notices and making and recording prompt and continuous efforts to release class members. Since June 2017, the number of family units encountered at the Southern border has increased exponentially. The rapidly increasing number of family units has resulted in a change in the processing of family units. During the reporting period, and continuing today, a significant portion of family units are processed for removal proceedings under Section 240 of the Immigration and Nationality Act (INA) through service of a Notice to Appear instead of being ordered expeditiously removed pursuant to Section 235 of the INA. Family units detained at a FRC that have been placed in 240 proceedings remain there only a few days while a sponsor is identified, and release paperwork is processed. Because they do not have final orders of removal and will be released on an Order of Recognizance (OREC), or parole for the duration of their removal proceedings, the parole process that was intended to address family units in expedited removal proceedings does not apply to them. Of the 1,024 files that ICE reviewed, 776 were subject to the parole process because they were subject to expedited removal under Section 235 of the INA instead of 240 proceedings.

a) **Notice of Advisals**

Of the 776 files reviewed where the parole process applied, 773 files showed that the Notice of Advisals was provided to class members. Of these files, 757 files contained a copy of the Notice, which is Exhibit 6 in the Flores Settlement Agreement, signed by a parent, legal guardian, or class member who is old enough (i.e. 14 years of age). There were 19 instances of a refusal to sign by a parent or class member who is old enough to sign for themselves.

2

Accordingly, ICE appears to be 99.6% compliant with the requirement to provide the Notice of Advisals.

### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 776 files reviewed where the parole process applied, 753 files showed that a parole determination was made. 753 files contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case.

### c) Releasing Class Members As Expeditiously as Possible

Starting November 1, 2017, STFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for more than 20 days, which included an explanation for the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20 days were due to circumstances including: lack of sponsor; delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite the child being eligible for parole; and flight risk factors including a final order of removal and limited equities in the United States. The average length of stay for juveniles booked-into STFRC during this time was 13.4 days

## II. Karnes Family Residential Center (KFRC) [1]

During the reporting period, KFRC booked-in approximately 5,495 class members. ICE committed to reviewing files to verify its compliance with providing pertinent notices and making and recording prompt and continuous efforts to release class members. ICE audited 303 cases, of which, the parole process applied to 228 individuals.

---

[1] From April 11, 2019 through the end of the reporting time period (May 31, 2019), KFRC was housing single adult females and not family units. Therefore, data pulled for these statistics represents juveniles part of a family unit that were booked into KFRC from May 1, 2018 through April 10, 2019.

3

### a) Notice of Advisals

Of the 228 files reviewed, 199 files showed that the Notice of Advisals was provided to class members. Of these files, 196 contained a copy of Notice, which is Exhibit 6 in the Flores Settlement Agreement, signed by a parent or legal guardian, or class member who is old enough (i.e. 14 years old). There were 3 instances of a refusal to sign by a parent or legal guardian. Accordingly, ICE appears to have complied with 87.3% of the requirement to provide the Notice of Advisals at KFRC.

### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 228 files reviewed where the parole process applied, 199 files showed that a parole determination was made in the class member's case. Of these files, 199 contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case. In addition, 199 files contained a facility-specific family sponsor contact forms.

### c) Releasing Class Members As Expeditiously as Possible

Stating November 1, 2017, KFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for longer than 20 days which included an explanation of the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20 days were due to circumstances including: lack of sponsor; late fear claim, data error/not being correctly booked-out on in the system, delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite the child being eligible for parole; and flight risk factors including a final order of removal and limited equities

4

in the United States. The average length of stay for juveniles booked-into KFRC during this time was 12.98 days.

### III. Berks Family Residential Center (BFRC)

During the reporting period, BFRC booked-in 389 class members. ICE committed to reviewing files to verify its compliance with providing pertinent notices and making and recording prompt and continuous efforts toward release. ICE audited 20 cases, of which, the parole process applied to 20 individuals.

