JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 532-4824
    Fax: (202) 305-7000
    Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| **Jenny Lisette Flores, et al.,**<br><br>   *Plaintiffs*,<br><br>v.<br><br>**William Barr, Attorney General of the United States, et al.,**<br><br>   *Defendants.* | Case CV 85-4544 DMG-AGRx<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES** |

# INTRODUCTION

Defendants hereby oppose Plaintiffs' motion for fees and costs under the Equal Access to Justice Act ("EAJA"). This motion should be dismissed first and foremost because plaintiffs failed in their statutory duty to properly move under the EAJA within 30 days of final judgment, and are not entitled to equitable tolling in this matter. Moreover, Defendants were substantially justified in the June 2018 *Ex Parte* application for relief from the *Flores* Settlement Agreement. For both of these reasons the Court should deny Plaintiffs' motion. Finally, even if the Court finds that an award of EAJA fees is appropriate, the demand for significantly enhanced fees is unwarranted and the fees awarded should be reduced accordingly.

# PROCEDURAL BACKGROUND

On June 20, 2018, the President issued an Executive Order requiring "[t]he Attorney General [to] promptly file a request with [this Court] to modify the [*Flores* Agreement], in a manner that would permit the Secretary [of Homeland Security], under present resource constraints, to detain alien families together throughout the pendency of criminal proceedings for improper entry or any removal or other immigration proceedings." *See* Affording Congress an Opportunity to Address Family Separation, Exec. Order No. 13841, 83 Fed. Reg. 29435, 29435 (June 20, 2018) [hereinafter Exec. Order No. 13841]. On June 21, 2018, Defendants filed an *Ex Parte* Application seeking limited relief. The Court

1

denied such relief in an Order on July 9, 2018. [Dkt. #455] The government filed a protective notice of appeal, and later dismissed the appeal on April 26, 2019, rendering a final judgment on the matter. [Dkt. #539] Plaintiff filed a Motion for attorneys' fees on May 28, 2019. [Dkt. #545] Because Plaintiffs failed to comply with Local Rule 7-3, the Court denied Plaintiffs' motion on May 29, 2019. [Dkt. #546] Plaintiffs' counsel then met and conferred with Defendants and, in accordance with Local Rule 7-3, filed an Amended Motion seven days after that meet and confer, on June 7, 2019. [Dkt. #550]

## **LEGAL STANDARD**

Under the "American Rule," each party ordinarily bears its own attorney's fees unless there is express statutory authorization to the contrary. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). One such statutory authorization is the Equal Access to Justice Act ("EAJA"). "The EAJA renders the United States liable for attorneys' fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991) (citations omitted); *see also Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86 (1983) ("Waivers of immunity must be construed strictly in favor of

the sovereign," and not "enlarge[d] . . . beyond what the language requires.") (citations omitted).

The EAJA provides,

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a litigant is entitled to attorneys' fees and costs only if: (1) he or she is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. *Id*. Notably, in order to obtain fees pursuant to this provision, an EAJA applicant must,

> within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B). Further, the EAJA provides that attorneys' fees shall not be awarded in excess of $125.00/hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.* § 2412(d)(2)(A)(ii).

A prevailing party may recover attorneys' fees only if the position of the United States was not "substantially justified." 28 U.S.C. § 2412 (d)(1). Although the prevailing party is required to clearly allege that the position of the United States was not substantially justified, the government bears the burden of establishing substantial justification. *E.g., Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The government may meet that burden by establishing that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In determining whether the government's position was reasonable, a reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

A position can be justified even though a court ultimately finds that it is not correct. *Pierce*, 487 U.S. at 566. The government may sustain its burden by showing that its position is a novel but credible extension or interpretation of the

4

law. *Petition of Hill*, 775 F.2d 1037, 1042 (9th Circ. 1985). That the government lost does not raise a presumption that its position was not substantially justified, and the government need not show that it had a substantial likelihood of prevailing. *Id*.

# ARGUMENT

### I. The Motion Should be Denied Because Plaintiffs Did Not File Their EAJA Motion Within The Statutory Timeframe.

Plaintiffs filed their EAJA motion well after the statutory deadline, and the Court therefore should deny their EAJA Motion. Plaintiffs should not be entitled to equitable tolling because their late filing was due to neglect, and in any event, they did not request equitable tolling from the Court.

