CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
Laura N. Diamond (Cal. Bar. No. 185062)
Rachel Leach (D.C. Bar No. 1047683)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org
ldiamond@centerforhumanrights.org
rleach@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores., *et al.*, | Case No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | Hearing:  None set |
| William Barr, Attorney General of the United States, *et al.*, | [HON. DOLLY M. GEE] |
| Defendants. | |

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

ORRICK, HERRINGTON & SUTCLIFFE LLP
Kevin Askew (Cal. Bar No. 238866)
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Email: kaskew@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elyse Echtman
Shaila Rahman
51 West 52nd Street
New York, NY 10019-6142
Telephone: 212/506-3753
Email: eechtman@orrick.com, sdiwan@orrick.com

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone: (408) 280-2437
Email: jenniferk@lawfoundation.org,
kate.manning@lawfoundation.org
annettek@lawfoundation.org

## Joint Status Report

On June 26, 2019, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("*Ex Parte* Application"). [Doc. # 572.][1]

On June 27, 2019, Defendants filed an Opposition, wherein they requested that the Court deny the request for a temporary restraining order, and set a schedule for briefing these issues that provided Defendants with a full and fair opportunity to respond to the allegations that Plaintiffs lodged against them, or to order the parties to engage in an expedited mediation process in front of the Monitor to address Plaintiffs' concerns. Opposition at 5–6 [Doc. # 574.]

On June 28, 2019, this Court issued its In Chambers - Order re Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("June 28, 2019 Order"). [Doc. # 576.] The June 28, 2019 Order refers the issues in the *Ex Parte* Application for expedited mediation before the *Flores* Monitor. *Id*. at 3. The Order also required that by July 12, 2019, the parties shall file a joint status report

---

[1] Class Counsel is fully aware that the Monitor has actively and effectively engaged with Class Counsel, the Juvenile Coordinators, and with this Court, to establish and facilitate an expeditious process for the resolution of myriad disputes that have arisen since her appointment. The statement in the *Ex Parte* App. at 5 [Doc. # 572], discussed in footnote 2 of the Court's June 28, 2019 Order, was inadvertently included in the *Ex Parte* Application and is hereby withdrawn.

"regarding their mediation efforts and what has been done to address post haste the conditions described in the *Ex Parte* Application." *Id.*

Further, on July 8, 2019, the Court issued an order by agreement of the parties authorizing the appointment of Dr. Wise as the Monitor's expert. [Doc. # 591.] The Notice sets the following terms and conditions of Dr. Wise's appointment:

> [T]he Expert will consult with and assist the Monitor in assessing child health and safety conditions in facilities operated by Customs and Border Protection (CBP) and Office of Refugee Resettlement (ORR). The Expert will advise the Monitor on any remedial steps necessary to bring the conditions of custody and systems of child health care into compliance with the law and the Flores Settlement Agreement (FSA).
>
> The Expert will assess the health conditions of minors in custody of CBP and ORR and will, among other things, review and assess demographic and programmatic data, standards and protocols for child health and safety, and medical records of children in custody of CBP and ORR. The Expert will conduct facility inspections, interviews with children and parents in the custody of CBP and ORR, and meet with responsible Department of Homeland Security and Department of Health and Human Services officials and relevant experts and professional organizations.

*Id.* at 2.

On July 10, 2019, the parties engaged in good faith mediation conducted by the Monitor. Dr. Wise was present after conducting his first visit to the Rio Grande Valley (RGV) Sector. Present for Plaintiffs were counsel for Plaintiffs and certain of Plaintiffs' experts. Present on behalf of Defendants were Defendants' counsel, Dr. David Tarantino, CBP's Senior Medical Advisor, Henry Moak, CBP's Juvenile Coordinator, and representatives from CBP and from U.S. Border Patrol.

At that mediation, the parties and the Monitor agreed that on or before August 15, 2019, Dr. Wise will submit to Class Counsel, Defendants' counsel, and the Monitor a draft report of his findings and recommendations; on or before August 22, 2019, Plaintiffs and Defendants will provide to the Monitor their objections to or comments regarding Dr. Wise's draft report and recommendations, if any; by August 29, 2019, Dr. Wise will submit to the Monitor his report and recommendations taking into account the comments of the parties as appropriate, and the Monitor will promptly provide copies to Class Counsel and Defendants' counsel. The parties and the Monitor agreed to reconvene in mediation approximately one week after Dr. Wise's report and recommendations are provided to the Monitor.

The parties agree that the ongoing mediation discussions will cover all topics raised in Plaintiffs *Ex Parte* Application, including medical care, conditions of custody for class members in the RGV and El Paso Sectors, the duration of custody for class members in the RGV and El Paso Sectors, and data collection and

disclosure. The parties agree that the goal of reaching joint resolution of these issues is best served by allowing time for continued discussions that are informed by Dr. Wise's observations and recommendations.

Defendants represent that in May, RGV Sector apprehended 4,870 UACs and 33,933 family units, and El Paso Sector apprehended 3,256 UACs and 29,815 family units. By contrast, in June, RGV Sector apprehended 3,903 UACs and 30,165 family units, and El Paso Sector apprehended 1,311 UACs and 13,508 family units. *See* https://www.cbp.gov/newsroom/stats/sw-border-migration/usbp-sw-border-apprehensions (Southwest Border Family Unit Subject, Unaccompanied Alien Children, and Single Adult Apprehensions Fiscal Year 2019- by Month). Defendants further represent that lower apprehension rates combined with increases in capacity by HHS have allowed for reductions in the numbers of minors in custody and reduced times in custody for minors in the RGV and El Paso sectors.

In order to provide some assurances to Plaintiffs, the Monitor, and the Court, while Dr. Wise's evaluation is ongoing, Defendants also assert that they have provided to Plaintiffs and the Monitor—and will further provide—information about the services that they are currently providing in the RGV and El Paso Border Patrol Sectors that may serve to mitigate the challenges presented by the unprecedented recent influxes in those Sectors. Defendants commit that they will promptly provide to the Monitor (and in some cases to Plaintiffs)—subject to any necessary restrictions caused by the contracting process—contracts from the RGV

and El Paso Sectors that evidence the current services available to class members in these two sectors related to the conditions addressed in the *Ex Parte* Application. Defendants further commit that they will assess whether there are any additional modifications that can be made to any of these contracts.

    The parties agreed that the Special Monitor will continue to perform her ongoing responsibilities throughout this period.

                                            Respectfully submitted,

Dated: July 12, 2019        */s/Peter Schey*
                                          *Class Counsel for Plaintiffs*
                                          CENTER FOR HUMAN RIGHTS &
                                          CONSTITUTIONAL LAW
                                          Peter A. Schey
                                          Carlos Holguín
                                          Laura N. Diamond
                                          Rachel Leach


                                          */s/ Sarah Fabian*
                                          *Counsel for Defendants*
                                          U.S. DEPARTMENT OF JUSTICE
                                          Sarah B. Fabian
                                          Senior Litigation Counsel
                                          Office of Immigration Litigation
                                          District Court Section

/ / /

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On July 12, 2019 I electronically filed the following document(s): JOINT STATUS REPORT with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
*Attorney for Plaintiffs*