1   JOHN S. PURCELL (SBN 158969)
    john.purcell@arentfox.com
2   DAVID L. DUBROW
    david.dubrow@arentfox.com
3   JAMES H. HULME
    james.hulme@arentfox.com
4   JUSTIN A. GOLDBERG (SBN 293424)
    justin.goldberg@arentfox.com
5   ANDREW DYKENS
    andrew.dykens@arentfox.com
6   MOHAMMED T. FAROOQUI
    mohammed.farooqui@arentfox.com
7   JAKE CHRISTENSEN
    jake.christensen@arentfox.com
8   MELISSA A. TRENK
    melissa.trenk@arentfox.com
9   **ARENT FOX LLP**
    555 West Fifth Street, 48th Floor
10  Los Angeles, California 90013
    Telephone: 213.629.7400
11  Facsimile:  213.629.7401

12  Attorneys for *Amici Curiae*
    American Academy of Child and Adolescent
13  Psychiatry, *et al.*

14                  UNITED STATES DISTRICT COURT
15
                    CENTRAL DISTRICT OF CALIFORNIA
16

17  JENNY LISETTE FLORES, et al.,        Case No.  2:85-cv-4544-DMG
18                     Plaintiffs,        ***Ex Parte* Application for Leave to File
19                                        Proposed Amicus Brief of *Amici*
    v.                                    *Curiae* the American Academy of
20                                        Child and Adolescent Psychiatry
    WILLIAM P. BARR, Attorney General     ("*Amicus* 1"), the American Academy
21  of the United States, et al.,         of Pediatrics ("*Amicus* 2"), the
22                     Defendants.         American Academy of Pediatrics,
                                          California ("*Amicus* 3"), the
23                                        American Federation of Teachers
24                                        ("*Amicus* 4"), the American Medical
                                          Association ("*Amicus* 5"), the
25                                        American Professional Society on the
26                                        Abuse of Children ("*Amicus* 6"), the
27                                        American Psychiatric Association
                                          ("*Amicus* 7"), the American**
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**Psychoanalytic Association ("*Amicus* 8"), the California American Professional Society on the Abuse of Children ("*Amicus* 9"), the Center for Law and Social Policy ("*Amicus* 10"), the Children's Defense Fund ("*Amicus* 11"), the Lutheran Immigration and Refugee Service ("*Amicus* 12"), the National Association of Social Workers ("*Amicus* 13"), the National Education Association ("*Amicus* 14"), the Texas Pediatric Society ("*Amicus* 15"), the Women's Refugee Commission ("*Amicus* 16"), together with First Focus on Children ("*Amicus* 17"), Save the Children Action Network, Inc. ("*Amicus* 18"), Save the Children Federation, Inc. ("*Amicus* 19"), United States Fund for UNICEF ("*Amicus* 20"), and ZERO TO THREE ("*Amicus* 21"), in support of Plaintiffs**

18
19
20
21
22
23
24
25
26
27
28

The American Academy of Child and Adolescent Psychiatry, the American Academy of Pediatrics, the American Academy of Pediatrics, California, the American Federation of Teachers, the American Medical Association, the American Professional Society on the Abuse of Children, the American Psychiatric Association, the American Psychoanalytic Association, the California American Professional Society on the Abuse of Children, the Center for Law and Social Policy, the Children's Defense Fund, the Lutheran Immigration and Refugee Service, the National Association of Social Workers, the National Education Association, the Texas Pediatric Society, and the Women's Refugee Commission, together with First Focus on Children, Save the Children Action Network, Inc., Save the Children Federation, Inc., UNICEF USA, and ZERO TO THREE

(together, Amici Children's Organizations) hereby submit this *ex parte* application for an order granting leave to participate as *amici curiae* in support of Plaintiffs. (Plaintiffs' Motion). The Amici Children's Organizations' proposed brief is attached to this application as <u>Exhibit A</u>. The Amici Children's Organizations respectfully request that the Court consider the proposed brief in ruling on Plaintiffs' and Defendant's Motions.

As required by Local Civil Rules L.R. 7-19 and 7-19.1, Amici Children's Organizations contacted counsel for Plaintiffs and the federal government in order to ascertain the parties' positions on this application. Plaintiffs and the federal government both consented to the participation of the Amici Children's Organizations.[1]

The federal government's final rule, "Apprehension, Processing, Care, and Custody of Alien Minors and Unaccompanied Children" ("final rule"), found at 8 C.F.R. pts. 212, 236; 45 C.F.R. pt. 410 (2019), and as published at 84 Fed. Reg. 44,392 (Aug. 23, 2019), is a clear and undeniable departure from the requirements of the longstanding *Flores* Settlement Agreement ("FSA"), which "sets out nationwide policy for the detention, release, and treatment of minors in the custody" of the federal government. (FSA ¶ 9.) The FSA, among its many requirements and minimum standards, mandates that the federal government "treat . . . all minors in its custody with dignity, respect and special concern for their particular vulnerability as minors," detain children "in the least restrictive setting appropriate to the [child's] age and special needs," and "hold minors in facilities

---

[1] Counsel for Amici Children's Organizations contacted the following counsel: (1) for Plaintiffs:  Holly Cooper, Immigration Law Clinic, U.C. Davis School of Law, 400 Mrak Hall Drive, Davis, CA 95616-5201, Phone: 530-754-4833, Email: hscooper@ucdavis.edu; and (2) for the federal government:  Sarah B. Fabian, U.S. Department of Justice, Office of Immigration Litigation, P.O. Box 868, Ben Franklin Station, Washington, D.C. 20044, Phone: 202-532-4824, Email: sarah.b.fabian@usdoj.gov.

that are safe and sanitary" for no more than twenty (20) days. (FSA ¶¶ 11, 12A; *Flores v. Lynch* (C.D. Cal. 2015) 212 F.Supp.3d 907, 914, *aff'd in part, rev'd in part and remanded* (9th Cir. 2016) 828 F.3d 898.)

