CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
PETER A. SCHEY (Cal. Bar No. 58232)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone:  (213) 388-8693
Email:     crholguin@centerforhumanrights.org
           pschey@centerforhumanrights.org

*Additional Plaintiffs' counsel on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, Attorney General, *et al.*,<br><br>Defendants. | Case No. CV 85-4544-DMG (AGRx)<br><br>PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR EXTENDED PAGE LIMIT; DECLARATION OF COUNSEL<br><br>Hearing:  None scheduled |

*Plaintiff's counsel, continued*:

LEECIA WELCH (Cal. Bar No. 208741)
NEHA DESAI (Cal. RLSA Bar No. 803161)
FREYA PITTS (Cal. Bar No. 295878)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        fpitts@youthlaw.org

HOLLY S. COOPER (Cal. Bar No. 197626)
Co-Director, Immigration Law Clinic
University of California Davis School of Law
One Shields Ave. TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email:  hscooper@ucdavis.edu

JENNIFER KELLEHER CLOYD (CAL. BAR NO. 197348)
KATHERINE H. MANNING (CAL. BAR NO. 229233)
ANNETTE KIRKHAM (CAL. BAR NO. 217958)
The Law Foundation of Silicon Valley
152 North Third Street, 3rd floor
San Jose, CA 95112
Telephone: (408) 280-2437
Facsimile:  (408) 288-8850
Email: jenniferk@lawfoundation.org
       kate.manning@lawfoundation.org
       annettek@lawfoundation.org

///

KEVIN ASKEW (CAL. BAR NO. 238866)
Orrick, Herrington & Sutcliffe llp
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Email: kaskew@orrick.com

ELYSE ECHTMAN (ADMITTED *PRO HAC VICE*)
SHAILA RAHMAN DIWAN (*ADMITTED PRO HAC VICE*)
RENE KATHAWALA (ADMITTED *PRO HAC VICE*)
Orrick, Herrington & Sutcliffe llp
51 West 52nd Street
New York, NY 10019-6142
Telephone: 212-506-5000
Email: eechtman@orrick.com
sdiwan@orrick.com
rkathawala@orrick.com

/ / /

Plaintiffs oppose Defendants' ex parte application (Doc. #631) to file a 60-page brief supplementing their opposition to Plaintiffs' motion (Doc. #516) to enforce the *Flores* settlement agreement ("Settlement") and supporting an independent motion to terminate the Settlement (Doc. 639) based on—yes, once again—"changed circumstances." Plaintiffs respectfully request that the Court deny Defendants' request for an extended page limit, order Defendants to re-file their supplemental brief as a standalone filing, and deny Defendants' motion to terminate *sua sponte* for the reasons discussed below.

On September 7, 2018 Defendants published proposed regulations aimed at terminating the Settlement. *See Apprehension, Processing, Care and Custody of Alien Minors and Unaccompanied Alien Children*, 83 Fed. Reg. 45,486– 45,534 ("Proposed Rule").

Plaintiffs thereupon moved the Court to declare Defendants in anticipatory breach of ¶ 9 of the Settlement, which enjoins rulemaking that is "inconsistent with the terms of the Settlement."

On November 21, 2018, the Court deferred ruling on Plaintiffs' motion pending Defendants' publishing final regulations. Order re: Plaintiffs' Motion to Enforce Settlement, Nov. 21, 2018 (Doc. #525). The Court ordered that "[w]ithin seven (7) days of the publication of the final regulations, the parties shall file simultaneous supplemental briefing addressing whether the regulations are consistent with the terms of the *Flores* Agreement" and that Plaintiffs' motion "shall thereafter be deemed submitted." *Id*.

On August 23, 2019, Defendants issued their final rule. 84 Fed. Reg. 44,392 (Aug. 23, 2019) (the "Final Rule"). On August 30, Plaintiffs filed a 19-page supplemental brief (Doc. #634) demonstrating that the Final Rule is grossly inconsistent with the Settlement and accordingly violative of Settlement ¶ 9.

Defendants, on the other hand, opted to ignore the Court's directive, and instead applied ex parte to file a combined 60-page brief both opposing Plaintiffs'

motion to enforce and supporting an independent motion to terminate the Settlement.[1] The Court should deny Defendants' application.

