CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
Rachel Leach (D.C. Bar No. 1047683)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
         crholguin@centerforhumanrights.org
         rleach@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores., *et al.*, | Case No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | Hearing:  None set |
| William Barr, Attorney General of the United States, *et al.*, | [HON. DOLLY M. GEE] |
| Defendants. | |

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

ORRICK, HERRINGTON & SUTCLIFFE LLP
Kevin Askew (Cal. Bar No. 238866)
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Email: kaskew@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elyse Echtman
Shaila Rahman
51 West 52nd Street
New York, NY 10019-6142
Telephone: 212/506-3753
Email: eechtman@orrick.com, sdiwan@orrick.com

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone: (408) 280-2437
Email: jenniferk@lawfoundation.org,
kate.manning@lawfoundation.org
annettek@lawfoundation.org

## Joint Status Report

On June 26, 2019, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("*Ex Parte* Application"). [Doc. # 572.]

On June 27, 2019, Defendants filed an Opposition, wherein they requested that the Court deny the request for a temporary restraining order, and set a schedule for briefing these issues that provided Defendants with a full and fair opportunity to respond to the allegations that Plaintiffs lodged against them, or to order the parties to engage in an expedited mediation process in front of the Monitor to address Plaintiffs' concerns. Opposition at 5–6 [Doc. # 574.]

On June 28, 2019, this Court issued its In Chambers - Order re Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("June 28, 2019 Order"). [Doc. # 576.] The June 28, 2019 Order refers the issues in the *Ex Parte* Application for expedited mediation before the *Flores* Monitor. *Id*. at 3. The Order also required that by July 12, 2019, the parties shall file a joint status report "regarding their mediation efforts and what has been done to address post haste the conditions described in the *Ex Parte* Application." *Id*.

Further, on July 8, 2019, the Court issued an order by agreement of the parties authorizing the appointment of Dr. Wise as the Monitor's expert. [Doc. #

591.] The Notice sets the following terms and conditions of Dr. Wise's appointment:

> [T]he Expert will consult with and assist the Monitor in assessing child health and safety conditions in facilities operated by Customs and Border Protection (CBP) and Office of Refugee Resettlement (ORR). The Expert will advise the Monitor on any remedial steps necessary to bring the conditions of custody and systems of child health care into compliance with the law and the Flores Settlement Agreement (FSA).
>
> The Expert will assess the health conditions of minors in custody of CBP and ORR and will, among other things, review and assess demographic and programmatic data, standards and protocols for child health and safety, and medical records of children in custody of CBP and ORR. The Expert will conduct facility inspections, interviews with children and parents in the custody of CBP and ORR, and meet with responsible Department of Homeland Security and Department of Health and Human Services officials and relevant experts and professional organizations.

*Id*. at 2.

As previously reported, on July 10, 2019, the parties engaged in good faith mediation conducted by the Monitor. [Doc.# 599]. Dr. Wise was present after conducting his first visit to the Rio Grande Valley (RGV) Sector. Present for Plaintiffs were counsel for Plaintiffs and certain of Plaintiffs' experts. Present on

behalf of Defendants were Defendants' counsel, agency counsel, Dr. David Tarantino, CBP's Senior Medical Advisor, Henry Moak, CBP's Juvenile Coordinator, and representatives from U.S. Border Patrol.

On August 16, 2019, Dr. Paul Wise's 56-page draft Interim Report was circulated to all parties by the Monitor. All parties timely submitted comments to Dr. Wise's draft Interim Report.

On September 6, 2019, the Monitor provided the Parties with Dr. Wise's final Interim Report. Dr. Wise considered the comments provided by all parties in the final Interim Report. Dr. Wise also provided specific explanatory responses to the comments received from Plaintiffs, CBP, and HHS.

On September 11, 2019, the Parties met and conferred in good faith mediation conducted in Los Angeles and overseen by the Monitor serving as mediator. Dr. Paul Wise was present throughout the mediation. All Parties appeared with counsel and experts.

The Parties, Dr. Wise, and the Monitor agreed that Dr. Wise will continue his review and prior to the next scheduled mediation will prepare a more detailed set of recommendations on the issues Dr. Wise previously addressed in his report, the Monitor will provide the Parties with copies of Dr. Wise's recommendations, and the Parties plan to meet for mediation in Los Angeles on October 17, 2019 to discuss these more detailed recommendations.

The parties agree that the ongoing mediation discussions will cover all topics on which Dr. Wise made recommendations in his Interim Report. The parties agree that the goal of reaching joint resolution of these issues is best served by allowing time for continued discussions that are informed by Dr. Wise's more detailed recommendations.

The parties agreed that the Monitor will continue to perform her ongoing responsibilities throughout this period.

Respectfully submitted,

Dated: September 17, 2019     /s/Peter Schey
                              *Class Counsel for Plaintiffs*
                              CENTER FOR HUMAN RIGHTS &
                              CONSTITUTIONAL LAW
                              Peter A. Schey
                              Carlos Holguín
                              Rachel Leach

                              /s/ Sarah Fabian
                              *Counsel for Defendants*
                              U.S. DEPARTMENT OF JUSTICE
                              Sarah B. Fabian
                              Nicole N. Murley
                              Senior Litigation Counsel
                              Office of Immigration Litigation
                              District Court Section

///

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On September 16, 2019 I electronically filed the following document(s): JOINT STATUS REPORT
with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
*Attorney for Plaintiffs*