Case 2:85-cv-04544-DMG-AGR   Document 680   Filed 09/20/19   Page 1 of 7   Page ID #:33534

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 532-4824
    Fax: (202) 305-7000
    Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
|     Plaintiffs, | **DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT** |
|     v. | |
| WILLIAM P. BARR, Attorney General of the United States; *et al.*, | Hearing Date: <br> Time: <br> Dept: |
|     Defendants. | |

## I. INTRODUCTION

Defendants file this surreply with the permission of the *Flores* Independent Monitor to address two issues raised by Plaintiffs for the first time in their August 23, 2019 Reply to Defendants' Opposition To Motion To Enforce (ECF No. 629). Defendants contend that the Court should not address these issues, as they were not specifically raised as issues in Plaintiffs' Motion to Enforce, and Defendants' further object to Plaintiffs' attempts to seek additional relief from the Court in their Reply. In the alternative, should the Court consider these newly-raised issues, Defendants contend that the Court should decline to find that they provide any basis to find Defendants in breach of the Agreement, and should conclude that Plaintiffs are not entitled to the relief they seek.

## II. ARGUMENT

### A. For The First Time In Their Reply, Plaintiffs Incorrectly Contend That ORR's Policy Regarding Telephone Communication Is In Breach Of The Agreement.

Plaintiffs' Motion focused solely on Homestead and asked the Court to: (1) order ORR to make and record continuous efforts aimed at the release of class members; (2) order ORR to release class members to a sponsor or transfer them to a licensed facility within 14 days of arrival at an influx facility; (3) order ORR to cease expending funds for certain purposes; and (4) grant such other relief as Plaintiffs may seek and the Court deems just. Motion at 28. Plaintiffs did not seek any relief regarding telephone calls. Indeed, in their initial Motion, Plaintiffs mention the issue of class members making telephone calls in only one sentence with an accompanying footnote. *See* Motion at 21. That sentence is part of a broader segment of the Motion in which Plaintiffs assert that class members suffer harm as a result of being placed at Homestead. Motion at 17-22. Defendants responded to this assertion by explaining that "[t]elephone time for UACs at Homestead is in line with ORR Policy at all shelter facilities." Opposition at 7.

Defendants further disputed Plaintiffs' apparent assertion that the minimum phone times at Homestead support a conclusion that Homestead is a "secure" facility. *Id.* at 19-20.

In their Reply, Plaintiffs now raise the new argument that ORR's Policy regarding minimum phone time—a policy that is applicable to all ORR shelter facilities—impedes the prompt release of class members. Reply at 22-23. Plaintiffs then ask the Court to order specific relief regarding this ORR Policy, and to order that Defendants "provide detained class members an hour a week to speak in private on the telephone with their parents or potential sponsors to facilitate prompt release." *Id.* at 23. Because this argument and request for relief were raised for the first time on reply, the Court should decline to consider them. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Lucas R. v. Azar*, No. CV185741DMGPLAX, n.15, 2018 WL 7200716, at *10 (C.D. Cal. Dec. 27, 2018).

Even if the Court does consider Plaintiffs' argument on this point, the Court should decline to order the relief requested by Plaintiffs. As an initial matter, if the Court wishes to consider this issue it should order additional briefing to provide Defendants a full opportunity to address this policy, and to submit evidence on why the policy is reasonable and in furtherance of ORR's concerns for the best interests of the children in its custody. And in any event, the Court should deny the relief that Plaintiffs request because Plaintiffs have made no showing that the minimum requirements on phone time impede reunifications. In fact, other than the bare assertion that "contact with class members is of course made more difficult by the fact that Defendants restrict class member phone calls with parents or sponsors to 20 minutes per week[,]" Reply at 23 n.28, and their request for relief on that point, *Id.* at 23, Plaintiffs point to absolutely no evidence that this ORR Policy has any effect on a child's time in custody. Nor do they explain how this policy, which is applicable at all ORR facilities, creates any specific risk of prolonged detention or other harm to class members at the Homestead facility in particular. Further,

if Plaintiffs' argument is based on Exhibit 1 to the *Flores* Agreement, then it must fail because as a matter of the contractual nature of the settlement agreement that Plaintiffs negotiated, Exhibit 1 does not apply in influx facilities such as Homestead. *See* Agreement at ¶¶ 6, 12 (excepting from Exhibit 1 and "licensed program" requirements certain situations, including those of emergency or influx); *see also* Agreement at Exhibit 3.

