CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
Rachel Leach (D.C. Bar No. 1047683)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org
        rleach@centerforhumanrights.org

*Listing continues on next page*
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>William Barr, Attorney General of the United States, *et al.*,<br><br>Defendants. | Case No. CV 85-4544-DMG-AGRx<br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR ATTORNEYS' FEES**<br><br>Hearing: October 11, 2019, 9:30 AM<br><br>[HON. DOLLY M. GEE] |

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

ORRICK, HERRINGTON & SUTCLIFFE LLP
Kevin Askew (Cal. Bar No. 238866)
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  (213) 629-2020
Email:        kaskew@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
Elyse Echtman
Shaila Rahman
51 West 52nd Street
New York, NY  10019-6142
Telephone:  212/506-3753
Email: eechtman@orrick.com, sdiwan@orrick.com

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
PUBLIC INTEREST LAW FIRM
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone:  (408) 280-2437
Email: jenniferk@lawfoundation.org,
kate.manning@lawfoundation.org
annettek@lawfoundation.org

# TABLE OF CONTENTS

1.      Plaintiffs' EAJA Motion Satisfies the requirements of 28 USC 2412(d)(1)(B) ........................................................................................................................1

II.     Defendants' Pre-Litigation and Litigation Positions Were Not Substantially Justified ........................................................................................................3

III.    Reasonableness of fee request ........................................................................8

IV.     Conclusion .....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Conn. Nat'l Bank v.* Germain, 503 U.S. 249 (1992) ........................................3

*Gonzales v. Free Speech Coal.,* 408 F.3d 613 (9th Cir. 2005) .......................4

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ....................................................4

*INS v. Cardoza-Fonesca,* 480 U.S. 421 (1987) ..............................................3

*Kali v. Bowen*, 854 F.2d 329 (9th Cir. 1988) .................................................4

*Ms. L. v. United States Immigration & Customs Enf't ("ICE")*, 310 F. Supp. 3d

     1133 (S.D. Cal. 2018) ...............................................................................4

*Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) .......................................9

*Perrin v. United States*, 444 U.S. 37, 42 (1979) .............................................3

*Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988) .......8

*Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ..........................8

*Wis. Cent. Ltd. v. United States*, 138 U.S. 2067, 2074 (2018) ........................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Other authorities</u>

28 U.S.C. § 2412(d)(1)(B) ............................................................................2

Affording Congress an Opportunity to Address Family Separation, Exec. Order No.

   13841, 83 Fed. Reg. 29435 (June 20, 2018) ...........................................5

H.R. Rep. No. 96-1418, at 11 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990;

   S. Rep. No. 96-253 (1979) .......................................................................8

*/ / /*

**1.    Plaintiffs' EAJA Motion Satisfies the requirements of 28 U.S.C. 2412(d)(1)(B)**

Within thirty days of final judgment in this action, Plaintiffs did "submit to the court" an application for fees and expenses as required by 28 U.S.C. § 2412(d)(1)(B), and their application met all the requirements of that section.

Consistent with 28 U.S.C. § 2412(d)(1)(B), Plaintiffs' Motion for Attorneys' Fees and Costs ("Motion") [Doc. # 545] showed that Plaintiffs "prevailed and accordingly satisfy the first requirement for an EAJA fee award," (Motion at 2-3); Plaintiffs' net worth is far less than $2,000,000 (*id*., at 3-4); Defendants' position lacked substantial justification  (*id*. at 5-9); class counsel possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate (*id*. at 10-12), that "no special circumstances make a fee award unjust," *(id*. at 7), and includes declarations stating the hours counsel devoted to prosecuting this action in itemized time records. *Id*. at 10.

The Government nevertheless argues "[t]he Motion should be denied because plaintiffs did not file their EAJA motion within the [30 day] statutory time frame." Defendant's Opposition to Plaintiffs' Amended Motion for Award of Attorneys' Fees at 5 ("Opposition") [Dkt. # 597]. Defendants simply ignore Plaintiffs' initial Motion for an award of attorneys' fees [Doc. # 545] as if it was never submitted or filed. As this Court recited in its In Chambers - Order Denying Without Prejudice

REPLY TO OPPOSITION TO MOTION FOR ATTORNEYS FEES

CV 85-4544-DMG-AGRx

Plaintiffs' Motion for Award of Attorneys' Fees ("May 2019 Order") [Doc. # 546]:

On May 28, 2019, Plaintiffs "filed" a Motion for Award of Attorneys' Fees. *Id*.

Defendants do not dispute that the motion filed on May 28, 2019, was timely filed.

Because the Motion did not contain a statement required by Local Rule 7-3

indicating that counsel conferred at least seven days prior to the filing of the

motion, C.D. Cal. L.R. 7-3, the Court denied the motion "without prejudice to

refiling after compliance" with the Local Rule. May 2019 Order at 1.

Consistent with the Court's Order, the parties promptly met and conferred,

Defendants stated they opposed the motion, and Plaintiffs' filed an Amended

Motion noting that the parties had met and conferred in compliance with C.D. Cal.

L.R. 7-3. Amended Notice of Motion and Motion for Award of Attorneys' Fees

("Amended Motion") at 1. [Doc. # 550].

28 U.S.C. § 2412(d)(1)(B) requires that within thirty days of final judgment,

a party seeking EAJA fees "submit to the court" an application for fees. Plaintiffs

"submit" an application for fees by filing their application with the Court. Having

done so, they complied with the terms of § 2412(d)(1)(B). Plaintiffs timely

"submit[ted]" the motion to the Court. Neither logic nor the wording of §

2412(d)(1)(B) suggest that a timely submitted motion later denied with leave to

refile, should be treated as a motion that was never submitted.

The starting point in statutory construction is to look at the plain meaning of

the statute as courts must "presume that a legislature says in a statute what it means

2

and means in a statute what it says ...” *Conn. Nat'l Bank v.* Germain, 503 U.S. 249,
253-54 (1992). Words generally should be “interpreted as taking their ordinary,
contemporary, common meaning … ” *Wis. Cent. Ltd. v. United States*, 138 U.S.
2067, 2074 (2018) (*citing Perrin v. United States*, 444 U.S. 37, 42 (1979)). “[T]he
ordinary and obvious meaning of a phrase in a statute is not to be lightly
discounted.” *INS v. Cardoza-Fonesca,* 480 U.S. 421, 431 (1987).

According to Black's Law Dictionary “submit” – the term used in §
2412(d)(1)(B) – means “to place it before a tribunal for determination.”[1]
Webster's Dictionary defines submit as “to present or propose to another for
review, consideration, or decision.”[2] In accordance with the ordinary,
contemporary, and common meaning of the term “submit,”, Plaintiffs submitted–
and indeed, filed–their EAJA motion within thirty days of final judgment.[3]

## II.     Defendants' Pre-Litigation and Litigation Positions Were Not Substantially Justified

---

[1] *See* The Law Dictionary available at: https://thelawdictionary.org/submit/ (last checked Sept. 27, 2019).
[2] Submit definition, *Merriam-Webster Dictionary*, available at: https://www.merriam-webster.com/dictionary/submit?src=search-dict-box (last checked Sept. 27, 2019).
[3] Defendants argue that "[w]hile equitable tolling might apply in certain circumstances to excuse a party from filing outside the 30-day deadline, the Court's discretion to apply equitable tolling is limited to a case by case basis, and should be used sparingly." Opposition at 6:22-25. However, in this case there is no need for the Court to equitably toll the EAJA 30-day deadline because Plaintiffs' met that deadline by timely "submit[ting]" a motion that met all of the requirements of § 2412(d)(1)(B).

3

To win a "substantial justification" defense against an award of EAJA fees, the

Government must show both that "the government was substantially justified in

taking its original action; and second, … the government was substantially justified

in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332

(9th Cir. 1988).[4] "The government bears the burden of demonstrating substantial

justification." *Gonzales v. Free Speech Coal.,* 408 F.3d 613, 618 (9th Cir. 2005).

Defendants argue that they "were substantially justified in bringing their

motion because they were required to do so by Executive Order, and recent

injunctions had raised special circumstances of particularly novel and complex

issues in this matter." Opposition at 8.

The issuance of a preliminary injunction in *Ms. L. v. United States

Immigration & Customs Enf't ("ICE")*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018),

regarding the separation of children from their parents had nothing to do with the

terms of the *Flores* Settlement, and presented no "novel and complex challenges to

the government with regard to the issue of keeping families together in family

residential centers." Opposition at 9. Defendants never even bother to explain what

they mean by "novel and complex challenges" they faced operating family

---

[4] "The test for whether the government is substantially justified is one of
'reasonableness.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *see also Pierce
v. Underwood*, 487 U.S. 552, 566 n.2 (position can be substantially justified "even
though it is not correct . . . if it has a reasonable basis in law and fact").

detention centers in a manner consistent with the *Flores* Settlement because of the
*Ms. L.* preliminary injunction.

Nor can Defendants show their position was substantially justified "because
they were required to [file their *Ex Parte* Application] by the Executive Order [No.
13841]." Opposition at 8.[5] The Executive Order instructed the Attorney General to
"promptly file a request with the U.S. District Court for the Central District of
California to modify the Settlement Agreement in Flores … in a manner that would
permit the Secretary … to detain alien families together throughout the pendency of
criminal proceedings for improper entry or any removal or other immigration
proceedings." *Id*. at § 3(e).

The fact that President Trump directed the Attorney General to seek
termination of the Settlement's protections afforded accompanied children so they
could be detained indefinitely in unlicensed facilities until their or their parents'
criminal or removal proceedings were completed does not in any way mean
Defendants' pre-litigation and litigation positions were substantially justified.
Without a new good-faith basis for seeking to terminate the Settlement for
accompanied children, excluding grounds previously rejected by this Court and the

---

[5] *See* Affording Congress an Opportunity to Address Family Separation, Exec.
Order No. 13841, 83 Fed. Reg. 29435, 29435 (June 20, 2018) [hereinafter Exec.
Order No. 13841].

Court of Appeals, there was no justification for the President to issue Paragraph

3(e) of the Executive Order, or for Defendants to act on it.

As this Court held, Defendants' *Ex Parte* Application was "a thinly veiled

motion for reconsideration without any meaningful effort to comply with the

requirements of Local Rule 7-18." Order Denying Defendants' *Ex Parte*

Application for Limited Relief from Settlement Agreement ("July 2018 Order")

[Dkt. # 455].

Three years earlier, on July 24, 2015, the Court had denied Defendants'

motion seeking to modify the *Flores* Agreement "on the same grounds now raised

anew in Defendants' Ex Parte Application." July 2018 Order at 2, *citing* Defs.'

Motion to Amend at 13, 17–21, 27–28, 30–33 [Doc. # 120]; July 24, 2015 Order at

19–25 [Doc. # 177]; Ex Parte Appl. at 15–16 [Doc. # 435-1] (repeating Defendants'

position that detaining family units in unlicensed family residential facilities deters

others from unlawfully entering the country).

The Court's July 24, 2017 Order "analyzed in great detail the relevant *Flores*

Agreement language and applicable legal authorities, responding to the same issues

raised in Defendants' current *Ex Parte* Application."  July 2018 Order at 2. Because

Defendants' *Ex Parte* Application failed to show "changed circumstances that the

parties could not have foreseen at the time of the Agreement," the Court found it

"unnecessary to replow the same familiar territory." *Id.*

6

1    Defendants' *Ex Parte* Application rested on the premise that the July 24,

2    2015 Order resulted in a "3 to 5-fold increase in the number of illegal family border

3

4    crossings" because it led arriving families to believe that Defendants would rather

5    release them than separate the children from their families. *See, e.g.*, *Ex Parte* Appl.

6

7    at 3 [Doc. # 435-1]. As it did before, the Court found "Defendants' logic 'dubious'

8    and unconvincing." July 2018 Order at 3, *quoting* July 24, 2015 Order at 11 [Doc. #

9    177].

10    Additionally, the relief Defendants sought was "improper because their

11

12    proposed modifications [were] not 'suitably tailored to the changed

13    circumstance[,]' if any."  July 2018 Order at 3, *quoting Rufo v. Inmates of Suffolk

14

15    *Cty. Jail*, 502 U.S. 367, 391 (1992). Instead, Defendants sought "to light a match to

16    the *Flores* Agreement and ask[ed] this Court to upend the parties' agreement by

17    judicial fiat." *Id*.

18    In 2015, the Court found that the *Flores* Agreement could, depending on the

19

20    facts in an individual case, accommodate Defendants' request for a 20-day deadline

21    during an influx. July 2018 Order at 3-4. Yet, Defendants' *Ex Parte* Application

22    sought "to hold minors in indefinite detention in unlicensed facilities, which would

23

24    constitute a fundamental and material breach of the parties' Agreement." *Id*.at 4

25    Defendants' third effort to terminate the Settlement for accompanied children

26

27    did not "advance[e] in good faith … novel but credible extensions and

28    interpretations of the law …" H.R. Rep. No. 96-1418, at 11 (1980), *reprinted in*

7

1   1980 U.S.C.C.A.N. 4984, 4990; S. Rep. No. 96-253, at 7 (1979). Instead,

2
3   Defendants' *Ex Parte* Application by and large recycled and rehashed arguments

4   rejected twice by this Court and once by the Court of Appeals.

5   **III.    Reasonableness of fee request**

6
7        The EAJA authorizes the Court to award attorney's fees at market rates

8   where there is a "limited availability of qualified attorneys for the proceedings

9   involved," or where plaintiffs' counsel possess "distinctive knowledge" and

10
11  "specialized skill" that was "needful to the litigation in question" and "not available

12  elsewhere at the statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th

13  Cir. 2005); *see also Pierce v. Underwood*, 487 U.S. 552, 572, 108 S. Ct. 2541, 101

14
15  L.Ed.2d 490 (1988) ("Examples . . . would be an identifiable practice specialty such

16  as patent law, or knowledge of foreign law or language.").

17       Defendants' position that the fees requested by Plaintiffs are excessive has no

18
19  basis in law or fact. As their declarations show, class counsel and co-counsel

20  possess unique experience and skills that were essential to the successful opposition

21  to Defendants' *Ex Parte* Application [Dkt. 550-1, Ex. 1-5.] The Court has

22
23  previously awarded an enhanced fee for the undersigned class counsel:

24       This case, however does not involve typical issues that arise routinely under

25       immigration law. Rather, Plaintiffs' action involved a one-of-a-kind

26
27       settlement dating back to 1997 affecting a specific group of immigrants—

28       accompanied and unaccompanied minors detained at the border. Schey…

8

ha[s] intimate knowledge of the Agreement as [he and class counsel Carlos

Holguin] negotiated it on behalf of class members. In addition to litigating

the matter that led to the Agreement, … Schey … [has] been involved with

monitoring the government's compliance with the Agreement since its

inception.

Order Re Plaintiffs' Motion for Attorneys' Fees and Costs (November 14, 2017)

("2017 EAJA Order") at 6. [Doc. # 383].

Few, if any, other lawyers in the country could or would have successfully

opposed Defendants' effort to terminate the Settlement for accompanied class

members at the inflation-adjusted EAJA rate. Market rates for lawyers with skills

and experience comparable to plaintiffs' Class Counsel are in the range of $975

hourly. *See* Declaration of Carol Sobel, Exhibit 5, ¶¶ 22-24 [Doc.# 550-1].

These factors warrant the Court's awarding class counsel fees at rates "'in

line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation.'" *Nadarajah v. Holder*, 569

F.3d 906, 916 (9th Cir. 2009).

Defendants' comparison of class counsel's undisputed market hourly rate

with the Special Monitor's hourly rate does not change the EAJA statute or cases

addressing enhanced market rates permissible under EAJA. Opposition at 11. As a

service to the Court, the Special Monitor is obviously serving at far less than her

hourly market rate. She understood what the rate would be when she accepted her

9

appointment, and what her budget would be, subject to modification by the Court. To be compensated, she is not required to show that she remedied a violation and the Government was not substantially justified in taking whatever position it took. Nor does she have to show that she possessed distinctive knowledge and specialized skill that was needful to resolve the violation she helped cure. Nothing in the EAJA statute or the precedent cases this Court is familiar with and has previously cited in this case [Doc. # 383] suggests that an attorney fee award should somehow be pegged or linked to a court-appointed monitor's compensation in the same case.[6]

## IV.   Conclusion

Plaintiffs satisfy all requirements for an award of EAJA fees and costs; the Court should accordingly grant the instant Motion and award fees and costs as requested by Plaintiffs.

Dated: September 27, 2019.                    Respectfully submitted,

                                              /s/Peter Schey
                                              *Class Counsel for Plaintiffs*
                                              CENTER FOR HUMAN RIGHTS &
                                              CONSTITUTIONAL LAW
                                              Peter A. Schey
                                              Carlos Holguín
                                              Rachel Leach

/ / /

---

[6] Plaintiffs are waiving fees for the preparation of this reply to defendants' opposition to the motion for fees and costs.

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On September 27, 2019 I electronically filed the following document(s):

Plaintiffs' Reply to Defendants' Opposition to Plaintiffs Motion for Attorneys' Fees

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey

*Attorney for Plaintiffs*

REPLY TO OPPOSITION TO MOTION FOR ATTORNEYS FEES
1CV 85-4544-DMG-AGRX