UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, III, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [550]**

### I.
### INTRODUCTION

On June 21, 2018, Defendants filed an *Ex Parte* Application for Limited Relief from the *Flores* Settlement Agreement ("*Ex Parte* Application"). [Doc. # 435.] On July 9, 2018, the Court denied the *Ex Parte* Application ("July 9, 2018 Order"). [Doc. # 455.] Defendants filed a notice of appeal and later dismissed the appeal on April 26, 2019. [Doc. # 539.]

On May 28, 2019, Plaintiff filed a Motion for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for $42,359 in attorneys' fees incurred in opposing the *Ex Parte* Application. [Doc. #545.] Because Plaintiffs failed to comply with Local Rule 7-3, the Court denied Plaintiffs' motion without prejudice to refiling after compliance. [Doc. #546.] In accordance with Local Rule 7-3, Plaintiffs' counsel met and conferred with Defendants and filed an Amended Motion for Attorney's Fees seven days thereafter, on June 7, 2019 ("Amended Motion"). [Doc. #550.] Defendants filed an opposition to Plaintiffs' Amended Motion on July 12, 2019. [Doc. # 597.]

Upon order by the Court [Doc. # 601], the parties submitted—and the Court approved—a joint proposal regarding provision of notice of Plaintiffs' Amended Motion to *Flores* class members. [Doc. ## 607, 612.] According to the parties' Joint Status Report filed on September 27, 2019, Plaintiffs' counsel received no objections from class members or their caregivers during the period for submitting objections. [Doc. # 689.] Plaintiffs thereupon filed a reply in support of their Amended Motion. [Doc. 691.]

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Amended Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, III, et al.* | Page | 2 of 6 |

## II.
## ANALYSIS

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The Court also has discretion to determine whether the requested fees are reasonable. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

Defendants do not dispute that Plaintiffs are the prevailing parties in this action under the EAJA. Instead, Defendants argue that Plaintiffs did not timely file their request for attorneys' fees within 30 days of final judgment and are not entitled to equitable tolling. Alternatively, Defendants contend that the Court should deny Plaintiffs' attorneys' fee request in its entirety because Defendants "have substantial justification due to special circumstances." Opp. at 9 [Doc. # 597] (capitalizations omitted). Defendants also argue that Plaintiffs' demand for enhanced hourly rates is unreasonable and that the fees awarded should be reduced accordingly. The Court addresses each argument in turn.

### A.    Timeliness

To obtain fees pursuant to the EAJA, a party must, "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). Defendants concede that Plaintiffs initially filed a timely motion on May 28, 2019. *See* Defs.' Opp. at 7 [Doc. # 597].[1] The Court denied that motion *without prejudice* to refiling after complying with Local Rule 7-3, which is precisely what Plaintiffs did.

The Court rejects Defendants' frivolous contention that Plaintiffs did not timely file their motion. Because Plaintiffs indisputably "submit[ted] to the court an application for fees" within 30 days of the final order, the Court finds that Plaintiffs met the 30-day requirement.

### B.    Substantial Justification and Special Circumstances

Defendants argue that they "have substantial justification due to special circumstances," apparently conflating the two exceptions to awarding fees and expenses to prevailing parties under the EAJA. *See* 28 U.S.C. § 2412(d) (awarding fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust").

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2019 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. William P. Barr, III, et al.*** | Page | 3 of 6 |

Defendants specifically assert that they "were substantially justified in bringing their [*Ex Parte* Application] because they were required to do so by the Executive Order [No. 13841], and recent injunctions [in *Ms. L. v. United States Immigration & Customs Enf't* ("ICE"), 310 F. Supp. 3d 1133 (S.D. Cal. 2018)] had raised special circumstances of particularly novel and complex issues in this matter." Opp. to Pls.' Am. Mot. at 9 [Doc. # 597]. But they also appear to argue that the *Ms. L.* injunction substantially justified Defendants' position and Executive Order No. 13841 raised new questions that constituted special circumstances.

The Court examines first whether either the Executive Order or the *Ms. L.* case substantially justified Defendants' position, then whether either constituted special circumstances making Plaintiffs' requested fee award unjust.

**1. Substantial Justification**

"The test for whether the government is substantially justified is one of 'reasonableness.'" *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Id.* (quoting *League of Women Voters v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986)); *see also Pierce*, 487 U.S. at 566 n.2 (finding that a position can be substantially justified "even though it is not correct . . . if it has a reasonable basis in law and fact"). In analyzing the reasonableness of the government's position, the court must consider the totality of the circumstances, which incorporates both the underlying governmental action and the government's litigation position. *See Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988); *see also Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir. 1984).

It is Defendant's burden to describe why their position was substantially justified, and their cursory references to Executive Order 13841 and *Ms. L.* do not demonstrate that the government's positions were substantially justified. *See* Opp. at 9–10; *Kali*, 854 F.2d at 332. For the reasons articulated in the Court's July 9, 2018 Order and other prior orders, Defendants did not have a reasonable basis in fact or law for seeking an amendment to the *Flores* Agreement to apply different standards for detaining accompanied and unaccompanied minors. *See* July 9, 2018 Order at 3–4 [Doc. # 455] ("Defendants now seek to hold minors in *indefinite* detention in unlicensed facilities, which would constitute a fundamental and material breach of the parties' Agreement."); *see also* Ord. Granting Pls.' Mot. for Attorneys' Fees and Costs ("November 14, 2017 Order") at 3 [Doc. # 383] ("[T]o the extent Defendants did not apply the Agreement to accompanied minors in detention, such conduct was unreasonable and not substantially justified."); *Flores v. Johnson*, 212 F. Supp. 3d 864, 871–73 (C.D. Cal. 2015) ("In light of the Agreement's clear and unambiguous language, which is bolstered by the regulatory framework in which the Agreement was formed and Defendants' past practice, the Court finds that the Agreement applies to accompanied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2019 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. William P. Barr, III, et al.*** | Page | 4 of 6 |

minors."); *Flores v. Lynch*, 828 F.3d 898, 908 (9th Cir. 2016) ("[T]he Settlement unambiguously applies to accompanied minors."). The Court incorporates its previous discussion of the *Ms. L.* preliminary injunction in finding that *Ms. L.* did not provide a reasonable basis for modifying the *Flores* Agreement. *See* July 9, 2018 Order at 4–7.

"[A] string of losses can be indicative" of whether the government's position is substantially justified. *Gonzalez*, 408 F.3d at 618 (quoting *Pierce*, 487 U.S. at 569). Neither Executive Order No. 13841 nor *Ms. L.* substantially justified Defendants' position.

**2. Special Circumstances**

To meet Defendants' burden of showing special circumstances warranting a denial of fees, "[their] showing must be a strong one." *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989). Defendants argue that "novel and complex challenges . . . with regard to the issue of keeping families together in family residential centers" constitute special circumstances. Opp. at 10. Defendants cite to EAJA's legislative history, explaining that "[the special circumstances] 'safety valve' helps to ensure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." *Id.* (quoting H.R. Rep. No. 96-1418, at 11 (1980)). This "'safety valve' gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made.'" *Scarborough v. Principi*, 541 U.S. 401, 423 (2004) (quoting H.R. Rep. No. 96-1418, at 11 (1980)).

The Government has not advanced "in good faith" any "novel but credible extensions and interpretations of the law," and therefore no equitable considerations weigh against granting Plaintiffs' fee request. *See* H.R. Rep. No. 96-1418, at 11 (1980). Executive Order No. 13841 purports to require the Attorney General to file a request with this Court to modify the *Flores* Agreement "in a manner that would permit the Secretary, under present resource constraints, to detain alien families together throughout the pendency of criminal proceedings for improper entry or any removal or other immigration proceedings." Affording Congress an Opportunity to Address Family Separation, Exec. Order No. 13841, 83 Fed. Reg. 29435, 29435 (June 20, 2018). This requirement deliberately ignores Defendants' own explicit commitments in the *Flores* Agreement and contravenes this Court's multiple orders interpreting that Agreement to require eligible minors to be paroled to the least restrictive setting available during removal proceedings. *See, e.g.*, Order re Pls.' Mot. to Enforce and Appoint a Special Monitor at 23–27 [Doc. # 363]. And Defendants' "tortured interpretation of the *Flores* Agreement" in light of *Ms. L.* is neither a novel nor credible interpretation of the law that merits the special circumstances exception to awarding fees. *See* July 9, 2018 Order at 5. Again incorporating the previous discussion of the *Ms. L.* preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, III, et al.* | Page | 5 of 6 |

injunction, *see id.* at 4–7, the Court concludes that Defendants have not made a strong showing that *Ms. L.* constituted special circumstances that "make an award unjust." *See* 28 U.S.C. § 2412(d). In fact, "[t]he 'special circumstances' factor is often associated with some form of bad faith or obstinate conduct" by the *plaintiff*, not obstinacy by government defendants. *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 135 (W.D.N.Y. 2018); *see also Wimpy v. Barnhart*, 350 F. Supp. 2d 1031, 1034–36 (N.D. Ga. 2004) (denying attorneys' fees where the "origin of the litigation was plaintiff's own negligence.").

Because Defendants have failed to satisfy their burden to show substantial justification or special circumstances, the Court proceeds to analyze reasonableness of Plaintiffs' fee request.

**B.     Reasonableness of Fee Request**

The EAJA permits fee awards "based upon the prevailing market rates for the kind and quality of the services furnished," capped at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A). In certain cases, courts in the Ninth Circuit may authorize enhanced EAJA rates—above inflation-adjusted rates—where there was a "limited availability of qualified attorneys for the proceedings involved," and the attorneys had "distinctive knowledge" and "specialized skill" that was "needful to the litigation in question" and "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citations omitted).

Plaintiffs request attorneys' fees at rates above the inflation-adjusted EAJA statutory cap only for attorney Peter Schey. *See* Am. Mot. at 14 [Doc. # 550]. Defendants oppose the requested rate of $950 per hour, an increase from the $875 hourly rate requested and granted for Schey in 2017. *See* November 14, 2017 Order at 6 [Doc. # 383]. As discussed at length in the November 14, 2017 Order, Schey is uniquely positioned to efficiently litigate enforcement actions in this case due to his involvement with the *Flores* Settlement from its inception, his ability to visit class members, and his Spanish language fluency. *See id.* at 6–7. The increased rate is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Nadarajah*, 569 F.3d at 916 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984)); *see* Am. Mot., Ex. 5 (Sobel Decl.) at ¶¶ 11–33 [Doc. # 550-1].

Defendants do not challenge Plaintiffs' inflation-adjusted rate of $205.20 per hour for Plaintiffs' other attorneys who opposed Defendants' *Ex Parte* Application: Virginia Corrigan, Laura Diamond, and Rachel Leach. The Court agrees that the inflation-adjusted rate is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2019 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, III, et al.* | Page | 6 of 6 |

Accordingly, the Court **GRANTS** Plaintiffs' request to enhance the hourly rate of attorney Schey and to adjust for inflation the rates of attorneys Corrigan, Diamond, and Leach.

## III.
## CONCLUSION

In light of the foregoing, Plaintiffs' Amended Motion for Attorneys' Fees is **GRANTED**. Defendants shall pay Plaintiffs' attorneys' fees in the amount of $42,359.00.

**IT IS SO ORDERED**.