PETER A. SCHEY (Cal. Bar No. 58232)
CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone:  (213) 388-8693
Email:      crholguin@centerforhumanrights.org
            pschey@centerforhumanrights.org
            rleach@centerforhumanrights.org

*Plaintiffs' Class Counsel*
*Additional Plaintiffs' counsel on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, Attorney General, *et al*., <br><br> Defendants. | Case No. CV 85-4544-DMG (AGRx) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS <br><br> Hearing:  February 8, 2020 <br> Time: 9:30 AM <br> Room: 1st St. Courthouse Courtroom 8C |

1   *Attorneys for Plaintiffs continued*

2

3   KEVIN ASKEW
    ORRICK, HERRINGTON & SUTCLIFFE LLP

4   777 South Figueroa Street
    Los Angeles, CA 90017

5    (213) 629-2020

6   Email kaskew@orrick.com

7

8   JENNIFER KELLEHER CLOYD

9   KATHERINE H. MANNING
    ANNETTE KIRKHAM

10  THE LAW FOUNDATION OF SILICON VALLEY

11  LEGAL ADVOCATES FOR CHILDREN AND YOUTH
    4 North Second Street, Suite 1300

12  San Jose, CA 95113
    Telephone:   (408) 280-2437

13  Facsimile:   (408) 288-8850

14  Email: jenniferk@lawfoundation.org

15          kate.manning@lawfoundation.org
            annettek@lawfoundation.org

16

17  / / /

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF  MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

Table of Contents

I.    Introduction ........................................................................................ 1

II.    Statement re: Timeliness of Fee Request ............................................ 2

III.    Argument ........................................................................................... 3

A.    Plaintiffs qualify for an award of EAJA fees and costs. .................... 3

  1.    Plaintiffs are prevailing parties. ................................................ 4

  2.    Plaintiffs' net worth is far less than $2,000,000. ...................... 5

  3.    EAJA fees may be awarded for work to enforce a consent decree. ............. 6

  4    Defendants' position lacked substantial justification. ................. 7

B .    Lodestar calculation. ..................................................................... 12

C.    Special factors warrant a fee award at market rates for Plaintiffs' Senior
Class Counsel. ............................................................................... 14

1.    Plaintiffs' counsel possess distinctive knowledge and specialized skill that
was needful to the litigation. ....................................................... 15

  2    Other qualified attorneys unavailable. ........................................ 19

  D    PLAINTIFFS SHOULD BE AWARDED COSTS ................................... 20

IV    Conclusion ....................................................................................... 21

/ / /

1

## TABLE OF AUTHORITIES

2

**<u>Cases</u>**

3

4

Al-Harbi v. I.N.S., 284 F.3d 1080 (9th Cir. 2002)......................................................2

5

Animal Lovers Vol. Assn. v. Carlucci, 867 F.2d 1224 (9th Cir. 1989)...................12

6

Balla v. Idaho, 677 F.3d 910 (9th Cir. 2012)............................................................5

7

8

Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human

9

    Res., 532 U.S. 598 (2000).......................................................................................5

10

Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human

11

12

    Res., 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)...........................4

13

Bullfrog Films, Inc. v. Wick, 959 F.2d 782 (9th Cir. 1992).....................................7

14

15

Cobell v. Norton, 407 F. Supp. 2d 140  (D. D.C. 2005)...........................................6

16

Fang v. Gonzales, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006)

17

    (Unpub. Disp.)......................................................................................................14

18

19

Flores v. Barr, 934 F.3d 910 (9th Cir. 2019)............................................................1

20

Flores v. Barr, Cv. 85-04544-DMG, Order re Plaintiffs' Motion for Attorneys' Fees

21

    (November 12, 2019)............................................................................................18

22

Flores v. Sessions, 394 F. Supp. 3d 1041 (C.D. Cal 2017).......................................1

23

Gutierrez v. Barnhart, 274 F.3d 1255 (9th Cir. 2001)..............................................8

24

25

Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)..........12

26

In re Mgndichian, 312 F. Supp. 2d 1250 (C.D. Cal. 2003)....................................10

27

Jeff D. v. Andrus, 899 F.2d 753 (9th Cir. 1989)......................................................7

28

Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988 ........................................................7

Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988) .....................................................8

Keith v. Volpe, 833 F.2d 850  (9th Cir. 1987) ...............................................5, 6

Love v. Reilly, 924 F.2d 1492 (9th Cir. 1991) .....................................................7

Muhur v. Ashcroft, 382 F.3d 653 (7th Cir. 2004) ............................................14

Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009) ..........................14, 19

Orantes-Hernandez v. Holder, 713 F. Supp. 2d 929 (C.D. Cal. 2010) ...........15

Oregon Environmental Council v. Kunzman, 817 F.2d 484 (9th Cir. 1987)............8

Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546

   (1986) ...........................................................................................................6

Perez-Arellano v. Smith, 279 F.3d 791 (9th Cir. 2002) .................................4, 5

Pierce v. Underwood, 487 U.S. 552 (1988). ............................................4, 8, 14

Prandine v. National Tea Co., 585 F.2d 47 (3d Cir. 1978) ............................13

Prison Legal News v. Schwarzenegger, 608 F.3d 446 (9th Cir. 2010)............4

Rawlings v. Heckler, 725 F.2d 1192 (9th Cir. 1984) ......................................7

Sampson v. Chater, 103 F.3d 918 (9th Cir. 1996) ...........................................9

Scarborough v. Principi, 541 U.S. 401, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004)

   ..................................................................................................................4,10

Stanford Dailey v. Zurcher, 64 F.R.D. 680 (N.D. Cal. 1974) .......................13

Thangaraja v. Gonzales, 428 F.3d 870 (9th Cir. 2005) .................................14

United States v. 22249 Dolorosa St., 190 F.3d 977 (9th Cir. 1999) .................8

<u>Statutes</u>

28 U.S.C. § 1920 ....................................................................................................20

28 U.S.C. § 2412(a), (d)(1)(A) .............................................................................20

28 U.S.C. § 2412(d) .............................................................................................1, 3

28 U.S.C. § 2412(d)(1)(A) ......................................................................................2

28 U.S.C. § 2412(d)(1)(B) .......................................................................................2

28 U.S.C. § 2412(d)(2)(A) .....................................................................................20

110 Pub. L. 457, 122 Stat. 5044 ............................................................................16

Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135 ......................15

<u>Miscellaneous</u>

H.R. Rep. No. 96-1418, at 11 (1980). ..................................................................12

/ / /

I.    INTRODUCTION

Plaintiffs apply for an award of attorney's fees and costs incurred in this Court and in the district court to prosecute Plaintiffs' motion for class-wide enforcement of the settlement approved in the district court on January 28, 1997.

On June 27, 2017, the district court granted in part and denied in part Plaintiffs' motion and ordered Defendants to house minors in safe and sanitary conditions, provide class members with a list of legal services and Notice of Right of Judicial Review, make and record continuous efforts at the release of class members or place them in non-secure, licensed facilities, and limit the length of detention. *Flores v. Sessions*, 394 F. Supp. 3d 1041 (C.D. Cal 2017). On August 15, 2019 this Court found that "the district court's order did not modify the Agreement" and dismissed Defendants appeal for lack of jurisdiction. *Flores v. Barr*, 934 F.3d 910, 911 (9th Cir. 2019).

Plaintiffs now apply pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for an award of attorney's fees and costs incurred in securing the June 27, 2017, district court Order.

The EAJA allows litigants to recover fees and costs in certain actions against the United States, thus encouraging the vindication of rights by persons who would otherwise be deterred from challenging governmental action because of the expense

of litigation. Pub. L. No. 96-481, 94 Stat. 2325. In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As will be seen, Plaintiffs satisfy all requirements for an award of EAJA fees and costs; the Court should accordingly grant the instant motion and award fees and costs as herein requested.

II.    STATEMENT RE: TIMELINESS OF FEE REQUEST

The EAJA requires that the successful litigant file the fee application within 30 days of "final judgment." 28 U.S.C. § 2412(d)(1)(B).[1]

---

[1] The EAJA's filing deadline controls over Circuit Rule 39-1.6(a). *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1082 (9th Cir. 2002).

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

A "final judgment" is not subject to further review either in this Court or the Supreme Court. 28 U.S.C. § 2412(d)(2)(G). "The thirty-day deadline to file an application for attorney's fees under EAJA does not begin to run until after the ninety-day period during which a party may seek a writ of certiorari from the United States Supreme Court." *Li v. Keisler*, 505 F.3d 913, 916-17 (9th Cir. 2007).

This Court issues its decision on August 15, 2019. Defendants had 90 days thereafter, or until November 13, 2019, to petition for certiorari. Sup. Ct. R. 13(1). Plaintiffs had 30 days after the expiration of Defendants' time to petition for certiorari, or until December 13, 2019, within which to file the instant fee application; it is therefore timely.

III.   ARGUMENT

A.   PLAINTIFFS QUALIFY FOR AN AWARD OF EAJA FEES AND COSTS.

Pursuant to 28 U.S.C. § 2412(d) "eligibility for a fee award in any civil action requires: (1) that the claimant be 'a prevailing party'; (2) that the Government's position was not 'substantially justified', (3) that no 'special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Ibrahim v. U.S. Department of*

*Homeland Sec.,* 912 F.3d 1146, 1167 (9th Cir. 2019) (en banc) (*quoting Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 158 (1990)).[2]

Once this showing is made, the burden shifts to the Government to prove that its position, both before and during the litigation, was substantially justified or that special circumstances make an award of attorney's fees unjust. *Scarborough v. Principi,* 541 U.S. 401, 416-17, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004).

1.  <u>Plaintiffs are prevailing parties.</u>

Under the EAJA, a party prevails when it has been granted "some relief by a court." *Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.,* 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).[3] To prove prevailing party status, an EAJA petitioner must establish: (1) a "material alteration of the legal relationship of the parties," and (2) a "judicial imprimatur on the change." *Id.* at 604-05.

A party prevails and thereafter remains prevailing when it has obtained an enforceable settlement or consent decree. *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 451-52 (9th Cir. 2010); *Keith v. Volpe,* 833 F.2d 850, 857 (9th Cir.

---

[2] The Court also has discretion to determine whether the requested fees are reasonable. *Pierce v. Underwood,* 487 U.S. 552, 571 (1988).

[3] Although *Buckhannon* involved non-EAJA fee-shifting statutes, this Court has held that the requirements of a prevailing party announced in that decision are applicable to EAJA awards as well. *Perez-Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002).

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

1987); *see also Balla v. Idaho*, 677 F.3d 910, 918 (9th Cir. 2012) (work for "compliance monitoring" of settlement compensable). Furthermore, a party prevails under the EAJA when it has been granted "some relief by a court." *Buchannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.,* 532 U.S. 598, 603 (2000).[4] In *Buckhannon* the Court made clear that a party's obtaining an enforceable, court-approved settlement satisfies this test. 532 U.S. at 604.

Here, the district court's June 27, 2017 Order granted a substantial majority of the relief Plaintiffs sought in their motion to enforce, and this Court dismissed Defendants' appeal for lack of jurisdiction. Plaintiffs clearly prevailed and accordingly satisfy the first requirement for an EAJA fee award.

2.    <u>Plaintiffs' net worth is far less than $2,000,000.</u>

Pursuant to 28 U.S.C. § 2412(d)(2)(B)(i), a party's "net worth [must] not exceed $2,000,000 at the time the civil action was filed..."

The original plaintiffs in this action were indigent at the time this action commenced. Declaration of Peter Schey, Exhibit 1 ("Schey") ¶ 12. Further, it is virtually self-evident that plaintiff class members are indigent as well. By definition, they are immigrant or refugee minors in federal custody. Settlement ¶¶

---

[4] Although *Buckhannon* involved other fee-shifting statutes and not the EAJA, the Ninth Circuit has held that the requirements of a prevailing party announced in that decision are applicable to EAJA awards as well. *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

10-11; *see also* Schey ¶ 12 (affirming that *Flores* plaintiff class members are on the whole indigent).

Plaintiffs accordingly meet the second requirement for an EAJA fee award. *See Cobell v. Norton*, 407 F. Supp. 2d 140, 148-49 (D. D.C. 2005) ("affidavits signed by the class representatives, attesting to the fact that their net worth fell within EAJA statutory guidelines at the time the litigation was initiated ... amply satisfy the requirements of the statute for the entire class.").

3. <u>EAJA fees may be awarded for work to enforce a consent decree.</u>

"[P]ost-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 558-559, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986).

In *Delaware Valley*, the plaintiff obtained a consent decree and thereafter conducted additional litigation and administrative advocacy to protect that decree. The Court held the plaintiff entitled to recover attorney's fees and costs for this post-settlement work. 478 U.S. at 558-60.

Following *Delaware Valley,* numerous courts have affirmed litigants' right to recover attorney's fees and costs for work to enforce court-approved settlements. *E.g.*, *Keith v. Volpe*, 833 F.2d 850, 857 (9th Cir. 1987) ("the district court here 'was entitled to believe that relief [for the plaintiffs under the consent decree] would

occur more speedily and reliably' if the [plaintiffs] engaged in these monitoring activities, and this post-judgment monitoring by the [plaintiffs] was, therefore, 'a necessary aspect of plaintiffs' "prevailing"' in the case.'"); *Jeff D. v. Andrus,* 899 F.2d 753, 765 (9th Cir. 1989) (plaintiffs entitled to attorney's fees for work subsequent to the settlement despite waiving pre-settlement fees; "issues in these appeals are separate from the settlement of the underlying litigation and the waiver of attorney's fees in the settlement does not affect our disposition here.").[5]

4       <u>Defendants' position lacked substantial justification.</u>

Because Plaintiffs both prevailed and meet the EAJA's net worth standard, "an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).[6] Defendants must carry the burden of proof with respect to both factors. *Id.; see also Ibrahim,* 912

---

[5] In both *Keith* and *Jeff D.*, the court reviewed fees awarded under 42 U.S.C. § 1988. However, identical principles apply to an award of post-judgment attorney's fees under the EAJA. *Bullfrog Films, Inc. v. Wick*, 959 F.2d 782, 786 (9th Cir. 1992).

[6] In analyzing the reasonableness of the government's position,
the court must consider the totality of the circumstances, which incorporates both the underlying
governmental action and the government's litigation position. *See Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988); *see also Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir. 1984).

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

F.3d at 1167; *Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987); *United States v. 22249 Dolorosa St.*, 190 F.3d 977, 982 (9th Cir. 1999).[7]

"The test for whether the government is substantially justified is one of 'reasonableness.'" *Gonzalez v. Free Speech Coal.*, 408 F. 3d 613, 618 (9th Cir. 2005). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Id.* (*quoting League of Women Voters v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986)); *see also Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (position can be substantially justified "even though it is not correct . . . if it has a reasonable basis in law and fact").

In analyzing the reasonableness of the Government's position, a court considers the totality of the circumstances, which incorporates both the challenged underlying governmental action and the Government's trial court position. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) ("we 'must focus on two questions: first, whether the government was substantially justified in taking its

---

[7] In evaluating the Government's showing, courts consider conduct both prior to and during litigation. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) ("Thus we 'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court.'"). "To show substantial justification for [its] position, the [Government] has the burden of establishing that the conduct had a 'reasonable basis both in law *and* fact.'" *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988)) (emphasis added).

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

original action; and, second, whether the government was substantially justified in defending the validity of the action in court'"); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998) (inquiry includes whether both the original action and the defense of the action was substantially justified); *see also Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir. 1984). Moreover, "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Ibrahim*, 912 F.3d at 1169 (quoting *Jean*, 496 U.S. at 161-62).

Here, Defendants do not and could not deny that holding minors in unsanitary and unsafe conditions, denying class member a list of legal services and Notice of Right of Judicial Review, refusing to make and record continuous efforts at the release of class members or place them in non-secure, licensed facilities, and holding minors in lengthy detention violated the plain text of the Settlement. Defendants' position was *prima facie* without justification. *Cf. Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996) (no substantial justification "when the agency's position was based on violation of the Constitution, federal statute, or the agency's own regulations.").[8]

Plaintiffs have alleged that Defendants' position was without substantial justification and that no special circumstances make a fee award unjust. This allegation suffices to shift the burden to Defendants to show that their position was

---

[8] "[A] string of losses can be indicative" of whether the government's position is substantially justified. *Gonzalez*, 408 F.3d at 618 (quoting *Pierce*, 487 U.S. at 569).

MEMORANDUM IN SUPPORT OF motion for
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

substantially justified or that special circumstances would make a fee award unjust. *Scarborough v. Principi, supra*, 541 U.S. at 416-17; *In re Mgndichian*, 312 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003) (prevailing party need only "by alleg[e] that the government's position was not substantially justified and that no special circumstances exist that make an award unjust."); 28 U.S.C. § 2412(d) ("A party seeking an award of fees ... shall also allege that the position of the United States was not substantially justified.").

Nevertheless, it is clear in this case that the Government's arguments lacked substantial justification.

First, Defendants have argued that by interpreting paragraph 12A to require Border Patrol stations to provide "the most basic human necessities," the district court "modified the Agreement's requirement that minors be held in 'safe and sanitary' conditions …" *Flores v. Barr*, 934 F.3d 910, 911 (9th Cir. 2019). This Court found "[c]onstruing the Agreement as requiring only the particular conditions specifically enumerated renders both the 'safe and sanitary' and the 'particular vulnerability of minors' phrases wholly superfluous."

Second, Defendants' argued that "the phrase 'safe and sanitary' is so vague that either it cannot be enforced, or it leaves 'the specific compliance [within paragraph 12A] up to' the government." *Id*. at 915. This Court found "[t]he district court properly construed the Agreement as requiring such conditions rather than allowing the government to decide whether to provide them." *Id*. at 916.

Furthermore, "the district court's explanation of its enforcement of paragraph 12A

regarding the conditions at Border Patrol stations concerned only requirements

*unarguably* within the terms of the Agreement." *Id*. (emphasis supplied).

Third, the government argued that the district court modified the Settlement

by requiring that government to "consider release class members subject to

expedited removal." *Id*. This Court *for the second time* rejected Defendants'

position:  "[T]he government's own regulations contemplate that minors in

expedited removal proceedings may be considered for release, just as the

Agreement requires. Rather than modifying the Agreement, the district court

appropriately interpreted it as consistent with both the INA *and our prior

interpretation of the Agreement*." *Id*. at 917 (emphasis supplied).

Lastly, Defendants argued that the district court erred in concluding that "the

Agreement prohibits the government from detaining minors in secure, unlicensed

family detention centers." This Court found "[a]lthough the government appealed

that order, it did not on appeal challenge the district court's holding on this issue."

*Id*.

This Court ultimately dismissed Defendants' appeal for lack of jurisdiction.

*Id*. at 918.

The Government cannot advance "in good faith" any "novel but credible

extensions and interpretations of the law," and therefore no equitable considerations

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

weigh against granting Plaintiffs' fee request. *See* H.R. Rep. No. 96-1418, at 11 (1980).

Defendants cannot show that either their pre-litigation conduct or litigation positions were substantially justified.

B.   LODESTAR CALCULATION.

A "lodestar" figure for the amount of fees Plaintiffs should recover is calculated by multiplying the number of hours counsel reasonably dedicated by the inflation-adjusted EAJA hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983).[9] Furthermore:

> In certain cases, courts in the Ninth Circuit may authorize enhanced
>
> EAJA rates—above inflation-adjusted rates—where there was a
>
> "limited availability of qualified attorneys for the proceedings
>
> involved" and the attorneys had "distinctive knowledge" and
>
> "specialized skill" that was "needful to the litigation in question" and
>
> "not available elsewhere at the statutory rate." Nadarajah v. Holder,
>
> 569 F.3d 906, 912 (9th Cir. 2009)

Order Re Plaintiffs' Motion for Attorneys' Fees and Costs at 6 [Dkt. # 383] ("EAJA Order")

---

[9] An increase over the base rate to account for inflation is granted in all but unusual circumstances. *Animal Lovers Vol. Assn. v. Carlucci*, 867 F.2d 1224, 1227 (9th Cir. 1989).

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

The inflation-adjusted EAJA base rates for the periods counsel worked on the instant matter appear at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited October 29, 2019).[10]

The hours counsel devoted to prosecuting this action, adjusted for time that was poorly documented or excessive, appear in the itemized time records annexed to the declarations of Plaintiffs' counsel. Schey ¶ 10, Exhibit 1 (1,413 hours); Declaration of Kate Manning, Exhibit 2 (132.2 hours); Declaration of Virginia Corrigan, Exhibit 3 (107 hours); Declaration of Rene Kathawala, Exhibit 4 (226.45 hours); Declaration of Rachel Leach, Exhibit 5 (46 hours).[11] These hours multiplied by a 2019 inflation-adjusted rate of $204.25 yields a lodestar fee request of $393,110.

As will be seen, however, the Court should award Plaintiffs fees for senior class counsel's work at "enhanced," or market, hourly rates.

---

[10] Prior to 1996 the EAJA set a base rate of $75 per hour. 28 U.S.C. § 2412(d)(2)(A) (1994). In 1996 Congress increased the base rate to $125 per hour for cases commenced on or after March 29, 1996. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The Court's calculations appear to adjust the 1996 rate for inflation. Since this action commenced in 1985, it would appear the applicable base rate is $75 per hour.

[11] Time spent preparing the instant EAJA motion is also compensable. *See Prandine v. National Tea Co.*, 585 F.2d 47, 54 (3d Cir. 1978); *Stanford Dailey v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974).

C.    SPECIAL FACTORS WARRANT A FEE AWARD AT MARKET RATES FOR PLAINTIFFS' SENIOR CLASS COUNSEL.

The EAJA authorizes the Court to award attorney's fees at market rates where there is a "limited availability of qualified attorneys for the proceedings involved," or where plaintiffs' counsel possess "distinctive knowledge" and "specialized skill" that was "needful to the litigation in question" and "not available elsewhere at the statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005); *see also Pierce*, *supra*, 487 at 572 ("Examples . . . would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.").

In *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009), this Court held this test satisfied where counsel had "distinctive knowledge and specialized skill in immigration law and, in particular, constitutional immigration law and litigation involving the rights of detained immigrants." *See also Fang v. Gonzales*, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (Unpub. Disp.) ("Counsel Smith's specialized skills and distinctive 'knowledge of . . . particular, esoteric nooks and crannies of immigration law,' ... enabled her to ... to succeed in obtaining relief from removal for Fang," *quoting Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004)). This Court accordingly awarded the prevailing party's most experienced attorney fees at $500 per hour. 569 F.3d at 912-15.

In *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929 (C.D. Cal. 2010), the

Government moved to dissolve an injunction requiring immigration authorities to

follow specific procedures when detaining, processing and removing Salvadoran

nationals. The court largely denied the motion, and the plaintiffs sought EAJA fees

at market rates because defending against the Government's motion required

specialized knowledge of, *inter alia*, the history of the litigation that had resulted in

the injunction. *Id*. at 959-60.

The district court awarded fees at $625-675 for senior counsel. *Id*. at 964. In

addition to requiring special knowledge of immigration law and procedure, the

court held, the prevailing parties' counsel has *specialized knowledge of the

proceedings that had led to the entry of the challenged injunction*, *id*. at 960, and

had specialized skills—including proficiency in Spanish—that were necessary to

defend the injunction. *Id*.

1.   <u>Plaintiffs' counsel possess distinctive knowledge and specialized skill
     that was needful to the litigation.</u>

As in *Orantes* and *Nadarajah,* Plaintiffs' counsel here have extensive

experience, knowledge and specialized skill in immigration law, youth law, and

more particularly, the rights of detained immigrant and refugee juveniles as they

exist at the intersection of the Settlement, the Homeland Security Act of 2002, Pub.

L. 107-296, 116 Stat. 2135 ("HSA"), the William Wilberforce Trafficking Victims

MEMORANDUM IN SUPPORT OF motion for
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

Protection Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044 ("TVPRA"), and the United States Constitution.

First, Plaintiffs' senior class counsel is a highly skilled litigator with vast expertise in representing immigrants, refugees and youth in nationwide class action cases. Plaintiffs' class counsel is among the leading lawyers litigating class actions on behalf of immigrant and refugee children. He has successfully litigated multiple statewide and nationwide class actions cases involving the rights of immigrant youth for over 40 years. This work was highlighted in the recent article entitled *Meet the father of the landmark lawsuit that secured basic rights for immigrant minors* published by the American Bar Association Journal. Lorelei Laird, *Meet the father of the landmark lawsuit that secured basic rights for immigrant minors,* February 1, 2016, at http://www.abajournal.com/magazine/article/meet_the_father_of_the_landmark_la wsuit_that_secured_basic_rights_for_immig.

Here, prosecuting Plaintiffs' action required specialized expertise in immigration law, the *Flores* Agreement and its history, and interpretation of federal consent decrees as these distinct areas of the law affect a discrete and otherwise defenseless subclass: immigrant and refugee youth in federal detention facilities. Distinctive knowledge of the *Flores* Agreement, the meaning of its terms under federal immigration laws, and the Government's policies and practices in implementing the Agreement, as well as the ability to converse in Spanish, were

- 16 -

necessary to the successful resolution of this litigation. *See* Declaration of Peter Schey, Exhibit 1 at ¶ 6 ("I am able to converse with class members and their mothers in Spanish. The majority of class members in the litigation the CHRCL conducts, including *Flores*, are monolingual Spanish-speakers, and the ability to communicate with these class members in their native language is invaluable.").

As the district court recognizes:

This case, however, does not involve typical issues that arise routinely under immigration law. Rather, Plaintiffs' action involved a one-of-a-kind settlement dating back to 1997 affecting a specific group of immigrants—accompanied and unaccompanied minors detained at the border. Schey … ha[s an] intimate knowledge of the Agreement as they themselves negotiated it on behalf of class members. In addition to litigating the matter that led to the Agreement, … Schey … ha[s] been involved with monitoring the government's compliance with the Agreement since its inception. Schey … [is] therefore uniquely positioned to efficiently litigate the enforcement action in question.

… Class member declarations were essential to obtaining, among other things, a favorable ruling regarding the conditions at the CBP stations. See July 24, 2015 Order, 212 F. Supp. 3d at 880–82. The Court is not convinced by Defendants' assertion that other attorneys

with Schey's and Holguin's knowledge, skills, and experience with the Agreement and class members, were available at the statutory rate. EAJA Order at 6-7. *See also Flores v. Barr*, Cv. 85-04544-DMG, Order re Plaintiffs' Motion for Attorneys' Fees (Docket # 702) at 5 (November 12, 2019) ("November 12, 2019 Order") (same).

Second, pursuant to ¶¶ 32 and 33 of the Settlement, Plaintiffs' counsel are unique in having broad access to children and youth in Defendants' detention facilities.[12]  Plaintiffs' lawyers relied heavily on this unique access to class members in investigating and documenting Plaintiffs' instant claims against Defendants. Schey ¶ 7.

Third, vindicating the rights of class members in the underlying motion required far more than skill in enforcing contracts: it required specialized expertise in the intersection of multiple sources of law as it affects a discrete and vulnerable subclass: immigrant and refugee youth in federal custody.  "[Class counsel] Schey is uniquely positioned to efficiently litigate enforcement actions in this case due to his involvement with the Flores Settlement from its inception, [and] his ability to visit [and collect evidence from] class members ..."  November 12, 2019 Order at 5.

---

[12] Pursuant to Settlement ¶ 32A class counsel "are entitled to attorney-client visits with class members even though they may not have the names of class members who are housed at a particular location."

Settlement ¶ 33 further provides, "Plaintiffs' counsel may request access to any licensed program's facility in which a minor has been placed pursuant to Paragraph 19 or to any medium security facility or detention facility ..."

MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS CV 85-4544-DMG(AGRx)

2        Other qualified attorneys unavailable.

Further, few, if any, other lawyers in the country could or would have brought a complex federal class action motion on behalf of a class of indigent, non-English-speaking detained minors, many detained in remote locations, at the inflation-adjusted EAJA rate. Schey ¶ 13. Market rates for lawyers with skills and experience comparable to plaintiffs' class counsel are in the range of $950 hourly.

These factors warrant the Court's awarding attorney's fees at rates "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Nadarajah*, *supra*, 569 F.3d at 916.

Plaintiffs accordingly seek $1,341,942.00 in fees for senior class counsel Schey as set forth in Exhibit 1-b at his market rate of $950 per hour. As the district court recently held, "[t]he increased rate [of $950 per hour for Schey] is 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" November 12, 2019 Order at 5, *quoting Nadarajah*, 569 F.3d at 916 (*quoting Blum v. Stenson,* 465 U.S. 886, 895 & n.11 (1984)); *see also* Am. Motion for Fees, Ex. 5 (Sobel Decl.) at ¶¶ 11–33 [District Court Doc. # 550-1].

/ / /

D        PLAINTIFFS SHOULD BE AWARDED COSTS

The EAJA provides for the award of costs as enumerated in 28 U.S.C. § 1920 and for "fees and other expenses." 28 U.S.C. § 2412(a), (d)(1)(A). "[F]ees and other expenses includes the reasonable cost of any study, analysis, engineering report, test, or project which is found the court to be necessary for the preparation of the party's case, ..." 28 U.S.C. § 2412(d)(2)(A).

Plaintiffs accordingly request an Order granting Plaintiffs their reasonable costs and related expenses as follows:

Center for Human Rights and Constitutional Law        $12,763.46

Law Foundation of Silicon Valley                       $1,790.67

Orrick, Herington & Sutcliffe                          $1,690.39

/ / /

MEMORANDUM IN SUPPORT OF  MOTION FOR
ATTORNEYS FEES AND COSTS
CV 85-4544-DMG(AGRx)

1

2    IV       CONCLUSION

3            For the foregoing reasons, this Court should award Plaintiffs attorney's fees

4
     and costs of $1,462,691.03 pursuant to 28 U.S.C. § 2412(d) as herein requested.
5

6

7    Dated: December 6, 2019 .                    Respectfully submitted,
8
                                                  CENTER FOR HUMAN RIGHTS
9                                                 AND CONSTITUTIONAL LAW
10                                                Peter A. Schey
                                                  Carlos R. Holguín
11

12                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                  Kevin Askew
13

14                                                LAW FOUNDATION OF SILICON VALLEY -
15                                                LEGAL ADVOCATES FOR CHILDREN & YOUTH
                                                  Jennifer Kelleher Cloyd
16                                                Katherine H. Manning
17                                                Annette Kirkham

18

19
                                                  /s/Peter Schey
20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF  MOTION FOR
                                                            ATTORNEYS FEES AND COSTS
                                                            CV 85-4544-DMG(AGRx)

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On December 6, 2019 I electronically filed the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
Attorney for Plaintiffs