CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (58232)
Carlos R. Holguín (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WILLIAM BARR, Attorney General of the United States, *et al.*,<br><br>　　　　Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>**DECLARATION OF PETER SCHEY IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Hearing: None set<br><br>[HON. DOLLY M. GEE] |

*Counsel for Plaintiffs, continued*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

UNIVERSITY OF CALIFORNIA DAVIS
SCHOOL OF LAW
Immigration Law Clinic
Holly S. Cooper (197626)
One Shields Avenue, TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone: (408) 280-2437
Email: kate.manning@lawfoundation.org

*Of counsel:*

ALDEA - THE PEOPLE'S JUSTICE CENTER
Bridget Cambria
532 Walnut Street
Reading, PA 19601
Phone: (484) 877-8002
Fax: (484) 926-2032
Email: bridget.cambria@cambriaklinelaw.com

I, Peter Schey, hereby declare:

1. I am an attorney admitted to the bar of the United States District Court for the Central District of California. I am one of the attorneys who serve as class counsel for Plaintiffs in the above-captioned action. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057. I execute this declaration in support of Plaintiffs' ex parte application for a temporary restraining order and order to show cause re: preliminary injunction protecting *Flores* class members from irreparable injury during the COVID-19 national public health emergency. I declare that the following statements are true to the best of my knowledge, information, and belief, formed after reasonable inquiry of the circumstances. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently as follows.

2. Pursuant to ¶¶ 28 and 29 of the settlement approved in *Flores* in 1997, the Office of Refugee Resettlement ("ORR") and the Immigration and Customs Enforcement ("ICE") provide *Flores* class counsel with statistical reports on all juveniles in their custody. Among other things, these reports identify class members, indicate the name and type of facility in which they are detained, and provide the date on which each juvenile came into ORR or ICE custody. The data does not indicate whether juveniles have a family member or other potential custodian in the United States available to receive them, nor do they indicate whether ORR or ICE have made and recorded continuous efforts aimed at the release of class members or what those efforts were or why a minor was not released.

3. The most recent statistical report indicates as of March 13, 2020, ORR had 3,622 children in custody, 1,193 of whom were in congregate settings after having been in ORR custody for 30 days or more. While hundreds of class members remain in ORR custody for longer than a month or two, indicating how promptly release can be accomplished when ORR acts without unnecessary delay, Class counsel recently

secured the release of a class member in ORR custody to his undocumented father in about five days.

4. With respect to ICE facilities, A preliminary review of data provided by Defendants to class counsel on a monthly basis shows that during February 2020 ICE detained about 3,359 class members in ICE family detention facilities. Of these class members it appears two (2) were apprehended in 2014. Four (4) were apprehended in 2018 and have been detained for over fourteen months. About ten (10) have been detained for about one year and another ten (10) have been detained for about eleven months. About twenty-six (26) have been detained for about ten months, fifteen (15) for about nine (9) months, eleven (11) for about eight months, fifty-eight (58) for about seven (7) months, ninety six (96) for about six (6) months, two hundred and five (205) five (5) months, one hundred and fifty-one (151) for about four (4) months, two hundred and ninety-three (293) for three (3) months, and nine hundred and eighty (980) have been detained for two months. In short, about 1,861 class members appear now in ICE custody have been detained for three months or longer, as explained below, with no efforts made by ICE to release them under the terms of the Agreement. During February about 23 class members were released by ICE on "orders of recognizance," and about 348 were released on parole.

5. I have visited or coordinated numerous ORR, ICE and CBP facility site visits during my time as class counsel in *Flores*, most recently this year on March 5, 6 and 9, in Los Angeles and San Diego at the David and Margaret Shelter, Crittenton Shelter and Southwest Key San Diego Shelter. I am also in regular contact with advocates in the field across the United states who regularly inform me regarding conditions in congregate care in ICE, CBP and ORR facilities. Recent monitoring at the ORR facilities mentioned above disclosed multiple children sharing single rooms, with some sleeping in bunk beds placed close together. Children are required to participate in group activities and classes where they share space with others in confined areas. Children share school materials, telephones, televisions, dining tables, and other equipment with other children. Toilets, sinks, and showers are shared and are used

regularly by large numbers of children. Children do not always have independent access to soap and water or hand sanitizer. In many facilities, access to soap and water is limited to bathrooms. Some of the facilities require children to ask permission to use the bathroom and require staff supervision in bathroom areas. Children eat their meals in communal areas, in close proximity to other children and staff. Program staff – including case guards, managers, teachers, medical providers, and clinicians – enter and leave these facilities in shifts and interact closely with the children.

6. On March 22, 2020, I sent a letter to counsel for Defendants outlining the grave risk posed to Class Members by continuing to house them in congregate care as well as the steps Plaintiffs were requesting Defendants to undertake in order to protect class members. Copy attached. If agreement could not be reached, I informed Defendants that Plaintiffs intended to request said relief through an application for a TRO. On March 23, 2020, I telephonically met and conferred with Nicole N. Murley[1], Trial Attorney for the Office of Immigration Litigation, one of the attorneys for the Defendants in the above-entitled action, in an effort to obviate the need for Plaintiffs to seek a temporary restraining order and to show cause re: preliminary injunction. I advised counsel Murley of the substance of the attached ex parte application. I also informed her that this application would be filed this week. Counsel Murley indicated on the March 23, 2020 call that Defendants did not have enough information to respond to many of the concerns raised. We set another call for March 24, 2020.

7. On March 24, 2020, Defendants' counsel stated their opposition to my requests regarding the issues faced by Plaintiffs in congregate care. Defendants further informed me that they would oppose the ex parte application. We agreed, however, to limit the scope of the relief sought to ORR and ICE facilities and to not include

---

[1] Counsel Murley's contact information is as follows: Office of Immigration Litigation—District Court Section, P.O. Box 868, Ben Franklin Station, Washington, DC 20044, Phone: 202-616-0473, nicole.murley@usdoj.gov

SCHEY DECL. ISO EX PARTE APPLICATION FOR
TRO AND OSC RE: PRELIMINARY INJUNCTION
CASE NO. CV 85-4544-DMG-AGRx

CBP facilities, as it appears we are close to an agreement on CBP facilities. Counsel Murley further informed me that families held in ICE detention facilities are not being afforded *Flores* rights, namely pursuant to Settlement paragraphs 14, 18, 21-22 regarding release of minors or inquiries regarding a parents preference for their child to be transferred to a licensed facility, among others. This information is consistent with reports from numerous counsel who represent detained families in ICE facilities, including Bridget Cambria who has for many years represented families at the Berks detention center, Shalyn Fluharty who directs the Dilley Pro Bono Project and for many years has represented detained families at the Dilley detention facility, and Andrea Meza, who is director of Family Detention Servicers Program representing families at the Karnes detention facility. All three of these attorneys have provided declarations regarding Defendants practices at the three ICE family detention centers being filed herewith.

8. To date, Defendants have not taken any further action to expedite resolution of this dispute which is endangering the health and lives of children at ORR and ICE facilities.

9. ORR materials produced during a meeting at Shiloh RTC with class counsel Carlos Holguin and Special Master Andrea Sheridan Ordin indicates that 42 percent of children in ORR custody are "Category 1": that is, they have parents or guardians in the United States. Another 47 percent are "Category 2": that is, they have another "immediate" relative—a brother, sister, grandparent, aunt, uncle, or first cousin—to whom they could be released. *Id*. Another 11 percent are "Category 3": that is, children with "other sponsors," such as "more distant relatives and unrelated adult individuals." *Id*. The remainder are "Category 4": children for whom ORR has identified no potential custodian.

10. Attached hereto as Exhibit A is a true and correct copy of the Declaration of Dr. Katherin Peeler, dated March 25, 2020.

11. Attached hereto as Exhibit B is a true and correct copy of the Declaration of Dr. Craig Haney, dated March 25, 2020.

12. Attached hereto as Exhibit C is a true and correct copy of the Declaration of Dr. Julie DeAun Graves, dated March 24, 2020.

13. Attached hereto as Exhibit D is a true and correct copy of the Declaration of Dr. Jaimie Meyer, dated March 15, 2020. This declaration was originally prepared for use in Velesaca v. Decker, No. 1:20-cv-1803 (S.D.N.Y. Mar. 16, 2020), as well as in O.M.G. et al. v. Wolf et al., No. 1:20-cv-00786 (D.D.C. Mar. 21, 2020), and is reproduced with permission of the author.

14. Attached hereto as Exhibit E is a true and correct copy of the Declaration of Dr. Nancy Yvonne Wang, dated March 24, 2020.

15. Attached hereto as Exhibit F is a true and correct copy of the Declaration of Dr. Mira Zein,, dated March 23, 2020.

16. Attached hereto as Exhibit G is a true and correct copy of a letter to Committee Chairpersons and Ranking Members of the United States Congress, authored by Drs. Scott A. Allen and Josiah Rich, dated March 19, 2020, available at https://whistleblower.org/wp-content/uploads/2020/03/Drs.-Allen-and-Rich 3.20.2020-Letter-to-Congress.pdf.

17. Attached hereto as Exhibit H is a true and correct copy of the Declaration of Bridget Cambria, dated March 25, 2020.

18. Attached hereto as Exhibit I is a true and correct copy of the Declaration of Shalyn Fluharty, dated March 25, 2020

19. Attached hereto as Exhibit J is a true and correct copy of the Declaration of Andrea Meza, dated March 24, 2020.

20. Attached hereto as Exhibit K is a true and correct copy of the Declaration of James Owens, dated February 7, 2018.

21. Attached hereto as Exhibit L is a true and correct copy of the email entitled "COVID-19 INTERIM GUIDANCE FOR ORR PROGRAMS" and attachments, sent by the Office of Refugee Resettlement, Unaccompanied Children's Program, Division of Health for Unaccompanied Children on March 13, 2020.

23. Attached hereto as Exhibit M is a true and correct copy of the Office of

Refugee Resettlement "UAC Manual of Procedures (UAC MAP)."

24. Attached hereto as Exhibit N is a true and correct copy of excerpts of the Office of Refugee Resettlement Policy Guide, available at https://www.acf.hhs.gov/orr/resource/children-entering-the-united-states-unaccompanied.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 26th day of March, 2020, at Ojai, California.

*Peter Schey*

Peter A. Schey

# CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 S. OCCIDENTAL BOULEVARD
LOS ANGELES, CA 90057
Telephone:  (213) 388-8693 Facsimile:  (213) 386-9484
www.centerforhumanrights.org

March 22, 2020

*Via email*
Sarah Fabian
Senior Litigation Counsel
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044


   Re: *Flores v. Barr*, CV 85-4544-DMG-AGRx.

Dear Sarah:

Plaintiffs request that the *Flores* parties meet and confer telephonically tomorrow, March 23, 2020, to discuss ways in which the parties may jointly address the risk that detained *Flores* class members are now facing, or will shortly face, as a result of the COVID-19 public health emergency.

Plaintiffs are informed that group detention is incongruent with the recommendations of the Centers for Disease Control and Prevention (CDC), as well as state and local health, all of whom recommend precautions that are difficult or impossible to observe in facilities housing large groups of class members.

We accordingly wish to explore whether Defendants may be amenable to taking certain prompt steps to reduce the danger of class member infections, including providing *Flores* class counsel copies of instructions issued to those detaining class members, clearly advising accompanying parents of their children's rights under the Settlement (including a parent's right to waive her or his child's *Flores* rights), expediting the release of class members to available custodians identified in Paragraph 14 of the Settlement, and advising class counsel of the reasons why class members are not released within seven days.

Plaintiffs understand the need to protect children against abuse or neglect following release, but the seriousness of such risks should be balanced against the health and safety dangers children face in the event COVID-19 spreads through Defendants' facilities. News reports indicate that class members have already been exposed to COVID-19 at the MercyFirst and Abbott House ORR contract facilities in New York. The CDC advises that COVID-19 is thought to spread mainly from person-to-person, between people who are in close contact with one another (within about 6 feet) and through respiratory droplets caused when someone coughs or sneezes.

Sarah Fabian
March 22, 2020
Page 2 of 4

Pursuant to Paragraph 37 of the Settlement, Plaintiffs are requesting an urgent meet and confer with Defendants on Monday, March 23, 2020, to discuss enforcement of the Settlement in light of the COVID-19 pandemic and the prolonged detention of accompanied children including in family residential centers. Please advise what time Defendants are available to meet and confer.

As used in this correspondence, the term Defendants includes ORR, CBP, and ICE. Plaintiffs are hoping that the parties may reach agreement along the following lines to remain in effect during the COVID-19 pandemic:

1. Following arrest, the Defendants will hold minors in facilities that are safe and sanitary and that are consistent with the Defendants' concern for the particular vulnerability of minors. Settlement ¶ 12.A. Every effort will be taken to ensure that the safety and well-being of the minors detained in these facilities are satisfactorily provided for by the staff. *Id*. To that end, Defendants shall take all reasonable steps to reduce the population of class members in congregate facilities such that class members may adhere to the practices recommended by the Center for Disease Control to avoid the spread of COVID-19 and protect themselves, those with whom they are detained, and staff overseeing class members from infection.

2. All Defendants will make and record prompt and continuous efforts aimed at the release of minors without unnecessary delay from the time of apprehension. Settlement ¶¶ 14 and 18. *See also* Order Appointing Special Master [Doc. # 494] at 10-12 (detailing expected data collection re efforts at release). Such efforts at family reunification shall continue so long as the minor is in Defendants' custody. Settlement ¶ 18.

3. Subject to Paragraphs 4 and 5 below, and absent good cause based on articulable facts to believe that available custodian(s) would harm or neglect a class member, all detained class members who are not flight risks or a danger as determined using the criteria set forth the Settlement at Paragraphs 21-22, should be released by Defendants to available sponsors without unnecessary delay and in no more than seven (7) days following apprehension, in the following order of preference, to: A. a parent; B. a legal guardian; C. an adult relative (brother, sister, aunt, uncle, or grandparent); D. an adult individual or entity designated by the parent or legal guardian as capable and willing to care for the minor's well-being in a declaration signed under penalty of perjury before an officer employed by Defendants; E. a licensed program willing to accept legal custody; or F. an adult individual or entity seeking custody, in the discretion of the Defendants, when it appears that there is no other likely alternative to long term detention and family reunification does not appear to be a reasonable possibility. Settlement Paragraph 14. Before a minor is released to a sponsor identified in Paragraph 14 of the Settlement, Defendants shall require that the sponsor execute an Affidavit of Support (Form 1-134) and an agreement as set forth in Paragraph 15 of the Settlement.

4. For class members detained with parents or legal guardians, Defendants shall (i) provide a written notice in Spanish or in the parent's or legal guardian's native language if other than Spanish in the form to be attached as Exhibit 1 regarding the class members' release and transfer rights

Sarah Fabian
March 22, 2020
Page 3 of 4

under Paragraphs 14 and 19 of the Settlement, and record the date, time, and location where the notice was provided, (ii) provide the parent or guardian with a list of free legal services and prompt access to consultation and follow-up consultations with available legal counsel in person or by telephone without charge to the parent or guardian so they may discuss with counsel their options under the Settlement, (iii) without charge, provide the parent or guardian with access to telephonic communications with potential sponsors listed in Paragraph 14 of the Settlement so they may discuss with the sponsors their availability and ability to care for the minor if released to that sponsor, (iv) provide the parent or guardian with the option to opt his or her class member minor out of the release and transfer rights of the Settlement, and have them execute a document in the form to be attached as Exhibit 2 in Spanish or their native language stating that they are knowingly and intelligently waiving their child's right to release under the Settlement after having had the opportunity to consult with counsel. In the event a form cannot promptly be made available in the native language of a non-Spanish speaking parent, Defendants shall have the form(s) read to the parent in their native language and shall record that this was done, including the language used, date, location, and person who translated the form(s) to the parent. This may be recorded in the parent's A file. If the parent or guardian elects to have the child reunified with a sponsor listed in Paragraph 14, the child shall be reunified within 7 days to the sponsor. However, due to the extraordinary nature of this pandemic, we would request that simultaneous release of the child and parent or guardian be considered under 8 C.F.R. 1236.3(b)(2) to best protect the well-being of the child.

5. If an accompanying parent or guardian of a class member not released pursuant to Paragraph 14 of the Settlement opts to have the class member transferred to a facility licensed by a state for the care of dependent children, Defendants shall make and record continuous efforts to transfer the minor as expeditiously as possible, and in any event in no more than seventy-two (72) hours to a facility licensed by a state for the care of dependent children and insure that the facility's policies and practices comply with the terms of the Settlement ¶ 19 and Exhibit 1. In accordance with Paragraph 19 of the Settlement, such minor shall be placed temporarily in a licensed program only until such time as release can be accomplished in accordance with the minor's parent's or guardian's wishes pursuant to Paragraph 14 of the Settlement.

6. In the event Defendants determine that the detention of a class member is required either to secure his or her timely appearance before ICE or the immigration court, or to ensure the minor's safety or that of others, the class member may be transferred to a suitable facility under Paragraphs 21-22 of the Settlement. In making this decision Defendants should take into account the potential health dangers faced by class members detained in congregate facilities. However, Defendants will not place a minor in a secure facility pursuant to Paragraph 21 if there are less restrictive alternatives that are available and appropriate in the circumstances, such as transfer to (a) a medium security facility which would provide intensive staff supervision and counseling services or (b) another licensed program. Settlement Paragraph 23. All determinations to place a minor in a secure facility shall be in writing and will be reviewed and approved by the juvenile coordinator. *Id*.

Sarah Fabian
March 22, 2020
Page 4 of 4

7. Copies of all non-privileged instructions, protocols, and directives to Defendants detaining class members relating to COVID-19 should be shared with class counsel, including those already issued and those that may be issued for an agreed period of time or while an Order remains in effect.

8. Defendants should provide to Class Counsel and the Special Master the information listed in the Order Appointing Special Master at B.1.c.i(i)-(x), ii(i)-(vi), and iii for all class members detained for more than seven (7) days from the time of apprehension.

Plaintiffs hope the parties can work jointly to protect the health and welfare of class members under increasingly difficult conditions, but we are obliged to seek the Court's protection for class members should such cooperation prove unsuccessful.

Should mutually agreeable measures not be promptly settled, Plaintiffs intend to apply for a temporary restraining order and order to show cause re: preliminary injunction by the close of business on March 23, 2020, or as soon thereafter as the necessary application can be completed. The requested TRO and the OSC will seek substantially the relief as stated in paragraphs 1-8 above.

Should Defendants decline this invitation to confer, pursuant to Local Rule 7-19, Plaintiffs ask that Defendants advise whether they oppose the application for a temporary restraining order.

                                                         Thank you,

                                                         Peter Schey
                                                         One of the attorneys for Plaintiffs

ccs:    Carlos Holguin, Esq.
          Andrea S. Ordin, Esq.

/ / /

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On March 26, 2020, I electronically filed the following document(s):

**DECLARATION OF PETER SCHEY IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
*Attorney for Plaintiffs*