# EXHIBIT K

# DECLARATION OF JAMES M. OWENS

I, James M. Owens, declare and say as follows:

1. All facts stated herein are of my own personal knowledge, and if sworn I could competently testify thereto.

2. I am an attorney licensed to practice law in the State of California. I am a Retired Assistant County Counsel from Los Angeles County. I retired in March of 2014. For the last 15 years of county service, I managed the Dependency Division in Los Angeles County. The Dependency Division handles child abuse and neglect cases for the Los Angeles County Department of Children and Family Services. We had 120 attorneys handling approximately 25,000 dependency cases and appeals. The attorneys staffed 20 courts and would routinely handle over 1,000 matters each court day. I am very familiar with laws and time lines relating to children detained by and placed in custody of California child welfare agencies.

3. In preparation for this declaration, I have reviewed a time line provided to me by Attorney Carlos Holguin. I have been asked to analyze the time frames and circumstances of the child J.M.R.R.'s detention based upon federal and state laws applicable to the detention of dependent children and timelines child protection agencies typically follow when placing children with a non-offending parent after they have been removed from an unfit home. I am not familiar with federal immigration laws or how dependency law may be applicable to the instant case.

4. I am informed and believe that the J.M.R.R has been detained in a non-licensed facility since September 18, 2017. I am also informed and believe that the child's mother is an appropriate custodian and is willing to provide care and supervision for the child. I am informed that there was a home study conducted on the mother's home on or about October 30, 2017. The home study recommended release to the child's mother. The results of the home study were received December 27, 2017.

5. Child welfare is state managed and federally funded. Many of the state laws designed to expedite placement of children are mandated by the federal funding statute commonly called the Adoptions and Safe Families Act. The requisite components of all state

1

Declaration of James M. Owens

plans are contained at 42 USC section 671. Pursuant to this statute, child welfare agencies are required to place children with appropriate parents quickly. Prior to detaining children from their parents, the agency is required to provide "reasonable efforts" to prevent or eliminate the need to remove the child from a parent. *See* 42 U.S.C. § 671(a)(15). This is codified in California law at Welfare and Institutions Code section 309, which provides that the social worker shall "immediately release the child to the custody of the child's parent" unless the child has no parent willing to provide care, social worker believes that the child's detention is a matter of immediate and urgent necessity for the protection of the child, the parent, guardian or custodian is a flight risk, the child has left a placement in which he or she was placed by the juvenile court, the parent or person having legal custody has voluntarily surrendered physical custody.

6. The time frames for dependency hearings are very quick. If the social worker decides to detain a child. The social worker must file a petition with the court within 48 hours of the child's detention. *See* Welfare and Institutions Code sections 313. A hearing is scheduled on the next court day after the petition is filed with the court. *See* Welfare and Institutions Code section 315. The judge considers the grounds for detention. If there are no legal grounds for detention, the court shall order the release of the child from custody. *See* Welfare and Institutions Code section 319(b).

7. Were state child welfare agencies involved, the instant case would have presented issues involving the Interstate Compact on the placement of children as it involved a home study conducted in Florida. This may have delayed placement were this a California child dependency case as the local agency would be dependent on a Florida agency to complete the home study. Even so, the statute contemplates a state conducting a home study for another state pursuant to the Interstate Compact will complete the home study in 60 days. *See* Cal. Fam. Code section 7901.1. When another state requests Los Angeles County to perform a home study under the Interstate Compact, Los Angeles would take all steps to complete the home study within the time period contained in Family Code section 7901.1. When Los Angeles County receives a completed home study from another state approving placement with a parent, Los Angeles would

take all steps to effectuate an immediate placement with that parent. The Adoption and Safe Families Act requires all states receiving federal funds to have "orderly and timely interstate placement of children" 42 United Sates Code section 671(25). The federal law further requires that the receiving state conduct and complete the home assessment within 60 days. 42 United Sates Code section 671(26).

8. If the state placing a child is not requesting supervision by the receiving state, however, the Interstate Compact would not be applicable to a placement with a parent. In these circumstances, the child welfare agencies may handle such placements without the delays associated with coordinating interstate placement with the receiving state. In Los Angeles County, these placements are often effectuated before the 48-hour time for the filing of the petition expires.

9. I am advised that ORR may be continuing J.M.R.R. in federal custody because no one in his mother's household is a licensed driver. In my experience, the lack of access to a motor vehicle would not justify the continued detention of a health teen age child. If transportation was necessary, the child welfare agency would typically provide public transportation vouchers to the family to provide transportation for the child.

10. The goal of child welfare is to place children is safe, nurturing environments in a timely fashion. The Adoption and Safe Act requires placements foster families, relatives and other nonparents to meet licensing standards required of foster placements. These include criminal history checks on prospective care providers. 42 United States Code sections 671(19) and 671(20).

11. Continued detention in a non-licensed placement is very problematic in circumstances where the child could be placed with a parent who has no history of abuse, neglect, or unfitness, nor any legal impediment to receiving custody. Childhood is short, and children should receive parenting in a nurturing, permanent relationship. Too frequently children are placed in institutional settings where their day to day care is provided by a series of adult caretakers who lack any permanent connection to the children they care for. In these

3

Declaration of James M. Owens

circumstances, the dependency system makes every attempt to promptly place the child in a permanent nurturing relationship, preferable with a parent or relative.

12. In my experience, all involved in the dependency system would take every effort to expedite placement with a child with a parent who could provide a safe and stable home.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 7th day of February 2018, in Long Beach, California.

_____
James M. Owens

4

Declaration of James M. Owens