CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
 crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>William Barr, Attorney General of the United States, *et al*.,<br><br>　　　　Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>[Proposed] Temporary restraining order and order to show cause re: preliminary injunction.<br><br>Hearing:  None set<br><br>[HON. DOLLY M. GEE] |

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

UNIVERSITY OF CALIFORNIA DAVIS
SCHOOL OF LAW
Immigration Law Clinic
Holly S. Cooper (197626)
One Shields Avenue, TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone: (408) 280-2437
Email: kate.manning@lawfoundation.org

*Of counsel:*

ALDEA - THE PEOPLE'S JUSTICE CENTER
Bridget Cambria
532 Walnut Street
Reading, PA 19601
Phone: (484) 877-8002
Fax: (484) 926-2032
Email: bridget.cambria@cambriaklinelaw.com

IT IS ORDERED that Plaintiffs' ex parte application for a temporary restraining order (Doc. #__) is GRANTED.

IT IS ACCORDINGLY ORDERED as follows:

1. Upon taking custody of class members, Defendants shall promptly make and record an individualized written determination regarding whether the child is a danger or flight risk under the criteria set forth in Paragraphs 21-22 of the Agreement. Defendants shall not categorically deem all children with orders of removal – including orders of expedited removal – a flight risk. *See* June 27, 2017 Order of this court.

2. From the time a class member comes into its custody ICE shall make and record prompt and continuous efforts aimed at the release of the class member without unnecessary delay. Settlement ¶¶ 14 and 18. Such efforts at family reunification shall continue so long as the minor is in ICE's custody. Settlement ¶ 18.

3. In accordance with Paragraph 24C of the Agreement, Defendants shall promptly provide the class member, or if accompanied their parent or guardian, and the class member's attorney of record, a copy of Defendants' determination why any class member cannot be released without unnecessary delay. If the class member is not released because she or he has been determined to be a flight risk or danger under the criteria set forth in Paragraphs 21-22 of the Agreement, the notice shall include the reasons the Defendants deemed the class member a danger or flight risk.

4. Absent good cause based on articulable facts to believe that available custodians described in Paragraph 14 of the Settlement would harm or neglect a released class member, or absent a determination that a class member is a flight risk or a danger using the criteria set forth in Paragraphs 21-22 of the Agreement (as further clarified by this court's June 27, 2017 Order), Defendants shall immediately release class members to available custodians.

5. For class members not released by Defendants within seven (7) days after the issuance of this Order, Defendants shall provide to the Special Master and Class

Counsel the information listed in the Order Appointing Special Master at B.1.c.i(i)-(x), ii(i)-(vi), and iii. Such information shall be subject to confidentiality Orders preeviously issued by this Court.

6. Pursuant to Paragraph 27 of the Settlement, Defendants shall provide notice to a class member's attorney of record in advance of the class member's release or transfer, including in advance of removal or, to the extent reasonably possible, in advance of their transfer off-site for medical treatment, and including the location where the class member is released or transferred. If a transferred class member is hospitalized or placed in quarantine or isolation units, Defendants shall to the maximuim extent reasonably possible ensure that the class member continues to have access to her or his attorney of record, including by telephone or in-person visitation barring orders from the treating physician that telephone and in-person visitation are not in the best interest of the child.

7. Defendants (i) shall take immediate steps to ensure that class members not released are held in non-congregate care, (ii) shall within seven days of this Order advise the Special Master/Independent Monitor and court-appointed medical expert Dr. Paul Wise of the steps taken to ensure that class members not released are held in non-congregate care, and (iii) are strongly encouraged to release accompanying parents or guardians when class members are released under the criteria set forth in 8 C.F.R. § 1236.3(b)(2). "[S]imultaneous release of the juvenile and the parent, legal guardian, or adult relative *shall* be evaluated on a discretionary case-by-case basis." 8 C.F.R. § 1236.3(b)(2). (Emphasis added).

8. To the extent there is absolutely no other option but for children and families to remain detained in congregate settings, basic principles of public health require ORR and ICE to maximum extent possible to:

    a.    Allow each detainee enough space to maintain a distance of at least six feet from others;

    b.    Organize meals and sleeping arrangements so that detainees are not exposed to crowded food lines and cramped sleeping quarters;

c. Ensure that all detainees have free and consistent access to clean water, soap, and hand sanitizer;

d. Transfer children and families from high-density placements (facilities with 10 or more children) to low-density placements;

e. Separate class members and families who are at higher risk of severe illness if they contract an infection from other detainees;

f. Screen staff who enter and exit the facilities for COVID-19 symptoms twice daily and prohibit entry if staff exhibit symptoms or report exposure;

g. Immediately quarantine any detainee who is symptomatic in a negative pressure room in order to decrease the risk of infection to others. Given that this is a pandemic, all symptomatic class members should be tested for COVID-19.

h. Ensure that facilities have plans in place if they have to quarantine more children than there are single-occupancy rooms.

9. For purposes of this Order, "non-congregate care" refers to settings in which a class member is permitted to maintain physical distance from others, avoid contact with ten or more individuals, and observe such other measures to avoid contracting COVID-19 as the Centers for Disease Control and Prevention may prescribe as public health policy for the general public during the COVID-19 emergency.

IT IS FURTHER ORDERED that Defendants show cause on or before _____, 2020, why they should not be preliminarily enjoined as set out in Paragraphs 1-11 above.

Dated: _____, 2020

_____
United States District Judge

Presented by:

*/s/Peter Schey*
*Class Counsel for Plaintiffs*

3

PROPOSED TRO
CV 85-4544-DMG-AGRX

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On March 26 2020, I electronically filed the following document(s): [Proposed] Temporary restraining order and order to show cause re: preliminary injunction with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
*Attorney for Plaintiffs*