CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (58232)
Carlos R. Holguín (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> **SECOND SUPPLEMENTAL DECLARATION OF PETER SCHEY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> Hearing: April 10, 2020 10 AM <br> [HON. DOLLY M. GEE] |

*Counsel for Plaintiffs, continued*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

UNIVERSITY OF CALIFORNIA DAVIS
SCHOOL OF LAW
Immigration Law Clinic
Holly S. Cooper (197626)
One Shields Avenue, TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

THE LAW FOUNDATION OF SILICON VALLEY
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone: (408) 280-2437
Email: kate.manning@lawfoundation.org

*Of counsel:*

ALDEA - THE PEOPLE'S JUSTICE CENTER
Bridget Cambria
532 Walnut Street
Reading, PA 19601
Phone: (484) 877-8002
Fax: (484) 926-2032
Email: bridget.cambria@cambriaklinelaw.com

I, Peter Schey, hereby declare:

1. I am an attorney admitted to the bar of the United States District Court for the Central District of California. I am one of the attorneys who serve as class counsel for Plaintiffs in the above-captioned action. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057. I execute this declaration in support of Plaintiffs' ex parte application for an order to show cause re: preliminary injunction protecting *Flores* class members from irreparable injury during the COVID-19 national public health emergency. I declare that the following statements are true to the best of my knowledge, information, and belief, formed after reasonable inquiry of the circumstances. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently as follows.

2. Pursuant to ¶¶ 28 and 29 of the settlement approved in *Flores* in 1997, the Office of Refugee Resettlement ("ORR") and the Immigration and Customs Enforcement ("ICE") provide *Flores* class counsel with statistical reports on all juveniles in their custody. Among other things, these reports identify class members, indicate the name and type of facility in which they are detained, and provide the date on which each juvenile came into ORR or ICE custody. The data does not indicate whether juveniles have a family member or other potential custodian in the United States available to receive them, nor do they indicate whether ORR or ICE have made and recorded continuous efforts aimed at the release of class members or what those efforts were or why a minor was not released.

3. In my previous declarations dated March 26, 2020 [Doc. # 733-2] and April 2, 2020 [Doc. # 743] I included data regarding the length of detention of class members in ICE custody in February 2020 extracted from data provided by Defendants to class counsel in early March 2020. As indicated in my letter to Defendants dated February 11, 2020 (Doc. # 738, Exhibit Q), the monthly data provided by Defendants is often difficult to understand and incomplete. Defendants have agreed to meet and confer concerning deficiencies in Defendants' monthly data

class counsel identified in my February 11, 2020 correspondence, though that meet and confer has not yet taken place.

4.   The ICE March 2020 data provided for the month of February 2020 indicates 1,607 class members in ICE family detention facilities. However class counsel's data experts working at Stanford University and assisting with analysis of every month's ICE data believe the number in ICE custody in February may actually be two thousand and three (2003). They report that 396 minors reported by ICE in earlier months were not reported as detained or released in February. It also appears that class members booked into an ICE facility on or after the 20th of a month may not be included in that month's data. With regards the 1,607 class members ICE's February 2020 data includes, a further (hopefully final) review of data released to class counsel indicates ICE detention of class members as follows.

One (1) was apprehended in 2014.

Two (2) were apprehended in 2018 and have been detained about fourteen months.

Four (4) have been detained for about one year.

Three (3) have been detained for about eleven (11) months.

Ten (10) have been detained for about ten (10) months.

Six (6) have been detained for about for about nine (9) months.

Five (5) have been detained for about for about eight (8) months.

Forty-nine (49) have been detained for about for about seven (7) months.

Fifty-seven (57) have been detained for about for about six (6) months.

One hundred and three (103) have been detained for about for about five (5) months.

Eighty-four (84) have been detained for about for about four (4) months.

One hundred and fifty-seven (157) have been detained for about three (3) months.

Four hundred and fifty-three (453) have been detained for about two (2) months.

5. Thus about 934 class members (58%) have been detained by ICE for two months or longer.

6. Finally, as stated in my previous declarations [## 733-2 and 743], it should be noted that Defendants' counsel Nicole Murley informed me during our meet and confer held before Plaintiffs filed their application for a temporary restraining order that families held in ICE detention facilities are *not* being informed about or afforded *Flores* rights under paragraphs 14, 18, 21-22 of the Settlement regarding release of minors or inquiries regarding transfer to a licensed facility. This information is consistent with reports from counsel who represent detained families in ICE facilities, including Bridget Cambria who has for many years represented families at the Berks detention center, Shalyn Fluharty who directs the Dilley Pro Bono Project and for many years has represented detained families at the Dilley detention facility, and Andrea Meza, who is director of Family Detention Servicers Program representing families at the Karnes detention facility. All three of these attorneys have provided declarations Plaintiffs have already filed regarding ICE's complete failure to implement the release and transfer rights of class members at the three ICE family detention centers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 5th day of April, 2020, at Ojai, California.



Peter A. Schey

- 3 -

SCHEY SECOND SUPP. DECL. ISO EX PARTE APPLICATION FOR OSC RE: PRELIMINARY INJUNCTION CASE No. CV 85-4544-DMG-AGRx

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On April 2, 2020, I electronically filed the following document(s):

**SECOND SUPPLEMENTAL DECLARATION OF PETER SCHEY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
*Attorney for Plaintiffs*