JOSEPH H. HUNT
Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
    Tel: (202) 532-4824
    Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' APPLICATION FOR LEAVE TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF DEFENDANTS' FILE EXHIBITS UNDER SEAL SUBMITTED IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE** |
| v. | |
| LORETTA E. LYNCH, Attorney General of the United States; *et al.*, | |
| Defendants. | Hearing Date: April 10, 2020<br>Time: 10:00am |

Defendants submit this Application seeking leave from the Court to file under seal certain exhibits ("Exhibits") filed in response to the Court's Order to Show Cause Re: Preliminary Injunction. ECF No. 740. Those exhibits are filed concurrently herewith, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. As required by Local Rule 79-5.2.2(a), Defendants submit concurrently with this application the declaration of Sarah B. Fabian, a proposed order, and unredacted copies of the Exhibits.

On March 28, 2020, the Court stated in its order that this information may be filed under seal. ECF 740 at 14. On April 6, 2020, counsel for Defendants contacted counsel for Plaintiffs, Peter Schey, by email regarding Defendants' proposed filing. Defendants have not heard back from Mr. Schey prior to this filing.

The Exhibits that Defendants seek to seal are as follows:

| Exhibit Number | ORR Files: |
|---|---|
| Defendant ORR Ex. 1 | Information listed in the Order Appointing Special Master/Independent Monitor, at B.1.c.i(i)-(x), as well as a brief summary of efforts toward family reunification or release of the detained Class Member |
| Defendant ORR Ex. 2 | ORR - Date of Apprehension Data from CBP |
| Defendant ICE Ex. 1 | Report of Juveniles in ICE Custody – 03/28/20 Report |

These records contain personally identifiable information and other highly personal information regarding class members, and in some cases regarding other individuals who are proposed sponsors of these class members or members of the

proposed sponsors' households. Given the sensitive nature of the information in these records, there is compelling reason to file them under seal in order to protect the privacy of the individuals identified in these records and to avoid stigma or embarrassment to those individuals. Moreover, because of the detailed and intricate nature of the information provided in these documents, Defendants cannot be sure which information, if disclosed, might allow identification of the individuals referenced in the documents or cause embarrassment or stigma to any individual. Therefore Defendants seek to seal these documents in their entirety.

To the extent that the Court ordered Defendants to provide data to Class Counsel, Defendants ask that the Court require Class Counsel to be bound by the terms of the protective order that governs the disclosure of information produced by Defendants to the Special Master/Independent Monitor. ECF No. 513. Consistent with the terms of the protective order, Defendants request that Class Counsel be prohibited from disclosing to, or otherwise discussing with, any person not designated as a Qualified Person under paragraph 6(c) of the protective order, any information designated by Defendants as "Confidential Information." ECF No. 513. Any individual who Class Counsel designates as a Qualified Person under paragraph 6(c) of the protective order, shall be bound by the terms of the protective order, including compliance with the provisions of paragraph 7 of the order, which requires Qualified Person to read the terms of the protective order and sign a copy of the Acknowledgment of Protective Order form prior to receiving the information. under paragraph 6 of the protective order. *Id.*

**ARGUMENT**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v.*

*State Farm Mutual Auto Insurance Comp.*, 331 F.3d 1124, 1134 (9th Cir.2003). Accordingly, the default rule is that "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption [in favor of access to court records] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006).

Compelling reasons support sealing Defendants' Exhibits. They contain highly personal information regarding class members, and in some cases their sponsors or other members of the sponsors' households. Specifically, these Exhibits contain sensitive information regarding the individuals' health, medical treatment, and sensitive family relationships. Courts have recognized individuals' interest in the protection of such information. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases). Moreover, because of the volume of detailed information provided in these documents, and the intricate nature of this information, Defendants cannot be sure which information, if disclosed, might allow identification of the individuals referenced in the documents, or cause stigma or embarrassment to the individuals referenced in these documents. Therefore, Defendants seek to seal these documents in their entirety. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (granting motion to file under seal because "nearly every document in the volume at issue includes the name of, and/or personal and private medical information relating to, [Plaintiff-Appellant's] minor son."); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376-77 (8th Cir. 1990) (affirming decision to seal court records containing "testimony of psychologists and psychiatrists as to [child's] mental status" to prevent child from being "stigmatized and humiliated").

3

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court issue an Order permitting the filing under seal of the unredacted documents filed in response to the Court's show cause order.

DATED: April 6, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system. Documents associated with this filing that are proposed to be filed under seal will further be served on Plaintiffs' counsel of record by other means.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants