# Defendants' Exhibit 5



**From:** Berg, Peter B
**To:**
**Cc:**
**Subject:** Updated Guidance: COVID-19 Detained Docket Review-- Effective Immediately
**Date:** Saturday, April 4, 2020 5:17:40 PM

==UPDATE:== **Please see the updated guidance below. The previous version of this guidance is rescinded.**

This message is sent from Peter B. Berg, (a)Assistant Director, Field Operations

**To:** Field Office Directors and Deputy Field Office Directors

**Subject:** COVID-19 Detained Docket Review

**Background:**

U.S. Immigration and Customs Enforcement (ICE) has taken a number of significant and proactive measures in response to the Coronavirus Disease 2019 (COVID-19) pandemic, in order to mitigate the spread of COVID-19 to aliens detained in its custody, its workforce, and stakeholders at its detention facilities. As more becomes known about the virus, ERO will continue to update its practices and guidance in this regard. General ICE COVID-19 guidance is available here and will be updated and supplemented on an ongoing basis.

On March 18, 2020, you were directed to review the cases of aliens detained in your area of responsibility who were over the age of 70 or pregnant to determine whether continued detention was appropriate. The Centers for Disease Control and Prevention (CDC) has developed a list of categories of individuals identified as potentially being at higher-risk for serious illness from COVID-19. Expanding on that list, ERO has identified the following categories of cases that should be reviewed to re-assess custody:

- Pregnant detainees or those having delivered in the last two weeks
- Detainees over 60 years old
- Detainees of any age having chronic illnesses which would make them immune-compromised, including but not limited to:
    - Blood Disorders
    - Chronic Kidney Disease
    - Compromised immune system (e.g., ongoing treatment such as chemotherapy or radiation, received an organ or bone marrow transplant, taking high doses of corticosteroids or other immunosuppressant medications)
    - Endocrine disorders

- Metabolic disorders
- Heart disease
- Lung disease
- Neurological and neurologic and neurodevelopment conditions

As part of your ongoing application of the CDC's Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities (available [here](#)), please identify all cases within your AOR that meet any of the criteria above and validate that list with assistance from IHSC or your Field Medical Coordinator to ensure the conditions listed are still present and do result in the detainee potentially having a higher risk for serious illness from COVID-19. After identifying a case as meeting any of the above criteria, you should review the case to determine whether continued detention remains appropriate in light of the COVID-19 pandemic.

The presence of one of the factors listed above should be considered a significant discretionary factor weighing in favor of release. To be clear, however, it may not always be determinative. Field offices must remain cognizant of the requirements of mandatory detention. Section 236(c) of the Immigration and Nationality Act (INA) mandates the detention of certain categories of criminal and terrorist aliens during the pendency of removal proceedings. Such aliens may not be released in the exercise of discretion during the pendency of removal proceedings even if potentially higher-risk for serious illness from COVID-19. INA § 236(c); 8 C.F.R. § 236.1(c)(1)(i). Such aliens may only be released following a final order issued by an immigration judge, the Board of Immigration Appeals, or a federal court granting the alien relief, dismissing proceedings, or terminating proceedings. Similarly, pursuant to section 241(a)(2), certain criminal and terrorist aliens subject to a final order of removal may not be released during the 90-day removal period even if potentially higher-risk for serious illness from COVID-19. INA § 241(a)(2). For alien's subject to discretionary detention under section 236(a), please remember that release is prohibited, even if the alien is potentially higher-risk for serious illness from COVID-19, if such release would pose a danger to property or persons. 8 C.F.R. § 236.1(c)(8).

When reviewing cases of alien's subject to discretionary detention under 236(a), the following must be completed:
- **Cases involving any arrests or convictions for any crimes that involve risk to the public regardless of the date of arrest or conviction must be reviewed and approved by a Deputy Field Office Director (DFOD) or higher before a determination is made to release.**
    - Examples of crimes that involve a risk to the public include any crime that: involves any form of violence, driving while intoxicated, threatening behaviors, terroristic threats, stalking, domestic violence, harm to a child, or any form of assault or battery. This list is not intended to be

- comprehensive. If there is any doubt whether a crime involves risk to the public, consult with your Office of the Principal Legal Advisor (OPLA) field location and your respective Deputy Assistant Director for Domestic Operations before a custody redetermination is completed.
- You may consider the age of an arrest or conviction as a mitigating or an aggravating factor, but the age of an arrest or a conviction does not automatically outweigh public safety concerns.

With regard to arriving aliens and certain other aliens eligible for consideration of parole from custody, under current circumstances and absent significant adverse factors, the fact that an alien is potentially higher-risk for serious illness from COVID-19, may form the basis for a determination that "continued detention is not in the public interest," justify release under 8 C.F.R. § 212.5(b)(5).

For other aliens for whom there is discretion to release, field offices remain responsible for articulating individualized custody determinations, taking into consideration the totality of the circumstances presented in the case. The fact that an alien is potentially higher-risk for serious illness from COVID-19 should be considered a factor weighing in favor of release. You may also consider alternatives to detention consistent with ICE ATD policies, if ATD is determined to sufficiently mitigate the risk of flight.

Any releases attributed to reviews of COVID-19 susceptibility shall be documented in the ENFORCE Alien Removal Module (EARM) under Special Class - COVID-19 Chronic Care Release. As previously communicated, these individuals should be placed on ATD if possible.

Please contact your local OPLA field location should you have any questions or concerns regarding your authority to release in any individual case.

**For any questions on this guidance, please contact your respective Deputy Assistant Director for Domestic Operations.**

**Limitation on the Applicability of this Guidance**. This message is intended to provide internal guidance to the operational components of U.S. Immigration and Customs Enforcement. It does not, is not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any person in any matter, civil or criminal.