# EXHIBIT K

# DECLARATION OF MARIA J. BOCANEGRA

I, Maria J. Bocanegra, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about the following facts.

2. My name is Maria J. Bocanegra and I am an attorney licensed to practice in the State of Texas and in the State of Washington. This declaration describes my experiences and observations working with unaccompanied migrant youth detained at BCFS Baytown.

Experience Serving Youth in ORR Custody

3. Since January 30, 2019, I have been an attorney with the Unaccompanied Children Program ("UCP") at YMCA International Services ("YMCA"), a legal service provider that works with immigrants, including immigrant youth.

4. Since January 2019, the YMCA has served unaccompanied children in the legal custody of the Office of Refugee Resettlement ("ORR"). As of the date of this declaration, the UCP at the YMCA provides legal services to minors placed by ORR at: (1) Shiloh Residential Treatment Center ("Shiloh"); (2) BCFS Baytown ("Baytown"); (3) Urban Strategies – Refugio ("Refugio"), care programs within the ORR network of care providers. Over the last year, the YMCA has served over one-thousand (1,000) youth in ORR custody. Although the majority of these youth come from Mexico, Honduras, Guatemala and El Salvador, youth placed at these facilities may come from all over the world.

5. As the legal service provider for Shiloh, Baytown, and Refugio, our attorneys and staff maintain regular contact with the youth at the facilities. We provide ongoing consultations and presentations concerning the legal rights of detained minors, as well as provide direct legal representation to youth.

BCFS Baytown

6. Baytown provides short-term shelter care to male children between the ages 15 and 17. The YMCA began providing services to minors placed at Baytown in November 2019. Although the total facility capacity is 168, the amount of children in their care has been approximately 30 to 40 during this time. Based on the most recent census distributed by Baytown, there are currently 40 youths placed at the shelter.

7. It is my understanding that Baytown consists of a campus that includes approximately four buildings. Youth at this facility are held in a communal setting in close quarters with other children. Based on my observations, each room has at least two sets of bunk beds, which are placed on opposite sides of the room. The minors are assigned to a specific room along with at least one other occupant. Youth at Baytown receive educational programming and all other services within the facility. They are expected to share common equipment such as telephones, televisions, video game consoles, dining tables, chairs, recreational games, and other amenities. Meals and snacks are served throughout the day. Minors eat in close quarters and various staff are present during meals

*Delays in Reunification*

8. Up until April 7, 2020, ORR had not shared official guidance regarding the release of unaccompanied immigrant children during this pandemic. It has been unclear in what circumstances release would be delayed due to COVID-19 related issues, or in what circumstances we could expect the release process to proceed as per usual.

9. On or around April 1, 2020, we received notice from ORR that a stop placement had gone into effect at Baytown, meaning the facility would not be receiving any new minors. ORR did not provide us a reason for the stop placement.

10. On April 2, 2020, we became aware that more than one staff from Baytown had tested positive for COVID-19, which seemed to explain the stop placement directive. To be clear, we were not contacted by anyone from ORR and/or the facility to inform us

Declaration of Maria J. Bocanegra

2

of this development about the staff who tested positive. To the contrary, we only learned of the situation as a result of a report on the nightly news.

11. At least thirteen of the minors from Baytown were scheduled to physically appear in court within a few days of April 2. As such, on April 2, I immediately contacted key personnel at the facility. The individuals I spoke to declined to confirm or deny the news report.

12. One of the Baytown staff informed me that all reunifications had been suspended. The last minors who were reunified from Baytown prior to the reunification suspension were released from the facility on March 21, 2020.

13. This same Baytown staff person further informed me that, as of April 3, 2020, seven cases had received final approval for release by the Federal Field Specialist ("FFS"). However, the releases were on hold indefinitely. Despite several attempts, I was unable to get clarification from Baytown staff as to why these minors whose reunifications had already been approved were not being released.

14. The Baytown staff person also indicated that Baytown would be continuing to submit to ORR cases for release, but that since the rest of the reunification process was in ORR's control and not the facility's, it remained unclear how these cases would be handled. Indeed, based on the available information, it seems that a release decision from ORR is currently pending for at least nine youth at Baytown.

15. Youth who are at risk of aging out are of particular concern because youth who age out are required to be transferred to custody of U.S. Immigration and Customs Enforcement ("ICE"). Per my conversations with Baytown personnel, the facility does not intend to hold youth who are eligible for release until their 18th birthdays. At the same time, Baytown staff have been unable to explain what we can expect to happen with the numerous minors who will be turning 18 years of age in the next few months. Significantly, under the reunification suspension currently in place, two of these minors will age out within less than one week of this declaration. One of these children is a Category 1, meaning Baytown has identified a viable parental or legal guardian sponsor.

The other youth, unfortunately, does not have a potential sponsor. However, a long-term non-congregate placement has been secured for this minor and his Request for Release on Recognizance is pending before ICE.

16. In the situations described above, ORR has needlessly delayed children's release for reasons that do not meaningfully protect children's safety.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of April, 2020, at Houston, Texas.

*Maria Bocanegra*
(Maria J. Bocanegra)