# EXHIBIT U

## **DECLARATION OF RICARDO DE ANDA**

1. I, Ricardo de Anda, make the following declaration held on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

2. I am an attorney and member of both bars of the states of Texas and California. I have been retained to represent Petitioner herein, M.D.S., since August of 2019. The Office of Refugee Resettlement of the U.S. Department of Health and Human Services ("ORR") is currently detaining M.D.S. at its BCFS Fairfield detention center, a congregate facility in California. M.D.S. has been in ORR custody since March 23, 2019, over a year now. I have met with and spoken with M.D.S. on numerous occasions, as well as spoken with his biological parents and others who have cared for him.

3. As far as I have been able to determine, M.D.S. has no family in the United States. My efforts on his behalf have accordingly included finding a reputable family willing to care for him so that he may be released from ORR congregate detention while he seeks lawful status in the United States. The COVID-19 public health emergency has made M.D.S.'s placement in a non-congregate setting a matter of utmost urgency because it is exceedingly difficult, if not impossible, for M.D.S. to observe physical distancing and related recommendations for avoiding COVID-19 infection so long as he remains in ORR custody.

4. On or about November 22, 2020, Bryce Tache and James Donaldson, a married couple from Minnesota, volunteered to receive M.D.S. for ORR. Neither Ms. Tache nor Mr. Donaldson has ever been arrested or convicted of any crime, and state child welfare officials had previously determined them fit to care for children, as evidenced by their approving Ms. Tache nor Mr.

Donaldson's to adopt two children. I assisted Ms. Tache nor Mr. Donaldson apply to ORR to receive M.D.S.

5. Although the *Flores* settlement generally requires ORR to release children without unnecessary to delay to unrelated adults when such placement is the sole alternative to continued detention, ORR's policy and practice are to refuse such release unless the unrelated adult had a relationship with the detained minor prior to the minor's coming into ORR custody. Though ORR has in the past modified this policy without notice or public comment, it currently provides as follows:

> "If a Category 3 potential sponsor does not submit evidence that reliably and sufficiently demonstrates a bona fide preexisting social relationship between the potential Category 3 sponsor and the child and/or the child's family, ORR may take this into account when determining the suitability of the case for release. In such cases ORR may require that the potential Category 3 sponsor, the UAC, and the child's family, established ongoing regular contact while the child is in ORR care, prior to a release recommendation."

6. Beginning in October of 2019, M.D.S., together with his parents, met and conferred with Bryce Tache and James Donaldson by video conference on various occasions in an attempt to satisfy ORR's requirement for release to an unrelated adult. Pursuant to ¶ 14D of the Flores settlement, M.D.S.'s parents thereafter designated Ms. Tache and Mr. Donaldson to serve as their son's caregiver. I submitted the duly executed parental designation to ORR as part of a complete Family Reunification Application ("FRA").

7. On or about January 8, 2020, ORR summarily denied Ms. Tache and Mr. Donaldson's FRA. ORR did not immediately notify me of this denial. I then learned that ORR had transferred

M.D.S. to the BCFS facility in Fairfield in California in December of 2019. Upon inquiry as to the status of the FRA, Rafaelina Peralta, M.D.S.'a case manager, informed me ORR would not release M.D.S. because Ms. Tache and Mr. Donaldson had no pre-existing social relationship with the child or his family. I then contacted ORR FSS Elicia Smith to ask that ORR reconsider the refusal to release M.D.S. to Ms. Tache and Mr. Donaldson. A true and correct copy of Ms. Smith's email conveying ORR's position is attached hereto as Exhibit A to this declaration.

    8. To the best of my knowledge and belief, ORR continues to insist that M.D.S. has no "viable" sponsor and that it will therefore continue to detain him in a congregate setting until may 14, 2020, when he will turn 18 years of age. At that point, ORR will transfer M.D.S. to ICE, where he will be placed in an adult congregate detention facility.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of April, 2020, at _Laredo_, Texas.

_____
Ricardo De Anda