JOSEPH H. HUNT
Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
    Tel: (202) 616-0473
    Fax: (202) 305-7000
    Email: Nicole.murley@usdoj.gov

KATELYN MASETTA-ALVAREZ
DAVID BYERLEY
Trial Attorneys
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LORETTA LYNCH, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFFS' REPLY BRIEF** |

## I. INTRODUCTION

The Court should disregard arguments raised by Plaintiffs for the first time in their reply brief, ECF No. 754 ("Reply"). Specifically, in their Reply, Plaintiffs

1

for the first time identify three specific policies of U.S. Department of Health and Human Services ("HHS"), Office of Refugee Resettlement ("ORR")—fingerprinting, home studies, and limitations on final order release—that they contend are unnecessary and delay the release of class members. Plaintiffs did not identify any of these concerns in meeting and conferring with the Defendants prior to their filing, they did not address these specific concerns in their Motion, they did not address these concerns at the first hearing before this Court, and they did not seek to address these concerns with Defendants at any time since the last Court hearing. Instead, Plaintiffs raise these concerns for the first time in their Reply, two days prior to the preliminary injunction hearing, and ask this Court to issue broad relief that has the potential to endanger children released from ORR custody. The Court should decline to consider these new arguments.

The Court also should decline to consider the supplementary evidence submitted by Plaintiffs in conjunction with their Reply. Plaintiffs' new evidence could have, and should have, been submitted in conjunction with their motion. Because Plaintiffs failed to timely file this evidence, their late-filed evidence should be stricken and the Court should decline to consider it. Or, if the Court does consider Plaintiffs' arguments and evidence submitted in conjunction with the Reply, then the Court should first allow Defendants sufficient time to respond to these new issue and the late-filed evidentiary submissions.

Finally, even if the Court does consider Plaintiffs' new arguments regarding ORR's policies, the Court should not issue the requested injunctive relief with regard to these policies because Plaintiffs' contentions are wrong, and Plaintiffs are asking the Court to enjoin policies that are designed to ensure the safety of class members. As ORR previously explained, ORR's policies already allow for individualized balancing of potential harms in release decisions. Broadly

2

enjoining any one policy of ORR that is designed to ensure the safety of released children would create a potential risk to children over and above any risks from COVID-19. Plaintiffs should not be permitted to use the COVID-19 pandemic to ask this Court eliminate ORR policies that they dislike, but that ORR's child welfare experts have carefully considered and implemented to protect child welfare and to comply with Congress's mandate that ORR ensure the safe release of unaccompanied children to potential sponsors.

## II. ARGUMENT

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–95 (1990); *see also State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs.") (citations omitted); *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.") (citation omitted); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.") (citation omitted); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.") (citation omitted). Likewise, the Court should refuse to consider new evidence submitted for the first time with Plaintiffs' Reply because this evidence should have—and could have—been presented with the opening brief. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence in a reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary

3

judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."). This is true even in the context of a motion for a preliminary injunction. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003) (applying this rule in the context of a preliminary injunction).[1]

Despite these prohibitions, Plaintiffs have submitted a significant number of new declarations and other evidence in conjunction with their Reply. The Court should decline to consider all of this new evidence. Moreover, Plaintiffs have, for the first time, identified in their Reply three specific ORR policies that they contend are unnecessary or improper and delay the release of class members. Specifically, Plaintiffs challenge ORR's fingerprinting and home study requirements, ECF No. 754 at 13-18 and 22-24, and allege that ORR unreasonably prohibits the release of unaccompanied children with final orders of removal, *id.* at 18-21. Plaintiffs did not identify any of these concerns in meeting and conferring with the Defendants prior to their filing and they have not reached out to Defendants to discuss these concerns at any time since the last Court hearing on March 27, 2020. Plaintiffs also did not bring any of these concerns to the Court's attention at the March 27, 2020 hearing. Moreover, and most importantly, ORR's fingerprinting requirement is not mentioned even one time in Plaintiffs' original motion requesting a temporary restraining order and preliminary injunction, nor does the motion discuss any alleged policy related to the release of

---

[1] If the Court does consider Plaintiffs' new arguments and evidence, then it should allow Defendants sufficient time to submit further responsive briefing to Plaintiffs' late-filed arguments and declarations. *See Docusign, Inc. v. Sertifi, Inc.*, 468 F.Supp.2d 1305, 1307 (W.D. Wash. 2006) (granting a motion to strike information and expert opinions introduced for the first time on reply and allowing the opposing party to submit its own supplemental evidence responding to the reply evidence).

minors with final orders of removal. ORR's home study requirement is mentioned only once, in a footnote, which appears to acknowledge the necessity of the requirement rather than suggest it should be enjoined. *See* TRO Motion, ECF No. 733-1, at 19 n.46. By not raising these arguments in their motion, Plaintiffs have waived them, and the Court should not consider the more than ten pages of argument that Plaintiffs now devote to these issues in their Reply.

Even if the Court does consider these arguments, it should nonetheless decline to order Plaintiffs' requested injunctive relief against ORR. The declaration of Jallyn Sualog submitted with Defendants' supplemental brief makes clear that ORR's practices and policies with regard to analyzing the suitability of sponsors for release are designed to allow for individualized flexibility, while at the same time employing generalized policies that have been carefully considered and designed to protect unaccompanied minors who are being released to sponsors from ORR custody. ECF No. 746-1 at ¶¶ 13-19. Because ORR's release policies allow for individualized flexibility, there is no basis for the Court to issue injunctive relief specifically enjoining any particular policy.

Moreover, the attached second declaration of Jallyn Sualog and declaration of June Dorn address some of the specific contentions made for the first time in Plaintiffs' Reply with regard to ORR's fingerprinting and home study requirements, and show why Plaintiffs' arguments are in error. Ms. Sualog's declaration explains that a general injunction against either of these policies—both of which are designed and implemented to ensure the safety of children released from ORR—would create a potential risk of harm to released children over and above any risks from COVID-19. *See* Second Sualog Decl. ¶¶ 13 ("[F]or more distant relatives, ORR reasonably takes additional precautions, and it is ORR's

position that for these cases it is important to ensure that the sponsor does not have a criminal record that will jeopardize the safety of the child"); ¶ 16 ("[E]liminating home studies on any generalized basis as a response to COVID-19 . . . would undermine child welfare."). Ms. Dorn's declaration further provides that "ORR's processes for the vetting of sponsors, while appropriately tailored to meet ORR's goals of the safe and timely release of UAC, are generally consistent with various state statutes on home study requirements for foster parents or adoptive parents, the placement of children with relatives, and background checks for prospective foster, adoptive, and kinship caregivers." Dorn Decl. ¶ 15. The Court should decline Plaintiffs' invitation to use the COVID-19 pandemic as an excuse to broadly enjoin these important policies.

Likewise, Ms. Sualog's declaration explains that Plaintiffs are incorrect in their assertions regarding ORR's policy with regard to the release of minors with final orders of removal. In fact, if removal appears unlikely (such as in cases where a removal order is being reopened or appealed), care providers are directed to evaluate children for release following general ORR policies and procedures. Second Sualog Decl. ¶ 20. Thus, again, ORR's practices show that it applies individualized considerations in making its release decisions, and no broad injunction against any specific policy is necessary or appropriate.

Plaintiffs' Reply seeks to use the COVID-19 pandemic to ask this Court eliminate ORR policies that they dislike. They should not be permitted to do so. In fact, Plaintiffs' proposed approach should be rejected because it would create new and additional risks of harm to children over and above this pandemic. ORR's child welfare experts have carefully considered and implemented these policies to protect child welfare, and to comply with Congress's mandate that ORR ensure the safe release of unaccompanied children to potential sponsors. At the same

6

time, ORR continues to work closely with the CDC and other departments within HHS to respond to the COVID-19 pandemic, and the April 6, 2020 policies reflect the ongoing nature of this collaboration which is designed to implement the most recent available information while also remaining flexible to allow for broad application as needed. Plaintiffs' continued second guessing of ORR's approach, and the need for ORR to continuously respond to Plaintiffs' speculation and misstatements, has taken time and resources away from ORR's efforts to implement these policies and to explore the safest release options for children in its care. *See* ECF No. 746-1, ¶¶ 23-30, 36-40. Yet Plaintiffs continue to ask this Court to allow them to micromanage ORR's operations, despite having made no showing that ORR is violating the Agreement in any way, a failure made all the more clear by the fact that Plaintiffs shift course so substantially in their Reply. Reply at 26-29. This Court should not allow this to continue, and should reject Plaintiffs' efforts to obtain injunctive relief that would amend and expand the *Flores* Settlement Agreement.

### III. CONCLUSION

The Court should decline to consider the arguments raised for the first time in Plaintiffs' Reply, or if it considers those arguments, it should reject them and decline to order the requested injunctive relief against ORR's release policies.

///

///

///

7

DATED: April 9, 2020

JOSEPH H. HUNT
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants

9