UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 10, 2020 |

| | | | |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND PERMITTING SUPPLEMENTAL BRIEFING**

On March 26, 2020, in light of the Coronavirus 2019 ("COVID-19") public health crisis, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") and requested an Order to Show Cause ("OSC") why a preliminary injunction should not issue, arguing that Defendants Office of Refugee Resettlement ("ORR") and Immigration and Customs Enforcement ("ICE") must promptly release or provide justification for retaining custody over eligible Class Members, and that ORR and ICE should implement the practices recommended by the United States Centers for Disease Control and Prevention ("CDC") to avoid the spread of infection. [Doc. # 733.] On March 27, 2020, Defendants filed their response, and the Court held a hearing. [Doc. # 736.]

The Court granted in part and denied in part the *Ex Parte* Application for a TRO, concluding that Plaintiffs had raised serious questions going to the merits of whether ICE had complied with the *Flores* Settlement Agreement's ("FSA") requirement to provide safe and sanitary facilities for Class Members during the pandemic and whether ICE and ORR had complied with the FSA's requirements to "release a minor from its custody without unnecessary delay" and "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." *See Flores* Agreement ¶¶ 12, 14, 18 [Doc. # 101]. Plaintiffs also satisfied the other injunctive relief factors. TRO at 12–13 [Doc. # 740]. Accordingly, the Court ordered ORR and ICE to make every effort to promptly and safely release Class Members in accordance with Paragraphs 14 and 18 of the FSA and the Court's prior orders; to submit to inspections by the Juvenile Coordinators; to provide evidentiary snapshots to the Court, the Special Monitor Andrea Ordin, and Class Counsel; and to show cause by April 10, 2020, why the Court should not grant Plaintiffs' motion for preliminary injunction ("MPI"). TRO at 13–15.

In accordance with the TRO, Defendants submitted spreadsheets with information about (1) all of the 648 Class Members in ICE's custody as of March 28, 2020 and (2) all of the class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 6 |

members in the care of the 33 ORR facilities located in the states with the largest numbers of COVID-19 cases at that time. The ICE spreadsheet contains minimal detail about each minor's circumstances—for example, 272 of the minors are listed merely as "In custody—pending IJ hearing/decision" and 133 of the minors are listed as "In custody—pending USCIS response."[1] Sixty-six minors remain in custody because they are plaintiffs or potential plaintiffs in federal class actions. Of the 648 Class Members listed, their status is as follows:

    18 – recently released
    131 – in ICE custody for less than 20 days
    108 – in ICE custody between 21 and 30 days
    294 – in ICE custody between one month and three months
    70 – in ICE custody for over six months
    27 – in ICE custody for over nine months.[2]

In accordance with the TRO, ICE submitted video tours of its three Family Residential Centers ("FRCs"). The ICE Juvenile Coordinator, Deane Dougherty, also submitted a report noting that of the files she reviewed, ICE had made individual determinations of each Class Members' parole eligibility and that she continued to monitor the management of COVID-19 containment policies at the FRCs.

The ORR spreadsheet includes, *inter alia*, detailed summaries of efforts to release the minors and reasons why the minors remained in custody, such as the lack of an available sponsor (mentioned in 73 minors' cases) or the inability of the sponsor to meet ORR's fingerprinting requirement due to pandemic-related closure of fingerprinting sites (mentioned in 51 minors' cases). Five selected ORR facilities submitted photos and/or videos of the facilities, and the ORR Juvenile Coordinator, Aurora Miranda-Maese, submitted a report indicating overall satisfaction with ORR's compliance with COVID-19 guidance in shelter care and pointing out areas of improvement which she had already communicated to the facilities.

From the data provided by Defendants and observations from attorneys working with Class Members, Plaintiffs identify several issues that may result in unnecessary delay of minors' release in violation of the FSA:

---

[1] The Court surmises from these entries and the history of this case that over half of the minors are still in ICE custody pending hearings or decisions by an Immigration Judge or U.S. Citizenship and Immigration Services relating to asylum applications.

[2] These numbers are based on the Court's independent review of the ICE spreadsheet provided to the Court, the Monitor, and Class Counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | April 10, 2020 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 6 |
|---|---|---|---|

1. ICE's cursory and unsatisfactory efforts to "record the prompt and continuous efforts" to release minors in ICE custody, based on the lack of individualized parole eligibility data provided and insufficient explanation of why a minor must remain in custody for the pendency of an asylum application or federal lawsuit;
2. ORR's blanket ban of release of all minors placed in New York, California, or Washington, where COVID-19 has prompted stay-at-home orders;
3. ORR's policy of postponing release of all minors in a facility with a confirmed case of COVID-19, though minors could possibly be quarantined safely in a sponsor's home;
4. ORR's failure to adapt its fingerprinting requirements for certain vetted sponsors despite the unavailability of fingerprinting facilities during the pandemic;
5. ORR's failure to adapt its home studies requirement for certain vetted sponsors despite the indefinite pause on home studies during the pandemic; and
6. ORR's blanket ban on release of children with removal orders based on the Migrant Protection Protocols, or "Remain in Mexico" policy.

*See* Pls.' Reply [Doc. # 754]. Plaintiffs also argue that ICE has not sufficiently implemented protective measures against COVID-19 in its FRCs, submitting supplemental declarations from ICE detainees in support. *Id.* at 16–17; *see* Doc. # 761. Plaintiffs therefore request a preliminary injunction that—for the umpteenth time—orders ICE and ORR to abide by the FSA and to continue to require, as an interim measure, that the agencies provide summaries of efforts towards family reunification or release of minors to the Monitor and Class Counsel. *Id.* at 30–33.

Because ICE and ORR's recent data disclosure has brought to light new, more particularized issues not previously raised in Plaintiffs' TRO or Defendants' Opposition, Defendants request the opportunity to file a Second Supplemental Opposition. [Doc. # 762.] The Court agrees that permitting Defendants to respond would create a more complete record before it rules on Plaintiffs' request for preliminary injunction. Accordingly, Defendants' request is **GRANTED**. In their Second Supplemental Opposition, Defendants shall address Plaintiffs' supplemental declarations about conditions at the FRCs as well as the following questions:

1. As discussed above, ICE's uniform perfunctory explanations for non-release seem to imply that a blanket prohibition on release exists as to minors who are categorized as "pending IJ hearing/decision," "pending USCIS response," or are plaintiffs or class members in litigation. Do these explanations contravene this Court's June 27, 2017 Order [*see* Doc. # 363 at 20–27; 394 F. Supp. 3d 1041, 1063–1068 (C.D. Cal. 2017)]? What individualized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | April 10, 2020 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 4 of 6 |
|---|---|---|---|

parole determinations and continuous efforts to secure a minor's release does ICE undertake in these categories, especially in light of the COVID-19 pandemic?

2. Does ORR have a blanket ban on releasing children placed in states where there are "shelter in place" or "stay at home" orders? Now that 42 states have these "stay at home orders" in place, has that ban been extended to states other than New York, California, and Washington? How does ORR perform an individualized assessment of each minor's eligibility for release in states where "stay at home" orders are in place?

3. Does ORR maintain a policy of postponing release of all minors in a facility with a confirmed case of COVID-19? Does ORR consider releasing minors to be quarantined in a sponsor's home? If not, why not?

4. In light of the unavailability of fingerprinting facilities in many areas due to COVID-19, will ORR adjust its fingerprinting requirements for eligible vetted sponsors? For example, would ORR consider postponing or suspending its fingerprinting requirements like some state child services agencies have done due to the pandemic?

5. Why does the Migrant Protection Protocols affect a minor's eligibility to be released?

Because the Court grants Defendants the opportunity to provide further explanations before it makes a determination of whether there has been "unnecessary delay" in contravention of Paragraphs 14 and 18 of the *Flores* Agreement, there is a high probability that Plaintiffs will suffer irreparable harm if the Court's March 28, 2020 TRO is lifted. As discussed in the TRO, the medical consensus is that any form of congregate care puts a child in custody at higher risk of infection. *See* TRO at 6, 12. Any unnecessary delay in releasing a minor is, under normal circumstances, a violation of the FSA, but the current pandemic makes the Agreement's promise to protect and expeditiously release minors even more critical to their safety. The balance of equities therefore tips sharply in Plaintiffs' favor.

The Court stresses that its TRO does not read a new requirement of "unexplained delay" into the FSA. In the context of Plaintiffs' motion, however, where they have pointed to evidence that certain of Defendants' policies have caused "unnecessary delay" in the release of eligible Class Members, Defendants must explain why these policies are not "unnecessary" or have not caused delay in order to meet their *evidentiary* burden of responding to Plaintiffs' motion and to facilitate the transfer of relevant information to the Court. An unsatisfactory explanation or an unexplained delay in a Class Member's release may be *evidence* of "unnecessary delay" in release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 5 of 6 |

Of course, if Defendants wish to waive their right to respond to Plaintiffs' arguments and evidence, then they need not explain their delay.

Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Court therefore **EXTENDS**, for a period of 14 days, the following aspects of the March 28, 2020 TRO:

1. Defendants are **ORDERED TO SHOW CAUSE** by **April 24, 2020 at 10:00 a.m.** why a preliminary injunction should not issue (1) requiring Defendants to make and record continuous efforts to release class members; (2) enjoining Defendants from keeping minors who have suitable custodians in congregate custody due to ORR's unexplained failure to promptly release these minors to suitable sponsors under the TVPRA; and (3) enjoining Defendants from keeping minors who have suitable custodians in congregate custody due to ICE's unexplained failure to release these minors within 20 days, especially given the emergent circumstances and the Court's prior orders requiring the same (*see, e.g.*, July 24, 2015 Order [Doc. # 177], June 27, 2017 Order [Doc. # 363], July 9, 2018 Order [Doc. # 455], July 30, 2018 Order [Doc. # 470]).

2. Pending the OSC hearing, **IT IS HEREBY FURTHER ORDERED** as follows:

   a. ORR and ICE shall make every effort to promptly and safely release Class Members in accordance with Paragraphs 14 and 18 of the FSA and the Court's prior orders (*see, e.g.*, July 24, 2015 Order [Doc. # 177], June 27, 2017 Order [Doc. # 363], July 9, 2018 Order [Doc. # 455], July 30, 2018 Order [Doc. # 470]).

   b. By **April 17, 2020**, Defendants may file a Second Supplemental Response to Plaintiffs' supplemental declarations about conditions at the FRCs and the questions enumerated above regarding whether certain of their policies have caused unnecessary delay in the release of Class Members in violation of Paragraphs 14 and 18 of the FSA. Plaintiffs may file their reply to Defendants' Second Supplemental Response by **April 22, 2020**.

   c. The Independent Monitor, Andrea Ordin, may in the exercise of her monitoring duties request such further information regarding Defendants' continuous efforts at release as she deems appropriate pursuant to her authority under Paragraph B(1)(c)(iii) of the October 5, 2018 Order appointing her. [Doc. # 494.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 10, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 6 of 6 |

    d.  The Juvenile Coordinators shall continue to monitor those facilities where compliance with CDC guidelines may be lacking or incomplete.

    e.  The parties' counsel shall meet and confer regarding (1) certain disclosures, including information regarding existence of COVID-19 infection among Class Members, that should be provided to minors' immigration counsel; and (2) the quality of the data that Defendants provide to Class Counsel pursuant to Paragraph 28A of the FSA. By no later than **April 23, 2020 at noon**, the parties shall file a Joint Status Report regarding the outcome of their efforts to meet and confer.

3.  **If, at any time before the Court's ruling, the parties stipulate to any form of interim relief, they shall immediately inform the Court of that development.**

The Court shall hold a further videoconference on Plaintiffs' Motion for Preliminary Injunction on **April 24, 2020 at 10:00 a.m.** By no earlier than **April 20, 2020**, counsel shall contact the courtroom deputy clerk at dmg_chambers@cacd.uscourts.gov to receive the videoconference link.

**IT IS SO ORDERED**.