CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
 Peter A. Schey (58232)
Carlos R. Holguín (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: pschey@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following pages*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores., *et al.*, | Case No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | **PLAINTIFFS' [PROPOSED] PRELIMINARY INJUNCTION**. |
| v. | |
| William Barr, Attorney General of the United States, *et al.*, | Hearing:  April 24, 2020 10 AM |
| Defendants. | [HON. DOLLY M. GEE] |

UNIVERSITY OF CALIFORNIA DAVIS
SCHOOL OF LAW
Immigration Law Clinic
Holly S. Cooper (197626)
Daisy O. Felt (CA 307958)
One Shields Avenue, TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Email: hscooper@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (208741)
Neha Desai (CAL. RLSA NO. 803161)
Poonam Juneja (300848)
Freya Pitts (295878)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
            ndesai@youthlaw.org
            pjuneja@youthlaw.org
            fpitts@youthlaw.org

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

THE LAW FOUNDATION OF SILICON VALLEY
LEGAL ADVOCATES FOR CHILDREN AND YOUTH
Jennifer Kelleher Cloyd (Cal. Bar No. 197348)
Katherine H. Manning (Cal. Bar No. 229233)
Annette Kirkham (Cal. Bar No. 217958)
4 North Second Street, Suite 1300

San Jose, CA 95113
Telephone: (408) 280-2437
Email: kate.manning@lawfoundation.org

*Of counsel:*

ALDEA - THE PEOPLE'S JUSTICE CENTER
Bridget Cambria
532 Walnut Street
Reading, PA 19601
Phone: (484) 877-8002
Fax: (484) 926-2032
Email: bridget.cambria@cambriaklinelaw.com

**IT IS HEREBY ORDERED as follows:**

1.      Defendants are **ORDERED TO SHOW CAUSE** by June 19, 2020 at 10:00 a.m. why this injunction should not be extended.

2.      Pending the OSC hearing, IT IS HEREBY FURTHER ORDERED as follows:

a.      For a period of 60 days, to comply with class members' right to "safe and sanitary" conditions of detention (FSA ¶ 12A), and to be "treated … with … special concern for their particular vulnerability as minors," (*id*. ¶ 11), and to prompt release to available sponsors (*id*. ¶¶ 14 and 18), and to detain minors in the least restrictive setting (*id*. ¶ 11 and 23), ICE and ORR shall make and record continuous efforts aimed at the release of class members *and release them* to available and acceptable sponsors identified in Paragraph 14 of the FSA, or, if not released within 20 days and detained in an FRC, release them with their detained parent unless that parent is determined to be a flight risk or danger.

b.      In all facilities holding class members, ICE and ORR shall comply with all CDC guidelines for detention facilities.

c.      ICE shall detain each child in the least restrictive setting.

d.      In order to monitor ICE and ORR compliance with the Court's Order and evolving COVID-19 practices, and to resolve the current material factual disputes between the parties' declarants regarding practices at the ICE and ORR facilities, and to assist the parties and the Court in determining the need for or scope of any further Orders after 60 days, for a period of 30 days the parties may propound written discovery and conduct depositions (with any disputes to be promptly addressed by the Special Monitor).

e.      During the 60 days after this Order is issued, the parties shall meet and confer with the assistance of the Special Monitor to address compliance with the Court's Order and file a joint status report addressing any remaining disputes that require the Court's adjudication of the pending application.

f.    For purposes of ensuring prompt release over the next 60 days, ORR shall cease its blanket policy requiring fingerprints from all Category 2B and Category 3 sponsors and from all sponsors, adult household members, and adult care providers in every case where a home study is conducted. ORR may continue to require fingerprints if it conducts an individualized assessment and determines that fingerprinting is necessary to address a documented risk of safety to the child.

g.    For purposes of ensuring class members are housed in safe and sanitary conditions, ICE and ORR shall inform a class member's counsel when a class member has been infected with or exposed to COVID-19 where counsel has class member's or the class member's parent's consent to release their medical information.

IT IS SO ORDERED.

Dated: April__, 2020

_____
United States Judge Dolly M. Gee

Presented by:

_____/s/_____
Peter Schey
One of the Attorneys for Plaintiffs

/ / /