# EXHIBIT I

# DECLARATION OF MARIA J. BOCANEGRA

I, Maria J. Bocanegra, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about the following facts.

2. My name is Maria J. Bocanegra and I am an attorney licensed to practice in the State of Texas and in the State of Washington.

3. My position and experience are detailed in my declaration dated April 8, 2020.

4. I am submitting this declaration to provide additional information regarding my experiences and observations working with unaccompanied migrant youth detained at BCFS Baytown ("Baytown"), a program within the Office of Refugee Resettlement ("ORR") network of care providers.

## BCFS Baytown

5. Baytown provides short-term shelter care to male children between the ages 15 and 17. The total facility capacity is 168. Based on the most recent census distributed by Baytown, there are currently 22 youths placed at the shelter.

*Delays in release due to quarantine order*

6. As mentioned in my previous declaration, on April 2, 2020, a news outlet reported that numerous staff from the Baytown shelter had tested positive for COVID-19. Neither ORR nor Baytown ever contacted my office to notify us that program staff had tested positive.

7. Between April 2 and April 10, my office regularly sought information from ORR and shelter staff about the release of two minors who were imminently turning 18 years old. One of these children had a Category 1 sponsor (his father), and Baytown had already submitted the case to ORR to approve the release. The other youth did not have a

1. potential sponsor and had been classified as a Category 4. Nevertheless, my office had secured a long-term non-congregate placement for this minor and submitted a Request for Release on Recognizance on his behalf to U.S. Immigration and Customs Enforcement ("ICE").

8. Sometime on or before April 7, the program was placed under a 14-day quarantine order and suspended all intakes and discharges. Neither ORR nor the facility contacted me or my staff to inform us of the quarantine.

9. Fortunately, the quarantine was lifted a few hours before the Category 1 minor's eighteenth birthday, and he was released to his sponsor. A mere few hours made the difference between whether the minor could be reunified with his parent or whether the minor would be transferred to an ICE adult detention center. In the days and hours leading up to the minor's birthday, neither ORR nor the facility provided me clear guidance as to the placement decision for the minor. ORR's lack of clear communication limited my ability to advocate for the minor's post-18 placement.

10. On April 10, we were informed that ICE denied the Release for Request on Recognizance for the Category 4 minor. As a result, ORR released the minor into custody of ICE. ICE then placed him in an adult detention facility with confirmed cases of COVID-19. It is our understanding that the facility in which he is currently detained is not taking proper measures to mitigate the risk of contracting COVID-19, or providing appropriate medical care, for staff or detainees.

*Delays in release due to identification requirements*

11. I am aware of at least two youth currently detained at Baytown whose reunifications are pending while the sponsors attempt to complete ORR's required identification process. The sponsors are unable to complete the identification process due to closures related to the pandemic. ORR has not informed me whether it intends to adapt its identification requirements or explore alternative solutions to resolve the pending identification issues.

*Lack of Transparency from ORR related to COVID-19 Exposure and Conditions*

12. Our staff is aware of minors who are detained at Baytown and experiencing symptoms consistent with COVID-19. ORR has not informed us as to whether our clients or any of the other children have been tested for COVID-19, or any information regarding exposure to the staff who tested positive. ORR and the facility have declined to share this information with the YMCA, citing HIPPA protections, leaving us ill equipped to keep our clients and the other minors informed and to advocate on their behalf.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of April, 2020, at Houston, Texas.

*Maria Bocanegra*
Maria J. Bocanegra