# EXHIBIT FF

# DECLARATION OF K.L.N.E.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is K.L.N.E. I am the mother of E.J.A.N., who is 14 years old. My son and I entered the United States on September 8, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 20, 2020 we have been detained for 225 days.

*My son is suffering in detention.*

2. I want the court to understand how much my son and I have suffered while detained. My son has never been detained before. He has now been locked up for eight months.

3. E.A.N. no longer eats. He sometimes goes three entire days without eating. He says being closed behind a fence has taken away his appetite. He has lost a lot of weight while being detained. He also gets back pain from so much stress. He spends most of his time crying. He cannot go to play sports with his friends anymore, which makes it worse. He gets very quiet, which makes me worry that he is very sad because he is not usually like that. He tells me this place is ugly. He is desperate to go to his uncle's house in San Antonio, Texas, especially because it is so close to us. We have seen other families freed, but we remain.

4. When my son tells me that he does not want to be locked up anymore, that he does not want to be here, there is nothing I can do. We are forced to live behind fences that I cannot open.

5. I am overwhelmed with sadness for my son. I know he cannot be safe in Honduras, but he is also not safe in this jail. He deteriorates more every single day. He is not the only child who is suffering like this. They all are.

6. I hope the court will help us. My son does not deserve to suffer.

*Immigration officials have made no efforts to release me or my son since we were detained 225 days ago.*

7. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My son has also never been arrested or charged with crime.

8. I arrived to STFRC on September 10, 2019. I had my initial credible fear interview on September 12, 2019. I was issued a negative credible fear finding on September 16, 2019.

>    No one who works for ICE or Core Civic spoke with me about my release from detention - or the release of my child - between September 10, 2019 and September 16, 2019.

9. I appeared before an immigration judge on September 30, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between September 16, 2019 and September 30, 2019.

10. On September 16, 2019 I filed a complaint in the District of Columbia challenging the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

11. Between September 10, 2019 and today - April 20, 2020 - no one has ever spoken with me about my child's release from detention.

12. I have provided immigration officials with contact information for my receiving person through my attorney. My receiving person is my sister-in-law who lives in San Antonio, Texas. To my knowledge, ICE has not called my sister-in-law a single time to facilitate our release. My sister-in-law is ready to receive me at any time.

13. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention with my son on September 10, 2019.

### *I do not believe my family is safe from COVID-19 in detention.*

14. I do not believe my son and I are safe from COVID-19 in detention because I do not see enough officials or guards wearing masks. About two weeks ago, one of my friends who is also detained saw someone leaving the detention facility who looked very ill. My friend was very worried, and this worried me as well. The woman who was leaving was wearing gloves and had bags on her feet. She also had a mask and could barely walk.

15. It is not possible for my family to maintain a distance of six feet from other families while detained. When we are in the dining hall, the tables are always full with 8 people and we sit very close to each other. Sometimes they add more than 8 people to a table. In the bathrooms, there is no social distancing either. In the library, there is only one computer separating families, and I do not think this is 6 feet apart.

16. A case manager has never had a one-on-one conversation with me about coronavirus, given me the opportunity to ask questions, or discussed my concerns with me.

17. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

18. During the last 14 days, my son and I have been given a mask, but are not permitted to use it unless it is an emergency. We have not been given any gloves.

19. In general, the guards I have seen working in the facility over the last 14 days have not worn masks or gloves. I have only seen guards use gloves when they are cleaning door handles.

20. Neighborhoods 1 and 2 all share a meal schedule. All families are allowed to eat breakfast at any time before 8 AM. My family is assigned to eat lunch for 30 minutes at a time. The hours for lunch and dinner vary weekly. On April 18, 2020, I attempted to eat before my scheduled shift had begun, and was told I was not allowed to. Despite the new strict schedule, I continue to share a dining table and condiments with different families every day.

21. There is a telephone in the trailer where I sleep. In order to keep my child safe, we usually spend 15 hours a day within our room. I have only seen the telephone cleaned once per day.

**Declaration of Melissa Pena**

I, Melissa Pena, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a Staff Attorney with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 20, 2020, I spoke with K.L.N.E. by telephone. I was unable to enter the South Texas Family Residential Center to meet with K.L.N.E. in-person because of the COVID-19 pandemic.

4. During my telephone call with K.L.N.E., I read the entirety of the "Declaration of K.L.N.E." in Spanish. K.L.N.E. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 20, 2020 in San Antonio, Texas.

_____
Melissa Pena