# EXHIBIT KK

## Declaration of L.O.R.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is L.O.R. I am the mother A.P.O., who is three years old. My daughter and I entered the United States on August 16, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 21, 2020, we have been detained for 250 days.

*My daughter is suffering in detention.*

2. My daughter has not been eating well for the past eight months. At night, she wakes up crying. She says she doesn't want to be here anymore. Every day she asks me, "Can we leave, please?" That breaks my heart.

3. I think it is unjust to keep children detained for so long.

*Immigration officials have made no efforts to release me or my child since we were detained 250 days ago.*

4. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My daughter has also never been arrested or charged with crime.

5. I arrived to STFRC on August 22, 2019. I had my initial credible fear interview on September 3, 2019, and I was issued a negative credible fear finding on September 4, 2019. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 22, 2019 and September 4, 2019.

6. I appeared before an immigration judge on September 18, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between September 4, 2019 and September 18, 2019.

7. On September 16, 2019, I filed a complaint in the District of Columbia challenging the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

8. Approximately three months after I entered immigration custody, I was told my deportation officer would review my case to consider my release. Shortly thereafter, I was told I would not be released, but I was not given an explanation. Many other plaintiffs have been told they are not getting released because they

are plaintiffs in federal lawsuits.

9. Since March 28, 2020, I know a small number of families who are also plaintiffs in federal lawsuits who were released from this detention center because they had a medical condition. I have a medical condition. Specifically, I get very dizzy often, and half of my face freezes sometimes. I also get a lot of cerebral pain. I have a sharp pain in my ovaries, and a dark discharge as well. I do not know why I have not been released.

10. Between August 22, 2019, and today, April 21, 2020, no one has ever spoken with me about my child's release from detention.

11. I have provided immigration officials with contact information for my receiving person. My receiving person is my friend who lives in California. I provided my friend's phone number when I was detained at the border prior to my transfer to the South Texas Family Residential Center. When I arrived at Dilley, I provided my friend's name and phone number again during the intake process. During my credible fear interview I provided the Asylum Officer with my friend's name and phone number. My attorney has also provided my friend's phone number to ICE numerous times, including when the number was updated.

12. To my knowledge, ICE has not called my friend a single time since I was taken into custody with my daughter on August 16, 2019 to facilitate our release.

13. My friend is ready to purchase a bus or plane ticket for me and my daughter at any time. If ICE calls my friend today, she can book our tickets for tomorrow.

14. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention here with my daughter on August 22, 2019.

**I do not believe my family is safe from COVID-19 in detention.**

15. I do not believe that me or my daughter are safe from COVID-19 because I constantly see people coming into the facility from the outside, and they never wear masks or gloves.

16. It is not possible for my family to maintain a distance of six feet from other families while detained. In the dining hall, there are eight people to a table, and we are very close to each other. Furthermore, the gymnasiums are still open, and children and adolescents are always touching each other and touching the same objects.

17. A case manager only recently spoke to me about coronavirus. This was about a week ago.

18. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

19. During the last 14 days, I have attempted to wash my hands, but found the soap dispenser empty at least twice.

20. In general, the guards I have seen working in the facility over the last 14 days have not worn masks or gloves.

21. All of the families in my corridor and one other corridor share a meal schedule. Anyone can eat breakfast at any time before 7:45am, but lunch and dinner are scheduled. This week, I am scheduled to eat lunch at 11:00am, and dinner at 4:00pm. Eating assignments were first announced on or around April 2020. Despite the new strict schedule, I continue to share a dining table and condiments with different families every day. This schedule has been hurting my stomach because there is no consistency.

22. There is a telephone in the trailer where I sleep. In order to keep my child safe, we usually spend 15 hours a day within our room. I have only seen the telephone cleaned two times per day.

23. I also don't believe we have access to appropriate medical care here. I have had cerebral pain, ovarian pain, back pain, and have felt dizzy for the past few months. The medication the doctors gave me has done nothing to help me, and they say what I am experiencing is normal. I am also having trouble seeing things—my eyesight is blurry—but the doctors won't give me glasses.

**Declaration of Melissa Peña**

I, Melissa Peña, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a law graduate with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 21, 2020, I spoke with L.O.R. by telephone. I was unable to enter the South Texas Family Residential Center to meet L.O.R. in-person because of the COVID-19 pandemic.

4. During my telephone call with L.O.R., I read the entirety of the "Declaration of L.O.R." in Spanish. L.O.R. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 21, 2020 in San Antonio, Texas.

_____
Melissa Peña