# EXHIBIT LL

# DECLARATION OF L.G.G.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is L.G.G. I am the mother of W.C.G., who is seven years old. My daughter and I entered the United States on August 27, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 20, 2020, we have been detained for 238 days.

2. I write this declaration because of the difficult situation in the detention center, and because I have been detained here for 238 days without my husband and son, who are fleeing the same harm in our country and who have already been released from detention to continue with the asylum process in New York.

*My daughter is suffering in detention.*

3. I am most concerned about my daughter, W.C.G. She has been sick so many times the past eight months. She has had no appetite, no energy, and was too sad to go to school even when it was open.

4. A few months ago, she had an infection in her teeth. She has not been given the proper medical treatment in detention. I felt terrible that I could not get her the right medical treatment.

5. I truly believe that we have been detained here for too long. I just want my daughter and I to be free together.

*Immigration officials have made no efforts to release me or my child since we were detained 238 days ago.*

6. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My daughter has also never been arrested or charged with crime.

7. I arrived to STFRC on August 30, 2019. I had my initial credible fear interview on September 5, 2019. I was issued a negative credible fear finding on September 25, 2019. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 30, 2019 and September 25, 2019.

8. I appeared before an immigration judge on October 17, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between September 25, 2019 and October 17, 2019.

1

9. On October 17, 2019, I joined a lawsuit in the District of Columbia challenging the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

10. Approximately three months after I entered immigration custody, I was told my deportation officer would review my case to consider my release. Shortly thereafter, I was told I would not be released because I am a plaintiff in a federal lawsuit.

11. Between August 30, 2019 and today, April 20, 2020, no one has ever spoken with me about my child's release from detention.

12. I have provided immigration officials with contact information for my receiving person. My receiving person is my brother-in-law who lives in New York. I provided my brother-in-law's phone number when I was detained at the border prior to my transfer to the South Texas Family Residential Center. When I arrived at Dilley, I provided my brother-in-law's name and phone number again during the intake process. During my credible fear interview I provided the Asylum Officer with my brother-in-law's name and phone number.

13. To my knowledge, ICE has not called my brother-in-law a single time since I was taken into custody at this center with my daughter on August 30, 2019 to facilitate our release.

14. My brother-in-law is ready to purchase a bus or plane ticket for me and my daughter at any time. If ICE calls my brother-in-law today, he can book our tickets for tomorrow.

15. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention with my daughter on August 30, 2019.

*I do not believe my family is safe from COVID-19 in detention.*

16. I am scared to be in detention during the coronavirus pandemic because of the lack of medical attention here. On multiple occasions I have taken my child to the doctor for issues and have been told that she just needs to drink more water. With her dental infection, I felt her treatment was inadequate. I worry that if I or my daughter catch the coronavirus, we would not receive proper care here.

17. Moreover, it is not possible for my family to maintain a distance of six feet from other families while detained. Every day, we eat our meals in the dining hall at a table with other families. There, we share table items such as salt and pepper. Outside of the dining hall, we have to wait in line together to eat. We are only told to distance ourselves when a supervisor comes around.

18. A case manager has never had a one-on-one conversation with me about coronavirus, given me the opportunity to ask questions, or discussed my concerns with me. The only way I can get limited information about coronavirus and how I can keep my family safe is from watching the news.

19. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

20. In general, the guards I have seen working in the facility over the last fourteen days have not worn masks or gloves. No one in the facility wears masks or gloves, nor are they required to do so.

21. All of the families in my corridor share a meal schedule. My family is assigned to eat breakfast so early in the morning that we do not go to breakfast. We have lunch from 11:00 am to 11:30 am and dinner from 5:00 pm to 5:30 pm. Eating assignments were first announced on or around April 1, 2020. On or around April 10, we were told by CoreCivic that we could once again go to eat any time the dining halls are open. However, since that time, we continue to be restricted to our scheduled shift. Despite the new strict schedule, I continue to share a dining table and condiments with different families every day.

22. There is a telephone in the trailer where I sleep. In order to keep my child safe, we usually spend 20 hours a day within our room. I have only seen the telephone cleaned one time per day.

*My daughter does not have access to education.*

23. Since school shut down, my daughter has only been given one workbook to serve as her "school." This book is mostly in English, so when my daughter has a problem she needs help with, we are left with limited resources and I cannot help her answer the question. Since we are restricted from going to the library with frequency, there are not many opportunities for her to learn. I feel that my daughter, who is so young, cannot properly receive an education in this way.

**Declaration of Emma Leibowitz**

I, Emma Leibowitz, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a legal assistant with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 20, 2020, I spoke with L.G.G. by telephone. I was unable to enter the South Texas Family Residential Center to meet with L.G.G. in-person because of the COVID-19 pandemic.

4. During my telephone call with L.G.G., I read the entirety of the "Declaration of L.G.G." in Spanish. L.G.G. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 20, 2020 in Washington, D.C.

_____
Emma Leibowitz

4