# EXHIBIT MM

## DECLARATION OF M.G.D.E.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is M.G.D.E. I am the mother of A.A.G.D., who is eight years old. My son and I entered the United States on August 20, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 20, 2020, we have been detained for 244 days.

### *My son is suffering in detention.*

2. I came to the United States with my son because we cannot be safe in El Salvador. We have received death threats from the gang. I am terrified the gang will kill me or my son. The gang killed one of my brothers and has threatened to kill my entire family.

3. My older brother was murdered by the gang because he refused to join the gang. He was killed brutally. They shot his body 38 times. The gang did not care that my brother was a father. His children are now orphans.

4. Even though I have proof of what happened to my family, the asylum office denied my case. I believe the procedures that were used in my credible fear interview were unfair. I challenged those procedures in federal court, and a judge in the District of Columbia is considering whether or not I should be given a new credible fear interview.

5. I ask the court to please help me and my son. My son cannot survive detention any longer. He barely eats anymore. The food here makes him sick. At night, my son struggles to sleep. He wakes up crying, saying that he does not want to be here in this place. Over the last three months my son has been crying every night before bed, hugging me and begging me to get him out of here. He tells me how he misses his friends and family and asks when we will be able to leave. I try to soothe him by praying together and telling him that God will answer our prayers soon.

6. Detention has changed my son. He now carries a heavy sadness. One thing that has been particularly hard for him is watching other children leave this place while he is left behind. He has made new friends and had to say goodbye over and over while detained. My son does not understand why he is stuck here and cannot leave too. He fears we will die in detention, and never be released.

7. My son is not the same as he used to be. He now lacks enthusiasm for playing like an eight year old should and shakes in his sleep. He has nightmares about being killed and told me recently that he had a dream that an officer knocked on our door and told us it was time for us to be released. This is not what an eight year old should be thinking about.

8. The medical attention here is very bad. My son has become sick many times with vomiting and diarrhea. The medical unit does not provide adequate medicine for children when they are sick. My son is skinny and underweight for what he should be due to not being able to eat. I went to the clinic and asked them to give him some vitamins because we have been here for eight months and he is not eating well, but they refused to listen to me and sent me on my way. If we were not detained, I could provide better care for my son.

9. I pray in the name of God that the court help me, my son, and the many children who are detained here. We long to be with our family, in Dallas, Texas, where we can be safe and free while we continue to fight for asylum in the United States.

***Immigration officials have made no efforts to release me or my child since we were detained 244 days ago.***

10. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My son has also never been arrested or charged with crime.

11. I arrived to STFRC on August 27, 2019. I had my initial credible fear interview on August 29, 2019. I was issued a negative credible fear finding on August 30, 2019. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 27, 2019 and August 30, 2019.

12. I appeared before an immigration judge on September 18, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 30, 2019 and September 18, 2019.

13. To my knowledge, ICE has not released any family from detention while they were pending their credible fear interview or immigration court review hearing, other than for severe medical conditions.

14. On September 16, 2019 I filed a complaint in the District of Columbia challenging the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

15. Between August 27, 2020 and today - April 20, 2020 - no one has ever spoken with me about my child's release from detention.

16. I have provided immigration officials with contact information for my receiving person. My receiving person is my sister-in-law who lives in Texas. I provided my sister-in-law's phone number when I was detained at the border prior to my transfer to the South Texas

Family Residential Center. When I arrived to Dilley, I provided my sister-in-law's name and phone number again during the intake process. During my credible fear interview, I also provided the Asylum Officer with my sister-in-law's name and phone number. My attorney has also provided my sister-in-law's phone number to ICE numerous times.

17. To my knowledge, ICE has not called my sister-in-law a single time since I was taken into custody with my son to facilitate our release. My sister-in-law is ready to purchase a bus or plane ticket for me and my daughter at any time. If ICE calls my sister in law today, she can book our tickets for tomorrow.

18. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention.

***I do not believe my family is safe from COVID-19 in detention.***

19. I am afraid for my family to be detained while COVID-19 spreads around the world. The guards, officers, and employees who work here all leave and go out in to the world every day. They could easily bring coronavirus back to this facility and infect us. I'm especially afraid because if we get sick in here, we will die since the clinic never provides adequate treatment. Recently some women were taken out of here to be deported and brought back after 24 hours. Now they are being quarantined and wear face masks. We don't know if they have been exposed or infected. I pray that God will protect us.

20. It is not possible for my family to maintain a distance of six feet from other families while detained. We always eat at tables next to other families, usually in groups of about eight people. We always have to wait in line with several other families and every day we have a little time outside when everyone is together. Even when the guards come to talk to us they don't make an effort to keep their distance.

21. A case manager has never had a one-on-one conversation with me about coronavirus, given me the opportunity to ask questions, or discussed my concerns with me. Anytime coronavirus gets mentioned with the guards, they tell us not to worry because we are safer here than outside and that is all they tell us.

22. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

23. Two days ago my child and I were given one mask each, but told to save them to be used only when necessary. I am only sometimes given gloves when I ask for them for the purpose of cleaning my room.

24. In general, the guards I have seen working in the facility over the last 14 days have not worn masks or gloves.

25. All of the families in my corridor share a meal schedule. My family is assigned to eat breakfast from 6:00-7:45 a.m., lunch from 11:40 a.m. to 12:00 p.m., and dinner from 4:40-5:00 p.m. On April 17, 2020 I attempted to eat after my scheduled shift was over, and was told I was not allowed to.

26. There is a telephone in the trailer where I sleep. I have only seen the telephone cleaned once per day, but sometimes it goes a whole day without being cleaned.

**Declaration of Rosalie Miller**

I, Rosalie Miller, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a legal assistant with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 20, 2020, I spoke with M.G.D.E. by telephone. I was unable to enter the South Texas Family Residential Center to meet with M.G.D.E. in-person because of the COVID-19 pandemic.

4. During my telephone call with M.G.D.E., I read the entirety of the "Declaration of M.G.D.E." in Spanish. M.G.D.E. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 20, 2020 in San Antonio, Texas.

_____
Rosalie Miller