# EXHIBIT SS

# DECLARATION OF S.L.V.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is S.L.V. I am the mother of M.F., who is nine years old. My daughter and I entered the United States on August 22nd, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 20th, 2020, we have been detained for 243 days.

2. I write this declaration to ask the court to help me leave this place. I came to the United States fleeing violence in El Salvador, where we were threatened with death.

***My daughter is suffering in detention.***

3. I believe 243 days is too long for a child to be in jail. My daughter has not done anything wrong. She is a child, and she is innocent. I am a mother who is doing everything I can to keep my daughter safe.

4. My daughter has become depressed in detention. She wants to be free from this place. She longs to study but the school here only lasts a few hours and the teachers do the same thing every day. For many months, there were so many children detained here there was not enough room for them all in the classroom. Now, there is no school at all.

5. My daughter has stopped eating and has lost weight. She has grown taller, but is skinnier than she used to be. She cries every night. She draws pictures of a child with tear drops coming down her face and says that it is her.

6. My daughter tells me regularly that she wants to leave and begins to cry. She does not understand why we have been in detention for so long.

7. Children should be allowed to play, to eat what they want, not be locked up and controlled.

8. My daughter does not want to be here anymore. We want to be safe, together, with our family in California.

9. I have faith in God that the court will help us.

***Immigration officials have made no efforts to release me or my child since we were detained 243 days ago.***

10. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My daughter has also never been arrested or charged with crime.

11. I arrived to STFRC on August 27, 2019. I had my initial credible fear interview on August 29, 2019. I was issued a negative credible fear finding on September 2, 2019. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 27 and September 2.

12. I appeared before an immigration judge on September 18, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between September 2 and September 18.

13. To my knowledge, ICE does not release families from detention while they were pending their credible fear interview or immigration court review hearing, unless the person has a very bad medical issue.

14. On September 16, 2019 I filed a complaint in the District of Columbia challenging the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

15. Between August 22, 2019 and today - April 20, 2020 - no one has ever spoken with me about my child's release from detention.

16. I have provided immigration officials with contact information for my receiving person. My receiving person is my cousin who lives in California. I provided my cousin's phone number when I was detained at the border prior to my transfer to the South Texas Family Residential Center. When I arrived to Dilley, I provided my cousin's name and phone number again during the intake process. During my credible fear interview I provided the Asylum Officer with my cousin's name and phone number. My attorney has also provided my cousin's phone number to ICE numerous times.

17. To my knowledge, ICE has not called my cousin a single time since I was taken into custody with my daughter on August 22nd to facilitate our release.

18. My cousin is ready to purchase a bus or plane ticket for me and my daughter at any time. If ICE calls my cousin today, she can book our tickets for tomorrow.

19. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention with my daughter on August 22, 2019.

*I do not believe my family is safe from COVID-19 in detention.*

20. I know that leaving here, we will still have to stay inside, but it much scarier to be here. Here, if one of us gets sick, we will all get sick. I feel that if the illness arrives here, we will all be sick.

21. It is not possible for my family to maintain a distance of six feet from other families while detained. When we eat our meals, we sit eight to a table and everyone is very close together. When we go in and out of the dining hall, we are also closer than six feet away from other families.

22. A case manager has never had a one-on-one conversation with me about coronavirus, given me the opportunity to ask questions, or discussed my concerns with me.

23. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

24. During the last fourteen days, I have attempted to access hand sanitizer and found the hand sanitizer dispenser empty three times. During the last 14 days I have attempted to wash my hands and found the soap dispenser empty seven times.

25. During the last 14 days, I have not been offered gloves for myself or my child. We also have not been given gloves.

26. In general, the guards I have seen working in the facility over the last 14 days have only worn masks very infrequently, and I have never seen them wearing gloves.

27. All of the families in my corridor share a meal schedule. My family is assigned to lunch from 11:30 to 12:00 and dinner from 5:00 to 5:30. Eating assignments were first announced on or around March 30th. Despite the new strict schedule, I continue to share a dining table and condiments with different families every day.

28. There is a telephone in the trailer where I sleep. In order to keep my child safe, we usually spend almost the entire day in our rooms. I have only seen the telephone cleaned once per day.

*My daughter does not have access to education.*

29. The education my daughter is receiving now is not sufficient. She is in third grade, but the packets they give out only have painting and shaping letters and basic math and she

does them very quickly. She needs more challenging information and to learn new things, which is not happening here.

**Declaration of Natalie Lerner**

I, Natalie Lerner, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a legal assistant with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 20, 2020, I spoke with S.L.V. by telephone. I was unable to enter the South Texas Family Residential Center to meet with S.L.V. in-person because of the COVID-19 pandemic.

4. During my telephone call with S.L.V., I read the entirety of the "Declaration of S.L.V." in Spanish. S.L.V. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 20, 2020 in San Antonio, Texas.

_____
Natalie Lerner