# EXHIBIT XX

# DECLARATION OF I.P.F.L.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is I.P.F.L. I am the mother of R.N.L.F., who is seven years old. My daughter and I entered the United States on August 24, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 21, 2020, we have been detained for 242 days.

2. I write this declaration to ask the court to help us leave this place. We came to the United States fleeing violence in El Salvador, where I was raped, and where we were both threatened by gangs.

### *My daughter is suffering in detention.*

3. Detention is affecting the physical and emotional health of my daughter. My daughter is sad, and of poor health. She has experienced vomiting, diarrhea, headaches, fever, and loss of appetite while here in detention. It is very difficult for me that I cannot help her because of our being detained.

4. My daughter begs me to free us. It pains me to tell her that no, it is not our time to be free. But every day she asks me why they will not let us out of here.

5. The medical attention in this center is poor. They are not kind to us when we seek help. They do not give us medicine when we need it.

6. It hurts me to see my daughter going through this cruel process. 242 days is too many days for a child to be in the same place. The only thing the children detained here are asking for is the chance to be protected and free from detention.

7. Many of the children here have suffered trauma, and it's not good for them to be here for so long. As a mother, it is hard for me not to worry about my daughter.

8. It is hard to hear my daughter asking questions like "Why are my friends getting to leave but we have not? What have I done wrong to have to stay in jail for so long?" It gives me pain to hear her ask these things.

9. My daughter has gastritis, which gives her great pain in her stomach. The food here is often in very bad shape, including chicken that is rotten and worms in the vegetables, which makes the children sick often. With the coronavirus, we are now given less food

and much of the food has been removed from the dining hall, so my daughter is often hungry.

10. I need help so that my daughter can be free from detention. She deserves to be in a place where she can laugh, eat well, study, have friends, and not become depressed and sad. She deserves to be with her family in Denver, Colorado.

***Immigration officials have made no efforts to release me or my child since we were detained 242 days ago.***

11. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My daughter has also never been arrested or charged with crime.

12. I arrived to STFRC on August 29, 2019. I had my initial credible fear interview on September 2, 2019. I was issued a negative credible fear finding on September 3, 2019. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 29, 2019 and September 3, 2019.

13. I appeared before an immigration judge on September 19, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between September 3, 2019 and September 19, 2019.

14. On September 16, 2019 I filed a complaint in the District of Columbia challenging the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

15. Months after I entered immigration custody I was told my deportation officer would review my case to consider my release. I told I would have an interview with my deportation officer. However, on the day of my appointment, I was never brought in to meet with an officer and was never told why my appointment was cancelled. I have received no communication from officials about my case or why I have not been released.

16. Since March 28, 2020 I know a small number of families who are also plaintiffs in federal lawsuits who were released from this detention center because they had a medical condition. I have a medical condition. Specifically, I have had to have surgery to remove a cyst from my pelvic area. I also had a pap smear that came back irregular and have been told I need to see a specialist, but have not been allowed to do so while in detention at STFRC. I do not know why I have not been released.

17. Between August 24, 2019 and today - April 21, 2020 - no one has ever spoken with me about my child's release from detention.

18. I have provided immigration officials with contact information for my receiving person. My receiving person is my brother-in-law who lives in Colorado. When I arrived to Dilley, I provided my brother-in-law's name and phone number during the intake process. During my credible fear interview I provided the Asylum Officer with my brother-in-law's name and phone number. My attorney has also provided my brother-in-law's phone number to ICE numerous times.

19. To my knowledge, ICE has not called my brother-in-law a single time since I was taken into custody with daughter on August 24, 2019 to facilitate our release.

20. My brother-on-law is ready to purchase a bus or plane ticket for me and my daughter at any time. If ICE calls my brother-in-law today, he can book our tickets for tomorrow.

21. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention with my daughter on August 24, 2019.

*I do not believe my family is safe from COVID-19 in detention.*

22. We are very afraid to be here. It worries me that all the Core Civic employees, the maintenance staff, and the ICE officers come in and out every day and never wear gloves or masks. They endanger us by doing this. It worries me also that there are so many people living here together. It is very dangerous.

23. It is not possible for my family to maintain a distance of six feet from other families while detained. When we eat, there are four families per table, and everyone is closer than six feet from each other. Even though in theory, we have been told to keep a distance, in practice, it is not possible to do so.

24. A case manager has never had a one-on-one conversation with me about coronavirus, given me the opportunity to ask questions, or discussed my concerns with me.

25. One time I asked a Core Civic guard about the virus, because I was concerned, and he told me that he did not know much about it and that I should just watch the news to learn about COVID-19.

26. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

27. During the last 14 days I have attempted to wash my hands and found the soap dispenser empty four times. Often, even if there is soap, the dispenser does not work, and I have to wash my hands with only water.

28. During the last 14 days, I have not been given – or offerd- gloves for myself or my child.

29. In general, the guards I have seen working in the facility over the last 14 days have not worn masks or gloves. They also walk close to each other and get close to us.

30. There is a telephone in the trailer where I sleep. In order to keep my child safe, we usually spend many hours a day within our room. I have only seen the telephone cleaned once per day.

### *My daughter does not have access to education.*

31. In general, I believe the school here has not been sufficient for my daughter. She should be learning more things, including English, like a normal school, but they do not teach those things here.

32. Now, with the educational packets, the schooling is even worse. My daughter completed her packet in two days. She only received a packet one time during the entirety of the time period in which the school has been closed. She does not have the opportunity to learn the way she should.

**Declaration of Natalie Lerner**

I, Natalie Lerner, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a legal assistant with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 21, 2020, I spoke with I.P.F.L. by telephone. I was unable to enter the South Texas Family Residential Center to meet with I.P.F.L. in-person because of the COVID-19 pandemic.

4. During my telephone call with I.P.F.L., I read the entirety of the "Declaration of I.P.F.L." in Spanish. I.P.F.L. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 21, 2020 in San Antonio, Texas.

_____
Natalie Lerner