# EXHIBIT YY

## DECLARATION OF M.A.G.

Pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, I declare that the following is true and correct:

1. My name is M.A.G. I am the mother of A.R.G., who is three years old. My daughter and I entered the United States on August 24, 2019 to seek asylum. We are currently detained at the South Texas Family Residential Center in Dilley, Texas. As of April 21, 2020, we have been detained for 242 days.

*My daughter is suffering in detention.*

2. During our time here, my daughter has gotten sick so many times. She does not want to eat, and she does not want to play. I can't distract her from our reality, and she just wants her family all together: her mother, her father, and her sister.

3. She asks me every day when we will be free. I don't know what to tell her because we've been here for so, so long.

4. I am also desperate to leave. My other daughter, who is six years old, is here in the United States. She needs me, and she always asks me when she is going to see me again. I feel terrible that I cannot be with her and all I want is for my family to be together.

*Immigration officials have made no efforts to release me or my child since we were detained 242 days ago.*

5. Other than my apprehension by immigration authorities, I have never been arrested or charged with a crime anywhere in the world. My daughter has also never been arrested or charged with a crime.

6. I arrived to STFRC on August 29, 2019. I had my initial credible fear interview on September 2, 2019. I was issued a negative credible fear finding on September 3, 2019. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between August 29, 2019 and September 3, 2019.

7. I appeared before an immigration judge on September 18, 2019. The judge affirmed my negative credible fear finding. No one who works for ICE or Core Civic spoke with me about my release from detention, or the release of my child, between September 3, 2019 and September 18, 2019.

8. On September 16, 2019 I filed a complaint in the District of Columbia challenging

1

the procedures used during my credible fear interview. I believe the procedures used during my interview were unfair and in conflict with the law.

9. Approximately three months after I entered immigration custody, I was told my deportation officer would review my case to consider my release. Shortly thereafter, I was told I would not be released because I am a plaintiff in a federal lawsuit.

10. Since March 28, 2020 I know a small number of families who are also plaintiffs in federal lawsuits who were released from this detention center because they had a medical condition.

11. Between August 24, 2019 and today, April 21, 2020, no one has ever spoken with me about my child's release from detention.

12. I have provided immigration officials with contact information for my receiving person. Until recently, my receiving person was going to be my mother who lives in New York. I provided my mother's phone number when I was detained at the border prior to my transfer to the South Texas Family Residential Center. When I arrived at Dilley, I provided my mother's name and phone number again during the intake process. During my credible fear interview I provided the Asylum Officer with my mother's name and phone number.  As of November 2019, my receiving person is now my friend who lives in New York. My attorney has provided my friend's phone number to ICE numerous times.

13. To my knowledge, ICE has only called my mother once, upon my arrival to the South Texas Family Residential Center and has not called my friend a single time since I was taken into custody with my daughter on August 24, 2019 to facilitate our release.

14. My friend is ready to purchase a bus or plane ticket for me and my daughter at any time. If ICE calls my friend today, he can book our tickets for tomorrow.

15. To my knowledge, ICE has not made any efforts to release me from this detention center since I was placed in detention here with my daughter on August 29, 2019.

***I do not believe my family is safe from COVID-19 in detention.***

16. I do not believe my family is safe from COVID-19 in detention because I see officials coming in and out of the detention center, and they do not wear masks or gloves. I worry they could be bringing the virus inside. There are constantly people coughing, and

2

medical does not give anyone medication for this.

17. It is not possible for my family to maintain a distance of six feet from other families while detained. In the dining hall, there are eight people to a table, and we are very close to each other. The only time we are distanced is when we are in our rooms sleeping. Furthermore, the parks are full of children who are constantly playing and in contact with one another.

18. A case manager has never had a one-on-one conversation with me about coronavirus, given me the opportunity to ask questions, or discussed my concerns with me.

19. I have never seen a video playing in Dilley that explains how to wash my hands or any other information about the coronavirus.

20. During the last fourteen days, I have attempted to access hand sanitizer and found some hand sanitizer dispensers empty. During the last 14 days I have attempted to wash my hands and found some of the soap dispensers to be empty.

21. During the last 14 days, I have been offered and provided with a mask, but have not been offered gloves for myself or my child.

22. In general, the guards I have seen working in the facility over the last 14 days have not worn masks or gloves.

23. All of the families in my corridor and one other corridor share a meal schedule. All corridors can eat breakfast any time before 7:45a.m., but lunch and dinner are scheduled. This week, my family is assigned to eat lunch from 11:00a.m. to 11:30a.m., and dinner from 4:30pm to 5:00pm. Eating assignments were first announced on or around April 2020. Despite the new strict schedule, I continue to share a dining table and condiments with different families every day.

24. There is a telephone in the trailer where I sleep. In order to keep my child safe, we usually spend 15 hours a day within our room. I have only seen the telephone cleaned one time per day.

**Declaration of Melissa Peña**

I, Melissa Peña, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I am a law graduate with the Dilley Pro Bono Project.

2. I am fluent in the Spanish and English language.

3. On April 21, 2020, I spoke with M.A.G. by telephone. I was unable to enter the South Texas Family Residential Center to meet M.A.G. in-person because of the COVID-19 pandemic.

4. During my telephone call with M.A.G., I read the entirety of the "Declaration of M.A.G." in Spanish. M.A.G. confirmed that the information contained in the declaration I read and interpreted is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 21, 2020 in San Antonio, Texas.

_____
Melissa Peña