JOSEPH H. HUNT
Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
   Tel: (202) 616-0473
   Fax: (202) 305-7000
   Email: Nicole.murley@usdoj.gov

KATELYN MASETTA-ALVAREZ
DAVID BYERLEY
Trial Attorneys
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br>Plaintiffs, <br><br> v. <br><br> LORETTA LYNCH, Attorney General of the United States; *et al.*, <br><br>Defendants. | Case No. CV 85-4544-DMG <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REPLY BRIEF** |

## I. INTRODUCTION

Once again, Plaintiffs submit a reply brief, ECF No. 774 ("Second Reply"), that raises new arguments and submits new evidence. Plaintiffs chose to bring a motion for a temporary restraining order ("TRO") on an expedited basis, and yet

1

almost one month later, Plaintiffs continue to submit new evidence and raise new claims, and even provide a new proposed order to the Court. Plaintiffs continue to blame their failure to obtain evidence to support their claims on their unhappiness with the bargain that they struck in the *Flores* Agreement, but in truth they brought unsupported claims against the government that they continue to update and amend with each new filing. Moreover, they are asking the Court to permit them to engage in an ongoing and inappropriate fact-finding mission.

Each time Plaintiffs submit new evidence and raise new claims, the government is required to use the time and resources of people who should be focused on caring for class members and on the government's efforts to respond to the COVID-19 pandemic to instead research and respond to Plaintiffs' new factual and legal allegations. The Court should not permit this pattern to continue, and should disregard the arguments and evidence brought by Plaintiffs for the first time in their Second Reply.

## II. ARGUMENT

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–95 (1990). The Court should refuse to consider new evidence submitted for the first time with Plaintiffs' Reply because this evidence should have—and could have—been presented with the opening brief. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (sustaining an objection to new evidence in a reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond.").

2

Courts generally should decline to consider the new evidence—rather than permitting the opposing party to submit a surreply—when considering the evidence or filing a surreply would prejudice the opposing party. *See Chavez v. AmeriGas Propane, Inc.*, No. CV-13-5813MMMMANX, 2015 WL 12859721, at *4, n.44 (C.D. Cal. Feb. 11, 2015) (declining to consider new evidence submitted in reply brief because the opposing party would have to conduct additional discovery in order to file a surreply); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 560, n.87 (C.D. Cal. 2014) (declining to consider new evidence in a reply brief because considering the evidence would prejudice the other party); *Gold Water Trading Corp. v. Jinro Am., Inc.*, No. 18-CV-00257, 2018 WL 4279213, at *2 (D. Nev. Mar. 6, 2018) (same). That rule applies here because Plaintiffs have submitted sixty-eight declarations along with other evidence in conjunction with their Second Reply. Plaintiffs provide no explanation why they failed to submit this evidence with their original filing, and Plaintiffs did not ask the Court for permission to supplement or update the evidence they previously submitted. Once again, Plaintiffs submitted declarations from lawyers and other purported "experts" who lack expert qualifications and who rely on inadmissible hearsay and/or lack foundation for their testimony. Many of these declarations suffer from various other deficiencies as well. Moreover, forty-seven of these declarations are from individuals who purportedly are in government custody, or from their family members, and contain specific factual allegations that require investigation and an opportunity to respond. Such investigation and response, however, would take significant time and resources on the part of Defendants, and might only result in the submission of more new evidence and amended legal arguments from Plaintiffs. Thus, Defendants would be prejudiced even if the Court were to allow Defendants an opportunity to investigate and respond those these declarations.

The Court also should decline to consider new issues raised by Plaintiffs in their Second Reply, as well as Plaintiffs' now amended proposed order which entirely alters the relief requested from that sought in conjunction with Plaintiffs' original TRO Motion. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs.") (citations omitted); *Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.") (citation omitted); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.") (citation omitted); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.") (citation omitted).

In their Second Reply, Plaintiffs seek to expand upon their arguments regarding the custody of minors who obtained a final order of removal through MPP, and now seek to challenge not only the custody of such minors for removal—custody that Plaintiffs themselves have previously conceded is permissible, *see* ECF No. 19 at 30-31—but the propriety of the immigration proceedings themselves. *See* Second Reply at 20-22. Plaintiffs also raise, for the first, time, claims regarding U.S. Immigration and Customs Enforcement's custody of accompanied minors who have been determined to be a risk to themselves or others in juvenile detention facilities. *Id.* at 9. Finally, Plaintiffs submit an entirely new proposed order, that: (1) seeks to have the Court enjoin the government regarding compliance with the Agreement without first finding the government in breach of the Agreement and in ways that are unrelated to Plaintiffs' allegations of breach; (2) would order unnecessary and unfounded discovery; and (3) would require the government to provide information to

4

Plaintiffs that is not required by the Agreement. Plaintiffs should not be permitted to submit this amended list of demands in the final moments of briefing where the government has no opportunity to respond to these requests. Accordingly, because these arguments and requests for relief are being raised for the first time in the Second Reply, the Court should decline to consider them.

### III. CONCLUSION

The Court should decline to consider the declarations, evidence, and arguments submitted for the first time in Plaintiffs' Second Reply.

DATED: April 23, 2020

JOSEPH H. HUNT
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                                            /s/ *Sarah B. Fabian*
                                            SARAH B. FABIAN
                                            U.S. Department of Justice
                                            District Court Section
                                            Office of Immigration Litigation

                                            Attorney for Defendants