CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (90754)
Peter A. Schey (58232)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: pschey@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> PLAINTIFFS' STATEMENT RE ORR JUVENILE COORDINATOR'S REPORT <br><br> Hearing: May 22, 2020 <br> 11:00 AM <br><br> [Hon. Dolly M. Gee] |

///

UNIVERSITY OF CALIFORNIA DAVIS
SCHOOL OF LAW
Immigration Law Clinic
Holly S. Cooper (197626)
Jonathan P. Mulligan (803383)
Daisy O. Felt (CA 307958)
One Shields Avenue, TB 30
Davis, CA 95616
Telephone: (530) 754-4833
Emails: hscooper@ucdavis.edu
        jpmulligan@ucdavis.edu
        dofelt@ucdavis.edu

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (CAL. RLSA NO. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email:  lwelch@youthlaw.org
        ndesai@youthlaw.org
        pjuneja@youthlaw.org
        fpitts@youthlaw.org

///

The ORR Juvenile Coordinator's Report (Doc. #790-2) ("ORR Report") largely fails to illuminate what ORR has actually done to adjust its release practices so as to ensure that class members are released without unnecessary delay from high-risk, congregate detention during the COVID-19 pandemic. In those instances where it does supply meaningful information, the ORR Report indicates that ORR continues to delay class members' release unnecessarily.

1) <u>Fingerprinting</u>.

The Court's order directs ORR to "institute provisional release of Class Members with Category 2B and Category 3 sponsors whose name-only background checks yield no red flags and for whom fingerprinting is unavailable." April 24 Order at 18-19 (Doc. # 784).

First, despite conceding that fingerprinting is unavailable in many cases, the Report indicates that ORR has made "*no* provisional releases as of May 14, 2020." ORR Report at 3 (emphasis added). The ORR Report likewise fails to describe with specificity *any* measures ORR has taken to release, provisionally or otherwise, class members whose proposed custodians are unable to complete fingerprinting because of COVID-19 limitations.

Second, the Report fails to indicate that ORR has conducted *any* "individualized assessment" to determine whether "fingerprinting is necessary to address a documented risk of safety to the minor." April 24 Order at 19. Instead, the Report states that ORR continues to employ the same case-by-case waiver process the Court held inadequate. ORR Report at 3; April 24 Order at 11-12; Sualog Decl. at ¶ 15 [Doc. # 762-1].

Third, rather than provisionally release class members, the Report indicates that ORR continues to delay release while case managers conduct open-ended efforts to arrange for pre-release fingerprinting. ORR Report at 2-3.

Fourth, the ORR Report shows that the agency continues to detain at least 25 children because their proposed custodians are unable to complete fingerprinting or

obtain fingerprint-related documentation as a result of COVID-19 closures. ORR Report at 2-3.

Legal service providers independently report (i) that ORR continues to detain children in congregate settings because of unstinting fingerprinting requirements, and (ii) that neither detention facility staff nor ORR has explained why the agency refuses to release such children provisionally. *See* Ex. A, Declaration of Ashley Huebner ¶¶ 6-15 ("Huebner Decl."); Ex. B, Declaration of Stephany Arzaga ¶¶ 4-9 ("Arzaga Decl."). Ex. C, Declaration of Anthony Enriquez ¶¶ 3-10 ("Enriquez Decl."). This includes children at risk of imminent age-out into ICE custody because of fingerprinting delays. *See* Huebner Decl. ¶¶ 6-11; Enriquez Decl. ¶ 4.

Unless fingerprinting is immediately available and reasonably accessible, or ORR can identify a documented safety concern, ORR should provisionally release Class Members to otherwise vetted sponsors. It is clearly not doing so. Plaintiffs accordingly urge the Court to clarify that ORR may not delay release while case managers continue efforts to arrange for pre-release fingerprinting.[1] The Court

---

[1] The April 24 Order specifically directed ORR to provisionally release children with Category 2B and Category 3 sponsors who are unable to complete fingerprinting and regarding whom background checks reveal no "red flags."

Yet ORR also continues to require fingerprinting of all sponsors, adult household members, and adult caregivers in every case where a home study is conducted, regardless of the reason for the home study. ORR Policy Guide 2.5.1; Pl.' First Reply at 14-15 (Doc. # 759); Pl.' Second Reply at 17-20 & n.34 (Doc. # 774).

Thus, even if the sole reason for a home study is that a child has a disability, ORR insists that his or her parent must complete fingerprinting regardless of whether the parent presents any actual safety concerns. ORR Policy Guide 2.5.1.

Plaintiffs believe fingerprinting requirements in home study cases should be subject to the same standard as fingerprinting requirements for Category 2B and Category 3 sponsors: that is, class members should be released provisionally unless fingerprinting is necessary to address a documented safety risk.

should also direct ORR to provide specific justification with respect to each child whose release it continues to delay on account of fingerprinting.

    2) <u>Home studies</u>.

The ORR Report indicates that at least 27 children remained detained because of obstacles to completing in-person home studies. ORR Report at 2-3. Although the ORR Report states that the agency will consider waiving in-person (in favor of virtual) home studies case-by-case, it provides no information regarding how many case-by-case waivers ORR has considered or what criteria it uses in deciding them. ORR Report at 3. Legal service providers report that ORR appears to lack any clear policies in this area and continues to insist on in-person home studies without providing reasons why a virtual home study is inadequate. *See* Ex. D, Declaration of Rosa Victoria Gilcrease-Garcia ¶¶ 4-9.

ORR should be required, at a minimum, to report with specificity its reasons for continuing to detain class members for want of a completed in-person home study.

    3) <u>Class members continue to be endangered in ORR congregate detention</u>.

According to the ORR Report, COVID-19 has now spread to at least ten detention facilities. ORR Report at 4. The Report almost certainly understates the number of detention facilities in which children are now exposed to COVID-19 because it includes information through May 4, 2020 only.

Despite the rapid spread of COVID-19 across ORR's network, the ORR Report largely fails to identify "the specific reason the minors located" in facilities with positive COVID-19 cases "have not been released or transferred to a non-congregate setting." April 24 Order at 20; ORR Report at 6-9.

The ORR Report further indicates that ORR facilities continue to downplay the spread of COVID-19 and the risks the disease poses to children in congregate detention. For instance, the ORR Report implausibly contends that an Illinois

shelter "allows for social distancing much easier than a single family home," despite reporting that 38 of 44 children at that facility have tested positive for COVID-19. ORR Report at 7.[2]

The ORR Report likewise fails to describe what policies ORR has adopted to identify and protect "minors who are at heightened risk of serious illness or death should they contract COVID-19." April 24 Order at 20; ORR Report at 9-13. Instead, the ORR Report focuses solely on whether children who have tested positive for COVID-19 are at heightened risk should they contract the infection. *See, e.g.*, ORR Report at 9 ("There were no minors *who have tested positive for COVID-19* at this shelter who were at heightened risk of serious illness or death." (Emphasis added)). ORR is under a clear obligation to protect medically vulnerable children *before* they contract COVID-19, yet the ORR Report supplies no reason to believe the agency is actually doing so.

The ORR Report fails as well to provide adequate assurances that medical professionals "are making expeditious individual assessments about a Class Member's eligibility for release when the Class Member has been exposed to COVID-19 or has a sponsor whose household has a confirmed case of COVID-19." April 24 Order at 20. Instead, the ORR Report again focuses on children who have contracted COVID-19 and are currently in medical isolation. ORR Report at 13-14. It offers no information regarding the timeliness of release decisions for the much larger group of children who have been *exposed* to COVID-19. *Id*. It is also unclear whether ORR is even tracking delays in class members' release on account of their having been exposed to COVID-19 or because someone in a proposed custodian's household has been exposed or contracted the virus. *Id*. 13-14 ("DHUC does

---

[2] The Report even states that "a pool of staff [is] available to care for the minors" at this facility, ignoring that staff members who enter and leave congregate facilities have been primary spreaders of COVID-19. *Id*.

not independently track each case where consultation was provided.").

In sum, the ORR Report fails to supply information sufficient to allay concerns over the risks to detained children's health and safety during the COVID-19 pandemic.

In addition to the steps described above, the Court should accordingly require ORR's Juvenile Coordinator to submit a revised, complete report without further delay.

Dated: May 21, 2020.  CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín
Peter A. Schey

UNIVERSITY OF CALIFORNIA DAVIS
SCHOOL OF LAW
Immigration Law Clinic
Holly S. Cooper
Jonathan P. Mulligan
Daisy O. Felt

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Poonam Juneja
Freya Pitts

/s/ Carlos Holguín
Carlos Holguín
*One of the Attorneys for Plaintiffs*