# EXHIBIT A

# DECLARATION OF Ashley Huebner ESQ.

I, Ashley Huebner, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about the following facts.
2. My name is Ashley Huebner. I am an attorney licensed to practice in the State of Illinois. This declaration describes my experiences and observations working with unaccompanied migrant youth detained in the ORR shelters in the Chicagoland area.

Experience Serving Youth in ORR Custody

3. Since 2008, I have been an attorney at the National Immigrant Justice Center (NIJC), a non-profit legal service organization that provides immigration legal services to low-income immigrants, primarily in Illinois, Indiana, and Wisconsin, including children and adults in federal immigration custody.
4. For more than a decade, NIJC has served unaccompanied children in the legal custody of the Office of Refugee Resettlement ("ORR") who have been placed by ORR at various care programs within the ORR network of care providers in Illinois and Indiana. At present, this includes shelter care programs run by Heartland Human Care Services (HHCS), Maryville Academy, and transitional foster care programs run by Bethany Christian Services. During the current fiscal year, NIJC has served more than 900 children in ORR custody.
5. As the legal service provider for these ORR facilities, our attorneys and paralegals maintain regular contact with the youth at the facilities. We provide ongoing consultations and presentations concerning the legal rights of detained unaccompanied children, as well as provide direct legal representation.

Efforts at Securing Provisional Release of Children in ORR Custody

6. NIJC represents a 17-year-old child, J.M.A., detained in ORR custody in Illinois. J.M.A. turns 18 on May 26, 2020, and it is critical he be released prior to that date to avoid a transfer to an ICE adult detention facility.

7. ORR shelter staff and the local Federal Field Specialist (FFS) have repeatedly reaffirmed that the only reason J.M.A.'s release has not been approved is because his Category 2B sponsor has been unable to submit his fingerprints due to Covid-19 related closures. NIJC has identified no safety concerns regarding J.M.A.'s sponsor, and neither shelter staff nor ORR have informed me of any documented risks to J.M.A.'s safety.

8. Since the Court's April 24, 2020, order enforcing the *Flores* settlement, others at NIJC and I have repeatedly followed up with shelter staff and the FFS to request our client's provisional release, but have not received a responsive answer. Shelter staff reported not having received any guidance from ORR regarding this issue.

9. On May 19, 2020, I received an email from the ORR Policy Division stating that ORR has worked with our client's sponsor since April 7, 2020 to find an open fingerprinting location but the sponsor has declined opportunities within driving distance.

10. In NIJC's most recent communications with J.M.A.'s sponsor, the sponsor stated that he has been unable to access the fingerprinting locations offered by ORR because the only fingerprint locations that ORR offered to him are about a 40 minute drive from where he lives and works; he does not have a car and must depend on others for rides; and he is unable to miss work for the length of time it would take to access the fingerprinting location during its open hours.

11. Given that fingerprinting is not readily available to J.M.A.'s sponsor, provisional release is in J.M.A.'s best interest, especially in light of his upcoming 18th birthday.

12. NIJC also represents J.R.P., a child detained by ORR in Illinois. ORR shelter staff have informed NIJC that the only reason J.R.P.'s release has not been approved is because his Category 3 sponsor has been unable to submit fingerprints due to Covid-19 related closures of local fingerprinting locations. J.R.P.'s sponsor is unable to make

1. the six-hour round trip necessary to access the next, closest available fingerprinting locations.

13. NIJC has not identified any safety concerns regarding J.R.P.'s sponsor, and neither shelter staff nor ORR have informed NIJC of any documented risks to J.R.P.'s safety.

14. NIJC has followed up with ORR shelter staff and the local FFS to request J.R.P.'s provisional release but has not received a responsive answer.

15. Given that fingerprinting is not readily available to J.R.P.'s sponsor, provisional release pursuant to the Court's April 24, 2020 order is in J.R.P.'s best interest.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of May, 2020, at Glenview, Illinois.

Ashley Huebner