# EXHIBIT B

# DECLARATION OF Stephany Arzaga ESQ.

I, Stephany Arzaga, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about the following facts.
2. My name is Stephany Arzaga. I am an attorney with Legal Services for Children (LSC). This declaration describes my experiences and observations working with unaccompanied migrant youth detained in ORR shelters.
3. As the legal service provider for these ORR facilities, our attorneys and social workers maintain regular contact with the youth at the facilities. We provide ongoing consultations and presentations concerning the legal rights of detained unaccompanied children, as well as provide direct legal representation.
4. LSC represents 17-year-old, AS, detained in ORR custody in California. AS turns 18 in September 29, 2020, and it is critical that he be released prior to that date to avoid a transfer to an ICE adult detention facility.
5. ORR shelter staff and the local Federal Field Specialist (FFS) have informed LSC that the only reason AS's release has not been approved is because of delays in fingerprinting of his CAT3 sponsor and the members of his CAT 3 sponsor's household, due to Covid-19 related closures.
6. I am not aware of any identified safety concerns regarding AS's sponsor, and neither shelter staff nor ORR have informed me of any documented risks to AS's safety.
7. LSC has repeatedly followed up with shelter staff on a weekly basis requesting updates regarding AS's release. AS has been at the shelter since early March 2020 and AS's sponsor has been following up with shelter staff since AS's arrival at the facility. During LSC's weekly check-ins with the facility, shelter staff reaffirmed that the delay is due to AS's sponsor and the sponsor's household members' inability to complete fingerprints because the closest fingerprint location is approximately two hours away due

1

to Covid-19 closures and most of the household members in the sponsor's home are also elderly and may be exposed to Covid-19 if forced to travel for 2 hours.

8. AS's sponsor and the sponsor's household members were finally able to comply with the completion of fingerprints, despite the risks to their health, but one household member's results were determined to be unclassified. For these reasons, this household member, an elderly individual, must get re-fingerprinted for AS's release to be approved. Shelter staff confirmed they have been following up with the FFS regarding this matter but have been told re-fingerprinting of this household member is still necessary.

9. Given that fingerprinting is not readily available to AS's sponsor and the members of his sponsor's household, I am advocating for provisional release pursuant to the Court's April 24, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of May, 2020, at El Sobrante, California.

    ***Stephany Arzaga***
Stephany Arzaga
* signed electronically*