UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | May 22, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE UPDATED JUVENILE COORDINATOR REPORTS**

On April 24, 2020, the Court granted Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement ("FSA"), the culmination of a month of briefing regarding Plaintiff's March 26, 2020 *Ex Parte* Application for a Temporary Restraining Order ("TRO") in light of the Coronavirus 2019 ("COVID-19") public health crisis. April 24, 2020 Order [Doc. # 784]. In that Order, the Court required the Juvenile Coordinators for Defendants Office of Refugee Resettlement ("ORR") and Immigration and Customs Enforcement ("ICE") to submit interim written reports, in addition to their annual compliance report due by July 1, 2020, regarding Defendants' compliance with the FSA, COVID-19 guidance recommended by the United States Centers for Disease Control and Prevention ("CDC"), and the Court's orders. The Court enumerated specific topics to be addressed by those interim reports, which are due on the 15th of each month beginning in May, for the duration of the pandemic. April 24, 2020 Order at 19–21.

On May 15, 2020, ICE Juvenile Coordinator Deane Dougherty and ORR Juvenile Coordinator Aurora Miranda-Maese filed their interim reports. [Doc. # 788.] On May 20 and May 21, 2020, Plaintiffs filed responses to each report, identifying deficiencies and raising concerns about Defendants' compliance with the FSA, CDC Guidance, and Court orders. [Doc. ## 796, 797.] The Court held a status conference on May 22, 2020.

The Court appreciates the progress made in reducing the populations of Class Members in ORR and ICE custody. For the reasons discussed at the status conference, however, issues relating to Defendants' compliance remain.

Contrary to the April 24, 2020 Order, ORR has not provisionally released any minors whose vetted sponsors are unable to obtain fingerprints due to pandemic-related closures. *See* ORR Report at 3 [Doc. # 788-2]. One such minor, J.M.A., appears to be subject to the Court's provisional release order, but he turns 18 on May 26, 2020, and will no longer be a *Flores* Class Member at that time. Huebner Decl. at ¶¶ 6–11 [Doc. # 797-1]. According to Ms. Miranda-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | May 22, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 4 |

Maese's statement at the status conference, only on May 19, 2020, almost one month after the Court's April 24, 2020 Order, did ORR issue field guidance regarding provisional releases of such minors. Similarly, ORR did not issue a home study guidance until May 6, and the report did not describe any individualized reviews of whether a virtual home study can take place for any of the 27 minors with delayed home studies. ORR Report at 2–3. These delays appear to have prejudiced minor J.M.A.'s ability to be promptly released to a ready and willing sponsor.[1]

The ICE report continues to show lack of compliance with Paragraph 18 of the FSA, which requires Defendants to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." *Flores* Agreement at ¶ 18 [Doc. # 101]. The information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as "USCIS/IJ Review," which the Court previously criticized. *See* April 24, 2020 Order at 14–18. This report thus fails to show how ICE has cured the deficiencies already identified by the Court in its April 24, 2020 Order. Moreover, although the Court finds that ICE did not seek or obtain formal waivers from detained parents of their children's *Flores* rights during ICE officers' conversations with detained parents on or about May 15, 2020, those conversations caused confusion and unnecessary emotional upheaval and did not appear to serve the agency's legitimate purpose of making continuous individualized inquiries regarding efforts to release minors. Finally, the Court remains concerned with the implementation of public health guidances at the Family Residential Centers (FRCs), given the declarations submitted by Plaintiffs showing that there are minors in custody with pre-existing medical conditions and that conditions remain unsafe and crowded—despite reduced populations—at each FRC. *See, e.g.*, Cambria Decl. [Doc. # 796-1]; Fluharty Decl. [Doc. # 796-2]; Meza Decl. [Doc. # 796-3].[2]

Accordingly, the Court **ORDERS** the following:

1. The Juvenile Coordinators shall file updated reports by **June 8, 2020**, covering the topics listed in the April 24, 2020 Order.

---

[1] It is unclear whether J.M.A. is subject to the requirement of a mandatory home study pursuant to the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA"). If he is in fact subject to that mandatory requirement, then ORR may have a legitimate reason for delaying his release. *See* 8 U.S.C. § 1232(c)(3)(B).

[2] The Court is particularly concerned by attorney Andrea Meza's account that detainees at the Karnes FRC report that, despite the FRC being at 9 percent capacity, entire sections of the facility are shut down, and families still share rooms with individuals from other families. Meza Decl. at ¶ 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | May 22, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 4 |

    a. In her report, the ORR Juvenile Coordinator shall also provide an update on each minor whose sponsor's fingerprinting or home study is delayed and a *specific* explanation for each delay.

    b. In her report, the ICE Juvenile Coordinator shall provide *specific* explanations for the continued detention of each minor detained at an FRC beyond 20 days. The Juvenile Coordinator will review each of those explanations with the Independent Monitor, Andrea Ordin, before submitting the updated report to the Court.

    c. Plaintiffs may respond to these updated reports by no later than **June 12, 2020**.

    d. The Juvenile Coordinators need not file another interim report on June 15, 2020, inasmuch as the annual report will be due on July 1, 2020 and the next interim report will be due on July 15, 2020.

2. Minor J.M.A., identified in Ashley Huebner's May 21, 2020 declaration [Doc. # 797-1], shall be provisionally released forthwith pursuant to the Court's April 24, 2020 Order, unless the Court receives an explanation by **May 25, 2020** why, as a matter of law, he cannot be released.

3. The parties shall meet and confer regarding the adoption and implementation of proper written advisals and other protocols to inform detained guardians about minors' rights under the FSA and obtain information regarding available sponsors. The parties shall file a joint status report as to their efforts by **June 15, 2020**.

4. Dr. Paul Wise and the Independent Monitor Andrea Ordin shall provide enhanced monitoring of the FRCs' care of minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at the FRCs with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their guardians; and (e) make such recommendations for remedial action that they deem appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | May 22, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 4 of 4 |

5. The parties shall also meet and confer regarding the status of the minors currently detained at juvenile detention facilities, as already covered in the April 24, 2020 Order. If necessary, the parties may thereafter request a briefing schedule on these issues.

6. The Court shall hold a further video status conference on **June 19, 2020 at 11:00 a.m.** to discuss compliance with the Court's Orders.

**IT IS SO ORDERED**.