# EXHIBIT E

# DECLARATION OF Ashley Huebner ESQ.

I, Ashley Huebner, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about the following facts.

2. My name is Ashley Huebner. I am an attorney licensed to practice in the State of Illinois. This declaration describes my experiences and observations working with unaccompanied migrant youth detained in the ORR shelters in the Chicagoland area.

3. Since 2008, I have been an attorney at the National Immigrant Justice Center (NIJC), a non-profit legal service organization that provides immigration legal services to low-income immigrants, primarily in Illinois, Indiana, and Wisconsin, including children and adults in federal immigration custody.

4. As stated in my prior declaration in this matter [Doc. # 797-1], NIJC represents a 17-year-old child, J.M.A., detained in ORR custody in Illinois. J.M.A. turns 18 on May 26, 2020, and it is critical he be released prior to that date to avoid a transfer to an ICE adult detention facility.

5. I am informed that the ORR Juvenile Coordinator stated during the Court's May 22, 2020 hearing that J.M.A. has not been released because he requires a home study under the TVPRA. I am further informed that this home study is purportedly required because J.M.A. was abused by his father.

6. Despite numerous communications with shelter staff and ORR staff about the status of J.M.A.'s release process, I have never been informed that J.M.A. requires a home study or that a home study is being pursued. As stated in my prior declaration, ORR shelter staff and the local Federal Field Specialist (FFS) have repeatedly reaffirmed that the only reason J.M.A.'s release has not been approved is because his Category 2B sponsor has been unable to submit his fingerprints.

7. Importantly, the TVPRA does not require a home study in every case where a child has a history of abuse. Rather, a home study is required for "a child who has been a victim of physical or sexual abuse under circumstances *that indicate that the child's health or welfare has been significantly harmed or threatened*." 8 U.S.C. § 1232(c)(3)(B) (emphasis added). Neither ORR nor shelter staff have previously communicated to me that they believe J.M.A. requires a home study under this or any standard.

8. Had NIJC been told that J.M.A. required a home study, NIJC would have acted immediately to advocate for a virtual home study and to work with J.M.A.'s sponsor to address any concerns by ORR.

9. As previously stated, I have no safety concerns regarding J.M.A.'s sponsor and strongly advocate that J.M.A. be released to his sponsor as soon as possible and in any event before his 18th birthday on May 26, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of May, 2020, at Glenview, Illinois.

*[signature]*

Ashley Huebner