UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | June 26, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE UPDATED JUVENILE COORDINATOR REPORTS [808, 813]**

On May 15, 2020, the Juvenile Coordinators for Defendants Immigration and Customs Enforcement ("ICE") and Office of Refugee Resettlement ("ORR") filed interim reports in accordance with the Court's April 24, 2020 Order granting Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement ("FSA") in light of the COVID-19 public health crisis. [Doc. # 788.] Due to concerns about Defendants' compliance with the FSA, guidance by the Centers for Disease Control and Prevention ("CDC"), and Court orders, on May 22, 2020, the Court ordered that the Juvenile Coordinators file updated reports by June 8, 2020, covering the topics listed in the April 24, 2020 Order and providing specific explanations for delays in releasing Class Members. [Doc. # 799.] The Court's Order also provided for enhanced monitoring of ICE Family Residential Centers ("FRCs") by the Independent Monitor Andrea Ordin and Dr. Paul Wise. May 22, 2020 Order at 3.

ORR Juvenile Coordinator Aurora Miranda-Maese filed the ORR updated report on June 7, 2020, and ICE Juvenile Coordinator Deane Dougherty filed the ICE updated report on June 10, 2020. [Doc. ## 808, 813.] Plaintiffs filed responses to both reports. [Doc. ## 823, 824.] In addition, Independent Monitor Andrea Ordin and Dr. Paul Wise filed an Interim Report on COVID-19 [Doc. # 827], and Aldea – The People's Justice Center, Proyecto Dilley, and the Refugee and Immigrant Center for Education and Legal Services ("RAICES"), which provide legal services for Class Members and their parents in the ICE FRCs, filed an *amicus curiae* brief [Doc. # 831].

As has been previously stated, the Court appreciates both ICE's and ORR's efforts to reduce the number of Class Members in their custody during the pandemic. As of June 8, 2020, there were 124 Class Members in ICE custody. [Doc. # 813.] As of June 7, 2020, 1,077 Class Members were in ORR care—including 507 Class Members in shelters and 21 in staff secure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | June 26, 2020 |
| Title | Jenny L. Flores, et al. v. William P. Barr, et al. | Page | 2 of 7 |

facilities.[1] [Doc. # 808.] Although progress has been made, the Court is not surprised that COVID-19 has arrived at both the FRCs and ORR facilities, as health professionals have warned all along that individuals living in congregate settings are more vulnerable to the virus. As of June 25, 2020, at least 11 people detained at Karnes FRC have been diagnosed with COVID-19. *See* Independent Monitor's Interim Report at 10 [Doc. # 827]. Test results for residents of the South Texas FRC ("Dilley") remain pending, though four employees at Dilley already have tested positive. *Id.* at 9. The recent increases in COVID-19 infection rates in the counties in which Karnes and Dilley are located give the Independent Monitor, Dr. Wise, and the Court even more cause for concern. *Id.* Although no COVID-19 cases have been reported yet at Berks FRC, six children were afflicted with viral stomatitis in or about April 2020, further demonstrating the ease with which contagion can spread in congregate settings. Cambria Decl. at ¶¶ 31-36 [Doc. # 831-1]. The FRCs are "on fire" and there is no more time for half measures.[2]

Additionally, Plaintiffs have identified issues, mistakes, or omissions in both the ORR and ICE Juvenile Coordinators' reports. Plaintiffs argue that ORR's onerous approval chain for a sponsor to obtain a fingerprinting waiver may be redundant and prolong the detention of otherwise releasable Class Members, in violation of the FSA's prohibition on unnecessary delay. Pl.'s Response to ORR Second Report at 3-4 [Doc. # 823]; *see also* FSA at ¶ 14 [Doc. # 101]. Plaintiffs also critique the ORR report for lack of specificity and even erroneous conclusions regarding certain minors, which may have resulted in unnecessary delay. *Id.* at 6-8.

Still, ORR's potential violations of the FSA pale in comparison to issues raised by Plaintiffs, *amici curiae*, the Independent Monitor, and Dr. Wise regarding ICE's incomplete, infrequent, and at times, inaccurate, parole determinations and failure to implement best public health practices. *See* Pl.'s Response to ICE Second Report at 9-12 [Doc. # 824]; Br. of *Amici* Aldea, Proyecto Dilley, and RAICES at 6-8 [Doc. # 831]; Independent Monitor's Interim Report at 7-10. *Amici* identify potential errors in the ICE Juvenile Coordinator's report, particularly in the *Flores* Release Summaries attached at Exhibit B, that may have resulted in certain Class Members being kept in custody for arbitrary or inconsistent reasons. *See, e.g.*, Meza Decl. at ¶ 18 [Doc. # 831-3] (describing Class Members detained awaiting court dates that had not yet been set); Fluharty Decl. at ¶¶ 22-23 [Doc. # 831-3] (demonstrating ICE's mistakes as to which families were

---

[1] As a point of comparison, there were 185 Class Members at ICE FRCs as of May 15, 2020; 342 Class Members as of April 21, 2020; and 648 Class Members as of March 28, 2020 [Doc. ## 788-1, 784, 768]. There were 1,418 Class Members in ORR custody as of May 14, 2020; 2,104 Class Members as of April 6, 2020; and 3,622 as of March 13, 2020. [Doc. # 788-2; 740; ORR April 7, 2020 Report].

[2] *See* Graves Decl. at ¶ 7 [Doc. # 774-3] ("Postponing the release of children in facilities with known COVID-19 exposure is like leaving them in a burning house rather than going in to rescue them and take them to safety.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | June 26, 2020 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 7 |
|---|---|---|---|

plaintiffs in federal litigation); *id.* at ¶¶ 24-27 (questioning why Class Members with a stay of removal are described as being on the "next removal flight" to their country of origin). The attorneys also assert that they have provided ICE with each Class Member's sponsor information, belying ICE's assertion that some minors cannot be released due to lack of an identified caregiver. *See, e.g.*, Meza Decl. at ¶¶ 29-35; Fluharty Decl. at ¶ 28. As for public health measures, Dr. Wise advised the Court that ICE's critical areas of improvement are in social distancing, masking, and testing—in other words, the basics. Thus, ICE's compliance with Paragraphs 12, 14, and 18 of the FSA remains at issue.

If they wish, Defendants shall have the opportunity to respond to the numerous and specific critiques raised in the *amicus* brief and Plaintiffs' replies.[3] But in the interim, given the severity of the outbreak in the counties in which FRCs are located and the Independent Monitor and Dr. Wise's observations of non-compliance or spotty compliance with masking and social distancing rules, renewed and more vigorous efforts must be undertaken to transfer Class Members residing at the FRCs to non-congregate settings through one of two means: (1) releasing minors to available suitable sponsors or other non-congregate settings with the consent of their adult guardians/parents; or (2) releasing the minors with their guardians/parents if ICE exercises its discretion to release the adults or another Court finds that the conditions at these facilities warrant the transfer of the adults to non-congregate settings.[4] While the above should be undertaken with all deliberate speed, in the meantime, ICE must also urgently *implement* the protocols recommended by the CDC, rather than hiding behind unevenly implemented written protocols, in order to comply with its obligation to provide safe and sanitary conditions for Class Members. FSA at ¶ 12.

In light of the foregoing, the Court **ORDERS** the following:

1. By **July 17, 2020**, ICE shall transfer Class Members who have resided at the FRCs for more than 20 days to non-congregate settings through one of two means: (1) releasing minors to available suitable sponsors or other available COVID-free non-congregate settings with the consent of their adult guardians/parents; or (2) releasing the minors with their guardians/parents if ICE exercises its discretion

---

[3] ICE may also, if desired, respond to the issue of A.F.P.P.'s release from Cowlitz County Juvenile Detention Center. Because A.F.P.P.'s case does not fall within the scope of any of the Court's prior Orders, it should have been raised with the Juvenile Coordinator and opposing counsel, not via declaration on the eve of a hearing. *See* Schey Decl. [Doc. # 828]; March 22, 2020 Order at 4 (ordering the parties to meet and confer regarding the status of the minors currently detained at juvenile detention facilities).

[4] *See O.M.G. v. Wolf*, CV 20-786-JEB (D.D.C. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | June 26, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 4 of 7 |

to release the adults or another Court finds that the conditions at these facilities warrant the transfer of the adults to non-congregate settings. If it is deemed necessary, ICE may apply location monitoring devices to those who are released.

2. While the above efforts shall be undertaken **with all deliberate speed**, in the meantime, ICE shall urgently enforce its existing COVID-19 protocols, particularly in the following areas:

    a. Social distancing: More effective use of the available space in the FRCs should be implemented such that living quarters, bathroom facilities, eating areas, and other communal areas are compatible with optimal social distancing protocols. Spaced residential assignments, staggered bathing and eating schedules, and sequenced use of other facility locations should be implemented to permit greater distancing among residents.

    b. Masking: Recommended masking protocols need to be enforced at all times. Enhanced training regarding mask usage for all staff may be necessary and oversight and documentation of compliance with these protocols are indicated.

    c. Enhanced testing: Greater use of testing should be implemented for staff, new entrants, and residents as indicated by evolving CDC and local health department guidelines for congregate care facilities.

3. If they wish, Defendants may respond to the *amicus* brief [Doc. # 831] by **July 2, 2020**.

4. The Juvenile Coordinators shall file their annual report by July 1, 2020 as previously scheduled. They shall file their next interim reports by **July 24, 2020**, covering the topics listed in the April 24, 2020 and May 22, 2020 Orders to the extent there is anything new. In addition,

    a. The ORR Juvenile Coordinator shall provide greater specificity to explain delays in release caused by fingerprinting requirements and home studies, addressing the concerns raised in Plaintiffs' response;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | June 26, 2020 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 5 of 7 |
|---|---|---|---|

    b. ORR shall review and amend its fingerprinting policy to provide for a less onerous chain of approvals or show cause to the Court why the policy, as written, is imperative;

    c. The ICE Juvenile Coordinator shall report on compliance with the above order to expeditiously release or transfer affected minors from the FRCs. For each minor detained at an FRC for more than 20 days who is deemed a "flight risk," and not released or transferred pursuant to the above directive requiring expeditious release, the ICE Juvenile Coordinator shall give a detailed individualized explanation of why that minor is a flight risk (cursory explanations such as "In custody—pending IJ hearing/decision," "pending USCIS response," "plaintiff in a pending lawsuit," or any other justification that the Court has already rejected as being insufficient indicia of imminent removal shall not be acceptable explanations);

    d. For each minor who remains detained at an FRC for more than 20 days, the absence of a suitable sponsor, a parent/guardian's declination of waiver of *Flores* rights, or a prior unexplained failure to appear at a scheduled hearing would be a satisfactory explanation for continued detention if that explanation is verified in a declaration by an ICE representative under penalty of perjury; and

    e. The ICE Juvenile Coordinator shall report on the status of conditions at the Cowlitz County Juvenile Detention Center ("Cowlitz") and Northern Oregon Regional Corrections ("NORCOR") detention facilities, including specific reasons why B.B.B., A.F.P.P., and K.J.A.B. remain in detention. None of these minors who age out shall be sent to an adult detention facility pending resolution of this inquiry. If these Defendants remain in detention, the report shall include a detailed explanation demonstrating flight risk and/or danger to the community.

5. Plaintiffs and Defendants may file a **joint** response by **July 31, 2020** to the Juvenile Coordinators' reports after having met and conferred regarding areas of dispute and attempted to achieve resolution (if the Court determines that relevant facts are being presented to the Court for the first time without having been shared in advance with the opposing side in an effort to achieve resolution, the Court will not address the issue to which those facts pertain).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | June 26, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 6 of 7 |

6. The parties shall file another joint status report by **July 8, 2020**, regarding the adoption and implementation of proper written advisals and other protocols to inform detained guardians/parents about minors' rights under the FSA and obtain information regarding, and procedures for placement with, available and suitable sponsors,[5] as well as discuss conditions at the Cowlitz and NORCOR detention facilities.

7. Pursuant to the Court's April 10, 2020 Order[Doc. # 768], the parties' counsel shall continue to meet and confer regarding (1) certain disclosures, including information regarding existence of COVID-19 infection among Class Members, that should be provided to minors' immigration counsel; and (2) the quality of the data that Defendants maintain and provide to Class Counsel pursuant to Paragraph 28A of the FSA. By no later than **July 31, 2020**, the parties shall file a joint status report regarding the outcome of their efforts to meet and confer in this regard.

8. To the extent disagreements remain between the parties after meaningful efforts to meet and confer on any of the topics on which they are to submit joint status reports, the parties may describe those disagreements in the reports submitted to the Court and request adjudication, mediation, or any other form of relief the Court may provide.

9. Dr. Paul Wise and the Independent Monitor Andrea Ordin shall continue to provide enhanced monitoring of the care of minors at the FRCs and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at the FRCs with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their guardians; and (e) make such recommendations for remedial action that they deem appropriate.

---

[5] To provide further guidance to the parties, the Court clarifies that any "waiver" should be only as narrow as the issue being waived. For example, a parent/guardian may waive a Class Member's *Flores* right to release "without unnecessary delay" to an available suitable custodian in the order of preference listed in Paragraph 14, if that parent/guardian does not prefer for the Class Member to be released to that custodian, without waiving any of the Class Member's other *Flores* rights. *See* FSA at ¶ 14 [Doc. # 101]. On the other hand, the guardian/parent of a Class Member who simply has no available suitable custodian need not sign any waiver at all.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | June 26, 2020 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. William P. Barr, et al.*** | Page | 7 of 7 |

10. The Court shall hold a further video status conference on **August 7, 2020 at 11:00 a.m.** to discuss compliance with the Court's Orders.

**IT IS SO ORDERED**.