UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States; *et al.,*<br><br>  Defendants. | Case No. CV 85-4544-DMG |

**RESPONSE OF THE ICE JUVENILE COORDINATOR DEANE DOUGHTERY TO THE AMICUS BRIEF FILED JUNE 25, 2020**

On June 25, 2020, *amici* RAICES, Proyecto Dilley and Aldea filed a brief before this Court. On June 26, 2020, the Court ordered that any response to that brief be filed by July 2, 2020. As ICE Juvenile Coordinator, I am filing the present response on behalf of Immigration and Customs Enforcement (ICE).

ICE does not agree with any of the allegations raised by *amici* in their brief and notes that many of the allegations are hearsay, speculation and proffer opinions regarding matters that are not within the expertise of many of the declarants. However, ICE will limit its responses to the most salient points raised by the Court in its June 26, 2020 Order.

**I. Saturation Testing is Complete and Intake Testing has been Implemented**

*Amici* have alleged inadequate testing. ECF 831-2, page 22. However, as of June 25, 2020, all three family residential centers (FRCs) have instituted saturation testing, which means that the entire resident population has been tested. The Berks Family Residential Center (Berks)

1

conducted testing on June 22, 2020; Karnes Family Residential Center (Karnes) conducted testing on June 22, 2020 through June 29, 2020; and the South Texas Family Residential Center at Dilley (Dilley) conducted testing on June 23-24, 2020. All testing was completed by June 29, 2020, and testing revealed *none* of the residents who were present during the quarantine period and released into the general population are positive. The 11 individuals who tested positive during saturation testing at Karnes had not been released into the general population as they are new intakes and were cohorting apart from the general population for the U.S. Centers for Disease Control and Prevention recommended 14 days.

In addition, new intakes are now tested as part of the intake process. In addition, ICE has been reporting any positive test results to the Court in *O.M.G. v. Wolf*, 1:20-cv-00786-JEB, (D.D.C filed March 21, 2020), these reports are attached to this response.

## II. FRCs Follow Public Health Best Practices

The Court states in its Order that *amici* raised, among other things, ICE's "failure to implement best public health practices." ECF 833 at 2. However, there is no basis for this inasmuch as FRCs are currently complying with all CDC guidelines and have implemented the following practices:

### 1. Berks Family Residential Center (Berks)

Berks initially issued masks to residents on April 7, 2020. As explained in previous filings, residents are issued masks and can request masks if they lose or damage their current mask.

Only one family is housed per room at Berks, and only one family is seated per dining table during mealtimes. The tables are separated to permit social distancing.

### 2. South Texas Family Residential Center at Dilley (Dilley)

At Dilley, masks were issued to all residents on April 23, 2020. Additionally, masks were, and remain, available to residents upon requests as early as March 1, 2020.

Since April 2020, only 1 family is housed per 722 square foot suite. No families are sharing suites. Up to eight people can dine per table at the cafeteria, however, meals are scheduled in order to limit the number of persons in the dining area at one time. With this schedule, every family is afforded their own table. Tables are spaced out greater than six feet apart in all directions and staggered.

### 3. Karnes Family Residential Center (Karnes)

At Karnes, masks were issued to all residents on April 15, 2020. Additional masks remain available upon request.

Since the last interim report was filed on June 10, 2020, Karnes is housing only 1 family per 300 square foot suite. No families are sharing suites. Only 1 family is seated per table, measuring 4 feet by 4 feet, in the dining hall. Tables are spaced out to allow for social distancing.

### III. Sponsor Information Did Not Include Parental Consent

*Amici* alleged in their filing that sponsor information was provided to ICE, an allegation that was cited by the Court's in its order. ECF 833 at 3. However, the facilities reported that the sponsor information did not include, or was not accompanied by, explicit permission from the parent to release only the minor children to these sponsors. Rather, the "Class Members and their parents have repeatedly provided ICE with the name, phone number, address, and relationship of the adult who is ready and willing to receive *the family*." ECF 831 at 7 (emphasis added). As a result, this information was not actionable for ICE under the *Flores* parole process. ICE is

currently participating in a Court-ordered meet and confer with Plaintiffs to negotiate the implementation of a process whereby this permission can be obtained if the parent so chooses.

Respectfully submitted,

_____

Deane Dougherty
Juvenile Coordinator