ETHAN P. DAVIS
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation
       P.O. Box 868, Ben Franklin Station
       Washington, D.C. 20044
       Tel:  (202) 532-4824
       Fax:  (202) 305-7000
       Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) Case No. CV 85-4544 |
| Plaintiffs, | ) |
| v. | ) **Defendants' Ex Parte Application to Lift Restrictions in Paragraph 4.e of the June 26, 2020 Order, ECF No. 833;** |
| WILLIAM P. BARR, Attorney General of the United States; *et al.*, | ) **Memorandum of Points and Authorities;** |
| Defendants. | ) **Declaration;** |
| | ) **[PROPOSED] Order**. |
| | ) [Hon. Dolly M. Gee] |

**Defendants' Ex Parte Application to Lift Restrictions in
Paragraph 4.e of the June 26, 2020 Order, ECF No. 833**

Pursuant to Local Rule 7-19, Defendants hereby apply ex parte for an order from this Court lifting the restrictions in Paragraph 4.e of the Court's June 26, 2020 order prohibiting the transfer of A.F.P.P. to an adult detention facility when he ages out of juvenile detention on July 7, 2020. Defendants request this amendment to the Court's order for the reasons set forth in the accompanying memorandum of points and authorities and Declaration. Counsel for Defendants met and conferred with counsel for Plaintiffs by phone regarding the subject of this ex parte application. The parties were not able to reach any resolution regarding this issue, and counsel for Plaintiffs has stated that Plaintiffs oppose the relief requested in this Application.

**URGENCY:** This relief is sought by means of an ex parte application because A.F.P.P. will age out of juvenile detention on July 7, 2020, and if this relief is not granted on or before that date, Defendants will have no option to comply with this Court's order except to release him from custody. Defendants therefore do not have enough time to notice and file a traditional motion to obtain the requested relief.

1

DATED:      July 6, 2020          Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel, District Court Section
Office of Immigration Litigation

*Attorneys for Defendants*

## **Memorandum of Points and Authorities**

On June 26, 2020, the Court issued an order following its review of the reports of the government's Juvenile Coordinators, and Plaintiffs' responses. ECF No. 833. Among other things the Court ordered that the Juvenile Coordinators should file new interim reports by July 24, 2020, and that the U.S. Immigration and Customs Enforcement ("ICE") Juvenile Coordinator "shall report on the status of conditions at the Cowlitz County Juvenile Detention Center ("Cowlitz") and Northern Oregon Regional Corrections ("NORCOR") detention facilities, including specific reasons why B.B.B., A.F.P.P., and K.J.A.B. remain in detention. None of these minors who age out shall be sent to an adult detention facility pending resolution of this inquiry. If these Defendants [sic.] remain in detention, the report shall include a detailed explanation demonstrating flight risk and/or danger to the community." Order ¶ 4.e.

Defendants respectfully ask the Court to lift the prohibition regarding transfer to an adult detention facility for A.F.P.P., who will age out of juvenile detention on July 7, 2020. *See* ECF No. 828 at ¶ 3. If A.F.P.P. cannot be transferred to an adult detention facility on that date, he will need to be released because he cannot be detained at Cowlitz after he turns 18. Declaration of Dawnisha Helland (Helland Decl.) ¶ 11. ICE's custody of A.F.P.P. is consistent with the requirements of the *Flores* Settlement Agreement (Agreement), an immigration judge's prior determination of custody, and applicable law governing his custody. Therefore, there

is no basis for this Court to continue this restriction on A.F.P.P.'s transfer, particularly because upon turning 18, A.F.P.P. will no longer meet the definition of a minor in paragraph 6 of the Agreement, and therefore he will cease to be a *Flores* class member.

A.F.P.P. is not subject to release under Paragraph 14 of the Agreement because that Paragraph excludes minors who ICE has determined are a flight risk or danger, and Paragraph 21 then allows for his detention in a juvenile detention facility. *See* Agreement ¶ 14 ("Where the INS determines that the detention of the minor is not required either to secure his or her timely appearance before the INS or the immigration court, or to ensure the minor's safety or that of others, the INS shall release a minor from its custody without unnecessary delay . . . ."; ¶ 21 (governing the detention of minors in juvenile detention facilities). ICE determined that A.F.P.P.'s detention was required because he is a flight risk, and to ensure the safety of others because he was arrested while living on his own without his mother to whom he had been previously released, in a house of adult gang members. Helland Decl. ¶ 4. At the time of his arrest he also attempted to attack an ICE officer with a nine-inch knife. *Id.* His detention at Cowlitz therefore is permitted by the Agreement. Given that there is no violation of the Agreement, and the Court lacks authority over his custody after he turns 18, this Court should not restrict ICE from transferring him to an adult detention facility when he turns 18.

ICE further notes that A.F.P.P. is a class member in *Saravia v. Barr*, Case No. 17-3615 (N.D. Cal.), and as such he was afforded a hearing before an immigration judge when he was taken into custody. Helland Decl. ¶ 6. At that hearing the immigration judge determined that A.F.P.P.'s continued custody was appropriate because A.F.P.P. was a danger to the public and himself. *Id.* Moreover, upon being taken into custody, A.F.P.P. was served with an I-286 which advised him of his entitlement to a bond hearing. Helland Decl. ¶ 5.[1] A.F.P.P. requested a bond redetermination hearing and was scheduled to receive one on June 29, 2020, but at his request, made through counsel, the hearing was later continued to July 9, 2020. Helland Decl. ¶ 10. While in custody, A.F.P.P. has also received ongoing case reviews from ICE as part of general docket management. Helland Decl. ¶¶ 7-8. He also received an additional assessment for release upon the request of his counsel, made on April 14, 2020. Helland Decl. ¶ 9. During each of these reassessments ICE deemed that A.F.P.P. was still a danger to the community. Helland Decl. ¶¶ 7-9. A.F.P.P. thus has had multiple opportunities to contest ICE's determination that he is a danger, and has an upcoming opportunity—delayed until after his 18th birthday

---

[1] A.F.P.P. also signed an I-213 which notified him of the reasons for his detention in a secure facility, and he was provided a list of free legal services providers. Helland Decl. ¶ 5.

at his own request—to have that determination evaluated by an immigration judge for a second time.

The Court therefore should rescind the portion of the June 26, 2020 order prohibiting the transfer of A.F.P.P. to an adult detention facility upon his 18th birthday. A.F.P.P.'s current custody is not in violation of the Agreement, and A.F.P.P.'s custody, once he reaches 18, is not governed by the Agreement. Moreover, at his upcoming bond hearing A.F.P.P. can challenge determinations by both ICE and an immigration judge that he is a danger, and the immigration judge at that bond hearing has the ability to order that he should be released if the immigration judge determines that release is appropriate.

///

///

///

DATED:      July 6, 2020                     Respectfully submitted,

                                            ETHAN P. DAVIS
                                            Acting Assistant Attorney General

                                            WILLIAM C. PEACHEY
                                            Director, District Court Section
                                            Office of Immigration Litigation

                                            WILLIAM C. SILVIS
                                            Assistant Director, District Court Section
                                            Office of Immigration Litigation

                                            */s/ Sarah B. Fabian*
                                            SARAH B. FABIAN
                                            NICOLE N. MURLEY
                                            Senior Litigation Counsel
                                            Office of Immigration Litigation
                                            District Court Section
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, D.C. 20044
                                            Tel: (202) 532-4824
                                            Fax: (202) 305-7000
                                            Email: sarah.b.fabian@usdoj.gov

                                            *Attorneys for Defendants*

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2020, I served the foregoing pleading and attachments on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

<u>/s/ *Sarah B. Fabian*</u>
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants