UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544 DMG (AGRx)** | Date | July 8, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS'** *EX PARTE* **APPLICATION [841] TO LIFT RESTRICTIONS IN PARAGRAPH 4.E OF THE JUNE 26, 2020 ORDER [833]**

On June 26, 2020, the Court issued an Order that, *inter alia*, required the Immigrations and Customs Enforcement ("ICE") Juvenile Coordinator to report on specific reasons why B.B.B., A.F.P.P., and K.J.A.B. remain in detention in juvenile detention facilities and provided that "[n]one of these minors who age out shall be sent to an adult detention facility pending resolution of this inquiry." June 26, 2020 Order at 5 [Doc. # 833]. On July 6, 2020, Defendants filed an *Ex Parte* Application to lift the restriction on transferring minor A.F.P.P. to an ICE adult detention facility on July 7, 2020, his 18th birthday. [Doc. # 841.] Defendants argue that both ICE and an Immigration Judge have found A.F.P.P. to be a danger to the public and himself due to his apparent attempt to use a knife on the ICE agents who detained him, so his continued detention does not violate the *Flores* Settlement Agreement's ("FSA") provisions permitting a Class Member to be held in juvenile detention facilities if he "has committed, or has made credible threats to commit, a violent or malicious act." FSA at ¶ 21 [Doc. # 101]. ICE also determined that A.F.P.P. was a flight risk, though it does not provide specific facts supporting that determination.

As stated in the June 26, 2020 hearing on the Juvenile Coordinators' updated Reports, the Court does not intend to review or overrule an Immigration Judge's determination that a Class Member poses a danger to himself or the public. Defendants appear to have met their burden of demonstrating that there was justification for detaining A.F.P.P, and Plaintiffs failed to file anything showing otherwise. The *ex parte* relief requested is no longer appropriate, however, because Defendants filed a supplement on July 7, 2020 at 12:28 p.m. indicating that ICE already has released A.F.P.P. [Doc. # 843.] Accordingly, the Court **DENIES** Defendants' *Ex Parte* Application, without prejudice to Defendants' refiling their request for relief as a properly-noticed motion after first attempting resolution of any dispute informally or through the procedure set forth in the Order Appointing Special Master [Doc. # 494].

**IT IS SO ORDERED**.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |