MICHAEL J. STORTZ (SBN 139836)
mstortz@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:    415-765-9501

BRETT M. MANISCO (SBN 318351)
bmanisco@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone:   310.229.1000
Facsimile:    310.229.1001

**REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES**
MANOJ GOVINDAIAH (*Pro Hac Pending*)
manoj.govindaiah@raicestexas.org

**ALDEA – THE PEOPLE'S JUSTICE CENTER**
BRIDGET CAMBRIA (*Pro Hac Pending*)
bridget@aldeapjc.org

Attorneys for Plaintiff-Intervenors
B.L.N., D.F.L.G., and W.B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY L. FLORES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWIN MEESE, et al.,<br><br>Defendants. | Case No. 2:85-cv-04544-DMG<br><br>[Judge: Hon. Dolly M. Gee]<br><br>**DECLARATION OF MANOJ GOVINDAIAH IN SUPPORT OF PROPOSED INTERVENORS'** ***EX PARTE*** **APPLICATION FOR LEAVE TO INTERVENE**<br><br>Date Action Filed: July 11, 1985 |

I, MANOJ GOVINDAIAH, declare as follows:

1. I am an attorney and Director of Litigation with Refugee and Immigrant Center for the Education of Legal Services ("RAICES"), and an attorney of record in this action for Plaintiff-Intervenors B.L.N., D.F.L.G., and W.B.. Unless otherwise indicated, I state the following of my own personal knowledge and I could and would testify as to the matters set forth herein, if called upon to do so.

2. Attached hereto as **Exhibit A** is a true and correct copy of the July 14, 2020 Letter that ALDEA - The People's Justice Center, Proyecto Dilley and RAICES sent to to Peter Schey ("Mr. Schey") regarding the "Coercive Binary 'Choice' and Sanctioned Family Separation."

3. Attached hereto as **Exhibit B** is a true and correct copy of "You Will Never See Your Child Again: The Persistent Psychological Effects of Family Separation," which was published by Physicians for Human Rights in February 2020, which I downloaded from the Physicians for Human Rights website, https://phr.org/our-work/resources/you-will-never-see-your-child-again-the-persistent-psychological-effects-of-family-separation/ on July 17, 2020.

4. Attached hereto as **Exhibit C** is a true and correct copy of, "Toxic Stress: Issue Brief on Family Separation and Child Detention," Jack P. Shonkoff, M.D., Center on the Developing Child at Harvard University (October 2019), which I downloaded from the Immigration Initiative at Harvard website, https://immigrationinitiative.harvard.edu/toxic-stress-issue-brief-family-separation-and-child-detention, on July 17, 2020.

5. On July 16, 2020 at 11:21 a.m. CST, I emailed class counsel Mr. Schey to inform him that accompanied child class members intended to submit a motion to intervene as Plaintiff-Intervenors in *Flores v. Barr*, and asked him to provide his position in writing regarding the motion. Mr. Schey responded that he could not provide a position regarding intervention without understanding how Plaintiff-Intervenors

1
DECLARATION OF MANOJ GOVINDAIAH IN SUPPORT OF PROPOSED INTERVENORS' EX PARTE APPLICATION FOR LEAVE TO INTERVENE

believed the settlement should be implemented in ways not currently being addressed. A true and correct copy of this email exchange is attached hereto as **Exhibit D**.

6. On July 17, 2020 at 12:58 p.m. PST, Mr. Schey emailed counsel for Amici RAICES, Gretchen Nelson and Gabriel Barenfeld of Nelson and Fraenkel LLP, informing them that, "[t]he amici parties you represent wrote to me yesterday asking for Flores Plaintiffs' position on the amici moving to intervene in the *Flores* case." Mr. Schey then requested that they meet and confer with the participation of Special Master Andrea Ordin. I responded on July 17, 2020 at 3:51 p.m. PST to clarify "the amici do not intend to intervene" and that rather, "accompanied child class members intend to intervene." I further notified Mr. Schey that counsel for Amici were not involved in the intervention by accompanied class members, and asked if he was available the following Monday morning to meet and confer. A true and correct copy of this email exchange is attached hereto as **Exhibit E**. Please note that this email chain has been redacted to exclude communications with co-counsel, but the substance of all communications with Mr. Schey on this issue are reflected in Exhibit E.

7. On July 18, 2020, at 9:38 p.m. CST, Mr. Schey emailed me, several other amici representatives and attorneys, and Special Master Andrea Ordin indicating that the Government was going to file a proposed protocol on July 19, 2020, and that class counsel was going to file something indicating that the class disagreed with the proposed protocol. Mr. Schey did not, however, respond to my specific request to meet and confer regarding the Plaintiff-Intervenor's ex parte motion. I responded to Mr. Schey the following day on July 19, 2020 at 9:09 p.m. PST, again asking if he was available to meet and confer on the morning of July 20, 2020 regarding the intervention by accompanied child class members. Mr. Schey did not respond to this email. I then emailed Mr. Schey the next morning on July 20, 2020 at 9:49 a.m. CST, again informing him that I was available at 9 a.m. PST to meet and confer, but Mr. Schey did not attend the meet and confer call at the proposed time. After Mr. Schey failed to appear at the meet and confer call, I followed up with an email at 11:14 a.m. CST informing him that

Plaintiff-Interveners would be filing an *ex parte* application to intervene on July 20, 2020, and I asked him to let us know whether he would be filing an opposition and if he believed there was any opportunity to resolve the threshold issue of intervention without the necessity of the *ex parte* application. Mr. Schey then responded on July 20, 2020 at 3:23 p.m. CST requesting that Plaintiff-Intervenors meet and confer in writing before discussing the issues on a call. He stated that, "[d]epending on what exactly the proposed intervenors would be seeking, Plaintiffs, and the Court, would have to assess whether what the intervenors seek is achievable under the terms of the settlement." I responded to Mr. Schey's email on July 20, 2020 at 3:50 p.m. CST explaining that Plaintiff-Intervenors are seeking enforcement of the settlement in a matter consistent with their rights, as well as appointment of co-counsel to represent the interests of accompanied class members currently at the FRCs. I reiterated that I was available to discuss with him at a time most convenient for him. Mr. Schey responded to my email on July 20, 2020 at 6:05 pm CST indicating that he was available to meet and confer the following day (July 21, 2020), and that he was unclear what position would be taken by "the same programs [that filed the amicus brief who] wish to intervene" in the proposed intervention application. A true and correct copy of this email exchange is attached hereto as **Exhibit F.** Please note that this email chain has been redacted to exclude communications among co-counsel, but the substance of all communications with Mr. Schey on this issue are reflected in Exhibit F.

8. On July 16, 2020 at 11:23 a.m. I emailed Government counsel Sarah Fabian ("Ms. Fabian") to inform her that accompanied child class members intended to submit a motion to intervene as Plaintiff-Intervenors in *Flores v. Barr*, and asked her to provide her position in writing regarding the motion. Ms. Fabian responded that the Government could not take a position on the motion without additional information about the basis for the intervention. On Monday, July 20, 2020, at 11:06 a.m. CST, I emailed Ms. Fabian again to see if she was available to meet and confer telephonically regarding the Plaintiff-Intervenor's *Ex Parte* application. However, Ms. Fabian was not

available at the proposed time, so I emailed her again on July 20, 2020 at 12:40 pm CST to inform her that Plaintiff Intervenors would be filing an *Ex Parte* application to intervene. Ms. Fabian responded at 11:59 a.m. PST stating that the government's position likely remains the same. A true and correct copy of this email exchange is attached hereto as **Exhibit G**.

     9. Just today, respondents in the *O.M.G.* matter filed a notice (copy attached as **Exhibit H**) of COVID-19 positive cases in the Karnes and Dilley FRCs. As may be seen, the notice identifies four additional cases, consisting of two detainees at Karnes, one detainee at Dilley, and one employee at Dilley.

     I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th Day of July, 2020 at Springfield, Illinois.

_____
MANOJ GOVINDAIAH

---

4

DECLARATION OF MANOJ GOVINDAIAH IN SUPPORT OF PROPOSED INTERVENORS' EX PARTE APPLICATION FOR LEAVE TO INTERVENE