# Exhibit D



Manoj Govindaiah <manoj.govindaiah@raicestexas.org>

## Position on Proposed Motion to Intervene in Flores v. Barr
2 messages

**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>  Thu, Jul 16, 2020 at 11:21 AM
To: Peter Schey <pschey@centerforhumanrights.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>

Peter,

I hope you're doing well. I write to inform you that accompanied child class members intend to submit a motion to intervene as Plaintiffs-Intervenors in *Flores v. Barr* later today.

Please reply with your position regarding this motion so that we may advise the court per the local rules.

Thank you,

Manoj

--



**Manoj Govindaiah**
*Director of Litigation*
Refugee and Immigrant Center
for Education and Legal Services (RAICES)
Tel & Fax: 210-787-3745
manoj.govindaiah@raicestexas.org
www.raicestexas.org

   

---

**Peter Schey** <pschey@centerforhumanrights.org>  Thu, Jul 16, 2020 at 6:20 PM
To: Manoj Govindaiah <manoj.govindaiah@raicestexas.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Carlos Holguín <crholguin@centerforhumanrights.org>, Andrea Sheridan Ordin <aordin@strumwooch.com>

Dear Manoj,

Thank you for your email. I think that to come to a position on your proposed intervention the *Flores* Plaintiffs would need to know what position the proposed intervenors wish to take regarding the rights of *Flores* class members. If their position would somehow violate the terms of the Flores settlement or undermine compliance with the settlement, the *Flores* Plaintiffs would likely not support intervention. Your minor clients likely have the right to opt out of the benefits granted them by the terms of the settlement if that's what their parents in consultation with you or their counsel believe is in a child's best interest.

If you believe that *Flores* class counsel have advocated any positions that violate the terms of the settlement, or do not adequately protect those rights, those are issues we are always available to discuss with you.

It also appears that Special Master Andrea Ordin has made herself available to confer with you about any concerns you have regarding your clients' rights under the Settlement, you are also able to express those concerns by way of your

amicus status, and you are also able to communicate your concerns directly to ICE, DHS, and/or DOJ. In addition, counsel representing detained minors whose rights may not be adequately addressed by the *Flores* settlement, or by *Flores* counsel, or by District Judge Dolly Gee, possess the right under the settlement to seek judicial review in a separate action, or even to file a class action case, both of which have been done successfully in several cases in the past.

In any event, we cannot state a position regarding intervention without understanding how you believe the settlement should be implemented in ways not currently being addressed by the parties, the Special Master, and/or the Court.

As always, we remain available to discuss your concerns so we may best represent the interests of the class.

Sincerely,

Peter A. Schey
President
Center for Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.304 (v)
(323) 251-3223 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.

[Quoted text hidden]