# Exhibit E



Manoj Govindaiah <manoj.govindaiah@raicestexas.org>

## Re: Flores Intervention
8 messages

**Peter Schey** <pschey@centerforhumanrights.org>  Fri, Jul 17, 2020 at 12:58 PM
To: gbarenfeld@nflawfirm.com, gnelson@nflawfirm.com
Cc: Andrea Sheridan Ordin <aordin@strumwooch.com>, Carlos Holguín <crholguin@centerforhumanrights.org>, Manoj Govindaiah <Manoj.Govindaiah@raicestexas.org>

Dear Gabriel and Gretchen,

The amici parties you represent wrote to me yesterday asking for Flores Plaintiffs' position on the amici moving to intervene in the *Flores* case.
*Flores* Plaintiffs' response is below.
If you plan to represent the amici in a motion to intervene, we request that the parties meet and confer with the participation of Special Master Andrea Ordin so Plaintiffs may better understand what your clients wish to achieve through intervention and whether their goals can be achieved more promptly and efficiently than through a motion to intervene. Please feel free to respond by email or by telephone. My mobile number is 323-251-3223.

Best,

Peter A. Schey

From: Peter Schey <pschey@centerforhumanrights.org>
Date: Thu, Jul 16, 2020 at 4:20 PM
Subject: Re: Position on Proposed Motion to Intervene in Flores v. Barr
To: Manoj Govindaiah <manoj.govindaiah@raicestexas.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Carlos Holguín <crholguin@centerforhumanrights.org>, Andrea Sheridan Ordin <aordin@strumwooch.com>

Dear Manoj,

Thank you for your email. I think that to come to a position on your proposed intervention the *Flores* Plaintiffs would need to know what position the proposed intervenors wish to take regarding the rights of *Flores* class members. If their position would somehow violate the terms of the *Flores* settlement or undermine compliance with the settlement, the *Flores* Plaintiffs would likely not support intervention.

Your minor clients likely have the right to opt out of the benefits granted them by the terms of the settlement if that's what their parents in consultation with you or their counsel believe is in a child's best interest.
If you believe that *Flores* class counsel have advocated any positions that violate the terms of the settlement, or do not adequately protect those rights, those are issues we are always available to discuss with you.

It also appears that Special Master Andrea Ordin has made herself available to confer with you about any concerns you have regarding your clients' rights under the Settlement, you are also able to express those concerns by way of your amicus status, and you are also able to communicate your concerns directly to ICE, DHS, and/or DOJ.

In addition, counsel representing detained minors whose rights may not be adequately addressed by the *Flores* settlement, or by *Flores* counsel, or by District Judge Dolly Gee, possess the right under the settlement to seek judicial review in a separate action, or even to file a class action case, both of which have been done successfully in several cases in the past.

In any event, we cannot state a position regarding intervention without understanding how you believe the settlement should be implemented in ways not currently being addressed by the parties, the Special Master, and/or the Court.

As always, we remain available to discuss your concerns so we may best represent the interests of the class.

Sincerely,

Peter A. Schey
PresidentCenter for Human Rights and Constitutional Law

Exhibit E, Page 54

256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.304 (v)
(323) 251-3223 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org

--

CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.

On Thu, Jul 16, 2020 at 9:21 AM Manoj Govindaiah <manoj.govindaiah@raicestexas.org> wrote:
> Peter,
> I hope you're doing well. I write to inform you that accompanied child class members intend to submit a motion to intervene as Plaintiffs-Intervenors in Flores v. Barr later today.
> Please reply with your position regarding this motion so that we may advise the court per the local rules.
> Thank you,
> Manoj
>
> Manoj Govindaiah
> Director of Litigation
> Refugee and Immigrant Centerfor Education and Legal Services (RAICES)
> Tel & Fax: 210-787-3745
> manoj.govindaiah@raicestexas.org
> www.raicestexas.org

On Tue, Jul 14, 2020 at 8:16 PM Peter Schey <pschey@centerforhumanrights.org> wrote:
> Dear Gabriel, Gretchen, et al.
>
> As you know from court filings, pursuant to court Order the parties have been meeting to assess the extent to which they can reach agreement on a protocol for determining whether parents wish to exercise their children's Flores release rights and if so what steps ICE must take and how the steps will be recorded. Issues on which parties disagree will be set forth in a final joint report to the Court. The parties are asking the Court to extend the submission of the joint report by one week. While we cannot say what the Court will do next, we believe it will issue an Order addressing how it wants ICE to comply with the release provisions of the Flores settlement, provisions Plaintiffs believe ICE is largely ignoring.
>
> The June 26, 2020, Order requires the parties to meet and confer on several issues and the two Juvenile Coordinators, the Special Master and Dr. Paul Wise to perform various functions and submit various reports. We are encouraging all stakeholders to review the Order and provide input as they deem appropriate to class counsel, or any of the monitors involved, all of whom can receive input from advocates. On all these issues stakeholders may also advocate policies with DHS, ICE, etc.
>
> Regarding the release issue addressed in your amicus brief, the June 26 Order states in part: The parties shall file another joint status report by July 8, 2020, regarding the
> adoption and implementation of proper written advisals and other protocols to inform detained guardians/parents about minors' rights under the FSA and obtain information regarding, and procedures for placement with, available and suitable sponsors, as well as discuss conditions at the Cowlitz and NORCOR detention facilities.
> To provide further guidance to the parties, the Court clarifies that any "waiver" should be only as narrow as the issue being waived. For example, a parent/guardian may waive a Class Member's Flores right to release "without unnecessary delay" to an available suitable custodian in the order of preference listed in Paragraph 14, if that parent/guardian does not prefer for the Class Member to be released to that custodian, without waiving any of the Class Member's other Flores rights. See FSA at ¶ 14 [Doc. # 101]. On the other hand, the guardian/parent of a Class Member who simply has no available suitable custodian need not sign any waiver at all.
>
> In the final joint report we submit we are happy to include a brief statement regarding the amici's position which the amici may elaborate upon in their own brief after reviewing the final joint statement. We also continue to invite input from the amici and others into proposed steps involved in the protocol the court wishes to adopt.
>
> Best,

Exhibit E, Page 55

Peter A. Schey
President
Center for Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.304 (v)
(323) 251-3223 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.



**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>  Fri, Jul 17, 2020 at 3:51 PM
To: Peter Schey <pschey@centerforhumanrights.org>
Cc: Andrea Sheridan Ordin <aordin@strumwooch.com>, Carlos Holguín <crholguin@centerforhumanrights.org>
Bcc: Gretchen Nelson <gnelson@nflawfirm.com>, Gabe Barenfeld <gbarenfeld@nflawfirm.com>

Peter, thanks for reaching out. To clarify, the amici do not intend to intervene at this time. Rather accompanied child class members intend to intervene. Gabe and Gretchen have been representing RAICES, Aldea, and Proyecto Dilley on the

amicus brief, but are not involved in the intervention by accompanied class members. As such, I have moved them to bcc to spare their inboxes.

Are you available on Monday morning to meet and confer?

Thanks,
Manoj
[Quoted text hidden]
--



**Manoj Govindaiah**
*Director of Litigation*
Refugee and Immigrant Center
for Education and Legal Services (RAICES)
Tel & Fax: 210-787-3745
manoj.govindaiah@raicestexas.org
www.raicestexas.org
[Quoted text hidden]