# Exhibit F



**Manoj Govindaiah <manoj.govindaiah@raicestexas.org>**

## Fwd: Flores ICE Protocol
41 messages

Exhibit F, Page 61

**Bridget Cambria** <bridget.cambria@cambriaklinelaw.com>                                    Sat, Jul 18, 2020 at 8:19 PM
To: Andrea Sheridan Ordin <aordin@strumwooch.com>
Cc  Andrea Meza  andrea meza@raice te a  org , Peter Schey  p chey@centerforhumanright  org , Shalyn Fluharty <shay@caraprobono.org>, Carlos Holguín <crholguin@centerforhumanrights.org>, Manoj Govindaiah <manoj.govindaiah@raicestexas.org>

Good afternoon everyone:

Thanks for reaching out Andrea and apologies for not responding sooner.

I understand that Manoj Govindaiah from RAICES has been in touch with Peter and that they are trying to schedule a meet and confer for Monday morning, and that you have been included in tho e communication

I hope the questions you raised can be addressed during that meet and confer.

Talk  oon and hope you are well!

Bridget

Sent from my iPhone

> On Jul 16, 2020, at 8:56 PM, Andrea Sheridan Ordin <aordin@strumwooch.com> wrote:
>
>
> Thank you for including me on this correspondence.  I understand that a motion to intervene on behalf of the class of accompanied minors is also pending.
>
>
> As I hope all know, I greatly value the assistance of the lawyers of RAICES, Proyecto Dilley and Aldea in monitoring compliance with the Order  of Judge Gee  I am particularly grateful for their recent coordination of  interviews  of clients presently residing in both Karnes and Dilley.
>
>
> I am also available to discuss the legal issues surrounding the proposed *Flores* ICE protocols.    As you know, I believe the 2016 Ninth Circuit opinion in *Flores v. Lynch* is dispositive on the issue on the ability of this trial court to grant release rights the parents pursuant to the *Flores* agreement, nevertheless,  it may be that  further di cu  ion among u  can re ult in amicable, if diver e, approache  on behalf of the minor
>
>
> Be  t!

Exhibit F, Page 62

Exhibit F, Page 63

**Peter Schey** <pschey@centerforhumanrights.org> Sat, Jul 18, 2020 at 9:38 PM

To: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, ggotenfeld@nflawfirm.com, gnelson@nflawfirm.com
Cc: Andrea Sheridan Ordin <aordin@strumwooch.com>, Andrea Meza <andrea.meza@raicestexas.org>, Shalyn Fluharty
  hay@caraprobono org , Carlo  Holguín  crholguin@centerforhumanright  org , Manoj Govindaiah
<manoj.govindaiah@raicestexas.org>

Dear Bridget, Manoj, Andrea, Shay, Gabriel and Gretchen,

I believe the Government will file a proposed protocol tomorrow and by Monday afternoon we'll file something
indicating where we disagree with the Government's proposed protocol.
Since you have amici status, you should receive the Government's filing as soon as its filed.
If you would like to have a conference call as soon as you and we have reviewed the Government's filing, we should do
so. Maybe even tomorrow evening.
We are also happy to talk before the Government files.
We can invite Andrea Ordin to join if she's free, or not, as you wish.
It would be helpful to get your reaction to the Government filing before we finalize our filing.

We have provided edits to the protocol and had several discussions with the Government, joined by Andrea Ordin, about
the scope of the protocol.
Because of our input, the current draft is far less objectionable than the Government's initial drafts.
We believe engaging in the process as ordered by the Court was beneficial, rather than ignoring the Court Order to meet
and confer and just letting iCE submit a plan and then react to it.

In a nutshell, parents will be provided a notice of their children's rights but ICE will not verbally explain class members'
rights to their parents.
Parents will be encouraged to consult with counsel, friends, family, etc.
The notice tells parents that they may, if they wish, identify potential sponsors.
Parents' legal counsel would sign off on any such designation.
That simply means ICE may start a process to contact the sponsors.
The vetting of sponsors is far less onerous and time-consuming than the procedures ORR has adopted.
A revised parole worksheet requires that all steps involving the release of a minor be recorded.
The protocol encourages iCE to first assess release of the family together before it turns to possible release of a child.
It makes clear that a parent is never required to make a decision. It also makes clear that if a parent makes a decision,
that decision can be changed at any time.
The protocol basically contemplates that parents will discuss their children's Flores rights with their counsel and family,
and may then decide to do nothing,
or to indicate on a form that they wish to keep their child with them,
or indicate that they wish to identify potential family members to whom they may want their child released if the child is
not a flight risk or a danger.

We continue to believe that the vast majority of parents, after discussions with their attorneys and families, will want their
children to remain with them and push for release of the family unit together.
In some cases, if the class member is older and the parent knows they are facing deportation fairly soon, they may prefer
to have their child released.

If the Court in the OMG case refuses to order the release of parents, we are happy to work with you to recruit as many
pro bono attorneys as necessary who have registered at the Reunify.org website to file
individual COVID-19 actions for parents.Such cases have already resulted in the release of hundreds of adult federal
prisoners and detainees around the country.

We are also about to submit a FOIA requesting among other records all parole worksheets of parents and children which
may disclose inconsistent and arbitrary
decision-making which in turn may be used to seek legislative and possibly judicial intervention to bring about the release
of parents.

Finally, we are exploring a formal request for agency rule-making and federal legislation aimed at the release of families
together.

Everyone except the Trump Administration believes families should be released together. With enough legal and
legislative pressure,
and community support, that should be an achievable result.

Best,

Peter A. Schey
President

Center for Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.304 (v)
(323) 251-3223 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.

[Quoted text hidden]

---

**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>                Sun, Jul 19, 2020 at 9:09 PM
To: Peter Schey <pschey@centerforhumanrights.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Andrea Sheridan Ordin <aordin@strumwooch.com>, Andrea Meza <andrea.meza@raicestexas.org>, Shalyn Fluharty <shay@caraprobono.org>, Carlos Holguín <crholguin@centerforhumanrights.org>

Peter--apologies for not getting back to you sooner. We'd like to set up a time tomorrow morning to meet and confer on the intervention by the accompanied child class members. I'd like to propose 9 am PT. Will that work for you? If so, I can share a conference call number.

Thanks,
Manoj
[Quoted text hidden]
--



**Manoj Govindaiah**
*Director of Litigation*
Refugee and Immigrant Center
for Education and Legal Services (RAICES)
Tel & Fax: 210-787-3745
manoj.govindaiah@raicestexas.org
[Quoted text hidden]

---

**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>                Mon, Jul 20, 2020 at 9:49 AM
To: Peter Schey <pschey@centerforhumanrights.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Andrea Sheridan Ordin <aordin@strumwooch.com>, Andrea Meza <andrea.meza@raicestexas.org>, Shalyn Fluharty <shay@caraprobono.org>, Carlos Holguín <crholguin@centerforhumanrights.org>

Peter--we hope to speak with you at 9 am PT today. Here is call in information for the call:  727-325-2267 PIN: 917 221 330#.

Thanks.

Exhibit F, Page 66

Manoj

[Quoted text hidden]

---

**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>                    Mon, Jul 20, 2020 at 11:14 AM
To: Peter Schey <pschey@centerforhumanrights.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Andrea Sheridan Ordin <aordin@strumwooch.com>, Andrea
Meza <andrea.meza@raicestexas.org>, Shalyn Fluharty <shay@caraprobono.org>, Carlos Holguín
<crholguin@centerforhumanrights.org>

Peter,

We dialed in just now to the conference call line that I sent you this morning but did not hear from you. I'm writing to
advise that we will be filing an ex parte application to intervene later today. Please let us know whether you will be filing
an opposition and if you believe there's any opportunity to resolve this threshold issue of intervention without the
necessity of an ex parte application. Happy to discuss later today if your schedule permits.

Thanks,

Manoj

[Quoted text hidden]

---

**Andrea Sheridan Ordin** <aordin@strumwooch.com>                    Mon, Jul 20, 2020 at 12:42 PM
To: Manoj Govindaiah <manoj.govindaiah@raicestexas.org>, Peter Schey <pschey@centerforhumanrights.org>
Cc: Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Andrea Meza <andrea.meza@raicestexas.org>, Shalyn
Fluharty <shay@caraprobono.org>, Carlos Holguín <crholguin@centerforhumanrights.org>

Although the differing views held by amici and lead counsel for Flores on the best interest of class members may make it
impossible for the counsel to productively meet and confer, I do think no side of the argument is well served by an
exparte motion without additional attempts to resolve conflicts.

Best!

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

Error! Filename not specified.

## Andrea Meza

Director of Family Detention Services

Refugee and Immigrant Center

for Education and Legal Services (RAICES)

Exhibit F, Page 67

2511 North Loop 1604 West, Suite 201

San Antonio, Texas 78258

Office Phone: (210) 226-7722 Ext. 200

Fax: (210) 610-6143

andrea.meza@raicestexas.org

www.raicestexas.org

Error! Filename not specified. Error! Filename not specified. Error! Filename not specified. Error! Filename not specified.

PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION, ATTORNEY WORK PRODUCT AND ATTORNEY MENTAL IMPRESSIONS.

The information contained in this e-mail (along with any attachments) is intended only for the use of the individual to whom it is addressed and may contain privileged and/or confidential information that is exempt from disclosure by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If the reader of this message is not the intended recipient, you are hereby notified that you should not read any further, and any dissemination, distribution, or copying of this communication is strictly prohibited. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If you have received this e-mail in error, please immediately return this e-mail to the sender and delete it and any copies.

--



## Manoj Govindaiah

*Director of Litigation*

Refugee and Immigrant Center

for Education and Legal Services (RAICES)

Tel & Fax: 210-787-3745

manoj.govindaiah@raicestexas.org

www.raicestexas.org

Exhibit F, Page 69

Exhibit F, Page 74

---

**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>                                        Mon, Jul 20, 2020 at 2:35 PM
To: Andrea Sheridan Ordin <aordin@strumwooch.com>
Cc: Peter Schey <pschey@centerforhumanrights.org>, Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Andrea
Meza <andrea.meza@raicestexas.org>, Shalyn Fluharty <shay@caraprobono.org>, Carlos Holguín
<crholguin@centerforhumanrights.org>

Thanks for your response, Andrea. As I mentioned in my email this morning, we are available to discuss this action with
Peter (or other Class Counsel) at a time that is convenient for him today. We previously reached out to Peter last week on
these issues. We also communicated last week and this morning with Ms. Fabian, who confirmed this morning that further
meet and confer on the issue of intervention would not be productive.

Additionally, to clarify, the intervention is on behalf of accompanied child class members, not on behalf of amici. We
believe these proposed plaintiffs-intervenors have a fundamental right to present their application to intervene to the Court
immediately, and that current circumstances more than warrant that the Court hear that application on an ex parte basis.

[Quoted text hidden]
--

Exhibit F, Page 75



**Manoj Govindaiah**
*Director of Litigation*
Refugee and Immigrant Center
for Education and Legal Services (RAICES)
Tel & Fax: 210-787-3745
manoj.govindaiah@raicestexas.org
www.raicestexas.org
[Quoted text hidden]

---

**Peter Schey** <pschey@centerforhumanrights.org>                     Mon, Jul 20, 2020 at 3:23 PM
To: Manoj Govindaiah <manoj.govindaiah@raicestexas.org>
Cc: Andrea Meza <andrea.meza@raicestexas.org>, Andrea Sheridan Ordin <aordin@strumwooch.com>, Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Carlos Holguín <crholguin@centerforhumanrights.org>, Shalyn Fluharty <shay@caraprobono.org>

Dear Andrea and Manoj,

Andrea, Are you available to join a call to discuss Manoj's email?

Manoj, The local rules contemplate parties discussing a motion or ex parte application so the parties can express their positions. Just saying someone wants to file a motion, or an ex parte application, without explaining what it hopes to achieve, does not permit the parties being conferred with to decide their position. While this can be explained in a phone call, it would be more efficient to share what the court would be asked to do in writing and then discuss it on a call. Plaintiffs position will likely depend on what the court would be asked to do. If it's asked to do something Plaintiffs believe would violate class members rights under the Settlement, Plaintiffs would likely oppose the motion or ex parte application. If it seeks to enhance the rights of class members in ways consistent with the Settlement, then Plaintiffs may not be in opposition. Proposed intervenors would also have to decide what rights they seek under the Settlement. For example, the Settlement grants class counsel access to monthly data, interview rights, monitoring rights, etc. Depending on what exactly the proposed intervenors would be seeking, Plaintiffs, and the Court, would have to assess whether what the intervenors seek is achievable under the terms of the Settlement.

Carlos and I serve as class counsel but will seek input from co-counsel.

Best regards,

Peter Schey

[Quoted text hidden]

---

Exhibit F, Page 77

[Quoted text hidden]

---

**Manoj Govindaiah** <manoj.govindaiah@raicestexas.org>                    Mon, Jul 20, 2020 at 3:50 PM
To: Peter Schey <pschey@centerforhumanrights.org>
Cc: Andrea Meza <andrea.meza@raicestexas.org>, Andrea Sheridan Ordin <aordin@strumwooch.com>, Bridget Cambria
<bridget.cambria@cambriaklinelaw.com>, Carlos Holguín <crholguin@centerforhumanrights.org>, Shalyn Fluharty
<shay@caraprobono.org>

Peter,

As previously stated, we believe class members have a fundamental right to present their application to intervene.
Proposed plaintiff-intervenors do not seek anything that would violate their rights under the settlement and in fact want
enforcement of the settlement in a manner that is consistent with their rights. In the proposed ex parte application,
plaintiff-intervenors seek appointment of co-counsel to represent the interests of accompanied class members currently at
the FRCs.

As we've conveyed since last Thursday, we are available to discuss with you at a time best convenient for you.

Thanks,
Manoj
[Quoted text hidden]

---

Exhibit F, Page 80

Exhibit F, Page 82

Exhibit F, Page 85



-

**Andrea Sheridan Ordin** <aordin@strumwooch.com>                    Mon, Jul 20, 2020 at 4:49 PM
To: Manoj Govindaiah <manoj.govindaiah@raicestexas.org>, Peter Schey <pschey@centerforhumanrights.org>
Cc: Andrea Meza <andrea.meza@raicestexas.org>, Bridget Cambria <bridget.cambria@cambriaklinelaw.com>, Carlos
Holguín <crholguin@centerforhumanrights.org>, Shalyn Fluharty <shay@caraprobono.org>


I am available, but not until after 5:00 tonight . I am also available anytime tomorrow Tuesday, except for between 10-11.

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

Exhibit F, Page 89

Exhibit F, Page 91

**Peter Schey** <pschey@centerforhumanrights.org>                     Mon, Jul 20, 2020 at 6:05 PM
To: Andrea Sheridan Ordin <aordin@strumwooch.com>
Cc: Manoj Govindaiah <manoj.govindaiah@raicestexas.org>, Andrea Meza <andrea.meza@raicestexas.org>, Bridget
Cambria <bridget.cambria@cambriaklinelaw.com>, Carlos Holguín <crholguin@centerforhumanrights.org>, Shalyn Fluharty
<shay@caraprobono.org>, gbarenfeld@nflawfirm.com, gnelson@nflawfirm.com

Dear Manoj and all,

I am available any of the times Andrea indicated that she is available tomorrow for a telephonic meet and confer.
I am still unclear what position the proposed intervenors wish to advocate for.

The amicus brief filed by the same programs that wish to intervene argues that ICE determining that class members are a
flight risk because they have pending stays or pending credible fear proceedings is improper. Plaintiffs have made the
same points and the Court has largely agreed.

The amici also argued that A COVID-19 outbreak is inching ever closer in all three FRCs. Plaintiffs have made the same argument (based on numerous expert declarations) and the Court has issued several Orders because of the COVID-19 situation. The amici provided very helpful detailed declarations that Plaintiffs were happy to file had they been authorized to do so by the declarants.

The primary issue involving the protocol the Court has ordered be developed is addressed only briefly on page 7 of the amici brief. The brief states, in part:  "The JC report erroneously states that families failed to provide ICE with information for individuals who are able and willing to receive them." The issue is not whether there are sponsors willing to accept the "families," i.e. parents with their children, but whether the parents have designated sponsors to whom they want their children released even if the parent is not released.

The amicus brief next states: "Class Members and their parents have repeatedly provided ICE with the name, phone number, address, and relationship of the adult who is ready and willing to receive the family."  We believe that is true but because the Settlement does not require the release of the parents, the issue is  not whether parents have provided ICE with the names of sponsors willing to accept the "family," but whether any of your clients have designated sponsors to whom they want their children released even if ICE refuses to release the parent.

The amici next state "Proyecto Dilley has also provided sponsor information directly to ICE on behalf of Class Members on March 31, 2020, April 2, 2020, April 18, 2020, April 30, 2020, May 7, 2020, and May 13, 2020." If this means that Proyecto Dilley provided sponsor information directly to ICE on behalf of Class Members on March 31, 2020, April 2, 2020, April 18, 2020, April 30, 2020, May 7, 2020, and May 13, 2020, for parents who want their children released to those sponsors even if ICE does not agree to release the parents to those sponsors, and ICE ignored these requests, that would clearly be a major violation of the Settlement Plaintiffs would ask the Court to immediately remedy.

I look forward to the opportunity to have a meaningful discussion with you and Andrea Ordin tomorrow so we can better understand and try to address all of your concerns as well as assess what Plaintiffs' position may be on your proposed intervention.

Best regards,

Peter A. Schey
President
Center for Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.304 (v)
(323) 251-3223 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org

--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.

[Quoted text hidden]