ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
 Tel: (202) 532-4824
 Fax: (202) 305-7000
 Email: Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.,* <br> Defendants. | Case No. CV 85-4544-DMG <br><br> **RESPONSE IN OPPOSITION TO PROPOSED INTERVENORS'** ***EX PARTE*** **APPLICATION TO INTERVENE** |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT......................................................................................................3

A. The proposed intervention is not timely.......................................................6

B. To the extent that Proposed Intervenors complain that representation by class counsel is inadequate, intervention is not the proper remedy.................................................................................9

III. CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

## Cases

*Alaniz v. Tillie Lewis Foods*,
572 F.2d 657 (9th Cir. 1978) ................................................................................ 7

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ............................................................................................ 12

*Bank of N. Virginia*,
418 F.3d 277 (3d Cir. 2005) ............................................................................ 5, 6

*Broussard v. Meineke Disc.Muffler Shops, Inc.*,
155 F.3d 331 (4th Cir. 1998) ....................................................................... 12, 13

*Bunikyte, ex rel. Bunikiene v. Chertoff*,
No. A-07-CA-164-SS 2007 WL 1074070 (W.D. Tex.Apr. 9, 2007) ........ 2, 13

*Devlin v. Scardelletti*,
536 U.S. 1 (2002) ............................................................................................ 3, 7

*Flores v. Lynch*,
828 F.3d 898 (9th Cir. 2016) ............................................................ 1, 2, 7, 13

*General Tel. Co. v. EEOC*,
446 U.S. 318 (1980) ........................................................................................... 12

*Glass v. UBS Fin. Servs., Inc.*,
No. C-06-4068 MMC, 2007 WL 474936 (N.D. Cal. Jan. 17, 2007) ................ 4

*Hansberry v. Lee*,
311 U.S. 32 (1940) ............................................................................................... 4

*Hawaii-Pac. Venture Capital Corp. v. Rothbard*,
564 F.2d 1343 (9th Cir. 1977) ............................................................................ 4

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
55 F.3d 768 (3d Cir. 1995) ......................................................................... 11, 12

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ..................................................................... 5, 6, 8

*Nw. Forest Res. Council v. Glickman*,
82 F.3d 825 (9th Cir. 1996) ................................................................................. 5

*County of Orange v. Air Cal.*,
799 F.2d 535 (9th Cir. 1986) .......................................................................... 5, 6

*Rodriguez v. West Publishing Corp.*,
563 F.3d 948 (9th Cir. 2009) .................................................................... 10

*Smith v. Los Angeles Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) ...................................................................... 8

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) .................................................................... 6

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) ...................................................................... 9

*United States v. Oregon*,
913 F.2d 576 (9th Cir. 1990) ................................................................. 5, 7

*United States v. State of Washington*,
86 F.3d 1499 (9th Cir. 1996) ................................................................. 6, 9

### Rules

Fed. R. Civ. P. 23(a) .......................................................................................... 6
Fed. R. Civ. P. 23(a)(4) ........................................................................ 6, 10. 12
Fed. R. Civ. P. 23(b)(2) ................................................................................. 11

## I. **INTRODUCTION**

Proposed Intervenors seek to join this pending litigation, but they are already represented by class counsel in this matter. Complicating this longstanding litigation by involving multiple sets of counsel for the same parties is not the proper action in response to the concerns that Proposed Intervenors raise in their *Ex Parte* Application; instead, Proposed Intervenors' concerns should lead to decertification of the class.

This Court ordered the government to proceed with one of two options on or before July 17, 2020: (1) release minors to available suitable sponsors or other available COVID-free non-congregate settings ***with the consent of their adult guardians/parents***; or (2) release the minors with their guardians/parents if U.S. Immigration and Customs Enforcement ("ICE") exercises its discretion to release the adults or another Court orders it to do so. Order, ECF No. 833, at 4 ¶ 1 (emphasis added). The Ninth Circuit has explicitly recognized that the *Flores* Settlement Agreement (Agreement) cannot be read to require the release of an accompanying parent, *see Flores v. Lynch*, 828 F.3d 898, 909 (9th Cir. 2016). Likewise, ICE cannot be compelled to exercise its discretion to release an alien who is otherwise lawfully subject to detention. Finally, no other court has ordered ICE to release the accompanying parents. Thus, by its plain terms, compliance with this order requires that the government develop a process by which it can obtain the consent of a parent/legal guardian for the release of his or her child from custody, or otherwise allow the parent to waive the child's *Flores* release rights.

The government opposes the family separation process now requested by the Plaintiffs and ordered by this Court. The government also objects to the contention that intervention by represented class members is appropriate as an alternative to taking those steps. While the government strongly opposed—and still opposes—the relief that has been sought by counsel and ordered by the Court, in accordance with the Court's order, the government has met and conferred with class counsel in order to devise a manageable process by which the government can obtain the consent of a parent for release to comply with the Order. *See id; see also id.* at ¶ 6. This process must be finalized before the obligations imposed by the Court's order can be implemented. Notably, several of the counsel for the Proposed Intervenors participated in the litigation that led to this order by submitting multiple declarations in support of motions seeking this very relief, and later by submitting evidence as amicus curiae for the Court's consideration.

As the negotiations on this process nears completion, the Proposed Intervenors now seek to intervene. Proposed Intervenors seemingly have put forward this late-stage maneuver in order to delay, or perhaps even to halt, these negotiations, arguing that "any waiver protocol would likely violate due process rights of Proposed Plaintiffs-Intervenors and other accompanied Class Members." Application, ECF No. 854, at 7. In effect, Proposed Intervenors seek to challenge part (1) of the Court's order, and the parties' compliance therewith. And they are raising due process challenges to this court-ordered process that class counsel has not raised, in a circumstance where it is class counsel, and not counsel for the Proposed Intervenors, who has been charged by this Court to represent the class.

2

Proposed Intervenors seek to disrupt this litigation based solely on their objection to the fact that class counsel, and not counsel for the Proposed Intervenors, are tasked with representing the interests of the certified class. The Court should not countenance this tactic.

The terms of the Agreement have been in place since 1997. Since at least 2016, Proposed Intervenors have been aware that parents of accompanied minors have no right to release under the Agreement. *See Flores*, 828 F.3d at 909; *see also Bunikyte, ex rel. Bunikiene v. Chertoff*, No. A-07-CA-164-SS, 2007 WL 1074070, at *9-11 (W.D. Tex. Apr. 9, 2007). And Proposed Intervenors should have been aware that class counsel for the Plaintiffs has long maintained—and this Court has agreed—that parents of accompanied class members may have to choose between the release of their child under the Agreement or waiver of their child's *Flores* release rights and staying detained together. *See* Order, ECF No. 455, at 6. Given the long history of this case, Proposed Intervenors cannot establish that their intervention at this late date, at a time that would impose chaos onto an already difficult case, is timely.

Further, Proposed Intervenors' arguments support—at least with regard to accompanied class members—the government's arguments to this Court and the Ninth Circuit that the Agreement should be terminated and the class should be decertified. If Proposed Intervenors do not agree with the positions long taken by class counsel for the Plaintiffs in this case with regard to accompanied minors—a sub-group of class members that even the Ninth Circuit has recognized the Agreement did not originally carefully countenance at the time of its inception *see*

3

*Flores*, 828 F.3d at 906—then the proper remedy is not to permit intervention twenty-three years later to change the course of the enforcement of the Agreement. Rather, the arguments raised by Proposed Intervenors provide good reason for this Court to reconsider its refusal to decertify the *Flores* class and terminate the Agreement.

## II. ARGUMENT

This case has been resolved and closed for 23 years. Current litigation addresses enforcement of a final class action settlement agreement that has been entered by this Court as a consent decree. Thus, the issue of intervention is not a simple or straightforward application of Rule 24. Rather, a collateral attack on these proceedings or on this Court's judgment by a class member, likely requires that a proposed intervenor establish a violation of the due process clause. The result would necessarily be a decertification of the class. *See Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002) (noting that unnamed class members are bound by a settlement after it is approved); *Hansberry v. Le*e, 311 U.S. 32, 42 (1940) ("[T]here has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it"). Establishing a violation of the Due Process Clause would be particularly difficult given that Rule 23 was drafted to protect those interests, and entails a process that is designed to ensure that representation is adequate and resolution is fair to non-participating class members. At the same time, decertification of the class necessarily would terminate the class-wide settlement agreement. The government supports termination and decertification,

4

because the current litigation has resulted in new rules that address these issues, and that the settling parties never carefully considered. The government further opposes the family separation process now requested by the Plaintiffs and ordered by this Court. The government objects to the contention that intervention by represented class members is appropriate as an alternative to taking those steps.

Even if traditional intervention standards applied, Proposed Intervenors have not met those standards. *Cf. Hawaii-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (in opt out class action, applying Rule 24 to intervention effort by class member who lacked notice of resolution); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 474936, at *2 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009). To intervene as a matter of a right under Rule 24(a)(2), an intervenor must meet four requirements: "timeliness; an interest relating to the subject of the action; practical impairment of the party's ability to protect that interest; and inadequate representation by the parties to the suit" *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990). When class members seek to intervene in an opt-out class action case (which this is not), the focus of a court's analysis is on timeliness and the adequacy of the representation. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (allowing intervention while opt out period remains open).

The Ninth Circuit weighs three factors to determine timeliness: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air*

5

*Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). In looking at the adequacy of representation, the Ninth Circuit further considers:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). When a potential intervenor and a party have the same ultimate objective, there is a presumption of adequate representation. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997). Disagreements about litigation strategy and tactics do not show inadequate representation. *Id.* at 1306. Critically, however, the class could not have been certified without a conclusion that representation is adequate, Fed. R. Civ. P. 23(a)(4). And, allowing intervention by a subset of the class members necessarily would require decertification of the class, since representation would no longer be adequate, *id.*, and the class representative would no longer be appearing "on behalf of all members." Fed. R. Civ. P. 23(a).

The Proposed Intervenors are unnamed class members seeking to intervene in a case after several years of litigation focused on accompanied minors, and more than twenty years after a settlement agreement terminating the case was entered into by the parties. In those circumstances Rule 24(a)(2) cannot be met because intervention is not timely. *See In re Cmty. N. Va.*, 418 F.3d at 314. Further, while the government agrees with Proposed Intervenors that class representation is not

6

adequate, *see* Motion, ECF No. 639, at 68-72, if this Court concurs in Proposed Intervenors' claims regarding adequacy, it must decertify the class.

### A. The proposed intervention is not timely.

The Ninth Circuit weighs three factors to determine timeliness: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange*, 799 F.2d at 537. "[A]ny substantial lapse of time weighs heavily against intervention." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). The important date for assessing these factors is the time "when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

In looking at the first factor, it cannot be ignored that Proposed Intervenors are seeking to intervene 23 years after the entry of the consent decree terminating the case. Waiting until after a consent decree is entered is generally too late. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 658-59 (9th Cir. 1978) (finding a motion to intervene to be untimely when it was filed 2.5 years after the litigation started and 17 days after the consent decree became effective). Moreover, intervention generally is not permissible if the intervening party wants to reopen a previously litigated issue. *Oregon*, 913 F.2d at 588. This Court and the Ninth Circuit held over four years ago that separation of a minor from the accompanying parent could result from applying the *Flores* Agreement to accompanied minors. *See Flores*, 828 F.3d at 908-09. At that time–back in 2015–the Government explained that ICE required "additional, family-appropriate immigration detention

7

capacity to hold families apprehended at the border, ***without requiring separation of parents from their children***." Defendants' Opposition to Motion to Enforce, ECF No 121 at 1 (Feb. 27, 2015) (emphasis added). The Government urged against an application of the Agreement that would "mak[e] it impossible for ICE to house families at ICE family residential centers, and to ***instead require ICE to separate accompanied children from their parents or legal guardians***." *Id*. at 17 (emphasis added).

Given this history, Proposed Intervenors and others who are similarly situated should have been well aware that counsel for the Plaintiffs has long maintained—and this Court has agreed—that parents of accompanied class members may have to make the choice between the release of their child under the Agreement or waiving their child's *Flores* release rights and staying detained together. *See* Order, ECF No. 455, at 6. Nonetheless, counsel for the Proposed Intervenors (presumably with the consent of their clients) participated as co-counsel with Plaintiffs' counsel for months in conjunction with the latest enforcement motion, and even submitted declarations in support of filings arguing for the very result that they now seek to challenge as intervenors. Proposed Intervenors cannot reasonably claim that this is a new issue that only requires their intervention now.[1]

---

[1] For the same reasons, permissive intervention also is not warranted here, because timeliness is analyzed even more strictly in a request for permissive intervention than for intervention as of right. *Wilson*, 131 F.3d at 1308.

8

The second factor, prejudice to existing parties, also weighs heavily against allowing intervention. *See County of Orange*, 799 F.2d at 538. Proposed Intervenors seek to re-litigate questions related to the interpretation of the *Flores* Agreement by interfering with and objecting to the portions of the existing litigation with which they disagree. While purporting to seek to expedite the current litigation, Proposed Intervenors are at the same time seeking to halt the finalization of processes, currently under negotiation between the parties, that Defendants must have in place before the Court's June 26, 2020 Order can be implemented. Such a result would plainly prejudice Defendants and thus intervention should not be permitted.

Finally, with regard to the third factor, a party cannot justify a delayed intervention by waiting until its interests are actually harmed. *See id.* A party must intervene as soon as it knows its interests may be affected. *United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004). Proposed Intervenors provide no basis for concluding that they were unaware that Plaintiffs' counsel and the Court have long read the Agreement to provide that parents may either agree to separately allow the release of their children, or waive their child's *Flores* rights and remain detained together. The Proposed Intervenors have known for at least a year that they are unhappy with class counsel's efforts to enforce the Agreement in this manner. *See* Meza Decl., ECF No. 855, ¶ 4. If the Proposed Intervenors believe that COVID-19 and the possibility of waivers of *Flores* Agreement rights are changed circumstances, then the Proposed Intervenors should have moved to intervene in March when they knew about these issues and had concerns about

class counsel. *See* Meza Decl. ¶¶ 17–18. Having long been aware that their interests might be impacted, Proposed Intervenors have no plausible explanation for having delayed their intervention until now, and thus their motion is untimely. *See Washington*, 86 F.3d at 1504, 1506.

### B. To the extent that Proposed Intervenors complain that representation by class counsel is inadequate, intervention is not the proper remedy.

Proposed Intervenors further contend that intervention is proper because, they allege, class counsel is providing inadequate representation to class members who are accompanied minors detained with their parents. The government agrees that class counsel representation is not adequate, Motion, ECF No. 639, at 68-72., but the proper action for this Court to take as a result is to terminate the Agreement and decertify the class. A class action cannot be maintained when the class representative and counsel appearing on behalf of that representative is an inadequate representative of the unnamed members of the class. *See* Fed. R. Civ. P. 23(a)(4) (the "representative parties will fairly and adequately protect the interests of the class"). Proposed Intervenors' proposal that they should appear in this case represented by two different counsel is untenable, and inconsistent with continued treatment of this matter as a class action.

If Proposed Intervenors have concerns with adequacy of class counsel's representation of accompanied class members, then the appropriate course is not to add additional counsel with conflicting positions and strategies and derail the existing litigation, but to examine whether the certified class continues to satisfy the Rule 23(a) requirements, and whether decertification of at least that portion of

10

the class might be appropriate at this time. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time.").

The government addressed the problems with the *Flores* class in its August 30, 2019 motion, where the government argued that the Agreement should terminated and that the class should be decertified. Motion, ECF No. 639, at 68-72. The government explained that the Agreement created—and continues to create—significant tension with parental rights, particularly with respect to children accompanied by their parents or legal guardians. *Id.* at 62. The government also raised the concern that the absence of parents and legal guardians from this litigation leads to further litigation, and argued that this is an additional reason why the Agreement should be terminated. *Id.* The issues raised by the Proposed Intervenors now highlight the exact concerns raised by the government, and are evidence of the significant changes in circumstances since the Agreement was signed and the class was certified that then demonstrate the fundamental flaws in the certified class. The issues raised in the application to intervene supports the government's position that the *Flores* class has become too large and unwieldy for class action treatment.

In effect, Proposed Intervenors' inadequate representation claims amount to challenges to the class certification process underlying the *Flores* Agreement because class actions are premised on the notion that "litigation by representative parties adjudicates the rights of the class members . . . ." *Broussard v. Meineke Disc. Muffler Shops, Inc.,* 155 F.3d 331, 338 (4th Cir. 1998) (internal quotations

11

omitted). "The problem of actual and potential conflicts is a matter of particular concern in . . . a [Rule 23(b)(2) class] which does not allow class members to opt out of the class action." *Id*. at 338 (citing *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir.1993)).

Where there is a conflict of interest between different groups of class members and the named representatives as to the relief that should be sought under the circumstances, class certification is improper. *See id.* The Supreme Court has long interpreted the adequate representation requirement of Rule 23(a)(4) to preclude class certification under such circumstances. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997); *General Tel. Co. v. EEOC*, 446 U.S. 318, 331 (1980). The Proposed Intervenors' Application gives the Court good reason to conclude that the *Flores* class no longer satisfies the Rule 23(a)(4) requirement that "the representative parties will fairly and adequately protect the interests of the class," where class members are challenging the ability of class counsel to fairly and adequately represent their interests.

The Proposed Intervenors—comprised of "accompanied children detained with their parents at the [Family Residential Centers]"—seek to intervene in the enforcement of the Agreement to ensure that their legal positions and arguments are known and articulated to the Court. Application, ECF No. 854 at 23. Proposed Intervenors argue that members of the class have a conflict with the named class members and class counsel as to the remedies provided by the Settlement Agreement. In such a case, the solution is not to add additional counsel as the Proposed Intervenors suggest, but rather the proper remedy is to decertify the class

12

and terminate the Agreement. *Broussard* 155 F.3d at 338, 344 (class decertified upon finding that conflicts existed among absent class members).

Moreover, while there are three proposed intervenors, they contend that the interests of these three individuals "are shared by other accompanied Class Members" and counsel for Proposed Intervenors represent hundreds of accompanied class members in ongoing litigation. Application at 1. Explicit in the stated justification for intervention is the assertion that these current class members "are not adequately represented" by class counsel (*id.*) and that the class representatives do not adequately represent the legal positions of this group of accompanied children detained with their parents who have nonetheless been determined to be class members in recent years. Indeed, the Proposed Intervenors assert that class counsel is working to develop protocol that allows parents to waive their child's rights under the *Flores* Agreement "over the objections of accompanied Class Members and in disregard of their interests." Application, ECF No. 854 at 23. And even the Ninth Circuit has acknowledged that "the parties gave inadequate attention to some potential problems of accompanied minors." *Flores*, 828 F.3d at 906 (citing *Bunikyte*, 2007 WL 1074070, at \*3). If the Proposed Intervenor accompanied class members and the Ninth Circuit all agree with the government that the Agreement is inadequate to deal with the problems of accompanied class members, and Proposed Intervenors now further complain that class counsel is not adequately representing the interests of these class members, then the proper step for the Court to take is to decertify the class and allow these class members to pursue their claims elsewhere.

### III. **CONCLUSION**

The Court should deny the Proposed Intervenor's *Ex Parte* Application to intervene. Instead, the Court should order class counsel to show cause why the *Flores* class should not be decertified.

DATED: July 22, 2020         Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

14

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, I served the foregoing pleading and attachments on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants