ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
 Tel:  (202) 532-4824
 Fax:  (202) 305-7000
 Email:  Sarah.B.Fabian@usdoj.gov

    *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.,*<br><br>        Defendants. | Case No. CV 85-4544-DMG<br><br><br>**DEFENDANTS' OBJECTION TO THE INTERIM REPORT OF THE INDEPENDENT MONITOR** |

On October 5, 2018, this Court appointed Andrea Ordin as the Independent Monitor in this action and detailed the scope of her monitoring duties and authorities. Order, ECF No. 494 ("Monitoring Order"). Specifically, the Monitoring Order tasked the Monitor with monitoring compliance with certain orders of the Court, and performing other duties related to the monitoring of compliance with those orders. *Id.* at 3-4. The Monitoring Order made clear that "if the Monitor discovers potential breaches of the *Flores* Agreement that are beyond the scope of [ the Court's] Orders, she shall bring them to the Court's and the Parties' attention" for further action, but that investigation of any such issues, as well as any further action thereon, must proceed only after authority for such action was granted, in writing, by the Court. *Id.* at 4-5.[1] The Monitoring Order also

_____

[1] Specifically, the Monitoring Order provides:

> During the course of her monitoring duties, if the Monitor discovers potential breaches of the Flores Agreement that are beyond the scope of the June 27, 2017, July 27, 2018, or July 30, 2018 Orders, she shall bring them to the Court's and the Parties' attention. The Court, in its discretion, may authorize the Monitor to investigate the potential breaches, request briefing from the Parties thereon, hold hearings or mediation relating thereto, and issue a Report and Recommendation thereon to the Court if the matter cannot be resolved through mediation. The Monitor shall have the authority to gather information and documentation in furtherance of the monitoring function, as identified herein. The Monitor shall have the duties, powers, and responsibilities detailed in this Order; provided that if to accomplish her duties, the Monitor must undertake necessary measures not specifically referred to herein or seek modifications to this Order due to unforeseen circumstances, the Monitor is authorized to do so, as long as she has informed the Court and the Parties of the nature of, and need for, such measures or modifications, and received the

1

provides for the filing of regular reports by the Monitor, and for the possibility of filing an Interim Report and Recommendation, if needed. *Id.* at 19-20. However, the Monitoring Order makes clear that "[p]rior to filing the Interim Report and Recommendation, the Monitor shall afford the Parties a reasonable opportunity to be heard and to expeditiously cure any violation." *Id.* at 20.

On July 22, 2020, the Monitor filed an Interim Report on the Use of Temporary Housing for Minors and Families Under Title 42. Notice, ECF No. 873. This Interim Report, and the manner by which it was filed, disregards the Court's clear directives. This Interim Report addresses issues that are not the subject of any pending motions or filings before this Court, let alone any orders from the Court that would place these topics within the scope of the Monitor's assigned duties or authorities. The Monitor contends that the Interim Report was within the scope of the monitoring ordered by the Court in its most recent June 26, 2020 Order, ECF No. 873 at 2-3, but that is incorrect. The June 26, 2020 Order concerned only the conditions at U.S. Immigration and Customs Enforcement family residential centers and did not in any way address processes and procedures related to the implementation of Title 42. Moreover, the government contends that the Interim Report addresses issues related to Title 42 which are not even within the scope of the *Flores* Settlement Agreement itself, making the Interim Report wholly outside the scope of the Monitor's authorities.

───────────────────

Court's written approval. Should the Monitor determine that such measures or modifications are necessary, the Parties shall receive notice and an opportunity to comment or object (or to submit a stipulation and proposed order) before the Court approves such measures.

Monitoring Order at 4-5.

2

To the extent the Monitor contends that the Interim Report is within her authority because the issues addressed therein came to her attention during the course of her authorized monitoring of the Agreement, ECF No. 873 at 2-3, the Interim Report is nonetheless inappropriate because the Monitor did not comply with the plain terms of the Court's Monitoring Order regarding the identification of such issues. ECF No. 494, at 4-5. No written authority was obtained from the Court for her to conduct such monitoring, and the parties were not provided any opportunity to be heard on the issues raised in the Interim Report, nor were Defendants provided the opportunity to cure any violations. *Id.*

Because the Interim Report is outside the scope of the assigned duties and authorities of the Monitor, and because the Monitor failed to adhere to the requirements of the Monitoring Order appointing her, the Court should disregard the Interim Report as well as the recommendations made therein, and should order that it be withdrawn from the record. Should the Monitor or the Court believe it is appropriate to take further action on the issues identified therein, the Court should require that any such further action proceed in a manner consistent with the requirements of the Federal Rules of Civil Procedure and the Monitoring Order. Defendants should be provided an appropriate opportunity to object to any monitoring of this issue, and/or to further comment before any Interim Report on these issues is filed. Moreover, this issue should not be addressed by the Court in the absence of full and fair briefing on the underlying issues that complies with the Federal Rules.

DATED: July 23, 2020                Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney
General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

4

CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2020, I served the foregoing pleading and

attachments on all counsel of record by means of the District Clerk's CM/ECF

electronic filing system.


/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants