ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
 Tel:  (202) 532-4824
 Fax:  (202) 305-7000
 Email:  Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **DEFENDANTS'** ***EX PARTE*** **APPLICATION TO STAY ALL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION** <br><br> Hearing Date: Not set <br><br> Hon. Dolly M. Gee <br> [Proposed] Order Filed Concurrently |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Defendants apply to this Court *ex parte* to request a stay of the Court's June 26, 2020 order. This request is necessary given the substantial issues raised in the last 48 hours regarding the order and given the pending resolution of issues identified in the intervention motion. As set forth in further detail in the memorandum, Defendants submit that good cause exists to grant the relief requested herein. The Court's order mandates the development and implementation of new procedures for the U.S. Department of Homeland Security ("DHS") to facilitate, in accordance with the wishes of class counsel, the release of class members to caregivers other than their parent or legal guardian with whom they are detained, or the option to waive the class member's release rights under the *Flores* Settlement Agreement. The government only engaged in the process of developing such procedures pursuant to the court's order, and now counsel for the Proposed Intervenors have indicated that large numbers of accompanied minors oppose the process that the Court ordered the parties to meet and confer to develop, have had no visibility into its development, and question the adequacy of class counsels' representation of the class.

**Urgency:** This order is sought by means of an *ex parte* application because there is insufficient time to seek a stay of proceedings by noticed motion without further accrual to Defendants of the burdens identified herein.

**Notice:** Pursuant to L.R. 7-19.1, on July 23, 2020, Defendants' counsel notified Plaintiffs' counsel regarding the substance of this application. Declaration of Sarah B. Fabian ¶ 3. Peter Schey, counsel for Plaintiffs, indicated that he did not agree with the government's filing and proposed an alternate approach. *Id.* ¶ 4. Defendants informed Mr. Schey that Defendants do not agree with his proposed alternative, and that given the current deadlines, Defendants needed to file this

application. *Id.* Mr. Schey did not state whether he intends to file an opposition. *Id.* On July 23, 2020, Defendants' counsel gave Plaintiffs' counsel notice that opposing papers must be filed no later than 24 hours (or one court day) following service. *Id.* ¶ 3. Plaintiffs' counsel was also advised that if Plaintiffs do not intend to oppose the *ex parte* application, counsel must inform the Courtroom Deputy Clerk as soon as possible. *Id.* Pursuant to L.R. 7-19, Mr. Schey's address and contact information are as stated in the attached declaration. *Id.* ¶ 5.

DATED: July 23, 2020            Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

A stay is warranted under the circumstances. As this Court knows, the United States strongly disagrees that it should implement a process that can result in the separation of a child from an accompanying parent at family residential centers. Nonetheless, in compliance with this Court's order and in accordance with the positions taken by class counsel, the government has worked diligently to develop a process with class counsel that it could implement consistent with this Court's order. Importantly, the government, disagrees that it should implement this policy, and opposes being ordered to do so, and has repeatedly noted its disagreement in the course of this litigation.

As that meet and confer process nears conclusion, it has become clear that the process the government was working to develop with class counsel is likely to be opposed by certain class members themselves. Significant objections have also been raised by potential intervenors regarding whether the class is adequately represented by class counsel in this matter.

First, a set of class members at each of the three family residential centers moved to intervene in this matter. In their motion, they state that "[t]heir interests, which are shared by other accompanied Class Members, are not adequately represented and irretrievably at odds with the inexplicable objective of class counsel to develop a protocol that waives their right to release under the Agreement." ECF No. 854 at 1. The government should not be ordered to implement a process when it is clear that it is not supported by many of the class members that class counsel purports to represent in this matter.

Second, numerous counsel have sought to withdraw as counsel of record from this case in the past twenty-four hours. While class counsel staffing is not the province of the government, this action strongly suggests that many members of the class counsel team themselves strongly objected to the implementation of a process that could result in the separation of a parent from a child. Moreover, in a

filing submitted today, remaining class co-counsel state that "we have similar concerns as the Proposed Plaintiff-Intervenors regarding the proposed waiver protocol." ECF No. 877.

Third, the U.S. District Court for the District of Columbia recently rejected an effort by the intervenor-movants (and many others family residential center residents) to obtain an order of release from the family residential centers due to COVID-19, and favorably cited the extraordinary efforts by ICE to keep those facilities safe. *See O.M.G. v. Wolf*, 1:20-cv-00786-JEB (D.D.C July 22, 2020) Order. That order reduces the time sensitivity for beginning to implement a process for releasing children from FRCs separately from their parents. Indeed, the events of the last 48 hours show quite clearly why such a process, first identified by this Court over two years ago, has never been implemented by DHS or, until the latest round of emergency litigation stemming from COVID-19, seriously pursued by class counsel.

The government should not be ordered to move forward with a process that could result in allegations of coercion by class members even if implemented consistently with a negotiated and court-approved process, and will assuredly lead to immediate litigation on behalf of multiple individuals–both parents who have had no role in developing the process, and children who apparently believe class counsel is not adequately representing their interests. Moreover, compelling the government to move forward with implementing procedures that could lead to separation will result in actions that will be very difficult to reverse, and it should not be required under circumstances where it is so unclear whether it is supported by the plaintiff class.

## RECENT DEVELOPMENTS

Following the latest status conference on June 26, 2020, the court issued an Order RE Updated Juvenile Coordinator Reports. ECF No. 833. The June 26 Order provided that "ICE shall transfer Class Members who have resided at the FRCs for

more than 20 days to non-congregate settings through one of two means: (1) releasing minors to available suitable sponsors or other available COVID-free non-congregate settings with the consent of their adult guardians/parents; or (2) releasing the minors with their guardians/parents if ICE exercises its discretion to release the adults or another Court finds that the conditions at these facilities warrant the transfer of the adults to non-congregate settings." *Id.* at 3-4. The Court required that these transfers begin "by July 17, 2020," a date this Court extended at the request of the parties until July 27, 2020. *Id.*; *see* ECF No. 850. The order also required ICE to "urgently enforce" its COVID-19 protocols. ECF No. 833, at 4. The Court also ordered follow-up reporting from both the ORR and ICE Juvenile Coordinators. *Id*. ¶ 4.

Since issuance of the June 26 Order, the parties worked diligently to develop protocols regarding releasing minors to a sponsor with the consent of the parent or guardian. That process was close to conclusion this week when a group of accompanied minors housed at the three family residential centers requested intervention. *See* ECF No. 854. That motion is extraordinary. It accuses the class representatives of pursuing a process that "likely violates due process rights of Proposed Plaintiffs-Intervenors and other accompanied class members." *Id*. at 1. It repeatedly contends that the proposed intervenors are "not adequately represented" in this litigation. *Id*.; *see id*. at 18-22. And it argues that in spite of the presence of the class representatives, their intervention is required to "have their own interests in the rights that arise from the four corners of the Agreement represented before the Court." *Id*. at 3. They accuse the class representatives of negotiating a process that involves "coercive and involuntary . . . consent." *Id*. at 10.

Following that motion, multiple representatives who have long served as co-counsel for the class sought this Court's permission to withdraw from the case. ECF Nos. 863, 865, 870-71.

Finally, the U.S. District Court for the District of Columbia rejected efforts by the movant-intervenors to obtain an order that they should be released from the FRCs. That Court explained that ICE has "taken steps . . . to reduce the risk of a COVID-19 outbreak" at the FRCs including "reduc[ing] the detainee populations by roughly two-third," providing temperature checks to all staff, conducting contact-tracing, testing all incoming detainees, maximizing social distancing, requiring mask use by all staff and detainees, quarantining new arrivals, and screening out high risk individuals for possible release. *Id*. at 7-9; *see id*. at 23 ("ICE has adopted many prevention policies since March, most of which it seems to have substantially implemented in practice."). The court explained that:

> For the moment, ICE's efforts at preventing COVID-19 outbreaks at the FRCs — whatever one thinks of them — seem to have yielded a moderate, though undeniably fragile, success.

*Id*. at 13. Importantly, Judge Boasberg relied on the fact that except for one, the only people in custody testing positive for COVID were new arrivals, who were tested while in quarantine. *Id*. Judge Boasberg also analyzed this Court's June 26 Order, explaining that it "was based on conditions as of three weeks ago, some of which appear to have changed for the better." *Id*. at 19. Judge Boasberg concluded that the "current status quo at the FRCs thus offers reasonably good news." *Id*. at 14.

On the law, the court concluded that an order of release was not warranted because Plaintiffs "have not met their burden to clearly demonstrate that nothing short of wholesale release — the only remedy Petitioners seek at this point — can redress their injuries." *Id*. at 15.

## STANDARD OF REVIEW

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

## ARGUMENT

The Court should stay its June 26, 2020 Order pending resolution of the motion to intervene and the issues raised by that motion, and to allow Defendants' time to consider seeking further relief from this Court's order. Defendants request this temporary relief for three reasons.

First, the government should not be subject to an order to move forward with a process for obtaining parental consent to release their children from the FRCs, and a process for effectuating such releases, where it is clear that there is substantial disagreement among class members regarding the viability or wisdom of implementing such a process. Moving forward with such a process could cause confusion and fear at family residential centers and result in allegations of coercion from class members and their parents. The proposed intervenors believe such a process is "inherently coercive" and "violates the due process clause." ECF No. 854, at 7, 13 n.2, 16, 24. Judge Boasberg described the process the class counsel has requested to entail "the heart-rending choice between handing over their children, in some cases to potentially unsuitable guardians, and keeping them in the FRCs to face an unknown virus risk." *O.M.G.* Preliminary Injunction Order at 25. The government does not necessarily accept these characterizations, but they raise important issues and the government should not be ordered to implement this process until the adequacy of class counsel's position in favor of this process is evaluated. Further, under this Court's June 26 Order, if a consent and separation process cannot properly be implemented to the satisfaction of class members, it is appropriate to keep the family together at the family residential center. ECF No.

833 at 5 ("a satisfactory explanation for continued detention" includes "a parent/guardian's declination of a waiver of *Flores* rights").

Second, the intervention motion has raised substantial questions regarding the adequacy of the class representatives. The government has argued to this Court that one reason to terminate the Flores Agreement is the inadequacy of representation by a single class counsel of such a large and amorphous class that presents a multitude of different issues regarding custody and conditions. The government has made the same points on appeal. *See Flores v. Barr*, Case No. 19-56326, Dkt. 10 (9th Cir.). As explained in that briefing, "given the multiple parties with affected interests, the multiple agencies involved, and the multiple circumstances and interests presented by minors in immigration custody with or without parents, the class is far too unwieldy for management in a single litigation." *Id.* at 26-27. In addition, the class "includes accompanied minors, yet no parents were notified or involved in the highly abbreviated class certification process." *Id.* at 27. The "unwieldiness of managing such a large system with a generations-old Agreement is shown by the many varied circumstances addressed by enforcement litigation and spin-off litigation seeking to pursue new and overlapping classes and claims." *Flores v. Barr*, Case No. 19-56326, Dkt. 58 at 14-15 (9th Cir.). Indeed, the *O.M.G.* case involves *Flores* class members arguing that the due process clause entitles them to release–claims that the *Flores* Agreement was supposed to have resolved.

This latest dispute only bolsters the government's position on these points. The process that class counsel has requested and that the court has ordered the parties to negotiate should not be implemented while the substantial questions regarding the adequacy of the class representatives is being scrutinized at the request of class members, and with no involvement of parents. At the time the class was certified, the litigation was focused solely on unaccompanied minors, and the Agreement accordingly contains no provisions specifically addressing the distinct

circumstances and issues concerning minors apprehended with their parents. *Flores*, 828 F.3d at 906–07, 09 (parties gave "inadequate attention" to these issues). Nor were parents involved in the class certification process or in the current proceedings. *Id.* ("parents were not plaintiffs . . . nor are they members of the certified classes"). The intervenor's motion demonstrates that the class as certified is critically flawed—it is grossly unmanageable and does not account for parental interests.[1]

Third, Judge Boasberg declined to order release of the plaintiffs before him and indicated that ICE is generally doing a good job of keeping COVID-19 from spreading at family residential centers. Judge Boasberg noted that since this Court's June 26 conditions at the FRCS "appear to have changed for the better." *O.M.G.* Order at 19. This Court's contrary view at the time animated its decision to impose strict deadlines on developing a consent and separation process, and given those positive developments, those deadlines should be stayed.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for a stay of enforcement of the Court's June 26, 2020 Order pending the resolution of the intervention motion.

---

[1] The government also argued that lead class counsel has a serious conflict of interest, given that he operates a youth migrant facility, inspects facility conditions under the Agreement while defending against substantial violations relating to conditions at his own facility, and concedes that his facility is a direct beneficiary of the Agreement. *See* ECF No. 639, at 60; https://www.latimes.com/projects/la-me-immigrant-children-group-home-casa-libre-peter-schey/ (May 22, 2019) (describing pattern of violations at counsel's migrant shelter). Further deepening that conflict, class counsel is advocating for children to be separated from their parents and placed in private migrant shelters in this proceeding.

DATED: July 23, 2020      Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

# DECLARATION OF SARAH B. FABIAN

I, Sarah B. Fabian, declare pursuant to 28 U.S.C. § 1746 that:

1. I am an attorney with the Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., and, in such capacity, have been assigned by the Department of Justice as counsel to the defense of this action. This Declaration is submitted in support of Defendants' *Ex Parte* Application to Stay Proceedings.

2. The Court entered an Order on June 26, 2020 Order RE Updated Juvenile Coordinator Reports. ECF No. 833.

3. I e-mailed Plaintiffs' counsel regarding a stay in this matter on July 23, 2020, and the parties discussed this application via email on July 23, 2020. Plaintiffs' counsel was advised that any opposing papers must be filed no later than 24 hours (or one court day) following service. Plaintiffs' counsel was also advised that if Plaintiffs do not intend to oppose the *ex parte* application, counsel must inform the Courtroom Deputy Clerk as soon as possible.

4. On July 23, 2020, Peter Schey, counsel for Plaintiffs indicated that he did not agree with the government's filing and proposed an alternate approach. Defendants informed Mr. Schey that Defendants do not agree with his proposed alternative, and that given the current deadlines, Defendants needed to file this application. Mr. Schey did not state whether he intends to file an opposition.

5. Mr. Schey's contact information is:

Peter A. Schey (Cal. Bar No. 58232)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of July, 2020, in the City of Denver, Colorado.

*/s/ Sarah B. Fabian*
SARAH B. FABIAN

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 23, 2020, I served the foregoing pleading and attachments on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants