CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' EX PARTE APPLICATION** <br><br><br> Hearing: None <br> [HON. DOLLY M. GEE] |

/ / /

*Plaintiffs' counsel continued*:

UNIVERSITY OF SAN FRANCISCO
SCHOOL OF LAW
IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu

/ / /

Pursuant to Local Rule 7-19, Defendants have moved *ex parte* for a stay of the Court's June 26, 2020. In the Argument portion of their application, Defendants offer three reasons why this Court should stay its June 26, 2020, Order "pending the resolution of the intervention motion …" Ex Parte Application at 10.

The Court ordered that the parties "shall file another joint status report by July 8, 2020, regarding the adoption and implementation of proper written advisals and other protocols to inform detained guardians/parents about minors' rights under the FSA and obtain information regarding, and procedures for placement with, available and suitable sponsors..." Order Re Updated Juvenile Coordinator Reports at 6 ("Order") [Doc. # 333].[1] As Defendants state both in their opposition to the Ex Parte Application to Intervene and in their Ex Parte application for a stay, "[s]ince issuance of the June 26 Order, the parties worked diligently to develop procotols regarding releasing minors to a sponsor with the consent of the parent or guardian. The process was close to conclusion this week …" Ex. Parte Application at 6.[2] The process has been completed since the parties planned to file their documents "no later than July 20, 2020." Stipulation at 3 [Doc.# 850].

---

[1] To provide further guidance to the parties, the Court clarified that any waiver should be only as narrow as the issue being waived. For example, a parent/guardian may waive a Class Member's *Flores* right to release "without unnecessary delay" to an available suitable custodian in the order of preference listed in Paragraph 14, without waiving any of the Class Member's other *Flores* rights. *Id*. *Citing* FSA at ¶ 14. [Doc. # 101].

[2] *See also* Joint Status Report at 2. [Doc. # 846] (reporting on progress the parties had made regarding language to propose to the Court addressing the ICE protocol); Stipulation to Extend Deadline to Complete Compliance with Paragraph 12 of the Court's June 26, 2020 Order at 3 (July 15, 2020) ("Stipulation") [Doc. # 850]("The parties are diligently engaging in discussions to comply with Paragraph 6 of the Order. The parties currently aim to provide documents for the Court's review and approval and, if necessary, resolution of any issues, no later than July 20, 2020. Accordingly, the parties jointly request that the Court extend the deadline for Defendants to complete compliance with Paragraph 1 of the Order to and including July 27, 2020.")

Defendants offer no rational reason why the Court should now stay the parties' submission of the draft protocol documents the parties agreed would be completed and submitted "no later than July 20, 2020," or Defendants' obligation to release Class Members who are not flight risks or a danger if that is what parents believe is in their children's best interest.

Defendants first argue they should not now be required to file the draft protocol documents because "there is substantial disagreement among class members regarding the viability or wisdom, of implementing such a process." Ex Parte Application at 8.[3] Obviously filing the draft protocol will allow the only parties who have sought to intervene to review and comment on the parties' draft protocol, assuming, as Plaintiffs suggested in their Response to Ex Parte Application re Intervention [Doc. # 876], "the Court briefly defer[s] issuing an Order adopting a protocol for parents to exercise their children's release rights so the *amici*/proposed Intervenors can have full input into the meet and confer process and share their views with the parties, the Special Master, and if necessary the Court." *Id*. at 1-2.

Second, Defendants argue for a stay because the proposed intervenors have allegedly raised "substantial questions regarding the adequacy of the class representatives …" Ex Parte Application at 9. Plaintiffs have fully responded to this

---

[3] Defendants also rely on the fact that two of seven programs representing plaintiffs have withdrawn as a basis for issuing a stay. Their withdrawal in no way impacts on the issues now before the Court. As their applications to withdraw state: "No new counsel is necessary. The party or parties represented by the attorney(s) seeking to withdraw will continue to be represented by another attorney/firm who has already entered an appearance as counsel of record for that party or parties in this case, and who is a member in good standing of the Bar of this Court." *See, e.g.* Request for Approval of Substitution or Withdrawal of Counsel [Doc. ## 863, 865]. Plaintiffs continue to be represented by five law offices or programs employing numerous attorneys who may work on this case as needed. In addition, through the www.reunify.org website, hundreds of *pro bono* attorneys have registered and have assisted and will continue to assist class counsel with detention site monitoring, Class Member interviews, declaration excerpting, individual representation of Class Members, research, and legislative and administrative advocacy.

question in their Response to Ex Parte Application re Intervention at 1 [Doc. # 876]. In short, as the Court knows, Plaintiffs have won numerous decisions enforcing the terms of the Settlement and successfully opposed several efforts by Defendants to terminate the Settlement.[4] Defendants' opposition to the Ex Parte Application to Intervene argues that "to the extent proposed Intervenors complain that representation by class counsel is inadequate, intervention is not the proper remedy." Response in Opposition to Proposed Intervenors' Ex Parte Application to Intervene at 9 [Doc. # 872].

As Defendants say, the parties negotiated in good faith and were ready to file the results of those efforts "no later than July 20, 2020." Nowhere in the two joint filings regarding the development of the draft protocol did Defendants ever state or imply that Plaintiffs' counsel's participation in the process indicated any

---

[4] *See, e.g.,* Order, July 24, 2015, ECF No. 177 (finding Defendants in breach of the Flores Settlement for their blanket no release policy for accompanied minors); Order, Aug. 21, 2015, ECF No. 189 (ordering Defendants to correct several outstanding noncompliance issues related to processing Class Members in their custody for release); Order, Jan. 20, 2017, ECF No. 318 (finding Defendants in breach of the *Flores* Settlement by not providing Class Members in their custody with bond hearings); Order, June 27, 2017, ECF No. 363 (finding Defendants in breach of the Flores Settlement by failing to provide safe and sanitary conditions for Class Members in CBP and ICE custody); Order, July 9, 2018, ECF No. 455 (denying Defendants' motion to modify the Settlement); Order, July 30, 2018, ECF No. 470 (finding Defendants breached the Settlement by improperly medicating and transferring Class Members in ORR custody to secure facilities); Order, Oct. 5, 2018, ECF No. 494 (appointing a Special Monitor to monitor Defendants' compliance with the Settlement); Order, Sep. 27, 2019, ECF No. 688 (blocking Defendants' from implementing regulations that are inconsistent with the Settlement); Order, Mar. 28, 2020, ECF No. 740; Order, Apr. 24, 2020, ECF No. 784; Order, May 22, 2020, ECF No. 799; Order, June 26, 2020, ECF No. 833. *See also Flores v. Lynch*, 828 F.3d 898 (9th Cir. 2016) (finding the Settlement applies to accompanied minors but not their parents); *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017) (affirming the right of Class Members to bond hearings under the Settlement); *Flores v. Barr*, 934 F.3d 910 (9th Cir. 2019) (affirming this Court's order that Defendant's provide specific hygiene supplies and improved sleeping conditions and finding these requirements did not modify the terms of the Settlement)

inadequacy of representation.

Finally, Defendants argue for a stay because Judge Boasberg in the *OMG v. Wolf* case "declined to order release of the plaintiffs before him and indicated that ICE is generally doing a good job of keeping COVID-19 from spreading at family residential centers." Ex Parte Application at 10. Defendants argue that "given these positive developments, [the] deadlines [ordered by this Court on June 26, 2020 and extended by stipulated Order of July 16, 2020 [Doc. # 851]] should be stayed." *Id*.

The fact that Judge Boasberg has found some improvement in ICE's compliance with CDC's policies is entirely irrelevant to the importance of the Court considering issuance of an ICE protocol relating to Class Members' Paragraph 14 release rights. This Court has also taken note of these improvements and they did not stop the Court from ordering that the parties meet and confer to address an ICE protocol.

At bottom, when in May 2020 ICE confronted parents and demanded that they make immediate decisions about the release of children with no time to consult with their families or their attorneys, counsel for the *amici*/proposed Intervenors filed declarations with the Court strongly criticizing the procedures followed by ICE. In response, this Court held that "although the Court finds that ICE did not seek or obtain formal waivers from detained parents of their children's *Flores* rights during ICE officers' conversations with detained parents on or about May 15, 2020, those conversations caused confusion and unnecessary emotional upheaval and did not appear to serve the agency's legitimate purpose of making continuous individualized inquiries regarding efforts to release minors." Order of May 22, 2020 at 2. [Doc. # 799]. When during the following month ICE made no efforts to adopt procedures to make proper and individualized inquiries regarding the release of minors, on June 26, 2020, the Court ordered the parties to meet and confer and then to file a joint status report by July 8, 2020, regarding the "adoption and implementation of proper written advisals and other protocols to inform detained

guardians/parents about minors' rights under the FSA and obtain information regarding, and procedures for placement with, available and suitable sponsors..." Order of June 26, 2020 at 6 [Doc. # 333].

When the parties were ready to file their joint report, the proposed intervenors filed their *ex parte* application to intervene, which all parties have now responded to.

Plaintiffs propose that the most productive way to proceed may be for the Court to *grant in part and deny in part* Defendants' *ex parte* application by:

1. requiring the parties to promptly submit their joint report to the Court with the draft protocol and a description of whatever differences they have regarding the protocol;

2. allowing the *amici*/proposed intervenors seven days to review and comment on the parties' submission which they could do in their *amici* status or as a supplement to their *ex parte* application to intervene, and/or to meet and confer with the parties or the Special Master regarding their concerns, if any;[5]

3. permit the parties a brief period (perhaps five days) to respond to any comments offered by the *amici*/proposed intervenors;

4. issue its ruling on the ICE protocol and, if it adopts a protocol, provide Defendants with one week to begin implementing the protocol;

5. require a joint report one month after implementation of a protocol regarding any difficulties the parties experienced with the protocol's

---

[5] If the Court denies the *ex parte* application to intervene *prior* to the steps proposed above, the proposed intervenors may still offer their comments as proposed in Paragraph 2 above in their capacity as *amici*, or the Court could simply Order the Special Master or the parties to confer with the proposed intervenors and receive their comments and report those comments to the Court, a process that would allow the parties to respond to those comments and the Court to consider them. None of Plaintiffs' proposals above require the Court to grant the *ex parte* application to intervene, yet they accomplish the proposed intervenor's goal of having input into the adoption of a protocol.

implementation and any suggested modifications they may have to the protocol; and

      6. if it deems it necessary, conduct a hearing on the parties' draft protocol prior to issuing an Order regarding the protocol.

Dated: July 24, 2020.       Respectfully Submitted,

                                       CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Peter A. Schey

UNIVERSITY OF SAN FRANCISCO
SCHOOL OF LAW
IMMIGRATION CLINIC
Bill Ong Hing

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum


                                       */s/ Peter Schey*
                                       Peter A. Schey
                                       *Attorneys for Plaintiffs*

/ / /

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2020, I served the foregoing

**PLAINTIFFS' RESPONSE TO DEFENDANTS' EX PARTE APPLICATION**

on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                            <u>/s/ *Peter Schey*</u>
                            PETER SCHEY
                            Center for Human Rights and
                            Constitutional Law
                            Attorney for Plaintiffs