UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 25, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS'** *EX PARTE* **APPLICATION TO STAY [879]**

On July 20, 2020, Plaintiff Class Members B.L.N., D.F.L.G., and W.B. filed an *Ex Parte* Application to Intervene. [Doc. # 854.] Each of the Proposed Plaintiff-Intervenors is a Class Member detained at an Immigrations and Customs Enforcement ("ICE") Family Residential Center ("FRC") with one or both of their parents. They allege that their interests are not adequately represented by current Class Counsel and are at odds with the Court's June 26, 2020 Order for Class Counsel and ICE to "meet and confer regarding the adoption and implementation of proper written advisals and other protocols to inform detained guardians/parents about minors' rights under the [Flores Settlement Agreement ("FSA")] and obtain information regarding, and procedures for placement with, available and suitable sponsors." June 26, 2020 Order [Doc. # 834]. On July 22, 2020, Defendants filed a Response in opposition. [Doc. # 872.] On July 23, 2020, Plaintiffs filed a Response in opposition, and a separate group of Class co-counsel filed a Notice of Non-Opposition to the *Ex Parte* Application. [Doc. ## 876, 877.]

In addition, Defendants filed an *Ex Parte* Application to Stay the Court's June 26, 2020 Order while the *Ex Parte* Application to Intervene is pending due to Defendants' objection to implementing any "waiver protocol" and the possibility raised by the Proposed Plaintiff-Intervenors that some Class Members also oppose the development of any "waiver protocol."[1] [Doc. # 879.] On July 24, 2020, Plaintiffs filed a response, stating that a draft protocol has been prepared and requesting that the Court order the parties to file that draft, give Proposed Plaintiff-Intervenors the opportunity to respond to that draft as *amici curiae*, and subsequently issue a decision on that protocol. [Doc. # 886.]

---

[1] Although the parties and proposed intervenors refer in shorthand to the Court's suggestion that the parties negotiate a set of proper written advisals as a "waiver protocol," the Court considers the advisals to be more aptly referred to as a "know-your-rights protocol" because their primary purpose is to inform Class Members and their guardians/parents of their rights under the FSA in an orderly fashion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 25, 2020 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 3 |
|---|---|---|---|

The plain language of Paragraph 1 of the June 26, 2020 Order premises transfer or release of Class Members who have resided at the FRCs for more than 20 days upon either (1) the consent of their guardians/parents to release them to an available suitable sponsor, (2) the exercise of ICE's discretion to release minors with their guardians/parents, or (3) a Court order requiring the transfer of the adults to non-congregate settings due to conditions at the FRCs. There are currently 100 affected Class Members. [Doc. # 882-1 at 3.] If none of these prerequisites has been met by the July 27, 2020 deadline, Paragraph 1 of the June 26, 2020 Order is unenforceable by its own terms. There is therefore no need for a stay.

Of course, nothing in the Court's prior orders precludes ICE from continuing to promptly release eligible Class Members, as required under the FSA and as this Court has ordered time and again. Furthermore, nothing prevents Class Counsel from sharing the proposed know-your-rights protocol with whomever they choose and soliciting their input in the event an agreement between the parties is still within reach. If the parties solicit the Court's suggestions, it will endeavor to provide constructive guidance. But the Court cannot and will not dictate the results of the parties' negotiations or force an agreement where there is none. Nor should the parties seek the Court's approval of a protocol that they have not yet agreed upon. Until the parties evidence some agreement regarding a know-your-rights protocol, there is none. As of today, the Court is not aware of any agreement that has been reached between the parties. The proper avenue for the parties to inform the Court of their agreement—or lack thereof—and of the progress of their discussions on the know-your-rights protocol is through the filing of a joint status report, as required under Paragraph 6 of the June 6, 2020 Order. In light of the flurry of *ex parte* briefing within the last 48 hours, the Court requests that the parties file a further joint status report consistent with Paragraph 6 by **August 5, 2020**.

Pending the Court's ruling on the *Ex Parte* Application to Intervene and the August 7, 2020 hearing in this matter, the Court urges all involved in this matter to pause, take stock, and stop disseminating the fiction that families will be separated as of the Court's July 27, 2020 deadline. Defendants have been *enjoined* from detaining parents without and apart from their minor children absent parental consent or a determination that the parent is unfit or presents a danger to the child. *Ms. L. v. U.S Immigration & Customs Enf't*, 310 F. Supp. 3d 1133, 1149 (S.D. Cal. 2018). There will be no family separation without parental consent, regardless of whether a know-your-rights protocol exists or not. In addition, as the Court's June 26, 2020 Order indicates, the ICE Juvenile Coordinator can articulate individualized reasons to retain custody over Class Members that the Court will evaluate. [Doc. # 833 at 5.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 25, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 3 |

      Finally, Defendants must continue to abide by the June 26, 2020 Order's directive to urgently enforce existing COVID-19 protocols. June 26, 2020 Order at 4. The Independent Monitor Andrea Ordin and Dr. Paul Wise will also continue to provide enhanced monitoring of the FRCs to ensure safe and sanitary conditions. *Id.* at 6. To this end, the parties shall meet and confer regarding the issues with "hoteling" raised in the Monitor's Interim Report on the Use of Temporary Housing for Minors and Families Under Title 42 [Doc. # 873] and provide a status update on their efforts to resolve those issues at the August 7, 2020 hearing in this matter. Though Defendants object to the scope of monitoring, on April 24, 2020, the Court's Order on Plaintiffs' Motion to Enforce states:

> The Independent Monitor, Andrea Ordin, may in the exercise of her monitoring duties request such further information regarding safe and sanitary conditions and/or Defendants' continuous efforts at release as she deems appropriate pursuant to her authority under Paragraph B(1)(c)(iii) of the October 5, 2018 Order appointing her, and in consideration of the concerns outlined in this Order and the Court's June 27, 2017 Order regarding minors in prolonged detention at any stage of expedited removal proceedings. [Doc. ## 363, 494.]

April 24, 2020 Order at 19 [Doc. # 784]. Monitoring of the possible hoteling issue arises under that Court authorization, as well as the language of the June 26, 2020 Order authorizing the Independent Monitor and Dr. Wise to "make such recommendations for remedial action that they deem appropriate." June 26, 2020 Order at 3; *see also* Order Appointing Special Master/Independent Monitor at ¶ A(2) [Doc. # 494] ("During the course of her monitoring duties, if the Monitor discovers potential breaches of the Flores Agreement that are beyond the scope of the June 27, 2017, July 27, 2018, or July 30, 2018 Orders, she shall bring them to the Court's and the Parties' attention."). Defendants may be heard on additional objections, if any, at the hearing.

      For the foregoing reasons, the Court **DENIES** Defendants' *Ex Parte* Application to Stay. The parties shall submit a further joint status report in accordance with Paragraph 6 of the June 26, 2020 Order by **August 5, 2020**, and the parties shall provide an oral status update on their meet-and-confers regarding the hoteling issues at the August 7, 2020 hearing.

**IT IS SO ORDERED**.