CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
       crholguin@centerforhumanrights.org

*Listing continues on next page*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Jenny Lisette Flores., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>William Barr, Attorney General of the United States, *et al*.,<br><br>  Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>**DECLARATION OF CLASS COUNSEL PETER SCHEY RE JOINT STATUS. REPORT**<br><br>Hearing: August 19, 2020 11 AM<br><br>[HON. DOLLY M. GEE] |

*Listing of Plaintiffs' counsel continued*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

/ / /

DECLARATION OF PETER SCHEY

I, Peter Schey, depose and say:

1. On August 5, 2020, as ordered by the Court, the parties filed a Joint Status Report regarding their conferring about an advisal to be provided parents and older Class Members about Class Members' *Flores* rights, in particular their right to release from detention, and steps ICE would take and record in the event a parent believes it would be in their child's best interest to be released and identifies close relatives to whom the parent wanted the child released. As the parties advised the Court prior to filing the August 5, 2020, Status Report, they had made substantial progress on an advisal of rights protocol and steps ICE would make and record when a parent exercised her child's *Flores* release rights.

2. Even though the parties made substantial progress in the development of an advisal protocol, throughout the process and in the parties' status reports, Defendants made clear they were only engaged in the process because the Court ordered them to do so, and Defendants objected to providing parents with any notice of their children's *Flores* rights or being bound to make and record any particular steps in the event a parent wished to have their child released.

3. During the course of the their court-ordered discussions, the parties largely reached agreement on the text of a release protocol to be provided ICE officers at all family residential center (FRCs). Among other things, the protocol:

• Defined the *Flores* class and the right of Class Members to be released under Paragraph 14 of the FSA.

• Instructed ICE agents to use a **Release Determination Worksheet** attached as an exhibit to record information regarding steps taken to release Class Members.

• Provided that ICE agents should give a *Flores* **Settlement Agreement Notice of Rights** (Notice of Rights), attached as an exhibit, to all accompanying parents and to any class members age 14 or older within 48 hours of the class member being booked into an ICE FRC along with a *Flores* **Settlement Parent/Guardian Release**

**Decision** (Release Decision) attached as exhibit to the protocol. The draft Notice of Rights is described further below.

- Required ICE to determine within 48 hours of taking custody of a Class Member what languages or dialects the Class Member's accompanying parent speaks or reads and required that ICE provide the Notice of Rights and Release Decision in a language that the parent or legal guardian understands, or have such forms read to the parent or legal guardian by a certified translator or interpreter in a language or dialect he or she understands.

- Required ICE officer to provide to parents the current EOIR List of Pro Bono Legal Service Providers.

- Provided that under no circumstances should accompanying parents or legal guardians be asked to make a decision regarding release of a class member at the time they are provided the Notice of Rights, Release Decision, and EOIR List of Pro Bono Legal Service Providers.

- Required that ICE apply the normal custody decision making procedures to the parent or legal guardian and that if ICE decided to release the parent, and detention of the Class Member was determined not to be required to secure his or her timely appearance before ICE or the immigration court, or to ensure the class member's safety or that of others, the parent the Class Member would generally be released together.

- Provided that parents at any time had the option to identify any caregiver(s) to whom the parent wanted ICE to consider releasing his or her child, or could make no decision regarding release of the child, in which case the child will remain detained with the parent .

- Required that whenever a parent or their counsel of record informed ICE that the parent wished to have their child released to a caregiver, ICE would promptly commence and record steps to assess the caregiver's suitability unless ICE determined in its discretion to release the class member's parent or legal

guardian along with the class member, or determined that the Class Member is a flight risk as defined in the FSA or a danger.

- Plaintiffs proposed but Defendants objected to a provision stating that a parent may designate an adult to transport their child to any Caregiver the parent identified and ICE had approved to care for the child. Plaintiffs proposed that ICE may run a background check on any such adults designated by a parent and decline to transfer the child to the adult's custody for transportation to the approved caregiver if the adult has a criminal history or an outstanding arrest warrant such that the child may not be safe being transported by the adult. Alternatively, ICE could transport the child to the approved caregiver's home.
- Required that promptly after being provided information regarding a class member's potential caregivers, ICE would, without unnecessary delay, make and record on the *Flores* **Release Determination Worksheet** efforts aimed at the release of the class members. These steps would include (a) contacting the identified caregivers by both telephone and email, when provided with an email address, (b) providing the potential caregiver with the *Flores* **Caregiver Assessment Questionnaire** by email, if provided with an email address, or by mail, requesting that the form be completed and returned as soon as possible, but not later than 72 hours from receipt if sent by email or 6 days from mailing if sent by mail.
- Pursuant to Paragraph 15 of the FSA, provided that before ICE released a Class Member to a caregiver, the potential caregiver must execute an Affidavit of Support (Form I-134) and an agreement (Sponsor Agreement).
- Required that ICE advise the parent in writing that contact was made with a potential caregiver, whether the potential caregiver indicated a willingness to take custody of the child, and when the *Flores* **Caregiver Assessment Questionnaire** and affidavit of support were forwarded to the potential caregiver.
- Provided that if the parent identified one or more potential caregivers, ICE would assess whether any proposed caregiver arrangements would be appropriate in light of Paragraph 14 of the FSA (*i.e.,* would release to the caregiver endanger the

3

safety of the class member or fail to secure class member's future timely appearance for immigration hearings and appointments).

- Provided that if ICE determined that none of the proposed caregiver arrangements were appropriate under Paragraph 14 of the FSA, then the parent would be informed that they could submit the names and contact information of other possible caregivers.
- Stated that if ICE determined a proposed caregiver arrangement to be appropriate under Paragraph 14 of the FSA, then the class member would be released to the designated caregiver.
- Provided that under Paragraph 24.D of the FSA, ICE would promptly provide each parent of a class member not released with (a) INS Form 1-770; (b) an explanation of the right of judicial review as set out in Exhibit 6 of the Flores Settlement Agreement, and unless already provided; and (c) the list of free legal services available in the area in which the minor is detained (unless previously given to the parent).
- Permitted ICE to conduct background checks of all potential caregivers and adults living in the caregiver's residence.
- Pursuant to Paragraph 24.A of the FSA, provided that all minors in removal proceedings should be afforded a bond redetermination hearing before an immigration judge, unless the minor or a parent, indicated on the Notice of Custody Determination form that the minor refuses such a hearing.
- Defendants proposed that should the parent request assistance mailing to his or her attorney of record any of the documents provided to him or her during this process, ICE would facilitate access for the parent to send the documents by mail, fax, or email. Plaintiffs proposed that any documents provided to a parent or a minor to implement the protocol should be forwarded by email or mailed by first class mail to the parent's and minor's attorney(s) of record except that when a parent or Class Member is provided the Notice of Rights, the blank Release Decision form, and a list of free legal services, rather than forwarding copies of these documents to the parent's or Class

Member's counsel of record, ICE could, at its option, notify the counsel of record by email or first class mail that these documents had been provided to the parent or Class Member.

    4. During the course of the parties' court-ordered discussions, they also largely reached agreement on the text of a notice of rights to be provided all parents and Class Members 14 years of age or older. Among other things, the notice of rights included the following information:

    • With some exceptions, all minors detained in immigration custody have certain rights under an agreement signed by the Federal Government in the "*Flores* case." Detained parents do **not** have rights under the *Flores* agreement. You are being given this Notice to explain some of the rights that any minor child detained with you may have under the *Flores* case, including rights related to release from immigration custody.

    • You may decide whether you wish to designate a caregiver to whom the Federal Government may release your minor child(ren) under the *Flores* case, or allow the child(ren) to remain in immigration detention with you. You can change your mind with regard to any decisions you make under the *Flores* case while you and the minor child(ren) remain detained together. <u>You are not required to make any decisions.</u> If you do not make any decisions, your child(ren) may lawfully continue to be detained together with you and such detention would be compliant with the requirements of the *Flores* case.

    • Before you make any decision about whether you want your child(ren) detained with you or to be released under the *Flores* case, you may speak with an attorney, a legal representative, family member, friend, or other individual of your choice. You may also ask your Case Manager or your attorney to assist you setting up a call or meeting with a social worker you identify.

    • If you do not have a lawyer, you may use a telephone, without charge to you, to call any of the organizations on the list you are given to discuss your child(ren)'s options under the *Flores* case.

- You have the right to keep this Notice with you at all times. You may keep the Notice with you even if you cannot read or understand it. You are also being given a form that can be used to let ICE know if you make any decisions about your child's rights under the *Flores* case.

- Plaintiffs proposed but Defendants disagreed with the following text: If a Caregiver you have identified is unable or unwilling to travel to the place where you are detained with your child, you may designate another person who will transport your child to any Caregiver you have identified and ICE has approved to care for your child. ICE may conduct a background check on this person to determine if it believes the person will safely transport your child to your selected caregiver.

- With a few exceptions, all minor children (ages 0-17) detained in immigration custody have rights under the *Flores* case. They have the right to safe and sanitary conditions of detention. The *Flores* case gives detained minor children the right to a bed, cot, or mattress to sleep on; and blankets, food, drinking water, medical and dental care, emergency health care services, clean bathrooms, toothbrushes, soap, towels, change of clothing, baby products, educational services, recreation time, family reunification services designed to identify relatives in the United States, and the right to legal representation at no cost to the U.S. Government.

- Where ICE determines that the minor's detention is not required either to ensure his or her timely appearance before ICE or the immigration court or to ensure the minor's safety or that of others, he or she also has the right to be promptly released to family members living in the United States if the relative is a suitable caregiver. This includes the right to be released to a parent, a legal guardian, a grandparent, an uncle or aunt, or brother or sister living in the United States. The *Flores* case does not require that the caregiver have lawful immigration status.

- As the parent, you have the right to decide whether you want your child(ren) to remain with you in detention or be released to a caregiver you choose. If you want your child(ren) to be released to a relative living in the United States, you or your lawyer must fill out a form you have been given called ***Flores* Settlement**

**Parent/Guardian Release Decision.** If you believe your child(ren) should be released, you have the right to propose more than one caregiver to whom you would like your child released.

• Under the *Flores* case your child(ren) may also, in the discretion of ICE, be released to a responsible unrelated adult [Plaintiffs proposed: or licensed group home close to where your relatives live] that you select. The Government may ask that you provide information about this person to make sure that your child(ren) will be in a safe situation.

• Where ICE decides that your child(ren)'s detention is required to secure his or her timely appearance before ICE or the immigration court, or to ensure his or her safety or that of others, the minor does not have the right to be released under the *Flores* case. If you disagree with ICE's decision to place your child(ren) in a particular type of facility, you may seek review of that placement determination with a federal court.

• Also remember that you are not required to make a decision about your child(ren)'s release. If you make no decision, your child will remain with you in detention. Before you make any decisions about whether you want your child(ren) to remain with you or to be released, you may speak with a lawyer, a legal representative, family member, friend, social worker, or other individual of your choice. If you do not have a lawyer, then you can call the lawyers or organizations on the list an immigration officer must give you. You can speak with a lawyer and your family members as often as you want. You will be provided with opportunities to make free calls to a lawyer. [Plaintiff's proposed: If you have any questions about your children's rights under the *Flores* case, you may telephone without charge the attorneys for children in the *Flores* case at 800-xxx-xxxx].

5. In addition to the documents described above, the parties also reached agreement on a ***Flores* Release Determination Worksheet** and the ***Flores* Caregiver Assessment Questionnaire**.

6. As indicated in the Joint Status Report, virtually every aspect of a protocol was agreed upon with the exception of three areas: (1) the extent to which counsel of record for parents should be advised of ICE's decisions, (2) how to release a child if an approved sponsor is unable to appear at an ICE detention facility to take custody of a child, and (3) the extent to which ICE may initiate enforcement action against a sponsor simply because they cooperate with the sponsor application process. However, as noted in the Joint Status Report and above, Defendants' participation in discussions on these documents was based on Defendants' understanding that they were required to do so.

7. Paragraph 29 of the FSA requires that Defendants "shall" provide to Class Counsel "each … policy or instruction issued to [Defendants'] employees regarding the implementation of this Agreement." Defendants have provided Class Counsel with no copies of any policies or instructions issued to ICE agents employed at FRCs regarding advising parents of their children's FSA rights or steps ICE should take if a parent wishes to have their child released. On information and belief, Defendants currently take *no* steps to advise parents of their children's FSA rights and have *no* current written procedures in place to follow in the event a parent wishes to have their child released.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of August, 2020, in Oak View, California.

Peter Schey

# CERTIFICATE OF SERVICE

I, Peter Schey, declare and say as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 256 S. Occidental Blvd., Los Angeles, CA 90057, in said county and state.

On August 6, 2020, I electronically filed the following document(s):

**DECLARATION OF CLASS COUNSEL PETER SCHEY RE JOINT STATUS. REPORT**

with the United States District Court, Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Peter Schey
*Attorney for Plaintiffs*