CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> REPLY TO DEFENDANTS' RESPONSE TO REPORT RE "TITLE 42" CLASS MEMBERS. <br><br> Status Conference: Aug. 7, 2020 <br> Time: 11:00 a.m. <br> Hon. Dolly M. Gee |

Defendants respond to Plaintiffs' report regarding the "hoteling" of unaccompanied children as young as eight months, six years, four years, and five years, for 12 days, 13 days, 14 days, and 19 days, respectively,[1] by arguing —

- That such children "are in the legal custody of HHS, and are not held pursuant to any authority vested in DHS," Defendants' Response to Plaintiffs' Report on Parties' Conference re "Title 42" Class Members, August 4, 2020, [Doc. # 900] ("Response") at 8, such that the Settlement therefore does not protect them at all; and

- That regardless of whether the Settlement protects such children, Defendants' briefly detaining "Title 42" class members in hotels would not violate the Settlement in any event.

Neither of Defendants' arguments has any merit.

First, whether children detained for prolonged periods in hotels are in the legal custody of the Centers for Disease Control and Prevention ("CDC") or the Department of Homeland Security ("DHS") is irrelevant. The Settlement protects "all minors who are detained in the legal custody of the INS," and binds the INS and Department of Justice, as well as "their agents, employees, contractors, and/or *successors in office.*" Settlement ¶¶ 1, 10 (emphasis added).

The Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, *codified in pertinent part at* 6 U.S.C. § 279 ("HSA"), transferred responsibility for "the care of unaccompanied alien children" to "the Director of the Office of Refugee Resettlement of the Department of Health and Human Services . . . ."

Had Congress stopped there Defendants' argument would at least be plausible. But it did not.

In enacting the William Wilberforce Trafficking Victims Protection

---

[1] *See* Plaintiffs' Response to Objections to Independent Monitor's Interim Report re Temporary Housing for Minors and Families Under Title 42, July 25, 2020 [Doc. # 889] ("Objections Response"), at 5 and Exhibit C.

- 1 -

Reauthorization Act of 2008, 110 Pub. L. 457, 122 Stat. 5044 ("TVPRA"), Congress provided that "the care and custody of all unaccompanied alien children, *including responsibility for their detention*, where appropriate, shall be the responsibility of *the Secretary of Health and Human Services*." 8 U.S.C. § 1232(b)(1) (emphasis added). The statute specifically references the Secretary's responsibility for a child's placement and release. *See, e.g.,* § 1232(c)(2)(A) ("Subject to section 279(b)(2) of Title 6, an unaccompanied alien child *in the custody of the Secretary of Health and Human Services* shall be promptly placed in the least restrictive setting that is in the best interest of the child.") (emphasis added); § 1232(c)(3)(A) ("[A]n unaccompanied alien child may not be placed with a person or entity unless the Secretary of Health and Human Services makes a determination that the proposed custodian is capable of providing for the child's physical and mental well-being."); § 1232(c)(3)(B) ("Before placing the child with an individual, the Secretary of Health and Human Services shall determine whether a home study is first necessary.").

Insofar as the custody of unaccompanied class members are concerned, the TVPRA specifically designates the Secretary of Health and Human Services ("HHS") as the successor to the former Immigration and Naturalization Service ("INS"). As Defendants admit, Response at 7, *both* the CDC and ORR are subordinate entities of HHS, and whether CDC, ORR, or any other part of HHS has legal custody of Title 42 children is therefore immaterial: HHS has legal custody either way, and the Settlement binds HHS just as much as it does DHS.[2]

Despite resurrecting arguments about the Parties' not having anticipated the COVID-19 pandemic, Defendants concede that "[l]ike a contract," the Settlement "'must be discerned within its four corners, extrinsic evidence being relevant only

---

[2] If the Court concludes that this distinction is material, Plaintiffs dispute that the CDC has legal custody and request the opportunity for further briefing on this issue.

to resolve ambiguity in the decree.'" Response at 4-5 (quoting *United States v. Asarco, Inc.*, 430 F.3d 972, 980 (9th Cir. 2005)).

The Settlement covers all children in HHS custody. Settlement ¶¶ 12A and 19 guarantee such children safe, sanitary, and licensed placement *as expeditiously as possible*. Defendants have at their disposal over 10,000 unused beds in licensed facilities,[3] and detaining five- and six-year-olds in hotels for as long as 19 days cannot be excused as short-term detention incidental to expulsion.

As for the Settlement's underlying intent, whether class members are detained pursuant to Title 8 or Title 42 is beside the point – *children need and deserve safe and proper placement.* Even were the Settlement's text at all ambiguous, which it is not, that would remain the unambiguous intent of Settlement ¶¶ 12A and 19.[4] Defendants are required to treat "all minors in [their] custody with dignity, respect and special concern for their particular vulnerability as minors." Settlement ¶ 11.

---

[3] *See* ORR Juvenile Coordinator Interim Report, July 24, 2020 [Doc. # 882-2] at 2 (98 percent of ORR shelter beds unoccupied (10,491 available beds) as of July 22, 2020).

[4] The TVPRA does not limit its reporting, transfer, and placement protections to unaccompanied children detained under Title 8. Rather, it provides, "Except in the case of exceptional circumstances, *any department or agency* of the Federal Government that has an unaccompanied alien child in custody shall transfer the custody of such child to the Secretary of Health and Human Services not later than 72 hours after determining that such child is an unaccompanied alien child." 8 U.S.C. § 1232(b)(3) (emphasis added).

Again, whether HHS, DHS, or any other federal department or agency has legal custody of an unaccompanied child, all federal agencies—*including the CDC*—are equally duty-bound to transfer the child to HHS, which must then "promptly place[] [her or him] in the least restrictive setting that is in the best interest of the child." *See* 8 U.S.C. § 1232(c)(2)(A).

As for their arguing that "a brief period of custody in a non-congregate hotel setting" would not violate the Settlement even if it does apply, Response at 3, the evidence shows that Defendants are detaining very young children for far longer than "brief" periods. *See* Objections Response at 5 and Exhibit C. Absent an "influx," Settlement ¶ 12 generally requires Defendants to transfer a minor to a licensed placement within three days. Likewise, the TVPRA requires all federal agencies to transfer the custody of unaccompanied minors to "the Secretary of Health and Human Services not later than 72 hours. . . ," who must then "promptly" place them "in the least restrictive setting that is in the best interest of the child." *See* 8 U.S.C. §§ 1232(b)(3), (c)(2)(A).

Given the immense unused capacity of Defendants' licensed shelters, including numerous shelters proximate to the southern border, there is simply no reason Defendants should be detaining children in hotels for any longer than 72 hours, and certainly not for as long as 19 days.

The Settlement plainly protects all children in DHS's or HHS's legal custody. Given the grave risks of detaining class members for weeks in unlicensed, unregulated, and uninspected hotels, Plaintiffs respectfully request that the Court order Defendants to comply with the Settlement until and unless they persuade it to modify the agreement. *See Hook v. State of Ariz.*, 972 F.2d 1012, 1016 (9th Cir. 1992) ("[T]he Department cannot simply ignore the consent decree because it believes the decree is overly broad. . . . [T]he proper procedure for seeking relief from a consent decree is a Rule 60(b) motion.").

Dated: August 6, 2020

CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Poonam Juneja
Freya Pitts

*/s/ Carlos Holguín*
Carlos Holguín
*One of the Attorneys for Plaintiffs*