UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | August 7, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE AUGUST 7, 2020 STATUS CONFERENCE**

Before the Court are a myriad of issues: some recently raised and others flowing from the Court's previous Orders relating to Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement ("FSA"), starting with Plaintiff's March 26, 2020 *Ex Parte* Application for a Temporary Restraining Order ("TRO") in light of the Coronavirus 2019 ("COVID-19") public health crisis. *See* March 28, 2020 Order [Doc. # 740]; April 10, 2020 Order [Doc. # 768]; April 24, 2020 Order [Doc. # 784]; May 22, 2020 Order [Doc. # 799]; June 26, 2020 Order [Doc. # 833]. On August 7, 2020, the Court held a further status conference on these issues and set deadlines and instructions for their resolution below.

In the April 24, 2020 Order, the Court required the Juvenile Coordinators for Defendants Office of Refugee Resettlement ("ORR") and Immigration and Customs Enforcement ("ICE") to submit interim written reports regarding Defendants' compliance with the FSA, COVID-19 guidance recommended by the United States Centers for Disease Control and Prevention ("CDC"), and the Court's previous Orders. The Court enumerated specific topics to be addressed by those interim reports, which are due on the 15th of each month beginning in May, for the duration of the pandemic. April 24, 2020 Order at 19–21.

The most recent interim Juvenile Coordinator reports were filed on July 24, 2020. [Doc. ## 882, 895.] The parties' joint status report in response reflects their continuing dispute over the implementation of COVID-19 guidances in the ICE Family Residential Centers ("FRCs"), as well as numerous issues beyond the scope of the TRO Application and Motion to Enforce that spawned this current round of litigation. [Doc. # 898.] Those issues include the conditions of and data on Class Members in juvenile detention facilities and the quality of data provided to Plaintiffs and to Class Members and their guardians' legal service providers, who filed a brief as *amici curiae* [Doc. # 908].[1]

---

[1] The primary dispute with the ORR Juvenile Coordinator's report appears to be the revision to the policy for a waiver of the fingerprinting requirements for potential sponsors. *See* Joint Response at 28–30 [Doc. # 898]. Because no Class Members have been or are currently affected by this policy, the Court will not address it at this time.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | August 7, 2020 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 5 |
|---|---|---|---|

**COVID-19 Guidance Implementation and Data Reporting**

To address issues relating to COVID-19 guidance implementation, including whether ICE has failed to identify Class Members who are particularly vulnerable to contracting COVID-19, the Court will order continued enhanced monitoring of the FRCs by the Independent Monitor Andrea Ordin and Dr. Paul Wise. As for other disputes regarding data provision and quality, Defendants have asserted their willingness to provide up-to-date data regarding new COVID-19 cases to the Independent Monitor and Dr. Wise. The parties, the Independent Monitor, and Dr. Wise shall meet and confer regarding a consistent, accurate, and thorough data reporting methodology to be used during the pandemic.

**Juvenile Detention Facilities**

Issues involving Class Members detained at juvenile detention facilities, such as Cowlitz County Juvenile Detention Center and Northern Oregon Regional Corrections detention facilities, shall be raised in a duly-noticed motion to enforce following compliance with Local Rule 7-3.

**Know-Your-Rights Protocol**

Pursuant to the Court's June 26, 2020 Order and July 25, 2020 Order Denying Defendants' *Ex Parte* Application to Stay [Doc. # 887], the parties filed a joint status report on August 5, 2020 regarding the adoption and implementation of proper written advisals and other protocols to inform detained minors and their guardians/parents about minors' rights under the FSA and to obtain information regarding, and procedures for placement with, available and suitable sponsors. Plaintiffs reported that the parties had come close to an agreement on a know-your-rights protocol, but Defendants stated their unwillingness to "voluntarily agree to any protocol that would potentially provide for the separation of a parent and child who are currently housed together in an ICE FRC." Joint Status Report at 6 [Doc. # 902]. At the hearing, Defendants reiterated their view that the parties had exhausted any meet-and-confers on the topic. The Court therefore will proceed to impose a remedy for Defendants' past and ongoing violations of Paragraphs 12, 14, and 18 of the FSA. *See* June 27, 2017 Order at 27, 31 (finding violations of Paragraphs 12A, 14, 18) [Doc. # 363]; April 24, 2020 Order at 6, 16, 18 (finding such violations); June 26, 2020 Order at 3 ("ICE's compliance with Paragraphs 12, 14, and 18 of the FSA remains at issue."). Plaintiff shall therefore file a motion for implementation of proposed remedy for findings of breach, to be briefed and heard on an expedited schedule, described below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | August 7, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 5 |

**Hotelling of Minors**

  Finally, in the course of their monitoring, the Independent Monitor and Dr. Wise have identified concerns with the conditions and oversight of accompanied and unaccompanied minors designated for expulsion under federal regulations promulgated under 42 U.S.C. section 265, known as "Title 42" authority, and supervised by ICE contractors in hotels for days, even weeks, prior to expulsion, a practice referred to as "hotelling." [Doc. # 873.] Predictably, the parties disagree whether the FSA applies to minors designated for expulsion under Title 42. [*See* Doc. ## 889, 897, 900.] Because this issue does not arise under the scope of any prior motion to enforce, Plaintiffs shall file a motion to enforce the FSA regarding the Title 42 hotelling issue describing Defendants' specific FSA violations, also to be briefed and heard on an expedited schedule.

  Accordingly, the Court **ORDERS** the following:

1. Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic.

2. Defendants may file a written response to the *amicus* brief [Doc. # 908] by **August 14, 2020**.

3. The parties shall meet and confer regarding issues arising out of juvenile detention facilities, as already covered in prior Orders and pursuant to Local Rule 7-3. Once such meet-and-confers are exhausted, Plaintiffs may file a duly noticed motion to enforce regarding the juvenile detention centers.

4. Plaintiffs may file two motions subject to the expedited briefing and hearing schedule described below: (1) a motion to enforce the FSA relating to the Title 42 hotelling issue, and (2) a motion for the implementation of a proposed remedy for findings of breach relating to ICE's failure to release Class Members without unnecessary delay and to make and record continuous efforts to release Class Members.

   a. Plaintiffs shall file their motions, if any, by **August 14, 2020**.

   b. Defendants may respond in opposition by **August 21, 2020**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | August 7, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 4 of 5 |

      c. Plaintiffs may file their reply by **August 28, 2020**.

      d. *Amicus* briefs, if any, shall also be filed by **August 28, 2020.**

      e. The motions shall be heard at the next status conference scheduled for **September 4, 2020 at 11:00 a.m**.

5. Briefing on a motion to enforce regarding the Title 42 hotelling issue shall be accompanied by data regarding, *inter alia*, how many minors are affected, whether they are accompanied or unaccompanied, the minors' ages, and where they were hotelled.

6. Dr. Paul Wise and the Independent Monitor Andrea Ordin shall continue to provide enhanced monitoring of the FRCs' care of minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at the FRCs with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their guardians; and (e) make such recommendations for remedial action that they deem appropriate. They shall also continue to monitor the hotelling of minors, under the authority discussed in the Court's July 25, 2020 Order. [Doc. # 887.]

      a. They shall file any report and recommendation by **August 24, 2020**.

      b. The parties and *amici* may file any response or objection by **August 31, 2020**.

7. Pursuant to the Court's April 10, 2020 Order [Doc. # 768], June 26, 2020 Order [Doc. # 833], and Defendants' agreement to disclose updated data to the Independent Monitor, the parties' counsel shall continue to meet and confer with each other, as well as with the Independent Monitor and Dr. Wise, regarding (1) certain disclosures, including information regarding existence of COVID-19 infection among Class Members, that should be provided to minors' immigration counsel during the pandemic; and (2) the quality of the data that Defendants maintain and provide to Class Counsel pursuant to Paragraph 28A of the FSA. By no later than **August 21, 2020**, the parties shall file a joint status report regarding the outcome of their efforts to meet and confer in this regard.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | August 7, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 5 of 5 |

8. To the extent disagreements remain between the parties after meaningful efforts to meet and confer on any of the topics on which they are to submit joint status reports, the parties may describe those disagreements in the reports submitted to the Court and request adjudication, mediation, or any other form of relief the Court may provide.

9. The Juvenile Coordinators shall file their next interim report by **August 24, 2020**, covering the topics listed in the April 24, 2020 Order [Doc. # 784].

    a. In her report, the ORR Juvenile Coordinator shall provide an update on each minor whose sponsor's fingerprinting or home study is delayed and a *specific* explanation for each delay.

    b. In her report, the ICE Juvenile Coordinator shall provide *specific* explanations for the continued detention of each minor detained at an FRC beyond 20 days. The Juvenile Coordinator will review each of those explanations with the Independent Monitor, Andrea Ordin, before submitting the updated report to the Court.

    c. Plaintiffs and *amici* may respond or object to these interim reports by no later than **August 28, 2020**, after first meeting and conferring with Defendants regarding areas of dispute and attempting to achieve resolution. If the Court determines that relevant facts are being presented to the Court for the first time without having been shared in advance with the opposing side in an effort to achieve resolution, the Court will not address the issue to which those facts pertain.

    d. Defendants may respond to objections by no later than **September 2, 2020**.

10. The Court shall hold a further video or telephonic status conference on **September 4, 2020 at 11:00 a.m.** to discuss the motions to be heard on an expedited basis, the August Juvenile Coordinator reports, and compliance with the Court's Orders.

**IT IS SO ORDERED**.