# EXHIBIT C

*Flores* Class Member Release Protocol

This instruction has been approved by the U.S. District Court for the Central District of California in *Flores v. Barr,* No. 85-04544 (C.D. Cal. filed July 11, 1985) and must be adhered to by all U.S. Immigration and Customs Enforcement (ICE) employees. This instruction supplements Exhibit 1 (Minimum Standards For Licensed Programs) and Exhibit 2 (Instructions to Service Officers Re: Processing, Treatment, and Placement of Minors ) to the *Flores* Settlement (copies attached) which must also be adhered to by ICE officers.

1. <u>Class Members</u>

Under Paragraph 10 of the FSA, class members are "All minors who are detained [for immigration purposes] in the legal custody of [ICE, U.S. Customs and Border Protection, or the Office of Refugee Resettlement]."  The FSA excludes from the definition of the term "minor" "an emancipated minor or an individual who has been incarcerated due to a conviction for a criminal offense as an adult."  FSA ¶ 4.

2. <u>Written Notice of Class Member's right to release</u>

The ***Flores*** **Settlement Agreement Notice of Rights** (Notice of Rights), attached as Exhibit 3, must be provided to all accompanying parents or legal guardians and to any class members age 14 or older within 24 hours of the class member being booked into an ICE family residential center (FRC).  They shall, at the same time, be provided a copy of the ***Flores*** **Settlement Parent/Guardian Release Decision** (Release Decision) attached as Exhibit 4.

ICE shall determine within 48 hours of taking custody of a class member what languages or dialects the Class Member's accompanying parent or legal guardian speaks or reads.  ICE shall provide the Notice of Rights and Release Decision in a language that the parent or legal guardian understands, or have such forms read to the parent or legal guardian by a certified translator or interpreter in a language or dialect he or she understands.

Unless an ICE officer verifies that it has already been provided and the parent or legal guardian still has it in his or her possession, ICE shall provide, along with the Notice of Rights and Release Decision, the current EOIR List of Pro Bono Legal Service Providers.  When a family unit with at least one class member is transferred together to another facility, the class member's accompanying parent or legal guardian shall be provided the EOIR List of Pro Bono Legal Service Providers within 48 hours of arriving at the new facility.

*Under no circumstances shall accompanying parents or legal guardians be asked to make a decision regarding release of a class member at the time they are provided the Notice of Rights, Release Decision, and EOIR List of Pro Bono Legal Service Providers.*

3. <u>Custody Determinations</u>

8 C.F.R. § 1236.3 requires ICE to assess and document whether an adult parent should be released from ICE custody to effectuate the release of a child from custody. Whether or not ICE decides to release a parent or legal guardian, the parent or legal guardian has the option to:  (1) waive the child(ren)'s right to release under the FSA so that the family remains detained together at the ICE FRC; (2) identify any caregiver(s) to whom the parent would like ICE to consider releasing his or her child(ren); or (3) make no decision regarding release of the child, in which case the child will remain detained with the parent.  For any time after the parent or legal guardian is provided with the

Release Decision, until the parent or legal guardian provides a completed form indicating he or she would like his or her child(ren) released to a caregiver, the child will remain detained with the parent or legal guardian unless the parent or legal guardian and child are released together.

6. <u>Parent's or Legal Guardian's Decision regarding a Class Member's Right to Release</u>

Parents or legal guardians or their counsel of record may inform ICE at any time that a parent wishes to keep their child(ren) with them in detention or have them released to a caregiver. ICE shall record any decision by a parent in the parent's child's or children's A file(s) and shall obtain from the parent or the parent's counsel of record the names, addresses, telephone numbers, email addresses of sponsors to whom the parent may want their child(ren) released and the relationship of the sponsor to the detained child. ICE shall record any decision by a parent along with the names, addresses, telephone numbers, email addresses of sponsors to whom the parent may want their child(ren) released

Upon obtaining information about a sponsor or sponsors identified by a parent or the parent's counsel of record, ICE shall promptly commence and record steps to assess the proposed caregiver's suitability unless: (i) ICE determines in its discretion to release the class member's parent or legal guardian along with the class member, or (ii) determines that the class member is a flight risk as defined in the FSA or a danger.

A parent may designate an adult who will transport their child to any caregiver the parent identified and ICE has approved to care for the child. ICE may run a background check on any such adults designated by a parent and decline to transfer the child to the adult's custody for transportation to the approved caregiver if the adult has a criminal history or an outstanding arrest warrant such that the child may not be safe being transported by the adult. Alternatively, ICE may transport the child to the approved caregiver's home.

Should a parent or legal guardian have questions regarding his or her rights or responsibilities and/or those of the class member, ICE will inform them, consistent with the Notice of Rights, that they may speak with a lawyer, a legal representative, family member, friend, a social worker, or other individual of their choice.

7. <u>Collecting information from potential caregivers</u>

Promptly after being provided information regarding a class member's potential caregivers, pursuant to Paragraph 6 above, ICE will, without unnecessary delay, make and record efforts aimed at the release of the class members. These steps will include:

  A. <u>Contacting potential caregivers</u>

ICE will promptly contact the identified caregivers by both telephone and email, when provided with an email address.  Whether contacted by telephone or email, ICE will inform the potential caregiver (i) that the parent or legal guardian (identified by name) wishes to have their child(ren) (identified by name) released to the caregiver, and (ii) ICE is required to assess the willingness and ability of the caregiver to safely care for the class member.

Unless the potential caregiver advises ICE that he or she is unwilling to care for the class member, ICE will without unnecessary delay provide the potential caregiver with the Affidavit of Support (Form I-134) and an agreement  (Sponsor Agreement) to:

1. provide for the minor's physical, mental, and financial well-being;
2. ensure the minor's presence at all future proceedings before ICE and the immigration court;
3. notify ICE and the immigration court of any change of address within five days following a move;
4. in the case of caregivers other than parents or legal guardians, not transfer custody of the minor to another party without the prior written permission of the ICE Field Office Director, or his or her designee;
5. notify the ICE Field Office Director or his or her designee at least five days prior to the caregiver's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or order of removal; and
6. if dependency proceedings involving the minor are initiated, notify the ICE Field Office Director or his or her designee of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the minor.

ICE shall request that the potential sponsor return the completed Affidavit of Support (Form I-134) and Sponsor Agreement as promptly as possible and shall accept such documents via email or U.S. Postal Service or any other means.

If the completed Affidavit of Support (Form I-134) and Sponsor Agreement are not promptly received, ICE will attempt to contact the potential caregiver to obtain the completed forms. If the potential sponsor provides an incomplete Affidavit of Support (Form I-134) or Sponsor, ICE shall contact the potential sponsor to obtain missing or corrected information.

ICE may also request that the potential sponsor provide a copy of photo identification.

If the completed Affidavit of Support (Form I-134), Sponsor Agreement, and if requested photo identification are not reasonably promptly received, ICE shall commmence communication with any second or third proposed sponsor(s) identified by a parent and follow the. same steps outlined above.

For the period of time during which ICE is awaiting receipt of the completed Affidavit of Support (Form I-134) and Sponsor Agreement, the child(ren) may lawfully continue to be detained together with the parent or legal guardian. This process will not prevent the lawful removal of a class member, should he or she become subject to a final removal order during the process and there are no legal impediments (e.g., a stay of removal) to immediate removal.

      B.    <u>Informing Parent or Legal Guardian of Status of Release to a Caregiver</u>

Upon making contact with a potential sponsor named by a parent or legal guardian, ICE will advise the parent or legal guardian, in writing, that contact was made, whether the potential caregiver indicated a willingness to take custody of the child(ren), and whether and/or when the required sponsor affidavit and affidavit of support were forwarded to the potential sponsor. This will allow the parent or legal guardian to communicate with the potential sponsor, ensure the potential sponsor has received the materials, and monitor when the materials are completed and returned to ICE.  It is the responsibility of the potential sponsor and the parent or legal guardian or their attorney or legal representative to provide all necessary materials to ICE.

If ICE determines that none of the proposed sponsor arrangements are appropriate under Paragraph 14 of the FSA, then the parent or legal guardian will be informed in writing in a language they understand why ICE has determined that a proposed sponsor is not an appropriate placement for the parent's

child(ren), and that they may submit the names and contact information of other possible sponsors if they have not already done so.

Paragraph 24.D of the FSA also requires that ICE promptly provide each parent or legal guardian of a class member not released with: (a) INS Form 1-770; (b) an explanation of the right of judicial review as set out in Exhibit 6 of the Flores Settlement Agreement, and unless already provided; and (c) the list of free legal services available in the area in which the minor is detained (unless previously given to the parent).

If ICE determines a proposed sponsor's arrangement to be appropriate under Paragraph 14 of the FSA, then the class member will be released to the designated sponsor, upon ICE receiving written consent from the parent or legal guardian authorizing the release of the parent's child(ren) to the sponsor.

C. Suitability assessments

ICE may also interview the proposed sponsor to ensure that they are able to satisfy the requirements of the Sponsor Agreement and safely care for the Class Member if released to the proposed sponsor. ICE may, for example, obtain the proposed sponsor's ICE or USCIS "A" number if they have one so that the agency may determine whether the proposed sponsor is under a final order of removal or has an outstanding arrest warrant, either of which may indicate that the child should not be released to the proposed sponsor.

ICE may conduct background checks of all potential caregivers and adults living in the caregiver's residence. ICE may also require a suitability assessment prior to release to any individual or program pursuant to Paragraph 14 of the FSA. This may include, for example, an investigation of the living conditions in which the class member would be placed and the standard of care he or she would receive, verification of identity of caregivers offering support, and interviews of members of the potential household. Any such steps taken will be recorded in the Class Member's A file.

9. Termination of caregiver custody arrangements

Paragraph 16 of the FSA allows ICE to terminate the custody arrangements and assume legal custody of any class member whose caregiver fails to comply with the FSA Paragraph 15 Release Agreement, except for the requirements of subsection (C) failure to notify ICE or the immigration court of any change of address within five (5) days following a move. Should ICE terminate a caregiver's custody arrangement, recognizing that such terminations may need to occur with little notice, prior to taking the class member back into custody, ICE will consider the availability of any alternative caregiver to the extent practicable.

Should ICE intend to. terminate a sponsor. Custody arrangement, and if the minor's parent is till detained by. ICE or if ICE. has the parent's current location or telephone number, and unless exigent circumstances require ICE to act immediately, it shall notify the parent why it intends to terminate a caregiver's custody arrangement and determine whether the parent wishes to. identify an alternative sponsor. If the parent does so, ICE shall assess the suitability of the new proposed sponsor following the steps outlined above when assessing sponsors in the first instance.

10. Right to Bond Hearing

Paragraph 24.A of the FSA requires that all minors in removal proceedings shall be afforded a bond redetermination hearing before an immigration judge, unless the minor, indicates on the Notice of

Custody Determination form that the minor refuses such a hearing. It is ICE's responsibility to schedule such bond hearings.

11. <u>Administrative</u>

Any documents provided to a parent or a minor to implement this protocol or comply with the FSA shall be forwarded by email or mailed by first class mail to the parent's and minor's attorney(s) of record. Notwithstanding the foregoing, when a parent or class member is provided the Notice of Rights and a list of free legal services, rather than forwarding copies of these documents to the parent's or Class Member's counsel of record, ICE may, at its option, simply notify the counsel of record by email or first class mail that these documents have been provided to the parent or class member.

    / / /