# EXHIBIT D

I, Andrew Seaton, declare as follows:

1.     This declaration is based on my personal knowledge, except as to those matters based on information and belief, which I believe to be true. If called to testify in this case, I would testify competently about these facts.

2.     My name is Andrew Seaton, and I am a Staff Attorney with the Florence Immigrant and Refugee Rights Project ("Florence Project"), specifically with the Children's Program in the organization's Tucson office. The Florence Project is a non-profit legal service provider for detained men, women, and children facing removal processing in Arizona. I am licensed to practice in the state of Arizona and have been an attorney with the Florence Project for one year.

Locating and Representing E.Z.

3.     On July 22, 2020, at approximately 11:24am PST, I received a call from K.Z., a woman living in Ohio. K.Z. stated that she had received a call from the Guatemalan Consulate regarding her minor child, a 13-year old male, E.Z. She explained that the Consulate told her that E.Z. had been apprehended by U.S. Customs and Border Protection ("CBP") and that he was being detained in Arizona while waiting for transportation to become available to remove him back to Guatemala. K.Z. informed me that she did not want E.Z. returned to Guatemala, as it was dangerous there, and instead, she wanted him to be released to her in the U.S.

4.     I was aware that children were being apprehended by CBP and quickly repatriated under the recent order pursuant to Title 42. I knew that it was important to move quickly before the child was removed.

5.     I quickly emailed and then called a contact at the American Civil Liberties Union ("ACLU"). I then spoke with an attorney at the ACLU on the phone and they stated they would provide information to the Department of Justice ("DOJ") and

request that E.Z. be removed from Title 42 expulsion proceedings and placed into Title 8 removal proceedings.

6.      At the same time, I made contact with our local CBP and ICE with an executed G-28 on behalf of E.Z. to request that he be removed from Title 42 expulsion proceedings and placed into Title 8 removal proceedings.

7.      Because I was unsure who had custody of this child, I reached out to multiple contacts in two agencies within the Department of Homeland Security ("DHS"). I left a voicemail with a CBP officer, who returned my call and explained that he did not have any information regarding E.Z.'s location, but recommended that I should contact the Tucson and Yuma CBP Stations at their posted telephone numbers. This CBP contact also gave me the email address of the Tucson Coordination Center – Supervisory Border Patrol Agent ("TCC-SBPA").

8.      I contacted several other contacts at CBP, forwarding email correspondence regarding E.Z. and attaching the executed G-28. While some of those contacts did not respond in any way, one CBP contact did respond, and indicated that they had forwarded the G-28 to CBP.

9.      I forwarded email correspondence to TCC-SBPA, attaching a copy of the executed G-28 and requesting information as to the location of E.Z. I later received an email from a contact at TCC-SBPA stating that E.Z. was no longer in CBP custody, but was instead in the custody of ICE Enforcement and Removal Operations ("ICE-ERO"). The contact did not provide any "Subject ID" for E.Z., nor any other means to identify him or track his whereabouts.

10.     At approximately 4:37pm PST, I contacted the office of Tucson ICE, but at that time, the office was closed, and I was not able to speak with anyone at that office, nor was I able to leave a voicemail.

11.     At approximately 4:45pm PST, I telephoned the Phoenix ICE Juvenile Coordinator and left a voicemail. Additionally, I forwarded email correspondence to

the Phoenix ICE Juvenile Coordinator and attached the executed G-28. At approximately 4:52pm PST, I called and left a voicemail with another ICE officer.

12.     At approximately 7:53pm PST that same evening, I received a call from the Tucson CBP Coordination Center, specifically, from a CBP officer, who indicated that E.Z. had been taken to the CBP Coordination Center for processing, and that the minor was being removed from Title 42 custody and being placed in Title 8 removal proceedings. This CBP Officer explained that the minor would be transferred by ICE-ERO to a facility operated by the Office of Refugee Resettlement ("ORR"), likely the following day. During this telephone call, the CBP officer let me speak with E.Z., who informed me that he was taken from a hotel back to the Tucson CBP Coordination Center.

13.     The next day, July 23, 2020, at approximately 9:54am PST, I placed a call again to the ICE Tucson office, but was unable to speak with anyone and was not able to leave a voicemail.

14.     At approximately 9:59am PST, I called and left a voicemail with the Phoenix ICE Juvenile Coordinator.

15.     At approximately 10:00am PST, I called the ICE Officer that I had initially attempted to contact the previous day at 4:52PM PST. I wanted to confirm that E.Z. had been moved out of the hotel and was in ORR custody. This ICE Officer was able to provide E.Z.'s Alien Registration Number and the name of the ORR facility that was scheduled to receive him. This ICE officer confirmed that E.Z. would be transported to the ORR facility that afternoon.

16.     That afternoon, our office received a call from the ORR facility that ICE had transported E.Z. to the ORR facility and that the ORR facility received E.ZTo the best of my knowledge and belief, the Centers for Disease Control and Prevention ("CDC") was not involved in the decision to transfer E.Z. from Title 42 expulsion proceedings to Title 8 removal proceedings. I did not interact or communicate with any representatives from the CDC during my representation of E.Z.

---

Declaration of Andrew Seaton

17.     To the best of my knowledge and belief, without the actions taken by the Florence Project and the ACLU, E.Z. would have been quickly expelled to Guatemala without having the opportunity to reunify with his mother or present his case in immigration court.

18.     In locating and representing E.Z., I only received information regarding his location and Title 42 or Title 8 proceedings status from representatives of CBP, ICE, and ORR.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 13, 2020 in Tucson, Arizona.

Andrew Seaton