CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
pschey@centerforhumanrights.org

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
*Attorneys for plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br>　　　Plaintiffs, <br>- vs - <br><br>WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br>　　　Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br>NOTICE OF FILING OF CORRECTED EXHIBITS B AND C, AND EXHIBIT D IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT OF CLASS ACTION <br><br>Hearing: September 4, 2020 <br>Time: 11:00 A.M. <br><br>Judge: Hon. Dolly Gee |

///

To defendants and their attorneys of record:

PLEASE TAKE NOTICE that Plaintiffs hereby attach and file corrected Exhibit B (*Flores* Settlement Agreement Notice of Rights [with Plaintiffs comments inserted]), Exhibit C (*Flores* Class Member Release Protocol), and new Exhibit D (*Flores* Settlement Parent/Guardian Release Decision). Plaintiffs have made minor technical changes and corrected typographical errors to previously filed Exhibits B and C and are now filing as Exhibit D a proposed *Flores* Settlement Parent/Guardian Release Decision, a document with minor modifications Plaintiffs and Defendants previously drafted and discussed over several weeks while meeting and conferring pursuant to this Court's Orders.

Dated: August 17, 2020.    Respectfully submitted,

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

USF SCHOOL OF LAW
IMMIGRATION CLINIC
Bill Ong Hing

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum

_____*Peter Schey*_____
  *Attorneys for plaintiffs*

/ / /

# EXHIBIT B

## *Flores* Settlement Agreement Notice of Rights

READ THIS NOTICE CAREFULLY.  IF YOU CANNOT READ IT, YOU CAN ASK FOR SOMEONE WHO SPEAKS YOUR LANGUAGE OR DIALECT TO READ IT TO YOU.  YOU MUST BE GIVEN THIS NOTICE WITHIN 48 HOURS OF COMING INTO A FAMILY RESIDENTIAL CENTER, INCLUDING THE BERKS FAMILY RESIDENTIAL CENTER, THE KARNES COUNTY RESIDENTIAL CENTER, AND THE SOUTH TEXAS FAMILY RESIDENTIAL CENTER.

With some exceptions, all minors detained in immigration custody have certain rights under an agreement signed by the Federal Government in the "*Flores* case."  Detained parents do **not** have rights under the *Flores* agreement. You are being given this Notice to explain some of the rights that any minor child detained with you may have under the *Flores* case, including rights related to release from immigration custody.  You are also being given a list of free legal service providers who you may contact.  If you were not given the list, then ask an immigration officer to give you the list of legal service providers.

You may decide whether you wish to identify a sponsor to whom the Federal Government may release your minor child(ren) under the *Flores* case, or allow the child(ren) to remain in immigration detention with you. The sponsor may be a family member of your child (such as a parent, grandparent, uncle, aunt, or brother or sister), or an unrelated family friend, living here in the United States.

You can change your mind with regard to any decisions you make under the *Flores* case while you and the minor child(ren) remain detained together.  <u>You are not required to make any decisions.</u>  If you do not make any decisions, your child(ren) will continue to be detained together with you.

<u>You have the right to keep this Notice with you at all times</u>.  You may keep this Notice with you even if you cannot read or understand it.

If a Sponsor you have identified is unable or unwilling to travel to the place where you are detained with your child, you may designate another person who will transport your child to any Sponsor you have identified and ICE has approved to care for your child. ICE may conduct a background check on this person to determine if it believes the person will safely transport your child to your selected sponsor. If ICE decides that the person you selected is not appropriate to transfer your child to the approved sponsor, you. may then select a different adult to transport your child.

*[Plaintiffs' Comment:[1] FSA Exhibit 2(k) states, "[w]hen a minor is to be released, the INS will assist him or her in making transportation arrangements to the INS office nearest the location of the person or facility to whom a minor is to be released. The INS may, in its discretion, provide transportation to such minors." Unless parents are allowed to coordinate transportation for their child(ren)'s release by securing transportation with a verified person, INS is impermissibly interfering with the child(ren)'s right to release, and violates the FSA's mandate to "assist" in "making [transportation] arrangements." This is especially true where no other transportation is available, so denying*

---

[1] Plaintiffs' comments inserted here are not included in the proposed advisal of rights attached as Exhibit 1 to Plaintiffs' proposed Order.

*transportation with another background-checked adult amounts to denying a child's right to release "without unnecessary delay" under FSA ¶ VI.]*

With a few exceptions, all children (ages 0-17) in immigration detention have rights under the *Flores* case. They have the right to safe and sanitary conditions of detention including at least a bed, cot, or mattress to sleep on; and blankets, food, drinking water, medical and dental care, emergency health care services, clean bathrooms, toothbrushes, soap, towels, change of clothing, baby products, educational services, recreation time, family reunification services designed to identify relatives in the United States, and the right to legal representation at no cost to the U.S. Government.

*[Plaintiffs' comment: See FSA Exhibit(s) 2(k) & FSA ¶ 1(A)(1-14).]*

Unless they are an escape risk or a danger to themselves or others, your children also have e the right to be held in a non-secure facility that is licensed by a state to care of dependent children.

*[Plaintiffs' comment: See FSA ¶¶ 6, 12A,19.]*

If you want your child(ren) to be released to a relative living in the United States, you or your lawyer must advise ICE of your decision and provide information about the persons to whom you may want your child released. This information should include the names of all your chosen sponsors, and the contact information you have such as their email addresses, telephone numbers, addresses, and their relationship to your child (for example, another parent, grandparent, brother, sister, uncle, aunt).

*[Plaintiffs' comment: See FSA Para. 14]*

Under the *Flores* case your child(ren) may also be released to a licensed group home close to where your relatives live. In addition, in the discretion of ICE, your child may be released to a responsible *unrelated adult* that you select. The Government may ask that you provide information about this person or a licensed group home to make sure that your child(ren) will be in a safe situation. Your lawyer may help you to identify licensed group homes close to where your relatives live.

*[Plaintiffs' comment: See FSA Para. 14; FSA Exhibit 2(d)(4)- "Minors shall be released, in the following order of preference, to [. . .] (iv) an adult individual or entity designated ..."]*

If your child is released without you, you may be transferred by ICE to different detention center. If your child is released to a relative, you will not lose your right to make decisions for your child unless the sponsor, with your consent, becomes a legal guardian for your child. Your child will still have a deportation hearing where he or she can apply to remain in the United States.

If ICE decides not to release your child, ICE must provide you or your child with (i) a written explanation for its decisions,(ii) a Form I-770, (iii) a list of free legal services unless previously given to you or your child, and (iv) an explanation bout your right to challenge ICE's decision in a federal court.

*[Plaintiffs' comment: See Paragraph FSA 24B,D and Exhibit 2 ¶ J]*

Remember that you are not required to make a decision about your child(ren)'s release. If you make no decision, your child will remain with you in detention. Any decision you make must be voluntary and made with an understanding of your child's *Flores* rights. No one may coerce you into making any particular decision. You may make a decision based on what you believe is in your child's best interest.

Before you make any decisions about whether you want your child(ren) to remain with you or to be released, you should speak with a lawyer. If you do not have a lawyer, then you can call the lawyers or organizations on the list an immigration officer must give you. You can also telephone family members, friends, or any other individual of your choice about your decision regarding your child's *Flores* rights. You can speak with a lawyer and your family members as often as you want. You must be provided with opportunities to make free calls to a lawyer and to your family members. You may also ask your Case Manager or your attorney to assist you setting up a call or meeting with a social worker you or your attorney identify. If you have any questions about your children's rights under the *Flores* case, you may also telephone without charge the attorneys for children in the *Flores* case at 800-xxx-xxxx [phone number to be provided]

EXHIBIT C

## *Flores* Class Member Release Protocol

This instruction has been approved by the U.S. District Court for the Central District of California in *Flores v. Barr*, No. 85-04544 (C.D. Cal. filed July 11, 1985) and must be adhered to by all U.S. Immigration and Customs Enforcement (ICE) employees. This instruction supplements Exhibit 1 (Minimum Standards For Licensed Programs) and Exhibit 2 (Instructions to Service Officers Re: Processing, Treatment, and Placement of Minors ) to the *Flores* Settlement (copies attached) which must also be adhered to by ICE officers.

1. <u>Class Members</u>

Under Paragraph 10 of the FSA, Class Members are "All minors who are detained [for immigration purposes] in the legal custody of [ICE, U.S. Customs and Border Protection, or the Office of Refugee Resettlement]." The FSA excludes from the definition of the term "minor" "an emancipated minor or an individual who has been incarcerated due to a conviction for a criminal offense as an adult." FSA ¶ 4.

2. <u>Written Notice of Class Member's right to release</u>

The ***Flores* Settlement Agreement Notice of Rights** (Notice of Rights), attached as Exhibit 3, must be provided to all accompanying parents or legal guardians and to any Class Members age 14 or older within 24 hours of the Class Member being booked into an ICE family residential center (FRC). They shall, at the same time, be provided a copy of the ***Flores* Settlement Parent/Guardian Release Decision** (Release Decision) attached as Exhibit 4. <u>Whenever a parent completes this form and provides it to ICE, ICE shall provide the parent with a copy of the completed form</u>.

ICE shall determine within 24 hours of taking custody of a Class Member what languages or dialects the Class Member's accompanying parent or legal guardian speaks or reads. ICE shall provide the Notice of Rights and Release Decision in a language that the parent or legal guardian understands, or have such forms read to the parent or legal guardian by a certified translator or interpreter in a language or dialect he or she understands.

Unless an ICE officer verifies that it has already been provided and the parent or legal guardian still has it in his or her possession, ICE shall provide, along with the Notice of Rights and Release Decision, the current EOIR List of Pro Bono Legal Service Providers. If the list is not current and accurate, ICE shall modify it so it is current and accurate. When a family unit with at least one Class Member is transferred together to another facility, the Class Member's accompanying parent or legal guardian shall be provided the EOIR List of Pro Bono Legal Service Providers within 48 hours of arriving at the new facility.

*Under no circumstances shall accompanying parents or legal guardians be asked to make a decision regarding release of a Class Member at the time they are provided the Notice of Rights, Release Decision, and EOIR List of Pro Bono Legal Service Providers.*

3. <u>Custody Determinations</u>

8 C.F.R. § 1236.3 requires ICE to assess and document whether an adult parent should be released from ICE custody to effectuate the release of a child from custody. This should be done before ICE makes any decision about releasing a minor without his or her parent. Whether or not ICE decides to release a parent or legal guardian, the parent has the option to (1) identify any sponsor(s) to whom the parent would like ICE to consider releasing his or her child(ren); or (2) waive the child(ren)'s right to release under the FSA so that the family remains detained together; or (3) make no decision regarding release of the child, in which case the child will remain detained with the parent.

6. <u>Parent's or Legal Guardian's Decision regarding a Class Member's Right to Release</u>

Parents or their counsel of record may inform ICE at any time that a parent wishes to keep their child(ren) with them in detention or have them released to a sponsor. ICE shall record any decision by a parent in the parent's child's or children's A file(s) and shall obtain from the parent or the parent's counsel of record the names, addresses, telephone numbers, email addresses of sponsors to whom the parent may want their child(ren) released and the relationship of the sponsor to the detained child. ICE shall record any decision by a parent along with the names, addresses, telephone numbers, email addresses of sponsors to whom the parent may want their child(ren) released

Upon obtaining information about a sponsor or sponsors identified by a parent or the parent's counsel of record, ICE shall promptly commence and record steps to assess the proposed sponsor's suitability unless: (i) ICE determines in its discretion to release the Class Member's parent or legal guardian along with the Class Member, or (ii) determines that the Class Member is a flight risk as defined in the FSA or a danger.

A parent may designate an adult who will transport their child to any sponsor the parent identified and ICE has approved to care for the child. ICE may run a background check on any such adults designated by a parent and decline to transfer the child to the adult's custody for transportation to the approved sponsor if the adult has a criminal history or an outstanding arrest warrant such that the child may not be safe being transported by the adult. Alternatively, ICE may transport the child to the approved sponsor's home.

Should a parent or legal guardian have questions regarding his or her rights or responsibilities and/or those of the Class Member, ICE will inform them, consistent with the Notice of Rights, that they may speak with a lawyer, a legal representative, family member, friend, a social worker, or other individual of their choice.

7. <u>Collecting information from potential sponsors</u>

Promptly after being provided information regarding a Class Member's potential sponsors on the ***Flores*** **Settlement Parent/Guardian Release Decision**, pursuant to Paragraph 6 above, ICE will, without unnecessary delay, make and record efforts aimed at the release of the Class Members. These steps will include:

A.  <u>Contacting potential sponsors</u>

ICE will promptly contact the identified sponsors by both telephone and email, when provided with an email address. Whether contacted by telephone or email, ICE will inform the potential sponsor (i) that the parent or legal guardian (identified by name) wishes to have their child(ren) (identified by name) released to the sponsor, and (ii) ICE is required to assess the willingness and ability of the sponsor to safely care for the Class Member.

Unless the potential sponsor advises ICE that he or she is unwilling to care for the Class Member, ICE will without unnecessary delay provide the potential sponsor with the Affidavit of Support (Form I-134) and an agreement (Sponsor Agreement) to:
1. provide for the minor's physical, mental, and financial well-being;
2. ensure the minor's presence at all future proceedings before ICE and the immigration court;
3. notify ICE and the immigration court of any change of address within five days following a move;
4. in the case of sponsors other than parents or legal guardians, not transfer custody of the minor to another party without the prior written permission of the ICE Field Office Director, or his or her designee;
5. notify the ICE Field Office Director or his or her designee at least five days prior to the sponsor's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or order of removal; and
6. if dependency proceedings involving the minor are initiated, notify the ICE Field Office Director or his or her designee of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the minor.

ICE shall request that the potential sponsor return the completed Affidavit of Support (Form I-134) and sponsor Agreement as promptly as possible and shall accept such documents via email or U.S. Postal Service or any other means.

If the completed Affidavit of Support (Form I-134) and Sponsor Agreement are not promptly received, ICE will attempt to contact the potential sponsor to obtain the completed forms. If the potential sponsor provides an incomplete Affidavit of Support (Form I-134) or sponsor, ICE shall contact the potential sponsor to obtain missing or corrected information.

ICE may also request that the potential sponsor provide a copy of photo identification.

If the completed Affidavit of Support (Form I-134), Sponsor Agreement, and if requested photo identification are not reasonably promptly received, ICE shall commmence communication with any second or third proposed sponsor(s) identified by a parent and follow the. same steps outlined above. For the period of time during which ICE is awaiting receipt of the completed Affidavit of Support (Form I-134) and Sponsor Agreement, the child(ren) may lawfully continue to be detained together with the parent or legal guardian. This process will not prevent the lawful removal of a Class Member, should he or she become subject to a final removal order during the process and there are no legal impediments (e.g., a stay of removal) to immediate removal.

B.        <u>Informing Parent or Legal Guardian of Status of Release to a Sponsor</u>

Upon making contact with a potential sponsor named by a parent or legal guardian, ICE will advise the parent or legal guardian, in writing, that contact was made, whether the potential sponsor indicated a willingness to take custody of the child(ren), and whether and/or when the required sponsor affidavit and affidavit of support were forwarded to the potential sponsor. This will allow the parent or legal guardian to communicate with the potential sponsor, ensure the potential sponsor has received the materials, and monitor when the materials are completed and returned to ICE.  It is the responsibility of the potential sponsor and the parent or legal guardian or their attorney or legal representative to provide all necessary materials to ICE.

If ICE determines that none of the proposed sponsor arrangements are appropriate under Paragraph 14 of the FSA, then the parent or legal guardian will be informed in writing in a language they understand why ICE has determined that a proposed sponsor is not an appropriate placement for the parent's child(ren), and that they may submit the names and contact information of other possible sponsors if they have not already done so.

Paragraph 24.D of the FSA also requires that ICE promptly provide each parent or legal guardian of a Class Member not released with:  (a) INS Form 1-770; (b) an explanation of the right of judicial review as set out in Exhibit 6 of the Flores Settlement Agreement, and unless already provided; and (c) the list of free legal services available in the area in which the minor is detained (unless previously given to the parent).

If ICE determines a proposed sponsor's arrangement to be appropriate under Paragraph 14 of the FSA, then the Class Member will be released to the designated sponsor, upon ICE receiving written consent from the parent or legal guardian authorizing the release of the parent's child(ren) to the sponsor.

C. Suitability assessments

ICE may also interview the proposed sponsor to ensure that they are able to satisfy the requirements of the Sponsor Agreement and safely care for the Class Member if released to the proposed sponsor. ICE may, for example, obtain the proposed sponsor's ICE or USCIS "A" number if they have one so that the agency may determine whether the proposed sponsor is under a final order of removal or has an outstanding arrest warrant, either of which may indicate that the child should not be released to the proposed sponsor. ICE may conduct background checks of all potential sponsors and adults living in the sponsor's residence.

All such steps taken and the results will be recorded in the Class Member's A file.

9. Termination of sponsor custody arrangements

Paragraph 16 of the FSA allows ICE to terminate the custody arrangements and assume legal custody of any Class Member whose sponsor fails to comply with the FSA Paragraph 15 Release Agreement, except for the requirements of subsection (C) failure to notify ICE or the immigration court of any change of address within five (5) days following a move. Should ICE terminate a sponsor's custody arrangement, recognizing that such terminations may need to occur with little notice, prior to taking the Class Member back into custody, ICE will consider the availability of any alternative sponsor to the extent practicable.

Should ICE intend to. terminate a sponsor. Custody arrangement, and if the minor's parent is till detained by. ICE or if ICE. has the parent's current location or telephone number, and unless exigent circumstances require ICE to act immediately, it shall notify the parent why it intends to terminate a sponsor's custody arrangement and determine whether the parent wishes to. identify an alternative sponsor. If the parent does so, ICE shall assess the suitability of the new proposed sponsor following the steps outlined above when assessing sponsors in the first instance.

10. <u>Right to Bond Hearing</u>

Paragraph 24.A of the FSA requires that all minors in removal proceedings shall be afforded a bond redetermination hearing before an immigration judge, unless the minor, indicates on the Notice of Custody Determination form that the minor refuses such a hearing. It is ICE's responsibility to schedule such bond hearings.

11.     <u>Service of documents</u>

Any documents provided to a parent or a minor to implement this protocol or comply with the FSA shall be forwarded by email or mailed by first class mail to the parent's and minor's attorney(s) of record. Notwithstanding the foregoing, when a parent or Class Member is provided the Notice of Rights and a list of free legal services, rather than forwarding copies of these documents to the parent's or Class Member's counsel of record, ICE may, at its option, simply notify the counsel of record by email or first class mail that these documents have been provided to the parent or Class Member.

/ / /

# EXHIBIT D

*Flores* Settlement Parent/Guardian Release Decision

**Before you make any decisions about your child's rights under the *Flores* case, you should speak with a lawyer, legal representative, family member, friend, social worker, or other individual of your choice.**

If you don't have a lawyer and want to speak to one, then you can call the lawyers or organizations on the list given to you by an immigration officer. Any decisions you make about your child's rights under the *Flores* case must be made by you voluntarily and with an understanding of your child's rights.

You have been given a document called the *Flores* **Settlement Agreement Notice of Rights**. If you have not been given that document, ask an ICE officer or your attorney to give you a copy of the *Flores* **Settlement Agreement Notice of Rights** before you complete this form. Read the *Flores* **Settlement Agreement Notice of Rights** carefully and discuss it with a lawyer.

If you decide your child should be released to a sponsor living in the United States, ICE must get some information about the sponsor to make sure he/she can provide a safe home for your child.

**Providing the information requested on this form does not mean you have made a final decision to have your child(ren) released to any particular sponsor at this time**. When you complete this form it will allow ICE to contact your proposed sponsors to see if they are willing to provide your child with a safe place to live. **If ICE decides to release you before your child is released to a sponsor you have selected, then you and your child(ren) may be released together**.

If the sponsors you have identified are unable or unwilling to travel to the place where you are detained to pick up your child, you may identify another person on this form who will transport your child to any sponsor you have identified and ICE has approved to care for your child.

**You must complete this form if you would like ICE to release your child(ren) to a sponsor under the *Flores* case**.

*If you are unable to provide all the information being requested below, please answer to the best of your ability*. You can ask to update your responses at any time if additional information becomes available to you.

If you complete this form, show it to your ICE Deportation Officer and ask the officer to give you a copy of the completed form.

If you previously completed this form and said that you wanted your child(ren) to remain in detention with you, but you have changed your mind and now want your child(ren) released, then you or your attorney should ask an ICE officer for a new form to fill out. Complete the form, show it to your ICE Deportation Officer, and ask the officer to give you a copy of the completed form.

1

If you previously completed this form and said that you wanted your child(ren) released but now have changed your mind, you or your attorney should tell an ICE officer that you have changed your mind and no longer want your child(ren) released. Request a new form like this one. Complete the form, show it to your ICE Deportation Officer, and ask the officer to give you a copy of the completed form.

**It is your choice whether to have your child released or have your child remain with you in detention. Whatever you decide, you can always change your mind before your child is released. Once your child(ren) is released, you cannot change your mind and have your child(ren) brought back into detention. Remember, you are NOT required to fill out this form.**

**Information about you and your child(ren)**

1. Date _____ Your name: _____
Your A number: _____

2. Names of your child(ren) you have decided you do <u>not</u> want released unless you are released with them:
_____

3. Names of child(ren) you have decided you <u>do</u> want released even if you are not released with them:
_____

**Information about your sponsors**

1. Name of your first choice of the sponsor you want your child(ren) released to:
_____
Telephone Number: _____ Email Address: _____
Street Address: _____ Apartment #: _____
City: _____ State: _____ Zip Code: _____
How is the sponsor related to your child:  parent /__/,   grandparent /__/,   uncle or aunt /__/,   brother or sister /__/,   unrelated family friend /__/
Have you already contacted the sponsor to find out if they are willing to care for your child? Yes /__/   No /__/
If yes, has the sponsor agreed to care for your child(ren)? Yes /__/   No /__/   Don't know /__/

2. If you have a <u>second</u> choice of who you want your child(ren) released to, fill this out:
Telephone Number: _____ Email Address: _____
Street Address: _____ Apartment #: _____
City: _____ State: _____ Zip Code: _____
How is the sponsor related to your child:  parent /__/,   grandparent /__/,   uncle or aunt /__/,   brother or sister /__/,   unrelated family friend /__/
Have you already contacted the sponsor to find out if they are willing to care for your child? Yes /__/   No /__/

If yes, has the sponsor agreed to care for your child(ren)? Yes /__/     No /__/    Don't know /__/

3. If you have a third choice of who you want your child(ren) released to, fill this out:
Telephone Number: _____    Email Address: _____

Street Address: _____ Apartment #: _____
City: _____ State: _____ Zip Code: _____
How is the sponsor related to your child:  parent /__/,   grandparent /__/,   uncle or aunt /__/, brother or sister /__/,    unrelated family friend /__/
Have you already contacted the sponsor to find out if they are willing to care for your child? Yes /__/    No /__/
If yes, has the sponsor agreed to care for your child(ren)? Yes /__/    No /__/   Don't know /__/

**4.** Does your child(ren) have a medical condition that could make it difficult for the sponsor to care for your child(ren)?   /__/yes       /__/ no
5. If yes, briefly describe the medical condition: _____
_____
_

6. If you believe the sponsors you have identified may be unable or unwilling to come to the facility where you are detained to pick up your child, you may identify someone else to transport your child to any sponsor you have identified.

Name of person who you want to transport your child to a Caregiver you have identified:
_____
Telephone: _____ Email address (if known): _____
Is this person a relative of your child: Yes /__/. No /__/
If a relative, what is their relationship to your child: Parent /__/ Brother /__/ Sister /__/ Uncle /__ Aunt /__/ Grandparent /__/. Other _____

*You should consult with an attorney or legal representative before signing this form. You are not required to sign this form unless you have decided that you may want your child released or are changing your mind after submitting the form.*

## Certification

I (Name of Parent or Legal Guardian) _____ certify that the information furnished above is correct to the best of my knowledge. I also certify that I was given a sufficient opportunity to consult with an attorney, or a legal representative, for assistance with completing this questionnaire. I submit this information voluntarily and free of coercion. I understand I am not required to sign this form unless I want my child released to a sponsor.

Signature of Parent or Legal Guardian: _____
Date: _____

3

If you have an attorney or Legal Representative, you may but are not required to ask the attorney or legal representative to sign below,

I am the attorney of record for the above detainee. I have reviewed this form with my client and have explained each item of the form to him/her, and I have explained the detainee's relevant rights and those of his/her child(ren) to him/her. I have also answered all of his/her questions with regard to those rights and the items contained in this form.

    Signature of Attorney or Legal Representative: _____
Date: _____

/ / /

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

>  /s/ *Peter Schey*
> Peter A. Schey
> CENTER FOR HUMAN RIGHTS &
> CONSTITUTIONAL LAW
> *Class Counsel for Plaintiffs*