CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
         crholguin@centerforhumanrights.org
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General of the United States; *et al.*,<br><br>Defendants. | Case No. CV 85-4544-DMG<br><br>[Corrected] Joint Report in Compliance with ¶ 7 of Order Aug. 7, 2020 [Doc. # 914].[1]<br><br>Hearing:  Sept. 4, 2020.<br>Time: 11:00 a.m.<br><br>[HON. DOLLY M. GEE] |

/ / /

---

[1] The previously submitted Joint Report inadvertently included minor track changes deleted from this corrected report.

*Plaintiffs' counsel continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu


LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu


NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (CAL. RLSA NO. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email:   lwelch@youthlaw.org
         ndesai@youthlaw.org
         pjuneja@youthlaw.org
         fpitts@youthlaw.org

/ / /

By order dated August 7, 2020 [Doc. # 914], the Court directed the Parties to report on the progress of resolving their differences regarding "(1) certain disclosures, including information regarding existence of COVID-19 infection among Class Members, that should be provided to minors' immigration counsel during the pandemic; and (2) the quality of the data that Defendants maintain and provide to Class Counsel pursuant to Paragraph 28A of the FSA." *Id*. at 4.

I. <u>Disclosure of information regarding existence of COVID-19 infection to minors' immigration counsel</u>.

The Parties' respective positions remain as stated in their joint report of July 31, 2020, Doc. # 898 ("July 31 Report") at 26-28.

II. <u>Data produced pursuant to FSA ¶ 28A</u>.

On August 12, 2020, Defendants produced amended data reports such that the Parties have resolved their differences over the issues raised in Plaintiffs' correspondence of July 14, 2020, as described in the July 31, 2020 Report at 12-13.[2]

<u>Plaintiffs' Position</u>:

Since Plaintiffs correspondence dated February 11, 2020 [Doc. # 738, Exhibit Q], and as a result of numerous subsequent communications and the Joint Status Report filed July 31, 2020 [Doc. # 898 at 17-18], Defendants have known that in addition to other concerns relating to data collection which as stated above have now been resolved, under Paragraph 28 of the FSA the Juvenile Coordinator is required for each detained Class Member to "collect information regarding *the reasons* for every placement of a minor in a detention facility …" (Emphasis added). Paragraph 29, in turn, states that Defendants "shall" provide to Class Counsel "the information collected pursuant to Paragraph 28 … and each … policy or instruction issued to [Defendants'] employees regarding the implementation of

---

[2] Defendants have yet to produce revised data reports for April, but have agreed to do so.

1

this Agreement." This concern is not "vague" as Defendants state below. Neither the FSA's language nor what Plaintiffs seek is "vague."[3]

The parties have met and conferred on these issues but have not resolved their differences. Defendants complain that Plaintiffs have failed to explain precisely what they believe is missing from Defendants' reporting obligations "to allow Defendants an opportunity to resolve their concerns." Plaintiffs are not at this time seeking an Order requiring Defendants to provide Class Counsel with the information identified above. Plaintiffs are simply suggesting that the parties further meet and confer so Defendants will have "an opportunity to resolve [Plaintiffs'] concerns," and the parties can subsequently report to the Court the results of their discussions on a date selected by the Court.

Defendants' Position:

Defendants understand that their recent updated data productions and changes made to their monthly reporting have resolved the issues raised in Ms. Holguin's July 14, 2020 letter.

With regard to the remaining complaints raised by Plaintiffs, Defendants note that since the Court's August 7, 2020 Order, Plaintiffs made no effort to meet and confer regarding the issue of data produced under Paragraph 28.A. As detailed in the July 31 Report, Defendants have repeatedly asked Plaintiffs to detail any continuing concerns that they have with their monthly data reporting given the numerous changes Defendants have made to their reporting in an effort to respond to Plaintiffs' concern. Despite this, and despite the Court's August 7, 2020 order that the parties meet and confer on this issue and provide a report on August 31, 2020, Defendants are first being made aware that Plaintiffs have additional concerns through an email from Plaintiffs sent 7:00 pm Eastern Time on August

---

[3] As clearly explained in the Joint Status Report filed July 31, 2020, at 17-18, Defendants have simply not provided Class Counsel with the information identified above. This is hardly news to Defendants.

2

21, 2020, adding the above language regarding Plaintiffs' position to the joint report. Defendants cannot tell from the statement what specific concerns remain with regard to this data at this time given the numerous changes Defendants have made to their reporting, nor have Plaintiffs explained precisely what they believe is missing to allow Defendants an opportunity to resolve their concerns. Defendants do not agree that they have not provided Plaintiffs with all information they are required to provide under the Agreement, and Plaintiffs have no clarified what they are seeking. Defendants cannot provide a meaningful response to Plaintiffs' complaints given the vague nature of Plaintiffs' position and the late hour it was sent. Defendants object, once again, to the manner in which Plaintiffs' counsel are pursuing this issue without adhering to agreed-upon deadlines or providing any clarity as to how this issue can finally be resolved. Defendants reiterate their request that the Court order this issue has been resolved, and that Plaintiffs should not be permitted to continue to raise ad hoc challenges to the substance of Defendants' reporting unless they are contending that the reporting contains errors or is otherwise inaccurate.

                                                Respectfully submitted,

Dated: August 21, 2020        /s/Peter Schey
                                        Peter A. Schey
                                        Carlos R. Holguin
                                        CENTER FOR HUMAN RIGHTS &
                                        CONSTITUTIONAL LAW
                                        *Class Counsel for Plaintiffs*

                                        */s/ Sarah Fabian (*with permission)
                                        Sarah B. Fabian
                                        Senior Litigation Counsel
                                        U.S. DEPARTMENT OF JUSTICE
                                        Office of Immigration Litigation
                                        District Court Section
                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I served the foregoing joint status report on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

    /s/ *Peter Schey*
Peter A. Schey
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
*Class Counsel for Plaintiffs*