CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
   crholguin@centerforhumanrights.org
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br>   Plaintiffs, <br><br>   v. <br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.*, <br><br>   Defendants. | Case No. CV 85-4544-DMG <br><br> **Plaintiffs Comments re ICE Juvenile Coordinator's Report [DOC. # 932-1]** <br><br> Hearing:  September 4, 2020 11 AM <br><br> [HON. DOLLY M. GEE] |

///

*Plaintiffs' counsel continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu


LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu

///

This Court's Order of August 7, 2020 ("August Order") [Doc. # 912] required the Juvenile Coordinators to file their next interim report by August 24, 2020, covering the topics listed in the April 24, 2020 Order [Doc. # 784]. The parties and amici were ordered to meet and confer regarding any areas of dispute and the Order stated the Court would not consider any issues at the September 4, 2020, status conference not shared and discussed in advance in an effort to achieve resolution.

On August 27, 2020, Plaintiffs shared with Defendants in writing three concerns with the ICE Juvenile Coordinator's Report "(Report)" and Defendants responded in writing. Plaintiffs offered to meet telephonically on August 27 or 28 but Defendants' counsel was not available to do so.

1. Some summaries of why minors have not been released in the unredacted Attachment A to the Report raise concerns. For example:

a. The unredacted Attachment A to the Report states: "The minor is subject to a final order of removal and there are no legal impediments to removal at this time. Minor/family is scheduled for removal on November 3, 2020 via ICE charter flight. Due to COVID 19, there are not commercial flights for individual family unit removals and ICE must coordinate charter flights with individual countries. ICE is working with the Consulate of Democratic Republic of Congo for the travel documents and concurrence to receive the family." For another Class Member the Report states: "The minor is subject to a final order of removal and there are no legal impediments to removal at this time. The family is cooperating with the travel document process and has completed the documents required for issuance of their travel documents. The ICE Assistant Attache for Removals in Vietnam is working with the Vietnamese government on the travel documents needed to effectuate the removal. Once the documents are issued the family will be scheduled for removal on the next available removal flight."

  Concern: With regards the first Class Member, November 3, 2020, is more than two months away. With regards the second, it could be months before travel documents are obtained. Plaintiffs believe a minor's ¶ 14 rights remain viable if removal is not relatively imminent.

  Defendants did not respond to the issue of the *length* of these Class Members' detention, instead responding that in order to release a Class Member whose parent is not eligible for release, a parent or legal guardian has to identify a caregiver and give permission for such release. And "as of yet there are no protocols in place for such a release."

  Plaintiffs believe this situation violates the FSA and may be cured in part if Plaintiffs' pending motion for an Order requiring the issuance of advisals and establishment of steps to release minors is granted.

  Even then it remains unclear how long Defendants believe they can detain Class Members without regard to Paragraphs 14 and 18 because at some point in the future they will be removed. Nor is it clear if a parent wants her child released whether ICE will continue to deny release for reasons previously opposed by Plaintiffs and rejected by this Court. *See, e.g.*, June Order at 5,¶4.d; Order of May 22, 2020 at 2 ("The information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized.") [Doc. # 799]. If deportation is indeed imminent then the FSA does not require release of a Class Member. However, "[t]he definition of 'imminent' is 'ready to take place' or 'happening soon.'" Order of April 24, 2020, at 13, *quoting* Merriam-Webster Online. [Doc. # 784].

  Plaintiffs do not object to the parties meeting and conferring further on these issues after the Court determines the pending motion for advisals and a protocol to implement Class Members' release.

  b. The unredacted Attachment A to the Report states for most minors: "This minor may be eligible for individual release if the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him."

  <u>Concern</u>: These entries show the need for an advisal and protocol. Defendants position is that they are aware of the pending motion "and expect the Court will resolve this issue."

  2. The Report states: "ICE has been making continuous efforts to release Class Members under applicable standards throughout the course of this litigation ..." Plaintiffs do not believe this statement is accurate though it requires no immediate action aside from the matters the Court is already addressing or ordering the parties to address.

  3. The Report states: From July 22 to August 17, 2020, 126 Class Members were released into the interior of the United States.

  <u>Concern</u>: The Report does not explain why these class members were released or whether they were released in compliance with the FSA or simply because ICE decided to release their parents for unknown reasons.

  In order to respond fully to the Juvenile Coordinator Reports and to enforce the monitoring rights of Class Counsel under Paragraphs 32-33 of the FSA, Plaintiffs informed Defendants that they wish to conduct video conference interviews with detained Class Members and parents. Defendants have not responded. Plaintiffs believe they are entitled to such monitoring during the COVID-19 pandemic and will further meet and confer on this issue and advise the Court and Special Master/Independent Monitor if Defendants refuse to permit monitoring and Class Member interviews via video-conference.

  ///

                                              Respectfully submitted,

Dated: August 28, 2020        */s/ Peter Schey*
                                         Peter A. Schey
                                         CENTER FOR HUMAN RIGHTS &
                                         CONSTITUTIONAL LAW
                                         *Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

      I hereby certify that on August 28, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                                               */s/ Peter Schey*
                                             Peter A. Schey
                                             CENTER FOR HUMAN RIGHTS &
                                             CONSTITUTIONAL LAW
                                             *Class Counsel for Plaintiffs*