CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
Melissa Adamson (Cal. Bar No. 319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, Attorney General of the United States, *et al.*,<br><br>    Defendants. | No. CV 85-4544-DMG-AGRx<br><br>APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBIT 1 TO THE DECLARATION OF MELISSA ADAMSON SUBMITTED IN SUPPORT OF PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO ENFORCE SETTLEMENT RE "TITLE 42" CLASS MEMBERS<br><br>Hearing: Sept. 4, 2020<br>Time: 11:00 a.m.<br>Hon. Dolly M. Gee |

# APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBIT 1 TO THE DECLARATION OF MELISSA ADAMSON SUBMITTED IN SUPPORT OF PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO ENFORCE SETTLEMENT RE "TITLE 42" CLASS MEMBERS

Plaintiffs submit this unopposed[1] Application seeking leave from the Court to file under seal portions of Exhibit 1 to the Declaration of Melissa Adamson submitted in support of Plaintiffs' Reply to Opposition to Motion to Enforce Settlement Re "Title 42" Class Members, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. The portions of the Exhibit 1 Plaintiffs seek to seal contain personally identifying information about children in Department of Homeland Security ("DHS") immigration custody. As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Leecia Welch, a proposed order, and redacted and unredacted versions of Exhibit 1.

The portions of Exhibit 1 that Plaintiffs seek to seal are detained children's Subject ID numbers which can be used to identify them. The children identified in Exhibit 1 are minors in the immigration detention custody of DHS. These youth have an interest in maintaining their privacy during and following immigration custody.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on

---

[1] Defendants' counsel (Ms. Sarah Fabian, Senior Litigation Counsel, Office of Immigration Litigation, PO Box 868. Ben Franklin Station, Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov) has informed Plaintiffs that Defendants do not oppose this Application.

hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal portions of Exhibit 1 to the Declaration of Melissa Adamson Submitted in Support of Plaintiffs' Reply to Opposition to Motion to Enforce Settlement Re "Title 42" Class Members. Exhibit 1 contains the Subject ID numbers of children which is the information Plaintiffs seek to seal. These are unique identifiers that could be used to ascertain the identities of these children, who are in immigration custody.

I. <u>Compelling reasons support the sealing of the personally identifying information of children in DHS custody.</u>

Plaintiffs' Motion to Enforce and the supporting Exhibits implicate the privacy interests for the children held in DHS custody pursuant to Title 42 and thus protection of their identities is warranted. First, the claims address details of the children's immigration detention. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in federal immigration custody. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Further, the children's identifying information should also be protected because the sensitive subject matter at issue – their immigration detention – is based exclusively on their experiences as minors. Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Sealing of the Subject ID numbers of the children listed in Exhibit 1 is necessary to protect their identities. These Subject ID numbers are individual identifiers that uniquely identify the children to whom they correspond.

## II.     Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek only a limited sealing order that permits them to file portions of Exhibit 1 under seal. Other relevant information important to Plaintiffs' presentation of the issues would still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, sealing the Subject ID numbers contained in Exhibit 1 is the least restrictive method of ensuring the subject children's privacy while permitting the public access to the maximum amount of information.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal portions of Exhibit 1.

Dated: August 28, 2020

CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Poonam Juneja
Freya Pitts
Melissa Adamson


 /s/ Leecia Welch
Leecia Welch
*One of the Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I caused a copy of Plaintiffs' Application for Leave to File Under Seal, the accompanying Declaration in Support of the Application, and Exhibit 1 to be served by email to the following counsel listed below:

Sarah B. Fabian,
sarah.b.fabian@usdoj.gov
Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Dated: August 28, 2020

                                                /s/ Leecia Welch
                                                Leecia Welch