CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.org
       pschey@centerforhumanrights.org

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br> - vs - <br><br> WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-RJK(Px) <br><br> PLAINTIFFS' RESPONSE TO AMICI BRIEFS <br><br> Hearing: September 4, 2020 <br> Time: 11:00 A.M. <br><br> Judge: Hon. Dolly Gee |

///

- 1 -

*Listing of Plaintiffs' counsel continued*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu


LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500


/ / /

To the extent they may be useful to the Court, Plaintiffs provide these brief comments in response to the two recently filed *amici* briefs.

The Brief of Amici Curiae Amnesty International USA and Human Rights Watch in Support of Plaintiffs' Motion to Enforce the FSA ("AI/HRW Brief") [Doc. # 948-1], was filed "in support of Plaintiffs' motion to enforce the *Flores* Settlement Agreement." *Id*. at 1. The AI/HRW Brief proposes additional measures "to ensure that the best interests of the child are protected as part of any 'Know Your Rights' … advisal and release procedure that may be ordered by the Court." *Id*.

First, the AI/HRW *amici* propose that "the government [be required to] explain why it refuses to exercise its discretion to release parents with their children from custody." *Id*. at 2. *See also Id*. at 9 ("the government should document on individual parole worksheets all efforts to release parents with their children … [I]t is critical that the government explain why it refuses to exercise its discretion to release parents with their children from custody during the ongoing COVID-19 pandemic.")[1]

Plaintiffs agree with the *amici* parties. Indeed, Class Counsel recently submitted to Defendants a FOIA request seeking copies of instructions issued to ICE officers regarding the release of parents, as well as the parole worksheets and documents relied upon to make release decisions for all Class Members and parents detained since January 1, 2020. *See* Exhibit A. The *amici* parties joined that request. *Id*.

Nevertheless, it would be far more effective to achieve FSA compliance and lead to a more prompt response if this Court ordered Defendants to provide this information, possibly via reports of the ICE Juvenile Coordinator.

---

[1] The Amicus Brief filed by ALDEA, *et al*. ("ALDEA Brief") (Doc.# 951) similarly proposes that ICE be required to provide "a detailed, reasoned, written explanation for why, in its discretion, after considering all relevant information, it has concluded that a Class Member cannot be released from ICE custody *with their accompanying parent*." *Id*. at 6 (emphasis added).

Second, the AI/HRW *amici* agree with Plaintiffs that "[a] robust KYR [know your rights] advisal should be put in place to correct [Defendants'] abusive practices and provide families with a sufficient understanding of their rights." AI/HRW Brief at 12. They propose that dissemination efforts should extend beyond mere written notice. *Id*. The Court should order the government to provide guaranteed and regular access for detained Class Members to attend KYR presentations. *Id*. Those presentations should be conducted by legal service providers, other service providers, or NGOs with expertise in the issues, who can explain Class Members' rights in the KYR advisal "by live video or in-person, in a language that parents can understand, and with an opportunity for Q&A." *Id*. Amici propose that the Court should also order the parties to develop posters summarizing the KYR advisals that "should [be] prominently display[ed] … in all facilities where Class Members are detained, thereby disseminating knowledge of these rights to Class Members, and also to facility staff and ICE officers." *Id*. at 12.

Plaintiffs agree with these proposals and believe they involve reasonable interpretations of the FSA or, alternatively, are justified by Defendants' history of non-compliance.

Finally, the AI/HRW *amici* propose that "any release procedure include an independent evaluation of the best interests of each child conducted by a third-party expert." *Id*. at 12. Plaintiffs have made a similar proposal by including in the proposed advisal of rights the following language: "You may also ask your Case Manager or your attorney to assist you setting up a call or meeting with a social worker you or your attorney identify." Proposed Order, Exhibit 1 at 2. [Doc. # 921-1.]

Plaintiffs continue to believe that a parent is in the strongest position to assess the best interests of his or her child. Nevertheless, Plaintiffs support either an advisal that parents may consult with a social worker or child welfare expert (to be permitted

by ICE if a parent wishes to so consult), or a more formal role for an independent evaluation of the best interests of each child as proposed by the AI/HRW *amici*.

The ALDEA *amici* propose that the Court order ICE to "ensure that all Class Members in custody are detained in FSA-compliant [licensed and non-secure] facilities by or before September 11, 2020." ALDEA Brief at 9. The Plaintiffs' proposed advisal includes the following language: "Unless they are an escape risk or a danger to themselves or others, your children also have the right to be held in a non-secure facility that is licensed by a state to care of dependent children." Proposed Order, Exhibit 1 at 2. [Doc. # 921-1.] The FOIA Plaintiffs' counsel have submitted to ICE seeks all records relating to the contracts for operation of the FRCs (which should disclose their secure versus non-secure status), as well as their licensing status. *See* Exhibit A at 4-5.

The Court may consider ordering (1) the ICE Juvenile Coordinator to reasonably promptly report on the status of the secure versus non-secure and licensing status of Defendants' three FRCs, and/or (2) the parties to meet and confer on this issue and report back to the Court by a date certain.

The ALDEA *amici* also propose that the Court "should order the Government to establish a toll-free hotline where Class Members, their accompanying parents, attorneys, and facility staff may report alleged violations of the Agreement." ALDEA Brief at 15. Plaintiffs have similarly proposed that the advisal of rights include text reading: "If you have any questions about your children's rights under the *Flores* case, you may also telephone without charge the attorneys for children in the *Flores* case at 800-xxx-xxxx," with a toll-free phone number to be provided by Class Counsel. Proposed Order, Exhibit 1 at 2. [Doc. # 921-1.]

Next, the ALDEA *amici* argue that Plaintiffs' proposed waiver is "incompatible with the Government's obligations under the preliminary injunction in the *Ms. L.* litigation," and that by permitting a Class Member to remain detained with a parent

who declines to identify sponsors to whom they would like their child released, amounts to a waiver of the child's release rights by the parent's "silence." ALDEA Brief at 24-25.

    The Ms. L case dealt with the Government *involuntarily* separating children from their parents, and under those circumstances required a knowing and intelligent waiver by the parent of the right to remain together with their child. The advisal and protocol proposed by Plaintiffs seek to ensure that if a child is released without a parent, this is accomplished only *after* the parent has been made aware of their child's FSA release rights, and has voluntarily decided they wish to have their child released, certainly not forcibly or involuntarily.

    The issue of a waiver by "silence" is a more difficult question. Plaintiffs' proposed advisal and protocol seek to avoid a parent being forced to make a prompt decision about their child's custody status. Plaintiffs recognize parents may require time to consider what they believe is in the best interest of their children, and may also change their minds after making a decision and sharing it with ICE. To address these concerns, Plaintiffs have proposed that a parent is *not* required to make a decision to exercise or waive their child's release rights within any set time period. As a practical matter, if a parent or their attorney of record has not identified one or more sponsors to whom the parent wishes to have their child released, ICE cannot proceed to make and record efforts aimed at the release of the child to unidentified sponsors. The ALDEA *amici* offer no clear solution to the need of parents to have sufficient time to decide whether they wish to identify sponsors to whom they want their children released.

    Finally, the ALDEA *amici* propose an advisal that while using different words than the advisal proposed by Plaintiffs, provides much the same information for parents but in far less detail. While the ALDEA *amici's* proposed advisal informs parents that their child may "[b]e released without unnecessary delay (unless required to protect the safety of the child or others or to make sure the child appears in

immigration court) to (in order of preference) [to] [a] parent … [etc.]," it nowhere explains what a parent should do to exercise or waive their child's right to release. Nor do the ALDEA *amici* propose any steps ICE must take if a parent decides it's in their child's best interest to be released to a sponsor.[2]

Dated: September 1, 2020.  Respectfully submitted,

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum

_____Peter Schey_____
*Attorneys for plaintiffs*

---

[2] While repeatedly—with justification—excoriating the Defendants for their "substantial and harmful past and ongoing failure to comply with Paragraphs 12, 14, and 18 of the FSA," ALDEA Brief at 28, the ALDEA *amici* do not address Plaintiffs' proposed protocol that outlines steps ICE should take to promptly implement and record a parent's wishes regarding their child's release.

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

    /s/ *Peter Schey*
Peter A. Schey
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
*Class Counsel for Plaintiffs*