EXHIBIT A



# CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW

256 SOUTH OCCIDENTAL BOULEVARD
LOS ANGELES, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
www.centerforhumanrights.org

August 4, 2020

*Via Priority Mail USPS and via email to*
*ice-foia@ice.dhs.gov* and *foia@hq.dhs.gov*

Chief Privacy Officer/Chief FOIA Officer
Privacy Office, Mail Stop 0655
Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Washington, DC 20528-065

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

Re:  Freedom of Information Request

To Whom It May Concern:

      This request is made pursuant to the Freedom of Information Act ("FOIA") on behalf of the Center for Human Rights and Constitutional Law (Los Angeles, CA), and the following non-profit organizations: Amnesty International USA, Human Rights Watch, Aldea – The People's Justice Center (Reading, PA), Alianza Americas (Chicago, IL), Columbia Law School Immigrants' Rights Clinic (New York, NY), Clergy and Laity United for Economic Justice (Los Angeles, CA), El Rescate (Los Angeles, CA), Geographies of Displacement: a Joint Research Project of the University of Texas at Austin and El Colegio de Sonora (Austin, TX), Immigrant Justice Task Force (Chicago, IL), Interfaith Community for Detained Immigrants (Chicago, IL), League of United Latin American Citizens (Huntington Beach, CA), Legal Aid Foundation of Los Angeles (Los Angeles, CA), Legal Services for Prisoners with Children (San Francisco, CA), No More Deaths (Tucson, AZ), Project Lifeline (Tiburon, CA), Proyecto Dilley (San Antonio, TX), Public Law Center (Santa Ana, CA), Refugee and Immigrant Center for Education and Legal Services (San Antonio, TX), Uncage & Reunite Families Coalition (Tempe, AZ), and Witness at the Border (Menlo Park, CA).

      The Requesting Parties are represented in this matter by the Center for Human Rights and Constitutional Law, Columbia Law School Immigrants' Rights Clinic, Greater Dallas Legal and

ICE FOIA Request re Family Detention
August 4, 2020
Page 2 of 8

Community Development Foundation, Legal Aid Foundation of Los Angeles, Legal Services for Prisoners with Children, and St. Vincent de Paul Legal Program Child Advocacy Clinic at St. Johns University School of Law.

<u>Location of documents sought</u>

This request seeks documents in the possession of the Department of Homeland Security (DHS) and the Immigration and Customs Enforcement (ICE) Headquarters and its family detention centers, juvenile detention centers, and locations where parole or credible fear determination records are located.

<u>Purpose of document request</u>

The Requesting Parties seek access to the information described below in order to further their study and assessment of policies and practices relating to the adjudication of, and delays in processing of parole and credible fear determinations for immigrant minors and their parents in ICE custody. The Requesting Parties' interest in this information is non-pecuniary and they will both use the records obtained to develop administrative and legislative policy recommendations as well as to disseminate records obtained to other stakeholders and academicians concerned with the detention of parents and their children.

The assessments arrived at by the Requesting Parties along with documents released or summaries of such documents will be shared with interested non-profit organizations, religious entities, and U.S. policy makers, with the goal of increasing public understanding of the issues addressed in the requested documents and encouraging the formulation of proposals for consistent and fair parole and credible fear determinations and the prompt release of parents with their children.

<u>Time to Respond</u>

If you find it impossible to produce all documents called for by this request within the statutorily prescribed time limits, please produce all documents that are located by you within such time and advise us when you believe the remainder of the documents requested will be produced.

<u>Request for fee waiver</u>

Because the Requesting Parties are non-profit organizations, and because the information sought will be used solely for humanitarian purposes, we request that a fee waiver be granted in this matter.

The disclosure is likely to contribute to an understanding of government operations or activities. The disclosable portions of the requested records will be be meaningfully informative about government operations or activities and therefore will be likely to contribute to an increased public understanding of those operations or activities.

The disclosure of the requested information will contribute to public understanding. The disclosure will contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requesting parties. The requesters' collective expertise in the subject area and ability and intention to effectively convey information to the public may be considered as evidence of their ability to disseminate disclosures in a way that would contribute to public understanding.

The disclosures are likely to contribute significantly to public understanding of government operations or activities. The public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, will be enhanced significantly by the disclosure.

The requesting parties have no commercial interest that would be furthered by the requested disclosures.

If this request is insufficient to secure the requested fee waiver, please advise us of what additional information we can share with you that might permit you to approve the application. In the event a fee waiver is denied, we request that you process this request immediately and the Center for Human Rights and Constitutional Law agrees to pay all fees reasonably incurred responding to this request while reserving the right to appeal any denial of the fee waiver request.

<u>Definitions</u>

The terms "document" or "documents" as used in this request refer to all forms of communication preserved in some physical form, including, but not limited to, spreadsheets, data compilations, directives, instructions, files, indices, orders, reports, cables, emails, telegrams, notes, letters, instructions, memoranda, reviews, photographs, and transcripts, whether maintained in paper, digital, video, audio tape, or any other form.

The term the "FSA" refers to the settlement in the case entitled *Flores v. Barr*, Cv. No. 85-04544 (C.D. Cal.).

The terms "*Flores* class member" refers to all minors who are detained in the legal custody of the ICE. *See* FSA ¶ 10.

The term "parole worksheet" refers to documents used to record determinations regarding the release of parents detained with their *Flores* class member children in family detention facilities and *Flores* class members in the custody of ICE detained in any location identified below.

The term "Dilley" refers to the South Texas Family Residential Center run by CoreCivic in Dilley, TX.

ICE FOIA Request re Family Detention
August 4, 2020
Page 4 of 8

      The term "Karnes" refers to the Karnes Family Residential Center run by Geo Group in Karnes, TX.

      The term "Berks" refers to Berks Family Residential Center run by the County of Berks in Leesport, PA.

      The term "Cowlitz" refers to Cowlitz County Youth Services Center run by Cowlitz County in Longview, WA.

      The term "Norcor" refers to the Northern Oregon Regional Correctional Facility run by Wasco, Sherman, Gilliam and Hood River Counties in The Dalles, OR.

      The term "parent" includes parents and guardians detained by ICE with *Flores* class members.

Documents requested

      Unless otherwise indicated, the Requesting Parties seek access to copies of the documents described below relating to parents and *Flores* class members who were in ICE custody on January 1, 2020, or any time between January 1, 2020, and the date you receive this FOIA request.  This includes parents and *Flores* class members in ICE detention as of January 1, 2020, regardless if placed in ICE custody prior to January 1, 2020, as well as parents and *Flores* class members released between January 1, 2020, and the date you receive or respond to this FOIA request. If you have any questions about this limitation, please immediately contact us.

### **Dilley**

      1.      For each parent or guardian *and* for each accompanying *Flores* class member please separately produce (i) all of their parole worksheets, (ii) all documents relied upon to reach the decisions in the parole worksheets, (iii) all documents regarding interviews with the parents or their children regarding release, (iv) documents showing communications with the parents' or their children's counsel of record, (v) their forms I-860, I-867, I-870, and I-899, and (vi) all G-28 Notice of Appearance forms filed for the parents or *Flores* class member children regardless when the G-28 was filed with ICE.

      2.      Regardless of when dated, please produce all current contracts (i.e. those currently in force) relating to the operation of Dilley including contracts in which ICE or DHS is a party and contracts in which CoreCivic or any other person or entity is a party even if ICE or DHS are not parties.

      3.      Regardless of when dated, please produce all documents that relate to the current state license status of the Dilley facility, including but not limited to (i) any license(s) it possesses, (ii) application materials relating to the license(s), and (iii) all communications between ICE, DHS, or CoreCivic regarding the facility's current license(s).

      4.      Regardless of when dated, please produce all instructions or directions provided to ICE employees working at Dilley or Dilley staff relating to the release of minors or their accompanying parents, including instructions or directions relating to (i) which parents may be

released or (ii) compliance with the *Flores* Settlement Agreement or any of the Orders issued in *Flores v. Barr*, Cv. No. 85-04544 (C.D. Cal.).

### Karnes

5. For each parent or guardian *and* for each accompanying *Flores* class member please separately produce (i) all of their parole worksheets, (ii) all documents relied upon to reach the decisions in the parole worksheets, (iii) all documents regarding interviews with the parents or their children regarding release, (iv) documents showing communications with the parents' or their children's counsel of record, (v) their forms I-860, I-867, I-870, and I-899, and (vi) all G-28 Notice of Appearance forms filed for the parents or *Flores* class member children regardless when the G-28 was filed with ICE.

6. Regardless of when dated, please produce all current contracts (i.e. those currently in force) relating to the operation of Karnes including contracts in which ICE or DHS is a party and contracts in which Geo Group or any other person or entity is a party even if ICE or DHS are not parties.

7. Regardless of when dated, please produce all documents that relate to the current state license status of the Karnes facility, including but not limited to (i) any license(s) it possesses, (ii) application materials relating to the license(s), and (iii) all communications between ICE, DHS, or Geo Group regarding the facility's current license(s).

8. Regardless of when dated, please produce all instructions or directions provided to ICE employees working at Karnes or Karnes staff relating to the release of minors or their accompanying parents, including instructions or directions relating to (i) which parents may be released or (ii) compliance with the *Flores* Settlement Agreement or any of the Orders issued in *Flores v. Barr*, Cv. No. 85-04544 (C.D. Cal.).

### Berks

9. For each parent or guardian *and* for each accompanying *Flores* class member please separately produce (i) all of their parole worksheets, (ii) all documents relied upon to reach the decisions in the parole worksheets, (iii) all documents regarding interviews with the parents or their children regarding release, (iv) documents showing communications with the parents' or their children's counsel of record, (v) their forms I-860, I-867, I-870, and I-899, and (vi) all G-28 Notice of Appearance forms filed for the parents or *Flores* class member children regardless when the G-28 was filed with ICE.

10. Regardless of when dated, please produce all current contracts (i.e. those currently in force) relating to the operation of Berks including contracts in which ICE or DHS is a party and contracts in which Berks County or any other person or entity is a party even if ICE or DHS are not parties.

11. Regardless of when dated, please produce all documents that relate to the current state license status of the Berks facility, including but not limited to (i) any license(s) it possesses, (ii) application materials relating to the license(s), and (iii) all communications between ICE, DHS, or Berks County regarding the facility's current license(s).

12. Regardless of when dated, please produce all instructions or directions provided to ICE employees working at Berks or Berks staff relating to the release of minors or their

accompanying parents, including instructions or directions relating to (i) which parents may be released or (ii) compliance with the *Flores* Settlement Agreement or any of the Orders issued in *Flores v. Barr*, Cv. No. 85-04544 (C.D. Cal.).

### Cowlitz

13. For each *Flores* class member detained for ICE at Cowlitz at any time from January 1, 2020 to the time you receive this request please produce (i) all of their parole worksheets, (ii) all documents relied upon to reach the decisions in the parole worksheets, (iii) all documents regarding interviews with the parents or relatives of the detained *Flores* class members or with the detained *Flores* class members regarding release, (iv) documents showing communications with the parents' or relatives' or class members' counsel of record, (v) their forms I-860, I-867, I-870, and I-899, and (vi) all G-28 Notice of Appearance forms filed for the class members regardless when the G-28 was filed with ICE.

14. Regardless of when dated, please produce all current contracts (i.e. those currently in force) relating to the detention of *Flores* class members at Cowlitz, including contracts in which ICE or DHS is a party and contracts in which Cowlitz or any other person or entity is a party even if ICE or DHS are not parties.

15. Regardless of when dated, please produce all documents that relate to the current license status of the Cowlitz facility, including but not limited to (i) any license(s) it possesses, (ii) application materials relating to the license(s), and (iii) all communications between ICE, DHS, or Cowlitz regarding the facility's current license(s).

16. Regardless of when dated, please produce all instructions or directions provided to ICE employees dealing with or making decisions regarding *Flores* class members detained at Cowlitz, or provided to Cowlitz staff, relating to the FSA rights of *Flores* class members detained at Cowlitz including their right to release.

### Norcor

17. For each *Flores* class member detained for ICE at Norcor at any time from January 1, 2020, to the time you receive this request please produce (i) all of their parole worksheets, (ii) all documents relied upon to reach the decisions in the parole worksheets, (iii) all documents regarding interviews with the parents or relatives of the detained *Flores* class members or with the detained *Flores* class members regarding release, (iv) documents showing communications with the parents' or relatives' or class members' counsel of record, (v) their forms I-860, I-867, I-870, and I-899, and (vi) all G-28 Notice of Appearance forms filed for the class members regardless when the G-28 was filed with ICE.

18. Regardless of when dated, please produce all current contracts (i.e. those currently in force) relating to the detention of *Flores* class members at Norcor, including contracts in which ICE or DHS is a party and contracts in which Wasco, Sherman, Gilliam and Hood River Counties or any other person or entity is a party even if ICE or DHS are not parties.

19. Regardless of when dated, please produce all documents that relate to the current license status of the Norcor facility, including but not limited to (i) any license(s) it possesses, (ii) application materials relating to the license(s), and (iii) all communications between ICE, DHS, or Cowlitz regarding the facility's current license(s).

ICE FOIA Request re Family Detention
August 4, 2020
Page 7 of 8

20.     Regardless of when dated, please produce all instructions or directions provided to ICE employees dealing with or making decisions regarding *Flores* class members detained at Norcor, or provided to Norcor staff, relating to the FSA rights of *Flores* class members detained at Cowlitz including their right to release.

**Credible Fear Interviews**

21.     Please provide copies of all documents dated on or after January 1, 2019, involving in whole or in part instructions regarding the conduct of or decisions in credible fear of persecution or torture interviews and all training materials shared with officers conducting credible fear interviews dated on or after January 1, 2019.

Handling claimed exemptions

If you locate documents responsive to these requests regarding which you claim an exemption in whole or in part from disclosure, please identify (1) the author and his/her position in the Government, (2) the addressee(s), (3) the date of the document(s), (4) the general topic of the document(s), (5) the number of pages in the document(s), and (6) the specific exemption(s) claimed. If you claim an exemption to part(s) of a document, please produce the portion(s) for which no exemption is claimed and provide the information listed above for the portion(s) for which exemption(s) is/are claimed. This will permit us to determine whether or not to seek administrative or judicial review of your claims of exemption(s).

If we do not hear from you by the expiration of the statutory time period, we may deem your non-response to be a denial of this request and may seek administrative review.  Please advise us to whom the administrative appeal(s) should be addressed.

If you have any questions please feel free to call Peter Schey at (323) 251-3223 or email at pschey@centerforhumanrights.org.

Thank you for your consideration and assistance.

Sincerely,

Peter A. Schey
Center for Human Rights and
Constitutional Law

Elora Mukherjee
Columbia Law School Immigrants' Rights
Clinic

ICE FOIA Request re Family Detention
August 4, 2020
Page 8 of 8

                                       Jose Angel Gutierrez
Greater Dallas Legal and Community
Development Foundation

Dominique Quevado
Legal Aid Foundation of Los Angeles

Jennifer Baum
St. Vincent de Paul Legal Program Child
Advocacy Clinic at St. Johns University
School of Law

*Attorneys for the Requesting Parties*

ccs: Requesting parties

/ / /

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Peter Schey*
Peter A. Schey
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
*Class Counsel for Plaintiffs*