JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
        Tel:  (202) 532-4824
        Fax:  (202) 305-7000
        Email:  Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT** |
| WILLIAM P. BARR, Attorney General of the United States; *et al.,* | |
| Defendants. | |

1    1. On September 18, 2020, the Court ordered that the parties "may meet and

2 confer regarding the additional remedies proposed by the Legal Services Provider

3 and Human Rights Organization Amici and submit a joint status report, if any, by

4 October 9, 2020." ECF No. 987, ¶ 3. On October 5, 2020, Plaintiffs sent Defendants

5 an email detailing some of the additional remedies that they believed warranted

6 consideration. On October 8, 2020, the parties met and conferred regarding

7 Plaintiffs' suggestions.

8 PLAINTIFFS' POSITION:

9    Plaintiffs support several of the the proposals of *amici* Amnesty

10 International and Human Rights Watch ("AI/HRW Amici") [Doc. # 948-1] that –

11    (1) posters with a short notice of rights and an 800-number to be staffed by

12 Class Counsel be posted at family detention centers and other locations where

13 accompanied Class Members may be detained, AI/HRW Amici at 12. Defendants

14 appear to be willing to take steps to use posters to inform Class Members of their

15 rights although the details remain to be discussed further by the parties;

16    (2) Defendants should provide guaranteed and regular access for detained

17 Class Members to attend know your rights group presentations, AI/HRW Amici at

18 12;

19    (3) Class Members should have access to consult with a child welfare expert

20 to discuss issues relating to release versus remaining detained with a parent.

21 AI/HRW Amici at 12;[1] and

---

[1] AI/HRW Amici propose "an independent evaluation of the best interests of each child [to be] conducted by a third-party expert." *Id*. Plaintiffs have previously proposed that Class Members have access to consult with a child welfare expert. *See* Proposed Order, Exhibit 1, at 2 [Doc. # 921-1] ("You may also ask your Case Manager or your attorney to assist you setting up a call or meeting with a social worker you or your attorney identify.") Plaintiffs believe the best interests of each child are best determined by the child's accompanying parent but that providing access to a child welfare expert for those Class Members or parents who wish to so

(4) while this matter relates more to the protocols ICE has been ordered to draft, the government should document on individual Class Members' parole worksheets all efforts to release parents with their children, AI/HRW Amici at 9-10.

DEFENDANTS' POSITION:

Defendants agree to continue discussions regarding the proposal of posting the Notice of Rights at ICE Family Residential Centers following its finalization, and pending resolution of some additional details regarding the content of the posted Notice (i.e. whether the full Notice or a summary would be posted, in what language it would be posted). The parties agreed to continue this discussion as part of their meet and confer next week regarding the Court's proposed draft Notice.

2.  On September 18, 2020, the Court ordered that the parties "will further meet and confer on Plaintiffs' request to conduct video conference interviews with Class Members and parents to enforce Class Counsel's monitoring rights under Paragraphs 32 and 33 of the FSA." ECF No. 987, ¶ 5. On October 6, 2020, Plaintiffs sent a proposed schedule for interviews with Class Members and parents and video inspections at the three ICE Family Residential Centers. On October 8, 2020, the parties met and conferred regarding the details of those visits. Defendants are in the process of looking into several questions raised by Plaintiffs during the call and will continue to work with Plaintiffs to finalize the details of these inspections and interviews.

---

consult would be helpful to Class Members and parents faced with the difficult decision whether to exercise the minors' *Flores* release rights.

3. On September 18, 2020, the Court ordered that the parties:

> shall meet and confer with each other, as well as with the Independent Monitor Andrea Ordin and Special Expert Dr. Wise, for the final time, regarding (1) certain disclosures, including information regarding existence of COVID-19 infection among Class Members, that should be provided to minors' immigration counsel during the pandemic; and (2) the quality of the data that Defendants maintain and provide to Class Counsel pursuant to Paragraph 28A of the FSA. By no later than October 9, 2020, the parties shall include in their joint status report the outcome of their final efforts to meet and confer in this regard. All parties will devote sufficient attention to this matter to resolve it by stipulation or through a duly noticed motion for a specific remedy.

ECF No. 987, ¶ 6. On October 5, 2020, Plaintiffs sent an email to Defendants seeking to meet and confer regarding these issues. Defendants asked Plaintiffs to detail what issues they believed remained to be discussed regarding these issues. On October 6, 2020, Plaintiffs explained that it was their position that: "[t]he data provided does not include 'the reasons for every placement of a minor in a detention facility,' nor have Defendants provided past policies or instructions issued to Defendants' employees regarding the implementation of this Agreement." Plaintiffs further said that they would get back to Defendants shortly regarding their position on the disclosure of COVID-19 information. The parties met and conferred regarding this issue on October 8, 2020.

PLAINTIFFS' POSITION:

COVID-19 Reporting:

In the Joint Report of July 31, 2020, Plaintiffs clearly stated "Plaintiffs' position is that Defendants should promptly advise any Class Members' counsel of record, Class Counsel, and the Independent Monitor (who in turn may advise Dr. Wise) when any Class Member in ICE custody is placed in quarantine because they are symptomatic or tests positive for COVID-19. The

1  parties have not made progress on this issue as Defendants have adopted the

2  position that information-sharing with class members' legal service providers is

3  not required by the Settlement." *Id*. at 10 [Doc. # 898.] In the August Joint Report

4  Plaintiffs made clear the issue had not been resolved and their position remained as

5  stated in the joint report of July 31, 2020. Defendants have made no commitments

6  to advise counsel for Class Members, Class Counsel, or the Special Master when a

7  Class Member is placed in quarantine because they are symptomatic or test

8  positive for COVID-19. The FSA clearly does not include specific language that

9  states that Defendants must advise Class Members' individual counsel, Class

10  Counsel, or the Special Master when a Class Member is placed in quarantine

11  because they are symptomatic or test positive for COVID-19. Nevertheless, given

12  the complexities involved in the release provisions of the FSA, the failure of

13  Defendants to provide Class Members of their *Flores* rights, and the failure of

14  Defendants to create a protocol for the release of Class Members, providing notice

15  to counsel for Class Members, Class Counsel, and the Special Master when a Class

16  Member is placed in quarantine because they are symptomatic or test positive for

17  COVID-19 may very well facilitate or protect both Class Members' right to be

18  detained in safe conditions as well as their right to prompt release.
This issue remains unresolved.

19       Data reporting:

20       Defendants inaccurately state below that Plaintiffs "continue to raise data

21  issues on a disorganized and *ad hoc* basis, and to disregard the Court's order that

22  they 'devote sufficient attention' to this matter to resolve it." Since February 2020

23  Plaintiffs have made clear in correspondence to Defendants and numerous Court

24  filings that Defendants are required by Paragraphs 28 and 29 of the FSA to provide

25  Class Counsel with the reasons each Class Member is placed in a particular

26  facility. Defendants finally now state *infra* that they "will be able to provide, at

least some of the requested information regarding the reasons for placement, but
are still looking into this issue." Defendants have explained that they remain "open
to working toward satisfactory resolution." *Id*. It has been eight months since
Plaintiffs advised Defendants of this violation of the FSA and Plaintiffs hope it
may now be resolved promptly.

One additional concern Plaintiffs have with Defendants' reporting is that
Defendants' most recent report provides no information *where* Class Members are
detained while in the custody or care of NVM Transport.

DEFENDANTS' POSITION:

On the issue of "certain disclosures, including information regarding
existence of COVID-19 infection among Class Members, that should be provided to
minors' immigration counsel during the pandemic," Defendants believe that
Plaintiffs have waived this issue by failing to meet and confer in accordance with
the Court's order. During the meet and confer, and in an email following the meet
and confer—after not raising the issue prior to the call—Plaintiffs stated that their
position remained as stated in the July and August joint status reports to this case. In
their email, Plaintiffs acknowledge that "nothing in the FSA specifically states that
Defendants must advise any Class Members' counsel of record, Class Counsel, and
the Independent Monitor when a Class Member in ICE custody is placed in
quarantine because they are symptomatic or tests positive for COVID-19," but state
that they "believe this is a reasonable remedial measure in response to the COVID-
19 pandemic that will help ensure Class Members' exercise of their Flores rights to
safe detention conditions as well as release."

Defendants are already providing this information to the Independent Monitor
and Dr. Wise, and are not aware of any information that the Monitor and Dr. Wise
are seeking that is not being provided as needed. As Plaintiffs acknowledge, there is
no requirement in the Agreement that the requested information be provided to class

counsel, or to individual attorneys for class members, and Defendants maintain their objection to providing this information on that basis. Plaintiffs have not sought to meet and confer to discuss any compromise or alternative positions. Defendants believe that Plaintiffs therefore have waived further consideration of this issue.

Regarding the "quality of the data that Defendants maintain and provide to Class Counsel pursuant to Paragraph 28A of the FSA," Defendants submit that the issues raised in Plaintiffs' October 6 communication (i.e., "reasons for every placement of a minor in a detention facility," and "past policies or instructions issued to Defendants' employees regarding the implementation of this Agreement") are matters that might warrant further discussion, but are not specifically the "data issues" on which the Court ordered a further meet and confer. Moreover, Plaintiffs continue to raise data issues on a disorganized and *ad hoc* basis, and to disregard the Court's order that they "devote sufficient attention" to this matter to resolve it. Defendants reiterate their previous request that the Court determine this issue has been resolved, and that Plaintiffs should not be permitted to continue to raise challenges to the substance of Defendants' reporting unless they are contending that the reporting contains errors or is otherwise inaccurate.

In light of the short time frame Plaintiffs have provided (identifying these two issues as remaining to be resolved just three days ago), Defendants have explained to Plaintiffs that they believe they are already providing, or will be able to provide, at least some of the requested information regarding the reasons for placement, but are still looking into this issue. Defendants have explained that they remain open to working toward satisfactory resolution. Regarding the request for "past policies or instructions issued to Defendants' employees regarding the implementation of this Agreement," Defendants have confirmed to Plaintiffs that they have provided all such policies or instructions to date. To the extent Plaintiffs are now requesting that

Defendants go back and provide currently applicable policies for a second time, Defendants object to this request and do not agree to do so.

DATED: October 9, 2020    /s/Peter Schey (with permission)
                          *Class Counsel for Plaintiffs*
                          CENTER FOR HUMAN RIGHTS &
                          CONSTITUTIONAL LAW
                          Peter A. Schey
                          Carlos Holguín


DATED: October 9, 2020    JEFFREY BOSSERT CLARK
                          Acting Assistant Attorney General
                          Civil Division

                          AUGUST E. FLENTJE
                          Special Counsel
                          Civil Division

                          WILLIAM C. PEACHEY
                          Director, District Court Section
                          Office of Immigration Litigation

                          WILLIAM C. SILVIS
                          Assistant Director, District Court Section
                          Office of Immigration Litigation

                          */s/ Sarah B. Fabian*
                          SARAH B. FABIAN
                          NICOLE N. MURLEY
                          Senior Litigation Counsel
                          Office of Immigration Litigation
                          District Court Section
                          P.O. Box 868, Ben Franklin Station
                          Washington, D.C. 20044
                          Tel: (202) 532-4824
                          Fax: (202) 305-7000
                          Email: sarah.b.fabian@usdoj.gov

                          *Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I served the foregoing pleading on

all counsel of record by means of the District Clerk's CM/ECF electronic filing

system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants