ANDREA SHERIDAN ORDIN (SBN 38235)
STRUMWASSER & WOOCHER LLP
10940 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone: (310) 576-1233
Facsimile: (310) 319-0156
E-mail: aordin@strumwooch.com

*Special Master / Independent Monitor*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General of the United States, *et al.*,<br><br>Defendants. | CASE NO. CV 85-4544 DMG (AGRx)<br><br>**NOTICE OF REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR TERM** |

Pursuant to the Court's Order Appointing Special Master/Independent Monitor, the Special Master/Independent Monitor ("Monitor") hereby submits this Notice of Request for Extension for an additional three (3) month term, as permitted by the terms of Section C.2 of the Order. [Doc. #494]. The Monitor has informed the Parties of her intent to submit this Notice of Request for Extension and has received no objections to the extension as requested, but should the term be extended further, the Defendants would object to the cap for the full year exceeding an annual cap of $300,000.

On October 5, 2018, the Court appointed the Monitor for a term of 12 months ("Initial Term") commencing October 17, 2018 (the "Effective Date"). [*Id.* at 4]. On October 16, 2019, the Court issued an Order Granting the Monitor's Request for Extension of Special Master/Independent Monitor Term until April 17, 2020. [Doc. #698].

On April 10, 2020, the Court issued another Order Granting the Monitor's Request for Extension of Special Master/Independent Monitor's Term until October 16, 2020. [Doc. #769].

Since the Monitor's reappointment in April, the Court has issued a number of orders which have required continuing and expedited monitoring by both the Monitor and Dr. Paul H. Wise. The pending U.S. Customs and Border Patrol (CBP) mediation described in prior Independent Monitor reports was put on hold in order to respond to those orders. In the first of these orders, issued on April 24, 2020, the Court granted in part Plaintiffs' request for a preliminary injunction to enforce the *Flores* Settlement Agreement ("FSA" or "Agreement) during the COVID-19 pandemic, and ordered the Office of Refugee Resettlement ("ORR") and Immigration and Customs Enforcement ("ICE") to "make every effort to promptly and safely release Class Members who have suitable custodians in accordance with Paragraphs 14 and 18 of the FSA and the Court's prior orders…" [Doc. #784 at 18]. The Court's order specified that the Monitor may "request such

further information regarding safe and sanitary conditions and/or Defendants' continuous efforts at release as she deemed appropriate pursuant to her authority … and in consideration of the concerns outlined in this Order regarding minors in prolonged detention at any stage of expedited removal proceedings." [*Id.* at 19].

On May 22, 2020, the Court issued another order regarding Defendants' compliance with the FSA, Centers for Disease Control ("CDC") Guidelines, and Court Orders, and expressed that it "remain[ed] concerned with the implementation of public health guidances at the Family Residential Centers (FRCs)." [Doc. #799 at 2]. The Court ordered "enhanced monitoring of the FRCs' care of minors" by the Monitor and Dr. Wise. [*Id.* at 3]. The order specified that the Monitor and Dr. Wise be granted the requisite access to medical care data and policies, as well as persons most knowledgeable at the FRCs, and interview minors with serious medical conditions, or their guardians, in order to "make such recommendations for remedial action that they deem appropriate." [*Ibid.*].

The Court's subsequent orders continued to require Defendants to comply with COVID-19 protocols and directed the Monitor and Dr. Wise to provide enhanced monitoring of the care of minors at FRCs. [Doc. #833 at 6 (June 25, 2020 order); Doc. #887 at 3 (July 25, 2020 order); Doc. #914 at 4 [August 7, 2020 order)]. Specifically, the Court's August 7, 2020 order charged the Monitor and Dr. Wise with providing enhanced monitoring "[t]o address COVID-19 guidance implementation, including whether ICE has failed to identify Class Members who are particularly vulnerable to contracting COVID-19" [Doc. #914 at 2], and with the receipt of "up-to-date data regarding new COVID-19 cases" from the Defendants. [*Ibid.*]. The Court moreover ordered the parties, the Monitor, and Dr. Wise to "meet and confer regarding a consistent, accurate, and thorough data reporting methodology to be used during the pandemic." [*Ibid.*].

Pursuant to these charges, the Monitor and Dr. Wise, among other things, conducted virtual monitoring tours of the South Texas Family Residential Center

(STFRC) and Karnes Family Residential Center (KFRC). The Monitor and Dr. Wise met with ICE leadership, ICE Health Service Corps (IHSC) staff, and contracted CoreCivic staff to discuss conditions at these facilities, specifically regarding ICE's implementation of COVID-19 safety protocols and precautions. Additionally, the Monitor and Dr. Wise conferred with individual Class Counsel from RAICES and Caro Pro Bono and conducted interviews with two families detained at KFRC and eight families detained at STFRC. The Monitor and Dr. Wise's findings and evaluation with regard to conditions at the FRCs will be included in the next planned Interim Report.

In the course of their enhanced monitoring, the Monitor and Dr. Wise also became aware of unaccompanied and accompanied minors being housed in hotels while awaiting expulsion under Title 42. The Monitor raised these issues in her Interim Report on the Use of Temporary Housing for Minors and Families Under Title 42 [Doc. #873]. The August 7, 2020 order explicitly directed the Monitor and Dr. Wise to "continue to monitor the hoteling of minors under the authority discussed in the Court's July 25, 2020 Order" [Doc. #914 at 4], and set a deadline for the Monitor and Dr. Wise to file a report and recommendation related to their monitoring. [*Id.* at 5].

In response to that order, the Monitor and Dr. Wise participated in multiple conference calls with ICE Juvenile Coordinator Deane Dougherty and ICE leadership regarding the detention of minors in hotels under the Temporary Housing Program (THP). Additionally, CBP data on minors apprehended and detained under Title 8 and Title 42 were analyzed in conjunction with ICE data on Title 42 minors in MVM, Inc. custody. The Monitor and Dr. Wise discussed the results of their data analysis with both parties and amici curiae. On August 26, 2020, the Monitor filed her latest Interim Report. [Doc. #938].

On September 4, 2020, the Court issued an order granting Plaintiffs' motion to enforce the FSA. [Doc. #976]. That order specified that the Monitor and Dr.

1  Wise "may in the exercise of their monitoring duties conduct investigations,
2  interviews, and site visits with respect to any minors held in Title 42 custody and
3  any facilities where minors in Title 42 custody are held." [*Id.* at 18]. That order
4  set a further telephonic or video status conference on October 23, 2020 to discuss
5  compliance with the Court's orders. [*Ibid.*].
6        Since the September 4, 2020 order, the Monitor and Dr. Wise have reviewed
7  and analyzed data sets provided by ICE, the Department of Health and Human
8  Services ("HHS"), and CBP. The Monitor conducted multiple conference calls
9  with ICE leadership and data specialists as well as with Plaintiffs' data expert to
10  discuss questions arising from the data. Following the Monitor and Dr. Wise's
11  most recent conference with Defendants, ICE provided the Monitor with an
12  amended August *Flores* Report. Additionally, the Monitor and Dr. Wise have
13  conferred with ICE regarding conditions and capacity at the FRCs. On two
14  separate occasions, they also met with Dr. Michael Bartholomew regarding the
15  medical system and COVID-19 safety protocols and precautions at ORR facilities.
16        The Monitor and Dr. Wise request a three month extension in order to
17  continue intensive monitoring and coordination with the Juvenile Coordinators,
18  pursuant to the Court's orders, until the conclusion of the Independent Monitor's
19  term. Most importantly, the Monitor intends to restart efforts in concluding the
20  mediation related to Plaintiffs' *Ex Parte* Application for a Temporary Restraining
21  Order and an Order to Show Cause (*re: United Stated Customs and Border Patrol*
22  *(CBP)*) [Doc. #572]. As stated in the April 8, 2020 Request for Extension of
23  Special Master/Independent Monitor Term, the Parties reached tentative agreement
24  on a number of issues and subsequently exchanged written proposals beginning in
25  January 2020, overseen by the Monitor and Dr. Wise. Following a January 14-15
26  mediation, the parties exchanged amended written proposals and met
27  telephonically in January and February 2020 to negotiate the updated written
28  proposals. In March, the parties met for their last in-person mediation in Los

Angeles with Dr. Wise and the Monitor present. The parties have met and conferred telephonically multiple times since April 2020, and the Monitor will schedule a series of mediations in order to reach a conclusion by December 2020.

## CONCLUSION

The term of the Special Master/Independent Monitor should be extended by a three month period, and the Monitor should be compensated at the hourly rate of $275.00, and Special Expert Dr. Paul H. Wise and aides of comparable skill and experience, should be compensated at the hourly rate of $275.00. The services of additional Monitor's aides should be billed at a rate of $125.00. The Monitor anticipates a cumulative 80 hours per month for the work of Dr. Wise and the Monitor together, with an additional 60 hours for the services of the Monitor's aides, and in no event to exceed $95,000.00 for the three month period. No travel expenses are expected for this period. The Monitor plans to file her final report on January 15, 2021.

DATED:   October 9, 2020          Respectfully submitted,

                                          Andrea Sheridan Ordin
                                        STRUMWASSER & WOOCHER LLP

By  s/ Andrea Sheridan Ordin
        Andrea Sheridan Ordin

*Special Master / Independent Monitor*

**CERTIFICATE OF SERVICE**

Case No. CV 85-4544

I am a citizen of the United States. My business address is 10940 Wilshire Boulevard, Suite 2000, Los Angeles, California 90024. I am over the age of 18 years, and not a party to the within action.

I hereby certify that on October 9, 2020, I electronically filed the following documents with the Clerk of the Court for the United States District Court, Eastern District of California by using the CM/ECF system:

**NOTICE OF REQUEST FOR EXTENSION OF SPECIAL MASTER/ INDEPENDENT MONITOR TERM**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Executed on October 9, 2020, at Los Angeles, California.

Jeff Thomson