JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
        Tel:  (202) 532-4824
        Fax:  (202) 305-7000
        Email:  Sarah.B.Fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO TERMINATE TRANSFER RESTRICTION IN PARAGRAPH 4.e OF THE JUNE 26, 2020 ORDER, ECF NO. 833** |
| v. | |
| WILLIAM P. BARR, Attorney General of the United States; *et al.,* | |
| Defendants. | **Hearing Date:** November 13, 2020 |
| | **Hearing Time:** 9:30am |
| | **Hearing Location:** United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, will bring this motion for hearing at 9:30am on November 13, 2020, or as soon thereafter as counsel may be heard, before United States District Judge Dolly M. Gee, in the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, located within the Central District of California.

**COMPLIANCE WITH LOCAL RULE 7-3**

This motion is made following multiple telephonic and email communications between counsel pursuant to L.R. 7-3, which took place over the last two months. The most recent telephonic discussion occurred on October 14, 2020. No resolution of Defendants' request for Plaintiffs to agree to termination of the restriction in Paragraph 4.e of the June 26, 2020 Order has been reached.

**MOTION TO LIFT RESTRICTIONS IN PARAGRAPH 4.e
OF THE JUNE 26, 2020 ORDER, ECF NO. 833**

Defendants hereby move to terminate the transfer restriction contained in Paragraph 4.e of the Court's June 26, 2020 Order, which prohibits ICE from transferring into an adult detention facility, a minor who ages out of an ICE juvenile detention facility. Order, ECF No. 833, at ¶ 4.e.[1] There is no pending motion regarding conditions at Cowlitz or NORCOR, *see* Order, ECF No. 784 at 4, nor have Plaintiffs properly brought to the Court any motion to enforce or other action regarding these facilities in the four months since the restriction was put in place despite this Court's order that they do so if they wish to pursue these issues.  Order,

---

[1] Defendants respectfully ask that the Court issue a decision on this Motion by November 14, 2020, because there is a minor in custody in an ICE juvenile detention facility who will age out of custody on November 15, 2020.

ECF No. 912 at 2. There is, therefore, no pending litigation in which the Court could consider whether—or conclude that—the custody of minors in these facilities violates the *Flores* Settlement Agreement, and thus no reason to keep the transfer restriction in place to preserve the status quo.

Defendants' custody of a small numbers of minors in ICE juvenile detention facilities is based on a finding that they are flight risks and/or a danger to themselves or others, and is consistent with Paragraphs 14 and 21 of the Agreement. In light of the fact that there is nothing pending on this issue before the Court, there is no basis for the Court to continue prohibiting ICE from transferring to adult facilities, minors in ICE juvenile detention who age out of juvenile detention. In any event, once a class member ages out, he or she is no longer a class member and his or her custody is no longer governed by the Agreement. Therefore, this Court's continued restrictions on that custody are not appropriate. For all of these reasons, Defendants request that the Court terminate the restriction contained in Paragraph 4.e of the June 26, 2020 Order.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

///

///

///

DATED:      October 16, 2020          Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
          Tel:  (202) 532-4824
          Fax:  (202) 305-7000
          Email:  Sarah.B.Fabian@usdoj.gov

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TERMINATE TRANSFER RESTRICTION IN PARAGRAPH 4.e OF THE JUNE 26, 2020 ORDER, ECF NO. 833

### I.   INTRODUCTION

Defendants hereby move to terminate the transfer restriction contained in Paragraph 4.e. of the Court's June 26, 2020 Order, ECF No. 833. That restriction prohibits U.S. Immigration and Customs Enforcement ("ICE") from transferring any minor housed in an ICE juvenile detention facility to an adult facility if and when he or she ages out of juvenile detention. The Court should terminate the restriction because Plaintiffs have failed to properly pursue any issues related to ICE juvenile detention facilities, and more specifically have failed to file a properly-noticed motion addressing any issues related to these facilities. Because there are no allegations regarding these facilities pending before this Court, the continuation of the restriction entered in the June 26, 2020 Order is inappropriate. Additionally, when an individual is no longer a minor he is no longer a *Flores* class member, and so his custody is no longer a proper subject of this case. Because there is no basis for continuing this restriction for non-class members, Defendants respectfully ask that the Court issue an order terminating it.

### II.   BACKGROUND

On April 24, 2020, the Court issued an order on Plaintiffs' pending motion to enforce. ECF No. 784. At that time, the Court noted that Plaintiffs had failed to timely raise issues related to ICE juvenile detention facilities, and referred those issues to the Independent Monitor for further investigation and report. *Id.* at 4. On May 22, 2020, following a status conference, the Court ordered the parties to meet and confer regarding "the status of the minors currently detained at juvenile detention facilities," and stated that, "[i]f necessary, the parties may thereafter

request a briefing schedule on these issues." ECF No. 799, ¶ 5. Although the parties discussed the issues telephonically, *see* ECF No. 824 at 13, Plaintiffs never filed any motion nor sought a briefing schedule. On June 17, 2020, Plaintiffs filed a response to the ICE Juvenile Coordinator's report that again raised issues related to ICE juvenile detention facilities. *Id.* at 13-17. Late in the evening of June 25, 2020, Plaintiffs' counsel filed an affidavit regarding a minor in ICE juvenile detention asking the Court to order ICE to release the minor. ECF No. 828.

On June 26, 2020, the Court issued an order addressing ongoing issues related to compliance with its recent orders. ECF No. 833. In that order, the Court noted that the issues raised in Plaintiffs' counsel's affidavit do "not fall within the scope of any of the Court's prior Orders," but ordered that the Juvenile Coordinator "shall report on the status of conditions at the Cowlitz County Juvenile Detention Center ("Cowlitz") and Northern Oregon Regional Corrections ("NORCOR") detention facilities, including specific reasons why B.B.B., A.F.P.P., and K.J.A.B. remain in detention. None of these minors who age out shall be sent to an adult detention facility pending resolution of this inquiry. If these [individuals] remain in detention, the report shall include a detailed explanation demonstrating flight risk and/or danger to the community." ECF No. 833, ¶ 4.e. The Court also ordered the parties to "discuss conditions at the Cowlitz and NORCOR detention facilities." *Id.* ¶ 6.

On July 8, 2020, the parties filed a joint status report in which Defendants noted their continued objection to the restriction contained in Paragraph 4.e of the June 26, 2020 Order, and stated their intention to bring a motion to lift that restriction in the near future. ECF No. 846. Plaintiffs responded by objecting to lifting the transfer restriction and listing a number of issues that, they contended, remained unresolved regarding ICE juvenile detention facilities. *Id.* Nonetheless, Plaintiffs still did not seek resolution of these issues or file a motion with the Court. *See* ECF

No. 898 at 8. In accordance with the Court's June 26 order, the ICE Juvenile
Coordinator reported on the status of conditions at these facilities in her next interim
report, filed on July 24, 2020. *See* ECF No. 882-1 at 9-13. Plaintiffs, once again,
raised new issues related to ICE's use of juvenile detention facilities in a joint status
report on July 31, 2020, and Defendants again objected to the manner by which
Plaintiffs continued to raise these issues without seeking resolution through a
reasonable attempt to meet and confer and/or a properly-noticed motion. *Id.* at 7-9.
On August 7, 2020, the Court ordered that "[i]ssues involving Class Members
detained at juvenile detention facilities . . . shall be raised in a duly-noticed motion
to enforce following compliance with Local Rule 7-3." ECF No. 912 at 2. Plaintiffs
have filed no such motion, nor have they sought to meet and confer regarding any
such motion in accordance with Local Rule 7-3.

## III.   ARGUMENT

Defendants respectfully ask the Court to terminate the restriction contained in
Paragraph 4.e of its June 26, 2020 order, prohibiting the transfer of minors who age
out from ICE juvenile detention centers to an adult detention facility. The result of
this restriction is that any minor who ages out while he or she is housed at a juvenile
detention facility must be released from custody because continued detention at a
juvenile facility is not possible once an individual turns 18 years old. *See* Declaration
of Dawnisha Helland (Helland Decl.), ECF No. 841-1, ¶ 11.

ICE's custody of a small number of minors at juvenile detention facilities is
consistent with Paragraph 14 of the Agreement because that paragraph excludes
minors who are a flight risk or danger from its requirements, and Paragraph 21 then
allows for the detention of such minors in a juvenile detention facility. *See*
Agreement ¶ 14 ("Where the INS determines that the detention of the minor is not
required either to secure his or her timely appearance before the INS or the

immigration court, or to ensure the minor's safety or that of others, the INS shall release a minor from its custody without unnecessary delay . . . ."; ¶ 21 (governing the detention of minors in juvenile detention facilities). Notably, to the extent any minor in a juvenile detention facility wishes to challenge his or her custody, he or she may request a bond hearing before an immigration judge. Moreover, upon turning 18, an individual no longer meets the definition of a minor in paragraph 6 of the Agreement, and therefore such individual ceases to be a *Flores* class member, and is no longer subject to the Agreement or within the scope of this litigation.

ICE detains a small number of minors at juvenile detention facilities only after determining that their detention is required because they are a flight risk, and/or to ensure the safety of others. *See* ECF No. 790-1. ICE is providing to Plaintiffs and to the Independent Monitor all required reporting regarding these minors. Plaintiffs have had months to seek resolution of their alleged issues related to the custody of these minors and have failed to pursue them through the available channels. Given that there is no violation of the Agreement, and no pending litigation before this Court even alleging such violation, there is no basis to keep in place the restriction preventing ICE from transferring any minor to an adult detention facility when he or she turns 18. This is particularly true because once the individual turns 18 he or she is no longer a *Flores* class member, and therefore his or her custody falls outside the scope of this case at that time.

## IV.   CONCLUSION

For all of the above reasons, the Court should terminate the portion of the June 26, 2020 order prohibiting the transfer of any minor to an adult detention facility upon his or her 18th birthday.

4

DATED:  October 16, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.


/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Defendants*