JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
       Tel:  (202) 532-4824
       Fax:  (202) 305-7000
       Email:  Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | **JOINT RESPONSE TO PROPOSED NOTICE OF RIGHTS** |
| WILLIAM P. BARR, Attorney General of the United States; *et al.*, | |
| Defendants. | |

On September 18, 2020, the Court ordered the parties to file a joint response to the Court's proposed Notice of Rights. The Court specified that "[t]he response should include any proposed joint or separate edits to the Notice of Rights, as well as a proposed procedure for immediate dissemination." ECF No. 987 at 13. The Court further directed that U.S. Immigration and Customs Enforcement (ICE) "shall also include in the response a copy of the updated policy or instruction regarding the FSA that it will provide to its employees, in accordance with Paragraph 29 and Exhibit 2 of the FSA, and explain how it intends to train its employees regarding its implementation." *Id.*

In accordance with the Court's order, attached hereto are:

1. A redlined copy of the Notice of Rights prepared by the Court reflecting the parties' proposed edits and comments (further discussion of these edits and comments is below).

2. An ICE Directive establishing policy and procedures for implementing the class member custody and release provisions of the Agreement, court orders interpreting the FSA, and applicable statutes and regulations. This Directive is being issued to comply with the September 18, 2020 order. ECF No. 987.[1][2]

3. The Declaration of Mellissa Harper detailing how ICE will disseminate the Notice of Rights and how ICE intends to train its employees regarding implementation of the Directive.

Regarding the Notice of Rights, the parties offer the following explanations to provide further clarity as to their proposed edits. As a general matter, redline edits

---

[1] ICE continues to oppose the family separation requirements contained in that Order and intends to maintain family unity to the greatest extent practicable.

[2] Plaintiffs do not believe the September 18, 2020 Order or the proposed notice of rights or its implementation involve involuntary "family separation" but rather are aimed at advising Class Members of their FSA rights and adoption of procedures to implement those rights.

in the document not accompanied by any comment have been agreed upon by the parties. Comments reflecting agreement between the parties are highlighted in blue. Comments from Plaintiffs are highlighted in green. Comments from Defendants are highlighted in yellow. The majority of comments in the Notice are self-explanatory, but to the extent either party believes that additional explanation is necessary, it is provided below.

**PLAINTIFFS' POSITIONS**:[3]

1. Plaintiffs agree that once the Defendants' Directive receives final approval, it may be necessary to further update the Notice of Rights to reflect the processes contained therein.

2. Plaintiffs have not proposed, as Defendants state in Paragraph 2 below, that minors who are 14 years old or older "should be permitted to make their own request for release separately from their parents or legal guardians, and would include language regarding such a right in the Notice." Nor do Plaintiffs believe that the Agreement may serve to "overrule the parents' or legal guardians' rights under the Constitution." Plaintiffs propose that the advisal include a sentence stating "If you are 14 years of age or older, ICE will consider your preference about staying in detention or being released." Numerous provisions in Defendants' regulations distinguish minors who are 14 ears of age or older. *See, e.g.,* 8 C.F.R. § 264.4 (under 14 applicants need not file Form G-325A); 8 C.F.R. § 103.5a(c)(2)(ii) (if the immigrant is a minor *under* 14 years of age, "service shall be made upon the person with whom the . . . minor resides; whenever possible, service shall also be made on the near relative, guardian, committee, or friend"); 8 C.F.R. § 236.2(a) (2010) ("If

---

[3] In proposing changes to the Court's draft advisal, and in addressing Defendants' proposed changes, Plaintiffs have consulted with and considered comments shared by *amici* parties and will continue to do so as the process moves forward. To the extent *amici* parties propose changes Plaintiffs do not adopt, Plaintiffs have no objection to the *amici* parties sharing their proposals with the Court.

the <u>respondent</u> is confined, or if he or she is an incompetent, or a minor under the age of 14, the notice to appear, and the warrant of arrest, if issued, shall be served in the manner prescribed in <u>§ 239.1</u> of this chapter upon the person or persons specified by <u>8 CFR 103.8</u>(c)."); *Matter of Hilmer Leonel CUBOR-Cruz,* Respondent, 25 I&N Dec. 470 (BIA 2011) ("In *Llapa-Sinchi v. Mukasey*, 520 F.3d 897, 899 (8th Cir. 2008), the Eighth Circuit also deferred to our "reasonable interpretation" of the regulations in upholding our conclusion that notice was properly served on a 14-year-old alien pursuant to 8 C.F.R. § 103.5a(c)(2)(ii). The court identified a number of situations in which individuals under the age of 18 are responsible for their legal status and may waive their rights …"); *see also United States v. Burrous*, 147 F.3d 111, 116 (2d Cir. 1998) (ruling that a 16-year-old defendant was able to waive his Fifth Amendment rights). Defendants' regulations define a ".juvenile" as an alien under the age of 18, 8 C.F.R. § 1236.3, and refer to a "minor" when describing immigrants under 14 years of age. 8 C.F.R. §§ 103.8(c)(2)(ii); 1236.2.

   3. The parties agree that a parent or legal guardian may change his or her mind regarding whether to agree to a child's release any time prior to the child's release from custody. Defendants state there is no right contained in the Agreement for a parent or legal guardian to request that the child be returned to custody after the child has been released, and proposed edits accordingly. Plaintiffs believe it is not necessary to address this situation in the advisal as it will rarely come up and can be addressed in an individual case with specific facts should the issue ever arise. Plaintiffs believe the advisal should include the following sentence propose db the Court, though dropping the words "with their consent": "If you are released to a relative, your parents will not lose their right to make decisions for you unless the sponsor~~, with their consent~~, becomes your legal guardian." In some circumstances a State court may grant a guardianship without a parent's consent.

   4. Defendants state that the proposed Directive, to be filed concurrently herewith, provides a process through which the rights and wishes of a parent or legal

guardian and, if appropriate, the child can be considered, and an independent party can determine whether the parent's or legal guardian's decision is knowing and voluntary and otherwise takes into account all applicable rights. Plaintiffs reserve making further comment once they have received and had adequate time to review Defendants' proposed Directive.

5. Plaintiffs propose that the advisal state, *as proposed by the Court*, that if ICE denies release, it should provide the Class Member with a written notice explaining the basis for its decision. Without such a notice, Class Members would not be able to intelligently seek judicial review of non-release decisions as the FSA permits.

6. Plaintiffs agree with the government's proposal to strike the phrase "you are detained with your parent and your parent has not given his or her consent to your release or" on page 3 of the proposed Notice of Rights.

7. Plaintiffs do not oppose further efforts to simplify the language in the draft advisal as proposed by the AI/HRW and LSP *amici*.

8. LSP Amici believe that "any separate release provision concerning an intact family unit is detrimental to Class Members and raises significant questions about whether such a decision can be made knowingly and voluntarily where a family is in government custody." Plaintiffs prefer to be advised of their rights even if that means decisions will be made while a family is in government custody. Detained parents and detained non-parents alike make decisions about their legal options ever day while in government custody including who the retain as counsel, whether the seek asylum, whether they appeal negative credible fear determinations to Immigration Judges, whether they join lawsuits filed by the LSP amici, whether the seek stays of removal before the federal courts in lawsuits filed by the LSP amici, etc. Obviously the procedures adopted by ICE to implement Class Members' rights should be designed so that decisions regarding release are made freely and voluntarily.

**DEFENDANTS' POSITIONS**:

1. Defendants believe—and understand the parties agree—that once the Directive receives final approval, it will be necessary to further update the Notice of Rights to reflect the processes contained therein.

2. Plaintiffs have proposed that minors who are 14 years old or older should be permitted to make their own request for release separately from their parents or legal guardians, and would include language regarding such a right in the Notice. Defendants do not agree that the Agreement contains any such right, and therefore oppose the inclusion of this language in the Notice. There is no right contained in the Agreement for a child to request release over the opposition of his or her parent or legal guardian with whom the child is detained. Moreover, the Agreement does not differentiate between ages with regard to the right to release, and, more importantly, does not speak to the rights of the parents or legal guardians, including a parent's or legal guardian's right to consent to release on behalf of his or her child and/or to consent to the separate release of his or her child. The Agreement cannot serve to overrule the parents' or legal guardians' rights under the Constitution. Accordingly, nothing in the Agreement could or should be read to terminate, or even impact, a parent's or legal guardian's right to consent to the separate release of his or her child based on the age of the child, and Defendants object to the inclusion of any language that would suggest that any rights actually contained in the Agreement have any such effect.

3. Defendants understand the parties agree that a parent or legal guardian may change his or her mind regarding whether to agree to a child's release any time prior to the child's release from custody. Defendants understand that the parties also agree there is no right contained in the Agreement for a parent or legal guardian to request that the child be returned to custody after the child has been released, and proposed edits accordingly. Amici LSP have suggested they believe a parent or legal guardian should have certain rights after the child is released. Because the

Agreement does not create any rights for the parent, it is Defendants' position that this issue is not properly raised or considered in the context of this case. In any event, discussion of this issue is better reserved until after the Directive has received final approval.

4. Related to the above comments, Defendants submit that the Directive, filed concurrently herewith, provides a process through which the rights and wishes of a parent or legal guardian and, if appropriate, the child can be considered, and an independent party can determine whether the parent's or legal guardian's decision is knowing and voluntary and otherwise takes into account all applicable rights.

**POSITION OF AMICI AMNESTY INTERNATIONAL USA AND HUMAN RIGHTS WATCH**:

1. As the Court has recognized, "both detention and separation from family are harmful to the best interests of the child." In Chambers Order (Sept. 18, 2020), ECF No. 987 at 12 ("Sept. 18 Order"). Moreover, although parents and legal guardians are also affected by the exercise of their children's rights under the *Flores* agreement, this Notice of Rights as framed fails to properly inform them about this impact. Nonetheless, acknowledging the Court's determination that its remedies are "certainly not ideal," *id.* and that the government "shall provide [class members] with a notice of rights," ¶ 12.A, amici have met and conferred with Plaintiffs and the government in an attempt to mitigate at least some of the harms that will potentially result from this situation. Amici maintain, as they have previously stated, that the government should exercise its discretion to release children along with their parents or legal guardian. *See* Amnesty and HRW Br. 2–3, ECF No. 961.

2. In addition to the specific edits proposed by Plaintiffs, amici respectfully urge the Court to consider the following:

A. To better reflect the child welfare interest of the *Flores* agreement, the Notice of Rights should be re-ordered to lead with the explication of rights under "Other Basic Rights Under the *Flores* Case" and followed by the release option. The

Notice of Rights as contemplated by the FSA is not limited to the right to release. *See* FSA ¶ 12.A. Thus, instead of leading with the complicated—and fraught—issue of potential separation of children from their parents, amici believe that it is appropriate to ensure that children and their parents or legal guardians understand the context of children's rights under the *Flores* agreement.

B. Children and their parents or legal guardians should be given accurate information in a format they understand. The parties should be urged to simplify the language in the Notice of Rights and, in particular, to strip it of legalese. For example, legal terms such as "the right to judicial review," "removal hearing," "bond hearing," "non-secure facility," and even "rights under federal law," while familiar to lawyers and judges, are unlikely to be comprehensible to minor children and their parents. For additional language accessibility and comprehension, the parties should consider administering a version for children and a version for parents and legal guardians. Thus, the parties should be directed to further simplify the language in the Notice of Rights and consider administering separate versions for children and parents and legal guardians.

C. Amici agree with the government's proposal to strike the phrase "you are detained with your parent and your parent has not given his or her consent to your release or" on page 3 of the proposed Notice of Rights.

**POSITION OF AMICI LEGAL SERVICE PROVIDERS**:

The Court's September 18, 2020 Order provided Legal Service Providers ("LSP") Amici with the opportunity to meet and confer with the parties regarding the Court's draft Notice of Rights. Defendant's position is that any comments from LSP Amici may only be considered through the meet and confer process if proposed and agreed to by Plaintiff's counsel. As a result, LSP Amici comment as follows:

1. LSP Amici believe that any separate release provision concerning an intact family unit is detrimental to Class Members and raises significant questions about whether such a decision can be made knowingly and voluntarily where a family is in government custody. Family unity, and the rights that derive therefrom, should be of paramount interest to the government and the government should always, in the first instance, work towards a solution that preserves family unity. It is unfortunate that we are at this moment and that some children and their parents will be faced with the heavy burden of choosing family integrity or freedom from indefinite detention. Further, as this Court has stated, should a class member or parent make no choice at all, Defendants remain bound by the rights contained in the FSA.

2. LSP, Amici are concerned that Class Members have no voice in the decision-making process established by the Notice of Rights. This is of particular concern to Amici because it could result in the most vulnerable children – children who face separation from their parent – losing access to counsel.  When a parent and child have the same expressed wishes, joint representation of the family unit is seamless. However, should a parent and child have different wishes regarding their separation, and by extension, their decision to remain in the United States, these conflicting goals would present a conflict of interest. While the ethical rules in each

state impose different burdens upon attorneys, in many states a lawyer is unable to continue representation of either party when a direct conflict of interest arises[4].

LSP Amici propose: (1) both parents and Class Members be provided a copy of the Notice of Rights, (2) both parents and Class Members have the right to state their wishes regarding a Class Member's release right, and (3) that any case in which a child and parent indicate that they have divergent views regarding release, an independent Child Advocate be appointed pursuant to Section 235(c)(6) of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), as codified in 8 U.S.C. § 1232. A child advocate would have the ability to advocate for the child's best interest – not just the child's stated interest - and the ability to assist the child in securing independent additional counsel who could represent their expressed interests, if needed.

3. LSP Amici are concerned that language access and literacy will create an obstacle to meaningful distribution of the Notice of Rights. We believe the notice can be simplified to make it accessible to children.

4. The notice states that a child has a right to release "pending the result of their immigration proceeding." This Court has repeatedly found that a child's immigration status is irrelevant to their right to release.

---

[4] The American Bar Association has published a "Model Act Regarding the Representation of Children in Abuse, Neglect, and Dependency Proceedings." While a parent's decision to release their child may not meet the "abuse" or "neglect" child welfare definition, children who are surrendered or abandoned do traditionally appear before a court in abuse and neglect proceedings. Accordingly, ethical standards regarding the representation of children in the context of dependency proceedings are instructive. Under the Model Act, a child's attorney owes the same duties, including undivided loyalty, confidentiality, and competent representation, to the child. A child's lawyer is a client-directed lawyer in a traditional client-lawyer relationship with the child. This ethical duty could require that an attorney representing a child aggressively advocate for the child's separation, or ongoing unity with their parent, in conflict with a parent's stated wish. All children should have a voice in the decision-making process regarding their release, especially because they are the individuals with rights under the FSA.

5. LSP Amici believe a child and parent should be afforded the opportunity to change their mind regarding their separation at any time. Defendants should develop a system for reuniting parents and children who are separated.

6. The Notice conditions a Class Members' access to a bond hearing on being in removal proceedings whereas paragraph 24A of the Settlement uses the words "deportation proceedings." A Class Member's right to seek bond is not subject to conditions in the FSA and are afforded to all detained children. The notice should make that clear.

7. Lastly, LSP Amici note that the free legal services provider lists currently distributed by Defendants do not include the contact information for the LSP Amici. Rather, the pro bono lists provided to families correspond to immigration courts that are close to where the facilities are located, but not specific to each FRC. Current quarantine procedures have limited access to counsel. Distributing a FRC specific free legal services list to Class Members, providing LSP Amici with a daily census of Class Members, or allowing Amici LSP to conduct daily group legal presentations with recently arrived Class Members would ensure access to counsel.

///

///

///

| | |
|---|---|
| DATED: October 16, 2020 | */s/Peter Schey* (with permission)<br>CENTER FOR HUMAN RIGHTS &<br>CONSTITUTIONAL LAW<br>Peter A. Schey<br>Carlos Holguín<br><br>*Class Counsel for Plaintiffs* |
| DATED: October 16, 2020 | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General<br>Civil Division<br><br>SCOTT G. STEWART<br>Deputy Assistant Attorney General<br><br>WILLIAM C. PEACHEY<br>Director, District Court Section<br>Office of Immigration Litigation<br><br>WILLIAM C. SILVIS<br>Assistant Director, District Court Section<br>Office of Immigration Litigation<br><br>*/s/ Sarah B. Fabian*<br>SARAH B. FABIAN<br>NICOLE N. MURLEY<br>Senior Litigation Counsel<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 532-4824<br>Fax: (202) 305-7000<br>Email: sarah.b.fabian@usdoj.gov<br><br>*Attorneys for Defendants* |

| | |
|---|---|
| DATED: October 16, 2020 | */s/ Chanakya A. Sethi* (with permission) |
| | WILKINSON WALSH LLP |
| | Xiao Wang (SBN 301279) |
| | Caitlin G. Callahan (*pro hac vice*) |
| | xwang@wilkinsonwalsh.com |
| | ccallahan@wilkinsonwalsh.com |
| | 2001 M Street NW, 10th Floor |
| | Washington, D.C. 20036 |
| | Telephone: (202) 847-4000 |
| | Facsimile: (202) 847-4005 |
| | |
| | Jeremy S. Barber (*pro hac vice*) |
| | Chanakya A. Sethi (*pro hac vice*) |
| | jbarber@wilkinsonwalsh.com |
| | csethi@wilkinsonwalsh.com |
| | 130 W. 42nd Street, 24th Floor |
| | New York, NY 10036 |
| | Telephone: (929) 264-7765 |
| | Facsimile: (202) 847-4005 |
| | |
| | Rahul R.A. Hari (SBN 313528) |
| | rhari@wilkinsonwalsh.com |
| | 11601 Wilshire Boulevard, Suite 600 |
| | Los Angeles, CA 90025 |
| | Telephone: (424) 291-9655 |
| | Facsimile: (202) 847-4005 |
| | |
| | *Attorneys for Amici Amnesty International USA and Human Rights Watch* |
| DATED: October 16, 2020 | /s/ Bridget Cambria, Esq. (with permission) |
| | Aldea - The People's Justice Center |
| | 532 Walnut Street |
| | Reading, PA 19601 |
| | (484) 877-8002 |
| | bridget@aldeapjc.org |
| | |
| | *Counsel for LSP Amici* |

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants