Attachment 2

FOR OFFICIAL USE ONLY

## U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

**ICE Directive xxxx.x:**      **Maintaining Family Unity**

        **Issue Date:**  *TBD*
        **Superseded:**  None.
        **Federal Enterprise Architecture Number:** 306-112-002b

1.  **Purpose/Background.**  This Directive establishes U.S. Immigration and Customs Enforcement (ICE) policy and procedures for implementing the class member custody and release provisions of the 1997 *Flores* Settlement Agreement (FSA), court orders interpreting the FSA, and applicable statutes and regulations.[1] This Directive maintains family unity to the greatest extent practicable and implements measures to ensure that any release of children under orders issued by the *Flores* court is the result of the knowing and voluntary decision of an FSA class member's parent or legal guardian.

2.  **Policy.**  It is ICE policy to maintain family unity, including by detaining alien families together where appropriate and consistent with law and available resources.[2] The FSA, related court orders, and applicable statutes and regulations will be interpreted consistent with that policy to the greatest extent possible. ICE Enforcement and Removal Operations (ERO) Supervisors and Field Personnel must comply with the FSA and any related court orders, including all orders in *Flores v. Barr*, No. 85-4544 (C.D. Cal. filed July 11, 1985) (*Flores* Matter). Consistent with the district court's September 18, 2020 order in the *Flores* Matter, ERO Supervisors and Field Personnel must expeditiously process FSA class members and their parents or legal guardians. In circumstances in which the parents or legal guardians of an FSA class member affirmatively request that the FSA class member be released, the parents or legal guardians, personally or through counsel, must submit a completed *Flores Settlement Agreement Caregiver Questionnaire (Caregiver Questionnaire)* and a *Flores Settlement Agreement Caregiver Custody Agreement (Caregiver Custody Agreement)* for the identified caregiver to ICE, as well as file a motion with the *Flores* court asking that the court: (1) determine whether the parent or legal guardian has knowingly and voluntarily consented to release; and (2) order release of the FSA class member to the identified caregiver. If the court concludes that the parent or legal guardian has knowingly and voluntarily consented to release and orders release to the identified caregiver, ICE will comply with any order that is in effect.

2.1.  **Custody of FSA Class Members.**  When ERO Supervisors and Field Personnel determine that the detention of an FSA class member is not required—either to secure the

---

[1] This Directive is being issued solely to comply with the September 18, 2020 order of the U.S. District Court for the Central District of California requiring the issuance of an updated policy or instruction regarding the relevant provisions of the FSA.  *Flores v. Barr*, No. 85-4544, 2020 WL 5666551 (Sept. 18, 2020). ICE nonetheless continues to oppose that order and intends to maintain family unity to the greatest extent practicable.

[2] *See* Exec. Order 13841, *Affording Congress an Opportunity to Address Family Separation*, § 1, 83 Fed. Reg. 29435 (June 20, 2018).

---

FOR OFFICIAL USE ONLY

FOR OFFICIAL USE ONLY

timely appearance before ICE or the immigration court or to ensure the safety of the FSA class member or others—ERO Supervisors and Field Personnel must inform the parent or legal guardian in writing of their right to file a motion with the *Flores* court to have the FSA class member released to a specific caregiver. This notification should be included in or with the *Flores Settlement Agreement Notice of Rights* ("*Notice of Rights*"). If the *Flores* court grants the motion and orders release to a specific caregiver, ERO Supervisors and Field Personnel must release the FSA class member to the specific caregiver.

2.2. **Caregiver Custody Agreement.**  When ERO Supervisors and Field Personnel inform a parent or legal guardian of their right to file a motion with the *Flores* court to have a FSA class member released to a specific caregiver, ERO Supervisors and Field Personnel should provide the parent or legal guardian with an *Affidavit of Support* (Form I-134) and a *Caregiver Custody Agreement* to provide to the caregiver for the caregiver to complete and return. The *Caregiver Custody Agreement* is an agreement through which the caregiver agrees to: (1) provide for the FSA class member's physical, mental, and financial well-being; (2) ensure the FSA class member's presence at all future proceedings before ICE and the immigration court; (3) notify ICE of any change of address within five days following a move; (4) in the case of caregivers other than parents or legal guardians, not transfer custody of the class member to another party without the prior written permission of the Field Office Director or his/her designee; (5) notify ICE at least five days prior to the caregiver's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or removal order; and (6) if dependency proceedings regarding the FSA class member are initiated, notify ICE of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the FSA class member.

3. **Definitions.**  The following definitions apply for purposes of this Directive only.

3.1. **Affirmative Request or Affirmatively Requests.**  When a parent or legal guardian of an FSA class member makes a positive statement to ICE that he or she would like his or her FSA class member released to a caregiver. This is distinct from the parent or legal guardian's submission of a properly executed *Flores Settlement Agreement Caregiver Questionnaire* and a properly executed *Flores Settlement Agreement Caregiver Custody Agreement* to ICE, which is a prerequisite for ICE Supervisors and Field Personnel to vet and assess potential caregivers.

3.2. **Caregiver.**  An individual or entity designated by the parents or legal guardians of an FSA class member in ICE custody, as described in the FSA and consistent with this Directive.

3.3. **ERO Field Personnel.**  Deportation Officers.

3.4. **ERO Supervisors.**  Field Office Directors (FODs), Deputy FODs, Assistant FODs, or Supervisory Detention and Deportation Officers.

FOR OFFICIAL USE ONLY

**3.5.** **Family Residential Center (FRC).**  A facility operated by or pursuant to contract with ICE that routinely holds alien family units for over 24 hours pending resolution or completion of immigration removal operations or processes.

**3.6.** **Family Unit.**  Two or more aliens consisting of one or more alien minor children accompanied by alien adult parents or legal guardians.

**3.7.** **FSA Class Member.**  A minor alien who is covered by the class action lawsuit, *Flores v. Barr*, No. 85–4544 (C.D. Cal. filed July 11, 1985), and the resulting FSA. Under Paragraph 10 of the FSA, this includes "[a]ll minors who are detained [for immigration purposes] in the legal custody of [ICE, U.S. Customs and Border Protection, or the Office of Refugee Resettlement]."[3] It does not include individuals excluded from the definition of "minor" in paragraph 4 of the FSA.

**3.8.** **Minor.**  Any person under the age of eighteen years who is detained in the legal custody of ICE.

**3.9.** **Parent or Legal Guardian.**  An adult individual who is related to the class member either biologically or by legal adoption, or an individual who has been lawfully invested with the power, and charged with the duty, of taking care of, including managing the property, rights, and affairs of, the class member by a court of competent jurisdiction, whether foreign or domestic.

**4.** **Responsibilities.**

**4.1.** The **ERO Executive Associate Director** is responsible for ensuring compliance with the provisions of this Directive within his or her Directorate.

**4.2.** **ERO FODs** are responsible for:

1) Implementing the policy and procedures set forth in this Directive within their respective geographic areas of responsibility (AOR);

2) Ensuring personnel within their AOR maintain a retrievable record that consistently and accurately captures material information regarding:

   a) Parents or legal guardians and FSA class members to whom ICE provided the *Notice of Rights* and other applicable documents which are the subject of this Directive;

   b) Any affirmative request from an FSA class member's parents or legal guardians, or counsel of record, and any related court orders;

---

[3] The FSA excludes from the definition of the term "minor" "an emancipated minor or an individual who has been incarcerated due to a conviction for a criminal offense as an adult." FSA ¶ 4.

FOR OFFICIAL USE ONLY

    c)  Executed *Caregiver Questionnaires* and related documents for caregivers identified by parents or legal guardians; and

    d)  Relevant statistics, in an easily reportable format, regarding custody determinations, requests, agreements, and relevant court orders; and

  3)  Ensuring personnel within their AOR who will be responsible for duties under this Directive are properly trained on and familiar with the contents of this Directive, as well as applicable laws, regulations, and court orders.

**4.3.**    **ERO Supervisors**, as assigned by the FOD, are responsible, when requested, for reviewing requests by parents or legal guardians and recommendations made by ERO Field Personnel within their respective chains-of-command.[4]

**4.4.**    **ERO Field Personnel** are responsible for:

  1)  Notifying parents or legal guardians and FSA class members of their relevant rights under this Directive and the FSA by providing the *Notice of Rights*;

  2)  Making and recording initial custody recommendations for parents, legal guardians, and FSA class members;

  3)  Properly documenting any motions or court orders regarding a parent or legal guardian's affirmative request for release of an FSA class member to a caregiver under this Directive;

  4)  Conducting suitability assessments for potential caregivers in cases in which a parent or legal guardian affirmatively requests release of an FSA class member to a caregiver and files such a motion with the *Flores* court; and

  5)  Completing all FSA training requirements before conducting any applicable duties or assignments.

**5.**    **Procedures/Requirements.**

**5.1.**    **Notice of Rights.**  Within 48 hours of ICE taking custody of an FSA class member, ERO Supervisors and Field Personnel must provide to the FSA class member, and the FSA class member's accompanying parents or legal guardians, the *Notice of Rights* in a language that the parents or legal guardians understand, or have such forms read to the parents or legal guardians by a certified translator or interpreter in a language or dialect the parents or legal guardians understand. To ensure that FSA class members, parents, and legal guardians remain aware of their legal rights, ERO Supervisors and Field

---

[4] The responsibilities assigned to ERO Field Personnel do not preclude ERO Supervisors from fulfilling those same responsibilities, at the FOD's discretion.

FOR OFFICIAL USE ONLY

FOR OFFICIAL USE ONLY

Personnel must provide FSA class members, parents, and legal guardians with a new copy of the *Notice of Rights* every 90 days. ERO Supervisors and Field Personnel shall retain documentary proof of service of these documents.

1) <u>List of Pro Bono Legal Service Providers</u>.  ERO Supervisors and Field Personnel must, at the same time they provide the *Notice of Rights*, provide the FSA class member and their parents or legal guardians with the current U.S. Department of Justice, Executive Office for Immigration Review *List of Pro Bono Legal Service Providers*, unless they verify that it has already been provided.

2) <u>Non-Coercion</u>.  ERO Supervisors and Field Personnel must not encourage accompanying parents or legal guardians to request the release of an FSA class member at any time.

**5.2.   Initial Custody Determinations.**  ERO Supervisors and Field Personnel must apply the normal and applicable custody determination procedures to parents or legal guardians and FSA class members, as set out by the applicable statutes and regulations and as applicable to the facts and circumstances of each case. Parents or legal guardians and FSA class members must be promptly notified of the results of any custody determination through established procedures and documents.

1) <u>Change in Custody</u>.  If ERO Supervisors and Field Personnel determine to release a parent or legal guardian of an FSA class member, and the detention of the FSA class member is determined not to be required to secure timely appearance before ICE or the immigration court or to ensure the FSA class member's safety or that of others, then the parent or legal guardian and the FSA class member will be released together.

2) <u>Continued Custody</u>.  If ERO Supervisors and Field Personnel determine to maintain custody of the parent or legal guardian—and conclude that detention of the FSA class member is not necessary to secure his or her appearance before ICE or the immigration court or to ensure the safety of the FSA class member or others—then the family will remain together at the FRC until the *Flores* court:  (1) determines that the parent or legal guardian has knowingly and voluntarily consented to release; and (2) orders release of the FSA class member to the identified caregiver.

**5.3.   Parent or Legal Guardian Rights Regarding Accompanying Children.**  FSA class members will remain detained with their accompanying parents or legal guardians absent a knowingly and voluntarily affirmative request that the FSA class member be released to a caregiver and an order for such release from the *Flores* court.

1) <u>Requests</u>.  If a parent or legal guardian affirmatively requests release of an FSA class member to a caregiver, ERO Supervisors and Field Personnel will advise the parent or legal guardian that they must submit a completed *Caregiver Questionnaire* and a completed *Caregiver Custody Agreement* for the identified caregiver to ICE, as well as file a motion with the *Flores* court asking:  (1) that the Court determine whether

FOR OFFICIAL USE ONLY

FOR OFFICIAL USE ONLY

the parent or legal guardian has knowingly and voluntarily consented to release; and (2) that the Court order release of the FSA class member to the identified caregiver.

2) <u>Questions Regarding the Process</u>.  Should parents or legal guardians have questions regarding their or the FSA class member's rights or responsibilities, ERO Supervisors and Field Personnel must inform them that they may speak with a lawyer, a legal representative, family member, friend, social worker, or other individual of their choice. Should the parents or legal guardians request assistance with mailing to their attorney of record any of the documents required by this Directive, ERO Supervisors and Field Personnel must facilitate access for the alien to send the documents by mail, fax, or email. ERO Supervisors and Field Personnel may determine which means of transmission to provide.

**5.4.**   **Caregiver Vetting and Assessment.**  Upon receipt of an affirmative request from a parent or legal guardian for the release of an FSA class member to a caregiver, ERO Supervisors and Field Personnel will advise the parent or legal guardian that they must submit a completed *Caregiver Questionnaire* and a completed *Caregiver Custody Agreement*, as well as any supporting materials, for the identified caregiver to ICE, which will commence and record steps to gather caregiver information and assess the caregiver's suitability.

1) <u>Caregiver Questionnaire</u>.  Once a parent or legal guardian provides a completed *Caregiver Questionnaire* and *Caregiver Custody Agreement* documents to ICE for a particular caregiver, ERO Supervisors and Field Personnel will promptly contact the identified caregiver by either telephone or email. Whether contacting by telephone or email, ERO Supervisors and Field Personnel will inform the potential caregivers that: (1) the parent or legal guardian (identified by name) has identified them as a potential caregiver for their child (identified by name); and (2) ICE is requested to assess the willingness and ability of the caregivers to safely care for the class member. ERO Supervisors and Field Personnel may request any additional information and/or supporting documents reasonably required to vet or consider the caregiver's suitability.

2) <u>Background Checks</u>.  If a parent or legal guardian affirmatively requests release of an FSA class member to a caregiver, ERO Supervisors and Field Personnel must conduct criminal and immigration background checks on all potential caregivers and adults living in the caregiver's residence. Such checks must, at the very least, expressly include checks for criminal records, active warrants, active orders of protection, and sex offender registrations.

3) <u>Suitability Assessments</u>.  If a parent or legal guardian affirmatively requests release of an FSA class member to a caregiver, ICE must also conduct a suitability assessment pursuant to Paragraph 17 of the FSA, taking into account the *Caregiver Questionnaire* and the Background Check, and notify the *Flores* court of its assessment if a motion has been filed. This may include but need not be limited to:  (1) investigating the proposed living conditions and standard of care; (2) verifying the identity and employment of the

FOR OFFICIAL USE ONLY

potential caregiver; (3) interviewing the potential caregiver's household members; and (4) a home visit.

4) <u>Report to the *Flores* Court</u>. Absent extraordinary circumstances, ICE Supervisors and Field Personnel must complete their review and provide the results to the *Flores* court within 10 business days of their receipt of the completed *Caregiver Questionnaire* and *Caregiver Custody Agreement* documents. However, in the event that ICE Field Personnel request additional information and/or supporting documents from the parent, legal guardian, or sponsor, their review must be completed and the results provided to the *Flores* court within 10 business days of the receipt of the additional information and/or supporting documents requested.

**6.    Recordkeeping.** ERO will develop and implement changes to its ENFORCE Alien Removal Module (EARM) to accurately, consistently, and timely report information and statistics related to the policies and processes set out in this Directive. All FSA-related records must be placed in the A-file associated with each FSA class member and his or her parents or legal guardians. Any audits by the *Flores* Juvenile Coordinator or Special Monitor must also be maintained by ERO. All FSA-related records must be maintained in accordance with an approved National Archives and Records Administration retention schedule. Any records that are not covered by an approved schedule are considered unscheduled and must be maintained permanently until a retention schedule has been established.

**7.    Authorities/References.**

**7.1.**    Section 212(d)(5) of the Immigration and Nationality Act (INA)

**7.2.**    Section 235(b) of the INA

**7.3**    Sections 236(a) and (c) of the INA

**7.4**    Section 241 of the INA

**7.5.**    8 Code of Federal Regulations (C.F.R.) § 212.5(b)

**7.6.**    8 C.F.R. § 236.3

**7.7**    8 C.F.R. §§ 241.3 - .6

**7.8.**    Paragraphs 14, 15, 17, and 18 of the FSA

**7.9.**    *Flores v. Lynch*, 212 F. Supp. 3d 907 (C.D. Cal. 2015)

**7.10.**    *Flores v. Lynch*, 828 F.3d 898 (9th Cir. 2016)

**7.11.**    *Flores v. Sessions*, 394 F. Supp. 3d 1041 (C.D. Cal. 2017)

**7.12.**    *Ms. L. v. ICE*, 310 F. Supp. 3d 1133 (S.D. Cal., 2018)

**7.13.**    *Flores v. Barr*, No. 85-4544 (C.D. Cal. July 9, 2018)

FOR OFFICIAL USE ONLY

FOR OFFICIAL USE ONLY

**7.14.** *Flores v. Barr*, No. 85-4544 (C.D. Cal. Apr. 20, 2020)

**7.15.** *Flores v. Barr*, No. 85-4544, 2020 WL 5666551 (Sept. 18, 2020)

**7.16.** ICE Policy 11069.1, *Implementation of the August 21, 2015 Flores v. Lynch Order* (Oct. 23, 2015)

**7.17.** Exec. Order 13841, *Affording Congress an Opportunity to Address Family Separation*, § 1, 83 Fed. Reg. 29435 (June 20, 2018)

**8.      Attachments.**

**8.1.** *Flores Settlement Agreement Notice of Rights*

**8.2.** *Flores Settlement Agreement Caregiver Questionnaire*

**8.3.** *Flores Settlement Agreement Caregiver Custody Agreement*

**8.4.** Form I-134, *Affidavit of Support*

**9.      No Private Right.** This document provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE.

_____

**Tony H. Pham**
**Senior Official Performing the Duties of the Director**
**U.S. Immigration and Customs Enforcement**

FOR OFFICIAL USE ONLY