CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.org
        pschey@centerforhumanrights.org

*Attorneys for plaintiffs (listing continues on following page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | ) Case No. CV 85-4544-RJK(Px) |
| Plaintiffs, | ) PLAINTIFFS' COMMENTS RE |
| - vs - | ) DEFENDANTS PROPOSED |
| | ) PROCEDURES RE ADVISALS |
| WILLIAM BARR, Attorney General of the United States, *et al.*, | ) |
| Defendants. | ) Hearing: October 23, 2020 |
| | ) Time: 11:00 A.M. |
| | ) Judge: Hon. Dolly Gee |

/ / /

*Listing of Plaintiffs' counsel continued*


USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu


LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500


/ / /

I.    INTRODUCTION

Plaintiffs' motion for a proper advisal of rights and reasonable steps to implement Class Members' release was filed on August 14, 2020. [Doc.# 919.] Plaintiffs' corrected proposed Order with a proposed advisal and protocol was filed on August 17, 2020. [Doc.# 921-1.]  Defendants' opposition was filed August 21, 2020. [Doc.# 923.] Plaintiffs' Reply Brief was filed on August 28,2020.[Doc.# 949.]

On September 18, 2020, the Court ordered the parties to file a joint response to the Court's proposed Notice of Rights ("September Order"). The Court specified that "[t]he response should include any proposed joint or separate edits to the Notice of Rights, as well as a proposed procedure for immediate dissemination." [Doc. # 987 at 13.]  The Court further directed that U.S. Immigration and Customs Enforcement (ICE) "shall also include in the response a copy of the updated policy or instruction regarding the FSA that it will provide to its employees, in accordance with Paragraph 29 and Exhibit 2 of the FSA, and explain how it intends to train its employees regarding its implementation." *Id.*

On October 16, 2020, the parties filed their Joint Response to Proposed Notice of Rights ("Joint Response"). [Doc.# 1007.] The parties attached to the Joint Response a redlined copy of the Notice of Rights prepared by the Court reflecting the parties' proposed edits to the Court's draft proposed advisal. [Doc. # 1007-1.] Defendants attached to the Joint Report their draft "ICE Directive: Maintaining Family Unit." [Doc.. # 1007-2.]

The Court's September Order provided that Plaintiffs and the *amici* parties "may file their comments on ICE's updated policy or instruction within seven days after the filing of the joint response." September Order at. 13.

This document sets forth Plaintiffs' comments on Defendants' "ICE Directive: Maintaining Family Unit." Plaintiffs have consulted with the *amici* parties regarding the comments below.

- 1 -

At bottom, Paragraph 12 of the FSA requires that advisals be given, and Paragraphs 14 and 18 require the release of minors who are not flight risks or a danger to themselves or others. Paragraphs 15 and 16 require Defendants to take certain steps to assess whether designated sponsors are suitable and will produce Class Members for future proceedings. If they are suitable and will produce the Class Member for future proceedings, Paragraphs 14 and 18 require the child's release without unnecessary delay. This is what the FSA clearly requires and what this Court has repeatedly ordered.[1]

II.   COMMENTS REGARDING THE DRAFT "ICE DIRECTIVE: MAINTAINING FAMILY UNIT"

Text that Plaintiffs propose be deleted is struck out below. Text Plaintiffs propose be added appear in *italics*. Throughout Plaintiffs propose changing the term "caregiver" to "sponsor" without striking out "caregiver" or italicizing "sponsor." Family members who may care for released minors have historically been called sponsors and the term "caregiver" will be confusing to parents and Class Members.

Title of the ICE Directive

The purpose of this document is to provide guidance on how *Flores* rights should be implemented, not a PR effort to clean up impressions left when this Administration involuntarily and illegally separated thousands of children from their parents. Plaintiffs propose the Title be modified to:

*Required Policies to Comply with the Flores Settlement (Flores v. Barr, Cv. 85-cv-04544 (Central District of California)*

**1.   Purpose**

This Directive maintains family unity to the greatest extent practicable and implements measures to ensure that any release of children *minors* under *the FSA or*

_____

[1] *See* Motion to Enforce Settlement of Class Action at 8-14 ("Motion"). [Doc. # 919.]

orders issued by the *Flores* court is the result of the knowing and voluntary decision of an FSA class member's parent or legal guardian.

Reason: The purpose of this directive is to implement *Flores* rights and Court orders, not to implement an alleged commitment by the Administration to maintain family unity.

**2.**    **Policy**

~~It is ICE policy to maintain family unity, including by detaining alien families together where appropriate and consistent with law and available resources. The FSA, related court orders, and applicable statutes and regulations will be interpreted consistent with that policy to the greatest extent possible.~~ *The policies set forth in this Directive apply to Class Members wherever they are under the care and custody of ICE, including FRCs, ICE holding cells, and hotels.*

Reason: See comments above. This sentence cites to Exec. Order 13841, Affording Congress an Opportunity to Address Family Separation, § 1, 83 Fed. Reg. 29435 (June 20, 2018).  Executive Order No. 13841 purported to require the Attorney General to file a request with this Court to modify the *Flores* Agreement "in a manner that would permit the Secretary, under present resource constraints, to detain alien families together throughout the pendency of criminal proceedings for improper entry or any removal or other immigration proceedings." Order of November 12, 2019. [Doc. # 702 at 4.] The FSA never required involuntary family separation in any way.

_____

… ICE Enforcement and Removal Operations (ERO) Supervisors and Field Personnel must comply with the FSA and any related court orders, including all orders in *Flores v. Barr*, No. 85-4544 (C.D. Cal. filed July 11, 1985) (Flores Matter). *A copy of the Flores Settlement Agreement ("FSA") is attached and must be read and understood by all ERO Field Office Directors, ERO Supervisors and ERO Field Personnel. ERO Field Personnel with questions should refer their questions to their ERO Supervisors.*

- 3 -

1  *ERO Supervisors with questions should refer their questions to their ERO Field Office*
2  *Directors. ERO Field Office Directors with questions should refer their questions to*
3  *the ERO Executive Associate Director.*

4  <u>Reason</u>: ERO officers should be provided a copy of the FSA and told who will
5  answer any questions they may have about the FSA or the Directive. This will reduce
6  confusion and possible non-compliance.

7  Note: Defendants have not provided the Court or the Plaintiffs with copies of
8  their proposed Flores Settlement Agreement Sponsor Questionnaire ("Sponsor
9  Questionnaire"), or the Settlement Agreement Sponsor Custody Agreement ("Sponsor
10  Custody Agreement"). These are important documents and should be provided to the
11  Court and the Plaintiffs so that they may be commented on prior to being finalized and
12  adopted. Plaintiffs have previously proposed text for these documents. *See* Doc.# 921-
13  1. While unclear, for purposes of these comments Plaintiffs assume the Sponsor
14  Questionnaire is a document sponsors will be asked to complete. If this is a document
15  only sponsors will be asked to complete, it likely should not be provided to Class
16  Members or their parents as doing so will simply confuse them.

17  _____

~~… as well as file a motion with the Flores court asking that the court: (1)~~
18  ~~determine whether the parent or legal guardian has knowingly and voluntarily~~
19  ~~consented to release; and (2) order release of the FSA class member to the identified~~
20  ~~caregiver. If the court concludes that the parent or legal guardian has knowingly and~~
21  ~~voluntarily consented to release and orders release to the identified caregiver, ICE will~~
22  ~~comply with any order that is in effect.~~

23  <u>Reason</u>: Nothing in the FSA states or implies that a Class Member or a parent
24  must seek a Court order to exercise a Class Member's right to release. This outlandish
25  proposed language shows the importance of requiring that all ERO officers receive and
26  read a copy of the FSA as proposed above.

27

28  - 4 -

_____

2.1. Custody of FSA Class Members.  When ERO Supervisors and Field
Personnel determine that the detention of an FSA class member is *or is* not required—
either to secure the timely appearance before ICE or the immigration court or to ensure
the safety of the FSA class member or others—ERO Supervisors and Field Personnel
must inform the parent or legal guardian *and the ICE Juvenile Coordinator* in writing
*of these decisions.* ~~their right to file a motion with the Flores court to have the FSA
class member released to a specific caregiver.~~ This notification should be included in
or with the Flores Settlement Agreement Notice of Rights ("Notice of Rights"), *or, if
these decisions are made <u>after</u> the Notice of Rights has been provided, then promptly
after the determinations are made.* ~~If the Flores court grants the motion and orders
release to a specific caregiver, ERO Supervisors and Field Personnel must release the
FSA class member to the specific caregiver.~~

2.2. *Notice of Rights and* <u>Sponsor Custody Agreement</u>. When ERO Supervisors
and Field Personnel *provide Class Members and their parents or legal guardians with
the Notice of Rights*, ~~inform a parent or legal guardian of their right to file a motion
with the Flores court to have a FSA class member released to a specific caregiver,
ERO Supervisors and Field Personnel should~~ *they must also* provide the parent or legal
guardian with the *List of Pro Bono Legal Service Providers* ~~an Affidavit of Support
(Form I-134) and a Sponsor Custody Agreement ….~~ *The list of languages into which
the Notice of Rights is translated and made available through interpretation should be
regularly updated to reflect the population of detained Class Members and their
parents.* The Sponsor Custody Agreement is an agreement through which the sponsor
agrees to: (1) provide for the FSA class member's physical, mental, and financial well-
being; (2) ensure the FSA class member's presence at all future proceedings before
ICE and the immigration court; (3) notify ICE of any change of address within five
days following a move; (4) in the case of sponsors other than parents or legal

- 5 -

guardians, not transfer custody of the class member to another party without the prior written permission of the Field Office Director or his/her designee; (5) notify ICE at least five days prior to the sponsor's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or removal order; and (6) if dependency proceedings regarding the FSA class member are initiated, notify ICE of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the FSA class member. *ERO Supervisors and Field Personnel shall also ensure that at all locations where parents are detained with Class Members posters are placed in areas clearly visible to the parents and Class Members regarding the FSA rights with the text attached to this Directive.*

4.2. ERO FODs are responsible for: …

2)      Ensuring personnel within their AOR maintain a retrievable record that consistently and accurately captures material information regarding: ….

*(e) Any decision that a Class Member may not be released because he or she is a flight risk or a danger, and*

*(f) All steps taken to achieve a Class Member's release (including, for example, all communications sent to or received from potential sponsors, all emails or telephone communications with potential sponsors, etc.)*

*Decisions that*

4.4.  ERO Field Personnel are responsible for:

1)      Notifying parents or legal guardians and FSA class members of their relevant rights under this Directive and the FSA by providing the Notice of Rights, *and the List of Pro Bono Legal Service Providers., Flores Settlement Agreement Sponsor Questionnaire ("Sponsor Questionnaire"), Affidavit of Support (Form I-134), and a Sponsor Custody Agreement;*

- 6 -

Reason: If these documents are to be completed b sponsors, providing them to Class Members or parents will only serve to confuse them and detract from the advisal of rights.

_____

2)      Making and recording *in all Class Members' A files (i)* initial custody recommendations for parents, legal guardians, and FSA class members, *(ii) all subsequent custody recommendations for class members, and (iii) all efforts to release class members*;

3)      ~~Properly documenting any motions or court orders regarding a parent or legal guardian's affirmative request for release of an FSA class member to a caregiver under this Directive~~;

3)4)   Conducting suitability assessments for potential sponsors in cases in which a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor ~~and files such a motion with the Flores court~~; and

4)5)   Completing all FSA training requirements before conducting any applicable duties or assignments.

**5.1. Notice of Rights**.

Within 48 hours of ICE taking custody of an FSA class member, ERO Supervisors and Field Personnel must provide to the FSA class member, and the FSA class member's accompanying parents or legal guardians, the Notice of Rights *and the List of Pro Bono Legal Service Providers,* ~~*Flores Settlement Agreement Sponsor Questionnaire ("Sponsor Questionnaire"), Affidavit of Support (Form I-134), and a Sponsor Custody Agreement*~~ in *Spanish or* a language that the parents or legal guardians understand~~, or have such~~ *If the Class Member or accompanying parent or guardian do not read Spanish or the language in which the advisal is provided, the* forms *must be* read to the parents or legal guardians by a certified translator or interpreter in a language or dialect the parents or legal guardians understand. *Whether*

- 7 -

*or not the Class Member or accompanying parent or guardian read Spanish, they shall
be allowed to retain the forms given to them at all times while in ICE custody.*

5.1 1) List of Pro Bono Legal Service Providers.  ERO Supervisors and Field
Personnel must, at the same time they provide the Notice of Rights, provide the FSA
class member and their parents or legal guardians with the current U.S. Department of
Justice, Executive Office for Immigration Review List of Pro Bono Legal Service
Providers, unless they verify that it has already been provided. *The list shall include all
non-profit legal services providers that provide legal services to detained Class
Members and that make a request to an ERO FOD be included on the list.*

2) Non-Coercion.  ERO Supervisors and Field Personnel must not encourage *or
discourage* accompanying parents or legal guardians to request the release of an FSA
class member at any time.

**5.2 <u>Initial Custody Determinations</u>.**

… Parents or legal guardians and FSA class members must be promptly notified
of the results of any custody determination through established procedures and
documents. *FSA class members also must be promptly notified in writing of the results
of any custody determinations made under the FSA or this Directive. ERO Supervisors
and Field Personnel should document on individual Class Members' parole worksheets
reasons why it declines to release parents with their children.*

2)      <u>Continued Custody</u>.  If ERO Supervisors and Field Personnel determine to
maintain custody of the parent or legal guardian—and conclude that detention of the
FSA class member is not necessary to secure his or her appearance before ICE or the
immigration court or to ensure the safety of the FSA class member or others—then the
family will remain together at the FRC *until the Class Member is released pursuant to
the FSA and this Directive.* ~~until the Flores court:  (1) determines that the parent or
legal guardian has knowingly and voluntarily consented to release; and (2)orders
release of the FSA class member to the identified caregiver~~

- 8 -

*3) Under the FSA class members have the right to be released to approved sponsors unless the class member is (i) a danger to themselves or others and the basis for this determination is fully documented in the class member's A file, or (ii) unlikely to appear at future proceedings if released. In determining that a class member is a flight risk, the fact that they are awaiting a credible fear interview, or have an appeal pending before an Immigration Judge, or are seeking judicial review of a decision, or may be removed in several weeks, are not valid reasons for denying release.*

*4) Under the FSA, minors not released must be held in facilities that are licensed by a State and non-secure. The FSA provides class members with numerous other rights not addressed in this Directive. All ERO Supervisors and Field Personnel who supervise or make decisions concerning class members must receive copies of and be familiar with the FSA.*

**5.3 Parent or Legal Guardian Rights Regarding Accompanying Children**.

FSA class members will remain detained with their accompanying parents or legal guardians absent a knowingly and voluntarily affirmative request that the FSA class member be released to a sponsor and *ICE's vetting of the Class Member's proposed sponsor* ~~an order for such release from the Flores court~~.

1) Requests.  If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel will advise the parent or legal guardian that they must submit *the names of all proposed sponsors, their addresses if known, their telephone numbers, their email addresses if known, and the relationship of the proposed sponsors to the detained class member* ~~a completed Sponsor Questionnaire and a completed Caregiver Custody Agreement for the identified caregiver to ICE, as well as file a motion with the Flores court asking:  (1) that the Court determine whether the parent or legal guardian has knowingly and voluntarily consented to release; and (2) that the Court order release of the FSA class member to the identified caregiver.~~ *Sponsors may include an undetained parent,*

- 9 -

*grandparent, uncle, aunt, brother or sister of the class member, or an unrelated adult,
or a licensed group home.*

    *2) A parent or legal guardian who decides to identify sponsors to whom they
may wish their child to be released has the right to change his or her mind at any time
before the class member is released and to have the class member remain with them in
ICE custody. Similarly, a parent or legal guardian may decide at any time that they
wish to have their child released to one or more sponsors they have identified.*

    <u>Reason</u>: The "completed" Sponsor Questionnaire and ~~Custody Agreement~~ must
be obtained from the potential sponsor, not the Class Member or the parent. If ICE
intends the Sponsor Questionnaire to be completed by a parent or Class Member, it
should be a simple and short form and simply capture the names of proposed sponsors,
their telephone numbers, their relationship to the class member, and if known their
addresses and email addresses. As discussed above, there is no basis for motions to the
Court. It must be made clear to ICE officers that parents may change their minds about
having their children released at any time.

—————

    2) <u>Questions Regarding the Process</u>.  Should parents or legal guardians *or Class
Members* have questions regarding their or the FSA class member's rights or
responsibilities, ERO Supervisors and Field Personnel must inform them that they may
speak with a lawyer, a legal representative, family member, friend, social worker, or
other individual of their choice *and that free telephone calls may be made for this
purpose. Class Members must also have access to consult with a child welfare expert
to discuss issues relating to release versus remaining detained with a parent.* Should
the parents or legal guardians request assistance with mailing to their attorney of record
any of the documents required by this Directive, ERO Supervisors and Field Personnel
must facilitate access for the alien to send the documents by mail, fax, or email. ERO

- 10 -

Supervisors and Field Personnel may determine which means of transmission to provide.

**5.4 <u>Sponsor Vetting and Assessment</u>**.  Upon receipt of an affirmative request from a parent or legal guardian for the release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel will advise the parent or legal guardian that ~~they~~ (i) *their proposed sponsors will have to* ~~must~~ submit *to ICE* a completed Sponsor Questionnaire and a completed Sponsor Custody Agreement, ~~as well as any supporting materials, for the identified caregiver to ICE,~~ ~~which~~ *and (ii) that ICE* will commence and record steps to gather sponsor information and assess the sponsor's suitability. *ICE Supervisors and Field Personnel must notify the Flores ICE Juvenile Coordinator within 10 business days of an affirmative request from a parent or legal guardian for the release of an FSA class member to a sponsor.*

<u>Reason</u>: The "completed" Sponsor Custody Agreement and Sponsor Questionnaire should be obtained from the potential sponsor, not the Class Member or the parent.

_____

1)      <u>Sponsor Questionnaire.</u>  Once a parent or legal guardian provides *ICE* ~~a completed Caregiver Questionnaire and Caregiver Custody Agreement documents~~ *the names, contact information, and relationship to the Class Member of proposed sponsors* ~~to ICE for a particular caregiver~~, ERO Supervisors and Field Personnel will promptly contact the identified sponsor by either telephone or email. Whether contacting by telephone or email, ERO Supervisors and Field Personnel will inform the potential sponsors that:

1) the parent or legal guardian (identified by name) has identified them as a potential sponsor for their child (identified by name); and (2) ICE is requested to assess the willingness and ability of the sponsors to safely care for the class member. ~~ERO~~

- 11 -

1    ~~Supervisors and Field Personnel may request any additional information and/or~~
2    ~~supporting documents reasonably required to vet or consider the caregiver's suitability~~.

3        Reason: Plaintiffs propose that any additional "supporting documents" ICE may
4    need be specified here to avoid deportation officers seeking unnecessary documents.
5    Plaintiffs earlier proposed that ICE may request a photo identification in addition to the
6    completed Sponsor Custody Agreement and affidavit of support.

7        _____

8        2)    Background Checks.  If a parent or legal guardian affirmatively requests
9    release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel
10   must conduct criminal and immigration background checks on all potential sponsors
11   and adults living in the sponsor's residence. Such checks must *be conducted promptly*
12   and ~~, at the very least,~~ expressly include checks for criminal records, active warrants,
13   active orders of *deportation* ~~protection~~, and sex offender registrations.

14       3)    Suitability Assessments.  If a parent or legal guardian affirmatively
15   requests release of an FSA class member to a sponsor, ICE ~~must~~ *may* also conduct a
16   suitability assessment pursuant to Paragraph 17 of the FSA, taking into account the
17   Sponsor Questionnaire and the Background Check. ~~and notify the Flores court of its~~
     ~~assessment if a motion has been filed~~. This may include but need not be limited to:  (1)
18   investigating the proposed living conditions and standard of care; (2) verifying the
19   identity and employment of the potential sponsor; (3) interviewing the potential
20   sponsor's household members; and (4) a home visit. *Any such assessment must also*
21   *take into consideration the wishes and concerns of the minor. Any suitability*
22   *assessment conducted must be accomplished without any unnecessary delay and each*
23   *step taken must be recorded in the Class Members A file including the date and what*
24   *was done to complete the assessment. Information gathered during background checks*
25   *and suitability assessments will not be used to initiate enforcement action against*

26
27
28                                  - 12 -

*potential sponsors or those living in the sponsor's home unless there is an outstanding*
*warrant of arrest existing for that person.*

Reason: Paragraph 17 of the FSA states an assessment "may" be conducted. It is
not required. It is unclear that ICE has set up any mechanism to conduct home visits,
etc. At least at this time, deportation officers have no experience conducting home
assessments. Congress has restricted ICE from initiating enforcement against potential
sponsors based on information gathered by ORR so as not to discourage sponsors from
cooperating with ORR. The FSA's provisions on suitability assessments are intended
to ensure that the sponsor can safely care for the Class Member, not as a means to
initiate enforcement against potential sponsors or those who reside with them. It is
unclear why the immigration status of those living with the potential sponsor is even
relevant to implementation of the FSA. Paragraph 17 of the FSA states that  any
assessment must take into consideration the wishes and concerns of the minor.

_____

4) *Time to complete assessments* ~~Report to the Flores Court~~.  Absent
extraordinary circumstances, ICE Supervisors and Field Personnel must *endeavor to*
complete their review and *must* provide the results *of their review* to the Flores *ICE
Juvenile Coordinator* ~~court~~ within 10 business days of their receipt of the completed
Sponsor Questionnaire and Sponsor Custody Agreement ~~documents~~. ~~However, i~~In the
event that ICE Field Personnel request additional information and/or supporting
documents from the parent, legal guardian, or sponsor, their review must be completed
and the results provided to the Flores *ICE Juvenile Coordinator* ~~court~~ within 10
business days of the receipt of the additional information and/or supporting documents
requested.

*/ / /*

- 13 -

Dated: October 21, 2020.                    Respectfully submitted,


                                            CENTER FOR HUMAN RIGHTS &
                                            CONSTITUTIONAL LAW
                                            Peter A. Schey
                                            Carlos Holguín


                                            USF SCHOOL OF LAW
                                            IMMIGRATION CLINIC
                                            Bill Ong Hing


                                            LA RAZA CENTRO LEGAL, INC.
                                            Stephen Rosenbaum

                                             *Peter Schey*
                                            *Attorneys for plaintiffs*

- 14 -

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Peter Schey*

Peter A. Schey

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW

*Class Counsel for Plaintiffs*