*Flores v. Barr,* Case 2:85-cv-04544-DMG-AGR
*Plaintiff' edits of Defendants' draft Directive. Text in italics is proposed by Plaintiffs. Text Plaintiffs object to is struck out.*
*Throughout this document the term "caregiver" has been changed to "sponsor."*

*FOR OFFICIAL USE ONLY*
**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**
**ICE Directive xxxx.x:**       ~~**Maintaining Family Unity**~~
*Required Policies to Comply with the Flores Settlement (Flores v. Barr, Cv. 85-cv-04544 (Central District of California)*

1. **Purpose/Background**

    This Directive establishes U.S. Immigration and Customs Enforcement (ICE) policy and procedures for implementing the class member custody and release provisions of the 1997 *Flores* Settlement Agreement (FSA), court orders interpreting the FSA, and applicable statutes and regulations.[1] This Directive ~~maintains family unity to the greatest extent practicable and~~ implements measures to ensure that any release of ~~children~~ *minors* under *the FSA or* orders issued by the *Flores* court is the result of the knowing and voluntary decision of an FSA class member's parent or legal guardian.

2. **Policy**

    ~~It is ICE policy to maintain family unity, including by detaining alien families together where appropriate and consistent with law and available resources.~~[2] ~~The FSA, related court orders, and applicable statutes and regulations will be interpreted consistent with that policy to the greatest extent possible~~. *The policies set forth in this Directive apply to Class Members wherever they are under the care and custody of ICE, including FRCs, ICE holding cells, and hotels.* ICE Enforcement and Removal

---

[1] This Directive is being issued solely to comply with the September 18, 2020 order of the U.S. District Court for the Central District of California requiring the issuance of an updated policy or instruction regarding the relevant provisions of the FSA. *Flores v. Barr*, No. 85-4544, 2020 WL 5666551 (Sept. 18, 2020). ~~ICE nonetheless continues to oppose that order and intends to maintain family unity to the greatest extent practicable~~.

[2] ~~*See* Exec. Order 13841, *Affording Congress an Opportunity to Address Family Separation*, § 1, 83 Fed.Reg. 29435 (June 20, 2018).~~

Operations (ERO) Supervisors and Field Personnel must comply with the FSA and any related court orders, including all orders in *Flores v. Barr*, No. 85-4544 (C.D. Cal. filed July 11, 1985) (Flores Matter). *A copy of the Flores Settlement Agreement ("FSA") is attached and must be read and understood by all ERO Field Office Directors, ERO Supervisors and ERO Field Personnel. ERO Field Personnel with questions should refer their questions to their ERO Supervisors. ERO Supervisors with questions should refer their questions to their ERO Field Office Directors. ERO Field Office Directors with questions should refer their questions to the ERO Executive Associate Director.*

Consistent with the district court's September 18, 2020 order in the *Flores* Matter, ERO Supervisors and Field Personnel must expeditiously process FSA class members and their parents or legal guardians. In circumstances in which the parents or legal guardians of an FSA class member affirmatively request that the FSA class member be released, prompt steps must be taken and recorded as required by the FSA. ~~the parents or legal guardians, personally or through counsel, must submit a completed *Flores Settlement Agreement Caregiver Questionnaire (Caregiver Questionnaire)* and a *Flores Settlement Agreement Caregiver Custody Agreement (Caregiver Custody Agreement)* for the identified caregiver to ICE, as well as file a motion with the Flores court asking that the court: (1) determine whether the parent or legal guardian has knowingly and voluntarily consented to release; and (2) order release of the FSA class member to the identified caregiver. If the court concludes that the parent or legal guardian has knowingly and voluntarily consented to release and orders release to the identified caregiver, ICE will comply with any order that is in effect.~~

**2.1. Custody of FSA Class Members**. When ERO Supervisors and Field Personnel determine that the detention of an FSA class member is *or is* not required—either to secure the timely appearance before ICE or the immigration court or to ensure the safety of the FSA class member or others—ERO Supervisors and Field Personnel must inform the parent or legal guardian *and the ICE Juvenile Coordinator* in writing *of these decisions*. ~~their right to file a motion with the Flores court to have the FSA class member released to a specific caregiver.~~ This notification should be included in or with the Flores Settlement Agreement Notice of Rights ("Notice of Rights"), *or, if these decisions are made <u>after</u> the Notice of Rights has been provided, then promptly after the determinations are made*.

- 2 -

~~If the Flores court grants the motion and orders release to a specific caregiver, ERO Supervisors and Field Personnel must release the FSA class member to the specific caregiver~~.

**2.2.** ~~**Caregiver Custody Agreement**~~
**Notice of Rights and Sponsor Custody Agreement**. When ERO Supervisors and Field Personnel *provide Class Members and their parents or legal guardians with the Notice of Rights*, ~~inform a parent or legal guardian of their right to file a motion with the Flores court to have a FSA class member released to a specific caregiver,~~ ERO Supervisors and Field Personnel ~~should~~ *they must also* provide the parent or legal guardian with the *List of Pro Bono Legal Service Providers* ~~an Affidavit of Support (Form I-134) and a Sponsor Custody Agreement~~ …. *The list of languages into which the Notice of Rights is translated and made available through interpretation should be regularly updated to reflect the population of detained Class Members and their parents.* The Sponsor Custody Agreement is an agreement through which the sponsor agrees to: (1) provide for the FSA class member's physical, mental, and financial well-being; (2) ensure the FSA class member's presence at all future proceedings before ICE and the immigration court; (3) notify ICE of any change of address within five days following a move; (4) in the case of sponsors other than parents or legal guardians, not transfer custody of the class member to another party without the prior written permission of the Field Office Director or his/her designee; (5) notify ICE at least five days prior to the sponsor's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or removal order; and (6) if dependency proceedings regarding the FSA class member are initiated, notify ICE of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the FSA class member. *ERO Supervisors and Field Personnel shall also ensure that at all locations where parents are detained with Class Members posters are placed in areas clearly visible to the parents and Class Members regarding the FSA rights with the text attached to this Directive.*

**3.** **Definitions.** The following definitions apply for purposes of this Directive only.

- 3 -

3.1 **Affirmative Request or Affirmatively Requests.** When a parent or legal guardian of an FSA class member makes a ~~positive~~ statement to ICE that he or she would like his or her FSA class member released to a caregiver. This is distinct from ~~the parent or legal guardian's~~ *a sponsor's* submission of a properly executed *Flores Settlement Agreement Caregiver Questionnaire* and a properly executed *Flores Settlement Agreement Caregiver Custody Agreement* to ICE, which is a prerequisite for ICE Supervisors and Field Personnel to ~~vet and~~ assess potential caregivers.

3.2 ~~**Caregiver.**~~ ***Sponsor.*** An individual or entity designated by the parents or legal guardians of an FSA class member in ICE custody, as described in the FSA and consistent with this Directive.

3.3 **ERO Field Personnel.** Deportation Officers.

3.4 **ERO Supervisors.** Field Office Directors (FODs), Deputy FODs, Assistant FODs, or Supervisory Detention and Deportation Officers.

3.5 **Family Residential Center (FRC).** A facility operated by or pursuant to contract with ICE that routinely holds alien family units for over 24 hours pending resolution or completion of immigration removal operations or processes.

3.6 **Family Unit.** Two or more aliens consisting of one or more alien minor children accompanied by alien adult parents or legal guardians.

3.7 **FSA Class Member.** A minor alien who is covered by the class action lawsuit, *Flores v. Barr*, No. 85–4544 (C.D. Cal. filed July 11, 1985), and the resulting FSA. Under Paragraph 10 of the FSA, this includes "[a]ll minors who are detained [for immigration purposes] in the legal custody of [ICE, U.S. Customs and Border Protection, or the Office of Refugee Resettlement]."[3] It does not include individuals excluded from the definition of "minor" in paragraph 4 of the FSA.

3.8 **Minor.** Any person under the age of eighteen years who is detained in the

---

[3] The FSA excludes from the definition of the term "minor" "an emancipated minor or an individual who has been incarcerated due to a conviction for a criminal offense as an adult." FSA ¶ 4.

legal custody of ICE.

**3.9** **Parent or Legal Guardian.** An adult individual who is related to the class member either biologically or by legal adoption, or an individual who has been lawfully invested with the power, and charged with the duty, of taking care of, including managing the property, rights, and affairs of, the class member by a court of competent jurisdiction, whether foreign or domestic.

**4.     Responsibilities.**

4.1     The **ERO Executive Associate Director** is responsible for ensuring compliance with the provisions of this Directive within his or her Directorate.

4.2.    ERO FODs are responsible for:

1)      Implementing the policy and procedures set forth in this Directive within their respective geographic areas of responsibility (AOR);

2)      Ensuring personnel within their AOR maintain a retrievable record that consistently and accurately captures material information regarding:

a)      Parents or legal guardians and FSA class members to whom ICE provided the *Notice of Rights* and other applicable documents which are the subject of this Directive;

b)      Any affirmative request from an FSA class member's parents or legal guardians, or counsel of record, and any related court orders;

c)      Executed *Caregiver Questionnaires* and related documents for caregivers identified by parents or legal guardians; and

d)      Relevant statistics, in an easily reportable format, regarding custody determinations, requests, agreements, and relevant court orders; and

(e)     *Any decision that a Class Member may not be released because he or she is a flight risk or a danger, and*

- 5 -

(f) *All steps taken to achieve a Class Member's release (including, for example, all communications sent to or received from potential sponsors, all emails or telephone communications with potential sponsors, etc.)*

3) Ensuring personnel within their AOR who will be responsible for duties under this Directive are properly trained on and familiar with the contents of this Directive, as well as applicable laws, regulations, and court orders.

**4.3** **ERO Supervisors**, as assigned by the FOD, are responsible, when requested, for reviewing requests by parents or legal guardians and recommendations made by ERO Field Personnel within their respective chains-of-command.[4]

**4.4.** **ERO Field Personnel** are responsible for:

1) Notifying parents or legal guardians and FSA class members of their relevant rights under this Directive and the FSA by providing the Notice of Rights, *and the List of Pro Bono Legal Service Providers*.~~, Flores Settlement Agreement Sponsor Questionnaire ("Sponsor Questionnaire"), Affidavit of Support (Form I-134), and a Sponsor Custody Agreement~~;

2) Making and recording *in all Class Members' A files (i)* initial custody recommendations for parents, legal guardians, and FSA class members, *(ii) all subsequent custody recommendations for class members, and (iii) all efforts to release class members*;

3) ~~Properly documenting any motions or court orders regarding a parent or legal guardian's affirmative request for release of an FSA class member to a caregiver under this Directive~~;

3)~~4)~~ Conducting suitability assessments for potential sponsors in cases in which a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor ~~and files such a motion with the Flores court~~; and

---

[4] The responsibilities assigned to ERO Field Personnel do not preclude ERO Supervisors from fulfilling those same responsibilities, at the FOD's discretion.

4)~~5)~~ Completing all FSA training requirements before conducting any applicable duties or assignments.

**5.    Procedures/Requirements**

**5.1.   Notice of Rights**.  Within 48 hours of ICE taking custody of an FSA class member, ERO Supervisors and Field Personnel must provide to the FSA class member, and the FSA class member's accompanying parents or legal guardians, the Notice of Rights *and the List of Pro Bono Legal Service Providers*, ~~Flores Settlement Agreement Sponsor Questionnaire ("Sponsor Questionnaire"), Affidavit of Support (Form I-134), and a Sponsor Custody Agreement~~ in *Spanish or* a language that the parents or legal guardians understand~~, or have such~~ *If the Class Member or accompanying parent or guardian do not read Spanish or the language in which the advisal is provided, the* forms *must be* read to the parents or legal guardians by a certified translator or interpreter in a language or dialect the parents or legal guardians understand. *Whether or not the Class Member or accompanying parent or guardian read Spanish, they shall be allowed to retain the forms given to them at all times while in ICE custody.*

1)  List of Pro Bono Legal Service Providers.  ERO Supervisors and Field Personnel must, at the same time they provide the Notice of Rights, provide the FSA class member and their parents or legal guardians with the current U.S. Department of Justice, Executive Office for Immigration Review List of Pro Bono Legal Service Providers, unless they verify that it has already been provided. *The list shall include all non-profit legal services providers that provide legal services to detained Class Members and that make a request to an ERO FOD be included on the list.* To ensure that FSA class members, parents, and legal guardians remain aware of their legal rights, ERO Supervisors and Field Personnel shall retain documentary proof of service of these documents.

2) Non-Coercion.  ERO Supervisors and Field Personnel must not encourage *or discourage* accompanying parents or legal guardians to request the release of an FSA class member at any time.

**5.2   Initial Custody Determinations.**  ERO Supervisors and Field Personnel must apply the normal and applicable custody determination procedures to

parents or legal guardians and FSA class members, as set out by the applicable statutes and regulations and as applicable to the facts and circumstances of each case. Parents or legal guardians and FSA class members must be promptly notified of the results of any custody determination through established procedures and documents. *FSA class members also must be promptly notified in writing of the results of any custody determinations made under the FSA or this Directive. ERO Supervisors and Field Personnel should document on individual Class Members' parole worksheets reasons why it declines to release parents with their children.*

1) <u>Change in Custody</u>. If ERO Supervisors and Field Personnel determine to release a parent or legal guardian of an FSA class member, and the detention of the FSA class member is determined not to be required to secure timely appearance before ICE or the immigration court or to ensure the FSA class member's safety or that of others, then the parent or legal guardian and the FSA class member will be released together.

2) <u>Continued Custody</u>.  If ERO Supervisors and Field Personnel determine to maintain custody of the parent or legal guardian—and conclude that detention of the FSA class member is not necessary to secure his or her appearance before ICE or the immigration court or to ensure the safety of the FSA class member or others—then the family will remain together at the FRC *until the Class Member is released pursuant to the FSA and this Directive.* ~~until the Flores court: (1) determines that the parent or legal guardian has knowingly and voluntarily consented to release; and (2)orders release of the FSA class member to the identified caregiver~~

3) *Under the FSA class members have the right to be released to approved sponsors unless the class member is (i) a danger to themselves or others and the basis for this determination is fully documented in the class member's A file, or (ii) unlikely to appear at future proceedings if released. In determining that a class member is a flight risk, the fact that they are awaiting a credible fear interview, or have an appeal pending before an Immigration Judge, or are seeking judicial review of a decision, or may be removed in several weeks, are not valid reasons for denying release.*

4) *Under the FSA, minors not released must be held in facilities that are licensed by a State and non-secure. The FSA provides class members with numerous other rights not addressed in this Directive. All ERO Supervisors and Field Personnel who supervise or make decisions concerning class members must receive copies of and be familiar with the FSA.*

**5.3** **Parent or Legal Guardian Rights Regarding Accompanying Children**. FSA class members will remain detained with their accompanying parents or legal guardians absent a knowingly and voluntarily affirmative request that the FSA class member be released to a sponsor and *ICE's vetting of the Class Member's proposed sponsor* ~~an order for such release from the Flores court~~.

1) Requests. If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel will advise the parent or legal guardian that they must submit *the names of all proposed sponsors, their addresses if known, their telephone numbers, their email addresses if known, and the relationship of the proposed sponsors to the detained class member* ~~a completed Sponsor Questionnaire and a completed Caregiver Custody Agreement for the identified caregiver to ICE, as well as file a motion with the Flores court asking: (1) that the Court determine whether the parent or legal guardian has knowingly and voluntarily consented to release; and (2) that the Court order release of the FSA class member to the identified caregiver~~. <u>*Sponsors may include an undetained parent, grandparent, uncle, aunt, brother or sister of the class member, or an unrelated adult, or a licensed group home*</u>.
*A parent or legal guardian who decides to identify sponsors to whom they may wish their child to be released has the right to change his or her mind at any time before the class member is released and to have the class member remain with them in ICE custody. Similarly, a parent or legal guardian may decide at any time that they wish to have their child released to one or more sponsors they have identified.*

2) Questions Regarding the Process. Should parents or legal guardians *or Class Members* have questions regarding their or the FSA class member's rights or responsibilities, ERO Supervisors and Field Personnel must inform them that they may speak with a lawyer, a legal representative, family member, friend, social worker, or other individual of their choice *and that*

- 9 -

*free telephone calls may be made for this purpose. Class Members must also have access to consult with a child welfare expert to discuss issues relating to release versus remaining detained with a parent.* Should the parents or legal guardians request assistance with mailing to their attorney of record any of the documents required by this Directive, ERO Supervisors and Field Personnel must facilitate access for the alien to send the documents by mail, fax, or email. ERO Supervisors and Field Personnel may determine which means of transmission to provide.

**5.4** **Sponsor Vetting and Assessment**. Upon receipt of an affirmative request from a parent or legal guardian for the release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel will advise the parent or legal guardian that ~~they~~ (i) *their proposed sponsors will have to* ~~must~~ submit *to ICE* a completed Sponsor Questionnaire and a completed Sponsor Custody Agreement, ~~as well as any supporting materials, for the identified caregiver to ICE~~, ~~which~~ *and (ii) that ICE* will commence and record steps to gather sponsor information and assess the sponsor's suitability. *ICE Supervisors and Field Personnel must notify the Flores ICE Juvenile Coordinator within 10 business days of an affirmative request from a parent or legal guardian for the release of an FSA class member to a sponsor.*

1) <u>Sponsor Questionnaire.</u>  Once a parent or legal guardian provides *ICE* ~~a completed Caregiver Questionnaire and Caregiver Custody Agreement documents~~ *the names, contact information, and relationship to the Class Member of proposed sponsors* ~~to ICE for a particular caregiver~~, ERO Supervisors and Field Personnel will promptly contact the identified sponsor by either telephone or email. Whether contacting by telephone or email, ERO Supervisors and Field Personnel will inform the potential sponsors that: (1) the parent or legal guardian (identified by name) has identified them as a potential sponsor for their child (identified by name); and (2) ICE is requested to assess the willingness and ability of the sponsors to safely care for the class member. ~~ERO Supervisors and Field Personnel may request any additional information and/or supporting documents reasonably required to vet or consider the caregiver's suitability~~.

2) <u>Background Checks.</u>  If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel must conduct criminal and immigration background checks on all

potential sponsors and adults living in the sponsor's residence. Such checks must *be conducted promptly* and ~~, at the very least,~~ expressly include checks for criminal records, active warrants, active orders of *deportation* ~~protection~~, and sex offender registrations.

3) <u>Suitability Assessments.</u>  If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ICE ~~must~~ *may* also conduct a suitability assessment pursuant to Paragraph 17 of the FSA, taking into account the Sponsor Questionnaire and the Background Check. ~~and notify the Flores court of its assessment if a motion has been filed~~. This may include but need not be limited to:  (1) investigating the proposed living conditions and standard of care; (2) verifying the identity and employment of the potential sponsor; (3) interviewing the potential sponsor's household members; and (4) a home visit. <u>Any such assessment must also take into consideration the wishes and concerns of the minor</u>. *Any suitability assessment conducted must be accomplished without any unnecessary delay and each step taken must be recorded in the Class Members A file including the date and what was done to complete the assessment. Information gathered during background checks and suitability assessments will not be used to initiate enforcement action against potential sponsors or those living in the sponsor's home unless there is an outstanding warrant of arrest existing for that person.*

4) *<u>Time to complete assessments</u>* ~~Report to the Flores Court~~.  Absent extraordinary circumstances, ICE Supervisors and Field Personnel must *endeavor to* complete their review and *must* provide the results *of their review* to the Flores *ICE Juvenile Coordinator* ~~court~~ within 10 business days of their receipt of the completed Sponsor Questionnaire and Sponsor Custody Agreement ~~documents~~. ~~However, i~~In the event that ICE Field Personnel request additional information and/or supporting documents from the parent, legal guardian, or sponsor, their review must be completed and the results provided to the Flores *ICE Juvenile Coordinator* ~~court~~ within 10 business days of the receipt of the additional information and/or supporting documents requested.

**6.**    **Recordkeeping.** ERO will develop and implement changes to its ENFORCE Alien Removal Module (EARM) to accurately, consistently, and timely report information and statistics related to the policies and processes

- 11 -

set out in this Directive. All FSA-related records must be placed in the A-file associated with each FSA class member and his or her parents or legal guardians. Any audits by the *Flores* Juvenile Coordinator or Special Monitor must also be maintained by ERO. All FSA-related records must be maintained in accordance with an approved National Archives and Records Administration retention schedule. Any records that are not covered by an approved schedule are considered unscheduled and must be maintained permanently until a retention schedule has been established.

**7.** AUTHORITIES/REFERENCES.

**7.1** Section 212(d)(5) of the Immigration and Nationality Act (INA)

**7.2** Section 235(b) of the INA

**7.3** Sections 236(a) and (c) of the INA

**7.4** Section 241 of the INA

**7.5.** 8 Code of Federal Regulations (C.F.R.) § 212.5(b)

**7.6.** 8 C.F.R. § 236.3

**7.7** 8 C.F.R. §§ 241.3 - .6

**7.8.** Paragraphs 14, 15, 17, and 18 of the FSA

**7.9.** *Flores v. Lynch*, 212 F. Supp. 3d 907 (C.D. Cal. 2015)

**7.10.** *Flores v. Lynch*, 828 F.3d 898 (9th Cir. 2016)

**7.11.** *Flores v. Sessions*, 394 F. Supp. 3d 1041 (C.D. Cal. 2017)

**7.12.** *Ms. L. v. ICE*, 310 F. Supp. 3d 1133 (S.D. Cal., 2018)

**7.13.** *Flores v. Barr*, No. 85-4544 (C.D. Cal. July 9, 2018)

**7.14.** *Flores v. Barr*, No. 85-4544 (C.D. Cal. Apr. 20, 2020)

**7.15.** *Flores v. Barr*, No. 85-4544, 2020 WL 5666551 (Sept. 18, 2020)

**7.16.** ICE Policy 11069.1, *Implementation of the August 21, 2015 Flores v. Lynch Order* (Oct. 23, 2015)

**7.17.** Exec. Order 13841, *Affording Congress an Opportunity to Address Family Separation*, § 1, 83 Fed. Reg. 29435 (June 20, 2018)

**8.** **ATTACHMENTS.**

**8.1** *Flores Settlement Agreement Notice of Rights*

**8.2** *Flores Settlement Agreement Caregiver Questionnaire*

**8.3** *Flores Settlement Agreement Caregiver Custody Agreement*

**8.4** Form I-134, *Affidavit of Support*

**9.** **No Private Right.** This document provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE

/ / /

**Tony H. Pham**
**Senior Official Performing the Duties of the Director**
**U.S. Immigration and Customs Enforcement**

- 14 -