| Case No. | **CV 85-4544 DMG (AGRx)** | Date | October 26, 2020 |
|---|---|---|---|

| Title | ***Jenny L. Flores, et al. v. William P. Barr, et al.*** | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE OCTOBER 23, 2020 STATUS CONFERENCE**

On September 18, 2020, the Court granted in part and denied in part Plaintiffs' request for a remedy for ongoing breaches of Paragraphs 14 and 18 of the *Flores* Settlement Agreement ("FSA") by Defendant Immigration and Customs Enforcement ("ICE"). [Doc. # 987.] In accordance with those provisions, as well as Paragraphs 12A and 29 of the FSA, the Court ordered ICE to disseminate to Class Members and their parents or guardians a Notice of Rights, as revised by the Court, and to issue to its employees an updated policy or instruction regarding the FSA. Sept. 18, 2020 Order at 3–4 [Doc. # 987].

On October 16, 2020, the parties submitted a Joint Report regarding the Court's Revised Notice of Rights setting forth their proposed revisions and disagreements as to the Notice. [Doc. # 1007.] The Joint Report also included the first draft of an ICE Directive setting forth proposed instructions for ICE personnel to disseminate the Notice of Rights and implement a procedure by which Class Members and their parents can affirmatively, knowingly, and voluntarily consent to the release of a child to a vetted custodian under Paragraph 14 of the FSA. [Doc. # 1007-1.] On October 21, 2020, Plaintiffs and *Amici Curiae* Human Rights Watch, Amnesty International, Aldea - The People's Justice Center, Proyecto Dilley, and the Refugee and Immigrant Center for Education and Legal Services ("RAICES") filed responses to Defendants' draft ICE Directive with their suggested edits to the Directive's language. [Doc. ## 1010, 1011.]

The Court held a status conference on October 23, 2020 to discuss the Proposed Notice and ICE Directive, as well as the October Juvenile Coordinator Reports [Doc. # 996] and the parties' Joint Status Report on (1) additional remedies related to the Notice of Rights suggested by *Amici*, (2) video interviews of families and inspections of Family Residential Centers ("FRCs"), and (3) provision of certain information to Class Counsel [Doc. # 1002].

At the status conference, the Court emphasized that it is incumbent upon Defendants to have a procedure in place to effectuate the release rights agreed upon in Paragraph 14 of the FSA.

The Court directed the parties and *Amici* to meet and confer, under the supervision of the Independent Monitor Andrea Ordin, to finalize the Notice of Rights and ICE Directive, as well as to meet and confer on the other specific topics raised.

In light of the foregoing, the Court **ORDERS** the following:

1. Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic. FSA at ¶¶ 11, 14 [Doc. # 101].

2. The Court will e-mail to the parties and *Amici* the Court's additional edits to the draft Notice of Rights and to the ICE Directive, having considered the parties' proposed revisions. With the Independent Monitor Ms. Ordin presiding, the parties and *Amici* shall meet and confer regarding the Court's edits/comments to the proposed Notice of Rights and the ICE Directive and attempt to finalize the language in both. The parties shall file a Joint Status Report regarding the Notice of Rights and ICE Directive by **November 30, 2020**.

3. The Juvenile Coordinators shall file their next interim reports by **November 16, 2020**, covering the topics listed in the April 24, 2020 Order [Doc. # 784] and compliance with the Court's order regarding minors held under Title 42 authority [Doc. # 976].

   a. The ICE Juvenile Coordinator shall also provide:

      i. Specific explanations for the continued detention of each minor detained at an FRC beyond 20 days, which the Juvenile Coordinator will review with the Independent Monitor, Andrea Ordin, before submitting the updated report to the Court;

      ii. Specific updates on the status of the FRC licensing regulations in the State of Texas and Defendants' efforts to obtain licensing of the FRCs in Texas, if available; and

      iii. Updates on the implementation of the new ICE COVID-19 protocol, particularly in light of the Independent Monitor's forthcoming interim report on "safe and sanitary" conditions at the FRCs.

    b.   The ORR Juvenile Coordinator shall also identify the ORR facilities where any Class Member has contracted COVID-19 while already housed at the facility, rather than being diagnosed with COVID-19 at intake.

    c.   Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim reports by **November 23, 2020**, after first meeting and conferring regarding areas of dispute and attempting to achieve resolution.

4.    The parties shall continue to meet and confer on the areas on which they agreed to further discussions in their October 9, 2020 Joint Status Report. [Doc. # 1002.] Those areas include: (1) preparation of a poster or other methods by which to disseminate the Notice of Rights and other suggestions of *Amici* for notice process; (2) video conference interviews with Class Members and video inspections of the FRCs; (3) provision of information of the reasons for placement of Class Members in a particular detention facility. The parties also shall meet and confer regarding the need for Defendants' Motion to Lift Restriction in Paragraph 4.e of the June 26, 2020 Order [Doc. # 1006] in light of the Court's statements at the status conference. The parties shall provide an update on these discussions in a Joint Status Report to be filed by **November 23, 2020**.

5.    To the extent they have not yet done so, Defendants shall provide their current internal instructions and policies to Plaintiffs' counsel, pursuant to Paragraph 29 of the FSA.

6.    Dr. Paul Wise and the Independent Monitor Andrea Ordin shall continue to provide enhanced monitoring of the FRCs' care of minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at the FRCs with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their parents; and (e) make such recommendations for remedial action that they deem appropriate. They shall also continue to monitor any hoteling of minors, under the authority discussed in the Court's July 25, 2020 Order. [Doc. # 887.]

    a.   The parties and *Amici* may file any response or objection within seven days of the filing of the Independent Monitor's next interim report on the conditions at FRCs.

7.    The Court shall hold a further video or telephonic status conference on **December 4, 2020 at 11:00 a.m.** to discuss the Notice of Rights, ICE Directive, Juvenile Coordinator reports, Joint Status Reports, and compliance with the Court's Orders.

**IT IS SO ORDERED**.