CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
       crholguin@centerforhumanrights.org
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | **PLAINTIFFS' PARTIALLY UNOPPOSED EX PARTE APPLICATION RE OPPOSITION TO MOTION TO LIFT RESTRICTIONS IN PARAGRAPH 4.E OF THE JUNE 26, 2020 ORDER, ECF NO. 833** |
| WILLIAM P. BARR, Attorney General of the United States; *et al.*, | |
| Defendants. | Hearing: November 13, 2020 9:30 AM |
| | [HON. DOLLY M. GEE] |

/ / /

*Plaintiffs' counsel continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu

///

Pursuant to Section 6 of this Court's Procedures ( "Procedures"), and for good cause shown set forth below, Plaintiffs respectfully request that the Court grant them until November 4, 2020, to submit an opposition to Defendant's Motion to Terminate Transfer Restriction in Paragraph 4.e of the June 26, 2020 Order, ECF No. 833 ("Motion") [Doc # 1006]. Defendants filed the Motion on October 16, 2020, asking that it be heard November 13, 2020, at 9:30 A.M.

In its Order Re Updated Juvenile Coordinator Reports [Doc # 833] filed 06/26/20 ("June 26, 2020, Order"), the Court ordered that "None of these minors [B.B.B., A.F.P.P., and K.J.A.B ] who age out shall be sent to an adult detention facility pending resolution of [the] inquiry" regarding ICE's compliance with the FSA at the Cowlitz County Juvenile Detention Center ("Cowlitz") and Northern Oregon Regional Corrections ("NORCOR") detention facilities.

Pursuant to the Court's June 26, 2020, Order, on July 24,2020, the ICE Juvenile Coordinator filed her Interim Report ("ICE Report") [Doc. # 882-1] providing background information on the three class members detained at Cowlitz and NORCOR.

At this time, only Class Member B.B.B. will age out soon. His 18th birthday is on November 15, 2020. The ICE Report purports to provide accurate background information on B.B.B.. ICE Report at 11-12. B.B.B. has been detained by ICE since October 18, 2018. *Id*. On December 18, 2018, an immigration judge sustained detention with no bond, finding he is a danger to the community. *Id*.  A juvenile delinquency adjudication in Maryland on January 16, 2018 found B.B.B. guilty of assault and wearing/carrying a weapon with intent to injure, though Plaintiffs are informed and believe the weapon was never used to injure the victim. *Id*.

On October 16, 2020, Defendants filed their Motion seeking to vacate Paragraph 4e of the Court's June 26, 2020, Order.

1

At the October 23, 2020, Status Conference, the Court pointed out to Defendants that paragraph 4e of its June 26, 2020, Order was only intended to prevent the transfer of Class Members B.B.B., A.F.P.P., and K.J.A.B, not all Class Members who may be detained by Defendants in secure facilities, and asked Defendants to reconsider their motion which appears to interpret the Court's June 26, 2020, Order as applying to all Class Members detained in secure facilities. Defendants' counsel stated that Defendants would consider the Court's clarification of the scope of the June 26, 2020, Order.

The Court's Order Re October 23, 2020 Status Conference ("October 23, 2020, Order")[Doc. # 1014], filed October 26,2020, states in relevant part: "The parties … shall meet and confer regarding the need for Defendants' Motion to Lift Restriction in Paragraph 4.e of the June 26, 2020 Order [Doc. # 1006] in light of the Court's statements at the status conference. The parties shall provide an update on these discussions in a Joint Status Report to be filed by November 23, 2020." *Id*.

In the meantime, counsel for Class Member B.B.B. filed a Motion for Bond Redetermination in Portland Immigration Court on October 2, 2020. *See* Declaration of Peter Schey filed herewith at ¶ 8.

On October 29, 2020, counsel for Class Member B.B.B. received the immigration judge's decision denying a hearing and any assessment of dangerousness or flight risk. *Id*. On October 30, 2020, counsel for Class Member B.B.B. informed Plaintiffs' Class Counsel of the Immigration Judge's refusal to conduct a further bond hearing for Class Member B.B.B.. *Id*. at ¶ 9. As stated above, Class Member B.B.B. will turn 18 on November 15, 2020. *Id*. at 10.

Uncertain as to how Defendants wish to proceed on their Motion, and whether the Court wishes to conduct a hearing on defendants' Motion on November 13, 2020, as requested by Defendants, Plaintiffs wish to file a brief

opposition to Defendants' Motion by November 4, 2020 and request that the parties be ordered to promptly meet and confer as follows:

. In light of Defendants' not withdrawing or modifying their pending Motion to Lift Restrictions In Paragraph 4.e of the June 26, 2020 Order, and BBB's 18th birthday on November 15, 2020, the parties shall meet and confer regarding the need for Defendants' Motion to Lift Restriction [Doc. # 1006] in light of the Court's statements at the status conference, and regarding –

• how Defendants may comply with the June 26, 2020 Order if it is not vacated, including whether a modification of the Order should be considered;

• the extent to which Defendants have complied or will comply with the FSA including to assess BBB's current likelihood to appear at future proceedings or his dangerousness;

• the extent to which BBB or his mother have been informed of his FSA rights by Defendants;

• the extent to which BBB's potential sponsor's suitability has been assessed by Defendants;

• whether the suitability of a sponsor has been considered when assessing BBB's likelihood to appear at future proceedings or dangerousness.

To better frame and limit the issues the Court may address, the parties should be required to provide an update on their discussions and positions on these points in a Joint Status Report to be filed by November 10, 2020.

Even if the Court does not conduct a hearing on November 13, 2020, and in effect continues to require that the parties meet and confer and "provide an update on these discussions in a Joint Status Report to be filed by November 23, 2020," Plaintiffs' proposed opposition and the parties' discussion of and reporting on the five points identified above, will assist the parties to focus on BBB's processing under the FSA and appropriate steps in the event he has not experienced substantial

3

compliance with the FSA and that is causing his potentially medically dangerous age-out situation.

     Plaintiff's counsel requested Defendants' counsel consent to Plaintiffs' application by email sent on Tuesday, November 3, 2020. *See* Declaration of Peter Schey at ¶14. Defendants responded today stating "Defendants assent to your request for an extension only to the extent that the Court sets a schedule that would allow the Court to rule on Defendants' pending motion on or before November 14." *Id*. A proposed Order is being filed herewith.

                                       Respectfully submitted,

Dated: November 4, 2020      */s/ Peter Schey*
                                         Peter A. Schey
                                         CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
                                         *Counsel for Plaintiffs*

///

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

        /s/ *Peter Schey*
Peter A. Schey
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
*Class Counsel for Plaintiffs*