JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  Sarah.B.Fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TERMINATE TRANSFER RESTRICTION IN PARAGRAPH 4.e OF THE JUNE 26, 2020 ORDER, ECF NO. 833** |
| v. | |
| WILLIAM P. BARR, Attorney General of the United States; *et al.*, | |
| Defendants. | **Hearing Date:** November 13, 2020 |
| | **Hearing Time:** 9:30am |
| | **Hearing Location:** United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor |

## I. INTRODUCTION

Defendants reiterate their request that the Court terminate the transfer restriction contained in Paragraph 4.e. of the Court's June 26, 2020 Order, ECF No. 833. As recently clarified by the Court, that restriction prohibits U.S. Immigration and Customs Enforcement ("ICE") from transferring two minors, B.B.B. and K.J.A.B., who remain housed in an ICE juvenile detention facility, to an adult facility when they age out of juvenile detention. Plaintiffs' Opposition, ECF No. 1017, provides no reason why the Court should not terminate this restriction on the transfer of these two minors. Plaintiffs still fail to properly pursue any issues related to ICE juvenile detention facilities under the *Flores* Settlement Agreement, and their Opposition only seeks to circumvent the Local Rules and the Federal Rules of Civil Procedure, while improperly asking this Court to step into the role of the immigration court and overrule its decisions as to B.B.B.'s dangerousness and flight risk. This Court is not the proper forum for B.B.B., or any class member, to challenge such determinations. Moreover, and in any event, when an individual is no longer a minor, he is not a *Flores* class member, and so his custody is no longer a proper subject of this case. Because there is no basis to continue this restriction for B.B.B. and K.J.A.B. after they are no longer class members, Defendants respectfully ask that the Court issue an order terminating it.

## II. ARGUMENT

Plaintiffs provide no basis why this Court should leave in place the restriction on the transfer of B.B.B. and K.J.A.B. to adult facilities when they turn 18.[1] First, Plaintiffs have provided no reason why this Court could assert jurisdiction over the custody of an individual who turns 18 and is no longer a *Flores* class member.

---

[1] Plaintiffs entirely fail to address K.J.A.B.'s custody and thereby waive any opposition to lifting the restriction as to him.

1

Plaintiffs appear to assert that the restriction is permissible as part of the Court's authority to enforce a consent decree, Opp. 7, but this argument ignores the fact that, despite this Court's clear direction on August 7, 2020 that "[i]ssues involving Class Members detained at juvenile detention facilities . . . shall be raised in a duly-noticed motion to enforce following compliance with Local Rule 7-3," ECF No. 912 at 2, Plaintiffs have never filed any such motion. Where there is not even a pending motion to enforce on these issues, let alone any order by this Court enforcing the Agreement in this regard, there is no basis upon which this Court should assert jurisdiction over non-class-members incident to non-existent enforcement proceedings.

Second, to the extent Plaintiffs assert that the transfer restriction should remain in place while the Court resolves allegations of noncompliance with the Agreement raised in their opposition, their arguments are incorrect and procedurally flawed. In their opposition, Plaintiffs do not address the arguments in the government's motion, and instead allege a litany of violations of the Agreement related to B.B.B., relying on, as "evidence" of those violations, assertions that Defendants did not demonstrate compliance with the Agreement in their Motion. Opp. 3-5.[2] They then ask the Court to deny Defendants' current motion without prejudice and allow Defendants to again seek the same relief after requiring that they first refute Plaintiffs' assertions of noncompliance. Opp. 7-9. This is absurd. The Court stated three months ago that the transfer restriction was put into place "to maintain the status quo until I have a chance to actually rule on something." Aug. 7,

---

[2] While Defendants do not believe that they need to respond to these allegations here, Defendants attach the Declaration of Supervisory Detention and Deportation Officer Jeffrey K. Chan, which refutes several of Plaintiffs' allegations, including their assertion that B.B.B. was not provided the appropriate notices of his rights under the Agreement. Chan Decl. ¶¶ 6 and 7; Exhibits A, B, C, E, F.

2

2020 Hearing Tr. 10:3-4. That same day the Court invited Plaintiffs to file a properly-noticed enforcement motion. ECF No. 912 at 2. Plaintiffs have had every opportunity to bring allegations that Defendants are not complying with the Agreement before this Court in a timely fashion and in the proper manner, and they have not done so. Their suggestion that the Court should now treat their late-filed, last-minute opposition filing as an enforcement motion turns the enforcement of this Agreement on its head.[3] The Court should not countenance Plaintiffs' failure to appropriately pursue enforcement of the Agreement in accordance with the Local Rules, the Federal Rules of Civil Procedure, and the instructions of this Court.

Finally, and in any event, Plaintiffs have raised no basis why the restriction on the transfer of B.B.B. is appropriate given that B.B.B.'s custody is consistent with the Agreement and with applicable immigration law. B.B.B. is not subject to release under Paragraph 14 of the Agreement because that Paragraph excludes minors who ICE has determined are a flight risk or danger. Paragraph 21 of the Agreement then allows for B.B.B.'s detention in a juvenile detention facility. *See* Agreement ¶ 14 ("Where the INS determines that the detention of the minor is not required either to secure his or her timely appearance before the INS or the immigration court, or to ensure the minor's safety or that of others, the INS shall release a minor from its custody without unnecessary delay . . . ."); ¶ 21 (governing the detention of minors in juvenile detention facilities). In the July 24, 2020 interim juvenile coordinator report, ICE juvenile coordinator Deane Dougherty explained the basis for B.B.B.'s custody at Cowlitz. ECF No. 882-1 at 11-12. Since that time, ICE has made

---

[3] As Plaintiffs are well aware, such a result would also be akin to a denial of Defendants' motion with prejudice because, as Defendants explained, a decision is needed on this issue no later than November 14, 2020, because B.B.B. will age out of juvenile detention and would have to be released if the transfer restriction remains in place.

additional assessments of B.B.B.'s flight risk and dangerousness. Helland Decl. ¶¶ 5 and 7. An immigration judge also determined that B.B.B. should remain detained because he is a danger and/or flight risk, and he has been denied a subsequent bond hearing based on a finding that there have been no changed circumstances that would affect this dangerousness analysis. Chan Decl. ¶¶ 8 and 9.

Plaintiffs appear to assert that B.B.B.'s custody is not appropriate because they dispute the manner by which both ICE and the immigration judge concluded that B.B.B. is a danger and a flight risk, as well as the substance of those conclusions. Opp. 5-6. As to the manner of these determinations, Plaintiffs point to nothing in the Agreement that details the manner by which determinations of flight risk and dangerousness should be made, and their assertion that the Agreement requires a "reasonably current determination of dangerousness," is not supported by the Agreement's text. Nonetheless, even if that were a requirement of the Agreement, it would still not necessitate release in this case because B.B.B. has had ongoing assessments of flight risk and danger, and there are recent incidents supporting the agency's conclusion that he is dangerous and should remain detained. Chan Decl. ¶ 10; Exhibit G; July 24, 2020, ICE Interim Juvenile Coordinator Report, ECF 882-1, pp. 11-12. Moreover, B.B.B. had the opportunity to have ICE's determination reviewed by an immigration judge in accordance with applicable immigration law. Chan Decl. ¶ 9. Plaintiffs provide no basis upon which to conclude that the Agreement requires more. To the extent that Plaintiffs simply disagree with the conclusion that B.B.B. is a danger or a flight risk, this Court has made clear it does not "intend to be an appeal or appellate body over the immigration judge." June 26, 2020 Hearing Tr. at 8:14-15. Plaintiffs' disagreement with these conclusions simply is not within the jurisdiction of this Court and does not provide a basis to leave the transfer restriction in place.

## III. CONCLUSION

For all of the above reasons, the Court should terminate the portion of the June 26, 2020 order prohibiting the transfer of B.B.B. and K.J.A.B. to adult detention then they turn 18.

DATED: November 9, 2020        Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
    Tel: (202) 532-4824
    Fax: (202) 305-7000
    Email: Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Defendants*