# Declaration of Dawnisha Helland

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES, *et. al.*, | Case No.: CV 85-4544-DMG |
| Plaintiffs, | |
| v. | |
| WILLIAM BARR, Attorney General of the United States, *et al.*, | |
| Defendants. | |

**DECLARATION OF DAWNISHA HELLAND**

I, Dawnisha Helland, hereby make the following declaration with respect to the above-captioned matter:

1. I am a Supervisory Deportation and Detention Officer (SDDO) acting as a National Juvenile Coordinator in the Joint Family Residential Management Unit (JFRMU), at the Office of Enforcement and Removal Operations (ERO) of U.S. Immigration and Customs Enforcement (ICE) located in Washington, DC. I began my tenure with the DHS in 2008, with the United States Border Patrol (USBP) as a Border Patrol Agent within the El Centro sector. Currently, I am the Section Chief for JFRMU. As part of my responsibilities, I advise National Juvenile Coordinators and Field Office Juvenile Coordinators (FOJC) who are subject matter experts on the field for juvenile and family detention issues. In addition, I review all detention requests for minors who are not unaccompanied alien children to determine if detention is appropriate.

2. I am familiar with B.B.B.'s case as I have reviewed information available on electronic databases, as well as available documents, and I have discussed this case with the local FOJC.

3. B.B.B. was originally encountered at the border on June 9, 2014, as an unaccompanied alien child and taken into the custody of the Department of Health and Human Services (HHS), Office of Refugee Resettlement (ORR). He was released to his mother on July 3, 2014.

4. On March 2, 2017, B.B.B. was encountered by ERO in Maryland due to his arrest for the offenses of conspiracy to commit first degree murder, assault in the first degree, conspiracy to commit assault in the first degree, assault in the second degree, reckless endangerment, wear and carry a dangerous weapon with the intent to injure, and participation in a criminal gang. Ultimately the case was resolved in the juvenile court with a delinquency finding for the charges of first-degree assault and use of a weapon.

5. On October 18, 2018, he was remanded from state custody to ICE custody. At that time, my predecessor reviewed the available documentation in the case and determined that detention was appropriate under paragraph 21 of the Flores Settlement Agreement due to the nature of the delinquent conduct involved in his state case.

6. As part of docket management, the local FOJC reviews any new developments to determine, among other things, if detention is still appropriate. As part of this determination, FOJC consider developments in the immigration case, any disciplinary reports, and information received from the minor or counsel.

7. There have been no developments that demonstrate B.B.B. has ceased to be a danger or possible flight risk. Just in the past six months, B.B.B.'s attorney requested his release in April 2020, the case was reviewed, and it was determined that B.B.B. remains a danger and/or flight risk.  Another review of B.B.B.'s case was done this month (November 2020), and it was again determined that B.B.B. remains a danger and/or flight risk.

8. Upon turning 18 years old, B.B.B. can no longer be held at Cowlitz County Juvenile Detention Center, as that facility only houses minors in ICE custody.

This declaration is based upon my personal and professional knowledge, information obtained from other individuals employed by ICE, and information obtained from various records and systems maintained by DHS. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above-captioned case.

Signed on this 9th day of November 2020.

_____
Dawnisha Helland
National Juvenile Coordinator
ICE Enforcement and Removal Operations