Declaration of Jeffrey K. Chan

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JENNY LISETTE FLORES, *et. al.,*     )    Case No.: CV 85-4544-DMG
                          )
        Plaintiffs,        )
                          )
 v.                     )
                          )
WILLIAM BARR, Attorney General of the  )
United States, *et al.,*         )
                          )
        Defendants.       )

## DECLARATION OF JEFFREY K. CHAN

I, Jeffrey K. Chan, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Supervisory Detention and Deportation Officer (SDDO) of the Non-Detained Unit, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS) in the Portland, Oregon field office. The Non-Detained Unit manages the juvenile docket caseload. The juvenile docket caseload consists of unaccompanied alien children (UAC) in the custody of the Department of Health and Human Services Office of Refugee Resettlement, as well as alien children who are in the custody of ICE pursuant to paragraph 21 of the Flores Settlement Agreement.

2. I supervise the Field Office Juvenile Coordinator (FOJC) in Portland, Oregon. The FOJC serves as the subject matter expert on juvenile and family matters in each field office.

3. I have been an SDDO for more than one year, and before that, I served as the FOJC in Portland, Oregon for seven years. I have been employed by ICE for 14 years.

4. B.B.B. is an alien child in ICE custody at the Cowlitz County Juvenile Detention Center in Longview, Washington. This facility is within the jurisdiction of the ICE ERO Portland Field Office and the Portland Immigration Court.

5. I submit this declaration in response to the Plaintiff's Opposition to Motion to Lift Restrictions in Paragraph 4E of the June 26, 2020 Order, ECF No. 833. The information in this declaration is based upon my personal knowledge and experience as a law enforcement officer, information obtained from the Alien File of B.B.B, and information obtained from various records and systems maintained by DHS.

6. DHS has apprised B.B.B. of his rights multiple times. When DHS encountered B.B.B. on June 9, 2014 as a UAC, DHS provided B.B.B. with three forms advising him of his rights. DHS provided B.B.B. with a Form I-286, Notice of Custody Determination, and served it on his conservator. Exhibit A. The Form I-286 advised B.B.B. that he had the right to request that an Immigration Judge review his custody determination. *Id*. At that time, B.B.B. checked the box indicating that he would like to seek a review of his custody determination. *Id*. Additionally, DHS provided B.B.B. with a List of Free Legal Services Providers in the Harlingen, Texas area, and served it on his conservator. Exhibit B. Finally, DHS provided B.B.B. with a Form I-770, Notice of Rights and Request for Disposition, and served it on his conservator. Exhibit C. This notice explained B.B.B.'s right to use the telephone, right to be represented by an attorney, and right to have a hearing before an immigration judge. *Id*. B.B.B.'s Form I-770 dated June 9, 2014 indicates that he read the notice, the notice was read to him, he contacted a parent or legal guardian by telephone (his mother), he did not want to speak with an attorney, and he understood his right to have a hearing before an immigration judge and requested such a hearing. *Id*.

7. When DHS encountered B.B.B. on October 18, 2018 as a result of his criminal activity, DHS again provided B.B.B. with three forms advising him of his rights. DHS provided

B.B.B. with a Form I-286, Notice of Custody Determination.  Exhibit D.  The Form I-286 advised B.B.B. that he had the right to request that an Immigration Judge review his custody determination.  *Id*.  At that time, B.B.B. checked the box indicating that he would like to seek a review of his custody determination.  *Id*.  Additionally, DHS provided B.B.B. with a List of Pro Bono Legal Service Providers in the Baltimore, Maryland area.  Exhibit E. Finally, DHS provided B.B.B. with a Form I-770, Notice of Rights and Request for Disposition.  Exhibit F.  This notice explained B.B.B.'s right to use the telephone, right to be represented by an attorney, and right to have a hearing before an immigration judge.  *Id*. B.B.B.'s Form I-770 dated October 18, 2018 indicates that he read the notice, the notice was read to him, he contacted a parent or legal guardian by telephone (his mother), he had spoken with an attorney, and he understood his right to have a hearing before an immigration judge and requested such a hearing.  *Id*.

8. On or about December 10, 2018, B.B.B., by and through his attorney, filed a motion requesting a bond hearing.  The immigration judge in York, Pennsylvania, granted the motion and held a bond hearing on December 18, 2018.  The immigration judge denied bond, finding B.B.B. to be a danger to the community.

9. On or about October 2, 2020, B.B.B., by and through his attorney, filed a motion requesting a bond redetermination hearing.  The immigration judge in Portland, Oregon, denied his motion, finding that B.B.B. did not establish material changed circumstances since the prior immigration judge's denial of bond.

10. Since the Juvenile Coordinator last provided a detailed explanation to the Court demonstrating that B.B.B. is a danger to the community in her July 24, 2020, report, B.B.B. committed an assault on a guard at the Cowlitz County Juvenile Detention Center.  On October 25, 2020, B.B.B. threw a videogame controller at a guard's face, hitting him in the jaw and cheek.  B.B.B. then threatened to kill the guard and spat in his face.  Exhibit G.

This declaration is based upon my personal and professional knowledge, information obtained from the Alien File of B.B.B., and information obtained from various records and systems maintained by DHS. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above-captioned case.

Signed on this 9th day of November 2020.

Digitally signed by JEFFREY K CHAN
Date: 2020.11.09 12:23:26 -08'00'

Jeffrey K. Chan
Supervisory Detention and Deportation Officer
ICE Enforcement and Removal Operations
Portland, Oregon

# Exhibit A

U.S. Department of Homeland Security

**Notice of Custody Determination**

BRANDON EUSEBIO BERNARDINO-BOJ

Event No: █████████
File No: A█████████
Date: 06/09/2014

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of the Department of Homeland Security.

☐ released under bond in the amount of $_____

☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

█████████████
(Signature of authorized officer)

SUPERVISORY BORDER PATROL AGENT
(Title of authorized officer)

WESLACO, TEXAS
(Office location)

☒ I do   ☐ do not request a redetermination of this custody decision by an immigration judge.

☒ I acknowledge receipt of this notification.

**Served Upon Conservator**
_____
(Signature of respondent)

2/9/14
(Date)

| RESULT OF CUSTODY REDETERMINATION |
|---|

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge     ☐ DHS Official     ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.      ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.              ☐ Release - Personal Recognizance
☐ Bond amount reset to _____            ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 08/01/07) N

## LIST OF FREE LEGAL SERVICES PROVIDERS

The following organizations and attorneys provide free legal services and/or referrals for s individuals in immigration removal proceedings, pursuant to 8 CFR §3.61.  Some of these a nominal fee for legal services to certain low-income individuals.

| HARLINGEN, TEXAS | |
|---|---|
| **PROBAR - SOUTH TEXAS PRO BONO ASYLUM REPRESENTATION**<br>301 East Madison<br>Harlingen, TX 78550<br>(956) 425-9231<br>1-888-425-9231 if calling from the PISPC Detention Center<br><br>· Will represent aliens in asylum hearings. | **SOUTH TEXAS IMMIGRATION COUNCIL, IN**<br>Casa Mexico Bldg.<br>4793 West Expressway 83<br>Harlingen, TX 78552<br>(956) 425-6987<br><br><br>· Will represent aliens in asylum hearings. |
| **CASA DE PROYECTO LIBERTAD**<br>113 N. 1st Street<br>Harlingen, TX 78550<br>(956) 425-9552<br>1-800-477-9552 if calling from the PISPC Detention Center<br><br>· Will represent aliens in asylum hearings. | **SOUTH TEXAS IMMIGRATION COUNCIL**<br>1201 Galveston St.<br>McAllen, TX 78501<br>(956) 682-5397<br>(956) 682-8133, Fax<br><br><br>· Will represent aliens in asylum hearings. |
| **SOUTH TEXAS IMMIGRATION COUNCIL**<br>845 East 13th Street<br>Brownsville, TX 78520<br>(956) 542-1991<br><br><br>· Will represent aliens in asylum hearings. | **TEXAS RURAL LEGAL AID, INC.**<br>316 South Closner Street<br>Edinburg, TX 78539<br>(956) 383-5673<br><br><br>· Will represent only Legal Permanent Residents and United States citizens. |

http://www.usdoj.gov/eoir/probono/states.htm

**Served Upon Conservator**

Exhibit B

## LIST OF FREE LEGAL SERVICES PROVIDERS

The following organizations and attorneys provide free legal services and/or referrals for s individuals in immigration removal proceedings, pursuant to 8 CFR §3.61. Some of these a nominal fee for legal services to certain low-income individuals.

| HARLINGEN, TEXAS | |
|---|---|
| **PROBAR - SOUTH TEXAS PRO BONO ASYLUM REPRESENTATION**<br>301 East Madison<br>Harlingen, TX 78550<br>(956) 425-9231<br>1-888-425-9231 if calling from the PISPC Detention Center<br><br>· Will represent aliens in asylum hearings. | **SOUTH TEXAS IMMIGRATION COUNCIL, INC**<br>Casa Mexico Bldg.<br>4793 West Expressway 83<br>Harlingen, TX 78552<br>(956) 425-6987<br><br><br>· Will represent aliens in asylum hearings. |
| **CASA DE PROYECTO LIBERTAD**<br>113 N. 1st Street<br>Harlingen, TX 78550<br>(956) 425-9552<br>1-800-477-9552 if calling from the PISPC Detention Center<br><br>· Will represent aliens in asylum hearings. | **SOUTH TEXAS IMMIGRATION COUNCIL**<br>1201 Galveston St.<br>McAllen, TX 78501<br>(956) 682-5397<br>(956) 682-8133, Fax<br><br><br>· Will represent aliens in asylum hearings. |
| **SOUTH TEXAS IMMIGRATION COUNCIL**<br>845 East 13th Street<br>Brownsville, TX 78520<br>(956) 542-1991<br><br><br>· Will represent aliens in asylum hearings. | **TEXAS RURAL LEGAL AID, INC.**<br>316 South Closner Street<br>Edinburg, TX 78539<br>(956) 383-5673<br><br><br>· Will represent only Legal Permanent Residents and United States citizens. |

http://www.usdoj.gov/eoir/probono/states.htm

**Served Upon Conservator**

Exhibit C

**Departamento de Seguridad Nacional**

Aviso de los Derechos y Disposición

| Nombre del Extranjero: | FINS #: | Número del Extranjero: | Event No: |
|---|---|---|---|
| ███████ | | A- ███████ | ███████ |

**Sus Derechos**

Usted ha sido arrestado, porque agentes del Departamento de Seguridad Nacional creen que usted está ilegalmente en los Estados Unidos.  Al ser arrestado, usted tiene ciertos derechos.  Nadie puede negarle estos derechos. Este aviso le explica cuales son sus derechos.

**El Derecho de Usar el Teléfono**

Usted tiene el derecho de llamar a su madre o padre, u otro pariente que sea un adulto.  Usted puede llamar a un amigo adulto.  Si usted no sabe usar el teléfono, un agente del Departamento de Seguridad Nacional  le ayudará.

**El Derecho de ser Representado por un Abogado**

Adjunto a este aviso, se encuentra una lista de abogados que pueden hablar con usted y ayudarlo sin costo alguno. El abogado le puede explicar todos sus derechos, y puede representarle en su audiencia.

**El Derecho a una Audiencia ante un Juez Inmigración**

El Juez decidirá si usted debe salir o puede quedarse en Los Estados Unidos.  Si por alguna razón no desea regresar a su país, o tiene miedo de regresar, usted puede pedir una audiencia ante el Juez de Inmigración.

Si usted no desea una audiencia ante el Juez, usted puede escoger regresar a su país.

**Lectura de este Aviso:**
☒  He leído este aviso.
☒  Este aviso me ha sido leído.

**Derecho de Usar el Teléfono:**
☒  Me he comunicado son mis padres o guardián legal.
☐  Me he comunicado con un amigo o pariente adulto.
☐  No deseo hablar con nadie por teléfono.

**Completar lo siguiente es opcional:**
Parentesco de la persona a quien usted llamó.

*mother*

Nombre de la persona a quien usted llamó.
███████

**Derecho a Ser Representado por un Abogado:**
☐  He hablado con un abogado.
☒  No deseo hablar con un abogado.

**Derecho a una Audiencia:**
☒  Entiendo mi derecho a una audiencia ante  el Juez de Inmigración.

☒  **Deseo una audiencia ante el juez.**

**Served Upon Conservator**

Firma: _____     Fecha: _____ June 09, 2014 _____

☐  **No deseo una audiencia ante el juez.**
Estoy en los Estados Unidos ilegalmente y deseo regresar a mi país.

Pais: _____

Firma: _____     Fecha: _____

Form I-770 (08/01/07) (Spanish) (Prior editions may not be used)

## INSTRUCTIONS TO OFFICERS

This advisal is required to be given to all persons who are taken into custody and who appear, are known, or claim to be under the age of eighteen and who are not accompanied by one of their natural or lawful parents. No such person can be offered or permitted to depart voluntarily from the United States except after having been given this notice.

The required procedure distinguishes between two classes of minors.

1) The first class are those minors apprehended in the immediate vicinity of the border and who permanently reside in Canada or Mexico. These persons shall be informed that they have a right to make a telephone call to any of the persons mentioned in the notice. The purpose of this call is so that they can seek advice as to whether they should voluntarily depart or whether they should request a deportation hearing. We are required to make a record of any refusal to accept our offer of a telephone call.

2) As to all other minors, *they must not only be given access to a telephone, they must establish communication, telephonic or otherwise, with one of the persons listed in the notice* before they can be offered voluntary departure.

The DHS retains the right to decide when to allow telephone calls. The only prohibition is that the minor cannot be asked to voluntarily depart until after telephone access is provided. If the minor is not offered voluntary departure but is put into deportation proceedings by issuance of a Notice to Appear, this procedure is not necessary. It is our duty to make reasonable efforts to contact the person of the minor's choice, but after unsuccessful efforts to reach that person, we can facilitate contact with another such person. Whenever the minor elects to pursue a process, such as a call to a foreign country, which is operationally unacceptable, we can always proceed to issue a Notice to Appear.

The minor must tell the type of person that he/she talked to but need not give us that person's name or identifying information. If a minor, *of his/her own volition,* asks to contact a consular officer, this will satisfy the requirements of the notice.

The officer need not read the notice to the minor unless the minor is under 14 years of age, or unable to understand the notice. The officer must ask the minor whether he/she wanted to make a call, whether a communication was made and, if made, to whom. The officer must also verify whether the minor wanted voluntary departure or a hearing, and must sign and date the form to show this was done.

**Officers are not to offer any advise to any minor as to what he/she should or should not do.**

### To be completed by the Officer:

*I verify that:* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓     A-▓▓▓▓▓▓▓▓▓▓

1.a. ☒ The subject named was given this notice to read.
  b. ☒ I read this notice to the name subject in the following language: Spanish

2. ☒ I asked this subject whether he/she wanted to make a telephone call, and offered assistance in the use of the telephone.

3.a. ☐ The subject told me that he/she did not want to make a telephone call, or
  b. ☒ The subject told me that he/she established communication and the form was marked to indicate it;
  c. ☐ The subject was unable to establish telephone communication with the desired individual. The following number of attempts were made: 0

4.a. ☒ The subject requested a hearing.
  b. ☐ The subject admitted deportability and requested to return to his/her country voluntarily, without a hearing.

5.a. ☐ A Notice to Appear was issued because, the subject was unable to establish contact with any of the individuals specified after making the number of attempts indicated above (Item **3** c), and after assistance to establish contact was given or offered.

June 09, 2014

Sig▓▓▓▓▓▓▓▓▓▓▓▓     **Date**

Form I-770 (08/01/07) (Prior editions may not be used)     Page **2** of **2**

Exhibit D

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: ███████████████

A-File Number: ███████████

Date: 10/18/2018

Event ID: ███████████

Subject ID: ███████████

---

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

[X] Detained by the Department of Homeland Security.

[ ] Released (check all that apply):

    [ ] Under bond in the amount of $ _____

    [ ] On your own recognizance.

    [ ] Under other conditions. [Additional document(s) will be provided.]

███████████

Name and Signature

SDDO

Title

10/18/2018 11:33 AM

Date and Time of Custody Determination

ICE ERO Baltimore  Field Office 31 Hopkins Plaza, Suite 630
BALTIMORE, MD US 21201

Office Location/Address

---

You may request a review of this custody determination by an immigration judge.

[✓] I acknowledge receipt of this notification, and

    [✓] I do request an immigration judge review of this custody determination.

    [ ] I do not request an immigration judge review of this custody determination.

Signature of Alien

10-18-18

Date

---

The contents of this notice were read to  See I-831 _____ in the SPANISH _____ language.

(Name of Alien)                                (Name of Language)

███████████

Name and Signature of Officer

Deportation Officer

Title

Name or Number of Interpreter (if applicable)

---

U.S. Department of Homeland Security                    Continuation Page for Form _I-286___

| Alien's Name | File Number | Date |
|---|---|---|
| ██████████████ | ████████ | 10/18/2018 |
| | Event No: ████████ | |

THE CONTENTS OF THIS NOTICE WERE READ TO
--------------------------------------------
█████████████████████████

| Signature | Title |
|---|---|
| ████████████ | Deportation Officer |

2 ___ of ___ 2 ___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Exhibit E

* Non Profit Organization
** Referral Service
*** Private Attorney

## List of Pro Bono Legal Service Providers

Updated January 2017

http://www.justice.gov/eoir/list-pro-bono-legal-service-providers

### Baltimore Immigration Court

| Baltimore, Maryland (page 1 of 3) | |
|---|---|
| **Ayuda\*** <br><br> 6925 B Willow Street NW <br> Washington, DC 20012 <br> (202) 387-4848 <br><br> • By appointment only <br> • May charge a nominal fee <br><br> • No representation of detained non-citizens <br> • Ayuda Project END: Represents victims of immigration services or notario fraud in DC matters <br><br> • Will represent non-citizens in asylum proceedings <br> • Languages: Spanish, French, and interpretation for other languages as needed | **Human Rights First\*** <br><br> 805 15th Street NW, Suite 900 <br> Washington DC 20005 <br> Phone: (202) 370-3313 <br> humanrightsfirst.org/ayslum/asylum-seekers-and-potential-clients <br> refugee-protection/probono-program/ <br><br> • Provide representation for non-detained asylum seekers before the Arlington and Baltimore Courts who are admitted into our program <br> • Must be afraid to return to home country due to persecution or torture <br><br> • No walk-ins, call via telephone for assistance <br> • Leave a message and our staff will call you back to conduct a full interview <br> • Languages: Spanish, French, Amharic, Tigrinya, others as needed |
| **Baltimore Immigration Consult Project\*** <br><br> University of Maryland Francis King Carey School of Law <br> 500 W. Baltimore Street <br> Baltimore, MD 21201 <br> Tel: (410) 706-3295 <br> Fax: (410) 706-5856 <br> law.umaryland.edu/programs/clinic/initiatives/immigration/ <br> • Will accept limited removal cases <br> • Pro bono consultations and referral | **Kids in Need of Defense (KIND)\*** <br> Baltimore Office <br><br> 1800 N Charles St, Suite 810 <br><br> Baltimore, MD 21201 <br> Tel: (443) 470-9437 <br> Fax: (410) 837-4776 |
| **Capital Area Immigrants' Rights (CAIR) Coalition\*** <br><br> 1612 K Street, NW, Ste. 204 <br><br> Washington, DC 20006 <br> (202) 331-3320 - Main Line <br> (202) 331-3329 - Detention Hotline <br> • Fax: (202) 331-3341 <br> Provides legal services to detained individuals at the Arlington and Baltimore Courts | infobaltimore@supportkind.org <br> supportkind.org <br> • KIND only represents minors and unaccompanied children <br> • KIND ayuda a menores de edad y nino/as no-acompanados |
| | **Catholic Immigration Services, Inc.\*** <br> 1720 Eye Street, NW, Ste. 607 <br> Washington, DC 20006 <br> Tel: (202) 466-6611 or (202) 466-6612 <br> Fax: (202) 466-6633 <br><br> • Represents aliens in removal proceedings including aliens seeking asylum. |

**Disclaimer:** As required by 8 C.F.R. § 1003.61, the Executive Office for Immigration Review (EOIR), Office of the Director, Office of Legal Access Programs maintains a list of organizations and attorneys qualified under the regulations who provide pro bono or free legal services. The information posted on this list is provided to EOIR by the Providers. EOIR does not endorse any of these organizations or attorneys. Additionally, EOIR does not participate in, nor is it responsible for, the representation decisions or performance of these organizations or attorneys.

* Non Profit Organization
** Referral Service
*** Private Attorney

# List of Pro Bono Legal Service Providers

Updated January 2017

http://www.justice.gov/eoir/list-pro-bono-legal-service-providers

## Baltimore, Maryland (page 2 of 3)

**Georgetown University Law Center Center for Applied Legal Studies***
600 New Jersey Avenue, NW, Suite 332
Washington, DC 20001
(202) 662-9565
• Call in first. By appointment only.
• Represents aliens in Asylum removal proceedings.
• Represents only non-detainees.

**Catholic Charities Immigration Legal Services***
(Baltimore Archdiocese)
430 S. Broadway
Baltimore, MD 21231
(410) 534-8015
• Represents deteined and non-deteainedindividuals in removal proceedings, including asylum
Consultations to individuals detained on the Eastern in MD. May charge a nominal fee
• Detainees in Dorchester and Worchester may write for a consultation

**Immigration Legal Services Associated Catholic Charities***

430 S Broadway
Baltimore, MD 21231
(410) 534-8015
(443) 573-6176
ilsinfo@cc-md.org
cc-md.org/esperanza

• Pro bono services for victims of crime and most unaccompanied minors

• Family and humanitarian based immigration legal services for nominal fee, with fee waiver available

• Pro bono case placement and mentorship
• Limited detained representation

**Catholic Charities Immigration Legal Services***

924 G Street, N.W.
Washington, DC 20001
Walk-in Intake: Tuesdays
Nominal Consultation Fee
9:30am to 11:30am
Questions: (202)772-4352
or
1618 Monroe Street, N.W.
Washington, DC 20010
Walk-in Intake: Wednesdays
Nominal Consultation Fee
9:00am to 1:00pm
Questions: (202) 939-2420
or
201 E. Diamond Avenue, 3rd floor
Gaithersburg, MD 20877

Group talk: Wednesdays, 12:00pm
Nominal Consultation Fee
Questions: 301-740-2523
or
12247 Georgia Avenue
Silver Spring, MD 20902

Walk-in: Thursdays
Nominal Consultation Fee

9:00am to 11:00am

Questions: (301) 942-1790

• First come, first served
• Bring all documents
• If you've been arrested, bring related documents

**Disclaimer:** As required by 8 C.F.R. § 1003.61, the Executive Office for Immigration Review (EOIR), Office of the Director, Office of Legal Access Programs maintains a list of organizations and attorneys qualified under the regulations who provide pro bono or free legal services. The information posted on this list is provided to EOIR by the Providers. EOIR does not endorse any of these organizations or attorneys. Additionally, EOIR does not participate in, nor is it responsible for, the representation decisions or performance of these organizations or attorneys.

* Non Profit Organization
** Referral Service
*** Private Attorney

# List of Pro Bono Legal Service Providers

Updated January 2017

http://www.justice.gov/eoir/list-pro-bono-legal-service-providers

| Baltimore, Maryland (page 3 of 3) | |
|---|---|
| **University of Maryland and World Relief Joint Immigration Clinic***<br>University of Maryland School of Law<br>500 W. Baltimore Street, Suite 360<br><br>Baltimore, MD 21201<br><br>(410) 706-3295<br><br>http://www.law.umaryland.edu/programs/clinic/initiatives/immigration/<br>• Provides free one-time consultation with an experienced immigration attorney for individuals in removal proceedings in Maryland.<br><br>• Consultations are held the 1st and 3rd Friday of ever month. Individuals must arrive between 9:00 and 9:30 a.m. and bring all papers relating to the court and their immigration cases. If the case is based on a marriage, both husband and wife must attend the consultation. | **HIAS (Silver Spring)***<br><br>1300 Spring St, Suite 500<br>Silver Spring, MD 20190<br>Phone: (301) 844-7248<br>legalhelp@hias.org<br>hias.org<br>• Children and families from Central America seeking humanitarian relief<br><br>• Asylum seekers who are scientists, sholars, artists, or professionals<br><br>• Languages: Spanish and Portugeuse |

**Disclaimer:** As required by 8 C.F.R. § 1003.61, the Executive Office for Immigration Review (EOIR), Office of the Director, Office of Legal Access Programs maintains a list of organizations and attorneys qualified under the regulations who provide pro bono or free legal services. The information posted on this list is provided to EOIR by the Providers. EOIR does not endorse any of these organizations or attorneys. Additionally, EOIR does not participate in, nor is it responsible for, the representation decisions or performance of these organizations or attorneys.

Exhibit F

**U.S. Department of Homeland Security**

## Notice of Rights and Request for Disposition

| Alien's Name: | FIN: | A Number (if any): | Event No: |
|---|---|---|---|

---

### Your Rights.

You have been arrested because Immigration Officers believe that you are illegally in the United States.  When you are arrested in the United States you have certain rights.  No one can take these rights away from you.  This paper explains your rights.

### You have the right to use the telephone.

You may call your mother or father or any other adult relative.  You may call your adult friend.  If you do not know how to use a telephone, the immigration agent will help you.

### You have the right to be represented by a lawyer.

Attached to this paper is a list of lawyers who can talk to you, and help you, for free.  A lawyer can fully explain all your rights to you, and can represent you at a hearing.

### You have the right to a hearing before a judge.

The judge will decide whether you must leave or whether you may stay in the United States.  If for any reason you do Not want to go back to your country, or if you have any fears of returning, you should ask for a hearing before a judge.  If you do not want to have a hearing before a judge, you may choose to go back to your country without a hearing.

---

**Reading this Notice:**

[x] I have read this notice.
[x] This notice has been read to me.

**Right to Use Telephone:**

[x] I have contacted my parent(s) or a legal guardian by telephone.
[ ] I have contacted an adult friend or relative by telephone.
[ ] I do not want to talk to anyone by telephone.

| **Completion of the following is optional:** |
|---|
| The person contacted is:  (Relationship) |
| Mother |
| The person contacted is:  (Name) |
| ▮ |

**Right to be Represented by a Lawyer:**

[x] I have spoken with a lawyer.
[ ] I do not want to speak with a lawyer.

**Right to a Hearing:**

[x] I understand my right to a hearing before a judge.

---

[x] **I request a hearing before a judge.**

Signature ▮                                    Date: October 18, 2018

---

[ ] **I do not want a hearing before a judge.**
   I am in the United States illegally and ask that I be allowed to return to my country, which is named below.

                                               Country: _____

Signature: _____               Date: _____

Form I-770 (08/01/07)

# INSTRUCTIONS TO OFFICERS

This advisal is required to be given to all persons who are taken into custody and who appear, are known, or claim to be under the age of eighteen and who are not accompanied by one of their natural or lawful parents. No such person can be offered or permitted to depart voluntarily from the United States except after having been given this notice.

The required procedure distinguishes between two classes of minors.

1) The first class are those minors apprehended in the immediate vicinity of the border and who permanently reside in Canada or Mexico. These persons shall be informed that they have a right to make a telephone call to any of the persons mentioned in the notice. The purpose of this call is so that they can seek advice as to whether they should voluntarily depart or whether they should request a deportation hearing. We are required to make a record of any refusal to accept our offer of a telephone call.

2) As to all other minors, *they must not only be given access to a telephone, they must establish communication, telephonic or otherwise, with one of the persons listed in the notice* before they can be offered voluntary departure.

The DHS retains the right to decide when to allow telephone calls. The only prohibition is that the minor cannot be asked to voluntarily depart until after telephone access is provided. If the minor is not offered voluntary departure but is put into deportation proceedings by issuance of a Notice to Appear, this procedure is not necessary. It is our duty to make reasonable efforts to contact the person of the minor's choice, but after unsuccessful efforts to reach that person, we can facilitate contact with another such person. Whenever the minor elects to pursue a process, such as a call to a foreign country, which is operationally unacceptable, we can always proceed to issue a Notice to Appear.

The minor must tell the type of person that he/she talked to but need not give us that person's name or identifying information. If a minor, *of his/her own volition,* asks to contact a consular officer, this will satisfy the requirements of the notice.

The officer need not read the notice to the minor unless the minor is under 14 years of age, or unable to understand the notice. The officer must ask the minor whether he/she wanted to make a call, whether a communication was made and, if made, to whom. The officer must also verify whether the minor wanted voluntary departure or a hearing, and must sign and date the form to show this was done.

**Officers are not to offer any advise to any minor as to what he/she should or should not do.**

## To be completed by the Officer:

I verify that: _____     A- ▓▓▓▓▓▓▓

1.a. ☒   The subject named was given this notice to read.
  b. ☒   I read this notice to the name subject in the following language: ~~English~~  *Spanish - Int*

2.   ☐   I asked this subject whether he/she wanted to make a telephone call, and offered assistance in the use of the telephone.

3.a. ☐   The subject told me that he/she did not want to make a telephone call, or
  b. ☒   The subject told me that he/she established communication and the form was marked to indicate it;
  c. ☐   The subject was unable to establish telephone communication with the desired individual. The following number of attempts were made: _____

4.a. ☒   The subject requested a hearing.
  b. ☐   The subject admitted deportability and requested to return to his/her country voluntarily, without a hearing.

5.a. ☐   A Notice to Appear was issued because, the subject was unable to establish contact with any of the individuals specified after making the number of attempts indicated above (Item **3** c), and after assistance to establish contact was given or offered.

_____     October 18, 2018
                                              **Date**

Form I-770 (08/01/07)                    Page 2 of 2

Exhibit G