CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>WILLIAM P. BARR, Attorney General of the United States; *et al.*, <br><br>Defendants. | Case No. CV 85-4544-DMG <br><br>**JOINT STATUS REPORT RE MOTION TO LIFT RESTRICTIONS IN PARAGRAPH 4.E OF THE JUNE 26, 2020 ORDER, ECF NO. 833** <br><br>Requested Hearing: November 13, 2020 9:30 AM <br><br>[HON. DOLLY M. GEE] |

///

*Plaintiffs' counsel continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu

///

I.      INTRODUCTION

In its Order Re Updated Juvenile Coordinator Reports [Doc # 833] filed June 26, 2020 ("June 26, 2020, Order"), the Court ordered that "None of these minors [B.B.B., A.F.P.P., and K.J.A.B ] who age out shall be sent to an adult detention facility pending resolution of [the] inquiry" regarding ICE's compliance with the FSA at the Cowlitz County Juvenile Detention Center ("Cowlitz") and Northern Oregon Regional Corrections ("NORCOR") detention facilities.

Pursuant to the Court's June 26, 2020, Order, on July 24,2020, the ICE Juvenile Coordinator filed her Interim Report ("ICE Report") [Doc. # 882-1] providing background information on the three class members detained at Cowlitz and NORCOR.

On October 16, 2020, Defendants filed their Motion seeking to vacate Paragraph 4e of the Court's June 26, 2020, Order.

At the October 23, 2020, Status Conference, the Court stated that paragraph 4e of its June 26, 2020, Order was only intended to prevent the transfer of Class Members B.B.B., A.F.P.P., and K.J.A.B, not all Class Members who may be detained by Defendants in secure facilities, and asked Defendants to consider whether they wished to pursue their motion which appears to interpret the Court's June 26, 2020, Order as applying to all Class Members detained in secure facilities in light of this clarification. Defendants' counsel stated that Defendants would consider the Court's clarification of the scope of the June 26, 2020, Order. After considering the Court's clarification, Defendants decided not to withdraw their motion.

On November 4, 2020, Plaintiffs filed an ex parte Application ("Application") requesting that the Court accept their late-filed Opposition to Defendants' Motion to Lift Restrictions In Paragraph 4.e of the June 26, 2020 Order [Doc. # 1006] set for hearing on November 13, 2020, and order the parties to meet and confer and report to the Court by November 10, 2020. [Doc. # 1016.]

1

Given the need to resolve this matter promptly, the Court granted Plaintiffs' Application and Ordered that: (1) The Court will accept Plaintiffs' late-filed Opposition [Doc. # 1017]; (2) Defendants to file a Reply to Plaintiffs' Opposition on or before November 9, 2020; (3) the parties to meet and confer regarding Defendants' pending motion "and the topics Plaintiffs raised in their Application," and file a Joint Status Report by November 10, 2020; and (4) Defendants' motion will thereafter be taken under submission.

As Ordered by the Court, the parties met and conferred today and now provide this Joint Status Report.

II.   PLAINTIFFS' POSITION

Plaintiffs have provided Defendants with correspondence a copy of which is attached as Exhibit A. Among other matters raised in the correspondence, Plaintiffs provide a link to a video of the fight in which BBB was involved four years ago when he was fourteen that resulted in ICE detaining BBB with no bond. As noted in the attached correspondence, rather than BBB being involved with an "attempted murder" as ICE argued to prevent BBB's release when he appeared before an Immigration Judge in a 2018 bond hearing, the video shows a brief fight in which BBB *never* punches or kicks or injures the victim who is pushed to the ground by BBB's brother, kicked and punched a few times, and quickly gets up and walks away seemingly uninjured.[1]

Regarding the topics raised in Plaintiffs' ex parte application, Defendants have informed Plaintiffs as follows:

• How Defendants may comply with the June 26, 2020 Order if it is not vacated, including whether a modification of the Order should be considered.

---

[1] The Court may view the video using the link in the correspondence filed herewith. BBB is the minor dressed in black pants and black shoes. His brother who actually commits the assault is wearing white shoes.

Defendants have advised Plaintiffs that if the Court's June 26, 2020 Order is not vacated, Class Member BBB will be released from ICE custody.

• The extent to which Defendants have complied or will comply with the FSA including to assess BBB's current likelihood to appear at future proceedings or his dangerousness.

Defendants have advised Plaintiffs that the assessments regarding BBB's current likelihood to appear at future proceedings or his dangerousness were assessed by his deportation officer, not a District Director as required by the FSA.

• The extent to which BBB or his mother have been informed of his FSA rights by Defendants.

Defendants' counsel advised Plaintiffs' counsel that other than the exhibits submitted with Defendants' reply brief, Defendants' counsel is not in possession of any further information regarding whether BBB's mother was ever advised of BBB's FSA rights.

• The extent to which BBB's potential sponsor's suitability has been assessed by Defendants;

Defendants' counsel advised Plaintiffs' counsel that other than the exhibits submitted with Defendants' reply brief, Defendants' counsel is not in possession of any further information regarding whether or the extent to which BBB's potential sponsor's suitability has been assessed by Defendants.

• Whether the suitability of a sponsor has been considered when assessing BBB's likelihood to appear at future proceedings or dangerousness.

Defendants' counsel advised Plaintiffs' counsel that other than the exhibits submitted with Defendants' reply brief, Defendants' counsel is not in possession of any further information regarding whether the suitability of a sponsor has been considered when assessing BBB's likelihood to appear at future proceedings or dangerousness.

Plaintiffs have provided Defendants with a declaration by Francis Guzman dated November 9, 2020, and his curriculum vitae.[2] Mr. Guzman serves as the Director of the Youth Justice Initiative at the National Center for Youth Law and is an expert on youthful offenders. As his detailed declaration states, he has been counseling and mentoring BBB for some time on a weekly basis, does not believe BBB will engage in criminal activity if released, and is willing to continue counseling BBB on a weekly basis if he is released. Specifically, his support will include, but is not limited to, the following:

- Weekly Check-ins: continue to meet for an hour weekly with BBB via Zoom conferencing …;
- Re-entry Support Services: upon release, provide BBB with assistance in identifying pro-social activities, re-entry support services, and other opportunities and supports in his area; and
- Mentorship and Guidance: serve as life coach to BBB, providing him with emotional support, advice, counseling, and assistance with overcoming challenges and navigating unfamiliar environments, including remaining available 24-hours a day.

It is also worth noting that other factors mitigate against BBB's dangerousness and/or in favor of release:

- BBB's mother is now married to a U.S. citizen and has a stable living situation and would like BBB to live with her and her husband. Declaration of BBB's mother, Exhibit B. [Doc. # 1018]; Declaration of Paloma Norris-York attached to Exhibit A filed herewith at ¶ 7; *see also* Declaration of Paloma Norris-York, Exhibit 1, ¶ 7 [Doc. # 1017-1];

---

[2] This declaration was received today by Plaintiffs' counsel and was shared with Defendants' counsel when Plaintiffs forwarded a draft of this Joint Status Report to Defendants' counsel.

- BBB may also reside with a sponsor family residing in the State of Washington. *See* Declaration of Paloma Norris-York attached to Exhibit A at ¶ 9; *see also* Declaration of Paloma Norris-York, Exhibit 1, ¶ 9 [Doc. # 1017-1]; Declarations of Patricia Fink, Exhibits F and G. [Doc.# 1018.]
- BBB's older brother with whom he was involved with the fight several years ago has left the country. Psychiatric Evaluation, Exhibit H at 7. [Doc. # 1018]. This evaluation also concludes BBB is unlikely to reoffend if released. *Id*. at 14-19.
- Another older brother lives close to the mother's house and is married with three children and is ready to support BBB in any way needed and has also offered that BBB may reside with him. Declaration of BBB's brother, Exhibit C. [Doc. # 1018]
- BBB is facing indefinite detention because USCIS is not scheduling any asylum interviews and his deportation hearing is postponed until he has had an asylum interview and USCIS has made a preliminary determination whether he should be granted asylum.

*See* Exhibit A at 3.

Finally, Plaintiffs have proposed ICE consider release of BBB with conditions:

1. To address any concerns that BBB may be a flight risk, release him with a GPS ankle bracelet as ICE routinely does when detainees are released;
2. Require that for three months following release BBB continue with weekly counseling conferences with Mr. Francis Guzman, as Mr. Guzman offers in his sworn declaration;
3. Require that upon release BBB reside with his mother and inform ICE of any proposed change of address;
4. Require that for three months following release BBB attend weekly psycho-therapy sessions with a qualified therapist who will be instructed by Class

5

    Counsel to notify wither Class Counsel and/or ICE should BBB fail to
    appear for any scheduled therapy session.

*See* Exhibit A filed herewith.

III. DEFENDANTS' POSITION

    Defendants believe that the Court should proceed to rule on their pending motion and lift the transfer restriction. As explained in Defendants' Reply, Plaintiffs failed to raise these issues in a manner that is timely or in accordance with the applicable rules of procedure, and Plaintiffs are asking this Court to weigh in on matters that are outside the Court's jurisdiction. The issues Plaintiffs raise in their opposition and in conjunction with this joint report are not the subject of any pending motion before this Court and provide no basis for this Court to deny Defendants' motion.

    In any event, Defendants dispute to some extent the characterizations of their meet and confer positions as described above by Plaintiffs and clarify their positions as follows:

    1) Defendants explained that if the Court does not lift the transfer restriction, then, as explained in Defendants' motion, it is likely that B.B.B. would have to be released from custody because he cannot be detained at a juvenile facility after he turns 18.

    2) On all of the remaining issues, Counsel for Defendants explained to counsel for Plaintiffs that responsive information to these questions might be contained in the Exhibits to Defendants' Reply, but that as a general matter it is Defendants' position that these questions are not relevant to any requirements contained in the *Flores* Settlement Agreement or to the pending motion. Counsel for Defendants did not have any more specific information in response to Plaintiffs' questions to provide on the call without consulting further with her clients. To the extent Plaintiffs' position above suggests that Defendants provided more specific factual responses to some of these questions, this is incorrect.

Counsel for Defendants did agree that Plaintiffs' counsel could provide any additional information that he would like ICE to review in conjunction with B.B.B., and Defendants' counsel would pass that along to her clients. But, Defendants' counsel made clear that this is a courtesy only, and that Defendants continue to seek resolution of their motion by this Court, and believe that Plaintiffs are asking this Court to rule on issues that are outside of, and unrelated to, the *Flores* Settlement Agreement. Plaintiffs' counsel provided the document attached to this report to Defendants' counsel at 7pm Eastern, at the same time he circulated a draft of this report for review. At the time of that Defendants' position in this report is being drafted, Defendants have not yet reviewed the attached submission and so are unable to speak to its contents.

                                                Respectfully submitted,

Dated: November 10, 2020        */s/ Peter Schey*
                                                Peter A. Schey
                                               CENTER FOR HUMAN RIGHTS &
                                               CONSTITUTIONAL LAW
                                               *Counsel for Plaintiffs*


                                               JEFFREY BOSSERT CLARK
                                               Acting Assistant Attorney General
                                               Civil Division

                                               WILLIAM C. PEACHEY
                                               Director, District Court Section
                                               Office of Immigration Litigation

                                               WILLIAM C. SILVIS
                                               Assistant Director, District Court Section
                                               Office of Immigration Litigation

                                         */s/ Sarah B. Fabian*
                                         SARAH B. FABIAN
                                         NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

///

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

        /s/ *Peter Schey*
Peter A. Schey
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
*Class Counsel for Plaintiffs*