UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 1 of 4 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO TERMINATE TRANSFER RESTRICTION IN PARAGRAPH 4.e OF THE JUNE 26, 2020 ORDER [1006]**

Before the Court is Defendants' motion to terminate the transfer restrictions regarding Class Members B.B.B. and K.J.A.B. in Paragraph 4.e of the Court's June 26, 2020 Order. [Doc. # 1006.] The motion is fully briefed. [Doc. ## 1017, 1020.] On November 10, 2020, the parties also filed a joint status report on a meet-and-confer on this matter. [Doc. # 1023.]

For the reasons stated below, the Court **GRANTS** Defendants' motion.

# I.
# BACKGROUND

On June 26, 2020, the Court issued certain rulings relating to the concern that COVID-19 infections were reported at some of the Family Residential Centers ("FRCs") overseen by Defendant Immigration and Customs Enforcement ("ICE"). [Doc. # 833.] The Court also ordered that:

> The ICE Juvenile Coordinator shall report on the status of conditions at the Cowlitz County Juvenile Detention Center ("Cowlitz") and Northern Oregon Regional Corrections ("NORCOR") detention facilities, including specific reasons why B.B.B., A.F.P.P., and K.J.A.B. remain in detention. None of these minors who age out shall be sent to an adult detention facility pending resolution of this inquiry. If these [Class Members] remain in detention, the report shall include a detailed explanation demonstrating flight risk and/or danger to the community.

June 26, 2020 Order at 5[1] (Paragraph 4.e) [Doc. # 833].

---
[1] All references to page numbers herein are to numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 4 |

On July 8, 2020, the parties filed a joint status report in which Defendants noted their intention to lift the transfer restriction contained in Paragraph 4.e, and Plaintiffs stated their objection to lifting the transfer restriction and listed purportedly unresolved issues regarding ICE juvenile detention facilities, including failure to routinely assess detained Class Members' flight risk or dangerousness. [Doc. # 846.]

In accordance with the Court's June 26, 2020 Order, the ICE Juvenile Coordinator reported on the status of conditions at these facilities and reasons for detaining individual Class Members in her interim report, filed on July 24, 2020. July 2020 ICE Juvenile Coordinator Report at 9-14 [Doc. # 882-1]. On July 31, 2020, in the parties' joint response to the report, Plaintiffs reiterated their concerns that ICE was not making or recording efforts to release Class Members detained in juvenile detention facilities, holding them in unacceptable conditions, and failing to make ongoing individualized assessments of flight risk or dangerousness. July 31, 2020 Joint Response at 12 [Doc. # 898]. Plaintiffs proposed that the parties meet and confer regarding assessment procedures at juvenile detention facilities. *Id.* Defendants again objected to the manner by which Plaintiffs continued to raise issues without providing specific alleged violations of the FSA or filing a properly-noticed motion. *Id.* at 13.

On August 7, 2020, the Court ordered that "[i]ssues involving Class Members detained at juvenile detention facilities . . . shall be raised in a duly-noticed motion to enforce following compliance with Local Rule 7-3." August 7, 2020 Order at 2 [Doc. # 912]. Plaintiffs have not filed such a motion.

Because Class Member B.B.B., detained at Cowlitz, turns 18 on November 15, 2020 and will then "age out" of ICE custody, Defendants filed a motion on October 16, 2020 seeking to lift the transfer restrictions in Paragraph 4.e of the June 26, 2020 Order. [Doc. # 1006.] Defendants argue that because there is no pending litigation before the Court regarding whether B.B.B. or K.JA.B.'s custody violates the FSA, there is no reason to maintain the transfer restriction to preserve the status quo. Mot. at 3 [Doc. # 1006]; Reply at 2-3 [Doc. # 1020].[2] The parties also filed a joint status report of a meet-and-confer between the parties in which Plaintiffs presented specific arguments for B.B.B.'s immediate release and Defendants explained that such matters are not properly before the Court. [Doc. # 1023.]

---

[2] The other former Class Member named in the Paragraph 4.e transfer restriction, A.F.P.P., was released before his 18th birthday. [Doc. ## 844, 845.]

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 4 |

## II.
## DISCUSSION

The Court agrees with Defendants that this action is not the proper avenue to seek B.B.B.'s release. The Court's restriction on transferring minors at juvenile detention facilities into ICE adult detention facilities was designed to preserve the status quo while the parties litigated potential FSA violations relating to those facilities. Because Plaintiffs have not filed a noticed motion on the topic, the transfer restriction on B.B.B. and K.J.A.B. is no longer necessary.

Furthermore, as stated at the June 26, 2020 hearing on the Juvenile Coordinators' updated Reports and in the July 8, 2020 Order regarding A.F.P.P.'s release, the Court does not intend to review or pass judgment on an Immigration Judge's determination that a Class Member poses a danger to himself or the community. In 2017, a juvenile court made a delinquency finding against B.B.B. on charges of first-degree assault and use of a weapon. Helland Decl. at ¶ 4. He was remanded into ICE custody from state custody in 2018 and placed in a juvenile detention facility in accordance with Paragraph 21 of the FSA, which permits Class Members to be held in juvenile detention facilities when they have been adjudicated delinquent. *Id.* at ¶ 5; FSA at ¶ 21A [Doc. # 101]. The exceptions for isolated, non-violent offenses or petty offenses do not apply to B.B.B.'s assault and weapons offenses. *See* FSA at ¶ 21A. B.B.B.'s attorneys have on several occasions requested that ICE review his case to determine that he is no longer a flight risk or danger to others, and each time, ICE has determined that he remains a danger and denied the request. Helland Decl. at ¶ 7. An ICE official attests that B.B.B. committed assault on Cowlitz guards on two occasions while in custody, once in July 2020 and again in October 2020. Chan Decl. at ¶ 10 [Doc. # 1020-2]. His request to an Immigration Judge for bond was first denied on December 18, 2018. Norris-York Decl., Ex. E [Doc. # 1018]. His attorney applied for bond redetermination on October 2, 2020, and another Immigration Judge denied that request for failure to establish materially changed circumstances. *Id.*; Chan Decl. at ¶ 9.

Thus, although Plaintiffs have submitted evidence from B.B.B.'s attorney, step-mother, mother, brother, potential foster parent, evaluating psychiatrist, and mentor regarding B.B.B.'s good behavior and strong support system, Plaintiffs have not established under what FSA provision the Court may overrule the Immigration Judge's findings and order B.B.B.'s release. Plaintiffs argue vaguely that the Court has inherent authority to enforce the FSA, but they have not shown precisely how ICE has violated the FSA with regard to B.B.B. such that he must be released. *See* Opp. at 7, 9. B.B.B.'s rights to release are limited by an immigration judge's finding at a bond redetermination hearing that he is a danger to himself or others—a finding that resulted from a procedure contemplated under Paragraphs 14, 21, and 24A of the FSA. The FSA does not give Plaintiffs or B.B.B. the right to appeal that finding to this Court.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | November 12, 2020 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. William P. Barr, et al.*** | Page | 4 of 4 |

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' motion and terminates the restriction in Paragraph 4.e of its June 26, 2020 Order prohibiting transfer of B.B.B. and K.J.A.B. to adult detention facilities upon turning 18.

As the Court has repeated *ad nauseum* in this litigation, however, it welcomes productive efforts at informal resolution. The Court encourages the parties to continue to explore jointly amenable outcomes whenever possible.

**IT IS SO ORDERED**.