CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | No. CV 85-4544-DMG-AGRx <br><br> APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS B, C, D, I, AND J SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE NOVEMBER 16, 2020 JUVENILE COORDINATORS' INTERIM REPORTS <br><br> Hearing: Dec. 4, 2020 <br> Time: 11:00 a.m. <br> Hon. Dolly M. Gee |

**APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS B, C, D, I, AND J SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE NOVEMBER 16, 2020 JUVENILE COORDINATORS' INTERIM REPORTS**

Plaintiffs submit this Application[1] seeking leave from the Court to file under seal portions of Exhibits B, C, D, I, and J submitted in support of Plaintiffs' Response to the November 16, 2020 Juvenile Coordinators' Interim Reports, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. The portions of the Exhibits B, C, D, I, and J Plaintiffs seek to seal contain personally identifying information about children in Department of Homeland Security ("DHS") and Department of Health and Human Services ("HHS") immigration custody. As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Leecia Welch, a proposed order, and redacted and unredacted versions of Exhibits B, C, D, I, and J.

The portions of Exhibits B, C, D, I, and J that Plaintiffs seek to seal are detained children's names, dates of birth, and ID numbers, as well as a few other personal characteristics, which can be used to identify them.[2] The children identified in Exhibits B, C, D, I, and J are minors in the immigration detention

---

[1] Defendants' counsel (Ms. Sarah Fabian, Senior Litigation Counsel, Office of Immigration Litigation, PO Box 868. Ben Franklin Station, Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov) has informed Plaintiffs that Defendants oppose this Application because they oppose Plaintiffs' filing a response to the Juvenile Coordinators' Reports. Defendants did not indicate any opposition to the Application on the basis of the information Plaintiffs seek to seal. *See* Declaration of Leecia Welch at ¶ 7.

[2] Specifically, Plaintiffs seek to seal the date children were apprehended and certain details regarding how they arrived to the United States, where they arrived from, and the location of their prior placements which, given the low census of children in DHS and HHS custody, may be used to identify them.

custody of DHS and HHS. These youth have an interest in maintaining their privacy during and following immigration custody.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal portions of Exhibits B, C, D, I, and J Submitted in Support of Plaintiffs' Response to the November 16, 2020 Juvenile Coordinators' Interim Reports. Exhibits B, C, D, I, and J contain the names and ID numbers of children which is the information Plaintiffs seek to seal. The ID numbers are unique identifiers that could be used to ascertain the identities of these children, who are in immigration custody. In addition, because there are currently relatively few class members in ORR custody and at Nexus Children's Hospital ("Nexus") in particular, Plaintiffs seek to seal a number of other personal characteristics in Exhibits I and J because public disclosure of these particular

details would identify the class member declarants who were placed at Nexus as of November 13, 2020.

I. <u>Compelling reasons support the sealing of the personally identifying information of children in DHS and HHS custody.</u>

Plaintiffs' Response to the November 16, 2020 Juvenile Coordinators' Interim Reports and the supporting Exhibits implicate the privacy interests for the children held in DHS and HHS custody and thus protection of their identities is warranted. First, the Exhibits address personally identifying details such as names and dates of birth, details of the children's immigration detention, and how they arrived in the United States. Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in federal immigration custody. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Further, the children's identifying information should also be protected because the sensitive subject matter at issue—their immigration detention—is based exclusively on their experiences as minors. Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Sealing of the names, ID numbers, and other personally identifying information of the children listed in Exhibits B, C, D, I, and J is necessary to protect their identities. These ID numbers are individual identifiers that uniquely identify the children to whom they correspond. Moreover, sealing of the class member's country of origin, and description of the class member declarants' journey to the

United States in Exhibit I; and the details of the class member's prior placement in Exhibit J, is vital because of the likelihood that this information would lead to public disclosure of these children's identities due to the small number of class members placed at Nexus Children's Hospital and other secure placements. In these cases, the small ORR census significantly increases the likelihood that the class member declarants of Exhibits I and J would be identifiable if that specific personal information is not sealed.

II.  Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek only a limited sealing order that permits them to file portions of Exhibits B, C, D, I, and J under seal. Other relevant information important to Plaintiffs' presentation of the issues would still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, sealing the names, ID numbers, and other personally identifying information contained in Exhibits B, C, D, I, and J is the least restrictive method of ensuring the subject children's privacy while permitting the public access to the maximum amount of information.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal portions of Exhibits B, C, D, I, and J.

///

Dated: November 23, 2020

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos R. Holguín

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Poonam Juneja
Freya Pitts
Mishan Wroe

 */s/ Leecia Welch*
Leecia Welch
*One of the Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I caused a copy of Plaintiffs' Application for Leave to File Under Seal, the accompanying Declaration in Support of the Application, and Exhibits B, C, D, I, and J to be served by email to the following counsel listed below:

Sarah B. Fabian,
sarah.b.fabian@usdoj.gov
Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Dated:  November 23, 2020

                                         /s/ Leecia Welch
                                        Leecia Welch