# Exhibit F

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, ET AL., | No. CV 85-4544-DMG-AGRx |
| PLAINTIFFS, | |
| V. | DECLARATION OF CARLOS HOLGUIN |
| WILLIAM BARR, ATTORNEY GENERAL OF THE UNITED STATES, ET AL., | |
| DEFENDANTS. | |

DECLARATION OF CARLOS HOLGUIN

I, Carlos Holguín, declare and say as follows:

1. I am one of the attorneys for Plaintiffs in the within action.

2. Annexed hereto as Attachment 1 is a print out of the Parties' email exchange preceding a meet-and-confer regarding, inter alia, Defendants' disclosing the reasons class members remain in unlicensed CBP detention facilities for 72 hours or more. Apart from the redaction of class members' A numbers, the print out is true and correct.

3. Annexed hereto as Attachment 2 is a true and correct print out of the Parties' email exchange preceding a meet-and-confer regarding Defendants' disclosing, inter alia, (1) the reasons class members remain in unlicensed CBP detention facilities for 72 hours or more; and (2) policies and instructions they have issued to prevent, mitigate, or manage COVID-19 infection in ORR facilities. Apart from the redaction of class members' names, A numbers, and dates of birth, the print out is true and correct.

4. On November 19, 2020, the Parties met and conferred regarding, inter alia, Defendants' disclosing the reasons class members remain in unlicensed CBP detention facilities for 72 hours or more and policies and instructions they have issued to prevent, mitigate, or manage COVID-19 infection in ORR facilities. Defendants declined to make the required disclosures on much the same rationale as appears in the annexed email exchanges.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of November, 2020, at Santa Clarita, California.

_____

Carlos Holguín

Attachment 1

From: **Fabian, Sarah B (CIV)** Sarah.B.Fabian@usdoj.gov
Subject: RE: Data missing from August ¶ 29 reports
Date: October 14, 2020 at 10:22 AM
To: Peter Schey pschey@centerforhumanrights.org, Carlos Holguín crholguin@centerforhumanrights.email
Cc: Silvis, William (CIV) William.Silvis@usdoj.gov, Murley, Nicole (CIV) Nicole.Murley@usdoj.gov, Andrea Sheridan Ordin aordin@strumwooch.com, Melissa Adamson madamson@youthlaw.org

SF

Notwithstanding Defendants' position that Plaintiffs failed to properly raise this issue, Defendants have looked into the reporting issue related to MVM and have developed a system to resolve it going forward.

Defendants are considering your other request and will respond shortly.

Best,
Sarah


Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Peter Schey <pschey@centerforhumanrights.org>
**Sent:** Wednesday, October 14, 2020 1:01 PM
**To:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Cc:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Re: Data missing from August ¶ 29 reports

Sarah, as a follow up to Carlos's email below, as I mentioned in my email of October 8, 2020:
"One other concern we have based on the most recent report is that no information is provided regarding where minors are detained when in the custody or care of NVM Transport."
This issue should be promptly addressed and resolved, as should the issue Plaintiffs have raised since February 2020 that Defendants' reports fail to explain why Class Members are placed in particular facilities.


Peter A. Schey
President
Center for Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.304 (v)
(323) 251-3223 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the

CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the
sole use of the intended recipient(s) and may contain confidential and legally
privileged information. Any unauthorized interception, review, use, distribution, or disclosure
not authorized by the intended recipient(s) is prohibited and may violate applicable
laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100
Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient,
please contact the sender and destroy all copies of the original communication.

On Wed, Oct 14, 2020 at 9:40 AM Carlos Holguín
<crholguin@centerforhumanrights.email> wrote:

> Sarah,
>
> First, Defendants' failing to disclose the facilities in which MVM Transport is holding
> class members was not among the reporting deficiencies that were the subject of the
> Court's earlier meet-and-confer order. And as you know, that data gained new salience
> following district court's and the Ninth Circuit's rejecting Defendants' bid to use the
> pandemic as a pretext to violate the Settlement.
>
> Next, Defendants' failing to identify the facilities in which MVM Transport holds
> children in its September and subsequent reports would be new violations of the
> Settlement. The Court's meet-and-confer order no more precludes Plaintiffs from
> objecting to new violations than it would their objecting to Defendants' refusing to
> provide ¶ 29 reports going forward at all.
>
> As for DHS's failing to disclose the reasons it detains children in CBP facilities for more
> than 72 hours, as Mr. Schey's email of October 8 points out, Plaintiffs have have been
> raising this "since about February that the reports should include the reasons for
> placement in facilities." In any event, these data, too, have attained greater salience in the
> wake of Defendants' failed Title 42 program. Plaintiffs are clearly entitled to monitor
> whether DHS is extending class members' detention in unlicensed CBP facilities in an
> effort to evade the Court's order enjoining routine "hoteling."
>
> Finally, the Court's meet-and-confer order aims to foster good faith cooperation between
> the Parties. Your suggesting that the order now shields Defendants against wholly
> reasonable requests for complete data does palpably violence to the objective and spirit of
> the Court's directive. If Defendants, in good faith, have some practical reason they
> cannot comply with Plaintiffs' request, we are more than happy to discuss that with you.
> Otherwise, Defendants should provide the data without further ado.
>
> Carlos Holguín
> General Counsel
> Center for Human Rights & Constitutional Law
> 256 S. Occidental Blvd.
> Los Angeles, California 90057
> 213.388-8693 x.309 (v)
> (213) 290-1642 (direct)
> 213.386.9484 (fax)
> http://www.centerforhumanrights.org

On Oct 14, 2020, at 7:35 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Carlos – as you're likely aware, the Court ordered Plaintiffs to meet and confer regarding any remaining data issues related to the monthly reporting in advance of the parties' joint status report that was filed this past Friday. Is there a reason you disregarded the Court's deadline and are only now raising these issues?

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Carlos Holguín <crholguin@centerforhumanrights.org>
**Sent:** Tuesday, October 13, 2020 6:02 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>
**Cc:** Peter Schey <pschey@centerforhumanrights.org>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Data missing from August ¶ 29 reports

Dear Counsel,

DHS's August ¶ 29 data report lists multiple children detained at "MVM Transport [name of city]" for extended stays.

For example, 14-year-old J.A.C. (            ) was reportedly held at "MVM Transport Phoenix" for 11 days, then "MVN Transportation, SNA" for 2 days, then transferred to a hotel on 8/27 (no book-out date listed); 7-year-old A.F.P.H. (            ) and 15-year-old Y.I.P.H. (            ) were held at "MVN Transportation" for 11 days, then transferred to "Rio Grande Valley Staging" on 8/12/20 (no book-out date listed); and 17-year-old K.A.G. (            ) was held at "MVN Transportation, SNA" for 9 days, then transferred to "Rio Grande Valley Staging" for one day before she was transferred to ORR.

The August report does not disclose the name or type of facility in which these children were housed during MVM Transport custody. We request that data reports disclose the facilities where children are actually housed during MVM Transport custody, as they do with respect to children placed in FRCs,

shelters, RTCs, juvenile halls, and OON facilities.

Additionally, the August dataset reports 23 children held for over 72 hours in
CBP facilities, eight of whom it appears were detained for over a week in
such facilities. We request the data reports disclose the reasons for children's
extended stays in CBP facilities, as ICE is required to do with respect to
accompanied class members.

Thank you,

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

Attachment 2

From: **Carlos Holguín** crholguin@centerforhumanrights.email
Subject: Re: Flores - September Data (HHS and CBP)
Date: November 18, 2020 at 5:32 PM
To: Fabian, Sarah B (CIV) Sarah.B.Fabian@usdoj.gov
Cc: Deane.Dougherty@ice.dhs.gov, Miranda-Maese, Aurora (ACF) (CTR) Aurora.Miranda-maese@acf.hhs.gov,
Andrea Sheridan Ordin aordin@strumwooch.com, Paul H. Wise pwise@stanford.edu, Alex Harten aharten@strumwooch.com,
Peter Schey pschey@centerforhumannrghts.org, Murley, Nicole (CIV) Nicole.Murley@usdoj.gov, Silvis, William (CIV)
William.Silvis@usdoj.gov, Melissa Adamson madamson@youthlaw.org

Please see answers below.

—
Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.309 (v)
(213) 290-1642 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--

CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and legally privileged information. Any unauthorized interception, review, use, distribution, or disclosure not authorized by the intended recipient(s) is prohibited and may violate applicable laws, including the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C. §§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of the original communication.

On Nov 18, 2020, at 10:49 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Please see my follow up questions in blue below.

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Wednesday, November 18, 2020 12:01 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>
**Cc:** Deane.Dougherty@ice.dhs.gov; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Alex Harten <aharten@strumwooch.com>; Peter Schey <pschey@centerforhumanrights.org>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Re: Flores - September Data (HHS and CBP)

(205) 825-9165
No access code required.

Please see responses below.

Thank you.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org


On Nov 18, 2020, at 8:02 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Carlos – my initial responses to your complaints are below. I can meet and confer at 11am ET on Thursday – please circulate a dial-in. Please send me your responses to the below asap so that I can circle back to my clients in advance of our call.

Peter – I do not have time on Thursday to meet about the below as well as the HHS reporting I had discussed with you. I will need to schedule our call on those issues on Monday 11/23 instead, assuming you still want to talk about that issue. If that is the case please let me know your availability to talk about that on Monday.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Monday, November 16, 2020 6:29 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>
**Cc:** Deane.Dougherty@ice.dhs.gov; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Alex Harten <aharten@strumwooch.com>; Peter Schey <pschey@centerforhumanrights.org>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Re: Flores - September Data (HHS and CBP)

Sarah,

When CBP detains a child in an unlicensed facility longer than 72 hours such detention obviously exceeds custody "immediately following apprehension," and the reasons Defendants are denying the child a licensed placement should be reported. Both ORR and ICE have been reporting this information without objection, and there is no reason CBP should not do the same.

Pursuant to Settlement ¶ 37, Plaintiffs give notice that Defendants are in breach of Settlement by refusing to report their reasons for detaining class members in CBP facilities in lieu of transfer to licensed placement.

This is the third time you have rephrased your request for additional reporting from CBP, but it still is not consistent with the reporting requirement that is actually contained in the Agreement which requires reporting on "the reasons for every placement of a minor in a detention facility or medium security facility." Defendants' offer in that regard remains as stated in my email below.

I do not understand your assertion that ORR and ICE are reporting this information. In fact, what you are seeking appears to be the same information you asked the Court to order ICE and ORR to report to you and the Court declined to order such reporting because she recognized that the Agreement contained no such requirement. In any event, Defendants' position remains that you are asking CBP to report information that is not required by the Agreement and CBP declines to do so.

As stated in my email of Oct. 30, "ICE's reports, though persistently wanting in detail, include a column entitled "Detention Criteria" that supplies at least some explanation for unlicensed placement. CBP's reports should do the same."

As I stated before, the reasons for CBP custody (the "detention criteria") would be limited to noting whether the minor was encountered by Border Patrol or encountered by OFO at a port of entry. CBP is willing to add a column noting those reasons for placement if that would satisfy your concerns. Please confirm if that will resolve this issue for Plaintiffs.

No, it will not.

In addition, ORR is likewise in breach of the Settlement by failing to disclose its reasons for denying class members licensed placement. It, too, should do so.

In accordance with ¶ 37 of the Settlement and Rule 7-3 of the Rules of the United States District Court for the Central District of California, Plaintiffs request that Defendants meet with Plaintiffs telephonically on Thursday, November 19, at whatever hour may be convenient for Defendants, in a good faith effort to settle the aforementioned breach, as well as the following:
- Defendants' failure to produce policies and instructions they have issued to prevent, mitigate, or manage COVID-19 infection in ORR

facilities.

This is not a reporting requirement contained anywhere in the Agreement, and Defendants therefore decline to produce this information.

Plaintiffs disagree insofar as what the Settlement requires is concerned. In any event, Defendants' position directly violates ¶ 5 of the Court's order of October 26, 2020 [Doc. #1014].

Is it your position then that policies related to prevention, mitigation, or management of COVID-19 are in fact policies or instructions "implementing the Agreement"? If so can you please explain the basis for this position? Defendants' position is that such policies would not meet this definition.

Yes, that is Plaintiffs' position, but there is presently no need to explain it: Defendants are under court order to produce the requested information, and they should do so forthwith.

- ICE's producing data reports for March-August, 2020, to disclose the actual placement of children in "MVM Transport."
  It is unclear what you are looking for here. The MVM Transport notations in these reports correspond with periods of transport, and location information is otherwise provided. Please clarify what you are claiming is missing from these reports

Defendants did not disclose the actual locations of children in MVM Transport in ICE's September, 2020, reports, yet DHS's "hoteling" policy began with the issuance of the border closure order in March. Plaintiffs require complete and accurate data for March through August, 2020.

I looked at the March through August reports as did ICE, and we believe that the information you are asking for is in those reports. If you are saying that you want something else I am going to need you to give me specific examples from those reports of what you think is missing.

There are numerous instances in the March-August data reports of children held in MVM/MVN custody for extended periods, but their actual locations are undisclosed: *e.g.,* —

In the August ICE data report, K.A.G. (███████████) is listed as held at "MVN Transportation, SNA" for 9 days (8/2/20-8/11/20), and C.Z.O. (███████████) and J.Z.O. (███████████) are listed as held at "MVM Transport, El Paso" for 8 days (8/10/20-8/18/20).

In the July ICE data report, S.V. (███████████) and APV (███████████) are listed as located at "MVM Transport, San Antonio Proper" for 22 days (6/9/20-7/1/20), and A.M.B. (███████████) and F.B. (███████████) are listed as located at "MVN Transportation, SNA" for 12 days (7/19/20-7/31/20).

In the June ICE data report, D.R.C. (███████████) is listed as located at "MVN Transportation, SNA" for 7 days (6/11/20-6/17/20), and A.D.L.C. (███████████) are listed as located at "MVM Transport, San Antonio Proper" for 7 days (6/10/20-6/17/20).

In the May ICE data report, E.B.Q. (███████████), O.C.T. (███████████), B.F.R. (███████████), C.I.G. (███████████), L.O.R. (███████████), R.P.M. (███████████), M.J.G.T. (███████████), and J.C.T. (███████████) are listed as located at "MVN Transportation, SNA" for 3 days (5/15/20-5/18/20).

You may recall that, at Plaintiffs' insistence, ICE corrected its September data report to disclose the actual locations where children in "MVM Transport" were detained. For example, F.V.L. (███████████) was initially listed as held at "MVM

Transport, El Paso" for 12 days (8/14/20-8/26/20) in the August ICE Report, but now the September report lists him as held at four hotels during that time period (Chase Ste Hotel Elp (8/14-8/17), Hilton Garden Inn San Antonio Airport (8/17-8/23), Holiday Inn Exp San Antonio (8/23-8/25), and Drury Inn & Stes SNA AP (8/25-8/26)). But that correction covered children included in the September report only.

Defendants have not similarly corrected their earlier data reports listing children at MVN/MVM transportation for extended periods. They should amend these data reports to reflect the locations where children in "MVM Transport" were actual held.

- **Defendants' failure to report all children ORR places in out-of-network facilities.**
  ORR is reporting children placed in OON facilities in its monthly reports. Please provide the basis for your claim or explain what you believe is missing from the reports.

The "Out-of-Network" tab in the HHS data reports fails to report children Plaintiffs independently located in at least one out-of-network facility.  On November 13, Plaintiffs' counsel visited the Nexus Children's Hospital and there found multiple children who had been detained at Nexus for several months yet were not ben listed in the "Out-of-Network" tab on the HHS data reports for the corresponding period: *e.g.,* —

J█ D██ S████ S████ (█████████, DOB █████) was admitted to ORR on 9/9/19 and transferred to CC Houston LTFC on 7/31/20. He has never been listed in the OON tab as being located at Nexus. According to the Nexus staff, ███ has been at Nexus for several months.

A█████ S██ Z████ C███████ (█████████, DOB █████) was admitted to ORR on 8/23/19 and admitted to the CHSI Los Fresnos Shelter on 8/27/19. She has never been listed in the OON tab as being at Nexus. According to the Nexus staff, █████ has been located at Nexus for "a very long time."

S███ I███ N████ M████ (█████████, DOB █████) was admitted to ORR on 3/12/20 and initially placed at St. PJ's Shelter. She was transferred to Nexus on 3/21/20 and was listed at Nexus in the OON tab for April, May, June, and July. However, in the August report (captured Sept. 9) and September report (captured Oct. 9), S███ was listed at SWK Casa Houston in the Census tab and no longer at Nexus Children's Hospital on the OON tab. S███ reported having been detained continuously at Nexus for about seven months.

ORR is looking into these cases to see if they should have been reported, and if so, why they were not reported. If there was an error in the reporting then ORR will supplement. What else are you asking Defendants to do?

Defendants need to explain why these children were not included in prior OON reports, confirm that no other children are currently or have been detained in OON facilities, and provide corrected data reports disclosing accurate data for each child placed in a OON facility.

- **Defendants' failure to produce quality-checked data for September 2020.**
  Defendants have provided final reporting for September 2020 in all respects except for the ICE report which was produced subject to the disclaimer

except for the ICE report which was produced subject to the disclaimer
included in my email. As stated in the email, as soon as the work that is being
conducted on ICE's database is completed, if there are any changes to the
spreadsheets then ICE will provide those to you. Please clarify what else it is
you are asking Defendants to do.

Your earlier email from today resolved this issue. Thank you.

Defendants should end their delay and produce final reports.

As stated, ICE will produce final reports when they are able to run them from the
database. If there are specific portions of the existing reports about which you have
questions or need more information please let me know. Otherwise there is nothing
more that Defendants can do regarding your request.

Thank you.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

On Nov 3, 2020, at 10:36 AM, Fabian, Sarah B (CIV)
<Sarah.B.Fabian@usdoj.gov> wrote:

Carlos – I have asked for an update on the ICE reporting.

Regarding your request for additional CBP reporting,
Defendants ask that you clarify your statement—with which
Defendants disagree—that there is not a functional difference
between "the reasons for placement" and "the reasons class
members spend more than 72 hours in Border Patrol facilities."
The former is the requirement that is contained in the
Agreement, and the latter appears nowhere in the Agreement
and contemplates an entirely different set of information.
Therefore it is difficult to see how there is no functional
difference between the two requests.

In any event, the requirement for Defendants to collect and
report "the reasons for every placement of a minor in a

detention facility or medium security facility" must be read to be consistent with the remainder of the Agreement. The Agreement makes clear that the placement of a minor into a detention facility is a specific determination that is made by Defendants in accordance with Paragraph 21, and contemplates an alternative to placement into a licensed facility. Custody by CBP immediately following apprehension is not the type of placement contemplated by Paragraph 21, and therefore is not the type of placement that would require such reporting. In any event, even if such reporting was required, the reasons for CBP custody are going to be limited to noting whether the minor was encountered by Border Patrol or encountered by OFO at a port of entry. Although Defendants do not think it is required, CBP is willing to add a column so noting if that is what you are requesting. If that is your request please let me know and I will ask CBP to add that column to the next report.

Best,
Sarah


Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

---

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Friday, October 30, 2020 11:29 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>
**Cc:** Deane.Dougherty@ice.dhs.gov; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Alex Harten <aharten@strumwooch.com>; Peter Schey <pschey@centerforhumanrights.org>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Re: Flores - September Data (HHS and CBP)

Sarah,

Plaintiffs have been patient, but Defendants have now delayed beyond what they required last year to produce September reports. Please provide a date certain by which the reports will be supplied.

Regarding class members who remain in CBP facilities longer than 72 hours, there is no functional difference between "the reasons for placement" and "the reasons class members spend more than 72 hours in Border Patrol facilities."

ICE's reports, though persistently wanting in detail, include a column entitled "Detention Criteria" that supplies at least some explanation for unlicensed placement. CBP's reports should do the same.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

On Oct 30, 2020, at 9:06 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Carlos – I did understand your request and was simply confirming that you received the documents that I already sent. I am pleased that you did receive those, and as I noted I will send the remaining spreadsheets as soon as ICE is able to get them done given the backlog in reporting from its end-of-year processing. Defendants appreciate your patience.

To clarify then, are you requesting "the reasons for placement" into CBP facilities, or "the reasons class members spend more than 72 hours in Border Patrol facilities"? If it is the latter then I do not read your explanation below to support your request.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Friday, October 30, 2020 11:23 AM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>
**Cc:** Deane.Dougherty@ice.dhs.gov; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Alex Harten <aharten@strumwooch.com>; Peter Schey <pschey@centerforhumanrights.org>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Re: Flores - September Data (HHS and CBP)

Sarah,

Yes, we did receive Defendants' incomplete set of reports; hence my request for "*complete* reports" without further delay.

As for the reasons CBP detains class members in unlicensed placements, Settlement ¶ 28A provides: "The INS, through the Juvenile Coordinator, shall also collect information regarding *the reasons for every placement of a minor in a detention facility* or medium security facility." Settlement ¶ 29 provides: "[T]he INS shall provide to Plaintiffs' counsel the information collected pursuant to Paragraph 28, as permitted by law, and each INS policy or instruction issued to INS employees regarding the implementation of this Agreement."

Border Patrol facilities are indisputably "detention facilities," and the reasons Defendants detain children in them must therefore be reported.

Relatedly, pursuant to Settlement ¶ 29 and ¶ 5 of the Court's order of October 26, 2020 [Doc. #1014], Plaintiffs request Defendants produce all policies and instructions not previously supplied which they have issued to prevent, mitigate, or manage COVID-19 infection in ORR facilities.

Thank you.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

On Oct 30, 2020, at 7:46 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

Carlos. I sent 3 of the 5 reports (CBP and HHS w/corresponding CBP) several days ago – please let me know if you did not receive those. ICE tells me that their data system was locked due to processing related to the end of the fiscal year and was only unlocked a few days ago. I have followed up with them and I know they are working on the reports and I will send them as soon as they are available.

Can you please clarify if you are requesting the reason for placement into CBP, or are you requesting something else? And relatedly, can you please explain the basis from the Agreement why you believe that the information you are requesting is required to be produced.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Thursday, October 29, 2020 7:34 PM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>
**Cc:** Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Alex Harten <aharten@strumwooch.com>; Peter Schey <pschey@centerforhumanrights.org>; Murley, Nicole (CIV) <NMurley@civ.usdoj.gov>; Silvis, William (CIV) <WSilvis@civ.usdoj.gov>; Melissa Adamson <madamson@youthlaw.org>
**Subject:** Re: Flores - September Data (HHS and CBP)

Sarah,

Last year Defendants produced ¶ 29 reports on October 29. Please forward complete reports for this September without further delay.

Plaintiffs reiterate their request that CBP's reports for September and going forward provide the reasons class members spend more than 72 hours in Border Patrol facilities. According to CBP's September 2020 data report, at least 36 children were held in CBP facilities for more than 72 hours during the reporting period, including 16 children detained in Border Patrol stations for five or more days, among whom were several very young children, including W.K.P.M. (████████), a 6-month-old infant held for approximately 13 days (311.65 hours);  E.A.V.J. (████████), a 5-month-old infant held for approximately 15 days (345.12 hours); and N.T.S. (████████), a 2-month-old infant held for approximately 16 days (394.47 hours).

Please advise.

Thank you.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

On Oct 23, 2020, at 2:24 PM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

All – I am told that the ICE data (and corresponding CBP report) will be available next week. Attached please find the reports for CBP and HHS (with corresponding CBP report).

Have a nice weekend all.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
Department of Justice
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824

(202) 532-4824

<CBP NON-ToT Children
with TIC greater than 72
hours_SEP2020.xlsx>
<CBP_September
2020_Corresponds to HHS
September 2020 Data.xlsx>
<HHS Flores Data-
September 2020.xlsx>