JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel to the Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
 Tel:  (202) 532-4824
 Fax:  (202) 305-7000
 Email:  Sarah.B.Fabian@usdoj.gov

   *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.*,<br><br>          Defendants. | Case No. CV 85-4544-DMG<br><br><br>**DEFENDANTS' OBJECTIONS TO NOVEMBER 23, 2020 RESPONSES TO JUVENILE COORDINATOR REPORTS, ECF Nos. 1039, 1040.** |

1

The *Flores* Settlement Agreement requires Defendants' Juvenile Coordinators to file annual reports "regarding compliance with the terms of [the] Agreement." Agreement ¶ 30. Since April 24, 2020, this Court also has further ordered that the ICE and ORR Juvenile Coordinators must file additional, monthly interim reports, not otherwise required by the *Flores* Agreement's terms. *See* ECF No. 784, ¶ 4. The Court stated that these interim reports are necessary because of the "exigencies of the current pandemic[.]" *Id.* On October 26, 2020, the Court ordered the ICE and ORR Juvenile Coordinators to file interim reports on November 16, 2020, and detailed the topics to be covered in these interim reports. ECF No. 1014, ¶ 3. The Court ordered Amici and Plaintiffs to file responses to the Juvenile Coordinator reports by November 23, 2020, only "after first meeting and conferring regarding areas of dispute and attempting to achieve resolution." *Id.* ¶ 3.c.

Defendants object to the responses to the Juvenile Coordinator reports filed by both Amici and Plaintiffs on November 23, 2020, ECF Nos. 1039 and 1040, because both Amici and Plaintiffs blatantly disregarded this Court's order and, with regard to Plaintiffs' response, seek to circumvent appropriate procedures for raising issues before this Court.

As an initial matter, Defendants object to—and ask the Court to disregard—the Response Brief of Amici Curiae to the November 2020 Interim Report of the Immigration and Customs Enforcement Juvenile Coordinator, ECF No. 1040. Despite this Court's clear order that a response brief should be filed only after meeting and conferring and attempting to resolve areas of dispute, ECF No. 1014, ¶ 3.c, Amici made no effort to meet and confer or to reach out to Defendants in any way regarding the issues raised in their response prior to its filing. Defendants were not made aware of Amici's response or the attached declarations—or the issues

1

contained therein—at any time prior to Amici's filing on November 23, 2020. Because Amici have, once again, disregarded this Court's order to meet and confer, and are asking this Court to take action on evidence to which Defendants have had no opportunity to respond, this Court should disregard their filing and require that Amici follow the Court-ordered procedures for presenting issues and evidence to the Court.

Defendants also object to Plaintiffs' Response to Juvenile Coordinators' Interim Reports, ECF No. 1039. Plaintiffs did not present the declarations or allegations included with their Response to Defendants prior to their filing, and thus the Court should decline to consider Plaintiffs' filing because it fails to comply with the Court's order. *See* ECF No. 1014, 3.c. *See also* ECF No. 833, 5 ("[I]f the Court determines that relevant facts are being presented to the Court for the first time without having been shared in advance with the opposing side in an effort to achieve resolution, the Court will not address the issue to which those facts pertain"); ECF No. 912, 9.c. (same). The Court should not consider the factual allegations contained in Plaintiffs' declarations—none of which were presented to Defendants before being filed with this Court—unless and until Defendants have a full and fair opportunity to consider and respond to those factual allegations.[1]

---

[1] As an example, with respect to ORR, Plaintiffs raise for the first time in their filing the issue in Exhibit G of immigration counsel, or non-counsel legal service providers who do not represent individual children, having access to private medical COVID-19 information without consent or parental consent. Plaintiffs do not explain why the settlement requires the provision of such information. *See* ECF No. 1039-6 at 13. Plaintiffs' complaint is unfounded in any event because legal service providers such as Ms. Flamm have user names and access to the portion of the "UAC Portal" listing all COVID-19 general information provided to care

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

To the extent Plaintiffs partially raised a limited number of the issues discussed in their response brief to Defendants prior to their filing, Defendants nonetheless object to the manner in which Plaintiffs have now brought these issues before the Court. In seeking to meet and confer, Plaintiffs made no mention of the Juvenile Coordinator reports, but rather asked Defendants to meet and confer because Plaintiffs wished to raise allegations of breach "Pursuant to Settlement ¶ 37." *See* ECF No. 1039-6 as 12. That paragraph requires Plaintiffs to meet and confer with Defendants before filing an enforcement action with the Court. *See* Agreement ¶ 37. Having made clear that their intent in raising these issues with the Court is to seek enforcement of the Agreement related to new allegations of breach, Plaintiffs should not be permitted to avoid the requirements of the Agreement, the Monitoring Order, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California, by asking for enforcement of the agreement through a purported "Response" filing to which existing procedures provide Defendants no opportunity to respond.

The impropriety of Plaintiffs' approach is evident from their strained attempts to tie their allegations of breach to issues in the Juvenile Coordinator

--------

providers. Additionally, Plaintiffs did raise to Defendants the issue of data provided on the "out-of-network" tab, ECF No. 1039-6 at 14-15, and were told by Defendants' counsel that "ORR is looking into these cases to see if they should have been reported, and if so, why they were not reported. If there was an error in the reporting then ORR will supplement." It is thus unclear why Plaintiffs' counsel would seek judicial intervention on this issue which Defendants have already committed to resolve.  None of the other substantive issues with respect to placement of children at one out-of-network facility raised in Plaintiffs' filing (Exhibits H, I, and J) was presented to Defendants prior to Plaintiffs' filing.  Nor do Plaintiffs explain how such events relate to the Court's March 28, April 24, May 22, June 26, August 24, September 4, or October 26, 2020 Orders.

3

reports. But in fact, Plaintiffs are raising issues that are not part of the ICE and ORR Juvenile Coordinator interim reports, and are even seeking enforcement and remedies related to allegations concerning conditions in CBP custody, despite the fact that the ORR and ICE Juvenile Coordinator reports did not—and could not have—address those issues. Moreover, Plaintiffs are asking this Court to order relief based on factual allegations that were never presented to Defendants prior to the filing of Plaintiffs' brief, by raising these allegations in a "Response" filing to which Defendants have no opportunity to respond. Plaintiffs' approach does not constitute a good faith effort to address and resolve Plaintiffs' allegations, but rather seeks to avoid the basic rules of procedure and evidence to ask this Court to rule on issues without ever providing Defendants an opportunity to address the evidence or file a response. Defendants therefore object to Plaintiffs' approach, and ask that if this court considers these newly-raised issues, it should require Plaintiffs to follow the applicable rules of procedure and evidence, and provide Defendants with a full and fair opportunity to respond.

///

///

///

4

DATED: November 30, 2020       Respectfully submitted,

                               JEFFREY BOSSERT CLARK
                               Acting Assistant Attorney General

                               AUGUST E. FLENTJE
                               Special Counsel to the Assistant Attorney
                               General

                               WILLIAM C. PEACHEY
                               Director, District Court Section
                               Office of Immigration Litigation

                               WILLIAM C. SILVIS
                               Assistant Director, District Court Section
                               Office of Immigration Litigation

                               */s/ Sarah B. Fabian*
                               SARAH B. FABIAN
                               NICOLE N. MURLEY
                               Senior Litigation Counsel
                               Office of Immigration Litigation
                               District Court Section
                               P.O. Box 868, Ben Franklin Station
                               Washington, D.C. 20044
                               Tel: (202) 532-4824
                               Fax: (202) 305-7000
                               Email: sarah.b.fabian@usdoj.gov

                               *Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2020, I served the foregoing pleading and attachments on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

<u>/s/ *Sarah B. Fabian*</u>
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants