CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
       crholguin@centerforhumanrights.org

*Listing continues on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **JOINT STATUS REPORT** |

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

/ / /

On September 18, 2020, the Court granted in part and denied in part Plaintiffs' request for a remedy for ongoing breaches of Paragraphs 14 and 18 of the Flores Settlement Agreement ("FSA") by Defendant Immigration and Customs Enforcement ("ICE"). [Doc. # 987.]

In accordance with those provisions, as well as Paragraphs 12A and 29 of the FSA, the Court ordered ICE to disseminate to Class Members and their parents or guardians a Notice of Rights, as revised by the Court, and to update its own internal policy or instruction consistent with Paragraph 29 and Exhibit 2 of the FSA, as well as the Court's order. Sept. 18, 2020 Order at 10 [Doc. # 987].

On October 16, 2020, the parties submitted a Joint Report regarding the Court's Revised Notice of Rights setting forth their proposed revisions and disagreements as to the Notice. [Doc. # 1007.] The Joint Report also included an ICE Directive setting forth instructions for ICE personnel to disseminate the Notice of Rights and implement a procedure by which parents can affirmatively, knowingly, and voluntarily consent to the release of a Class Member child to a vetted custodian under Paragraph 14 of the FSA. [Doc. # 1007-1.]

On October 21, 2020, Plaintiffs and Amici Curiae Human Rights Watch, Amnesty International, Aldea - The People's Justice Center, Proyecto Dilley, and the Refugee and Immigrant Center for Education and Legal Services ("RAICES") filed responses to Defendants' draft ICE Directive with their suggested edits to the Directive's language. [Doc. ## 1010, 1011.]

The Court held a status conference on October 23, 2020 at which the Court addressed the Proposed Notice and ICE Directive.

Following the status conference, the Court e-mailed to the parties and Amici the Court's additional edits to the draft Notice of Rights and to the ICE Directive, having considered the parties' proposed revisions. The parties and Amici were ordered to meet and confer, with the assistance of the Independent Monitor, regarding the Court's edits/comments to the proposed Notice of Rights and the ICE

Directive. The parties were Ordered to file a Joint Status Report regarding the Notice of Rights and ICE Directive by November 30, 2020. [Doc. # 1002].

In accordance with the Court's Order, the parties file the following joint report.

With the assistance of the Independent Monitor, Ms. Ordin, the parties and Amici have met and conferred regarding the Court's edits/comments to the proposed Notice of Rights and the ICE Directive.

The parties have exchanged written comments and proposed changes to the Court's draft of the proposed Notice of Rights, and have discussed the outstanding issues that remain to be resolved. The parties expect to either resolve any remaining outstanding issues or submit them to the Court for resolution no later than December 3, 2020.

With regard to the Directives, Plaintiffs have summitted to Defendants written comments on the Court's draft of the ICE Directive. Defendants are still considering whether there are alternative processes that they can propose to address the Court's edits to their proposed document. Defendants have asked Plaintiffs and Amici for ideas on alternative ways to address the government's concern that it should be the responsibility of a third-party and not ICE to determine whether a parent is making a knowing and voluntary decision to be separated from his or her child. No party has proposed any alternative. Defendants are considering the issues and ideas raised by Amici, but note that several of these suggestions are outside the scope of the *Flores* Settlement Agreement. Defendants will continue to meet and confer with Plaintiffs to see if alternative processes can be agreed upon, or whether Defendants will submit these issues to the Court for resolution.

/ / /

DATED: November 30, 2020   */s/Peter Schey*
*Class Counsel for Plaintiffs*
CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

DATED: November 30, 2020   ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian* (with permission)
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                                              /s/Peter Schey
                                              *Counsel for Plaintiffs*
                                              CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
                                              Peter A. Schey