# ATTACHMENT 1

**[DRAFT] *Flores* Settlement Agreement Notice of Rights Pursuant to September 18, 2020 Court Order**

THIS NOTICE IS BEING PROVIDED TO YOU PURSUANT TO A SEPTEMBER 18, 2020 ORDER BY THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA IN *FLORES V. BARR*, No. 85-4544 (C.D. Cal. filed July 11, 1985).  READ THIS NOTICE CAREFULLY.  IF YOU CANNOT READ IT, YOU ~~CAN~~SHOULD ASK ~~FOR~~ SOMEONE WHO SPEAKS YOUR LANGUAGE OR DIALECT TO READ IT TO YOU.  YOU MUST BE GIVEN THIS NOTICE WITHIN 48 HOURS OF COMING INTO U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) CUSTODY ~~A FAMILY RESIDENTIAL CENTER~~, INCLUDING THE BERKS FAMILY RESIDENTIAL CENTER, THE KARNES COUNTY FAMILY RESIDENTIAL CENTER, AND THE SOUTH TEXAS FAMILY RESIDENTIAL CENTER. WHEN THIS NOTICE TALKS ABOUT "PARENTS," IT ALSO INCLUDES ANY LEGAL GUARDIANS DETAINED WITH A MINOR.

With some exceptions, all minors (ages 0-17) detained in immigration custody have certain rights under an agreement signed by the Federal Government in the "*Flores*" case. described above.  Detained parents do **not** have rights under the *Flores* ~~a~~Agreement, but are being provided this Notice to explain the rights their children have under the *Flores* Agreement.  ~~If you are a minor, you are being given t~~This Notice ~~to~~ explains some of the rights that minors may have under the *Flores* ~~case~~Agreement, including rights related to release from immigration custody.  You are also being given a list of free legal services providers who you may contact.  If you were not given the list, then ask an immigration officer to give you the list ~~of legal services providers~~.

*You have the right to keep this Notice with you at all times*.  You may keep this Notice with you even if you cannot read or understand it.

**Right To Release Without Unnecessary Delay**

You (Minors) have a right to be held in the least restrictive setting appropriate to your age and special needs, considering the need to ensure your timely appearance in immigration court and to protect your well-being and that of others.  ~~The Government has~~Under the ~~discretion~~*Flores* Agreement, you have the right to ~~release you, along with your parent(s),~~be released without unnecessary delay pending the results of your immigration proceedings. ~~If the Government decides to keep your parent~~ if your detention is not required to secure your appearance in immigration ~~detention,~~court or to ensure your ~~parent may decide whether to identify~~safety or the safety of others,~~.~~  You have the right to be released to a sponsor ~~to whom the Government may release you, with your parent's consent~~, identified by your parent.  The sponsor may be your family member (such as a parent, grandparent, uncle, aunt, or brother or sister), or an unrelated family friend, living here in the United States.  Because you are a minor, your parent ~~must consent to this decision for your release.  You and your parent~~ must take the necessary steps to request your release.  ~~If you are 14 years of age or older, ICE must consider your preference about staying in detention or being released.~~  You and your parent or legal guardian may also decide to remain in immigration detention together.

~~So long as your~~Your parent ~~remains your,~~ ~~your parent can change his or her mind~~ **at any time** ~~about any release decisions made under the *Flores* case, even if you have already been released to a sponsor and your parent remains in detention.~~  ~~Your parent~~ *is not required to make any decisions about your separate release.*  If your parent does not make any decisions, you may lawfully continue

1

> **Formatted:** Highlight
>
> **Commented [SBF1]:** This language is proposed by Plaintiffs. If this addition is accepted, Plaintiffs would also propose that the Notice be edited throughout to inform the minor that they may have a right to request their own release.
>
> Defendants object to the inclusion of this proposed language. Nothing in the *Flores* Agreement would terminate or undermine parental rights to make decisions for their children based on the age of the child. Therefore, this is not an accurate statement of any right created by the *Flores* Agreement.
>
> **Commented [SBF2]:** The parties agree that a parent may change his or her mind at any time prior to the child's release from custody. The parties also agree that there is no right contained in the *Flores* Agreement for a parent to request that the child be returned to custody after the child has been released. These edits reflect these points of agreement.
>
> To the extent that amici may submit that there are further issues to be resolved with regard to the rights of a parent after the child has been released, Defendants dispute that those issues are properly raised in this case, but in any event submit that further discussion on those issues should be reserved until after Defendants' processes for implementation of the Court's order have been considered and finalized.

to be detained together with your parent, though you still maintain all of the rights under the *Flores* caseaAgreement described in this Notice.  You may be released later if your parent decides you should be released to a suitable sponsor.

If your parent wants you to be released to a relative living in the United States, your parent or your lawyer must advise the Government of that decision and provide information about the persons to whom your parent may want you released. may want you released. The Your parent, the potential caregiver, or your lawyer are responsible for providing all necessary materials and information as appropriate.   This information should include the names and contact information of all your chosen sponsors, such as their email addresses, telephone numbers, physical addresses, mailing address, and their relationship to you (for example, another parent, grandparent, brother, sister, uncle, aunt).

Under the *Flores* aAgreement case, you may also be released to a licensed group home close to where your relatives live.  In addition, in the discretion of the Government, you may be released to a responsible *unrelated adult* that your parent selects.  The Government may ask that your parent provide information about this person or a licensedspecified group home to make sure that you will be in a safe situation.  Your lawyer may help you and your parent or legal guardian to identify licensed group homes close to where your relatives live.

If you are released without your parents, your parents may, they must be transferred by ICE to a different detention center.  If you are released to a relative, your parents will not lose their right to make decisions for you unless the sponsor, with your parents' consent, becomes your legal guardian.  You will still have a deportationremoval hearing where you can apply for permission to remain in the United States.

If the Government decides not to release you, it must provide you with (i) a written explanation for its decisions, (ii) a Form I-770, (ii) an explanation of the right of judicial review; and (iii) a list of free legal services providers available in your area unless previously given to you; and (iv) a written explanation for its decision in Spanish if you speak Spanish, and (iv) an explanation about your right to challenge its decision in a federal court.

Remember that your parents are not required to make a decision about your release and you have the right to stay together.  If your parents make no decision, you will remain with your parentsthem in detention.  Any decision your parents make must be voluntary and made with an understanding of your *Flores* rights. under the *Flores* Agreement.  No one may coerce your parents into making any particular decision.  Your parents may make a decision based on what they believe is in your best interest.

Before your parents make any decision about whether you should be released under the *Flores* caseAgreement, you and your parents should may speak with a lawyer.  If you and your parents do not have a lawyer, then your parentsyou or they can call the lawyers or organizations on the list anthe immigration officer must givegave you.  You and your parents can also telephone family members, friends, or any other individual of your choice about your decision regarding your child'srights under the *Flores* rightsaAgreement.  You and your parents can speak with a lawyer and/or family members as often as needed, and. You must be provided with opportunities to make free calls to a lawyer and to family members.  Your Case Manager or your attorney can also assist you and your parents to set up a call or meeting with a social worker that your parentsyou or your attorneythey identify.  If you and your parents have any questions about your rights under the *Flores* case, your parentsaAgreement, they may also telephone without charge the attorneys for children in the *Flores* case at 800-xxx-xxxx

2

**Commented [SBF3]:** The parties agree that it may be advisable to add more language here regarding the steps to be taken by the parents, and would agree to further discuss this language after the processes implementing the Court's order are finalized. This comment applies throughout the Notice to the extent that additional language may be appropriate added following finalization of the process.

**Commented [SBF4]:** Defendants object to this language (here and below) because it is not part of the right contained in the Agreement.

**Commented [SBF5]:** Plaintiffs would include this language, but would remove the words "with your parents' consent"

Defendants object to the inclusion of this sentence. Whether a parent has continuing rights of this sort may depend on many factors that are outside the scope of these proceedings. However, nothing in the Agreement guarantees any such continuing rights for parents, and therefore it is not appropriate to include this assertion of rights in this Notice..

**Commented [SBF6]:** Defendants object to the deleted language because this is not a requirement contained anywhere in the Agreement. Defendants have edited this paragraph to reflect Paragraph 24C.

**Commented [SBF7]:** Plaintiffs propose the addition of this language.

Defendants object to this language for the reasons discussed above.

**Commented [SBF8]:** Plaintiffs would keep the language as is.

The government does not object to individuals being advised of the right to speak with the attorney, but does object to individuals being *instructed* to do so, as it is the individual's choice whether to exercise that right.

[phone number to be provided].

**Other Basic Rights Under The *Flores* Case**

If you are ~~a child~~ under the age of 18 in immigration detention, whether you are detained with your ~~family~~parents or are detained alone without family members, you have the right to:

- Be represented by a lawyer at no cost to the Government.  If you cannot afford a lawyer, you may call one from the list of free legal services providers given to you with this Notice.  At ICE family residential centers, free legal calls are available upon request.

- Be held in facilities that are safe and sanitary.

- Be detained separate and apart from unrelated adults if you are unaccompanied.  If that is not immediately possible, you may not be detained with an unrelated adult for more than 24 hours.

- Be detained in a non-secure facility, unless ~~you are detained with your parent and your parent has not given his or her consent to your release or~~ the Government has determined that you have committed certain criminal activity, have threatened yourself or others, are in danger in a non-secure facility, have been disruptive, or may escape from a non-secure facility.  If the ~~ICE~~Government places you in a detention or medium-security facility, it must provide you with a notice of the reasons for doing so.  ~~thinks one of these situations applies to you, it has to give you an explanation in writing. A non-secure facility is a facility where doors or gates are not locked so you are free to leave and return.~~

- With some exceptions, ~~any change in your placement requires~~ have advance notice given to your lawyer, if any, when there is a change in your placement.

- Have ~~the right to ask for~~ a bond hearing before an Immigration Judge under certain circumstances, upon request~~, if you are in removal proceedings~~.
    o If you would like a bond hearing, request one from an immigration official ~~the Government~~ or you may ask for help from a legal services provider of your choosing or on the attached list of free legal services providers.

You may have additional rights under the *Flores* ~~case~~aAgreement not described above, or under other authorities.  ~~You and your parents may have other rights under federal law or under other authorities.~~

IF YOU HAVE QUESTIONS ABOUT YOUR LEGAL RIGHTS OR YOUR IMMIGRATION CASE, YOU MAY SEEK LEGAL COUNSEL TO ASSIST YOU IN YOUR CASE.  AT ICE FAMILY RESIDENTIAL CENTERS, FREE LEGAL CALLS ARE AVAILABLE UPON REQUEST.

If you or your parents believe any of your *Flores* rights have been violated, you or your parents may contact the attorneys for children in the *Flores* case for free at 800-xxx-xxxx [phone number to be provided].

**Commented [SBF9]:** Plaintiffs propose inclusion of this language.

Defendants object to its inclusion. This is not a right contained anywhere in the Agreement. Additionally, this is not a definition of "non-secure facility" that is contained anywhere in the Agreement, and Defendants believe it is an incorrect definition.

**Commented [SBF10]:** Plaintiffs object to this addition.

This addition tracks the language of Paragraph 4 which states that "A minor **in deportation proceedings** shall be afforded a bond redetermination hearing before an immigration judge"

**Commented [SBF11]:** Plaintiffs propose inclusion of this language.

Defendants object to its inclusion. It is repetitive, and it does not reflect rights contained in the Agreement, particularly to the extent it refers to rights held by a parent.

# ATTACHMENT 2

<u>**[DRAFT]** *Flores* **Settlement Agreement Notice of Rights Pursuant to September 18, 2020 Court Order**</u>

THIS NOTICE IS BEING PROVIDED TO YOU PURSUANT TO A SEPTEMBER 18, 2020 ORDER BY THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA IN *FLORES V. BARR*, No. 85-4544 (C.D. Cal. filed July 11, 1985). READ THIS NOTICE CAREFULLY. IF YOU CANNOT READ IT, YOU SHOULD ASK SOMEONE WHO SPEAKS YOUR LANGUAGE OR DIALECT TO READ IT TO YOU. YOU MUST BE GIVEN THIS NOTICE WITHIN 48 HOURS OF COMING INTO U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) CUSTODY, INCLUDING THE BERKS FAMILY RESIDENTIAL CENTER, THE KARNES COUNTY FAMILY RESIDENTIAL CENTER, AND THE SOUTH TEXAS FAMILY RESIDENTIAL CENTER. WHEN THIS NOTICE TALKS ABOUT "PARENTS," IT ALSO INCLUDES ANY LEGAL GUARDIANS DETAINED WITH A MINOR.

With some exceptions, all minors (ages 0-17) detained in immigration custody have certain rights under an agreement signed by the Federal Government in the "*Flores*" case described above. Detained parents do **not** have rights under the *Flores* Agreement, but are being provided this Notice to explain the rights their children have under the *Flores* Agreement. This Notice explains some of the rights that minors may have under the *Flores* Agreement, including rights related to release from immigration custody. You are also being given a list of free legal services providers who you may contact. If you were not given the list, then ask an immigration officer to give you the list.

<u>You have the right to keep this Notice with you at all times</u>. You may keep this Notice with you even if you cannot read or understand it.

**Right To Release Without Unnecessary Delay**

You (Minors) have a right to be held in the least restrictive setting appropriate to your age and special needs, considering the need to ensure your timely appearance in immigration court and to protect your well-being and that of others. Under the *Flores* Agreement, you have the right to be released without unnecessary delay pending the results of your immigration proceedings if your detention is not required to secure your appearance in immigration court or to ensure your safety or the safety of others. You have the right to be released to a ~~sponsor~~capable and willing custodian, identified by your parent. The ~~sponsor~~ custodian may be your family member (such as a parent, grandparent, uncle, aunt, or brother or sister), or an unrelated family friend, living here in the United States. Because you are a minor, your parent must take the necessary steps to request your release. Your parent may also decide that you will remain in immigration detention together.

> **Commented [SBF1]:** Defendants propose the use of the term "capable and willing custodian" or "custodian" throughout this Notice as that is the term used in the Agreement.
>
> Plaintiffs believe the word Sponsor is the word immigrant parents use and will understand. Custodian is a legal term parents may not understand.

<u>**Your parent is not required to make any decisions about your separate release.**</u> If your parent does not make any decisions, you may continue to be detained together and your continued Detention would be in compliance with the release portions of the Agreement, though you still maintain all of the other rights under the *Flores* Agreement described in this Notice. You may be released later if your parent decides you should be released to a ~~suitable spo~~capable and willing ~~nsor~~custodian.

> **Commented [SBF2]:** Plaintiffs believe the sentence should include the words "with the release portions of the" agreement as the Class Member's detention may still violate other parts of the FSA
>
> Defendants object to this edit. If a parent does not make any decision then it is Defendants' position that continued custody with the parent should be deemed in compliance with the Agreement unless and until the parent makes a release decision.

If your parent wants you to be released to a relative living in the United States, your parent or your lawyer must advise the Government of that decision and provide information about the persons to

1

whom your parent may want you released. Your parent, the potential ~~caregiver~~custodian, or your lawyer are responsible for providing all necessary materials and information to the Government as appropriate. This information should include the names and contact information of all your chosen ~~sponsors~~custodians, such as their email addresses, telephone numbers, physical addresses, mailing address, and their relationship to you (for example, another parent, grandparent, brother, sister, uncle, aunt).

Under the *Flores* Agreement, you may also be released to a licensed group home at your parent's request. In addition, in the discretion of the Government, you may be released to a responsible *unrelated adult* that your parent selects. The Government may ask that your parent provide information about this person or a specified group home to make sure that you will be in a safe situation. Your lawyer may help your parent identify licensed group homes.

If you are released without your parents, they must be transferred by ICE to a different detention center. You will still have a removal hearing where you can apply for permission to remain in the United States.

If the Government decides not to release you, it must provide you with (i) a Form I-770, (ii) an explanation of the right of judicial review; and (iii) a list of free legal services providers available in your area unless previously given to you, and (iv) the reasons for detaining you in a secure facility not licensed by a state for the care of dependent children.

Remember that your parents are not required to make a decision about your release and you have the right to stay together. If your parents make no decision, you will remain with them in detention. Any decision your parents make must be voluntary and made with an understanding of your rights under the *Flores* Agreement. No one may coerce your parents into making any particular decision. Your parents may make a decision based on what they believe is in your best interest.

Any decision by the Government about the suitability of a sponsor must consider your wishes and concerns. If you and your parent disagree about your release to a sponsor, you and your parent may telephone with no charge xxxx at (xxx) xxx-xxxx to obtain a recommendation about your release.

Before your parents make any decision about whether you should be released under the *Flores* Agreement, you and your parents may speak with a lawyer. If you and your parents do not have a lawyer, then you or they can call the lawyers or organizations on the list the immigration officer gave you. You and your parents can also contact family members, friends, a social worker, a Child Advocate, or any other individual of your choice about your decision regarding your rights under the *Flores* Agreement. You and your parents can speak with a lawyer, family member, or other individual as often as needed. You must be provided with opportunities to make free calls to a lawyer and to family members. If you and your parents have any questions about your rights under the *Flores* Agreement, you or your parents may also telephone without charge the attorneys for children in the *Flores* case at 800-xxx-xxxx [phone number to be provided].

### Other Basic Rights Under The *Flores* Case

If you are **under the age of 18** in immigration detention, whether you are detained with your parents or are detained alone without family members, you have the right to:

2

- Be represented by a lawyer at no cost to the Government. If you cannot afford a lawyer, you may call one from the list of free legal services providers given to you with this Notice. At ICE family residential centers, free legal calls are available upon request.

- Be held in facilities that are safe and sanitary.

- Be detained separate and apart from unrelated adults if you are unaccompanied. If that is not immediately possible, you may not be detained with an unrelated adult for more than 24 hours.

- Be detained in a non-secure facility, unless the Government has determined that you have committed certain criminal activity, have threatened yourself or others, are in danger in a non-secure facility, have been disruptive, or may escape from a non-secure facility. If the Government places you in a detention or medium-security facility, it must provide you with a notice of the reasons for doing so.

- With some exceptions, have advance notice given to your lawyer, if any, when there is a change in your placement.

- Have a bond hearing before an Immigration Judge under certain circumstances, upon request.
  - If you would like a bond hearing, request one from an immigration official or you may ask for help from a legal services provider of your choosing or on the attached list of free legal services providers.

You may have additional rights under the *Flores* Agreement not described above, or under other authorities.

IF YOU HAVE QUESTIONS ABOUT YOUR LEGAL RIGHTS OR YOUR IMMIGRATION CASE, YOU MAY SEEK LEGAL COUNSEL TO ASSIST YOU IN YOUR CASE. ~~AT ICE FAMILY RESIDENTIAL CENTERS,~~ WHILE YOU ARE IN ICE CUSTODY, FREE LEGAL CALLS ARE AVAILABLE UPON REQUEST.

If you or your parents believe any of your *Flores* rights have been violated, you or your parents may contact the attorneys for children in the *Flores* case for free at 800-xxx-xxxx [phone number to be provided].

**Commented [SBF6]:** Plaintiffs propose this change. Defendants say this advisal only applies to Class Members detained with parents at FRCs. But see the introductory paragraphs which make. clear this advisal should apply wherever ICE may detain Class Members with their parents. This. could be in ICE hold rooms, or in other ICE facilities or transport contractors. There is no need at all to revise this advisal if it applies to all facilities where ICE may detain Class Members with their parents.

Defendants object to this change because it makes the statement less accurate. This Notice is only applicable to children held with their parents, and that will only occur at an FRC. To the extent Plaintiffs assert that this Notice should apply to minors held elsewhere Defendants disagree. If this Notice is to be provided to minors other than those held with their parents at an ICE FRC then it would need to be substantially revised to reflect those different circumstances.

3