UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | December 4, 2020 |
| Title | ***Jenny L. Flores, et al. v. William P. Barr, et al.*** | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DECEMBER 4, 2020 STATUS CONFERENCE**

On December 4, 2020, the Court held a status conference to discuss the November Interim Juvenile Coordinator Reports and the Joint Status Reports filed by the parties and *Amici Curiae*[1] regarding:  (1) the draft Notice of Rights and Immigration and Customs Enforcement ("ICE") Directive ordered by the Court in its September 18, 2020 Order [Doc. # 987]; and (2) additional remedies relating to the Notice of Rights suggested by *Amici*, video interviews of families and inspections of Family Residential Centers ("FRCs"), and provision of certain information to Class Counsel.

**Juvenile Coordinator Reports and Responses**

Looking solely at the Juvenile Coordinator Reports, the Court is concerned about the surge in numbers of minors in the custody of the Office of Refugee Resettlement ("ORR") and will require further reporting on ORR's capacity and COVID-19 strategy, including how ORR will accommodate minors during the pandemic if maximum capacity is reached, implement any updated guidance from the Centers for Disease Control ("CDC"), and plan for the orderly dissemination of a vaccine once it becomes available.

In their Responses to the ICE and ORR Juvenile Coordinator Reports, Plaintiffs and *Amici* raise several issues not contained in either report.  Plaintiffs argue that (1) the ORR Juvenile Coordinator Report should disclose new instructions ORR issued to protect minors from COVID-19 and the reasons certain minors have been detained for extended periods at an "out-of-network" hospital, and (2) the Juvenile Coordinators should also report on class members held for longer than 72 hours by Customs and Border Patrol ("CBP") and the reason for such detention.  [Doc. # 1039.]  Plaintiffs specifically submitted declarations from Class Members and an attorney at the Weslaco Border Patrol Station describing minors in CBP custody for longer than 72 hours and

---

[1] Participating *Amici Curiae* are Human Rights Watch, Amnesty International, Aldea - The People's Justice Center, Proyecto Dilley, and the Refugee and Immigrant Center for Education and Legal Services ("RAICES").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | December 4, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 2 of 5 |

potentially unsafe and unsanitary conditions. [Doc. # 1038-2, 1038-3, 1038-4, 1038-5.] *Amici* argue that the ICE Juvenile Coordinator Report fails to address issues relating to access to counsel for minors set to be expelled under Title 42 and with ICE's compliance with its own standards regarding access to legal services at the FRCs. [Doc. # 1040.] Defendants objected to these responses, asserting that Plaintiffs and *Amici* did not properly raise these issues with Defendants prior to filing their responses, as the Court has previously ordered. [Doc. # 1043.]

The Court reminds the parties that the purpose of the regular status conferences is to expeditiously address the exigencies of the COVID-19 pandemic or other follow-up issues that flow from the Court's rulings on recent motions. With that aim in mind, the Court has previously ordered the parties and *Amici* to meet and confer on issues arising from the Juvenile Coordinator reports and to share all relevant facts with one another in an effort to achieve resolution *before* raising them with the Court. *See* October 26, 2020 Order at ¶ 3.c [Doc. 1014] ("Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim . . . after first meeting and conferring regarding areas of dispute and attempting to achieve resolution.); August 7, 2020 order at ¶¶ 8, 9.c [Doc. # 914] ("To the extent disagreements remain between the parties after meaningful efforts to meet and confer on any of the topics on which they are to submit joint status reports, the parties may describe those disagreements in the reports submitted to the Court and request adjudication, mediation, or any other form of relief the Court may provide. . . . If the Court determines that relevant facts are being presented to the Court for the first time without having been shared in advance with the opposing side in an effort to achieve resolution, the Court will not address the issue to which those facts pertain."). The Court expects the parties to comply with these parameters in any future filings.

**Joint Status Reports**

The parties and *Amici* submitted relatively minor disputes to the language of the Notice of Rights and stated that they would continue to confer regarding the final language of the ICE Directive. [Doc. # 1045, 1047, 1048.] The Court will email to parties a version of the Notice of Rights with the Court's proposed resolution of the disputes. As for the Directive, the Court will set an expedited deadline by which the parties shall submit a status report on their efforts to reach agreement on disputed language.

**Other Issues**

The parties shall continue to meet and confer regarding additional procedures and protocols relating to the Notice of Rights, and they shall either independently resolve, mediate, or bring a motion regarding their disputes on what information must be provided under Paragraphs 28.A and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | December 4, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 3 of 5 |

29 of the *Flores* Settlement Agreement ("FSA"). To the extent needed, the parties shall also continue to meet and confer regarding video conference interviews with Class Members and inspections of the FRCs. [*See* Doc. # 1036.]

In light of the foregoing, the Court **ORDERS** the following:

1. Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic. FSA at ¶¶ 11, 14 [Doc. # 101].

2. The Court will e-mail to the parties and *Amici* the Court's further edits to the draft Notice of Rights, having considered the parties' proposed revisions and *Amici*'s comments. With the Independent Monitor Andrea Ordin presiding, the parties and *Amici* shall meet and confer regarding the Court's edits to the proposed Notice of Rights and the ICE Directive and attempt to finalize the language in both. The parties shall file a Joint Status Report regarding the Notice of Rights and ICE Directive by **December 18, 2020**.

3. The ICE and ORR Juvenile Coordinators shall file their next interim reports by **January 15, 2021**, covering the topics listed in the April 24, 2020 Order [Doc. # 784] and compliance with the Court's order regarding minors held under Title 42 authority [Doc. # 976]. The CBP Juvenile Coordinator shall also file an interim report by **January 15, 2021**, providing a census of Class Members in CBP custody, describing CBP's COVID-19 guidances, and specifically addressing whether the conditions at the Weslaco Border Patrol Station are safe and sanitary under FSA Paragraph 12.

    a. The ICE Juvenile Coordinator shall also provide:

        i. Specific explanations for the continued detention of each minor detained at an FRC beyond 20 days, which the Juvenile Coordinator will review with the Independent Monitor, Andrea Ordin, before submitting the updated report to the Court;

        ii. Information regarding the date of prospective removal for certain minors that is currently redacted even in the sealed Attachment A to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | December 4, 2020 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 4 of 5 |

ICE Juvenile Coordinator Report. [*See* Doc. # 1034]. In order that the Court can monitor imminence of removal, the Report should disclose to the Court at least the month and year of scheduled or prospective removal.

    b. The ORR Juvenile Coordinator shall also provide:

        i. The names and locations of ORR facilities where any Class Member has contracted COVID-19 while already housed at the facility, rather than being diagnosed with COVID-19 at intake;

        ii. A more complete description of the status of those in ORR custody pursuant to the MPP;

        iii. Updates on ORR's plans to expand capacity during the pandemic when necessary;

        iv. Descriptions of ORR's COVID-19 plans in light of any recent updates to CDC guidelines and the start of vaccine distribution; and

        v. A census and explanation of the Class Members detained in "out-of-network" facilities such as those detained at Nexus Children's Hospital, described in Plaintiffs' Response.

    c. Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim reports by **January 22, 2021**, *after first meeting and conferring regarding areas of dispute and attempting to achieve resolution.*

4. The parties shall continue to meet and confer on the areas on which they agreed to further discussions in their October 9, 2020 Joint Status Report. [Doc. # 1002.] Those areas include: (1) preparation of a poster or other methods by which to disseminate the Notice of Rights and other suggestions of *Amici* for notice process; and (2) video conference interviews with Class Members and video inspections of the FRCs. The parties shall provide an update on these discussions in a Joint Status Report to be filed by **January 22, 2021**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | December 4, 2020 |
| Title | *Jenny L. Flores, et al. v. William P. Barr, et al.* | Page | 5 of 5 |

5. Special Expert Dr. Paul Wise and the Independent Monitor Andrea Ordin shall continue to provide enhanced monitoring of the FRCs' care of minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at the FRCs with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their parents; and (e) make such recommendations for remedial action that they deem appropriate. They shall also monitor the conditions at Weslaco Border Patrol Station and continue to monitor any hoteling of minors, under the authority discussed in the Court's July 25, 2020 Order. [Doc. # 887.]

6. The Court shall hold a further video status conference on **January 29, 2021 at 11:00 a.m.**

**IT IS SO ORDERED**.