# ATTACHMENT A

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

**ICE Directive xxxx.x: Maintaining Family Unity**

**Issue Date:** *TBD*
**Superseded:** None.
**Federal Enterprise Architecture Number:** 306-112-002b

1. **Purpose/Background.** This Directive establishes U.S. Immigration and Customs Enforcement (ICE) policy and procedures for implementing the class member custody and release provisions of the 1997 *Flores* Settlement Agreement (FSA), court orders interpreting the FSA, and applicable statutes and regulations.[1] This Directive implements measures to ensure that any release of minors under the FSA or orders issued by the *Flores* court is the result of the knowing and voluntary decision of an FSA class member's parent or legal guardian. The policies set forth in this Directive apply to class members wherever they are under the care and custody of ICE or its contractors, , including Family Residential Centers ("FRCs"), ICE holding cells, and hotels.

2. **Policy.** It is currently ICE policy to maintain family unity by detaining alien families together where appropriate and consistent with law and available resources.[2] The FSA, related court orders, and applicable statutes and regulations will be interpreted consistent with that policy to the greatest extent possible. ICE Enforcement and Removal Operations (ERO) Supervisors and Field Personnel must comply with the FSA and any related court orders, including all orders in *Flores v. Barr*, No. 85-4544 (C.D. Cal. filed July 11, 1985) (*Flores* Matter). A copy of the FSA is attached and must be read and understood by all ERO Field Office Directors, ERO Supervisors, and ERO Field Personnel. All ERO Supervisors and Field Personnel who supervise or make decisions concerning class members must receive copies of and be familiar with the FSA. Consistent with the district court's September 18, 2020 Order in the *Flores* Matter, ERO Supervisors and Field Personnel must expeditiously process FSA class members and their parents or legal guardians. In circumstances in which the parents or legal guardians of an FSA class member affirmatively request that the FSA class member be released, the parents or legal guardians, personally or through counsel, must submit to ICE a *Flores Flores Class Member Request for Release Form (Release Form)* [need clarification on what these documents say and who is required to complete them] [the ORR regularly vets proposed sponsors and releases class members to sponsors without a motion or court order—ICE should do the same].

[1] This Directive is being issued solely to comply with the September 18, 2020 Order of the U.S. District Court for the Central District of California requiring the issuance of an updated policy or instruction regarding the relevant provisions of the FSA. *Flores v. Barr*, No. 85-4544, 2020 WL 5666551 (Sept. 18, 2020). ICE nonetheless continues to oppose that Order and intends to maintain family unity to the greatest extent practicable.

[2] *See* Exec. Order 13841, *Affording Congress an Opportunity to Address Family Separation*, § 1, 83 Fed. Reg. 29435 (June 20, 2018).[3] The FSA excludes from the definition of the term "minor" "an emancipated minor or an individual who has been incarcerated due to a conviction for a criminal offense as an adult." FSA ¶ 4.

**Deleted:** maintains family unity to the greatest extent practicable and

**Commented [PAS1]:** Plaintiffs: Language in Court draft should be maintained to make clear this directive applies to all accompanied class members detained by ICE. Plaintiffs propose adding "its contractors"

**Commented [PAS2]:** Plaintiffs; Not sure how else ICE maintains "family unity" other than by unnecessarily detaining parents who are neither flight risks nor a danger.

**Deleted:** , including

**Deleted:** The FSA provides class members with numerous other rights not addressed in this Directive

**Deleted:** *Settlement Agreement Custodian Questionnaire*

**Deleted:** *Questionnaire*

**Deleted:** , Affidavit of Support (Form I-134), and a Flores Settlement Agreement Custodian Agreement (Custodian Agreement) completed by the proposed custodian.

**Commented [PAS4]:** Plaintiffs; Nothing in the FSA requires the extraordinary step of a motion to a court to get a child released. That's a major new step in the release process Defendants could have but did not ask or bargain for when the FSA was negotiated. It substantially and materially modifies the release terms of the FSA and would thwart and delay the right to release. The idea that a mother would be informed of her child's rights in writing, have access to discuss these rights with counsel, relatives, friends, and a social worker, would complete a form requesting the release of her child, undoubtedly be in at least telephone contact with proposed sponsors, have the sponsors vetted and agree to accept the class member into their home, have the class member released, and then the mother claims she never voluntarily agreed to the release of the child, is entirely speculation and extremely unlikely to ever occur. If anything, Plaintiffs experience is that ICE discourages the release of class members, and has *never* been known to coerce any one to actually release a child.

**Deleted:** The parents or legal guardians of an FSA class member, personally or through counsel, must also file a motion with the *Flores* court—for referral to a magistrate judge as appropriate—asking the court: (1) to determine whether the parent or legal guardian has knowingly and voluntarily consented to release; and (2) order release of the FSA class member to the identified caregiver. If the court concludes that the parent or legal guardian has knowingly and voluntarily consented to release and orders release to the identified caregiver, ICE will comply with any order that is in effect.

**Deleted:** ¶

**2.1. Custody of FSA Class Members.** When ERO Supervisors and Field Personnel determine that the detention of an FSA class member is not required—either to secure the timely appearance before ICE or the immigration court or to ensure the safety of the FSA class member or others—ERO Supervisors and Field Personnel must inform the parent or legal guardian in writing of these decisions and release the class member to the specific sponsor without unnecessary delay in accordance with FSA Paragraph 14.

**2.2. *Notice of Rights*, *Release Form*, *Sponsor Questionnaire*, and *Sponsor Custody Agreement*.** ERO Supervisors and Field Personnel must provide FSA class members and their parents or legal guardians with the *Notice of Right and Release Form*, attached as Exhibits A and B, and they must also provide the parent or legal guardian with the List of Pro Bono Legal Service Providers. The list of languages into which the *Notice of Rights and Release Form* is translated and made available through interpretation should be regularly updated to reflect the population of detained FSA class members and their parents or legal guardians. If a parent or legal guardian, or their counsel, makes an affirmative request to release an FSA class member to a sponsor, their proposed sponsors shall promptly (by email or fax when possible) be given a *Sponsor Questionnaire* (attached as Exhibit C), *Affidavit of Support* (Form I-134) (attached as Exhibit D), and a *Sponsor Agreement* (attached as Exhibit E), to complete and return. The *Sponsor Agreement* is an agreement through which the sponsor agrees to: (1) provide for the FSA class member's physical, mental, and financial well-being; (2) ensure the FSA class member's presence at all future proceedings before ICE and the immigration court; (3) notify ICE of any change of address within five days following a move; (4) in the case of sponsors other than parents or legal guardians, not transfer custody of the class member to another party without the prior written permission of the Field Office Director or his/her designee; (5) notify ICE at least five days prior to the sponsor's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or removal order; and (6) if dependency proceedings regarding the FSA class member are initiated, notify ICE of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the FSA class member. ERO Supervisors and Field Personnel shall also ensure that at all locations where parents or legal guardians are detained with class members posters are placed in areas clearly visible to parents, legal guardians, and FSA class members with the text attached to this Directive. . [Poster language is subject to further discussion between the parties.]

**3. Definitions.** The following definitions apply for purposes of this Directive only.

**3.1. Affirmative Request or Affirmatively Requests.** When a parent or legal guardian of an FSA class member makes a positive statement to ICE that he or she would like his or her FSA class member released to a sponsor. This is distinct from the sponsors' submission of a properly executed *Flores Settlement Agreement Sponsor Questionnaire* and a properly executed *Flores Settlement Agreement Sponsor Agreement* to ICE, which is a prerequisite for ICE Supervisors and Field Personnel to vet and assess potential sponsors.

**3.2. Sponsor.** An individual or entity designated by the parents or legal guardians of an FSA class member in ICE custody, as described in the FSA and consistent with this Directive.

**Commented [PAS5]:** Plaintiffs: Language about releasing minors promptly under ¶ 14 should not be deleted from Court's draft. Its an important part of the FSA.

**Deleted:** and of their right to file a motion with the *Flores* court to have the FSA class member released to a specific willing and capable custodian. This notification should be included at the same time the *Flores Settlement Agreement Notice of Rights* ("*Notice of Rights*") is provided to the FSA class member and their parents or legal guardians, or, if the decision is made after the Notice of Rights has been provided, then promptly after the determination is made. If the *Flores* court—or a magistrate judge appointed for such purpose—grants the motion and orders release to a specific custodian, ERO Supervisors and Field Personnel must release the FSA class member to the specific custodian.

**Deleted:** , inform a parent or legal guardian of their right to file a motion with the *Flores* court to have a FSA class member released to a specific custodian

**Commented [PAS6]:** Plaintiffs: ICE should provide these forms to the proposed Sponsors, not a parent. And since release is supposed to happen promptly, ICE officers should be made aware that forwarding these forms to potential sponsors should be done promptly.

**Deleted:** they

**Deleted:** , and a *Custodian Agreement* to provide to the potential custodian to complete and return.

**Commented [FSB(7]:** The text of this poster needs to be negotiated. Defendants request that Plaintiffs provide proposed language for Defendants' review.

**Deleted:** parent or legal guardian's

**Commented [PAS8]:** The use of the term Sponsor in the Court's draft should be maintained as this is the term almost all detained children and parents use to describe the persons with whom they may go live if released. Its the term ICE and CBP use when they first process people and asks parents (and all other apprehended migrants) if they have any "sponsors," meaning where they plan to live if released. The term "custodian" also may imply that the adult may have some form of legal "custody" over the child.

**3.3. ERO Field Personnel.** Deportation Officers.

**3.4. ERO Supervisors.** Field Office Directors (FODs), Deputy FODs, Assistant FODs, or Supervisory Detention and Deportation Officers.

**3.5. Family Residential Center (FRC).** A facility operated by or pursuant to contract with ICE that routinely holds alien family units for over 24 hours pending resolution or completion of immigration removal operations or processes.

**3.6. Family Unit.** Two or more aliens consisting of one or more alien minor children accompanied by alien adult parents or legal guardians.

**3.7. FSA Class Member.** A minor alien who is covered by the class action lawsuit, *Flores v. Barr*, No. 85–4544 (C.D. Cal. filed July 11, 1985), and the resulting FSA. Under Paragraph 10 of the FSA, this includes "[a]ll minors who are detained [for immigration purposes] in the legal custody of [ICE, U.S. Customs and Border Protection, or the Office of Refugee Resettlement]."[3] It does not include individuals excluded from the definition of "minor" in paragraph 4 of the FSA.

**3.8. Minor.** Any person under the age of eighteen years who is detained in the legal custody of ICE.

**3.9. Parent or Legal Guardian.** An adult individual who is related to the class member either biologically or by legal adoption, or an individual who has been lawfully invested with the power, and charged with the duty, of taking care of, including managing the property, rights, and affairs of, the class member by a court of competent jurisdiction, whether foreign or domestic.

**4. Responsibilities.**

**4.1.** The **ERO Executive Associate Director** is responsible for ensuring compliance with the provisions of this Directive within his or her Directorate.

**4.2. ERO FODs** are responsible for:

1) Implementing the policy and procedures set forth in this Directive within their respective geographic areas of responsibility (AOR);

2) Ensuring personnel within their AOR maintain a retrievable record that consistently and accurately captures material information regarding:

    a) Parents or legal guardians and FSA class members to whom ICE provided the *Notice of Rights* and other applicable documents which are the subject of this Directive;

[3] The FSA excludes from the definition of the term "minor" "an emancipated minor or an individual who has been incarcerated due to a conviction for a criminal offense as an adult." FSA ¶ 4.

DRAFT

b) Any affirmative request from an FSA class member's parents or legal guardians, or counsel of record, and any related court orders;

c) Executed *Sponsor Questionnaires* and related documents for potential sponsors identified by parents or legal guardians; and

d) Relevant statistics, in an easily reportable format, regarding custody determinations, requests, agreements, and relevant court orders; and

e) Any decision that a FSA class member may not be released because he or she is a flight risk or a danger; and

f) All steps taken to achieve a FSA class member's release.

3) Ensuring personnel within their AOR who will be responsible for duties under this Directive are properly trained on and familiar with the contents of this Directive, as well as applicable laws, regulations, and court orders.

**4.3.** **ERO Supervisors**, as assigned by the FOD, are responsible, when requested, for reviewing requests by parents or legal guardians and recommendations for release or detention made by ERO Field Personnel within their respective chains-of-command.[4]

**4.4.** **ERO Field Personnel** are responsible for:

1) Notifying parents or legal guardians and FSA class members of their relevant rights under this Directive and the FSA by providing the *Notice of Rights, Release Form,* and the List of *Pro Bono* Legal Service Providers;

2) Making and recording in all class member' A-files (i) initial custody recommendations for parents, legal guardians, and FSA class members, (ii) all subsequent custody recommendations for class members, and (iii) all efforts to release class members;

3) Conducting suitability assessments for potential sponsors in cases in which a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor; and

4) Completing all FSA training requirements before conducting any applicable duties or assignments.

**Deleted:** <#>Properly documenting any motions or court orders regarding a parent or legal guardian's affirmative request for release of an FSA class member to a custodian under this Directive; ¶
¶

**Deleted:** <#> and files such a motion with the *Flores* court

**5.** **Procedures/Requirements.**

**5.1.** **Notice of Rights.** Within 48 hours of ICE taking custody of an FSA class member, ERO Supervisors and Field Personnel must provide to the FSA class member, and the FSA

[4] The responsibilities assigned to ERO Field Personnel do not preclude ERO Supervisors from fulfilling those same responsibilities, at the FOD's discretion.

DRAFT

class member's accompanying parents or legal guardians, the *Notice of Rights, Release Form,* and the list of Pro Bono Legal Service Providers in a language that the parents or legal guardians understand. If the class member or accompanying parent or legal guardian do not read the language in which the *Notice of Rights* is provided, or if those documents are not available in a translation that they understand, the forms must be read to the parents or legal guardians by a certified translator or interpreter in a language or dialect the parents or legal guardians understand. FSA class members and their parents or legal guardians shall be allowed to retain the forms given to them at all times while in ICE custody. To ensure that FSA class members, parents, and legal guardians remain aware of their legal rights, ERO Supervisors and Field Personnel must provide FSA class members, parents, and legal guardians with a new copy of the *Notice of Rights and Release Form* every 90 days. ERO Supervisors and Field Personnel shall retain documentary proof of service of these documents.

1) List of Pro Bono Legal Service Providers. ERO Supervisors and Field Personnel must, at the same time they provide the *Notice of Rights*, provide the FSA class member and their parents or legal guardians with the current U.S. Department of Justice, Executive Office for Immigration Review *List of Pro Bono Legal Service Providers*, unless they verify that it has already been provided. The list shall include all non-profit legal services providers that provide legal services to FSA class members in the area where they are detained and that make a request to an ERO FOD to be included on the list.

2) Non-Coercion. ERO Supervisors and Field Personnel must not encourage or discourage accompanying parents or legal guardians to request the release of an FSA class member at any time.

**5.2. Initial Custody Determinations.** ERO Supervisors and Field Personnel must apply the normal and applicable custody determination procedures to parents or legal guardians and FSA class members, as set out by the applicable statutes and regulations and as applicable to the facts and circumstances of each case. Parents or legal guardians and FSA class members must be promptly notified of the results of any custody determination through established procedures and documents. ERO Supervisors and Field Personnel should document on individual class members' parole worksheets the reasons why they decline to release children with their parents.

1) Change in Custody. If ERO Supervisors and Field Personnel determine to release a parent or legal guardian of an FSA class member, and the detention of the FSA class member is determined not to be required to secure timely appearance before ICE or the immigration court or to ensure the FSA class member's safety or that of others, then the parent or legal guardian and the FSA class member will be released together.

2) Continued Custody. If ERO Supervisors and Field Personnel determine to maintain custody of the parent or legal guardian—and conclude that detention of the FSA class member is not necessary to secure his or her appearance before ICE or the immigration court or to ensure the safety of the FSA class member or others—then the family will remain together at the FRC until the class member is released to a suitable sponsor pursuant to the FSA and this Directive.

**Commented [PAS9]:** Plaintiffs: The Court's draft should continue to include this text to ensure that local legal services are included in the pro bono list.

**Commented [PAS10]:** Plaintiffs: For efficiency and to avoid massive difficulties in monitoring permitted under the FSA, reasons why a minor is not released should be recorded in the class member's parole worksheet, as set forth in the Court's draft.

**Deleted:** document

**Commented [PAS11]:** Plaintiffs: deleted text about requiring a motion to the court should be struck as such motions are not contemplated in any way by the FSA and would be a major stumbling block in any release process.

**Deleted:** until the *Flores* court, or a magistrate judge appointed for such purpose: (1) determines that the parent or legal guardian has knowingly and voluntarily consented to release; and (2) orders release of the FSA class member to the identified caregiver.

DRAFT

3) Under the FSA, class members have the right to be released to approved sponsors unless the class member is (i) a danger to themselves or others and the basis for this determination is fully documented in the class member's A-file, or (ii) unlikely to appear at future proceedings if released. In determining that class members are a flight risk, the fact that they are awaiting a credible fear interview, have an appeal pending before an Immigration Judge, are seeking judicial review of a decision, or have an order of removal are not valid reasons for denying release if their removal is not imminent.

4) The FSA provides class members with numerous other rights not addressed in this Directive. All ERO Supervisors and Field Personnel who supervise or make decisions concerning class members must receive copies of and be familiar with the FSA.

**5.3. Parent or Legal Guardian Rights Regarding Accompanying Children.** FSA class members will remain detained with their accompanying parents or legal guardians absent a knowing and voluntary affirmative request that the FSA class member be released to a sponsor and ICE's vetting of the class member's proposed sponsor.

1) Requests. If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel will advise the parent or legal guardian that they must, either on their own or through a legal representative, submit to ICE a completed Release Form. Sponsors may include a non-detained parent, grandparent, uncle, aunt, brother or sister of the class member, an unrelated adult, or a licensed group home.

2) Timing of Requests or Withdrawal. A parent or legal guardian who decides to identify sponsors to whom they may wish their FSA class member to be released has the right to change his or her mind at any time before the FSA class member is released and to have the FSA class member remain with them in ICE custody. Similarly, a parent or legal guardian may decide at any time that they wish to have their child released to a sponsor they have identified.

3) Questions Regarding the Process. Should parents or legal guardians have questions regarding their or the FSA class member's rights or responsibilities, ERO Supervisors and Field Personnel must inform them that they may speak with a lawyer, a legal representative, family member, friend, social worker, or other individual of their choice and that free telephone calls may be made for this purpose, upon request. Class members must also have access to consult with a child welfare expert to discuss issues relating to release versus remaining detained with a parent. [This is subject to further discussion between the parties.] *Following proposed by Plaintiffs*: When a parent or legal guardian and Class Member disagree about the Class Member remaining in custody or being released, they shall be provided a list of qualified Child Advocates by ICE and have telephonic access at no cost to a Child Advocate who shall interview the parent, legal guardian, and Class Member if they wish to be

**Commented [PAS12]:** Plaintiffs: ¶¶ 3 and 4 in the Court's draft include important rights in the FSA ICE officers should know about. Defendants propose deleting these 2 paragraphs.

**Deleted:** determination by the *Flores* court, or by a magistrate judge appointed for such purpose, that the parent or legal guardian has made a

**Commented [PAS13]:** Plaintiffs: Court's raft text should be maintained and no text added to require motions to the Court before a child may be released.

**Deleted:** has ordered such release

**Deleted:** *Custodian Questionnaire*, *Affidavit of Support* (Form I-134), and a completed *Custodian Agreement* for the identified potential custodian completed by the proposed custodian (the potential custodian may also submit this form directly to

**Deleted:** The parent or legal guardian should also be advised that he or she must file a motion with the *Flores* court, for resolution by the court or by a magistrate judge appointed for the purpose of deciding such motions, asking: (1) that the Court determine whether the parent or legal guardian has knowingly and voluntarily consented to release; and (2) that the Court order release of the FSA class member to the identified custodian. Custodian…

**Commented [PAS14]:** Plaintiffs: Maintaining this text in the Court's draft is important to protect the best interests of the minors. If a class member needs to, they should be permitted to discuss staying with a parent or being released with a child welfare expert. Plaintiffs can identify child welfare experts who class members may be permitted to telephone

interviewed, and promptly recommend to ICE a resolution in the best interest of the Class Member. Class Counsel shall provide ICE with a list of qualified *pro bono* Child Advocates available to confer with parents, legal guardians and Class Members, and make recommendations to ICE regarding the Class Member's best interest. ICE may also identify qualified Child Advocates. Should the parents or legal guardians request assistance with mailing to their attorney of record any of the documents required by this Directive, ERO Supervisors and Field Personnel must facilitate access for the parents or legal guardians to send the documents by mail, fax, or email. ERO Supervisors and Field Personnel may determine which means of transmission to provide.

**5.4. Sponsor Vetting and Assessment.** Upon receipt of an affirmative request from a parent or legal guardian for the release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel will advise the parent or legal guardian that their potential sponsors must submit to ICE a completed *Sponsor Questionnaire*, *Affidavit of Support* (Form I-134), and a completed *Sponsor Agreement*, as well as any supporting materials, for the identified sponsor and that ICE will commence and record steps to gather sponsor information and assess the sponsor's suitability.

1) Sponsor Questionnaire. Once a parent or legal guardian submits a completed Release Form, ERO Supervisors and Field Personnel will promptly contact the identified sponsors by either telephone or email. Whether contacting by telephone or email, ERO Supervisors and Field Personnel will inform the potential sponsors that: (1) the parent or legal guardian (identified by name) has identified them as a potential sponsor for their minor (identified by name); and (2) ICE is requested to assess the willingness and ability of the sponsors to safely care for the class member. ERO Supervisors and Field Personnel may request any additional information and/or supporting documents reasonably required to vet or consider the sponsor's suitability.

2) Background Checks. If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ERO Supervisors and Field Personnel must conduct criminal and immigration background checks on all potential sponsors and adults living in the sponsor's residence. Such checks must be conducted promptly and expressly include checks for criminal records, active warrants, active orders of protection, active orders of removal, and sex offender registrations.

3) Suitability Assessments. If a parent or legal guardian affirmatively requests release of an FSA class member to a sponsor, ICE may conduct a suitability assessment pursuant to Paragraph 17 of the FSA, taking into account the *Sponsor Questionnaire* and the Background Check. This may include but need not be limited to: (1) investigating the proposed living conditions and standard of care; (2) verifying the identity and employment of the potential sponsor; (3) interviewing the potential sponsor's household members; and (4) a home visit. Any such assessment should also take into consideration the wishes and concerns of the minor. Any suitability assessment conducted must be accomplished without any unnecessary delay and each step taken must be recorded in the class members A-file including the date and what was done to complete the assessment. Information gathered during background checks and suitability assessments will not be used to initiate enforcement action against potential sponsors or those living in the

**Deleted:** alien

**Deleted:** they or the

**Deleted:** or potential custodian provides ICE with a completed *Custodian Questionnaire*, *Affidavit of Support* (Form I-134), and *Custodian Agreement* documents for a particular custodian,

**Deleted:** *Custodian*

**Deleted:** ,

**Deleted:** and notify the *Flores* court or magistrate judge of its assessment if a motion is pending.

**Deleted:** custodian

**Deleted:** custodian

**Formatted:** Font: Not Italic

DRAFT

sponsor's home unless there is an outstanding warrant of arrest existing for that person. [This is subject to further discussion between the parties.]

4) Time to complete assessments. Absent extraordinary circumstances, ICE Supervisors and Field Personnel must endeavor to complete their review and must provide the results to the *Flores* ICE Juvenile Coordinator within 10 business days of their receipt of the completed *Sponsor Questionnaire*, *Affidavit of Support* (Form I-134), and *Sponsor Agreement*. In the event that ICE Field Personnel request additional information and/or supporting documents from the parent, legal guardian, or potential sponsor, their review must be completed and the results provided to the ICE Juvenile Coordinator within 10 business days of the receipt of the additional information and/or supporting documents requested.

**6. Recordkeeping.** ERO will develop and implement changes to its ENFORCE Alien Removal Module (EARM) to accurately, consistently, and timely report information and statistics related to the policies and processes set out in this Directive. All FSA-related records must be placed in the A-file associated with each FSA class member and his or her parents or legal guardians and may also be placed in an appropriate electronic system or database. Any audits by the ICE Juvenile Coordinator or Special Monitor must also be maintained by ERO. All FSA-related records must be maintained in accordance with an approved National Archives and Records Administration retention schedule. Any records that are not covered by an approved schedule are considered unscheduled and must be maintained permanently until a retention schedule has been established.

**7. Authorities/References.**

**7.1.** Section 212(d)(5) of the Immigration and Nationality Act (INA)

**7.2.** Section 235(b) of the INA

**7.3** Sections 236(a) and (c) of the INA

**7.4** Section 241 of the INA

**7.5.** 8 Code of Federal Regulations (C.F.R.) § 212.5(b)

**7.6.** 8 C.F.R. § 236.3

**7.7** 8 C.F.R. §§ 241.3 - .6

**7.8.** Paragraphs 14, 15, 17, and 18 of the FSA

**7.9.** *Flores v. Lynch*, 212 F. Supp. 3d 907 (C.D. Cal. 2015)

**7.10.** *Flores v. Lynch*, 828 F.3d 898 (9th Cir. 2016)

**7.11.** *Flores v. Sessions*, 394 F. Supp. 3d 1041 (C.D. Cal. 2017)

**7.12.** *Ms. L. v. ICE*, 310 F. Supp. 3d 1133 (S.D. Cal., 2018)

**7.13.** *Flores v. Barr*, No. 85-4544 (C.D. Cal. July 9, 2018)

**Commented [PAS15]:** Plaintiffs; The vetting required by the FSA is to assess the suitability of the sponsor, not to enforce separate immigration laws by subjecting sponsors to arrest. Language imposed by Congress has restricted ICE from using ORR sponsor data to initiate enforcement action against sponsors. The same restraints should apply here.

**Formatted:** Font: Not Italic

**Deleted:** Report to the *Flores* Court

**Deleted:** court or to the magistrate judge before whom any related motion is pending within 10 business days of

**Deleted:** court

**Deleted:** maintained by ERO, either by placing them in the A-file associated with each FSA class member and his or her parents or legal guardians, or

DRAFT

**7.14.** *Flores v. Barr*, No. 85-4544 (C.D. Cal. Apr. 20, 2020)

**7.15.** *Flores v. Barr*, No. 85-4544, 2020 WL 5666551 (Sept. 18, 2020)

**7.16.** ICE Policy 11069.1, *Implementation of the August 21, 2015 Flores v. Lynch Order* (Oct. 23, 2015)

**7.17.** Exec. Order 13841, *Affording Congress an Opportunity to Address Family Separation*, § 1, 83 Fed. Reg. 29435 (June 20, 2018)

**8. Attachments.**

**8.1.** *Flores Settlement Agreement Notice of Rights*

**8.2.** *Flores Settlement Agreement Sponsor Questionnaire*

**8.3.** *Flores Settlement Agreement Sponsor Agreement*

**8.4.** Form I-134, *Affidavit of Support*

**9. No Private Right.** This document provides only internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice except as required to class counsel under the FSA. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigative prerogatives of ICE.

**Commented [PAS16]:** Plaintiffs; adding this text clarifies that this sentence does not abrogate any obligation defendants have under the FSA to provide class counsel with copies of instructions or directives involving implementation of the FSA.

DRAFT

______________________________

**Tony H. Pham**
**Senior Official Performing the Duties of the Director**
**U.S. Immigration and Customs Enforcement**

FOR OFFICIAL USE ONLY

***EXHIBIT A***
***Notice of Rights***

***To be inserted once approved by the Court.***

Maintaining Family Unity 10
FOR OFFICIAL USE ONLY

***EXHIBIT B***

***Flores* Settlement Parent/Guardian Release Decision**

**Before you make any decisions about your child's rights under the *Flores* casey, you may speak with a lawyer, legal representative, family member, friend, social worker, or other individual of your choice.**

If you don't have a lawyer and want to speak to one, then you may call the lawyers or organizations on the list given to you by an immigration officer. Any decisions you make about your child's rights under the *Flores* case must be made by you voluntarily and with an understanding of your child's rights.

You have been given a document called the ***Flores* Settlement Agreement Notice of Rights**. If you have not been given that document, ask an ICE officer or your attorney to give you a copy of the ***Flores* Settlement Agreement Notice of Rights** before you complete this form. Read the ***Flores* Settlement Agreement Notice of Rights** carefully.

If you decide your child should be released to a sponsor living in the United States, ICE must get some information about the sponsor to make sure he/she can provide a safe home for your child.

**Providing the information requested on this questionnaire does not mean you have made a final decision to have your child(ren) released to any particular sponsor at this time**. It will simply allow ICE to contact your proposed sponsors to see if they are willing to provide your child with a safe place to live. **If ICE decides to release you before your child is released to a sponsor you have selected, then you and your child(ren) will be released together**.

If the sponsors you have identified are unable or unwilling to travel to the place where you are detained to pick up your child, you may identify another person on this form who will transport your child to any sponsor you have identified and ICE has approved to care for your child.

*If you are unable to provide all the information being requested below, please answer to the best of your ability*. You can ask to update your responses at any time if additional information becomes available To you **Remember, you only need to complete this form if you would like ICE to release your child(ren) to a sponsor under the *Flores* case, or if you previously wanted your child released but have now changed your mind**.

If you complete this form, show it to your ICE Deportation Officer and ask the officer to give you a copy of the completed form.

If you previously completed this form and said that you wanted your child(ren) released but now have changed your mind, you or your attorney should tell an ICE officer that you have changed your mind and no longer want your child(ren) released. Request a new form like this one. Complete only questions 1 and 7 and sign the form, show it to your ICE Deportation Officer, and ask the officer to give you a copy of the completed form.

**It is your choice whether to have your child released or have your child remain with you in detention. Whatever you decide, you can always change your mind before your child is released. Once your child(ren) is released, you cannot change your mind and have your child(ren) brought back into detention.**

DRAFT

**Information about you and your child(ren)**

1. Date ____________ Your name: ________________________________________
Your A number: ________________
2. Names of child(ren) you have decided you want released even if you are not released with them:
________________________________________________________________________

**Information about your sponsors**

1. Name of your first choice of the sponsor you want your child(ren) released to:

________________________________________________________________________
Telephone Number: ____________________ Email Address: ________________________
Street Address: _________________________________________ Apartment #: ________
City: __________________________ State: ____________ Zip Code: _______________

How is the sponsor related to your child: parent /__/, grandparent /__/, uncle or aunt /__/, brother or sister /__/, unrelated adult /__/ … licensed group home /__/
Have you already contacted the sponsor to find out if they are willing to care for your child?
Yes /__/ No /__/
If yes, has the sponsor agreed to care for your child(ren)? Yes /__/ No /__/ Don't know /__/

2. If you have a second choice of who you want your child(ren) released to, fill this out:

Telephone Number: ____________________ Email Address: ________________________

Street Address: _________________________________________ Apartment #: ________
City: __________________________ State: ____________ Zip Code: _______________
How is the sponsor related to your child: parent /__/, grandparent /__/, uncle or aunt /__/, brother or sister /__/, unrelated adult /__/ … licensed group home /__/
Have you already contacted the sponsor to find out if they are willing to care for your child?
Yes /__/ No /__/
If yes, has the sponsor agreed to care for your child(ren)? Yes /__/ No /__/ Don't know /__/

3. If you have a third choice of who you want your child(ren) released to, fill this out:
Telephone Number: ____________________ Email Address: ________________________
Street Address: _________________________________________ Apartment #: ________
City: __________________________ State: ____________ Zip Code: _______________
How is the sponsor related to your child: parent /__/, grandparent /__/, uncle or aunt /__/, brother or sister /__/, unrelated adult /__/ … licensed group home /__/
Have you already contacted the sponsor to find out if they are willing to care for your child?
Yes /__/ No /__/
If yes, has the sponsor agreed to care for your child(ren)? Yes /__/ No /__/ Don't know /__/

**4.** Does your child(ren) have a medical condition that could make it difficult for the sponsor to care for your child(ren)? /__/yes /__/ no
5. If yes, briefly describe the medical condition: ______________________________________

DRAFT

6. If you believe the sponsors you have identified may be unable or unwilling to come to the facility where you are detained to pick up your child, you may identify someone else to transport your child to any sponsor you have identified.
Name of person who you want to transport your child to a Caregiver you have identified: ________________________________________________________________________
Telephone: _______________________ Email address (if known): _______________________
Is this person a relative of your child: Yes /__/. No /__/
If a relative, what is their relationship to your child: Parent /__/ Brother /__/ Sister /__/ Uncle /__ Aunt /__/ Grandparent /__/. Other _____________

7. I previously wanted my children or children released. His or her name or their names are: ________________________________________________________________________
I have changed my mind and no longer wish to have my child or children released.

*You should consult with an attorney or legal representative before signing this form. You are not required to sign this form unless you have decided that you may want your child released, or if you previously said you wanted your child released but have changed your mind after submitting the form and now do not want your child released.*

**Certification**

I (Name of Parent or Legal Guardian) __________________________ certify that the information furnished above is correct to the best of my knowledge. I also certify that I was given a sufficient opportunity to consult with an attorney, or a legal representative, for assistance with completing this questionnaire. I submit this information voluntarily and free of coercion. I understand I am not required to sign this form unless I want my child released to a sponsor, or if I previously wanted my child released but have now changed my mind.

Signature of Parent or Legal Guardian: ________________________________________
Date: __________________

If you have an attorney or Legal Representative, you may but are not required to ask the attorney or legal representative to sign below,

I am the attorney of record for the above detainee. I have reviewed this form with my client and have explained each item of the form to him/her, and I have explained the detainee's relevant rights and those of his/her child(ren) to him/her. I have also answered all of his/her questions with regard to those rights and the items contained in this form.

Signature of Attorney or Legal Representative: _____________________________________
Date: _____________________

DRAFT

Exhibit C

***Flores* Sponsor Assessment Questionnaire**

You have been identified as a potential Sponsor of a minor child being considered for release from U.S. Immigration and Customs Enforcement (ICE) custody. The parent or legal guardian who identified you as a potential Sponsor is:

Name: _______________________________A#: _______________________________

The minor child(ren) being considered for release to you as Sponsor is/are:

Name: _______________________________A#: _______________________________

Name: _______________________________A#: _______________________________

Name: _______________________________A#: _______________________________

Before you make any decisions about your responsibilities and legal obligations as a Sponsor, you may speak with a lawyer, legal representative, family member, friend, or other individual of your choice.

**You are NOT required to make a decision or to complete this questionnaire. If you do not complete this form, the minor child(ren) will not be considered for release to you as a Sponsor.**

Because you have been identified as a potential Sponsor living in the United States, ICE must collect some information about you to make sure you are willing to provide for the child(ren) listed above and can provide a safe home for them. **Receiving this form and providing the information requested does not mean that the parent identified above has made a final decision to have his or her child(ren) released to you at this time or that you will be selected to be a Sponsor**. If you are unable to provide all the information being requested, please answer to the best of your ability.

Please return the completed form, and the Form I-134, Affidavit of Support, and Sponsor Agreement via email as quickly as possible. If you do not have email, the completed forms may be sent by First Class Mail to:

[insert email address]
[insert mailing address]

Full Name: ________________________________________________

Date of birth: ________________ (month, day, year) Place of Birth: ______________________

Your Immigration Status: __________________________

DRAFT

Telephone Number: _________________________

Email Address (if any): ________________________________________

Street Address: ___________________________________ Apartment #: ________

City: ___________________________ State: ____________ Zip Code: _______________

How are you related to the child(ren) listed above: parent /__/, grandparent /__/, uncle or aunt /__/, …. brother or sister /__/, unrelated adult /__/, … licensed group home /__/. other (explain) _________________________________

How long have you known the child(ren)?

Do you agree to care for the child(ren)? /__/ yes /__/ no

Please describe the type of residence in which you and the child(ren) would reside:
/__/ apartment /__/ house /__/ other (explain) _____________________________

How many bedrooms are there in the home? 1 /__/, 2 /__/, 3 /__/, 4 /__/ Other ____

Please list the people who live in the home.
[PLAINTIFFS POSITION: Immigration status of others living in household is not relevant to factors dealing with release under the FSA ¶¶ 14-15. ICE can determine their immigration status from existing databases]
Name ______________________________________________
Date of birth __________ Are they employed: Yes /__/. No /__/

Name ______________________________________________
Date of birth __________ Are they employed: Yes /__/. No /__/

Name ______________________________________________
Date of birth __________ Are they employed: Yes /__/. No /__/

Name ______________________________________________
Date of birth __________ Are they employed: Yes /__/. No /__/

If more people live in the house, add their information to a sheet of paper and attach to this form/

Are you employed? Yes /__/. No /__/
If yes, what is your monthly salary: $______

If you are employed, who would provide childcare for the child(ren) while you are at work?
_____________________________________________________________________

DRAFT

Have you ever been arrested, charged, or convicted of any crimes? /__/ yes. /__/ no
If yes, list all crimes and places and dates you were arrested, charged or convicted:
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

Do you have any medical conditions that may make it difficult for you to care for the child(ren)?
/__/ yes /__/ no
If yes, please explain:
______________________________________________________________________________

Are you aware if the child(ren) have any medical conditions? If so, how would you help?
______________________________________________________________________________

Can you ~~guarantee~~ ensure that the child(ren) will be present at all future immigration hearings and other scheduled appointments/check-ins with DHS, etc.? Yes ./__/. No /__/
How would you transport or otherwise make arrangements for the child(ren) to appear at his or her hearings?
______________________________________________________________________________

If you are approved as a Sponsor, are you able to come to the facility where the child is detained to pick up the child or will the parent designate someone else to bring the child to you?
I will pick up the child at the place where he or she is detained /.__/
I believe the parent will designate another adult to pick up the child and transport the child to my home /__/

**If approved to receive the child(ren), once they are released to your custody, you cannot change your mind and have the child(ren) returned to detention.**

**Certification**

I (Name of potential Sponsor) ______________________ certify that the information furnished above is true, complete, and correct to the best of my knowledge. I understand that in the event any of the information is determined to be inaccurate, it may impact the release decision for the child(ren). I also certify that I was given a sufficient opportunity to consult with an attorney, or a legal representative, advocacy groups, and/or other individual of my choice for assistance with completing this questionnaire. I submit this information voluntarily and free of coercion.

Date ____________Signature of Potential Caregiver: ________________________________

DRAFT

FOR OFFICIAL USE ONLY

Exhibit D

*Affidavit of Support* (Form I-134)

Form I-134 to be inserted

DRAFT

Maintaining Family Unity 17
FOR OFFICIAL USE ONLY

Exhibit E

**FSA Paragraph 15 Sponsor Agreement**

If you are being asked to be a Sponsor for more than one child, complete one of these forms for each minor.
I agree to have ______________________________________ (name of minor) live with me.

I agree that I will:

1. provide for the minor's physical, mental, and financial well-being;
2. ensure the minor's presence before ICE, as directed, and at all future proceedings before the immigration court;
3. notify ICE and the immigration court of any change of address within five (5) days following a move;
4. notify ICE of any change to contact information, including telephone number, within five (5) days of the change;
5. in the case of Caregivers other than parents or legal guardians, not transfer custody of the minor to another party without the prior written permission of the ICE Field Office Director, or his or her designee;
6. notify the ICE Field Office Director or his or her designee in writing at least five days prior to the caregiver's departing the United States of such departure, whether the departure is voluntary or pursuant to a grant of voluntary departure or order of removal;
7. notify the ICE Field Office Director or his or her designee if for any reason the minor will not longer reside with the caregiver; and
8. if dependency proceedings involving the minor are initiated, notify the ICE Field Office Director or his or her desginee in writing of the initiation of such proceedings and the dependency court of any immigration proceedings pending against the minor.

I understand that any notification to ICE pursuant to the above must be made to **[Name and Field Office Address of ICE Field Office Director, or his or her designee]**: ____________________________________________________________.

I have attached a copy of a photo identification (such as a passport, drivers license, etc.)

Name: _______________________________________________________________

Street Address: _____________________________________ Apartment # ________

City __________________________ State ______________ Zip code ___________

Telephone: _____________________________

I declare under penalty of perjury that the above facts are true and correct.

Date: __________________Signature: _________________________________

DRAFT