# JANUARY 19, 2021
# ICE JUVENILE COORDINATOR REPORT

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES, *et. al.*, | Case No.: CV 85-4544-DMG |
| Plaintiffs, | |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General of the United States, *et al.*, | |
| Defendants. | |

**JANUARY 2021 INTERIM REPORT**
**OF JUVENILE COORDINATOR DEANE DOUGHERTY**
**SUBMITTED BY IMMIGRATION AND CUSTOMS ENFORCEMENT**

As required by the Court in its order issued on December 4, 2020, U.S. Immigration and Customs Enforcement (ICE) Juvenile Coordinator Deane Dougherty is submitting the following interim report to provide an update on the Class Members in the FRCs over 20 days, status of implementation of COVID-19 guidances, a census of positive COVID-19 cases at the family residential centers (FRCs), the status of compliance with respect to minors held in Title 42 custody, and confirmation that ICE continues to comply with requests for information and access to residents made by Ms. Ordin and Dr. Wise.

Due to the constantly evolving nature of the COVID-19 crisis, and the frequency of custody and discharge determinations, the information in this report is current and accurate as of the time of signature, or for the reported data, as of the date or time noted in conjunction with the information provided.

I. **Making and Recording Individualized Custody Determinations and Census of Minors at FRCs**

As of January 8, 2021, there were a total of 141 Class Members at ICE FRCs. The figures below breakdown these Class Members by age and country of origin.





ICE has been making continuous efforts to release Class Members under applicable standards throughout the course of this litigation and, where there are no impediments to removal, those that are subject to final orders of removal are repatriated in accordance with the law.[1] This includes the expeditious release of minors who received a positive credible fear finding by U.S. Citizenship and Immigration Services (USCIS) pursuant to a request for reconsideration, a process solely committed to and within the discretion of USCIS and with which ICE is not involved. The graph below portrays the book-outs by the FRCs from November 10, 2020 to January 8, 2021, which includes 260 Class Members released into the interior of the United States, 20 Class Members removed from the United States, and 80 Class Members returned to their country of origin pursuant to Title 42 authorities.



As of January 8, 2021, 37 Class Members have been detained at an FRC 20 days or more. Exhibit A. I have reviewed the data provided in Exhibit A, and it has been shared with the Special Monitor, as required by the December 4, 2020, Order. Because this list must be shared with the Special Monitor in advance of this filing, the information contained therein may have changed

---

[1] On January 11, 2012, the U.S. District Court for the Western District of Texas issued a stay of removal for named Plaintiffs in *S.L.V. v. Rosen*, No. 21-00017 (W.D. Tex. filed Jan 11, 2021). The stay prevented the imminent removal of at least five families detained at the STFRC. The stay expires 14 days' from issuance, and a hearing is set in the district court for January 25, 2021. Additionally, a stay of removal for named Plaintiffs in *Huisha-Huisha v. Gaynor, et al.*, No. 21-100 (D.D.C. filed Jan. 12, 2021), prevents the expulsion of three families at the KCFRC who are subject to Title 42.

since the date it was compiled. These individuals, and their accompanying parent(s) or legal guardian(s), may be subject to the *Flores* waiver process contemplated in this Court's September 18, 2020 Order. This process has two parts that remain in development: (1) the Notice of Rights, and (2) an updated policy or instruction regarding the process that flows from service of the Notice of Rights where a Class Member and parent or legal guardian consent to the Class Member's separate release (Directive). On January 12, 2021, the parties filed the latest court-ordered Joint Status Report regarding the proposed Notice of Rights and Directive. Once the Court issues a finalized Notice of Rights and Directive, ICE will update the specific explanations for continued detention over 20 days as outlined in paragraph 1, 4(c), and 4(d) of the Court's June 26 Order, in its interim reporting.

## II. Status of ICE's Implementation of COVID-19 Guidances

I have confirmed that the measures described in the declarations and the Juvenile Coordinator's reports, previously submitted to this Court, pertaining to the operational changes the FRCs have implemented to mitigate the introduction into, and spread of, COVID-19 are still in effect. As has been the case since the beginning of the pandemic, ICE FRCs are operating well below maximum capacity, as demonstrated in the chart below.

| Family Residential Center Occupancy 1/8/2021 | | | | | |
|---|---|---|---|---|---|
| Facility | Total # of Beds | # of Beds Occupied | % of Beds Occupied | # of Beds Not Occupied | % of Beds Not Occupied |
| Berks Family Residential Center | 96 | 11 | 11% | 85 | 89% |
| Karnes County Residential Center | 830 | 79 | 10% | 751 | 90% |
| South Texas Family Residential Center | 2,400 | 194 | 8% | 2,206 | 92% |
| Total | 3,326 | 284 | 9% | 3,042 | 91% |

I am actively monitoring the Department of Homeland Security and ICE guidance with respect to distributing the COVID-19 vaccination. Due to the limited initial vaccine doses, vaccinations have begun for law enforcement officers in prioritized phases and in accordance with U.S. Centers for Disease Control and Prevention (CDC) recommendations and in partnership with

the Veterans Health Administration. One of these prioritized locations is the San Antonio Field Office, in which both the Karnes and South Texas Family Residential Centers are located. Please note that the vaccination program is voluntary for ICE personnel. I will update this Court when more information about the vaccination rollout becomes available, particularly as it may relate to residents.

### III. Report of ICE Facilities Holding Minors and Number of COVID-19 Cases

ICE has been regularly reporting positive COVID-19 cases to the United States District Court for the District of Columbia, which is overseeing *O.M.G. v. Wolf*, and the notices of positive results are also submitted to this Court. The following charts describe the number of positive COVID-19 cases at the ICE FRCs as of January 8, 2021.

| COVID-19 Positive Cases at Family Residential Centers as of 1/8/2021 | | | | |
|---|---|---|---|---|
| Facilities | Minor | Adult | Staff | Total |
| Berks Family Residential Center | - | 1 | 10 | 11 |
| Karnes County Residential Center | 39 | 53 | 78 | 170 |
| South Texas Family Residential Center | 12 | 15 | 103 | 130 |
| Total | 51 | 69 | 191 | 311 |

| COVID-19 Positive Cases of Residents at Family Residential Centers as of 1/8/2021 | | | |
|---|---|---|---|
| Facilities | At Intake | In General Population | Total |
| Berks Family Residential Center | 1 | - | 1 |
| Karnes County Residential Center | 92 | - | 92 |
| South Texas Family Residential Center | 17 | 10 | 27 |
| Total | 110 | 10 | 120 |

| COVID-19 Positive Cases of Residents at Family Residential Centers as of 1/8/2021 | | | | |
|---|---|---|---|---|
| Facilities | Symptomatic | Asymptomatic | Hospitalized | Total |
| Berks Family Residential Center | 1 | - | - | 1 |
| Karnes County Residential Center | 3 | 89 | - | 92 |
| South Texas Family Residential Center | 6 | 21 | - | 27 |
| Total | 10 | 110 | - | 120 |

Pursuant to section 4(b)(iv) of this Court's April 24, 2020 Order, the minors who remain housed at the ICE FRCs have not been released or transferred to non-congregate settings for two

5

reasons: (1) because they are either in quarantine or cohorting based on CDC guidance as a result of testing positive for COVID-19 or they are a new intake and must undergo a 14-day observation period; and/or (2) because they are housed with their parent or legal guardian whose release is not appropriate and, as discussed previously, ICE will determine the minor's eligibility for release with the consent of a parent or legal guardian in accordance with any future remedy ordered by the Court.

As of January 8, 2021, Cowlitz County Juvenile Detention Center ("Cowlitz") has had no reported cases of COVID-19 by residents or staff.

### IV. Additional Policies and Practices Aimed at Identifying and Protecting Minors from COVID-19

Pursuant to section 5 of the Court's December 4, 2020 Order, I can confirm that I facilitated, and participated in a number of telephonic discussions with Ms. Ordin, Dr. Wise, Ms. Fabian and others to discuss Flores compliance with particular regard to COVID-19 precautions. Of note is one case in which Dr. Wise was particularly interested involving a four year old with a shoulder injury that occurred while enroute from Ecuador and was discovered while housed at the South Texas Family Residential Center (Dilley). While not directly related to Flores oversight, Dr. Wise acknowledged that the medical care and procedures provided to the child while housed at Dilley were excellent and followed accepted protocols. Dr. Wise, Ms. Ordin and ICE officials collaborated to ensure an expedited review of the child's Reasonable Fear claims which resulted in release from the facility. Additionally, the family was released with a detailed recommended medical care plan and referrals for possible future medical care in the local community in which the family planned to reside while continuing through their immigration proceedings. Ms. Ordin and I also conferred regarding the status of Title 42 families and UAC as well as the submission of this report. I have also telephonically provided Ms. Ordin with data and reports on the hoteling

of minors and families with regard to Title 42 compliance and families who exceeded 20 days in residence at a FRC.

## V. Title 42 Compliance

Pursuant to section 6 of the Court's September 4, 2020 Order, ordering that the government maintain records and statistical information on minors held in Title 42 custody, to include an update regarding the number of minors held in Title 42 custody, and to monitor compliance with the Agreement with respect to minors held in Title 42 custody, I can confirm that ICE has included minors temporarily housed by ICE pursuant to Title 42 authorities over 72 hours pending expulsion in its monthly Paragraph 28A reporting shared with Plaintiffs' counsel since March 2020, and will continue to do so. Since the last interim report I filed, advising this Court that KCFRC was exclusively housing Title 42 families, as of November 22, 2020, KCFRC resumed housing both Title 42 and Title 8 families.

On November 18, 2020, the U.S. District Court for the District of Columbia issued an order granting a nationwide preliminary injunction prohibiting the expulsion of unaccompanied alien children under regulations issued by the Department of Health and Human Services, Centers for Disease Control and Prevention (CDC) implementing Title 42, Section 265 of the U.S. Code (Title 42). *P.J.E.S. v. Wolf*, No. 20-cv-02245, (D.D.C. filed Aug. 14, 2020). The district court invalidated these regulations as applied to a class defined as:

> all unaccompanied noncitizen children who (1) are or will be detained in U.S. government custody in the United States, and (2) are or will be subjected to expulsion from the United States under the CDC Order Process, whether pursuant to an Order issued by the Director of the Centers for Disease Control and Prevention

under the authority granted by the Interim Final Rule, 85 Fed. Reg 16559-01, or the Final Rule, 85 Fed. Reg. 56,424-01.

*Id.*

Between November 10, 2020, and January 8, 2021, which includes nine days before the preliminary injunction in *P.J.E.S.* was issued, ICE temporarily housed a total of 86 minors pending expulsion under Title 42 processes. Of those, ICE temporarily housed 5 minors at an FRC with an average length of stay of 7 days; the chart below demonstrates the age categories:

| Age Category | # of minors |
|---|---|
| 0 -5 years old | 2 |
| 6 - 13 years old | 2 |
| 14 - 17 years old | 1 |
| **Total** | **5** |

ICE temporarily housed 81 minors in hotels, with an average length of stay of 1.4 days; the charts below demonstrate the age categories and breakdowns by family composition[2]:

| Family Composition | # of minors |
|---|---|
| Family Unit | 2 |
| Family Group | 2 |
| Single Minor | 77 |
| **Total** | **81** |

---

[2] As a reminder, the reporting period for Title 42 data includes single minors processed under Title 42 authorities pre-*P.J.E.S.* preliminary injunction.

| Age Category | # of minors |
|---|---|
| 0 -5 years old | 1 |
| 6 - 13 years old | 6 |
| 14 - 17 years old | 74 |
| **Total** | **81** |

Of the 86 minors temporarily housed pursuant to Title 42 by ICE, no minors were held in hotels for more than 72 hours pending transfer to a licensed facility, and no minors were held in a hotel for more than 2 days pending an expulsion flight.

Signed on this 19th day of January 2021.

DEANE D DOUGHERTY
Digitally signed by DEANE D DOUGHERTY
Date: 2021.01.19 08:52:09 -05'00'

Deane Dougherty
Juvenile Coordinator

# ATTACHMENT A
# TO JANUARY 15, 2021 ICE JUVENILE COORDINATOR REPORT

| Det Location | A-Number | Subject ID | Last Name | First Name | Country of Citizenship Code | Book-In Date | Birth Date | Age | Age Group | Final Order Date (as of 1/6/21) | Case Category | Specific explanation for detention 20+ Days |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | CONGO | 9/30/2020 | | 1 | 0 to 5 | 9/7/2020 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 08/01/20. On 08/11/20, the IJ affirmed the negative decision. The family unit's attorney filed a RFR on 08/12/20. The RFR was denied on 08/13/20. The family unit's attorney submitted a 2nd RFR on 10/02/20. The RFR was denied on 10/06/20. The minor had a final order of removal but could not be removed because the minor/family unit was subject to an administrative stay of removal issued by the U.S. District Court for the Northern District of California on October 17, 2020, in East Bay Sanctuary Covenant v. Barr, No. 19- 073 (N.D. Cal. Filed Jul. 16, 2019) Pl appeal docketed, No. 19-16 87 (9th Cir. filed Jul. 29, 2019). This stay has now been lifted. The minor is subject to a final order of removal and there are no impediments to removal at this time. Minor is in the process of being scheduled for removal, which includes working with the consulate to secure travel documents and being tested for COVID-19 as is required by country of origin. The minor is from The Democratic Republic of Congo and flights are occurring frequently. The family unit is pending Travel documents and awaiting the next available commercial flight for repatriation. The projected removal will be |
| | | | | | BRAZIL | 12/16/2020 | | 2 | 0 to 5 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family illegally entered on 12/08/2020 and claimed fear of returning to their home country. The family unit was scheduled for an asylum interview on 12 22 20. An APSO rendered a positive decision on 12 23 20. The case officer received the NTA on 12 23 20. The family unit is pending release after the sponsor provides the travel arrangements. The family unit initially did not have a sponsor and was being prepared for intake at a shelter. Contact was made with Paso  who will sponsor the family |
| | | | | | CHILE | 3/18/2020 | | 2 | 0 to 5 | 3/15 2020 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 03/26/20. On 0 08 20, the IJ affirmed the decision set by the APSO. The family unit's attorney filed for a RFR on 0 /10/20. The RFR was denied on 0 /15/20. The family unit's attorney filed a stay of removal with the Circuit Court of the District of Columbia on 0 /28/20. The DC Circuit Court granted the stay of removal on 0 29 20. On 05 15/20, the administrative stay was dissolved. The family unit was re-scheduled or removal on 05 26 20. The minor had a final order of removal but could not be removed because the family unit was subject to multiple administrative stays of removal issued in D.A.M v Barr and East Bay Sanctuary Covenant v. Barr. While the stay was in place the family unit's attorney filed a 2nd RFR on 06 0 /20. The RFR was denied on 07/01/20. A RFR was submitted for a 3rd time by the family unit's attorney on 09 23/20. Additionally, the administrative stays were dissolved. The 3rd RFR was denied on 12/17/20. The family unit's attorney submitted a th RFR on 12/21/20. On 01/08/21, an APSO returned with a positive credible ear determination. The family unit was released on 01/11/21 after the sponsor provided the travel arrangements. |
| | | | | | CHILE | 3/18/2020 | | 3 | 0 to 5 | 3/1 2020 | [BG] Expedited Removal - Credible Fear Referral | This minor may be eligible for individual release if the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him. ICE will determine the minor's eligibility for release with the consent of a parent or guardian in accordance with the process finalized and approved by the court as contemplated in the 09/18/20 order. The minor/family received a negative credible fear determination by an APSO on 03/26/20. On 0 08 20, the IJ affirmed the decision set by the APSO. The family unit's attorney filed for a RFR on 0 /10/20. The RFR was denied on 0 /15/20. The family unit's attorney filed a stay of removal with the Circuit Court of the District of Columbia on 0 /28/20. The DC Circuit Court granted the stay of removal on 0 /29/20. On 05/15/20, the administrative stay was dissolved. The family unit was scheduled for removal on 05/26 20. The minor had a final order of removal but could not be removed because the family unit was subject to mul ip e administrative stays of removal issued in D.A.M v Barr and East Bay Sanctuary Covenant v. Barr. While the stay was in place the family unit's attorney filed a 2nd RFR on 06 22/20. The RFR was denied on 06 25/20. A RFR was submitted for a 3rd time by the family unit's attorney on 09/23/20. Additionally, the administrative stays we e dissolved. The 3rd RFR was denied on 12/11/20. The family unit's attorney submitted a th RFR on 12 21/20. The RFR dec s on is pending. |
| | | | | | HONDURAS | 9/1 /2019 | | 3 | 0 to 5 | 9/30 2019 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 09/23 19. On 09 30 19, the IJ affirmed the decision set by the APSO. The family unit's attorney filed for a RFR on 10/09 19. The RFR was denied on 10/09 19. The family unit had a final order of removal but could not be removed because the family unit was subject to multiple administrative stays of removal issued in M.M.V v Barr, D.A.M v Barr and East Bay Sanctuary Covenant v. Barr. While the stay was in place the family unit's attorney filed a 2nd RFR on 09/2 /20. The RFR was denied on 10/20/20. The administrative stays have been dissolved. The minor is subject to a final order of removal and there are no impediments to removal at this time. Minor is in the process of being scheduled for removal, which includes working with the consulate to secure travel documents and being tested for COVID 19 as is required by country of origin. The next projected date of removal s 01 13/21. |
| | | | | | VENEZUELA | 12/19/2020 | | | 0 to 5 | 10/15/2020 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | The minor/family unit removed on 10 15 20 by an IJ under MPP. The minor/family unit illegally re-entered on 12/17/20. As per HQ-R O, the family unit removal has been denied. The family unit was eased on 01/08/21 after the sponsor provided the travel arrangements. |
| | | | | | HONDURAS | 9/1/2019 | | 5 | 0 to 5 | 8/30 2019 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 09/0 19. On 09 18 19, the IJ affirmed the decision set by the APSO. The minor had a final order of emoval but could not be removed because the family unit was subject to multiple administrative stays of removal issued in M.M.V v Barr and D.A.M v Barr. The family unit's attorney filed for a RFR on 09/30/20. The RFR was denied on 10/07/20. The administrative stays have been dissolved. The minor is subject to a final order of removal and there are no impediments to removal at this time. Minor is in the process of being scheduled or removal, which includes working with the consulate to secure travel documents and being tested for COVID-19 as is required by country of origin. The minor/family was scheduled for removal on 11/11/2020. The flight was cancelled due to weather and airport damage. The next projected date of removal s 01/13/21. |
| | | | | | CUBA | 11/19/2020 | | 5 | 0 to 5 | 12/19/2019 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | The minor/family init ally illegally entered on 09 18 2019, processed as MPP and returned to Mexico. The minor/family unit was ordered removed o Cuba on 12/19/2019 by an IJ. On 11/18/20, the family unit illegally re-entered. As per the Government of Cuba, the family unit was been approved for removal. The family un t was removed from the emoval fl ght to Cuba schedu ed for 12 29 2020 due to testing pos tive for Cov d-19. The projected removal wil be |
| | | | | | VENEZUELA | 12/19/2020 | | 5 | 0 to 5 | 10/22/2020 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | The minor/family unit ordered removed on 10 22 20 by an IJ under MPP. The minor/family unit illegally re-entered on 12/17/20. As per HQ-R O, the family removal has been denied. The family unit was eased on 01/08/21 after the sponsor provided the travel arrangements. |
| | | | | | MEXICO | 12/8/2020 | | 6 | 6 to 13 | 12/16/2020 | [BG] Expedited Removal - Credible Fear Referral | The minor/family unit claimed fear returning to their country of citizenship on 12/0 /20. The family unit was scheduled for their asylum interview on 12/1 /20. The minor/fam y was issued a negative decision by an APSO on 12/16/20. The family unit did not request an IJ review of the negative determination. The family unit changed their mind and requested an IJ review of the negative decision. IJ hearing scheduled for 01 06/21. An APSO issued a positive decision on 01/11/21. The family unit will be released after the sponsor provides the travel arrangements. |
| | | | | | BRAZIL | 12/15/2020 | | 6 | 6 to 13 | 3/12 2020 | [16] Reinstated Final Order | This minor may be eligible for individual release if the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him. ICE will determine the minor's eligibility for release with the consent of a parent or guardian in accordance with the process finalized and approved by the court as contemplated in the 09/18 20 order. The minor/fam ly unit claimed fear returning o their country of citizenship on 12/1 /20. The family unit was scheduled for their asylum interview on 01/0 /21. The minor/fam y was issued a nega ive decision by an APSO on 01/05/21. The fam ly unit did not request an IJ review of the negative determinat on. On 01 09/21, the amily unit changed their mind and is now requesting an IJ review of the negative dec s on set by the APSO. The decision s pending. |
| | | | | | BRAZIL | 12/18/2020 | | 7 | 6 to 13 | N/A | Other - Title 2 Return | T 2 return flight tentative for 01 1 21. |
| | | | | | ROMANIA | 12/18/2020 | | 7 | 6 to 13 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family illegally entered on 12/15/2020 and claimed fear of returning to their home country. The family unit was scheduled for an asylum interview ew on 12 28 20. An APSO issued a NTA on 12 28/20. The case officer received the NTA on 01 03/21. The family unit is pending release after the sponsor provides the travel arrangements. |
| | | | | | CUBA | 11/26/2020 | | 8 | 6 to 13 | 11/19/2019 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | The minor/family init ally illegally entered on 08 26 2019, processed as MPP and returned to Mexico. The minor/family unit was ordered removed on Cuba on 11/19 2019 by an IJ. On 11/2 /20, the amily un t illegally re-entered. As per the Government of Cuba, the family unit has been approved for removal. The family unit was removed from the CE charter o Cuba scheduled for 12/29/2020 due to the at orney submitting an emergency stay. The stay was denied. The projected removal will be |
| | | | | | ROMANIA | 12/1 /2020 | | 8 | 6 to 13 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | ily illegally entered ew on 12/11/2020 and claimed fear of returning to their home country. The family unit was scheduled for an asylum interview ew on 12/29 20. An APSO issued a NTA on 12 31/20. The case officer received the NTA on 12 31/20. The amily unit was released on 09/21 a ter the sponsor prov ded the travel arrangements. |
| | | | | | GHANA | 12/9/2020 | | 9 | 6 to 13 | In Proceedings | [BG] Expedited Removal - Credible Fear Referral | The minor/family unit claimed fear returning to their country of citizenship on 12/05/20. The family unit was scheduled for their asylum interview on 12/17/20. The minor/fam y was issued a negative decision by an APSO on 12/22/20. The family unit requested an IJ review of the nega ive determination. The family unit hearing was scheduled or 12/31 20. The IJ vaca ed the dec s on set by the APSO on 12/31/2020. USCIS issued the NTA on 01/05/2021. The family unit was released on 01/09/21 after the sponsor prov ded the travel arrangements. |
| | | | | | EL SALVADOR | 8/27/2019 | | 9 | 6 to 13 | 9/18 2019 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 09/02 19. On 09 18 19, the IJ affirmed the decision set by the APSO. The minor had a final order of emoval but could not be removed because the family unit was subject to multiple administrative s ays of removal issued in M.M.V v Barr, D.A.M v Ba r, and East Bay Sanctuary Covenant v. Barr, and M.D.C v Wo f. The fam ly unit's attorney filed for a RFR on 09/2 /20. The RFR was denied on 10/15/20. The administrative stays have been dissolved. The minor is subject to a final order of removal and there are no impediments to removal at this time. Minor is in the process of being scheduled for removal, which includes working with the consulate e o secure travel documents and being tested for COVID-19 as is required by country of origin. The projected removal date s 1/12/21. |
| | | | | | HONDURAS | 9/11/2019 | | 10 | 6 to 13 | 10/17/2019 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 08/29 19. On 10 17 19, the IJ affirmed the decision set by the APSO. The minor had a final order of emoval but could not be removed because the family unit was subject to multiple administrative s ays of removal issued in M.M.V v Barr, D.A.M v Ba r, and M.D C v Wo f. The fam ly unit's attorney filed for a RFR on 09/22/20. The RFR was denied on 10/07/20. The administrative stays have been dissolved. The minor s subject to a inal order of removal and there are no impediments to removal at th s time. Minor is in the process of being scheduled for removal, which includes working with the consula e o secure travel documents and being tested for COVID-19 as is required by country of origin. The projected removal date is 1/13/21. |
| | | | | | CONGO | 12/11/2020 | | 11 | 6 to 13 | 12/31/2020 | [BG] Expedited Removal - Credible Fear Referral | he minor/family illegally entered on 2 09 2020 and claimed fear of returning to their home country. The amily unit was scheduled for an asylum interview on 12 17 20. The minor/ amily unit received a negative CF decision from APSO on 12/18/20. IJ affirmed APSO's negative CF decision on 12/31/20. The minor is subject o a final o der of removal and there a e no impediments to removal at th s time. Minor is in the process of being scheduled for removal, which includes working with the consulate to secure travel documents and being tested or COV D 19 as is required by country of origin. The fam ly unit is pending Travel documents and awai ing next available commercial flight for repatria ion. The next projected removal will be |
| | | | | | BRAZIL | 12/18/2020 | | 11 | 6 to 13 | N/A | Other - Title 2 Return | 2 e urn flight tentative for 01 1 21. |
| | | | | | ROMANIA | 12/19/2020 | | 11 | 6 to 13 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family illegally entered on 12/15/2020 and claimed fear of returning to their home country. The family unit was scheduled for an asylum interview on 010 21. An APSO rendered a positive decision on 01 06 21. The case officer received the NTA on 01 06 21. The amily unit was released on 01 09/21 af er the sponsor prov ded the travel arrangements. |
| | | | | | HONDURAS | 8/27/2019 | | 11 | 6 to 13 | 8/26 2019 | [BG] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 09/03 19. On 09 18 19, the IJ affirmed the decision set by the APSO. The minor had a final order of emoval but cou d not be removed because the fam ly unit was subject to multiple administrative s ays of removal issued in M.M.V v Barr, D.A.M v Ba r, East Bay Sanctuary Covenant v. Barr, and M.D.C v Wo f. The fam ly unit's attorney filed for a RFR on 09/23/20. The RFR was den ed on 10/19/20. The administrative stays have been dissolved. The minor is subject to a inal order of removal and there are no impediments to removal at this time Minor is in the process of being scheduled for removal, which includes working with the consulate to secure travel documents and being ested for COVID-19 as s required by country of origin. The projected removal date is 1/13/21. |
| | | | | | EL SALVADOR | 12/13/2020 | | 12 | 6 to 13 | 9/18 2019 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | This minor may be eligible for individual elease f the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him. ICE will determine the minor's eligibility for release with the consent of a parent or guard an in accordance with the process finalized and approved by the court as contemplated in the 09/18 20 order. The minor/fami y unit illegally entered on 07/12/2019, processed as MPP and returned o Mexico. The amily unit was o dered removed in absent a on 12 18 2019 by an IJ. On 12 10/20, the amily unit illega ly re-entered. The minor is subject o a final o der of removal and there a e no impediment s o removal at th s ime. Minor is in the process of being scheduled for removal, which includes working with the consulate o secure travel documen s and being tes ed for COVID-19 as is required by count y of origin. On 12/31 2020, the fam ly unit en ered a motion o reopen. The decision is pending. |
| | | | | | CUBA | 11/26/2020 | | 12 | 6 to 13 | 11/19/2019 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | The minor/family init a ly illegally entered on 08 26 2019, processed as MPP and returned to Mexico. The amily un t was ordered removed in absentia to Cuba on 11/19 2019 by an IJ. On 11/2 /20, the amily un t i legal y re-entered. As per the Government of Cuba, the fam ly unit has been approved for removal. The family unit was removed from the CE cha ter o Cuba scheduled for 12/29 2020 due to the at orney submit ing an emergency stay. The stay was denied. The projected removal will be |
| | | | | | UZBEKISTAN | 12/19/2020 | | 12 | 6 to 13 | In Proceedings | [BG] Expedited Removal - Credible Fear Referral | This minor may be eligible for individual elease f the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him. ICE will determine the minor's eligibility for release with the consent of a parent or guard an in accordance with the process finalized and approved by the court as contemplated in the 09/18 20 order. The minor/fam ly unit claimed fear returning o their country of citizenship on 12/16/20. The family unit was scheduled for their asylum interview on 12/29/20. The minor/fam y was issued a nega ive decision by an APSO on 12/31/20. The family unit requested an IJ rev ew of the negative determina ion. The IJ hearing s scheduled for 01/08/21. The decis on is pending. |
| | | | | | HONDURAS | 12/16/2020 | | 13 | 6 to 13 | 9/25 2019 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | This minor may be eligible for individual elease f the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him. ICE will determine the minor's eligibility for release with the consent of a parent or guard an in accordance with the process finalized and approved by the court as contemplated in the 09/18 20 order. The minor/fam ly unit i legally entered in absentia by an IJ. The family un t was issued a NTA and released. On 09/25 2019, the fam ly unit was ordered removed in absentia by an IJ. The family un t fai ed to eport on mul tiple occasions. The amily un t was apprehended in Houston, TX on 12/15/2020. The minor s subject to a inal order of removal and there are no impediments to removal at th s time. Minor is in the process of being scheduled for removal, which includes working with the consula e to secure travel documents and being tested for COVID-19 as is required by country of or gin. On 01/0 /2021, the family un t entered a mo ion to reopen. The decision is pending. |
| | | | | | BRAZIL | 12/18/2020 | | 1 | 1 to 17 | N/A | Other - Title 2 Return | T 2 return flight tentative for 01 1 21. |
| | | | | | GHANA | 12/9/2020 | | 1 | 1 to 17 | In Proceedings | [BG] Expedited Removal - Credible Fear Referral | The minor/family unit claimed fear returning to their country of citizenship on 12/05/20. The family unit was scheduled for their asylum interview on 12/17/20. The minor/fam y was issued a negative decision by an APSO on 12/22/20. The family unit requested an IJ rev ew of the nega ive determination. The family unit hearing was scheduled or 12/31 20. The IJ vaca ed the dec s on set by the APSO on 12/31/2020. USCIS issued the NTA on 01/05/2021. The fam ly unit was released on 01/09/21 after the sponsor prov ded the travel arrangements. |
| | | | | | GUATEMALA | 12/3/2020 | | 1 | 1 to 17 | 12/31/2020 | [BG] Expedited Removal - Credible Fear Referral | This minor may be eligible for individual elease f the parent designates a caregiver to whom the minor can be released. As of today, a parent has not designated a caregiver or requested that the minor be released separately from her or him. ICE will determine the minor's eligibility for release with the consent of a parent or guard an in accordance with the process finalized and approved by the court as contemplated in the 09/18 20 order. The minor/fam y unit claimed fear returning o their country of citizenship on 12/01/20. The family unit was schedu ed for their asylum interview on 12/15/20. The minor/fam y was issued a nega ive decision by an APSO on 12/15/20 and did not request a review from the IJ. On 12 21/20 the fam ly unit changed their mind and requested an IJ review of the negative determinat on. The IJ hearing was scheduled for 12/31/20. The IJ a firmed the nega ive decision on 12/31/20. The fam ly unit s at orney submit ed a request for RFR on 01 06/21. The decision is pending. The minor/family is scheduled for a FG with USCIS on 01 11 21. |
| | | | | | ROMANIA | 12/18/2020 | | 1 | 1 to 17 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family i legally entered on 12/15/2020 and claimed fear of returning to their home country. The amily un t was scheduled for an asylum interv ew on 12 28 20. An APSO issued a NTA on 12 28/20. The case o ficer eceived the NTA on 01 03/21. The amily un t is pending release after the sponsor provides the travel arrangements. |
| | | | | | ROMANIA | 12/18/2020 | | 1 | 1 to 17 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family i legally entered on 12/15/2020 and claimed fear of returning to their home country. The amily un t was scheduled for an asylum interv ew on 12 28 20. An APSO issued a NTA on 12 28/20. The case o ficer eceived the NTA on 01 03/21. The amily un t is pending release after the sponsor provides the travel arrangements. |
| | | | | | HONDURAS | 11/11/2020 | | 15 | 1 to 17 | 2/25 2020 | [BC] Excludable / Inadmissible - Administrative Final Order Issued | The minor/family unit itally entered on 10/03/2018. The fam ly un t was issued a NTA and released. On 02/25/2019 the fam ly unit was ordered removed in absentia by an IJ. The fam ly unit was apprehended in Beaumont, TX on 11/10/2020. The minor is subject to a final order of removal and there are no impediments to emoval at th s ime. Minor is in the process of being scheduled for removal, which includes working with the consula e to secure travel documents and being tested for COVID 19 as is required by country of o igin. The next projec ed date of removal s 01 13/21. |
| | | | | | ROMANIA | 12/19/2020 | | 15 | 1 to 17 | In Proceedings | [BK] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family i legally entered on 12/15/2020 and claimed fear of returning to their home country. The amily un t was scheduled for an asylum interv ew on 12/15/20. An APSO rendered a pos tive dec sion on 01 06 21. The case of icer received the NTA on 01 06/21. The amily unit was released on 01 09/21 af er the sponsor prov ded the travel arrangements |

| | | | | | 9/11/2019 | | 15 | 1 to 17 | 10/3/2019 | [8G] Expedited Removal - Credible Fear Referral | The minor/family received a negative credible fear determination by an APSO on 09/25/19. On 10/03/19, the IJ affirmed the decision set by the APSO. The minor had a final order of removal but could not be removed because the family unit was subject to multiple administrative stays of removal issued in M.M.V. v Barr, D.A.M v Bar, and M.D.C v Wolf. The family unit's attorney filed for a RFR on 10/07/19. The RFR was denied on 10/17/19. A 2nd RFR was filed by the family unit's attorney on 09/25/20. The RFR was denied on 10/22/20. Additionally, the administrative stays have been dissolved. The minor is subject to a final order of removal and there are no impediments to removal at this time. Minor is in the process of being scheduled for removal, which includes working with the consulate to secure travel documents and being tested for COVID-19 as is required by country of origin. The projected removal date is 1/13/21. |
| | | | | | 12/18/2020 | | 16 | 1 to 17 | N/A | Other - Title 42 Return | T-42 return flight tentative for 01/1/21. |
| | | | | | 12/9/2020 | | 16 | 1 to 17 | In Proceedings | [8G] Expedited Removal - Credible Fear Referral | The minor/family unit claimed fear returning to their country of citizenship on 12/05/20. The family unit was scheduled for their asylum interview on 12/17/20. The minor/family was issued a negative decision by an APSO on 12/22/20. The family unit requested an IJ review of the negative determination. The IJ hearing was scheduled for 12/31/20. The IJ vacated the decision set by the APSO on 12/31/2020. USCIS issued the NTA on 01/05/2021. The family unit was released on 01/09/21 after the sponsor provided the travel arrangements. |
| | | | | | 12/18/2020 | | 17 | 1 to 17 | In Proceedings | [8K] Expedited Removal Terminated due to Credible Fear Finding / NTA Issued | The minor/family illegally entered on 12/15/2020 and claimed fear of returning to their home country. The family unit was scheduled for an asylum interview on 12/28/20. An APSO issued a NTA on 12/28/20. The case officer received the NTA on 01/03/21. The family unit is pending release after the sponsor provides the travel arrangements. |