# *O.M.G. v. Wolf*

# FILINGS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| O.M.G., *et al.*,<br><br>          *Petitioners*,<br><br>v.<br><br>Chad WOLF, Acting Secretary of the U.S. Department of Homeland Security, *et al.*,<br><br>          *Respondents*. | Case No. 1:20-cv-00786-JEB<br><br><br>**NOTICE OF COVID-19 POSITIVE CASES**<br><br><br>The Honorable James E. Boasberg |

Pursuant to the June 25, 2020 and September 9, 2020 minute orders, Respondents hereby notify the Court that, since the last notice (ECF No. 156), one (1) employee at the Karnes County Family Residential Center ("Karnes FRC"), one (1) employee at the South Texas Family Residential Center ("Dilley FRC"), and two (2) employees at the Berks Family Residential Center ("Berks FRC"), have tested positive for COVID-19. U.S. Immigration and Customs Enforcement informs the Department of Justice of the following:

## I.    Karnes County Family Residential Center ("Karnes FRC")

Employee 1: Employee 1 is an employee recreation specialist, who tested on December 17, 2020, due to experiencing symptoms, beginning on that date. On December 20, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Karnes FRC on December 17, 2020. Contact tracing was conducted for the 48-hours prior to Employee 1 experiencing symptoms, on the dates Employee 1 was present at Karnes FRC, including December 15, 16, and 17, 2020, and revealed that Employee 1 had no close contact with any employees or residents at Karnes FRC.[1] Employee 1 is and will remain in

---

[1] Employee 1 had close contact with one other employee outside of work at Karnes FRC, as Employee 1

quarantine for 14 days from the date of the positive test result, until January 4, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

## II.    South Texas Family Residential Center ("Dilley FRC")

<u>Employee 1</u>: Employee 1 is a supervisory detention and deportation officer, who tested at an off-site facility on December 16, 2020, due to experiencing symptoms, beginning on that date, and exposure on December 11, 2020, to an individual who tested positive for COVID-19. On December 19, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Dilley FRC on December 3, 2020. Contact tracing was conducted for the last day Employee 1 was present at Dilley FRC, on December 3, 2020, and revealed that Employee 1 had no close contact with any employees or residents. Employee 1 has been in quarantine since, and will remain in quarantine for, 14 days from December 15, 2020, the date that Employee 1 received notification of exposure to an individual who tested positive for COVID-19, until December 30, 2020. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

## III.   Berks Family Residential Center ("Berks FRC")

<u>Employee 1</u>: Employee 1 is a shelter care supervisor, who tested at an off-site facility on December 15, 2020, due to experiencing symptoms, beginning on December 13, 2020. On December 18, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Berks FRC on December 13, 2020. Contact tracing was conducted for the 48-hours prior to Employee 1 experiencing symptoms, on the dates Employee 1 was present at Berks FRC, including December 11, 12, and 13, 2020, and

---

lives with the other employee.

revealed that Employee 1 had close contact with one (1) employee, but no residents. The exposed employee has been notified and is and will remain in quarantine for 14 days from the date of exposure and until cleared to return to work by Berks County Management and the exposed employee's medical provider. Employee 1 is and will remain in quarantine for 14 days from the date of the onset of symptoms, until December 28, 2020. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 2: Employee 2 is a deportation officer, who tested on December 20, 2020, due to required international travel scheduled on December 24, 2020, and experiencing symptoms beginning on December 18, 2020. On December 22, 2020, the results came back positive. At this time, Employee 2 has not required treatment at a hospital or medical facility. Employee 2 was last at Berks FRC on December 21, 2020. Contact tracing was conducted for the 48-hours prior to Employee 2 experiencing symptoms, on the dates Employee 2 was present at Berks FRC, including December 18, 2020, through December 21, 2020, and revealed that Employee 2 had close contact with two (2) employees, but no residents. The exposed employees have been notified and are and will remain in quarantine for 14 days from the date of exposure and until cleared to return to work by Berks County Management and the exposed employees' medical provider. Employee 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 6, 2021. After that time, Employee 2 has been directed to contact Human Resources for further guidance before reporting to work.

RESPECTFULLY SUBMITTED this 23rd day of December, 2020.

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL VAN HORN
Assistant U.S. Attorney
555 4th St. NW, Washington, DC 20530

Telephone: (202) 252-2506
Email: Daniel.VanHorn@usdoj.gov

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS PEREZ
Assistant Director

<u>s/  *Jordan K. Hummel*</u>
JORDAN K. HUMMEL
Trial Attorney
Office of Immigration Litigation - DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8715
Email: jordan.hummel@usdoj.gov

*Attorneys for Respondents*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.M.G., *et al.*, | Case No. 1:20-cv-00786-JEB |
| *Petitioners*, | |
| v. | **NOTICE OF COVID-19 POSITIVE CASES** |
| Chad WOLF, Acting Secretary of the U.S. Department of Homeland Security, *et al.*, | |
| *Respondents*. | The Honorable James E. Boasberg |

Pursuant to the June 25, 2020 and September 9, 2020 minute orders, Respondents hereby notify the Court that, since the last notice (ECF No. 157), eight (8) employees and three (3) new intakes at the Karnes County Family Residential Center ("Karnes FRC"), and twelve (12) employees, three (3) new intakes, and one (1) resident at the South Texas Family Residential Center ("Dilley FRC") have tested positive for COVID-19.[1] U.S. Immigration and Customs Enforcement informs the Department of Justice of the following:

## I. Karnes County Family Residential Center ("Karnes FRC")

<u>Employee 1</u>: Employee 1 is a resident advisor, who tested on December 21, 2020, due to experiencing symptoms, beginning on that date. On December 22, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Karnes FRC on December 18, 2020. Contact tracing will not be conducted since Employee 1 was not at Karnes FRC for the 48-hours prior to experiencing symptoms.

---

[1] The last notice (ECF No. 157) included positive cases reported on five (5) dates, between December 19, 2020, and December 23, 2020, due to the federal holidays on Thursday, December 24, 2020, and Friday, December 25, 2020. This notice includes positive cases reported on eight (8) dates, between December 24, 2020, and December 31, 2020, due to the federal holiday on Friday, January 1, 2021.

Employee 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 6, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 2: Employee 2 is a registered nurse, who tested on December 22, 2020, due to experiencing symptoms, beginning on that date. On December 23, 2020, the results came back positive. At this time, Employee 2 has not required treatment at a hospital or medical facility. Employee 2 was last at Karnes FRC on December 18, 2020. Contact tracing will not be conducted as Employee 2 was not at Karnes FRC in the 48-hours prior to experiencing symptoms. Employee 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 7, 2021. After that time, Employee 2 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 3: Employee 3 is a resident advisor, who tested on December 19, 2020, due to exposure to an individual who tested positive for COVID-19. On December 23, 2020, the results came back positive. At this time, Employee 3 has not required treatment at a hospital or medical facility. Employee 3 was last at Karnes FRC on December 18, 2020. Contact tracing will not be conducted as Employee 3 was not at Karnes FRC in the 48-hours prior to Employee 3's positive test result. Employee 3 is and will remain in quarantine for 14 days from the date of the positive test result, until January 7, 2021. After that time, Employee 3 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 4: Employee 4 is a licensed practical nurse, who tested on December 23, 2020, due to experiencing symptoms, beginning on that date. On December 24, 2020, the results came back positive. At this time, Employee 4 has not required treatment at a hospital or medical facility. Employee 4 was last at Karnes FRC on December 18, 2020. Contact tracing will not be conducted

as Employee 4 was not at Karnes FRC in the 48-hours prior to experiencing symptoms. Employee 4 is and will remain in quarantine for 14 days from the date of the positive test result, until January 8, 2021. After that time, Employee 4 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 5: Employee 5 is a resident advisor, who tested on December 20, 2020, for peace of mind. On December 23, 2020, the results came back positive and Employee 5 began experiencing symptoms. At this time, Employee 5 has not required treatment at a hospital or medical facility. Employee 5 was last at Karnes FRC on December 23, 2020. Contact tracing was conducted for the 48-hours prior to experiencing symptoms, on the dates Employee 5 was at Karnes FRC, including from December 21, 2020, through December 23, 2020, and revealed that Employee 5 did not have any close contact with other employees or residents. Employee 5 is and will remain in quarantine for 14 days from the date of the positive test result, until January 7, 2021. After that time, Employee 5 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 6: Employee 6 is a human resource specialist, who tested on December 23, 2020, due to experiencing symptoms, beginning on that date. On December 26, 2020, the results came back positive. At this time, Employee 6 has not required treatment at a hospital or medical facility. Employee 6 was last at Karnes FRC on December 23, 2020. Contact tracing was conducted for the 48-hours before the onset of symptoms, on the dates Employee 5 was at Karnes FRC, including from December 21, 2020, through December 23, 2020, and revealed that Employee 6 did not have any close contact with other employees or residents. Employee 6 is and will remain in quarantine for 14 days from the date of the positive test result, until January 10, 2021. After that time, Employee 6 has been directed to contact Human Resources for further guidance before reporting

to work.

Employee 7: Employee 7 is a bailiff supervisor, who tested on December 26, 2020, for peace of mind. That same day, the results came back positive. At this time, Employee 7 has not required treatment at a hospital or medical facility. Employee 7 was last at Karnes FRC on December 16, 2020. Contact tracing will not be conducted as Employee 7 was not at Karnes FRC in the 48-hours prior to Employee 7's positive test result. Employee 7 is and will remain in quarantine for 14 days from the date of the positive test result, until January 10, 2021. After that time, Employee 7 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 8: Employee 8 is a resident advisor, who tested on December 27, 2020, due to experiencing symptoms, beginning on that date. That same day, the results came back positive. At this time, Employee 8 has not required treatment at a hospital or medical facility. Employee 8 was last at Karnes FRC on December 26, 2020. Contact tracing was conducted for the 48-hours before the onset of symptoms, on the dates Employee 8 was at Karnes FRC, including from December 24, 2020, through December 26, 2020, and revealed that Employee 8 did not have any close contact with other employees or residents. Employee 8 is and will remain in quarantine for 14 days from the date of the positive test result, until January 11, 2021. After that time, Employee 8 has been directed to contact Human Resources for further guidance before reporting to work.

New Intake 1: New Intake 1 arrived at Karnes FRC on December 24, 2020, and was tested that same day as part of the new intake process. On December 26, 2020, the results came back positive. New Intake 1 is asymptomatic, and being closely monitored. New Intake 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 10, 2021, if New Intake 1 remains asymptomatic. At this time, New Intake 1 has not required treatment at an

4

outside hospital or medical facility. All new intakes who arrived at the facility with New Intake 1 and remain asymptomatic are and will remain in cohort for 14 days from the date of their arrival, until January 8, 2021, and will be monitored and assessed for signs and symptoms of COVID-19 once per day. [2]

New Intake 2: New Intake 2 arrived at Karnes FRC on December 22, 2020, and was tested that same day as part of the new intake process. On December 26, 2020, the results came back positive. New Intake 2 is asymptomatic, and being closely monitored. New Intake 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 10, 2021, if New Intake 2 remains asymptomatic. At this time, New Intake 2 has not required treatment at an outside hospital or medical facility. All new intakes who arrived at the facility with New Intake 2 and remain asymptomatic are and will remain in cohort for 14 days from the date of their arrival, until January 6, 2021, and will be monitored and assessed for signs and symptoms of COVID-19 once per day.

New Intake 3: New Intake 3 arrived at Karnes FRC on December 23, 2020, and was tested that same day as part of the new intake process. On December 25, 2020, the results came back positive. New Intake 3 is asymptomatic, and being closely monitored. New Intake 3 is and will remain in quarantine for 14 days from the date of the positive test result, until January 9, 2021, if New Intake 3 remains asymptomatic. At this time, New Intake 3 has not required treatment at an outside hospital or medical facility. All new intakes who arrived at the facility with New Intake 3 and remain asymptomatic are and will remain in cohort for 14 days from the date of their arrival, until January 7, 2021, and will be monitored and assessed for signs and symptoms of COVID-19

---

[2] New Intake 1 arrived at Karnes FRC with one (1) minor family member who received a negative test result, but, due to their status as a minor, will remain in quarantine with New Intake 1, until January 10, 2021, if the minor family member remains asymptomatic.

once per day.

## II.    South Texas Family Residential Center ("Dilley FRC")

<u>Employee 1</u>: Employee 1 is a resident supervisor, who tested at an off-site facility on December 21, 2020, due to experiencing symptoms, beginning on December 17, 2020. On December 21, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Dilley FRC on December 13, 2020. Contact tracing will not be conducted since Employee 1 was not at Dilley FRC in the 48-hours prior to experiencing symptoms. Employee 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 5, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

<u>Employee 2</u>: Employee 2 is a resident supervisor, who tested at an off-site facility on December 23, 2020, due to experiencing symptoms, beginning on December 22, 2020. On December 23, 2020, the results came back positive. At this time, Employee 2 has not required treatment at a hospital or medical facility. Employee 2 was last at Dilley FRC on December 11, 2020. Contact tracing will not be conducted since Employee 2 was not at Dilley FRC in the 48-hours prior to experiencing symptoms. Employee 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 7, 2021. After that time, Employee 2 has been directed to contact Human Resources for further guidance before reporting to work.

<u>Employee 3</u>: Employee 3 is a deportation officer, who tested at an off-site facility on December 23, 2020, due to exposure on December 19, 2020, to an individual who tested positive for COVID-19, and experiencing symptoms, beginning December 23, 2020. On December 23, 2020, the results came back positive. At this time, Employee 3 has not required treatment at a hospital or medical facility. Employee 3 was last at Dilley FRC on December 22, 2020. Contact

tracing will be conducted for the dates Employee 3 was at Dilley FRC after exposure, including December 20, 21, and 22, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 3 is and will remain in quarantine for 14 days from the date of the positive test result, until January 7, 2021. After that time, Employee 3 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 4: Employee 4 is a maintenance contractor, who tested at an off-site facility on December 23, 2020, due to experiencing symptoms, beginning on that date. On December 24, 2020, the results came back positive. At this time, Employee 4 has not required treatment at a hospital or medical facility. Employee 4 was last at Dilley FRC on December 23, 2020. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 4 was at Dilley FRC, including December 21, 22, and 23, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 4 is and will remain in quarantine for 14 days from the date of the onset of symptoms, until January 7, 2021. After that time, Employee 4 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 5: Employee 5 is a deportation officer, who tested at an off-site facility on December 24, 2020, due to exposure on December 22, 2020, to an individual who tested positive for COVID-19, and experiencing symptoms, beginning on December 24, 2020. On December 24, 2020, the results came back positive. At this time, Employee 5 has not required treatment at a hospital or medical facility. Employee 5 was last at Dilley FRC on December 23, 2020. Contact tracing will be conducted for the dates Employee 5 was at Dilley FRC after exposure, including December 22 and 23, 2020. If any exposure is identified, the protocols for contact exposure

previously described in ECF No. 108 will be implemented. Employee 5 is and will remain in quarantine for 14 days from the date of the positive test result, until January 8, 2021. After that time, Employee 5 has been directed to contact Human Resources for further guidance before reporting to work.

<u>Employee 6</u>: Employee 6 is a deportation officer, who tested at an off-site facility on December 26, 2020, due to exposure on December 22, 2020, to an individual who tested positive for COVD-19, and experiencing symptoms, beginning on December 23, 2020. On December 26, 2020, the results came back positive. At this time, Employee 6 has not required treatment at a hospital or medical facility. Employee 6 was last at Dilley FRC on December 22, 2020. Contact tracing will be conducted for 48-hours prior to the onset of symptoms, on the dates Employee 6 was at Dilley FRC, including December 22, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 6 is and will remain in quarantine for 14 days from the date of the positive test result, until January 10, 2021. After that time, Employee 6 has been directed to contact Human Resources for further guidance before reporting to work.

<u>Employee 7</u>: Employee 7 is a resident supervisor, who tested at an off-site facility on December 15, 2020, due to exposure on December 14, 2020, to an individual who tested positive for COVD-19, and experiencing symptoms, beginning on December 15, 2020. On December 18, 2020, the results came back positive. At this time, Employee 7 has not required treatment at a hospital or medical facility. Employee 7 was last at Dilley FRC on December 10, 2020. Contact tracing will not be conducted since Employee 7 was not at Dilley FRC in the 48-hours prior to experiencing symptoms. Employee 7 remained in quarantine for 14 days from the date of exposure, until December 29, 2020, and was directed to contact Human Resources for further guidance

before reporting to work.[3]

Employee 8: Employee 8 is a resident supervisor, who tested at an off-site facility on December 27, 2020, due to experiencing symptoms, beginning on December 25, 2020. On December 29, 2020, the results came back positive. At this time, Employee 8 has not required treatment at a hospital or medical facility. Employee 8 was last at Dilley FRC on December 23, 2020. Contact tracing will be conducted for 48-hours prior to the onset of symptoms, on the dates Employee 8 was at Dilley FRC, including December 23, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 8 is and will remain in quarantine for 14 days from the date of the test, until January 11, 2021. After that time, Employee 8 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 9: Employee 9 is a library aide, who tested at an off-site facility on December 29, 2020, due to experiencing symptoms, beginning on December 28, 2020. On December 29, 2020, the results came back positive. At this time, Employee 9 has not required treatment at a hospital or medical facility. Employee 9 was last at Dilley FRC on December 27, 2020. Contact tracing will be conducted for 48-hours prior to the onset of symptoms, on the dates Employee 9 was at Dilley FRC, including December 26 and 27, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 9 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021. After that time, Employee 9 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 10: Employee 10 is a deportation officer, who tested at an off-site facility on

---

[3] Employee 7 reported the positive test result to ICE on December 28, 2020, due to Employee 7's misunderstanding of the reporting obligation, where Employee 7 had not been at Dilley FRC since December 10, 2020.

December 29, 2020, due to exposure on December 22, 2020, to an individual who tested positive for COIVD-19. On December 29, 2020, the results came back positive. At this time, Employee 10 has not required treatment at a hospital or medical facility. Employee 10 was last at Dilley FRC on December 29, 2020. Contact tracing will be conducted from the date of exposure, December 22, 2020, through Employee 10's last day at Dilley FRC, December 29, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 10 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021. After that time, Employee 10 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 11: Employee 11 is a deportation officer, who tested at an off-site facility on December 27, 2020, due to exposure on December 21 or 22, 2020, to an individual who tested positive for COIVD-19. On December 29, 2020, the results came back positive. At this time, Employee 11 has not required treatment at a hospital or medical facility. Employee 11 was last at Dilley FRC on December 22, 2020. Contact tracing will be conducted from the date of exposure through Employee 11's last day at Dilley FRC, including December 22, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 11 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021. After that time, Employee 11 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 12: Employee 12 is a resident supervisor, who tested at an off-site facility on December 27, 2020, due to experiencing symptoms, beginning on that date. On December 29, 2020, the results came back positive. At this time, Employee 12 has not required treatment at a hospital or medical facility. Employee 12 was last at Dilley FRC on December 26, 2020. Contact

tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 12 was at Dilley FRC, including December 25 and 26, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 12 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021. After that time, Employee 12 has been directed to contact Human Resources for further guidance before reporting to work.

New Intake 1: New Intake 1 arrived at Dilley FRC on December 24, 2020, and was tested that same day as part of the new intake process. On December 25, 2020, the results came back positive. New Intake 1 is asymptomatic, and being closely monitored. New Intake 1 is and will remain in quarantine for 14 days from the date of arrival, until January 8, 2021, if New Intake 1 remains asymptomatic. At this time, New Intake 1 has not required treatment at an outside hospital or medical facility. Contact tracing will be conducted for December 24, 2020, the date New Intake 1 arrived at Dilley FRC, through December 26, 2020, the date following the positive test result. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. All new intakes who arrived at the facility with New Intake 1 and remain asymptomatic are and will remain in cohort for 14 days from their date of arrival, until January 8, 2021, and will be monitored and assessed for signs and symptoms of COVID-19 once per day.

New Intake 2: New Intake 2 arrived at Dilley FRC on December 24, 2020, and was tested that same day as part of the new intake process. On December 25, 2020, the results came back positive. New Intake 2 is asymptomatic, and being closely monitored. New Intake 2 is and will remain in quarantine for 14 days from the date of arrival, until January 8, 2021, if New Intake 2 remains asymptomatic. At this time, New Intake 2 has not required treatment at an outside hospital or medical facility. Contact tracing will be conducted for December 24, 2020, the date New Intake

11

2 arrived at Dilley FRC, through December 26, 2020, the date following the positive test result. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. All new intakes who arrived at the facility with New Intake 2 and remain asymptomatic are and will remain in cohort for 14 days from their date of arrival, until January 8, 2021, and will be monitored and assessed for signs and symptoms of COVID-19 once per day.

New Intake 3: New Intake 3 arrived at Dilley FRC on December 27, 2020, and was tested that same day as part of the new intake process. On December 29, 2020, the results came back positive. New Intake 3 is asymptomatic, and being closely monitored. New Intake 3 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021, if New Intake 3 remains asymptomatic. At this time, New Intake 3 has not required treatment at an outside hospital or medical facility. Contact tracing will be conducted for December 27, 2020, the date New Intake 3 arrived at Dilley FRC, through December 29, 2020, the date of the positive test result. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. All new intakes who arrived at the facility with New Intake 3 and remain asymptomatic are and will remain in cohort for 14 days from their date of arrival, until January 11, 2021, and will be monitored and assessed for signs and symptoms of COVID-19 once per day.

Resident 1: Resident 1 arrived at Dilley FRC on November 19, 2020, and was tested as part of the new intake program. The results of that test came back negative. Following the procedures applicable to all new intakes, Resident 1 began a 14-day cohort and was released on December 4, 2020. On December 24, 2020, Resident 1 was scheduled to be released from Dilley FRC and was tested a second time at Dilley FRC as part of the release process. On December 26, 2020, the results came back positive. Resident 1 is asymptomatic, and being closely monitored.

Resident 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 10, 2021, if Resident 1 remains asymptomatic. At this time, Resident 1 has not required treatment at an outside hospital or medical facility. Contact tracing will be conducted for the 48-hours prior to the positive test result, including December 24, 25, and 26, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented.

RESPECTFULLY SUBMITTED this 31st day of December, 2020.

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL VAN HORN
Assistant U.S. Attorney
555 4th St. NW, Washington, DC 20530
Telephone: (202) 252-2506
Email: Daniel.VanHorn@usdoj.gov

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS PEREZ
Assistant Director

s/ *Jordan K. Hummel*
JORDAN K. HUMMEL
Trial Attorney
Office of Immigration Litigation - DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8715
Email: jordan.hummel@usdoj.gov

*Attorneys for Respondents*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.M.G., *et al.*, | Case No. 1:20-cv-00786-JEB |
| *Petitioners*, | |
| v. | **NOTICE OF COVID-19 POSITIVE CASES** |
| Chad WOLF, Acting Secretary of the U.S. Department of Homeland Security, *et al.*, | |
| *Respondents*. | The Honorable James E. Boasberg |

Pursuant to the June 25, 2020 and September 9, 2020 minute orders, Respondents hereby notify the Court that, since the last notice (ECF No. 158), six (6) employees at the Karnes County Family Residential Center ("Karnes FRC"), sixteen (16) employees at the South Texas Family Residential Center ("Dilley FRC"), and one (1) employee at the Berks Family Residential Center ("Berks FRC") have tested positive for COVID-19.[1] U.S. Immigration and Customs Enforcement informs the Department of Justice of the following:

### I.      Karnes County Family Residential Center ("Karnes FRC")

Employee 1: Employee 1 is a resident advisor, who tested on December 29, 2020, due to experiencing symptoms beginning on December 27, 2020. On December 30, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Karnes FRC on December 24, 2020. Contact tracing will not be conducted since Employee 1 was not at Karnes FRC in the 48-hours prior to experiencing

---

[1] The last notice (ECF No. 158) included positive cases reported over an eight (8) day period between December 24, 2020, and December 31, 2020, due to the federal holiday on Friday, January 1, 2021. This notice includes positive cases reported over the subsequent eight (8) day period between Friday, January 1, 2021, and January 8, 2021.

symptoms. Employee 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 14, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 2: Employee 2 is a resident advisor, who tested on December 29, 2020, due to experiencing symptoms beginning on that date. That same day, the results came back positive. At this time, Employee 2 has not required treatment at a hospital or medical facility. Employee 2 was last at Karnes FRC on December 27, 2020. Contact tracing was completed for the 48-hours prior to the onset of symptoms, on the dates Employee 2 was at Karnes FRC, including December 27, 2020, and revealed Employee 2 had close contact with three employees and no residents. The exposed employees have been notified, asked to quarantine for 14 days from the date of exposure, until January 11, 2021, and to contact Human Resources for further guidance upon either completion of their quarantine or receiving a negative test result, before reporting to work. Employee 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021. After that time, Employee 2 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 3: Employee 3 is a resident advisor, who tested on January 1, 2021, due to experiencing symptoms beginning on that date. On January 5, 2021, the results came back positive. At this time, Employee 3 has not required treatment at a hospital or medical facility. Employee 3 was last at Karnes FRC on December 29, 2020. Contact tracing will not be conducted as Employee 3 was not at Karnes FRC in the 48-hours prior to experiencing symptoms. Employee 3 is and will remain in quarantine for 14 days from the date of the positive test result, until January 20, 2021. After that time, Employee 3 has been directed to contact Human Resources for further guidance before reporting to work.

2

**Employee 4**: Employee 4 is a nurse practitioner, who tested on January 4, 2021, due to experiencing symptoms beginning on that date. On January 4, 2021, the results came back positive. At this time, Employee 4 has not required treatment at a hospital or medical facility. Employee 4 was last at Karnes FRC on December 18, 2020. Contact tracing will not be conducted as Employee 4 was not at Karnes FRC in the 48-hours prior to experiencing symptoms. Employee 4 is and will remain in quarantine for 14 days from the date of the positive test result, until January 19, 2021. After that time, Employee 4 has been directed to contact Human Resources for further guidance before reporting to work.

**Employee 5**: Employee 5 is a food service contractor, who tested at an off-site facility on January 5, 2021, due to experiencing symptoms beginning on that date. That same day, the results came back positive. At this time, Employee 5 has not required treatment at a hospital or medical facility. Employee 5 was last at Karnes FRC on January 5, 2021. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 5 was at Karnes FRC, including January 3, 4, and 5, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 5 is and will remain in quarantine for 14 days from the date of the positive test result, until January 20, 2021. After that time, Employee 5 has been directed to contact Human Resources for further guidance before reporting to work.

**Employee 6**: Employee 6 is a deportation officer, who tested on January 7, 2021, due to experiencing symptoms beginning on January 5, 2021. On January 7, 2021, the results came back positive. At this time, Employee 6 has not required treatment at a hospital or medical facility. Employee 6 was last at Karnes FRC on December 30, 2020. Contact tracing was not required as Employee 6 was not at Karnes FRC in the 48-hours prior to the onset of symptoms. Employee 6

3

is and will remain in quarantine for 14 days from the date of the positive test result, until January 22, 2021. After that time, Employee 6 has been directed to contact Human Resources for further guidance before reporting to work.

## II.     South Texas Family Residential Center ("Dilley FRC")

Employee 1: Employee 1 is a resident supervisor, who tested at an off-site facility on December 30, 2020, due to experiencing symptoms beginning on December 28, 2020. On December 30, 2020, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Dilley FRC on December 29, 2020. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 1 was at Dilley FRC, and any dates Employee 1 was at Dilley FRC following the onset of symptoms, including December 26, 2020, through December 29, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 14, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 2: Employee 2 is a resident supervisor, who tested at an off-site facility on December 30, 2020, due to exposure on December 25, 2020, to an individual who tested positive for COVID-19, and due to experiencing symptoms beginning on December 27, 2020. On December 30, 2020, the results came back positive. At this time, Employee 2 has not required treatment at a hospital or medical facility. Employee 2 was last at Dilley FRC on December 27, 2020. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 2 was at Dilley FRC, including December 25, 2020, through December 27, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No.

108 will be implemented. Employee 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 14, 2021. After that time, Employee 2 has been directed to contact Human Resources for further guidance before reporting to work.

    <u>Employee 3</u>: Employee 3 is a resident supervisor, who tested at an off-site facility on December 28, 2020, due to experiencing symptoms beginning on December 27, 2020. On December 31, 2020, the results came back positive. At this time, Employee 3 has not required treatment at a hospital or medical facility. Employee 3 was last at Dilley FRC on December 26, 2020. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 3 was at Dilley FRC, including December 25 and 26, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 3 is and will remain in quarantine for 14 days from the date of testing, until January 12, 2021. After that time, Employee 3 has been directed to contact Human Resources for further guidance before reporting to work.

    <u>Employee 4</u>: Employee 4 is a resident supervisor, who tested at an off-site facility on December 31, 2020, due to experiencing symptoms beginning on that date. That same day, the results came back positive. At this time, Employee 4 has not required treatment at a hospital or medical facility. Employee 4 was last at Dilley FRC on December 30, 2020. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 4 was at Dilley FRC, including December 29 and 30, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 4 is and will remain in quarantine for 14 days from the date of the onset of symptoms and date of positive test result, until January 15, 2021. After that time, Employee 4 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 5: Employee 5 is a staff nurse, who tested at an off-site facility on December 29, 2020, due to experiencing symptoms beginning on December 27, 2020. On December 29, 2020, the results came back positive. At this time, Employee 5 has not required treatment at a hospital or medical facility. Employee 5 was last at Dilley FRC on December 24, 2020. Contact tracing will not be conducted since Employee 5 was not at Dilley FRC in the 48-hours prior to experiencing symptoms. Employee 5 is and will remain in quarantine for 14 days from the date of the positive test result, until January 13, 2021. After that time, Employee 5 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 6: Employee 6 is a deportation officer, who tested at an off-site facility on December 30, 2020, due to experiencing symptoms beginning on December 29, 2020. On January 2, 2021, the results came back positive. At this time, Employee 6 has not required treatment at a hospital or medical facility. Employee 6 was last at Dilley FRC on December 23, 2020. Contact tracing was not required as Employee 6 was not in Dilley FRC in the 48-hours prior to experiencing symptoms. Employee 6 is and will remain in quarantine for 14 days from the date of the positive test result, until January 17, 2021. After that time, Employee 6 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 7: Employee 7 is a resident supervisor, who tested at a local hospital on December 29, 2020, due to exposure on December 24, 2020, to an individual who tested positive for COVID-19, and due to experiencing symptoms beginning on December 27, 2020. On January 1, 2021, the results came back positive. At this time, Employee 7 has not required treatment at a hospital or medical facility. Employee 7 was last at Dilley FRC on December 24, 2020. Contact tracing will not be conducted since Employee 7 was not at Dilley FRC in the 48-hours prior to experiencing symptoms or following exposure. Employee 7 is and will remain in quarantine for

6

14 days from a date after the positive test result, until January 17, 2021. After that time, Employee 7 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 8: Employee 8 is a shift supervisor, who tested at an off-site facility on December 31, 2020, due to experiencing symptoms beginning on December 26, 2020. On January 3, 2021, the results came back positive. At this time, Employee 8 has not required treatment at a hospital or medical facility. Employee 8 was last at Dilley FRC on December 26, 2020. Contact tracing will be conducted for 48-hours prior to the onset of symptoms, on the dates Employee 8 was at Dilley FRC, including December 24, 25, and 26, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 8 is and will remain in quarantine for 14 days from the date of testing, until January 15, 2021. After that time, Employee 8 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 9: Employee 9 is a resident supervisor, who tested at an off-site facility on January 5, 2021, due to exposure to an individual who tested positive for COVID-19. On January 5, 2021, the results came back positive. At this time, Employee 9 is asymptomatic and has not required treatment at a hospital or medical facility. Employee 9 was last at Dilley FRC on January 2, 2021. Contact tracing will not be conducted since Employee 9 was not at Dilley FRC in the 48-hours prior to testing positive. Employee 9 is and will remain in quarantine for 14 days from the date of the positive test result, until January 20, 2021. After that time, Employee 9 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 10: Employee 10 is a nurse manager, who tested on December 29, 2020, due to experiencing symptoms beginning on that date. On December 30, 2020, the results came back negative. On January 4, 2021, Employee 10 tested a second time due to continuing to experience

7

symptoms. On January 5, 2021, the results came back positive. At this time, Employee 10 has not required treatment at a hospital or medical facility. Employee 10 was last at Dilley FRC on December 29, 2020. Contact tracing will not be conducted since Employee 10 was not at Dilley FRC in the 48-hours prior to testing positive. Employee 10 is and will remain in quarantine for 14 days from the date of the positive test result, until January 20, 2021. After that time, Employee 10 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 11: Employee 11 is a resident supervisor, who tested at an off-site facility on January 4, 2021, due to experiencing symptoms beginning on January 2, 2021. On January 6, 2021, the results came back positive. At this time, Employee 11 has not required treatment at a hospital or medical facility. Employee 11 was last at Dilley FRC on January 1, 2021. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 11 was at Dilley FRC, including January 1, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 11 is and will remain in quarantine for 14 days from the date of the positive test result, until January 21, 2021. After that time, Employee 11 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 12: Employee 12 is a resident supervisor, who tested at an off-site facility on January 6, 2021, due to experiencing symptoms beginning on December 29, 2020. On January 6, 2021, the results came back positive. At this time, Employee 12 has not required treatment at a hospital or medical facility. Employee 12 was last at Dilley FRC on December 25, 2020. Contact tracing will not be conducted as Employee 12 was not at Dilley FRC in the 48-hours before experiencing symptoms. Employee 12 is and will remain in quarantine for 14 days from the date of the positive test result, until January 21, 2021. After that time, Employee 12 has been directed

to contact Human Resources for further guidance before reporting to work.

Employee 13: Employee 13 is a case manager, who tested at an off-site facility on December 29, 2020, due to experiencing symptoms beginning on December 27, 2020. On January 6, 2021, the results came back positive. At this time, Employee 13 has not required treatment at a hospital or medical facility. Employee 13 was last at Dilley FRC on December 27, 2020. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 13 was at Dilley FRC, including December 25, 26, and 27, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 13 is and will remain in quarantine for 14 days from the date of the positive test result, until January 21, 2021. After that time, Employee 13 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 14: Employee 14 is a resident supervisor, who tested at an off-site facility on January 6, 2021, due to experiencing symptoms beginning on January 4, 2021. On January 6, 2021, the results came back positive. At this time, Employee 14 has not required treatment at a hospital or medical facility. Employee 14 was last at Dilley FRC on January 3, 2021. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 14 was at Dilley FRC, including January 2 and 3, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 14 is and will remain in quarantine for 14 days from the date of the positive test result, until January 21, 2021. After that time, Employee 14 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 15: Employee 15 is a resident supervisor, who tested at an off-site facility on January 4, 2021, due to exposure on January 2, 2021, to an individual who tested positive for

COVID-19, and due to experiencing symptoms beginning on January 2, 2021. On January 6, 2021, the results came back positive. At this time, Employee 15 has not required treatment at a hospital or medical facility. Employee 15 was last at Dilley FRC on January 2, 2021. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 15 was at Dilley FRC, including December 31, 2020, and January 1 and 2, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 15 is and will remain in quarantine for 14 days from the date of the positive test result, until January 21, 2021. After that time, Employee 15 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 16: Employee 16 is a deportation officer, who tested at an off-site facility on January 7, 2021, due to exposure on December 22, 2020, to an individual who tested positive for COVID-19, and due to experiencing symptoms beginning on December 23, 2020. On January 7, 2021, the results came back positive. At this time, Employee 16 has not required treatment at a hospital or medical facility. Employee 16 was last at Dilley FRC on December 22, 2020. Contact tracing will be conducted for the date of exposure when Employee 16 was at Dilley FRC, December 22, 2020. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 16 quarantined for at least 14 days beginning on December 23, 2020, and  has been directed to contact Human Resources for further guidance before reporting to work.

### III.     Berks Family Residential Center ("Berks FRC")

Employee 1: Employee 1 is a shelter care counselor, who tested at an off-site facility on December 31, 2020, due to experiencing symptoms beginning on that date. On January 4, 2021, the results came back negative. On January 5, 2021, Employee 1 tested a second time at an off-

site facility due to continuing to experience symptoms. That same day, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Berks FRC on December 30, 2020. Contact tracing was conducted for the 48-hours prior to Employee 1 experiencing symptoms, on the dates Employee 1 was present at Berks FRC, including December 29 and 30, 2020, and revealed that Employee 1 did not have any close contact with other employees or residents. Employee 1 is and will remain in quarantine for 14 days from the date of the onset of symptoms, until January 15, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

RESPECTFULLY SUBMITTED this 8th day of January, 2021.

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

BRIAN P. HUDAK
Acting Chief, Civil Division, U.S. Attorney's Office
555 4th St. NW, Washington, DC 20530
Telephone: (202) 252-2549
Email: BHudak@usdoj.gov

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS PEREZ
Assistant Director

s/ *Jordan K. Hummel*
JORDAN K. HUMMEL
Trial Attorney
Office of Immigration Litigation - DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8715

11

Email: jordan.hummel@usdoj.gov

*Attorneys for Respondents*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.M.G., *et al.*, | Case No. 1:20-cv-00786-JEB |
| *Petitioners*, | |
| v. | **NOTICE OF COVID-19 POSITIVE CASES** |
| Chad WOLF, Acting Secretary of the U.S. Department of Homeland Security, *et al.*, | |
| *Respondents*. | The Honorable James E. Boasberg |

Pursuant to the June 25, 2020 and September 9, 2020 minute orders, Respondents hereby notify the Court that since the last notice (ECF No. 161) one (1) employee at the Karnes County Family Residential Center ("Karnes FRC"), ten (10) employees at the South Texas Family Residential Center ("Dilley FRC"), and one (1) employee at the Berks Family Residential Center ("Berks FRC") have tested positive for COVID-19.[1] U.S. Immigration and Customs Enforcement informs the Department of Justice of the following:

## I.     Karnes County Family Residential Center ("Karnes FRC")

Employee 1: Employee 1 is a cook, who tested on January 4, 2021, due to experiencing symptoms beginning on that date. On January 7, 2021, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Karnes FRC on January 2, 2021. Contact tracing was conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 1 was at Karnes FRC, including January 2, 2021, and revealed that Employee 1 did not have any close contact with other employees or residents. Employee 1 is

---

[1] Acting Secretary Peter R. Gaynor is substituted for his predecessor, Chad Wolf.  *See* Fed. R. Civ. P. 25(d).

1

and will remain in quarantine for 14 days from the date of the positive test result, until January 22, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

## II.     South Texas Family Residential Center ("Dilley FRC")

Employee 1: Employee 1 is a resident supervisor, who tested at an off-site facility on January 8, 2021, due to experiencing symptoms beginning on that date. That same day, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Dilley FRC on January 7, 2021. Contact tracing will be conducted for Employee 1's last day at Dilley FRC and the 48-hours prior, including January 5, 6, and 7, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 1 is and will remain in quarantine for 14 days from the date of the positive test result, until January 23, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 2: Employee 2 is a resident supervisor, who tested at an off-site facility on January 8, 2021, due to experiencing symptoms beginning on January 4, 2021. On January 8, 2021, the results came back positive. At this time, Employee 2 has not required treatment at a hospital or medical facility. Employee 2 was last at Dilley FRC on December 31, 2020. Contact tracing will not be conducted since Employee 2 was not at Dilley FRC in the 48-hours prior to experiencing symptoms. Employee 2 is and will remain in quarantine for 14 days from the date of the positive test result, until January 23, 2021. After that time, Employee 2 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 3: Employee 3 is a food service contractor, who tested at an off-site facility on January 9, 2021, due to experiencing symptoms beginning on January 8, 2021. On January 9, 2021,

the results came back positive. At this time, Employee 3 has not required treatment at a hospital or medical facility. Employee 3 was last at Dilley FRC on January 7, 2021. Contact tracing will be conducted for Employee 3's last day at Dilley FRC and the 48-hours prior, including January 5, 6, and 7, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 3 is and will remain in quarantine for 14 days from the date of the positive test result, until January 24, 2021. After that time, Employee 3 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 4: Employee 4 is a resident supervisor, who tested at an off-site facility on January 8, 2021, due to exposure to an individual who tested positive for COVID-19. On January 8, 2021, the results came back positive. At this time, Employee 4 is asymptomatic and has not required treatment at a hospital or medical facility. Employee 4 was last at Dilley FRC on January 4, 2021. Contact tracing will not be conducted since Employee 4 is asymptomatic and was not at Dilley FRC in the 48-hours prior to testing positive. Employee 4 is and will remain in quarantine for 14 days from the date of the positive test result, until January 23, 2021. After that time, Employee 4 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 5: Employee 5 is a resident supervisor, who tested at an off-site facility on January 6, 2021, due to experiencing symptoms beginning on January 4, 2021. On January 10, 2021, the results came back positive. At this time, Employee 5 has not required treatment at a hospital or medical facility. Employee 5 was last at Dilley FRC on January 4, 2021. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 5 was at Dilley FRC, including January 2, 3, and 4, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 5 is and

3

will remain in quarantine for 14 days from the date of the positive test result, until January 25, 2021. After that time, Employee 5 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 6: Employee 6 is a resident supervisor, who tested at an off-site facility on January 9, 2021, due to experiencing symptoms beginning on that date. On January 11, 2021, the results came back positive. At this time, Employee 6 has not required treatment at a hospital or medical facility. Employee 6 was last at Dilley FRC on January 9, 2021. Contact tracing will be conducted for the 48-hours prior to the onset of symptoms, on the dates Employee 6 was at Dilley FRC, including January 7, 8, and 9, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 6 is and will remain in quarantine for 14 days from the date of the positive test result, until January 26, 2021. After that time, Employee 6 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 7: Employee 7 is a resident supervisor, who tested at an off-site facility on January 9, 2021, due to experiencing symptoms beginning on that date. On January 11, 2021, the results came back positive. At this time, Employee 7 has not required treatment at a hospital or medical facility. Employee 7 was last at Dilley FRC on January 8, 2021. Contact tracing will be conducted for Employee 7's last day at Dilley FRC and the last 48-hours prior, including January 6, 7, and 8, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 7 is and will remain in quarantine for 14 days from the positive test result, until January 26, 2021. After that time, Employee 7 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 8: Employee 8 is a resident supervisor, who tested at an off-site facility on

4

January 11, 2021, due to experiencing symptoms beginning on that date. That same day, the results come back positive. At this time, Employee 8 has not required treatment at a hospital or medical facility. Employee 8 was last at Dilley FRC on January 11, 2021. Contact tracing will be conducted for 48-hours prior to the onset of symptoms, on the dates Employee 8 was at Dilley FRC, including January 9, 10, and 11, 2021. If any exposure is identified, the protocols for contact exposure previously described in ECF No. 108 will be implemented. Employee 8 is and will remain in quarantine for 14 days from the date of the positive test result, until January 26, 2021. After that time, Employee 8 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 9: Employee 9 is a resident supervisor, who tested at an off-site facility on January 11, 2021, due to experiencing symptoms beginning on January 9, 2021. On January 12, 2021, the results came back positive. At this time, Employee 9 has not required treatment at a hospital or medical facility. Employee 9 was last at Dilley FRC on January 6, 2021. Contact tracing will not be conducted since Employee 9 was not at Dilley FRC in the 48-hours prior to the onset of symptoms. Employee 9 is and will remain in quarantine for 14 days from the date of the positive test result, until January 27, 2021. After that time, Employee 9 has been directed to contact Human Resources for further guidance before reporting to work.

Employee 10: Employee 10 is a case manager, who tested at an off-site facility on January 9, 2021, due to experiencing symptoms beginning on January 6, 2021. On January 11, 2021, the results came back positive. At this time, Employee 10 has not required treatment at a hospital or medical facility. Employee 10 was last at Dilley FRC on December 20, 2020. Contact tracing will not be conducted since Employee 10 was not at Dilley FRC in the 48-hours prior to the onset of symptoms. Employee 10 is and will remain in quarantine for 14 days from the date of the positive

5

test result, until January 26, 2021. After that time, Employee 10 has been directed to contact Human Resources for further guidance before reporting to work.

**III.    Berks Family Residential Center ("Berks FRC")**

<u>Employee 1</u>: Employee 1 is a shelter care counselor, who tested at an off-site facility on January 8, 2021, due to exposure to an individual who tested positive for COVID-19. On January 11, 2021, the results came back positive. At this time, Employee 1 has not required treatment at a hospital or medical facility. Employee 1 was last at Berks FRC on January 2, 2021. Contact tracing will not be conducted as Employee 1 was not at Berks FRC in the 48-hours before testing positive. Employee 1 is and will remain in quarantine for 14 days from the date of the positive test results, until January 26, 2021. After that time, Employee 1 has been directed to contact Human Resources for further guidance before reporting to work.

RESPECTFULLY SUBMITTED this 15th day of January, 2021.

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

BRIAN P. HUDAK
Acting Chief, Civil Division, U.S. Attorney's Office
555 4th St. NW, Washington, DC 20530
Telephone: (202) 252-2549
Email: BHudak@usdoj.gov

JENNIFER B. DICKEY
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS PEREZ
Assistant Director

*s/  Jordan K. Hummel*

JORDAN K. HUMMEL
Trial Attorney
Office of Immigration Litigation - DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8715
Email: jordan.hummel@usdoj.gov

*Attorneys for Respondents*

# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| O.M.G., *et al.*, | Case No. 1:20-cv00786-JEB |
| *Petitioners*, | |
| v. | **NOTICE OF UPDATE IN CENSUS AT THE FAMILY RESIDENTIAL CENTERS** |
| Chad WOLF, Acting Secretary of the U.S. Department of Homeland Security, *et al.*, | |
| *Respondents*. | The Honorable James E. Boasberg |

Respondents hereby submit updated census numbers denoting the population at each of the three Family Residential Centers ("FRCs"), as of January 15, 2021.[1]

The capacity at the Dilley FRC is 2,400. ECF No. 39. As of today, there are 162 residents.

The capacity at the Karnes FRC is 839. ECF No. 39. As of today, there are 71 residents.

The capacity at the Berks FRC is 96. ECF No. 30. As of today, there are 19 residents.

RESPECTFULLY SUBMITTED this 15th day of January, 2021.

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

BRIAN P. HUDAK
Acting Chief, Civil Division, U.S. Attorney's
Office

---

[1] Acting Secretary Peter R. Gaynor is substituted for his predecessor, Chad Wolf. *See* Fed. R. Civ. P. 25(d).

1

555 4th St. NW, Washington, DC 20530
Telephone: (202) 252-2549
Email: BHudak@usdoj.gov

JENNIFER B. DICKEY
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS PEREZ
Assistant Director

s/ *Jordan K. Hummel*
JORDAN K. HUMMEL
Trial Attorney
Office of Immigration Litigation - DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8715
Email: jordan.hummel@usdoj.gov

*Attorneys for Respondents*

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| O.M.G., *et. al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-cv-00786-JEB |
| | ) | |
| CHAD WOLF, Acting Secretary of the U.S. | ) | |
| Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## DECLARATION OF DAWNISHA HELLAND

I, Dawnisha Helland, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Acting Chief of the Juvenile and Family Residential Management Unit (JFRMU), Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS). JFRMU addresses issues confronting unaccompanied alien children (UAC) and alien family groups who come into ERO custody, including those detained at a Family Residential Center (FRC). JFRMU develops policies sensitive to the various vulnerabilities and needs of these populations. JFRMU trains, monitors, and advises Field Office Juvenile Coordinators (FOJCs). These officers serve as subject matter experts on juvenile and family matters in their respective field offices. As JFRMU advises FOJCs, they in turn, advise their fellow officers who encounter minors during enforcement activities. JFRMU oversees and monitors the implementation of nationwide court orders that impact this population, including those in the present case.

2. The statements contained in this declaration are based on my personal knowledge and information provided to me in my official capacity.

3. As of January 15, 2021, the number of individuals housed at the FRCs are as follows:

    a. At Karnes, there were a total of 71 individuals, comprised of 37 adults and 34 juveniles.

    b. At Dilley, there were a total of 162 individuals, comprised of 81 adults and 81 juveniles.

    c. At Berks, there were a total of 19 individuals, comprised of 9 adults and 10 juveniles.

4. This declaration is based upon my personal and professional knowledge, information obtained from other individuals employed by ICE, and information obtained from various records and systems maintained by DHS. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above-captioned case.


Signed on this ___15th___ day of January 2021.

Dawnisha Helland
Acting Unit Chief, Juvenile and Family Residential Management Unit
ICE Enforcement and Removal Operations