UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 29, 2021 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. Jeffrey A. Rosen, et al.* | Page | 1 of 5 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE JANUARY 29, 2021 STATUS CONFERENCE**

On January 29, 2021, the Court held a status conference to discuss the January Interim Juvenile Coordinator Reports and the Joint Status Reports filed by the parties and *Amici Curiae*[1] regarding the Immigration and Customs Enforcement ("ICE") Directive required for the implementation of the Notice of Rights ordered by the Court in its September 18, 2020 Order [Doc. # 987].[2]

**Juvenile Coordinator Reports and Responses**

The Court commends the Office of Refugee Resettlement ("ORR") for its efforts and relative success in controlling the spread of COVID-19 in its shelters. But the recent surge in numbers of minors in ORR shelter care and consequent potential challenges to capacity and proper adherence to public health protocols are concerning. The Court will therefore require further reporting on ORR's capacity and COVID-19 management strategy. Specifically, the report should address how ORR will accommodate minors during the pandemic if maximum capacity is reached, particularly in any emergency influx situation, and what priority ORR personnel may have for a vaccine and the steps ORR will take to ensure prompt vaccination, when available, of its personnel and residents.

The ICE reporting is also satisfactory in detail, and ICE has made significant progress in reducing the number of minors held for prolonged periods. In the next report, the ICE Juvenile

---

[1] Participating *Amici Curiae* are Human Rights Watch, Amnesty International, Aldea - The People's Justice Center, Proyecto Dilley, and the Refugee and Immigrant Center for Education and Legal Services ("RAICES").

[2] Because there appear to be no disputes regarding *Amici*'s poster version of the Notice of Rights and Plaintiffs' requests for further video interviews of Class Members, the Court did not address the Joint Status Report on those issues [Doc. # 1073] and will not require further reporting on those issues at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 29, 2021 |
| Title | *Jenny L. Flores, et al. v. Jeffrey A. Rosen, et al.* | Page | 2 of 5 |

Coordinator shall include separate categories for all residents (separating out minors and adults) and personnel *currently* infected with COVID-19, in addition to cumulative totals.

The Court will also require a further report from the Customs and Border Patrol ("CBP") Juvenile Coordinator regarding CBP's evolving policies and capacity for processing minors. In particular, the next report should address CBP's preparations for any potential influx and steps taken to ensure compliance with COVID-19 safety protocols and the *Flores* Agreement's "safe and sanitary" provision at the Weslaco Border Patrol Station, McAllen Station, or any future facility that processes minors. The parties shall also submit a joint status report on the progress— hopefully, the finalization—of their long-negotiated settlement of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order regarding CBP conditions [Doc. # 572].

**Notice of Rights and ICE Directive**

On January 5, 2021, the Court approved the final language of the Notice of Rights, unless any party filed an objection. [Doc. # 1056.] No parties or *Amici* object to the final language, and the Notice of Rights is thus ready for dissemination. [*See* Doc. # 1056-1.] The only remaining impediment to informing Class Members of their rights is the finalization of the ICE Directive. As the Court made clear at the hearing, Defendants may consider and incorporate whatever constructive edits are provided by the Court, the Special Master Andrea Ordin, Plaintiffs, and *Amici*. The Court expects that the parties will finalize the internal Directive with the assistance of the Special Master prior to the next status conference.

In light of the foregoing, the Court **ORDERS** the following:

1. Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic. FSA at ¶¶ 11, 14 [Doc. # 101].

2. The parties shall meet and confer one final time to finalize the contents of the ICE Directive, with the assistance of Special Master Andrea Ordin.

    a. By **February 8, 2021**, the parties and *Amici* shall file on the docket the latest version of the ICE Directive and a joint status report regarding any remaining areas of disagreement with regard to the dissemination of the Notice of Rights. In their joint status report, the parties shall inform the Court whether language from Paragraph 16 of the *Flores* Agreement should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 29, 2021 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. Jeffrey A. Rosen, et al.* | Page | 3 of 5 |

        be incorporated into the ICE Directive and/or the Parent/Guardian Release Form or Sponsor Agreement.

    b.    Defendants shall also email a Word version of the latest ICE Directive to the Court.

3.    By **March 5, 2021**, the parties shall file a joint status report on the status of the draft CBP settlement agreement relating to Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order regarding CBP [Doc. # 572].

4.    The ORR and ICE Juvenile Coordinators shall file their next interim reports by **March 5, 2021**, covering the topics listed in the April 24, 2020 Order [Doc. # 784] and compliance with the Court's Order regarding minors held under Title 42 authority [Doc. # 976].

    a.    The CBP Juvenile Coordinator shall also file an interim report by **March 5, 2021**, providing (i) a census of Class Members in CBP custody in the Rio Grande Valley sector, (ii) a description of CBP's policies and capacity for processing minors in light of COVID-19, Title 42, and the recent influx, (iii) an update as to whether the conditions at the Weslaco Border Patrol Station, McAllen Station, or any other facility that serves as a hub for processing minors are safe and sanitary under FSA Paragraph 12, and (iv) a status update on the CPC Ursula renovation project and when it is expected to be completed.

    b.    The ICE Juvenile Coordinator shall also provide:

        i.    Specific explanations for the continued detention of each minor detained at an FRC beyond 20 days, which the Juvenile Coordinator will review with the Special Master before submitting the updated report to the Court;

        ii.    Information regarding the date of prospective removal for certain minors that is currently redacted even in the sealed Attachment A to the ICE Juvenile Coordinator Report. [*See* Doc. ## 1034, 1072]. In order that the Court can monitor imminence of removal, the Report should disclose to the Court at least the month and year of scheduled or prospective removal; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 29, 2021 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. Jeffrey A. Rosen, et al.* | Page | 4 of 5 |

        iii.  The numbers of all minors, adult residents, and personnel *currently* infected with COVID-19.

    b.  The ORR Juvenile Coordinator shall also provide:

        i.  The names and locations of ORR facilities where any Class Member has contracted COVID-19 while already housed at the facility, rather than being diagnosed with COVID-19 at intake;

        ii.  Updates on ORR's plans to expand capacity during the pandemic, particularly if any influx situation arises;

        iii.  Descriptions of ORR's COVID-19 plans in light of any recent updates to CDC guidelines and the start of vaccine distribution, including any steps to ensure prompt vaccination of personnel and residents; and

        iv.  A census and explanation of the Class Members detained in "out-of-network" facilities.

    c.  Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim reports by **March 12, 2021**, *after first meeting and conferring regarding areas of dispute and attempting to achieve resolution*.

5.  Special Expert Dr. Paul Wise and the Special Master Andrea Ordin shall continue to provide enhanced monitoring of the Family Residential Centers' ("FRCs") care of minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at the FRCs with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their parents; and (e) make such recommendations for remedial action that they deem appropriate. They shall also monitor the conditions at the ORR facility in Texas where five minors contracted COVID-19 from the general population as of January 13, 2021, and continue to monitor any hoteling of minors, under the authority discussed in the Court's July 25, 2020 Order. [Doc. # 887.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 29, 2021 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Jeffrey A. Rosen, et al.*** | Page | 5 of 5 |

6. The Court shall hold a further video status conference on **March 19, 2021 at 11:00 a.m.**

**IT IS SO ORDERED**.