BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  Sarah.B.Fabian@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544-DMG |
| Plaintiffs, | |
| v. | **JOINT STATUS REPORT** |
| MONTY WILKINSON, Acting Attorney General of the United States; *et al.*, | |
| Defendants. | |

> On January 29, 2021, the Court ordered:
>
> > By March 5, 2021, the parties shall file a joint status report on the status of the draft CBP settlement agreement relating to Plaintiffs' Ex Parte Application for a Temporary Restraining Order regarding CBP [Doc. # 572].

ECF No. 1077, ¶ 3. In accordance with the Court's order, the parties submit the following.

PLAINTIFFS' POSITION:

Plaintiffs agree with Defendants that after numerous meetings and exchanges of draft settlement proposals, the parties have made significant progress in their negotiations, and may be close to finalizing the terms of a settlement. Plaintiffs also appreciate that new leadership at the U.S. Department of Homeland Security and U.S. Customs and Border Protection need to become familiar with the draft settlement, and may also wish to consider the effect of the Ninth Circuit's December 29, 2020 Order on their willingness (rather than "ability" as Defendants state) to enter into this settlement as currently drafted.

Nevertheless, it does not appear that the Ninth Circuit's decision necessarily has any impact on Defendants' ability to conclude the CBP settlement. In short, the CBP settlement may be concluded regardless of Defendants' decision regarding the Ninth Circuit's December 29, 2020 Order, which largely focuses on ICE's and ORR's obligations under Defendants' new regulations.

On June 17, 2016, this Court ordered the parties, including Defendants' "decision-maker(s)" to mediation before then-Chief Judge George H. King. [Dkt. # 223.] On June 20, 2016, Judge King ordered counsel responsible for the conduct and trial of the pending matter, along with "authorized representative[s] [if ICE and CBP] who ha[ve] FULL authority to settle," to appear for a settlement conference with Judge King. [Dkt. # 224.] Thereafter, on August 23, 2016, Defendants were again ordered to appear for further settlement discussions including the attendance of the Deputy Commissioner because "the ultimate authority for negotiations

appear[s] to reside with [him]." [Dkt. #244.] On August 29, 2016, the Court denied the request of the Chief of the U.S. Border Patrol, Mark Morgan, to appear via video conference or telephone conference at a settlement conference. [Dkt.# 248.] While these negotiations did not result in a settlement, they did focus the parties on their remaining differences and Plaintiffs believe narrowed the issues the Court was ultimately required to address.

*Plaintiffs urge the Court to again Order the parties to meet in person or via video conference within the next twenty (20) days with Special Master Andrea Ordin and Medical Monitor Dr. Paul Wise and <u>require</u> the presence of Troy Miller, the Senior Official currently performing the duties of the Commissioner of CBP, and the Chiefs of the El Paso and McAllen CBP Sectors.*

This is likely the only path forward that may allow the parties to conclude a settlement after hundreds of hours have been dedicated to this matter arriving at the point where, as Defendants state, they are now "close to finalizing the terms of a settlement …"

Encouraging the parties to seriously explore whether a settlement may be reached is made all the more important by numerous recent reports of an emerging crisis because of the growing population of minors in CBP custody for more than seventy-two (72) hours.[1] While Defendants claim that the issue is not an operational concern or particular sticking point that remains to be resolved, but rather a legal

---

[1] *See, e.g.*, CNN Exclusive: Unaccompanied kids being held by Border Patrol for 77 hours on average, internal documents show, https://www.cnn.com/2021/03/03/politics/immigration-us-mexico-border-crisis/index.html;  CBS U.S. shelters for migrant children near maximum capacity as border crossings increase, https://www.cbsnews.com/news/u-s-shelters-for-migrant-children-near-maximum-capacity-as-border-crossings-increase/ (lasted checked March 5, 2021). *On March 2, 2021, the Border Patrol had more than 1,300 unaccompanied children in custody waiting for placement by HHS*. https://www.cnn.com/2021/03/02/politics/us-mexico-border-children/index.html (lasted checked March 5, 2021).

question regarding how Defendants wish to proceed in light of the December 29, 2020, Ninth Circuit's Order, the rapidly increasing number of minors being held for extraordinarily long periods of time in unsafe conditions in CBP custody strongly suggest that speed in moving the issue forward is now essential.[2]

DEFENDANTS POSITION:

Defendants believe that the parties have made significant progress in their negotiations, and may be close to finalizing the terms of a settlement. However, while Defendants remain willing to continue settlement discussions in the future, if appropriate, Defendants are unable to finalize any settlement at this time. Specifically, Defendants need time to ensure that new leadership at the U.S. Department of Homeland Security and U.S. Customs and Border Protection is familiar with the draft settlement, and also need to consider internally the effect of the Ninth Circuit's December 29, 2020 Order on their ability to enter into this settlement as currently drafted. Because Defendants' ability to enter into this settlement may be affected by the government's decision regarding the next steps it will take with regard to the Ninth Circuit's decision, Defendants ask that they be allowed to submit a further update to the Court after that decision is made.

Defendants do not agree that the forced participation in mediation of high-level agency officials—who have not to-date been involved in these discussion—would be fruitful at this time. The issue today is not an operational concern or particular sticking point that remains to be resolved, but a legal question that the

---

[2] While this status report is not the place to begin litigating next steps in light of the Ninth Circuit's Order, it is hardly clear that the Order is intended to sunset all portions of the FSA that deal with CBP custody. For example, while the FSA clearly requires that a Class Member's right to release and efforts aimed at release are required to commence and be recorded "[u]pon taking a minor into custody," (FSA ¶ 18), the regulations addressing apprehension say *nothing* about these rights until well after minors are transferred to ICE or ORR. *See* 84 Fed. Reg. 44,392, at 44527 (Aug. 23, 2019) (addressing DHS custodial care immediately after apprehension).

government needs to address internally before it can decide if entering into this settlement is an appropriate course of action. As soon as these strategic legal issues are resolved, the Defendants can advise the Court about how they intend to move forward, including whether finalization of the settlement is possible.

DATED: March 5, 2021 /s/Peter Schey (with permission)
*Class Counsel for Plaintiffs*
CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

DATED: March 5, 2021 BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

/s/ Sarah B. Fabian
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2021, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Sarah B. Fabian*
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants