CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (90754)
Peter A. Schey (58232)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: pschey@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | Case No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO ORR JUVENILE COORDINATOR'S INTERIM REPORT |
| v. | |
| WILLIAM BARR, Attorney General of the United States, *et al.*, | Hearing: March 19, 2021<br>11:00 a.m. |
| Defendants. | [Hon. Dolly M. Gee] |

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Poonam Juneja (Cal. Bar No. 300848)
Freya Pitts (Cal. Bar No. 295878)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email:   lwelch@youthlaw.org

On January 29, 2021, the Court ordered the ORR Juvenile Coordinator to file an interim report "covering the topics listed in the April 24, 2020 Order [Doc. # 784] and compliance with the Court's Order regarding minors held under Title 42 authority [Doc. # 976]." Order re January 29, 2021 Status Conference [Doc. # 1077] ("Status Conference Order"), at 3. The Court further ordered the ORR Juvenile Coordinator to provide —

i. The names and locations of ORR facilities where any Class Member has contracted COVID-19 while already housed at the facility, rather than being diagnosed with COVID-19 at intake;

ii. Updates on ORR's plans to expand capacity during the pandemic, particularly if any influx situation arises;

iii. Descriptions of ORR's COVID-19 plans in light of any recent updates to CDC guidelines and the start of vaccine distribution, including any steps to ensure prompt vaccination of personnel and residents; and

iv. A census and explanation of the Class Members detained in "out-of-network" facilities.

*Id*. at 4.

In Plaintiffs' view, the ORR Juvenile Coordinator's Interim Report of March 5, 2021, fails to supply information sufficient to show that Defendants are complying with the Settlement during the COVID-19 pandemic, particularly given the widely reported increase in the number of families and unaccompanied children seeking to enter the United States along the southern border.[1]

---

[1] *See, e.g.,* Camilo Montoya-Galvez, Adam Verdugo, *Record 3,200 Migrant Children Stuck in Border Patrol Custody, With Nearly Half Held Past Legal Limit*, CBS NEWS (March 9, 20201), *available at* www.cbsnews.com/news/migrant-children-border-patrol-custody-past-legal-limit/ (last visited March 12, 2021); Priscilla Alvarez, *Biden Administration Tells Facilities for Migrant Children to Reopen to Pre-Pandemic Levels*, CNN POLITICS (March 5, 2021), *available at*

On March 8, 2021, Plaintiffs requested the Parties meet and confer in an effort to resolve their differences over the adequacy of the ORR Juvenile Coordinator's report. *See* Email Thread, March 8-9, 2021, Exhibit A attached hereto. Among other things, Plaintiffs requested that the ORR Juvenile Coordinator's Interim Report provide a greater level of transparency regarding the following:

- ORR's policy on releasing or repatriating class members prior to expiration of a 14-day "'routine intake quarantine.'"
- ORR's policy regarding quarantining children anew upon "transfer[ring] them to another facility in the interest of making quarantine or isolation beds available for newly admitted minors."
- The actual number of class members who have been vaccinated during ORR custody.
- What efforts ORR is making to reduce overcrowding in facilities by expediting the discharge of minors from its custody.
- Policies ORR has recently adopted that may differ from those described in the ORR Juvenile Coordinator's most recent report.

*Id*. at 5-6.

Plaintiffs explained that "ORR's policies toward capacity, testing, quarantine, and release directly impact CBP's ability to transfer children promptly out of its facilities." *Id*. at 1.

On March 10, 2021, the Parties and Independent Monitor Andrea Sheridan Ordin met and conferred. Defendants thereafter agreed to consider releasing pertinent ORR policies to Plaintiffs, and Plaintiffs agreed to consider stipulating to changes to the ORR Juvenile Coordinator's reporting requirements to better correspond to current monitoring needs. The Parties agreed to reconvene promptly

---

www.cnn.com/2021/03/05/politics/immigration-border-crowding-covid/index.html (last visited March 12, 2021).

to continue their discussion; Plaintiffs are awaiting word from Defendants as to when they will be in a position to do so.[2]

Although other issues may develop, for the time being Plaintiffs are satisfied that the Parties are making adequate progress toward resolving their differences over the ORR Juvenile Coordinator's Interim Report.

Dated: March 12, 2021

CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín
Peter A. Schey

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Poonam Juneja
Freya Pitts
Melissa Adamson
Mishan Wroe

*/s/ Carlos Holguín*
Carlos Holguín
*One of the Attorneys for Plaintiffs*

---

[2] On March 9 and 12, 2021, Defendants forwarded Plaintiffs four documents, including guidance relevant to the meet and confer topics Plaintiffs raised in Exhibit A.

3

# Exhibit A



**From:** Carlos Holguín crholguin@centerforhumanrights.email
**Subject:** Re: Request to meet/confer re HHS Juvenile Coordinator report
**Date:** March 9, 2021 at 9:46 AM
**To:** Fabian, Sarah B (CIV) Sarah.B.Fabian@usdoj.gov
**Cc:** Andrea Sheridan Ordin aordin@strumwooch.com, Paul H. Wise pwise@stanford.edu, Murley, Nicole (CIV) Nicole.Murley@usdoj.gov, Miranda-Maese, Aurora (ACF) (CTR) Aurora.Miranda-maese@acf.hhs.gov, Peter Schey pschey@centerforhumanrights.org, Batool, Fizza (CIV) Fizza.Batool2@usdoj.gov, Flores Team flores@youthlaw.org

Sarah,

According to CBS News, the Border Patrol is detaining some 1,500 class members for longer than 72 hours. *See* www.cbsnews.com/news/migrant-children-border-patrol-custody-past-legal-limit/. As far as we know, the capacity of the Donna Centralized Processing Center (CPC-DNT) is no greater than 1,000, from which we may infer that hundreds of class members are being held for extended periods in Border Patrol stations that are neither licensed nor designed to care for children.

Plaintiffs are appreciate that Defendants are currently contending with an influx, but that does not absolve Plaintiffs of their duty to ensure that children's extended stays in unlicensed Border Patrol facilities during a pandemic are truly a last resort. It is virtually self-evident that ORR's policies toward capacity, testing, quarantine, and release directly impact CBP's ability to transfer children promptly out of its facilities.

Again, Plaintiffs understand that Defendants are contending with an influx, and we are prepared to accept that full compliance with the FSA's licensed placement requirements may not always be feasible in the short term. But we would be remiss in our duty to plaintiff children were we to do nothing without a fairly coherent understanding of the matters set out in my initial email. A reasonable modicum of transparency would reduce both the need for on-site monitoring and the probability of further litigation.

Given the short time remaining for Plaintiffs to prepare a response to the juvenile coordinator's report, I regret that Plaintiffs are not in a position to prolong this debate. Please advise whether or not Defendants are willing to meet and confer, and if so, a time either this afternoon or tomorrow morning when they are available to do so.

Thank you,

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

> On Mar 9, 2021, at 8:03 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:
>
> Carlos,
>
> You state that your concerns relate to the 'Court's ongoing oversight' and ORR's need to provide the Court 'adequate information,' in conjunction with the Court's orders. Defendants' obligations to include specific information in the Interim Report from the ORR Juvenile Coordinator are based on the Court's orders, which specifically detail the information that the Court is ordering the Juvenile Coordinator to include in her Report. Defendants believe that the Juvenile Coordinator's Interim Report provides the information required by the Court's Orders. Without at least some explanation as to how you believe ORR is not in compliance with a Court order or the FSA, there does not appear to be any basis under which ORR is required to address the clarifications you seek.
>
> Defendants also note the Court has already found that ORR complies with requirements

to maintain safe and sanitary facilities for children, and Defendants continue to work closely with Ms. Ordin and Dr. Wise who are providing oversight of ORR's facilities related to the Court's orders. As noted in my original email, to the extent Ms. Ordin (who is cc'ed on these emails) requests any additional information be provided to her or to Dr. Wise—whether the information requested in your email or any other requests the Monitors may have—ORR is happy to provide such information as it has always done.

And finally, to the extent you are simply asking that ORR provide more information to you through the meet and confer process, it does not appear that there is any basis for your request and ORR declines to meet and confer for that purpose.

I attach a recent guidance that was distributed to ORR care facilities and is publicly available, so we are sharing for your awareness.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

---

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Monday, March 08, 2021 3:17 PM
**To:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
**Cc:** Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Murley, Nicole (CIV) <Nicole.Murley@usdoj.gov>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Peter Schey <pschey@centerforhumanrights.org>; Batool, Fizza (CIV) <Fizza.Batool2@usdoj.gov>; Flores Team <flores@youthlaw.org>
**Subject:** Re: Request to meet/confer re HHS Juvenile Coordinator report

Plaintiffs dispute that the ORR Juvenile Coordinator's report provides adequate information with respect to the ennumerated items. Plaintiffs do not seek a "blanket opportunity . . . to request information to which they would otherwise not be entitled." To the contrary, each of the ennumerated items relates directly to the Court's ongoing oversight of whether Defendants are complying with the FSA's requirements that they expeditiously afford class members licensed placements in safe and sanitary facilities and release them without unnecessary delay during the pandemic. We request to meet/confer to discuss Defendants' willingness to supplement the report such that the Court may have current, adequate information regarding the treatment and conditions class members are experiencing during federal custody.

As regards the FSA, Plaintiffs do not read the Court's order as requiring Plaintiffs to allege specific violations of the FSA as a prerequisite to conferring regarding the report's adequacy. In all events, each of the ennumerated items relates to whether Defendants are expeditiously affording class members licensed placements in safe and sanitary facilities and releasing them without unnecessary delay.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

> On Mar 8, 2021, at 11:44 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:
>
> Carlos:
>
> That paragraph does not provide a blanket opportunity for Plaintiffs to request information to which they would otherwise not be entitled. Rather, the plain language of the paragraph would require Plaintiffs to identify "areas of dispute" that you are seeking to resolve through a meet and confer. Thus, as requested below, Defendants would ask that you explain whether you are asserting that there are possible violations of the FSA related to the information you are seeking? And if that is the case, can you please clarify precisely what those asserted violations are, and how the information you are seeking relates to—and/or would resolve—any asserted violations?
>
> If you are not asserting that there are possible violations of the FSA then please indicate what other areas of dispute exist that you believe require resolution.
>
> Best,
> Sarah
>
> Sarah B. Fabian
> Senior Litigation Counsel
> Office of Immigration Litigation – District Court Section
> (202) 532-4824
>
> ---
>
> **From:** Carlos Holguín <crholguin@centerforhumanrights.email>
> **Sent:** Monday, March 08, 2021 2:34 PM
> **To:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
> **Cc:** Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Murley, Nicole (CIV) <Nicole.Murley@usdoj.gov>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Peter Schey <pschey@centerforhumanrights.org>; Batool, Fizza (CIV) <Fizza.Batool2@usdoj.gov>; Flores Team <flores@youthlaw.org>
> **Subject:** Re: Request to meet/confer re HHS Juvenile Coordinator report

Sarah,

Plaintiffs request this meet/confer pursuant to ¶ 4(c) of the Court's Order of January 29, 2021 (Doc. #1077).

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
213.388-8693 x.309 (v)
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

> On Mar 8, 2021, at 11:06 AM, Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:
>
> Carlos,
>
> Your request does not seek a meet and confer regarding any alleged violations of the FSA, but rather asks for information to which Plaintiffs are not otherwise entitled under the Agreement. Can you please clarify whether you are asserting that there are possible violations of the FSA related to the information you are seeking ? And if that is the case, can you please clarify precisely what those asserted violations are, and how the information you are seeking relates to—and/or would resolve—any asserted violations?
>
> In the meantime, HHS is happy to address any of the questions that you raise below with the Monitor should she seek further information about any of the issues raised in the Report.
>
> Best,
> Sarah
>
> Sarah B. Fabian
> Senior Litigation Counsel
> Office of Immigration Litigation – District Court Section
> (202) 532-4824
>
> **From:** Carlos Holguín <crholguin@centerforhumanrights.email>
> **Sent:** Monday, March 08, 2021 12:23 PM
> **To:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
> **Cc:** Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul

H. Wise <pwise@stanford.edu>; Murley, Nicole (CIV) <Nicole.Murley@usdoj.gov>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Flores Team <flores@youthlaw.org>; Peter Schey <pschey@centerforhumanrights.org>
**Subject:** Request to meet/confer re HHS Juvenile Coordinator report

Dear Sarah,

Plaintiffs request to meet and confer in an effort to clarify the following matters addressed in the ORR Juvenile Coordinator's most recent report:

> 1) ORR's policy re placing minors who come into its custody in facilities closest to the place they are apprehended.
> 2) Whether ORR's "flexible cohorting strategy" has altered the capacity of facilities along the southern border, and if so, which facilities have been impacted and to what extent.
> 3) How ORR's "Incident Action Plan[s]" impact class members' placement, quarantine or isolation, or release.
> 4) ORR's policy on releasing or repatriating class members prior to expiration of a 14-day "'routine intake quarantine.'"
> 5) ORR's policy re quarantining children anew upon "transfer[ring] them to another facility in the interest of making quarantine or isolation beds available for newly admitted minors."
> 6) ORR's policy on releasing class members who will turn 18 prior to expiration of a quarantine period.
> 7) The actual number of class members who have been vaccinated during ORR custody.
> 8) ORR's policy with respect to facility staff who refuse to disclose exposure to COVID-19 or who elect not to receive COVID-19 vaccine.
> 9) The specific CDC guidelines or recommendations ORR follows re quarantining, testing, and social distancing with respect to the different types of facilities in which it places class members.
> 10) What efforts ORR is making to reduce overcrowding in facilities by expediting the discharge of minors from its custody.
> 11) What efforts ORR is making to coordinate with CBP regarding the transfer, placement, and discharge of class members.
> 12) Policies ORR has recently adopted that may differ from those described in the ORR Juvenile Coordinator's most

> recent report (*e.g.*, www.cnn.com/2021/03/05/politics/immigration-border-crowding-covid/index.html).

Plaintiffs request the Independent Monitor, Dr. Wise, and Juvenile Coordinator Miranda-Maese participate in the conference. Plaintiffs suggest the parties confer regarding the foregoing on March 9, 2021, at 2:00 p.m. pacific, or as soon thereafter as Defendants can be prepared to address the indicated topics. Please advise.

Thank you.

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 290-1642
http://www.centerforhumanrights.org

<ORR UC.URM Letter.pdf>