UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-04544 DMG (AGRx)** | Date | March 19, 2021 |
| Title | ***Jenny L. Flores, et al. v. Merrick Garland, et al.*** | Page | 1 of 5 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)
None Present

Attorneys Present for Defendant(s)
None Present

**Proceedings:  IN CHAMBERS—ORDER RE MARCH 19, 2021 STATUS CONFERENCE**

On March 19, 2021, the Court held a status conference to discuss (1) the March Interim Juvenile Coordinator Reports [Doc. # 1084]; (2) the parties' Joint Status Report regarding the draft settlement with Customs and Border Patrol ("CBP") relating to Plaintiffs' *Ex Parte Application* for a Temporary Restraining Order [Doc. # 572]; (3) requirements for the parties' upcoming Joint Status Report on the Immigration and Customs Enforcement ("ICE") Directive and Notice of Rights ordered by the Court in its September 18, 2020 Order [Doc. # 987]; and (4) deadlines regarding the upcoming Interim Report by the Special Master Andrea Ordin and Special Expert Dr. Paul Wise on the evolving situation relating to migrant minors at the U.S. Southwest Border.

The Court commends each agency for their swift responses to increased exigencies. In particular, the Court notes the positive changes implemented in CBP's coordination and strategy with respect to *Flores* Settlement Agreement compliance. In light of the rapidly evolving circumstances, the Court shall require specific topics to be reported upon in the Juvenile Coordinators' next interim reports, as described below.

As for the Notice of Rights and ICE Directive, ICE's new policies resulting in more rapid processing of families seem likely to make this issue less of an urgent priority at this time. The parties' next Joint Status Report on the ICE Directive, originally stipulated to be due on March 24, 2021, shall include an updated census of any Class Members in ICE custody for over 20 days. In the meantime, the parties and Legal Services Providers *Amici Curiae* remain free to disseminate the Notice of Rights to their clients as they deem appropriate.

The parties also requested the inclusion of a range of additional topics in next week's Joint Status Report. To encourage expeditious resolution of these issues, the Court grants those requests.

Lastly, the Court grants the parties the opportunity to respond to a draft of the Special Master and Special Expert's next interim report and recommendations before that report is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-04544 DMG (AGRx)** | Date | March 19, 2021 |
| Title | ***Jenny L. Flores, et al. v. Merrick Garland, et al.*** | Page | 2 of 5 |

finalized and filed on the docket, as well as the opportunity to respond again once it is filed. [Doc. # 494.]

In light of the foregoing, the Court **ORDERS** the following:

1. Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic. FSA at ¶¶ 11, 14 [Doc. # 101].

2. By **March 26, 2021**, the parties shall file a Joint Status Report regarding the following topics:

    a. The status of Defendants' plans regarding the ICE Directive and the dissemination of the Notice of Rights, which should include and take into account the census data for Class Members held in ICE facilities beyond 20 days.

    b. The status of the draft CBP settlement agreement relating to Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order [Doc. # 572] and Defendants' explanation as to how the Ninth Circuit's December 29, 2020 Order affects that status.

    c. A description of Class Members' access to legal counsel at Karnes County Family Residential Center and the South Texas Family Residential Center ("Dilley");

    d. The status of the parties' discussions regarding proposed changes to the information shared by the Office of Refugee Resettlement ("ORR") Juvenile Coordinator in her interim reports and other contexts.

3. The CBP, ICE, and ORR Juvenile Coordinators shall file their next interim reports by **April 9, 2021.**

    a. The CBP Juvenile Coordinator shall provide: (i) a census of Class Members in CBP custody in the Rio Grande Valley sector, (ii) an update on CBP's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-04544 DMG (AGRx) | Date | March 19, 2021 |
|---|---|---|---|
| Title | Jenny L. Flores, et al. v. Merrick Garland, et al. | Page | 3 of 5 |

    policies and capacity for processing minors in light of COVID-19, Title 42, and the recent influx, (iii) an update as to whether the conditions at the Donna Centralized Processing Center (CPC-DNT) or any other facility that serves as a hub for processing minors are safe and sanitary under FSA Paragraph 12, and (iv) a status update, if any, on the CPC Ursula renovation project and any other CBP construction or renovation projects related to processing Class Members.

  b. The ICE Juvenile Coordinator shall cover the topics listed in the April 24, 2020 Order [Doc. # 784] and compliance with the Court's Order regarding minors held under Title 42 authority [Doc. # 976] with respect to any facilities in which ICE receives Class Members. In addition, the interim report shall provide:

    i. Specific explanations for the continued detention of each minor detained at an ICE facility beyond 20 days, which the Juvenile Coordinator will review with the Special Master before submitting the updated report to the Court;

    ii. The numbers of all minors, adult residents, and personnel *currently* infected with COVID-19 at any ICE facility that receives Class Members.

    iii. A description of ICE's policies regarding access to counsel at facilities that receive Class Members.

  c. In light of evolving circumstances and the parties' progress toward an agreement regarding ORR information sharing, the ORR Juvenile Coordinator is relieved of the duty to report on the topics listed in the April 24, 2020 Order [Doc. # 784] and compliance with the Court's Order regarding minors held under Title 42 authority [Doc. # 976]. Instead, the ORR Juvenile Coordinator will report on the topics agreed upon by the parties in their March 26 Joint Status Report, as well as:

    i. The reasons for delays in transferring Class Members from CBP to ORR custody;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-04544 DMG (AGRx)** | Date | March 19, 2021 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick Garland, et al.*** | Page | 4 of 5 |

    ii.  The names and locations of ORR facilities where any Class Member has contracted COVID-19 while already housed at the facility, rather than being diagnosed with COVID-19 at intake;

    iii.  Updates on ORR's plans, if any, to expand capacity;

    iv.  Updates on ORR's plans, if any, to expedite intake and/or release of Class Members; and

    v.  Descriptions of ORR's collaboration with other agencies, including CBP and the Federal Emergency Management Agency ("FEMA"); and

    vi.  Descriptions of ORR's COVID-19 plans in light of any recent updates to CDC guidelines and the start of vaccine distribution, including any steps to ensure prompt vaccination of personnel and residents.

    d.  Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim reports by **April 16, 2021**, *after first meeting and conferring regarding areas of dispute and attempting to achieve resolution*.

4.  Special Expert Dr. Paul Wise and the Special Master Andrea Ordin shall continue to provide enhanced monitoring of ICE facilities' care of minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have telephone or videoconference access to persons most knowledgeable at those facilities with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their parents; and (e) make such recommendations for remedial action that they deem appropriate. They shall also monitor the conditions at CBP facilities that process minors, ORR "Emergency Intake Sites," and any other new sites under any Defendant's control that care for Class Members. They shall continue to monitor any hoteling of minors, under the authority discussed in the Court's July 25, 2020 Order. [Doc. # 887.]

    a.  By **March 26, 2021**, the Special Master and Special Expert shall deliver the draft of their next interim report and recommendations to the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-04544 DMG (AGRx)** | Date | March 19, 2021 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick Garland, et al.*** | Page | 5 of 5 |

        b.    By **March 31, 2021**, the Special Master and Special Expert shall file their next interim report with the Court.

        c.    The parties may file any responses to the interim report by **April 7, 2021**.

5.    The Court will hold a further video status conference on **April 23, 2021 at 11:00 a.m.**

**IT IS SO ORDERED**.