BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsels
FIZZA BATOOL
Trial Attorney
    Tel: (202) 616-4863
    Fax: (202) 305-7000
    Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, Attorney General of the United States; *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG <br><br> **Defendants' Objections to Plaintiffs' Declarations Filed in Response to Independent Monitor's "Interim Report on Defendants' Response to January – March Influx" (ECF No. 1103)** |

## I.     **INTRODUCTION**

On April 2, 2021 the Special Master/Independent Monitor ("Monitor") and Dr. Paul Wise filed their "Interim Report on Defendants' Response to January – March Influx" (ECF No. 1103) ("Interim Report"). The Court ordered that the parties should file any responses to the Interim Report on or before April 9, 2021. ECF No. 1102. In accordance with the Court's order, the parties filed their responses on that date. ECF Nos. 1108; 1109.[1] Plaintiffs submitted the declarations of *Flores* Counsel Leecia Welch and Melissa Adamson in support of their response to the Interim Report. ECF Nos. 1109-1; 1109-2. These declarations summarize *Flores* Counsels' site visits at the Donna Central Processing Center ("Donna"), the Carrizo Springs temporary influx facility ("Carrizo Springs"), and certain Emergency Intake Sites (EIS).

Defendants object to these declarations primarily on the basis that: (1) the declarations are improper testimony by *Flores* Counsel, who cannot serve as witnesses and counsel in the same litigation. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, *9 (9th Cir. 1994) (excluding evidence that required a foundation to be laid by trial counsel because the Advocate-Witness rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation") (citing *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985)); (2) the declarations are improper under Rule 602 of the Federal Rules of Evidence to the extent that the declarants seek to testify about matters for which they lack personal knowledge, and the evidence presented is based on hearsay; and (3) the declarations are improper under Rule 701 of the Federal Rules of Evidence to the extent that the declarants' testimony contains improper lay witness opinion testimony. If the Court intends to take action on the Interim Report, then Defendants respectfully request

---

[1] For the Court's awareness and for consistency purposes, the page number citations correspond to the PDF pagination of the electronically filed documents.

the Court to follow the procedures in the Monitoring Order and in Federal Rule of Civil Procedure 53(f). *See also* ECF No. 1108.

## II. LEGAL EVIDENTIARY STANDARDS

First, the Advocate-Witness Rule stands for the proposition that an attorney cannot serve as both an advocate and a witness in the same case, in order to protect the integrity of the fact-finding process. *Prantil*, 764 F.2d at 554. Generally, the Rule permits one of two solutions to "avoid the improprieties inherent in advocate testimony." *Id*. at 553. Attorneys must choose to proceed either as counsel or as witness, and withdraw from the conflicting role. *Id*.[2]

Second, the Federal Rules of Evidence govern the admissibility of evidence. Rule 602 mandates that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." A declaration is a substitute for oral testimony and, therefore, all matters set forth in declarations must be based on personal knowledge and statements in declarations are inadmissible unless the declaration itself affirmatively demonstrates that the declarant has personal knowledge of those facts. *See Los Angeles Times Communications LLC v. Dept. of the Army*, 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006) ("Generally, Rule 602 requires that a witness' testimony be based on events perceived by the witness through one of the five senses.").

Rule 701 governs the admissibility of lay witness opinions. Under Rule 701, opinion testimony of lay witnesses is permissible if the opinions are (1) rationally

---

[2] There are limited exceptions to this Rule which include situations where: "the proposed testimony relates to a purely formal or uncontested matter; the need for the testimony could not have been reasonably anticipated and the evidence is necessary to prevent a miscarriage of justice; and where a particular attorney's familiarity with a case is such that withdrawal will irreparably injure his client's case. *See* Model Code of Professional Responsibility E-C 5-10 & accompanying footnotes. These exceptions are narrowly interpreted and '[w]here the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.' *Id*. EC 5-10." *Prantil*, 764 F.2d at 553 n.2. These exceptions are inapplicable in the instant case.

based on the perception of the witness; (2) helpful to the determination of a fact in issue; and (3) not based on scientific, technical, or specialized knowledge. Fed. R. Evid. 701. That is, opinion testimony of lay witnesses must be "predicated upon concrete facts within their own observation and recollection - that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006).

Rule 801 mandates that out-of-court written statements offered to prove the truth of the matter asserted constitute hearsay. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002) (citing Fed. R. Evid. 802; 30B Federal Practice & Procedure: Evidence § 7031 at 279).

### III.   OBJECTIONS TO PLAINTIFFS' DECLARATIONS

#### a. Declaration of Leecia Welch

Defendants object to the testimony contained in the Declaration of Leecia Welch (Welch Declaration). *See* ECF No. 1109-1 (Pls.' Ex. A). The Welch Declaration contains improper testimony by *Flores* Counsel who cannot serve as witnesses and counsel in the same litigation as dictated by the Advocate-Witness Rule. It also consists of hearsay – out-of-court, written statements offered to prove the truth of the matters asserted. In addition, the declaration lacks foundation, is not based on personal knowledge, calls for speculation, contains improper opinion testimony by a lay witness, and contains improper legal conclusion. *See* Fed. R. Civ. P. 56 (c)(4); L.R. 7-7; Fed. R. Evid. 801-802; Fed. R. Evid. 601-602; Fed. R. Evid. 701. Specifically, Defendants object to the following paragraphs of the Welch Declaration as containing impermissible hearsay: Paragraphs 6-13, Paragraphs 16-

19, Paragraph 26, and Paragraphs 30-39. *See* ECF No. 1109-1, at 3-9 (Pls.' Ex. A). What Ms. Welch was allegedly told by various staff and children at these sites, and then recounted throughout her declaration, falls squarely within the definition of hearsay.

Defendants also object to Paragraphs 24 and 39 of the Welch Declaration as containing improper opinion testimony by a lay witness. Ms. Welch first states "[i]n my opinion, suggesting that the only options are a prolonged stay at Donna and standardless emergency sites offers a false dichotomy. ORR should be devoting significantly more resources to enhancing its case management capacity both because children have a right to be quickly and safely reunified with their families and because not doing so will place ever increasing demands on a system that is already stretched far beyond capacity." *Id*. at 6. This paragraph consists of Ms. Welch's speculation, improper opinion, and conclusion regarding the Donna and EIS facilities, and ORR operations overall. Next, Ms. Welch states that "the Convention Center is not adhering to any particular standards other than being a 'life-saving mission' operating generally under a 'best interests of the child' standard." *Id*. at 9. Aside from the hearsay indications within this statement which appear to repeat the opinions of another, this is also precisely the type of lay testimony regarding legal conclusion that has been held repeatedly to be inadmissible. *See Evangelista v. Inland Boatman's Union of the Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay witness' testimony of legal conclusion is inadmissible under Fed. R. Evid. 701).

In sum, large segments of the Welch Declaration fail to conform to the Local Rules and the Federal Rules, and therefore Defendants object to its admission into the record.

    **b. Declaration of Melissa Adamson**

Defendants object to the testimony contained in the Declaration of Melissa Adamson (Adamson Declaration). *See* ECF No. 1109-2 (Pls.' Ex. B). Similarly, the Adamson Declaration contains improper testimony by *Flores* Counsel who cannot

serve as witnesses and counsel in the same litigation as dictated by the Advocate-Witness Rule. It also consists predominantly of hearsay – out-of-court, written statements offered to prove the truth of the matters asserted. Specifically, Defendants object to the following paragraphs of the Adamson Declaration as containing impermissible hearsay: Paragraph 7, Paragraph 9, Paragraphs 13-14, Paragraphs 16-24, Paragraphs 27-28, and Paragraphs 33-41. *See id.*, at 2-8. Again, what Ms. Adamson was allegedly told by various staff and children at these sites, and then recounted throughout her declaration falls squarely within the definition of hearsay. Therefore, Defendants object to its admission into the record as well.

## IV.     CONCLUSION

For all of the above reasons, Defendants object to these declarations on evidentiary bases. If the Court intends to take action on the Interim Report, then Defendants respectfully request the Court to follow the procedures in the Monitoring Order and in Federal Rule of Civil Procedure 53(f), and as previously discussed in Defendants' Response to the Interim Report. ECF No. 1108.

DATED: April 16, 2021                Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsels

*/s/ Fizza Batool*
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-4863
Fax: (202) 305-7000
Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ *Fizza Batool*
FIZZA BATOOL
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants