ALDEA – THE PEOPLE'S JUSTICE CENTER
Bridget Cambria, Esq.
Executive Director
532 Walnut Street
Reading, PA 19601
Tel. (484) 877-8002 / Fax. (484) 772-8003
E-mail: bridget@aldeapjc.org

Attorney for *LSP Amici Curiae*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV-85-4544-DMG <br><br> **RESPONSE OF *LSP AMICI CURIAE* TO THE APRIL 2021 INTERIM REPORT OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT JUVENILE COORDINATOR** <br><br> Judge: Hon. Dolly M. Gee |

# **TABLE OF CONTENTS**

I. Introduction………………………………………………………………….1

II. COVID Restrictions and Procedures ……………………………….....1

III. Availability of Group Legal Presentations …………………………..2

IV. Availability of Video Conferencing Technology for Legal Visitation……………………………………………………………….3

V. Access to Free Legal Services ……………………………………………...4

VI. Access to Legal Information at Dilley and Karnes…………………….7

VII. The Development of Hotel-Based Detention Sites for Families……….8

VIII. Conclusion……………………………………………………………….9

**RESPONSE OF *LSP AMICI CURIAE* TO THE APRIL 2021 INTERIM REPORT OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT JUVENILE COORDINATOR**

### I. Introduction

The ICE Juvenile Coordinator ("JC") filed an interim report on April 9, 2021 (the "JC Report") in response to the Court's March 19, 2021 Order. *See Flores v. Barr*, No. 2:85-cv-4544 (C.D. Cal. March 19, 2021) ("March 19, 2021 Order") [Doc. # 1098]. Subsequent to a meet and confer with Government counsel where the following information was shared, LSP *Amici*—Aldea - The People's Justice Center, RAICES, and Proyecto Dilley— respond as follows.

Access to available free legal services for children in government custody is a cornerstone of the Flores Settlement Agreement.[1] Availability of free legal services is equally important for both accompanied and unaccompanied children. Free, unfettered, and available legal access is integral because the heart of the agreement is to ensure the proper care of detained children given their particular vulnerability as minors. Certainly, the length in detention of a child or family cannot affect the a benefit written into the agreement. It is essential to ensuring the continuing care of children in detention while at the same time holding the government to their obligations under the FSA.

### II. COVID Restrictions and Procedures

COVID-19 protocols and procedures at Dilley and Karnes remain unknown to

---

[1] See FSA § 32C. See also FSA, Exhibit 1, § 14.

1

LSP *Amici* and are unreported in the JC report. While families report they are able to move freely throughout each facility upon intake without a required preliminary quarantine period, as further detailed below, ICE has cited quarantine procedures as the reason for denying LSP Amici's requests for group legal presentations (Meza ¶ 8, Fluharty ¶ 7).

Families detained at Karnes and Dilley report multiple families being held in a dormitory at a time. (Meza ¶ 9, Fluharty ¶6). It is unknown to *LSP Amici* how many families are permitted per dormitory under each facilities current COVID-19 protocols and whether the placement of multiple families in each dormitory permits six feet of distance between beds.

LSP *Amici* understand ICE's COVID-19 procedures continue to evolve based upon guidance provided by the U.S. Centers for Disease Control and Prevention and Dr. Paul Wise, and the evolving circumstances at the U.S.-Mexico border. LSP *Amici* strongly encourage procedures that allow for social distancing to the maximum extent possible by utilizing all hallways and neighborhood complexes available at each facility to minimize the number of families who are required to house in the same room.

### III. Availability of Group Legal Presentations

LSP Amici have repeatedly requested the opportunity to host group Know Your Rights ("KYR") presentations. (Meza ¶¶ 7-8, Fluharty ¶8). As of the filing of this submission, all such requests have been denied. (Meza ¶¶ 7-8, Fluharty ¶8).

2

LSP *Amici* have been unable to provide a group legal presentation at Karnes or Dilley since April, 2020. (Meza ¶ 6, Fluharty ¶8).

At Karnes, an EOIR contracted non-profit provides orientation through the Department of Justice's Legal Orientation Program (LOP). (Meza ¶ 8). Based upon information and belief, the LOP provider has not provided a group presentation either in-person or remotely at Karnes in months. *Id*. ICE plays a pre-recorded video provided by the LOP provider at Karnes. *Id*. Further, there is no LOP provider contracted to provide LOP at Dilley (Fluharty ¶10).

On information and belief, LSP *Amici* believe the following statement in the JC Report was submitted to the Court is unsupported without more information: "Class Members now have access to twice daily VTC group meetings with a legal service provider, which are conducted in a large space that can accommodate up to twenty (20) people at a time".

If Defendants are now able and willing to facilitate group legal presentations for Class Members, LSP *Amici* respectfully request information from the Defendants regarding the appropriate procedures and points of contact for setting up these presentations. LSP *Amici* wish to provide group legal presentations to every family placed in Dilley and Karnes within 48 hours of arrival and have suggested this to Defendants. LSP *Amici* look forward to working with the Defendants to facilitate the provision of critical legal information to Class Members.

### IV. Availability of Video Conferencing Technology for Legal Visitation

Although the JC Report states that video-conferencing is available at Dilley and Karnes, all prior requests by LSP *Amici* for legal visitation by video conference equipment at Dilley have been denied (Fluharty ¶9). At Karnes, video-conference equipment is frequently not functional or is unavailable for use by legal service providers. (Meza ¶ 10). If video conferencing technology is now available for individual and group legal presentations, LSP *Amici* LSP request information from Defendants regarding how video legal visitation may be requested, what video-conferencing platform is available, and the guidelines and restrictions for legal visitation by video, if any.

### V. Access to Free Legal Services

*First,* while the JC Report confirms that Class Members are provided with all documents required by paragraph 24D of the FSA, including a list of free legal service providers, LSP Amici seek clarification regarding what legal service provider list is distributed to Class Members in Dilley and Karnes (Fluharty ¶11).

The Department of Justice, Executive Office of Immigration Review (EOIR), maintains numerous lists of pro bono legal service providers that are publicly available at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers. The list created by EOIR is "divided into separate sections that correspond to the individual immigration courts around the country." This division allows EOIR to identify which legal service providers are available to provide free legal services

before specific Immigration Courts in order to direct respondents to legal service providers who are available to assist them.

The EOIR free legal services lists currently in existence for Texas include lists for the following Immigration Courts: Dallas, El Paso, El Paso Detained, Harlingen, Houston, Conroe, Pearsall, Port Isabel, and San Antonio. Although there are Immigration Courts located at Dilley and Karnes, and court hearings held for individuals who are detained at Dilley and Karnes, no EOIR legal service provider list exists for the Dilley or Karnes Immigration Courts. LSP *Amici* have reviewed the EOIR lists for the Pearsall and San Antonio Immigration Courts and can confirm that the providers included in those lists do not, generally, represent individuals who are detained at Karnes or Dilley.

For this reason, LSP *Amici* seek clarification from the Defendants regarding what legal service provider lists are distributed to Class Members who are detained in Dilley and Karnes.[2] LSP *Amici* are legal service providers who have provided near universal representation to families detained in Dilley and Karnes since each facility opened. LSP *Amici* remain available and willing to provide free legal services to detained families at both facilities and assert that the distribution of LSP *Amici*'s flyers and contact information to all Class Members during intake is necessary to ensure compliance with the terms of the FSA.

---

[2] The JC Report does not specify *which* legal service provider list is distributed in Karnes and Dilley. Nor does Defendant's recent Joint Status Report, which states that ""the Executive Office for Immigration Review's (EOIR) list of legal services available in the district" is distributed, without further specification.

5

Similarly, LSP *Amici* believe that the distribution of EOIR free legal service provider lists for other immigration courts is insufficient to comply with the purpose and language of the FSA's terms. Paragraph 14 of Exhibit 1 of the FSA makes this clear. Defendants must provide Class Members with "[l]egal services information regarding the availability of free legal assistance." FSA, Exhibit 1, § 14. Legal service providers who represent individuals before other immigration courts are not *available* to provide free legal assistance to Class Members in Dilley or Karnes. For this reason, Amici LSP seek confirmation that RAICES's and Proyecto Dilley's legal services flyers are (1) distributed to newly-arriving families during intake, and (2) noticeably posted in close proximity to the phones that are located in each dorm and medical room at Dilley and Karnes. Without direct contact information for LSP Amici, free phone lines, extended attorney-client access hours, and access to free phone calls are meaningless strategies for ensuring access to counsel for Class Members.

*Second,* the JC Report states that sign-up lists are used at Dilley and Karnes to facilitate access to counsel. In Karnes, the JC reports that Class Members are given the opportunity to "sign up for individual meetings with representatives from the legal service provider" that provides "twice daily VTC group meetings". However, as detailed above, on information and belief VTC group meetings are not occurring at Karnes and such requests made by RAICES have been summarily denied. (Meza ¶ ¶ 6-8). Similarly, Proyecto Dilley is unaware of any sign up list

6

being used in Dilley to facilitate access to counsel and referral for legal services to Proyecto Dilley (Fluharty ¶12).

If Defendants choose to utilize a legal service provider sign-up list to expand access to counsel for Class Members in Dilley and Karnes, Amici LSP encourage Defendants to work together with Proyecto Dilley and RAICES to coordinate the use of the sign up list and to orient families directly regarding how to access the sign up list in order to speak with an attorney.

## VI. Access to Legal Information at Dilley and Karnes

The JC Report states that "STFRC and KCFRC are transitioning to under-72 hour family facilities". This transition implies that Defendants have decided to maintain a policy of issuing families who are detained in Dilley and Karnes Notices to Appear, rather than maintaining a policy of issuing families Orders of Expedited Removal.

As such LSP *Amici* are concerned with any attempts to replace free and fair legal access to class members with a pre-recorded video that shows general information. Legal advisals vary greatly depending on case specific issues and also the actual physical conditions of the class member and family. (Meza ¶ 5, Fluharty ¶13). LSP *Amici* do not know what legal services video is provided to families in Dilley and Karnes, when the video was created, when the video is accessible to detained families, or what content is included in the video itself.

7

While Amici LSP support the distribution of accurate legal information to the greatest extent possible in Dilley and Karnes, the distribution of inaccurate or untimely information creates confusion for Class Members and makes access to group legal visitation even more important.

### VII. The Development of Hotel-Based Detention Sites for Families

The JC Report announces that ICE has "contracted with Endeavors….to begin operating seven hotels in Texas and Arizona to house non-citizen families." Although LSP Amici have been unable to provide group legal visitation in Dilley and Karnes for many months, previously, Proyecto Dilley and RAICES provided high-volumes of group legal presentations to detained families while simultaneously meeting with families confidentially and individually.

For example, in Dilley, Proyecto Dilley regularly provided three separate KYRs presentations simultaneously, with three separate groups of families. Two of these presentations occurred on different sides of the large open space of the STFRC legal visitation trailer and included approximately 15 families in each presentation (at least 30 people). The third presentation occurred in STFRC's Building 100, and included approximately 40 people at a time. While these presentations were provided, Proyecto Dilley staff and volunteers simultaneously meet with approximately 14 families individually in confidential offices that are available in the legal visitation trailer.

Based upon this experience, LSP Amici are particularly cognizant of the need for large spaces to accommodate group legal presentations and individual offices to facilitate attorney-client visitation in any facility used to detain families. Hotel rooms used for sleeping quarters are not appropriate spaces for attorney-client visitation because they do not allow for confidential meetings for Class Members and their parents.

Accordingly, LSP Amici ask the Court, Special Monitor, and parties to consider whether the expansion of family detention to hotel sites is conducive to the legal access requirements of the FSA.

**VIII. Conclusion**

Amici LSP believe access to counsel where Class Members are detained is not only required, but critical, regardless of a Class Members length of detention. Amici LSP have the ability to advise Class Members of their rights under the Flores Settlement Agreement, to advocate on an individual basis for Class Members who may experience conditions out of compliance with the FSA and ICE's own standards while in detention, to advise Class Members of their responsibilities upon release from detention, and to assist Class Members in accessing legal services upon release from detention in their final destination. To this end, Amici LSP seek continued collaboration with counsel for the Defendants, the Special Monitor, and the JC to navigate the ongoing logistical barriers impeding access to counsel at facilities used

1 | to detain family units.

Dated: April 16, 2021 Respectfully submitted,

/s/ Bridget Cambria
BRIDGET CAMBRIA, Esq.
Executive Director
ALDEA - The People's Justice Center
532 Walnut St.
Reading, PA 19601
bridget@aldeapjc.org

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I served the foregoing Response of *LSP Amici Curiae* to the April 2021 Interim Report of Immigration and Customs Enforcement Juvenile Coordinator on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ Bridget Cambria
Bridget Cambria, Esq.
Executive Director
ALDEA – THE PEOPLE'S JUSTICE CENTER

Attorney for *LSP Amici Curiae*