CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, Attorney General the United States, *et al.*, <br><br>  Defendants. | No. CV 85-4544-DMG-AGRx <br><br> PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DECLARATIONS FILED IN RESPONSE TO INDEPENDENT MONITOR'S INTERIM REPORT <br><br> Status Conference: April 23, 2021 <br> 11:00 AM <br><br> [Hon. Dolly M. Gee] |

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Freya Pitts (Cal. Bar No. 295878)
Melissa Adamson (Cal. Bar No. 319201)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email:   lwelch@youthlaw.org

On April 2, 2021, Independent Monitor Andrea Ordin and Special Expert Dr. Paul Wise filed an interim report regarding conditions at Customs and Border Protection facilities that process minors, ORR "Emergency Intake Sites" (EIS), and other new sites under Defendants' control that care for Class Members. *See* Interim Report and Recommendations by Independent Monitor and Special Expert Dr. Paul H. Wise, April 2, 2021 [Doc. # 1103]. Plaintiffs filed a response to the interim report on April 9, 2021. *See* Plaintiffs' Response to Independent Monitor's Interim Report, April 9, 2021 [Doc. # 1109]. On April 16, 2021, Defendants filed evidentiary objections to the declarations accompanying Plaintiffs' response. *See* Defendants' Objections to Plaintiffs' Declarations Filed in Response to Independent Monitor's "Interim Report on Defendants' Response to January-March Influx," April 16, 2021 [Doc. # 1111].

Plaintiffs respectfully request that the Court overrule Defendants' objections. First, Defendants' reliance on the advocate-witness rule is misplaced because that rule applies only to trial testimony. Second, the declarations at issue are based on personal knowledge and are submitted for the limited purpose of providing context and support for the recommendation of the Independent Monitor.

I. RESPONSE TO EVIDENTIARY OBJECTIONS

**A. The advocate-witness rule does not bar Plaintiffs' declarations because this rule applies only to trial testimony.**

"Under the advocate-witness rule, a lawyer cannot serve as an advocate in a trial in which the lawyer is likely to testify as a witness, unless an exception applies." *Legacy Villas at La Quinta Homeowners Ass'n v. Centex Homes*, 626 F. App'x 679, 682 (9th Cir. 2015); *see also United States v. Rangel-Guzman,* 752 F.3d 1222, 1224-25 (9th Cir. 2014) ("The advocate-witness rule prohibits attorneys from testifying in a trial they're litigating"). This rule arises out of the rules of professional conduct. *See Legacy Villas at La Quinta Homeowner's Ass'n*, 626 F. App'x at 682 (citing Model Rules of Prof'l Conduct R. 3.7; Cal. R. of Prof'l

Conduct 5-210); *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1048 (9th Cir. 1985) ("The standards for disqualification of an attorney who may be a witness at trial derive from the applicable disciplinary rules"); *Aichele v. City of Los Angeles*, 314 F.R.D. 478, 492 (C.D. Cal. 2013) (analyzing advocate-witness rule under California Rule of Professional Conduct 5-210).

The relevant California Rule of Professional Conduct provides that "[a] lawyer shall not act as an advocate in a *trial* in which the lawyer is likely to be a witness unless" specified exceptions apply. Cal. R. of Prof'l Conduct 3.7(a) (formerly cited as Rule 5-210) (emphasis added); *see also* Model Rule of Prof'l Conduct 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless" specified exceptions apply). The advocate-witness rule does not prohibit testimony by an attorney outside the context of a trial. *See* Cal. R. of Prof'l Conduct 3.7 cmt. 1 ("This rule applies to a trial before a jury, judge, administrative law judge or arbitrator. This rule does not apply to other adversarial proceedings."); *DHR Int'l Inc. v. Charlson*, No. 14-1899, 2014 WL 4808752, at *10 (N.D. Cal. Sept. 26, 2014) (denying motion to disqualify counsel in part because "the advocate-witness rule disqualifies the attorney only from acting as an advocate at trial" and "it is not at all certain that the case will go to trial").

Because Plaintiffs' declarations were not submitted in connection with a trial, the advocate-witness rule does not apply. The cases relied on by Defendants are inapposite because both involved testimony during a jury trial. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072, 1994 WL 463493, at *2, 9 (9th Cir. 1994) (unpublished) (rejecting challenge to jury verdict based on exclusion of trial testimony); *United States v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985) (discussing policies underlying advocate-witness rule to prevent inappropriate influences on the jury and jury confusion).

### B. Plaintiffs' declarations are based on personal knowledge.

In their declarations, Leecia Welch and Melissa Adamson recount their personal observations following visits to detention facilities housing class members. *See* Declaration of Leecia Welch, April 9, 2021 [No. # 1109-1]; Declaration of Melissa Adamson, April 9, 2021 [No. # 1109-2]. They also recount information received from ORR officials,[1] class members, and potential sponsors for the purpose of providing additional context for the Independent Monitor's recommendations.

The Court should afford appropriate weight to these declarations in light of (1) the difficulties of obtaining direct testimony from detained children and their families under present circumstances, *see* Order Regarding Plaintiffs' *Ex Parte* Application for Restraining Order and Order to Show Cause at 8 n.10, March 28, 2020 [Doc. # 740]; *see also* Order Regarding Plaintiffs' Motion to Enforce Settlement as to "Title 42" Class Members at 7 n.5, September 4, 2020 [Doc. # 976], and (2) the limited purpose for which they are offered – in support of Plaintiffs' request that the Court direct the Independent Monitor to provide continued monitoring of the status of case management at EISs, in line with Recommendation #2 of the Independent Monitor's report.

II. CONCLUSION

Plaintiffs respectfully request that the Court overrule Defendants' objections related to the advocate-witness rule as inapplicable and accord appropriate weight to Plaintiffs' declarations.

Dated: April 21, 2021.    CENTER FOR HUMAN RIGHTS AND
　　　　　　　　　　　　CONSTITUTIONAL LAW
　　　　　　　　　　　　Carlos R. Holguín

---

[1] The statements of ORR officials recounted in the declarations of counsel are non-hearsay party admissions in any event. Fed. R. Evid. 801(d)(2).

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Freya Pitts
Melissa Adamson
Diane de Gramont

<u>/s/ Leecia Welch</u>
Leecia Welch
*One of the Attorneys for Plaintiffs*