CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
    crholguin@centerforhumanrights.org

*Listing continues on next page*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> PLAINTIFFS' RESPONSE TO ICE AND CBP JUVENILE COORDINATORS' REPORTS <br><br> [Doc. ## 1124-1, 1124-3] <br><br><br> [HON. DOLLY M. GEE] |

*Attorneys for Plaintiffs continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

/ / /

## 1. ICE JUVENILE COORDINATOR'S REPORT

The Immigration and Customs Enforcement (ICE) Juvenile Coordinator Report (Doc. #1124-1) states that as of May 28, 2021, there were 500 class members in ICE FSCs, 129 in hotels, and one in a secure juvenile detention facility. *Id*. at 2. As of that day, there were three class members detained for twenty days or more, two due to COVID-19 quarantine. ICE appears at least for now to be in compliance with the FSA and this Court's various Court Orders regarding releasing minors promptly who are not a danger or flight risk.

Regarding class members detained in about seventeen (17) hotels, Plaintiffs will seek or the Court may require additional information concerning (1) the length of time and locations where each class member is detained in a hotel, and (2) instructions or guidance issued to supervisors or contractors (Endeavors and MVM) handling hotel detentions regarding compliance with the FSA and this Court's prior Orders. The Report does not make clear what parts of the FSA or the ICE Family Residential Standards are waived for operators of hotel detention. Id. at 5. The Report states that hotels are required to follow ICE's Family Residential Standards "with modifications as appropriate," but does not explain all such modifications that have been adopted. Nor does the Report indicate how long ICE is taking to "coordinat[e] travel arrangements" to sponsors when Class Members are released. *Id*. at 10.

At least based upon the Report, it appears ICE is complying with earlier Court Orders and CDC guidelines regarding the processing and treatment of Class Members in light of COVID-19.

Plaintiffs continue to believe the Flores Notice of Rights should be distributed when Class Members are detained by ICE in FSCs, hotels or secure facilities for more than 72 hours.

Plaintiffs will continue to monitor access to counsel issues and meet and confer with Defendants in the event access issues appear to interfere with Class Members' FSA rights or their rights under this Court's prior Orders.

## 2. **CBP Juvenile Coordinator Report**

The CBP Juvenile Coordinator's Report ("CBP Report") (Doc. # 1124-3) indicates that in April the number of unaccompanied Class Members detained by CBP decreased by 9.415.7%. *Id*. at 2. However, Plaintiffs remain concerned that as of May 19, 2021, there were still 1,232 Class Members in CBP custody across the SW border, including 261 UCs and 202 accompanied Class Members in the RGV Sector . *Id*. at 3.

The "average" time in CBP custody for Class Members has dropped significantly from March to May. CBP Report at 3. The Report states that as of May 19, 2021, UCs were being detained on "average" for 26.38 hours and in the RGV Sector for 26.78 hours. *Id*. FMUs were detained about 30.67 hours and in the RGV Sector for 17.03 hours. *Id*.

Plaintiffs will meet and confer or the Court may Order that similar data be provided for the El Paso Sector.

At least based upon the CBP Report, it appears CBP is complying with earlier Court Orders and CDC guidelines regarding the processing and treatment of Class Members in light of COVID-19.

Now that ORR is transferring minors into its custody more rapidly and CBP therefore is not required to address the needs of far more Class Members than it has the capacity to process, Plaintiffs continue to urge the Defendants and the Court to take whatever steps may be necessary to return to the almost completed CBP settlement regarding the processing of minors in the El Paso and RGV Sectors.

That agreement will set standards, protocols, and independent medical monitoring all aimed at ensuring compliance with the FSA and the Court's prior Orders and to avoid to the maximum extent possible the need for further enforcement motions.

The Court has the authority to Order that those discussions continue and that the parties endeavor to complete the agreement they long ago

informed the Court they had made substantial progress toward completing. *See* Docket # 572-1.

On June 28, 2019, pursuant to Paragraph D.3 of the Appointment Order *"and in accordance with Defendants' request,"* the Court referred Plaintiffs' motion to "expedited mediation" before the Special Monitor. Docket #576. In 2019 and 2020 the Plaintiffs and the prior administration engaged in numerous productive meetings and communications, and, as Defendants advised the Court, "the parties have made significant progress in their negotiations, and may be close to finalizing the terms of a settlement." Joint Report [Docket # 1087].

Plaintiffs believe that precisely because events may take place beyond the control of CBP that lead to overcrowding and unsafe and unsanitary conditions for children (including, for example, acts of nature, surges, or ORR policies that again delay transfer of minors to ORR custody), it is important that the new administration conclude the CBP agreement that the previous administration started and almost completed.

In addition, Paragraph 12C of the *Flores* Settlement states in part that in preparation for an "emergency" or "influx," as described in Subparagraph B, the Defendants shall have a written plan that describes the reasonable efforts that it will take to place all minors as expeditiously as possible. The plan, without identification of the additional beds available, is attached as Exhibit 3 to the FSA. The Defendants shall "update this listing of additional beds on a quarterly basis and provide Plaintiffs' counsel with a copy of this listing." Plaintiffs will again request or the Court may Order Defendants to provide Class Counsel with a copy of the most recent plan.

Finally, Paragraph 29 of the FSA states in part that Defendants shall provide to Class Counsel each policy or instruction issued to Defendants' employees regarding the implementation of the FSA. To the extent Defendants have in the past six months issued policies or instructions to CBP regarding compliance with the

FSA, Plaintiffs will again request or the Court may Order Defendants to provide Class Counsel with copies of such policies or instructions.

Dated: June 11, 2021                    Respectfully submitted,

*/s/Peter Schey*
*Class Counsel for Plaintiffs*

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum
*Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2021, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

*/s/Peter Schey*
*Counsel for Plaintiffs*
CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey