BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO NOTICE OF REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR TERM (ECF NO. 1144)** |
| v. | |
| MERRICK B. GARLAND, Attorney General of the United States; *et al.*, | |
| Defendants. | |

On October 5, 2018, the Court ordered the appointment of a Special Master/Independent Monitor ("Monitor") to oversee Defendants' compliance with orders of this Court issued on June 27, 2017 and July 30, 2018 (ECF No. 494) ("Monitoring Order"). The Monitoring Order appointed the Monitor for a term of one year, until October 17, 2019, and allows for extensions if requested by either party or the Monitor, but provides that, "[a]bsent a showing of serious, specific, and ongoing concerns by the Parties and/or the Monitor, the presumptive end of the Term shall be no later than 36 months after the Effective Date." Monitoring Order at ¶ 3.

On July 7, 2021, the Monitor filed a Notice requesting an extension of her term for a period of six months to January 15, 2022, "in order to continue the enhanced monitoring in coordination with the Juvenile Coordinators, as contemplated by Court's Orders, and to make any recommendations." ECF No. 1144 at 3. The Notice further provides that, "regular targeted reporting by the three Juvenile Coordinators and the Independent Monitor and Special Expert remains important to facilitating Defendants' compliance and timely troubleshooting[;]" that "the Monitor and Special Expert intend to submit future reports focusing on the family detention posture at U.S. Immigration and Customs Enforcement ("ICE") Family Residential Centers and any use of alternative facilities by ICE[;]" and, that the Monitor hopes to conclude mediation related to U.S. Customs and Border Protection. *Id.*

Defendants do not object in principle to the requested continuation of the Monitor's Term in a manner that is consistent with the terms of the Monitoring Order, but note that the request as filed is inconsistent with the terms of that order, which would require the monitoring Term to conclude no later than October 17, 2021, "[a]bsent a showing of serious, specific, and ongoing concerns . . . ." Monitoring Order at ¶ 3. The Notice makes no such showing. Defendants, therefore, ask for clarification from the Monitor and/or the Court regarding the basis for any extension past the October 17, 2021, presumptive end date of the monitoring Term.[1]

///

///

///

---

[1] Defendants also note that the Notice requests a payment cap of $175,000 for a six month period. ECF No. 1144 at 4. This would result in an annual increase of $50,000 above the $300,000 annual cap set in Monitoring Order, which requires that the Monitor make "a showing of good cause" and provide "an estimate of the amount [the Monitor] anticipates will be required for her to properly perform the duties and obligations set forth in [the Monitoring Order]." Monitoring Order ¶ C.3. Defendants are responsible for all fees incurred by the Monitor, and their payment impacts the operations of the agencies. Specifically, Defendants note that fees paid by ORR derive directly from the annual appropriations used to fund refugee and entrant expenses. *See* Consolidated Appropriations Act, 2021, Pub. L. 116-260, Division H, Title II, Refugee and Entrant Assistance. Additionally, Defendants are not able to pay any amount over the $300,000 cap without an order from this Court raising this cap or otherwise authorizing such payment. Defendants suggest that if an increase in monitoring fees is deemed appropriate, a portion of those fees should be paid by Plaintiffs' counsel given the significant benefits that accrue to Plaintiffs from the ongoing activities of the Monitor.

DATED:   July 13, 2021           Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2021, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                                Respectfully submitted,

                                /s/ *Sarah B. Fabian*
                                SARAH B. FABIAN
                                U.S. Department of Justice
                                District Court Section
                                Office of Immigration Litigation

                                Attorney for Defendants