UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 15, 2021 |
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING MONITOR'S REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR'S TERM [1144]**

According to the terms of the October 5, 2018 Order Appointing Andrea Sheridan Ordin, Esq. as the Special Master/Independent Monitor ("Appointment Order") [Doc. # 494], the Monitor has requested, and the Court has granted, five extensions of her term. [Doc. ## 698, 769, 1005, 1071, 1120.]

The Monitor has filed a Notice to the Court requesting a further six-month extension of her term (the "Notice of Extension"). [Doc. # 1144.] The Notice of Extension describes the Monitor's and Special Expert Dr. Paul Wise's efforts to monitor the evolving situation relating to migrant minors at the U.S. Southwest Border, particularly conditions at the Border Patrol facilities in the Rio Grande Valley and at the temporary Office of Refugee Resettlement ("ORR") facilities. Their monitoring culminated in their most recent Interim Report filed on June 22, 2021. [Doc. # 1137.] The Monitor and Dr. Wise seek the extension in order to complete the enhanced monitoring ordered by the Court regarding these facilities and make any necessary recommendations. [*See* Doc. ## 1014, 1050, 1098, 1143.] They also intend to submit future reports regarding the Immigration and Customs Enforcement ("ICE") family detention posture and plans for the Family Residential Centers. Lastly, the Monitor asserts that she will prioritize concluding the mediation of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order [Doc. # 572] relating to the obligations of Customs and Border Protection ("CBP") under the *Flores* Settlement Agreement.

The Appointment Order provides that "[a]bsent a showing of serious, specific, and ongoing concerns by the Parties and/or the Monitor, the presumptive end of the Term shall be no later than 36 months after the Effective Date," *i.e.*, October 17, 2021. Appointment Order at ¶ 3. In their response to the Notice of Extension, Defendants argue that the parties and the Monitor have not made the requisite showing of serious, specific, and ongoing concerns to justify extending her term until January 15, 2022. [Doc. # 1146.] The Court finds that the Monitor and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 15, 2021 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 2 of 2 |

Special Expert's June Interim Report indicated the requisite concerns with case management and care for unaccompanied minors arising from the recent influx, and the Court has concluded that these concerns are particularly serious given the ongoing pandemic. *See* June 29, 2021 Order at 2 [Doc. # 1143]. It may be, however, that by January 15, 2022, neither Defendants' practices nor the pandemic will merit the same level of concern. Any issues regarding the extension of monitoring can be addressed at or around that time. Moreover, because the Monitor's requested fees extend into another annual term, it does not appear that her fees necessarily will exceed the $300,000 *annual* cap, if one considers the annual term begins in October.[1] *See* Defs.' Response at 3, n.1. If Defendants have a specific dispute regarding a bill from the Monitor, however, they may use the procedure set forth in the Appointment Order. [Doc. # 494 at ¶ C(2).]

The Court therefore **APPROVES** the Monitor's request for a six-month extension of her term to **January 15, 2022**, and further **ORDERS** that:

1. The "Terms and Extensions" provisions in Paragraph A.3 of the Appointment Order are modified such that the Parties and/or the Monitor may file, on or before **December 1, 2021**, a Notice describing serious, specific, and ongoing concerns and requesting a further extension of the Monitor's term. On or before **December 15, 2021,** the parties may file a joint response to the Notice of Request for Extension.

2. Pursuant to Paragraph C.2 of the Appointment Order, the Monitor, Special Expert Dr. Wise, and senior aides, with skill and experience comparable to the Monitor, shall be compensated at the increased hourly rate of $300.00, while non-senior aides shall be compensated at the hourly rate of $125.000.

3. In no event will the total compensation to the Monitor, Dr. Wise, and their aides exceed $175,000.00 for the six-month extension period, exclusive of travel expenses for which the Monitor will make special requests.

4. Except as modified herein, all other aspects of the Appointment Order, and the subsequent modifications thereto [Doc. ## 518, 533, 543, 563, 587, 591, 698, 769, 1005, 1071, 1120], remain in full force and effect.

**IT IS SO ORDERED**.

---

[1] The Court notes that the Monitor graciously declined to invoke her right to the $300 hourly rate at the beginning of the third year of her term, which would have been in October 2020. *See* Appointment Order at ¶ C(2).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|