UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | August 6, 2021 |

| | | | |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 1 of 3 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE AUGUST 6, 2021 STATUS CONFERENCE**

On August 6, 2021, the Court held a status conference to discuss the July Interim Juvenile Coordinator Reports [Doc. # 1148] and topics for the Juvenile Coordinators' next interim reports.

While Defendants have made many improvements, the increasing numbers of minors in Defendants' custody and the rising rates of COVID-19 infection still pose serious concerns to Class Members' health and safety.  The Independent Monitor Andrea Ordin, Special Expert Dr. Paul Wise, and Plaintiffs also raised specific concerns with conditions and minors' lengths of stay at the Ft. Bliss Emergency Intake Site ("EIS") and with the lengths of stay at the Pecos EIS.  The Court therefore orders largely the same topics for reporting as in the Court's previous Orders [Doc. ## 1122, 1143], with only two additional specific topics for the Office of Refugee Resettlement ("ORR") Juvenile Coordinator's report relating to lengths of stay overall and to Ft. Bliss and Pecos in particular.

Accordingly, the Court **ORDERS** the following:

1.    Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic.  FSA at ¶¶ 11, 14 [Doc. # 101].

2.    By **September 3, 2021**, the Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and ORR Juvenile Coordinators shall file their next interim reports.  Each Juvenile Coordinator will report on:  (i) the census of minors in each of the agency's facilities; (ii) the average length of stay for minors currently in the agency's facilities and for minors who have been released, with more details as to methodology to assist the Court and the parties in tracking these metrics; (iii) the number of minors currently testing positive for COVID-19; and (iv) whether the Juvenile Coordinator has adequate personnel or other capacity to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | | Date | August 6, 2021 |
|---|---|---|---|---|

| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 2 of 3 |
|---|---|---|---|

provide detailed monitoring of new or expanded facilities.  The ORR and ICE
Juvenile Coordinators will also report on:  (v) case management services at each
facility; and (vi) minors' access to counsel in general, and to the Legal Services
Providers *Amici Curiae* in particular.

a.   The CBP Juvenile Coordinator shall also provide:  (i) a census of Class
Members in CBP custody in the Rio Grande Valley sector, (ii) an update on
CBP's policies and capacity for processing minors in light of COVID-19,
Title 42, and the recent influx, (iii) an update as to whether the conditions
at the Donna Centralized Processing Center (CPC-DNT) or any other
facility that serves as a hub for processing minors are safe and sanitary under
FSA Paragraph 12, and (iv) a status update, if any, on CBP construction or
renovation projects related to processing Class Members.

b.   The ICE Juvenile Coordinator shall also cover the topics listed in the April
24, 2020 Order [Doc. # 784] and compliance with the Court's Order
regarding minors held under Title 42 authority [Doc. # 976] with respect to
any facilities in which ICE receives Class Members.  In addition, the interim
report shall provide:  (i) specific explanations for the continued detention of
minors beyond 20 days; (ii) updates on the number, locations, and safe and
sanitary conditions of the hotels used to process families, and the length of
stay therein; and (iii) updates on ICE policies regarding the use of the hotels
or of the FRCs, including policies and procedures to address COVID-19.

c.   The ORR Juvenile Coordinator shall also provide:  (i)  a census of minors
in an EIS for more than 20 days and those minors' lengths of stay; (ii)
updates on ORR's plans to improve case management and expedite release
of minors; (iii) updates on ORR's plans, if any, to expand capacity,
particularly of licensed shelter beds; (iv) updates on ORR's plans, if any,
with respect to long-term use of EISes and processes to transfer minors from
EISes into licensed facilities, if release to a sponsor is not feasible; (v)
updates on ORR policies regarding the use of EISes, including policies and
procedures to address COVID-19; and (vi) more specific updates on the
concerns raised about the Ft. Bliss EIS conditions and length of stay and
Pecos EIS length of stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | August 6, 2021 |
|---|---|---|---|

| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 3 of 3 |
|---|---|---|---|

      d.    Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim reports by **September 10, 2021**, *after first meeting and conferring regarding areas of dispute and attempting to achieve resolution*.

3.    Special Expert Dr. Paul Wise and the Independent Monitor Andrea Ordin shall continue to provide enhanced monitoring of CBP, ORR, and ICE facilities' care of minors (with special emphasis on the EIS at Ft. Bliss and Pecos), and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have in-person, telephone, or videoconference access to persons most knowledgeable at those facilities with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their parents; and (e) make such recommendations for remedial action that they deem appropriate. They shall continue to monitor the conditions of any new facilities that care for Class Members, including hotels under the authority discussed in the Court's July 25, 2020 Order [Doc. # 887], and provide such informal recommendations to the parties and to the Court as they deem appropriate.

      a.    If the Independent Monitor and Special Expert seek to file an interim report and recommendations, they shall first deliver a draft to the parties by **August 13, 2021**.

      b.    By **August 20, 2021**, the Independent Monitor and Special Expert shall file their next interim report, if any, with the Court.

      c.    The parties may file any responses to the interim report by **August 27, 2021**.

4.    The Court will hold a further video status conference on **September 17, 2021, at 11:00 a.m.**

**IT IS SO ORDERED**.