CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, Attorney General the United States, *et al.*, <br><br> Defendants. | No. CV 85-4544-DMG-AGRx <br><br> APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS A AND H THROUGH AA SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT RE EMERGENCY INTAKE SITES <br><br> Hearing: September 10, 2021 <br> Time: 9:30 a.m. <br> Hon. Dolly M. Gee |

# APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS A AND H THROUGH AA SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT RE EMERGENCY INTAKE SITES

Plaintiffs submit this unopposed Application[1] seeking leave from the Court to file under seal portions of Exhibits A and H through AA submitted in support of Plaintiffs' Motion to Enforce Settlement Re Emergency Intake Sites, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. The portions of the Exhibits A and H through AA that Plaintiffs seek to seal contain personally identifying information about children in, or recently released from, Department of Health and Human Services ("HHS") immigration custody. As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Leecia Welch, a proposed order, and redacted and unredacted versions of Exhibits A and H through AA.

The portions of Exhibits A and H through AA that Plaintiffs seek to seal are detained children's names, ID numbers, and other personally identifying information. The children identified in Exhibits A and H through AA are minors in, or recently released from, the immigration custody of HHS. These youth have an interest in maintaining their privacy during and following immigration custody.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and

---

[1] Defendants' counsel (Ms. Sarah Fabian, Senior Litigation Counsel, Office of Immigration Litigation, PO Box 868. Ben Franklin Station, Washington, DC 20044, (202) 532-4824, Sarah.B.Fabian@usdoj.gov) has informed Plaintiffs that Defendants do not oppose this Application. *See* Declaration of Leecia Welch at ¶ 7.

citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal portions of Exhibits A and H through AA submitted in support of Plaintiffs' Motion to Enforce Settlement Re Emergency Intake Sites. Exhibits A and H through AA contain the names and ID numbers of children, which is the information Plaintiffs seek to seal. These children are in immigration custody and the ID numbers are unique identifiers that could be used to ascertain their identities. In addition, Plaintiffs seek details of children's journeys to the United States and/or details of their time in custody in Exhibits H, P, R, U, W, X, and AA because public disclosure of these particular details could identify the class members.

I. <u>Compelling reasons support the sealing of the personally identifying information of children in HHS custody.</u>

Plaintiffs' Motion to Enforce Settlement Re Emergency Intake Sites and the supporting Exhibits implicate the privacy interests of children held in HHS custody and thus protection of their identities is warranted. First, the Exhibits address personally identifying details such as names and ID numbers, details of the children's immigration detention, and how they arrived in the United States.

Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors in federal immigration custody. *See, e.g.*, 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).

Further, the children's identifying information should also be protected because the sensitive subject matter at issue—their immigration detention—is based exclusively on their experiences as minors. Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Sealing of the names, ID numbers, and other personally identifying information of the children listed in Exhibits A and H through AA is vital to protect their identities. These ID numbers are individual identifiers that uniquely identify the children to whom they correspond. Moreover, sealing of the description of class member declarants' journeys to the United States and details of their time in custody in Exhibits H, P, R, U, W, X, and AA is necessary because of the likelihood that this information could lead to public disclosure of the child's identity.

II. <u>Plaintiffs' sealing request is narrowly tailored.</u>

Plaintiffs seek only a limited sealing order that permits them to file portions of Exhibits A and H through AA under seal. Other relevant information important to Plaintiffs' presentation of the issues will still be maintained in the public record and the Court's resolution of these matters will be public as well. Accordingly, sealing the names and ID numbers and other identifying information contained in

Exhibits A and H through AA is the least restrictive method of ensuring the subject children's privacy while permitting the public access to the maximum amount of information.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal portions of Exhibits A and H through AA.

Dated: August 9, 2021

CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Mishan Wroe
Melissa Adamson
Diane de Gramont


　　　　　　　　　　　　　 /s/ Leecia Welch
Leecia Welch
*One of the Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, I caused a copy of Plaintiffs' Application for Leave to File Under Seal, the accompanying Declaration in Support of the Application, and Exhibits A and H through AA to be served by email to the following counsel listed below:

Sarah B. Fabian,
sarah.b.fabian@usdoj.gov
Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Dated:  August 9, 2021

          /s/ Leecia Welch
          Leecia Welch