# EXHIBIT B



# National Center for Youth Law

BOARD OF DIRECTORS

President
**Dr. Jason Okonofua**
University of California, Berkeley

Vice President
**Christopher Wu**
National Center for State Courts

Secretary
**Mary Bissell**
ChildFocus

Treasurer
**Sidharth Kakkar**
Freckle Education

**David E. Brown**
The Annie E. Casey Foundation

**Sophie Fanelli**
The Stuart Foundation

**Denise Forte**
The Education Trust

**Laura K. Lin**
Munger Tolles & Olson LLP

**Jack Londen**
Morrison & Foerster LLP

**Mary E. McCutcheon**
Farella, Braun + Martel LLP

**Peter B. Edelman**
Georgetown University Law Center

**Brian Rocca**
Morgan, Lewis & Bockius LLP

**Lori A. Schecter**
McKesson Corporation

**Sandeep Solanki**
Facebook

**Mona Tawatao**
Equal Justice Society

Executive Director
**Jesse Hahnel**

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation
Sarah.B.Fabian@usdoj.gov

*Via email*

May 14, 2021

Dear Sarah,

While we understand that unlicensed Emergency Intake Sites (EISs) resulted from the urgent need to alleviate overcrowding and extended detention at Customs and Border Protection (CBP) facilities, we have serious concerns regarding the conditions at several of the EIS facilities, the lack of critical services at several EIS facilities, the use of EIS facilities for tender age children, and the length of time children of all ages are being detained at EISs. These concerns are only underscored by the fact that a huge percentage, if not the majority, of children are now being detained at EISs and ORR's licensed bed capacity has increased minimally over the last several months. We would like to set up a time to meet and confer with you about these concerns, especially in light of the shocking conditions children who were detained at the National Association of Christian Churches EIS in Houston have reported to us and the fact that the Freeman Coliseum EIS and Dallas Convention Center EIS will be closing on May 25, 2021. I have detailed our proposed meet and confer topics below. Are you available to meet and confer Tuesday, May 18 between 2:00pm-4:00pm; or Wednesday, May 19 between 9:00am-12:00pm or 2:00pm-4:00pm; or Thursday, May 20 between 10:30am-12:00pm (all times PST)?

**1. Placement of Children Previously Detained in Houston (FSA ¶¶ 12, 14, 19)**

As you know, the conditions at National Association of Christian Churches EIS were so egregious the EIS had to be closed. Further, based on our interviews with children transferred from Houston, we are aware of a significant security breach that left the girls feeling understandably

unsafe. Given the ways in which the health and safety of these girls was compromised, we believe each child who was previously detained there must be prioritized for release to their sponsors, and if release to sponsors is not possible within 72 hours, they must be immediately transferred to a licensed placement, appointed a child advocate, and offered enhanced mental health services. While all children are entitled to a licensed placement under the Settlement Agreement, these children, are particularly vulnerable and therefore should be prioritized in an effort to mitigate the trauma they may have experienced.

2. **Closure of Freeman Coliseum EIS and Dallas Convention Center EIS (FSA ¶¶ 12, 14, 19)**

Based on our current information, hundreds, if not thousands, of children who are currently placed at the Freeman Coliseum EIS and Dallas Convention Center EIS may need a new placement when these facilities close on May 25. Most of those children will have spent several weeks at these facilities (after having spent approximately 5-20 days in CBP custody), and some much longer. These children should not be transferred to yet another unlicensed placement once these EISs close. If ORR does not release these children to their sponsors prior to the closure of these facilities, they must be provided a licensed placement while the reunification process continues. ORR should also flag these children at their new placements to ensure continuity of case management.

3. **Tender Age Youth at EIS facilities (FSA ¶¶ 12, 19)**

It is fundamentally inappropriate for tender age children to be held at unlicensed EISs. We are concerned that these children are not being provided adequate services given their particular vulnerabilities. We would like to discuss ORR's plans to end the use of EISs for tender age children.

4. **Lack of Mental Health Clinicians (FSA ¶ 19 and Exhibit 1)**

It has been publicly reported that at least one EIS currently does not have any mental health clinicians available, and based on our site visits, we are concerned that several others are not adequately staffed to provide mental health services. We would like to discuss the current ratio of mental health clinicians to children at each EIS.

5. **Lack of Educational Services (FSA ¶ 19 and Exhibit 1)**

Several EISs that have been open for more than 20 days do not provide children with any educational services. Field Guidance #13 says educational services will be provided "as soon as possible and to the extent practicable." We would like to discuss whether current EIS contracts require the development of meaningful educational services and the timeline for doing so.

6. **Length of time at EISs (FSA ¶ 12)**

Numerous children have been placed in EISs since they first opened with no indication of when they will be released to sponsors or transferred to licensed facilities. We would like to discuss whether there are plans to limit the number of days children spend in EISs and, if so, what the maximum number of allowable days will be.

7. **Fort Bliss EIS (FSA ¶ 12)**

Housing over four thousand children in a single facility is antithetical to child welfare principles, inherently inappropriate, and makes it impossible to ensure each child is safe and receiving the services and support necessary. Ft. Bliss is already far too large to adequately address the needs of the children

held there, as we experienced first-hand on our site visit.  It has been publicly revealed that ORR intends to place tender age youth at Ft. Bliss and expand capacity to 10,000 children.  We would like to discuss our serious concerns regarding these proposals.

**8.  Placement at EISs (FSA ¶ 12)**

Based on the information we currently have, it appears ORR is not using any metric or policy rationale to determine which children are afforded licensed placements in compliance with the Settlement Agreement, and which are denied licensed placement and put in Influx Sites or EISs. We would like to discuss the rationale being used, if any, to determine where a child is placed.

Sincerely,

Leecia Welch

Cc: Andrea Ordin (aordin@strumwooch.com)
　　Dr. Paul Wise (pwise@stanford.edu)

7/28/2021 Case 2:85-cv-04544-DMG-AGR Document 1161-6 Filed 08/09/21 Page 5 of 9 Page ID
National Center for Youth Law Mail - Report of Dr. Ryan Matlow and further meet/confer
#:44332




Mishan Wroe <mwroe@youthlaw.org>

## Report of Dr. Ryan Matlow and further meet/confer

**Leecia Welch** <lwelch@youthlaw.org>  Tue, Jul 27, 2021 at 6:28 PM
To: "Fabian, Sarah B (CIV)" <Sarah.B.Fabian@usdoj.gov>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Andrea Sheridan Ordin <aordin@strumwooch.com>, Carlos Holguín <crholguin@centerforhumanrights.email>, "Batool, Fizza (CIV)" <Fizza.Batool2@usdoj.gov>, "Paul H. Wise" <pwise@stanford.edu>, "Miranda-Maese, Aurora (ACF) (CTR)" <Aurora.Miranda-maese@acf.hhs.gov>

Hi Sarah - Given the time constraints, we suggest that we find another time for Dr. Matlow to join a call to the extent Defendants have questions regarding his statement or recommendations. We are happy to coordinate with him to find a time, if you'd like.

We would like to spend the bulk of the call on Friday meeting and conferring one last time about the concerns we have raised relating to the use of EISs - in an effort to avoid filing a motion to enforce. The topics we would like to discuss are:

1. Does ORR have any new written policies addressing children's length of stay in EISs and/or how ORR determines which children receive licensed placement and which do not?
2. Will ORR commit to using EISs only for Cat 1 and Cat 2A children who do not have any particular vulnerabilities? As we have stated previously, we believe ORR should not place Category 2B, 3, or 4 children, children with disabilities, children who identify as LGBTQ, children who primarily speak an indigenous language, tender age children, or pregnant or parenting teens, in EISs. We similarly believe that within 5 days of determining that a child detained at an EIS needs a home study or is a Category 2B, 3 or 4, the child should be given a licensed placement.
3. Why is the Pomona EIS, which has better living conditions than Ft. Bliss and Pecos, under utilized?
4. Will ORR commit to not placing tender age children at Ft. Bliss or Pecos?

We are still reviewing the JC report and may have a couple of questions, but, at this point, we do not have specific topics to propose and do not anticipate needing to spend much time discussing the report.

Please let me know if you have any additional questions. Best, Leecia

On Mon, Jul 26, 2021 at 3:28 PM Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

> Mishan:
>
> Confirmed, but please be aware that I have another call at 3pm ET so we will have one hour and then there will need to be a hard stop for our call.
>
> Given that there seem to be a few different topics to cover, Defendants propose that we start the call with Dr. Matlow presenting anything that he would like to present, and we will ensure that someone from DHUC is present to listen to that presentation. After that, we would ask that Dr. Matlow leave the call for the meet and confer portion, and with an agreement that any information exchanged after that would be subject to the protective order, Defendants are willing to hear and discuss as appropriate any issues you believe need to be addressed related to your response to the Juvenile Coordinator report, or if you believe that a meet and confer in anticipation of a motion to enforce is still necessary, Defendants would ask that you identify those issues separately and we can address those as appropriate as well.
>
> Please confirm that you agree with the above approach to the call and I will circulate a video link/dial-in for us to use.
>
> Thank you,

Sarah

Sarah B. Fabian

Senior Litigation Counsel

Office of Immigration Litigation – District Court Section

(202) 532-4824

**From:** Mishan Wroe <mwroe@youthlaw.org>
**Sent:** Monday, July 26, 2021 5:04 PM
**To:** Andrea Sheridan Ordin <aordin@strumwooch.com>
**Cc:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>; Carlos Holguín <crholguin@centerforhumanrights.email>; Batool, Fizza (CIV) <Fizza.Batool2@usdoj.gov>; Paul H. Wise <pwise@stanford.edu>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Leecia Welch <lwelch@youthlaw.org>
**Subject:** Re: Report of Dr. Ryan Matlow and further meet/confer

Sarah, could you please confirm Friday at 11am PST works on your end? I'm happy to circulate a call-in if you'd like.

**Mishan Wroe** *(Pronouns: she / her / hers)*
**Senior Attorney, Immigration & Legal Advocacy**

National Center for Youth Law

Phone: 510-920-3512

Fax: 510-835-8099

1212 Broadway, Suite 600, Oakland, CA 94612

  

On Fri, Jul 23, 2021 at 3:23 PM Andrea Sheridan Ordin <aordin@strumwooch.com> wrote:

> That time works for me as well.
>
> Thanks!
>
> Andrea

**From:** Mishan Wroe <mwroe@youthlaw.org>
**Sent:** Friday, July 23, 2021 2:59 PM
**To:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
**Cc:** Carlos Holguín <crholguin@centerforhumanrights.email>; Batool, Fizza (CIV) <Fizza.Batool2@usdoj.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Leecia Welch <lwelch@youthlaw.org>
**Subject:** Re: Report of Dr. Ryan Matlow and further meet/confer

Thanks, Sarah. Plaintiffs are available during that time on Friday, July 30 and have a preference for 11am PST/2pm EST if that works for everyone else.

**Mishan Wroe** *(Pronouns: she / her / hers)*

**Senior Attorney, Immigration & Legal Advocacy**

National Center for Youth Law

Phone: 510-920-3512

Fax: 510-835-8099

1212 Broadway, Suite 600, Oakland, CA 94612

  

On Fri, Jul 23, 2021 at 8:55 AM Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov> wrote:

> Carlos – I did not hear back from you about scheduling this call, and it now looks like Andrea, Paul, Mishan, and I will all be unavailable for much of Thursday. Would Friday work for you instead? I think the best time for Defendants would be between 1-3pm ET that day. Please let me know if there is a time in there that works for your group.
>
> Best,
>
> Sarah
>
> Sarah B. Fabian
>
> Senior Litigation Counsel
>
> Office of Immigration Litigation – District Court Section
>
> (202) 532-4824
>
> ---
>
> **From:** Fabian, Sarah B (CIV)
> **Sent:** Tuesday, July 20, 2021 11:39 AM
> **To:** Carlos Holguín <crholguin@centerforhumanrights.email>

**Cc:** Batool, Fizza (CIV) <Fizza.Batool2@usdoj.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Leecia Welch <lwelch@youthlaw.org>; Mishan Wroe <mwroe@youthlaw.org>
**Subject:** RE: Report of Dr. Ryan Matlow and further meet/confer

Carlos – as you're aware ORR's next interim Juvenile Coordinator report is due this Friday, July 23. Given the substantial amount of work that goes into preparing and filing that report, and the fact that we expect the next report to address some of the issues you raise in your email, we would propose that if you want to meet and confer on these issues the meet and confer should occur during the following week. The only day that all of us are available to discuss is Thursday 7/29; therefore, we would ask that you please let us know your availability to talk on 7/29 so we can figure out a time that works.

Best,

Sarah

Sarah B. Fabian

Senior Litigation Counsel

Office of Immigration Litigation – District Court Section

(202) 532-4824

---

**From:** Carlos Holguín <crholguin@centerforhumanrights.email>
**Sent:** Monday, July 19, 2021 6:10 PM
**To:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
**Cc:** Batool, Fizza (CIV) <Fizza.Batool2@usdoj.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>; Miranda-Maese, Aurora (ACF) (CTR) <Aurora.Miranda-maese@acf.hhs.gov>; Leecia Welch <lwelch@youthlaw.org>; Mishan Wroe <mwroe@youthlaw.org>
**Subject:** Report of Dr. Ryan Matlow and further meet/confer

Sarah,

Plaintiffs remain very concerned about the extended lengths of stay of children in EIS facilities. We are also concerned about the apparent lack of policies addressing: (1) how long a child can remain in an EIS and (2) which children are placed in EISs and which are afforded licensed placements.

While we appreciate ORR is working to close many EISs, the fact remains that ORR has an obligation to expeditiously move children from EISs to licensed facilities. Please let us know if ORR has any new policies addressing children's length of stay in EISs and/or how ORR determines which children receive licensed placement and which do not. If no such policies exist, please so advise.

We have already met and conferred about these issues extensively, but we wanted to reach out once more before seeking court involvement. As we have stated previously, we believe ORR should not place Category 2B, 3, or 4 children, children with disabilities, children who identify as LGBTQ, children who primarily speak an indigenous language, tender age children, or pregnant or parenting teens, in EISs. We similarly believe that within 5 days of determining that a child detained at an EIS needs a home study or is a Category 2B, 3 or 4, the child should be given a licensed placement.

We are attaching Dr. Matlow's report of his visit to Ft. Bliss in June. He is available to discuss his findings and recommendations with you and your clients if you would like to do so.

We proposed meeting re the foregoing on Friday, July 23 or Monday, July 26, at whatever hour may be convenient for Defendants and their counsel. Please advise.

Thank you.

—

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, California 90057
(213) 388-8693 x.309 (v)
(213) 290-1642 (direct)
(213) 386.9484 (fax)
http://www.centerforhumanrights.org
--
CONFIDENTIALITY NOTICE: This communication, including any attachments, is for the sole use of the
intended recipient(s) and may contain confidential and legally privileged information. Any
unauthorized interception, review, use, distribution, or disclosure not authorized by the
intended recipient(s) is prohibited and may violate applicable laws, including the
Electronic Communications Privacy Act of 1986, Pub. L. 99-508, 100 Stat. 1848, codified at 18 U.S.C.
§§ 2510 et seq. If you are not the intended recipient, please contact the sender and destroy all copies of
the original communication.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

--
*Leecia Welch (Pronouns: she / her / hers)*
*Senior Director, Legal Advocacy and Child Welfare*
National Center for Youth Law

1212 Broadway, 6th Floor, Oakland, CA 94612
Phone: (510) 835-8098 ext. 3023
Fax: (510) 835-8099

