CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch (Cal. Bar No. 208741)
Neha Desai (Cal. RLSA No. 803161)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email: lwelch@youthlaw.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States, *et al*.,<br><br>Defendants. | No. CV 85-4544-DMG-AGRx<br><br>STIPULATION TO CONTINUE HEARING ON MOTION TO ENFORCE SETTLEMENT RE EMERGENCY INTAKE SITES |

WHEREAS on August 20, 2021, the Court granted the Parties' request to continue the hearing on Plaintiffs' Motion to Enforce re Emergency Intake Sites from September 10, 2021, to October 1, 2021. *See* Doc. # 1168.

WHEREAS the Parties are engaged in mediation of Plaintiffs' claims of breach of the *Flores* Settlement Agreement under the auspices of the Independent Monitor, Plaintiffs provided a detailed settlement proposal to Defendants on August 24, 2021, and the Parties and the Independent Monitor held additional discussions on August 26, 2021.

WHEREAS the Parties will continue to diligently engage in mediation, to include a meeting on September 2, 2021, best efforts to meet weekly thereafter or as agreed by the parties, and a response from Defendants' on Plaintiffs' settlement proposal by September 10, 2021. Defendants also have agreed to share additional data that the parties may agree is necessary to reach resolution of Plaintiffs' claims, including data regarding children's sponsor categories, so long as the parties can agree to—and the Court approves—a corresponding reduction of ORR's other reporting burdens.

WHEREAS in view of these ongoing settlement discussions, the Parties agreed to request that the Court grant an additional four-week continuance of the Motion to Enforce hearing such that further briefing would not be required during mediation.

WHEREAS in order to allay Plaintiffs' concerns over the alleged risk of irreparable injury to particularly vulnerable class members while mediation proceeds, Defendants agreed as follows:

In addition to the agreement regarding tender-aged children outlined in the Parties' prior stipulation [Doc. # 1165], ORR agrees that while negotiations are ongoing it will not knowingly place particularly vulnerable children at the Fort Bliss EIS or the Pecos EIS unless it is not able to designate them into ORR care (i.e. licensed beds, Carrizo Springs Influx Care Facility (ICF), Pomona EIS, or

Starr Commonwealth EIS) within 24 hours of CBP referral (as this would signal a back-up at the border of particularly vulnerable children).  For purposes of this stipulation, "particularly vulnerable children" means children whose (1) preferred language is not English or Spanish; (2) are pregnant or parenting; or (3) have a known disability or other mental health or medical issue requiring additional evaluation, treatment, or monitoring by a healthcare provider, including any child who requires additional supervision because of a risk of self-harm.

The Parties recognize that, unless relevant information is included in a child's CBP intake, ORR may not be aware that a child is a particularly vulnerable child prior to initial ORR placement.  ORR will screen children for the particular vulnerabilities outlined above within 5 days of EIS placement and shall continue to monitor children for particular vulnerabilities thereafter.  If ORR identifies a particularly vulnerable child at the Ft. Bliss EIS or the Pecos EIS, it will transfer the child to a licensed program.  If no licensed program is available, ORR will transfer the child to an ICF or any other EIS within 14 days of making that determination, unless the child's release is imminent, the transfer would require separation of sibling groups, or no bed is available in a licensed program, an ICF or any other EIS.  If ORR must place or maintain particularly vulnerable children at the Fort Bliss EIS or the Pecos EIS, it will provide monthly reports regarding those placements to Plaintiffs' Counsel and the Independent Monitor.

WHEREAS Plaintiffs accordingly believe that the Court's granting the requested continuance is consistent with their Rule 23 duty to represent class members adequately.

The Parties hereby stipulate and respectfully request that the hearing on Plaintiffs' Motion to Enforce Settlement re Emergency Intake Sites [Doc. #1161] be continued from October 1, 2021, to October 29, 2021, at 8:30 a.m., or as soon thereafter as counsel may be heard; that Defendants shall file their opposition by October 1, 2021; and Plaintiffs, their reply, by October 15, 2021.

Dated: September 2, 2021

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos R. Holguín

NATIONAL CENTER FOR YOUTH LAW
Leecia Welch
Neha Desai
Melissa Adamson
Mishan Wroe
Diane de Gramont

 /s/ Carlos Holguín
Carlos Holguín
*One of the Attorneys for Plaintiffs*

Dated: September 2, 2021

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah Fabian*
SARAH B. FABIAN (per email authorization)
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*