PETER A. SCHEY (Cal. Bar No. 58232)
CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional
Law 256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone:   (213) 388-8693

Email:        crholguin@centerforhumanrights.org
              pschey@centerforhumanrights.org

*Class Counsel for Plaintiffs*
*Additional Plaintiffs' counsel on next page*


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION


| | |
|---|---|
| JENNY LISETTE FLORES, *et al*., | Case No. CV 85-4544-DMG (AGRx) |
| Plaintiffs, | EXHIBIT 3: CARLOS HOLGUIN DECLARATION IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES |
| v. | |
| WILLIAM BARR, Attorney General, *et al*., | |
| Defendants. | Hearing: December 10, 2021 |
| | Time: 9:30 AM |
| | Judge: Hon. Dolly Gee |

1 | *Attorneys for Plaintiffs continued*

2

3 | USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)

4 | 2130 Fulton Street

5 | San Francisco, CA 94117-1080
Telephone: (415) 422-4475

6 | Email: bhing@usfca.edu

7

8 | LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)

9 | 474 Valencia Street, #295
San Francisco, CA 94103

10 | Telephone: (415) 575-3500

11

12 | NATIONAL CENTER FOR YOUTH LAW

13 | Neha Desai (Cal. RLSA No. 803161)
Mishan Wroe (Cal. Bar No. 299296)

14 | Melissa Adamson (Cal. Bar No. 319201)

15 | Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600 Oakland,  CA 94612

16 | Telephone: (510) 835-8098
Email: ndesai@youthlaw.org

17

18

19 | CHILDREN'S RIGHTS

20 | Leecia Welch (Cal. Bar No. 208741)
88 Pine Street, Suite 800, New York, NY 10005

21 | Telephone: (212) 683-2210
Email: lwelch@childrensrights.org

22

23

24 | / / /

25

26

27

28

-ii-

MOTION FOR ATTORNEY'S FEES AND COSTS
CV 85-4544-DMG(AGRx)

DECLARATION OF CARLOS HOLGUIN

I,  Carlos Holguín, declare and say as follows:

1.  I execute this declaration in support of Plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for work performed to compel the Office of Refugee Resettlement of the U.S. Department of Health and Human Services to comply with the settlement in *Flores v. Garland*.

2. I am one of the attorneys who currently serve as class counsel for Plaintiffs in *Flores v. Garland*. I have represented Plaintiffs in *Flores* since 1985. I have argued this cause for Plaintiffs before this Court, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court. A true and correct copy of my resume detailing my experience and qualifications is attached as Exhibit A to this declaration.

3. I am employed by, and serve as General Counsel of, the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm. Since 1984 my practice has focused on litigation, advocacy and technical support in furtherance of the rights of immigrants and refugees. The California Legal Services Trust Fund has funded CHRCL since 1982 to provide technical support and training to qualified legal services programs and attorneys serving *pro bono publico* in the areas of immigration law, constitutional law, international human rights, and complex litigation. In my capacity as CHRCL's general counsel, I regularly provide technical support, advocacy support, and training to legal aid and *pro bono* lawyers in these areas.

4. In addition to this matter, I have served as lead or co-counsel in many class actions seeking to vindicate the rights immigrants and refugees: *e.g.*, *Perez-Olano v. Gonzalez*, 248 F.R.D. 248 (C.D. Cal. 2008), which resulted in a nationwide settlement expanding eligibility for special immigrant status, an immigration benefit for abused, abandoned and neglected children; *We Are America v. Maricopa County*, 297 F.R.D. 373 (D. Ariz. 2013), which secured a state-wide class injunction against prosecuting migrants for conspiring to transport themselves; *Orantes-Hernandez v. Smith*, 541 F.Supp.

351 (C.D. Cal. 1982), a national class action on behalf of Salvadoran nationals blocked from applying for political asylum; *League of United Latin American Citizens v. Wilson*, 908 F. Supp. 755 (C.D. Cal. 1995), a state-wide class action that overturned a state proposition that would have denied health care, social services and education to allegedly undocumented immigrants; *Catholic Social Services v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (en banc), a national class action that restored the right of some 500,000 class members to apply for legalization under the Immigration Reform and Control Act of 1986; and *Plyler v. Doe*, 457 U.S. 202 (1982), a state-wide class action that established the right of children to a public elementary education regardless of their immigration status. In this matter, I served as lead counsel and argued for Plaintiffs in *Flores v. Meese*, 681 F. Supp. 665 (C.D. Cal. 1988); *Flores v. Meese*, 934 F.2d 991 (9th Cir. 1990); *Flores v. Meese*, 942 F.2d 1352 (9th Cir. 1992) (en banc); *Reno v. Flores*, 507 U.S. 292 (1993); *Flores v. Johnson*, 212 F. Supp. 3d 864 (C.D. Cal. 2015); *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017); *Flores v. Barr*, 977 F.3d 742 (9th Cir. 2020); and *Flores v. Rosen*, 984 F.3d 720 (9th Cir. 2020).

5. CHRCL's services are available only to clients whose income is below 125 percent of federal poverty guidelines. Before undertaking representation, CHRCL regularly inquiries into a prospective client's income and resources. I accordingly verified that the original plaintiffs and class representatives in this matter were wholly indigent. In the years since, I have interviewed dozens of class members in detention facilities nationwide. I affirm, on the basis of  more than 40 years' experience representing detained immigrant and refugee children, that *Flores* plaintiff class members are on the whole indigent, often having arrived in the United States with little more than the clothes on their backs.

6. I believe that the successful prosecution of the instant motion to enforce required a combination of skills, knowledge, access to detained class members, and experience not possessed by lawyers generally. Since 1985 I have devoted a good part of

my practice to working with immigrant and asylum-seeking minors. I am also fluent in English and Spanish. The majority of class members in the litigation the CHRCL conducts, including *Flores*, are monolingual Spanish-speakers. In my opinion, the ability to communicate with these class members in their native language is essential to afford them a fair chance of prevailing.

7. The *Flores* settlement provides class counsel with unique access to class members and information regarding the plaintiff class. Since 1997, I have regularly monitored compliance with the *Flores* settlement by, *inter alia*, reviewing population reports furnished only to class counsel pursuant to ¶ 29 of the *Flores* settlement, conducting facility visits pursuant to ¶ 33 of the *Flores* settlement, and interviewing class members pursuant to ¶ 32 of the *Flores* settlement. As noted, I participated in the negotiations that resulted in the *Flores* settlement, and on the basis of personal knowledge affirm that Defendants insisted that only class counsel should have access to and information about detained class members, whereas Plaintiffs would have preferred such access and information be generally available to reputable non-profits and private counsel serving *pro bono publico*.

8. Paragraph 37 of *Flores* settlement also reserves to class counsel the right to seek class-wide enforcement of the agreement only in the United States District Court for the Central District of California. Here again, the Settlement reflects Defendants' preference, not Plaintiffs'. In sum, Defendants themselves insisted that the Settlement not be enforceable by lawyers generally, but instead by class counsel, and those associated with them, alone.

9. I believe that the knowledge, insight, and experience I developed over more than 30 years' representing detained immigrant and refugee children in *Flores* were essential to plaintiffs' prevailing. As a practical matter, very few, if any, lawyers have comparable expertise regarding the interplay of the *Flores* settlement, the Homeland Security Act of 2002, and the William Wilberforce Trafficking Victims Protection

Reauthorization Act. I routinely advise immigration lawyers regarding the rights of detained immigrant and refugee youth. I believe Plaintiffs herein would be unable to find counsel with comparable expertise for the inflation-adjusted rate prescribed by 28 U.S.C. § 2412(d).

10.   Throughout this litigation, I have maintained contemporaneous records of time I have spent on this case. Exhibit B to this declaration sets forth a true and correct itemization of this time. For the most part, I record a brief summary of my activity, which sometimes comprises related tasks. For example, a time entry indicating time I spent researching and writing a brief includes time spent researching pertinent legal authorities, including their history, treatment, and related cases, in addition to drafting and editing the text itself. I have exercised billing judgment in preparing the attached time records to avoid block billing, and to exclude time I deemed duplicative, excessive, or inadequately related to the motion to enforce here at issue. The total time I devoted to the instant motion to enforce comes to 77.86 hours, as detailed in the attached itemized time records, for which I seek fees awarded at $775 per hour, a rate I am informed and believe is substantially below rates charged by lawyers in Los Angeles of comparable experience and accomplishment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of September, 2021, at Santa Clarita, California.

_____
Carlos Holguin

/ / /

Exhibit A

*Curriculum Vitae*

### CARLOS HOLGUIN

Home:                                                     Office:
15920 Calle El Capitan                    256 S. Occidental Blvd.
Santa Clarita, California 91390       Los Angeles, CA 90057
(661) 270-0912                                 (213) 388-8693 x109
crholguin@centerforhumanrights.email

### PROFESSIONAL DEGREES

- Juris Doctorate, May 1979.

  Peoples College of Law, Los Angeles, California. Emphasis on civil rights, labor, and administrative law.

### BAR ADMISSIONS

- Supreme Court of the State of California, November 1979.

- United States District Court for the Central District of California, December 1979.

- United States District Court for the Eastern District of California, December 1979.

- United States Circuit Court of Appeals for the Ninth Circuit, May 1982.

- United States Supreme Court, February 1992.

- United States District Court for the Southern District of California, July 1992.

- United States District Court for the Northern District of California, March 2007.

### PROFESSIONAL EXPERIENCE

- *General Counsel, Center for Human Rights & Constitutional Law, Los Angeles, California. 1984 to present.*

Duties:  General counsel for non-profit, public interest legal advocacy center specializing in legal, legislative, and educational work in furtherance of the rights of immigrants and refugees.  Serve as lead and co-counsel in impact litigation involving deportation, political asylum, the rights of juveniles, and social services.

Additional duties include administration of grants, financial operations, office computerization, and community liaison.

- *Staff attorney, Westside Legal Services, Santa Monica, California, 1982-83.*

Duties:  Serve as sole staff attorney for community legal assistance office providing services for eligible low income clients.  Coordinate and supervise U.C.L.A. law students in clinical program involving counseling and direct representation of eligible clients.  Maintain caseload with emphasis on eviction defense, government benefits, and consumer rights.

- *Staff attorney, National Center or Immigrants' Rights, Los Angeles, California (Research Associate prior to bar admission), 1977-82.*

Duties:  Serve as principal and co-counsel for national Legal Services support center. Heavy emphasis on impact litigation involving immigration, civil rights of non-citizens, administrative law and procedure, eligibility for government benefits, and constitutional law.

Additional duties include serving as a resource attorney for Legal Services field programs in the areas of immigration law and procedure, refugee rights, and federal litigation; training of Legal Services attorneys and paralegals; legislative monitoring and analysis; preparation of technical articles and training materials on immigrants' and refugees' rights and federal litigation; coordination and supervision of El Rescate, a direct services project providing legal assistance to Central American refugees.

SPECIAL SKILLS

Read, write, and speak Spanish. Extensive experience in non-profit administration.

REFERENCES

Furnished on request.

Exhibit B

*Flores v. Garland*: Motion to Enforce Settlement re COVID-19
Attorney Time Report: Carlos Holguín

| Date | Time | Description of Services |
|------|------|-------------------------|
| 6/26/20 | 0.4 | Status conf. de-brief. |
| 6/26/20 | 1.05 | Status conference on COVID MTE. |
| 6/25/20 | 0.47 | Review Monitor's report and amicus brief. |
| 6/17/20 | 3.45 | R&D response to ORR JuvCo Report II. |
| 6/16/20 | 4.82 | R&D response to ORR JuvCo Report II. |
| 6/12/20 | 0.5 | Email re delays in release. |
| 6/9/20 | 1.52 | Review JC report & ORR guidance; email LSPs re same. |
| 5/29/20 | 0.62 | Respond to OIL email re: delayed release. |
| 5/27/20 | 1.67 | Draft letter re unnecessary release delay meet/confer. |
| 5/22/20 | 1.57 | Prep 4 COVID MTE status conference and status conference. |
| 5/21/20 | 4.12 | R&D statement re: ORR Juv.Coordinator report. |
| 5/7/20 | 1.6 | Research & compile examples of unnecessary delay in release to Juvenile Coordinator, Independent Moni |
| 4/29/20 | 1.37 | Analyze order granting COVID MTE. |
| 4/24/20 | 1.6 | PI hearing & debrief. |
| 4/23/20 | 1.08 | Draft joint status report re: meet-confer. |
| 4/21/20 | 1.27 | Meet/confer re: information sharing. |
| 4/21/20 | 4.42 | R&D supplemental PI brief. |
| 4/21/20 | 3.97 | R&D supplemental PI brief. |
| 4/20/20 | 6.08 | R&D supplemental PI brief. |
| 4/20/20 | 1.38 | Conf. call re: reply to Gov't's supplemental PI opp. |
| 4/14/20 | 0.77 | Edit & finalize letter re: COVID monitoring. |
| 4/13/20 | 1.48 | R&D letter to special master re: COVID reporting. |
| 4/10/20 | 1.5 | PI hering & de-brief w/co-counsel. |
| 4/10/20 | 2.88 | Prep 4 PI hearing. |
| 4/9/20 | 1.77 | Prep 4 PI hearing. |
| 4/8/20 | 1.18 | Edit PI supplemental brief. |
| 4/7/20 | 6 | R&D supplemental brief. |

| | | |
|---|---|---|
| 4/6/20 | 0.38 | Call to coordinate briefing. |
| 4/6/20 | 1.47 | R&D supplemental brief. |
| 4/6/20 | 1.2 | R&D supplemental TRO brief. |
| 3/27/20 | 1 | TRO hearing. |
| 3/27/20 | 4.28 | Prep for TRO hearing. |
| 3/26/20 | 2.43 | Telecons w/co-counsel & Peter re: OSC hearing. |
| 3/22/20 | 1.88 | Conf call w/medical experts re: COVID response. |
| 3/21/20 | 1.83 | Conf call w/advocates re: COVID. |
| 3/20/20 | 1.97 | Conf call w/medical experts re: COVID response. |
| 3/20/20 | 1.58 | Telecons w/Holly, Peter re: COVID response. |
| 3/19/20 | 0.5 | Conf. call w/KIND re: no release when ordered removed. |
| 3/13/20 | 0.8 | Conf. call re: no-release of MPP UACs. |
| Total hours | 77.86 | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29, 2021, I served the foregoing

exhibit on all counsel of record by means of the District Clerk's CM/ECF

electronic filing system.

<u>/s/Peter Schey</u>
*Counsel for Plaintiffs*
CENTER FOR HUMAN RIGHTS
AND CONSTITUTIONAL LAW
Peter A. Schey