PETER A. SCHEY (Cal. Bar No. 58232)
CARLOS R. HOLGUÍN (Cal. Bar No. 90754)
Center for Human Rights & Constitutional
Law 256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693

Email:      crholguin@centerforhumanrights.org
            pschey@centerforhumanrights.org

*Class Counsel for Plaintiffs*
*Additional Plaintiffs' counsel on next page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al*., | Case No. CV 85-4544-DMG (AGRx) |
| Plaintiffs, | EXHIBIT 5: JOHN OTOOLE DECLARATION IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES |
| v. | |
| WILLIAM BARR, Attorney General, *et al*., | |
| Defendants. | Hearing: December 10, 2021 Time: 9:30 AM Judge: Hon. Dolly Gee |

*Attorneys for Plaintiffs continued*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu


LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500


NATIONAL CENTER FOR YOUTH LAW
Neha Desai (Cal. RLSA No. 803161)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600 Oakland,  CA 94612
Telephone: (510) 835-8098
Email: ndesai@youthlaw.org


CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
88 Pine Street, Suite 800, New York, NY 10005
Telephone: (212) 683-2210
Email: lwelch@childrensrights.org

/ / /

-ii-

DECLARATION OF JOHN F. O'TOOLE

I, John F. O'Toole, declare and say under penalty of perjury under the laws of the United States of America as follows:

1.    I submit this declaration in support of Plaintiffs' motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A) ("EAJA"). This declaration is based upon my personal knowledge and experience. If called as a witness in this proceeding, I could and would testify competently with respect to the facts set forth herein.

2.    I served as the Executive Director of the National Center for Youth Law ("NCYL") from 1981 until my retirement in 2015.

3.    Founded in 1970, NCYL is a privately funded non-profit organization that advocates on behalf of low-income children and adolescents. NCYL regularly represents plaintiffs in complex class action lawsuits intended to benefit large numbers of children and adolescents. NCYL attorneys are experts in the various areas of law that affect low-income children and have significant experience in cases involving child welfare and children's mental health needs. NCYL attorneys have worked to reform child-serving systems through litigation across the country, including in California, Texas, Washington, Arkansas, Nevada, Utah, and Missouri.

4.    Throughout my time at NCYL, I was involved in a wide range of cases vindicating the rights of vulnerable children and youth. These cases included *L.J. v. Massinga*, No. 84-cv-4409-JFM (D. Md.) (seeking to protect foster children in Baltimore from mistreatment and ensure that they had adequate mental health services); *Angela R. v. Huckabee*, No. 91-cv-415-GH (E.D. Ark.) (challenging systemic failures in Arkansas's child welfare services and foster care system, including with respect to investigations, placement, health care, and case planning); *David C. v. Leavitt*, No. 93-cv-206-TC (D. Utah) (challenging systemic failures in Utah's child welfare services and foster care system,

1

including with respect to investigations, placement, health care, and case planning); and *Henry A. v. Willden*, No. 10-cv-528-RCJ-PAL (D. Nev.) (challenging Nevada and Clark County's failure to protect the health and safety of children in foster care).

5.   My work in the field of child advocacy has been recognized by the *Daily Journal*, which named me one of California's 100 most influential attorneys.  I was appointed by the Chief Justice of the California Supreme Court to be a member of California's Blue Ribbon Commission on Children in Foster Care.   For the last twenty years, I have also served on the Board of Legal Services for Children, a San Francisco-based nonprofit organization that provides direct legal representation to children and adolescents in need, including those in the child welfare system.

6.   I am familiar with the work, expertise, and reputation of Leecia Welch, the Senior Director of Legal Advocacy and Child Welfare at NCYL, and one of the attorneys for the Plaintiffs in *Flores v. Barr*, No. 85-cv-4544-DMG-AGR.  In my capacity as Executive Director, I supervised Ms. Welch for more than ten years, and I continue to stay abreast of her work.

7.   I am also familiar with the *Flores* litigation, which was filed and settled during my term as NCYL's Executive Director and in which I personally participated.  From the inception of the case, NCYL's attorneys have contributed specialized expertise in child welfare to the Plaintiffs' legal team.

8.   In my opinion, Ms. Welch possesses distinctive, specialized knowledge and skill that is not generally available, and that has been essential to the successful litigation of Plaintiffs' April 2018 motion to enforce the *Flores* settlement agreement.

9.   Ms. Welch has spent the majority of her career representing children and youth, and, in particular, children and youth in government custody, in cases focused on enforcing their statutory and constitutional rights.  She has been lead or co-counsel in multiple federal court class action lawsuits and individual cases on behalf of children in need.  Her work has

2

been recognized by the American Bar Association, the California State Bar, and the Impact Fund.

10. For example, from 2004 through 2008, Ms. Welch was lead counsel on *David C. v. Leavitt*, No. 93-cv-206-TC (D. Utah), representing a statewide class of children in foster care in Utah. During that time period, she led efforts to implement the parties' settlement agreement, ultimately resulting in successful exit from court oversight. Over the course of settlement implementation, Utah's child welfare system improved dramatically and was widely recognized as leading the nation in many key respects. From 2010 to 2015, she also co-lead *Henry A v. Willden*, No. 10-cv-528-RCJ-PAL, a damages lawsuit on behalf of a group of foster children in the Las Vegas foster care system that resulted in a two million dollar settlement. During her work on that case she developed specialized knowledge in the improper administration of psychotropic medication to children in government custody.

11. She is currently lead class counsel in *T.R. v. Quigley*, No. 09-cv-2677-TSV (W.D. Wash.), a federal class action case on behalf of low-income children with significant mental health needs that is currently in the final stages of implementation, and in *M.B. and S.E. v. Kelly*, No. 18-cv-2617-JWL-GEB (D. Kan.), a putative class action lawsuit challenging Kansas's failure to ensure that foster youth are provided a place to live and needed mental health services.

12. Ms. Welch also represents five classes of detained immigrant children in the federal custody of the Office of Refugee Resettlement in *Lucas R. v. Azar*, No. 18-cv-5741-DMG-PLA (C.D. Cal.), as well as a putative class of immigrant children whose release from government custody has been delayed due to unlawful fingerprinting policies and practices in *Duchitanga v. Hayes*, No. 18-cv-10332-PAC (S.D.N.Y).

13. In my opinion, Ms. Welch is one of the foremost litigators in the area of child welfare and a national expert in the field. I believe that her expertise was integral in achieving Plaintiffs' success in the litigation of the April 2018 motion to enforce the

3

agreement.  This work resulted in the Court's July 30, 2018 order requiring significant changes to the government's policies governing the release, placement, and treatment of class members.  In particular, I believe that the issues surrounding the administration of psychotropic medications to detained immigrant class members without informed parental consent could not have been successfully litigated without Ms. Welch's specialized knowledge and skill in this area.

14. Ms. Welch currently serves as class counsel in *M.B. v. Corsi*, No. 17-cv-4102 (W.D. Mo.), a class action lawsuit in Missouri challenging the state's failure to maintain a system to monitor the administration of psychotropic medications to children in foster care. The litigation of the *M.B. v. Corsi* matter has required specialized expertise concerning procedural protections for children and youth prescribed psychotropic medications while in government care and, in particular, specialized expertise with respect to informed consent. This case builds on the expertise Ms. Welch developed while working on *Henry A.*, and also NCYL's groundbreaking legislative work in California focused on addressing the improper administration of psychotropic medications to youth in foster care.

15. In my opinion, the successful litigation of Plaintiffs' motion to enforce the *Flores* settlement agreement required specialized expertise at the intersection of child welfare and complex federal class action litigation, and particular expertise regarding the administration of psychotropic medications to children in government custody.  Ms. Welch is one of very few attorneys practicing in the United States who has this necessary expertise.  In addition, because NCYL has represented Plaintiffs since the inception of the *Flores* case, Ms. Welch and NCYL bring valuable institutional knowledge of the *Flores* litigation and the rights of class members.

16. It is therefore my belief that *Flores* class members would have had great difficulty finding qualified counsel to pursue the relief achieved in the July 30, 2018 order – and in particular the relief related to the administration of psychotropic medications to

4



1  detained class members without informed consent – absent Ms. Welch's representation.

2  Further, due to the specialized nature of Ms. Welch's expertise, I believe that it would have

3  been impossible to find appropriately qualified attorneys to undertake this representation at

4  the inflation-adjusted EAJA rate.

5

6

7  I declare under penalty of perjury that the foregoing is true and correct.

8  Executed this 16ᵗʰ day of April, 2019, at San Miguel de Allende, Mexico

9

10  John F. O'Toole

11  John F. O'Toole

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 29, 2021, I served the foregoing exhibit on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

<u>/s/Peter Schey</u>
*Counsel for Plaintiffs*
CENTER FOR HUMAN RIGHTS
AND CONSTITUTIONAL LAW
Peter A. Schey