# Exhibit A

DECLARATION OF CARLOS HOLGUIN

I, Carlos Holguín, declare and say as follows:

1. I execute this declaration in support of Plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for work performed to compel the Office of Refugee Resettlement of the U.S. Department of Health and Human Services and Department of Homeland Security to comply with the settlement in *Flores v. Garland* with respect to class members designated for expulsion pursuant to Title 42, U.S.C., and confined in hotels and other irregular facilities pending expulsion.

2. I am one of the attorneys who currently serve as class counsel for Plaintiffs in *Flores v. Garland*. I have represented Plaintiffs in *Flores* since 1985. I have argued this cause for Plaintiffs before this Court, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court. A true and correct copy of my resume detailing my experience and qualifications is attached as Exhibit A to this declaration.

3. I am employed by, and serve as General Counsel of, the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm. Since 1984 my practice has focused on litigation, advocacy and technical support in furtherance of the rights of immigrants and refugees. The California Legal Services Trust Fund has funded CHRCL since 1982 to provide technical support and training to qualified legal services programs and attorneys serving *pro bono publico* in the areas of immigration law, constitutional law, international human rights, and complex litigation. In my capacity as CHRCL's general counsel, I provide technical support, advocacy support, and training to legal aid and *pro bono* lawyers in these areas.

4. In addition to this matter, I have served as lead or co-counsel in many class actions seeking to protect the rights immigrants and refugees. These include *Perez-Olano v. Gonzalez*, 248 F.R.D. 248 (C.D. Cal. 2008), which resulted in a nationwide settlement expanding eligibility for special immigrant status, an immigration benefit for abused,

abandoned and neglected children; *We Are America v. Maricopa County*, 297 F.R.D. 373 (D. Ariz. 2013), which secured a state-wide class injunction against prosecuting migrants for conspiring to transport themselves; *Orantes-Hernandez v. Smith*, 541 F.Supp. 351 (C.D. Cal. 1982), a national class action on behalf of Salvadoran nationals blocked from applying for political asylum; *League of United Latin American Citizens v. Wilson*, 908 F. Supp. 755 (C.D. Cal. 1995), a state-wide class action that overturned a state proposition that would have denied health care, social services and education to allegedly undocumented immigrants; *Catholic Social Services v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (en banc), a national class action that restored the right of some 500,000 class members to apply for legalization under the Immigration Reform and Control Act of 1986; and *Plyler v. Doe*, 457 U.S. 202 (1982), a state-wide class action that established the right of children to a public elementary education regardless of their immigration status. In this matter, I have served as lead counsel and argued for Plaintiffs in numerous reported decisions, including *Flores v. Meese*, 681 F. Supp. 665 (C.D. Cal. 1988); *Flores v. Meese*, 934 F.2d 991 (9th Cir. 1990); *Flores v. Meese*, 942 F.2d 1352 (9th Cir. 1992) (en banc); *Reno v. Flores*, 507 U.S. 292 (1993); *Flores v. Johnson*, 212 F. Supp. 3d 864 (C.D. Cal. 2015); *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017); *Flores v. Barr*, 977 F.3d 742 (9th Cir. 2020); and *Flores v. Rosen*, 984 F.3d 720 (9th Cir. 2020).

     5. CHRCL's services are available only to clients whose income is below 125 percent of federal poverty guidelines. Before undertaking representation, CHRCL regularly inquiries into a prospective client's income and resources. I accordingly verified that the original plaintiffs and class representatives in this matter were wholly indigent. In the years since, I have interviewed dozens of class members in detention facilities nationwide. I affirm, on the basis of more than 40 years' experience representing detained immigrant and refugee children, that *Flores* plaintiff class

members are on the whole indigent, often having arrived in the United States with little more than the clothes on their backs.

6. I believe that the successful prosecution of the instant motion to enforce required a combination of skills, knowledge, access to detained class members, and experience not possessed by lawyers generally. Since 1985 I have devoted a good part of my practice to working with immigrant and asylum-seeking minors. I am also fluent in English and Spanish. The majority of class members in the litigation the CHRCL conducts, including *Flores*, are monolingual Spanish-speakers. In my opinion, the ability to communicate with these class members in their native language is essential to afford them a fair chance of prevailing.

7. The *Flores* settlement provides class counsel with unique access to information regarding plaintiff class members. Since 1997, I have regularly monitored compliance with the *Flores* settlement by, *inter alia*, reviewing population reports furnished only to class counsel pursuant to ¶ 29 of the *Flores* settlement. As noted, I participated in the negotiations that resulted in the *Flores* settlement, and on the basis of personal knowledge I affirm that Defendants insisted that only class counsel should have access to the information about detained class members described in ¶ 29 of the *Flores* settlement.

8. Paragraph 37 of *Flores* settlement also reserves to class counsel the right to seek class-wide enforcement of the agreement only in the United States District Court for the Central District of California. Here again, the Settlement reflects Defendants' preference, not Plaintiffs'. In sum, Defendants themselves insisted that the Settlement not be enforceable by lawyers generally, but instead by class counsel, and those associated with them, alone.

9. I believe that the knowledge, insight, and experience I developed over more than 30 years' representing detained immigrant and refugee children in *Flores* were essential to plaintiffs' prevailing. As a practical matter, very few, if any, lawyers have

comparable expertise regarding the interplay of the *Flores* settlement, the Homeland Security Act of 2002, and the William Wilberforce Trafficking Victims Protection Reauthorization Act. I routinely advise immigration lawyers regarding the rights of detained immigrant and refugee youth. I believe Plaintiffs herein would be unable to find counsel with comparable expertise for the inflation-adjusted rate prescribed by 28 U.S.C. § 2412(d).

10. As is my customary practice, I maintained contemporaneous records of time I spent prosecuting Plaintiffs' motion to enforce the Flores settlement on behalf of children designated for expulsion pursuant to Title 42 of the United States Code. Exhibit B to this declaration sets forth a true and correct itemization of this time. For the most part, I record a brief summary of my activity, which sometimes comprises related tasks. For example, a time entry indicating time I spent researching and writing a brief includes time spent researching pertinent legal authorities, including their history, treatment, and related cases, in addition to drafting and editing the text itself. I have exercised billing judgment in preparing the attached time records to avoid block billing, and to exclude time I deemed duplicative, excessive, or inadequately related to the motion to enforce here at issue. The total time I devoted to the instant motion to enforce comes to 103.65 hours, as detailed in the attached itemized time records, for which I seek fees awarded at $775 per hour, a rate I am informed and believe is substantially below rates charged by lawyers in Los Angeles of comparable experience and accomplishment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of October, 2021, at Santa Clarita, California.

_____
Carlos Holguín

# Exhibit A

*Curriculum Vitae*

**CARLOS HOLGUIN**

| | |
|---|---|
| Home: | Office: |
| 15920 Calle El Capitan | 256 S. Occidental Blvd. |
| Santa Clarita, California 91390 | Los Angeles, CA 90057 |
| (213) 290-1642 | (213) 388-8693 x109 |
| crholguin@centerforhumanrights.email | |

**PROFESSIONAL DEGREES**

- Juris Doctorate, May 1979.

    Peoples College of Law, Los Angeles, California. Emphasis on civil rights, labor, and administrative law.

**BAR ADMISSIONS**

- Supreme Court of the State of California, November 1979.

- United States District Court for the Central District of California, December 1979.

- United States District Court for the Eastern District of California, December 1979.

- United States Circuit Court of Appeals for the Ninth Circuit, May 1982.

- United States Supreme Court, February 1992.

- United States District Court for the Southern District of California, July 1992.

- United States District Court for the Northern District of California, March 2007.

**PROFESSIONAL EXPERIENCE**

- *General Counsel, Center for Human Rights & Constitutional Law, Los Angeles, California. 1984 to present.*

Duties: General counsel for non-profit, public interest legal advocacy center specializing in legal, legislative, and educational work in furtherance of the rights of immigrants and refugees. Serve as lead and co-counsel in impact litigation involving deportation, political asylum, the rights of juveniles, and social services.

Additional duties include administration of grants, financial operations, office computerization, and community liaison.

- *Staff attorney, Westside Legal Services, Santa Monica, California, 1982-83.*

Duties:  Serve as sole staff attorney for community legal assistance office providing services for eligible low income clients.  Coordinate and supervise U.C.L.A. law students in clinical program involving counseling and direct representation of eligible clients.  Maintain caseload with emphasis on eviction defense, government benefits, and consumer rights.

- *Staff attorney, National Center or Immigrants' Rights, Los Angeles, California (Research Associate prior to bar admission), 1977-82.*

Duties:  Serve as principal and co-counsel for national Legal Services support center.  Heavy emphasis on impact litigation involving immigration, civil rights of non-citizens, administrative law and procedure, eligibility for government benefits, and constitutional law.

Additional duties include serving as a resource attorney for Legal Services field programs in the areas of immigration law and procedure, refugee rights, and federal litigation; training of Legal Services attorneys and paralegals; legislative monitoring and analysis; preparation of technical articles and training materials on immigrants' and refugees' rights and federal litigation; coordination and supervision of El Rescate, a direct services project providing legal assistance to Central American refugees.

**SPECIAL SKILLS**

Read, write, and speak Spanish. Extensive experience in non-profit administration.

**REFERENCES**

Furnished on request.

# Exhibit B

Time Report of Carlos Holguín: *Flores v. Garland* Title 42 "Hoteling" MTE

| Date | Elapsed Time | Comments |
|---|---|---|
| 10/12/21 | 0.20 | Prepare EAJA time records & declaration. |
| 3/19/21 | 0.57 | Edit T42 appeal status report. |
| 3/17/21 | 2.68 | R&D draft status report re 9th Cir. T42 appeal. |
| 3/11/21 | 0.28 | Review 9th Cir order; email re status report. |
| 11/2/20 | 1.75 | Edit T42 appeal answering brief. |
| 10/19/20 | 1.78 | Research motion to dismiss 20-56052 |
| 10/18/20 | 0.38 | Review Gov't T42 opening bf on appeal. |
| 9/30/20 | 0.77 | T42 9th Cir. oral argument. |
| 9/30/20 | 2.45 | Prep 4 oral argument on T42 appeal. |
| 9/29/20 | 4.83 | Prep 4 oral argument on T42 appeal. |
| 9/28/20 | 2.87 | Prep 4 oral argument on T42 appeal. |
| 9/25/20 | 5.03 | R&D T42 stay opp. |
| 9/24/20 | 1.55 | R&D T42 stay opp. |
| 9/23/20 | 0.70 | T42 appeal mediation conference. |
| 9/18/20 | 4.08 | R&D T42 stayOpp. |
| 9/14/20 | 0.28 | Edit Opp to T42 MTE order stay motion. |
| 9/13/20 | 3.45 | R&D Opp to T42 MTE order stay motion. |
| 9/12/20 | 2.78 | R&D Opp to T42 MTE order stay motion. |
| 9/11/20 | 3.78 | R&D Opp to T42 MTE order stay motion. |
| 9/11/20 | 0.27 | R&D stayOpp. |
| 9/4/20 | 3.80 | Prep for T42 MTE hearing and attend hearing. |
| 9/3/20 | 0.85 | Review Gov't objections to monitor's T42 2d report. |
| 8/27/20 | 8.30 | R&D T42 MTE reply. |
| 8/27/20 | 0.28 | Conf. call re MTE reply. |
| 8/26/20 | 3.87 | R&D T42 MTE reply. |
| 8/25/20 | 5.43 | R&D T42 MTE reply. |
| 8/24/20 | 6.27 | R&D T42 MTE reply. |
| 8/14/20 | 0.48 | Call w/co-counsel re T42 MTE. |

| Date | Hours | Description |
|---|---|---|
| 8/14/20 | 2.13 | Edit T42 MTE brief. |
| 8/12/20 | 8.08 | R&D T42 MTE. |
| 8/10/20 | 1.62 | R&D T42 MTE. |
| 8/10/20 | 0.60 | conf call w/ACLU-IRP re T42 placements. |
| 8/6/20 | 3.07 | R&D reply to T42 report response. |
| 8/6/20 | 0.43 | Finalize & file T42 reply. |
| 8/5/20 | 1.62 | Research T42 "legal custody" issue. |
| 8/4/20 | 1.12 | Review T42 report response & briefing. |
| 8/3/20 | 0.42 | Conf. call w/Monitor re: data on T42 detainees. |
| 7/29/20 | 0.42 | Edit T42 meeting report |
| 7/28/20 | 3.78 | R&D submission re: T42 settlement coverage |
| 7/28/20 | 1.22 | Telecon w/ACLU-IRP & debrief re T42 detainees. |
| 7/27/20 | 0.45 | Conf call w/Independent Monitor. |
| 7/27/20 | 1.05 | Meet/confer re T42 detainees; debrief; follow up email. |
| 7/22/20 | 0.78 | Telecon w/ACLU-IRP re T42 expulsions. |
| 7/14/20 | 0.78 | Edit T42 FOIA request. |
| 7/10/20 | 0.92 | Contact orgs re: T42 expulsions. |
| 7/9/20 | 1.10 | Review May census reports; email re interpretation. |
| 7/8/20 | 4.30 | Draft T42 FOIA requests. |
| Total hours | 103.65 | |