CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Listing continues on next page*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*, | Case No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO ICE AND CBP JUVENILE COORDINATORS' REPORTS |
| v. | [DOC. ## 1192-1, 1192-3] |
| MERRICK B. GARLAND, Attorney General of the United States, *et al.*, | |
| Defendants. | [HON. DOLLY M. GEE] |

/ / /

*Attorneys for Plaintiffs continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500


/ / /

### 1. ICE JUVENILE COORDINATOR'S REPORT

The Immigration and Customs Enforcement (ICE) Juvenile Coordinator October 2021 Report (Doc. #1192-1) ("ICE Report") states in part that as of February 26, 2021, all families had been released from Berks and there have been no families housed there since. ICE Report at 1. Plaintiffs welcome this development and the fact that Berks has not been recommissioned for family detention.

The South Texas Family Staging Center and Karnes County Family Staging Center are being used as "short-term" residential/staging centers for family units, with the goal of "releasing families within 72 hours." *Id.* at 2. Plaintiffs welcome this development and in particular ICE's goal of releasing family units within 72 hours. Plaintiffs understand that release within the 72-hour window may be contingent upon ICE securing timely sponsor and travel arrangements, and that families who test positive for COVID-19 are generally held for a 10-day quarantine period.

ICE also reports that due to an unprecedented increase in irregular migrant flows to the southwest border, including greater numbers of family units, existing infrastructure "cannot hold this number of individuals in a way that fully complies with the FSA and other requirements" and ICE therefore continues to secure the use of hotels to temporarily house and process family units for release. *Id.* at 4.

Plaintiffs remain concerned with the use of hotels unless Class Members detained in such facilities are promptly released and are provided with the services and care required by the FSA. Plaintiffs plan to conduct monitoring and Class Member interviews at several hotels to assess whether conditions and length of detention are in compliance with the Settlement and prior Court Orders.

ICE reports that as of October 22, 2021, there were 126 Class Members at the ICE FSCs, 198 in hotels, and one in secure juvenile detention, for a total of 325 Class Members in ICE custody, down from the 562 detained as of the Juvenile Coordinator's last report. *Id.*

ICE further reports that as of October 22, 2021, Class Members at Karnes were detained an average of four (4) days, Class Members at the South Texas Facility were detained an average of 4 days, and Class Members in hotels were detained an average of three (3) days.

Overall, these numbers are far less than the numbers of Class Members previously detained by ICE and the length of their detention has been significantly reduced. Plaintiffs welcome the fact that it appears that the speed with which Class Members and their accompanying parent(s) or legal guardian(s) are being processed and released from ICE custody has increased significantly.

ICE reports that the FSCs and hotels that house Class Members continue to follow the COVID-19 mitigation practices set forth in the ERO PRR for social distancing, shift staggering, sick leave policies, vaccination access, and other measures to ensure continuity of operations. Subject to further monitoring, at present Plaintiffs have no further recommendations with regards measures to prevent and slow the spread of COVID-19 within ICE facilities.

Finally, ICE reports that between August 24, 2021, and October 18, 2021, it did not house any Class Members pending expulsion under Title 42 processes at an ICE facility or hotel. *Id*. at 9.

_____

2. **CBP JUVENILE COORDINATOR'S REPORT**

The CBP Juvenile Coordinator's October 29, 2021 Report ("CBP Report") (Doc. # 1192-3) indicates that family unit (FMU) encounters, including both adults and children, decreased by 25.7%, and unaccompanied children (UCs) encounters decreased by 23.7% across the SWB. *Id*. at 2. On average, in September 2021, there were 772 UCs in CBP custody per day, compared to August 2021 when there were an average of 1,435 UCs in custody per day. *Id*.

The Report indicates that as of October 14, 2021, there were 575 UC's in custody in the Southwest Border and 290 in the RGV Sector. At the same time, there were 1.210 FMU minors in custody in the Southwest Border, and 771 in the

RGV Sector.

Plaintiffs are pleased to see that the average time in CBP custody has decreased somewhat for both FMU minors and UCs. In the Southwest Border, for example, average length of detention for UCs in August was 44 hours, in September 29.40 hours, and on October 14, 2021, was 22.63 hours. In the RGV Sector average length of detention for UCs in August was 45 hours, in September 30.51 hours, and on October 14, 2021, was reduced to 19.70 hours.

In the Southwest Border, average length of detention for FMU minors in August was 61.03 hours, in September 61.21 hours, and on October 14, 2021, was 48.82 hours. In the RGV Sector average length of detention for FMU minors in August was 53.51 hours, in September 57.63 hours, and on October 14, 2021, was reduced to 50.58 hours.

*Plaintiffs are concerned and suggest the Court inquire at the next status conference, if the CBP Juvenile Coordinator knows or can determine prior to the next status conference –*

*• Why as of October 14, 2021, in the RGV Sector where UC's were detained an average 19.70 hours, were minors in FMUs detained an average of 50.58 hours, two and a half times longer than UCs?*

*• Why as of October 14, 2021, in the Southwest Border, where UC's were detained an average 22.63 hours, were minors in FMUs detained an average of 48.82 hours, more than twice the length of time UCs were detained?*

*• What, if any, plans does CBP have in the Southwest Border and in the RGV Sector to speed up the release of FMU minors?*

*• Similarly, what, if any, steps is CBP taking in the Southwest Border and in the RGV Sector to speed up the release of FMU minors?*

\* \* \* \* \*

CBP next reports that it conducts health intake interviews, including COVID-19 considerations and temperature checks, on individuals in custody upon entry into CBP facilities. If Class Members entering CBP custody display

3

COVID-19 symptoms or are suspected of having COVID-19, CBP reports that they are taken from the CBP facility to a local health care facility for medical care, COVID-19 testing (if appropriate), and treatment. *Id.* at 4.

*Plaintiffs suggest that the Court inquire and the CBP Juvenile Coordinator explain at the next status conference –*

*• Does CBP maintain data on the number of class members who are suspected of having COVID-19 and taken from a CBP facility to a local health care facility for medical care and are tested positive for COVID-19?*

*• If the CBP does maintain such data, can it be shared with the Court or Class Counsel?*

*• If the CBP does not maintain such data, could it start doing so in order to better asses show many Class Members it detains actually are infected with COVID-19 while in CBP custody?*

*• Other than distributing face masks, and encouraging social distancing, what steps, if any, is CBP currently taking to avoid the spread of COVID-19 among detained Class Members?*

*• Has CBP taken any steps, and if so, what steps, to permit FMUs and UCs to engage in social distancing while detained by CBP in the SW Border or in the El Paso and RGV Sectors?*

\* \* \* \* \*

While Class Counsel remain concerned with the length of detention of Class Members at CBP facilities and the conditions of detention, Plaintiffs can report that efforts to arrive at a settlement of Plaintiffs' request for a Temporary Restraining Order and Preliminary Injunction (ECF No. 572) seeking to enforce compliance with the Settlement regarding conditions and processing of Class Members at CBP facilities in the Rio Grande Valley and El Paso Sectors have resumed and in Class Counsel's opinion continue to make substantial progress.

If finalized and approved by the Court, the new agreement will for the first time set detailed standards, protocols, and independent medical monitoring at CBP

Case 2:85-cv-04544-DMG-AGR   Document 1198   Filed 11/05/21   Page 7 of 8   Page ID
#:45952

facilities in the Rio Grande Valley and El Paso Border Patrol Sectors aimed at enhancing the safety and well-being of Class Members in CBP custody and ensuring CBP compliance with the *Flores* Settlement and the Court's prior Orders.

Dated: November 5, 2021                    Respectfully submitted,

                                           */s/Peter Schey*
                                           *Class Counsel for Plaintiffs*

                                           CENTER FOR HUMAN RIGHTS &
                                           CONSTITUTIONAL LAW
                                           Peter A. Schey
                                           Carlos Holguín

                                           USF SCHOOL OF LAW IMMIGRATION
                                            CLINIC
                                           Bill Ong Hing

                                           LA RAZA CENTRO LEGAL, INC.
                                           Stephen Rosenbaum
                                           *Counsel for Plaintiffs*

5

PLAINTIFFS RESPONSE TO JUV COORDINATOR REPORTS
CV 85-4544-DMG-AGRX

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

>                                   */s/Peter Schey*
>                                   *Counsel for Plaintiffs*
>                                   CENTER FOR HUMAN RIGHTS &
>                                   CONSTITUTIONAL LAW
>                                   Peter A. Schey