CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.email

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, Attorney General, *et al.*, <br><br> Defendants. | No. CV 85-4544-DMG (AGRx) <br><br> [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS <br><br> Hon. Dolly M. Gee |

NATIONAL CENTER FOR YOUTH LAW
Neha Desai (Cal. RLSA No. 803161)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600 Oakland, CA 94612
Telephone: (510) 835-8098
Email: ndesai@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
88 Pine Street, Suite 800, New York, NY 10005
Telephone: (212) 683-2210
Email: lwelch@childrensrights.org

*Attorneys for Plaintiffs*

Plaintiffs have applied for an award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for fees and costs incurred in enforcing the *Flores* Settlement Agreement ("Settlement") and opposing Defendants' motion to terminate the Settlement.

On September 27, 2019, the Court granted Plaintiffs' Motion to Enforce the Settlement and request to enjoin enformcement of the regulations proposed by Defendants. *See* Order re Plaintiffs' Motion to Enforce Settlement and Defendants' Notice of Termination and Motion in the Alternative to Terminate the Flores Settlement Agreement, September 27, 2019, Doc. # 688 ("Sept. 27 Order"). On December 29, 2020, the Ninth Circuit affirmed in part and reserved in part, upholding the Court's injunction as to many of the regulations at issue and holding that the Court "did not abuse its discretion in denying the government's motion to terminate the Agreement." *Flores v. Rosen*, 984 F.3d 720, 744 (9th Cir. 2020).

Under the Supreme Court's COVID-19 orders, the deadline to seek a writ of certiorari in this matter was December 13, 2021, 150 days from the Ninth Circuit's July 16, 2021, denial of panel rehearing. *See* U.S. Supreme Court Miscellaneous Order, July 19, 2021, https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf; *Flores v. Garland*, No. 19-56326, Doc. # 92 (9th Cir. July 16, 2021) (order denying panel rehearing).[1] The instant fee motion is therefore timely. *See also* 28 U.S.C. § 2412(d)(1)(B); *Li v. Keisler*, 505 F.3d 913, 916-17 (9th Cir. 2007).

---

[1] In response to the COVID-19 pandemic, the Supreme Court extended the time to seek certiorari from 90 days to 150 days. *See* U.S. Supreme Court Miscellaneous Order, March 19, 2020, https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf. The Court rescinded this order on July 19, 2021, subject to the clarification that "in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order." *See* U.S. Supreme Court Miscellaneous Order,

The EAJA allows litigants to recover fees in certain actions against the United States, thus encouraging the vindication of rights by persons who would otherwise be deterred from challenging governmental action because of the expense of litigation.  *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1166-67 (9th Cir. 2019) (en banc).  In pertinent part, the EAJA provides:

> . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Having considered Plaintiffs' motion and Defendants' opposition, the Court finds that Plaintiffs have satisfied all requirements for an award of attorney's fees and costs under EAJA.  The Court further finds that special factors warrant a fee award at market rates for Plaintiffs' senior counsel Carlos Holguín, Leecia Welch, and Holly Cooper.  Accordingly, Plaintiffs' Motion for an Award of Attorneys' Fees and Costs is GRANTED.  Defendants are ORDERED to pay Plaintiffs' attorneys' fees and costs in the amount of $480,749.46 within 60 days of this Order.

Dated: _____

                                                    DOLLY M. GEE
                                                    UNITED STATES DISTRICT JUDGE

Presented by:
/s/ Mishan Wroe
Mishan Wroe
*One of the Attorneys for Plaintiffs*

July 19, 2021,
https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf