# Exhibit A

DECLARATION OF CARLOS HOLGUIN

I, Carlos Holguín, declare and say as follows:

1. I execute this declaration in support of Plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for work performed opposing termination of the settlement in *Flores v. Garland* ("FSA") following the Government's promulgation of regulations purporting to imlement the FSA.

2. I am one of the attorneys who currently serve as class counsel for Plaintiffs in *Flores v. Garland*. I have represented Plaintiffs in *Flores* since 1985. I have argued this cause for Plaintiffs before this Court, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court. A true and correct copy of my resume detailing my experience and qualifications is attached as Exhibit A to this declaration.

3. I am employed by, and serve as General Counsel of, the Center for Human Rights and Constitutional Law (CHRCL), a non-profit, public interest law firm. Since 1984 my practice has focused on litigation, advocacy and technical support in furtherance of the rights of immigrants and refugees. The California Legal Services Trust Fund has funded CHRCL since 1982 to provide technical support and training to qualified legal services programs and attorneys serving *pro bono publico* in the areas of immigration law, constitutional law, international human rights, and complex litigation. In my capacity as CHRCL's general counsel, I provide technical support, advocacy support, and training to legal aid and *pro bono* lawyers in these areas.

4. In addition to this matter, I have served as lead or co-counsel in many class actions seeking to protect the rights immigrants and refugees. These include *Perez-Olano v. Gonzalez*, 248 F.R.D. 248 (C.D. Cal. 2008), which resulted in a nationwide settlement expanding eligibility for special immigrant status, an immigration benefit for abused, abandoned and neglected children; *We Are America v. Maricopa County*, 297 F.R.D. 373 (D. Ariz. 2013), which secured a state-wide class injunction against prosecuting migrants for conspiring to transport themselves; *Orantes-Hernandez v. Smith*, 541 F.Supp.

351 (C.D. Cal. 1982), a national class action on behalf of Salvadoran nationals blocked from applying for political asylum; *League of United Latin American Citizens v. Wilson*, 908 F. Supp. 755 (C.D. Cal. 1995), a state-wide class action that overturned a state proposition that would have denied health care, social services and education to allegedly undocumented immigrants; *Catholic Social Services v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (en banc), a national class action that restored the right of some 500,000 class members to apply for legalization under the Immigration Reform and Control Act of 1986; and *Plyler v. Doe*, 457 U.S. 202 (1982), a state-wide class action that established the right of children to a public elementary education regardless of their immigration status. In this matter, I have served as lead counsel and argued for Plaintiffs in numerous reported decisions, including *Flores v. Meese*, 681 F. Supp. 665 (C.D. Cal. 1988); *Flores v. Meese*, 934 F.2d 991 (9th Cir. 1990); *Flores v. Meese*, 942 F.2d 1352 (9th Cir. 1992) (en banc); *Reno v. Flores*, 507 U.S. 292 (1993); *Flores v. Johnson*, 212 F. Supp. 3d 864 (C.D. Cal. 2015); *Flores v. Sessions*, 862 F.3d 863 (9th Cir. 2017); *Flores v. Barr*, 977 F.3d 742 (9th Cir. 2020); and those issued in connection with the motions and appeal at issue on the instant motion for attorneys' fees: *Flores v. Barr*, 407 F. Supp. 3d 909 (C.D. Cal. 2019), and *Flores v. Rosen*, 984 F.3d 720 (9th Cir. 2020).

5. CHRCL's services are available only to clients whose income is below 125 percent of federal poverty guidelines. Before undertaking representation, CHRCL regularly inquiries into a prospective client's income and resources. I accordingly verified that the original plaintiffs and class representatives in this matter were wholly indigent. In the years since, I have interviewed dozens of class members in detention facilities nationwide. I affirm, on the basis of more than 40 years' experience representing detained immigrant and refugee children, that *Flores* plaintiff class members are on the whole indigent, often having arrived in the United States with little more than the clothes on their backs.

6. I believe that the successful prosecution of the instant motion to enforce required a combination of skills, knowledge, and experience not possessed by lawyers generally. Since 1985 I have devoted a good part of my practice to working with immigrant and asylum-seeking minors.

7. Paragraph 37 of the FSA reserves to class counsel the right to seek class-wide enforcement of the agreement in the United States District Court for the Central District of California. The Settlement reflects Defendants' preference, not Plaintiffs', and embodies Defendants' preference that the Settlement not be enforceable by lawyers generally, but instead by class counsel, and those associated with them, alone.

8. I believe that the knowledge, insight, and experience I developed over more than 30 years' representing detained immigrant and refugee children in *Flores* were essential to Plaintiffs' success in preserving the FSA from termination. As a practical matter, very few, if any, lawyers have comparable expertise regarding the FSA, its purpose, history, and functioning. I believe Plaintiffs herein would be unable to find counsel with comparable expertise for the inflation-adjusted rate prescribed by 28 U.S.C. § 2412(d).

10.  As is my customary practice, I maintained contemporaneous records of time I spent opposing termination of the FSA. Exhibit B to this declaration sets forth a true and correct itemization of this time. For the most part, I record a brief summary of my activity, which sometimes comprises related tasks. For example, a time entry indicating time I spent researching and writing a brief includes time spent researching pertinent legal authorities, including their history, treatment, and related cases, in addition to drafting and editing the text itself. I have exercised billing judgment in preparing the attached time records to avoid block billing, and to exclude time I deemed duplicative, excessive, or inadequately related to opposing termination of the FSA. The total time I devoted to this work comes to 203.31 hours, as detailed in the attached itemized time records, for which I seek fees awarded at $775 per hour, a rate I am informed and

believe is substantially below rates charged by lawyers in Los Angeles of comparable experience and accomplishment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of January, 2022, at Santa Clarita, California.

_____
Carlos Holguín

/ / /

# Exhibit A

*Curriculum Vitae*

**CARLOS HOLGUIN**

| | |
|---|---|
| Home: | Office: |
| 15920 Calle El Capitan | 256 S. Occidental Blvd. |
| Santa Clarita, California 91390 | Los Angeles, CA 90057 |
| (213) 290-1642 | (213) 388-8693 x109 |
| crholguin@centerforhumanrights.email | |

**PROFESSIONAL DEGREES**

- Juris Doctorate, May 1979.

    Peoples College of Law, Los Angeles, California. Emphasis on civil rights, labor, and administrative law.

**BAR ADMISSIONS**

- Supreme Court of the State of California, November 1979.

- United States District Court for the Central District of California, December 1979.

- United States District Court for the Eastern District of California, December 1979.

- United States Circuit Court of Appeals for the Ninth Circuit, May 1982.

- United States Supreme Court, February 1992.

- United States District Court for the Southern District of California, July 1992.

- United States District Court for the Northern District of California, March 2007.

**PROFESSIONAL EXPERIENCE**

- *General Counsel, Center for Human Rights & Constitutional Law, Los Angeles, California.  1984 to present.*

Duties:  General counsel for non-profit, public interest legal advocacy center specializing in legal, legislative, and educational work in furtherance of the rights of immigrants and refugees.  Serve as lead and co-counsel in impact litigation involving deportation, political asylum, the rights of juveniles, and social services.

Additional duties include administration of grants, financial operations, office computerization, and community liaison.

1

- *Staff attorney, Westside Legal Services, Santa Monica, California, 1982-83.*

Duties:  Serve as sole staff attorney for community legal assistance office providing services for eligible low income clients.  Coordinate and supervise U.C.L.A. law students in clinical program involving counseling and direct representation of eligible clients.  Maintain caseload with emphasis on eviction defense, government benefits, and consumer rights.

- *Staff attorney, National Center or Immigrants' Rights, Los Angeles, California (Research Associate prior to bar admission), 1977-82.*

Duties:  Serve as principal and co-counsel for national Legal Services support center.  Heavy emphasis on impact litigation involving immigration, civil rights of non-citizens, administrative law and procedure, eligibility for government benefits, and constitutional law.

Additional duties include serving as a resource attorney for Legal Services field programs in the areas of immigration law and procedure, refugee rights, and federal litigation; training of Legal Services attorneys and paralegals; legislative monitoring and analysis; preparation of technical articles and training materials on immigrants' and refugees' rights and federal litigation; coordination and supervision of El Rescate, a direct services project providing legal assistance to Central American refugees.

**SPECIAL SKILLS**

Read, write, and speak Spanish. Extensive experience in non-profit administration.

**REFERENCES**

Furnished on request.

# Exhibit B

## Time Report for Carlos Holguín: Sunset Regulations Litigation

| Date | Hours | Services Rendered |
|---|---|---|
| 12/13/21 | 0.93 | Prepare sunset regs attorney time report. |
| 7/11/21 | 1.33 | Review + edit draft petition for rehearing - sunset regs appeal. |
| 1/13/21 | 0.07 | Research rehearing procedure. |
| 1/13/21 | 0.48 | Meet/confer re motion for partial termination of settlement. |
| 12/30/20 | 0.63 | Conf call w/CDOJ re sunset regs. |
| 12/29/20 | 0.53 | Review 9th Cir sunset regs opinion. |
| 5/19/20 | 5.72 | Prep for argument & argument re: sunset regs. |
| 5/18/20 | 4.42 | Prep for 9th Cir. argument. |
| 5/17/20 | 2.92 | Prep for 9th Cir. argument. |
| 5/15/20 | 1.83 | Conf. call re 9th Cir. argument prep for sunset regs appeal. |
| 5/14/20 | 3.47 | Prepare for 9th Cir. argument re: sunset regs. |
| 2/26/20 | 0.37 | Conf. call w/9th Cir. mediator re: sunset regs appeal. |
| 2/14/20 | 3.73 | R&D opp 2 expedite reconsideration. |
| 2/10/20 | 0.38 | Review Gov't 9th Cir. reply. |
| 1/19/20 | 6.43 | Edit 9th Cir. sunset regs answering brief. |
| 1/16/20 | 5.58 | R&D 9th Cir. sunset regs answering brief. |
| 1/15/20 | 9.22 | R&D 9th Cir. sunset regs answering brief. |
| 1/14/20 | 7.55 | R&D 9th Cir. sunset regs answering brief. |
| 1/13/20 | 2.43 | R&D 9th Cir. sunset regs answering brief. |
| 1/13/20 | 1.55 | Conf call w/co-counsel re: 9th Cir. brief, etc. |
| 1/9/20 | 2.42 | R&D 9th Cir. sunset regs answering brief. |
| 1/8/20 | 5.47 | R&D 9th Cir. sunset regs answering brief. |
| 1/7/20 | 3.23 | R&D 9th Cir. sunset regs answering brief. |
| 1/6/20 | 0.87 | R&D 9th Cir. sunset regs answering brief. |
| 1/2/20 | 0.67 | R&D sunset regs appellate brief. |
| 11/25/19 | 2.02 | Edit sunset regs appeal expedite oppositin. |
| 11/22/19 | 2.02 | R&D sunset regs appeal expedite opposition. |
| 11/21/19 | 4.73 | R&D sunset regs appeal expedite opposition. |
| 9/26/19 | 8.37 | Prep 4 sunset regs MTE hearing. |
| 9/13/19 | 1.37 | Edit terminate opposition brief. |

| Date | Hours | Description |
|---|---|---|
| 9/12/19 | 1.75 | Edit terminate opp. |
| 9/11/19 | 11.28 | R&D terminate opposition. |
| 9/10/19 | 1.07 | R&D terminate opposition. |
| 9/4/19 | 8.78 | R&D terminate opposition. |
| 9/3/19 | 3.77 | R&D opposition to motion to terminate. |
| 9/3/19 | 1.62 | Conf call re: motion to terminate. |
| 9/2/19 | 5.32 | R&D opp2ExParteApp to file oversize brief. |
| 8/28/19 | 2.45 | R&D sunset regs supplemental brief. |
| 8/27/19 | 6.78 | R&D sunset regs supplemental brief. |
| 8/26/19 | 5.38 | R&D sunset regs supplemental brief. |
| 8/24/19 | 2.47 | Structure supplemental brief re: sunset regs. |
| 8/22/19 | 1.67 | Review final sunset regs. |
| 11/16/18 | 3.25 | Finalize regs MTE reply. |
| 11/15/18 | 2.33 | R&D reply to regs MTE opp. |
| 11/14/18 | 4.45 | R&D reply to regs MTE opp. |
| 11/13/18 | 1.27 | Review regs MTE opp; email co-counsel re: reply. |
| 11/2/18 | 3.02 | R&D motion to enforce re: regs. |
| 11/1/18 | 7.73 | R&D MTE re: proposed sunset regs. |
| 10/29/18 | 6.05 | R&D MTE re: proposed sunset regs. |
| 10/28/18 | 4.07 | R&D MTE re: proposed sunset regs. |
| 10/27/18 | 3.85 | R&D MTE re: proposed sunset regs. |
| 10/26/18 | 4.37 | R&D MTE re: proposed sunset regs. |
| 10/25/18 | 6.20 | R&D MTE re: proposed sunset regs. |
| 10/24/18 | 2.47 | R&D MTE re: proposed rules. |
| 10/23/18 | 6.10 | R&D MTE re: proposed sunset regs. |
| 9/25/18 | 0.82 | Analyze proposed sunset regs. |
| 9/25/18 | 1.67 | Conf. call w/co-counsel re: proposed regs conflicts w/settlement. |
| 9/25/18 | 0.32 | Telecon w/PAS re: regs response. |
| 9/24/18 | 1.63 | Review proposed sunset regs. |
| 9/24/18 | 0.63 | Compare settlement w/proposed regs. |
| Total Hrs. | 203.31 | |