# Exhibit C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Jenny Lisette Flores, et al.,** | ) | **Case No.: CV 85-4544-DMG-AGRx** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **DECLARATION OF HOLLY S. COOPER** |
| | ) | **IN SUPPORT OF PLAINTIFFS' MOTION** |
| **MERRICK GARLAND, U.S. Attorney** | ) | **FOR ATTORNEY'S FEES** |
| **General, *et al.,*** | ) | |
| | ) | **Honorable Dolly M. Gee** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

I, HOLLY S. COOPER, declare:

1.   I am an attorney, clinical professor, and Co-Director of the UC Davis School of Law's Immigration Law Clinic. My business address is: One Shields Ave. TB-30, Davis, CA 95616. I am licensed to practice law before the courts of the State of California, the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the United States Courts of Appeals for the Ninth Circuit and the Supreme Court of the United States. My California State Bar number is 197626.

2.   I received my Juris Doctorate from U.C. Davis School of Law in May of 1998.

3.   I make this declaration in support of Plaintiffs' Motion for Attorney Fees under the Equal Access to Justice Act in *Flores v. Garland*, Docket Number: CV 85-4544-DMG (AGRx). I am co-counsel in the case representing Plaintiffs.

4.   Before coming to U.C. Davis School of Law, I worked at Reed Smith LLP (formerly Crosby, Heafey, Roach & May LLP), Fellom & Solorio, and the Florence Immigrant & Refugee Rights Project ("Florence Project") in Florence, Arizona.   At the Florence

1

Project I initiated the first friend of the court program for detained immigrant children in collaboration with the Executive Office for Immigration Review. These experiences helped me develop an expertise in litigating the rights of immigrants, especially the rights of detained immigrant children.

5. I began teaching at UC Davis School of Law in March 2006 as the Associate Director of the Immigration Law Clinic ("the Clinic"). I became the Co-Director of the Clinic around 2016. The focus of my practice at the Clinic is training students in complex federal immigration litigation. The Clinic represents immigrants in detention in federal court actions, including writs of habeas corpus, petitions for review, petitions at the Supreme Court, and class action litigations in pursuit of more procedural fairness and to obtain better conditions in immigration detention centers.

6. Since 1998, my practice has been almost exclusively in the area of immigration law. I specialize in the intersection of immigrants' rights, civil rights, the immigration consequences of criminal convictions, and prisoners' rights. In the Clinic, I focus on creating a pedagogical program to educate law students on the civil rights of immigrant prisoners and detainees and how to effectively advocate on their behalf.

7. Since 1998, I estimate that I have represented hundreds of individuals in individual proceedings before the United States Citizenship and Immigration Services, the former Immigration and Naturalization Service, the Department of Homeland Security, the Executive Office for Immigration Review, the Board of Immigration Appeals, the United States District Courts, the United States Circuit Courts of Appeals for the Ninth Circuit, and the Supreme Court of the United States. I have also represented the interests of thousands of class members in class action litigations or enforcement of consent decrees.

8. I have been a member of the American Immigration Lawyers Association ("AILA") since 1999.  I was appointed for two years to the AILA Liaison Committee to the Office of the Chief Immigration Judge and Board of Immigration Appeals. I also served for a full five-year tenure on the ABA's Immigration Commission, and currently serve on the Immigration Committee under the Criminal Justice Section of the ABA.

9.   I have also received the following awards for my advocacy:

- The Al Otro Lado Honey Badger Award For Tenacious Advocacy 2020

- UC Davis Distinguished Public Service Award 2019

- Woman of the Year 2018 for District 04 (selected by Assemblymember Aguiar-Curry)

- Woman of the Year 2018 Congressman Garamendi

- Mexican American Concilio Community Award (2017)

- Legal Services for Children's Community Partner Award (2017)

- Yolo County District Attorney's Multi-Cultural Community Council Award (2017)

- UC Davis Immigration Law Clinic Recognition State Senate (2017)

- UC Davis Immigration Law Clinic Recognition State Assembly (2016)

- National Lawyers Guild – Carol Weiss King Award (2011)

- King Hall Legal Foundation – Outstanding Alumni Award (2011)

- UC Davis Immigration Clinic Alumni Council – Public Interest Award (2007)

10.   I have successfully litigated, as the attorney of record and as amicus counsel, several cases published as precedent by the federal courts and the California Supreme Court, and many more that were not designated as precedent.  I have directly represented clients or provided amicus briefing in multiple favorable published decisions, including but not limited to: *Flores v. Rosen,* 984 F.3d 720 (9th Cir. 2020) (holding that portions of the federal regulations were in breach of the Flores Settlement Agreement); *Flores v. Sessions,* 862 F. 3d. 863 (9th Cir. 2017) (holding detained children have a continued right to a bond hearing under the Flores Settlement Agreement); *Saravia v. Sessions,* 280 F. Supp. 3d 1168  (N.D. Cal. 2017) *aff'd by Saravia v. Sessions,* 905 F.3d 1137 (9th Cir. 2018) (finding immigrant children who were rearrested on purported gang allegations had right to a bond hearing)*; Rodriguez, et al. v. Robbins,* 804 F.3d 1060 (9th Cir. 2015)

3

(finding immigrants have a right to an individualized bond hearing)[1]; *People v. Patterson,* 2 Cal. 5th 885 (2017) (holding criminal defenders have a duty to provide specific advice as to the immigration consequences of a plea)*; Flores-Torres v. Mukasey,* 548 F.3d 708 (9th Cir. 2008) (finding federal court could exercise habeas jurisdiction over person in immigration custody with colorable claim to US citizenship), and *Flores-Torres v. Holder,* 680 F. Supp. 2d 1099 (N.D. Cal. 2010) (declaring petitioner was a US citizen)*, Robles-Urrea v. Holder,* 678 F.3d 702 (9th Cir. 2012) (holding misprision of a felony was not a crime involving moral turpitude); *Flores-Lopez v. Holder,* 685 F.3d 857 (9th Cir. 2012) (finding resisting arrest was not an aggravated felony); *Singh v. Holder,* 638 F.3d 1196 (9th Cir. 2011) (holding government bore the burden of proof by clear and convincing evidence in administrative bond hearings where immigrant in prolonged detention). The cases have changed the legal landscape of immigration detention, federal court habeas jurisdiction, and criminal deportability.

11.   I have lectured and provided numerous trainings throughout the United States on litigating immigration detention issues at continuing legal education seminars and at the national conferences hosted by the U.S. Court of Appeals for the Ninth Circuit, AILA, the National Immigration Project of the National Lawyers' Guild, and the American Bar Association.  I also served as a full tenure on the ABA Immigration Commission as an advisor and member of the commission.

12.   I have published various articles on detention litigation strategies for AILA including: *Getting Out: Strategies for Challenging Unlawful Detention in Federal Court* (2006) *and Freedom from ICE Custody: A Desert Illusion or A Litigation Possibility?* (2009)*.* I also authored the detention chapter in the Immigrant Legal Resource Center's book entitled Defending Immigrants in the Ninth Circuit (ILRC 2008). A full list of my publications is attached as an addendum to this declaration in the form of my curriculum vitae.

13.   I have testified as an expert witness on immigration law. I have served as an expert consultant to Amnesty International and Human Rights Watch for their reports on

---

[1] This case was overruled in part by the Supreme Court of the United States in *Jennings v. Rodriguez,* but remand on the constitutional issue is pending. 138 S. Ct. 830 (2018).

immigration detention conditions and the rights of immigrant detainees, and provide expert immigration consultations to Santa Barbara County Public Defenders Office. Moreover, I provided expert declarations in support of Defendants in *USA v. California,* Case No. 2:18-cv-00490-JAM-KJN (lawsuit filed by Trump administration against California, in part, regarding the legality of California's sanctuary laws) and *Padilla v. ICE,* Case No. 2:18-cv-00928-MJP (class action litigation surrounding the legality of detention for arriving asylum seekers). My declarations were cited by the courts in their favorable orders.

14.   I believe that my particular expertise and knowledge were required for successful resolution of this case. This was a complex case that raised complex issues of immigration detention jurisprudence as it pertains to immigrant children, federal litigation, child welfare laws, consent decrees, and administrative law. This was not a standard immigration case, such as a straightforward petition for review involving the application of settled law routinely applied. The very fact that the case was a federal class action that involved the intersection of administrative law and the substantive rights under the Flores Settlement Agreement, makes this case unique and more complex than the ordinary case. Highly contested issues of the interpretation of the rights under the Flores Settlement Agreement raised complex issues requiring substantive knowledge of the Flores Settlement Agreement, proposed and final regulatory schemes pertaining to accompanied and unaccompanied children, and immigration principles beyond the scope of that required for most immigration practice. Conversely, although many federal litigators are familiar with adult bond processes, few have the requisite knowledge of complex immigration laws pertaining to children in immigration custody, including the governing settlement agreements and statutory schemes specific to unaccompanied minors.

15.   My experience successfully litigating *Flores v. Sessions,* 862 F. 3d. 863 (9th Cir. 2017) gave me the critical litigation experience to understand legal standards governing consent decrees, and their intersectionality with the instant case.  I also litigated *Singh v. Holder,* 638 F.3d 1196 (9th Cir. 2011) where I successfully challenged the legal standards applied

5

to immigrants in prolonged detention. Moreover, I gained expertise in federal court jurisdiction through my litigation of *Flores-Torres v. Mukasey*, 548 F.3d 708 (9th Cir. 2008) and *Flores-Torres v. Holder*, 680 F. Supp. 2d 1099 (N.D. Cal. 2010) –where critical aspects of the cases was federal court jurisdiction and the constitutionality and legality of the detention. I also assisted on the amici brief in *Casas-Castrillon v. Dept. of Homeland Sec.,* 535 F.3d 942 (9th Cir. 2008) and *Rodriguez v. Robbins*, 804 F.3d 1060, where the critical issues were determining the substantive and procedural due process rights of immigrants who are detained for prolonged periods of time.  I also successfully filed a petition for writ of habeas corpus *Ramirez v. Burwell,* Case No. 2:16-cv-1511-TLN-EFB, a case involving the legality of the detention of an unaccompanied minor in the custody of the Office of Refugee Resettlement ("ORR").  It was one of the first habeas petitions filed against ORR for a child in prolonged detention. Moreover, most of my published legal articles have dealt with substantive and procedural due process rights of detained immigrants.

16.   I believe that my expertise in these fields of law was necessary for successful resolution of this case because of the important but complicated analysis of child welfare laws, the Flores Settlement Agreement, administrative law, and unique issues that apply to the release and custody of accompanied and unaccompanied minors. Moreover, development of the legal issues in the motion for a permanent injunction and motion to enforce the Flores Settlement Agreement required someone with my knowledge and years of experience litigating enforcement of the Flores Settlement Agreement.

17.   Very few immigration attorneys in the country engage in federal court litigation on behalf of detained immigrant children—in fact *Ramirez v. Burwell* was one of the few habeas petitions in the entire nation that had been filed on behalf of a detained child in the custody of the Office of Refugee Resettlement. Of those attorneys, very few would have taken on a case of this complexity. I do not believe that there are any qualified attorneys that would be willing to engage in this complex litigation at the EAJA statutory rate. I requested an enhanced rate of $650 (2018), $680 (2019), $700 (2020) per hour. This rate is well-below the market rate.

.

18.    I have personally reviewed the records and I am now seeking attorneys' fees for only 134 hours I spent on this litigation, which under enhanced rate calculations amounts to $88,916. This is a conservative number and is nowhere close to the amount of time I have expended on this litigation on, among other things, fact gathering, drafting, reviewing, editing, and responding to briefs and declarations, and conducting legal research. A printout of these time records is attached to this declaration as Exhibit A.

19.    I also personally and closely supervised the work of the Clinic's three staff attorneys working on this case and have reviewed and reduced their fee request as well. The staff attorneys' time records are attached to this declaration as Exhibits B and C.


I declare under penalty of perjury that the foregoing is true and correct.

Executed January 10, 2022 in Woodland, California.


/s/ Holly S. Cooper_____
Holly S. Cooper
Declarant

7

# Exhibit A

| Name | Date | Description | Rate ($) | Hours | Total |
|---|---|---|---|---|---|
| Holly Cooper | 9/10/18 | Reviewed and analyzed proposed Flores regs and compared with Flores Settlement Agreement | $650 | 6.3 | $4,095.00 |
| Holly Cooper | 9/10/18 | wrote and sent email to staff attorney re a plan of action of how to divide up regulatory analysis | $650 | 0.5 | $325.00 |
| Holly Cooper | 9/10/18 | Litigation meeting re strategy for filing motion to enjoin/motion for contempt on the proposed Flores regs | $650 | 1 | $650.00 |
| Holly Cooper | 9/25/18 | Meeting re DHS/HHS NPRM re licensure | $650 | 0.7 | $455.00 |
| Holly Cooper | 10/3/18 | legal research regarding mandatory versus permissive language contrast btwn the FSA and NPRM | $650 | 2.1 | $1,365.00 |
| Holly Cooper | 10/9/18 | Draft legal analysis of mandatory versus permissive language and the diff btwn the FSA and NPRM | $650 | 4.6 | $2,990.00 |
| Holly Cooper | 10/9/18 | Draft legal analysis of NPRM's differences re custodial review | $650 | 6.7 | $4,355.00 |
| Holly Cooper | 10/10/18 | Legal research re judicial review and whether a regulato | $650 | 4.7 | 3055 |
| Holly Cooper | 10/11/18 | Drafted legal argument re why the HHS NPRM are inconsistent with the FSA's judicial review obligations | $650 | 3.7 | $2,405.00 |
| Holly Cooper | 10/12/18 | Drafted legal argument re why NPRM 410.203 was inconsistent with the FSA | $650 | 2.5 | $1,625.00 |
| Holly Cooper | 10/13/18 | Drafted legal argument re why NPRM impermissibily expands step up criteria | $650 | 3.3 | $2,145.00 |
| Holly Cooper | 10/14/18 | Drafted legal argument re why NPRM's notice of placement requirements are out of step with the FSA | $650 | 4.1 | $2,665.00 |
| Holly Cooper | 10/15/18 | Drafted addendum for Motion to Enjoin regs comparing HHS DHS NPRM with FSA | $650 | 7.7 | $5,005.00 |
| Holly Cooper | 10/16/18 | Drafted addendum for Motion to Enjoin regs comparing HHS DHS NPRM with FSA | $650 | 3.3 | $2,145.00 |
| Holly Cooper | 10/17/18 | Drafted addendum for Motion to Enjoin regs comparing HHS DHS NPRM with FSA | $650 | 4.5 | $2,925.00 |
| Holly Cooper | 10/18/18 | Drafted introduction to Motion to Enjoin NPRM | $650 | 2.1 | $1,365.00 |
| Holly Cooper | 10/19/18 | Researched APA waiver of 30 days for good cause | $650 | 2.9 | $1,885.00 |
| Holly Cooper | 10/19/18 | Researched and Drafted section of MTE re anticipatory breach of contract | $650 | 1.9 | $1,235.00 |
| Holly Cooper | 10/20/18 | Drafted section of MTE/Enjoin re DHS NPRM and why inconsistent with FSA | $650 | 3.9 | $2,535.00 |
| Holly Cooper | 10/20/18 | Drafted section of MTE/Enjoin re DHS NPRM re animus of Trump Admin and its policy to eliminate FSA | $650 | 2.2 | $1,430.00 |
| Holly Cooper | 10/21/18 | researched APA requirement of logical outgrowth btwn proposed rules and final rules | $650 | 4.7 | $3,055.00 |

| Name | Date | Description | Rate ($) | Hours | Total |
|---|---|---|---|---|---|
| Holly Cooper | 10/22/18 | edited addendum to MTE re NPRM | $650 | 3.3 | $2,145.00 |
| Holly Cooper | 10/23/18 | Edited remedy section of MTE re NPRM | $650 | 1.3 | $845.00 |
| Holly Cooper | 11/1/18 | meeting with co-counsel to analyze Schey's edits | $650 | 1 | $650.00 |
| Holly Cooper | 11/1/18 | Edited Flores Counsel comments to NPRM | $650 | 4.5 | $2,925.00 |
| Holly Cooper | 11/1/18 | Reviewed Holguin's edits to MTE | $650 | 0.5 | $325.00 |
| Holly Cooper | 11/1/18 | Conf call with Orrick re filing action plan | $650 | 0.7 | $455.00 |
| Holly Cooper | 11/2/18 | Prepare final motion re NPRM for filing with exhibits and proposed orders and notice of motion | $650 | 7.7 | $5,005.00 |
| Holly Cooper | 11/14/18 | Outline govt reponse | $650 | 2.3 | $1,495.00 |
| Holly Cooper | 11/16/18 | Draft reply re anticipatory breach | $650 | 3.5 | $2,275.00 |
| **Holly Cooper** | **Year 2018** | **Amount Due** | **$650** | **98.2** | **$63,830.00** |

| Name | Date | Description | Rate ($) | Hours | Total |
|---|---|---|---|---|---|
| Holly Cooper | 7/23/19 | Reviewed and responded to several emails regarding scheduling and coordination with co-counsel team, potential amici and outside pro bono support for upcoming Flores Regs | $680 | 0.8 | $544.00 |
| Holly Cooper | 8/12/19 | Flores Co-Counsel Call to discuss expected Flores regs and co-counsel coordination | $680 | 0.7 | $476.00 |
| Holly Cooper | 8/22/19 | Reviewed and analyzed Flores regs aimed at sunsetting Flores a | $680 | 5.5 | $3,740.00 |
| Holly Cooper | 8/25/19 | Drafted MTE re Flores regs on secure detention and bond and indefinite detention DHS regs | $680 | 3.7 | $2,516.00 |
| Holly Cooper | 8/27/19 | Edited MTE as a whole | $680 | 1.1 | $748.00 |
| Holly Cooper | 8/27/19 | Discussion with amici | $680 | 0.5 | $340.00 |
| Holly Cooper | 9/23/19 | Flores Co-Counsel Call to discuss upcoming hearing on regs. | $680 | 0.5 | $340.00 |
| Holly Cooper | 9/27/19 | Outlined Judge Gee's opinion re Motion to Enforce Flores Settlement re regs | $680 | 1.3 | $884.00 |
| Holly Cooper | 9/30/19 | Flores co-counsel call. Discussed recent order regarding Flores regs. | $680 | 0.75 | $510.00 |
| Holly Cooper | 11/18/19 | Co-Counsel weekly call on Flores regs strategy | $680 | 0.4 | $272.00 |
| Holly Cooper | 12/9/19 | Flores Weekly Co-Counsel - discussed Appeal and next steps re Regs litigation. | $680 | 0.4 | $272.00 |
| Holly Cooper | 12/16/19 | Flores Co-counsel call to discuss prep for 9th circuit brief on Regs litigation. | $680 | 0.3 | $204.00 |
| Holly Cooper | 12/23/19 | Read Government's 9th Circuit Opening brief in Flores. Outlined arguments and potential responses. | $680 | 2 | $1,360.00 |
| | | | | | |
| **Holly Cooper** | **Year 2019** | **Amount Due** | **$680** | **17.95** | **$12,206.00** |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|----------|-------|-------|
| Holly Cooper | 1/6/20 | Flores Co-Counsel call to discuss 9th Cir Answering brief. Divided up sections and set deadlines. | $700 | 0.7 | $490.00 |
| Holly Cooper | 1/7/20 | UCD internal meeting to discuss assignments on Flores Answering Brief. Section assignments, excerpts, research on law of the case sections. | $700 | 0.97 | $679.00 |
| Holly Cooper | 1/11/20 | Edited Ninth Circuit reg brief. | $700 | 3.9 | $2,730.00 |
| Holly Cooper | 1/16/20 | Edited Ninth Circuit reg brief. | $700 | 2.1 | $1,470.00 |
| Holly Cooper | 1/17/20 | Edited the SER, statement of the case, and statutory addendum | $700 | 2 | $1,400.00 |
| Holly Cooper | 1/20/20 | Drafted Ninth Circuit reg brief re expedited removal and 240 removal and how it interrelates to custody | $700 | 3.6 | $2,520.00 |
| Holly Cooper | 2/4/20 | Read and analyzed Flores 9th Circuit Reply Brief filed by the government. | $700 | 2.1 | $1,470.00 |
| Holly Cooper | 2/20/20 | Reviewed emails regarding 9th Circuit order . Scheduled 4/23/20. Mediation also ordered. | $700 | 0.1 | $70.00 |
| Holly Cooper | 5/15/20 | Oral Arg prep call with entire Flores co-counsel team for Regs case to discuss strategy for oral arg and discuss potential questions and answers. | $700 | 1.67 | $1,169.00 |
| Holly Cooper | 5/18/20 | Flores weekly co-counsel call in prep for 9th Cir oral arg. | $700 | 0.2 | $140.00 |
| Holly Cooper | 5/19/20 | Attended via electronic means - 9th Circuit Oral argument on Flores Regs argued by co-counsel Carlos Holguin | $700 | 0.95 | $665.00 |
| Holly Cooper | 5/19/20 | 9th circuit oral argument debrief | $700 | 0.12 | $84.00 |
| | | | | | |
| **Holly Cooper** | **Year 2020** | **Amount Due** | **$700** | **18.4** | **$12,887.00** |

# Exhibit B

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|---------|-------|-------|
| Jonathan Mulligan | 9/6/18 | Reviewed Flores regs published and compared with settlement agreement | 201.6 | 4.2 | $846.72 |
| Jonathan Mulligan | 9/24/18 | Reviewed draft chart on the proposed regs and co-counsel public comments to submit on the regs | 201.6 | 1.75 | $352.80 |
| Jonathan Mulligan | 10/4/18 | Co-Counsel weekly call on Flores to divide up comments sections and prepping challenges to the regs | 201.6 | 1.2 | $241.92 |
| Jonathan Mulligan | 10/8/18 | Drafted and incorporated secure placement section into regs comments | 201.6 | 2.28 | $459.65 |
| Jonathan Mulligan | 11/1/18 | Reviewed and provided feedback for filing to enforce Flores and stop regs | 201.6 | 2.1 | $423.36 |
| Jonathan Mulligan | 11/13/18 | Reviewed and outlined gov's opposition to our MTE re: flores regs | 201.6 | 3.42 | $689.47 |
| Jonathan Mulligan | 11/14/18 | Reviewed Carlos' draft reply to gov's opposition | 201.6 | 1.35 | $272.16 |
| | | | | | |
| **Jonathan Mulligan** | **Year 2018** | **Amount Due** | **201.6** | **16.3** | **$3,286.08** |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|---------|-------|-------|
| Jonathan Mulligan | 7/23/19 | Reviewed and responded to several emails regarding scheduling and coordination with co-counsel team, potential amici and outside pro bono support for upcoming Flores Regs | 205.25 | 1.25 | $256.56 |
| Jonathan Mulligan | 8/12/19 | Flores Co-Counsel Call to discuss expected Flores regs and co-counsel coordination | 205.25 | 0.7 | $143.68 |
| Jonathan Mulligan | 8/22/19 | Reviewed newly promulgated regs aimed at sunsetting Flores and took notes | 205.25 | 3.4 | $697.85 |
| Jonathan Mulligan | 8/23/19 | Continued review of new regs and began comparison with Sep. 2018 regs | 205.25 | 4.1 | $841.53 |
| Jonathan Mulligan | 8/30/19 | Flores Co-Counsel Call to discuss amici coordination, decs and private firm pro bono work | 205.25 | 0.5 | $102.63 |
| Jonathan Mulligan | 9/18/19 | Reviewed Flores Motion to Terminate, Response and Reply for hearing prep. | 205.25 | 2.2 | $451.55 |
| Jonathan Mulligan | 9/23/19 | Flores Co-Counsel Call to discuss upcoming hearing on regs. | 205.25 | 0.5 | $102.63 |
| Jonathan Mulligan | 9/27/19 | Flores - read Judge Gee's opinion on Motion to Terminate and Motion to Enforce Flores Settlement. | 205.25 | 0.6 | $123.15 |
| Jonathan Mulligan | 9/30/19 | Flores co-counsel call. Discussed recent order regarding Flores regs. | 205.25 | 0.75 | $153.94 |
| Jonathan Mulligan | 11/18/19 | Co-Counsel weekly call on Flores | 205.25 | 0.4 | $82.10 |
| Jonathan Mulligan | 12/9/19 | Flores Weekly Co-Counsel - discussed Appeal and next steps re Regs litigation. | 205.25 | 0.4 | $82.10 |
| Jonathan Mulligan | 12/16/19 | Flores Co-counsel call to discuss prep for 9th circuit brief on Regs litigation. | 205.25 | 0.3 | $61.58 |
| Jonathan Mulligan | 12/23/19 | Read Government's 9th Circuit Opening brief in Flores. Outlined arguments and potential responses. | 205.25 | 3.9 | $800.48 |
| | | | | | |
| **Jonathan Mulligan** | **Year 2019** | **Amount Due** | **205.25** | **19** | **$3,899.75** |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|----------|-------|-------|
| Jonathan Mulligan | 1/6/20 | Flores Co-Counsel call to discuss 9th Cir Answering brief. Divided up sections and set deadlines. | 207.78 | 0.7 | $145.45 |
| Jonathan Mulligan | 1/7/20 | UCD internal meeting to discuss assignments on Flores Answering Brief. Section assignments, excerpts, research on law of the case sections. | 207.78 | 0.97 | $201.55 |
| Jonathan Mulligan | 1/7/20 | Continued Daisy's research and writing on "law of the case" discussion. | 207.78 | 1.7 | $353.23 |
| Jonathan Mulligan | 1/8/20 | Read through NCYL's draft on Legal Standard and legal standard for UCD sections. | 207.78 | 0.24 | $49.87 |
| Jonathan Mulligan | 1/9/20 | Read Daisy's work on summary on prior decisions with regards to "licensed programs." Briefly discussed it with her. Agreed to hold onto info for when reviewing NCYL's draft on this section. | 207.78 | 1.3 | $270.11 |
| Jonathan Mulligan | 1/9/20 | Read Daisy's work on prior decisions with respect to parole for minors in expedited removal. Discussed with her. Agreed to discuss with Holly further before reaching out to NCYL. | 207.78 | 1 | $207.78 |
| Jonathan Mulligan | 1/10/20 | Edits to another section in Flores Answering Brief after Daisy incorporated her edits. | 207.78 | 2.77 | $575.55 |
| Jonathan Mulligan | 1/10/20 | Reviewed Carlos's draft section on Remedy. | 207.78 | 0.34 | $70.65 |
| Jonathan Mulligan | 1/13/20 | Weekly Flores Co-Counsel call. Discussed Answering brief next steps, amicus briefs, and other litigation impacting Flores. | 207.78 | 1.04 | $216.09 |
| Jonathan Mulligan | 1/14/20 | Reviewing Flores Answering Brief circulated 1/12/20. tracked changes and comments to prepare for UCD round of edits. | 207.78 | 2.28 | $473.74 |
| Jonathan Mulligan | 1/16/20 | Flores Answering Brief strategy call with NCYL after receiving latest draft from Carlos. | 207.78 | 0.55 | $114.28 |
| Jonathan Mulligan | 1/16/20 | Read Carlos's latest draft Answering brief. Made outline comparison chart to track changes made to structure. Emailed to Holly and NCYL. | 207.78 | 2.62 | $544.38 |
| Jonathan Mulligan | 1/19/20 | Reviewed Flores Answering Brief Penultimate draft on sunset regs. | 207.78 | 0.83 | $172.46 |
| Jonathan Mulligan | 1/21/20 | Reviewed final draft of Answering 9th Circuit brief. Made brief edits and comments; reviewed Daisy's edits and comments. | 207.78 | 1.16 | $241.02 |
| Jonathan Mulligan | 1/27/20 | Flores co counsel call | 207.78 | 0.05 | $10.39 |
| Jonathan Mulligan | 2/3/20 | Flores weekly co-counsel call. | 207.78 | 0.39 | $81.03 |
| Jonathan Mulligan | 2/4/20 | Read Flores 9th Circuit Reply Brief filed by the government. Took notes. | 207.78 | 0.7 | $145.45 |
| Jonathan Mulligan | 2/10/20 | Weekly Flores co counsel call. | 207.78 | 0.49 | $101.81 |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|----------|-------|-------|
| Jonathan Mulligan | 2/20/20 | Reviewed numerous emails regarding 9th Circuit order granting expedited hearing but keeping original panel. Scheduled 4/23/20. Mediation also ordered. | 207.78 | 0.24 | $49.87 |
| Jonathan Mulligan | 3/9/20 | Weekly Flores co-counsel call | 207.78 | 0.34 | $70.65 |
| Jonathan Mulligan | 3/16/20 | Weekly Co-counsel call Flores | 207.78 | 0.17 | $35.32 |
| Jonathan Mulligan | 5/4/20 | Flores weekly co-counsel call | 207.78 | 0.2 | $41.56 |
| Jonathan Mulligan | 5/15/20 | Oral Arg prep call with entire Flores co-counsel team for Regs case to discuss strategy for oral arg and discuss potential questions and answers. | 207.78 | 1.67 | $346.99 |
| Jonathan Mulligan | 5/18/20 | Flores weekly co-counsel call in prep for 9th Cir oral arg. | 207.78 | 0.2 | $41.56 |
| Jonathan Mulligan | 5/19/20 | Attended via electronic means - 9th Circuit Oral argument on Flores Regs argued by co-counsel Carlos Holguin | 207.78 | 0.95 | $197.39 |
| Jonathan Mulligan | 5/19/20 | 9th circuit oral argument debrief | 207.78 | 0.12 | $24.93 |
| | | | | | |
| **Jonathan Mulligan** | **Year 2020** | **Amount Due** | **207.78** | **23.02** | **$4,783.10** |

# Exhibit C

| Name | Date | Description | Rate ($) | Hours | Total |
|---|---|---|---|---|---|
| Daisy Felt | 9/18/19 | Reviewed Flores Motion to Terminate, Response and Reply for hearing prep. | 205.25 | 3 | $615.75 |
| Daisy Felt | 9/23/19 | Flores Co-Counsel Call to discuss upcoming hearing on regs. | 205.25 | 0.5 | $102.63 |
| Daisy Felt | 9/27/19 | Flores - read Judge Gee's opinion on Motion to Terminate and Motion to Enforce Flores Settlement. Outlined decision. | 205.25 | 1.2 | $246.30 |
| Daisy Felt | 9/30/19 | Flores co-counsel call. Discussed recent order regarding Flores regs. | 205.25 | 0.75 | $153.94 |
| Daisy Felt | 11/18/19 | Co-Counsel weekly call on Flores | 205.25 | 0.4 | $82.10 |
| Daisy Felt | 12/5/19 | Call re potential themes for Amici | 205.25 | 1 | $205.25 |
| Daisy Felt | 12/9/19 | Flores Weekly Co-Counsel - discussed Appeal and next steps re Regs litigation. | 205.25 | 0.4 | $82.10 |
| Daisy Felt | 12/16/19 | Flores Co-counsel call to discuss prep for 9th circuit brief on Regs litigation. | 205.25 | 0.3 | $61.58 |
| Daisy Felt | 12/17/19 | Reviewed all Flores Reg briefs before district court to help prepare shell answering brief in anticipation of Govt Opening Brief on Appeal. | 205.25 | 5.4 | $1,108.35 |
| Daisy Felt | 12/18/19 | Began putting together Flores Shell Answering Brief in anticipation of Opening Brief. Used prior args and Judge Gee's order to structure the shell brief. | 205.25 | 8.1 | $1,662.53 |
| Daisy Felt | 12/19/19 | Continued to work on Flores Shell Brief | 205.25 | 7.6 | $1,559.90 |
| Daisy Felt | 12/23/19 | Read Government's 9th Circuit Opening brief in Flores. Outlined arguments to create a checklist when writing answer brief. | 205.25 | 5.1 | $1,046.78 |
| Daisy Felt | 12/26/19 | Emailed Shell Brief outline to entire co-counsel in the event someone has time to get started on further fleshing out the Answering Brief. | 205.25 | 0.2 | $41.05 |
| | | | | | |
| **Daisy Felt** | **Year 2019** | **Amount Due** | **205.25** | **33.95** | **$6,968.24** |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|----------|-------|-------|
| Daisy Felt | 1/3/20 | Reviewed NCYL's draft outline for Flores Answering brief. Checked against Judge Gee Order to make sure all topics covered. Provided feedback. | 207.78 | 0.8 | $166.22 |
| Daisy Felt | 1/6/20 | Flores Co-Counsel call to discuss 9th Cir Answering brief. Divided up sections and set deadlines. | 207.78 | 0.7 | $145.45 |
| Daisy Felt | 1/6/20 | TC with Holly to discuss assignments for the week and planning pre-co-counsel calls. | 207.78 | 0.2 | $41.56 |
| Daisy Felt | 1/6/20 | Read 6 Judge Gee orders and 1 Ninth Circuit decisions to compile prior rulings on deterrence for Flores Answering Brief. | 207.78 | 3.1 | $644.12 |
| Daisy Felt | 1/7/20 | Read 1 district court decision (Judge Gee) and 2 Ninth Circuit decisions to see what has been ruled on with respect to deterrence as basis for immigration policy. | 207.78 | 1.79 | $371.93 |
| Daisy Felt | 1/7/20 | UCD internal meeting to discuss assignments on Flores Answering Brief. Section assignments, excerpts, research on law of the case sections. | 207.78 | 0.97 | $201.55 |
| Daisy Felt | 1/7/20 | Checked prior briefs for law of the case discussion. Tried to figure out which sections of our answering brief may have law of the case incorporated into it. Read one of the 9th circuit decisions in Flores (2019) to figure out what has been ruled on. Emailed JJ where I left off for him to continue. | 207.78 | 2.64 | $548.54 |
| Daisy Felt | 1/7/20 | Started drafting section in Flores Answering Brief (Family Migration). | 207.78 | 1.92 | $398.94 |
| Daisy Felt | 1/8/20 | Continued drafting section in Flores Answering Brief (Family Migration). | 207.78 | 6.54 | $1,358.88 |
| Daisy Felt | 1/8/20 | Cite checking for section of the brief drafted. | 207.78 | 0.74 | $153.76 |
| Daisy Felt | 1/8/20 | Read through NCYL's draft on Legal Standard and legal standard for UCD sections. | 207.78 | 0.24 | $49.87 |
| Daisy Felt | 1/9/20 | Read two more 9th Flores Decisions (2017) and (2019) decisions to determine what is law of the | 207.78 | 1.79 | $371.93 |
| Daisy Felt | 1/9/20 | Drafted summary on prior decisions with regards to "licensed programs." Sent to JJ to review. Briefly discussed. Agreed to hold onto info for when reviewing NCYL's draft on this section. | 207.78 | 1.55 | $322.06 |
| Daisy Felt | 1/9/20 | Drafted summary on prior decisions with respect to parole for minors in expedited removal. Discussed with JJ. Agreed to discuss with Holly further before reaching out to NCYL. | 207.78 | 1.07 | $222.32 |
| Daisy Felt | 1/10/20 | Prepared Chart of Supplemental Excerpts and reviewed FRAP to ensure docs could be submitted as supplemental excerpts with our answering brief. | 207.78 | 1.07 | $222.32 |
| Daisy Felt | 1/10/20 | Edits to another section in Flores Answering Brief after Holly incorporated her edits. | 207.78 | 3.35 | $696.06 |
| Daisy Felt | 1/10/20 | Reviewed Carlos's draft section on Remedy. | 207.78 | 0.34 | $70.65 |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|----------|-------|-------|
| Daisy Felt | 1/13/20 | Weekly Flores Co-Counsel call. Discussed Answering brief next steps, amicus briefs, and other litigation impacting Flores. | 207.78 | 1.04 | $216.09 |
| Daisy Felt | 1/13/20 | Started reviewing NCYL's drafted sections for answering brief. Edits to sections reviewed. | 207.78 | 1.14 | $236.87 |
| Daisy Felt | 1/14/20 | Drafted supplemental excerpts lists based on cites in draft sent to Carlos 1/12/2020. Referenced FRAP as I prepared. Discussed FRAP with Diane at NCYL to figure out whether to include Amicus Briefs from lower court. | 207.78 | 1.79 | $371.93 |
| Daisy Felt | 1/14/20 | Reviewing Flores Answering Brief circulated 1/12/20. Made edits and comments to prepare for our round of edits on 1/15/20. | 207.78 | 2.92 | $606.72 |
| Daisy Felt | 1/15/20 | Emails with Holly and Orrick regarding questions on supplemental excerpts of record. | 207.78 | 0.07 | $14.54 |
| Daisy Felt | 1/16/20 | Flores Answering Brief strategy call with NCYL after receiving latest draft from Carlos. | 207.78 | 0.55 | $114.28 |
| Daisy Felt | 1/16/20 | Read Carlos's latest draft Answering brief. Made outline comparison chart to track changes made to structure. Emailed to Holly and NCYL. | 207.78 | 2.62 | $544.38 |
| Daisy Felt | 1/16/20 | Edits to Change in law, APA and change in fact sections of the brief. Made sure to update ER sites. Searched for new resources to cite to other than Amicus Brief since FRAP does not allow us to cite to amicus or append in Excerpts. Edits sent to Holly. | 207.78 | 5.92 | $1,230.06 |
| Daisy Felt | 1/17/20 | Forwarded SERs in smaller batches to NCYL due to email rejection due to size. | 207.78 | 0.2 | $41.56 |
| Daisy Felt | 1/17/20 | Edits to brief after Holly made edits to entire Argument section. Sent edits back to Holly so she could send UCD edits to NCYL. | 207.78 | 2.44 | $506.98 |
| Daisy Felt | 1/17/20 | Drafted Statement of the Case edits. Emailed to Holly to review. | 207.78 | 3.14 | $652.43 |
| Daisy Felt | 1/17/20 | Searched for new excerpts added to last brief. Made edits to excerpts list. Emails back and forth with NCYL regarding items allowed in excerpts per FRAP. Once agreed upon, made final edits to Excerpts to be sent to Orrick to put together and paginate. Redline edits to show what excerpts needed to be added and which ones needed to be removed. | 207.78 | 4.89 | $1,016.04 |
| Daisy Felt | 1/19/20 | Reviewed Flores Answering Brief Penultimate draft on sunset regs. Made edits and comments and sent to Holly. | 207.78 | 1.55 | $322.06 |
| Daisy Felt | 1/19/20 | Emails with NCYL regarding supplemental excerpts. Questions regarding what to include/remove. Sent Excerpts cover page which was missing from prior emails. | 207.78 | 0.52 | $108.05 |

| Name | Date | Description | Rate ($) | Hours | Total |
|------|------|-------------|----------|-------|-------|
| Daisy Felt | 1/20/20 | Searched for missing SERs per Neha's email. Found and sent to NCYL and Holly. | 207.78 | 0.29 | $60.26 |
| Daisy Felt | 1/21/20 | Reviewed final draft of Answering 9th Circuit brief. Sent edits and comments to Holly and JJ to review. | 207.78 | 1.25 | $259.73 |
| Daisy Felt | 1/27/20 | Flores co counsel call | 207.78 | 0.05 | $10.39 |
| Daisy Felt | 1/29/20 | Flores Student Case Conference | 207.78 | 0.5 | $103.89 |
| Daisy Felt | 2/3/20 | Flores weekly co-counsel call. | 207.78 | 0.39 | $81.03 |
| Daisy Felt | 2/4/20 | Read Flores 9th Circuit Reply Brief filed by the government. Took notes. | 207.78 | 0.82 | $170.38 |
| Daisy Felt | 2/10/20 | Weekly Flores co counsel call. | 207.78 | 0.49 | $101.81 |
| Daisy Felt | 2/20/20 | Reviewed numerous emails regarding 9th Circuit order granting expedited hearing but keeping original panel. Scheduled 4/23/20. Mediation also ordered. | 207.78 | 0.24 | $49.87 |
| Daisy Felt | 3/9/20 | Weekly Flores co-counsel call | 207.78 | 0.34 | $70.65 |
| Daisy Felt | 3/16/20 | Weekly Co-counsel call Flores | 207.78 | 0.17 | $35.32 |
| Daisy Felt | 4/1/20 | Emails regarding 9th Cir Flores hearing - renewed request to hear/expedite and/or change panel. Emails re whether opposition needs to be filed. | 207.78 | 0.09 | $18.70 |
| Daisy Felt | 5/4/20 | Flores weekly co-counsel call | 207.78 | 0.2 | $41.56 |
| Daisy Felt | 5/13/20 | Emails with Neha regarding 9th Circuit Oral Argument prep for hearing on May 19th | 207.78 | 0.25 | $51.95 |
| Daisy Felt | 5/14/20 | Worked on 9th Circuit oral arg prep doc. Reviewed Opening, Answering and reply briefs. | 207.78 | 3.4 | $706.45 |
| Daisy Felt | 5/15/20 | Continued to assist Diane on the 9th Circuit oral arg prep doc in prep for oral arg prep call in the afternoon and to assist with oral arg next week on Flores regs. | 207.78 | 4.67 | $970.33 |
| Daisy Felt | 5/15/20 | Oral Arg prep call with entire Flores co-counsel team for Regs case to discuss strategy for oral arg and discuss potential questions and answers. | 207.78 | 1.67 | $346.99 |
| Daisy Felt | 5/18/20 | Flores weekly co-counsel call in prep for 9th Cir oral arg. | 207.78 | 0.2 | $41.56 |
| Daisy Felt | 5/19/20 | researched precedent structure for USCIS and DOJ for Flores 9th Cir argument | 207.78 | 0.47 | $97.66 |
| Daisy Felt | 5/19/20 | Attended via electronic means - 9th Circuit Oral argument on Flores Regs argued by co-counsel Carlos Holguin | 207.78 | 0.95 | $197.39 |
| Daisy Felt | 5/19/20 | 9th circuit oral argument debrief | 207.78 | 0.12 | $24.93 |
| | | | | | |
| **Daisy Felt** | **Year 2020** | **Amount Due** | **207.78** | **74.16** | **$15,408.96** |