# Exhibit E

## DECLARATION OF JUSTIN MIXON

I, Justin Mixon, declare and say as follows:

1. I execute this declaration in support of plaintiffs' motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A), at market rates. For the reasons I explain below, I am of the firm opinion that giving aggrieved class members a fair chance of prevailing on their motion to enforce the settlement in *Flores v. Sessions* required counsel with expertise not possessed by most lawyers, nor even members of the immigration bar.

2. I am an attorney admitted to practice in the state of Pennsylvania. Further details regarding my professional qualifications appear in my CV attached hereto.

3. I am currently a private practitioner in Pennsylvania specializing in immigration law. My immigration practice areas include immigration benefits for immigrant and refugee minors, including asylum and removal defense.

4. From April 2014 to June 2017, I served as an attorney with Hebrew Immigrant Aid Society (HIAS) of Pennsylvania. HIAS Pennsylvania is a non-profit, public interest organization that provides legal and supportive services to immigrants, refugees and asylum seekers from all backgrounds in order to assure their fair treatment and full integration into American society. During my tenure, the Vera Institute of Justice funded HIAS Pennsylvania via a master grant from the Office of Refugee Resettlement of the U.S. Department of Health and Human Services to provide free legal services to immigrant and refugee minors in ORR custody. These services consisted primarily of conducting "know your rights" presentations and assisting with applications for affirmative immigration benefits, such as Special Immigrant Juvenile status and asylum.

5. As part of my duties with HIAS, I regularly communicated with other lawyers and advocates for detained immigrant and refugee children and subscribed to the major list serves for practitioners who detained immigrant and refugee children. I thereby became aware of advocacy, including litigation, carried out nationwide, and not only in

Pennsylvania. Now in private practice, I continue to keep abreast of developments in the law impacting on my representing immigrant and refugee youth.

6. I am familiar with the work and reputation of Carlos Holguín, lead attorney for the *Flores* plaintiffs in their effort to compel ORR to grant juveniles in its custody bond redetermination hearings. In my opinion, Mr. Holguín possesses specialized knowledge regarding the rights of detained immigrant and refugee children, particularly the settlement in *Flores* and the potential for enforcing detained children's rights thereunder via class-wide litigation, that is not generally available. I am of the opinion that Mr. Holguín is among a very few advocates for immigrant children's rights in the country with the knowledge and experience needed to give the *Flores* class a fair chance of prevailing against ORR.

7. In my opinion, successfully enforcing the *Flores* settlement against ORR required specialized knowledge of poorly understood nooks and crannies of immigration law. The *Flores* settlement is now some 20 years old, yet it contains many protections for detained immigrant and refugee children found nowhere else. In other aspects, the *Flores* settlement contains provisions that precede and are now parallel to or analogous with other sources of law, particularly the 2002 Homeland Security Act and the 2008 William Wilberforce Trafficking Victims Protection Reauthorization Act. Understanding how these disparate sources of law potentially intersect to delimit ORR's authority to detain immigrant and refugee children without hearing is not commonplace amongst lawyers generally, nor even among members of the immigration bar.

8. I know relatively few immigration practitioners who specialize in the rights of immigrant and refugee children. Apart from Vera Institute-funded legal services providers, I know of only a handful of lawyers who are truly versed in the rights of immigrant and refugee minors in ORR custody. In my experience, private practitioners generally lack the resources to pursue federal litigation on behalf of their clients, and they therefore typically limit representation to advocacy before the relevant federal administrative agencies: U.S. Citizenship and Immigration Services, U.S. Customs and Immigration Enforcement, and the

Executive Office for Immigration Review. (Prior to the Ninth Circuit's affirming detained children's rights to bond hearings, practice before ORR consisted almost exclusively of filling out family reunification packets and supplicating informally on behalf of one's client.)

9. Lawyers whom the Vera Institute funds had, and continue to have, even less latitude in advocating for detained immigrant and refugee children. Although the TVPRA directs HHS to ensure that such children receive representation in "legal matters" to the greatest extent practicable, during my employment with HIAS Pennsylvania I was instructed that I could not assist detained children challenge ORR's release or placement decisions, no matter how arbitrary or otherwise unlawful ORR's decisions appeared. I know of no Vera-funded legal services provider who has ever represented a minor in federal court against ORR.

10. In sum, the members of the bar qualified and available to assist detained immigrant and refugee children seek redress against ORR in federal court are few, and the Vera Institute, at the behest of ORR, blocks the majority of those from representing children aggrieved by ORR's custody and placement decisions in any event. In my opinion, only attorneys with this distinctive mix of knowledge of immigrant and refugee children's rights and the skill and experience to bring federal litigation to enforce those rights could have enforced the *Flores* settlement against ORR. I must therefore conclude that aggrieved *Flores* class members would have had great difficulty retaining qualified counsel to seek class-wide relief against ORR were it not for Mr. Holguín and his colleagues.

11. *A fortiori*, I also believe that no other qualified lawyers could have been found to represent the plaintiff class against ORR at the inflation-adjusted EAJA rate. To begin, few members of the immigration bar regularly engage in federal court litigation; those who do, typically pursue cases on behalf of individual clients; and only a very small number are willing and able to prosecute class actions, or indeed, any federal litigation in which a favorable outcome is not reasonably assured with a minimal investment of time and money.

The steep learning curve required to develop adequate expertise in the law impacting *Flores* class members in this case would make finding qualified counsel at the statutory rate all but impossible.

I declare under penalty of perjury that foregoing is true and correct.

Executed this 19th day of October, 2017, at Jenkintown, Pennsylvania.

Justin Mixon

/ / /

# Exhibit A

**Justin Mixon, Esq.**
453 Johnson Street, Suite 201A
Jenkintown, PA 19046
(215) 692-2262
justinmixon@mixonlegal.net

---

## EDUCATION

**University of Minnesota Law School**, Minneapolis, MN
J.D. – May 2002, Cum Laude
2002 Law School Public Service Award
Environmental Moot Court Director
National Competition Team Member 2001-2002

**Trinity University**, San Antonio, TX
B.A. in Religion (academic studies), May 1994

## EXPERIENCE

**HIAS Pennsylvania**
Immigrant Youth Staff Attorney, 5/2014 – 6/2017
- Represent youth and young adults in child welfare, custody, asylum, Deferred Action, and U Visa cases.
- Manage and provide information and support for cases with pro bono attorneys at local law firms.
- Conduct presentations and CLE legal seminars to synagogues, law schools, lawyers, and other community groups regarding the humanitarian crisis in Central America and how they can assist immigrant families.
- Collaborate with community and advocacy groups to promote the rights of immigrant families detained at the Berks family detention center and federal government youth shelters.

**Justin Mixon, Esquire**, Jenkintown, PA
Solo Practice Attorney 2012 - present
- Represent clients in immigration, family, and housing cases in court and in administrative hearings.
- Provide legal advice and representation to clients through the Montgomery County Bar Association Legal Access Project.
- Complete transactional matters, such as wills, trusts, rental leases, deeds, and contracts.

**Abington Friends School**, Abington, PA
4th Grade Collaborating Teacher, 8/11 – 6/12
- Design and teach math, literacy, and social studies lessons in two 4th grade classrooms.
- Create and direct engaging classroom learning centers in four core subjects.
- Assistant coach for high school chess and ultimate frisbee teams.

**Educational Advancement Alliance's Learning Lab**, Philadelphia, PA
Science Teacher 7/10 – 4/11
- Created and taught fun, hands-on science lessons for 4th, 5th and 6th grade students on a mobile science lab bus visiting Philadelphia School District elementary schools.
- Organized professional development science trainings for teachers, including a new program to provide science materials and lessons to teachers.
- Collaborated with other non-profit organizations and the Philadelphia School District to conduct science fairs, summer programs, and other community events.

**Philadelphia School District**, Philadelphia, PA
Third Grade Teacher 7/08 – 6/10 (Laura Carnell Elementary School)
Fifth Grade Teacher 2/08 – 7/08 (William Cramp Elementary School)
- Taught 3rd grade students of diverse backgrounds, using the Literacy, Math, Science, and Social Studies Philadelphia curriculum.
- Designed engaging lessons that require students to learn and demonstrate skills on their own and in groups.

**Justin Mixon, Esquire** - Jenkintown, PA
Solo Practice Attorney 5/06 – 12/07
- Represented clients in employment, contracts, family law, and other cases in court and in administrative hearings.
- Provided free legal advice to dozens of clients through the Montgomery County Bar Association Legal Access Project.

**Legal Aid Bureau, Inc.** – Riverdale, MD
Staff Attorney 7/04 – 5/06
- Represented low-income clients in employment, housing, bankruptcy, and consumer cases in court and in administrative hearings.
- Performed outreach and legal rights presentations for community groups, including Spanish-speaking immigrant communities.

**Equal Justice Works Fellowship - Virginia Justice Center**, Falls Church, VA
Attorney / Equal Justice Works Fellow 9/02 – 7/04
- Organized low-wage immigrant workers to advocate for better working conditions in courts and with police, employers and government agencies.
- Conducted monthly clinics teaching workers how to represent themselves in small claims court and file complaints with state agencies to collect unpaid wages.

**U.S. Peace Corps, Guatemala**
Agricultural Diversification / Community Development Volunteer 10/95 – 1/98
- Provided technical assistance and project facilitation to improve crop production, family nutrition, and group organization in 5 villages with over 25 families.

**Heifer Project International**, Perryville, Arkansas
Educator for the International Learning and Livestock Center 9/94 - 8/95