# Exhibit F

## DECLARATION OF STACY TOLCHIN

I, STACY TOLCHIN, declare under the penalty of perjury as follows:

1. I am an attorney licensed to practice by the State of California, and am admitted to practice before the United States Supreme Court; the United States Court of Appeals for the Ninth, Tenth, Fifth, and Second Circuits; and the United States District Court for the Northern District of California, Eastern District of California, Central District of California, Southern District of California, Court of Federal Claims, and District of New Mexico.

2. My business address is Law Offices of Stacy Tolchin, 776 E. Green St. Suite 210, Pasadena, CA 91101.  I practice throughout the state of California.

3. I received my Juris Doctorate from the University of California at Los Angeles in 2001, and have been practicing law for over 20 years.

4. I am a recipient of the American Immigration Lawyers' Association Southern California Chapter 2019 Annual Pro Bono Award, the University of California at Los Angeles Law School's 2018 Alumni Public Service Award, the National Lawyers Guild of Southern California 2017 annual award, the American Immigration Lawyers Association's 2009 Jack Wasserman Award for Excellence in Immigration Litigation, the 2009 American Civil Liberties Union of Southern California Equal Justice Advocacy Award, the 2008 National Immigration Law Center Annual Award, the 2007 "Unsung Hero" Award for the National Lawyers Guild of the Bay Area, and was recognized in 2003 by the Arab-American Anti-Discrimination Committee of San Francisco.  I was also named to "Super Lawyers" from 2012-2019.

5. I am a member of the Board of Directors of the National Immigration Project for the National Lawyers Guild, a member of the National Lawyers Guild,

1

Case 2:85-cv-04544-DMG-AGR   Document 1217-8   Filed 01/12/22   Page 3 of 11   Page ID
 #:46149

the Los Angeles County Bar Association immigration section, and the American Immigration Lawyers Association.

6. I specialize in immigration-related litigation before the federal courts. Cases I have litigated include: *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1190 (9th Cir. 2021) (establishing the legal standard for the "reasonable fear" screening test before an immigration judge); *Arce v. United States*, 899 F.3d. 796 (9th Cir.) (establishing that the federal courts have authority to consider damages actions under the Federal Tort Claims Act in cases involving unlawful deportations); *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016) (establishing federal court jurisdiction to review motions to sua sponte reopen based on changes in law); *Mendiola v. Holder*, 576 F. App'x 828 (10th Cir. 2014) (petition for review in Tenth Circuit challenging removal of a lawful permanent resident based on change in law); *Bains v. Holder,* 584 F. App'x 574 (9th Cir. 2014) (petition for review challenging removal order based on changed circumstances arising in India); *Duran Gonzales v. U.S. Dep't of Homeland Sec.*, 712 F.3d 1271 (9th Cir. 2013) (class action litigation involving applications for lawful permanent residency where the applicants had been previously deported); *Huerta v. Holder,* 484 F. App'x 172 (9th Cir. 2012) (petition for review based on ineffective assistance of counsel); *Padilla-Padilla v. Gonzales*, 463 F.3d 972 (9th Cir. 2006) (challenge to Board of Immigration Appeals' failure to follow its internal regulations); *Silaya v. Mukasey,* 524 F.3d 1066 (9th Cir. 2008) (finding that victim of gang-rape in the Philippines had suffered past persecution based on her father's political opinion); *Husyev v. Mukasey,* 528 F.3d 1172 (9th Cir. 2008) (finding that courts have jurisdiction to review agency's failure to follow asylum regulations); *Hassine v. Johnson*, 2014 WL 5035173 (E.D.Cal. 2014)

(petition for *de novo* naturalization case and award of attorneys' fees); *Zavala v. Ridge,* 310 F. Supp. 2d 1071 (N.D. Cal. 2004) (Department of Homeland Security's "automatic stay" regulation that keeps non-citizens in custody while their immigration cases are pending, even after an immigration judge has ordered their release, is facially unconstitutional); *Singh v. Still,* 470 F.Supp.2d 1064 (N.D. Cal 2007) (successful petition for writ of mandamus challenging Department of Homeland Security's unreasonable delay in the adjudication of applications for permanent residency); *Shahwan v. Chertoff,* C 05 4218 MMC (N.D. Cal. 2005) (granting petition for writ of habeas corpus where petitioner was not informed when he traveled on "advance parole" that he would be ineligible for a bond hearing before an immigration judge); and *Araujo v. INS,* 301 F. Supp. 2d 1095 (N.D. Cal. 2004) (Federal Tort Claims Act action finding that the United States government was liable for damages to a non-citizen for unlawful deportation).

7. I also specialize in attorneys' fees litigation under the Equal Access to Justice Act (EAJA), and co-authored an advisory on EAJA that was published by the National Immigration Project of the National Lawyers Guild, and which can be accessed at https://nationalimmigrationproject.org/PDFs/practitioners/practice_advisories/fed/2014_17Jun_eaja.pdf (last visited Sept. 22, 2021). I am regularly retained by successful litigants and their counsel after prevailing in matters in federal court to seek EAJA fees on their behalf, and was retained in the following cases which were successful in recovering fees under EAJA: *Neupane v. Garland,* No. 16-72566 (9th Cir.); *Medina Laguna v. Barr*, No. (9th Cir.); *Wang v. Holder,* 11-70309 (9th Cir); *Khoshfahm v. Holder,* No. 10-

3

71066 (9th Cir.); *Li v. Holder,* No. 07-72560 (9th Cir); *Lozano Arredondo v. Holder*, No. No. 08-73835 (9th Cir.); *Avila v. Holder,* 07-72965 (9th Cir); *Tampubolon v. Holder,* No. 06-70811 (9th Cir); *Hannalla v. Holder*, No. 09-70306 (9th Cir.); *Babayan v. Holder*, No. 10-70246 (9th Cir); *Castelan-Salas v. Holder*, No. 08-71661 (9th Cir); *Tsaturyan v. Holder*, No. 10-71283 (9th Cir.); *Valdivias v. Holder*, No. 07-72659 (9th Cir. ); and *Mendez-Vargas v. Holder*, No. 07-71020 (9th Cir.).

8. I am familiar with the case *Flores v. Barr*, Case No. cv 85-4544-DMG (AGRx) (C.D. Cal.) and *Flores v. Barr,* Case No. 19-56326 (9th Cir.), as well as the District Court's September 27, 2019 order and the 9th Circuit's December 29, 2020 order (published as *Flores v. Rosen*, 984 F.3d 720 (9th Cir. 2020)). I do not believe that this case could have been successfully ligated without the particular knowledge and specialized skill that Ms. Cooper brought to this litigation. This was not a standard immigration case, challenging an order that occurs in the course of removal proceedings. To the contrary, these were motions to enjoin government promulgated regulations and oppositions to government efforts terminate a complex settlement agreement. Judge Dolly Gee issued an order in the United States District Court for the Central District of California finding that the regulations aimed at replacing the *Flores* Settlement Agreement were inconsistent with the Agreement and thus could not terminate the Agreement. This order was subsequently appealed to the 9th Circuit, which affirmed in part and overturned in part Judge Gee's order.

9. The case required complex knowledge of consent decrees (including decrees with long histories and complicated case law interpretations), state child welfare laws, federal immigration law, federal regulations and rule-making,

4

the Administrative Procedure Act, constitutional law and Law of the Case doctrine. It also required knowledge of federal court practice pertaining to ex parte applications, motions to enforce, and jurisdiction before the district court, which are far more complex than a typical immigration case challenging a removal order on a petition for review.

10. I do not believe that this case could have been successfully litigated without the particular knowledge and specialized skill that Holly Cooper brought to this litigation. This was not a standard immigration case, such as a straightforward petition for review involving the application of settled law routinely applied. The very fact that the case was a federal class action that involved the intersection of the rights of unaccompanied minors, federal rule-making procedure and the rights of both accompanied and unaccompanied minors under the *Flores* Settlement Agreement and conditions issue particular to children's detention, makes this case unique and more complex than the ordinary case.

11. Conversely, although many federal litigators are familiar with general immigration processes, few have the requisite knowledge of complex immigration laws pertaining to children in immigration custody, including the governing settlement agreements and statutory schemes specific to unaccompanied minors. Accordingly, this case required counsel with expertise covering the Immigration and Nationality Act along with specialized knowledge of settlement agreements, statutory schemes pertaining to unaccompanied and accompanied children, as well as rules and regulations under the APA.

12. I am very familiar with Ms. Cooper's work on immigrants' rights issues. I first became acquainted with Ms. Cooper through her work on complex

federal litigation as well as her work with the Ninth Circuit Court of Appeals as a mentor and a trainer.

13. She has been a member of the American Immigration Lawyers Association ("AILA") since 1999. She was also appointed for two years to the AILA Liaison Committee to the Office of the Chief Immigration Judge and Board of Immigration Appeals. She is also serving a tenure on AILA's Federal Litigation Committee and the Southern Border Task Force Committee. She also served for a full five-year tenure on the ABA's Immigration Commission, and currently serves on the Immigration Committee under the Criminal Justice Section of the ABA.

14. She has also received the following awards for her advocacy:
- The Al Otro Lado Honey Badger Award For Tenacious Advocacy 2020
- UC Davis Distinguished Public Service Award 2019
- Woman of the Year 2018 for District 04 (selected by Assemblymember Aguiar-Curry)
- Woman of the Year 2018 Congressman Garamendi
- Mexican American Concilio Community Award (2017)
- Legal Services for Children's Community Partner Award (2017)
- Yolo County District Attorney's Multi-Cultural Community Council Award (2017)
- UC Davis Immigration Law Clinic Recognition State Senate (2017)
- UC Davis Immigration Law Clinic Recognition State Assembly (2016)
- National Lawyers Guild – Carol Weiss King Award (2011)
- King Hall Legal Foundation – Outstanding Alumni Award (2011)
- UC Davis Immigration Clinic Alumni Council – Public Interest Award (2007)

15. She has successfully litigated, as the attorney of record and as amicus counsel, several cases published as precedent by the federal courts and the California Supreme Court, and many more that were not designated as precedent. She has won or provided amicus briefing in multiple favorable published decisions, including but not limited to: *Flores v. Sessions,* 862 F. 3d. 863 (9th Cir. 2017)(holding detained children have a continued right to a bond hearing under the Flores Settlement Agreement); *Saravia v. Sessions,* 905 F.3d 1137 (9th Cir. 2018)(upholding a preliminary injunction that found that immigrant children who were rearrested on purported gang allegations had right to a bond hearing)*; Rodriguez, et al. v. Robbins,* 804 F.3d 1060 (9th Cir. 2015)(finding immigrants have a right to an individualized bond hearing)[1]; *People v. Patterson,* 2 Cal. 5th 885 (2017)(holding criminal defenders have a duty to provide specific advice as to the immigration consequences of a plea)*; Flores-Torres v. Mukasey,* 548 F.3d 708 (9th Cir. 2008)(finding federal court could exercise habeas jurisdiction over person in immigration custody with colorable claim to US citizenship), and *Flores-Torres v. Holder*, 680 F. Supp. 2d 1099 (N.D. Cal. 2010) (declaring petitioner was a US citizen)*, Robles-Urrea v. Holder,* 678 F.3d 702 (9th Cir. 2012)(holding misprision of a felony was not a crime involving moral turpitude); *Flores-Lopez v. Holder,* 685 F.3d 857(9th Cir. 2012)(finding resisting arrest was not an aggravated felony); *Singh v. Holder,* 638 F.3d 1196 (9th Cir. 2011)(holding government bore the burden of proof by clear and convincing evidence in administrative bond hearings where immigrant in prolonged detention). The cases have changed the legal

---

[1] This case was overruled in part by the Supreme Court of the United States in *Jennings v. Rodriguez,* but remand on the constitutional issue is pending. 138 S. Ct. 830 (2018).

7

landscape of immigration detention, federal court habeas jurisdiction, and criminal deportability.

16. She has lectured and provided numerous trainings throughout the United States on litigating immigration detention issues at continuing legal education seminars and at the national conferences of the AILA, the National Immigration Project of the National Lawyers' Guild, and the American Bar Association. She also served a full tenure on the ABA Immigration Commission as an advisor and member of the commission.

17. She has published various articles on detention litigation strategies for AILA including: *Getting Out: Strategies for Challenging Unlawful Detention in Federal Court* (2006) *and Freedom from ICE Custody: A Desert Illusion or A Litigation Possibility?* (2009). She also authored the detention chapter in the Immigrant Legal Resource Center's book entitled <u>Defending Immigrants in the Ninth Circuit</u> (ILRC 2008).

18. She has also testified as an expert witness on immigration law. She has served as an expert consultant to Amnesty International and Human Rights Watch for their reports on immigration detention conditions and the rights of immigrant detainees, and provide expert consultations to Santa Barbara County, the Federal Defenders Office, and Kern County. Moreover, she provided expert declarations for *USA v. California,* Case No. 2:18-cv-00490-JAM-KJN (lawsuit filed by Trump administration against California, in part, regarding the legality of California's sanctuary laws) and *Padilla v. ICE,* Case No. 2:18-cv-00928-MJP (class action litigation surrounding the legality of detention for arriving asylum seekers). My declarations were cited by the courts in their favorable orders.

19. I stay abreast of immigration related decisions issued by the Court of Appeals for the Ninth Circuit. There are only a handful of litigators in the Ninth

8

Circuit with the expertise necessary to tackle the litigation required in this case, even if compensated at the market rate.

20. I am of the opinion that Ms. Cooper is among the very few litigators in the Ninth Circuit with the requisite very high degree of knowledge and skill necessary to litigate this complex case at the intersection of statutory immigration law, immigrant children's rights, constitutional rights, habeas corpus, and class actions. Ms. Cooper is among the very few attorneys who litigate immigration cases in federal court.

21. I understand that Holly Cooper is seeking the following enhanced EAJA rates in the years 2018, 2019 and 2020:

| Attorney | Graduation Year | Rate[2] | Year |
|---|---|---|---|
| Holly Cooper | 1998 | $700/hr | 2020 |
| Holly Cooper | 1998 | $680/hr | 2019 |
| Holly Cooper | 1998 | $650/hr | 2018 |

These rates are based on the complexity of the litigation, their unique expertise in federal litigation, and the market rates of the Los Angeles area, which is where the case arose. I am familiar with rates in the Los Angeles because I am based in Los Angeles and frequently litigate and federal court.

---

[2] These rates are all well below market value.

9

In my opinion, these rates are reasonable because they are below the market rates for attorneys of similar experience in Central California. I do not believe that this work could have been done by any attorney at the EAJA market rate, adjusted for inflation.

22. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED on this 7th day of January 2022 in Pasadena, California.

_____
Stacy Tolchin