BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
District Court Section
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Tel:  (202) 532-4824
    Fax:  (202) 305-7000
    Email:  sarah.b.fabian@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
|     Plaintiffs, | **DEFENDANTS' RESPONSE TO NOTICE OF REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR TERM (ECF NO. 1215)** |
| v. | |
| MERRICK B. GARLAND, Attorney General of the United States; *et al.*, | |
|     Defendants. | |

On October 5, 2018, the Court ordered the appointment of a Special Master/Independent Monitor ("Monitor") to oversee Defendants' compliance with orders of this Court issued on June 27, 2017 and July 30, 2018 (ECF No. 494) ("Monitoring Order"). The Monitoring Order appointed the Monitor for a term of one year, until October 17, 2019, and allowed for extensions if requested by either party or the Monitor, but provides that, "[a]bsent a showing of serious, specific, and ongoing concerns by the Parties and/or the Monitor, the presumptive end of the Term shall be no later than 36 months after the Effective Date." Monitoring Order at ¶ 3.

On July 7, 2021, the Monitor filed a Notice requesting an extension of her term for a period of six months to January 15, 2022, "in order to continue the enhanced monitoring in coordination with the Juvenile Coordinators, as contemplated by Court's Orders, and to make any recommendations." ECF No. 1144 at 3. Defendants responded that they did not object in principle to the requested continuation of the Monitor's Term in a manner that is consistent with the terms of the Monitoring Order, but noted that the request, as filed, was inconsistent with the terms of that order in that it requested an extension past October 17, 2021, without making any "showing of serious, specific, and ongoing concerns . . . ." ECF No. 1146 (quoting Monitoring Order at ¶ 3).

On July 15, 2021, the Court nonetheless granted the Monitor's extension request, finding that the June Interim Report filed by the Monitor and the Special Expert "indicated the requisite concerns with case management and care for unaccompanied minors arising from the recent influx," and concluding "that these concerns are particularly serious given the ongoing pandemic." ECF No. 1147 at 1-2. The Court extended the Monitor's term to January 15, 2022, but noted that it was possible that by the end of the extended term these concerns would not be at the same level, and that "[a]ny issues regarding the extension of monitoring can be addressed at or around that time." *Id.* at 2. The Court ordered, if a further extension

was sought, the Monitor should file a Notice on or before December 1, 2021, "describing serious, specific, and ongoing concerns and requesting a further extension of the Monitor's term." *Id.*

On January 11, 2022, the Monitor filed a Notice seeking a further extension of her term to April 15, 2022. ECF No. 1215. The Monitor stated, "[t]he ongoing pandemic and influx of minors demonstrate the need for adequate case management and care for the minors remains particularly serious and critical." *Id.* at 2. The Monitor supported this statement with statistics showing that, in fact, the numbers of minors in the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), and particularly in Emergency Intake Sites, have substantially decreased. *Id.* The Monitor also noted negotiations between the parties remain ongoing. *Id.* The Notice concluded that the extension is requested "to accomplish the goals of the proposed negotiations and mediations and to provide the Court with a report which will detail further recommendations regarding case management and care for unaccompanied minors[,]" and that "[t]he Monitor and Special Expert will continue the enhanced monitoring in coordination with the Juvenile Coordinators as contemplated by the Court's Orders." *Id.* at 2-3.

As in July 2021, Defendants continue to have no objection in principle to the requested extension of the Monitor's term. However, Defendants again object that the Notice requesting this extension does not describe "serious, specific, and ongoing concerns" that warrant an extension. ECF No. 1147 at 2. Defendants once again ask for clarification from the Monitor and/or the Court regarding the basis for any further extension of the monitoring Term.[1]

---

[1] Defendants note that the Court's Monitoring Order required that the Monitor submit bills to Defendants on a monthly basis. ECF No. 494 at 17. The Monitor has not submitted any bills for fees from the Monitor or the Special Expert since April 2020. Therefore, Defendants cannot determine if this extension request raises any issues or concerns with regard to fees or billing relative to the annual cap, or otherwise. Defendants reserve the right to object to fees over the annual cap set by

DATED: January 14, 2022

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Email: sarah.b.fabian@usdoj.gov

*Attorneys for Defendants*

---

the Court orders, and to fees that are not billed in accordance with the Monitoring Order, if and when such bills are provided to them. Additionally, if the Court grants the requested extension, Defendants respectfully request that the Court re-establish or clarify any applicable annual billing cap that would apply over the course of the extended term.

CERTIFICATE OF SERVICE

     I hereby certify that on January 14, 2022, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

                            Respectfully submitted,

                            /s/ *Sarah B. Fabian*
                            SARAH B. FABIAN
                            U.S. Department of Justice
                            District Court Section
                            Office of Immigration Litigation

                            Attorney for Defendants