UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544 DMG (AGRx) | Date | January 14, 2022 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 1 of 3 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING MONITOR'S REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR'S TERM [1215]**

According to the terms of the October 5, 2018 Order Appointing Andrea Sheridan Ordin, Esq. as the Special Master/Independent Monitor ("Appointment Order") [Doc. # 494], the Monitor has requested, and the Court has granted, six extensions of her term. [Doc. ## 698, 769, 1005, 1071, 1120, 1147.]

The Appointment Order provides that "[a]bsent a showing of serious, specific, and ongoing concerns by the Parties and/or the Monitor, the presumptive end of the Term shall be no later than 36 months after the Effective Date," *i.e.*, October 17, 2021. Appointment Order at ¶ 3. In its prior order granting a six-month extension of the Monitor's term, the Court found that the concerns with case management and care for unaccompanied minors identified by the Monitor and arising from the recent influx of unaccompanied minors were serious, particularly given the ongoing pandemic, and justified an extension of the Monitor's term beyond its presumptive end date of October 17, 2021. *See* July 15, 2021 Order Granting Monitor's Request for Extension [Doc. # 1147]. The Court noted that it was possible that "by January 15, 2022, neither Defendants' practices nor the pandemic will merit the same level of concern." *Id*. at 2.

The Monitor has filed a Notice to the Court requesting a further three-month extension of her term (the "Request for Extension"). [Doc. # 1215.] The Request for Extension notes that, as of mid-December, the number of minors in Office of Refugee Resettlement ("ORR") facilities had decreased by approximately 16% since July 2021. Request for Extension at 2. The number of minors in ORR Emergency Intake Sites ("EISes") had decreased even more, by 41%. *Id*. As of December 13, 2021, however, there were still 12,913 minors in ORR custody, including 3,449 in EISes. *Id*. Plaintiffs raised concerns regarding Defendants' use of EISes to house unaccompanied minors in a Motion to Enforce filed on August 9, 2021. [Doc. # 1161.] That motion is currently pending, although briefing has been stayed pending mediation under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 14, 2022 |
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 2 of 3 |

auspices of the Monitor [Doc. ## 1184, 1188]. Moreover, the recent surge of the Omicron variant of the virus continues to present a serious challenge nationwide.

The Monitor and Dr. Wise seek an extension in order to complete ongoing mediations and to provide the Court with a report that will include further recommendations regarding case management and care for unaccompanied minors. Request for Extension at 2-3.

In their response to the Request for Extension, Defendants argue that the Monitor has not made the requisite showing of serious, specific, and ongoing concerns to justify extending her term until April 15, 2022. *See* Defs.' Response at 2 [Doc. # 1218]. The Court finds that the concerns regarding case management and care arising from the large numbers of unaccompanied minors in ORR care remain serious. This is especially so in light of the ongoing seriousness of the pandemic. The Monitor emphasized, however, that "significant progress" has been made regarding case management and care for the minors in ORR custody in the past six months. The Court therefore finds that a three-month extension is reasonable. The Monitor and the parties may address any need for an additional extension pursuant to the schedule described below.

Finally, Defendants state that the Monitor has not submitted any bills for fees from the Monitor or the Special Expert since April 2020, and request the Court "re-establish or clarify any applicable annual billing cap that would apply over the course of the extended term." *See* Defs.' Response at 2 n.1. The Monitor states in her Request for Extension that she anticipates the work of the Monitor and Special Expert Dr. Wise will average approximately 60 hours per month, and the work of the Monitor's aides will average approximately 55 hours per month, for this three-month extension. The Monitor states this estimate is exclusive of travel time and expenses, which she anticipates will be necessary during this period, but that the Monitor and Special Expert will make requests for any such travel. Based on these estimates, the Monitor proposes a billing cap of $75,000, exclusive of travel time and expenses, for this period. The Court will therefore cap the Monitor's fees at $75,000 for this period, exclusive of travel time and expenses, and will revisit any request by Defendants for a further cap if the Monitor requests another extension of her term.

The Court therefore **APPROVES** the Monitor's request for a three-month extension of her term to **April 15, 2022**, and further **ORDERS** that:

1. The "Terms and Extensions" provisions in Paragraph A.3 of the Appointment Order are modified such that the Parties and/or the Monitor may file, on or before **March 25, 2022**, a Notice describing serious, specific, and ongoing concerns and requesting a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544 DMG (AGRx)** | Date | January 14, 2022 |
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 3 of 3 |

    further extension of the Monitor's term.  On or before **April 1, 2022,** the parties may file a joint response to the Notice of Request for Extension.

2. Pursuant to Paragraph C.2 of the Appointment Order, the Monitor, Special Expert Dr. Wise, and senior aides, with skill and experience comparable to the Monitor, shall be compensated at the hourly rate of $300.00, while non-senior aides shall be compensated at the hourly rate of $125.000.

3. In no event will the total compensation to the Monitor, Dr. Wise, and their aides exceed $75,000.00 for the three-month extension period, exclusive of travel time and expenses for which the Monitor will make special requests.  In accordance with the Appointment Order, the Monitor and Dr. Wise shall submit to Defendants timely bills for fees in order that Defendants may review the fees.

4. Except as modified herein, all other aspects of the Appointment Order, and the subsequent modifications thereto [Doc. ## 518, 533, 543, 563, 587, 591, 698, 769, 1005, 1071, 1120, 1147], remain in full force and effect.

**IT IS SO ORDERED**.