UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544-DMG (AGRx) | Date | February 7, 2022 |
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 1 of 3 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE FEBRUARY 4, 2022 STATUS CONFERENCE**

On February 4, 2022, the Court held a status conference to discuss the January Interim Juvenile Coordinator Reports [Doc. # 1220].

While Defendants have made many improvements and implemented appropriate protocols to meet the challenges posed by the pandemic, the Omicron upsurge and the ongoing risks of COVID-19 infection still pose serious concerns relating to Class Members' health and safety. The Court therefore requests that the Juvenile Coordinators address the same topics for reporting as in the Court's previous Order [Doc. # 1203].

The Court **ORDERS** the following:

1. Defendants shall continue to release Class Members from their custody without unnecessary delay in a manner consistent with the FSA and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors, especially during the pandemic. FSA at ¶¶ 11, 14 [Doc. # 101].

2. By **April 8, 2022**, the Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and Office of Refugee Resettlement ("ORR") Juvenile Coordinators shall file their next interim reports. Each Juvenile Coordinator will report on: (i) the census of minors in each of the agency's facilities; (ii) the average length of stay for minors currently in the agency's facilities and for minors who have been released, with more details to assist the Court and the parties in tracking these metrics; (iii) the number of minors currently testing positive for COVID-19; and (iv) whether the Juvenile Coordinator has adequate personnel or other capacity to provide detailed monitoring of new or expanded facilities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | February 7, 2022 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 2 of 3 |

      a.    The CBP Juvenile Coordinator shall also provide: (i) a census of Class Members in CBP custody in the Rio Grande Valley sector; (ii) an update on CBP's policies and capacity for processing minors in light of COVID-19, Title 42, and the ongoing influx; (iii) an update as to whether the conditions at the Donna Centralized Processing Center (CPC-DNT), the temporary outdoor processing site, and any other facility that serves as a hub for processing minors are safe and sanitary under FSA Paragraph 12; and (iv) a status update, if any, on CBP construction or renovation projects related to processing Class Members.

      b.    The ICE Juvenile Coordinator shall also cover the topics listed in the November 15, 2021 Order [Doc. # 1203] and compliance with the Court's Order regarding any minors held under Title 42 authority [Doc. # 976] with respect to any facilities in which ICE receives Class Members. In addition, the interim report shall provide: (i) specific explanations for the continued detention of minors beyond 20 days; (ii) updates on the number, locations, and safe and sanitary conditions of the hotels used to process families, and the length of stay therein; and (iii) updates on ICE policies regarding the use of the hotels or of the Family Staging Centers ("FSC"), including policies and procedures to address COVID-19.

      c.    The ORR Juvenile Coordinator shall also provide: (i) a census of minors in an EIS for more than 20 days and those minors' lengths of stay; (ii) updates on ORR's plans to improve case management and expedite release of minors; (iii) updates on ORR's plans, if any, to expand capacity, particularly of licensed shelter beds; (iv) updates on ORR's plans, if any, with respect to long-term use of EISes and processes to transfer minors from EISes into licensed facilities, if release to a sponsor is not feasible; (v) updates on ORR policies regarding the use of EISes, including policies and procedures to address COVID-19; and (vi) updates on the Ft. Bliss EIS conditions and length of stay and Pecos EIS length of stay.

      d.    Plaintiffs, Defendants, and *Amici* may file responses, if any, to these interim reports by **April 15, 2022**, *after first meeting and conferring regarding areas of concern or dispute and attempting to achieve resolution*.

3.    Special Expert Dr. Paul Wise and the Independent Monitor Andrea Ordin shall continue to provide enhanced monitoring of CBP, ORR, and ICE facilities' care of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544-DMG (AGRx) | Date | February 7, 2022 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 3 of 3 |

minors, and shall have the ability to (a) request and obtain copies of medical care data and policies; (b) have in-person, telephone, or videoconference access to persons most knowledgeable at those facilities with whom they can discuss the baseline of custodial medical care, health care protocols, and COVID-19 prevention practices; (c) consider protocols for identifying minors who have serious medical conditions that may make them more vulnerable to COVID-19; (d) interview minors with serious medical conditions or, as appropriate, their parents; and (e) make such recommendations for remedial action that they deem appropriate. They shall continue to monitor the conditions of any new facilities that care for Class Members, including hotels under the authority discussed in the Court's July 25, 2020 Order [Doc. # 887], and provide such informal recommendations to the parties and to the Court as they deem appropriate.

    a.    If the Independent Monitor and Special Expert seek to file an interim report and recommendations, they shall first deliver a draft to the parties by **April 8, 2022**.

    b.    By **April 15, 2022**, the Independent Monitor and Special Expert shall file their next interim report, if any, with the Court.

    c.    The parties may file any responses to the interim report by **April 22, 2022**.

4.    The Court will hold a further status conference on **April 29, 2022, at 11:00 a.m.**

**IT IS SO ORDERED**.