UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544 DMG (AGRx)** | Date | April 14, 2022 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING MONITOR'S REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR'S TERM [1237]**

In accordance with the terms of the October 5, 2018 Order Appointing Andrea Sheridan Ordin, Esq. as the Special Master/Independent Monitor ("Appointment Order") [Doc. # 494], the Monitor has requested, and the Court has granted, eight extensions of her term. [Doc. ## 698, 769, 1005, 1071, 1096, 1120, 1147, 1219.]

The Appointment Order provides that "[a]bsent a showing of serious, specific, and ongoing concerns by the Parties and/or the Monitor, the presumptive end of the Term shall be no later than 36 months after the Effective Date," *i.e.*, October 17, 2021. Appointment Order at ¶ 3. In its prior orders extending the Monitor's term, the Court has found that the concerns with case management and care for unaccompanied minors identified by the Monitor and arising from the recent influx of unaccompanied minors were serious, particularly given the ongoing pandemic, and justified an extension of the Monitor's term beyond its presumptive end date of October 17, 2021.  *See* July 15, 2021 Order Granting Monitor's Request for Extension [Doc. # 1147], January 14, 2022 Order Granting Monitor's Request for Extension [Doc. # 1219].

The Monitor has filed a Notice to the Court requesting a further extension of her term, for at least three months (the "Request for Extension"). [Doc. # 1237.] The parties both filed Responses. Defendants say they do not oppose the Request in principle, but object that the Monitor has failed to identify specific, serious concerns justifying continued monitoring, and that monitoring of Immigration and Customs Enforcement ("ICE") should be discontinued in light of the closure of ICE's facilities that house family units. Defs.' Response [Doc. # 1239]. Plaintiffs support a three- to six-month extension of the Monitor's term to assist with finalizing the pending Customs and Border Protection ("CBP") settlement and to continue monitoring of CBP and ICE. Pls.' Response [Doc. # 1243].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 85-4544 DMG (AGRx) | Date | April 14, 2022 |
|---|---|---|---|
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 2 of 4 |

The Request for Extension states that both CBP and the Office of Refugee Resettlement ("ORR") have made significant progress in case management and care for the minors in their custody in recent months, including making serious reductions in the number of children at Emergency Intake Sites ("EISs"). Req. for Extension at 2-3.[1] Still, the Monitor continues to oversee mediation between the parties, especially with respect to a pending settlement with ORR, and CBP continues to encounter an extraordinarily large number of minors, especially unaccompanied minors, each month. *Id*. at 3-4. The Monitor also notes that the termination of Title 42 pandemic restrictions is likely to place an additional burden on already-strained facilities. *See id*. at 4.[2] This is particularly so in light of ICE's report that it has transitioned all remaining Family Staging Facilities to serve single adults, and that the contract to use hotels as Family Staging Facilities has ended and will not be renewed. *Id*. at 5. In the face of this potential shift, a very high number of minors remain in ORR care. *See id.* (showing 9,970 minors in ORR care as of March 7, 2022). Moreover, as of January 12, 2022, more than 200 children in ORR care were positive for COVID-19. *Id*. at 6.

The Monitor and Dr. Wise seek an extension in order to complete ongoing mediations and to continue enhanced monitoring of the large number of children who remain in ORR custody. Request for Extension at 5. The Monitor and Dr. Wise express their hope that a CBP Juvenile Care Monitor will be appointed pursuant to the CBP settlement before July 14, 2022. *Id*. at 6.

In their response to the Request for Extension, Defendants argue that the Monitor has not made the requisite showing of serious, specific, and ongoing concerns to justify extending her term. *See* Defs.' Response at 2. Defendants also say that concerns about a future influx are not an appropriate basis to continue the monitoring order. *Id*.

The Court finds that, despite significant improvements, the concerns regarding care arising from the large numbers of unaccompanied minors in ORR care remain serious. This is especially so in light of the ongoing pandemic, which continues to pose a serious threat, with new variants emerging frequently. Moreover, all parties agree that continued monitoring for purposes of finalizing and implementing the CBP settlement is appropriate. *See* Defs.' Response

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

[2] The Request for Extension was filed on April 1, 2022, and states that "it is unclear whether the CDC will terminate Title 42 pandemic restrictions presently applicable to family units." *Id*. at 4. That day, the Centers for Disease Control and Prevention ("CDC") announced it would terminate Title 42 pandemic restrictions effective May 23, 2022. *See* Centers for Disease Control and Prevention, *CDC Public Health Determination and Termination of Title 42 Order* (April 1, 2022), https://www.cdc.gov/media/releases/2022/s0401-title-42.html.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544 DMG (AGRx) | Date | April 14, 2022 |
| Title | Jenny L. Flores, et al. v. Merrick B. Garland, et al. | Page | 3 of 4 |

at 3, Pls.' Response at 2-3, Request for Extension at 5. The Court therefore finds that a three-month extension is reasonable. The Monitor and the parties may address any need for an additional extension pursuant to the schedule described below.

Defendants further argue that, because the ICE facilities for which monitoring was originally ordered are no longer operational, there is good cause to terminate monitoring entirely with respect to ICE. *See* Defs.' Response at 3. Plaintiffs contend in opposition that, if monitoring of ORR and CBP continues, it would be inefficient to end monitoring of ICE, only to be forced to reinstate monitoring in the event new issues arise. Pls.' Response at 8-9.

To the extent the Monitor does not identify serious, specific, and ongoing concerns that require continued monitoring, the Court expects to taper off monitoring for all three entities when the COVID-19 pandemic ends. Until then, the Monitor shall retain jurisdiction over all three entities, but may focus her attention on other areas of greater concern if ICE does not have Class Members in its custody. Furthermore, the ICE Juvenile Coordinator will not be required to submit a report to the Court if there are no minors in ICE custody.

Lastly, the Monitor states in her Request for Extension that she anticipates the work of the Monitor and Special Expert Dr. Wise will average approximately 60 hours per month, and the work of the Monitor's aides will average approximately 55 hours per month, for this three-month extension. Request for Extension at 6. Based on these estimates, the Monitor proposes a billing cap of $75,000, exclusive of travel expenses, for this period. The Court will therefore cap the Monitor's fees at $75,000 for this period, exclusive of travel expenses.

The Court therefore **APPROVES** the Monitor's request for a three-month extension of her term to **July 15, 2022**, and further **ORDERS** that:

1. The "Terms and Extensions" provisions in Paragraph A.3 of the Appointment Order are modified such that the Parties and/or the Monitor may file, on or before **June 24, 2022**, a Notice describing serious, specific, and ongoing concerns and requesting a further extension of the Monitor's term. On or before **July 1, 2022,** the parties may file their responses to the Notice of Request for Extension.

2. Pursuant to Paragraph C.2 of the Appointment Order, the Monitor, Special Expert Dr. Wise, and senior aides, with skill and experience comparable to the Monitor, shall be compensated at the hourly rate of $300.00, while non-senior aides shall be compensated at the hourly rate of $125.000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 85-4544 DMG (AGRx) | Date | April 14, 2022 |
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 4 of 4 |

3. In no event will the total compensation to the Monitor, Dr. Wise, and their aides exceed $75,000.00 for the three-month extension period, exclusive of travel expenses for which the Monitor will make special requests. In accordance with the Appointment Order, the Monitor and Dr. Wise shall submit to Defendants timely bills for fees in order that Defendants may review the fees.

4. Except as modified herein, all other aspects of the Appointment Order, and the subsequent modifications thereto [Doc. ## 518, 533, 543, 563, 587, 591, 698, 769, 1005, 1071, 1120, 1147, 1219], remain in full force and effect.

**IT IS SO ORDERED**.