CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA  90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email:pschey@centerforhumanrights.org
        crholguin@centerforhumanrights.org


*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MERRICK B. GARLAND, Attorney General of the United States, *et al.*,<br><br>                    Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF CLASS NOTICE OF SETTLEMENT<br><br>[Doc. ## 572, 576]<br><br>Hearing: To be set by the Court<br><br><br>[HON. DOLLY M. GEE] |

/ / /

1

*Attorneys for Plaintiffs continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

/ / /

2

On June 26, 2019, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("Plaintiffs' TRO"). [Doc. # 572].

Plaintiffs' TRO primarily sought the following relief:

(1) an immediate inspection of all [U.S. Customs and Border Protection ("CBP") facilities in the El Paso and Rio Grande Valley Sectors] by a public health expert authorized to mandate a remediation plan that Defendants must follow to make these facilities safe and sanitary, (2) immediate access to [these facilities] by independent medical professionals appointed by Plaintiffs' class counsel or the Court-appointed [Monitor] who can assess the medical needs of the children and triage appropriately, . . . (3) deployment of an intensive case management team to focus on expediting the release of Category 1 and Category 2 children (as classified in [t]he Trafficking Victims Protection Reauthorization Act) to alleviate the backlog caused by the inadequate Office of Refugee [Resettlement] placement array, and (4) for an Order finding Defendants in contempt of Court, with a suitable and appropriate remedy to be determined by the Court.

In Chambers - Order Re Plaintiffs' Ex Parte Application for a Temporary Restraining Order and an Order To Show Cause Why a Preliminary Injunction and

Contempt Order Should Not Issue (June 28, 2019), at 1 ("June 28, 2019, Order"),

citing Proposed Order at 4. [Doc. # 572-6]; [Doc. # 576.].

On June 28, 2019, this Court ordered the parties to engage in mediation

discussions before Special Master/Independent Monitor Andrea Sheridan Ordin:

> [P]ursuant to Paragraph D.3 of the Appointment Order and in
>
> accordance with Defendants' request, the Court REFERS Plaintiffs' Ex
>
> Parte Application to expedited mediation before the Monitor. In light
>
> of the evidence presented, the Court waives the time periods set forth
>
> in Section D.3. ...  The parties shall participate in the mediation process
>
> in good faith.  Pending the parties' mediation, the Court holds the Ex
>
> Parte Application in abeyance.

June 28, 2019, Order at 3.

Thereafter, the parties engaged in numerous meetings supervised by the

Special Master/Independent Monitor and attended by Dr. Paul Wise, counsel

representing Plaintiffs and Defendants, Defendants' operational personnel, and

medical experts from both sides.

The parties have now reached a settlement agreement ("Agreement") to

resolve Plaintiffs' TRO. *See* Exhibit 1 filed herewith.[1] The parties are submitting

---

[1] In the poster that is attached as Exhibit 1 to the parties' Agreement filed herewith, the parties agree that before posting, they will amend the text that now reads "visit family members in custody" to read "remain with or visit family members in custody."

this joint motion for preliminary approval of the Agreement, along with a class notice to inform *Flores* class members of the proposed Agreement. *See* Exhibit 2 filed herewith. This motion is submitted without a hearing date so the Court may, in its discretion, decide whether it wishes to conduct a hearing to address preliminary approval of the Agreement.

As detailed in the Agreement, the parties have agreed on the manner in which the Government will comply with the requirements of paragraphs 11 and 12A of the *Flores* Settlement Agreement ("FSA"), mandating that class members be housed in safe and sanitary conditions with particular regard for the vulnerability of minors, within the Rio Grande Valley and El Paso Sectors of the U.S. Border Patrol. The Agreement provides, in part, that the Government shall ensure that CBP facilities in the Rio Grande Valley and El Paso Sectors, provide class members access to toilets, sinks, showers, hygiene kits, drinking water, age-appropriate meals and snacks, medical evaluations and appropriate medical treatment, clothing and blankets, caregivers, adequate supervision to protect minors from others, adequate temperature control and ventilation, and provides  that class members apprehended with adult family members (including non-parents or legal guardians) remain with or, at a minimum, have contact  with their family members during their time in CBP custody.

The parties acknowledge that the Agreement does not include provisions relating to Plaintiffs' claim that "Defendants do not make and record efforts aimed at the prompt release of minors or their placement in licensed facilities set forth in Plaintiff's TRO application," and arguments set forth therein [Doc. # 572-1 at Paragraph H, pp. 12-13, 20.]. By this Agreement, Plaintiffs do not waive their right to bring these claims in a future action.

Consistent with Federal Rule of Civil Procedure 23(e), the parties submit the following joint proposal for providing notice of the Agreement to *Flores* class members:

The proposed Class Notice is attached as Exhibit 2. Within five (5) days of an Order from this Court approving the attached Notice, Plaintiffs shall provide to Defendants a copy of the approved Notice in English and Spanish. Within twenty (20) days of the date of the Order, Defendants shall post copies of the approved Notice in English and Spanish at all CBP facilities in the Rio Grande Valley and El Paso sectors of the U.S. Border Patrol. Defendants shall post the Notice in areas where class members and their accompanying adult relatives can see the Notice. Defendants shall notify Plaintiffs' counsel in writing when the Notices have been posted and of the facilities where they were posted and the locations where they were posted within each facility. The notice period shall be thirty (30) days in duration.

6

Fifty (50) days after the date of the Order, Plaintiffs' counsel shall file and serve any objections received, redacted as appropriate, or notify the Court that no objections have been received.

Sixty (60) days after the date of the Order, Plaintiffs and Defendants shall file a joint report regarding any objections received from class members during the period for the submission of objections. The parties' joint submission will include a proposed schedule for final approval of the Agreement as well as a proposed order approving the  Agreement and dismissing with prejudice Plaintiffs' TRO [Doc. # 572], with the exception of Paragraph II.H in Plaintiffs' TRO application alleging that Defendants do not make and record efforts aimed at the prompt release of minors or their placement in licensed facilities. [Doc. # 572-1 at 12-13, 20.]

A proposed order is being filed herewith.

///

///

///

7

Dated: May 20, 2022                    Respectfully submitted,


                                        /s/ Peter Schey
                                       PETER SCHEY
                                       Center For Human Rights &
                                       Constitutional Law

                                       BILL ONG HING
                                       USF School Of Law Immigration
                                       Clinic

                                       STEPHEN ROSENBAUM
                                       La Raza Centro Legal, Inc.
                                       *Attorneys for Plaintiffs*

                                        /s/ Sarah B. Fabian
                                       SARAH B. FABIAN
                                       Senior Litigation Counsel
                                       U.S. Department of Justice
                                       Office of Immigration Litigation
                                       *Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE
## CASE NO. CV 85-4544-DMG (AGRx)

I certify that on May 21, 2022, I served a copy of the foregoing pleading on all counsel of record by means of the District Court's CM/ECF electronic filing system.

　　　　　　　/s/ Peter Schey
PETER SCHEY