CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey (Cal. Bar No. 58232)
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Listing continues on next page*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT <br><br> [Doc. ## 572, 576, 1254, 1255] <br><br> Hearing: July 29, 2020 10:30 AM <br><br> [HON. DOLLY M. GEE] |

/ / /

*Attorneys for Plaintiffs continued*:

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500

/ / /

On June 26, 2019, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("Plaintiffs' TRO"). [Doc. # 572].

Plaintiffs' TRO primarily sought the following relief:

> (1) an immediate inspection of all [U.S. Customs and Border Protection ("CBP") facilities in the El Paso and Rio Grande Valley Sectors] by a public health expert authorized to mandate a remediation plan that Defendants must follow to make these facilities safe and sanitary, (2) immediate access to [these facilities] by independent medical professionals appointed by Plaintiffs' class counsel or the Court-appointed [Monitor] who can assess the medical needs of the children and triage appropriately, . . . (3) deployment of an intensive case management team to focus on expediting the release of Category 1 and Category 2 children (as classified in [t]he Trafficking Victims Protection Reauthorization Act) to alleviate the backlog caused by the inadequate Office of Refugee [Resettlement] placement array, and (4) for an Order finding Defendants in contempt of Court, with a suitable and appropriate remedy to be determined by the Court.

In Chambers - Order Re Plaintiffs' Ex Parte Application for a Temporary Restraining Order and an Order To Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue (June 28, 2019), at 1 ("June 28, 2019, Order"), citing Proposed Order at 4. [Doc. # 572-6]; [Doc. # 576.].

On June 28, 2019, this Court ordered the parties to engage in mediation discussions before Special Master/Independent Monitor Andrea Sheridan Ordin:

> [P]ursuant to Paragraph D.3 of the Appointment Order and in accordance with Defendants' request, the Court REFERS Plaintiffs' Ex Parte Application to expedited mediation before the Monitor. In light of the evidence presented, the Court waives the time periods set forth

> in Section D.3. ...  The parties shall participate in the mediation process
> in good faith.  Pending the parties' mediation, the Court holds the Ex
> Parte Application in abeyance.

June 28, 2019, Order at 3.

Thereafter, the parties engaged in numerous meetings supervised by the Special Master/Independent Monitor and attended by Dr. Paul Wise, counsel representing Plaintiffs and Defendants, Defendants' operational personnel, and medical experts from both sides.

The parties reached a settlement agreement ("Agreement") to resolve Plaintiffs' TRO. *See* Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Class Notice of Settlement ("Joint Motion") [Doc. # 1254]. In support of their Motion for Preliminary Approval, the parties submitted the Joint Motion along with the proposed Agreement and a proposed class notice to inform *Flores* class members of the proposed Agreement. *See* Joint Motion, Exhibit 2.

As detailed in the Agreement, the parties have agreed on the manner in which the Government will comply with the requirements of paragraphs 11 and 12A of the *Flores* Settlement Agreement ("FSA") in the Rio Grande Valley and El Paso Sectors of the U.S. Border Patrol, mandating that class members be housed in safe and sanitary conditions with particular regard for the vulnerability of minors. The Agreement provides, in part, that the Government shall ensure that CBP facilities in the Rio Grande Valley and El Paso Sectors provide class members access to toilets, sinks, showers, hygiene kits, drinking water, age-appropriate meals and snacks, medical evaluations and appropriate medical treatment, clothing and blankets, caregivers in certain facilities, adequate supervision to protect minors from others, and adequate temperature control and ventilation. It further provides that class members apprehended with adult family members (including non-parents or legal guardians) remain with those adult family members, or if remaining together is not

operationally feasible, have contact with their family members during their time in CBP custody. The Parties also agreed to request that an independent Juvenile Care Monitor who is agreed to by the parties be given authority by the Court to monitor compliance with the *Flores* Settlement and the Agreement in the Rio Grande Valley and El Paso CBP Sectors as detailed in the Agreement.

The parties acknowledge that the Agreement does not include provisions relating to Plaintiffs' claim that "Defendants do not make and record efforts aimed at the prompt release of minors or their placement in licensed facilities set forth in Plaintiff's TRO application," and arguments set forth therein [Doc. # 572-1 at Paragraph H, pp. 12-13, 20.]. The Court's Order provides that the parties should seek dismissal of Plaintiffs TRO "with the exception of Paragraph II.H in Plaintiffs' TRO application alleging that Defendants do not make and record efforts aimed at the prompt release of minors or their placement in licensed facilities [Doc. # 572-1 at 12-13, 20][.]" ECF No. 1255 at 2. The parties agree that instead, for the ease of the parties and the Court, Plaintiffs will dismiss their TRO in full and with prejudice, except that their withdrawal will be without prejudice as to "any pending TRO allegations regarding (i) time in custody (ii) Defendants' making and recording of efforts aimed at the prompt release of minors, or (iii) Defendants' notice to class members or accompanying adult relatives of class members' right to release or transfer to a facility licensed for the care of dependent children[.]" Proposed Agreement, ECF No. 1254-1 at 4. The parties agree that these issues are not addressed in this Agreement, and Plaintiffs reserve the right to bring claims on those issues in the future.

Upon consideration of the parties' Joint Motion, the Court preliminarily approved the parties' Agreement and with some modifications approved the notice of the proposed Agreement to *Flores* class members ("Notice") in accordance with Federal Rule of Civil Procedure 23(e). [Doc. # 1255]. The Court set—and the parties have complied with—the following schedule for notice and final approval:

By June 8, 2022, Plaintiffs were required to provide to Defendants a copy of the approved Notice in English and Spanish. While briefly delayed, Plaintiffs promptly provided Defendants a copy of the approved Notice as modified by the Court in both English and Spanish.

By June 23, 2022, Defendants were required to and did post copies of the approved Notice in English and Spanish at all U.S. Customs and Border Protection facilities in the Rio Grande Valley and El Paso sectors of the U.S. Border Patrol. Defendants were required to and did post the Notice in areas where class members and their accompanying adult relatives could see the Notices. Defendants were required to and did notify Plaintiffs' counsel in writing when the Notices were posted and of the facilities where they were posted and the locations in each facility where they were posted. The notice period is ongoing and will be no less than (30) days in duration.

By July 15, 2022, the parties were required to file this Joint Motion for final approval of the Agreement. This motion includes a proposed Order approving the Agreement and dismissing Plaintiffs' TRO [Doc. # 572] with prejudice, with the exception of certain claims whose dismissal is without prejudice as noted above.

The Order further required that any motion for attorney's fees should all also be filed by July 15, 2022. The parties request that this date be extended to and including August 28, 2022, thirty (30) days from the July 29, 2022, hearing on the Parties' Joint Motion to approve the Agreement, so that the parties may meet and confer to assess whether the filing of such a motion remains necessary.

The Court further ordered that by July 25, 2022, Plaintiffs' counsel shall file and serve any objections received, redacted as appropriate, or notify the Court that no objections have been received, and by July 28, 2022, Plaintiffs and Defendants shall file a joint report regarding any objections received from class members during the period for the submission of objections.

A proposed Order is being filed herewith.

Dated: July 15, 2022                    Respectfully submitted,

   /s/ Peter Schey
PETER SCHEY
Center For Human Rights &
Constitutional Law

BILL ONG HING
USF School Of Law Immigration Clinic

STEPHEN ROSENBAUM
La Raza Centro Legal, Inc.
*Attorneys for Plaintiffs*


   /s/ Sarah B. Fabian
SARAH B. FABIAN
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
*Attorneys for Defendants*

/ / /

**CERTIFICATE OF SERVICE**

**CASE NO. CV 85-4544-DMG (AGRx)**

I certify that on July 15, 2022, I served a copy of the foregoing pleading on all counsel of record by means of the District Court's CM/ECF electronic filing system.

      /s/ Peter Schey
PETER SCHEY