**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General of the United States, *et al.*,<br><br>        Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>**[PROPOSED] ORDER FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSING WITH PREJUDICE AS MOOT PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND CONTEMPT ORDER SHOULD NOT ISSUE [DOC. # 572]**<br><br>Hearing: July 29, 2020 10:30 AM<br><br>**[HON. DOLLY M. GEE]** |

UPON CONSIDERATION of the parties' Joint Motion for Final Approval of Settlement Agreement ("Joint Motion") [Doc. # XXX], the Court APPROVES the parties' settlement agreement [Doc. # 1254-1] ("Agreement").

As detailed in the Agreement, the parties have agreed to resolve Plaintiffs' June 26, 2019, *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("Plaintiffs' TRO"). [Doc. # 572] regarding the manner in which the Government will comply with the requirements of paragraphs 11 and 12A of the *Flores* Settlement Agreement ("FSA"), mandating that detained accompanied and unaccompanied class members be housed in safe and sanitary conditions with particular regard for the vulnerability of minors, within the Rio Grande Valley and El Paso Sectors of the U.S. Border Patrol ("CBP").

The Agreement provides, in part, that the Government shall ensure that CBP facilities in the Rio Grande Valley and El Paso Sectors provide class members access to toilets, sinks, showers, hygiene kits, drinking water, age-appropriate meals and snacks, medical evaluations and appropriate medical treatment, clothing and blankets, caregivers in certain facilities, adequate supervision to protect minors from others, and adequate temperature control and ventilation. It further provides that class members apprehended with adult family members (including non-parents or legal guardians) remain with those adult family members, or if remaining together is not operationally feasible, have contact with their family members during their time in CBP custody. The Parties also agree to request that an independent Juvenile Care Monitor who is agreed to by the parties shall be given authority by the Court to monitor compliance with the *Flores* Settlement and the Agreement in the Rio Grande Valley and El Paso CBP Sectors as detailed in the Agreement.

The parties acknowledge that the Agreement does not include provisions relating to Plaintiffs' claim that "Defendants do not make and record efforts aimed at the prompt release of minors or their placement in licensed facilities set forth in Plaintiff's TRO application," and arguments set forth therein [Doc. # 572-1 at Paragraph H, pp. 12-13,

20]. The parties have agreed that the dismissal of Plaintiffs' TRO is in full and with prejudice, except that the dismissal will be without prejudice as to "any pending TRO allegations regarding (i) time in custody (ii) Defendants' making and recording of efforts aimed at the prompt release of minors, or (iii) Defendants' notice to class members or accompanying adult relatives of class members' right to release or transfer to a facility licensed for the care of dependent children[.]" Proposed Agreement, ECF No. 1254-1 at 4. By entering into the Agreement, Plaintiffs do not waive their right to bring these claims in a future action.

Upon consideration of the parties' Joint Motion, on June 3, 2022, the Court preliminarily approved the parties' Agreement and with some modifications approved the notice of the proposed Agreement to *Flores* class members ("Notice") in accordance with Federal Rule of Civil Procedure 23(e). [Doc. # 1255].  The Court set a schedule for notice and final approval.

By June 8, 2022, Plaintiffs were required to provide to Defendants a copy of the approved Notice in English and Spanish. While briefly delayed, Plaintiffs promptly provided Defendants a copy of the approved Notice as modified by the Court in English and Spanish.

By June 23, 2022, Defendants were required to and did post copies of the approved Notice in English and Spanish at all U.S. Customs and Border Protection facilities in the Rio Grande Valley and El Paso sectors of the U.S. Border Patrol. Defendants were required to and did post the Notice in areas where class members and their accompanying adult relatives could see the Notices.

Defendants were required to and did notify Plaintiffs' counsel in writing when the Notices were posted and of the facilities where they were posted and the locations in each facility where they were posted.  The notice period was thirty (30) days in duration.

By July 15, 2022, the parties were required to and did file a Joint Motion for final approval of the Agreement.

The Order further required that any motion for attorney's fees should all also be filed by July 15, 2022.  The Court grants the parties' request that this date be extended by thirty (30) days from the July 29, 2022, hearing on the Parties' Joint Motion to approve the Agreement to and including August 28, 2022, so that the parties may meet and confer to assess whether the filing of such a motion remains necessary.

On July 25, 2022, Plaintiffs' counsel was required to and did [insert as appropriate: [1] file and serve copies of any objections received, redacted as appropriate or [2] notify the Court that no objections have been received].

On July 28, 2022, Plaintiffs and Defendants filed a joint report regarding any objections received from class members during the period for the submission of objections.

WHEREAS, the Parties engaged in extended, good-faith, non-collusive, arms-length negotiations to resolve Plaintiffs' TRO, and have now entered into the Agreement;

WHEREAS, the Agreement is the entire agreement between Defendants and Plaintiffs regarding the resolution of the Plaintiffs' TRO, and the TRO is dismissed in full and with prejudice, with the exception that the dismissal is without prejudice as to "any pending TRO allegations regarding (i) time in custody (ii) Defendants' making and recording of efforts aimed at the prompt release of minors, or (iii) Defendants' notice to class members or accompanying adult relatives of class members' right to release or transfer to a facility licensed for the care of dependent children[.]" Proposed Agreement, ECF No. 1254-1 at 4.By entering into the Agreement, Plaintiffs do not waive their right to bring these claims in a future action.

WHEREAS, the Agreement requires Defendants to implement the terms of the Agreement as detailed in the Agreement in the El Paso and Rio Grande Valley Sectors;

WHEREAS, there is no evidence of collusion between the Parties regarding the Agreement;

WHEREAS, the notice of the proposed Agreement provided to the Class satisfied the requirements of Federal Rule of Civil Procedure 23(e)(1) and due process [Doc. # xxx-1];

WHEREAS, Plaintiffs have [insert as appropriate: [1] received no objections from Class Members or their family members concerning the proposed Agreement, or [2] explain objections or comments received];

The Court hereby ORDERS that the Agreement is APPROVED.

The Agreement is a compromise reached by the Parties as a result of arms-length negotiations. The Agreement benefits the Class and was not the result of collusion between the Parties. The Class has received notice of the basic terms of the Agreement that complied with the requirements of Federal Rule of Civil Procedure 23(e)(1), and no Class Member has objected to the Agreement [or insert text re any objections and how addressed].

The Court therefore finds the Agreement to be fair, adequate, and reasonable. The Court ORDERS that by agreement of the Parties, Plaintiffs' TRO [Doc. #572], is DISMISSED WITH PREJUDICE, with the exception that the dismissal is without prejudice as to any pending TRO allegations regarding (i) time in custody (ii) Defendants' making and recording of efforts aimed at the prompt release of minors, or (iii) Defendants' notice to class members or accompanying adult relatives of class members' right to release or transfer to a facility licensed for the care of dependent children.

IT IS SO ORDERED.

DATED: July __, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Plaintiffs and Defendants Joint Proposed Order
Submitted by
*Peter Schey*
Attorney for Plaintiffs

1
2

**CERTIFICATE OF SERVICE**
**CASE NO. CV 85-4544-DMG (AGRx)**

3
4

I certify that on July 15, 2022, I served a copy of the foregoing pleading on all counsel of record by means of the District Court's CM/ECF electronic filing system.

5
6
7

/s/ Peter Schey
PETER SCHEY

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28