UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 15, 2022 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 1 of 3 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)   Attorneys Present for Defendant(s)
None Present   None Present

**Proceedings: IN CHAMBERS—ORDER GRANTING MONITOR'S REQUEST FOR EXTENSION OF SPECIAL MASTER/INDEPENDENT MONITOR'S TERM [1264]**

In accordance with the terms of the October 5, 2018 Order Appointing Andrea Sheridan Ordin, Esq. as the Special Master/Independent Monitor ("Appointment Order") [Doc. # 494], the Monitor has requested, and the Court has granted, nine extensions of her term. [Doc. ## 698, 769, 1005, 1071, 1096, 1120, 1147, 1219, 1245.]

The Appointment Order provides that "[a]bsent a showing of serious, specific, and ongoing concerns by the Parties and/or the Monitor, the presumptive end of the Term shall be no later than 36 months after the Effective Date," *i.e.*, October 17, 2021. Appointment Order at ¶ 3. In its prior order extending the Monitor's term, the Court found that the concerns arising from the large numbers of unaccompanied minors in the Office of Refugee Resettlement's ("ORR") care were serious, particularly given the ongoing pandemic, and noted that the parties agreed that continued monitoring was appropriate for purposes of finalizing and implementing the Customs and Border Protection ("CBP") settlement. The Court concluded that these concerns justified an extension of the Monitor's term beyond its presumptive end date of October 17, 2021. *See* April 14, 2022 Order Granting Monitor's Request for Extension [Doc. # 1245].

The Monitor has filed a Notice to the Court requesting a further extension of her term, for four months (the "Request for Extension"). [Doc. # 1264.] The Request for Extension states that the Monitor and Special Expert Dr. Paul Wise have observed real progress at ORR and CBP. Request for Extension at 2.[1] They also note that Immigration and Customs Enforcement ("ICE") no longer has minors in its custody, nor operates Family Staging Centers. *Id*. The Monitor and Dr. Wise thus seek an extension in order to complete ongoing mediations, to prepare a Closing Interim Report and Recommendations, and to conclude the transition to a Juvenile Care Monitor contemplated by the pending settlement between Plaintiffs and CBP. *Id.*; *see also* Order

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 15, 2022 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Merrick B. Garland, et al.*** | Page | 2 of 3 |

Granting Preliminary Approval of Settlement Agreement [Doc. # 1255] (granting preliminary approval of settlement agreement between Plaintiffs and CBP regarding conditions at CBP facilities).

The Monitor states in her Request for Extension that she anticipates the work of the Monitor and Special Expert Dr. Wise will average approximately 40 hours per month, and the work of the Monitor's aides will average approximately 30 hours per month, for this four-month extension. *See* Request for Extension at 3. These estimates would constitute a significant reduction in the number of hours as compared to the Monitor's last request for an extension. *See* April Request for Extension at 6 [Doc. # 1237] (seeking approval of approximately 60 hours per month for the Monitor and Dr. Wise and 55 hours per month for the Monitor's aides). Based on these estimates, the Monitor proposes a billing cap of $65,000, exclusive of travel expenses, for this four-month period. Request for Extension at 3. Neither Plaintiffs nor the government has filed an opposition to the Request for Extension.

The parties have made serious efforts to resolve outstanding issues and meet the challenges of COVID-19 and the ongoing influx of minors. But the Court's review of the parties' proposed CBP and ORR settlements and the recently-filed CBP and ORR annual reports make clear that both CBP and ORR continue to face challenges relating to the large number of minors in their custody. *See, e.g.*, CBP Juvenile Coordinator Annual Report at 4 [Doc. # 1259-1] (showing 26% increase in CBP encounters with unaccompanied minors from May 2021 to May 2022, and 85% increase in encounters with family units); ORR Juvenile Coordinator Annual Report at 5 [Doc. # 1259-3] (noting challenges posed by "the historically high number of children referred to the agency during the reporting period"). It is thus clear to the Court that the Monitor's role remains necessary, at least until the outstanding settlements have been finalized and the transition to a Juvenile Care Monitor has been completed.

In light of the foregoing, the Court **APROVES** the Monitor's request for a four-month extension of her term to **November 15, 2022**. The Court also **APPROVES** the Monitor's proposed billing cap of $65,000 for the term. The Court further **ORDERS** that:

1. The "Terms and Extensions" provisions in Paragraph A.3 of the Appointment Order are modified such that the Parties and/or the Monitor may file, on or before **October 25, 2022**, a Notice describing serious, specific, and ongoing concerns and requesting a further extension of the Monitor's term. On or before **November 1, 2022,** the parties may file their responses to the Notice of Request for Extension.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | July 15, 2022 |
| Title | *Jenny L. Flores, et al. v. Merrick B. Garland, et al.* | Page | 3 of 3 |

2. Pursuant to Paragraph C.2 of the Appointment Order, the Monitor, Special Expert Dr. Wise, and senior aides, with skill and experience comparable to the Monitor, shall be compensated at the hourly rate of $300.00, while non-senior aides shall be compensated at the hourly rate of $125.000.

3. In no event will the total compensation to the Monitor, Dr. Wise, and their aides exceed $65,000.00 for the four-month extension period, exclusive of travel expenses for which the Monitor will make special requests. In accordance with the Appointment Order, the Monitor and Dr. Wise shall submit to Defendants timely bills for fees in order that Defendants may review the fees.

4. Except as modified herein, all other aspects of the Appointment Order, and the subsequent modifications thereto [Doc. ## 518, 533, 543, 563, 587, 591, 698, 769, 1005, 1071, 1120, 1147, 1219, 1245], remain in full force and effect.

**IT IS SO ORDERED**.