# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND DENYING AS MOOT PLAINTIFFS'** *Ex Parte* **APPLICATION FOR A TEMPORARY RESTRAINING ORDER [572] [1266]** |

UPON CONSIDERATION of the parties' Joint Motion for Final Approval of Settlement Agreement ("Joint Motion") [Doc. # 1266], the Court APPROVES the parties' settlement agreement [Doc. # 1254-1] ("Agreement").

As detailed in the Agreement, the parties have agreed to resolve Plaintiffs' June 26, 2019 *Ex Parte* Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction and Contempt Order Should Not Issue ("Plaintiffs' TRO Application") [Doc. # 572] regarding the manner in which the Government will comply with the requirements of paragraphs 11 and 12A of the *Flores* Settlement

Agreement ("FSA"), mandating that detained accompanied and unaccompanied class members be housed in safe and sanitary conditions with particular regard for the vulnerability of minors, within the Rio Grande Valley and El Paso Sectors of the U.S. Customs and Border Protection ("CBP").

The Agreement provides, in part, that the Government shall ensure that CBP facilities in the Rio Grande Valley and El Paso Sectors provide class members access to toilets, sinks, showers, hygiene kits, drinking water, age-appropriate meals and snacks, medical evaluations and appropriate medical treatment, clothing and blankets, caregivers in certain facilities, adequate supervision to protect minors from others, and adequate temperature control and ventilation. It further provides that class members apprehended with adult family members (including non-parents or legal guardians) remain with those adult family members, or if remaining together is not operationally feasible, have contact with their family members during their time in CBP custody. The Parties also agree to request that an independent Juvenile Care Monitor who is agreed to by the parties shall be given authority by the Court to monitor compliance with the FSA and the Agreement in the Rio Grande Valley and El Paso CBP Sectors as detailed in the Agreement.

The parties acknowledge that the Agreement does not include provisions relating to Plaintiffs' claim that "Defendants do not make and record efforts aimed at the prompt release of minors or their placement in licensed facilities." *See* Agreement at 4 (describing claims the Agreement does not purport to resolve); *see also* Plaintiff's TRO Application at 12-13, 20 (asserting claims). The parties have agreed that the denial of Plaintiffs' TRO Application is in full and with prejudice, except that the denial will be without prejudice as to "any pending TRO allegations regarding (i) time in custody (ii) Defendants' making and recording of efforts aimed at the prompt release of minors, or (iii) Defendants' notice to class members or accompanying adult relatives of class members' right to release or transfer to a facility licensed for the care of dependent children[.]" Agreement at 4. By entering into the Agreement, Plaintiffs do not waive their right to bring these claims in a future action.

Upon consideration of the parties' Joint Motion, on June 3, 2022, the Court preliminarily approved the parties' Agreement and with some modifications approved the notice of the proposed Agreement to *Flores* class members ("Notice") in accordance with Federal Rule of Civil Procedure 23(e). [Doc. # 1255]. The Court set a schedule for notice and final approval.

Good cause appearing, the Court **GRANTS** the parties' request that the deadline for Plaintiffs to file any motion for attorney's fees be extended to August 28, 2022. The parties have otherwise complied with the schedule established by the Court, and provided notice to the class members as ordered. The notice provided was the best notice practicable under the circumstances. No objections from class members have been received. The Court held a final fairness hearing on July 29, 2022. For the reasons stated on the record at the hearing, the Court finds that the requirements of Rule 23(e) are satisfied.

The Court therefore finds the Agreement to be fair, adequate, and reasonable. The parties' Joint Motion is **GRANTED** and the Agreement is **APPROVED**. The Court **ORDERS** that by agreement of the Parties, Plaintiffs' TRO Application is **DENIED WITH PREJUDICE as moot**, with the exception that the denial is **WITHOUT PREJUDICE** as to any pending TRO allegations regarding (i) time in custody (ii) Defendants' making and recording of efforts aimed at the prompt release of minors, or (iii) Defendants' notice to class members or accompanying adult relatives of class members' right to release or transfer to a facility licensed for the care of dependent children, as described in the Agreement.

IT IS SO ORDERED.

DATED: July 29, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE