# Exhibit B

### Declaration of Leecia Welch in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs

I, Leecia Welch, declare as follows:

1. I am an attorney, duly licensed to practice law in the states of California, Washington, and Illinois. I am currently Deputy Legal Director at Children's Rights (CR). Previously, I was the Senior Director of Child Welfare and Legal Advocacy at the National Center for Youth Law (NCYL). I submit this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs. The facts set forth in this declaration are based upon my personal knowledge, and if called to do so, I would competently testify under oath regarding the same.

### Qualifications of Children's Rights Counsel

2. Founded in 1995, CR is a privately funded, non-profit organization that advocates on behalf of youth harmed and at risk of harm in child welfare, juvenile justice, education, immigration, and healthcare systems throughout the United States.

3. For over two decades, CR has regularly brought complex federal class action lawsuits against state and local officials to ensure government systems adequately serve the needs of children and adolescents in their care and that these children's legal rights are protected. By virtue of this extensive and specialized practice in federal courts, CR attorneys have unique expertise in the various areas of law that affect vulnerable and at-risk children and in prosecuting institutional reform cases such as this one.

4. CR attorneys have secured numerous federal court settlements, which have resulted in the implementation of significant systemic reforms benefitting hundreds of thousands of children. CR attorneys are presently monitoring the

1

implementation of court-ordered relief and court-enforceable settlements in the states of Arizona, Georgia (Fulton and Dekalb Counties), Connecticut, Florida (Miami-Dade County), Kansas, Missouri, Rhode Island, South Carolina, and Texas.

## My Qualifications and Specialized Knowledge

5. I was an attorney at the National Center for Youth Law from 2004 until September 13, 2021. I have dedicated my career to representing children and youth in cases focused on enforcing their statutory and constitutional rights. I have been lead or co-counsel in multiple federal court class action lawsuits and other individual cases on behalf of children in need. A true and correct copy of my resume is attached as Exhibit A to this Declaration.

6. I attended Loyola University Chicago School of Law, where I was selected to be in the first cohort of fellows of the newly founded Civitas ChildLaw Fellowship program. The Civitas ChildLaw Program was the first law school program in the country to integrate a traditional J.D. curriculum with a specialized three-year course of study in children's law. The fellowship program included a scholarship, internship funding and support, extensive coursework focusing on children's law, a children's law clinic, a specialized children's law trial practice course, and a journal and policy institute. I graduated *magna cum laude* in 1996 and was admitted to practice in the State of Washington later that year.

7. I began my career as a litigation associate at the Seattle office of Perkins Coie and the San Francisco office of Morrison & Foerster. While at Morrison & Foerster, I worked on a variety of litigation matters, but I spent the vast majority of my time litigating a class action lawsuit on behalf of California school children entitled *Williams v. State of California*.

8. Morrison & Foerster partnered with the ACLU of Southern California and numerous other non-profit organizations to bring *Williams v. State of California* because thousands of school children were being denied the essential ingredients of an adequate public education: instructional materials, qualified teachers, and safe facilities. For more than three years, I worked closely with the *Williams* class representatives, managed the day-to-day operations of a team of more than thirty attorneys, oversaw all filings and discovery matters, and spent hundreds of hours taking depositions of high-ranking state officials and defendants' experts and defending depositions of our young clients. This high-profile case concluded in 2004 with a landmark settlement agreement that resulted in the state allocating $138 million in additional funding for standards-aligned instructional materials, $50 million for enhanced oversight of low performing schools, and $800 million for critical repairs to school facilities. The *Williams* team at Morrison & Foerster received numerous awards for our work on behalf of California students, and the case was discussed at length in a book by Peter Schrag entitled <u>Final Test: The Battle for Adequacy in America's Schools</u> (2003).

9. Throughout my time at Perkins Coie and Morrison & Foerster, I represented numerous individual youth and families in a range of pro bono matters. This work included representing youth charged with first degree murder, foster children and their representatives in child welfare matters, children in school discipline matters, and low-income families in guardianship cases.

10. At the conclusion of the *Williams* case, I was fortunate to receive an offer to work at NCYL – where I worked for nearly seventeen years. NCYL and my current employer, Children's Rights, are two of only a handful of non-profits across the country whose attorneys specialize in representing youth in government custody in class action cases and impact litigation. Some of the cases I have worked on include:

a. *David C. v. Leavitt*, No. 93-C-206W (D. Utah): I was lead counsel representing a statewide class of children in foster care in Utah from 2004 until 2007, when the case successfully concluded. I led the negotiation and implementation of a settlement that resulted in substantial improvements to Utah's foster care system, including tripling the amount of funding allocated to foster care and improving key outcomes for youth in care.

b. *T.R. v. Quigley*, No. 2:09-cv-01677 (W.D. Wash.): I was co-lead counsel representing a statewide class of low-income children in need of intensive mental health services in the state of Washington. The district court referred to our settlement in the *T.R.* case as a "resounding success" and "nothing less than a landmark reform." Verbatim Report of Proceedings at 25, *T.R. v. Quigley*, No. C09-1677TSZ (W.D. Wash. Dec. 19, 2013). The Settlement Agreement resulted in the funding and development of community-based intensive mental health services, called Wraparound with Intensive Services, to Medicaid-eligible children in Washington statewide.

c. *Henry A. v. Willden*, No. 2:10-cv-00528 (D. Nev.): I was co-counsel in a lawsuit on behalf of seven foster youth who were subjected to physical and mental harm while in foster care in Clark County, Nevada. The lawsuit resulted in a $2 million settlement.

d. *M.B. v. Corsi*, No. 17-4102 (W.D. Mo.): I was class counsel in a groundbreaking class action addressing the state of Missouri's failure to properly oversee the prescription and administration of psychotropic medications to foster children. In December 2019 the court approved our settlement agreement, which requires significant improvements and changes to Missouri's foster care system.

e. *Lucas R. v. Azar*, No. 18-cv-5741-DMG-PLA (C.D. Cal.): I was class counsel in a class action case representing five classes of detained immigrant children in the federal custody of the Office of Refugee Resettlement. I continue to act as a legal consultant for plaintiffs assisting with the psychotropic medication administration class.

f. *Duchitanga v. Hayes*, No. 18-cv-10332-PAC (S.D.N.Y.). I was co-counsel for a putative class of immigrant children whose release from government custody has been delayed due to unlawful fingerprinting policies and practices.

g. *M.B. and S.E. v. Kelly*, No. 18-cv-2617-JWL-GEB (D. Kan.): I am class counsel in a class action lawsuit against the state of Kansas regarding its foster care system's failure to maintain an appropriate array of foster care placements.  The settlement reached in the case will end placement practices that render children essentially homeless and will ensure access to vital mental health care services.

h. *D.S. v. Washington State Department of Children, Youth, and Families (DCYF)*, No. 2:21-cv-000113 (W.D. Wash.): I am class counsel in a class action lawsuit against the state of Washington regarding its foster care system's failure to provide children with disabilities appropriate family reunification services and suitable placements.

11. Although I spend most of my time on litigation matters, I also regularly engage in policy work and train lawyers on issues related to enforcing the statutory and constitutional rights of youth in government custody.  I also teach a law school course at U.C. Berkeley School of Law on reforming child-serving systems through impact litigation.  My work has been recognized by the American Bar

5

Association, the California State Bar, the Impact Fund, and in 2021 I was awarded the Janet Reno Endowment Women's Leadership Award.

## CR's Lodestar on Work Related to the Motion to Enforce

12. Since I began working at CR in September 2021, we have expended substantial resources on the EIS motion to enforce and have incurred $1,283.81 in costs and expenses. A true and correct itemization of our costs and expenses is attached as Exhibit B to my declaration. CR has advanced these costs out of its own funds and will not seek reimbursement of theses costs from the clients.

13. From September 15, 2021, to April 25, 2022, CR expended more than 83 compensable hours on work related to the EIS motion to enforce. A true and correct itemization of our billable time is attached as Exhibit C to my declaration.

14. During the period covered by this fee request, it was the consistent policy and business practice of CR to require its attorneys to maintain contemporaneous and detailed records of all time worked on a particular case. Time records are entered and maintained in a computerized billing system. I regularly reviewed our time records to ensure compliance with this policy.

15. CR has exercised extensive billing judgment to remove any time entries that might be viewed as excessive, redundant, vague, or otherwise unnecessary. In addition, CR has removed all time for timekeepers who billed smaller amounts of time. For example, I have waived all time of a paralegal who was assisting me on this matter. I have personally reviewed the time records submitted and believe that the hours submitted are only those that were reasonable and appropriate.

16. CR attorneys bill for their time based on their respective levels of experience. In line with NCYL's practice of seeking a specialist rate for my work based on my specialized expertise, CR also seeks a specialist rate for my work on

*Flores*. This specialist rate is lower than the prevailing market billing rates in the Bay Area where I practice law.

## Support for Seeking Specialist Rate

17. As discussed in the declarations of John O'Toole and Richard Pearl, a specialist rate is justified given my particularized expertise at the intersection of complex child welfare litigation and the rights of immigrant children in government custody. Specifically, Plaintiffs' litigation in this matter was informed by my expertise on the rights of immigrant children under the *Flores* Settlement and other federal laws, my knowledge of children's experiences and vulnerabilities in federal immigration custody, my understanding of child welfare statutes and regulations, and my experience enforcing consent decrees with state and federal agencies. I believe this expertise was instrumental to Plaintiffs' success in securing the EIS settlement.

18. To my knowledge, few attorneys in the country have comparable expertise. Moreover, my requested rate is comparable to the rates that other civil rights attorneys have received in this case and that I have received for litigating other civil rights cases on behalf of youth.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 26th day of August, 2022 at San Francisco, California.

_____
Leecia Welch

# Exhibit A

# Leecia Welch

lwelch@childrensrights.org  - (415) 602-5202

**Professional Experience**

**Children's Rights**
New York, NY (based in San Francisco, CA)
*Deputy Legal Director*
September 2021-present

- Specialization in complex litigation and civil rights class action cases focused on holding federal and state governments accountable for the health, safety, and well-being of children in their custody.
- Co-counsel on class action cases in Missouri, Kansas, and Washington focused on protecting the constitutional rights of children in state and federal foster care, improving state and federal child welfare systems, increasing access to children's mental health services, ensuring that states are meeting the needs of children in foster care with disabilities, and advancing children's right to family integrity.
- Co-counsel on *Flores v. Barr*, No. 85-cv-04544 (C.D. Cal.), representing a nationwide class of detained immigrant children to enforce their rights to appropriate treatment while in custody and prompt release to family.
- Policy and training expertise in child-serving system reform, foster youth education issues, and sibling rights.

**National Center for Youth Law**
Oakland, CA
*Senior Director, Legal Advocacy and Child Welfare*
August 2016-September 2021
*Senior Attorney*,
November 2004-August 2016

- Lead counsel or co-counsel in complex litigation and civil rights class action cases focused on holding federal and state governments accountable for the health, safety, educational needs, and well-being of children in their custody.
- Key cases included:
    - *David C. v. Leavitt*, No. 93-C-206W (D. Utah), a federal statewide class action resulting in significant improvements to Utah's foster care system.
    - *T.R. v. Quigley*, 2:09-cv-01677 (W.D. Wash.), a federal

  statewide class action to improve access to community-based children's mental health services for Medicaid-eligible children in Washington
  - *Henry A. v. Willden*, No. 2:10-cv-00528 (D. Nev.): federal lawsuit on behalf of seven foster youth who were subjected to physical and mental harm while in foster care in Clark County, Nevada resulting in a $2 million settlement.
  - *Lucas R. v. Azar*, No. 18-cv-5741-DMG-PLA (C.D. Cal.): nationwide class of detained immigrant children, including a subclass of children who have been medicated without appropriate procedural safeguards and a subclass of children with behavioral, mental health, intellectual, and/or developmental disabilities whom the government places in more restrictive settings solely by reason of their disabilities.
  - *Flores v. Barr*, No. 85-cv-04544 (C.D. Cal.): nationwide class of detained immigrant children focused on prompt reunification with families and ensuring basic health, safety and well-being of children detained children.
  - *M.B. v. Corsi*, No. 2:17-cv-04102-NKL (D. Mo.): class of foster youth in Missouri who were at risk of unsafe administration and over-prescription of psychotropic drugs resulting in a settlement agreement that created a comprehensive system to oversee and monitor the prescription of psychotropic drugs to youth in foster care.
  - *Emma C. v. Thurmond*, No. 3:96-cv-04179-VC (N.D. Cal.): representing a class of children with disabilities entitled to special education services to ensure implementation of a settlement agreement that implicates oversight and monitoring of school districts across the state of California for compliance with the Individuals with Disabilities Education Act (IDEA).
  - Several cases in California state court advancing the rights of children in foster care to reproductive health care services, housing, and equal access to educational opportunities.
- Managed several foster youth education projects, including a partnership with East Bay Children's Law Office to train law students to serve as educational rights holder for youth in foster care.

**Morrison & Foerster LLP**
San Francisco, CA
*Senior Associate,* Litigation Department
September 2000- November 2004

- Provided full range of litigation services on complex litigation disputes, including acting as senior associate on *Williams v. California*, a class action case aimed at reforming the State of California's public school system.
- Conducted and defended depositions of expert and lay witnesses; argued various motions; and prepared numerous briefs, including 400-page California education system liability disclosure statement.
- Participated on trial team of a habeas corpus case, including drafting portions of trial brief and post-trial brief and cross-examining witnesses in federal court.

**Perkins Coie LLP**
Seattle, WA
*Associate*, Litigation Department
October 1996-October 1997, January 1999-June 2000

- Provided full range of litigation services on class action lawsuits, cases involving complex contract and technology disputes and intellectual property matters.
- Conducted and defended depositions of expert and lay witnesses and worked extensively with experts focusing on technology and intellectual property issues.
- Focused extensive pro bono efforts on representation of juveniles in criminal cases, grandparents in custody cases, parents in adoptions, and guardians *ad litem* in suits on behalf of children.

**CIVITAS Initiative**                                              Chicago, IL
*Children's Law Fellow*
November 1997- November 1998

- Responsible for the development and implementation of all programs and initiatives related to children's legal issues.
- Represented children and families in a variety of legal matters.

Participated in the development of materials, curriculum and training for professionals and caregivers interfacing with the court system.

| | | |
|---|---|---|
| **Education** | **Loyola University Chicago School of Law** | Chicago, IL |

J.D. awarded May 1996, *Magna Cum Laude*
Cumulative GPA: 3.79/4.00    Class Rank: 4 out of 184

<u>Academic Honors and Activities</u>
Eve Jacobs CIVITAS ChildLaw Fellowship Recipient
Editor, Loyola University Chicago Law Journal and Children's Legal Rights Journal
Williams Fellow Research Assistant and Children's Law Legal Writing Teaching Assistant

**Northwestern University**
B.A with Distinction and Honors in English, June 1992
Evanston, IL
Cumulative GPA: 3.78/4.00; Phi Beta Kappa

**Professional Activities and Honors**

- 2005 California State Bar President's Pro Bono Services Award (*Williams v. State of California* team), 2007 Recipient of the American Bar Association Young Lawyers Division Child Advocacy Award, 2014 Impact Fund Award (*T.R. v. Quigley* team), 2021 Janet Reno Endowment Women's Leadership Award

- Adjunct Professor at University of California, Berkeley School of Law.  Courses include Child Welfare Reform Litigation and Litigating Children's Rights.

# Exhibit B

| Expense | Date | Name | Description | Cost |
|---|---|---|---|---|
| Travel: Hotel | 10/3/21 | Surestay Hotel by Best Western | Hotel:LW 10/3-10/4 Hotel in Sonora for Flores EIS visit:SURESTAY HOTEL BY BEST WESTERN | 157.62 |
| Travel: Hotel | 10/4/21 | Home2 Suites by Hilton | Hotel:LW 10/4-10/5 Hotel in Pecos for Flores EIS visit:HOME2 SUITES BY HILTON | 158.61 |
| Travel: Plane-Amtrak | 9/30/21 | United Elec Ticketing | Airfare:LW 9/30-10/4 Flight from SFO to Austin for Flores EIS visit:UNITED ELEC TICKETING | 338.80 |
| Travel: Rental/Taxi | 10/5/21 | Avis Rent a Car Corp | Car Rental:LW 10/4-5 Flores Pecos Site visit rental car:AVIS RENT A CAR CORP | 574.43 |
| Travel: Rental/Taxi | 10/6/21 | CMT San Franscico | Taxi:LW 10/5/21 Taxi from SFO to home following 10/4/-5 Flores visit:CMT SAN FRANCISCO | 54.35 |
| | | | **Total Expenses:** | **1283.81** |

# Exhibit C

| Date | Name | Description | Time |
|---|---|---|---|
| 9/15/21 | Welch, Leecia | Edit and revise EIS settlement | 1.5 |
| 9/16/21 | Welch, Leecia | Edit and revise EIS settlement | 1.2 |
| 9/16/21 | Welch, Leecia | Telephone call with MW and ND regarding settlement proposal next steps | 0.7 |
| 9/16/21 | Welch, Leecia | Review and comment on revised settlement with full team edits | 0.5 |
| 9/20/21 | Welch, Leecia | Prep for Flores mediation by reviewing proposals, data | 0.8 |
| 9/20/21 | Welch, Leecia | Mediation with DOJ and monitor regarding EIS MTE case management provisions | 1 |
| 9/28/21 | Welch, Leecia | Review DOJ EIS settlement response | 0.8 |
| 9/29/21 | Welch, Leecia | Flight from SFO to Austin for Pecos site visit | 4.5 |
| 9/29/21 | Welch, Leecia | Attend mediation regarding EIS MTE | 1 |
| 9/29/21 | Welch, Leecia | Telephone call with MW regarding Defendants' settlement counterproposal in prep for mediation | 0.3 |
| 9/29/21 | Welch, Leecia | Review and analyze chart with settlement positions in prep for mediation | 0.3 |
| 9/30/21 | Welch, Leecia | Prepare for Pecos EIS site visit | 1.7 |
| 9/30/21 | Welch, Leecia | Review materials in prep for mediation sessions and developing licensing model | 0.8 |
| 10/1/21 | Welch, Leecia | Prep for Pecos EIS site visit | 1.4 |
| 10/1/21 | Welch, Leecia | Telephone call with Monitor regarding Pecos issues | 0.5 |
| 10/1/21 | Welch, Leecia | Telephone call with care provider regarding EIS | 1.2 |
| 10/3/21 | Welch, Leecia | Travel to Sonora, TX for Pecos EIS site visit | 3.1 |
| 10/4/21 | Welch, Leecia | Travel from Sonora to Pecos for site visit | 3.2 |
| 10/4/21 | Welch, Leecia | Interview children detained at Pecos | 7.5 |
| 10/4/21 | Welch, Leecia | Meeting with CA regarding Pecos debrief issues | 0.7 |
| 10/4/21 | Welch, Leecia | Review case management EIS settlement edits | 0.3 |
| 10/5/21 | Welch, Leecia | Attend tour of Pecos regarding Flores issues | 2 |
| 10/5/21 | Welch, Leecia | Interview children detained at Pecos | 2 |
| 10/5/21 | Welch, Leecia | Travel from Pecos to Midland Airport | 1.5 |
| 10/5/21 | Welch, Leecia | Travel from Midland Airport to SFO | 6.5 |
| 10/7/21 | Welch, Leecia | Prepare for settlement negotiations | 1.1 |
| 10/7/21 | Welch, Leecia | Prepare and edit follow up email to ORR and contractor regarding concerns at Pecos | 1.5 |
| 10/8/21 | Welch, Leecia | Edit email to ORR and contractor regarding concerns at Pecos | 0.5 |
| 10/8/21 | Welch, Leecia | Attend settlement meeting regarding case management and ESI standards | 1 |
| 10/8/21 | Welch, Leecia | Telephone call with MW regarding settlement | 0.3 |
| 10/8/21 | Welch, Leecia | Edit and revise tour notes form Pecos visit | 0.2 |
| 10/8/21 | Welch, Leecia | Finalize docs from Pecos visit | 0.2 |

| Date | Name | Description | Time |
| --- | --- | --- | --- |
| 10/14/21 | Welch, Leecia | Review and edit Pecos site visit notes | 0.4 |
| 10/15/21 | Welch, Leecia | Meeting with ND, MR and CH regarding EIS settlement discussions | 0.8 |
| 10/18/21 | Welch, Leecia | Telephone call with ND, MW, MA and DG regarding EIS settlement response to standards edits | 0.7 |
| 10/19/21 | Welch, Leecia | Telephone call with MW, NH, MA, DD regarding EIS mediation issues | 1 |
| 10/22/21 | Welch, Leecia | Mediation call with DOJ regarding EIS MTE settlement | 0.7 |
| 10/22/21 | Welch, Leecia | Debrief mediation call with CH, ND and MW | 0.4 |
| 10/25/21 | Welch, Leecia | Telephone call with team regarding EIS settlement, Pecos | 0.9 |
| 10/25/21 | Welch, Leecia | Telephone call with CS, ND, MW regarding settlement draft issues | 0.6 |
| 10/27/21 | Welch, Leecia | Review EIS settlement draft | 0.5 |
| 10/27/21 | Welch, Leecia | Research issues for EIS settlement draft | 0.3 |
| 10/29/21 | Welch, Leecia | Prep for EIS settlement meeting | 0.7 |
| 11/1/21 | Welch, Leecia | Confer with provider regarding capacity issues | 0.1 |
| 11/4/21 | Welch, Leecia | Review and edit vulnerable youth section of EIS settlement | 0.5 |
| 11/5/21 | Welch, Leecia | Telephone call with monitor regarding vulnerable youth issues | 0.7 |
| 11/5/21 | Welch, Leecia | Telephone call with Defs regarding EIS settlement | 0.9 |
| 11/5/21 | Welch, Leecia | Prep for meet and confer sessions | 0.4 |
| 11/7/21 | Welch, Leecia | Review EIS settlement draft from Defendants | 0.6 |
| 11/8/21 | Welch, Leecia | Telephone call with team regarding EIS settlement draft | 0.8 |
| 11/8/21 | Welch, Leecia | Review DOJ EIS settlement response | 0.4 |
| 11/8/21 | Welch, Leecia | Review risk assessment sample | 0.1 |
| 11/12/21 | Welch, Leecia | Review current EIS settlement draft | 0.5 |
| 11/12/21 | Welch, Leecia | Telephone call with DOJ and monitor regarding EIS settlement | 1 |
| 11/12/21 | Welch, Leecia | Prep for EIS settlement discussion | 0.5 |
| 11/15/21 | Welch, Leecia | Telephone call re EIS settlement | 1 |
| 11/16/21 | Welch, Leecia | Review and edit EIS settlement agreement | 0.8 |
| 11/18/21 | Welch, Leecia | Telephone call with monitor regarding EIS settlement issues | 0.7 |
| 11/18/21 | Welch, Leecia | Prep for EIS settlement discussion | 0.4 |
| 11/19/21 | Welch, Leecia | Telephone call with DOJ regarding EIS settlement issues | 0.8 |
| 11/19/21 | Welch, Leecia | Prep for call regarding EIS settlement issues | 0.3 |
| 11/23/21 | Welch, Leecia | Telephone call with team regarding EIS settlement | 0.5 |
| 11/23/21 | Welch, Leecia | Telephone call with DOJ regarding EIS settlement | 0.5 |
| 11/23/21 | Welch, Leecia | Prep for EIS settlement calls | 0.6 |
| 11/29/21 | Welch, Leecia | Attend Flores co-counsel meeting | 0.3 |
| 12/6/21 | Welch, Leecia | Telephone call with team regarding EIS settlement | 0.2 |
| 12/12/21 | Welch, Leecia | Review EIS settlement draft | 0.4 |
| 12/13/21 | Welch, Leecia | Attend Flores co-counsel meeting | 0.5 |
| 12/14/21 | Welch, Leecia | Review EIS settlement draft | 0.6 |

| Date | Name | Description | Time |
|---|---|---|---|
| 12/16/21 | Welch, Leecia | Research issues regarding EIS site visits | 0.8 |
| 12/20/21 | Welch, Leecia | Review email to ORR regarding EIS issues | 0.2 |
| 12/22/21 | Welch, Leecia | Telephone call with stakeholder regarding EIS issues | 1.1 |
| 12/22/21 | Welch, Leecia | Research EIS issues and prepare statement regarding same | 0.8 |
| 1/3/22 | Welch, Leecia | Review and analyze Pecos declarations and files | 2.5 |
| 1/3/22 | Welch, Leecia | Telephone call with team regarding settlement issues | 0.3 |
| 1/10/22 | Welch, Leecia | Attend telephone call with team regarding EIS settlement | 0.3 |
| 1/11/22 | Welch, Leecia | Edit and review EIS settlement edits | 0.9 |
| 1/11/22 | Welch, Leecia | Telephone call with MW regarding EIS settlement edits | 0.2 |
| 1/20/22 | Welch, Leecia | Review EIS settlement draft | 0.5 |
| 1/21/22 | Welch, Leecia | Meeting with Defendants regarding EIS settlement draft | 0.6 |
| 1/24/22 | Welch, Leecia | Flores team call regarding EIS settlement | 0.6 |
| 1/31/22 | Welch, Leecia | Team call regarding EIS settlement | 0.5 |
| 2/7/22 | Welch, Leecia | Attend team meeting regarding EIS settlement issues | 0.3 |
| 2/7/22 | Welch, Leecia | Prepare materials regarding EIS issues | 0.8 |
| 2/8/22 | Welch, Leecia | Meeting with monitors regarding language assessment and EIS issues | 0.8 |
| 2/8/22 | Welch, Leecia | Prepare for meeting with monitors | 0.4 |
| 2/14/22 | Welch, Leecia | Team call re EIS settlement | 0.3 |
| 4/11/22 | Welch, Leecia | Team call EIS issues | 0.2 |
| 4/21/22 | Welch, Leecia | Review Flores EIS settlement edits | 0.2 |
| 4/25/22 | Welch, Leecia | Call with team re EIS settlement | 0.5 |
| 4/25/22 | Welch, Leecia | Review EIS settlement edits | 0.2 |
|  |  | **Total** | 83.9 |