CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos Holguín (Cal. Bar No. 90754)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Facsimile: (213) 386-9484
Email: crholguin@centerforhumanrights.email

*Attorneys for Plaintiffs*
*(Additional counsel listed on next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT <br><br> Hearing: Sept. 23, 2022 <br> Time:    10:00 a.m. <br><br> HON. DOLLY M. GEE |

NATIONAL CENTER FOR YOUTH LAW
Neha Desai (Cal. RLSA No. 803161)
Mishan Wroe (Cal. Bar No. 299296)
Melissa Adamson (Cal. Bar No. 319201)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600, Oakland, CA 94612
Telephone: (510) 835-8098
Email: ndesai@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
88 Pine Street, Suite 800, New York, NY 10005
Telephone: (212) 683-2210
Email: lwelch@childrensrights.org

*Attorneys for Plaintiffs*

On August 9, 2021, Plaintiffs filed a Motion to Enforce Settlement re Emergency Intake Sites ("Motion to Enforce"). [Doc. # 1161].

Plaintiffs' Motion to Enforce primarily sought injunctive relief requiring that Defendants release class members detained at Emergency Intake Sites (EISs) to qualified custodians without unnecessary delay, place all minors in a licensed program as expeditiously as possible, transfer particularly vulnerable children out of the Fort Bliss EIS and the Pecos EIS, adopt mandatory standards to ensure that EISs comply with the Office of Refugee Resettlement's standards for influx care facilities, and provide class members with continuous case management. *See* Proposed Order Enforcing Settlement [Doc. # 1161-3]; Motion to Enforce [Doc. # 1161].

On August 20, 2021, the Court entered a stipulation between the parties to continue the hearing on the Motion to Enforce so that the parties could engage in settlement negotiations. [Doc. # 1168]. On September 30, 2021, the Court stayed further proceedings on the Motion to Enforce to enable settlement negotiations. [Doc. # 1188].

Over eight months, the parties engaged in extensive discussions and negotiations in good faith with respect to a compromise and resolution of Plaintiffs' motion. These discussions were attended by the Special Master/Independent Monitor and Special Expert Dr. Paul Wise, counsel representing Plaintiffs and Defendants, and operational and legal staff from the U.S. Department of Health and Human Services Office of Refugee Resettlement.

The parties reached a settlement agreement ("Agreement") to resolve Plaintiffs' Motion to Enforce. *See* Joint Motion for Preliminary Approval of Settlement Agreement and Approval of Class Notice of Settlement ("Joint Motion") [Doc. # 1256]. The Agreement was reached through arm's length negotiations and the parties agree that the terms and conditions of the Agreement are fair, reasonable, and in the best interests of the Plaintiff class members.

As detailed in the Agreement, the parties have agreed on standards Defendants will meet while operating Emergency Intake Sites. For example, the Agreement requires, in part, that Emergency Intake Sites provide suitable living accommodations, access to daily outdoor activity, private phone calls at least twice a week for at least ten minutes in length, family reunification services, appropriate mental health interventions, educational services, legal services information, and structured leisure time activities. The Agreement generally prohibits the placement of particularly vulnerable children in Emergency Intake Sites, absent extraordinary circumstances. Additionally, the Agreement requires specific case management services such as an initial assessment by a case manager within 24 hours of a minor's admission to the facility and weekly meetings with case managers.

Upon consideration of the parties' Joint Motion, the Court preliminarily approved the parties' Agreement and approved the notice of the proposed Agreement to *Flores* class members ("Notice") in accordance with Federal Rule of Civil Procedure 23(e). [Doc. # 1258]. The Court set—and the parties have complied with—the following schedule for notice and final approval:

On July 8 and 11, 2022, Plaintiffs provided Defendants a copy of the approved Notice in Spanish and English, respectively.

On July 28, 2022, Defendants posted copies of the approved Notice in English and Spanish on ORR's website. Defendants notified Plaintiffs' counsel in writing when the Notices were posted and provided a link to the posted Notice. The notice period is thirty (30) days in duration.

On August 29, 2022, as ordered by the Court, Plaintiffs' counsel notified the Court that no objections had been received as of the time of filing.

Consistent with the Court's order, Plaintiffs and Defendants will file a joint report regarding any objections received from class members by September 8, 2022.

This motion for final approval is timely filed by September 2, 2022, and a proposed order is being filed herewith.

Accordingly, Plaintiffs respectfully request that the Court approve the parties' Agreement. Consistent with the parties' Agreement, Plaintiffs further request to withdraw their Motion to Enforce with prejudice as moot. [Doc. # 1256-1 at 6].

Dated September 2, 2022:    Respectfully submitted,

/s/ *Mishan Wroe*
Mishan Wroe

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos R. Holguín

NATIONAL CENTER FOR YOUTH LAW
Neha Desai
Mishan Wroe
Melissa Adamson
Diane de Gramont

CHILDREN'S RIGHTS
Leecia Welch
*Attorneys for Plaintiffs*