# EXHIBIT 1

**STIPULATION FOR COMPROMISE SETTLEMENT
AND RELEASE OF CLAIMS PURSUANT TO ECF
NO. 1282 IN *FLORES, ET AL. V. GARLAND, ET AL.*
CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
NO. 2:85-cv-04544-DMG (AGRx)**

It is hereby stipulated by and between the undersigned Plaintiffs and Defendants, Merrick Garland, U.S. Attorney General; the U.S. Department of Health and Human Services ("HHS"); and the U.S. Office of Refugee Resettlement ("ORR"), by and through their respective counsel, as follows:

1. The parties do hereby agree to settle and compromise all claims related to attorneys' fees, litigation costs, and related expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), pursuant to Plaintiffs' "Notice of Motion and Motion for Award of Attorneys' Fees and Costs," filed in the United States District Court for the Central District of California (the "Court"), ECF No. 1282 (the "Motion"), including any such claims not already before the Court, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the claim for attorneys' fees and costs in the Motion, under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release of All Claims ("Settlement Agreement").

2. This Settlement Agreement is not, is in no way intended to be, and shall not be construed as, an admission of liability or fault on the part of Defendants, their agents, officers, or employees, and it is specifically denied that they are liable to Plaintiffs. All parties enter into this Settlement Agreement for the purpose of settling Plaintiffs' claims under the EAJA for fees and costs relating to or arising from this civil action, and avoiding the expenses and risks of further litigation. Further, none of the terms of this Settlement Agreement may be offered or received into evidence or in any way

1

referred to in any civil, criminal, or administrative action or proceeding, other than proceedings that may be necessary to consummate or enforce the terms of this Settlement Agreement against Plaintiffs, the United States, or any agency or instrumentality of the United States.

3. By entering into this Settlement Agreement, Plaintiffs acknowledge and agree that they are waiving any additional claims, known or unknown, that may arise with respect to seeking any fees or costs from any Defendant for any claims arising out of the Motion.

4. To comply with Federal Rule of Civil Procedure 23(e), Defendants will assist Plaintiffs in providing class notice. Within 14 days of the execution of the Settlement Agreement, the parties will file a Joint Stipulation to Dismiss EAJA Motion with Prejudice (the "Joint Stipulation") for the Court's approval. The Joint Stipulation will describe the parties' proposal for providing notice under Rule 23(e), and will attach this Settlement Agreement and Plaintiffs' proposed class notice. Once the Court approves the proposed class notice and form of providing notice, Defendants will post the notice and the parties will follow the process ordered by the Court. Following completion of the notice period, Plaintiffs will inform the Court if any objections were received, and the parties will propose a schedule for final approval of the Settlement Agreement.

5. In full settlement and satisfaction of any and all claims, demands, rights, or causes of action for attorneys' fees and other expenses, and taxable costs pursuant to the Motion of whatsoever kind and nature, arising out of or in connection with any event related to this Motion, filed in the Court:

    a. Defendants agree to pay Plaintiffs five hundred seventy-seven thousand, two-hundred and eighty-six dollars, and nine cents ($577,286.09) in settlement of Plaintiffs' claims and any potential claims for attorneys' fees, litigation costs, and

related expenses pursuant to the Motion. Plaintiffs agree that this is a reasonable resolution of Plaintiffs' claims pursuant to the Motion.

    b. Defendants shall submit a request for remittance of these fees and costs within 25 business days of the Court's final approval of the Settlement Agreement and receipt of Plaintiffs' relevant financial institution information.

    c. Defendants will use all good faith efforts to pay the settlement amount within 90 days of the Court's final approval of the Settlement Agreement.

    d. Plaintiffs represent that they have no existing debts to the United States and that they are not subject to an offset under *Astrue v. Ratliff*, 560 U.S. 586 (2010).

    e. This Settlement Agreement does not waive Plaintiffs' or their attorneys' tax liability or any other liability owed to the United States government.

    f. Neither Plaintiffs nor their counsel may pursue additional claims for attorneys' fees, litigation costs, or other monies arising from the Motion other than for work in any proceedings that may be necessary to enforce the terms of this Settlement Agreement.

    g. Plaintiffs represent that their claim for attorneys' fees, litigation costs, and other expenses has been assigned to their counsel, and Defendants accept the assignment and waive any applicable provisions of the Anti-Assignment Act, 31 U.S.C. § 3727.

    h. Plaintiffs agree to waive their right to payment to them of attorneys' fees and costs pursuant to the Motion, so that Defendants may pay Plaintiffs' counsel as described above.

6. This Settlement Agreement contains the entire agreement between the parties hereto. Plaintiffs acknowledge and agree that no promise or representation not contained in this Settlement Agreement has been made to them, and acknowledge and represent that

3

this Settlement Agreement contains the entire understanding between the parties to this Settlement Agreement and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No oral or written statement, remark, agreement, or understanding that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation concerning the Motion without the time and expense of further litigation.

7. This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties to this Settlement Agreement, nor shall any provision hereof be waived other than by a written waiver signed by the parties to this Settlement Agreement.

8. This Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs and Defendants and their respective assignees and representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto or having an interest herein. The individuals signing this Agreement represent that they have the authority to bind the parties on whose behalf they sign this Agreement.

9. This document constitutes the complete integration of the Agreement between the parties and supersedes any and all prior oral or written representation, understandings, or agreements among or between the parties.

10. This Settlement Agreement may be signed in counterparts. Facsimile or electronic transmissions of the original or electronic signatures to this agreement shall have the same effect as the original signatures.

11. This Settlement Agreement is deemed executed on the date that the Settlement

Agreement is signed by all of the individuals listed in the signature block below.

Dated: 12/20/2022

/s/ Mishan Wroe

MISHAN WROE

National Center for Youth Law
1212 Broadway, Suite 600
Oakland, California 94612
Tel: 510-835-8098
mwroe@youthlaw.org

*Attorney for Plaintiffs*

Dated: 12/20/2022

FIZZA BATOOL
Digitally signed by FIZZA BATOOL
Date: 2022.12.20 16:11:43 -05'00'

FIZZA BATOOL

Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-514-0618
Fax: 202-616-4863
fizza.batool2@usdoj.gov

*Attorney for Defendants*