BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel
FIZZA BATOOL
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States, *et al.*,<br><br>  Defendants. | Case No. 2:85-cv-04544-DMG<br><br>**DEFENDANTS' RESPONSE TO JUVENILE CARE MONITOR'S REPORT [ECF NO. 1360]**<br><br>Hearing Date: October 2, 2023<br>Time: 10:00 a.m.<br>Hon. Dolly M. Gee |

## I. INTRODUCTION

On September 15, 2023, Dr. Paul Wise, the Juvenile Care Monitor ("JCM"), filed his final quarterly report (ECF No. 1360) ("JCM Report"), as required by the 2022 CBP Settlement Agreement ("2022 Settlement") and recent orders of this Court. ECF Nos. 1254-1, 1278, 1355, and 1359. The JCM Report presents the evaluation and recommendations of the JCM, who is charged with conducting independent assessments of custodial conditions for noncitizen children held in U.S. Customs and Border Protection ("CBP") facilities in the Rio Grande Valley ("RGV") and El Paso sectors. These assessments are required by the provisions of the 2022 Settlement, which mandates that facilities meet many specific custodial conditions, and implement specific procedures for noncitizen children in federal custody. The 2022 Settlement also established the JCM's position to assess CBP compliance with the provisions of the 2022 Settlement and the Flores Settlement Agreement ("FSA"). This JCM Report covers the period of June through August 2023. The Court ordered that the parties' response (if any) to the JCM Report is due by September 22, 2023, after one extension. ECF No. 1359. In accordance with the Court's order, Defendants submit below their response to the JCM Report.[1]

At the outset, CBP thanks Dr. Wise for his role as the JCM over these last few months in monitoring CBP compliance with the 2022 Settlement. CBP appreciates Dr. Wise's observations and recommendations as detailed in his latest report which covers the period of June through August 2023. CBP notes that certain observations warrant a response as provided below.

---

[1] For the Court's awareness and for consistency purposes, the page number citations correspond to the PDF pagination of the electronically filed document(s).

1

## II. RESPONSE TO THE JCM REPORT

### a. Regarding families being held separately and lack of contact between families:

During visits to the Donna Facility in RGV Sector on August 11 and August 30, 2023, Dr. Wise documented instances in which children were held in pods separately from their parents, and instances in which children were unaware that they could have contact with their parents held in separate locations of the facility. ECF No. 1360 at 25. Dr. Wise expressed concern about both the separate holding of children and parents, and the lack of contact, particularly with regards to very young children. CBP appreciates and agrees with Dr. Wise's statements that the actions he observed are *not* the same as the "separations" in the 2018 Zero Tolerance Policy and that are generally the subject of other litigation, *see Ms. L v. ICE*. ECF No. 1360 at 26. CBP emphasizes that it is imperative to distinguish between the two situations. In the situations observed by Dr. Wise, parents and children left the CBP facility together as a family unit after they were processed by CBP. Therefore, parents and children were not "separated" as the term is understood in the context of the Zero Tolerance Policy.

Dr. Wise's observations refer to the practice of temporarily holding parents and children in separate pods or locations during their time in CBP custody to address operational needs such as overcrowding and the need to ensure the safety of children, as described below. As Dr. Wise noted, such holding of parents and children separately may be operationally warranted when there is an "articulable operational reason" to do so. *Id.* at 27. Thus, CBP maintains that this temporary practice is in compliance with the FSA and the 2022 Settlement, as well as other laws, policies, and court orders. At the time of Dr. Wise's observations, to avoid overcrowding in custody and to ensure FSA and Prison Rape Elimination Act ("PREA") compliance, RGV Sector determined that there was an articulable operational reason to temporarily hold children separately from their parents under some circumstances.

2

As Dr. Wise noted and observed, these visits occurred during a time of increased numbers of families in CBP custody. In July 2023, U.S. Border Patrol ("USBP") encountered 60,161 family units along the southwest border compared to 31,266 in June 2023, an increase of 28,895.[2] Overcrowding at the Ursula Facility, which had previously been designated as the Juvenile Priority Facility in RGV Sector, became a concern as its maximum holding capacity was 1,200. As Dr. Wise noted, in response to this overcrowding, the Sector began moving more families and unaccompanied children back to the Donna Facility in early August 2023. However, even after moving families and unaccompanied children to Donna, RGV Sector had to take steps to alleviate overcrowding, and to implement and comply with its obligations to keep children safe, both under the FSA and the regulations implementing PREA to segregate children from unrelated adults. Thus, some children were held separately from their parents under some circumstances. These decisions were made with the priority of bringing the family together as soon as operationally feasible and releasing the family from CBP custody as expeditiously as possible.

CBP acknowledges that holding minor children and parents together is better for the family. CBP policy prioritizes keeping parents together with their children while in CBP custody to support family unity. When it is operationally necessary to hold a child separately from his/her parent, the FSA, the 2022 Settlement and CBP policy require that family members who are housed in separate locations be informed of the ability to have contact with each other, to mitigate any possible harm caused by the temporary separation. It is USBP policy that such contact be recorded and tracked in the electronic system of record. USBP notifies children and parents of their ability to contact their family members through a poster, Exhibit 1 to the 2022 Settlement,

---

[2] *See FY Southwest Land Border Encounters by Month*, https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters (last visited Sept. 21, 2023).

which provides a child-friendly illustration of rights under the settlement, including the right to contact with family members. In addition, facilities also show a video, as part of the intake process, that explains this right to children.

However, Dr. Wise's report raises alleged deficiencies in meeting this obligation to inform children of their right to contact their family members held in separate parts of the facility. CBP acknowledges that, during the time that Dr. Wise visited the Donna Facility, RGV Sector was still in the process of switching between holding families and unaccompanied children at Ursula to holding them at Donna, and thus there was a slight delay in fully displaying the posters. To the extent that any children interviewed by Dr. Wise were not informed of the ability to contact their parents, such incidences were the result of these temporary delays due to moving locations, and have since been remedied with the completion of posting of the Exhibit 1 posters. The video also continues to be played during intake and processing to inform children of their rights to contact family members in CBP facilities who may be housed in another location.

Additionally, USBP has reiterated and reminded agents in the field that children should generally remain in the same pod or hold rooms as their parents and/or legal guardians, and that, if it is necessary to temporarily hold parents and children separately, that contact must be provided, and children should be informed of the ability to have such contact and given the opportunity to communicate when requested. USBP has also taken steps to ensure that all posters and notifications required under the 2022 Settlement are posted throughout Ursula and Donna facilities.

**b. Regarding nutrition:**

Dr. Wise continues to express concerns about the availability of age-appropriate meals for children ages 2-5. ECF No. 1360 at 34-36. CBP notes that it currently provides meals at the Juvenile Priority Facilities through the use of contracts. While the specifics vary, in general, the servicing vendor is required to create menu options

for adults, children ages 13-17, and children ages 2-12. These menus must all comply with the U.S. Department of Agriculture ("USDA") requirements and must be certified by a nutritionist.[3] CBP makes efforts to rotate the menus regularly to provide some variety. Moreover, the contracts include options to provide gluten-free, vegetarian, and pork-free options, which can be ordered if needed.

CBP maintains that it is in compliance with the 2022 Settlement in Juvenile Priority Facilities, which requires that "all food service contracts provide meals appropriate for tender-age children that meet USDA nutritional guidelines and all other USDA-consistent nutritional standards adopted by CBP;" that children under age 2 have access to baby food and formula, and that instructions for mixing baby formula be easily accessible to parents; and the agency make "reasonable efforts" to provide increased variety of meals to children who remain in custody over 72 hours. ECF No. 1254-1 at 13, 19.

Of course, CBP takes Dr. Wise's concerns seriously and recognizes that there may be reasons to provide other options for children who either do not like or are not able to eat the standard meals provided. To that end, CBP has taken extensive efforts to have other options available for children, including an extensive supply of child-friendly snacks such as pureed fruit (baby food), pureed vegetables (baby food), fresh fruit, baby carrots, fruit and cereal bars, string cheese, Go-gurt, potato chips Goldfish crackers, graham crackers, animal crackers, granola bars, fruit juice, and Kool-Aid drink pouches. Facilities also maintain a supply of water, Pedialyte, and baby formula. CBP makes extensive efforts to maintain a wide variety of food options to ensure that children in CBP custody receive adequate nutrition.

CBP welcomes and will take into consideration any concrete recommendations

---

[3] Additionally, CBP notes that, for safety reasons, facilities are limited in the type of utensils that can be provided, including forks and knives. Thus, meals generally consist of items that individuals can eat with their hands, such as burritos and sandwiches.

5

from Dr. Wise on what would be sufficient under the 2022 Settlement. Until then, CBP will continue to provide meals under its current contract, which is in compliance with the 2022 Settlement. Additionally, CBP continues to assess its meal and snack options.

### III. CONCLUSION

Defendants respectfully submit the above responses to Dr. Wise's final JCM Report which covers the period of June through August 2023. Again, CBP thanks Dr. Wise for his role as the JCM in monitoring CBP compliance with the 2022 Settlement. CBP appreciates and recognizes Dr. Wise's observations and recommendations, and to this end, will continue to welcome his suggestions as his monitoring term comes to an end.

Dated: September 22, 2023                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation

WILLIAM C. SILVIS
Assistant Director

SARAH B. FABIAN
Senior Litigation Counsel

*/s/ Fizza Batool*
FIZZA BATOOL
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station

Washington, DC 20044
Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, Fizza Batool, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, DC 20001. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' RESPONSE TO JUVENILE CARE MONITOR'S REPORT, ECF NO. 1360**, on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice. I also notified Plaintiffs' counsel by electronic mail.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  September 22, 2023

                              /s/ *Fizza Batool*
                              FIZZA BATOOL

8