1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
Sarah E. Kahn (Cal. Bar No. 341901)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION


| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, Attorney General the United States, *et al.*, <br><br> Defendants. | No. CV 85-4544-DMG-AGRx <br><br> PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO TERMINATE SETTLEMENT AS TO HHS <br><br> **Memorandum of Points and Authorities in Support of *Ex Parte* Application** <br><br> Honorable Dolly M. Gee <br> Chief United States District Judge |

1

NATIONAL CENTER FOR YOUTH LAW

2
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)

3
1212 Broadway, Suite 600

4
Oakland, CA 94612
Telephone: (510) 835-8098

5
Email: mwroe@youthlaw.org

6

NATIONAL CENTER FOR YOUTH LAW

7
Rebecca Wolozin (admitted *pro hac vice*)

8
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006

9
Telephone: (202) 868-4792

10
Email: bwolozin@youthlaw.org

11
CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)

12
88 Pine Street, Suite 800

13
New York, NY 10005
Telephone: (212) 683-2210

14
Email: lwelch@childrensrights.org

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs submit this *ex parte* application, pursuant to Federal Rule of Civil Procedure 6 and Local Rules 7-11 and 7-19, to continue the hearing date and corresponding deadlines on Defendants' Motion to Terminate the *Flores* Settlement Agreement as to the U.S. Department of Health and Human Services (HHS) [Doc. # 1414] to July 12, 2024.[1] The application is supported by the attached Memorandum of Points and Authorities and the Declaration of Mishan Wroe.

On April 23, 2024, Defendants informed Plaintiffs of their intent to move to terminate the *Flores* Settlement as to the obligations imposed on HHS on the basis that the recently released HHS Foundational Rule implements the Settlement as to HHS. The Foundational Rule was published on April 30, 2024, with a scheduled effective date of July 1, 2024. *See* Unaccompanied Children Program Foundational Rule, 89 Fed. Reg. 34384 (published April 30, 2024) (to be codified at 45 C.F.R. pt. 410), https://www.federalregister.gov/documents/2024/04/30/2024-08329/unaccompanied-children-program-foundational-rule.

The parties met and conferred regarding Defendants' proposed motion on May 2, 2024. During this meet and confer discussion, Plaintiffs informed Defendants that they were still reviewing the regulations but would oppose Defendants' motion to terminate the Settlement as to HHS for at least two reasons: (1) the regulations fail to fully implement the Settlement as to HHS given there is no requirement to use state-licensed facilities and no provision for independent oversight of standard programs; and (2) termination in part (i.e. as to only HHS) is not appropriate. Plaintiffs requested that Defendants notice their motion for a date

---

[1] Plaintiffs propose a hearing date of July 12, 2024 in light of the July 4 holiday. Plaintiffs are, however, amenable to any hearing date after July 1, 2024. If the Court does not set a hearing date after July 1, Plaintiffs respectfully request the Court continue the hearing to a date on or after June 14, 2024, so that Plaintiffs may have adequate time to respond to Defendants' Motion.

after July 1, 2024, to ensure the regulations are actually in effect before the Court considers modifying or partially terminating the Settlement. Plaintiffs further requested at least two weeks to respond to Defendants' motion. On May 3, 2024, Defendants informed Plaintiffs that they do not agree to a hearing after July 1, 2024, and proposed a briefing schedule with a filing date of May 10, 2024, and a hearing date of June 14, 2024.

Pursuant to Local Rule 7-19.1, on May 3, 2024, Plaintiffs informed Defendants of their intent to file an *ex parte* application to continue the hearing date until after the expected effective date of the new HHS regulations. The Parties subsequently exchanged proposed briefing schedules. On May 7, 2024, Defendants indicated they oppose Plaintiffs' *ex parte* application and stated that a hearing on June 14, 2024, would align with the Settlement's termination clause.

On May 10, 2024, Defendants filed their Motion to Terminate and set a hearing date of June 7, 2024.

1

**Memorandum of Points and Authorities in Support of *Ex Parte* Application**

2
3

Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or

4

must be done within a specified time, the court may, for good cause, extend the

5

time[.]" Fed. R. Civ. P. 6(b)(1). "'Good cause' is a non-rigorous standard that has

6

been construed broadly across procedural and statutory contexts." *Ahanchian v.*

7

*Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal citation

8

omitted). "[R]equests for extensions of time made before the applicable deadline

9

has passed should 'normally . . . be granted in the absence of bad faith on the part

10

of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting 4B

11

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165

12

(3d ed. 2004)); *see also Atlantic Wave Holdings, LLC v. Cyberlux Corp.*, No. 3:24-

13

CV-196, 2024 WL 1469550, at *2-3 (S.D. Cal. April 4, 2024) (granting application

14

to continue hearing and briefing schedule based on absence of bad faith or

15

prejudice).

16

Good cause exists to continue the hearing date on Motion to Terminate the

17

*Flores* Settlement Agreement as to HHS because the motion is based on new

18

regulations that are not scheduled to take effect until July 1, 2024. Although

19

Plaintiffs do not seek to enjoin the regulations, the Parties currently have no

20

guarantee that the regulations will take effect as scheduled. It is too early for the

21

Court to consider modifying or terminating the Settlement in part before these

22

regulations are operative. Defendants will not be prejudiced by a brief delay and

23

Plaintiffs are likely to suffer prejudice without a continuance.[2]

24
25
26
27
28

---

[2] There is nothing preventing the Foundational Rule and the Settlement being in
effect simultaneously. Defendants have implied that they need a ruling by the
Court prior to the regulations taking effect but have not explained the basis for this
belief in response to Plaintiffs' request for clarification. *See* Declaration of Mishan
Wroe ¶ 7, Ex. A. Given that the Foundational Rule is final and Plaintiffs do not

1         If the Court does not continue the hearing to a date after the effective date of

2    the regulations, Plaintiffs respectfully request that the Court continue the hearing

3    date to a date on or after June 14, 2024, to enable Plaintiffs' counsel sufficient time

4    to prepare a response.

5       **1.  Plaintiff Class Members Will Be Prejudiced By a Premature**

6           **Termination of their Rights Based on Regulations Not Yet in Effect.**

7         As the HHS regulations are not yet in effect, the Parties' legal rights and

8    obligations have not changed. *See United Farm Workers v. Perdue*, No. 1:20-CV-

9    01452, 2020 WL 6939021, at \*4 (E.D. Cal. Nov. 25, 2020) (denying motion to

10   dissolve preliminary injunction and explaining that "[b]ecause the DOL's newly

11   announced rule does not become effective until December 21, 2020, the court

12   concludes that the circumstances have not changed"); *cf. California v. Azar*, 911

13   F.3d 558, 569 (9th Cir. 2018) (holding that appeal was not moot until published

14   regulations become effective).

15        Defendants' motion is premised on the argument that the HHS Foundational

16   Rule provides a "durable remedy" for children in HHS custody that affords them

17   the same rights and protections as the *Flores* Settlement. Defs. Memorandum of

18   Points and Authorities [Doc. # 1414] at 3 (quoting *Horne v. Flores*, 557 U.S. 433,

19   450 (2009)). Plaintiffs dispute that the Foundational Rule justifies termination in

20   part as to HHS for at least two reasons. First, the regulations fail to fully implement

21   the Settlement as to HHS given there is no requirement to use state-licensed

22   facilities and no provision for independent oversight of standard programs. Second,

23   termination in part (i.e. as to only HHS) is not appropriate. But even if the

24   _____

25   seek an injunction, it is not clear how the Court's ruling on the Motion to
     Terminate would affect implementation of the regulations. That Plaintiffs would

26   have additional time to file their opposition does not prejudice Defendants,
     especially in light of Plaintiffs' offer to Defendants of an extended briefing

27   schedule that would provide additional time to both Parties. *See id.* ¶ 9, Ex. A;

28   *Ahanchian*, 624 F.3d at 1257.

1   Foundational Rule were adequate, no "durable remedy *has been implemented*"

2   because the regulations are not in effect. *Horne*, 557 U.S. at 450 (emphasis added).

3          Granting Defendants' motion prior to the effective date would leave Class

4   Members without any protection under either the Settlement or the Foundational

5   Rule. *See United Farm Workers*, 2020 WL 6939021, at *5 ("To prematurely

6   evaluate the pending motion to modify and dissolve the October 28, 2020

7   injunction as though the law had already changed would risk plaintiffs suffering

8   irreparable harm"). This is especially concerning as there is no guarantee that the

9   Foundational Rule will take effect as scheduled on July 1, 2024. The

10  Congressional Review Act allows Congress "to review and disapprove federal

11  regulations" and typically provides 60 days to disapprove regulations. *See Center*

12  *for Biological Diversity v. Bernhardt*, 946 F.3d 553, 556-557 (9th Cir. 2019).

13  Affected private parties may also seek to block regulations from taking effect

14  during the period between publication and the effective date. *See United Farm*

15  *Workers*, 2020 WL 6939021, at *4-5 & n.4 (citing *Rowell v. Andrus*, 631 F.3d 699,

16  703 (10th Cir. 1980)). Although Plaintiffs do not seek to enjoin the Foundational

17  Rule, it is possible other parties could seek to block the Rule.

18         To the extent Defendants argue that the timing of their motion should be

19  determined by Paragraph 40 of the Settlement, their position is both incorrect and

20  inconsistent with their choice to set a hearing date of June 7, 2024. Paragraph 40 of

21  the Settlement, as modified on December 7, 2001, provides that "[a]ll terms of this

22  Agreement shall terminate 45 days following defendants' publication of final

23  regulations implementing the Agreement. Notwithstanding the foregoing, the INS

24  shall continue to house the general population of minors in INS custody in

25  facilities that are state-licensed for the care of dependent minors."

26         This termination clause refers to "all terms" and plainly applies to

27  termination of the entire Settlement following publication of final regulations that

28  implement the Settlement in full. Defendants' motion seeks to terminate in part as

to HHS only and seeks modification of the Settlement to permit placement of minors in facilities that lack state licensure. Therefore, the termination clause does not apply here. Even if the clause did apply, the HHS Foundational Rule was published on April 30, 2024, and the current June 7, 2024, hearing date is less than 45 days following publication.

**2. There is Good Cause to Allow Plaintiffs Additional Time to Respond to Defendants' Motion.**

Good cause also exists to continue the hearing date because Plaintiffs need additional time to prepare their opposition papers. Federal Rule of Civil Procedure 6(b)(1) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1258-1259 (internal citation omitted). The current hearing date provides Plaintiffs just one week to respond to Defendants' highly consequential motion. *See* Local Rule 7-9; *see also Ahanchian*, 624 F.3d at 1259 (holding that good cause existed for an extension in part because the local rules of the Central District of California set an "exceptionally constrained deadline" to file an opposition).[3] Plaintiffs cannot prepare an adequate response in that time and respectfully request the hearing be continued to permit Plaintiffs at least an additional week, and preferably more, to prepare an opposition. Defendants will not be prejudiced by a continuance.

The *Flores* Settlement has a long and complex history before this Court and the Ninth Circuit, including numerous prior motions to modify or terminate. Defendants' motion seeks to terminate the Settlement based on lengthy regulations that Defendants concede are not fully consistent with the Settlement, as evidenced by Defendants' 55-page comparison chart. *See* Appendix A [Doc. # 1414-5]. Defendants also submit multiple fact declarations that Plaintiffs will need to

---

[3] The Ninth Circuit noted that the Central District of California's "abbreviated timeline is unusual; every other district in this circuit guarantees nonmovants at least fourteen days to file an opposition to a motion." *Id.* at 1259 n.6.

*EX PARTE* APPLICATION TO CONTINUE HEARING
CV 85-4544-DMG-AGRX

analyze and respond to. Further, upon information and belief, Defendants' memorandum significantly exceeds the 7,000 word limitation set by Local Rule 11-6.1. *See* Declaration of Mishan Wroe ¶ 11.

In addition, Plaintiffs are preparing a response to the Juvenile Coordinator's interim report on open-air detention sites, which was also filed on May 10, 2024. *See* CBP Juvenile Coordinator Interim Report, May 10, 2024 [Doc. # 1413]. Plaintiffs' response to this report is due May 17, 2024—the same day that Plaintiffs' opposition to Defendants' Motion to Terminate is currently due. *See* Order re Plaintiffs' Motion to Enforce Settlement re "Open Air Detention Sites" at 12, April 3, 2024 [Doc. # 1406]. Plaintiffs need additional time for their opposition to adequately respond to both filings.

Until the regulations take effect, it is premature for the Court to decide what impact, if any, the regulations will have on the rights of Class Members in HHS custody. Therefore, Plaintiffs request the Court postpone the hearing date on Defendants' Motion to Terminate as to HHS and the corresponding briefing deadlines. *See* Local Rule 7-11.

Dated: May 13, 2024      CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Carlos R. Holguín
Sarah Kahn

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe
Diane de Gramont
Rebecca Wolozin

CHILDREN'S RIGHTS
Leecia Welch

*/s/ Mishan Wroe*
Mishan Wroe
*One of the Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I caused a copy of Plaintiffs' *Ex Parte*

Application to Continue Hearing to be served through the Court's CM/ECF system

and by email to the following counsel listed below. I advised counsel by email that

any opposition must be filed not later than 24 hours after the service of the

application.

Fizza Batool
Fizza.Batool2@usdoj.gov
Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Joshua McCroskey
Joshua.C.McCroskey@usdoj.gov
Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Dated:  May 13, 2024

/s/ Mishan Wroe
Mishan Wroe