BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
FIZZA BATOOL
JOSHUA C. MCCROSKEY
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States, *et al.*,<br><br>  Defendants. | Case No. 2:85-cv-04544-DMG<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO EXTEND HEARING; DECLARATION OF FIZZA BATOOL**<br><br>Hearing Date: June 7, 2024<br>Time: 9:30 a.m.<br>Hon. Dolly M. Gee |

**Defendants' Opposition to Plaintiffs' *Ex Parte* Application**

Pursuant to Local Rule 7-19, Defendants, by and through their undersigned counsel respectfully request the Court to deny Plaintiffs' *Ex Parte* Application to extend the hearing on Defendants' Motion to Terminate the *Flores* Settlement Agreement as to the U.S. Department of Health and Human Services, ECF No. 1392, until after the Foundational Rule takes effect on July 1, 2024. Defendants do not, however, oppose a reasonable extension of time to allow Plaintiffs to prepare their opposition. Therefore, Defendants are unopposed to moving the hearing from June 7 to June 14, or, at the latest, June 21, 2024.

Defendants submit this Opposition for the reasons set forth in the accompanying memorandum of points and authorities and Declaration. On May 7, 2024, counsel for Defendants informed Plaintiffs' counsel via email that the Government will oppose the relief sought by Plaintiffs' *ex parte* application.

Dated: May 14, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director

*/s/ Fizza Batool*
FIZZA BATOOL
JOSHUA C. MCCROSKEY
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 30, 2024, the U.S. Department of Health and Human Services' ("HHS") Administration for Children and Families published the Unaccompanied Children Program Foundational Rule ("Foundational Rule"), 89 Fed. Reg. 34384 (Apr. 30, 2024) (to be codified at 45 C.F.R. pt. 410), which governs the Office of Refugee Resettlement's ("ORR") Unaccompanied Children Program ("UC Program"). On May 10, 2023, the Government filed a motion to terminate the *Flores* Settlement Agreement ("FSA" or "Agreement") as to HHS under Paragraph 40 of the FSA and Federal Rule of Civil Procedure 60(b)(5). ECF No. 1414. A hearing was noticed for June 7, 2024. *Id.* Plaintiffs maintain that it is inappropriate for the Court to modify or partially terminate the FSA as to HHS prior to the regulations taking effect on July 1, 2024. *See* ECF No. 1415. For the reasons set forth below, Plaintiffs' *ex parte* application to extend the hearing on the Government's motion past July 1, 2024, should be denied.

## II. LEGAL STANDARD

Rule 6 of the Federal Rules of Civil Procedure provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." Fed. R. Civ. P. 6(b)(1)(A). The Ninth Circuit has instructed that "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (alteration in original) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). Speculation is not good cause. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) (finding that, under the "good cause" standard of 8 C.F.R. § 1003.29, an immigration judge "was not required to grant a continuance based on [the movant's]

3

speculations"); *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 1947515, at *1 (D. Ariz. May 14, 2021) ("[S]peculation does not constitute good cause under Rule 16(b)(4).").

## III. ARGUMENT

Plaintiffs have not established good cause to extend the hearing date on Defendants' motion to terminate past July 1, 2024. Rather, Plaintiffs' *ex parte* application makes essentially two arguments: that class members would be prejudiced if the Court ruled on Defendants' motion to terminate the FSA as to HHS before the Foundational Rule becomes effective, and that the Foundational Rule might not become effective on July 1, the date on which it is scheduled to become effective. Neither of these arguments has merit. Rather, there are compelling reasons to hold the hearing prior to July 1, 2024.

### A. Defendants Have Good Cause to Notice the Hearing Prior to the July 1, 2024, Effective Date of the Foundational Rule.

As an initial matter, Defendants noticed a hearing for June 7, 2024 because prior judicial rulings by this Court and the Ninth Circuit make clear that the FSA does not automatically terminate in light of adoption of rules, but rather the Court must determine whether the enacted rules make termination appropriate.[1] During the parties' litigation over the prior rule Apprehension, Processing, Care, and Custody of Alien Minors and Unaccompanied Alien Children, 84 Fed. Reg. 44,392–535 (Aug. 23, 2019) ("2019 Rule"), this Court held that the new regulations did not "*automatically* terminate the Agreement." *Flores v. Barr*, 407 F.Supp.3d 909, 924 (C.D. Cal. 2019) (emphasis in original). Subsequently, the Ninth Circuit affirmed this part of the Court's ruling. *Flores v. Rosen*, 984 F.3d 720, 741 (9th Cir. 2020). Moreover, as shown in the plain language of Paragraph 40 in the FSA, the parties agreed that the Agreement

---

[1] Defendants proposed a later hearing date to Plaintiffs. *See* Declaration of Fizza Batool ¶¶ 6-7. However, Plaintiffs rejected Defendants' proposal. *Id.* ¶ 7. Given the need for a decision from the Court before July 1, 2024, Defendants followed the normal practice of noticing the motion at least twenty-eight (28) days before the hearing date. *Id.* ¶ 12; *see also* Local Rules 6-1, 7-9, 7-10.

4

would terminate 45 days after publication of implementing regulations. FSA ¶ 40 (as modified by Stipulation, Dec. 7, 2001). Plaintiffs' assertion that "[t]here is nothing preventing the Foundational Rule and the [Agreement] being in effect simultaneously" is incorrect. ECF No. 1415 at 1-2, n.2. The Agreement itself provides for its termination once regulations implementing the Agreement are published.[2] Enforceable regulations that protect minors was the goal of the FSA. A situation where both the Agreement and the regulations are operative at the same time would run contrary to the plain terms of the Agreement, and indeed was not agreed to by the parties. Plaintiffs' attempt to envision such a scenario would, in effect, modify the existing terms of the FSA.

Because the Court will need to determine whether the Foundational Rule justifies the termination of the FSA, it is in the interests of justice and sound program administration to make the determination before the effective date of the rule. As a practical matter, this Court should have sufficient time to consider the parties' briefing and arguments to resolve any legal questions relating to implementation of the regulations and their consistency with the Agreement before the regulations take effect on July 1, 2024.

Further, a hearing past July 1, 2024, would prejudice HHS because HHS would not know whether it risks violating the FSA by fully implementing the Foundational Rule on July 1, 2024. This prejudice cuts against a finding of good cause for an extension on the hearing past July 1, 2024. *See Ahanchian*, 624 F.3d at 1259–60 (noting that "prejudice to the adverse party" may supply a reason to deny a request for an extension).

---

[2] Contrary to Plaintiffs' assertion that the Government has not explained the basis for this belief, the Government provided, via email, that "[a]s shown in the plain language of paragraph 40, the parties agreed that the [Agreement] would terminate 45 days after publication of implementing regulations." ECF No. 1415, Ex. A (Email dated May 7, 2024).

5

Plaintiffs assert that a hearing prior to July 1, 2024, would prejudice class members, but they do not articulate how such prejudice would occur. Plaintiffs' argument, in part, is essentially the same as their argument on the merits as to why they believe the FSA should not be terminated; the Court will need to evaluate this argument, but it is not an argument for *when* the Court should consider the merits of the case. Plaintiffs then raise the concern that if the Court were to decide Defendants' motion in June, there could be a period of time in which neither the FSA nor the Foundational Rule was in effect.  However, ORR has made clear that the Foundational Rule reflects the approach that ORR intends to take in operating the UC Program, and Plaintiffs offer no plausible scenario as to unlawful actions ORR would take in the days or weeks before the rule become effective. Moreover, if the Court has any concern about a period between FSA termination and the effective date of the Foundational Rule, the Court can structure its Order to provide that FSA termination will occur on the date the Foundational Rule becomes effective.

Thus, Defendants see no reason, and Plaintiffs have provided no basis, for why the Court should not hear the motion before July 1, 2024. To be clear, Defendants would not oppose if this Court were to render a decision on the motion to terminate but delay its effective date until July 1, 2024, or render a decision close to the July 1, 2024. However, it is important that Defendants receive an Order from the Court to plan next steps accordingly, and in advance of July 1, 2024.

**B. Plaintiffs' Claims Regarding Potential Intervening Acts Between Now and the Effective Date of the Foundational Rule Are Purely Speculative.**

Plaintiffs have not shown good cause because they rely on speculation about whether the Foundational Rule may be enjoined or blocked by other parties prior to the July 1, 2024, effective date. Here, Plaintiffs present no evidence in support of the assertion that the rule will not become effective on its effective date. Plaintiffs state that they do not seek to enjoin the Foundational Rule—a marked departure from Plaintiffs' position during the parties' litigation over the 2019 Rule. ECF Nos. 516,

634. But Plaintiffs then assert that it is "possible other parties could seek to block the Rule." ECF No. 1415 at 3. Plaintiffs present no evidence to suggest that any third party will seek to enjoin or block the Foundational Rule—in whole or in part—or that such a party would have any reasonable basis of success. Plaintiffs have not pointed to any other likely litigants or even suggested that a majority of both houses of Congress and the President are interested in disapproving the Rule.[3] Therefore, there is no evidence to suggest that waiting until after July 1, 2024, would save the parties' resources or promote judicial economy. *See GunVault, Inc. v. Wintrode Enterprises, Inc.*, No. ED CV12-01459 JAK (RZx), 2015 WL 12819158, at *2 (C.D. Cal. Dec. 1, 2015) (denying an *ex parte* application because, *inter alia*, "whether a significant amount of judicial or party resources will be conserved is uncertain").

### C. Defendants Have Already Presented an Extended Briefing and Hearing Schedule to Accommodate Plaintiffs' Request for Additional Time.

Plaintiffs have not shown good cause for a hearing past July 1, 2024, because Plaintiffs will have a full opportunity to make their arguments to the Court—particularly with an extended briefing schedule of seven (7) days which Defendants already offered to Plaintiffs. *See Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1180–81 (9th Cir.) (holding that the plaintiffs had not shown that the district court's denial of their motion for an extension of time had prejudiced them because the plaintiffs submitted their arguments and evidence to the district court and did not assert that the district court had refused to consider any of their arguments or evidence), *cert. denied*, 143 S. Ct. 491 (2022). Defendants have twice offered a reasonable extended briefing and hearing schedule to accommodate Plaintiffs' intent to file an opposition. *See* Declaration of Fizza Batool ¶¶ 6-7, 10.[4] Defendants would continue to not oppose

---

[3] The Congressional Review Act, 5 U.S.C. §§ 801-808, allows Congress to disapprove of a rule only if both houses of Congress pass a joint resolution and that resolution is signed by the President or Congress overrides a presidential veto.

[4] Plaintiffs remark that Defendants' memorandum exceeds the 7,000-word limitation set by Local Rule 11-6.1. ECF No. 1415 at 5. This Court's Standing Order provides

7

an extended briefing schedule, provided that a hearing is calendared prior to July 1, 2024, and no later than June 21, 2024.

## IV.  CONCLUSION

For all of these reasons, Plaintiffs' *ex parte* application to extend the hearing on Defendants' motion past July 1, 2024, should be denied. If Plaintiffs require a modest extension to file their opposition, Defendants do not oppose this request. However, any such extension should be brief, to permit the Court to hear the matter and issue its decision before the Foundational Rule takes effect on July 1, 2024.

Dated: May 14, 2024                                   Respectfully submitted,

                                                      BRIAN M. BOYNTON
                                                      Principal Deputy
                                                      Assistant Attorney General
                                                      Civil Division

                                                      WILLIAM C. PEACHEY
                                                      Director
                                                      District Court Section
                                                      Office of Immigration Litigation

                                                      WILLIAM C. SILVIS
                                                      Assistant Director

---

that "Memoranda of points and authorities shall not exceed 7,000 words *and* 25 pages." *See* Honorable Judge Gee, *Initial Standing Order*, Central District of California, at 4, https://www.cacd.uscourts.gov/sites/default/files/documents/DMG/AD/Initial%20Standing%20Order-DMG.032724.pdf (last visited May 13, 2024) (emphasis added). Consistent with past memorandums, the Government prepared its memorandum using Microsoft Word in Times New Roman, 14-point font. Excluding the caption, Table of Contents, Table of Authorities, signature block, or certification—the memorandum comports with the 25-page limit set in the Standing Order. The Government would respectfully request clarification from the Court regarding which limitation controls to avoid future discrepancies. If the Court finds that the Government has exceeded the word limitation, the Government would be willing to file a motion to extend the word limit and reciprocate the same relief to Plaintiffs.

/s/ Fizza Batool
FIZZA BATOOL
JOSHUA C. MCCROSKEY
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: 202-616-4863
Facsimile: 202-305-7000
Email: fizza.batool2@usdoj.gov

*Attorneys for Defendants*

# DECLARATION OF FIZZA BATOOL

I, Fizza Batool, declare pursuant to 28 U.S.C. § 1746 that:

1. I am a Trial Attorney with the Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., and, in such capacity, have been assigned by the Department of Justice as counsel to the defense of this action.

2. This Declaration is submitted in support of Defendants' Opposition to Plaintiffs' *Ex Parte* Application to extend the hearing on Defendants' motion to terminate, ECF No. 1414, from June 7, 2024 to July 12, 2024.

3. On April 23, 2024, Defendants emailed Plaintiffs to schedule a meet and confer discussion regarding Defendants' (at that time) forthcoming motion to terminate the *Flores* Settlement Agreement (FSA) as to the U.S. Department of Health and Human Services (HHS) based on its new regulations that seek to implement the FSA. Defendants provided a *Flores* cross-walk, a comparison chart between the FSA and the new rule, to help streamline Plaintiffs' review.

4. On April 30, 2024, HHS published the Unaccompanied Children Program Foundational Rule (Foundational Rule), 89 Fed. Reg. 34,384 (Apr. 30, 2024) (to be codified at 45 C.F.R. pt. 410), with an effective date of July 1, 2024.

5. On May 2, 2024, the parties met and conferred, via telephone, regarding Defendants' forthcoming motion. During the meet and confer, Defendants requested Plaintiffs' thoughts on the new rule and whether they had any concerns. Plaintiffs explained that they oppose termination of the FSA as to HHS but will not seek to enjoin the Foundational Rule. Plaintiffs requested that Defendants set the hearing on their motion for a date after July 1, 2024, and requested at least two weeks to respond to Defendants' motion.

6. On May 3, 2024, Defendants proposed a briefing schedule, via email, with a filing date of May 10, 2024, opposition date of May 24, 2024, reply date of

10

|     |     |
| --- | --- |
|     | June 7, 2024, and a hearing date of June 14, 2024. Defendants also provided that the Court must be able to decide the motion prior to the effective date of the Foundational Rule, and therefore could not agree to a hearing date after July 1, 2024. |
| 7.  | On May 3, 2024, Plaintiffs responded, via email, and indicated that Plaintiffs would move *ex parte* to continue the hearing date. |
| 8.  | On May 6, 2024, Defendants requested, via email, clarification on what exactly Plaintiffs would be seeking in the *ex parte* application, and the basis for the relief. |
| 9.  | On May 6, 2024, Plaintiffs provided, via email, a proposed briefing schedule with a hearing date of July 12, 2024, and indicated that it was premature for the Court to consider Defendants' motion until the regulations are in effect. |
| 10. | On May 7, 2024, Defendants responded, via email, and reiterated Defendants' original proposed briefing schedule. Defendants provided that pursuant to Paragraph 40 of the FSA, the parties agreed that the FSA would terminate 45 days after publication of implementing regulations. A June 14, 2024, hearing date aligns with Paragraph 40 of the FSA. Defendants also provided that as a practical matter, it would make sense to resolve any legal questions relating to implementation of the regulations and their consistency with the FSA prior to the July 1, 2024, effective date. Defendants provided that if the parties cannot agree, Defendants will oppose Plaintiffs' *ex parte* application. |
| 11. | On May 7, 2024, Plaintiffs responded, via email, that they would move forward with an *ex parte* application. |
| 12. | On May 10, 2024, Defendants filed the motion to terminate, ECF No. 1414, and noticed the hearing for June 7, 2024, consistent with the local rules providing that a motion must be noticed at least twenty-eight (28) days before the hearing date. *See* Local Rules 6-1, 7-9, 7-10. |

11

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of May 2024, in the City of Houston, Texas.

/s/ *Fizza Batool*
FIZZA BATOOL

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, Fizza Batool, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, DC 20001. I am not a party to the above-entitled action. I have caused service of the accompanying **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO EXTEND HEARING; DECLARATION OF FIZZA BATOOL**, on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 14, 2024

                                                                    /s/ *Fizza Batool*
                                                                    FIZZA BATOOL