**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*, | Case No. CV 85-4544-DMG (AGRx) |
| Plaintiffs, | |
| v. | **ORDER APPROVING JOINT STIPULATION FOR EXTENSION OF JUVENILE CARE MONITOR TERM [1423]** |
| MERRICK B. GARLAND, Attorney General of the United States, *et al.*, | |
| Defendants. | |

On July 29, 2022, the Court approved the Parties' TRO Settlement Agreement ("Agreement").  [Doc. ## 1254-1, 1278.]  The Agreement provides that the Court will appoint a Juvenile Care Monitor to oversee compliance with the Agreement.  On August 3, 2022, the Court appointed Dr. Paul Wise as the Juvenile Care Monitor to a single term of sixteen months.  [Doc. # 1280.]  Dr. Wise served in that position until the conclusion of his term on December 15, 2023, pursuant to the Court's oral order during the December 1, 2023 status conference.  On December 14, 2023, the Court appointed Ms. Ordin as the Juvenile Care Monitor for six months and Dr. Wise was appointed as the Medical Advisor to the JCM until February 1, 2024.  [Doc. # 1381.]  On February

8, 2024, the Court appointed Dr. Nancy Ewen Wang as the Medical Advisor and Dr. Wise was appointed as a Medical Expert, and each were appointed to serve through June 14, 2024.  [Doc. #1388.]  A three-month extension will enable the JCM to make a judgment about whether the existing and new internal protocols are sufficiently robust so that the monitoring terms of the JCM, Medical Advisor and Medical Expert can be transferred to U.S. Customs and Border Protection ("CBP") by September 12, 2024. The Court agrees that an extension is necessary under the Agreement and will assist the efforts of the Parties and the Court to ensure completion of CBP's internal monitoring protocols pursuant to the Agreement and compliance with the Agreement.

Accordingly, UPON CONSIDERATION of the Parties' Stipulation for Extension of Juvenile Care Monitor Term ("Stipulation") [Doc. # 1423], the Court hereby **APPROVES** the Parties' Stipulation and **ORDERS** that Ms. Ordin's term as the Juvenile Care Monitor is extended by three months—until September 12, 2024— with all of the authorities detailed in the Parties' Agreement.  Further, Medical Expert Dr. Wise and Medical Advisor Dr. Wang will continue to serve in their respective roles until Septemeber 12, 2024, as advisors to the Juvenile Care Monitor.

**Fees and Expenses:** The Juvenile Care Monitor shall be entitled to reimbursement of reasonable fees and expenses.  These fees and expenses will be subject to a cap of $310,000 annually.  On a monthly basis, the Juvenile Care Monitor shall provide CBP with a detailed record of hours billed and expenses incurred in the preceding month.

If CBP disputes a bill from the Juvenile Care Monitor, it shall have 15 days to review and submit objections to the Juvenile Care Monitor or to request additional documentation from the Juvenile Care Monitor.  If any dispute over the Juvenile Care Monitor's bill is not resolved within 30 days, CBP will submit the dispute to the Court for resolution.

**Monitoring Assistance:** The Juvenile Care Monitor may identify proposed aides and/or medical professionals unaffiliated with CBP or with Plaintiffs and seek Court approval for the hiring of such aides and/or medical professionals to assist the Juvenile

Care Monitor in all aspects of her monitoring work.  Both Parties must agree to any proposed aides or medical professionals.  Such aides or medical professionals, acting under the supervision of the Juvenile Care Monitor, may inspect CBP facilities and records, and interview CBP employees, regarding compliance with the Agreement. These aides and/or medical professionals will be paid for their services, and these payments will be subject to the annual cap designated above.

**Monitoring Protocol:** The Juvenile Care Monitor will prepare a monitoring protocol which will be adhered to by the Juvenile Care Monitor and all Parties.

**Access to Information Necessary for Monitoring:** The Juvenile Care Monitor will be subject to the Protective Order Governing the Handling of Confidential Material Related to Oversight by Special Master/Independent Monitor.  [Doc. # 513.]  Subject to that Protective Order, she will have access to CBP documents and records, may conduct announced and unannounced visits to U.S. Border Patrol facilities in the RGV and El Paso Sectors, may conduct interviews with class members and accompanying adult family members, and may conduct interviews with CBP employees and the employees of its contractors.

The Juvenile Care Monitor may also request data from CBP in order to determine whether CBP is in compliance with the terms of the Agreement, including whether there is overcrowding, as defined below, at CBP juvenile priority facilities, as defined in the Agreement.  When conducting inspections of non-priority facilities, as defined in the Agreement, such visits shall be solely for the purpose of determining whether the facility is prepared to hold class members in compliance with the Agreement.

The Juvenile Care Monitor may, in her discretion, provide Class Counsel with documents or information provided by CBP, to the extent that she determines that such sharing would facilitate the performance of her duties in monitoring compliance with the terms of the Agreement, including monitoring whether there is overcrowding at CBP juvenile priority facilities in RGV and El Paso Sectors, as defined below.

**Reporting:** The Juvenile Care Monitor will prepare periodic reports for the Court and the Parties. The Juvenile Care Monitor will file these reports with the Court.  If

these reports are deemed confidential by the Juvenile Care Monitor or either Party, the Parties will stipulate to file them under seal with the Court. Each report shall be accompanied by a summary that will be filed on the public docket.  Either Party may file objections to or comments to the reports. Any objections or comments regarding confidential matters shall be filed under seal.

**Notification of Noncompliance:** The Juvenile Care Monitor will promptly notify CBP and Defendants' Counsel of any observed failure to substantially comply with the Agreement or the Settlement within the RGV or El Paso Sectors and, if the situation is not timely remedied, promptly notify the CBP Juvenile Coordinator, and Class and Defendants' Counsel of any observed failure to substantially comply with the Agreement.  The Juvenile Care Monitor may inform Class Counsel of any site visits or other steps taken to monitor compliance with the Agreement.

**Monitoring Overcrowding:** The Juvenile Care Monitor shall be responsible for monitoring overcrowding, in addition to monitoring compliance with all terms of the Agreement.  Overcrowding is defined as a level of occupancy that exceeds the physical space required to maintain a safe and sanitary environment for each individual in custody.

(i) CBP shall provide the Juvenile Care Monitor with the information she determines, in consultation with CBP, is necessary to assess the potential for or actual overcrowding in juvenile priority facilities.  This information shall include occupancy data for all pods and cells in CBP facilities in the RGV and El Paso Sectors; demographic data regarding class members in CBP custody; data regarding the time that class members spend in CBP custody; and data regarding the size of available holding areas.

(ii) The Juvenile Care Monitor may notify Class Counsel if capacity in CBP facilities holding class members in the RGV or El Paso sectors reaches 90% or more for a period of more than 72 hours.

(iii) During any periods of overcrowding, CBP shall make all efforts to continue to comply with all provisions of the Agreement.  To the extent that full compliance is

not possible, CBP shall take all necessary steps to mitigate any non-compliance and comply with the Agreement to the extent possible, including, but not limited to, seeking assistance from all appropriate federal and other partners and activating any appropriate internal emergency plans.

**Monitoring Sectors Not Covered by the Agreement:** If, in the course of her monitoring duties under the Agreement, the Juvenile Care Monitor identifies any concerns or issues related to a suspected failure to substantially comply with the Settlement in any Sector outside of RGV or El Paso, the Juvenile Care Monitor may notify the CBP Juvenile Coordinator and the CBP Chief Medical Officer in writing. The Juvenile Coordinator's Office ("JCO") and/or the CBP Chief Medical Officer, as appropriate, will review the concerns with the Juvenile Care Monitor.  The Juvenile Care Monitor may also request to be permitted to conduct further review of the concerns, and CBP may, at its discretion, approve such a request. CBP may also request that the Juvenile Care Monitor provide a recommendation following any such review.

**Term of Monitoring:** The Juvenile Care Monitor's term shall be extended by three months from June 14, 2024 to September 12, 2024.  The Juvenile Care Monitor's final report shall be submitted one month prior to the end of the three-month extension by the Court.  This report shall inform the Court and the Parties of the Juvenile Care Monitor's assessment of the efficacy of CBP's internal monitoring protocols as required by the Order Appointing Juvnile Care Monitor.  [Doc. # 1280.]  Within 30 days of receiving this final report, the Parties shall meet and confer regarding whether the Juvenile Care Monitor's term shall be extended.  If no agreement is reached, Plaintiffs may petition the Court for a single extension of the Monitor's term.  Such an extension request must be accompanied by the specific instances of non-compliance that Plaintiffs believe justify the extension.  Plaintiffs bear the burden of proving non-compliance.

**Transfer of Monitoring to CBP:** At the completion of the Juvenile Care Monitor's term, CBP shall assume responsibility for monitoring compliance with the terms of the Agreement, including monitoring whether there is overcrowding, as defined above.  For a period of thirty days after the Juvenile Care Monitor's term ends,

the Juvenile Care Monitor will work with the CBP Juvenile Coordinator to ensure an effective transition of monitoring functions, and will be compensated for this work.

During the Juvenile Care Monitor's term, CBP shall provide the Juvenile Care Monitor with all monitoring protocols. The Juvenile Care Monitor and the Medical Advisor/Medical Expert may review those protocols and advise CBP on any enhancements or further refinement. Prior to the effective transition of monitoring functions, the Juvenile Care Monitor shall approve CBP's final monitoring protocols. The JCO and the CBP Chief Medical Office shall rely on such approved monitoring protocols, but retain discretion to update and amend such monitoring protocols, as appropriate.

**IT IS SO ORDERED.**

DATED:  May 23, 2024

DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE