# LIST OF EXHIBITS AND WITNESSES

| | |
|---|---|
| **Case Number** | CV 85-04544-DMG(AGRx) |
| **Title** | Jenny L. Flores, et al v. Merrick Garland, et al. |
| **Judge** | Dolly M. Gee, Chief United States District Judge |
| **Dates of Trial or Hearing** | November 15, 2024 |
| **Court Reporters or Tape No.** | Laura Elias |
| **Deputy Clerks** | Derek Davis |

FILED
CLERK, U.S. DISTRICT COURT
Nov 15, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DD___ DEPUTY

| Attorney(s) for Plaintiff(s) / Petitioner(s) | Attorney(s) for Defendant(s) / Respondent(s) |
|---|---|
| Diane de Gramont | Joshua McCroskey, USDOJ |
| Mishan Wroe | Katelyn Masetta-Alvarez, USDOJ |
| | Christina Parascandola, USDOJ |

| Plaintiff(s) or Petitioner(s) | | | Defendant(s) or Respondent(s) | | | EXHIBIT DESCRIPTION / WITNESS | Called By |
|---|---|---|---|---|---|---|---|
| Ex. No. | Id. | Ev. | Ex. No. | Id. | Ev | | |
| | | | | | | Lillian Serrano | Plaintiff |
| | | | | | | Pedro Rios | Plaintiff |
| | | | | | | Adriana Jasso | Plaintiff |
| | | | | | | Patricia McGurk-Daniel | Defendant |
| | | | | | | | |
| | | | | | | See attached list of exhibits | |

The parties hereby stipulate to the authenticity and foundation of the following exhibits.

| Exhibit Number | Description |
|---|---|
| Plaintiffs' Ex. 1 | Declaration of Adriana Jasso [Doc. # 1478-1] |
| Plaintiffs' Ex. 2 | Declaration of Pedro Rios [Doc. # 1478-2] 11/15/2024 ID ADm |
| Plaintiffs' Ex. 3 | Declaration of Lilian Serrano [Doc. # 1478-3] 11/15/2024 ID ADm |
| Plaintiffs' Ex. 4 | Deposition Transcript of Patricia McGurk-Daniel [Doc. # 1496-1]  11/15/2024 ID ADm |
| Plaintiffs' Ex. 5 | Exhibit 2 to Deposition of Patricia McGurk-Daniel [Doc. # 1496-3]  11/15/2024 ID ADM |
| Plaintiffs' Ex. 6 | Exhibit 3 to Deposition of Patricia McGurk-Daniel [Doc. # 1496-3] |
| Plaintiffs' Ex. 7 | Exhibit 4 to Deposition of Patricia McGurk-Daniel [Doc. # 1496-3]  11/15/2024 ID ADM |
| Defendants' Ex. 1 | Deposition Transcript of Lilian Serrano [Doc. # 1497-1] |
| Defendants' Ex. 2 | Deposition Transcript of Adriana Jasso [Doc. # 1497-4] 11/15/2024 ID ADM |
| Defendants' Ex. 3 | Deposition Transcript of Pedro Rios [Doc. # 1497-7] |

The parties do not stipulate to the authenticity and foundation of the following exhibits (see objections below).

| Exhibit Number | Description |
|---|---|
| Defendants' Ex. 4 | Topographical map showing Outdoor Congregation Areas known to Border Patrol San Diego Sector (SDC), prepared by SDC on November 4, 2024 (OCA Version 6.jpg) 11/15/2024 ID ADM |
| Defendants' Ex. 5 | 45' Bus and Motorhome Map (Version 3 Caltrans Map) 11/15/2024 ID ADM |
| Defendants' Ex. 6 | Video of OCAs and roads leading to OCAs, prepared by SDC (OCA Accessibility Project final v.2.mp4) playing time 4:27. |

1

**Objections to Declaration of Pedro Rios (Doc. 1478-2)**

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| ¶ 12: "Border Patrol agents continue to regularly transport or direct noncitizens to Whiskey 8 to await processing. Upon information and belief, Border Patrol has never stopped transporting or directing noncitizens to Whiskey 8 since I began providing humanitarian assistance at Whiskey 8 in early 2023." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802 | • Personal Knowledge: Mr. Rios testified to his personal observations while at Whiskey 8 three to five times per week. Rios Decl. ¶ 5; Rios Tr. 17:12-24 [Doc. # 1497-7]. This includes observing agents transporting individuals to Whiskey 8, Rios Tr. 22:14-23:1, agents telling Mr. Rios to expect migrants, Rios Decl. ¶ 14; Rios Tr. 58:12-59:7, and documentation of migrants' present sense impressions that they were directed to Whiskey 8 by agents, Rios Decl. ¶ 13; Rios Tr. 48:17-49:20, 53:20-54:9, 55:8-57:3; *see Bemis v. Edwards*, 45 F.3d 1369, 1373 n.2 (9th Cir. 1995).<br>• Present Sense Impression, FRE 803(1): Mr. Rios documented the present sense impressions of migrants as they arrived at Whiskey 8, nearly contemporaneous with their direction by Border Patrol agents and while still under Border Patrol custody and control, with |

2

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | | little to no chance for reflection and no reason to misrepresent. Rios Tr. 48:17-49:20; 53:20-54:9, 55:8-57:3; Bemis, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 13: "Noncitizens regularly report to us that Border Patrol agents pointed them toward Whiskey 8 and directed them to walk there." | • Hearsay, FRE 801, 802 | • Present Sense Impression, FRE 803(1): see Response to ¶ 12 Objections, supra; see also Rios Tr. 48:17-49:20; 53:20-54:9, 55:8-57:3; Bemis, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 15: "Border Patrol agents direct noncitizens—including children—to Whiskey 8 and, upon information and belief, holds them at Whiskey 8 for longer than the time reasonably required to prepare the child for transport or arrange their transport to a Border Patrol station." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802 | • Personal Knowledge: Mr. Rios personally observed young children held at Whiskey 8 for up to seven hours. Rios Decl. ¶¶ 16-17, Rios Tr. 73:13-19; see also Rios Tr. 51:23-52:11; 62:4-10. Mr. Rios also has personal knowledge of the location of Whiskey 8 in close proximity to San Diego, Rios Decl. ¶ 7, the |

3

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | | presence of agents at Whiskey 8, Rios Tr. 70:13-24, the present sense impressions of migrants he spoke to at Whiskey 8, and the objective unreasonableness of holding children for multiple hours outside in harsh conditions, Rios Tr. 69:12-21. *See Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): *see* Response to ¶ 12 Objections, *supra*; *see also* Rios Tr. 48:17-49:20; 53:20-54:9, 55:8-57:3; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 16: "They told me the agent remarked that he didn't have enough room to transport them and told them to wait at Whiskey 8." | • Hearsay, FRE 801, 802 | • Present Sense Impression, FRE 803(1): Mr. Rios documented the present sense impressions of migrants at Whiskey 8 right after an agent prepared them for processing and then told them to wait; *see also* Response to ¶ 12 |

4

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | | Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |

**Objections to Declaration of Lillian Serrano (Doc. 1478-3)**

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| ¶ 7: "Border Patrol agents continue to direct migrants or transport migrants to open-air sites to await processing, although different agents appear to have different practices." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• Serrano Tr. 35:23-25, 36:1-25, 37:1-7 | • Personal Knowledge - Ms. Serrano testified that she has personally observed Border Patrol agents dropping off migrants at Whiskey 8. Serrano Decl. ¶ 7; Serrano Tr. 35:23-36:3, 43:2-11 [Doc. # 1497-1]. She also observed agents directing migrants to wait at Whiskey 8, Serrano Tr. 35:4-19, 36:2-23, and agents have told her to expect a group of migrants coming, Serrano Tr. 36:3-9. She further reported migrants' present sense impressions of how they were directed to Whiskey 8 and personally observed migrants coming down the hill soon after an agent drove up the hill in |

5

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | | their direction. Serrano Tr. 36:23-37:11; *Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): Ms. Serrano reported the present sense impressions of migrants as they arrived at Whiskey 8, nearly contemporaneous with their direction by Border Patrol agents and while still under Border Patrol custody and control, with little to no chance for reflection and no reason to misrepresent. Serrano Decl. ¶ 8; Serrano Tr. 36:10-37:11, 49:5-24; *see also Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 8: "Border Patrol agents directed both groups to come to Whiskey 8. Migrants told me that once at Whiskey 8, they were instructed by Border Patrol to sit by the secondary wall and wait there before I arrived to the site." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• Serrano Tr. 45:4-25, 46:1-16, 48:13-25, 49:1-2, 49:14-25. | • Personal Knowledge: Ms. Serrano was present at Whiskey 8 on this day and reported the present sense impressions of migrants directed to Whiskey 8. Serrano Decl. ¶ 8; *see also* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1373 n.2. |

6

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | | • Present Sense Impression, FRE 803(1): Ms. Serrano reported the present sense impressions of migrants. Serrano Decl. ¶ 8; *see also* Response to ¶ 7 Objections; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 10: "The women told me that they crossed the primary wall the night before around 11 p.m. in an uphill area west of Whiskey 8. They explained that a Border Patrol agent saw them and just told them to wait there without providing any medical assistance nor the possibility to communicate their medical needs." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• Serrano Tr. 23:13-25, 24:1-16 | • Personal Knowledge: Ms. Serrano was present at Whiskey 8 and personally spoke to the women. Serrano Decl. ¶ 10; *see also* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): Ms. Serrano reported the present sense impressions of migrants while still under Border Patrol custody and control. Serrano Decl. ¶ 10; *see also* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2. |
| ¶ 10: "They described other agents on ATVs driving around them multiple times all night." | • Lack of Personal Knowledge, FRE 602 | • Personal Knowledge: Ms. Serrano was present at Whiskey 8 and personally spoke to the women. |

7

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | • Hearsay, FRE 801, 802<br>• When asked, "you weren't there, so you don't know exactly what happened with the border patrol agents; is that correct?" the witness responded, "Yeah, once again, without being there I don't know." Serrano Tr. 26:20-27:1. | Serrano Decl. ¶ 10; ; *see also* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1373 n.2.<br>• <u>Present Sense Impression, FRE 803(1):</u> Ms. Serrano reported the present sense impressions of migrants while still under Border Patrol custody and control. Serrano Decl. ¶ 10; *see also* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2. |
| ¶ 10: "Upon information and belief, the family spent the night in the area around Spooner's Mesa; the women said it was a short drive from where they waited to Whiskey 8 and their description resembled Spooner's Mesa." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• Serrano Tr. 21:11-25, 12:1-14 | • <u>Personal Knowledge:</u> Ms. Serrano is familiar with the area known as Spooner's Mesa and personally spoke to the family. Serrano Tr. 21:19-22:5, 28:20-29:10; *see also* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1373 n.2.<br>• <u>Present Sense Impression, FRE 803(1):</u> *see* Response to ¶ 7 Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2. |
| ¶ 10: "The Border Patrol agent told the grandmother | • Hearsay, FRE 801, 802 | • <u>Personal Knowledge:</u> Ms. Serrano was present at |

8

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| that the 12 year old was going to be processed as an unaccompanied child. After about 20 minutes of being on his phone, the agent asked the family to get back inside his van and drove away." | • Serrano Tr. 21:11-25, 12:1-14 | Whiskey 8 and witnessed the agent drop off the family and tell them to get back inside the van. Serrano Tr. 29:11-30:10.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 12: "Despite the available space in Border Patrol facilities, migrant children continue to sometimes spend long periods at Whiskey 8 awaiting transport." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• Serrano Tr. 58:3-60:25 | • Personal Knowledge: Ms. Serrano has personal knowledge of official Border Patrol statistics and what she was personally told by Border Patrol San Diego Sector leadership regarding bed space expansion. Serrano Decl. ¶¶ 11-12.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol officials are party admissions. |

**Objections to Declaration of Adriana Jasso (Doc. 1478-1)**

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| ¶ 6: "I and other humanitarian volunteers do not have access to the OADS named Whiskey 4, 91X, and Spooner's Mesa. Upon information and belief, migrants are still | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• Jasso admits in her deposition | • Personal Knowledge: Ms. Jasso has personal knowledge of the area known as Spooner's Mesa. Jasso Tr. 16:2-3, 31:6-11 [Doc. # 1497-4]. Ms. Jasso also testified to |

9

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| directed to those locations by Border Patrol." | that aside from one visit to Spooner's Mesa in November or October of 2023, everything that she knows about Border Patrol Agents directing people to these locations is based on what others have told her. Jasso Tr. 30:1-31:19. | her observations of Border Patrol vehicles moving within the corridor between the two border walls. Jasso Tr. 28:17-29:25. She has personal knowledge of migrants' present sense impressions describing Spooner's Mesa. Jasso Tr. 30:8-31:15; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Present Sense Impression, FRE 803(1): Ms. Jasso reported the present sense impressions of migrants, nearly contemporaneous with their direction by Border Patrol agents and while still under Border Patrol custody and control, with little to no chance for reflection and no reason to misrepresent. Jasso Tr. 30:8-31:15; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 9: "Border Patrol agents also continue to order migrants to walk to Whiskey 8." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802 | • Personal Knowledge: Ms. Jasso testified to her personal observations while at Whiskey 8 four to five times per week. |

10

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | • When asked, "**Have you, yourself, ever heard a border patrol agent tell a migrant to go to Whiskey 8?**" the witness answered "I have not heard directly from a border patrol to order a migrant to walk or go to Whiskey 8 myself, no." Jasso Dec. 43:6-9. | Jasso Decl. ¶ 7. Ms. Jasso has personal knowledge of the present sense impressions of migrants as they arrived at Whiskey 8. Jasso Tr. 40:6-23; *Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): Ms. Jasso reported the present sense impressions of migrants as they arrived at Whiskey 8, nearly contemporaneous with their direction by Border Patrol agents and while still under Border Patrol custody and control, with little to no chance for reflection and no reason to misrepresent. Jasso Tr. 40:6-23; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Residual Exception, FRE 807: Ms. Jasso attests to taking a statement from a noncitizen mother regarding Border Patrol direction to Whiskey 8. The statement is supported by sufficient guarantees of trustworthiness under the circumstances because it includes detailed information about the declarant and her family, |

11

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | | states that it is true and is signed, is consistent with the reports of many other migrants directed to Whiskey 8, and there is no reason for the declarant to misrepresent. *See* Jasso Decl. ¶¶ 10-11 & Att. A; Jasso Tr. 46:6-21; *U.S. v. MyLife.com, Inc.*, 567 F. Supp. 3d 1152, 1163 (C.D. Cal. 2021). It is more probative on the issue of direction than other evidence because volunteers do not have access to the area between the two border walls where Border Patrol agents are directing migrants. It would be impractical to produce migrant declarants at the evidentiary hearing given the difficulty of maintaining contact with individuals while in CBP custody and the likelihood that these individuals may be deported prior to the evidentiary hearing. *Id.*<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| ¶ 10: "Upon information and belief, Border Patrol agents sometimes transport and often direct migrants to Whiskey 8 from Whiskey 4, 91X, or Spooner's Mesa. In recent weeks, several migrants arriving with their children from the east side told me that they were directed by Border Patrol agents to keep walking towards where the "blue bathrooms are" and wait there for further contact with the agency.'" | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• When asked, **"And you weren't there when the border patrol agents allegedly told this group to go to where the blue bathrooms are; is that correct?"** the witness answered **"I was not there."** Jasso Dec. 45:5-8. | • Personal Knowledge: *see* Response to ¶ 9 Objections, *supra*: *Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): *see* Response to ¶ 9 Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Residual Exception, FRE 807: *see* Response to ¶ 9 Objections, *supra*.<br>• Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 11: "The family crossed the border at approximately 5:40 a.m. and was immediately told by a Border Patrol official to go to the place with the blue bathrooms and wait there. The Border Patrol official did not provide them food or water." | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• When asked, **"So your statement "the family crossed the border at approximately 5:40 a.m. and was immediately told by a border patrol official to go to the place with the blue bathrooms and** | • Personal Knowledge: Ms. Jasso was present at Whiskey 8 on this date and has personal knowledge of the present sense impressions shared by the family. *See* Response to ¶ 9 Objections, *supra*; *Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): *see* Response to ¶ 9 Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Residual Exception, FRE 807: *see* Response to ¶ 9 Objections, *supra*. |

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| | wait there." You didn't hear that statement from the border patrol, did you?" the witness answered "**No.**" When asked, "**And then you said the border patrol official did not provide them food or water, right? But you weren't there at the time; is that correct?**" the witness answered, "I was not present or did not witness first contact between border patrol and the family." Jasso Tr. 47:12-22. | • Opposing Party's Statement, FRE 801(d)(2)(D): Statements by Border Patrol agents are party admissions. |
| ¶ 12: "On September 28, 2024, I met a father with a 5 year-old child, who told me they were directed by a Border Patrol agent to the area where the blue bathrooms are. While walking toward Whiskey 8, they encountered another Border Patrol agent, who told them to keep walking toward Whiskey 8. Neither agent | • Hearsay, FRE 801, 802<br>• When asked, "**Do you know what this father said to either of the border patrol agents?**" the witness responded "**I don't know.**" Jasso Tr. 52:4-6. | • Personal Knowledge: Ms. Jasso was present at Whiskey 8 on this date and has personal knowledge of the present sense impressions shared by the family. *See* Response to ¶ 9 Objections, *supra*; *Bemis*, 45 F.3d at 1373 n.2.<br>• Present Sense Impression, FRE 803(1): *see* Response to ¶ 9 |

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| offered them water or food. I arrived at Whiskey 8 around 6:15 a.m. and the father told me he and his son had already been waiting at Whiskey 8 for approximately 45 minutes." | • When asked, "**you're saying that you weren't present when the border patrol agents spoke with the father; is that correct?,**" the witness answered "**I was not.**" Jasso Tr. 52:4-6, 52:12-18. | Objections, *supra*; <u>Bemis, 45 F.3d at 1372-73</u> & n.2.<br>• <u>Opposing Party's Statement, FRE 801(d)(2)(D)</u>: Statements by Border Patrol agents are party admissions. |
| ¶ 15: "Border Patrol does not appear to have a clear protocol to expeditiously transport out children, even medically vulnerable children. For example, one of our volunteers reported to me while they were on site that on or around 10:30 a.m. on July 23, 2024, a mother arrived at Whiskey 8 with two children aged 6 years old and 3 years old. The family walked for about 45 minutes in the hot sun after a Border Patrol agent told them to walk from Whiskey 4 to Whiskey 8. The 3-year-old was unable to walk on his own. When the family arrived at Whiskey 8, the mother explained to a Border Patrol agent that her 3-year-old had | • Lack of Personal Knowledge, FRE 602<br>• Hearsay, FRE 801, 802<br>• When asked, "**this statement you make in your declaration is based on what a volunteer -- what a volunteer told you that the mother had told her about what a border patrol agent had told the mother. Would you agree? Is that accurate?**," the witness answered "**It's accurate that what I** | • <u>Personal Knowledge</u>: Ms. Jasso has personal knowledge of the volunteer's present sense impressions and concerns regarding a child at Whiskey 8 for five hours at risk of having an epileptic episode on site. Jasso Tr. 57:10-14, 58:14-17.<br>• <u>Present Sense Impression, FRE 803(1)</u>: The volunteer shared her present concerns and worries regarding what to do if a child had an epileptic episode while waiting for hours at Whiskey 8. Jasso Tr. 57:10-14, 58:14-17. There was little chance for reflection and no reason for |

15

| Statement | Defendants' Objection(s) | Plaintiffs' Response |
|---|---|---|
| epileptic episodes and medical needs exacerbated by the heat. The agent asked the volunteers for tarps to help provide shade for the child, but did not transport the family out of Whiskey 8. The family remained at Whiskey 8 for approximately 5 hours before they were transported. During that time, neither child received a medical evaluation or any medical assistance". | **presented or I shared on my declaration is based on what Danielle, our volunteer on site, reported to me."** Jasso Tr. 56:25-57:7. | misrepresentation. *Bemis*, 45 F.3d at 1372-73 & n.2. |
| Attachment A to the Declaration of Adriana Jasso | • Hearsay, FRE 801, 802<br>• The attached declaration does not comply with 28 U.S.C. § 1746 | • Present Sense Impression, FRE 803(1): *see* Response to ¶ 9 Objections, *supra*; *Bemis*, 45 F.3d at 1372-73 & n.2.<br>• Residual Exception, FRE 807: *see* Response to ¶ 9 Objections, *supra*. |

**Objections to Topographical map showing Outdoor Congregation Areas known to Border Patrol San Diego Sector (SDC), prepared by SDC on November 4, 2024 (OCA Version 6.jpg)**

| Statement | Plaintiffs' Objection(s) | Defendants' Response |
|---|---|---|
| Topographical map showing Outdoor Congregation Areas known to Border Patrol San Diego Sector (SDC), prepared by SDC on November 4, 2024 (OCA Version 6.jpg) | Lack of Foundation (including authentication); FRE 901. The topographical map is not authenticated, was not attached as an exhibit to Chief McGurk's declaration, was not made | Defendants plan to lay the foundation at the Evidentiary Hearing. The map would help the Court better understand the Chief's testimony. |

16

| | available when the Parties offered their witnesses for depositions, and was sent to Plaintiffs for the first time on November 13, 2024. Plaintiffs have not had an opportunity to question who at SDC prepared this map or how they prepared it.<br><br>Lacks Relevance; FRE 401. The topographical map is not relevant. | |

**Objections to 45' Bus and Motorhome Map (Version 3 Caltrans Map)**

| Statement | Plaintiffs' Objection(s) | Defendants' Response |
|---|---|---|
| 45' Bus and Motorhome Map (Version 3 Caltrans Map) | Lack of Foundation (including authentication); FRE 901. The 45' Bus and Motorhome Map is not authenticated, was not attached as an exhibit to Chief McGurk's declaration, was not made available when the Parties offered their witnesses for depositions, and was sent to Plaintiffs for the first time on November 13, 2024. Plaintiffs have not had an opportunity to question who made alterations to the map, when they did so, or how they did so.<br><br>Lacks Relevance; FRE 401. | Defendants plan to lay the foundation at the Evidentiary Hearing. The map would help the Court better understand the Chief's testimony. |

17