# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. CV 85-4544-DMG (AGRx) <br><br> **ORDER RE PLAINTIFFS' MOTION TO ENFORCE *FLORES* SETTLEMENT AGREEMENT [1486]** |

On October 16, 2024, Plaintiffs filed a motion to enforce ("MTE") Paragraph 28A of the *Flores* Settlement Agreement ("FSA" or "Agreement") as it relates to Defendants' obligations to report certain data to Class Counsel. [Doc. # 1486.] The MTE is fully briefed. [Doc. ## 1498 ("Opp."), 1501 ("Reply").] The Court held a hearing on November 15, 2024. For the reasons set forth below, the Court construes Plaintiffs' MTE as a motion for clarification ("MFC"), which it **GRANTS in part** and **DENIES in part**.

# I.
# BACKGROUND

A. **The Court's Partial Termination Order**

On June 28, 2024, the Court partially terminated the FSA as to the Department of Health and Human Services ("HHS"), but it preserved certain paragraphs of the Agreement. [Doc. # 1447 ("Partial Termination Order").] Among the paragraphs it preserved was Paragraph 28A, which requires Defendants to monitor compliance with the Agreement and "maintain an up-to-date record of all minors who are placed in proceedings and remain in [Defendants'] custody for longer than 24 hours." Agreement ¶ 28A. [Doc. # 101.] The Court did not preserve, however, Paragraph 29, which requires Defendants to "provide to Plaintiffs' counsel the information collected pursuant to Paragraph 28." *See Id.* ¶ 29. The parties now dispute whether Paragraph 28A, when read without Paragraph 29, still requires Defendants to report Paragraph 28 data to Class Counsel and, if it does, how often.

B. **The Court's August 21, 2015 Order**

To support their contention that Defendants are required to provide Class Counsel monthly updates of the Paragraph 28A information, Plaintiffs look to the Court's August 21, 2015 Order and Defendants' practices in the years since that Order. [*See* Doc. # 189 ("2015 Order").] In its 2015 Order, the Court specifically ordered Defendants to implement several remedies, including:

"5. As contemplated in Paragraph 28A of the Agreement, Defendants or their Regional Juvenile Coordinator shall monitor compliance with their acknowledged standards and procedures for detaining class members in facilities that are safe and sanitary, consistent with concern for the particular vulnerability of minors, and consistent with Paragraph 12 of the Agreement . . .

6. Defendants shall monitor compliance with the Agreement and this Order and **shall provide Class Counsel on a monthly basis statistical information collected pursuant to Paragraph 28A of the Agreement.**"

2015 Order at 14–15 (emphasis added). In accordance with the 2015 Order, Defendants—both the U.S. Department of Homeland Security ("DHS") and HHS—have provided Class Counsel with the data collected under Paragraph 28A on a monthly basis. Reply at 3. After the Court's Partial Termination Order, Defendants provided Class Counsel with their regular monthly report in July 2024 (reporting the June 2024 data), but in August 2024, Defendants provided the July 2024 data only for DHS. MTE at 5.

## II.
## LEGAL STANDARD

"Motions for clarification" are typically considered as having been brought under Federal Rule of Civil Procedure 60(a), which allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).

## III.
## DISCUSSION

When the Court partially terminated the Agreement as to HHS, it explicitly preserved Paragraphs 28A, 32, and 33, and all provisions governing secure, heightened

supervision and out-of-network facilities. Partial Termination Order at 21. Paragraph 28A concerns recordkeeping, as explained *supra*, and Paragraphs 32 and 33 concern Class Counsel's physical access to Office of Refugee Resettlement ("ORR") facilities. *See* Agreement ¶¶ 32, 33. The parties agree that the FSA's requirement that Defendants record the data and information described in Paragraph 28A has not changed, but they disagree as to whether HHS must still share this information with Class Counsel.

Plaintiffs interpreted the Court's Partial Termination Order to preserve HHS's monthly reporting requirement because when the Court created the requirement in 2015, it "tied" the reporting to Paragraph 28A. *See* MTE at 8. This interpretation is incorrect. At no point in its 2015 Order did the Court suggest that it derived the monthly reporting requirement *from* Paragraph 28A of the FSA. Rather, it reaffirmed Defendants' requirement to "monitor compliance [with the FSA]" and collect "statistical information . . . pursuant to Paragraph 28A of the Agreement." 2015 Order at 15. The monthly reporting of that information was one of several *remedies* the Court ordered in response to specified violations of the FSA, *not* something mandated by the FSA. *See* 2015 Order at 15. Thus, that remedy was related to a specific violation, and to the extent that it related to portions of the FSA that have now been terminated as to HHS, the remedial measure is no longer needed.

Plaintiffs also point to where the Partial Termination Order states, "At least while the FSA remains partially in effect as to HHS, Plaintiffs' counsel's access to ORR facilities and to information about the children held at those facilities should be no different than it has been for the last 27 years[.]" Partial Termination Order at 17. Plaintiffs interpret this sentence to mean that the monthly reports and Class Counsel's physical access to ORR facilities should remain unchanged because Class Counsel often base their visits off data they reviewed beforehand. *See* Reply at 8 ("Plaintiffs' counsel cannot effectively conduct site visits and meet with children in ORR custody without information on where children are placed."). Accommodating Class Counsel's approach to staging facility visits, however, was not something the Court considered

when it included this language. Nonetheless, the Court provides the following clarification. The Court maintained Class Counsel's access to *all* ORR facilities because as long the Agreement is still partially in effect as to HHS, Class Counsel need to access these facilities in order to adequately represent the Class Members.[1] Relatedly, the Court maintained Paragraph 28A of the Agreement because it understands that, once Class Counsel visit children at ORR facilities, it is possible that they may need to request from Defendants information about certain children. The preservation of Paragraph 28A ensures that Defendants could not claim that they do not have that information or that Class Counsel are not entitled to it.

Lastly, nothing in this Order should be construed as terminating Defendants' reporting requirements entirely. The Court preserved all provisions of the FSA governing secure, heightened supervision and out-of-network facilities. *See* Partial Termination Order at 11–13. The Partial Termination Order therefore did not alter Class Counsel's access to information about children held at these types of facilities, and Defendants' reporting obligations with respect to these categories of children did not change. Accordingly, HHS shall resume monthly reporting of statistical information collected pursuant to Paragraph 28A with respect to children held in secure, heightened supervision and out-of-network facilities.

## IV.
## CONCLUSION

In light of the foregoing, construing Plaintiffs' MTE as an MFC, the Court **GRANTS in part** and **DENIES in part** the MFC. On a monthly basis, Defendants shall provide Class Counsel with the statistical information collected pursuant to Paragraph 28A of the Agreement only with respect to children held in secure, heightened supervision and out-of-network facilities. **By no later than December 9, 2024**, Defendants shall provide Class Counsel with statistical reports on children held

---

[1] For example, Class Counsel may need to speak with a child who was recently "stepped down" from a secure or heightened supervision facility.

in secure, heightened supervision and out-of-network facilities, including those for the months of July, August, September, and October 2024.

**IT IS SO ORDERED.**

DATED: November 25, 2024

_____
DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE