1  CENTER FOR HUMAN RIGHTS &
2  CONSTITUTIONAL LAW
   Carlos R. Holguín (Cal. Bar No. 90754)
3  Sarah E. Kahn (Cal. Bar No. 341901)
4  256 South Occidental Boulevard
   Los Angeles, CA 90057
5  Telephone: (213) 388-8693
6  Email: crholguin@centerforhumanrights.org

7  *Attorneys for Plaintiffs*

8  *Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | |
| v. | [PROPOSED] ORDER MODIFYING 2022 CBP SETTLEMENT |
| MERRICK GARLAND, Attorney General of the United States, *et al.*, | JUDGE: Hon. Dolly M. Gee |
| Defendants. | Hearing: January 24, 2024<br>Time: 9:30 a.m. |

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

On July 29, 2022, the Court approved the Parties' TRO Settlement Agreement ("Settlement"). [Doc. ## 1254-1, 1278.] Plaintiffs' Motion to Modify the Settlement, which seeks a modification to the Settlement's termination date and the term of the Juvenile Care Monitor, came on regularly for a hearing on January 24, 2024.

The Court, having read and considered the parties' respective memoranda and evidence in support of and in opposition to Plaintiffs' motion, and having heard oral argument from counsel, now GRANTS Plaintiffs' motion.

IT IS HEREBY ORDERED as follows:

1. The termination provision of the 2022 CBP Settlement, Section II.8, is MODIFIED to read "This Agreement shall terminate five years from its Effective Date, or upon the termination of the *Flores* Settlement Agreement, whichever is sooner." This modification extends the 2022 CBP Settlement for an additional two years and six months—from January 29, 2025, until July 29, 2027—to provide Plaintiffs with the compliance they were due under the original terms of the 2022 CBP Settlement.

2. The 2022 Settlement provides that the Court will appoint a Juvenile Care Monitor ("JCM") to oversee compliance with the Agreement. On September 11, 2024, the Court extended the JCM term by an additional 6 months to "ensure completion of CBP's internal monitoring protocols pursuant to the Agreement and compliance with the Agreement" and ordered the JCM to assess "the efficacy of CBP's internal monitoring protocols as required by the Order Appointing Juvenile Care Monitor." [Doc. # 1470]. Because CBP is not in substantial compliance with the Agreement and the JCM has not yet been able to assess the efficacy of CBP's internal monitoring protocols [Doc. # 1522], the Court EXTENDS the JCM term for a further six months, to July 27, 2025. An extension of the term of the JCM for 6 months will enable the JCM to make a judgment about CBP's compliance with the terms of the Settlement and whether the existing and new internal protocols are

1

sufficiently robust so that the monitoring terms of the JCM, Medical Advisor, and Medical Expert can be transferred to CBP by July 27, 2025. Further, Medical Expert Dr. Wise and Medical Advisor Dr. Wang will continue to serve in their respective roles until July 27, 2025, as advisors to the Juvenile Care Monitor.

3. The extension of the JCM term shall be on the same terms specified in the Court's September 11, 2024, order [Doc. # 1470], with modifications to the following sections:

**Term of Monitoring:** The Juvenile Care Monitor's term shall be extended until July 27, 2025.

During this extension of the Juvenile Care Monitor's term, the Juvenile Care Monitor's requests for any additional CBP protocols will be made within 30 days of this Court order. If such a request is made, CBP will provide any remaining protocols to the Juvenile Care Monitor within 14 days of that request. The Juvenile Care Monitor will provide any additional recommendations to the protocols already received within 30 days of this Court order. Additionally, the Juvenile Care Monitor will provide any final recommendations to newly requested protocols in writing to CBP within 30 days of receipt of the protocols. The Juvenile Care Monitor will determine whether or not she will provide final approval of the monitoring protocols the JCM has already received within 60 days of the Court's order granting this extension. Moreover, the JCM will determine whether or not she will provide final approval of newly requested monitoring protocols within 60 days of receipt.

The Juvenile Care Monitor's report shall be submitted no later than June 27, 2025. This report shall inform the Court and the Parties of the Juvenile Care Monitor's assessment of the efficacy of CBP's internal monitoring protocols. [Doc. # 1522.]. The Court will consider further extensions of the Juvenile Care Monitor term as necessary to ensure CBP's compliance with the Agreement and the efficacy of its internal monitoring protocols.

**Transfer of Monitoring to CBP:** At the completion of the Juvenile Care Monitor's term, CBP shall assume responsibility for monitoring compliance with the terms of the Agreement, including monitoring whether there is overcrowding, as defined above. For a period of 30 days after the Juvenile Care Monitor's term ends, the Juvenile Care Monitor will work with the CBP Juvenile Coordinator to ensure an effective transition of monitoring functions, and will be compensated for this work.

During the Juvenile Care Monitor's term, CBP shall provide the Juvenile Care Monitor with all self-monitoring protocols. The Juvenile Care Monitor and the Medical Advisor/Medical Expert may review those protocols and advise CBP on any enhancements or further refinement. Prior to the effective transition of monitoring functions, the Juvenile Care Monitor shall approve CBP's final monitoring protocols. The JCO and the CBP Chief Medical Office shall rely on such approved monitoring protocols, but retain discretion to update and amend such monitoring protocols, as appropriate.

Dated: _____

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

 */s/ Mishan Wroe*
Mishan Wroe
*One of the Attorneys for Plaintiffs*