# EXHIBIT A

1  CENTER FOR HUMAN RIGHTS &
2  CONSTITUTIONAL LAW
   Carlos R. Holguín (Cal. Bar No. 90754)
3  Sarah E. Kahn (Cal. Bar No. 341901)
4  256 South Occidental Boulevard
   Los Angeles, CA 90057
5  Telephone: (213) 388-8693
6  Email: crholguin@centerforhumanrights.org

7  *Attorneys for Plaintiffs*

8  *Additional counsel listed on following page*

9

10

11

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15                          WESTERN DIVISION

16

17  JENNY LISETTE FLORES, *et al.*,          No. CV 85-4544-DMG-AGRx

18        Plaintiffs,                         DECLARATION OF DIANE DE
                                              GRAMONT IN SUPPORT OF
19  v.                                        PLAINTIFFS' REPLY IN SUPPORT OF
                                              MOTION TO MODIFY THE 2022 CBP
20  MERRICK GARLAND, Attorney General of      SETTLEMENT
    the United States, *et al*.,
21                                            JUDGE: Hon. Dolly M. Gee

22        Defendants.                         Hearing: January 24, 2025
23                                            Time: 9:30 a.m.

24

25

26

27

28

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

ii

### DECLARATION OF DIANE DE GRAMONT

I, Diane de Gramont, declare:

1.  I am counsel of record for Plaintiffs in the above-captioned case.

2.  This declaration and the attached exhibits are based on my personal knowledge. If called to testify in this case, I would testify competently about these facts and those included in the exhibits described below.

3.  Under the Court's August 21, 2015 order [Doc. # 189], Defendants Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") are required to provide Plaintiffs' counsel with monthly statistical reports on all class members in their custody collected under Paragraph 28A of the *Flores* Settlement Agreement.

4.  On November 20, 2024, Defendants sent Plaintiffs' counsel the October 2024 monthly data reports for ICE and CBP.

5.  On December 19, 2024, Defendants sent Plaintiffs' counsel the November 2024 monthly data reports for ICE and the Department of Health and Human Services ("HHS") and noted that CBP was looking into an issue with its data report. On December 20, 2024, Defendants sent Plaintiffs' counsel the November 2024 CBP monthly data report and a corrected version of the October 2024 CBP monthly data report.

6.  Attached hereto is a true and correct copy of Exhibit 1 ("CBP Data Analysis"). I authored Exhibit 1, which includes a description of inconsistencies between the October 2024 CBP data produced by Defendants on November 20, 2024, and the corrected October 2024 CBP data produced by Defendants on December 20, 2024. As of this date, October 2024 is the only month for which Plaintiffs have both original and corrected data.

CBP Data Discrepancies

7.  On December 13, 2024, the Juvenile Care Monitor ("JCM") filed her Final

1   Monitor Report and stated that "recent JCM visits to the RGV and El Paso

2   facilities raised questions as to whether the data provided actually captured all

3   children in families with TIC times over 72 hours. JCM has asked for clarification

4   in monthly memos to CBP and asked for additional explanations in the November

5   Draft Interim Report provided to the parties." Final Monitor Report at 4,

6   December 2024 [Doc. # 1522].

7       8.  On December 16, 2024, following extensive written communications,

8   Plaintiffs and Defendants met and conferred regarding violations in the El Paso

9   Sector and Plaintiffs' proposed Motion to Modify. Plaintiffs informed Defendants

10  they planned to file the Motion to Modify on December 20, 2024. During this

11  meeting, Defendants indicated that CBP was looking into the data discrepancies

12  identified by the JCM and would follow up with more information.

13      9.  On the afternoon of December 20, 2024, Defendants' counsel emailed

14  Plaintiffs' counsel and disclosed that CBP's data "report has always been run to

15  include only those children who were recorded in the CBP systems of record as

16  having not been transferred to ICE or to HHS . . . to cover those children who did

17  not appear on either the ICE or HHS monthly spreadsheet." According to

18  Defendants, this resulted in a failure to report the complete number of children in

19  CBP custody for longer than 72 hours because some accompanied children were

20  administratively—but not physically—transferred to ICE custody. These children

21  did not appear on the ICE data report. Defendants attached a corrected CBP data

22  report for October 2024 and a CBP data report for November 2024 using their

23  corrected methodology. A true and correct copy of this email correspondence is

24  attached as Exhibit 2.

25      10. Although Defendants' December 20, 2024, email did not mention an

26  undercount of unaccompanied children, my analysis revealed that CBP's data

27  methodology resulted in a failure to report most unaccompanied children in CBP

28  custody over 72 hours in recent months. Beginning with the July 2024 data

reports, Defendants ceased providing monthly HHS data reports to Plaintiffs. On December 9, 2024, pursuant to the Court's November 25, 2024, order [Doc. # 1516], Defendants provided data on children in HHS custody placed in secure, heightened supervision, and out-of-network facilities for July, August, September, and October 2024. On December 19, 2024, Defendants provided the same HHS data for November 2024. The HHS data reports for July, August, September, October, and November 2024 do not include all children transferred from CBP to HHS custody and do not include children's length of stay in CBP custody.

11. I emailed Defendants' counsel on December 23, 2024, and again on January 6, 2025, to seek clarification regarding how unaccompanied children in CBP custody over 72 hours were reported to Plaintiffs. In response, Defendants' counsel stated that—until July 2024—CBP provided information about children transferred to HHS custody through additional columns to the HHS data report. Beginning with the July 2024 data report, Defendants stopped providing this data. A true and correct copy of this email correspondence is attached as Exhibit 3.

12. Based on Defendants' description of the data discrepancy, it is my understanding that if an unaccompanied child spent over 72 hours in CBP custody and was subsequently transferred to HHS in the months of July, August, September, October, or November 2024, Plaintiffs received no information about that child's length of stay in CBP custody until Defendants produced corrected CBP data on December 20, 2024. Plaintiffs have not yet received corrected data for July, August, and September 2024. *See* Exhibit 3.

October 2024 CBP Data Report Analysis

13. As described in Exhibit 1, after receiving the Oct. 2024 Corrected CBP Data Report on December 20, 2024, I compared this report with the CBP data report originally produced on November 20, 2024 ("Oct. 2024 Original CBP Data Report").

14. My comparison revealed significant discrepancies between the Oct. 2024 Original CBP Data Report and the Oct. 2024 Corrected CBP Data Report. These discrepancies and my methodology for conducting my comparison are described in detail in Exhibit 1.

15. The Oct. 2024 Original CBP Data Report indicated that **1,205** children were in CBP custody over 72 hours in October 2024, including **1,203** accompanied children and **2** unaccompanied children. The Oct. 2024 Corrected CBP Data Report revealed that **2,489** children were in CBP custody over 72 hours that month, including **2,452** accompanied children and **37** unaccompanied children. *See* Exhibit 1 at 2.

16. The data discrepancies were especially large for children with the longest lengths of stay. The Oct. 2024 Original CBP Data Report indicated that **274** children were in CBP custody for over 7 days and **15** children were in CBP custody for over 14 days. The Oct. 2024 Corrected CBP Data Report revealed that **832** children were in CBP custody for over 7 days and **56** children were in CBP custody for over 14 days. *See* Exhibit 1 at 2-3.

17. The longest length of stay reported in the Oct. 2024 Original CBP Data Report was an 11-year-old child held for **435.65 hours (18 days)** in the RMY sector. The longest length of stay reported in the Oct. 2024 Corrected CBP Data Report was a 7-year-old child and a 14-year-old child, both held for **540.72 hours (22 days)** in the RGV sector. None of the six class members with the longest lengths of stay in the Oct. 2024 Corrected CBP Data Report appeared in the Oct. 2024 Original CBP Data Report. *See* Exhibit 1 at 3.

18. These data discrepancies exist across sectors and include the El Paso and Rio Grande Valley sectors.

19. In the El Paso sector, the Oct. 2024 Original CBP Data Report indicated that **83** class members were held for over 72 hours, with **23** held for over 7 days and **0** held for over 14 days. The Oct. 2024 Corrected CBP Data Report revealed

that **258** class members were held over 72 hours, with **81** held for over 7 days, and **7** held for over 14 days. *See* Exhibit 1 at 4.

20. In the Rio Grande Valley sector, the Oct. 2024 Original CBP Data Report indicated that **95** class members were held for over 72 hours, with **42** held for over 7 days and **7** held for over 14 days. The Oct. 2024 Corrected CBP Data Report revealed that **385** class members were held over 72 hours, with **145** held for over 7 days, and **14** held for over 14 days. The three children with the longest overall lengths of stay in CBP custody in October 2024 were all in the RGV sector. *See* Exhibit 1 at 3-5.

21. The HHS and ICE data reports for October 2024 do not provide the information missing from the Oct. 2024 Original CBP Data Report. The Oct. 2024 HHS Data Report includes no information regarding CBP length of stay. The Oct. 2024 ICE Data Report includes only 10 children, none of whom appear in the Oct. 2024 Corrected CBP Data Report. *See* Exhibit 1 at 1.

22. The information contained in Exhibit 1 is true and correct to the best of my knowledge and belief.

Credible Fear Interviews

23. I also reviewed DHS's published data on total encounters and total Credible Fear cases in October 2024. According to CBP's online data dashboard, there were 142,988 nationwide encounters in October 2024 and 125,238 nationwide encounters in November 2024.[1]

24. According to U.S. Citizenship and Immigration Services' ("USCIS") report

---

[1] U.S. Customs and Border Protection, Nationwide Encounters, https://www.cbp.gov/newsroom/stats/nationwide-encounters (last accessed January 14, 2025). The data for October 2024 and November 2024 are listed under fiscal year 2025.

to Congress,[2] there were 1,211 total credible fear cases received in October 2024 and 1,043 total credible fear cases received in November 2024.[3] I note that this data includes all credible fear cases received by USCIS, including single adults at ICE Family Residential Centers.[4]

25. Even assuming that all the credible fear cases occurred in CBP facilities, the 1,211 credible fear cases in October 2024 represent less than 1% (0.85%) of the 142,988 total CBP encounters for that month. The 1,043 total credible fear cases in November 2024 similarly represent less than 1% (0.83%) of the 125,238 total CBP encounters that month.

I declare under penalty of perjury that the foregoing is true and correct. Executed January 14, 2025, in Santa Barbara, California.

*/s/ Diane de Gramont*

Diane de Gramont

---

[2] U.S. Citizenship and Immigration Services, Congressional Semi-Monthly report – Dec. 16, 2023 to Dec. 31, 2024, Semi-Monthly Credible Fear and Reasonable Fear Receipts and Decisions, https://www.uscis.gov/tools/reports-and-studies/semi-monthly-credible-fear-and-reasonable-fear-receipts-and-decisions (last accessed January 14, 2025).

[3] This data is reported semi-monthly and reflects 570 total credible fear cases received between 10/1/24, and 10/15/24, and 641 total credible fear cases received between 10/16/24 and 10/31/24, for a total of 1,211. The November data reflects 548 cases received between 11/1/24 and 11/15/24 and 495 cases received between 11/16/24 and 11/30/24, for a total of 1,043. The underlying data is available at https://www.uscis.gov/sites/default/files/document/reports/Congressional-Semi-Monthly-Report-12-16-23-to-12-31-24.xlsx (last accessed January 14, 2025).

[4] *Id.* at n.3.

# EXHIBIT 1

## October 2024 CBP Data Analysis

**1.    INTRODUCTION**

This Data Analysis includes a description of the data Defendants provided to Plaintiffs regarding children in DHS and HHS custody in October 2024 and an analysis of the inconsistencies between the October 2024 CBP data originally provided and the corrected October 2024 CBP data. October 2024 is the only month for which Plaintiffs have both original and corrected CBP data.

**2.    SOURCES OF DATA**

Defendants produced to Plaintiffs' counsel the following data regarding class members in custody in October 2024:

| Date Produced | Original File Name | Name Used in this Exhibit |
|---|---|---|
| 11/20/2024 | CBP NON-ToT Children with TIC greater than 72 hours_OCT2024.xlsx | Oct. 2024 Original CBP Data Report |
| 11/20/2024 | CBPOctober2024_Corresponds to October 2024 ICE Flores Report.xlsx | Oct. 2024 CBP to ICE Data Report |
| 11/20/2024 | October 2024 ICE Flores Report.xlsx | Oct. 2024 ICE Data Report |
| 12/09/2024 | HHS Flores Data-October 2024.xlsx | Oct. 2024 HHS Data Report |
| 12/20/2024 | Copy of CBP NON-ToT with TIC greater than 72 hours_OCT2024 Updated.xlsx | Oct. 2024 Corrected CBP Data Report |

**3.    NON-OVERLAP OF CBP, ICE, AND HHS DATA**

The October 2024 data reports for HHS and ICE do not duplicate the CBP length of stay information contained in the CBP data reports.

The Oct. 2024 HHS Data Report includes only children placed in secure, heightened supervision, and out-of-network facilities. This report includes a child's ORR placement date and the date admitted or discharged from specific ORR facilities. It does not include a child's length of stay in CBP custody prior to ORR placement or any columns relating to CBP custody.

The Oct. 2024 CBP to ICE Data Report and the Oct. 2024 ICE Data Report each list the same 10 children. The Oct. 2024 CBP to ICE Data Report includes additional columns not present in the Oct. 2024 ICE Data Report. The information in the two reports otherwise appears to be identical.

I searched the Oct. 2024 Corrected CBP Data Report for the A#s of the 10 children listed in the Oct. 2024 ICE Data Report using the Command-F tool on my MacBook. I was unable to locate any of these 10 children in the Oct. 2024 Corrected CBP Data Report. **I therefore do not believe that the children missing from the Oct. 2024 Original CBP Data Report were reported in the Oct. 2024 ICE Data Report.**

4.    **CBP DATA REPORTS METHODOLOGY BACKGROUND**

I compiled the following information by comparing the Oct. 2024 Original CBP Data Report with the Oct. 2024 Corrected CBP Data Report in Microsoft Excel. These data reports include only children with a time in custody ("TIC") over 72 hours.

When producing the Oct. 2024 Original CBP Data Report on November 20, 2024, Defendants informed Plaintiffs' counsel that three highlighted rows (corresponding to three individual class members) were data errors. The Oct. 2024 Corrected CBP Data Report does not highlight those three class members, but it is my understanding that those rows remain data errors and the class members in question were not held for over 72 hours. For purposes of the below analysis, I deleted those three class members from both the Oct. 2024 Original Data Report and the Oct. 2024 Corrected Data Report.

The CBP Data Reports designate class members as "FMUA" and "UC." I understand these terms to signify family unit and unaccompanied child, respectively. To identify the number of unaccompanied children, I used the Filter tool to limit the inquiry to children listed as "UC" in the "Demographic" column. To identify the number of accompanied children, I used the Filter tool to limit the inquiry to children listed as "FMUA" in the "Demographic" column.

To identify the ages of class members at the time of CBP encounter, I created a new column titled "Age" (Column F) and used the following formula: =DATEDIF(E8,B8,"y"). E is the "Date of Birth" column and B is the "Encounter Date" column.

5.    **CHILDREN MISSING FROM ORIGINAL CBP DATA REPORT**

    a.  **Class Members in CBP Custody Over 72 Hours**

I calculated the total number of children in custody over 72 hours by selecting all the class member rows and using the Count automatically provided in Microsoft Excel.

|  | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|---|---|---|
| **FMUA** | 1,203 | 2,452 |
| **UC** | 2 | 37 |
| **Total** | **1,205** | **2,489** |

    b.  **Class Members in CBP Custody Over 7 Days**

I calculated the number of children in custody for over 7 days (168 hours) by using the Filter tool to limit the inquiry to children with a TIC time greater than 168 hours and then using the automatic Count in Microsoft Excel.

|  | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|---|---|---|
| **FMUA** | 274 | 829 |
| **UC** | 0 | 3 |
| **Total** | **274** | **832** |

### c.  Class Members in CBP Custody Over 14 Days

I calculated the number of children in custody for over 14 days (336 hours) by using the Filter tool to limit the inquiry to children with a TIC time greater than 336 hours and then using the automatic Count in Microsoft Excel.

|  | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|---|---|---|
| FMUA | 15 | 55 |
| UC | 0 | 1 |
| Total | 15 | 56 |

### d.  Longest Times in Custody

To identify the 6 children with the longest times in custody in October 2024, I sorted the data by greatest TIC time and recorded the information in the six top rows.

|  | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|---|---|---|
| 1. | **435.65 Hours**<br>(11-year-old A.F., FMUA, RMY Sector) | **540.72 Hours**<br>(14-year-old J.D.G.M., FMUA, RGV Sector) |
| 2. | **435.65 Hours**<br>(14-year-old A.C., FMUA, RMY Sector) | **540.72 Hours**<br>(7-year-old A.D.S.M.P., FMUA, RGV Sector) |
| 3. | **401.73 Hours**<br>(12-year-old I.V.D., FMUA, LRT Sector) | **488.50 Hours**<br>(11-year-old A.D.J.P.A., FMUA, RGV Sector) |
| 4. | **379.85 Hours**<br>(2-year-old S.S.S.P., FMUA, LRT Sector) | **477.17 Hours**<br>(2-year-old W.D.L.H., FMUA, DRT Sector) |
| 5. | **379.85 Hours**<br>(11-year-old H.G.S.P., FMUA, LRT Sector | **474.32 Hours**<br>(17-year-old E.P.D.N., FMUA, DRT Sector) |
| 6. | **379.85 Hours**<br>(7-year-old A.E.S.P., FMUA, LRT Sector) | **474.28 Hours**<br>(5-year-old S.A.D.N., FMUA, DRT Sector) |

### e.  Tender Age Children in Custody 72 Hours or More

To identify the number of tender age children held in CBP custody for 72 hours or more, I used the Filter tool to limit the inquiry to children between ages 0 and 5 in the "Age" column and then children between ages 6 and 12. I calculated the "Age" column as described in the Methodology section above. Most class members held over 72 hours were 12 years old or younger.

|  | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|---|---|---|
| **0-5 years** | 438 | 978 |
| **6-12 years** | 521 | 1,056 |
| **Total Tender Age** (0-12) | **959** | **2,034** |
| **Total Class Members** (All Ages) | **1,205** | **2,489** |

**f.  El Paso Sector**

To identify the number of children held over 72 hours in the El Paso Sector, I used the Filter tool to limit the inquiry to "EPT" and "El Paso" in the "Sector/Field Office" column. I otherwise used the same methodology described above.

Class Members Held Over 72 Hours:

|      | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|------|-----------------------------------|-------------------------------------|
| FMUA | 82                                | 237                                 |
| UC   | 1                                 | 21                                  |
| **Total** | **83**                       | **258**                             |

Class Members Held Over 7 Days (168 Hours):

|      | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|------|-----------------------------------|-------------------------------------|
| FMUA | 23                                | 80                                  |
| UC   | 0                                 | 1                                   |
| **Total** | **23**                       | **81**                              |

Class Members Held Over 14 Days (336 Hours):

|      | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|------|-----------------------------------|-------------------------------------|
| FMUA | 0                                 | 6                                   |
| UC   | 0                                 | 1                                   |
| **Total** | **0**                        | **7**                               |

**g.  Rio Grande Valley Sector**

To identify the number of children held over 72 hours in the Rio Grande Valley Sector, I used the Filter tool to limit the inquiry to "RGV" in the "Sector/Field Office" column. I otherwise used the same methodology described above.

Class Members Held Over 72 Hours:

|      | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|------|-----------------------------------|-------------------------------------|
| FMUA | 95                                | 385                                 |
| UC   | 0                                 | 0                                   |
| **Total** | **95**                       | **385**                             |

Class Members Held Over 7 Days (168 Hours):

|      | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|------|-----------------------------------|-------------------------------------|
| FMUA | 42                                | 145                                 |
| UC   | 0                                 | 0                                   |
| **Total** | **42**                       | **145**                             |

4

Class Members Held Over 14 Days (336 Hours):

|  | Oct. 2024 Original CBP Data Report | Oct. 2024 Corrected CBP Data Report |
|---|---|---|
| **FMUA** | 7 | 14 |
| **UC** | 0 | 0 |
| **Total** | **7** | **14** |

# EXHIBIT 2



Diane de Gramont <ddegramont@youthlaw.org>

---

## [Not Virus Scanned] [Not Virus Scanned] Data Discrepancy Information & Corrected Data for Oct & Nov 2024

---

**Masetta Alvarez, Katelyn (CIV)** <Katelyn.Masetta.Alvarez@usdoj.gov>                Fri, Dec 20, 2024 at 2:00 PM
To: Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Carlos Holguin
<crholguin@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, Neha Desai <ndesai@youthlaw.org>,
Sarah Kahn <sarah@centerforhumanrights.org>, Becky Wolozin <bwolozin@youthlaw.org>
Cc: "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "McCroskey, Joshua C. (CIV)"
<Joshua.C.McCroskey@usdoj.gov>, "Alsterberg, Cara E. (CIV)" <Cara.E.Alsterberg@usdoj.gov>, "Silvis, William (CIV)"
<William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you
know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you
know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Good afternoon, all,

As identified in our Wednesday email and our Monday meeting, CBP has recently learned of an issue with the monthly *Flores* reports
of children held in CBP custody over 72 hours. The reports undercount the number of children held in CBP custody over 72 hours.
Specifically, this report has always been run to include only those children who were recorded in the CBP systems of record as having
not been transferred to ICE or to HHS. This was originally intended to cover those children who did not appear on either the ICE or
HHS monthly spreadsheet. CBP recently learned that, as a result of this exclusion for the children transferred to ICE custody, the
monthly Flores reports undercounted the number of accompanied children who remained in CBP custody for longer than 72 hours.
This is likely because many family units may be reflected in the system of records as having been transferred to ICE, even when not
physically transferred to ICE custody and thus remaining in CBP physical custody.

Upon discovering this issue, CBP began working to re-produce reports for the past fiscal year. We expect the new reports fix this issue.
It will take time, though, to finish the new reports, especially with the holidays. In light of this delay, CBP has re-produced the reports
for the months of October and November 2024, attached here. This data reflects the following parameters: (1) all minors, including
both accompanied and unaccompanied children, who remained in CBP custody for more than 72 hours, regardless of their transfer
location, for all USBP Sectors and OFO Field Offices nationwide. These updated parameters mean that there may will be overlap
between these CBP reports and the ICE and HHS monthly reports, to the extent provided. Despite this overlap, CBP is providing the
overinclusive reports to provide a more complete representation of the number of children held over 72 hours. CBP provides this data
with the caveat that, like all data, it is subject to change as data settles and is validated. We also provide this data with the caveat that
CBP has not reviewed it to determine whether any of the information provided may reflect data quality issues, which is normally
conducted for the monthly reports.

Thank you,

Kate

**Katelyn Masetta-Alvarez**

Trial Attorney

United States Department of Justice
Office of Immigration Litigation

General Litigation and Appeals Section

P.O. Box 878, Ben Franklin Station
Washington, DC 20044

(202) 514-0120

katelyn.masetta.alvarez@usdoj.gov



This communication, including any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.

---

**2 attachments**

 **Copy of CBP NON-ToT Children with TIC greater than 72 hours_OCT2024 Updated.xlsx**
360K

 **Copy of CBP NON-ToT Children with TIC greater than 72 hours_NOV2024 updated.xlsx**
321K

# EXHIBIT 3

1/14/25, 3:08 PM                         National Center for Youth Law Mail - [Not Virus Scanned] [Not Virus Scanned] Data Discrepancy Information & Corrected Data for Oct & Nov 2...

Case 2:85-cv-04544-DMG-AGR    Document 1538    Filed 01/14/25    Page 20 of 21    Page
ID #:52533

National Center
for Youth Law

Becky Wolozin <bwolozin@youthlaw.org>

---

**[Not Virus Scanned] [Not Virus Scanned] Data Discrepancy Information & Corrected Data for Oct & Nov 2024**

**Diane de Gramont** <ddegramont@youthlaw.org>                                                                                           Tue, Jan 14, 2025 at 3:08 PM
To: "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, Neha Desai <ndesai@youthlaw.org>, Sarah Kahn <sarah@centerforhumanrights.org>, Becky Wolozin <bwolozin@youthlaw.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Alsterberg, Cara E. (CIV)" <Cara.E.Alsterberg@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Fabian, Sarah B (CIV)" <Sarah.B.Fabian@usdoj.gov>

Kate,

Thank you for the clarification. The Court's partial termination order regarding HHS in no way altered CBP's obligations under the FSA or the CBP Settlement. There was no justification for CBP to cease providing data regarding unaccompanied children held in CBP custody over 72 hours and subsequently transferred to HHS.

We look forward to receiving the corrected data sets and clarification regarding any November 2024 data errors.

Best,
Diane

On Tue, Jan 14, 2025 at 7:22 AM Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov> wrote:

> Diane,
>
> In the portals titled "CBP_[MONTH]_Corresponds to HHS [MONTH] Data," CBP was providing this information as it corresponded to the HHS data until July 2024. Specifically, for individuals listed as referrals, discharges, and transfers to ORR in the HHS data, CBP provided the following additional columns of information:

| Alien Number | APP / Inadmiss DT | Sector / Field Office | Subject Name | Date of Birth | Country Of Birth | Disposition | Most Recent Book Out Date | Most Recent Book Out Location | Component | Subject Id |
|---|---|---|---|---|---|---|---|---|---|---|

> After the Court partially terminated HHS as a party to the FSA, Defendants no longer provide the HHS data to Plaintiffs. The Court then ordered HHS to provide Flores counsel with data about minors who are in out-of-network, secure, and heightened-supervision facilities, which HHS provided in December. CBP is in the process of compiling updated data sets for all of 2024, which will include data for *all* minors held in CBP's custody for more than 72 hours (including all those transferred to HHS and ICE custody). As you know, CBP has already provided those data sets for October 2024 and November 2024.
>
> Regarding your second question, we will follow up with you as soon as we hear back from CBP.
>
> Thanks,
>
> **Kate Masetta-Alvarez**
>
> Senior Litigation Counsel
>
> United States Department of Justice
> Office of Immigration Litigation
>
> ---
> **From:** Diane de Gramont <ddegramont@youthlaw.org>
> **Sent:** Tuesday, January 07, 2025 4:16 PM
> **To:** Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>
> **Cc:** Mishan Wroe <mwroe@youthlaw.org>; Carlos Holguin <crholguin@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Neha Desai <ndesai@youthlaw.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Becky Wolozin <bwolozin@youthlaw.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>; Alsterberg, Cara E. (CIV) <Cara.E.Alsterberg@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Re: [Not Virus Scanned] [Not Virus Scanned] Data Discrepancy Information & Corrected Data for Oct & Nov 2024
>
> Thanks Kate.
>
> On Tue, Jan 7, 2025 at 9:08 AM Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov> wrote:
>
>> Hi, Diane.
>>
>> Happy New Year to you as well. Thank you for following up; I am confirming receipt. I will confer with CBP and get back to you as soon as possible.
>>
>> Thank you,
>>
>> Kate
>>
>> **Kate Masetta-Alvarez**
>>
>> Senior Litigation Counsel
>>
>> United States Department of Justice
>> Office of Immigration Litigation
>>
>> ---
>> **From:** Diane de Gramont <ddegramont@youthlaw.org>
>> **Sent:** Monday, January 06, 2025 5:34 PM
>> **To:** Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>
>> **Cc:** Mishan Wroe <mwroe@youthlaw.org>; Carlos Holguin <crholguin@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Neha Desai <ndesai@youthlaw.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Becky Wolozin <bwolozin@youthlaw.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>; Alsterberg, Cara E. (CIV) <Cara.E.Alsterberg@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>
>> **Subject:** [EXTERNAL] Re: [Not Virus Scanned] [Not Virus Scanned] Data Discrepancy Information & Corrected Data for Oct & Nov 2024
>>
>> Hi Kate,
>>
>> Happy New Year. I am writing to follow up on my December 23, 2024 email regarding the corrected CBP data. Specifically, the HHS data reports for July, August, September, October, and November 2024 are limited to children in restrictive and out-of-network settings and do not provide any information regarding children's length of stay in CBP custody. If children who spent over 72 hours in CBP custody and were then transferred to HHS were not included in the CBP data reports for those months, how was that information shared with Plaintiffs?
>>
>> In addition, can you confirm with CBP whether there are any data errors in the November 2024 report? When Joshua sent Plaintiffs the original October 2024 CBP data report on November 20, 2024, he indicated that three highlighted rows were data errors. Those highlights do not appear in the corrected October 2024 CBP data report but we assume those entries are still data errors. The November 2024 CBP data report indicates two children were held in CBP custody for over 1,244 hours and another child was held for over 670 hours. We sincerely hope those are errors.
>>
>> Best,
>> Diane

On Mon, Dec 23, 2024 at 2:30 PM Diane de Gramont <ddegramont@youthlaw.org> wrote:

Kate,

Thank you for this update and the corrected October and November data. Just to clarify, does this mean that no child transferred to ORR custody was included in the CBP reports, even if they spent over 72 hours in CBP custody? The HHS data reports include only the ORR placement date, not initial apprehension by CBP. Children's time in CBP custody is therefore not reflected in the HHS reports--even when Plaintiffs were receiving complete HHS reports.

Based on our initial review this seems like a very serious undercount and it is disturbing that CBP thought it was acceptable to exclude children transferred to ICE and HHS custody without confirming that those children's total length of custody would actually be reflected in the ICE and HHS reports.

Best,

Diane

On Fri, Dec 20, 2024 at 2:00 PM Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov> wrote:

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Good afternoon, all,

As identified in our Wednesday email and our Monday meeting, CBP has recently learned of an issue with the monthly *Flores* reports of children held in CBP custody over 72 hours. The reports undercount the number of children held in CBP custody over 72 hours. Specifically, this report has always been run to include only those children who were recorded in the CBP systems of record as having not been transferred to ICE or to HHS. This was originally intended to cover those children who did not appear on either the ICE or HHS monthly spreadsheet. CBP recently learned that, as a result the exclusion for the children transferred to ICE custody, the monthly Flores reports undercounted the number of accompanied children who remained in CBP custody for longer than 72 hours. This is likely because many family units may be reflected in the system of records as having been transferred to ICE, even when not physically transferred to ICE custody and thus remaining in CBP physical custody.

Upon discovering this issue, CBP began working to re-produce reports for the past fiscal year. We expect the new reports fix this issue. It will take time, though, to finish the new reports, especially with the holidays. In light of this delay, CBP has re-produced the reports for the months of October and November 2024, attached here. This data reflects the following parameters: (1) all minors, including both accompanied and unaccompanied children, who remained in CBP custody for more than 72 hours, regardless of their transfer location, for all USBP Sectors and OFO Field Offices nationwide. These updated parameters mean that there may will be overlap between these CBP reports and the ICE and HHS monthly reports, to the extent provided. Despite this overlap, CBP is providing the overinclusive reports to provide a more complete representation of the number of children held over 72 hours. CBP provides this data with the caveat that, like all data, it is subject to change as data settles and is validated. We also provide this data with the caveat that CBP has not reviewed it to determine whether any of the information provided may reflect data quality issues, which is normally conducted for the monthly reports.

Thank you,

Kate

**Katelyn Masetta-Alvarez**

Trial Attorney

United States Department of Justice
Office of Immigration Litigation

General Litigation and Appeals Section

P.O. Box 878, Ben Franklin Station
Washington, DC 20044

(202) 514-0120

katelyn.masetta.alvarez@usdoj.gov



This communication, including any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message.

--



**Diane de Gramont** (Pronouns: she/hers)

**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org



--



**Diane de Gramont** (Pronouns: she/hers)

**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org



--