DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division
WILLIAM C. SILVIS
Assistant Director
JOSHUA C. MCCROSKEY
Trial Attorney
CHRISTINA PARASCANDOLA
MICHAEL CELONE
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation – General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-514-3097
christina.parascandola@usdoj.gov
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | Case No. CV 85-4544 |
| Plaintiffs, | **DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE OVERSIZED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO TERMINATE SETTLEMENT AGREEMENT AND TO DISSOLVE INJUNCTION OF AGENCY REGULATIONS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| PAMELA BONDI, Attorney General of the United States, *et al.,* | |
| Defendants. | |
| | Hon. Dolly M. Gee |
| | Chief United States District Judge |

## Ex Parte Application

Pursuant to Local Rule 7-19, Defendants Pamela Bondi, Attorney General of the United States, *et al.* ("Defendants") hereby apply ex parte for an order permitting Defendants to exceed the page limitation of Local Rule 11-6.1 for their forthcoming Motion to Terminate Settlement Agreement and to Dissolve Injunction of Agency Regulations. Defendants request permission to file a memorandum of points and authorities that contains up to 15,000 words.

## Grounds for the Request

Good cause exists for Defendants to file an oversized memorandum. First, this case is a nationwide class action on behalf of all minors in immigration custody and therefore concerns matters of national importance. Second, Defendants will seek in their forthcoming motion to terminate the 1997 Flores Settlement Agreement ("FSA") as to two cabinet-level agencies, U.S. Department of Homeland Security ("DHS") and U.S. Department of Health and Human Services. Each agency has its own statutory mandate, regulations, and standards and separate and distinct roles in the federal government's implementation of the FSA. Rather than file multiple motions, Defendants will seek termination of the FSA as to each agency in one motion. Third, Defendants plan to raise at least three independent grounds for termination of the FSA, requiring the opportunity to brief each ground and cite to supporting authorities. Fourth, this case has a long and complex history, having been filed in 1985, and actively litigated for the past ten years.

## Notice

On May 13, 2025, counsel for Defendants conferred with Plaintiffs' counsel regarding Defendants' forthcoming motion to terminate and requested class counsel's position on this request to file an overlength brief. Plaintiffs' counsel stated that they would not stipulate to the request to file an overlength brief but would stipulate to Defendants' motion and Plaintiffs' opposition having the same word limit.

On May 19, 2025, counsel for Defendants emailed class counsel, requesting a stipulation to allow Defendants to file a brief containing 15,000 words (8,000 over the limit in Local Rule 11-6.1), with the same number of words for Plaintiffs' opposition. Class counsel responded that they agree to the following language:

"The Parties stipulate that Defendants' motion and Plaintiffs' opposition will have the same word limit. Defendants request a word limit of 15,000 words. Plaintiffs take no position on the appropriate word limit and defer to the Court's discretion."

## Contact

Pursuant to Local Rule 7-19, the contact information for Plaintiffs' counsel is as follows.

CARLOS R. HOLGUÍN
SARAH KAHN
Center for Human Rights and Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
crholguin@centerforhumanrights.org

2

MISHAN WROE
DIANE DE GRAMONT
National Center for Youth Law
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
mwroe@youthlaw.org

REBECCA WOLOZIN
National Center for Youth Law
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
bwolozin@youthlaw.org

LEECIA WELCH
Children's Rights
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
lwelch@childrensrights.org

DATED: May 22, 2025

Respectfully submitted,

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division
WILLIAM C. SILVIS
Assistant Director

s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA
KATELYN MASETTA-ALVAREZ
MICHAEL CELONE
Senior Litigation Counsel
JOSHUA C. MCCROSKEY
Trial Attorney
United States Department of Justice
Office of Immigration Litigation – General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-514-3097
christina.parascandola@usdoj.gov

*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

The Federal Rules of Civil Procedure and this Court's Local Rules provide that page limits for briefs may be exceeded with the Court's permission. L.R. 11-6.1; Fed. R. Civ. P. 27(d)(2). Here, for the following reasons, good cause exists to grant Defendants permission to exceed the page limitation of Local Rule 11-6.1 for their forthcoming Motion to Terminate Settlement Agreement and to Dissolve Injunction of Agency Regulations, and to allow Defendants to file a memorandum of points and authorities that does not contain more than 15,000 words.

First, this case concerns matters of national importance. Defendants will seek to terminate the 1997 Flores Settlement Agreement ("FSA"), a nationwide class-action settlement, and dissolve this Court's injunction of Defendant Department of Homeland Security's ("DHS's") regulations governing release of accompanied minors from immigration detention and licensing requirements for family detention centers, which also is a matter of national importance.

Second, Defendants will seek to terminate the FSA as to two cabinet-level agencies, DHS and U.S. Department of Health and Human Services ("HHS"), both of which are Defendants in this case. Each agency has its own statutory mandate and regulations. Each agency has a distinct and separate role in the implementation of the FSA. Further, Defendants will seek to terminate the FSA as to two of DHS's components, U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE"). Each component has its own regulations, standards, and guidance, and distinct functions and roles in implementing the FSA.

Rather than file multiple motions that would contain repetitive briefing, Defendants will seek termination of the FSA as to each agency in one motion.

Third, Defendants plan to raise at least three independent grounds for termination of the FSA, requiring that Defendants be afforded the opportunity to brief each ground and cite to supporting authorities.

Fourth, this case has a long and complex history, having been filed in 1985, and actively litigated for the past ten years. Defendants will take care to summarize, and not rehash, the significant, material factual developments that support their motion to terminate, but given the complexity of this case still require an expanded opportunity for briefing.

In short, an order permitting Defendants to exceed the page limitation of Local Rule 11-6.1 is warranted, as it would allow Defendants to sufficiently brief their request for relief in a complicated case of nationwide importance.

Defendants have conferred with Plaintiffs' counsel over this request. Plaintiffs' counsel decline to stipulate to this request. Defendants would not oppose granting Plaintiffs permission to file an overlength brief commensurate with any enlargement the Court grants to Defendants.

For the foregoing reasons, Defendants respectfully request that the Court grant them leave to file an oversized memorandum of points and authorities, of no more than 15,000 words, in support of their upcoming motion to terminate.

DATED: May 22, 2025

Respectfully submitted,

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division
WILLIAM C. SILVIS
Assistant Director

s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA
KATELYN MASETTA-ALVAREZ
MICHAEL CELONE
Senior Litigation Counsel
JOSHUA C. MCCROSKEY
Trial Attorney
United States Department of Justice
Office of Immigration Litigation – General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-514-3097
christina.parascandola@usdoj.gov

*Attorneys for Defendants*

### Certificate of Compliance [L.R. 11-6.2]

The undersigned, counsel of record for Defendants, certifies that the memorandum of points and authorities contains 466 words, and the application contains 474 words, for a total of 940 words. This complies with the word limit of L.R. 11-6.1.

s/ *Christina Parascandola*
CHRISTINA PARASCANDOLA

# DECLARATION OF CHRISTINA PARASCANDOLA

I, Christina Parascandola, do hereby declare and state as follows:

1. I am a Senior Litigation Counsel in the Office of Immigration Litigation – General Litigation and Appeals Section, Civil Division, U.S. Department of Justice. I represent Defendants in this civil action. I have personal knowledge of the following facts, and if called upon, I would truthfully testify as set forth below.

2. On May 13, 2025, the parties met telephonically, pursuant to Local Rule 7-3, in an effort counsel to discuss thoroughly the substance of Defendants' the contemplated Motion to Terminate Settlement Agreement and to Dissolve Injunction of Agency Regulations.

During the meeting on May 13, 2025, I asked Plaintiffs' counsel, Carlos Holguin, if Plaintiffs would stipulate to a briefing schedule and to enlarging the word limit for the motion and Plaintiffs' opposition. Plaintiffs agreed to stipulate to the briefing schedule, which is the subject to the stipulation the Parties file concurrently today. Mr. Holguin stated that Plaintiffs would not stipulate to an enlargement of the word limit, because the matter is for the Court's discretion.

On May 19, 2025, I emailed Plaintiffs' counsel, Mishan Wroe, and asked if Plaintiffs' counsel would stipulate to granting Defendants leave to file a brief of 15,000 words, with the same number of words for class counsel's response. Ms. Wroe responded that

1

If you'd like to include that request in a stipulation rather than a separate motion, we would agree to the following language: "The Parties stipulate that Defendants' motion and Plaintiffs' opposition will have the same word limit. Defendants request a word limit of 15,000 words. Plaintiffs take no position on the appropriate word limit and defer to the Court's discretion."

6. I hereby attest the facts set forth in the Ex Parte Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22d day of May in Washington, D.C.

        s/ *Christina Parascandola*
        CHRISTINA PARASCANDOLA