CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
crholguin@centerforhumanrights.org
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705l
Telephone: (909) 274-9057

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Jenny Flores, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Pamela Bondi, Attorney General of the United States, *et al.,* <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS 3-25 SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE FLORES SETTLEMENT AGREEMENT** <br><br> Hon. Dolly M. Gee |

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

**APPLICATON FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS 3 - 25 SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE FLORES SETTLEMENT AGREEMENT**

Plaintiffs submit this Application[1] seeking leave from the Court to file under seal portions of Exhibits 3-25 submitted in support of Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. The portions of Exhibits 3-25 that Plaintiffs seek to seal contain names, countries of origin, and, in some cases, rare languages spoken of children and/or their parents who are or formerly were in Department of Homeland Security ("DHS") immigration custody, all of whom are at risk of removal or may have already been removed, often to countries from which they fear persecution or torture. As required by local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Sarah Kahn, a proposed order, and the redacted and unredacted versions of Exhibits 3-25.

---

[1] Defendants' counsel Mr. Joshua McCroskey has informed Plaintiffs that Defendants oppose the application to seal, except as to the minors' names, and oppose sealing the countries of origin, language, and parents' names. *See* Kahn Dec. ¶ 9, June 17, 2025.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1096-97 (internal quotation marks and citations omitted). Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks and citations omitted).

## ARGUMENT

There are compelling reasons to seal the requested portions of Exhibits 3-25 submitted in support of Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement. Exhibits 3-25 all contain at least one of the following pieces of information: the names (other than initials), the country of origin, and/or the language of children and/or their parents. This is the only information Plaintiffs seek to seal.

I. <u>Compelling reasons support the sealing of the personally identifying information of children and their parents in DHS custody.</u>

The declarants identified in the Exhibits are minor children held in DHS detention or their family members, most of whom are seeking asylum and are at risk of deportation or have been deported. Kahn Decl. ¶ 5. Disclosure of their identities would put them at unnecessary risk of retaliation in detention or if released to their community or put their lives in danger if they are deported to a country where they may be targeted or persecuted if their identities, the fact of their return, or their status as a family who fled the country are known. Thus, protection of their identities is warranted.

The Exhibits contain personally identifying details such as names, countries of origin, and primary language, all of which can be used in combination with other publicly filed aspects of their declarations to identify detained and asylum-seeking minor children and/or their parents.

First, "identification creates a risk of retaliatory physical or mental harm." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Federal regulations and policy maintain personally identifying information related to individuals detained in federal immigration custody. 8 C.F.R. § 236.6 (prohibiting release by any person of "the name of, or other information relating, to" "any detainee"). Sealing a person's identity is appropriate where it "is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.1981) (using pseudonyms in opinion because detained appellant "faced a serious risk of bodily harm" if his role as a government witness were disclosed). Declarants often identify harmful conduct by DHS officials guarding them. *See, e.g.*, Exh. 21, S.G. Dec. ¶ 4, 6, 8-9; Exh. 23, S.K. Dec. ¶¶ 20-22; Exh. 10, V.I.B.G. Dec. ¶¶ 15-16, 24.

Thus, they are vulnerable to retaliation or harassment by such individuals or their coworkers. Similarly, because immigration has become an issue of significant controversy, including violence and threats against immigrants, declarants in this high-profile case may face retaliation if identified upon return to their communities.[2]

Second, Federal regulations and policy maintain personally identifying information related to asylum-seekers. *See, e.g.* 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records); § 1208.6*; see, e.g., Matter of H-*, 21 I & N Dec. 337 (BIA 1996). As the government itself notes, prohibiting disclosure regarding persecution related claims "safeguards information that, if disclosed publicly, could subject the claimant to retaliatory measures."[3] *See also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of ... particularly vulnerable parties or witnesses."); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). A country of origin may also contribute to personal identification, warranting redaction and sealing. *See Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *5 (S.D. Cal. Nov. 21, 2019) (permitting redaction of "Names," "Previous occupations," "*City/state of origin*," "birthdates" and other personal information that would enable someone to deduct the identity of asylum seekers) (emphasis added). For similar reasons, certain rarely spoken languages can also contribute to identifying

---

[2] *See, e.g.*, Rachel Urangia, "Death threats, vandalism, investigations: L.A. immigrant rights groups in the fight of their lives," LOS ANGELES TIMES, (June 12, 2026) (noting "vandals threw bricks through the front office window" of an immigrants' rights organization whose staff has received "death threats").

[3] *See* USCIS Asylum Division, "Fact Sheet: Federal Regulation Protecting the Confidentiality of Asylum Applicants." (June 17, 2025), available at https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/2012/December%202012/Asylum-ConfidentialityFactSheet.pdf (last visited on June 17, 2025).

individuals. *See* Kahn Decl. ¶ 6 (explaining that not all languages were redacted, but only those that are sufficiently rarely spoken as to be potentially identifying).

Information related to asylum applications and "sensitive immigration-related information" qualify as compelling reasons to seal a document. *See Arroyo v. U.S. Dep't of Homeland Sec.*, No. SACV19815JGBSHKX, 2019 WL 2912848, at *2 n.2 (C.D. Cal. June 20, 2019); *Kharis v. Sessions,* 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018). Indeed, "there exists a strong public interest in restricting asylum seekers' identities from the public." *A.B.T.*, 2012 WL 2995064, at *5; Cf. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015).

Third, the declarations contain matters "of sensitive and highly personal nature" that warrant protection of class members' privacy, including reports of abuse and descriptions of class members' medical conditions. *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Finally, courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted); U.S. Dept. of Health & Human Services, *Unaccompanied Children Released to Sponsors by State* (May 12, 2025) https://acf.gov/orr/grant-funding/unaccompanied-children-released-sponsors-state#:~:text=HHS%20has%20strong%20policies%20in,have%20been%20trafficktr%20or%20smuggled (last accessed May 28, 2025) ("HHS has strong policies in

place to ensure the privacy and safety of unaccompanied [] children by maintaining the confidentiality of their personal information."); Fed. R. Civ. P. 5.2(a) (requiring redaction of "taxpayer-identification number, or birth date, [and] the name of an individual known to be a minor").

Sealing of the names, countries of origin, and potential identifying languages of minors and their parents is vital to protect the identities of the minors. Identification of a parent could easily lead to the identification of their minor child.

II.     Plaintiffs' sealing request will not prejudice Defendants.

Defendants will not be prejudiced by sealing identifying information about class members and their families. Defendants suffer no prejudice when the parties' full names are shielded only from view of the public, not from Defendants. *See Al Otro Lado*, 2017 WL 6541446, at *6; *Doe v. City & Cty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017).

Further, the public interest will not be compromised by filing identifying information about class members under seal. *See Advanced Textile*, 214 F.3d at 1068 (*citing Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). Nor does it harm the public to shield the country of origin or rare languages spoken when such information may identify vulnerable declarants, as there is no public interest served by nationality-based distinctions in detention claims. *Cf. McLaughlin v. State of Fla.*, 379 U.S. 184, 194 (1964) ("select[ing] a particular race or nationality for oppressive treatment" constitutes "invidious [] discrimination") (citations omitted); *see also Graham v. Richardson*, 403 U.S. 365, 372 (1971) ("[C]lassifications based on alienage, like those based on nationality or race, are inherently suspect[.]"). The claims primarily concern policies applied to a class of individuals and do not hinge on conduct directed solely at the declarants. In fact, the public interest is better served when the use of pseudonyms improves the chances that issues regarding

CV 85-4544-DMG-AGRx

constitutional or statutory rights will be decided on the merits. *Id*. at 1073; *see also Al Otro Lado*, 2017 WL 6541446, at *7 ("[T]he public has an interest in such cases being decided on the merits.") (*citing Advanced Textile*, 214 F.3d at 1073); *A.B.T.*, 2012 WL 2995064, at *6. Indeed, a number of seminal constitutional cases have featured pseudonymous parties. *See, e.g., Plyler v. Doe*, 457 U.S. 202 (1982); *Roe v. Wade*, 410 U.S. 113 (1973).

III. <u>Plaintiffs' sealing request is narrowly tailored.</u>

Plaintiffs seek only a limited sealing order that permits them to file sensitive portions of Exhibit 3-25 under seal. Other relevant information important to Plaintiffs' presentation of the issues will still be maintained in the public record, and the Court's resolution of these matters will be public as well. Accordingly, sealing the names, countries of origins, and, in the case that a language would be identifying, the language of minor children and their parents contained in Exhibits 3-25 is the least restrictive method of ensuring children's privacy while permitting the public access to the maximum amount of information.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal portions of Exhibits 3-25 in support of Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement.

Dated:  June 17, 2025                CENTER FOR HUMAN RIGHTS AND
                                     CONSTITUTIONAL LAW
                                     Carlos Holguín
                                     Bardis Vakili
                                     Sarah Kahn

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe
Diane de Gramont
Rebecca Wolozin

CHILDREN'S RIGHTS
Leecia Welch
Eleanor Roberts

*/s/ Sarah Kahn*
Sarah Kahn
*Attorney for Plaintiffs*