# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Jenny Flores, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Pamela Bondi, Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>**[PROPOSED] ORDER GRANTING MOTION TO ENFORCE FLORES SETTLEMENT AGREEMENT** |

Presently before the Court is Plaintiffs' Motion to Enforce the Flores Settlement Agreement.

The Court, having read and considered the parties' respective memoranda of law in support of and in opposition to Plaintiffs' motion, and having heard argument from counsel, now GRANTS Plaintiffs' motion.

IT IS HEREBY ORDERED AS FOLLOWS:

1. As required by Paragraphs 12.A, 14, and 18 of the Settlement, U.S. Customs and Border Protection ("CBP") shall expeditiously process class members and begin to make and record prompt and continuous efforts on its part toward family reunification and the release of a minor upon taking the minor into custody. Such efforts shall include expeditious processing for individualized bond determination where appropriate pursuant to Paragraph 24A of the Settlement, and shall continue throughout the child's time in CBP custody including after the minor is transferred, if applicable, to another facility operated by Defendants. If prompt and continuous effort toward release and reunification requires transfer to another facility, CBP must effect any such transfer expeditiously.

2. As required by Paragraph 18 of the Settlement to make continuous efforts toward family reunification and release, the Department of Homeland Security ("DHS") shall not "restart the clock" when it transfers a class member from one unlicensed, secure facility to another, regardless of which DHS component agency operates the facility. Expeditious processing begins at apprehension and must continue from apprehension through the child's release from Defendants' custody.

3. As required by Paragraphs 11 and 12.A of the Settlement, DHS shall hold minors in facilities that are safe and sanitary and are consistent with its concern for the particular vulnerability of minors, for the entirety of their

    detention in DHS custody. Because CBP facilities are intended only for short-term use, CBP shall hold minors in its custody only for the amount of time DHS reasonably requires to process the minor for release and/or actively arrange for and complete transport of the minor to a more suitable facility.

4. As required by Paragraph 28A of the Settlement, the CBP and ICE Juvenile Coordinators shall maintain accurate records and statistical information on minors held in DHS custody more than 72 hours. The data provided to Plaintiffs' Counsel under Paragraphs 28A and 29 shall include all children in DHS custody for a cumulative period of more than 72 hours, including minors transferred between DHS component agencies. As required by Paragraphs 28.A, 29, and 32 of the Settlement, DHS shall notify Plaintiffs' Counsel of, or make clear in the monthly data it provides, the location and nature of the facilities where all minors in its custody are held.

5. The Court will appoint an independent monitor to monitor compliance with the FSA in all CBP sectors and this Order, including (1) validating data, (2) monitoring time in custody, and (3) monitoring and providing guidance on CBP's systems for tracking TIC and expeditiously processing minors for release or transfer. The monitor may identify proposed aides unaffiliated with Defendants or Plaintiffs to assist the monitor in all aspects of his or her monitoring work and seek Court approval for the hiring of such aides.

6. The independent monitor will have statistical expertise or appoint an aide with such expertise to verify the monthly data provided by Defendants to Plaintiffs' Counsel under Paragraphs 28.A and 29 of the Settlement.

7. The Parties shall meet and confer and shall submit to the Court a proposed monitor or monitors within 45 days of this order.

IT IS SO ORDERED

DATE: _____

_____

HON. DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE