# EXHIBIT 2

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
Sarah E. Kahn (Cal. Bar No. 341901)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, | No. CV 85-4544-DMG-AGRx |
| Plaintiffs, | DECLARATION OF DIANE DE GRAMONT IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE |
| v. | |
| MERRICK GARLAND, Attorney General of the United States, *et al.*, | JUDGE: Hon. Dolly M. Gee |
| Defendants. | |

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

### DECLARATION OF DIANE DE GRAMONT

I, Diane de Gramont, declare as follows:

1.      I am counsel of record for Plaintiffs in the above-captioned case.

2.      This declaration and the attached exhibits are based on my personal knowledge. If called to testify in this case, I would testify competently about these facts and those included in the exhibits described below.

3.      Under the Court's August 21, 2015 order [Doc. # 189], Defendants Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") are required to provide Plaintiffs' counsel with monthly statistical reports on all class members in their custody collected under Paragraph 28A of the *Flores* Settlement Agreement.

4.      Attached hereto is a true and correct copy of Exhibit A ("CBP Data Analysis"). I authored Exhibit A, which includes an analysis of monthly CBP data provided by Defendants in 2024 and 2025.

DHS Data Discrepancies

5.      As discussed in my prior declaration, Defendants disclosed in December 2024 that the monthly CBP data previously provided to Plaintiffs included an incorrect data parameter that resulted in a significant undercount of class members in CBP custody. *See* Declaration of Diane de Gramont ¶¶ 7-9, 14-17, January 14, 2025 [Doc. # 1538]. For example, the original CBP data report for October 2024 indicated that 1,205 children were in CBP custody for over 72 hours that month, whereas the corrected report for October 2024 indicated that 2,489 children were in CBP custody for over 72 hours that month. *Id.* ¶ 15.

6.      Defendants indicated that they would produce corrected data reports for 2024 and expected the new reports to correct the issue. *Id.* ¶ 9 & Ex. 2.

7.      On January 17, 2025, Defendants provided Plaintiffs with corrected CBP

monthly data for January through September 2024. Defendants had previously provided the corrected data for October and November 2024.

8.     On February 25, 2025, Defendants produced monthly data for January 2025. On March 24, 2025, Defendants produced monthly data for February 2025.

9.     On March 26th and 27th, 2025, Plaintiffs' counsel met with accompanied children detained at the Karnes family detention facility in Karnes City, Texas.

10.     On April 7, 2025, I emailed Defendants' counsel with concerns that—despite Defendants' representation that the CBP data issues had been resolved—the February 2025 monthly data continued to undercount class members detained by CBP for over 72 hours. Based on a review of the February ICE data and Plaintiffs' counsel's interviews at Karnes, Plaintiffs identified six class members who were in CBP custody for well over 72 hours in February 2025 but did not appear in the data report. For example, a 2-year old child entered CBP custody in late January and remained detained by DHS as of March 26, 2025, but did not appear in either the CBP or ICE February data reports. A true and correct copy of this correspondence is attached as Exhibit B, with redactions for references to the last three digits of the children's A#.

11.     On April 16, 2025, Defendants' counsel responded stating that class members were missing from the February 2025 CBP report because CBP's search parameters were set to include only children "who entered custody in that month" and CBP "had erroneously included a search parameter that included only individuals who had been released from custody at the time the report was run." Defendants produced updated monthly data for January and February 2025. This updated data corrected the second issue but remained limited to children who entered custody during the reporting month. A true and correct copy of this correspondence is attached as Exhibit C, with redactions for references to the last three digits of the children's A#.

12.     On April 23, 2025, I emailed Defendants' counsel to express Plaintiffs'

1  concern at CBP's continued erroneous search parameters and stated Plaintiffs'

2  position that Defendants have no legal basis to exclude children from the monthly

3  CBP data report simply because they entered custody the prior month. On April 25,

4  2025, Defendants' counsel responded and stated that CBP would provide

5  additional information in the future to account for children who entered custody

6  the prior month. A true and correct copy of this correspondence is attached as

7  Exhibit D.

8  13.    On April 22, 2025, Defendants produced monthly data for March 2025. I

9  cross-referenced the March 2025 data with records of Plaintiffs' counsel's

10  interviews at the Karnes detention facility and again identified numerous children

11  missing from the March 2025 data reports.

12  14.    On April 29, 2025, I emailed Defendants' counsel and attached a

13  spreadsheet of children that class counsel met at the Karnes family detention

14  facility but who were missing from the CBP and/or ICE monthly data for March

15  2025. I noted that while some of the missing children were likely omitted because

16  of the incorrect CBP data parameter related to children who entered the prior

17  month, this did not explain all the issues. The spreadsheet also identified 20

18  children who were at Karnes for over 72 hours in March 2025 but did not appear

19  on the ICE data report. A true and correct copy of this correspondence is attached

20  as Exhibit E.

21  15.    On May 5, 2025, Defendants' counsel responded by email to state that one

22  class member with a time in custody of 164.2 hours (nearly 7 days) was excluded

23  from the CBP monthly data because CBP's search parameters were "set to include

24  only Deportable Apprehension (USBP) and Inadmissible (OFO) minors" and

25  excluded the class member who was tagged "other." Defendants indicated that this

26  parameter would be eliminated going forward. A true and correct copy of this

27  correspondence is attached as Exhibit F, with the last three digits of the child's A#

28  redacted.

16.    On May 12, 2025, Defendants' counsel emailed with a spreadsheet containing notes from ICE on the class members Plaintiffs identified as missing from the March 2025 monthly ICE data. Defendants indicated that ICE had identified why the class members were missing and had corrected the issue going forward. Defendants did not identify what the issue was or if other class members were affected. A true and correct copy of this correspondence is attached as Exhibit G.

17.    I reviewed the spreadsheet attached to Defendants' May 12, 2025, email. The spreadsheet contained the information Plaintiffs provided regarding the class members missing from the March 2025 data as well as two additional columns labeled "ERO Comments" and "ERO Additional Comments." These columns did not include an explanation for why the class members were missing from the March 2025 data. The "ERO Comments" column did note that, of the twenty children Plaintiffs' previously identified as missing from the data reports, one was at Karnes for 15 days, seven were at Karnes for 19 days, ten were at Karnes for 20 days, and two were at Karnes for over 20 days. The "ERO Additional Comments" column indicated that many of these class members spent significant time in CBP custody before being transferred to Karnes. For example, the 2-year old child discussed my April 7, 2025, email, was encountered by CBP on January 28, 2025, was transferred to Karnes on March 13, 2025, and remained in DHS custody until April 1, 2025. Two other children were detained by CBP on February 12, 2025, were booked into Karnes on March 12, 2025, and remained in DHS custody until April 4, 2025.

18.    On May 12, 2025, I responded to Defendants and asked for an explanation of the reason these class members were omitted from the March 2025 monthly ICE data. Given the multiple search parameters mistakenly excluding class members from the monthly CBP and ICE reports, I requested a complete list of the CBP and ICE search parameters or an alternative mechanism for Plaintiffs to inspect the

DECLARATION OF DIANE DE GRAMONT IN SUPPORT OF PLAINTIFFS' MTE
CV 85-4544-DMG-AGRX

search parameters. A true and correct copy of this correspondence is attached as Exhibit G. I did not receive a response to this request.

19.    On June 12, 2025, the Parties met and conferred regarding Plaintiffs' motion to enforce. Defendants indicated that they were working with the CBP Juvenile Care Monitor, Dr. Paul Wise, regarding the CBP data parameters. I expressed that Plaintiffs continue to have concerns given that the most recent Juvenile Care Monitor report indicated that the data issues were not yet resolved, Dr. Wise's term is ending soon, and Dr. Wise's mandate does not include ICE data.

CBP Data Analysis

20.    As described in Exhibit A, I analyzed children's length of stay in CBP custody based on Defendants' data reports. Although I used Defendants' corrected data when a corrected data set was available, the corrected data sets do not account for all of CBP's erroneous search parameters. In particular, based on Defendants' explanations, it is my understanding that the data reports prior to April 2025 still exclude children who entered custody the prior month. *See* Exhibit C. This analysis therefore likely continues to undercount children's length of stay in CBP custody.

21.    The corrected May 2024 report indicated that 2,240 children were in CBP custody for over 72 hours that month, including 156 children in custody for over 7 days, 9 children in custody for over 14 days, and 4 children in CBP custody for over 20 days.

22.    The corrected June 2024 report indicated that 3,447 children were in CBP custody for over 72 hours that month, including 978 children in custody for over 7 days, 211 children in custody for over 14 days, and 43 children in custody for over 20 days.

23.    The corrected January 2025 report indicated that 1,334 children were in CBP custody for over 72 hours that month, including 494 children in custody for over 7 days, 93 children in custody for over 14 days, and 54 children in custody for over

20 days.

24.     The corrected February 2025 report indicated that 301 children were in CBP custody for over 72 hours that month, including 179 children in custody for over 7 days, 69 children in custody for over 14 days, and 30 children in custody for over 20 days.

25.     The March 2025 report indicated that 157 children were in CBP custody for over 72 hours that month, including 63 children in custody for over 7 days, 16 children in custody for over 14 days, and 4 children in custody for over 20 days.

26.     The April 2025 report indicated that 213 children were in CBP custody for over 72 hours that month, including 88 children in custody for over 7 days, 24 children in custody over 14 days, and 14 children in custody over 20 days.

27.     The information contained in Exhibit A is true and correct to the best of my knowledge and belief.

CBP Nationwide Encounters

28.     CBP posts monthly statistical data regarding individuals encountered by CBP on its website at https://www.cbp.gov/newsroom/stats/nationwide-encounters.

29.     This website allows a user to sort the data by demographic. According to the website, demographics include: Accompanied Minors (AM), Individuals in a Family Unit (FMUA), Single Adults, and Unaccompanied Alien Children (UAC)/Single Minors. It is my understanding that the FMUA category includes parents of accompanied children. I am unaware of any publicly available CBP data that separates out children in family units.

30.     On June 12, 2025, under the header titled "U.S. Border Patrol and Office of Field Operations Encounters by Area of Responsibility and Component," I selected "Nationwide" and filtered the Demographic to include Accompanied Minors, FMUAs, and UACs. I excluded Single Adults. I printed the results to

DECLARATION OF DIANE DE GRAMONT IN SUPPORT OF PLAINTIFFS' MTE
CV 85-4544-DMG-AGRX

PDF. A true and correct copy of this PDF printout is attached as Exhibit H. The results indicated as follows:

      a.  In May 2024, there were 92,063 total encounters of AMs, FMUAs, and UACs.

      b.  In June 2024, there were 75,079 total encounters of AMs, FMUAs, and UACs.

      c.  In January 2025, there were 26,175 total encounters of AMs, FMUAs, and UACs.

      d.  In February 2025, there were 2,931 total encounters of AMs, FMUAs, and UACs.

      e.  In March 2025, there were 2,358 total encounters of AMs, FMUAs, and UACs.

      f.  In April 2025, there were 2,827 total encounters of AMs, FMUAs, and UACs.

I declare under penalty of perjury that the foregoing is true and correct. Executed June 12, 2025, Santa Barbara, California.

Diane de Gramont

Declaration of Diane de Gramont in Support of Plaintiffs' MTE
CV 85-4544-DMG-AGRX

# EXHIBIT A

*Flores* **Monthly Reporting – CBP Data Analysis**

**1.    INTRODUCTION**

This Data Analysis includes a description of the data Defendants provided to Plaintiffs on the lengths of stay of children in U.S. Customs and Border Patrol custody in 2024 and 2025.

**2.    SOURCES OF DATA**

Defendants produced to Plaintiffs' counsel the following data regarding class members in custody:

| Date Produced | Original File Name | Name Used in this Exhibit |
|---|---|---|
| 1/17/2025 | Copy of CBP NON-ToT Children with TIC greater than 72 hours_MAY2024 | May 2024 Corrected CBP Data Report |
| 1/17/2025 | Copy of CBP NON-ToT Children with TIC greater than 72 hours_JUN2024 | June 2024 Corrected CBP Data Report |
| 4/16/2025 | CBP NON-ToT Children with TIC greater than 72 hours_JAN2025 as of 041525 | Jan. 2025 Corrected CBP Data Report |
| 4/16/2025 | CBP Children with TIC greater than 72 hours_FEB2025 as of 41125 | Feb. 2025 Corrected CBP Data Report |
| 4/22/2025 | CBP Children with TIC greater than 72 hours_MAR2025.xlsx | March 2025 Original CBP Data Report |
| 5/27/2025 | CBP Children with TIC greater than 72 hours_APR2025.xlsx | April 2025 Original CBP Data Report |

**3.    CBP DATA REPORTS METHODOLOGY BACKGROUND**

I compiled the following information by analyzing the corrected CBP data reports Defendants provided Plaintiffs for May 2024, June 2024, January 2025, and February 2025, and the original CBP data reports Defendants provided for March and April 2025 in Microsoft Excel. These data reports include only children with a time in custody ("TIC") over 72 hours.

When producing the May 2024 Original CBP Data Report on June 25, 2024, Defendants informed Plaintiffs' counsel that seven highlighted rows (corresponding to seven individual class members) were data errors. The May 2024 Corrected CBP Data Report does not have five of those class members and does not highlight the two class members that do appear, but it is my understanding that the row remains a data error and the class members in question were not held for over 72 hours. For purposes of the below analysis, I deleted the two class members from the May 2024 Corrected Data Report. I am not aware of other data errors in the reports analyzed.

The CBP Data Reports designate class members as "AM, "FMUA," and "UC." I understand these terms to signify accompanied minor, family unit, and unaccompanied child, respectively.

To identify the number of unaccompanied children, I used the Filter tool to limit the inquiry to children listed as "UC" in the "Demographic" column. To identify the number of accompanied children in a family unit, I used the Filter tool to limit the inquiry to children listed as "FMUA" in the "Demographic" column. To identify the number of accompanied children, I used the Filter tool to limit the inquiry to children listed as "AM" in the "Demographic" column.

To identify the ages of class members at the time of CBP encounter, I created a new column titled "Age" (Column F) and used the following formula: =DATEDIF(E8,B8, "y"). E is the "Date of Birth" column and B is the "Encounter Date" column.

### 4.    LENGTH OF STAY

#### a.    Class Members in CBP Custody Over 72 Hours

I calculated the total number of children in custody over 72 hours by selecting all the class member rows and using the Count automatically provided in Microsoft Excel.

|  | May 2024 Corrected CBP Data Report | June 2024 Corrected CBP Data Report | Jan. 2025 Corrected CBP Data Report | Feb. 2025 Corrected CBP Data Report | March 2025 Original CBP Data Report | April 2025 Original CBP Data Report |
|---|---|---|---|---|---|---|
| **FMUA** | 2,056 | 3,371 | 1,320 | 297 | 152 | 188 |
| **UC** | 184 | 76 | 14 | 4 | 3 | 22 |
| **AM** | 0 | 0 | 0 | 0 | 2 | 3 |
| **Total** | **2,240** | **3,447** | **1,334** | **301** | **157** | **213** |

#### b.    Class Members in CBP Custody Over 7 Days

I calculated the number of children in custody for over 7 days (168 hours) by using the Filter tool to limit the inquiry to children with a TIC time greater than 168 hours and then using the automatic Count in Microsoft Excel.

|  | May 2024 Corrected CBP Data Report | June 2024 Corrected CBP Data Report | Jan. 2025 Corrected CBP Data Report | Feb. 2025 Corrected CBP Data Report | March 2025 Original CBP Data Report | April 2025 Original CBP Data Report |
|---|---|---|---|---|---|---|
| **FMUA** | 149 | 968 | 492 | 178 | 63 | 78 |
| **UC** | 7 | 10 | 2 | 1 | 0 | 7 |
| **AM** | 0 | 0 | 0 | 0 | 0 | 3 |
| **Total** | **156** | **978** | **494** | **179** | **63** | **88** |
| Percentage of Total Over 72 Hours | 6.96% | 28.37% | 37.03% | 59.47% | 40.13% | 41.31% |

### c.  **Class Members in CBP Custody Over 14 Days**

I calculated the number of children in custody for over 14 days (336 hours) by using the Filter tool to limit the inquiry to children with a TIC time greater than 336 hours and then using the automatic Count in Microsoft Excel.

| | May 2024 Corrected CBP Data Report | June 2024 Corrected CBP Data Report | Jan. 2025 Corrected CBP Data Report | Feb. 2025 Corrected CBP Data Report | March 2025 Original CBP Data Report | April 2025 Original CBP Data Report |
|---|---|---|---|---|---|---|
| **FMUA** | 7 | 207 | 93 | 68 | 16 | 21 |
| **UC** | 2 | 4 | 0 | 1 | 0 | 3 |
| **AM** | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total** | **9** | **211** | **93** | **69** | **16** | **24** |
| Percentage of Total Over 72 Hours | 0.4% | 6.12% | 6.97% | 22.92% | 10.19% | 11.27% |

### d.  **Class Members in CBP Custody Over 20 Days**

I calculated the number of children in custody for over 20 days (480 hours) by using the Filter tool to limit the inquiry to children with a TIC time greater than 480 hours and then using the automatic Count in Microsoft Excel.

| | May 2024 Corrected CBP Data Report | June 2024 Corrected CBP Data Report | Jan. 2025 Corrected CBP Data Report | Feb. 2025 Corrected CBP Data Report | March 2025 Original CBP Data Report | April 2025 Original CBP Data Report |
|---|---|---|---|---|---|---|
| **FMUA** | 2 | 42 | 54 | 30 | 4 | 11 |
| **UC** | 2 | 1 | 0 | 0 | 0 | 3 |
| **AM** | 0 | 0 | 0 | 0 | 0 | 0 |
| **Total** | **4** | **43** | **54** | **30** | **4** | **14** |
| Percentage of Total Over 72 Hours | 0.18% | 1.25% | 4.05% | 9.97% | 2.55% | 6.57% |

### e.  **Longest Times in Custody**

To identify the 5 children with the longest times in custody in January, February, March, and April 2025, I sorted the data by greatest TIC time and recorded the information in the five top rows. I calculated days by dividing the hours by 24. I rounded down to the nearest day for all the TIC times except 550 hours, which is 22.92 days and I rounded up to 23 days.

3

|  | Jan. 2025 Corrected CBP Data Report | Feb. 2025 Corrected CBP Data Report | March 2025 Original CBP Data Report | April 2025 Original CBP Data Report |
|---|---|---|---|---|
| 1. | **1,109 Hours (42 Days)** 10-year-old A.G., FMUA, SAN DIEGO Field Office | **854 Hours (35 Days)** 4-year-old A.T., FMUA, SDC Sector | **550 Hours (23 Days)** 3-year-old G.T., FMUA, EPT Sector | **578 Hours (24 Days)** 2-year-old E.N.F., UAC, SDC Sector |
| 2. | **1,109 Hours (42 Days)** 15-year-old A.G., FMUA, SAN DIEGO Field Office | **854 Hours (35 Days)** 8-year-old A.T., FMUA, SDC Sector | **550 Hours (23 Days)** 5-year-old M.T., FMUA, EPT Sector | **578 Hours (24 Days)** 4-year-old D.F., UAC, SDC Sector |
| 3. | **966 Hours (40 Days)** 2-year-old M.B., FMUA, SAN DIEGO Field Office | **760 Hours (31 Days)** 6-year-old V.Y., FMUA, SAN DIEGO Field Office | **550 Hours (23 Days)** 7-year-old A.P., FMUA, EPT Sector | **578 Hours (24 Days)** 10-year-old S.D.F., FMUA, SDC Sector |
| 4. | **915 Hours (38 Days)** 2-year-old A.E.S., FMUA, SDC Sector | **760 Hours (31 Days)** 9-year-old L.Y., FMUA, SAN DIEGO Field Office | **550 Hours (23 Days)** 8-year-old N.P., FMUA, EPT Sector | **578 Hours (24 Days)** 12-year-old M.I.F., FMUA, SDC Sector |
| 5. | **874 Hours (36 Days)** 14-year-old M.H., FMUA, SAN DIEGO Field Office | **692 Hours (28 Days)** 11-year-old K.B., FMUA, SAN DIEGO Field Office | **471 Hours* (19 Days)** 11-year-old N.M., FMUA, EPT Sector | **578 Hours (24 Days)** 14-year-old I.E.F., FMUA, SDC Sector |

*Please note two other class members had the same TIC.

4

# EXHIBIT B



Diane de Gramont <ddegramont@youthlaw.org>

---

## Flores CBP Data Discrepancies

**Diane de Gramont** <ddegramont@youthlaw.org>                         Mon, Apr 7, 2025 at 2:32 PM
To: "Gieger, Christopher G. (CIV)" <Christopher.G.Gieger@usdoj.gov>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, Andrea Sheridan Ordin <aordin@strumwooch.com>, "Paul H. Wise" <pwise@stanford.edu>

Hi Christopher,

Plaintiffs have reviewed the February 2025 data reports and it appears that the February 2025 CBP monthly data does not accurately reflect all class members held in CBP custody for over 72 hours in February. I have copied Ms. Ordin and Dr. Wise given that they previously raised similar data issues within the context of the CBP Settlement.

Last December, Defendants represented that going forward the monthly CBP data report (CBP NON-ToT Children with TIC greater than 72 hours) would include all children in CBP custody for over 72 hours during the reporting month, regardless of whether the child was later transferred to ICE or ORR custody. This change was made to fix a severe undercount in the number of class members reported in the monthly CBP data reports.

The February ICE data indicates that 12-year old class member J.S.A.R. (A#⬛⬛⬛⬛⬛⬛⬛⬛) was detained at the CBP San Ysidro PO from 1/26/25 to 2/13/25 before being transferred to ICE custody. Despite this extended stay in CBP custody in February, J.S.A.R. does not appear on the February CBP data report.

Even more concerning, some class members in DHS custody for over 72 hours in February appear on neither the ICE nor the CBP report. For example, 2-year old class member M.B. (A#⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛) appears on the January CBP report as entering CBP custody on 1/29/25. Plaintiffs counsel met with M.B. at Karnes on 3/26/25 and her parents reported that they detained continuously since 1/29/25. Despite being in DHS custody for the entire month of February, M.B. does not appear on the ICE or CBP data reports for February.

Based on interviews with class members at Karnes on March 26 and 27, we also have reason to believe that other class members were in DHS custody for well over 72 hours in February, including class members M.A.J. (A#⬛⬛⬛⬛⬛⬛⬛⬛), B.J. (A#⬛⬛⬛⬛⬛⬛⬛⬛), B.B.J. (A#⬛⬛⬛⬛⬛⬛⬛⬛), and H.J. (A#⬛⬛⬛⬛⬛⬛⬛⬛). These children do not appear on the ICE or CBP data reports for February.

We are concerned that the data issues that led to an underreporting of class members in CBP custody have not been fully resolved. As with the missing children in the HHS data, we were able to identify some of these missing children only because we happened to conduct a site visit to a facility where these children were held. We have no way of knowing whether additional class members are similarly missing from CBP's data.

Can you please verify why the above class members were not included in the February CBP data report and inform us why this error occurred and how CBP will avoid these errors going forward?

We look forward to hearing back from you on this and the outstanding HHS data issues. Please provide a response by Monday, April 14. If we cannot be confident that the data reports are accurate and complete, we may have to seek additional monitoring from the Court.

Best,
Diane

On Mon, Mar 24, 2025 at 2:17 PM Gieger, Christopher G. (CIV) <Christopher.G.Gieger@usdoj.gov> wrote:

> Hi Diane,
>
> Attached please find the February *Flores* monthly reporting. I've reattached the HHS report for convenience. And I will be getting back to you about your outstanding concerns.
>
> Best,
>
> Christopher
>
> **Christopher G. Gieger**
>
> *Trial Attorney*
>
> U.S. Department of Justice, Civil Division
>
> Office of Immigration Litigation
>
> P.O. Box 878, Ben Franklin Station
>
> Washington, DC 20044
>
> (202) 742-7114

--



**Diane de Gramont** (Pronouns: she/her)
**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org

# EXHIBIT C



Diane de Gramont <ddegramont@youthlaw.org>

---

## Flores CBP Data Discrepancies

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov>                                    Wed, Apr 16, 2025 at 1:59 PM
To: Diane de Gramont <ddegramont@youthlaw.org>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, Andrea Sheridan Ordin <aordin@strumwooch.com>, "Paul H. Wise" <pwise@stanford.edu>

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Hi Diane,

Thank you again for your patience. I have the following information in response to your inquiry.

The CBP data report for a given month reflects individuals who entered custody in that month. CBP STATS generally runs the report around the 10th of the following month, and had erroneously included a search parameter that included only individuals who had been released from custody at the time the report was run. This means that some individuals who entered Border Patrol custody late in the reporting month, and had not been released by the report date, were excluded. CBP STATS has now eliminated that parameter, which should eliminate that issue going forward.

CBP re-ran the Janua___nd February reports. They___e attached. Password to follow. The February report now reflects M.A.J. (A# ending in ███ ), B.J. (A# ending in ███ ), B.B.J. (A# ending in ███ ), and H.J. (A# ending in ███ ), all of whom entered CBP custody in February but were still in custody when the February report was run on or around March 10.

For JSAR, he would not appear in the February report because he entered custody in January. JSAR appeared on the original January report with his correct apprehension and book-out dates. He also appears on the updated January report attached.

For MB, he properly appeared on the January CBP report because he entered CBP custody in January. He did not have a book-out date when the original January report was run, but he was not excluded because individuals in OFO custody were not affected by the erroneously included search parameter. He did not appear on the February CBP report because his intake date was in January.

Now that CBP STATS has corrected the search parameters, each child who enters CBP custody in a certain month and remains in custody at least 72 hours will appear on that month's report with the intake date, the book-out date (if they have been booked-out by the date the report was run), and the TIC as of the book-out date or as of the time the report was run. The child would not appear on the second month's report because the reports are run based on the intake date. That means that Plaintiffs' counsel may not see on the CBP report the ultimate release date for a child who remains in custody past the date (usually around the 10th) when the report for the previous month is run. CBP STATS could run the report later in the month, which would allow CBP to report more book-out dates and provide a final total time in custody for more minors. But that approach would delay receipt of the monthly reports. This is a difficulty with running backward-looking reports on a monthly basis.

Please let me know if you would like to discuss. Unfortunately, I am not available during the HHS data call scheduled later this week, but I will be available next week.

Best regards,

Joshua

**Joshua C. McCroskey**

Trial Attorney

United States Department of Justice

Office of Immigration Litigation

General Litigation & Appeals Section

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

(202) 305-1540

**From:** Diane de Gramont <ddegramont@youthlaw.org>
**Sent:** Monday, April 14, 2025 8:59 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguin <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Vick, Lindsay (CIV) <Lindsay.Vick@usdoj.gov>; Gieger, Christopher G. (CIV) <Christopher.G.Gieger@usdoj.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise <pwise@stanford.edu>
**Subject:** Re: [EXTERNAL] Flores CBP Data Discrepancies


Hi Joshua,


Thank you for the update, we look forward to the written response.


Best,

Diane


[Quoted text hidden]
[Quoted text hidden]

---

**2 attachments**


**CBP NON-ToT Children with TIC greater than 72 hours_JAN2025 as of 041525.xlsx**
246K


**CBP Children with TIC greater than 72 hours_FEB2025 as of 41125.xlsx**
142K

# EXHIBIT D


**National Center
for Youth Law**

Diane de Gramont <ddegramont@youthlaw.org>

---

**Flores CBP Data Discrepancies**

---

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov>                                          Fri, Apr 25, 2025 at 12:20 PM
To: Diane de Gramont <ddegramont@youthlaw.org>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Sarah Kahn
<sarah@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>, "Parascandola, Christina
(CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Vick, Lindsay (CIV)"
<Lindsay.Vick@usdoj.gov>, Andrea Sheridan Ordin <aordin@strumwooch.com>, "Paul H. Wise" <pwise@stanford.edu>, "Dr. Nancy E. Wang" <ewen@stanford.edu>, Eleanor
Roberts <ERoberts@childrensrights.org>

Hi Diane,

CBP STATS has explained that if they run the report to just include everyone in custody for over 72 hours, they have no way to date limit the report to a particular month.
The only ways to date limit the report are to limit by apprehension date or by book out date.

To address your concerns about receiving release dates and total lengths of stay, CBP STATS will do the following. First, STATS will pull the data later in the month. The
front page of the report will then include everyone who entered custody in the prior month (i.e., March) and who has been booked out prior to the date the report was pulled
(i.e. April 21). CBP STATS will then add a second tab to the report that will list everyone who entered custody the prior month but who has not been booked out on the date
the report is pulled (for the March report this second page would have been blank because everyone was booked out by the report date, and we generally expect it to be a low
number of individuals). When the following month's report is pulled (i.e. on May 21 when they pull the April data), CBP STATS will also update the data for any individuals
on that second tab from the prior month to include book out dates. And CBP STATS will include a tab for any individuals who entered in April and remain in custody in May.
Thus, the first page of the report will remain as it has been in the past, but CBP STATS will add additional tabs to track and update data for any individuals who are still in
custody as of the report dates.

Best regards,

Joshua

**Joshua C. McCroskey**

(202) 305-1540

---

**From:** Diane de Gramont <ddegramont@youthlaw.org>
**Sent:** Wednesday, April 23, 2025 3:02 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguin <crholguin@centerforhumanrights.org>; Sarah Kahn
<sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>;
Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV)
<Michael.A.Celone@usdoj.gov>; Vick, Lindsay (CIV) <Lindsay.Vick@usdoj.gov>; Andrea Sheridan Ordin <aordin@strumwooch.com>; Paul H. Wise
<pwise@stanford.edu>; Dr. Nancy E. Wang <ewen@stanford.edu>; Eleanor Roberts <ERoberts@childrensrights.org>
**Subject:** Re: [Not Virus Scanned] [Not Virus Scanned] RE: [EXTERNAL] Flores CBP Data Discrepancies

Dear Joshua,

Thanks again for this response. We are very concerned to learn of CBP's continued restrictive search parameters, especially after CBP represented to Plaintiffs and the Court
that going forward CBP monthly reports would include "all minors, including both accompanied and unaccompanied children, who remained in CBP custody for more than 72
hours, regardless of their transfer location, for all USBP Sectors and OFO Field Offices nationwide." Doc. # 1543 at 5 & Doc. # 1543-1 ¶ 9.

In particular, there is no legal basis for CBP to exclude children from monthly reports simply because they entered custody during the prior month. Paragraph 28A of the
Settlement requires that Defendants report, among other things, the date a child is "removed or released." Consistent with this requirement, the HHS and ICE data reports
include children in custody during the reporting month regardless of their month of intake. CBP's current practice fails to include the date some children are removed or released,
severely understates some children's length of stay, and prevents Plaintiffs' counsel from identifying children who remain in CBP custody for the longest periods of time. Please
confirm that CBP will correct its search parameters to include all children who remain in CBP custody for more than 72 hours during the reporting month, regardless of the date of
intake.

We have discussed these issues and our continued concerns with the Monitoring team and they will follow up separately.

Best,

Diane

On Wed, Apr 16, 2025 at 1:59 PM McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov> wrote:

# EXHIBIT E



National Center for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

---

**Class members missing from CBP and ICE data reports**

Diane de Gramont <ddegramont@youthlaw.org>                                                    Tue, Apr 29, 2025 at 8:35 AM
To: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, "Gieger, Christopher G. (CIV)" <Christopher.G.Gieger@usdoj.gov>, Eleanor Roberts <ERoberts@childrensrights.org>

Joshua,

We've reviewed the March CBP and ICE data reports and we noticed that numerous children who met with class counsel at Karnes on 3/26/25 and 3/27/25 do not appear on the reports, despite spending well over 72 hours in both CBP and ICE custody.

Most of the children missing from the CBP data report appear to be missing because of the previously-discussed issue relating to entry dates the prior month. But Plaintiffs have reason to believe that at least two class members (CCBC and LG) spent over 72 hours in CBP custody on the northern border and do not appear in any report.

The ICE data is missing at least 20 children who were at Karnes for over 72 hours in March, including class members who appear in the CBP data with Karnes as the book out location. This also includes MB, MAJ, BJ, BBJ, and HJ discussed in my email about CBP data discrepancies.

I have attached a spreadsheet with the class members missing from the March reports, along with notes as to the information we have on these class members. I will send a password separately. Please provide an explanation for these missing class members by Monday, May 5, 2025.

In addition, could CBP please provide a key to the codes used in the report, in particular the disposition codes (e.g. ERCFBC, EREBC) and less common sector codes (e.g. NLL?)

Best,
Diane

--



National Center for Youth Law

**Diane de Gramont** (Pronouns: she/her)
**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org



This email (and any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments) is strictly prohibited. If you receive this email in error please immediately notify me at (510) 920-3508 and permanently delete the original email and any physical or electronic copy.

---


**Flores class members missing from March 2025 reports.xlsx**
25K

# EXHIBIT F



Diane de Gramont <ddegramont@youthlaw.org>

## Class members missing from CBP and ICE data reports

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov>                                                                    Mon, May 5, 2025 at 2:26 PM
To: Diane de Gramont <ddegramont@youthlaw.org>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, Leecia Welch
<lwelch@childrensrights.org>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)"
<William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>, Eleanor Roberts <ERoberts@childrensrights.org>

Hi Diane,

Thank you for your email and the spreadsheet. Regarding your questions as to CBP: CCBC does not appear on the report because he spent just under 72 hours in CBP custody.  CBP has provided the
following information about LG:

| Alien File Number | Calendar Date (mm/dd/yyyy) | NAME | DOB | TIC |
|---|---|---|---|---|
| xxxxx█ | 03/19/2025 | L.G. | XX/XX/2023 | 164.20 |

LG was excluded because the report contained a parameter that was set to include only Deportable Apprehension (USBP) and Inadmissible (OFO) minors. When OFO encountered this minor, he had an NTA
and a pending immigration court date and was seeking to enter Canada but was turned around and returned to the U.S. For aliens in this situation, OFO does not flag them as a new encounter but rather uses
an "other" tag and places them back into the status they were already in (here an NTA with a pending immigration court date). The "other" flag does not show as "positive" in the "Inadmissible" category,
which is why he was excluded. To avoid this situation in the future, CBP STATS will eliminate the use of the parameter for Deportable Apprehension (USBP) and Inadmissible (OFO) minors.

Regarding your request for a key to the codes used in the CBP reports, will you please identify which disposition codes and which sector codes you have questions about? Are you uncertain about any codes
other than ERCFBC, EREBC, and NLL?

Finally, the revised data pull procedures (discussed in my email of April 25, 2025) may result in class counsel receiving the CBP data a couple days later than you have been in the last several months. But I
do not expect any substantial changes in the typical reporting schedule.

I expect to have more information regarding your inquiry as to the ICE report within the next couple days.

Best,

Joshua

**Joshua C. McCroskey**

(202) 305-1540

**From:** Diane de Gramont <ddegramont@youthlaw.org>
**Sent:** Tuesday, April 29, 2025 11:35 AM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguin <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.
org>; Leecia Welch <lwelch@childrensrights.org>; Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.
gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Vick, Lindsay (CIV) <Lindsay.Vick@usdoj.gov>; Gieger, Christopher G.
(CIV) <Christopher.G.Gieger@usdoj.gov>; Eleanor Roberts <ERoberts@childrensrights.org>
**Subject:** [Not Virus Scanned] [EXTERNAL] [Not Virus Scanned] Class members missing from CBP and ICE data reports

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop
antivirus software.

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop
antivirus software.

Joshua,

We've reviewed the March CBP and ICE data reports and we noticed that numerous children who met with class counsel at Karnes on 3/26/25 and 3/27/25 do not appear on the reports, despite spending well
over 72 hours in both CBP and ICE custody.

Most of the children missing from the CBP data report appear to be missing because of the previously-discussed issue relating to entry dates the prior month. But Plaintiffs have reason to believe that at least two
class members (CCBC and LG) spent over 72 hours in CBP custody on the northern border and do not appear in any report.

The ICE data is missing at least 20 children who were at Karnes for over 72 hours in March, including class members who appear in the CBP data with Karnes as the book out location. This also includes MB,
MAJ, BJ, BBJ, and HJ discussed in my email about CBP data discrepancies.

I have attached a spreadsheet with the class members missing from the March reports, along with notes as to the information we have on these class members. I will send a password separately. Please provide
an explanation for these missing class members by Monday, May 5, 2025.

In addition, could CBP please provide a key to the codes used in the report, in particular the disposition codes (e.g. ERCFBC, EREBC) and less common sector codes (e.g. NLL)?

Best,

Diane

--

Diane de Gramont (Pronouns: she/her)

**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org

[Quoted text hidden]

# EXHIBIT G



National Center
for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

---

**Class members missing from CBP and ICE data reports**

Diane de Gramont <ddegramont@youthlaw.org>                                    Mon, May 12, 2025 at 2:48 PM
To: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Sarah Kahn
<sarah@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, "Masetta Alvarez, Katelyn (CIV)" <Katelyn.Masetta.Alvarez@usdoj.gov>, "Parascandola, Christina
(CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Vick, Lindsay (CIV)"
<Lindsay.Vick@usdoj.gov>, Eleanor Roberts <ERoberts@childrensrights.org>

Hi Joshua,

Thank you for the spreadsheet. I do not see an explanation in the attached spreadsheet for the reason these individuals were omitted from the March data report, although I see
many references to 20 days. Was ICE not reporting children in family detention for 20 days or less?

Thanks also for the CBP data information. We are disturbed that every time we identify children missing from the data reports, CBP and ICE discover another search parameter
than was mistakenly excluding class members detained over 72 hours. Plaintiffs therefore request a mechanism to inspect CBP and ICE's search parameters. Please either
provide a complete list of the search parameters or an alternative way to inspect them.

Regarding the CBP codes, the ones we are uncertain about are: ERCFBC, EREBC, WD in lieu of NTA, WD in lieu of ER, and NLL.

Best,
Diane

On Mon, May 12, 2025 at 12:19 PM McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov> wrote:

Diane,

Thank you for your patience on the ICE questions. ICE provided the attached information about the individuals you asked about. ICE has identified why those individuals
did not appear on the March spreadsheet and has corrected the issue going forward.

Best regards,

Joshua

**Joshua C. McCroskey**

(202) 305-1540

---

**From:** Diane de Gramont <ddegramont@youthlaw.org>
**Sent:** Tuesday, April 29, 2025 11:35 AM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguin <crholguin@centerforhumanrights.org>; Sarah Kahn
<sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>;
Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV)
<Michael.A.Celone@usdoj.gov>; Vick, Lindsay (CIV) <Lindsay.Vick@usdoj.gov>; Gieger, Christopher G. (CIV) <Christopher.G.Gieger@usdoj.gov>;
Eleanor Roberts <ERoberts@childrensrights.org>
**Subject:** [Not Virus Scanned] [EXTERNAL] [Not Virus Scanned] Class members missing from CBP and ICE data reports

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is
virus scanned by your desktop antivirus software.

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is
virus scanned by your desktop antivirus software.

Joshua,

We've reviewed the March CBP and ICE data reports and we noticed that numerous children who met with class counsel at Karnes on 3/26/25 and 3/27/25 do not appear on
the reports, despite spending well over 72 hours in both CBP and ICE custody.

Most of the children missing from the CBP data report appear to be missing because of the previously-discussed issue relating to entry dates the prior month. But Plaintiffs
have reason to believe that at least two class members (CCBC and LG) spent over 72 hours in CBP custody on the northern border and do not appear in any report.

The ICE data is missing at least 20 children who were at Karnes for over 72 hours in March, including class members who appear in the CBP data with Karnes as the book out
location. This also includes MB, MAJ, BJ, BBJ, and HJ discussed in my email about CBP data discrepancies.

I have attached a spreadsheet with the class members missing from the March reports, along with notes as to the information we have on these class members. I will send a
password separately. Please provide an explanation for these missing class members by Monday, May 5, 2025.

In addition, could CBP please provide a key to the codes used in the report, including both common codes (e.g. ERCFBC, EREBC) and less common sector codes (e.g. NLL)?


Best,

Diane


--



**Diane de Gramont** (Pronouns: she/her)

**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org


This email (and any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments) is strictly prohibited. If you receive this email in error please immediately notify me at (510) 920-3508 and permanently delete the original email and any physical or electronic copy.


--



**Diane de Gramont** (Pronouns: she/her)
**Attorney, Immigration & Legal Advocacy**
1212 Broadway, Suite 600
Oakland, CA 94612
(510) 920-3508
youthlaw.org

f 🐦 📷 in ▶️

This email (and any attachments) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments) is strictly prohibited. If you receive this email in error please immediately notify me at (510) 920-3508 and permanently delete the original email and any physical or electronic copy.

# EXHIBIT H

 U.S. Customs and Border Protection

# Nationwide Encounters

Encounter data includes U.S. Border Patrol (USBP) Title 8 Apprehensions, Office of Field Operations (OFO) Title 8 Inadmissibles, and Title 42 Expulsions. Data is available for the Northern Land Border, Southwest Land Border, and Nationwide (i.e., air, land, and sea modes of transportation) encounters.

Title 8 Enforcement Actions refers to apprehensions or inadmissibles processed under CBP's immigration authority. Inadmissibles refers to individuals encountered at ports of entry (POEs) by OFO who are seeking lawful admission into the United States (U.S.) but are determined to be inadmissible, individuals presenting themselves to seek humanitarian protection under our laws, and individuals who withdraw an application for admission and return to their countries of origin within a short timeframe. Apprehensions refers to the physical control or temporary detainment of a person by USBP between POEs who is not lawfully in the U.S. which may or may not result in an arrest.

Title 42 Expulsions refers to individuals encountered by USBP and OFO and expelled to the country of last transit or home country in the interest of public health under Title 42 U.S.C. 265 from March 21, 2020 to May 11, 2023.

Demographics for USBP and OFO include:

- Accompanied Minors (AM)

- Individuals in a Family Unit (FMUA)

- Single Adults

- Unaccompanied Alien Children (UAC) / Single Minors

To access the data used to build these dashboards, please visit the CBP Data Portal.

Data is extracted from live CBP systems and data sources. Statistical information is subject to change due to corrections, systems changes, change in data definition, additional information, or encounters pending final review. Final statistics are available at the conclusion of each fiscal year.

# U.S. Border Patrol At Large and U.S. Border Patrol At Entry Apprehensions

## Monthly Totals                                                                    +

| Monthly Totals | Oct-23 | Nov-23 | Dec-23 | Jan-24 | Feb-24 | Mar-24 | Apr-24 | May-24 |
|---|---|---|---|---|---|---|---|---|
| **Nationwide Total Apprehensions** | 190,454 | 192,357 | 251,178 | 125,440 | 142,104 | 139,124 | 131,078 | 121,646 |
| *At Large* | 2,977 | 2,668 | 4,676 | 2,057 | 2,670 | 2,700 | 2,813 | 2,429 |
| *At Entry* | 187,477 | 189,689 | 246,502 | 123,383 | 139,434 | 136,424 | 128,265 | 119,217 |
| **Southwest Border Total Apprehensions** | 188,749 | 191,106 | 249,740 | 124,215 | 140,641 | 137,473 | 128,895 | 117,905 |
| *At Large* | 2,687 | 2,439 | 4,465 | 1,869 | 2,405 | 2,429 | 2,534 | 2,039 |
| *At Entry* | 186,062 | 188,667 | 245,275 | 122,346 | 138,236 | 135,044 | 126,361 | 115,866 |

| Monthly Totals | Oct-23 | Nov-23 | Dec-23 | Jan-24 | Feb-24 | Mar-24 | Apr-24 | May-24 |
|---|---|---|---|---|---|---|---|---|
| **Northern Border Total Apprehensions** | 1,522 | 1,148 | 1,178 | 926 | 1,267 | 1,480 | 1,940 | 3,399 |
| *At Large* | 240 | 189 | 143 | 121 | 182 | 165 | 166 | 221 |
| *At Entry* | 1,282 | 959 | 1,035 | 805 | 1,085 | 1,315 | 1,774 | 3,178 |

At Entry: Refers to an alien who has entered the United States without admission and has not yet reached his/her destination, regardless of the amount of time since entry.

At Large: Refers to an alien who has illegally entered the United States, has already reached their destination, and is encountered or who was legally admitted

# U.S. Border Patrol and Office of Field Operations Encounters by Area of Responsibility and Component

*Note: Internet Explorer has problems displaying the following charts. Please use another browser (Chrome, Safari, Firefox, Edge) to view. When using a mobile device, the charts are best displayed in landscape mode.*



**U.S. Customs and Border Protection (CBP) Encounters**
Nationwide, Southwest Land Border,
and Northern Land Border Encounters by Fiscal Year (FY)



| Choose Region | Fiscal Year | Component | Area of Responsibility |
|---|---|---|---|
| Nationwide ▾ | (All) ▾ | (All) ▾ | (All) ▾ |

| Demographic | Citizenship | Title of Authority | |
|---|---|---|---|
| (Multiple values) ▾ | (All) ▾ | (All) ▾ | **Reset Filters** |

- ☐ (All)
- ☑ Accompanied Minors
- ☑ FMUA
- ☐ Single Adults
- ☑ UAC

Cancel   Apply

| | 2022 | | 2023 | | 2024 | | 2025 (FYTD) |

### FY Nationwide Encounters by Month

| | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 (FYTD) | 49,453 | 43,457 | 46,078 | 26,175 | 2,931 | 2,358 | 2,827 | | | | | | 173,279 |
| 2024 | 134,775 | 133,640 | 155,699 | 85,638 | 93,434 | 89,865 | 87,682 | 92,063 | 75,079 | 60,103 | 55,984 | 48,690 | 1,112,652 |
| 2023 | 82,550 | 87,857 | 102,133 | 60,061 | 58,031 | 74,626 | 85,208 | 88,042 | 80,579 | 113,086 | 151,596 | 155,652 | 1,139,421 |
| 2022 | 56,471 | 60,243 | 65,223 | 42,087 | 40,026 | 53,943 | 69,123 | 79,820 | 76,602 | 75,243 | 76,978 | 77,129 | 772,888 |

### FY Comparison by Demographic



# U.S. Border Patrol and Office of Field Operations Encounters by State

*Note: Nationwide encounters are the sum of CBP encounters across all areas of responsibility including Northern Land Border, Southwest Land Border, OFO non-land border ports of entry (e.g., airports, seaports), and USBP sectors that do not share a land border with Canada or Mexico (e.g., Miami Sector). This data is available for further review and download on the Nationwide Encounters Public Data Portal page.*



## U.S. Customs and Border Protection (CBP) Encounters by State
### Nationwide, Southwest Land Border,
and Northern Land Border Encounters by Fiscal Year (FY)

| Choose Region | Fiscal Year | State | Title of Authority |
|---|---|---|---|
| Nationwide ▼ | (All) ▼ | (All) ▼ | (All) ▼ |

| Demographic | Citizenship | |
|---|---|---|
| (Multiple values) ▼ | (All) ▼ | **Reset Filters** |

☐ (All)
☑ Accompanied Minors
☑ FMUA
☐ Single Adults
☑ UAC
Cancel    Apply

■ 2022    ■ 2023    ■ 2024    ■ 2025 (FYTD)

### FY Nationwide Encounters by Month



| | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 (FYTD) | 49,453 | 43,457 | 46,078 | 26,175 | 2,931 | 2,358 | 2,827 | | | | | | 173,279 |
| 2024 | 134,775 | 133,640 | 155,699 | 85,638 | 93,434 | 89,865 | 87,682 | 92,063 | 75,079 | 60,103 | 55,984 | 48,690 | 1,112,652 |
| 2023 | 82,550 | 87,857 | 102,133 | 60,061 | 58,031 | 74,626 | 85,208 | 88,042 | 80,579 | 113,086 | 151,596 | 155,652 | 1,139,421 |
| 2022 | 56,471 | 60,243 | 65,223 | 42,087 | 40,926 | 53,943 | 69,123 | 79,820 | 76,602 | 75,243 | 76,978 | 77,129 | 772,888 |

### FY Comparison by Demographic



# U.S. Border Patrol and Office of Field Operations Encounters



**U.S. Customs and Border Protection (CBP) Encounters**
Nationwide Encounters for Fiscal Year (FY) 2025 to Date

| Choose Region | Demographic | Citizenship | |
|---|---|---|---|
| Nationwide ▼ | (Multiple values) ▼ | (All) ▼ | **Reset Filters** |

| | OFO | USBP | All CBP |
|---|---|---|---|
| **MAR FY2025** | 1,235 | 1,123 | 2,358 |
| **APR FY2025** | 1,440 | 1,387 | 2,827 |
| **Percent Change** | ▲16.6% | ▲23.5% | ▲19.9% |

### FYTD Nationwide Demographic by Month

| | Office of Field Operations | | | | U.S. Border Patrol | | | FYTD Total |
|---|---|---|---|---|---|---|---|---|
| | FMUA | Accompanied Minors | UAC | Total | FMUA | UAC | Total | |
| OCT | 27,096 | 245 | 744 | 28,085 | 15,470 | 5,898 | 21,368 | 49,453 |
| NOV | 24,382 | 162 | 710 | 25,254 | 12,427 | 5,776 | 18,203 | 43,457 |
| DEC | 24,621 | 220 | 731 | 25,572 | 14,375 | 6,131 | 20,506 | 46,078 |
| JAN | 15,570 | 168 | 502 | 16,240 | 7,176 | 2,759 | 9,935 | 26,175 |
| FEB | 1,185 | 73 | 91 | 1,349 | 837 | 745 | 1,582 | 2,931 |
| MAR | 1,063 | 115 | 57 | 1,235 | 477 | 646 | 1,123 | 2,358 |
| APR | 1,255 | 118 | 67 | 1,440 | 585 | 802 | 1,387 | 2,827 |
| **Total** | 95,172 | 1,101 | 2,902 | 99,175 | 51,347 | 22,757 | 74,104 | 173,279 |

**Source:** USBP and OFO official year end reporting for FY24; USBP and OFO month end reporting for FY25 to date. Data is current as of 5/5/2025.

To ensure that law enforcement sensitive statistics are not publicly released, modifications to data filters have been made that may alter the format of data previously obtained from this dashboard.

For additional years of Southwest Land Border encounter data, visit the Southwest Land Border Encounters webpage.

**Last Modified: May 12, 2025**