BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW ENSIGN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel for Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
KATELYN MASETTA-ALVAREZ
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
JESSICA R. LESNAU
JOSHUA C. MCCROSKEY (FL Bar # 1033212)
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-1540
joshua.c.mccroskey@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAMELA BONDI, Attorney General of the United States, *et al.*, <br><br> Defendants. | No. CV 85-4544-DMG-AGR <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS 3-25 SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE** <br><br> No Hearing Date Set <br><br> Honorable Dolly M. Gee <br> Chief United States District Judge |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs ask the Court to seal the names, countries of origin, and languages spoken of children and their parents in the declarations attached to Plaintiffs' recent motion to enforce the *Flores* Settlement Agreement (ECF No. 1575). *See* Application for Leave to File Under Seal Portions of Exhibits 3-25 Submitted in Support of Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement ("Application") at 1, ECF No. 1573. Plaintiffs seek permission to redact the public versions of the declarations and to seal the unredacted versions of the declarations. *Id.* Rule 5.2 of the Federal Rules of Civil Procedure requires Plaintiffs to protect the names of individuals known to be minors. Fed. R. Civ. P. 5.2(a). But no other rule or court order authorizes Plaintiffs to redact the names of adults, countries of origin, or languages spoken. In seeking to establish a "compelling reason" for filing under seal, Plaintiffs impermissibly rely on "hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97. (9th Cir. 2016). Therefore, the Court should deny the Application.

## II. LEGAL STANDARD

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Ctr. for Auto Safety*, 809 F.3d at 1096 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Where, as here, a party asks the court to seal a document attached to a motion that is more than tangentially related to the merits of the case, the party must establish a "compelling reason" to seal the document. *Id.* at 1096–97, 1101. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (citation modified). Once the court finds a compelling reason and makes specific factual findings, the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (citation modified).

## III. ARGUMENT

### A. Plaintiffs fail to show a compelling reason for denying the public access.

Plaintiffs allege that, if they are unable to seal the requested names, countries, and languages spoken in the declarations, then the declarants or their family members may be identifiable and could potentially face retaliation: (1) in detention; (2) in the community; or (3) in their home countries. Application at 3. Each of these concerns is too speculative for the Court to rely upon.

*First*, Defendants deny that the declarants have faced or will face harmful conduct from government officials while in immigration custody. Moreover, Plaintiffs' argument does not work on its own terms. As Plaintiffs acknowledge, the government already knows the identities of the individuals in the declarations. Application at 6. Plaintiffs do not explain how sealing the requested information would protect them from harm while in detention.

*Second*, Plaintiffs provide no evidence showing that it would be likely that these declarants have been or will be released into communities in the United States and would face retaliation for submitting declarations in this case. Plaintiffs cite one news article about an advocacy organization in a city that has recently experienced an unusually turbulent situation. Application at 4 n.2. Plaintiffs cite nothing that links submitting a declaration in a lawsuit to retaliation from community members.

*Third*, Plaintiffs do not establish how disclosing the names (of adults), countries of origin, and languages spoken of the declarants would plausibly lead to harm in their home countries if removed there. Plaintiffs assert that the declarants may be in danger "if they are deported to a country where they may be targeted or persecuted if their identities, the fact of their return, or their status as a family who fled the country are known." Application at 3. Plaintiffs do not otherwise discuss this alleged fear in the Application. Plaintiffs provide no evidentiary support showing that these declarants face such harm. Plaintiffs ask the Court to assume danger without any individualized proof.

*Fourth*, Plaintiffs point the Court to privacy protections for asylum applicants in 8 C.F.R. § 208.6 and § 1208.6. Application at 4. Both regulations govern when the government may disclose information about information in asylum applications, but the regulations say nothing about what applicants may disclose about themselves. In addition, declarations about CBP conditions have nothing to do with the sorts of sensitivities protected by § 208.6 and § 1208.6. Those regulations simply do not apply in this situation.

### B. Plaintiffs' request is overbroad.

Even if the Court agrees with Plaintiffs that the declarants' identities need to be protected, the request to seal countries of origin and languages spoken is overbroad. Plaintiffs do not explain or support with evidence their assertion that "countries" and "primary language" could be "used in combination with other publicly filed aspects of their declarations to identify identities." Application at 3. Plaintiffs do not explain what other aspects of the declarations would be insufficient on their own to identify the declarants but would somehow become sufficient to identify the declarants if combined with country or language. Plaintiffs cite a district court decision in which the court found that the city and state of asylum seekers could be redacted. *See Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *5 (S.D. Cal. Nov. 21, 2019). In addition to being nonbinding on this Court, that decision is distinguishable because country of origin and language spoken are far less specific than the city and state of origin. And Plaintiffs do not explain how they decided which languages "are sufficiently rarely spoken as to be potentially identifying" and which are not. Application at 5.

Plaintiffs' sealing request is not narrowly tailored for another reason. Plaintiffs assert that "most" of the declarants are seeking asylum. Application at 3. But Plaintiffs ask to seal information as to all the declarants. Plaintiffs make no attempt to justify individually sealing information for each declarant who supposedly faces danger. Instead, Plaintiffs lump together all declarants, despite acknowledging that the declarants are not all in the same position.

      **C.    Plaintiffs' request would harm the public's right of access and could prejudice Defendants.**

Defendants and the public may be prejudiced by filing all the requested information under seal. The public would have less information with which to assess the arguments and circumstances of the case and the Court's decision. Moreover, Defendants may need to refer to a declarant's country of origin or language to discuss the declarant's time in immigration custody or to dispute the evidentiary value of a translated declaration. Having to prepare and file under seal portions of Defendants' opposition to Plaintiffs' motion to enforce would be burdensome for Defendants and the Court and would deprive the public of a full understanding of the parties' arguments.

## IV.    CONCLUSION

Plaintiffs have not met their burden to justify filing the requested information under seal. Therefore, the Court should uphold the public's right of access and deny the Application (except as to the names of minors, which are protected by Rule 5.2).

Dated: June 18, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. SILVIS
Assistant Director

MICHAEL CELONE
KATELYN MASETTA-ALVAREZ
CHRISTINA PARASCANDOLA
LINDSAY VICK
Senior Litigation Counsel

*/s/ Joshua C. McCroskey*
JOSHUA C. MCCROSKEY
JESSICA R. LESNAU
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-1540
joshua.c.mccroskey@usdoj.gov

*Attorneys for Defendants*

**L.R. 11-6.2 Certification**

The undersigned counsel of record for the United States certifies that this brief contains 1,175 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 18, 2025            */s/ Joshua C. McCroskey*
                                JOSHUA C. MCCROSKEY
                                Trial Attorney