CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
crholguin@centerforhumanrights.org
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705l
Telephone: (909) 274-9057

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Jenny Flores, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Pamela Bondi, Attorney General of the United States, *et al.,* <br><br> Defendants. | Case No. CV 85-4544-DMG-AGRx <br><br> **REPLY IN SUPPORT OF APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS 3-25 SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE FLORES SETTLEMENT** <br><br> Hon. Dolly M. Gee |

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

In deciding an application to seal, "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This includes "public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (internal citation omitted).

Plaintiffs have articulated compelling interests to seal limited information in the declarations of minor class members and their parents and Defendants fail to identify any public interest in the specific information Plaintiffs seek to redact.

1. <u>Identity of Parents</u>

Although Defendants acknowledge the need to protect the identities of minors, they do not address Plaintiffs' argument that protecting the identities of parents is vital to that effort. Plaintiffs' Application for Leave to File Under Seal at 6 [Doc. # 1573] ("Pls. App."). Minor children detained with their parents are likely to be deported or released with their parents and live in the same household. The Court has repeatedly granted Plaintiffs' applications to seal the names of parents of class members after finding such a request "narrowly tailored to seal only that material for which compelling reasons have been established." Order Granting Unopposed Application for Leave to File Under Seal Portions of Exhibits, December 20, 2024 [Doc. # 1528]; Order Granting Unopposed Application for Leave to File Under Seal Portions of Attachment A to Exhibit 1, October 7, 2024 [Doc. # 1480]; Order Granting Unopposed Application for Leave to File Under Seal Portions of Exhibits, March 1, 2024 [Doc. # 1394]; Order re Plaintiffs' *Ex Parte* Application for Leave to Proceed Under Pseudonyms, *Lucas R. v. Azar*, Case No. 2:18-cv-05741, September 14, 2018 [Doc. # 92] (protecting identities of Plaintiff children, their next friends, and other family members).

Nor do Defendants discuss or rebut Plaintiffs' argument that the identity of declarants must be protected because the declarations include sensitive information implicating class member's privacy rights, including medical information and descriptions of abuse. Pls. App. at 5. Defendants have repeatedly asked the Court to seal less sensitive information such as the name of facilities where class members are held based on potential privacy concerns. *See, e.g.,* Defendants' App. for Leave to File Under Seal Portions of Juvenile Coordinator Reports, October 29, 2021 [Doc. # 1193] (requesting to file under seal "the names and locations of hotels where minors are held with their families" and "the names and identifying information for ORR care providers, [as] that information could potentially be used to identify individuals who have tested positive for COVID-19, in violation of their individual privacy rights"); Order on Application to Seal, November 1, 2021 [Doc. # 1195]; *see also* Docs # 1085, 1090, 1173, 1175, 1221, 1223, 1345, 1348.

In this instance, Plaintiffs have identified especially compelling circumstances to protect the identities of parents of minor class members because class members and their families face significant risk of harm from disclosure of their identities, especially when combined with details of their immigration detention and time in the United States. As explained in Plaintiffs' application, it is well-established in federal regulations, government policy, and caselaw that protecting the identity of asylum seekers is necessary to prevent a serious risk of retaliation and persecution. Pls. App. at 4-5; Kahn Decl. ¶¶ 4-5; *see also, e.g.,* Ex. 7 ¶¶ 4, 16 [Doc. # 1573-6]; Ex. 11 ¶ 22 [Doc. # 1573-10]; Ex. 18 ¶ 21 [Doc. # 1573-17]; Ex. 23 ¶ 7 [Doc. # 1573-22]. Federal regulations also prohibit disclosure of "the name of, or other information relating to" individuals in immigration detention more broadly. 8 C.F.R. § 236.6; Pls. App. at 3. Defendants do not address this regulation in their opposition.

Not every declaration touches upon the declarant's fear of harm in their home country because they are focused on the declarant's experiences in detention,

not their immigration cases. Regardless of whether the content of any declaration deals directly with the issues that led that declarant to flee their home country, the declarations reveal the declarants are currently in immigration detention and at a high risk of deportation in the near future, putting them at risk of harm from individuals in their home countries. *Cf. Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 n.11 (9th Cir. 2000) ("Plaintiffs need not prove that each and every garment worker who joins the suit faces an individualized risk of retaliation" when the general evidence in the record demonstrates a reasonable fear of retaliation). Exposing parents to these harms necessarily exposes their minor children.

The Ninth Circuit has recognized that the risk of retaliation in an individual's home country is a compelling basis to protect their identities, even when children are not involved. *See Advanced Textile Corp.*, 214 F.3d at 1069 (holding that district court abused its discretion by denying anonymity to plaintiffs who feared retaliation by recruiting agency and Chinese government). When revealing the identity of migrant parents poses risks to their children, the justification for sealing is particularly clear. *See, e.g., Haitian Bridge Alliance v. Biden*, No. 21-CV-3238, 2021 WL 12244207, at *2-3 (D.D.C. Dec. 23, 2021) (granting motion for Haitian asylum seekers alleging abusive treatment by CBP to proceed under pseudonyms based on danger of violence or other retaliation in their home countries and noting that "the risks to their children from disclosing the identities of the parents weighs heavily in favor of sealing") (citing *J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016)).

In addition to a risk of harm in their home countries, class members and their families who are still in detention face a serious risk of retaliation from staff members at the facilities where they are detained. Defendants' statement that there is no need to seal to protect the identities of declarants because "the government already knows the identities of the individuals in the declarations," Opp. at 3, is

highly troubling. Plaintiffs expect Defendants' counsel to keep sealed information confidential and share it only with those officials who have a direct need to access the information for purposes of the litigation. There is a significant difference between sharing the identity of declarants with Defendants' counsel and sharing it publicly where it could be accessed by any DHS official or any other staff at the relevant detention facilities. Similarly, Defendants' counsel simply cannot credibly guarantee that declarants will not face any harmful conduct from any government official or detention facility staff member in retaliation for their accounts of detention conditions if the declarant's identities are made widely available. Opp. at 3. Given Defendants' position, Plaintiffs request the Court clarify that Defendants may not disseminate sealed information to anyone who is not directly involved in preparing their defense to this litigation.

In contrast to the significant risks faced by declarants, Defendants have pointed to no specific prejudice to them or the public from keeping the identities of parents of minor class members under seal. As the Ninth Circuit noted in similar circumstances, "[n]o factors weigh against concealing plaintiffs' identities" and "[t]he public's interest in this case can be satisfied without revealing the plaintiffs' identities." *Advanced Textile Corp.*, 214 F.3d at 1069. None of the issues presented in Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement depend on the identity of the declarants, and revealing their identities would serve only to discourage individuals from recounting their experiences in DHS custody. Defendants cannot establish prejudice because they have full access to the redacted information. *Cf. id.* & n.11 (finding no prejudice to defendants even when the plaintiffs' identities were fully anonymous given posture of case and noting that "whatever knowledge defendants have of plaintiffs' identities only lessens their claims to be prejudiced by the use of pseudonyms").

2. Country of Origin and Identifiable Languages

There are also compelling reasons to seal declarant's countries of origin and certain rarely spoken languages. For class members and their families who are still in DHS custody, their country of origin and/or language combined with the details of their detention described in their declarations could render them easily identifiable to detention facility staff and vulnerable to retaliation. As discussed above, Defendants' counsel simply cannot guarantee that no individual staff member will retaliate against declarants for revealing misconduct or other abusive conditions in detention. Even for class members and their families that are deported to their countries of origin or released to the community, their country of origin combined with the timing of their detention could render them identifiable, especially those class members from countries with less frequent deportation flights or who speak rare languages.[1]

Because the details of declarants' detention and treatment in custody are directly relevant to the issues at stake in this motion, the public has an interest in access to that information and Plaintiffs do not seek to seal it. Plaintiffs' request is narrowly tailored to seal only limited information that is both identifiable and unnecessary to understand the legal and factual issues the Court is being asked to decide. *See* Pls. App. at 6-7. Although Defendants assert generally that "[t]he public would have less information with which to assess the arguments and

---

[1] The risk of immediate, summary expulsion to countries where class members face a likelihood of persecution has never been as grave to class members as they are under recently enacted policies. *See, e.g.*, Camilo Montoya-Galvez "U.S. border agents told to summarily deport migrants without granting asylum hearings under Trump edict," CBS NEWS (Jan. 22, 2025), *available at* https://www.cbsnews.com/news/trump-deportations-migrants-border-asylum-hearings/ (last accessed June 19, 2025). This recently heightened risk and the recently prolonged detention of class members in ICE facilities underscores the need to protect potential identification through country of origin and rare language information now, which Plaintiffs had not felt required sealing in the past.

circumstances of the case and the Court's decision," Opp. at 5, sealing certain information will always necessarily provide "less information" to the public. This does not prevent sealing when the information is not necessary to the public interest in the case. *Advanced Textile Corp.*, 214 F.3d at 1069. This Court has, for example, granted leave to seal information regarding a child's journey to the United States because that information could reveal the child's identity. *See* Application for Leave to File Under Seal at 2-3, June 21, 2021 [Doc. # 1134]; Order Granting Application, June 25, 2021 [Doc. # 1139].

As for prejudice to Defendants, the only prejudice Defendants identify is that they *may* have to reference a declarant's country of origin or language in their opposition and that it would be burdensome to file that information under seal. Opp. at 5. As discussed, both parties in this litigation have regularly moved to seal potentially identifying information. This is a routine part of litigation involving minor children and migrants. A minimal administrative burden to Defendants cannot outweigh the declarants' significant interests in sealing their personally identifiable information, and Defendants cite no legal authority for the proposition that such an administrative burden can constitute prejudice for purposes of a motion to seal. Moreover, it is not yet clear that Defendants will have to reference a declarant's country of origin or language in their opposition, much less that they will do so in a way that impacts the public's understanding of the arguments.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal portions of Exhibits 3-25 in support of Plaintiffs' Motion to Enforce the *Flores* Settlement Agreement.

///

///

Dated: June 19, 2025

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos Holguín
Bardis Vakili
Sarah Kahn

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe
Diane de Gramont
Rebecca Wolozin

CHILDREN'S RIGHTS
Leecia Welch
Eleanor Roberts

*/s/ Mishan Wroe*
Mishan Wroe
*Attorney for Plaintiffs*