# EXHIBIT 1

**Declaration of Leecia Welch**
**In Support of Plaintiffs' Opposition to Defendants' Motion to Terminate**

I, Leecia Welch, declare as follows:

1. I am the Deputy Litigation Director at Children's Rights. I am counsel of record for the Plaintiffs in the above-captioned case. I execute this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Terminate the Flores Settlement Agreement.

2. This declaration is based on my personal knowledge and if called to testify in this case, I would testify competently about these facts.

3. Attached hereto as Exhibit A is a true and correct copy of an attachment to an email communication that I sent to Defendants' counsel on June 4, 2025 ("Plaintiffs' Counsel Letter to Defendants' Counsel re: Dilley Modified Standards"). I was present at the May 30, 2025 conference of counsel referenced in the letter (attached hereto as Exhibit A). The letter memorializes a conversation with Defendants' counsel during the May 30, 2025 conference.

4. Attached hereto as Exhibit B is an email communication sent from Defendants' counsel to Plaintiffs' counsel ("Email from K. Masetta-Alvarez to C. Holguín, et al., May 9, 2025"), which served as notice of the grounds on which Defendants intended to move for termination of the Flores Settlement Agreement. I was copied on this communication and reviewed this email.

I declare under penalty of perjury that the foregoing is true and correct. Executed June 19, 2025, San Francisco, California.

/s/ Leecia Welch
Leecia Welch

# EXHIBIT A

**CHILDREN'S RIGHTS**

June 4, 2025

Joshua McCroskey
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
*Via email* to Joshua.C.McCroskey@usdoj.gov

Re: ICE violations of the *Flores* Settlement Agreement

Dear Joshua:

We write to memorialize the parties' May 30, 2025 meet and confer regarding conditions at the Dilley Family Detention Center ("Dilley"). We appreciate your time and responses to our questions and ask that you respond in writing with any concerns or corrections to our understanding as set forth below no later than June 13, 2025.

**Modification to 2020 Family Residential Standards**

Defendants stated that the current modifications to the Family Residential Standards are not publicly available, but that you were willing to share them during our call. Plaintiffs' understanding of the modifications based on our conversation is as follows:

- **Section 2.8 Staff-Resident Communication:** This section has been modified to reflect faster staff-resident communication, *i.e.*, within 24-48 hours.
- **Section 3.1 Behavior Management:** This section has been modified to shorten the behavior management process such that administrative reviews are occurring more quickly.
- **Section 4.3 Health Care**: Defendants noted that the health care standards have not been modified.
- **Section 5.1 Correspondence and Other Mail:** Because of the length of stay at Dilley, mail and packages cannot be accommodated, but legal correspondence is being accommodated, and other correspondence can be requested and approved by the facility.
- **Section 5.2 Educational Policy:** As previously discussed, the educational policy standards have been modified such that children are grouped by age (*e.g.*, 9th to 12th graders grouped together) to receive one hour a day of education.
- **Sections 5.3 -5.5:** Standards for escorted trips for non-medical issues, marriage requests, and the voluntary work program are not in effect.
- **Section 5.6 Recreation:** Defendants noted that while there are many recreational activities, not all the activities laid out in the standard may be available at Dilley. Defendants stated recreational activities include:

- o Structured age-appropriate indoor and outdoor activities, educational packets, toys, games, puzzles, books, TV, PlayStation, large muscle activities, and time in the education room, gym, and child care facility;
    - o Playground playscape in the outdoor recreation areas, plus additional playscapes have been ordered;
    - o Handball, volleyball courts, shaded pavilion, soccer, games;
    - o Structured gym activities on a daily or hourly basis (some pick-up, some more structured), storytelling with puppets, karaoke, etc.
- **Section 5.9 Visitation**: Defendants stated that they did not believe in-person visitation was available, but FaceTime calls are available upon request.
- **Section 6.1 Resident Handbook:** This section has been modified to reflect the other modifications.
- **Section 6.4 Legal Rights Group Presentations:** We did not discuss whether these standards have been modified, but Defendants said during our conversation that Know Your Rights ("KYR") presentations have not been happening at Dilley.

As previously noted, the declaration of Dawnisha Helland submitted with Defendants' Motion to Terminate indicates that: "ICE may make minor modifications to [the 2020 Family Residential Standards] depending on circumstances, such as when detention times are anticipated to be very short, but the facilities will generally meet all substantive requirements." Declaration of Dawnisha Helland at ¶ 29. Plaintiffs disagree with Defendants that the modifications shared above are "minor."

During our call, Defendants were not aware of any plans to memorialize the modifications to the 2020 Family Residential Standards. Plaintiffs stressed the importance of publishing these modified standards so that class members, their families and their advocates are aware of the operable standards and the expectations of CoreCivic and its staff.

**Defendants' Responses to Tour Questions**

Defendants also shared the following information in response to Plaintiffs' tour questions:

- **Time in custody**: ICE calculates a class member's time in custody based on when they enter ICE custody; it is not cumulative with a class member's time in CBP custody.

- **Length of stay**: Defendants' understanding of Judge Gee's ruling is that 20 days is not a hard and fast rule, but rather a benchmark for the amount of time class members can be in family detention before ICE either removes or releases them.

- **Courtrooms**: The courtrooms at Dilley are functional and being used for virtual hearings. Judges are virtual, but attorneys can appear either on site or virtually.

- **Childcare room**: The childcare services room is now available for class members when parents have court hearings, medical appointments, or need childcare.

- **Water**: Defendants confirmed that CoreCivic keeps copies of lab results of water testing and, in response to concerns Plaintiffs raised, the facility has tasted and smell-tested the resident water throughout the living spaces and did not note any concerns. Staff also has not reported receiving a pattern of water-quality complaints. Bottled water remains available for $1.21 per bottle.

- **Food**: Defendants reported that the child-friendly food options at Dilly now include: hot/cold cereal, eggs, potatoes, steamed rice, chicken, pasta, veggies, hamburgers, hot dogs, taquitos, and soft-tacos. There is also fresh fruits and vegetables, including a salad bar and self-serve items (salad bar, beans, rice, PB & J, etc.).

- **Legal services access**: Defendants stated that there is now a list of legal services providers available in English, Spanish, Chinese, and Arabic posted in the living suites, television rooms, and libraries; translation services are available for any residents who do not speak those languages; and all legal calls are free.

- **KYR access**: Defendants shared that there is no KYR provider in place at Dilley. ICE is still working on a provider or to get its own program to cover substantially the same material and they welcome proposals. Defendants were not aware of the status of the RAICES KYR that was used at Karnes and when Dilley first opened. ICE is assessing for a number of things regarding the content of the proposal.

- **Language Access**: Defendants stated that primary or preferred language is identified during the intake process. Dilley staff use their translation services for initial interviews and orientation about services and rights and responsibilities in the facility. Anything that requires a resident's signature is provided in the resident's preferred language or translated. Videos are played in a loop in English, Spanish, and French; the Language Line and mobile devices are used for translation. There is an ICE poster in 15 languages about how to ask for assistance if a resident does not speak English.

- **Library**: Class members can use the Internet and play games on the library computers; use personal email; and check out books from the library. Computers have safety and security settings to prevent access to adult content.

- **Grievance Procedure**: Defendants noted that grievances and medical requests are primarily submitted electronically on tablets, but they can also be submitted on paper in the grievance boxes. Designated staff check the boxes and retrieve any requests daily.

- **Phone Calls**: Defendants confirmed that domestic phone calls are $.07 per minute; international land line calls are $.15 per minute; and international mobile calls are $.35 per minute. Individuals can request free calls to family or people helping with immigration proceedings.

- **Family Integrity**: Defendants clarified that fathers in dual parent families are permitted to be with their children from 6 am to 8 pm and can be alone with their children in the common areas. Fathers are not permitted in the living areas where the mothers are assigned and mothers may not go to living areas where fathers are assigned. Single-parent fathers with children are housed in a separate housing area with fathers and kids. Defendants were not sure if male children in dual-parent families are permitted to be housed with their fathers rather than their mothers.

- **Education**: Defendants confirmed that there is still just an hour of education per day based on age clusters.

- **Medical Services**: Defendants shared:

    - There are initial medical, dental, vulnerability, and mental health screenings upon arrival, and re-evaluation if there is a known acute or emergent condition.
    - There are sick-calls every day where medical professionals go to housing units and residents can identify in advance if they have something specific they want to talk about or have assessed during the sick call (general medical, dental, or mental health needs).
    - The facility has the capacity to provide different medications – some through pill lines, but more common ones like inhalers and topical creams are provided to residents directly.
    - There are 14 evaluation rooms including negative pressure rooms, AEDs and EKG machines, oral suction machines, blood pressure monitors, nebulizers, mobile radiology, and an x-ray machine
    - Urgent care is available right away and there is capacity to access off-site emergency care 24 hours per day.
    - They have capacity to provide routine and emergency dental care.
    - They have independently licensed mental health counselors that can be requested through the sick call process, but can also be requested on an urgent or emergency basis. If someone is identified as having an existing mental health condition, they will be regularly evaluated by mental health staff. Residents are advised that suicidal thoughts and expressing thoughts of self-harm is going to be a medical emergency and they should request help right away. Group counseling is not yet available.
    - As of Friday, May 30, there had been no suicide attempts at the facility since it opened in April.
    - The "fasting pill call" is between 5 and 6 am.

4

Thank you again for providing substantive responses to our tour questions. As we discussed, we will follow up with Defendants about any violations of the modified standards and the FSA that Plaintiffs identify during our Dilley site visit today and tomorrow.

Best wishes,

Leecia Welch

# EXHIBIT B

6/18/25, 8:43 AM  Center for Human Rights & Constitutional Law Mail - Flores v. Bondi, No. 85-cv-4544-DMG - Notice pursuant to Local Rule 7-3

Case 2:85-cv-04544-DMG-AGR    Document 1584-2    Filed 06/20/25    Page 10 of 12
Page ID #:54366



Sarah Kahn <sarah@centerforhumanrights.org>

## Flores v. Bondi, No. 85-cv-4544-DMG - Notice pursuant to Local Rule 7-3

Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>     Fri, May 9, 2025 at 1:19 PM
To: Carlos Holguín <crholguin@centerforhumanrights.org>
Cc: Mishan Wroe <mwroe@youthlaw.org>, Diane de Gramont <ddegramont@youthlaw.org>, Sarah Kahn <sarah@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, Eleanor Roberts <ERoberts@childrensrights.org>, Becky Wolozin <bwolozin@youthlaw.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>, "Vick, Lindsay (CIV)" <Lindsay.Vick@usdoj.gov>

Dear Carlos,

It is important that we meet soon. Is class counsel not available today? If not, please provide the earliest time when you can meet on Monday, May 12, 2025.

Defendants seek to terminate the Flores Settlement Agreement ("FSA") on multiple grounds, including that: (1) under 8 U.S.C. § 1252(f)(1) the Court lacked jurisdiction to enter the classwide injunction; (2) events subsequent to the entry of the FSA in 1997, in agency policies, practices, and procedures, obviate the need for the FSA; (3) continued enforcement of the FSA violates the Constitution's separation of powers principles; (4) the FSA's terms violate the APA; and (5) the FSA is no longer equitable in light of changes that have taken place since 1997.

Thank you,

Kate

**Katelyn Masetta-Alvarez**

Senior Litigation Counsel

United States Department of Justice

Civil Division

Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station

Washington, D.C. 20044

Tel. (202) 514-0120

**From:** Carlos Holguín <crholguin@centerforhumanrights.org>
**Sent:** Friday, May 9, 2025 2:08 PM
**To:** Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>
**Cc:** Mishan Wroe <mwroe@youthlaw.org>; Diane de Gramont <ddegramont@youthlaw.org>; Sarah Kahn

6/18/25, 8:43 AM
Center for Human Rights & Constitutional Law Mail - Flores v. Bondi, No. 85-cv-4544-DMG - Notice pursuant to Local Rule 7-3

Case 2:85-cv-04544-DMG-AGR     Document 1584-2     Filed 06/20/25     Page 11 of 12
Page ID #:54367

<sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Eleanor Roberts <ERoberts@childrensrights.org>; Becky Wolozin <bwolozin@youthlaw.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>; Vick, Lindsay (CIV) <Lindsay.Vick@usdoj.gov>
**Subject:** [EXTERNAL] Re: Flores v. Bondi, No. 85-cv-4544-DMG - Notice pursuant to Local Rule 7-3

Dear Counsel,

Plaintiffs are available to confer on Wednesday, May 14, at 8:30 am pacific.

Please forward a meeting link or conference call number at your earliest convenience.

Thank you,

Carlos Holguín
General Counsel
Center for Human Rights & Constitutional Law
(213) 290-1642 (direct)
213.386.9484 (fax)
http://www.centerforhumanrights.org

> On May 9, 2025, at 7:24 AM, Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov> wrote:
>
> Dear Counsel,
>
> We provide this notice pursuant to Local Rule 7-3. The government plans to move to terminate, as to all defendants, the *Flores* Settlement Agreement entered in 1997 and amended in 2001. Please let us know a time today when we may discuss the substance of the motion and determine whether the parties may be able to resolve the matter.
>
> Thank you,
>
> Kate
>
> **Katelyn Masetta-Alvarez**
>
> Senior Litigation Counsel
>
> United States Department of Justice, Civil Division
>
> Office of Immigration Litigation
>
> P.O. Box 878, Ben Franklin Station

6/18/25, 8:43 AM
Center for Human Rights & Constitutional Law Re: Flores v. Bondi, No. 85-cv-4544-DMG Notice pursuant to Local Rule 7-3

Case 2:85-cv-04544-DMG-AGR    Document 1584-2    Filed 06/20/25    Page 12 of 12
Page ID #:54368

Washington, D.C. 20044

Tel. (202) 514-0120

Katelyn.masetta.alvarez@usdoj.gov