BRETT A. SHUMATE
Assistant Attorney General
Civil Division
DREW ENSIGN
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel for Immigration Litigation
JESSICA R. LESNAU
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 616-9346
Jessica.r.lesnau@usdoj.gov

Attorneys for Defendants

*Additional counsel listed on the next page.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, Attorney General of the United States, *et al.*,<br><br>Defendants. | No. 2:85-cv-4544-DMG-AGR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF EXHIBITS 1–16 SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE SUPPLEMENTAL JUVENILE COORDINATOR REPORTS**<br><br>No Hearing Date Set<br><br>Honorable Dolly M. Gee<br>Chief United States District Judge |

WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
JOSHUA C. MCCROSKEY
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs ask the Court to seal the names and countries of origin of, and, in some cases, languages spoken by children and their parents in the declarations attached to Plaintiffs' Response to the Supplemental Juvenile Coordinator Reports. *See* Application for Leave to File Under Seal Portions of Exhibits 1–16 Submitted in Support of Plaintiffs' Response to the Supplemental Juvenile Coordinator Reports, ECF No. 1654; Plaintiffs' Response to Supplemental Juvenile Coordinator Reports, ECF No. 1656. Plaintiffs seek permission to redact the public versions of the declarations and to seal the unredacted versions of the declarations. ECF No. 1654. Defendants oppose Plaintiffs' request to redact the names of adults, countries of origin, and languages spoken, because Plaintiffs rely on "hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97. (9th Cir. 2016). Defendants do not oppose Plaintiffs' request to redact the names of children, which is required under Fed. R. Civ. P. 5.2(a).

## II. LEGAL STANDARD

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Ctr. for Auto Safety*, 809 F.3d at 1096 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Where, as here, a party asks the court to seal a document attached to a filing that is more than tangentially related to the merits of the case, the party must establish a "compelling reason" to seal the document. *Id.* at 1096–97, 1101. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (citation modified). Once the court finds a compelling reason and makes specific factual findings, the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (citation modified).

## III. ARGUMENT

### A. Plaintiffs fail to show a compelling reason for denying the public access.

Plaintiffs allege that, if they are unable to seal the requested names, countries, and languages spoken in the declarations, then the declarants or their family members may be identifiable and "may expect harassment or reprisals if their identities are disclosed" and could subject them to "retaliatory measures." ECF No. 1654 at 3–4. Plaintiffs' concerns, however, are speculative.

*First*, Plaintiffs' argument does not work on its own terms. As Plaintiffs acknowledge, the government already knows the identities of the individuals in the declarations. ECF No. 1654 at 6. The declarants already have come to the attention of immigration authorities. Plaintiffs do not explain how sealing the requested information would protect them from harm while in detention.

*Second*, Plaintiffs provide no evidence showing a likelihood that any declarant has been or will be released into communities in the United States where they would face retaliation for submitting declarations in this case. ECF No. 1654 at 4. Plaintiffs cite no link between submitting a declaration in a lawsuit to retaliation from community members.

*Third*, Plaintiffs do not establish how disclosing the names of adults, or anyone's country of origin or languages spoken would plausibly lead to harm in someone's home country. Plaintiffs conclusorily assert that the declarants may be in danger "if they are deported to a country where they may be targeted or persecuted if their identities, the fact of their return, or their status as a family who fled the country are known." ECF No. 1654 at 4. Plaintiffs do not elaborate or provide any other support, much less any individually tailored support, for the proposition that any adult declarant would face danger in his or her home country based on the disclosure, in a personal declaration, of the declarant's name, county or origin or language spoken. Rather, Plaintiffs ask the Court to assume it.

*Fourth*, Plaintiffs rely upon privacy protections for asylum applicants in 8 C.F.R. § 208.6 and § 1208.6. *See* ECF No. 1654 at 3. Both regulations govern when the government may disclose information contained in or pertaining to asylum applications.

2

The regulations say nothing about what applicants may disclose about themselves. That a declarant has applied for or mentioned asylum in a declaration is not relevant to conditions of confinement in CBP and ICE facilities or the conditions under which class members are released from immigration custody. The regulations do not apply in this situation.

### B. Plaintiffs' request is overbroad.

Even if the Court agrees with Plaintiffs that the declarants' identities need to be protected, the request to seal countries of origin and languages spoken is overbroad. Plaintiffs do not explain or support with evidence their assertion that "countries" and "primary language" could "easily be used to identify individual children or their family members." ECF No. 1654 at 3. Plaintiffs do not explain what other aspects of the declarations would be insufficient on their own to identify the declarants but would somehow become sufficient to identify the declarants if combined with country or language. Plaintiffs cite a district court decision in which the court found that the city and state of asylum seekers could be redacted. *Id*. at 6 (citing *Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *5 (S.D. Cal. Nov. 21, 2019)). In addition to being nonbinding on this Court, *Al Otro Lado* is distinguishable because country of origin and language spoken are far less specific than the city and state of origin. Plaintiffs do not explain how they decided which languages are sufficiently "rarely spoken" as to "contribute to identifying individuals" and which are not. ECF No. 1654 at 3.

### C. Plaintiffs' request would undermine the public's access to information and could prejudice Defendants.

Defendants and the public may be prejudiced by filing all the requested information under seal. The public would have less information with which to assess the allegations and arguments and the Court's decision. Moreover, Defendants may need to refer to a declarant's country of origin or language to discuss the declarant's time in immigration custody or to dispute the evidentiary value of a translated declaration. Having to prepare and file under seal portions of Defendants' opposition to Plaintiffs' motion to enforce

3

would be burdensome for Defendants and the Court and would deprive the public of a full understanding of the evidence and the parties' arguments.

## IV. CONCLUSION

Plaintiffs have not met their burden to justify filing the requested information under seal. Therefore, the Court should uphold the public's right of access and deny the Application, except as to the names of minors.

Dated: September 16, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel for Immigration Litigation

WILLIAM C. SILVIS
Assistant Director
CHRISTINA PARASCANDOLA
Senior Litigation Counsel

*s/ Jessica R. Lesnau*
JESSICA R. LESNAU
JOSHUA C. MCCROSKEY
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 616-9346
Jessica.r.lesnau@usdoj.gov

*Attorneys for Defendants*

5

**L.R. 11-6.2 Certification**

The undersigned counsel of record for the United States certifies that this brief contains 1,185 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 16, 2025         *s/ Jessica R. Lesnau*
                                  JESSICA R. LESNAU