UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | September 26, 2025 |
| Title | ***Jenny L. Flores, et al. v. Pamela Bondi, et al.*** | Page | **1** of **3** |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE SEPTEMBER 22, 2025 STATUS CONFERENCE**

On September 22, 2025, the Court held a status conference regarding the Customs and Border Protection ("CBP") and Immigration and Customs Enforcement ("ICE") Juvenile Coordinators' September 2025 Supplemental Reports [Doc. # 1648] and the Juvenile Care Monitor's ("JCM") Addendum to the Final Report [Doc. # 1648 ("Addendum")].

The JCM was tasked with monitoring CBP's compliance with the 2022 CBP Settlement [Doc. # 1254-1] in the El Paso and Rio Grande Valley ("RGV") sectors.  While the JCM was initially appointed to a single term of 16 months, the term was extended several times either by stipulation of the Parties or by the Court as a remedial measure.  Most recently, the Court extended the JCM's term by three months—until September 26, 2025—based on CBP's lack of substantial compliance as to certain CBP Settlement terms.  [Doc. # 1591.]  Those terms, as identified in the JCM's Final Report, were limited to caregivers, certain amenities, and CBP's self-monitoring capabilities.  [Doc. # 1578.]  The JCM filed an Addendum to the Final Report on September 5, 2025 to address the remaining issues.  [Doc. # 1643.]  The JCM concluded that "CBP is in substantial compliance with the provisions of the Settlement in the RGV and El Paso sectors." [Doc. # 1643 at 6.][1]  Additionally, the JCM concluded that "CBP has established generally effective systems for monitoring the custodial care of children in CBP custody." *Id.* at 7.  Plaintiffs did not file a response to the Addendum.  Based on the positive JCM Addendum and the progress CBP has made to substantially comply with the 2022 CBP Settlement, **the JCM's role will sunset on September 26, 2025**, consistent with the terms of the Settlement.

Having reviewed the Juvenile Coordinators' September 2025 Supplemental Reports, Plaintiffs' response thereto [Doc. # 1656], and the topics discussed at the status conference, the Court shall require a limited supplemental report from CBP's Juvenile Coordinator and a further

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 85-4544-DMG (AGRx)** | Date | September 26, 2025 |
| Title | ***Jenny L. Flores, et al. v. Pamela Bondi, et al.*** | Page | **2** of **3** |

supplemental report from ICE's Juvenile Coordinator. CBP's supplemental report shall be limited to providing census data relating to minor's time in custody beyond 72 hours, and detailed reason(s) explaining the prolonged detention for any minor in custody beyond 20 days. As for ICE, the Court remains concerned regarding its compliance with the *Flores* Settlement Agreement and this Court's prior Orders to Enforce, such that a more detailed report will be required. *See*, *e.g.*, July 24, 2015 Order (granting Plaintiffs' motion to enforce against ICE) [Doc. # 177]; June 27, 2017 Order (granting in part Plaintiffs' motion to enforce against ICE) [Doc. # 363]; September 18, 2020 Order (granting in part Plaintiffs' motion to enforce against ICE) [Doc. # 987]. The Court reiterates its confidence that the ICE Juvenile Coordinator can help resolve issues identified by Plaintiffs in an expeditious manner, thereby obviating the need for further time-consuming litigation and the reappointment of an independent monitor. Accordingly, as interim remedial measures in response to Plaintiffs' pending motion to enforce and the Court's prior Orders to Enforce, the Court again defers ruling on whether to re-appoint a Special Master and sets the following additional reporting deadlines.

In light of the foregoing, the Court **ORDERS** the following:

1. The **CBP Juvenile Coordinator** shall file a limited supplemental report by **November 3, 2025** providing a census of minors who were held in CBP or United States Border Patrol facilities for over 72 hours during the months of August and September 2025. The supplemental report shall provide the reason(s) why each minor was held for more than 20 days, including further detail regarding any issues that may have affected the minors' length of time in custody.

2. The **ICE Juvenile Coordinator** shall file a supplemental report by **November 3, 2025** that includes the following information:

    a. A census of minors who were held in ICE facilities or ICE-contracted facilities for over 72 hours during the months of August and September 2025. The supplemental report shall also provide a detailed explanation as to the reason(s) for the prolonged detention of minors in excess of 20 days and for housing in a hotel. As discussed at the status conference, the census data should include a column with the calculated time in custody (by hours or days) for ease of reference.

    b. A summary of the standards and tools utilized by ICE to ensure compliance with the FSA, and how the ICE Juvenile Coordinator monitors FSA compliance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | September 26, 2025 |
|---|---|---|---|
| Title | ***Jenny L. Flores, et al. v. Pamela Bondi, et al.*** | Page | **3** of **3** |

    c.  Information regarding the "Modified Family Residential Standards ("FRS")" mentioned in the ICE Juvenile Coordinator's report. Specifically, she should explain what the standard FRS are, how have they been modified, and how the Modified FRS are currently being applied at ICE Family Residential Centers.

    d.  A summary of ICE's compliance with the FSA requirements in the months of August and September—specifically, the report should address the conditions of confinement, which includes, but is not limited to: provision of age-appropriate food, adequate temperature control, availability of additional clothing, and dimmed lighting at nighttime. The ICE Juvenile Coordinator shall take into account the conditions described in Plaintiffs' response to her supplemental report [Doc. # 1656] and will describe such efforts as have been undertaken to address those conditions. The ICE Juvenile Coordinator may refer to the CBP Juvenile Coordinator's previous reports for guidance on reporting of this nature.

3. Plaintiffs may file a response, if any, to the supplemental reports by **November 14, 2025**.

4. The Court will hold a further video status conference regarding the CBP and ICE Juvenile Coordinators' supplemental reports, and any responses thereto, on **December 1, 2025 at 11:00 a.m.**

**IT IS SO ORDERED.**