CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
crholguin@centerforhumanrights.org
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705l
Telephone: (909) 274-9057

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Jenny Flores, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Pamela Bondi, Attorney General of the United States, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 85-4544-DMG-AGRx<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR STAY OF JUVENILE CARE MONITOR REPORT DEADLINES**<br><br>Judge: Hon. Dolly M. Gee |

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
1212 Broadway, Suite 600
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

Plaintiffs respectfully oppose, in part, Defendants' motion for a stay pending resolution of the government shutdown that commenced on October 1, 2025. Doc. # 1674. On September 25, 2025, the Court issued findings of fact and conclusions of law regarding OADS and ordered the parties to meet and confer and submit a joint status report by October 9, 2025. Doc. # 1670. If the parties do not agree on a remedy, the CBP Juvenile Coordinator must submit a report to the Court by November 3, 2025, regarding OADS. *Id.* On September 26, 2025, the Court separately ordered the Juvenile Coordinators for CBP and ICE to submit supplemental reports regarding the length of detention of children in their custody and compliance with the FSA by November 3, 2025. Doc. # 1672. Defendants seek to stay both orders and their respective reporting requirements until the lapse in appropriations for the Department of Justice is resolved. Doc. # 1674. Defendants further seek an extension of time to comply with the Court's orders equivalent to the number of days the appropriations are lapsed. *Id.*

Plaintiffs do not oppose the stay and extension of deadlines of OADS related orders because Plaintiffs are not aware of any class members currently detained at OADS. However, given that class members continue to be detained by CBP and ICE throughout the lapse in appropriations, Plaintiffs oppose a stay of the Court's orders regarding reporting on length of detention and compliance with the FSA.

Plaintiffs are sensitive to the limitations on the Department of Justice during the appropriations lapse and are amenable to a brief extension of deadlines in recognition of their reduced workforce. However, because DHS operations continue during the appropriations lapse, and Defendants have chosen to keep children detained in ICE family detention for weeks at a time even during the lapse, and neither party can predict when the government shutdown will end, Plaintiffs oppose a blanket extension of Defendants' reporting obligations.

In support of their motion, Defendants assert that a stay is necessary because, under the Antideficiency Act, 31 U.S.C. § 1342, "Department of Justice attorneys and employees of the federal Defendant are prohibited from working, even on a voluntary

basis, except in very limited circumstances …" Doc. # 1674 at 1. But this case falls well within the activities permitted under both the Antideficiency Act and the Department of Justice's own Fiscal Year 2026 Contingency Plan for operations during a lapse in appropriations. Furthermore, Defendants do not assert that the essential monitoring functions of the Juvenile Coordinators will cease during the appropriations lapse.[1]

The Antideficiency Act prohibition does not apply to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. That standard is met when there is "some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property" and "some reasonable likelihood that the safety of human life or the protection of property would be compromised, in some degree, by delay in the performance of the function in question." Authority for the Continuance of Government Functions During a Temporary Lapse in Appropriations, 43 Op. Att'y Gen. 293, 302 (Jan. 16, 1981). As its Contingency Plan notes, the Department of Justice's mission and duties mean that the Department "has a high percentage of activities and employees that are excepted from the Antideficiency Act restrictions and can continue during a lapse in appropriations." U.S. Department of Justice FY 2026 Contingency Plan at 1 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl.

This case, and specifically the work of the Juvenile Coordinators for CBP and ICE, clearly falls within the scope of activities the government is authorized to continue notwithstanding the lapse in appropriations. While Plaintiffs understand the Department of Justice may be understaffed during this time, Defendants have chosen to continue the detention of children and families in both CBP and ICE custody. Children and families detained in federal immigration custody are dependent on the government for *all* basic needs, including food, shelter, and medical care. As discussed in Plaintiffs' Response to

---

[1] DHS's contingency plan notes that the vast majority of its employees will continue to work as exempt or excepted employees. U.S. Department of Homeland Security FY 2026 Contingency Plan at 51 (Sept. 29, 2025), https://www.dhs.gov/publication/lapse-funding-dhs.

Supplemental Juvenile Coordinator Reports and Data and during the status conference on September 22, 2025, Plaintiffs are deeply concerned about the unexplained long lengths of stay in both CBP and ICE custody, though particularly in ICE custody. Doc. # 1656 at 1-5, 12-14. Furthermore, Plaintiffs have put forward significant evidence of non-compliance with the FSA in both CBP and ICE custody. *Id.* at 5-11; *see also* Doc. # 1638. Moreover, the orders that Defendants seek to stay do not require briefing or argument from the Department of Justice's attorneys but rather require the Juvenile Coordinators to report to the Court—through their counsel at DOJ—regarding ongoing compliance matters that are directly tied to the safety and well-being of children in government custody.

Courts have held in similar circumstances that the Antideficiency Act does not bar the Department of Justice from continuing to work on these cases.[2] *See, e.g.*, *Doe 1 v. Nielsen*, No. 18-CV-02349-BLF, 2019 WL 1473463 at *1 (N.D. Cal. Jan. 3, 2019) (denying government request to stay discovery and deadlines due to Iranian refugees' precarious situation); *Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019); Order, *Doe v. Trump*, No. 2:17-cv-00178 (W.D. Wash. Jan. 28, 2019), ECF No. 174 at 3 (denying the government's request for a stay and observing some reasonable likelihood that the safety of refugees would be compromised by a continued delay).

Plaintiffs acknowledge the possibility that the lapse in appropriations could reasonably cause Defendants' counsel delay in meeting the current deadlines and are amenable to a brief extension of reporting deadlines. However, the risk that children will be held in dangerous or harmful conditions without the Court retaining its ability to

---

[2] The Antideficiency Act permits counsel for Defendants to continue working if otherwise "authorized by law." 31 U.S.C. § 1341(a)(1)(B). The Department of Justice interprets this provision to mean that while DOJ attorneys must generally request a stay, "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." FY 2026 Contingency Plan at 3. Counsel for Defendants may therefore lawfully continue working if the Court denies the requested stay.

meaningfully monitor and enforce compliance with the FSA is too high for Plaintiffs to agree to indefinitely extend these reporting obligations, particularly given that children remain in federal immigration detention throughout the lapse in appropriations.

Dated: October 9, 2025

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos Holguín
Bardis Vakili
Sarah Kahn

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe
Diane de Gramont
Rebecca Wolozin

CHILDREN'S RIGHTS
Leecia Welch
Eleanor Roberts

*/s/ Mishan Wroe*

Mishan Wroe
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I caused a copy of Plaintiffs' Request for Brief Extension of Time to Oppose Defendants' Request to Stay Juvenile Care Monitor Reports to be served to all counsel through the Court's CM/ECF system.

Dated: October 9, 2025  /s/ Mishan Wroe
Mishan Wroe
*Attorney for Plaintiffs*