# EXHIBIT 1

# DECLARATION OF JAVIER O. HIDALGO

I, Javier O. Hidalgo, swearing under penalty of perjury, make the following declaration:

1. My name is Javier O. Hidalgo and I serve in the role of Legal Director at the Refugee and Immigrant Center for Education and Legal Services ("RAICES"). I have been the Legal Director since 2023. I have been licensed in the State of Texas since January 24, 2019, and in the State of New York since February 27, 2013.

2. I joined RAICES in 2018 and have served in my current role since 2023. Before I assumed my current position I worked as a unit director, supervisor, and previously, as a staff attorney. In my role as Legal Director, I work closely with Asylum Access Services (formerly known as the Family Detention Services Program) and oversee that program's work, which (among other things) serves detained individuals and families facing expedited removal from the United States, as well as people seeking asylum and related protection, including families detained in the Dilley Immigration Processing Center ("Dilley").

3. RAICES is a 501(c)(3) nonprofit, non-partisan organization headquartered in San Antonio, Texas. RAICES's mission is to defend the rights of immigrants and refugees; empower individuals, families, and communities of immigrants and refugees; and advocate for liberty and justice. This mission encompasses striving to ensure access to asylum and protection for noncitizens, including those arriving at the border and subject to expedited removal. RAICES provides free and low-cost immigration legal services to underserved immigrant children, families, and individuals.

4. The Asylum Access Services team provides pro bono legal services to minors who are *Flores* class members and their families detained at Dilley. Since Defendants resumed detaining families at Dilley in April 2025, RAICES has helped over 250 families in ICE custody.

5. I have read the ICE Juvenile Coordinator's supplemental report dated December 1, 2025 [Doc. # 1692-4] and the attachments to the Juvenile Coordinator's report.

6. The facts set forth below are known personally to me and, if called as a witness, I could and would testify competently thereto under oath.

**RAICES Attorneys Notify Defendants of Potential Flores Violations**

7. I have previously submitted declarations to this Court detailing my team's experience with ICE's lack of compliance with *Flores* protections, and am familiar with this court's prior Orders instructing ICE with regard to its compliance. The following facts set forth by me may appear similar to those in my prior declarations, particularly my April 21, 2020, declaration [Doc. #774-63], because unfortunately the facts have largely remained the same and ICE's noncompliance persists.

8. Because ICE-ERO at Dilley consistently disregard *Flores* protections, we have made it part of our normal course of business to notify Defendants of potential *Flores* violations.

9. As a matter of practice, our team monitors the length of time our minor clients, each of whom is a *Flores* class member, are in DHS custody.

10. As a matter of practice, our team notifies ICE-ERO at Dilley when it appears class members' prolonged detention may be in violation of *Flores* and we inquire as to ICE-ERO's efforts toward release of the family and the Government's justification for prolonged detention. We are unable to notify ICE-ERO of every violation of *Flores*, and

therefore our effort to notify Defendants of potential *Flores* violations under-represents the
true number of cases where a class member's prolonged detention at Dilley may be in
violation of *Flores.*

11. I have reviewed our records and since the beginning of April 2025, which is when ICE
began detaining families in Dilley anew, we have notified Defendants of at least one
hundred forty-seven (147) unique instances of what appear to be unnecessary delay of a
class member's release. RAICES has sent ICE-ERO over seventy-seven (77) of these
notifications since August 2025. In each of the notices we have sent, we ask ICE-ERO the
status of the class member's release or their case status otherwise.

12. Attached hereto as **Exhibit A** are true and correct examples of ICE-ERO's responses to
RAICES' notices of potential *Flores* violations our records indicate were sent to ICE-ERO
since the beginning of August 2025. Our clients' personal identifying information has been
redacted.

13. ICE-ERO does not always answer our inquiries, and the action ICE-ERO takes in response
to our notices have been inconsistent. While ICE-ERO has released some class members,
they increasingly respond by stating their intent to detain class members in Dilley
indefinitely pending further immigration processes and proceedings.

14. The Juvenile Coordinator's report and relevant attachments [Doc. #s 1692-4, 1692-6, 1692-
9] indeed show many families released after the 20-day threshold, but with many exceeding
that threshold by only a handful of days during the months of August and September.
Consistent with this data, during that time frame ICE-ERO's responses to RAICES' notices
of potential *Flores* violations did indicate the Government made some efforts to release
class members within 20 days. For example, in an August 12, 2025 response to one of our

inquiries, the Government responded "Your clients are scheduled for release due to 20 day limitation." *See* **Exhibit A** at pg 1. However, recently, ICE-ERO's approach towards compliance has evolved. It has become more common, and recently has become the norm, that ICE-ERO indicates an intent to not consider *Flores* protections when making release decisions.

15. A response from Defendants often indicates no efforts to release the class member. For example, in a November 26, 2025 response to an inquiry with regard to a class member in DHS custody for over twenty-one (21) days, an ICE-ERO deportation officer responded "Currently no plans for release." *See* **Exhibit A** at pg 60.

16. Often, ICE-ERO's only stated reason for prolonged detention is the class member's immigration case posture. For example, in a September 26, 2025 response to an inquiry with regard to a class member in DHS custody for over twenty-three (23) days, an ICE-ERO deportation officer responded "At this time, the family's case remains pending a decision from USCIS…To determine the next appropriate steps, we must receive USCIS's decision...once a decision from USCIS is issued, we will re-evaluate the family's situation and take appropriate actions". *See* **Exhibit A** at pg 3. In a November 15, 2025 response with regard to class members in ICE custody over twenty-eight (28) days, an ICE-ERO deportation officer responded "Your clients have an upcoming Master Hearing scheduled for 11/18/2025, they will remain in custody until the completion of their hearing." *See* **Exhibit A** at pg 37.

17. On several occasions, ICE-ERO has indicated a class member is a flight risk but provided no individualized explanation or analysis as to the class member. Indeed, ICE-ERO's response indicates no imminent removal. For example, in an October 15, 2025 response

with regard to a class member in ICE custody over twenty-nine (29) days, an ICE-ERO deportation officer responded "your client remains a proven flight risk. Your client continues to unwillingly cooperate with the Colombian consulate to obtain travel documents…A third country removal request has been made; however, your client will remain in custody until their removal is completed." *See* **Exhibit A** at pg 7. In another instance, in an October 15, 2025 response with regard to a class member detained at Dilley for at least forty-eight (48) days, an ICE-ERO deportation officer stated "Your client failed to comply with a scheduled removal while in a detained environment. Based on the totality of the circumstances, your client is considered a flight risk and will remain in custody." *See* **Exhibit A** at pg 13.  In yet another instance, with regard to a class member who had been detained in Dilley from April 25, 2025 through June 27, 2025 - approximately sixty (60) days - released and then **re-detained** in Dilley for another twenty-nine (29) days, an ICE-ERO deportation officer responded "Your clients failed to comply with their removal order. Their cases are being reviewed for prosecution for Failure to Comply. There is no release date at this time." *See* **Exhibit A** at pg 21.

18. Alarmingly, ICE-ERO has begun to indicate that for some class members, they intend to wait for a hearing in the child's BIA Appeal. This is despite our explaining to ICE-ERO that such a hearing could take months to years and perhaps never come. *See e.g.* **Exhibit A at pp 32 and 57.** Hearings before the BIA are exceedingly rare. Usually, the BIA issues a written decision based on the parties briefs alone without a specific timeline. It can sometimes take years for the BIA to issue a decision on a fully briefed matter.

19. Based on our records, there has been no observable increase in Defendants' efforts to release class members from Dilley, but rather a marked decrease.

**Defendants' Unnecessary Delay in Class Members' Release Includes Minors Who are not in Expedited Removal**

20. It has generally been the practice of ICE-ERO to release class members with their parents when the family is issued a Notice to Appear to initiate removal proceedings under INA § 240, or a referral to an immigration judge for withholding only proceedings. It is my understanding this practice was in part to comply with *Flores* requirements prohibiting detention of class members in unlicensed facilities when removal is not imminent.

21. Among the class members detained in Dilley are children who, with their family members, were apprehended in the interior rather than upon crossing the southern border. Many of these families are in ongoing immigration proceedings, including but not limited to removal proceedings. ICE-ERO now cite the ongoing removal proceedings as justification for detaining class members who do not face imminent removal. *See e.g.* **Exhibit A** at pp 27 ("In client's Master Hearing… the immigration Judge gave your client a task to be complete by a certain time frame. Due to the IJ decision your client will remain in custody…"), 43 ("The family's individual hearing is scheduled for January 7, 2026, at 8:30 AM"), 52 ("Your clients are scheduled their individual hearing on January 14, 2025. A review of their custody status will be completed following the decision from an immigration judge.")

22. RAICES' Asylum Access Services is very limited in its ability to provide direct representation in full removal proceedings under INA § 240, or withholding-only proceedings. There are multiple ways class members are prejudiced from meaningfully being able to pursue their legal cases due to being detained in Dilley indefinitely. Class members and their families are often denied access to their property and to information that would provide the material support for their claims for legal relief. Moreover, while the

Juvenile Coordinator's report [Doc. # 1692-4, at 14] suggests language access at Dilley is in compliance with *Flores*, RAICES records indicate otherwise. Class members and their families are often not able to access copies of forms they are required to submit in the languages they speak, nor do they have access to interpretation services to be able to submit this information to the immigration court in English. For example, while RAICES is aware that the Form I-589 Application for Asylum and for Withholding of Removal is made available by the Government for reading in twelve languages including: Arabic, Simplified Chinese, Dari, French, Haitian Creole, Pashto, Portuguese, Russian, Somali, Spanish, Turkish, and Vietnamese, USCIS and EOIR only accept completed forms in English. Class members are at constant risk of being prejudiced in their immigration proceedings while detained as they often have no way to submit completed I-589 to the court by the short deadlines set by immigration judges in detained proceedings.

23. It is often reported to us by class members and their families that they are very limited in their ability to access the library and computers at Dilley and the limitations in access, as well as technical failures often impact their ability to timely file required forms in their cases. Moreover, ICE-ERO maintains a campaign of constantly urging families to give up their pursuit of protection and return home for some promised amount of money and implying that if they do not "voluntarily" return they risk family separation.

**Lack of Legal Orientation Program and Group KYR Presentations**

24. In prior years, RAICES services included group legal presentations that would provide know-your-rights ("KYR") information to class members. Such presentations were essential in countering misinformation and lack of information detained class members commonly experience when navigating their immigration cases while detained. These

presentations were also an important opportunity for detained class members to ask questions about their rights and legal options. While RAICES has previously requested they be allowed to provide that same presentation to currently detained class members, ICE-ERO has denied that request and has yet to respond to RAICES request to clarify the reason for the denial and how to cure any issue ICE-ERO identified with the request. RAICES submitted a FOIA request to seek this information on June 12, 2025, which remains pending.

25. Separate from the KYR presentations RAICES was able to provide, historically, detained class members previously had access to a Legal Orientation Program that was provided by legal service providers pursuant to contracts and subcontracts with the Department of Justice. It is my understanding that in April 2025, the Department of Justice terminated its contracts with Legal Orientation Program providers. To my knowledge, there remains no meaningful replacement for the Legal Orientation Program. This is further evidenced by the lack of information class members and their families have received by the time we meet with them.

**Lessened Oversight and Accountability**

26. Historically, the Office for Civil Rights and Civil Liberties (CRCL) and the Office of the Immigration Detention Ombudsman (OIDO), through their oversight functions, served as an additional check against misconduct and rights violations suffered by *Flores* class members while in ICE custody.

27. Following a drastic reduction in workforce at those agencies, which functionally eliminated these oversight agencies, we have observed an increase in the misconduct and rights

violations class members and their families report experiencing while detained in Dilley. This includes coercive and prejudicial efforts to convince detained families to abandon their pursuit of legal protections and relief and instead to agree to return to their home country for a small sum of money. Such coercive tactics include threats of family separation. Indeed, we have observed several families separated while detained at Dilley.

**Class Members Report Harmful Conditions**

28. In the normal course of our work, we inquire about the conditions of detention faced by our clients. RAICES tracks various issues reported to us by *Flores* class members detained at Dilley. In addition to prolonged detention, we often hear of other egregious conditions imposed upon class members by ICE. Lack of educational material, resources, and age-appropriate activities for developing children are a frequently reported issue. I understand the Government's noncompliance with *Flores* with regard to education at Dilley is reflected in the Juvenile Coordinator's report [Doc. # 1692-4 at 13].

29. Our clients often report that the food provided at Dilley is not adequate nor appropriate for children, leading to tender-age class members' physical deterioration and loss of weight. Families also report conditions that are harmful to class member children such as the lights being on in children's sleeping areas for 24 hours and inadequate clothing–as just some examples. While the Juvenile Coordinator's report [Doc. # 1692-4 at 9] acknowledged inappropriate diet for certain populations outside of South America, it also suggests that the same diet is appropriate for minors from South America. RAICES questions the conclusion that ethnic background or country of origin is a determining factor in a human child's nutritional needs. Notwithstanding, RAICES can confirm that families from South America also report the harmful effects of the inadequate food at Dilley on their class

member children. For the months of August through October 2025, families detained at Dilley have reported to RAICES issues with such physical and environmental conditions on at least fifty-seven (57) occasions.

30. Clients also frequently report not receiving adequate medical care when they report issues to ICE-ERO. RAICES records indicated families at Dilley have raised concerns over inadequate medical care on at least three hundred sixty (360) occasions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 8, 2025

San Antonio, Texas

Javier C. Hidalgo

# EXHIBIT A

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**



Javier Hidalgo <javier.hidalgo@raicestexas.org>

---

## Fwd: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-913

Javier Hidalgo <javier.hidalgo@raicestexas.org>
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

Wed, Dec 3, 2025 at 3:37 PM

---------- Forwarded message ----------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Tuesday, August 12, 2025 at 6:23:27 AM UTC-5
Subject: RE: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-913
To: RAICES Karnes <raiceskarnes@raicestexas.org>, SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>

Good morning,

Your clients are scheduled for release due to 20 day limitation.

---

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Monday, August 11, 2025 4:45 PM
**To:** SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-913

> CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon,

I write to follow up on this Flores release request for our clients. Please advise as to when the family can expect to be released. Thank you!

Respectfully,

**Sam Doiron** (she/her/hers)

Staff Attorney I Asylum Access Services I RAICES

+1 (210) 591-0534 I sam.doiron@raicestexas.org I raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

On Fri, Aug 8, 2025 at 3:05 PM 'SNALegalAccess-Dilley,' via RAICES Karnes <raiceskarnes@raicestexas.org> wrote:

Good afternoon,

We are currently reviewing these cases and will provide updates soon.

Thank you.

Deportation Officer

Dilley Immigration Processing Center

San Antonio Field Office

Enforcement and Removal Operations

300 El Rancho Way Dilley, TX 78017

Good afternoon,



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-168 and 484

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                                              Thu, Dec 4, 2025 at 11:57 AM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ----------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Friday, September 26, 2025 at 1:05:36 PM UTC-5
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-168 and 484
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>, Rodolfo Altillo <rodolfo.altillo@raicestexas.org>,
Albert Macias <albert.macias@raicestexas.org>, San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>

Good afternoon,

At this time, the family's case remains pending a decision from USCIS regarding their fear interviews. To determine the next
appropriate steps, we must receive USCIS's decision. Be assured, once a decision from USCIS is issued, we will re-evaluate the
family's situation and take the appropriate actions.

Respectfully,

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Friday, September 26, 2025 12:32 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs
.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Albert Macias <albert.macias@raicestexas.org>; San
Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-168 and 484

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust
the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
instructions.

Good morning Officer,

Thank you for your previous response. Flores Class member has been detained for approximately **23 DAYS.**

Please be advised that **A FINAL ORDER OF REMOVAL OR PENDING ADJUDICATION ARE NOT VALID REASONS TO DETAIN A CHILD OVER 20 DAYS.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days.

Respectfully,

Albert Macias

RAICES

On Tuesday, September 23, 2025 at 9:08:53 AM UTC-5 RAICES Karnes wrote:

Good morning officers,

I write to follow up on this request for our clients. This Flores classmember has been detained for **20 days**. Please advise as to when this family can expect to be released. Thank you for your time

Respectfully,

**Sam Doiron** (she/her/hers)

Staff Attorney I Asylum Access Services I RAICES

+1 (210) 591-0534 I sam.doiron@raicestexas.org I raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

On Mon, Sep 22, 2025 at 9:13 AM RAICES Karnes <raiceskarnes@raicestexas.org> wrote:

Good morning Officer,

Thank you for your previous response. Flores Class member has been detained for approximately **19 days.**

Please be advised that **A FINAL ORDER OF REMOVAL OR PENDING ADJUDICATION ARE NOT VALID REASONS TO DETAIN A CHILD OVER 20 DAYS.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days.

Respectfully,

Albert Macias

RAICES

On Friday, September 19, 2025 at 9:24:10 AM UTC-5 SNALegalAccess-Dilley, wrote:

Good morning,

The family's case is currently pending a determination from USCIS. Once a decision has been issued, copies of the determination will be provided to the family.

If you have any questions regarding the status of the interview or related matters, please reach out to USCIS directly.

Respectfully,

Deportation Officer

**From:** Albert Macias <albert.macias@raicestexas.org>
**Sent:** Friday, September 19, 2025 8:54 AM
**To:** San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Consuegra, Ernesto <ernesto.consuegra@ice.dhs.gov>; SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>; De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>
**Cc:** Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Sam Doiron <sam.doiron@raicestexas.org>; RAICES Karnes <raiceskarnes@raicestexas.org>
**Subject:** Release Status and Potential Violation of Flores Settlement, Axxx-xxx-168 and 484

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Dear Officers:

We write with regard to our clients, Flores Class Members ███████████████
███████████ , and their parent(s), ███████████████████████████████ . ██ Our fully executed
G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores
settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate
settings such as ICE's "Family Residential Centers", "with all deliberate speed" and these children along with
their mother have been in DHS custody since approximately **09/03/2025**. See Flores v. Barr, No. CV 85-4544-
DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ███████████████
███████████ , "without unnecessary delay in a manner consistent with the Flores Settlement
Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors."
Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and
specifically stated ICE can achieve compliance by releasing children together with their parents. See Flores v.
Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by
regulation to conduct an individualized custody determination for the detained parents of a minor in its custody
for the purpose of releasing the child and parent together, given that the parent is the preferential sponsor. 8
C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger
to the child or has a criminal history. No such evidence has been presented in this case. Accordingly,
simultaneous release of ███████████████████████████████ , and their parent(s), ███████
███████████████████ is required in order to comply with the Flores Settlement
Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March
30, 2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F.
Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent despite Judge Gee's orders, please
provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not
limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and
record the prompt and continuous efforts on its part toward family reunification and the release of the minor."
Please note that any response to this request that is based on the status of the children's immigration case
would be insufficient per Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020)
("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under
the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts
toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to
release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family,
please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining
tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,
**Albert Macias**
RAICES



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-678

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                                     Thu, Dec 4, 2025 at 12:06 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ----------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Wednesday, October 15, 2025 9:37:29 AM UTC-5
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-678
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>, Rodolfo Altillo <rodolfo.altillo@raicestexas.org>,
Janeth De Jesus <janeth.dejesus@raicestexas.org>, San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>

Good morning,

As a reminder, your client remains a proven flight risk. Your client continues to unwillingly cooperate with the Colombian
consulate to obtain travel documents. Your client is already violating one of the conditions of the I-220B Order of
Supervision release paperwork. A third country removal request has been made; however your client will remain in
custody until their removal is completed.

███████████████████

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release
under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance
with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know"
without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Wednesday, October 15, 2025 9:23 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs

gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Janeth De Jesus <janeth.dejesus@raicestexas.org>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-678

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

---

Good morning Officer,

As a reminder, Flores Class members have now been detained for approximately **29 DAYS**.

**A FINAL ORDER OF REMOVAL IS NOT A VALID REASON TO DETAIN A CHILD OVER 20 DAYS.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days. .

Respectfully,

Albert Macias

RAICES

On Wednesday, October 8, 2025 at 11:52:49 AM UTC-5 RAICES Karnes wrote:

> Good morning Officer,
>
> Thank you for response. As a reminder, Flores Class members have now been detained for approximately **22 DAYS**.
>
> Please be advised that **A FINAL ORDER OF REMOVAL IS NOT A VALID REASON TO DETAIN A CHILD OVER 20 DAYS.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days. .
>
> Respectfully,
>
> Albert Macias
>
> RAICES
>
> On Tuesday, October 7, 2025 at 9:53:14 AM UTC-5 SNALegalAccess-Dilley, wrote:
>
>> Good Morning,

Your clients came into custody with a Final Order of Removal already signed by an Immigration Judge. The only reason that your client remains in custody is due to their unwillingness to cooperate with the Colombian consulate to obtain a Colombian travel document. Due to the facts, your client is deemed a flight risk and will remain in custody until their programmed removal to their country of origin.

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, October 7, 2025 9:24 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Janeth De Jesus <janeth.dejesus@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-678

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning Officers,

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

**These Flores Class Members have now been detained a total of 21 days.**

Because ICE has not submitted evidence of individualized release assessments for Class Members awaiting asylum decisions, much less evidence that ICE makes and records individual assessments in a prompt and continuous manner, the Court finds ICE in violation of the FSA's Paragraph 18 (as well as the Court's prior June 27, 2017 Order) with regard to Class Members in expedited removal proceedings who are "pending IJ hearing/decision" or "pending USCIS response." Because unnecessary delay has resulted from this apparent failure to make individualized parole assessments, ICE is also in violation of Paragraph 14. Flores v. Barr, No. CV854544DMGAGRX, 2020 WL 2758792, at *11 (C.D. Cal. Apr. 24, 2020).

Please advise.


Respectfully,
Betsaida Lopez
RAICES




On Monday, October 6, 2025 at 9:36:24 AM UTC-5 RAICES Karnes wrote:

> Dear Officers:
>
>
> We write with regard to our clients, Flores Class Member ████████████ ████████████████████ and her parents, ████████ ████████████ and ████████████████████████ (████████████). Our fully executed G28s are attached.
>
>
> Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and this child along with his father have been in DHS custody since approximately **09/16/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ████████ "without unnecessary delay in a manner consistent with

the Flores Settlement Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors." *Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically stated ICE can achieve compliance by <u>releasing children together with their parents</u>. *See Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent together, given that the parent is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ████████ and her parents is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. *See O.M.G. v. Wolf*, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); *Ms. L. v. U.S. Immigration & Customs Enforcement*, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain this Flores Class Member and her parents despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class member, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." <u>Please note that any response to this request that is based on the status of</u> ██████ <u>immigration case would be insufficient per Judge Gee's Flores orders</u>. *Flores*, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the child is in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release this Flores Class Member and her parents. If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,

**Sam Doiron** (she/her/hers)

Staff Attorney I Asylum Access Services I RAICES

+1 (210) 591-0534 I sam.doiron@raicestexas.org I raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

# RAICES

Javier Hidalgo <javier.hidalgo@raicestexas.org>

---

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-598

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                               Thu, Dec 4, 2025 at 12:07 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ---------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Wednesday, October 15, 2025 at 1:17:34 PM UTC-5
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-598
To: RAICES Karnes <raiceskarnes@raicestexas.org>

Good afternoon,

Your client failed to comply with a scheduled removal while in a detained environment. Based on the totality of the
circumstances, your client is considered a flight risk and will remain in custody. Thank you.

Deportation Officer

DIPC

---

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, October 14, 2025 3:33 PM
**To:** San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Consuegra, Ernesto
<ernesto.consuegra@ice.dhs.gov>; SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>; De Leon,
Maria V <Maria.V.DeLeon@ice.dhs.gov>
**Cc:** Rodolfo Altillo <rodolfo.altillo@raicestexas.org>
**Subject:** Release Status and Potential Violation of Flores Settlement, Axxx-xxx-598

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust
> the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
> instructions.

Dear Officers:

We write with regard to our clients, Flores Class Members ███████████████████, and their parent(s),
███████████████████. Our fully executed G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and these children along with their parent(s) have been in DHS custody since approximately **08/28/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ███████████████████████, "without unnecessary delay in a manner consistent with the Flores Settlement Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors." Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically stated ICE can achieve compliance by releasing children together with their parents. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent(s) together, given that the parent(s) is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ███████████████████ and their parent(s), ███████████████████████ is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent(s) despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to this request that is based on the status of the children's immigration case would be insufficient per Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,
**Maria Maldonado**
RAICES



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                          Thu, Dec 4, 2025 at 12:17 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ---------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Thursday, October 23, 2025 at 11:33:12 AM UTC-5
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>, San Antonio.Outreach
<SanAntonio.Outreach@ice.dhs.gov>, De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>, Rodolfo Altillo
<rodolfo.altillo@raicestexas.org>

Good morning,

We are once again denying that request for release, your client has proven to be a flight risk due to their inability to
comply with his scheduled removal. Your client has been given the due process of a Credible Fear interview with USCIS,
that decision was then reviewed and affirmed by an Immigration Judge. Your client's will remain in custody until the
execution of their removal has effectively taken place.

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release
under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance
with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know"
without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Thursday, October 23, 2025 11:17 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; San Antonio.Outreach
<sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; Rodolfo Altillo

&lt;rodolfo.altillo@raicestexas.org&gt;
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

---

Good morning Officers,

We are once again following up on our release request for Flores Class Member ████████████████ and his father, ████████████████.

## The Flores Class members have been detained for approximately **59 days.**

Please advise,

Thank you

Maria Maldonado

RAICES

On Tue, Oct 21, 2025 at 3:50 PM RAICES Karnes &lt;raiceskarnes@raicestexas.org&gt; wrote:

Good afternoon Officers,

Because ICE has not submitted evidence of individualized release assessments for Class Members awaiting asylum decisions, much less evidence that ICE makes and records individual assessments in a prompt and continuous manner, the Court finds ICE in violation of the FSA's Paragraph 18 (as well as the Court's prior June 27, 2017 Order) with regard to Class Members in expedited removal proceedings who are "pending IJ hearing/decision" or "pending USCIS response." Because unnecessary delay has resulted from this apparent failure to make individualized parole assessments, ICE is also in violation of Paragraph 14. See Flores v. Barr, No. CV854544DMGAGRX, 2020 WL 2758792, at *11 (C.D. Cal. Apr. 24, 2020).

The Flores Class members have been detained for approximately **57 days.**

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, **including a final removal order** or pending adjudication, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

EXHIBIT A Page 16 of 61

Please advise.

Respectfully,

Betsaida Lopez

RAICES

On Wednesday, October 15, 2025 at 1:14:39 PM UTC-5 SNALegalAccess-Dilley, wrote:

Good afternoon,

We are diligently working on this case. A third removal attempt has not been scheduled. Your client failed to comply with a scheduled removal while in a detained environment. Based on the totality of the circumstances, your client is considered a flight risk and will remain in custody. Thank you.

Deportation Officer

DIPC

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, October 14, 2025 2:45 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Officers,

We are kindly following up on our aforementioned request. The Flores Class members have been detained for approximately **50** days.

Thank you

Maria Maldonado

On Thu, Oct 9, 2025 at 1:28 PM RAICES Karnes <raiceskarnes@raicestexas.org> wrote:

Good afternoon ICE officers,

Has the date of removal been set or is there an approximate time frame for removal?

Thank you,

Lucia Centurion

RAICES

On Wednesday, October 8, 2025 at 3:47:24 PM UTC-5 SNALegalAccess-Dilley, wrote:

Good afternoon,

Your client failed to comply with a scheduled removal while in a detained environment. Based on the totality of the circumstances, your client is considered a flight risk and will remain in custody. Your client will be scheduled for another removal attempt, failure to comply with the removal will result in additional federal prosecution for your client.

Deportation Officer

DIPC

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Wednesday, October 8, 2025 11:30 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning Officers,

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, **including a final removal order** or pending adjudication, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

These Flores Class Members have now been detained for approximately **44 DAYS**. Prior to this, Flores Class members were in DHS detention from approximately 04/25/2025 until about 06/27/2025, approximately **60 DAYS.**

Please advise.
Betsaida Lopez

RAICES

On Friday, October 3, 2025 at 8:31:58 AM UTC-5 SNALegalAccess-Dilley, wrote:

Good Morning,

Your client failed to comply with a scheduled removal while in a detained environment. Based on the totality of the circumstances, your client is considered a flight risk and will remain in custody. Your client will be scheduled for a secondary removal, failure to comply with the removal will result in additional federal prosecution for your client.

████████████████████

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Friday, October 3, 2025 8:09 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning Officer,

Flores Class members have now been detained for approximately **39 DAYS**. Prior to this, Flores Class members were in DHS detention from approximately 04/25/2025 until about 06/27/2025, approximately **60 DAYS.**

**A FINAL ORDER OF REMOVAL IS NOT A VALID REASON TO DETAIN A CHILD OVER 20 DAYS.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days. .

Respectfully,

Albert Macias

RAICES

On Wednesday, October 1, 2025 at 1:41:24 PM UTC-5 RAICES Karnes wrote:

Good afternoon ICE officers,

I'm respectfully following up on the Flores notice.

Thank you,

Lucia Centurion

RAICES

On Monday, September 29, 2025 at 9:58:41 AM UTC-5 RAICES Karnes wrote:

Good morning Officer,

Thank you for response. As a reminder, Flores Class members have now been detained for approximately **35 DAYS**. Prior to this, Flores Class members were in DHS detention from approximately 04/25/2025 until about 06/27/2025, approximately **60 DAYS.**

Please be advised that **A FINAL ORDER OF REMOVAL IS NOT A VALID REASON TO DETAIN A CHILD OVER 20 DAYS.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days. .

Respectfully,

Albert Macias

RAICES

On Wednesday, September 24, 2025 at 1:12:33 PM UTC-5 SNALegalAccess-Dilley, wrote:

Good afternoon,

Your clients failed to comply with their removal order. Their cases are being reviewed for prosecution for Failure to Comply. There is no release date at this time.

Deportation Officer

DIPC

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Wednesday, September 24, 2025 10:29 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Thank you,

Do these clients have a set date for release?

Lucia Centurion

RAICES

On Tuesday, September 23, 2025 at 11:22:34 AM UTC-5 SNALegalAccess-Dilley, wrote:

Good morning,

IJ affirmed the negative CF determination. Your clients will be removed soon. Thank you.

Deportation Officer

DIPC

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, September 23, 2025 9:15 AM

**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

---

Good morning officers,

Please provide an update on our client's release status. This Flores classmember has now been detained for approximately **29 DAYS**. Prior to this, the Flores classmember was in DHS detention from approximately 04/25/2025 until about 06/27/2025, approximately **60 DAYS.**

**Please note:** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that ICE **must release** minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. *See Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, **including a final removal order** or pending adjudication, is not a sufficient reason to detain a child past 20 days. *See Flores v. Barr*, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

Respectfully,

**Sam Doiron** (she/her/hers)

Staff Attorney | Asylum Access Services | RAICES

+1 (210) 591-0534 | sam.doiron@raicestexas.org | raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

On Mon, Sep 22, 2025 at 10:48 AM RAICES Karnes <raiceskarnes@raicestexas.org> wrote:

Good morning officers,

Please provide an update on our client's release status. Flores Class members have now been detained for approximately **28 DAYS**. Prior to this, Flores Class members were in DHS detention from approximately 04/25/2025 until about 06/27/2025, approximately **60 DAYS**.

**Please note:** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, **including a final removal order** or pending adjudication, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).


Respectfully,

Betsaida Lopez

RAICES


On Thursday, September 18, 2025 at 7:41:27 AM UTC-5 SNALegalAccess-Dilley, wrote:

Good morning,


Your clients have been scheduled for removal and will be removed soon. Thank you.


Deportation Officer

DIPC


**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Wednesday, September 17, 2025 8:57 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-532


**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.


Good morning officers,

Please provide an update on our client's release status. Flores Class members have now been detained for approximately **23 DAYS**. Prior to this, Flores Class members were in DHS detention from approximately 04/25/2025 until about 06/27/2025, approximately **60 DAYS**.

Respectfully,

Albert Macias

RAICES

On Tuesday, September 16, 2025 at 12:02:56 PM UTC-5 RAICES Karnes wrote:

Good morning, Officers,

We are following up om the above Release Status and Potential Violation of Flores
Settlement for our clients Flores Class Member ███████████████ and
his father, ███████████████. This child and his father have been in DHS custody
since approximately 08/25/2025. Prior to this, our client and his father were in DHS
custody in South Texas Family Detention Center from 04/25/2025 until their release on or
about 06/27/2025.

Please provide us with an updated status of release and the proper documentation that
ICE has made prompt and continuous efforts to release this Flores Class Member and his
parent.

Thank you,

Monica Gutierrez

RAICES

On Friday, September 12, 2025 at 1:55:36 PM UTC-5 RAICES Karnes wrote:

Dear Officers:

We write with regard to our clients, Flores Class Member
███████████████ and his father, ███████████
███████████████. Our fully executed G28s are attached.

Please provide information regarding the status of this Family
Unit's release. To comply with the Flores settlement
agreement, ICE must effectuate the release of Class Members
detained in unlicensed congregate settings such as ICE's
"Family Residential Centers", "with all deliberate speed" and
this child along with his father have been in DHS custody since
approximately **08/25/2025**. **Prior to this, our client and his
father were in DHS custody in South Texas Family
Detention Center from 04/25/2025, until their release on or
about 06/27/2025.** *See Flores v. Barr*, No. CV 85-4544-DMG
(AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE
must release ███████████, "without unnecessary delay in a
manner consistent with the Flores Settlement Agreement and
the Court's prior Orders, and consistent with concern for the

particular vulnerability of minors." *Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically stated ICE can achieve compliance by releasing children together with their parents. *See Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent together, given that the parent is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ██████████, and his father, ██████████ is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. *See O.M.G. v. Wolf*, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); *Ms. L. v. U.S. Immigration & Customs Enforcement*, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain this Flores Class Member and his parent despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class member, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to this request that is based on the status of the children's immigration case would be insufficient per Judge Gee's Flores orders. *Flores*, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release this Flores Class Member and his parent. If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,

**Sam Doiron** (she/her/hers)

Staff Attorney I Asylum Access Services I RAICES

+1 (210) 591-0534 I sam.doiron@raicestexas.org I raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-437
1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                                   Thu, Dec 4, 2025 at 12:18 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ---------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Wednesday, October 15, 2025 at 3:34:23 PM UTC-5
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-437
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>, Rodolfo Altillo <rodolfo.altillo@raicestexas.org>,
Janeth De Jesus <janeth.dejesus@raicestexas.org>, San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>, De
Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>

Good afternoon,

In client's Master Hearing on 10/06/2025, the Immigration Judge gave your client a task to be complete by a certain time
frame. Due to the IJ decision your client will remain in custody, and a reevaluation will be done at that time set by the IJ
considering the family next Master Hearing on 10/22/2025.

Respectfully,

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, October 14, 2025 3:49 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.o
rg>; Janeth De Jesus <janeth.dejesus@raicestexas.org>; San Antonio.Outreach
<sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-437

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust
the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
instructions.

Good afternoon Officers,

We are following up on our aforementioned request for ████████████████████ and her
mother, ████████████████████████████.

Flores Class members have been detained for **29** days.

Thank you

Maria Maldonado

On Thu, Oct 9, 2025 at 3:24 PM RAICES Karnes <raiceskarnes@raicestexas.org> wrote:

Greetings ICE officers,

Respectfully following up on the afore mentioned Flores Violation Notice.

Thank you,

Lucia Centurion

RAICES

On Wednesday, October 8, 2025 at 7:49:56 AM UTC-5 SNALegalAccess-Dilley, wrote:

Good morning,

In client's Master Hearing on 10/06/2025, the Immigration Judge gave your client a task to be complete by a certain
time frame. Due to the IJ decision your client will remain in custody and a reevaluation will be done at that time set
by the IJ.

Respectfully,

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, October 7, 2025 9:09 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>;
Janeth De Jesus <janeth.dejesus@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-
dilley@ice.dhs.gov>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V
<maria.v.deleon@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-437

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning Officers,

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

**These Flores Class Members have now been detained a total of 22 days.**

Because ICE has not submitted evidence of individualized release assessments for Class Members awaiting asylum decisions, much less evidence that ICE makes and records individual assessments in a prompt and continuous manner, the Court finds ICE in violation of the FSA's Paragraph 18 (as well as the Court's prior June 27, 2017 Order) with regard to Class Members in expedited removal proceedings who are "pending IJ hearing/decision" or "pending USCIS response." Because unnecessary delay has resulted from this apparent failure to make individualized parole assessments, ICE is also in violation of Paragraph 14. See Flores v. Barr, No. CV854544DMGAGRX, 2020 WL 2758792, at *11 (C.D. Cal. Apr. 24, 2020).
Please advise.
Betsaida Lopez
RAICES

On Thursday, October 2, 2025 at 8:40:11 AM UTC-5 RAICES Karnes wrote:

Dear Officers:

We write with regard to our clients, Flores Class Member ████████████ ████████████████████████ and her mother, ████████ ████████████████. Our fully executed G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and this child along with her mother have been in DHS custody since approximately **09/15/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ████████ "without unnecessary delay in a manner consistent with the Flores Settlement Agreement and the Court's prior Orders, and

consistent with concern for the particular vulnerability of minors." *Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically stated ICE can achieve compliance by releasing children together with their parents. *See Flores v. Barr*, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent together, given that the parent is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ████████, and her mother is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. *See O.M.G. v. Wolf*, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); *Ms. L. v. U.S. Immigration & Customs Enforcement*, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain this Flores Class Member and her parent despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class member, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." <u>Please note that any response to this request that is based on the status of ████████ immigration case would be insufficient per Judge Gee's Flores orders</u>. *Flores*, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release this Flores Class Member and her parent. If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.


Respectfully,


**Sam Doiron** (she/her/hers)

Staff Attorney I Asylum Access Services I RAICES


+1 (210) 591-0534 I sam.doiron@raicestexas.org I raicestexas.org


RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-749

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                              Thu, Dec 4, 2025 at 12:25 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

——— Forwarded message ———
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Thursday, November 13, 2025 at 4:53:38 PM UTC-6
Subject: RE: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-749
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>, San Antonio.Outreach
<SanAntonio.Outreach@ice.dhs.gov>, De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>, Janeth De Jesus
<janeth.dejesus@raicestexas.org>

Good afternoon

As mentioned on previous emails sent 11/07, 11/10, 11/11 and today 11/13 inquiring about your client, your client primary
attorney has filed the necessary forms for the family BIA appeal. As of today, waiting on a date of the next hearing and
decision from the BIA.

Respectfully,

Deportation Officer

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Thursday, November 13, 2025 11:23 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; San Antonio.Outreach
<sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; Janeth De Jesus
<janeth.dejesus@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-749

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust
the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
instructions.

Good morning officer,

Thank you for the update on this case. As stated on 11/10 and 11/11, please be advised that a pending BIA appeal is not a valid reason to detain a child over 20 days. In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that <u>the **procedural posture of a minor**'s immigration case, including a final removal order or **pending adjudication, is not a sufficient reason to detain a child past 20 days.**</u> In this case, Flores Class members have been detained for approximately **29 DAYS.**

The BIA appeal period is typically lengthy; our clients and Flores class members should not be required to await adjudication of their BIA appeal from detention, especially considering the young age of the child. We respectfully request ICE release our clients during the pendency of their appeal.

Sincerely,

**Alvin B. Rodriguez Lynch** (he/him)

Senior Attorney | RAICES

+1 (210) 960-4595 | alvin.rodriguez@raicestexas.org | raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

On Tuesday, November 11, 2025 at 10:42:04 AM UTC-6 SNALegalAccess-Dilley, wrote:

Good morning

As mentioned on previous emailed sent 11/07/2025 inquiring about your clients, your client's primary attorney has filed the necessary forms for the family BIA appeal. As of today, waiting on a date of the next hearing and decision from the BIA.

**Respectfully,**

**Deportation Officer**

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Monday, November 10, 2025 1:46 PM
**To:** SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>; De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>; Janeth De Jesus <janeth.dejesus@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-749

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon,

Thank you for the update on this case. Please be advised that a pending BIA appeal is not a valid reason to detain a child over 20 days. In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days** absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. Judge Gee found that the **procedural posture of a minor's** immigration case, including a final removal order or **pending adjudication, is not a sufficient reason to detain a child past 20 days.** . Flores Class members have been detained for approximately **26 DAYS.**

The BIA appeal period is typically lengthy; our clients and Flores class members should not be required to await adjudication of their BIA appeal from detention, especially considering the young age of the child. We respectfully request ICE release our clients during the pendency of their appeal.

Thank you for your time and consideration,

**Sam Doiron** (she/her/hers)

Supervising Attorney I Asylum Access Services I RAICES

+1 (210) 591-0534 I sam.doiron@raicestexas.org I raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

On Fri, Nov 7, 2025 at 9:53 AM SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov> wrote:

Good morning

As mentioned on previous emailed sent inquiring about your clients, your client's primary attorney has filed the necessary forms for the family BIA appeal. As of today, waiting on a date of the next hearing and decision from the BIA.

**Respectfully,**

**Deportation Officer**

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Tuesday, November 4, 2025 10:04 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; San Antonio.Outreach
<sanantonio.outreach@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; RAICES Karnes
<raiceskarnes@raicestexas.org>; Sam Doiron <sam.doiron@raicestexas.org>; Janeth De Jesus
<janeth.dejesus@raicestexas.org>
**Subject:** Release Status and Potential Violation of Flores Settlement Agreement, #Axxx-xxx-749

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

---

Dear Officers:

We write with regard to our clients, Flores Class Member ▮▮▮▮▮▮▮▮ and their parent, ▮▮▮▮
▮▮▮▮▮▮. Our G28's are attached here.

Please provide information regarding the status of this Family Unit's release, given that in order to comply with Flores ICE is must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and ▮▮▮▮▮▮▮ and their parents have been in DHS custody since approximately 10/16/2025. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Thus, ICE must release ▮▮▮▮▮▮▮ "without unnecessary delay in a manner consistent with the Flores Settlement Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors." Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee, ordering ICE to undertake "renewed and more vigorous efforts" to release minors, specifically stated that ICE can achieve compliance by releasing children together with their parents. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent together, given that the parent is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence that a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ▮▮▮▮▮▮▮ and their parents is required in order to comply with the Flores Settlement Agreement ("FSA"). Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parents despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to this request that is based on the status of ▮▮▮▮▮▮▮s immigration case would be insufficient per Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including

vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing so long as the child is in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parents. If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,

**Janeth De Jesus Arevalo, J.D.** (she/her/hers)
Staff Attorney | RAICES – San Antonio

p. +1 (210) 226-7722 ext. 409 | f. +1 (210) 910-6588
janeth.dejesus@raicestexas.org | raicestexas.org

# RAICES

Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-903, -905, -904

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                    Thu, Dec 4, 2025 at 12:32 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

--------- Forwarded message ---------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Saturday, November 15, 2025 at 8:31:24 AM UTC-6
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-903, -905, -904
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>, Monica Gutierrez <monica.gutierrez@raicestexas.org>, San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>, Rodolfo Altillo <rodolfo.altillo@raicestexas.org>, Sam Doiron <sam.doiron@raicestexas.org>

Good morning,

Your client's case remains the same as the last update that was provided on 11/06/2025:

"Your clients have an upcoming Master Hearing scheduled for 11/18/2025, they will remain in custody until the completion of their hearing."

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

From: RAICES Karnes <raiceskarnes@raicestexas.org>
Sent: Friday, November 14, 2025 10:20 AM
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs

.gov>; Monica Gutierrez <monica.gutierrez@raicestexas.org>; San Antonio.Outreach
<sanantonio.outreach@ice.dhs.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Sam Doiron
<sam.doiron@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-903, -905, -904

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust
the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
instructions.

Greetings ICE officers,

Respectfully following up on the aforementioned Flores Violation Notice.

Thank you,

Lucia Centurion

RAICES

On Friday, November 7, 2025 at 8:50:20 AM UTC-6 RAICES Karnes wrote:

> Good morning Officers,
>
> In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in
> its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid
> a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833
> at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including
> a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v.
> Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).
>
> Please release Flores Class members who have now been detained for approximately **28 DAYS**. Thank you.
>
> Respectfully,
>
> Albert Macias
>
> RAICES
>
> On Thursday, November 6, 2025 at 7:15:22 AM UTC-6 SNALegalAccess-Dilley, wrote:
>
>> Good morning,

Your clients have an upcoming Master Hearing scheduled for 11/18/2025, they will remain in custody until the completion of their hearing.

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS offical. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Wednesday, November 5, 2025 1:55 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; Monica Gutierrez <monica.gutierrez@raicestexas.org>; Consuegra, Ernesto <ernesto.consuegra@ice.dhs.gov>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Sam Doiron <sam.doiron@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-903, -905, -904

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Officers,

We are following up on the request above. Flores Class members have now been detained for approximately **26 DAYS**. Please advise.

Thank you,

**Janeth De Jesus Arevalo, J.D.** (she/her/hers)
Staff Attorney | RAICES – San Antonio

p. +1 (210) 226-7722 ext. 409 | f. +1 (210) 910-6588
janeth.dejesus@raicestexas.org | raicestexas.org

On Monday, November 3, 2025 at 10:29:40 AM UTC-6 RAICES Karnes wrote:

Greetings ICE officers,

Respectfully following up on this Flores Notice.

Thank you,

Lucia Centurion

RAICES

On Thursday, October 30, 2025 at 8:57:07 AM UTC-5 RAICES Karnes wrote:

Good morning Officers,

We are following up on the request above. Flores Class members have now been detained for approximately **20 DAYS**. Please advise.

Thank you,

Albert Macias

RAICES

On Tuesday, October 28, 2025 at 10:43:04 AM UTC-5 Monica Gutierrez wrote:

Thank you,

Monica Gutierrez

--------- Forwarded message ---------
From: **Monica Gutierrez** <monica.gutierrez@raicestexas.org>
Date: Tue, Oct 28, 2025 at 10:41 AM
Subject: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-903, -905, -904
To: <sanantonio.outreach@ice.dhs.gov>, <ernesto.consuegra@ice.dhs.gov>, SNALegalAccess-Dilley@ice.dhs.gov <SNALegalAccess-Dilley@ice.dhs.gov>, Maria.V.DeLeon@ice.dhs.gov <Maria.V.DeLeon@ice.dhs.gov>
Cc: Rodolfo Altillo <rodolfo.altillo@raicestexas.org>, Sam Doiron <sam.doiron@raicestexas.org>

Dear Officers:

We write with regard to our clients, Flores Class Members ███████████████ and their parent(s), ██████ ███████████████████████████████████ Our fully executed G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and these children along with their parent(s) have been in DHS custody since approximately **10/10/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ███████████████ "without unnecessary delay in a manner consistent with the Flores Settlement Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors." Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically stated ICE can achieve compliance by releasing children together with their parents. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent(s) together, given that the parent(s) is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ██████████████████████████, ██████████████ ███, and their parent(s), ████████████ is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent(s) despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to this request that is based on the status of the children's immigration case would be insufficient per Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,

**Monica Gutierrez**
RAICES



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: FW: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158
1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                                                 Thu, Dec 4, 2025 at 12:33 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ----------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Monday, November 24, 2025 at 7:10:57 AM UTC-6
Subject: RE: FW: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158
To: RAICES - Karnes <raiceskarnes@raicestexas.org>

Greetings,

The family's individual hearing is scheduled for January 7, 2026, at 8:30 AM.

**Thank you,**

**Deportation Officer**

**Dilley Immigration Processing Center**

**SNALegalAccess-Dilley@ice.dhs.gov**

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Friday, November 21, 2025 3:04 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>
**Subject:** Re: FW: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon, Officers,

Thank you for providing the case status update.

**Please be advised that a case pending decision/adjudication does not constitute valid grounds for extended detention.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. **Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days.** These Flores Class Members have now been detained for approximately 44 days.

If the FAMU is detained through 1/07/26, they will have been in DHS custody approximately 92 days, in clear violation of the FSA.

Please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Thank you,

Monica Gutierrez

RAICES

On Thursday, November 20, 2025 at 11:23:52 AM UTC-6 SNALegalAccess-Dilley wrote:

Greetings,

The family's individual hearing is scheduled for January 7, 2026, at 8:30 AM.

**Thank you,**

**Deportation Officer**

**Dilley Immigration Processing Center**

**SNALegalAccess-Dilley@ice.dhs.gov**

This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may exempt from public release under the Freedom of Information Act (5U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Thursday, November 20, 2025 10:40 AM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>

Cc: RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs
.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; San Antonio.Outreach
<sanantonio.outreach@ice.dhs.gov>; Janeth De Jesus <janeth.dejesus@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158

<div style="border:1px solid">

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or
trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
instructions.

</div>

Good morning, Officers,

We are following up on the above Release Status and Potential Violation of Flores Settlement. Please confirm receipt
of follow up from 11/19/2025 and provide an updated status.

These Flores Class Members have now been detained a total of about **43 days**.

Thank you,

Monica Gutierrez

RAICES

On Wednesday, November 19, 2025 at 9:51:13 AM UTC-6 RAICES Karnes wrote:

> Good morning, Officers
>
> We are following up on the above Release Status and Potential Violation of Flores Settlement for our client Flores Class
> Member ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and their parent, ▮▮▮▮▮
> ▮▮▮▮▮. Please provided an updated status of this family's release.
>
> **Please be advised that a case pending decision/adjudication does not constitute valid grounds for extended detention.** In
> her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that ICE must release minors in its custody
> within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a
> detained child or others. **Judge Gee found that the procedural posture of a minor's immigration case, including a final
> removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days.** These Flores Class
> Members have now been detained for **42 days.**
>
> This famu's ICH is scheduled for 1/07/26. If the famu is detained through 1/07/26, they will have been in DHS custody
> approximately 92 days, in clear violation of the FSA.
>
> Please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class
> Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped
> to assist with promptly finding sponsorship and obtaining tickets for travel.

Thank you,

Monica Gutierrez

RAICES

On Tuesday, November 11, 2025 at 6:28:07 AM UTC-6 SNALegalAccess-Dilley, wrote:

Good morning,

Your clients case remains the same as the last update that was provided on 11/06/2025:

"The hearing has been rescheduled to November 18, 2025. The Immigration Judge (IJ) has granted FAMU until November 14, 2025, to submit any asylum applications."

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Monday, November 10, 2025 4:26 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Consuegra, Ernesto <ernesto.consuegra@ice.dhs.gov>; Janeth De Jesus <janeth.dejesus@raicestexas.org>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon, Officers

We are following up on the above Release Status and Potential Violation of Flores Settlement. Please provided an updated status of this family's release.

These Flores Class Members have now been detained a total of about **33 days**.

Thank you,

Monica Gutierrez

RAICES

On Friday, November 7, 2025 at 1:11:48 PM UTC-6 RAICES Karnes wrote:

Hello,

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

**These Flores Class Members have now been detained a total of about 30 days.**

Because ICE has not submitted evidence of individualized release assessments for Class Members awaiting asylum decisions, much less evidence that ICE makes and records individual assessments in a prompt and continuous manner, the Court finds ICE in violation of the FSA's Paragraph 18 (as well as the Court's prior June 27, 2017 Order) with regard to Class Members in expedited removal proceedings who are "pending IJ hearing/decision" or "pending USCIS response." Because unnecessary delay has resulted from this apparent failure to make individualized parole assessments, ICE is also in violation of Paragraph 14. See Flores v. Barr, No. CV854544DMGAGRX, 2020 WL 2758792, at *11 (C.D. Cal. Apr. 24, 2020).

Please advise,

Betsaida Lopez

RAICES

On Thursday, November 6, 2025 at 6:38:49 AM UTC-6 SNALegalAccess-Dilley, wrote:

Greetings,

The hearing has been rescheduled to November 18, 2025. The Immigration Judge (IJ) has granted FAMU until November 14, 2025, to submit any asylum applications.

Thank you,

**Deportation Officer**

**Dilley Immigration Processing Center**

SNALegalAccess-Dilley@ice.dhs.gov

This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may exempt from public release under the Freedom of Information Act (5U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Wednesday, November 5, 2025 3:50 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; RAICES Karnes <raiceskarnes@raicestexas.org>; De Leon, Maria V <maria.v.deleon@ice.dhs.gov>; San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Sam Doiron <sam.doiron@raicestexas.org>; Janeth De Jesus <janeth.dejesus@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Officers,

Kindly following up on this request. Has this family been released already? If not, when could they expect to be released?

**Please be advised that a case pending decision/adjudication does not constitute valid grounds for extended detention.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. **Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days.** These Flores Class Members have now been detained for **28 days.**

Thank you in advance for your prompt attention to this delicate and urgent matter.

**Janeth De Jesus Arevalo, J.D.** (she/her/hers)
Staff Attorney | RAICES – San Antonio

p. +1 (210) 226-7722 ext. 409 | f. +1 (210) 910-6588
janeth.dejesus@raicestexas.org | raicestexas.org

On Tuesday, November 4, 2025 at 8:06:59 AM UTC-6 SNALegalAccess-Dilley, wrote:

Greetings,

The hearing has been rescheduled to November 18, 2025. The Immigration Judge (IJ) has
granted FAMU until November 14, 2025, to submit any asylum applications.

**Thank you,**

**Deportation Officer**

**Dilley Immigration Processing Center**

**SNALegalAccess-Dilley@ice.dhs.gov**

This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information
that may exempt from public release under the Freedom of Information Act (5U.S.C. 552). It is to be
controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy
relating to FOUO information and is not to be released to the public or other personnel who do not have a
valid "need-to-know" without prior approval of an authorized DHS official. No portion of this
communication should be furnished to the media, either in written or verbal form.

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Monday, November 3, 2025 2:56 PM
**To:** Albert Macias <albert.macias@raicestexas.org>
**Cc:** San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Consuegra, Ernesto
<ernesto.consuegra@ice.dhs.gov>; SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs
.gov>; De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>; Rodolfo Altillo
<rodolfo.altillo@raicestexas.org>; Janeth De Jesus <janeth.dejesus@raicestexas.org>; RAICES
Karnes <raiceskarnes@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-849 & 158

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon officers,

I write to follow up on this request for our clients. This family has been in DHS custody for 26 days. Please advise as to when this family can expect to be released. Thank you so much

Respectfully,

**Sam Doiron** (she/her/hers)

Supervising Attorney | Asylum Access Services | RAICES

+1 (210) 591-0534 | sam.doiron@raicestexas.org | raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have received this email in error, please notify the sender and permanently delete the email and any attachments immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

On Thu, Oct 30, 2025 at 9:16 AM Albert Macias <albert.macias@raicestexas.org> wrote:

Dear Officers:

We write with regard to our clients, Flores Class Members ▮▮▮▮▮▮▮▮▮▮, and their parent(s), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Our fully executed G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and these children along with their parent(s) have been in DHS custody since approximately **10/08/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ▮▮▮▮▮▮▮▮▮▮▮▮, "without unnecessary delay in a manner consistent with the Flores Settlement Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of minors." Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically stated ICE can achieve compliance by releasing children together with their

parents. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the child and parent(s) together, given that the parent(s) is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and their parent(s), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent(s) despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to this request that is based on the status of the children's immigration case would be insufficient per Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,
**Albert Macias**
RAICES

# RAICES

Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-526, 525, and 527

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                    Thu, Dec 4, 2025 at 12:34 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

———— Forwarded message ————
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Monday, November 24, 2025 at 4:03:54 PM UTC-6
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-526, 525, and 527
To: RAICES Karnes <raiceskarnes@raicestexas.org>
Cc: Rodolfo Altillo <rodolfo.altillo@raicestexas.org>, Sam Doiron <sam.doiron@raicestexas.org>, Albert Macias <albert.macias@raicestexas.org>

Good afternoon,

Your clients are scheduled their individual hearing on January 14, 2025. A review of their custody status will be completed following the decision from an immigration judge.

Respectfully,

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

**From:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Sent:** Monday, November 24, 2025 1:27 PM
**To:** RAICES Karnes <raiceskarnes@raicestexas.org>
**Cc:** RAICES Karnes <raiceskarnes@raicestexas.org>; SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Sam Doiron <sam.doiron@raicestexas.org>; Albert Macias <albert.macias@raicestexas.org>
**Subject:** Re: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-526, 525, and 527

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon officers,

We are following up on the above Release Status and Potential Violation of Flores Settlement. Please confirm receipt of follow up and provide an updated status of the FAMU's release. They have been detained for approximately **50 DAYS.**

**Please be advised that a case pending decision/adjudication does not constitute valid grounds for extended detention.** In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others. **Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or pending adjudication, is not a sufficient reason to detain a child past 20 days.**

Thank you,

Albert Macias

RAICES

On Friday, November 21, 2025 at 1:25:39 PM UTC-6 RAICES Karnes wrote:

Good afternoon, Officers,

We are following up on the above Release Status and Potential Violation of Flores Settlement. Please confirm receipt of follow up and provide an updated status of the FAMU's release. They have been detained for approximately 47 Days.

Thank you,

Monica Gutierrez

RAICES

On Wednesday, November 19, 2025 at 9:19:15 AM UTC-6 RAICES Karnes wrote:

Good morning, Officers.

We are following up on the above Release Status and Potential Violation of Flores Settlement for our clients Flores Class Members ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and their parent(s), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

This famu's ICH is scheduled for 1/14/26. If the famu is detained through 1/14/26, they will have been in DHS custody approximately 101 days, in clear violation of the FSA.

Please confirm receipt of this follow up and provide an updated status along with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Thank you,

Monica Gutierrez

RAICES

On Wednesday, November 5, 2025 at 3:37:40 PM UTC-6 RAICES Karnes wrote:

Good afternoon, Officers,

Thank you for your prompt response to the above Release Status and Potential Violation of Flores Settlement request.

In her April 24, 2020 Order in the Flores settlement agreement, Judge Gee reiterated that **ICE must release minors in its custody within 20 days absent a specific, individualized determination that detention is necessary to avoid a flight risk or danger to a detained child or others.** See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). Judge Gee found that the procedural posture of a minor's immigration case, including a final removal order or **pending adjudication**, is not a sufficient reason to detain a child past 20 days. See Flores v. Barr, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020).

Please confirm receipt of this follow up and provide an updated status along with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Thank you,

Monica Gutierrez

RAICES

On Tuesday, November 4, 2025 at 2:39:15 PM UTC-6 SNALegalAccess-Dilley, wrote:

Good afternoon,

Your clients are scheduled a Master hearing on 11/18/2025. The family will remain in custody pending the completion of their immigration process. G-28s have been uploaded into their cases.

Respectfully,

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

**From:** Albert Macias <albert.macias@raicestexas.org>
**Sent:** Tuesday, November 4, 2025 9:02 AM
**To:** San Antonio.Outreach <sanantonio.outreach@ice.dhs.gov>; Consuegra, Ernesto
<ernesto.consuegra@ice.dhs.gov>; SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>;
De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>
**Cc:** Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; RAICES Karnes <raiceskarnes@raicestexas.org>;
Sam Doiron <sam.doiron@raicestexas.org>
**Subject:** Release Status and Potential Violation of Flores Settlement, Axxx-xxx-526, 525, and 527

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize
> and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click
> here and follow instructions.

Dear Officers:

We write with regard to our clients, Flores Class Members ██████████████████████████████████████
████████████████████████████████████████████████████, and their parent(s),
████████████████████████████████████████. Our fully executed G28s
are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores
settlement agreement, ICE must effectuate the release of Class Members detained in unlicensed
congregate settings such as ICE's "Family Residential Centers", "with all deliberate speed" and these
children along with their parent(s) have been in DHS custody since approximately **10/05/2025**. See Flores v.
Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release
███████████, "without unnecessary delay in a manner consistent with the Flores Settlement Agreement and
the Court's prior Orders, and consistent with concern for the particular vulnerability of minors." Flores v. Barr,
No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and
specifically stated ICE can achieve compliance by releasing children together with their parents. See Flores
v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required
by regulation to conduct an individualized custody determination for the detained parents of a minor in its
custody for the purpose of releasing the child and parent(s) together, given that the parent(s) is the
preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of ███████████████ ███████████████ and their parent(s), ███████████ ███████████ is required in order to comply with the Flores Settlement Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30, 2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent(s) despite Judge Gee's orders, please provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to this request that is based on the status of the children's immigration case would be insufficient per Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,
**Albert Macias**
RAICES



Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-354

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                    Thu, Dec 4, 2025 at 12:35 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

---------- Forwarded message ----------
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Tuesday, November 25, 2025 at 11:45:43 AM UTC-6
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-354
To: Alvin Rodriguez Lynch <alvin.rodriguez@raicestexas.org>, SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.
dhs.gov>, De Leon, Maria V <Maria.V.DeLeon@ice.dhs.gov>, San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.
gov>
Cc: RAICES - Karnes <raiceskarnes@raicestexas.org>, Janeth De Jesus <janeth.dejesus@raicestexas.org>, Rodolfo
Altillo <rodolfo.altillo@raicestexas.org>, Sam Doiron <sam.doiron@raicestexas.org>

Good morning,

Your client was detained and charged with INA violation 237(a)(1)(B) Nonimmigrant overstay. Prior to her 10/30/2025
hearing your client was informed multiple times that because of her lawful entry into the U.S., her case currently qualified
for an immigration bond.  The Immigration Judge concluded that your client did not have a prima-facie for an asylum case,
they were therefor granted a Voluntary Departure under safeguard conditions. Your client submitted a BIA appeal on
11/11/2025, your client will remain in custody until a BIA decision has been allocated.

Deportation Officer

San Antonio Field Office, Dilley Immigration Processing Center

Enforcement and Removal Operations (ERO)

U.S. Immigration and Customs Enforcement (ICE)

Warning: This document is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release
under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance
with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know"
without prior approval of an authorized DHS official. No portion of this report should be furnished to the media, either in written or verbal form.

**From:** Alvin Rodriguez Lynch <alvin.rodriguez@raicestexas.org>
**Sent:** Tuesday, November 25, 2025 11:10 AM

**To:** SNALegalAccess-Dilley, <snalegalaccess-dilley@ice.dhs.gov>; De Leon, Maria V
<Maria.V.DeLeon@ice.dhs.gov>; San Antonio.Outreach <SanAntonio.Outreach@ice.dhs.gov>; Consuegra,
Ernesto <ernesto.consuegra@ice.dhs.gov>
**Cc:** RAICES - Karnes <raiceskarnes@raicestexas.org>; Janeth De Jesus <janeth.dejesus@raicestexas.org>;
Rodolfo Altillo <rodolfo.altillo@raicestexas.org>; Sam Doiron <sam.doiron@raicestexas.org>
**Subject:** Release Status and Potential Violation of Flores Settlement, Axxx-xxx-354

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust
the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow
instructions.

Dear Officers:

We write with regard to our clients, Flores Class Member ██████████████████████████████, and
his mother, ████████████████. Our fully executed G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement
agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as ICE's
"Family Residential Centers", "with all deliberate speed" and these children along with their parent(s) have been in DHS
custody since approximately **10/07/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D.
Cal. June 26, 2020). ICE must release ████████████████, "without unnecessary delay in a
manner consistent with the Flores Settlement Agreement and the Court's prior Orders, and consistent with concern for the
particular vulnerability of minors." Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7,
2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and specifically
stated ICE can achieve compliance by releasing children together with their parents. See Flores v. Barr, No. CV 85-4544-
DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to conduct an
individualized custody determination for the detained parents of a minor in its custody for the purpose of releasing the
child and parent(s) together, given that the parent(s) is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence that a parent is a danger to the
child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release of
████████████████████████, and their parent(s) is required in order to comply with the Flores Settlement
Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30, 2020
Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d 1133 (S.D. Cal.
Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent(s) despite Judge Gee's orders, please provide
recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to a written
custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the prompt and
continuous efforts on its part toward family reunification and the release of the minor." Please note that any response to
this request that is based on the status of the children's immigration case would be insufficient per Judge Gee's Flores
orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted by ICE continues to show
cursory explanations for denying minors release under the FSA, including vague categories such as 'USCIS/IJ Review,'
which the Court previously criticized."). Efforts toward release must be ongoing as long as the children are in custody,
pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release
these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that
RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Sincerely,

—

**Alvin B. Rodriguez Lynch** (he/him)

Senior Attorney | RAICES

+1 (210) 960-4595 | alvin.rodriguez@raicestexas.org | raicestexas.org

RAICES is a 501(c)3 not-for-profit organization with federal tax identification number 74-2436920 and a
principal address at P.O. Box 786100, San Antonio, TX 78278. The information contained in this email and
any attachments may be legally privileged and confidential. If you are not an intended recipient, you are
hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you have
received this email in error, please notify the sender and permanently delete the email and any attachments
immediately. You should not retain, copy, or use this email or any attachment for any purpose, nor disclose
all or any part of the contents to any other person.

# RAICES

Javier Hidalgo <javier.hidalgo@raicestexas.org>

## Fwd: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-479, 480, and 481

1 message

**Javier Hidalgo** <javier.hidalgo@raicestexas.org>                    Thu, Dec 4, 2025 at 12:37 PM
To: Javier Hidalgo <javier.hidalgo@raicestexas.org>

———— Forwarded message ————
From: SNALegalAccess-Dilley, <SNALegalAccess-Dilley@ice.dhs.gov>
Date: Wednesday, November 26, 2025 at 8:38:17 AM UTC-6
Subject: RE: Release Status and Potential Violation of Flores Settlement, Axxx-xxx-479, 480, and 481
To: RAICES Karnes <raiceskarnes@raicestexas.org>

Good morning,

Case Update: Family is scheduled for court on 12.12.25.

Currently no plans for release.

Thank you,

Deportation Officer

Dilley Immigration Processing Center

San Antonio Field Office

Enforcement and Removal Operations

300 El Rancho Way Dilley, TX 78017

Good morning officers,

We are following up on the Flores Violation above. The Flores Class members have now been detained for approximately 21 days. Please confirm that the request has been received and is under review. Thank you.

Respectfully,

Albert Macias

RAICES

On Monday, November 24, 2025 at 1:50:13 PM UTC-6 Albert Macias wrote:

Dear Officers:

We write with regard to our clients, Flores Class Members ███████████████████████████████
████████████████████████, and their parent(s).███████████████████████████████████████ Our
fully executed G28s are attached.

Please provide information regarding the status of this Family Unit's release. To comply with the Flores settlement
agreement, ICE must effectuate the release of Class Members detained in unlicensed congregate settings such as
ICE's "Family Residential Centers", "with all deliberate speed" and these children along with their parent(s) have
been in DHS custody since approximately **11/05/2025**. See Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No.
833 at 3, 4 (C.D. Cal. June 26, 2020). ICE must release ███████████████████████████████████
██████████████████████████████, "without unnecessary delay in a manner consistent with the Flores
Settlement Agreement and the Court's prior Orders, and consistent with concern for the particular vulnerability of
minors." Flores v. Barr, No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3 (C.D. Cal. Aug. 7, 2020).

Moreover, Judge Gee ordered ICE to undertake "renewed and more vigorous efforts" to release minors, and
specifically stated ICE to release children together with their parents. See Flores v. Barr,
No. CV 85-4544-DMG (AGRx), Dkt. No. 833 at 3, 4 (C.D. Cal. June 26, 2020). ICE is also required by regulation to
conduct an individualized custody determination for the detained parents of a minor in its custody for the purpose of
releasing the child and parent(s) together, given that the parent(s) is the preferential sponsor. 8 C.F.R. § 1236.3.

Further, the Ms. L Settlement prohibits the separation of families unless there is evidence a parent is a danger to the
child or has a criminal history. No such evidence has been presented in this case. Accordingly, simultaneous release
of ████████████████████████████████████████████████████████████████████████, and their
parent(s), ████████████████████████████████████ is required in order to comply with the Flores Settlement
Agreement ("FSA"), Ms. L, and the orders in O.M.G. v. Wolf. See O.M.G. v. Wolf, 1:20-cv-00786-JEB, March 30,
2020 Minute Order (D.D.C. Mar. 30, 2020); Ms. L. v. U.S. Immigration & Customs Enforcement, 310 F. Supp. 3d
1133 (S.D. Cal. Jun. 26, 2018).

If ICE has chosen to detain these Flores Class Members and their parent(s) despite Judge Gee's orders, please
provide recorded evidence of ICE's ongoing efforts to release the Flores class members, including but not limited to
a written custody determination, pursuant to ICE's duty under Paragraph 18 of the FSA to "make and record the
prompt and continuous efforts on its part toward family reunification and the release of the minor." Please note that
any response to this request that is based on the status of the children's immigration case would be insufficient per
Judge Gee's Flores orders. Flores, 2:85-cv-4544-DMG-AGR (C.D. Cal. May 22, 2020) ("[T]he information submitted
by ICE continues to show cursory explanations for denying minors release under the FSA, including vague
categories such as 'USCIS/IJ Review,' which the Court previously criticized."). Efforts toward release must be
ongoing as long as the children are in custody, pursuant to Paragraph 14 of the FSA.

Again, please provide us with the proper documentation that ICE has made prompt and continuous efforts to release
these Flores Class Members and their parent(s). If there are any sponsorship needs for this family, please know that
RAICES is ready and equipped to assist with promptly finding sponsorship and obtaining tickets for travel.

Please do not hesitate to contact us with any questions.

Respectfully,
Albert Macias
RAICES