UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-85-4544-DMG (AGRx) | Date | December 15, 2025 |
| Title | *Jenny L. Flores, et al. v. Pamela Bondi, et al.* | Page | **1** of **3** |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DECEMBER 15, 2025 STATUS CONFERENCE**

On December 15, 2025, the Court held a video status conference regarding the Customs and Border Protection ("CBP") and Immigration and Customs Enforcement ("ICE") Juvenile Coordinators' December 2025 Supplemental Reports [Doc. # 1692] and Plaintiffs' Responses thereto [Doc. ## 1706, 1707].

Having reviewed and considered the Supplemental Reports, Plaintiffs' Responses, and the topics discussed at the status conference, the Court **ORDERS** the following:

1. By **January 23, 2026**, the parties shall meet and confer with former Special Master/Independent Monitor, Andrea Ordin (as a mediator), Dr. Paul Wise, and the CBP and ICE Juvenile Coordinators. The parties shall discuss issues relating to conditions of confinement which are potentially the subject of Plaintiffs' proposed motion to enforce, which includes, but is not limited to: adequacy of medical care, access to legal orientations/legal information, access to child-friendly foods, excessive lighting, access to hygiene products, access to phone calls, and access to education and recreation. The parties shall also discuss whether it is necessary to resurrect the Notice of Rights informing class members and their parents or guardians of their rights, that was previously negotiated by the parties and approved by this Court, though a protocol for dissemination had not been agreed upon. [*See* Doc. ## 1053, 1056, 1057,1100.]

    a. Following the meet and confer, the parties shall file a joint status report by **January 30, 2026**.
    b. Andrea Ordin and Dr. Wise may charge, in their discretion, their market rates for their mediation services.

2. The **CBP Juvenile Coordinator** shall file a supplemental report by **March 13, 2026** providing a census of minors who were held in CBP or United States Border Patrol

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-85-4544-DMG (AGRx) | Date | December 15, 2025 |
| Title | Jenny L. Flores, et al. v. Pamela Bondi, et al. | Page | **2** of **3** |

facilities for over 72 hours during the months of December 2025 and January 2026. The supplemental report shall provide the reason(s) why each minor was held for more than 72 hours, including further detail regarding any issues that may have affected the minors' length of time in custody. The report shall also address any deficiencies found in the conditions of confinement that have been the subject of monitoring during the December to January time frame and any remedial measures to address such deficiencies.

3. The **ICE Juvenile Coordinator** shall file a supplemental report by **March 13, 2026** that includes the following information:

    a. A census of minors who were held in ICE facilities or ICE-contracted facilities for over 20 days during the months of December 2025 and January 2026. The supplemental report shall also provide a detailed explanation as to the reason(s) for the prolonged detention of minors in excess of 20 days either in a Family Residential Center and/or in a hotel. As discussed at the status conference, for minors held for over 72 hours in hotel(s), the census shall include data of minors who are held consecutively in multiple hotels, for over 72 hours. If the reason for a minor's prolonged detention is difficulty with transportation or protracted immigration proceedings, the ICE Juvenile Coordinator will state whether these minors were found to be a flight risk or posed a danger to themselves or others.

    b. A summary of ICE's compliance with the FSA requirements in the months of December 2025 and January 2026—specifically, the report should address the conditions of confinement, which includes, but is not limited to: provision of age-appropriate food, adequate temperature control, availability of additional clothing, and dimmed lighting at nighttime. The ICE Juvenile Coordinator shall take into account the conditions described in Plaintiffs' Response to her December 2025 supplemental report [Doc. # 1706] and shall describe such efforts as have been undertaken to address those conditions.

4. Plaintiffs may file a response, if any, to the Juvenile Coordinators' supplemental reports by **March 20, 2026**.

5. The Court will hold a further status conference regarding the CBP and ICE Juvenile Coordinators' supplemental reports, and any responses thereto, on **March 30, 2025** at **10:00 a.m**. The parties may request to appear by video conference if a personal appearance is unduly burdensome.

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk DD |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-85-4544-DMG (AGRx) | Date | December 15, 2025 |
|---|---|---|---|
| Title | Jenny L. Flores, et al. v. Pamela Bondi, et al. | Page | 3 of 3 |

6. The Court previously stayed the parties' October 9, 2025 deadline to meet and confer and file a joint status report regarding OADS. The deadline was extended, *nunc pro tunc*, commensurate with the duration of the lapse in government appropriations in October. [Doc. # 1679.] To date, the Court has not received a joint status report regarding OADS. The parties shall meet and confer and include a status update regarding OADS in their joint status report to be filed by **January 30, 2026**.

**IT IS SO ORDERED.**