UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 3, 2026 |
|---|---|---|---|

| Title | ***Jenny L. Flores, et al. v. Pamela Bondi, et al.*** | Page | **1** of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE MARCH 30, 2026 STATUS CONFERENCE**

On March 30, 2026, the Court held a video status conference regarding the Customs and Border Protection ("CBP") and Immigration and Customs Enforcement ("ICE") Juvenile Coordinators' March 2026 Supplemental Reports [Doc. ## 1735, 1736] and Plaintiffs' Responses thereto [Doc. ## 1747, 1748].  Having carefully reviewed and considered the Supplemental Reports, Plaintiffs' Responses, and the topics discussed at the status conference, the Court **ORDERS** the following:

1. The parties shall continue to meet and confer with mediators Andrea Sheridan Ordin and Dr. Paul Wise, and the CBP and ICE Juvenile Coordinators.  The parties shall discuss, *inter alia*, issues relating to conditions of confinement and concerns that were identified in Plaintiffs' Responses, with special attention to time in custody and medical care.  The parties shall also discuss whether it is necessary to resurrect the Notice of Rights informing class members and their parents or guardians of their rights that was previously negotiated by the parties and approved by this Court.  [*See* Doc. ## 1053, 1056, 1057, 1100.]  If so, the parties shall also discuss the protocol for dissemination of such information since this was not previously agreed upon.

   a. Following the continued meet and confer efforts, the parties shall file a joint status report by **April 27, 2026**.  [*See* Doc. # 1752.]

   b. Andrea Sheridan Ordin and Dr. Paul Wise may continue to charge, in their discretion, their market rates for their mediation services.

2. The **CBP Juvenile Coordinator** shall file a supplemental report by **May 4, 2026** providing a census of minors who were held in CBP or United States Border Patrol facilities for over 72 hours during the months of February 2026, March 2026, and if possible, April 2026. The supplemental report shall provide the reason(s) why each minor was held for more

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DD</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 3, 2026 |
|---|---|---|---|

| Title | *Jenny L. Flores, et al. v. Pamela Bondi, et al.* | Page | **2** of **4** |
|---|---|---|---|

than 72 hours, including further detail regarding any issues that may have affected the minors' length of time in custody.

    a.  The report shall also address any deficiencies found in conditions of confinement that may have been the subject of monitoring during the months of February, March, and April 2026, or raised by Plaintiffs in their declarations in response to the supplemental report, and any remedial measures to address such deficiencies.

    b.  The CBP Juvenile Coordinator shall give particular attention to conditions of detention and minors' time in custody at CBP's Chula Vista Station.

3.  The **ICE Juvenile Coordinator** shall file a supplemental report by **May 4, 2026** that includes the following information:

    a.  A census of minors who were held in ICE facilities or ICE-contracted facilities for over 20 days during the months of February 2026, March 2026, and if possible, April 2026.  The supplemental report shall provide a detailed explanation as to the reason(s) for the prolonged detention of minors in excess of 20 days either in a Family Residential Center and/or in a hotel.  For minors held for over 72 hours in hotel(s), the census shall include data of minors who are held consecutively in multiple hotels, for over 72 hours.  If the reason for a minor's prolonged detention is difficulty with transportation or protracted immigration proceedings, the ICE Juvenile Coordinator will state whether these minors were found to be a flight risk or posed a danger to themselves or others.

        i.  As discussed at the status conference, the census data shall include a column calculating the Length of Stay for each minor.  The Length of Stay should calculate the time in custody starting with when the minor was apprehended.  The Length of Stay column should be provided in addition to, not in replacement of, the Facility Length of Stay ("FLOS") column.

    b.  A summary of ICE's compliance with the FSA requirements in the months of February 2026, March 2026, and April 2026.  Specifically, the report should address the conditions of confinement, which includes, but is not limited to: provision of age-appropriate food, adequate temperature control, availability of additional clothing, and dimmed lighting at nighttime.   The ICE Juvenile Coordinator shall take into account the conditions described in Plaintiffs' Response

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 3, 2026 |
|---|---|---|---|

| Title | ***Jenny L. Flores, et al. v. Pamela Bondi, et al.*** | Page | **3** of **4** |
|---|---|---|---|

to her March 2026 supplemental report [Doc. # 1748] and shall describe such efforts as have been undertaken to address those conditions.

4. Plaintiffs may file a response, if any, to the Juvenile Coordinators' supplemental reports by **May 18, 2026**.

5. The Court will hold a further status conference regarding the CBP and ICE Juvenile Coordinators' supplemental reports, and any responses thereto, on **June 1, 2026 at 10:00 a.m.** The parties may request to appear by video conference if a personal appearance is unduly burdensome.

Lastly, the Court reiterates that it has issued numerous orders in the past, addressing the same categories of concerns that were discussed at the status conference and that Plaintiffs raise in their Responses to the March 2026 Supplemental Reports. In relevant part, the Court directs the parties' attention to the following orders:

- Order Re Plaintiffs' Motion to Enforce Settlement of Class Action [Doc. # 177] (July 24, 2015) (blanket no release policy materially violated the *Flores* Settlement Agreement ("FSA") as applied to minors), *aff'd in part* and *rev'd in part*, *Flores v. Lynch*, 828 F.3d 898 (9th Cir. 2016);
- Order Re Plaintiffs' Motion to Enforce and Appoint a Special Monitor [Doc. # 363] (June 27, 2017) (breach of FSA as to safe and sanitary conditions and prolonged detention);
- Order Re Plaintiffs' Motion to Enforce Settlement as to "Title 42" Class Members [Doc. # 976] (September 4, 2020) (ordering the Department of Homeland Security to end its practice of detaining Class Members in hotels and to transfer all such minors to licensed facilities within 72 hours of arrest or apprehension), *aff'd*, *Flores v. Garland*, 3 F.4th 1145 (9th Cir. 2021);
- Order Re Plaintiffs' Motion to Enforce and August 2020 ICE Juvenile Coordinator Interim Report [Doc. # 987] (September 18, 2020) (ordering ICE to disseminate a Notice of Rights to Class Members and their parents);
- Order Approving Final Notice of Rights [Doc. #1056] (January 5, 2021) (approving the final notice of rights negotiated by the parties); and
- Order Re Plaintiffs' Motion to Enforce [Doc. # 1638] (August 15, 2025) (breach of FSA on the issues of adequate temperature controls and reduced lighting at certain CBP facilities).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | April 3, 2026 |
| --- | --- | --- | --- |

| Title | *Jenny L. Flores, et al. v. Pamela Bondi, et al.* | Page | **4** of **4** |
| --- | --- | --- | --- |

Based on ICE's December 2025 and January 2026 census data regarding hotel stays, it appears some minors are being detained in hotels for significantly longer than 72 hours.  [*See* Doc. ## 1736-6, 1736-7.]  One such minor was consecutively held in a hotel for *16 days*.  [Doc. # 1736-6.]  As previously ordered, Defendants shall cease placing minors at hotels, with a narrow exception for brief, one to two-night stays while in transit or prior to flights.  [*See* Doc. # 976.]

Continued non-compliance will result in the re-appointment of a Special Master/Independent Monitor.

**IT IS SO ORDERED.**