# EXHIBIT

# A

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY LISETTE FLORES; *et al.*, | ) Case No. CV 85-4544-DMG |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TODD BLANCHE, Acting Attorney General of the United States; *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## DECLARATION OF DAWNISHA M. HELLAND

I, Dawnisha Helland, hereby declare that the following statements are true and correct to the best of my knowledge, information and belief:

1. I am the Deputy Assistant Director overseeing Juvenile and Family Management (JFM), Non-Detained Management Division, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS) in Washington, D.C. I oversee all national juvenile and family custody programs, including ICE's Family Residential Centers (FRCs).

2. I have been with ICE ERO since 2013. Prior to working for ICE ERO, I served in the United States Army as a Human Intelligence Collector/French linguist, and the United States Border Patrol (USBP) as a Border Patrol Agent.

3. I am responsible for leading a dedicated, high-level operational division created to manage immigration issues related to unaccompanied alien children (UACs), young

1

adults, and family units (FAMU), and developing and implementing goals, policies, procedures, and operational plans that are sensitive to this population's vulnerabilities and needs.

4.   On July 29, 2022, I was appointed by the Court to serve as the Juvenile Coordinator for ICE.

5.   ICE is committed to acting in good faith and exercising due diligence to comply with the *Flores* Settlement Agreement (FSA). ICE's operational procedures are designed to expeditiously move minors from hotels either (1) out of ICE custody through repatriation or other release, or (2) to a Family Residential Center (FRC) or a licensed facility for UACs.

6.   Data from December 2025 and January 2026 reporting periods demonstrate that hotel stays exceeding one or two nights are relatively rare. For UACs, approximately 4.4% of hotel stays lasted more than 48 hours. For family units, approximately 9.6% experienced stays over 48 hours. The vast majority of hotel stays for both groups are less than 48 hours.

7.   In the rare instance that a hotel stay for a UAC or family unit extends beyond 48 hours, it is due to operational challenges outside of ICE's control.

8.   These operational challenges include, but are not limited to: (1) delays in obtaining necessary travel documents, such as passports for U.S. citizen children from the Department of State, which can take several days if not secured by the parents prior to apprehension; (2) holiday and winter weather disruptions, especially during December and January, which impacted processing and travel; (3) flight cancellations or rescheduling; (4) increased attempted escapes during transfers to repatriation flights,

which require additional time and security measures; and (5) failure of the aliens to comply with removal procedures.

9. In cases where a U.S. citizen child is with the family, transfer to the Office of Refugee Resettlement (ORR) or FRCs is not possible. U.S. citizen children cannot be placed into FRCs or with ORR, so families with a U.S. citizen child traveling with them must remain in a hotel setting until removal is effectuated.

10. Release of a family unit to obtain travel documents prior to the next removal flight is unreasonable given the flight risk, especially when the parents failed to secure these documents while participating in Alternatives to Detention (ATD) programs. Parents or legal guardians are often asked to get travel documents while on ATD. Failure to do so may result in extended hotel stays.

11. ICE cannot release individuals who are subject to removal proceedings or are scheduled for imminent removal due to risk of flight and operational concerns. When removal is imminent but delayed due to flight cancellations or weather delays, operationally it would not make sense to waste resources and risk an alien absconding.

12. ICE cannot release UACs when unforeseen delays occur as ICE is legally obligated to transfer UACs to ORR custody. ICE cannot release a UAC as ICE has no legal authority to do so. ICE is legally required to transfer UACs to ORR custody and only to ORR custody. Operationally it is impractical and often impossible to get ORR placement for a delay of a few days.

13. ICE closely monitors the length of stay and amenities provided during hotel placements. ICE's Temporary Housing Standards outline the requirements for housing children and families in temporary accommodations, such as hotels. Hotel stays for children and

3

families are reviewed and monitored at the ICE Headquarters level. If a hotel stay is expected to exceed 48 hours, the ERO office must provide documentation explaining the reasons for the extended stay and detail the steps being taken to decrease the amount of time in custody. This documentation is submitted to JFM with ERO HQ. JFM then submits the documentation to me, the juvenile coordinator, for final decision. If the justification is not sufficient, the request for an extended hotel stay can be declined. This oversight ensures that extended stays are rare, justified, and minimized to the greatest extent possible.

14. While in a hotel placement, UACs and families can access their counsel via ICE provided phones and tablets. Arrangements can be made for in person meetings at the nearest field office.

15. ICE's use of hotels is a temporary, operationally necessary measure, and extended stays are rare and only occur due to circumstances beyond ICE's control. ICE remains committed to expeditiously moving UACs and family units out of hotels while ensuring their safety and compliance with all legal obligations.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 17th day of April 2026.

DAWNISHA M HELLAND
Digitally signed by DAWNISHA M HELLAND
Date: 2026.04.17 19:03:14 -04'00'

Dawnisha Helland
Deputy Assistant Director
Juvenile and Family Management
Non-Detained Management Division
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security