# EXHIBIT 1

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
Bardis Vakili (Cal. Bar No. 247783)
Sarah E. Kahn (Cal. Bar No. 341901)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JENNY LISETTE FLORES, *et al.*,

Plaintiffs,

v.

TODD BLANCHE, Attorney General of the United States, *et al.*,

Defendants.

No. CV 85-4544-DMG-AGRx

DECLARATION OF CARLOS HOLGUÍN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO RECONSIDER

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
428 13th St, Floor 5
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

## DECLARATION OF CARLOS HOLGUÍN

I, Carlos Holguín, declare and say as follows:

1. I am counsel of record for Plaintiffs in the above-captioned case.

2. This declaration and the attached exhibits are based on my personal knowledge. If called to testify in this case, I would testify competently about these facts and those included in the exhibits described below.

3. On March 6, 2021, Defendants' counsel emailed Plaintiffs' counsel, including myself and Peter Schey, to inform us of "exigent circumstances" requiring ICE "to begin using hotels to house family units along the southwest border for very brief periods of time prior to release . . . to allow time for processing, COVID-19 testing, and to make travel arrangements." Defendants' counsel explained that she was providing this notice "[t]o ensure that Defendants remain in compliance with the Court's September orders[.]" A true and correct copy of this email is attached as Exhibit A to this declaration.

/ / /

4. On May 12, 2021, Defendants' counsel emailed Plaintiffs' counsel, including myself and Peter Schey, as well as the Independent Monitor Andrea Ordin and Special Expert Dr. Paul Wise, to inform us that "the government has established Emergency Family Reception Sites (EFRS) at hotel facilities along or near the southwest border" and may have to hold families in hotels for more than 72 hours prior to release if a family member tests positive for Covid-19 while in DHS custody or as a result of certain other exceptional circumstances. Defendants' counsel explained she was providing this notice "to remain consistent with the letter and spirit of the *Flores* Court's orders concerning the use of hotels to house *Flores* class member[s]." A true and correct copy of this email is attached as Exhibit B to this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of April, 2026, at Santa Clarita, California.

Carlos Holguín

# Exhibit A

**From:** "Fabian, Sarah B (CIV)" <Sarah.B.Fabian@usdoj.gov>
**Subject: Flores - Update**
**Date:** March 6, 2021 at 9:33:27 AM PST
**To:** Schey Peter <pschey@centerforhumanrights.org>, Carlos Holguín <crholguin@centerforhumanrights.org>
**Cc:** "Murley, Nicole (CIV)" <Nicole.Murley@usdoj.gov>, "Batool, Fizza (CIV)" <Fizza.Batool2@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>

Peter and Carlos:

Good morning. To ensure that Defendants remain in compliance with the Court's September orders, I write to notify you of a planned development related to the custody of family units in light of the exigent circumstances currently occurring along the southwest border. Very soon, possibly today, ICE plans to begin using hotels to house family units along the southwest border for very brief periods of time prior to release. The goal of this custody will be to allow time for processing, COVID-19 testing, and to make travel arrangements. ICE plans to engage—and is engaging—with NGO partners to participate in the process, and intends to ensure that this brief period of custody complies with *Flores*, including legal access, food and water, access to medical care, and safe and sanitary conditions. The expectation is that release will occur as expeditiously as possible and, except in very rare cases, custody will last no longer than 72 hours.

We have notified Ms. Ordin and Dr. Wise, and will work closely with them to provide what they need to monitor these facilities and answer any questions they may have.

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section

Department of Justice
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824

# Exhibit B

**From:** "Fabian, Sarah B (CIV)" <Sarah.B.Fabian@usdoj.gov>
**Subject: Flores - DHS Update**
**Date:** May 12, 2021 at 2:24:44 PM PDT
**To:** "aordin@strumwooch.com" <aordin@strumwooch.com>, "'Paul H. Wise'" <pwise@stanford.edu>, Carlos Holguín <crholguin@centerforhumanrights.org>, Schey Peter <pschey@centerforhumanrights.org>, 'Alex Harten' <aharten@strumwooch.com>
**Cc:** "Batool, Fizza (CIV)" <Fizza.Batool2@usdoj.gov>, "Murley, Nicole (CIV)" <Nicole.Murley@usdoj.gov>

All:

In order to remain consistent with the letter and spirit of the *Flores* Court's orders concerning the use of hotels to house *Flores* class member, DHS wishes to notify you that that the government has established Emergency Family Reception Sites (EFRS) at hotel facilities along or near the southwest border, and believes that it may at times be necessary to hold family units (FAMU) who are awaiting release and have one or more members who test positive for COVID-19, as well as FAMU with logistical delays related to release, in these hotel sites for more than 72 hours.

First, where a member of a FAMU tests positive for COVID-19 while in DHS custody, DHS needs to maintain operational flexibility to transfer the FAMU to an EFRS—or to one of ICE's Family Staging Centers (FSCs) if the FAMU is near the Rio Grande Valley – for temporary housing for up to 10 days in accordance with current U.S. Centers for Disease Control & Prevention (CDC) guidance regarding quarantine. This flexibility is necessary unless and until an NGO capable of providing shelter space to a COVID-19-positive FAMU is able to safely care for the FAMU until the conclusion of the 10-day quarantine period (or until ICE no longer retains the legal authority to maintain custody of the FAMU (e.g., court order, bond

posting)). If ICE is obligated to facilitate the release of any COVID-19-positive FAMU prior to the expiration of the 10-day quarantine period recommended by the CDC, ICE will make prompt notification to the health departments of the local jurisdiction.

Second, while the goal is to release FAMUs within 72 hours or less in all other cases, exigent and unforeseen circumstances may also affect this timeline. Such circumstances include delay in identifying a sponsor or in securing logistics and travel to the final destination; delays in departure due to weather or other unforeseen circumstances; outstanding medical issues, such as clearance to travel; and the aforementioned potential quarantine due to COVID-19. The government does not anticipate that these exceptional circumstances will be common.

Please let me know if you have any questions regarding the above

Best,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
Department of Justice
PO Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824