# EXHIBIT 2

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
Bardis Vakili (Cal. Bar No. 247783)
Sarah E. Kahn (Cal. Bar No. 341901)
256 South Occidental Boulevard
Los Angeles, CA 90057
Telephone: (213) 388-8693
Email: crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JENNY LISETTE FLORES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General of the United States, *et al.*,<br><br>Defendants. | No. CV 85-4544-DMG-AGRx<br><br>DECLARATION OF REBECCA WOLOZIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO RECONSIDER<br><br>JUDGE: Hon. Dolly M. Gee |

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
428 13th St, Floor 5
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
818 Connecticut Ave. NW, Suite 425
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

## DECLARATION OF REBECCA WOLOZIN

I, Rebecca Wolozin, declare as follows:

1. I am over 18 years of age and counsel of record for Plaintiffs in the above-captioned case.

2. This declaration and the attached exhibits are based on my personal knowledge. If called to testify in this case, I would testify competently about these facts and those included in the exhibits described below.

3. Under the Court's August 21, 2015 order [Doc. # 189], Defendants Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") are required to provide Plaintiffs' counsel with monthly data reports on all class members in their custody collected under Paragraph 28A of the *Flores* Settlement Agreement ("monthly data reports"). Defendant Department of Health and Human Services ("HHS") is required to provide monthly data reports with respect to children held in secure, heightened supervision, and out-of-network facilities. [Doc. # 1516].

4. Attached as exhibits to this declaration are true and correct copies of the Parties' 2026 email correspondence regarding the monthly statistical reports required under Paragraph 28A of the *Flores* Settlement Agreement.

<u>Prolonged Hotel Detention</u>

5. I regularly review Defendants' monthly data reports, which are produced in Excel format. The monthly data reports include parameters for "Facility Type" and "Facility Name." Hotel placements are listed as "Other" under "Facility Type" and with rare exceptions the "Facility Name" is listed as "JFMTCU Temp Hotel Stay" without identifying the name or location of the hotel.

6. On January 23, 2026, Defendants produced monthly data for December 2025.

7. On February 27, 2026, Defendants produced monthly data for January 2026.

8. Based on a review of the December 2025 and January 2026 ICE data reports, Plaintiffs' counsel identified 10 children in the December 2025 data who were held in hotels for three or more days. This includes one nine-year-old child held in hotels for two and a half weeks in late December and early January. Plaintiffs' counsel identified over 10 additional children in January 2026 data who were held in hotels for three or more consecutive days.[1]

9. On March 6, 2026, I emailed Defendants to request an explanation for each of these prolonged hotel placements pursuant to Paragraph 28.A of the Settlement and the Court's September 2020 orders. I also requested an explanation and corrected data in response to persistent data discrepancies including the complete omission of class members in the ICE data. These discrepancies were not resolved despite Plaintiffs previously raising the issue and Defendants producing one set of corrected data. A true and correct copy of this email is attached as Exhibit A, with redactions only of children's A#s.[2]

10. On March 11, 2026, Defendants' counsel responded to my March 6 email and indicated that Defendants were looking into these issues. On April 1, 2026, I sent a follow up email asking for a response as soon as possible. On the same day, Defendants' counsel responded noting that he would inform me once he had additional information. A true and correct copy of this correspondence is attached as Exhibit B.

---

[1] These numbers were calculated by filtering the "Facility Type" parameter in the monthly data Excel spreadsheet to "Other," creating a list of placements including hold rooms and hotel stays. Length of stay in placement in a hotel was calculated by the number of days between the book-in date and time for the first consecutive hotel placement and book-out date and time for the last consecutive hotel placement listed. I worked with a paralegal at the National Center for Youth Law to analyze the initial data and I personally checked it against the Excel spreadsheets.

[2] On April 30, 2026 I emailed Defendants' counsel to alert them of minor errors in my March 6, 2026 email. Attached hereto as Exhibit G is that email.

11. On March 31, 2026, Defendants produced monthly data for February 2026.

12. Based on a review of the February 2026 ICE data report, Plaintiffs' counsel identified at least seven children with hotel stays significantly exceeding 72 hours, including two children under 10 years old who each spent two weeks in hotel detention.[3] Below is a table indicating the length of hotel stay for the seven children identified by Plaintiffs' counsel.

| **Class member** | **First hotel book-in** | **Last hotel book-out** | **Approx. Total Time, including transit between consecutive hotels** |
|---|---|---|---|
| D.L.H. (age 3) | 2/2/2026 | 2/15/2026 | 291 hours (13 nights) |
| A.P.M. (age 8)[4] | 1/30/2026 | 2/14/2026 | 327 hours (14 nights) |
| M.M.S. (age 12) | 2/12/2026 | 2/21/2026 | 212 hours (9 nights) |
| C.M.S. (age 14) | 2/12/2026 | 2/21/2026 | 212 hours (9 nights) |
| F.B. (age 17) | 2/16/2026 | 2/26/2026 | 244 hours (10 nights) |
| M.C.N. (age 5) | 2/4/2026 | 2/11/2026 | 144 hours (7 nights) |
| J.A.I.G. (age 1) | 2/4/2026 | 2/10/2026 | 127 hours (6 nights) |

13. On April 13, 2026, I emailed Defendants to request an explanation for these prolonged hotel placements. I also once again requested a substantive response to my March 6, 2026, email and noted additional significant data errors in both the HHS and ICE data reports. A true and correct copy of this email is attached as Exhibit C, with redactions only of children's A#s. As of today's date, I have not received a response.

14. Following my April 13, 2026, email, Plaintiffs' counsel learned of and

[3] These numbers were calculated in the same manner as described in footnote 1, *supra*, except that the February data also included an additional column for "Facility Length of Stay (Days)." I worked with a paralegal at the National Center for Youth Law to analyze the initial data and I personally checked it against the Excel spreadsheets.

[4] As described in paragraph 14, Plaintiffs later learned that A.P.M.'s minor sibling was also detained for this same time period but was omitted from the data report.

reviewed two February 2026 court orders related to a petition for habeas corpus in the District of Minnesota. The case involved two children, A.P.M. and I.A.P.M., detained with their mother for two weeks in hotels in February 2026. Although A.P.M. appeared in the February 2026 ICE data report, I.A.P.M. did not. On April 23, 2026, I emailed Defendants to ask why I.A.P.M. was omitted from the data report and attached the court orders. A true and correct copy of this email is attached as Exhibit D. A true and correct copy of the court orders attached to my email are included here as Exhibits E and F. Defendants confirmed receipt but as of today's date, have not provided a substantive response to any of my emails regarding prolonged hotel detention.

15. On the afternoon of May 1, 2026, Defendants produced monthly data for March 2026. Defendants also produced a corrected ICE data report for February 2026. Plaintiffs have not yet had sufficient time to analyze this data. Defendants did not provide a response to my inquiries regarding prolonged hotel detention. A true and correct copy of this correspondence is attached as Exhibit H, with redactions only of a child's name and portion of A#.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2026 in Washington, D.C.

Rebecca Wolozin

# EXHIBIT A

National Center for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

---

## Class members missing from ICE data reports

---

**Becky Wolozin** <bwolozin@youthlaw.org> Fri, Mar 6, 2026 at 11:42 AM
To: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>
Cc: Eleanor Roberts <ERoberts@childrensrights.org>, Diane de Gramont <ddegramont@youthlaw.org>, Leecia Welch <lwelch@childrensrights.org>, Mishan Wroe <mwroe@youthlaw.org>, Carlos Holguín <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, Katherine Johnson <kjohnson@childrensrights.org>

Hi Joshua,

We are writing to express concern about class members identified in the data who continue to spend unacceptably long periods of time in hotels. We also write with specific data questions to clarify the meaning of certain codes and acronyms used throughout the data in the past several months and to request updated December 2025 data again to address the discrepancies we identified based on the January 2026 data set.

**Prolonged Hotel Stays**
Hotels are being used as unlicensed detention facilities and pursuant to Paragraph 28.A we request information on the reasons for every hotel placement over 72 hours. As you know, in orders on September 4, 2020 (ECF 976), and September 21, 2020 (ECF 990), the court ordered DHS to stop placing class members in hotels for more than 72 hours and to provide Plaintiffs' counsel information regarding those placements." In addition, in a September 21, 2020, order (ECF 990), Judge Gee permitted hotel stays of not more than 72 hours and required notice to class counsel of such placements.

Yet, we identified 10 children in the December data who were held in hotels for three or more days.

One nine-year-old child (A.C.S. A#[redacted]) appears to have been moved around to different hotels over the course of two and a half weeks. A seven-year-old child (H.P.T. A#[redacted]) was arrested and held for three days in a hotel.

Similarly, in the January data, we identified at least 10 children who were held in hotels for three or more consecutive days.

J.P.P. (7yo) (A#[redacted]) & L.P.P. (3yo) (A#[redacted])– 1/18 though 1/23
D.T.C.G. (12yo) (A#[redacted]) & D.T.C.G. (6yo) (A#[redacted]) – 1/22 through 1/27
P.I.G.V. (16yo) (A#[redacted]) – 1/07 through 1/11
I.N. (16yo) (A#[redacted]) & E.N. (14yo) (A#[redacted]) – 1/10 through 1/14
Y.M.L. (14yo) (A#[redacted]) – 1/16 through 1/23
D.M.M. (7yo) (A#[redacted]) – 1/16 through 1/22
Y.A.P. (14yo) (A#[redacted]) – 1/18 through 1/23
L.H.C. (11 yo) (A#[redacted])- 1/21 through 1/26
J.G.V. (9yo) (A#[redacted]) – 1/22 through 1/27
C.N.V. (9yo) (A#[redacted]) – 1/23 through 1/27

Please explain what actions Defendants are taking to limit the use of hotels for detaining class members to very short-term stays in limited cases where overnight travel in ICE custody is needed, as required by the Settlement.

We also identified a number of children with irregular placement book-in dates but no book-out dates. Please also explain and/or correct the absence of book-out dates from irregular placements in the January data.

A.P.D. (A#[redacted]) – Greentree Inn Houston IAH Airport, book in 10/26/25, UC
A.A.V. (A#[redacted]) – Methodist Hospital, 1/20/26 (20-month-old AC)
B.M.S. (A#[redacted]) –Houston FO Holdroom, 1/14/26, UC
M.C.M. (A#[redacted]) – Florida Soft-Sided Facility South, 1/23/26
M.J.O.M. (A#[redacted]) – JFMTCU Temp Hotel Stay, 1/30/26

**Data Clarification Questions**
Please provide the definitions or an explanation for the following codes that appear in the data provided by Defendants:

· **Reportable violation** (Under ICE Detention Criteria in May 2025 ICE Flores Report – note this column is not repeated in subsequent reports-please explain)

· Disposition Codes:

- **LOS CUST CASE**
- **REL**
- **I**
- **NTA/DT**
- **B**

· **T8** (Type – ICE with CBP additions Report)

· **Encounter DT** (Column heading- ICE with CBP additions Report)

**Ongoing December 2025 Data Issues**

Finally, in conducting our analysis of Defendants' January 2026 data, we identified what appears to be at least 80 children included in the January ICE data with book-in dates prior to December who were not included in the second set of updated December data sent by Defendants. This suggests that the updated December data provided by Defendants still contained significant data errors resulting in many children missing from the data. **Please provide the complete ICE data for December 2025** to Plaintiffs that captures all children held in custody over 72 hours. I am including a sample of the A#s of children who appear in the January 2026 data with book-in dates before December 2025 and January 2026 book-out dates:

[redacted]

Thank you for your prompt attention to these requests.
Becky
---

Becky Wolozin (she/her/ella)
Senior Attorney
Cell: (202) 964-0406

On Tue, Feb 24, 2026 at 3:02 PM McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov> wrote:

> Hi Eleanor,
>
> ICE worked with class counsel to correct errors or answer questions raised in class counsel's emails sent on April 7, April 29, May 12, July 10, July 30, and August 13, 2025. ICE informs us that the discrepancy identified in class counsel's February 10, 2026 email was the result of a one-time human error. ICE is confident that its process for compiling the data is sound. If any specific concerns arise in the future, ICE will continue to work with class counsel to address them.

Best,

Joshua

---

**From:** Eleanor Roberts <ERoberts@childrensrights.org>
**Sent:** Monday, February 23, 2026 5:51 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguín <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Katherine Johnson <kjohnson@childrensrights.org>
**Subject:** [EXTERNAL] Re: Class members missing from ICE data reports

Joshua,

Thank you for sending the corrected data. The problem is that the data issues we have repeatedly brought to your attention have not been adequately remedied. The original census you sent on January 23, 2026, omitted at least 25 children who we found out were actually still in DHS custody at that time, and it is not clear if this accounts for all of the errors. This incomplete data makes it impossible for Plaintiffs to accurately determine how many children have been detained and for how long at any given time -- we can only keep track and point out the errors if we happen to make a site visit. We must have complete data in a timely manner. Please let us know when these data issues will be permanently fixed.

Best,

Eleanor

**Eleanor Roberts** | Staff Attorney

(she/her)

**Children's Rights**

88 Pine Street, Suite 800

New York, NY 10005

(267) 280-2728

eroberts@childrensrights.org

www.childrensrights.org

---

**From:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Sent:** Wednesday, February 18, 2026 11:51 AM
**To:** Eleanor Roberts <ERoberts@childrensrights.org>
**Cc:** Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguín

<crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Katherine Johnson <kjohnson@childrensrights.org>
**Subject:** [Not Virus Scanned] [Not Virus Scanned] RE: Class members missing from ICE data reports

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Hi Eleanor,

Thank you again for reaching out about this issue. An updated December report is attached (password to follow). After review, it appears that the individuals you identified were reported in the November report, but were accidentally taken off the December report by the manual reviewer. The data team is reminding all reviewers again that individuals need to remain on the report until they are removed or released.

Best,

Joshua

---

**From:** McCroskey, Joshua C. (CIV)
**Sent:** Tuesday, February 10, 2026 4:19 PM
**To:** Eleanor Roberts <ERoberts@childrensrights.org>
**Cc:** Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguín <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Katherine Johnson <kjohnson@childrensrights.org>
**Subject:** RE: Class members missing from ICE data reports

[removing a few DOJ folks]

Hi Eleanor,

Thank you for your email. We will let you know once we have more information to share in response to your inquiry.

Best,

Joshua

**Joshua C. McCroskey**

Trial Attorney

U.S. Department of Justice

Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

(202) 305-1540

joshua.c.mccroskey@usdoj.gov

---

**From:** Eleanor Roberts <ERoberts@childrensrights.org>
**Sent:** Tuesday, February 10, 2026 3:59 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Becky Wolozin <bwolozin@youthlaw.org>; Carlos Holguín <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Leecia Welch <lwelch@childrensrights.org>; Masetta Alvarez, Katelyn (CIV) <Katelyn.Masetta.Alvarez@usdoj.gov>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Vick, Lindsay (CIV) <lindsay.vick@usdoj.gov>; Gieger, Christopher G. (CIV) <Christopher.G.Gieger@usdoj.gov>; Katherine Johnson <kjohnson@childrensrights.org>
**Subject:** [Not Virus Scanned] [EXTERNAL] [Not Virus Scanned] Class members missing from ICE data reports

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Joshua,

We've reviewed the December ICE data reports and we noticed that numerous children who met with class counsel at Dilley on 1/14/26 and 1/15/26 do not appear on the reports, as well as children we interviewed at earlier site visits who we checked were still there in the census data during the January 2026 trip, despite spending well over 72 hours in ICE custody.

The ICE data is missing at least 25 children who were at Dilley for over 72 hours in December. Including G.S.H. [redacted] A.L.P. [redacted]; J.R.L.P. [redacted]; S.P.R. [redacted]; S.C. [redacted] I.M.B.S. [redacted], M.B.S. [redacted], H.B.O. [redacted], S.A. [redacted]; S.K. [redacted], G.S. [redacted]; A.K. [redacted]; C.R.B. [redacted]; H.S. [redacted] .S. [redacted]; H.S. [redacted], A.S. [redacted], E.S. [redacted], E.P. - [redacted], Z.P. [redacted], K.S. [redacted], V.S. [redacted], A.E. [redacted], AE [redacted], MPH [redacted].

I have attached a spreadsheet with these class members missing from the December reports, along with notes as to the information we have on their length of stay as of January 14, 2026. I will send a password separately. Please provide an explanation for these missing class members by Monday, February 16, 2026.

Best,

Eleanor

**Eleanor Roberts** | Staff Attorney

(she/her)

**Children's Rights**

88 Pine Street, Suite 800

New York, NY 10005

(267) 280-2728

eroberts@childrensrights.org

www.childrensrights.org

# EXHIBIT B

National Center for Youth Law

**Diane de Gramont <ddegramont@youthlaw.org>**

---

# Class members missing from ICE data reports

---

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov> Wed, Apr 1, 2026 at 9:14 AM

To: Becky Wolozin <bwolozin@youthlaw.org>
Cc: Eleanor Roberts <ERoberts@childrensrights.org>, Diane de Gramont <ddegramont@youthlaw.org>, Leecia Welch <lwelch@childrensrights.org>, Mishan Wroe <mwroe@youthlaw.org>, Carlos Holguín <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Lesnau, Jessica R. (CIV)" <Jessica.R.Lesnau@usdoj.gov>, Katherine Johnson <kjohnson@childrensrights.org>

Hi Becky,

Thank you for following up on this matter. I will let DHS know that you have followed up and will inform you once I have additional information to share.

Adding my colleague Jessica Lesnau.

Best,

Joshua

**Joshua C. McCroskey**

Trial Attorney

U.S. Department of Justice

Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

(202) 305-1540

joshua.c.mccroskey@usdoj.gov

---

**From:** Becky Wolozin <bwolozin@youthlaw.org>
**Sent:** Wednesday, April 1, 2026 12:07 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Eleanor Roberts <ERoberts@childrensrights.org>; Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Carlos Holguín <crholguin@ centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Katherine Johnson <kjohnson@childrensrights.org>
**Subject:** Re: [EXTERNAL] Re: Class members missing from ICE data reports

Hi Joshua,

I am writing to follow up on the data issues we raised about three weeks ago. I saw that Defendants sent February data yesterday, but will there be an corrected data sets addressing the issues Plaintiffs raised? Please provide the requested information and corrected data as soon as possible.

Thank you,

Becky

---

Becky Wolozin (she/her/ella)

Senior Attorney

Cell: (202) 964-0406

On Wed, Mar 11, 2026 at 4:02 PM McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov> wrote:

Hi Becky,

Thank you for your email last Friday. These matters are being looked into.

Best,

Joshua

**Joshua C. McCroskey**

Trial Attorney

U.S. Department of Justice

Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

(202) 305-1540

joshua.c.mccroskey@usdoj.gov

---

**From:** Becky Wolozin <bwolozin@youthlaw.org>
**Sent:** Friday, March 6, 2026 2:43 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Eleanor Roberts <ERoberts@childrensrights.org>; Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Carlos Holguín <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Katherine Johnson <kjohnson@childrensrights.org>
**Subject:** [EXTERNAL] Re: Class members missing from ICE data reports

# EXHIBIT C

National Center for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

## Class members missing from ICE data reports

**Becky Wolozin** <bwolozin@youthlaw.org> Mon, Apr 13, 2026 at 2:53 PM
To: "McCroskey, Joshua C. (CIV)" <Joshua.C.McCroskey@usdoj.gov>
Cc: Eleanor Roberts <ERoberts@childrensrights.org>, Diane de Gramont <ddegramont@youthlaw.org>, Leecia Welch <lwelch@childrensrights.org>, Mishan Wroe <mwroe@youthlaw.org>, Carlos Holguín <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Lesnau, Jessica R. (CIV)" <Jessica.R.Lesnau@usdoj.gov>, Katherine Johnson <KJohnson@childrensrights.org>

Hi Joshua,

It has now been over a month since we put Defendants on notice of significant data errors in the December 2025 data and advised Defendants of unlawfully lengthy hotel stays for class members. We also requested definitions of codes used in Defendants' data. To date, we have not received any substantive response from Defendants. If Defendants will not provide timely substantive responses to notice of missing or incorrect information in the data provided, Plaintiffs will be forced to seek relief from the court.

Based on our initial review of the February census data, it appears that Defendants have continued to provide inaccurate data to Plaintiffs and continue to unlawfully use hotels as unlicensed detention facilities for far longer than the brief stays permitted by the Court. *See* Order re March 30, 2026 Status Conference at 4, ECF 1755; Order re Application to Stay, ECF 990. Concerningly, the February data indicates a significant increase in lengthy hotel detention.

As we stated in our March 6, 2024 email, pursuant to Paragraph 28.A and the Court's Sept. 2020 orders, we request information on the reasons for every hotel placement over 72 hours. Children held in long hotels stays in February are listed below. This is in addition to the list of 19 children we identified in the December and January data.

<u>January and February 2026 HHS data errors</u>

In the January and February HHS data, there are no children listed as being held at the secure placement at Abraxas Academy in Pennsylvania on any of the tabs in the excel sheet. However, Plaintiffs' counsel is aware of multiple children detained at Abraxas Academy in both of those months and who remain in custody there. For reference, in December 2025, the Abraxas Academy census appeared on the Out of Network Placements tab but after that it disappeared from the census entirely. Please provide corrected HHS data as soon as possible.

<u>February 2026 ICE data errors</u>

The following children were listed on the Dilley census when Plaintiffs conducted a site visit in February but were not included in the February ICE data provided to Plaintiffs. Plaintiffs cannot know if other children are missing from the data because we were only able to view the census on the days of our February site visit, so this list of children not recorded in the February DHS data is likely representative but not comprehensive.

- S.E.R., A# [redacted]
- E.C., A# [redacted]
- D.S.B., A# [redacted]
- M.B.L., A# [redacted]
- Z.G.M., A# [redacted]

- A.V.G., A# [redacted]
- D.G.A., A# [redacted]
- S.F.A. and [redacted], A#s [redacted] and [redacted]
- M.G.V., A# [redacted]

February Prolonged Hotel Stays

The February ICE data indicates that the issue of prolonged hotel stays has gotten significantly worse rather than better.

We identified the following children held in a combination of hold rooms and hotels for significantly longer than 72 hours:

D.L.H. (3yo) (A# [redacted]) - 2/1/26 through 2/15/26 (1 night in hold room, 13 nights in hotel) before transfer to Dilley [redacted]

A.P.M. (8yo) (A# [redacted]) - 1/30/26 to 2/14/26 (1 night in hold room, 14 nights in two hotels) before release [redacted]

M.M.S. (12yo) (A#-[redacted]) - 2/12/26 to 2/21/26 (9 nights in two hotels) before transfer to Dilley on 2/21/26

C.M.S. (14yo) (A# [redacted]) - 2/12/26 to 2/21/26 (9 nights in two hotels) before transfer to Dilley on 2/21/26

F.B. (17yo) (A# [redacted]) - 2/16/26 to 2/26/26 (10 nights in two hotels) before removal
- This class [redacted] was transferred from an ORR shelter to ICE custody while still a minor.

M.C.N. (5yo) (A#[redacted]) - 2/4/26 to 2/11/26 (7 nights in hotel) before voluntary departure

J.A.L.G. (1yo) (A# [redacted]) - 2/4/26 to 2/10/26 (6 nights in hotel) before removal

Thank you for your prompt attention to these issues.

Becky

Becky Wolozin
Senior Attorney
National Center for Youth Law

[Quoted text hidden]

# EXHIBIT D

National Center for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

## Class members missing from ICE data reports

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov> Thu, Apr 23, 2026 at 12:05 PM
To: Becky Wolozin <bwolozin@youthlaw.org>
Cc: Eleanor Roberts <ERoberts@childrensrights.org>, Diane de Gramont <ddegramont@youthlaw.org>, Leecia Welch <lwelch@childrensrights.org>, Mishan Wroe <mwroe@youthlaw.org>, Carlos Holguín <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, "Parascandola, Christina (CIV)" <Christina.Parascandola@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Lesnau, Jessica R. (CIV)" <Jessica.R.Lesnau@usdoj.gov>, Katherine Johnson <KJohnson@childrensrights.org>

Hi Becky,

Thank you for your email. I am confirming receipt.

Best,

Joshua

---

**From:** Becky Wolozin <bwolozin@youthlaw.org>
**Sent:** Thursday, April 23, 2026 2:39 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Eleanor Roberts <ERoberts@childrensrights.org>; Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Carlos Holguín <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Lesnau, Jessica R. (CIV) <Jessica.R.Lesnau@usdoj.gov>; Katherine Johnson <KJohnson@childrensrights.org>
**Subject:** Re: [EXTERNAL] Re: Class members missing from ICE data reports

Dear Joshua,

To follow up on my email early last week, we came across the attached habeas orders from the District of Minnesota that appear to reference one of the children (APM) that I asked about in my April 13 email. *See Elizabeth M.R., A.E.P.M., I.A.P.M. v. Easterwood, et. al.*, Case No. 25-01405, ECF 8 (D. Minn. February 17, 2016).

After reviewing the orders, we have two additional questions regarding this case:

1. As noted in my April 13 email, the February ICE data lists A.P.M. as detained between January 30, 2026 , and February 15, 2026, including two weeks in hotels. But according to the D.Minn. case, A.P.M. was detained alongside a minor sibling I.A.P.M. I.A.P.M. does not appear in the February ICE census data. Please provide an explanation as to why I.A.P.M. was omitted from the data.

2. The February ICE data lists A.P.M. as 8 years old, but the court order indicates that A.P.M. is 14 years old and I.A.P.M. is 8 years old. Can you please clarify the children's ages?

Please confirm receipt of these emails and provide the requested information.

Best,

Becky

---

[Quoted text hidden]

[Quoted text hidden]

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Elizabeth M. R.,
A.E.P.M., a minor child,
I.A.P.M., a minor child,

Petitioners,

v.

**ORDER GRANTING WRIT OF HABEAS CORPUS**
Civil File No. 25-01405 (MJD/ECW)

David Easterwood, et al.,

Respondents.

---

Lyndsey M. Marcelino Schalkwyk, Marcelino & Kim PC, Counsel for Petitioners.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

---

## I. INTRODUCTION

This matter is before the Court on Petitioners Elizabeth M. R., A.E.P.M., and I.A.P.M.'s petition for writ of habeas corpus filed on February 12, 2026. (Doc. 1.) ("Pet.") Petitioners assert they are being held in detention in violation of the law. They seek a writ of habeas corpus requiring, among other things, that Respondents immediately release them from custody into Minnesota.

## I. FACTS[1]

Petitioners are citizens of Mexico and residents of Burnsville, Minnesota who entered the United States on or about April 21, 2024. (Pet. ¶¶ 1, 9.) Petitioner Elizabeth M. R. ("Ms. M. R.") is the mother of I.A.P.M. and A.E.P.M., who are being held in detention with her. I.A.P.M. is eight-years-old and prone to panic attacks. (Id. ¶ 10.) Upon information and belief, I.A.P.M. has not been given access to appropriate medical care while in custody, including evaluation or treatment for his panic symptoms. (Id.) A.E.P.M. is 14-years-old and recently had foot surgery. (Id. ¶ 11.) A.E.P.M. has follow-up medical care scheduled in the near future related to that surgery. (Id.) Upon information and belief, AEPM has not been given access to necessary medical care while in custody, including post-operative follow-up and any related care. (Id.)

Upon entry, Petitioners presented themselves to an immigration official at the border. (Id. ¶ 1.) After a brief detention, the government found that Petitioners were neither a danger to the community nor a flight risk, and they

[1] "Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted." Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).

were released on their own recognizance with a Notice to Appear ("NTA") for ordinary removal proceedings under 8 U.S.C. § 1229. (Id.) Petitioners' immigration hearing date is March 30, 2026. (Doc. 5-2 (Gov. Ex. B).) Since entering the country, Petitioners have complied with all orders regarding their immigration status. (Pet. ¶ 2.) They are not subject to final orders of removal. (Id. ¶ 1.) Petitioners live "peacefully in Minnesota without incident, working, going to school, and engaging with their neighbors in the community." (Id. ¶ 2.) None of Petitioners have a criminal record. (Id. ¶ 37.)

Despite this prior release from custody, Petitioners were arrested and detained on January 30, 2026. (Id. ¶ 3.) At her regularly-scheduled Intensive Supervision Appearance Program ("ISAP") appointment, her ISAP case manager told Ms. M. R. to return the next day with her children, which she did. (Id.) At that time, all three of them were arrested and detained. (Id.) The arrest was warrantless. (Id.)

Although Petitioners' counsel did not take the case until February 12, 2026, almost two weeks after Petitioners were seized, counsel was still unable to locate Petitioners via any ICE database or by calling ICE, which is what the online ICE Locator System instructed her to do. (Id. ¶¶ 4-5.) At one point, counsel was told

the family was being held at "an unidentified hotel." (Id. ¶ 4.) Even after the Court issued its OSC, which required Respondents to return Petitioners to Minnesota if they had been transferred out of state, Respondents did not address Petitioners' current location, which the Court finds unresponsive at best and cruel at worst, especially considering that two of the petitioners in this case are children with medical needs. (Doc. 4.) The Court's own search of the ICE Detainee Locator returns no location for Ms. M. R. The Locator does not reveal locations for minors.

## II. DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases). The petitioner bears the burden to prove illegal detention by a preponderance of the evidence. See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

Although Petitioners raise various claims in their petition, this case, like so many other immigration cases in this District, turns on whether 8 U.S.C. §

1225(b) or 8 U.S.C. § 1226(a) applies to Petitioners' situation. Because the Court concludes that § 1226(a) applies here, the Court will grant the habeas petition.

In Mahamed C.A. v. Noem, Magistrate Judge John F. Docherty succinctly explained the two statutes at issue in this case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1 (D. Minn. Dec. 16, 2025), R&R adopted sub nom., 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

Respondents argue that because Petitioners are noncitizens who were encountered at the border and "initially processed for expedited proceedings under § 1225(b)(1) before being released into the United States and later detained for the resumption of those proceedings previously begun," they are distinguished from the noncitizens who enter the country without admission or inspection and who are later encountered by immigration officials inside the country. (Doc. 4 at 2.) This distinction, they assert, means that this petition is governed by § 1225(b). (Id.) Respondents argue that Petitioners are noncitizens present in the United States without having been admitted, and are therefore

"applicants" for admission under section 1225(b) and subject to mandatory detention under § 1225(b)(2). (Id. at 4.) Courts have overwhelmingly rejected Respondents' interpretation, which says that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. See, e.g., Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases); Andres R.E. v. Bondi, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases).

When interpreting a statute, "every clause and word of a statute should have meaning." United States ex rel. Polansky v. Exec. Health Res., Inc., 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting Montclair v. Ramsdell, 107 U.S. 147, 152 (1883)). Noncitizens like Petitioners, who have been living in the country for months or years, but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b), which requires that several conditions be met before someone can be detained. An immigration officer must determine that the noncitizen "is [1] an applicant for admission . . . [2] seeking admission . . . [and 3] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." United States ex rel. Claussen v. Day, 279 U.S. 398, 401 (1929); Belsai, 2025 WL 2802947, at *5-6. Petitioners have resided in the country for almost two years and therefore, are not currently "seeking admission" into the United States. They do not need to "come from outside." They are already here.

In addition, Respondents issued Petitioners the same NTA that they issued to the petitioner in Andres R.E., 2025 WL 3146312, at *3. The Andres R.E. court explained that the NTA, itself, indicated that the petitioner was not "seeking admission" under § 1225:

> R.E.'s notice to appear does not indicate any present-tense action. In fact, the immigration officer indicated that R.E. was "an alien present in the United States who has not been admitted or paroled," while failing to indicate he was "an arriving alien":
>
> > ☐ You are an arriving alien.
> > ☒ You are an alien present in the United States who has not been admitted or paroled.
> > ☐ You have been admitted to the United States, but are removable for the reasons stated below.

> (ECF 13-2 at 1.) Without any sort of present-tense action, R.E. is not "seeking admission," and is thus not subject to Section 1225(b).
>
> The government's reading would also render Section 1226(c)'s recent amendment superfluous. Under the recent amendment set forth in the Laken Riley Act, people charged with certain crimes are not subject to discretionary release and must be detained. The government's reading—that any noncitizen in the country that has not been admitted is subject to mandatory detention under Section 1225(b)—would render this amendment meaningless because the people who fall under mandatory detention in Section 1226(c) would already be subject to detention under Section 1225.

Id. (citations omitted). (See Doc. 5-2 at 1, 4, 7 (Petitioners' NTAs).)

Petitioners have been in the United States for almost 2 years. Accordingly, the Court finds that their detention is governed by § 1226(a)'s discretionary framework, and not the mandatory detention provisions of § 1225(b). This District is united in finding that those who are already in the United States at the time they are detained by ICE are governed by the provisions of 8 U.S.C. § 1226, not § 1225(b). See Fuentes v. Olson, No. 25-CV-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025) ("Notably, every district judge in this District to consider this question on the merits has rejected the Government's argument."). Nationally, over 300 cases have been decided against the government on this issue. Id. at *1.

Pursuant to § 1226(a), Petitioners are entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); Belsai, 2025 WL 2802947, at *5–7; Andres R.E., 2025 WL 3146312, at *1 n.2. However, § 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." Cristian Z. v. Bondi, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." Id. (cleaned up); Ahmed M. v. Bondi, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

Because Respondents admit in their own documents that Petitioners are not "arriving aliens" and because no warrant was issued or presented in this case, Petitioners' immediate release is the proper remedy here. See Ahmed M., 2026 WL 25627, at *3 (a failure to satisfy warrant requirement is grounds for immediate release of an individual detained under Section 1226(a)).

Before the Court enters its order, it finds it necessary to comment on the human toll this case has wrought. Since at least February 12, 2026, both Petitioners' counsel and the Court have searched more than once to ascertain the

location of Petitioners. The fact that Petitioners' own counsel cannot locate her clients is of particular concern. The Court refers Respondents to the Honorable Nancy N. Brasel's temporary restraining order in Advocates for Human Rights v. U.S. Dep't of Homeland Security, No. 26-CV-749 (NEB/DLM), 2026 WL 404457 (D. Minn. Feb. 12, 2026), which requires immigration agents at the Whipple Federal Building to allow detainees access to counsel.

Moreover, while by now most of those familiar with this system accept that it may take two or three days for an individual's location to register on the ICE Online Locator (assuming that person is not being transferred from location to location in an attempt to outrun the jurisdiction of a particular court), it is disturbing that an entire family unit can somehow disappear into an ICE blackhole for more than two weeks. This concern over the lack of transparency concerning Petitioners' whereabouts is exacerbated due to the children's health issues, which Respondents do not even mention in their brief. All the more reason to grant the petition.

**III. ORDER**

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

CASE 0:26-cv-01405-MJD-ECW Doc. 37 Filed 02/16/26 Page 11 of 11

1. Petitioners Elizabeth M. R., A.E.P.M., and I.A.P.M.'s Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED as follows**:

   a. Respondents are ordered to immediately arrange for release of Petitioners into Minnesota at a safe time and in a safe place that is communicated at least two (2) hours in advance to Petitioner's counsel;

   b. Respondents are ordered to release Petitioners on their own recognizance and without conditions beyond those that existed prior to their unlawful re-detention;

   c. Respondents are ordered to immediately return all of Petitioners' personal items that were taken from them when they were detained in substantially the same condition as when the items were taken, such as a driver's license, immigration papers, passports, cell phones, children's items, and keys; and

   d. Respondents are enjoined from re-detaining Petitioners under the same statutory theory that has been rejected in this Order.

2. Within 48 hours of the date of the filing of this Order, Respondents are ordered to file a status update with the Court reporting on their compliance with this Order.

3. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 16, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Elizabeth M. R.,
A.E.P.M., a minor child,
I.A.P.M., a minor child,

Petitioners,

v.

David Easterwood, et al.,

Respondents.

**ORDER DISMISSING WRIT OF HABEAS CORPUS**

Civil File No. 26-1405 (MJD/ECW)

---

Lyndsey M. Marcelino Schalkwyk, Marcelino & Kim PC, Counsel for Petitioner.

David W. Fuller, Assistant United States Attorney, Counsel for Respondents.

---

On February 17, 2026, the Court granted Petitioners' Petition for Writ of Habeas Corpus and ordered Respondents to immediately release Petitioners from detention without additional conditions and with all of their personal property. [Doc. 8.] On February 18, 2026, Respondents informed the Court that Petitioners had been released from detention on February 15 without additional conditions and with all personal property. [Doc. 10.]

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioners' Petition for Writ of Habeas Corpus **[Doc. 1]** is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court

# EXHIBIT G

National Center for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

# Class members missing from ICE data reports

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov> Thu, Apr 30, 2026 at 2:38 PM
To: Becky Wolozin <bwolozin@youthlaw.org>
Cc: Eleanor Roberts <ERoberts@childrensrights.org>, Diane de Gramont <ddegramont@youthlaw.org>, Leecia Welch <lwelch@childrensrights.org>, Mishan Wroe <mwroe@youthlaw.org>, Carlos Holguín <crholguin@centerforhumanrights.org>, Sarah Kahn <sarah@centerforhumanrights.org>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Lesnau, Jessica R. (CIV)" <Jessica.R.Lesnau@usdoj.gov>, Katherine Johnson <KJohnson@childrensrights.org>

Hi Becky,

Thank you for these corrections. I have passed them along to DHS to assist their inquiry.

Best,

Joshua

---

**From:** Becky Wolozin <bwolozin@youthlaw.org>
**Sent:** Thursday, April 30, 2026 5:27 PM
**To:** McCroskey, Joshua C. (CIV) <Joshua.C.McCroskey@usdoj.gov>
**Cc:** Eleanor Roberts <ERoberts@childrensrights.org>; Diane de Gramont <ddegramont@youthlaw.org>; Leecia Welch <lwelch@childrensrights.org>; Mishan Wroe <mwroe@youthlaw.org>; Carlos Holguín <crholguin@centerforhumanrights.org>; Sarah Kahn <sarah@centerforhumanrights.org>; Parascandola, Christina (CIV) <Christina.Parascandola@usdoj.gov>; Silvis, William (CIV) <William.Silvis@usdoj.gov>; Celone, Michael A. (CIV) <Michael.A.Celone@usdoj.gov>; Lesnau, Jessica R. (CIV) <Jessica.R.Lesnau@usdoj.gov>; Katherine Johnson <KJohnson@childrensrights.org>
**Subject:** Re: [EXTERNAL] Re: Class members missing from ICE data reports

Good afternoon Joshua,

I am writing to correct some minor errors in the information sent to you on March 6, 2026 and April 13, 2026. Responses to these requests and the others in this email chain are still outstanding.

March 6 email corrections:

- J.P.P.'s first initial is "D" and the initials should read "D.P.P."
- P.I.G.V. was held in hotels from 1/6/2026 through 1/11/2026, a day longer than indicated in the email.
- I.N. and E.N. were held for one night in a hold room, prior to being held in a hotel.
- H.P.T. was held in a hold room for three days, not in a hotel room.

April 13 email corrections:

- A.V.G. did appear in February's data production
- J.A.L.G.'s initials should read J.A.I.G.

Best,

Becky

---

[Quoted text hidden]

[Quoted text hidden]

# EXHIBIT H

National Center for Youth Law

Diane de Gramont <ddegramont@youthlaw.org>

# [Not Virus Scanned] [Not Virus Scanned] March 2026 - Flores Monthly Data

**McCroskey, Joshua C. (CIV)** <Joshua.C.McCroskey@usdoj.gov> Fri, May 1, 2026 at 1:14 PM
To: Sarah Kahn <sarah@centerforhumanrights.org>, Diane de Gramont <ddegramont@youthlaw.org>, Mishan Wroe <mwroe@youthlaw.org>, Becky Wolozin <bwolozin@youthlaw.org>, Carlos Holguin <crholguin@centerforhumanrights.org>, Leecia Welch <lwelch@childrensrights.org>, Eleanor Roberts <ERoberts@childrensrights.org>
Cc: "Celone, Michael A. (CIV)" <Michael.A.Celone@usdoj.gov>, "Silvis, William (CIV)" <William.Silvis@usdoj.gov>, "Lesnau, Jessica R. (CIV)" <Jessica.R.Lesnau@usdoj.gov>

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Good afternoon,

The monthly data reporting for March is attached. The password will follow.

ICE produced updated reports for February and March. The updated reports contain cases that did not have "apprehension date" entered by field offices that ICE personnel discovered were not being pulled for February and March.

I do not yet have the CBP additions to the updated ICE report.

For your awareness, I have one note on the CB[redacted]e Fe[redacted]ary data report that will be filed on Monday with the juvenile coordinator's report, there will be no entry for [redacted] A '[redacted], like there was in the data produced to class counsel. OFO determined that the listed TIC was erroneous and that it was actually < 72 Hours.

I understand that several of class counsel's inquiries about the data and data reporting remain pending.

Best,

Joshua

**Joshua C. McCroskey**

Trial Attorney

U.S. Department of Justice

Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

(202) 305-1540

joshua.c.mccroskey@usdoj.gov

---

**4 attachments**

**CBP Children with TIC greater than 72 hours_MAR2026.xlsx**
127K

**February 2026 ICE Flores Report Updated.xlsx**
240K

**HHS Flores Data-March 2026.xlsx**
56K

**March 2026 Flores ICE Report Updated.xlsx**
147K