# EXHIBIT 5

**DECLARATION OF KIRA KELLEY**

I, Kira Kelley, declare the following is true and accurate to the best of my knowledge and recollection:

1. I am an attorney based in the Minneapolis area. I am a part-time staff attorney at the Climate Defense Project and I operate a part-time solo practice that is exclusively pro bono, with a focus on indigent clients for whom counsel would otherwise be inaccessible. My legal practice is a mix of criminal and civil litigation at the trial and appellate levels, as well as a small but growing immigration practice. I am licensed to practice in Minnesota and New Hampshire state and federal courts, the nationwide executive immigration courts ("EOIR"), the Eighth Circuit Court of Appeals, and the Courts of the Sovereign Timbisha and Washoe Nations.

2. I have practiced law for 6 years and have practiced in Minnesota for 5 years. In 2023 I started practicing immigration law as part of my pro bono solo practice, by volunteering with Advocates for Human Rights ("AHR"). My clients in that capacity are mostly Special Immigrant Juveniles, and a few asylum seekers. I am a member of the National Lawyers Guild.

3. Starting in December of 2025 and in response to the detrimental impacts of "Operation Metro Surge" that I observed on the families in my neighborhood, I began filing habeas corpus petitions for detained noncitizens.

4. As of the date of this declaration, I have filed approximately seventy five habeas corpus petitions for detained noncitizens.

5. I am connected to a network of volunteer immigration and habeas attorneys in Minnesota who are also filing *pro bono* habeas corpus petitions for our noncitizen neighbors. In this capacity, I have provided consultations and review of several dozen additional habeas corpus petitions for detained noncitizens, which consultations include both providing legal arguments and drafting support, as well as assisting my colleagues with tasks such as locating clients and navigating the websites and processes that the Department of Homeland Security ("DHS") operates related to their detention of noncitizens.

6. Based on the above personal experience, I am aware of several children who were taken into custody by DHS and confined in hotel rooms. I attempted to help the attorneys representing these children locate them. These children were difficult to locate because while they were confined in hotels, the location of the children and their parents did not show up on the ICE detainee locator and I was unable to assist the attorneys in finding their clients' location.

7. In my experience, if an individual is held in a hotel or other temporary ICE detention location, the ICE detainee locator does not provide a facility location where the person is detained and the website instead says to "contact ICE for details" or "Search Results: 0." The instructions on the detainee locator website for contacting ICE lead me to a phone number for the St. Paul field office. This office has only ever answered my call once, despite me having spent

hours attempting to make contact via that number since the beginning of 2026, listening to it ring endlessly.

8. Although I have experienced difficulties contacting and meeting with my clients in ICE detention generally, my concerns are especially heightened with children given their unique vulnerability. I have represented three minor noncitizens in habeas proceedings since December of 2025, and I have seen firsthand how detentions traumatize children and their caregivers. One of these clients, who is two years old, spent the night sleeping on the floor in the airport after having been flown from Minnesota to Texas in violation of a court order, although I did not learn this until after she was released into my custody in Minnesota. Another minor client of mine was a U.S. citizen, who I filed a habeas petition for after she was racially profiled by immigration officers and taken into custody, and who both myself and the United States Attorney for DHS were unable to locate at all for several days, even after her detention had ended. She was detained at the Bishop Henry Whipple Federal Building until her release.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Executed on this 30th day of April, 2026, in Hennepin County, Minnesota

Kira A. Kelley