UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | May 18, 2026 |
|---|---|---|---|

| Title | *Jenny Flores, et al. v. Todd Blanche, et al.* | Page | **1** of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO PARTIALLY RECONSIDER ORDER OF APRIL 3, 2026 [1760]**

Before the Court is Defendants' Motion to Partially Reconsider Order of April 3, 2026. [Doc. # 1760 ("MFR").]  The MFR is fully briefed.  [Doc. ## 1764 ("Opp."), 1772 ("Reply").] Defendants contend that the Court's September 4, 2020 Order ending their practice of detaining minors in hotels addressed that practice only in the context of Title 42 COVID-era expulsions and no other.  As a result, they seek reconsideration of the Court's April 3, 2026 Order directing them to cease hoteling Class Members for prolonged periods in the non-Title 42 context.  For the reasons discussed below, the Court finds that Defendants have highlighted a distinction without a difference and therefore **DENIES** their MFR.

**I.**
**RELEVANT BACKGROUND**

On March 30, 2026, the Court held a video status conference regarding the March 2026 Supplemental Reports filed by the Customs and Border Protection ("CBP") and Immigration and Customs Enforcement ("ICE") Juvenile Coordinators.  [Doc. # 1754.]  On April 3, 2026, the Court issued an Order setting a further status conference and deadlines for supplemental reports.  [Doc. # 1755 ("Apr. 3, 2026 Order").]  The Court also highlighted past orders it has issued addressing many of the same categories of concerns that were discussed at the status conference.  *See id.* at 3.[1]  One such order was the Court's September 4, 2020 Order Re Plaintiffs' Motion to Enforce Settlement as to "Title 42" Class Members, which ordered the Department of Homeland Security ("DHS") to end its practice of detaining Class Members in hotels and to transfer Class Members to licensed facilities as expeditiously as possible.[2]  [Doc. # 976 ("Sept. 4, 2020 Order").]  The

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] The Court noted that while accompanied minors were likely to be placed in family residential centers, which may be unlicensed facilities, such facilities at least have well-established standards of care and oversight.  Sept. 4, 2020 Order at 17 n.10.

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | May 18, 2026 |
|---|---|---|---|

| Title | *Jenny Flores, et al. v. Todd Blanche, et al.* | Page | **2** of **4** |
|---|---|---|---|

Court observed that, based on the ICE Juvenile Coordinator's March 2026 Supplemental Report, it appeared that some Class Members were being detained in hotels for significantly longer than 72 hours.  Apr. 3, 2026 Order at 4; *see* Doc. ## 1736-6, 1736-7.

Defendants request that the Court reconsider the following two sentences from the April 3, 2026 Order:  (1) "As previously ordered, Defendants shall cease placing minors at hotels, with a narrow exception for brief, one to two-night stays while in transit or prior to flights.  [*See* Doc. # 976.]"; and (2) "Continued non-compliance will result in the re-appointment of a Special Master/Independent Monitor."  *See* Apr. 3, 2026 Order at 4.

## II.
## LEGAL STANDARD

"[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

## III.
## DISCUSSION

### A.      The Court's September 4, 2020 Order

Defendants contend that the Court's September 4, 2020 Order applies strictly to DHS's practice of detaining minors in hotels pending expulsion under Title 42, and should not be "extended" to restrict ICE's current use of hotels.  MFR at 15–16.  Defendants' myopic reading of the Court's prior order misses the forest for the trees.  In the September 4, 2020 Order, "[t]he sole focus of the Court [was] Defendants' treatment of minors within their 'legal custody' and whether it comports with the requirements of the *Flores* Agreement."  Sept. 4, 2020 Order at 5.  After concluding that minors detained under Title 42 were in fact *Class Members* and therefore protected by the *Flores* Settlement Agreement ("FSA"), the Court assessed whether Defendants' use of hotels to house Class Members violated the FSA.

The Court found that Defendants materially breached their duty to transfer Class Members to licensed facilities "as expeditiously as possible" under Paragraphs 12 and 19 of the FSA.  *See id.* at 12–13; FSA at ¶¶ 12, 19.  Defendants argue that the Court's concern that Title 42 had largely replaced the Title 8 framework at the time is evidence that the Court's finding only applies to hoteling in connection with Title 42 expulsions.  MFR at 16.  While the Court certainly expressed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | May 18, 2026 |
|---|---|---|---|

| Title | ***Jenny Flores, et al. v. Todd Blanche, et al.*** | Page | **3** of **4** |
|---|---|---|---|

concern that hoteling "*fully replaced* licensed programs for minors in Title 42 custody for the period prior to expulsion," the driving force animating that concern was Class Members' lengths of stay in hotels. *See* Sept. 4, 2020 Order at 12 (emphasis in original). The Court rejected Defendants' argument that the hotel stays were only short-term and noted that children spent approximately five days in hotels, on average. *Id.* at 11–12. The same concern regarding prolonged lengths of stay applies with equal force in the current context, where, for example, Defendants' census data shows that a Class Member was detained in a hotel for over 16 days in December 2025. *See* Doc. # 1736-6. Class Members' prolonged detention in hotels violates the FSA irrespective of the statutory authority under which they are detained. In other words, the April 3, 2026 Order does not *extend* anything—it merely reiterates the Court's prior ruling regarding how *Class Members* ought to be treated.[3]

Defendants contend that "[e]ven if the Court intended to apply the September 4, 2020 Order to all hotel stays, the Court should not do so because the current circumstances are materially different." MTR at 6. The purported material change in circumstances is that hotel stays are not the "default placement" and instead are "situational" and "longer hotel stays typically only occur when difficult-to-plan-for operational challenges arise." *Id.* The Court understands now, as it did in the past, that unexpected operational challenges are bound to arise. Indeed, the Court considered such operational challenges and integrated some flexibility into its orders. The Court's September 4, 2020 Order states:

> "DHS shall cease placing minors at hotels by no later than September 15, 2020. Consistent with past practice, exceptions may be made for one to two-night stays while in transit or prior to flights, if minors are traveling longer distances, or due to unexpected flight delays. If other exigent circumstances arise that necessitate future hotel placements, Defendants shall immediately alert Plaintiffs and the Independent Monitor, providing good cause for why such unlicensed placements are necessary."

Sept. 4, 2020 Order at 17.

The Court subsequently modified the September 4, 2020 Order, in part, to provide that "DHS may implement brief hotel stays (not more than 72 hours) as necessary and in good faith to alleviate bottlenecks in the intake processes at licensed facilities." Doc. # 990 ("Sept. 21, 2020 Order"); *see also Flores v. Garland*, 3 F.4th 1145 (9th Cir. 2021) (affirming Sept. 21, 2020 Order).

---

[3] Because there is nothing new under the sun, Defendants' argument regarding the need for notice and opportunity to be heard before the April 3, 2026 Order is unavailing. *See* MFR at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 85-4544-DMG (AGRx)** | Date | May 18, 2026 |
|---|---|---|---|

| Title | *Jenny Flores, et al. v. Todd Blanche, et al.* | Page | **4** of **4** |
|---|---|---|---|

Nothing about the current circumstances makes the Court's prior orders inapplicable.[4]  The common denominator in the 2020 and 2026 Orders is the hoteling of *Class Members* and the through line in the Court's rulings is that *Class Members* are entitled to the protections of the FSA. If operational challenges result in prolonged detention of minors in hotels, the FSA's protections are triggered, and Defendants cannot simply throw their hands up without identifying exigent circumstances and good cause as required in the September 2020 Orders.

**B.      Reappointment of Independent Monitor**

Defendants also ask the Court to reconsider the following line from the April 3, 2026 Order: "Continued non-compliance will result in the re-appointment of a Special Master/Independent Monitor."  *See* Apr. 3, 2026 Order at 4.  The Court clarifies that the reference to "[c]ontinued non-compliance" in the final paragraph of the Order pertains to the preceding recitation of the numerous issues relating to conditions and confinement that the parties and Court have repeatedly discussed at recent status conferences.  *See*, *e.g.*, Doc. ## 1672 (September 22, 2025), 1714 (December 15, 2025), 1755 (March 30, 2026).  The reference to "non-compliance" did not relate only to the apparent prolonged detention of minors in hotels.

The Court previously has informed the parties that it would defer ruling on whether to reappoint an independent monitor pending further review of Defendants' efforts to address the outstanding issues identified by the Court.  *See* Order Re Plaintiffs' Motion to Enforce [Doc. # 1638 at 13]; Order Re Sept. 22, 2025 Status Conference [Doc. # 1672 at 2].  Contingent on further discussion regarding the Juvenile Coordinators' supplemental reports and Plaintiffs' responses thereto at the June 1, 2026 status conference, the Court may issue an Order to Show Cause why an independent monitor should not be reappointed, at which point Defendants will have additional notice and opportunity to be heard.

**IV.**
**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' MFR.  The hearing on May 22, 2026 is hereby **VACATED**.

**IT IS SO ORDERED.**

---

[4] To the extent there is confusion, the Court clarifies that the April 3, 2026 Order does not narrow or modify the September 4 and 21, 2020 Orders in any way.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|