CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
crholguin@centerforhumanrights.org
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 92705l
Telephone: (909) 274-9057

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Jenny Flores, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Todd Blanche, Acting Attorney General of the United States, *et al.*,<br><br>Defendants. | No. CV 85-4544-DMG-AGRx<br><br>**SUPPLEMENTAL DECLARATION OF LEECIA WELCH IN SUPPORT OF PLAINTIFFS' RESPONSE TO JULY 1, 2026 ICE JUVENILE COORDINATOR ANNUAL REPORT**<br><br>Honorable Dolly M. Gee<br>Chief United States District Judge |

i

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
428 13th Street, Floor 5
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted *pro hac vice*)
2300 18th Street NW, P.O. Box 21156
Washington, DC 20006
Telephone: (202) 868-4792
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

## DECLARATION OF LEECIA WELCH

I, Leecia Welch, declare as follows:

1. I am Chief Legal Counsel at Children's Rights. I represent Plaintiffs in the above-titled action. If called to testify in this case, I would testify competently about these facts. Pursuant to the Court's request at the status conference on August 4, 2026, this declaration supplements my declaration filed on July 15, 2026, in support of Plaintiffs' Response to the July 1, 2026 ICE Juvenile Coordinator Annual Report ("Plaintiffs' Response").

2. Plaintiffs' counsel conducted our 12th site visit at the South Texas Family Detention Center ("Dilley") on July 14-15, 2026. Because the site visit coincided with the filing of Plaintiffs' Response, we were unable to include information obtained during the visit regarding children's length of detention and conditions of confinement in my July 15, 2026 declaration.

3. During the July 14-15 site visit, children and families shared the same information about the inhumane conditions and *Flores* Settlement Agreement ("FSA") violations at Dilley that we have been documenting for over a year. Class members and their families continued to report concerns about children's deteriorating mental health from prolonged detention; lack of adequate medical care; lack of nutritious food and baby food; sickness from the food and tap water; inability to sleep due to excessive noise, uncomfortable bunkbeds, and lights on all night; lack of information regarding their *Flores* rights; lack of free phone calls to family members; lack of free phone calls and obstructed email access to their attorneys; and mistreatment by Dilley guards and staff. On July 21, 2026, I sent Defendants a letter documenting these concerns.

4. According to the July 15, 2026 census provided to us during the site visit, 116 children (from 79 families) were detained at Dilley on that day. This represented a substantial increase from the 74 children ICE reported were detained at Dilley as of June 18, 2026, in the ICE Juvenile Coordinator's Annual Report. We interviewed families

2

whose children had already been detained at Dilley for extraordinarily long periods, including 96, 91, 69, 59, and 58 days.

5.    Using the July 15 census, members of Plaintiffs' counsel team conducted a hand count of each child's length of stay at Dilley. As of July 15, nearly half of the 116 children—54 children—had already been detained at Dilley for more than 20 days. Of those children, three had been detained between 75 and 99 days, 14 had been detained between 50 and 74 days, and 37 had been detained between 20 and 49 days. These figures reflect only time spent at Dilley and do not include time many families spent in DHS custody before arriving there.

6.    On August 4, 2026, a member of Plaintiffs' counsel team searched ICE's Online Detainee Locator system to review the status of the 17 children who had already been detained at Dilley for more than 50 days as of July 15, 2026. I reviewed the results of this search for each of the 17 children. That review showed that more than half of those children remained detained at Dilley three weeks later. Specifically, at least one of the three children who had already been detained between 75 and 99 days as of July 15 remained detained, as did at least eight of the 14 children who had already been detained between 50 and 74 days. As of August 4, 2026, at least one child had been detained at Dilley for more than 100 days, and at least six children had been detained there for between 75 and 99 days.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of August, 2026 at San Francisco, California.

_____

Leecia Welch