**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY LISETTE FLORES., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>TODD BLANCHE, Acting Attorney General of the United States, *et al.*,<br><br>Defendants. | Case No. CV 85-4544-DMG (AGRx)<br><br>**ORDER RE APPOINTMENT OF SPECIAL MASTER AND INDEPENDENT MONITOR** |

The Court hereby **APPOINTS Andrea Sheridan Ordin, Esq.** as the Special Master ("SM"), and **Dr. Paul H. Wise** as the Independent Monitor ("IM"), with all of the authorities detailed herein.

The SM/IM shall monitor compliance with the *Flores* Settlement Agreement ("FSA"), the Court's August 17, 2026 Order Discharging Order to Show Cause and Appointing Special Master and Independent Monitor, and other Court Orders pertaining to the subjects of the monitoring, including the Court's August 15, 2025 Order re Plaintiffs' Motion to Enforce [Doc. # 1638] and the Court's September 4, 2020, September 21, 2020, and May 18, 2026 Orders regarding the use of hotels to detain minors [Doc. ## 976, 990, 1775] (collectively, "the Court's Orders").

**Monitoring Protocol:** The SM/IM will prepare a summary Monitoring Protocol which will be adhered to by the SM, IM, and all Parties. The SM/IM shall provide a draft Monitoring Protocol to the Parties and the Court within 15 days after entry of this Order. The Parties shall provide any comments and/or objections to the draft Monitoring Protocol within 10 days of receiving the draft. After considering the comments and/or objections, the SM/IM will finalize the Monitoring Protocol, provide it to the Parties, and file a notification with the Court that the Monitoring Protocol has been finalized. It is the Court's expectation that the commencement of monitoring shall not be unreasonably delayed due to the finalization of the Monitoring Protocol.

**Term and Extensions**: The Court appoints the SM/IM for a term of 12 months (the "Initial Term") commencing on the date the Monitoring Protocol has been finalized (the "Effective Date"). The Initial Term may be extended (the "Extended Term")[1] if, at least four weeks prior to the expiration of the Initial Term, any of the Parties and/or the SM/IM file with the Court a Notice requesting an extension of the SM/IM's term for an additional term based on specific and ongoing concerns regarding Defendants' compliance with the issues identified in the Court's Orders.

[1] The Initial Term, together with any Extended Terms, shall collectively be referred to as "the Term."

The Notice shall identify an appropriate extension of time in order to ensure that the goals of monitoring are met. The Parties shall have the right to respond to any such Notice filed by the SM/IM within 10 days after the Notice's filing. Opposing Parties and the SM/IM shall have the right to respond to any such Notice filed by a Party within 10 days after the Notice's filing. The Parties and/or the SM/IM may apply for additional extensions under the same standard by filing a Notice requesting an extension no later than four weeks before the end of any Extended Term. Absent a showing of serious, specific, and ongoing concerns by the Parties and/or the SM/IM, the presumptive end of the Term shall be no later than 36 months after the Effective Date.

**Monitoring Time in Custody as to CBP and ICE:** The SM/IM shall be responsible for monitoring time in custody for compliance with the FSA and the Court's Orders at the RGV, El Paso, and San Diego (including Otay Mesa Port of Entry ("POE")) sectors of CBP.

The SM/IM shall also be responsible for monitoring time in custody for compliance with the FSA for class members detained at Dilley and class members detained in any hotels. Monitoring time in custody for class members detained at Dilley shall include monitoring the cumulative time a class member spends in an unlicensed facility, before and after Dilley, regardless of which DHS component agency operates the facility.

The SM/IM shall validate data pertaining to time in custody and monitor CBP and ICE's systems for tracking and calculating time in custody. The SM/IM shall verify the monthly data provided by Defendants to Plaintiffs' Counsel under Paragraph 28A and 29 of the FSA.

**Monitoring Conditions of Confinement at Certain CBP Sectors:** The SM/IM shall be responsible for monitoring the following conditions for compliance with the FSA and the Court's Orders: (1) adequate temperature controls in the RGV, El Paso, and San Diego sectors; (2) adequate sleeping conditions based on the issue of reduced lighting at

night in the San Diego sector; and (3) access to soap in the San Diego sector (including Otay Mesa POE).

**Monitoring at Dilley:** In addition to monitoring class members' time in custody at Dilley, the SM/IM shall monitor ICE's compliance with the FSA and the Court's Orders with respect to: (1) adequate access to medical care; and (2) provision of notice of *Flores* rights. The SM/IM shall assist the Parties in finalizing a notice of *Flores* rights, if appropriate, and the manner in which such notice should be disseminated to class members at Dilley, subject to the Court's final approval.

**Access to Information Necessary for Monitoring:** The SM/IM will be subject to the Protective Order Governing the Handling of Confidential Material Related to Oversight by Special Master/Independent Monitor ("Protective Order") [Doc. # 513].

Subject to that Protective Order, the SM/IM will have access to CBP and ICE documents and records, may conduct announced and unannounced visits to Dilley, CBP facilities in the RGV, El Paso, and San Diego (including Otay Mesa POE) sectors, and hotels used to house class members, may conduct interviews with class members and accompanying adult family members, and may conduct interviews with CBP and ICE employees and the employees of its contractors.

The SM/IM may inspect Dilley, CBP facilities in the RGV, El Paso, and San Diego (including Otay Mesa POE) sectors, and hotels used to house class members, and may also request data from CBP and ICE in order to determine whether they are in compliance with the terms of the FSA and the Court's Orders.

The SM/IM may, in their discretion, provide Class Counsel with documents or information provided by CBP or ICE, to the extent that they determine that such sharing would facilitate the performance of their duties in monitoring compliance with the terms of the FSA and the Court's Orders.

**Reporting:** The SM/IM will prepare, at a minimum, quarterly reports for the Court and provide them to the Parties. The SM/IM will file these reports with the Court.

The reports shall address Defendants' substantial compliance with the issues identified in the Court's August 17, 2026 Order Appointing Special Master and Independent Monitor, as well as any recommendations for steps necessary to remedy any non-compliance.

The first quarterly report shall be filed no later than 90 days after the Effective Date and every subsequent quarterly report shall be filed every 90 days thereafter through the end of the Term, unless otherwise specified by Court order.[2] At least 14 days prior to filing the quarterly report on the docket, the SM/IM shall serve the Parties with a copy for comments. The Parties may submit objections or comments to the reports to the SM/IM at least seven days prior to the date the report is due to the Court. The SM/IM may, in their discretion, modify the quarterly report in any manner suggested by a Party before filing it with the Court, although the SM/IM has no obligation to explain their response (or lack thereof) to any suggestions. The SM/IM shall file the Parties' written comments together with the quarterly reports.

If these reports are deemed confidential for compelling reasons by the IM, SM, or either Party, the Parties will propose to the Court that they be filed under seal. Each report shall be accompanied by a summary without confidential information that will be filed on the public docket. Any objections or comments regarding confidential matters shall be filed under seal.

**Notification of Noncompliance:** The SM/IM will promptly notify: (1) ICE and Defendants' Counsel of any observed failure to substantially comply with the FSA and the Court's Orders with regard to time in custody, access to adequate medical care, and notice of rights at Dilley; (2) ICE and Defendants' Counsel of any observed failure to substantially comply with the FSA and the Court's Orders with regard to time in custody in hotels; and (3) CBP and Defendants' Counsel of any observed failure to substantially comply with the FSA and the Court's Orders with regard to time in custody and the

[2] If necessary, the SM/IM may seek a reasonable extension of time to file the quarterly report.

specific conditions issues specified above, within the RGV, El Paso, and San Diego (including Otay Mesa POE) sectors. If the situation is not timely remedied, the SM/IM shall promptly notify the CBP Juvenile Coordinator and/or ICE Juvenile Coordinator, and Class and Defendants' Counsel of any observed failure to substantially comply.

If the SM/IM identifies any concerns or issues related to a suspected failure to substantially comply with the FSA beyond the areas of monitoring detailed herein, they may notify the Juvenile Coordinators and Parties. The Juvenile Coordinators will review the concerns with the SM/IM. The SM/IM may include any such concerns or issues in their quarterly reports to the Court. The Court, in its discretion, may authorize the SM/IM to investigate the potential breaches, request briefing from the Parties thereon, hold hearings or mediation relating thereto, and issue a Report and Recommendation thereon to the Court if the matter cannot be resolved through mediation.

**Fees and Expenses:** The SM/IM shall be entitled to reimbursement from Defendants of reasonable fees and expenses. *See* Fed. R. Civ. P. 53(g)(3) (listing factors courts should consider when allocating payment among the parties). These fees and expenses will be subject to a cap of $620,000 annually, inclusive of travel expenses. On a monthly basis, the SM/IM shall provide CBP and ICE with a detailed record of hours billed and expenses incurred in the preceding month.

If CBP and/or ICE disputes a bill from the SM/IM, it shall have 15 days to review and submit objections to the SM/IM or to request additional documentation from the SM/IM. If any dispute over the bill is not resolved within 30 days, CBP and/or ICE will submit the dispute to the Court for resolution.

**Monitoring Assistance:** The SM/IM may identify proposed aides and/or medical professionals unaffiliated with CBP, ICE, or Plaintiffs, and seek Court approval for the hiring of such aides and/or medical professionals to assist the SM/IM in all aspects of their monitoring work. The Parties must agree to any proposed aides or medical professionals. Such aides or medical professionals, acting under the supervision of the SM/IM, may inspect the facilities and records, and interview CBP/ICE employees,

regarding compliance with the FSA. These aides and/or medical professionals will be paid for their services, and these payments will be subject to the annual cap designated above.

***Ex Parte* Communications**: The SM/IM shall be permitted to engage in *ex parte* communications under the following circumstances:

The Court. The SM/IM shall be permitted to confer *ex parte* with the Court regarding any issue arising under or relating to this Order. All such communications shall be privileged and shall not be subject to discovery.

The Parties. The SM/IM shall be allowed to engage in *ex parte* communications with the Parties' counsel and the Juvenile Coordinators relating to the performance of their duties. As detailed above regarding "Access to Information Necessary for Monitoring," the SM/IM also may conduct interviews with CBP and ICE employees and the employees of its contractors.

Class Members or their Representatives. The SM/IM shall be allowed to speak with Class Members or their Representatives. The Parties shall meet and confer with the SM/IM regarding a Detention Facility Notice which shall be disseminated to all detention centers where Class Members may reside and which will include email contact information for the SM/IM in the event a Class Member or his or her parent or Representative wishes to report a problem with compliance with the Court's Orders.

Notice of *Ex Parte* Communications. For all *ex parte* communications of a substantive nature during the Term, except those with the Court, the Juvenile Coordinators, and the Parties' primary contacts, the SM/IM shall provide a list of the parties involved and the date of the *ex parte* communication in the quarterly reports.

**Limitation on the SM/IM's Powers**: The SM/IM may not issue any orders or impose any sanctions, but may recommend to the Court various orders pertaining to the goals of monitoring, including any contempt sanction, provided that the Parties are given notice and an opportunity to respond. The SM/IM shall have no authority to intervene in or direct Defendants' activities.

**Judicial Review**: The Court adopts the review procedures and time lines set forth in Federal Rule of Civil Procedure 53(f) and incorporates them herein by this reference. Any Party seeking review of any finding or recommendation of the SM/IM shall comply with Rule 53(f), to the extent it does not conflict with this Order.

**Diligence of the SM/IM:** The SM/IM are directed to proceed with all reasonable diligence to carry out the duties assigned by the Court. *See* Fed. R. Civ. P. 53(b)(2).

**Preservation of Materials**: The SM/IM shall preserve and, where appropriate, file those materials reflecting their or their aides' essential activities in carrying out their monitoring duties. The SM/IM shall file on the case docket all requests for modification of this Order and all status reports.

**Retention of Jurisdiction; Amendments**: The Court retains jurisdiction to enforce this Order and to amend it for good cause.

**IT IS SO ORDERED.**

DATED: August 17, 2026

Dolly M. Gee
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE