CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos R. Holguín (Cal. Bar No. 90754)
crholguin@centerforhumanrights.org
Bardis Vakili (Cal. Bar No. 247783)
bardis@centerforhumanrights.org
Sarah E. Kahn (Cal. Bar No. 341901)
sarah@centerforhumanrights.org
1505 E 17th St. Ste. 117
Santa Ana, CA 927051
Telephone: (619) 983-7910

*Attorneys for Plaintiffs*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

Jenny Flores, *et al.*,

Plaintiffs,

v.

Todd Blanche, Acting Attorney General of the United States, *et al.*,

Defendants.

No. CV 85-4544-DMG-AGRx

**APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DECLARATIONS & EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION OF THE FLORES SETTLEMENT AGREEMENT REGARDING CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION**

Hon. Dolly M. Gee
Chief United States District Judge

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe (Cal. Bar No. 299296)
Diane de Gramont (Cal. Bar No. 324360)
428 13th Street, Floor 5
Oakland, CA 94612
Telephone: (510) 835-8098
Email: mwroe@youthlaw.org

NATIONAL CENTER FOR YOUTH LAW
Rebecca Wolozin (admitted pro hac vice)
2300 18th St. NW
P.O. Box 21156
Washington, DC 20009
Telephone: (202) 964-0406
Email: bwolozin@youthlaw.org

CHILDREN'S RIGHTS
Leecia Welch (Cal. Bar No. 208741)
2021 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 602-5202
Email: lwelch@childrensrights.org

CHILDREN'S RIGHTS
Eleanor Roberts (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, NY 10005
Telephone: (212) 683-2210
Email: eroberts@childrensrights.org

**APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF DECLARATIONS AND EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION OF THE FLORES SETTLEMENT AGREEMENT REGARDING CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION.**

Plaintiffs submit this Application[1] seeking leave from the Court to file under seal portions of Declarations and Exhibits submitted in support of Plaintiffs' Motion for Clarification of the Flores Settlement Agreement Regarding Confidential Attorney Client Communication ("Motion"), pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5. The portions of Declarations and Exhibits that Plaintiffs seek to seal contain children's and parents' names, countries of origin, and identifying rare languages. These children and parents are all at risk of removal or may have already been removed, often to countries where they fear persecution or torture. Moreover, these families have an interest in maintaining their privacy during and following immigration custody. Plaintiffs also seek to seal the name of several DHS employees.

As required by Local Rule 79-5.2.2(a), Plaintiffs submit concurrently with this application the declaration of Sarah Kahn, a proposed order, and the redacted and unredacted versions of the Declarations and Exhibits in support of Plaintiffs' Motion.

## LEGAL STANDARD

Because the public generally has a "right to inspect and copy public records and documents, including judicial records and documents," there is "a strong

---

[1] Defendants' counsel (Mr. Joshua McCroskey, Trial Attorney, Office of Immigration Litigation, PO Box 878. Ben Franklin Station, Washington, DC 20044, (202) 305-1540, joshua.c.mccroskey@usdoj.gov) has informed Plaintiffs that Defendants do not oppose sealing names, countries of origin, and identifying rare languages of class members but oppose sealing that of their adult family members. *See* Declaration of Sarah Kahn in Support of Application for Leave to File Under Seal at ¶ 7.

presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, "a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97 (internal quotation marks and citations omitted). Under this standard, the "party seeking to seal a judicial record then bears the burden of . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks and citations omitted).

**ARGUMENT**

There are compelling reasons to seal the requested portions of Declarations and Exhibits submitted in support of Plaintiffs' Motion. These exhibits each contain at least one of the following pieces of information for children and/or their parents: names, country of origin, or identifying rare languages, which all could be used to identify the minor children. Class members are vulnerable minors, most of whom are asylum seekers. Many class members are at risk of being deported, facing retaliation in the United States, and being subjected to persecution in their home countries. Defendants will not be prejudiced because they will have access to the unredacted declarations. The public interest will not be compromised because the public will still have access to the substance of these declarations. The request is narrowly tailored, because Plaintiffs seek only to seal the limited information necessary to protect class members' identities.

I. Compelling reasons support the sealing of the personally identifying information of children and their parents in DHS custody.

Plaintiffs' Motion implicates the privacy interests of children and parents held in, or recently released from, DHS custody and thus protection of their identities is warranted. The exhibits address personally identifying details that could easily be used to identify individual children or their family members.

Federal law and policy maintain personally identifying information related to such matters as confidential, particularly for minors, individuals in federal immigration custody, and asylum-seekers. *See, e.g.*, Fed. R. Civ. P. 5.2(a) (requiring redaction of "taxpayer-identification number, or birth date, [and] the name of an individual known to be a minor"); 8 C.F.R. § 236.6 (prohibiting release of "the name of, or other information relating, to" immigration detainees); 8 C.F.R. §§ 208.6; 1208.6 (maintaining confidentiality of asylum applications and related records); *see, e.g., Matter of H-*, 21 I & N Dec. 337 (BIA 1996); *Al Otro Lado, Inc. v. McAleenan*, No. 17-CV-02366-BAS-KSC, 2019 WL 6220898, at *5 (S.D. Cal. Nov. 21, 2019) (permitting redaction of "names," "previous occupations, *city/state of origin*, birthdates," and other personal information that would enable someone to deduce the identity of asylum seekers) (emphasis added); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . particularly vulnerable parties or witnesses."); *Arroyo v. DHS,* No. SA-CV-19815-JGBSHKX, 2019 WL 2912848, at *2 n.2 (C.D. Cal. June 20, 2019) ("sensitive immigration-related information" is a compelling reason to seal); *Kharis* v. *Sessions,* 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014); *A.B.T. v. USCIS*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064 at *5 (W.D. Wash. July 20, 2012) ("[T]here exists a strong public interest in restricting asylum seekers' identities from the public").

Where plaintiffs seek to protect their identities because they may expect harassment or reprisals if their identities are disclosed, courts may grant leave to seal other identifying information, including family members' names. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members). The "most compelling situations [in which plaintiffs are allowed to proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiffs' identity." *Doe* v. *UNUM Life Ins. Co. of Am.,* 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D.Cal.1981). The declarations filed herewith "involve matters which are highly sensitive." *Id*. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000) ("More to the point, this court and others have concealed parties' identities in order to protect them from retaliation by third parties and also to protect nonparties from reprisals."). Disclosure of class members' identities would put them at unnecessary risk of retaliation in detention or upon release to their community and/or may put their lives in danger if they are deported to a country where they may be targeted or persecuted if their identities, the fact of their return, or their status as a family who fled the country are known. Protection of their identities is warranted particularly because "identification creates a risk of retaliatory physical or mental harm." *Id*at 1068. "Moreover, the personally identifying information is not material to the merits of the motion." *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024).

Courts consider the age of a party to be a "significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe*, 653 F.2d at 186 (holding that "a mother and her two

children" "should have been permitted to proceed under fictitious names") (emphasis added) *Id* at 181, 186; *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (stating that an important factor in the balancing inquiry is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age") (internal citations omitted).

Sealing of the names, countries of origin, and rare languages of class members is vital to protect children's identities. To effectively protect the minor's identities, it is also necessary to protect the names, countries of origin, and rare languages of their parents. Identification of a parent could easily lead to the identification of the minor.

II. Plaintiffs' sealing request will not prejudice Defendants.

Defendants will not be prejudiced by sealing identifying information about class members and their families. Defendants suffer no prejudice when the parties' full names are shielded only from view of the public, not from Defendants. *See Al Otro Lado v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6; *Doe v. City & Cty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017).

"The court must . . . determine the precise prejudice at each stage of the proceedings to" the opposing party, "and whether proceedings may be structured to mitigate that prejudice." *Jane Roes 1-2 v. SFBSC Mgmt., LLC.*, 77 F.Supp.3d 990, 995 (N.D. Cal. 2015) (quoting *Advanced Textile*, 214 F.3d at 1068). At this stage in the case, where parties are merely presenting evidence to facilitate the Court's oversight of the FSA, protecting class members' identities by sealing their names, their parents' names, their countries of origin, and their language, if rare, does not "impede either party's ability to develop its case." *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017). Defendants have access to the unredacted information proposed to be sealed. This litigation relates to a class of thousands of children. Plaintiffs make no allegations directly related to class members' countries

of origin, language, or parents' identities, and should Defendants wish to argue that class members' language or country of origin contributed to Defendants' violations of the FSA, they may do so without identifying the language or country of origin of a particular declarant.

III. Plaintiffs' sealing request will not compromise the public's interest in access to the courts.

The public interest will not be compromised by filing identifying information about class members under seal. *See Advanced Textile*, 214 F.3d at 1068 (citing *Doe*, 653 F.2d at 185.) The claims primarily concern policies applied to a class of individuals and do not hinge on conduct directed solely at the declarants. Because their identities are not at issue and the public will retain access to the substance of their declarations, "it is difficult to see how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (internal citation omitted).

Further, the public has a strong interest in understanding the government's treatment and detention of children and families. Without the protection of anonymity, many individuals "might choose to forego" litigation related to important public rights, such as the vital rights established by the FSA. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) (noncitizens "might choose to forego civil rights litigation" and "the chilling effect such discovery could have on the bringing of civil rights actions unacceptably burdens the public interest"); *see also Al Otro Lado*, 2017 WL 6541446, at *7 ("[T]he public has an interest in such cases being decided on the merits.") (*citing Advanced Textile*, 214 F.3d at 1073); *A.B.T.*, 2012 WL 2995064, at *6.

IV. Plaintiffs' sealing request is narrowly tailored.

Plaintiffs seek only a limited sealing order that permits them to file sensitive portions of Declarations and Exhibits submitted in support of Plaintiffs' Motion.

Other relevant information important to Plaintiffs' presentation of the issues will still be maintained in the public record and the Court's resolution of these matters will be public as well. Accordingly, sealing the names, countries of origin, and identifying rare languages of minor children and their parents, as well as the name of a DHS employee contained in Exhibits 5-13 is the least restrictive method of ensuring class members' privacy while permitting the public access to the maximum amount of information. *Al Otro Lado, Inc. v. Wolf*, No. 317CV02366BASKSC, 2020 WL 4432026, at *5 (S.D. Cal. July 31, 2020) (where the "parties move the Court to seal the names and 'A' numbers of asylum seekers," "the parties' proposed redactions are narrowly drawn, and will not obscure more than is necessary to protect the asylum seekers' privacy and confidentiality").

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request leave to file under seal portions of Declarations and Exhibits submitted in support of Plaintiffs' Motion.

Dated: November 12, 2026

*/s/ Sarah Kahn*
Sarah Kahn
*One of the Attorneys for Plaintiffs*

CHILDREN'S RIGHTS
Leecia Welch
Eleanor Roberts

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Carlos R. Holguín
Bardis Vakili
Sarah Kahn

NATIONAL CENTER FOR YOUTH LAW
Mishan Wroe
Diane de Gramont

Rebecca Wolozin

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, I caused a copy of Plaintiffs' Application for Leave to File Under Seal, the accompanying Declaration in Support of the Application, and the Declarations and Exhibits proposed to be filed under seal to be served by email to the following counsel listed below:

Mr. Joshua McCroskey
Joshua.C.McCroskey@usdoj.gov
Civil Division – Office of Immigration Litigation
US Department of Justice
PO Box 868
Ben Franklin Station
Washington, DC 20044

Dated: November 13, 2026

/s/ *Sarah Kahn*
Sarah Kahn