JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
Senior Litigation Counsel
CLIFFORD M. LUHN
JOSHUA C. MCCROSKEY
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-305-1540
Joshua.C.McCroskey@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JENNY LISETTE FLORES, *et al.*,

Plaintiffs,

v.

TODD BLANCHE, Attorney General of the United States, *et al.,*

Defendants.

No. 2:85-cv-4544-DMG-AGR

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**

No Hearing Date Set

Honorable Dolly M. Gee
Chief United States District Judge

Plaintiffs ask the Court to seal "children's and parents' names, countries of origin, and identifying rare languages," as well as "the name of several DHS employees." Application for Leave to File Under Seal Portions of Declarations & Exhibits Submitted in Support of Plaintiffs' Motion for Clarification of the *Flores* Settlement Agreement Regarding Confidential Attorney Client Communication at 1 [Doc. # 1838] ("Application"). Defendants do not oppose sealing the names, A numbers, countries of origin, and certain languages of children and do not oppose sealing the names of U.S. Department of Homeland Security ("DHS") employees. Defendants oppose sealing the names, A-numbers, countries of origin, and languages of the adult family members of class members.[1]

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Where, as here, a party asks the court to seal a document attached to a filing that is more than tangentially related to the merits of the case, the party must establish a "compelling reason" to seal the document. *Id.* at 1096–97, 1101. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (citation modified). Once the court finds a compelling reason and makes specific factual findings, the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (citation modified).

Here, Plaintiffs have not established compelling reasons for sealing because they rely on hypothesis and conjecture. Plaintiffs argue that sealing the requested information

[1] Defendants acknowledge that the Court has previously held that similar requests to seal are "narrowly tailored to seal only that material for which compelling reasons have been established." Doc. # 1711 at 5–6; *see* Doc. # 1782. Defendants however continue to oppose sealing information related to Plaintiffs' adult declarants without a stronger showing of the need for sealing. *See* Doc. # 1708 (expanding on arguments articulated here)

is necessary to protect class members' identities and the identities of adult family members and to protect against "retaliation in the United States" and "persecution in their home countries." Application 2–5. But in the Application and the accompanying sealed declaration, Plaintiffs do not show that their specific requests to seal information as to adult declarants correspond to specific risks of revealing a child's identity or of subjecting an individual to retaliation or persecution. Instead, Plaintiffs rely on generalized speculation about risk of harm. Therefore, Defendants ask the Court to deny in part Plaintiffs' Application because Plaintiffs have not made a sufficient individualized showing of the need to seal the specific information that they request.

Dated: November 16, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

MICHAEL A. CELONE
Senior Litigation Counsel

*/s/ Joshua C. McCroskey*
JOSHUA C. MCCROSKEY
CLIFFORD M. LUHN
Trial Attorneys
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-305-1540
Joshua.C.McCroskey@usdoj.gov

*Attorneys for Defendants*

**L.R. 11-6.2 Certification**

The undersigned counsel of record for the United States certifies that this brief contains 483 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 16, 2026

*s/ Joshua C. McCroskey*
JOSHUA C. MCCROSKEY