### a) Notice of Advisals

Of the 20 files reviewed, 20 showed that the Notice of Advisals was provided to class members. All 20 files contained a copy of the Notice, which is Exhibit 6 in the Flores Settlement Agreement, which was signed by the parent or signed by the class member who was over the age of 14. Accordingly, ICE appears to have fully complied with the requirement to provide the Notice of Advisals.

### b) Make and Record Prompt and Continuous Efforts Toward Release

Of the 20 files reviewed, 20 showed that a parole determination was made in the class member's case. All 20 files contained a Parole Determination Worksheet with information relating to the individual parole determinations made in each class member's case. In addition, 20 files contained facility-specific family sponsor contact forms.

### c) Releasing Class Members As Expeditiously as Possible

Starting on November 1, 2017, BFRC submitted a list to the Juvenile Coordinator every Monday of class members who had been at the facility for more than 20 days which included an explanation for the continued detention. The Juvenile Coordinator reviewed these weekly reports and concurred with the continued detention in each case. The majority of cases detained over 20

days were due to circumstances including: lack of sponsor; late fear claim, data error/not being correctly booked-out on in the system, delay in transportation arrangements by the resident or sponsor; a parent requesting to not be separated from his or her child despite the child being eligible for parole; and flight risk factors including a final order of removal and limited equities in the United States. The average length of stay for juveniles booked-into BFRC during this time was 15.05 days.

### IV. Provision of Legal Aid List

The process to distribute the legal aid list has changed somewhat since ICE last reported on this. Since residence at FRC is very short and the legal aid list provided may not be applicable to the family's intended location of residence upon release, the forms are not individually distributed. Instead, residents are provided a copy of all their immigration-related forms, including the charging document prior to receiving a legal orientation or legal services presentation. At this presentation, the legal aid list is distributed to all attendees.

### V. Holding Minors in Secure Facilities

This summer ICE is working on adding points of egress to KFRC and STFRC. The addition of new egress points at both facilities will be completed by September of 2019 and will serve to increase freedom of movement for residents.

### VI. Holding Minors in Unlicensed Facilities

**a) BFRC is a licensed facility**

As this Court it aware, BFRC has been licensed since December 1, 1999, as a Child Residential and Day Treatment Facility under 55 Pa. Code § 3800. On October 22, 2015, the Pennsylvania Department of Human Services sent a letter stating that the agency would not renew the license and the licensing matter has been in active litigation since that time. However,

a state court has temporarily reinstated the license of this facility pending litigation. *In the Appeal of Berks County Residential Center*, Docket No. 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 (Commonwealth of Pennsylvania Department of Human Services, Bureau of Hearings and Appeals filed November 23, 2015). BFRC continues to be regularly inspected by the Pennsylvania Department of Human Services while litigation is pending. ICE will continue to cooperate with state inspectors.

### b) KCRC and STFRC will continue efforts to obtain licensing

In Texas, an appeals court reinstated the regulation that codifies licensing for family residential centers. *Texas Department of Family and Protective Services v. Grassroots Leadership, Inc.*, (Tex. App., Nov. 28, 2018, No. 03-18-00261-CV) 2018 WL 6187433. Texas authorities have inspected the facilities at STFRC and KFRC regularly during the pendency of the litigation and the facilities will continue seeking licensure when that becomes available.

### VII. Conclusion

During this year, ICE continued to monitor compliance through the use of electronic databases. Most reviewed files contained the appropriate Notice of Advisal and parole forms. Legal aid lists were provided to all residents at their legal orientation. Moreover, ICE will increase egress points at FRC and continue to cooperate with state authorities as licensing issues are addressed in the courts.

In total, there were approximately 28,579 unique class members detained at ICE's three FRC during this reporting period. Although 7,711 of these unique individuals were held in DHS custody for 20 days or more, the average length of stay (ALOS) for the 7,711 class members was 21.52 days in custody at an FRC, but the overall average length of stay for all 28,579 juveniles was 13.34 days.

Overall, the data and practices at FRC demonstrate that ICE complied with the FSA during this reporting period.

Respectfully submitted,

*Deane Dougherty*
Deane Dougherty
Juvenile Coordinator