In order to be considered for fees and costs under EAJA, a motion must be filed with the Court no later than 30 days from final judgment. When the government dismisses its own appeal, as it did in this matter, the court's judgment dismissing the case triggers the thirty-day filing period. *See Pierce v. Barnhart*, 440 F.3d 657, 662 (5th Cir. 2006) ("We hold that where, as here, the government dismisses its own appeal, the date of dismissal commences the thirty-day period."). In addition, a court may not, by local rule, shorten or extend the time for filing an EAJA petition. *See Al-Harbi v. INS*, 284 F.3d 1080, 1082 (9th Cir. 2002) ("[T]o the

extent that [the time limit in] Ninth Circuit Rule 39-1.6 is inconsistent with the EAJA, the Circuit Rule is inapplicable, and the EAJA controls.").

The EAJA is a waiver of sovereign immunity and must be construed narrowly. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1392-93 (9th Cir. 1986). In the present matter, Plaintiffs' Amended Motion was filed well past the 30-day deadline. The judgment became final on voluntarily dismissal by the government on April 26, 2019. [Dkt. #539] Plaintiffs filed an initial Motion for Attorney Fees on May 28, 2019, which satisfied the deadline. [Dkt. #545] However, the Court promptly denied and dismissed this motion given the failure of Plaintiffs to comply with Local Rule 7-3. [Dkt. #546] Plaintiffs proceeded to re-file their Motion, now including an amended statement indicating compliance with Local Rule 7-3, on June 7, 2019. [Dkt. #550] This filing, however, was made 42 days after the final judgment date and no longer complies in a timely manner with EAJA. Accordingly, the motion should be denied as untimely.

While equitable tolling might apply in certain circumstances to excuse a party from filing outside the 30-day deadline, the Court's discretion to apply equitable tolling is limited to a case by case basis, and should be used sparingly. The Supreme Court has declined to apply such relief in instances of mere carelessness on the part of plaintiff. *See Irwin v. Dep't of VA*, 498 U.S. 89, 96

(1990) (declining to offer equitable tolling given an excuse ranked "at best [as] a garden variety claim of excusable neglect"). In addition, courts have opted against considering applying the doctrine when the reasons equitable tolling is merited are unknown. *See Bernstein v. DOC*, No. C 95-0582 MHP, 2004 U.S. Dist. LEXIS 6672 (N.D. Cal. Apr. 19, 2004) (refusing to consider an equitable tolling when "applicants have not put forth a sufficient equitable basis for invoking the doctrine"). Here, Plaintiffs are not entitled to equitable tolling of the EAJA statutory deadline because they provide no explanation at all for their failure to timely file their motion, let alone one that could be seen as anything other than carelessness or neglect.

     The Amended Notice of Motion makes only one direct reference to the refiling as timely. *See* Plaintiffs' Amended Notice of Motion for Attorneys' Fees at 1 [Dkt. #550] ("This Amended Notice of Motion and Motion is timely, in accordance with the Court's Minute Order allowing refiling without prejudice after compliance"). Plaintiffs note that refiling is permitted pursuant to the Court's Order, which expressly allowed for refiling. However, Plaintiffs fail to discuss the timeliness issue or to explain how their amended filing might be found to meet the statutory deadline when it was filed 12 days after that deadline. They fail to explain why they should be excused from failing to timely file because they failed to comply with the local rule requiring a meet and confer with counsel. And they

provide no reason why that failure was anything other than careless, particularly given that they have complied with that very local rule in numerous other filings in this litigation. In short, Plaintiffs provide no information or explanation that would warrant equitable tolling in this specific matter. Given the long established practice of construing waivers of sovereign immunity narrowly, the Court should therefore deny Plaintiffs' motion as untimely filed.

## II. Defendants Have Substantial Justification Due to Special Circumstances

If the Court considers the motion on the merits, then the Court should deny the motion because Defendants were substantially justified in their position in the underlying litigation. Specifically, Defendants were substantially justified in bringing their motion because they were required to do so by the Executive Order, and recent injunctions had raised special circumstances of particularly novel and complex issues in this matter.

The EAJA permits a court to deny attorneys' fees and expenses to prevailing parties where "the court finds…that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The legislative history further explains that "[t]his 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." H.R. Rep. No. 96-1418, at 11 (1980),

*reprinted in* 1980 U.S.C.C.A.N. 4984, 4990; S. Rep. No. 96-253, at 7 (1979). As pertains to this case, the preliminary injunction issued in the ongoing *Ms. L* case presented novel and complex challenges to the government with regard to the issue of keeping families together in family residential centers. Additionally, Executive Order No. 13841 raised new questions about the government's custody of families, and required Defendants' request to the Court for emergency modification of the *Flores* Settlement. *Ms. L. v. United States Immigration & Customs Enf't ("ICE")*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018). Because the underlying filing was a result of the challenging legal scenario resulting in the *Ms. L.* injunction as well as an Executive Order requiring the filing, there is good reason to find that the government's position was substantially justified and to deny Plaintiffs' motion on that ground.

### III. **Plaintiffs Demand an Unreasonably Enhanced Fee**

Should the Court find that an award is justified, the Court should reduce the amount awarded because Plaintiffs are requesting an unreasonably enhanced fee structure.

A district court may not award attorneys' fees in excess of $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). This $125 per hour

9

rate may be presumptively construed as a ceiling, not a floor. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) ("The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor.") The Ninth Circuit has notably held that any practice specialty in a particular area of the law may constitute a "special factor" for EAJA purposes. *See Nadarajah v. Holder*, 569 F.3d 906, 912-14 (9th Cir. 2009). However, if such practice specialties routinely are recognized as "special factors," then fee awards that are actually subject to the statutory cap imposed by Congress will indeed be rare. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("We decline to adopt counsel's proposed per se rule that 'the practice of immigration law should be classified as a specialty similar to practicing patent law.'"). Accordingly, even if a case arises in the context of a particular field of law, if there were no complex factual or legal issues unique to that field of law, then there can be no basis for an enhancement on the basis of "limited availability of qualified counsel." *See United States v. Real Prop. Known as 22249 Dolorosa St.*, 190 F.3d 977, 984 (9th Cir. 1999) ("[e]ven assuming that expertise in defending civil forfeiture actions qualifies as a practice specialty requiring distinctive knowledge and skills, [the additional requirements that the skills be needed in the litigation and unavailable elsewhere at the statutory rate] have not been met here."); *Rueda-Menicucci*, 132 F.3d 493, 496 (9th Cir. 1997) ("[w]hile we believe that a specialty

in immigration law could be a special factor warranting an enhancement of the statutory rate…we find that counsel's specialized skill was not needful for the litigation in question").

The enhanced fee requested by Plaintiffs in this matter is excessive and should not be ordered by the Court. Specifically, Defendants oppose an award of $950/hour for Peter Schey. *See* Plaintiffs' Amended Notice of Motion for Attorneys' Fees at 14 [Dkt. #550]. While Defendants recognize that the Court has previously found that "Schey…[is] uniquely positioned to efficiently litigate the enforcement action in question," in this action any particular expertise of Mr. Schey was not required, and the increasing enhancement of Schey's rate with each passing litigation is inappropriate. [Dkt. #383] Notably, the Special Monitor in this case is paid at a rate of only $275/hour, *see* Order Appointing An Independent Monitor at 17 [Dkt. #494], and a payment to Plaintiffs' counsel of more than three times that rate for a motion that did not raise any issues "requiring distinctive knowledge and skills" is plainly excessive. Defendants therefore assert that if the Court awards fees to Plaintiffs, it should award a rate to Mr. Schey that is more in line with the Monitor's rate of $275 per hour.

## CONCLUSION

Plaintiffs have failed in their statutory duty to comply with the deadline and have forfeited their request of attorney fees. Moreover, Plaintiffs are not entitled to

EAJA fees as the Government was substantially justified in their litigation. Finally, the enhanced fee of attorney Peter Schey has exceeded a reasonable level and should be reduced.

DATED: July 12, 2019                JOSEPH H. HUNT
                                    Acting Assistant Attorney General
                                    Civil Division

                                    WILLIAM PEACHEY
                                    Director, District Court Section
                                    Office of Immigration Litigation

                                    WILLIAM SILVIS
                                    Assistant Director, District Court Section
                                    Office of Immigration Litigation

                                    */s/ Sarah B. Fabian*
                                    SARAH B. FABIAN
                                    Senior Litigation Counsel
                                    Office of Immigration Litigation
                                    District Court Section
                                    P.O. Box 868, Ben Franklin Station
                                    Washington, D.C. 20044
                                    Tel: (202) 532-4824
                                    Fax: (202) 305-7000
                                    Email: sarah.b.fabian@usdoj.gov

                                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

DATED: July 12, 2019        */s/ Sarah B. Fabian*
                            SARAH B. FABIAN
                            Senior Litigation Counsel
                            District Court
                            Office of Immigration Litigation
                            Civil Division, U.S. Department of Justice