While the FSA as originally entered into was intended to "terminate the earlier of five years from the date of final court approval of th[e] Agreement or three years after the court determines that the INS is in substantial compliance with the Agreement, *except the following*:  the INS *shall continue* to house the general population of minors in INS custody in facilities that are state-licensed for the care of dependent minors." (FSA ¶ 40.) In 2001, the parties stipulated to a modification to the FSA, allowing it to remain in force until forty-five days after the federal government's "*publication of final regulations implementing this Agreement*." (Stipulation Extending Settlement Agreement at 1, *Flores v. Reno*, No. 85-cv-4544-RJK (Px), Dkt. No. 13 (C.D. Cal. Dec. 12, 2001) (emphasis in original).) As further discussed in the Amici Children's Organizations' proposed brief, the final rule's changes to the key provisions of the FSA clearly violate the requirement that the rule "implement[ ]" the FSA.

The Amici Children's Organizations, as organizations committed to the care, health, well-being, and welfare of immigrant children in the United States, have a strong interest in ensuring that the final rule as currently written not be allowed to go into effect and that the FSA not be terminated until it is properly implemented at some future time by rule that reflects the spirit, intent, and mandate of the FSA.[2] Should the court allow the FSA to terminate and permit the final rule to persist in its current form, it will inflict myriad unnecessary, lasting, and irreversible government-sanctioned harm to the general welfare, mental and physical health, and educational development of the tens of thousands of immigrant children that

---

[2] Further information on each of the Amici Children's Organizations is included in Exhibit 1 to the proposed brief, attached hereto as Exhibit A.

1  cross the U.S. border each year. The Court's immediate intervention is needed to
2  prevent the final rule, which is directly in conflict with the FSA, from going into
3  effect.

4          Accordingly, the Amici Children's Organizations respectfully request that
5  the Court grant the instant *ex parte* application for leave to file the proposed brief in
6  support of Plaintiffs.

1

2    Dated:        August 30, 2019              Respectfully submitted,

3

4                                        By: */s/ John. S. Purcell*

5                                           JOHN S. PURCELL
                                           DAVID L. DUBROW
6                                           JAMES H. HULME
                                           JUSTIN A. GOLDBERG
7                                           ANDREW DYKENS
                                           MOHAMMED T. FAROOQUI
8                                           JAKE CHRISTENSEN
                                           MELISSA A. TRENK

9                                          **Attorneys for *Amici Curiae***
10                                         **the the American Academy of Child and
                                           Adolescent Psychiatry ("*Amicus* 1"), the**
11                                         **American Academy of Pediatrics
                                           ("*Amicus* 2"), the American Academy of**
12                                         **Pediatrics, California ("*Amicus* 3"), the
                                           American Federation of Teachers**
13                                         **("*Amicus* 4"), the American Medical
                                           Association ("*Amicus* 5"), the American**
14                                         **Professional Society on the Abuse of
                                           Children ("*Amicus* 6"), the American**
15                                         **Psychiatric Association ("*Amicus* 7"),
                                           the American Psychoanalytic**
16                                         **Association ("*Amicus* 8"), the California
                                           American Professional Society on the**
17                                         **Abuse of Children ("*Amicus* 9"), the
                                           Center for Law and Social Policy**
18                                         **("*Amicus* 10"), the Children's Defense
                                           Fund ("*Amicus* 11"), the Lutheran**
19                                         **Immigration and Refugee Service
                                           ("*Amicus* 12"), the National Association**
20                                         **of Social Workers ("*Amicus* 13"), the
                                           National Education Association**
21                                         **("*Amicus* 14"), the Texas Pediatric
                                           Society ("*Amicus* 15"), the Women's**
22                                         **Refugee Commission ("*Amicus* 16"),
                                           together with First Focus on Children**
23                                         **("*Amicus* 17"), Save the Children Action
                                           Network, Inc. ("*Amicus* 18"), Save the**
24                                         **Children Federation, Inc. ("*Amicus*
                                           19"), United States Fund for UNICEF**
25                                         **("*Amicus* 20"), and ZERO TO THREE
                                           ("*Amicus* 21")**

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 30, 2019, I electronically filed the foregoing documents and attachments with the Clerk for the United States Court for the Central District of California by using the appellate CM/ECF system. A true and correct copy of this Ex Parte Application has been served via the Court's CM/ECF system on all counsel of record.

Dated:   August 30, 2019     */s/ John S. Purcell*
                   John S. Purcell