First, Defendants were previously afforded an opportunity to file 25 pages opposing Plaintiffs' motion. Read with Local Rule 11-6, the Court's order afforded them another 25 pages, for a total of 50, to oppose Plaintiffs' motion. That is more than enough.

Second, the *only* time-sensitive issue now before the Court is whether the Final Rule is or is not consistent with the Settlement. As reflected in the Court's Order of November 21, that question—and that question alone—must be resolved with 45 days following publication of the Final Rule. In contrast, *none* of Defendants' alternative grounds for terminating the Settlement is subject to the 45-day deadline, nor, indeed, to any deadline at all.

Third, Defendants have unsuccessfully argued the "alternative" grounds for terminating the Settlement set out in their combined memorandum multiple times before: *i.e.,*

- that the Settlement should be jettisoned in light of "changed circumstances," particularly the "unprecedented increase" in families seeking to enter the United States across the southern border;[2]

---

[1] The Court's procedure regarding ex parte applications provides: ". . . The moving party . . . shall notify the opposing party that any opposition must be filed not later than 24 hours after the service of the application. The moving party shall advise the Court in its application whether opposing counsel will be filing opposition . . ." Hon. Dolly M. Gee, Judge's Procedures, *available at* www.cacd.uscourts.gov/honorable-dolly-m-gee (last visited September 2, 2019).

Defendants (1) failed to advise the Court in its application that Plaintiffs would be filing opposition to their ex parte application; and, (2) as far as Plaintiffs know, failed to advise that their opposition would be due 24 hours after service of their application. Declaration of Carlos Holguín, attached hereto.

[2] *Compare* Defendants' Notice of Termination of *Flores* Settlement Agreement, etc., August 30, 2019 (Doc. #639) ("Motion to Terminate") at 51 ("It is in the

- that the Settlement was never intended to cover children taken into federal custody as part of family units;[3] and
- that changes in the law—enactment of the Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 and the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044 ("TVPRA")—have created "conflicts" with the Settlement that warrant its termination.[4]

Remarkably, Defendants themselves acknowledge that "as recently as last year, this Court found that the prominent changes in statutory law and the landscape of immigration" do *not* warrant termination or amendment of the Settlement. Motion to Terminate at 54-55. Defendants nevertheless "submit that [the Court's] conclusion was erroneous," *id*. at 55, even as they fail to identify their motion as

---

public interest to terminate the Agreement given the . . . unprecedented surge of family migration . . ."); *with* Defendants' Protective Notice of Motion to Modify Settlement Agreement, February 27, 2015 (Doc. #120) at 4 ("2015 Motion to Modify") ("[T]oday the numbers of UACs, and the numbers of accompanied children, have skyrocketed."); *and* Defendants' Memorandum of Points and Authorities in Support of Ex Parte Application for Relief from the *Flores* Settlement Agreement, June 21, 2018 (Doc. #435-1) at 3 ("Illegal family crossing and apprehensions . . . [have] dramatically increased . . .").

[3] *Compare* Motion to Terminate at 8 ("Nowhere does the Agreement specify criteria for programs or conditions governing custody of family units."); *with* Defendants' Response in Opposition to Plaintiffs' Motion to Enforce Settlement of Class Action, February 27, 2015 (Doc. #121) at 7-20 (arguing that Settlement does not protect accompanied class members).

[4] *Compare* Motion to Terminate at 53-54 ("The law governing immigration and alien minors has changed significantly since the Agreement was entered, further warranting termination."); *with* Defendants' Response in Opposition to Plaintiffs' Motion to Enforce Settlement, August 26, 2016 (Doc. #247) at 10-16 (arguing that TVPRA supersedes Settlement ¶ 24A); and 2015 Motion to Modify at 15-20 (same).

seeking reconsideration and to explain how their re-arguing failed theories passes muster under Local Rule 7-18.

The Court's Standing Order provides: "Memoranda of points and authorities shall not exceed 25 pages. . . *Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.*" www.cacd.uscourts.gov/sites/default/files/documents/DMG/AD/Initial%20Standing%20Order-DMG.pdf (emphasis added). Defendants' desire to accrete tired and discredited refrains to the supplemental brief the Court ordered them to file hardly constitutes good cause for blowing up the page limits of Local Rule 11-6.

Fourth, nothing prevented Defendants from filing an independent motion to terminate during the nine months that have transpired since they published the Proposed Rule. Nor does anything—save perhaps Rule 11, Fed.R.Civ.Proc.—stop them from filing an independent motion to terminate, either now or at any time after they file the supplemental brief this Court ordered them to file.[5]

Finally, Defendants' ex parte application implicitly demands the Court to (again) resolve discredited, extraneous, and time-independent reasons to scuttle the Settlement simultaneously with Plaintiffs' nine-month old motion to enforce. Defendants' ex parte application and combined brief transparently pile on and coat-tail with an eye toward setting up yet another appeal that will have little or no chance of success, but that will serve to placate political objectives having no place in a court of law. That doing so foists a palpable strain on the Court's ability to resolve Plaintiffs' motion within the 45-day deadline concerns Defendants little, if at all.

---

[5] Of course, were Defendants simply to file an independent motion to terminate, Local Rule 11-6 would allow them opening and reply briefs of 25 pages each and obviate any need to burden this Court and Plaintiffs with the instant superfluous ex parte application.

In sum, this Court should enforce its Standing Order, its Order of November 21, Local Rules 7-18 and 11-6, and its procedure regarding ex parte applications—all of which Defendants flaunt—deny Defendants' ex parte application, and deny Defendants' Motion to Terminate *sua sponte* for failing to comply with the foregoing rules and procedures. *E.g.*, Order Denying Without Prejudice Plaintiffs' Motion for Award of Attorney's Fees, May 29, 2019 (Doc. #546) (denying motion for failure to meet and confer pursuant to Local Rule 7-3).[6]

Dated: September 3, 2019

CARLOS R. HOLGUÍN
PETER A. SCHEY
Center for Human Rights & Constitutional Law

LEECIA WELCH
NEHA DESAI
FREYA PITTS
National Center for Youth Law

HOLLY S. COOPER
CARTER WHITE
U.C. Davis School of Law

KEVIN ASKEW
ELYSE ECHTMAN
SHAILA DIWAN RAHMAN
RENE KATHAWALA
Orrick, Herrington & Sutcliffe LLP


*/s/ Carlos Holguin*
Carlos Holguín
*One of the attorneys for Plaintiffs*

---

[6] In the alternative, Plaintiffs request that the Court deny Defendants' request for an extended page limit, order Defendants to re-file their supplemental brief, and require Defendants to re-file their motion to terminate after meeting and conferring with Plaintiffs regarding an appropriate briefing and hearing schedule subsequent to this Court's ruling on Plaintiffs' Motion to Enforce.

## DECLARATION OF CARLOS HOLGUIN

I, Carlos Holguín, declare and say as follows:

1. I am one of two attorneys who currently serve as class counsel for Plaintiffs in *Flores v. Barr*.

2. Annexed hereto is a true and correct copy of an email chain reflecting Defendants' effort to advise Plaintiffs of their intent to file a combined brief supplementing their opposition to Plaintiffs' motion to enforce (Doc. #516) and in support of an independent motion to terminate the *Flores* settlement agreement. To my knowledge, Defendants made no effort beyond what appears in the annexed email chain to advise Plaintiffs of their ex parte application (Doc. #631), or to notify Plaintiffs "that any opposition must be filed not later than 24 hours after the service of the application."

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of September, 2019, at Santa Clarita, California.

_____
Carlos Holguin

/ / /

**From:** Carlos Holguín crholguin@centerforhumanrights.org
**Subject:** Re: Flores Regulation Timing and Meeting and Conferring
**Date:** August 28, 2019 at 1:32 PM
**To:** Fabian, Sarah B (CIV) Sarah.B.Fabian@usdoj.gov
**Cc:** Flentje, August (CIV) August.Flentje@usdoj.gov, Davila, Yamileth G (CIV) Yamileth.G.Davila@usdoj.gov, Holly S Cooper hscooper@ucdavis.edu, Leecia Welch lwelch@youthlaw.org, Kathawala, Rene rkathawala@orrick.com, Neha Desai ndesai@youthlaw.org, Peter Schey pschey@centerforhumanrights.org

Plaintiffs oppose Defendants' filing a combined memorandum of any length.

Plaintiffs oppose Defendants' filing an oversize supplemental brief on Plaintiffs' motion to enforce (Doc. #516).

Plaintiffs take no position with respect to Defendants' seeking leave to file an oversize brief in support of an independent motion to termine the *Flores* settlement.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

On Aug 28, 2019, at 1:11 PM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Carlos – notwithstanding your objections to the substance of what Defendants intend to file, am I correct in understanding that you would agree that a combined brief including Defendants' supplemental briefing and Defendants' Motion may be 50 pages long? And if so can you please clarify if you intend to object to our application to file an additional 10 pages so that we can note your objection—or lack thereof—for the Court in our filing.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Carlos Holguín <crholguin@centerforhumanrights.org>
**Sent:** Monday, August 26, 2019 6:40 PM
**To:** Flentje, August (CIV) <AFlentje@CIV.USDOJ.GOV>; Davila, Yamileth G (CIV) <ydavila@CIV.USDOJ.GOV>
**Cc:** Holly S Cooper <hscooper@ucdavis.edu>; Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Leecia Welch <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai <ndesai@youthlaw.org>; Peter Schey <pschey@centerforhumanrights.org>
**Subject:** Re: Flores Regulation Timing and Meeting and Conferring

Dear Counsel,

Some nine months ago Plaintiffs moved for an order requiring Defendants to comply

Some nine months ago Plaintiffs moved for an order requiring Defendants to comply with the *Flores* Settlement notwithstanding its rulemaking. On November 21, 2018, the Court took Plaintiffs' motion under submission and ordered the Parties to file *supplemental* briefs addressing whether the final regulations cured the myriad inconsistencies between Defendants' proposed rules and the *Flores* Settlement Plaintiffs had identified in the proposed rules.

Whether the *Flores* Settlement continues to regulate Defendants' treatment of class members notwithstanding their final regulations is therefore squarely before the Court regardless of any new motion Defendants may file. Inasmuch as both sides have already been allotted 25 pages of briefing on that motion, there should be no need for Defendants to file anything approaching 60 pages of *supplemental* briefing. (To be frank, Plaintiffs see no reason Defendants should require more pages than Local Rule 11-6 allows to establish what they could not succeed in establishing in 100, 1,000 or even 10,000 pages: namely, that Defendants' final regulations are consistent with the *Flores* Settlement.)

Insofar as Defendants wish to raise other grounds for terminating the *Flores* Settlement, they are free to do so by separate motion, which would allow them another 25 pages of briefing. Combined, Defendants' supplemental brief on Plaintiffs' motion and their brief supporting an independent motion would amount to 50 pages, or only ten fewer than they now want.

In sum, Plaintiffs will vigorously oppose Defendants' "piggy-backing" a new motion on the one Plaintiffs filed nine months ago and any move that could delay resolution of whether Defendants' regulations are consistent with the *Flores* Settlement.

One final matter: the regulations aside, as I understand them, Defendants intended grounds for seeking termination of the *Flores* Settlement involve the passage of time and changed circumstances. Those grounds sound much the same as those the Court has previously rejected for *modifying* the Settlement, to say nothing of terminating it. I trust Defendants will prove me wrong, but in the event the grounds Defendants assert for terminating the Settlement prove duplicative of those the Court has previously rejected, Plaintiffs will strongly consider seeking Rule 11 sanctions.

Sincerely,

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

> On Aug 26, 2019, at 1:53 PM, Flentje, August (CIV)

On Aug 26, 2019, at 1:55 PM, Flentje, August (CIV) <August.Flentje@usdoj.gov> wrote:

Holly –

Thank you for conferring with us last week. As discussed, the government's position is that the Flores Agreement's termination provision was triggered upon publication of the implementing regulation on Friday, and our filing this week will address that in response to the Court's order, and also include in the alternative a motion to terminate the Agreement.  We appreciated our discussion of the upcoming deadline, and our current plan is to file on the Court's deadline – August 30.   We are not exactly sure what rule would apply to govern the length of next week's filing, but we will likely be asking the Court to permit us to file a brief of 60 pages addressing both our motion and our response to the Court's order.  Will you object?  We would of course not object to your filing a brief of the length you need to respond to the court's order, although keep in mind one reason for the length of our request will be that our memorandum will address both the response and our motion, and you will of course get a chance to respond to the motion in the normal course under the rules.

Thank you for your consideration and let us know if you'd like to discuss.

Auggie

---

**From:** Holly S Cooper <hscooper@ucdavis.edu>
**Sent:** Thursday, August 22, 2019 11:18 AM
**To:** Flentje, August (CIV) <AFlentje@CIV.USDOJ.GOV>; Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch (lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org) <ndesai@youthlaw.org>; Davila, Yamileth G (CIV) <ydavila@CIV.USDOJ.GOV>
**Subject:** Re: Flores Regulation Timing and Meeting and Conferring

Thanks, we are waiting to hear from Carlos Holguin if this time works. He is in a deposition in D.C. right now and we will confirm as soon as we hear from him.

---

**From:** Flentje, August (CIV) <August.Flentje@usdoj.gov>
**Sent:** Thursday, August 22, 2019 7:49 AM
**To:** Holly S Cooper <hscooper@ucdavis.edu>; Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch

<crholguin@centerforhumanrights.org>; Leecia Welch
(lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene
<rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org)
<ndesai@youthlaw.org>; Davila, Yamileth G (CIV)
<Yamileth.G.Davila@usdoj.gov>
**Subject:** RE: Flores Regulation Timing and Meeting and Conferring

Let's talk at 12 pacific, 3 eastern.  Adding Yami Davila.  Thanks for offering to send a conference number.

**From:** Holly S Cooper <hscooper@ucdavis.edu>
**Sent:** Wednesday, August 21, 2019 9:46 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch (lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org) <ndesai@youthlaw.org>
**Cc:** Flentje, August (CIV) <AFlentje@CIV.USDOJ.GOV>
**Subject:** Re: Flores Regulation Timing and Meeting and Conferring

Sarah and August,
We are available tomorrow from 12-3 PST. Please let us know if any of those times work and we can circulate a conference line.

Best,
Holly

Get Outlook for iOS

**From:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
**Sent:** Wednesday, August 21, 2019 5:32:34 PM
**To:** Holly S Cooper <hscooper@ucdavis.edu>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch (lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org) <ndesai@youthlaw.org>
**Cc:** Flentje, August (CIV) <August.Flentje@usdoj.gov>
**Subject:** RE: Flores Regulation Timing and Meeting and Conferring

Thanks Holly – apologies if I misread your email. I thought you were requesting a meet and confer yourself.

Yes, let's set a time to talk after the rule is posted for public inspection, which is expected to be tomorrow. My schedule may be harder to pin down so if you can give us a few timeframes where your team is available, Auggie and I will do our best to make a time

work for one or both of us.

Thank you,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

---

**From:** Holly S Cooper <hscooper@ucdavis.edu>
**Sent:** Wednesday, August 21, 2019 8:02 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch (lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org) <ndesai@youthlaw.org>
**Cc:** Flentje, August (CIV) <AFlentje@CIV.USDOJ.GOV>
**Subject:** Re: Flores Regulation Timing and Meeting and Conferring

We don't believe a meet and confer is necessary but we saw that you had suggested that the parties would be meeting and conferring in your filing today. Please let us know if we interpreted this in error. Thanks, Sarah, and safe travels.

Get Outlook for iOS

---

**From:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
**Sent:** Wednesday, August 21, 2019 4:50:49 PM
**To:** Holly S Cooper <hscooper@ucdavis.edu>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch (lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org) <ndesai@youthlaw.org>
**Cc:** Flentje, August (CIV) <August.Flentje@usdoj.gov>
**Subject:** RE: Flores Regulation Timing and Meeting and Conferring

Adding Auggie Flentje. I am traveling over the next few days, but we can work with you to schedule a time to meet and confer after the rule is posted for public inspection. What do you need to meet and confer about?

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

---

**From:** Holly S Cooper <hscooper@ucdavis.edu>
**Sent:** Wednesday, August 21, 2019 4:02 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Carlos Holguin (crholguin@centerforhumanrights.org) <crholguin@centerforhumanrights.org>; Leecia Welch (lwelch@youthlaw.org) <lwelch@youthlaw.org>; Kathawala, Rene <rkathawala@orrick.com>; Neha Desai (ndesai@youthlaw.org) <ndesai@youthlaw.org>
**Subject:** Flores Regulation Timing and Meeting and Conferring

Dear Sarah,

We are in receipt of your filing regarding the notice of the filing of final regulations. We were wondering what your availability is to meet and confer. Thank you.

Holly S. Cooper
Co-Director
Immigration Law Clinic
UC Davis School of Law
One Shields Avenue TB 30
Davis, CA 95616
Tel: (530) 754-4833
Fax: (530) 752-0822
hscooper@ucdavis.edu