Because Plaintiffs' argument on this point is entirely without merit, even if the Court considers Plaintiffs' argument it should decline to order the requested relief.

### B. For The First Time On Reply, Plaintiffs Challenge ORR's Alleged Policy On Release Of Class Members To Unrelated Sponsors.

In their Reply, Plaintiffs argue for the first time that Defendants do not release class members from Homestead "as expeditiously as possible" because, they allege, ORR maintains restrictions on release to Category 3 sponsors—restrictions that apply to class members at all ORR facilities, not just Homestead. Reply at 22-23 (discussing ORR Rule 2.2.4). In their Motion, the only challenge that Plaintiffs raise to Rule 2.2.4 is to the requirements in that rule regarding the submission of birth certificates. Motion at 27. Because Plaintiffs raise this challenge to ORR's Rule regarding Category 3 sponsors for the first time on Reply, the Court should decline to consider it or to make any rulings regarding this Policy. *Zamani*, 491 F.3d at 997.

Even if the Court does consider Plaintiffs' argument on this point, the Court should decline to order the relief requested by Plaintiffs. As an initial matter, if the Court wishes to consider this issue then it should provide the opportunity for additional briefing so that Defendants can submit evidence showing the important child welfare concerns that support ORR's application of this Rule. And in any event, the Court should deny the relief that Plaintiffs request because Plaintiffs have made no showing that this Rule has actually resulted in any delay of reunifications for class members at Homestead. Moreover, Plaintiffs simply assert that the Rule violated Paragraph 14 of the *Flores*

Agreement, but make no effort to explain why a Rule that places limits on the release of children to adults who are unknown to the child and to the child's family is unreasonable. Without such a showing Plaintiffs cannot establish that this Rule prevents release as expeditiously as possible, particularly considering ORR's needs to consider factors such as this one that may impact the safety of the child upon release. Plaintiffs also do not explain how this Rule, which is applicable at all ORR facilities, creates any specific risk of prolonged detention or other harm to class members at the Homestead facility in particular.

Finally, Plaintiffs may not be aware of updates to the Policy of 2.2.4 that existed at the time they filed their reply. The Policy, as amended July 3, 2019 and available at: https://www.acf.hhs.gov/orr/resource/children-entering-the-united-states-unaccompanied-section-2#2.2.4, reads as follows:

> **Category 3 potential sponsors without a bona fide pre-existing relationship**
>
> Category 3 potential sponsors who are unable to provide verifiable documentation of a familial relationship with the unaccompanied alien child must submit evidence that reliably and sufficiently demonstrates a bona fide social relationship with the child and/or the child's family that existed before the child migrated to the United States. Care providers must attain sufficient corroboration to be confident that they have received needed verification of the relationship between the potential sponsor and the child or child's family. If a Category 3 potential sponsor does not submit evidence that reliably and sufficiently demonstrates a bona fide preexisting social relationship between the potential Category 3 sponsor and the child and/or the child's family, ORR may take this into account when determining the suitability of the case for release. In such cases ORR may require that the potential Category 3 sponsor, the UAC, and the child's family, establish ongoing regular contact while the child is in ORR care, prior to a release recommendation.

Thus, the Policy that Plaintiffs challenge is not the one actually in effect, and this gives further reason to find that Plaintiffs' challenge lacks merit.

Because Plaintiffs' argument on this point is without merit, even if the Court considers Plaintiffs' argument it should decline to order the requested relief.

### III. CONCLUSION

For the foregoing reasons, the Court should decline to consider these arguments that are raised for the first time in Plaintiffs' Reply. If the Court does consider these arguments, then it should provide the opportunity for further briefing, or deny them outright.

DATED: September 20, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

    I hereby certify that on September 20, 2019, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants